1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD WILLOUGHBY
3    PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA 95814
   Telephone:    (916) 329-7400
5  Facsimile:    (916) 329-7435
   Email:        ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
                 tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9    A Limited Liability Partnership
     Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:    (415) 434-9100
   Facsimile:    (415) 434-3947
12 Email:        okatz@sheppardmullin.com
                 amartin@sheppardmullin.com
13
   Proposed Attorneys for The Roman Catholic
14 Archbishop of San Francisco

15                UNITED STATES BANKRUPTCY COURT

16      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17 | In re | Case No. 23-30564 |
   | | |
18 | THE ROMAN CATHOLIC ARCHBISHOP | Chapter 11 |
   | OF SAN FRANCISCO, | |
19 | | **DEBTOR'S EMERGENCY MOTION FOR** |
   | Debtor and | **INTERIM AND FINAL ORDERS** |
20 | Debtor in Possession. | **(1) PROHIBITING UTILITY COMPANIES** |
   | | **FROM ALTERING, REFUSING OR** |
21 | | **DISCONTINUING SERVICE,** |
   | | **(2) DETERMINING ADEQUATE** |
22 | | **ASSURANCE OF PAYMENT FOR POST-** |
   | | **PETITION UTILITY SERVICES UNDER 11** |
23 | | **U.S.C. § 366, (3) ESTABLISHING** |
   | | **PROCEDURES FOR DETERMINING** |
24 | | **ADEQUATE ASSURANCE OF PAYMENT,** |
   | | **AND (4) SCHEDULING A FINAL HEARING** |
25 | | |
   | | Date:      August 24, 2023 |
26 | | Time:      1:30 p.m. |
   | | Location:  Via ZoomGov |
27 | | |
   | | Judge:     Hon. Dennis Montali |
28 | | |
   | | *Hearing Requested on Shortened Time* |

Case: 23-30564   Doc# 8   Filed: 08/21/23   Entered: 08/21/23 14:22:31   Page 1 of 18

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby moves the Court (the "Motion") for entry of an order, in the form attached hereto as Exhibit 1, after an interim hearing, (1) prohibiting utility companies from altering, refusing or discontinuing service; (2) determining that the Debtor's furnishing of deposits to Utility Companies (defined below) constitutes adequate assurance of payment; (3) establishing procedures for providing or determining adequate assurance of payment in response to requests from the affected utilities; and (4) scheduling a final hearing thereon.  In support of this Motion, the Debtor relies upon the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* ("Passarello Background Decl."), the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* ("Gaspari Decl."), and the *Declaration of Joseph J. Passarello* filed in support of this Motion ("Passarello Decl."), as well as all exhibits filed in support of these declarations.  In further support of this Motion, the Debtor respectfully represent as follows:

## I.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O).  The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 366.

2.      The RCASF does not, by filing its petition for relief and other documents in the Bankruptcy Case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon Law, the First Amendment of the United States Constitution, the Constitution for the State of California, California's law on corporations sole (California Corporations Code §§ 10000-10015), the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, California trust law, and the rights to object to disclosure of information and to contend that certain assets discussed in the Motion are not property of the estate.

Case: 23-30564    Doc# 8    Filed: 08/21/23    Entered: 08/21/23 14:22:31    Page 2 of 18

## II.

## RELIEF REQUESTED

3.     The Debtor's ongoing operations require it to maintain uninterrupted utility services including electricity, natural gas, telephone, water, waste removal, internet and other services. Termination of a utility service would cause immediate and irreparable harm to the Debtor's operations and critical reorganization efforts.

4.     The Debtor has multiple facilities and receives utility services from numerous utility companies.   These facilities include: the Chancery Office located at One Peter York Way, San Francisco;  1600 Van Ness Ave, San Francisco (property leased to tenants under leases that provide for tenants to reimburse for utilities);   320 Middlefield Rd., Menlo Park (building leased to Chesterton Academy of St. James, which reimburses the Debtor for utilities; campus real property belongs to St. Patrick's Seminary and University upon which the Debtor built the building); and 455 W. 20th Ave., San Mateo (Serra Clergy House for retired clergy; the Debtor assists with support for retired priests by paying utilities); and 5618 California St., San Francisco (California Street Apartment).  A list of the utility companies ("Utility Companies") and the Debtor's corresponding utility company accounts is listed on Exhibit 2 attached to the Motion.[1]  None of the Utility Companies hold prepetition deposits.  Prior to the Petition Date, the Debtor timely remitted payments on monthly utility service obligations.  The sum of all monthly payments to these utilities for these accounts averages about $30,000 per month in the aggregate.  Passarello Decl. at ¶ 5.

5.     Pursuant to section 366(c) of the Bankruptcy Code,[2] the Debtor proposes to provide its Utility Companies adequate assurance of payment as follows:

(a)     Upon request, the Debtor will provide each Utility Company a cash deposit (the "Deposit") in an amount equal to 50% of the Debtor's estimated monthly cost of its utility consumption from each Utility Company, less amounts, if any, of existing prepetition utility

---

[1] The Debtor reserves the right to supplement the list of utility companies, and also reserves the right to argue that any of the listed utility companies do not fall under the purview of section 366 as a "utility."

[2] Unless otherwise indicated, all section references in this Motion shall be to 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

deposits. The estimated monthly cost will be calculated using the average of monthly invoices for the past year. If a Utility Company provides the Debtor with services under multiple accounts, then the Debtor may provide that Utility Company with one deposit that equals 50% of the aggregate estimated monthly usage under all of the Debtor's accounts with that Utility Company. The Deposit shall be provided within ten court days of the receipt by the Debtor or its bankruptcy counsel of a written request from a Utility Company for adequate assurance under the Bankruptcy Code.

(b)     In the event that a Utility Company believes that the Debtor's utility Deposit does not constitute adequate assurance of payment that is "satisfactory" to that Utility Company in accordance with section 366(c)(2), within 45 calendar days of entry of the Court's order approving the Motion, the Utility Company must serve upon the Debtor and its counsel, and file with the Court a specific request for adequate assurance ("Assurance Request"). The Assurance Request must include: (i) the location and account number(s) for which utility services are provided; (ii) the outstanding balance on the account and a summary of the Debtor's payment history; (iii) the reasons why the Deposit does not constitute satisfactory adequate assurance of payment; and (iv) a proposal of what the Utility Company believes would constitute satisfactory adequate assurance of payment. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company that timely files and serves an Assurance Request. Failure by a Utility Company to timely file and serve an Assurance Request shall result in such Utility Company being deemed to have received satisfactory adequate assurance of payment, and shall be prohibited from altering, refusing, or discontinuing service to the Debtor.

(c)     In the event that one or more Utility Companies submit an Assurance Request that is determined by the Debtor to be unreasonable, within 21 days of receipt of such Assurance Request the Debtor will schedule a hearing on shortened notice and serve notice of such hearing on the affected Utility Companies. The Utility Companies shall be prohibited from altering, refusing or discontinuing service to the Debtor until the Court issues an order authorizing such action, after a hearing on the Assurance Request.

6. The Debtor submits that the proposed adequate assurance to Utility Companies sufficiently addresses the requirements of section 366. A copy of the proposed Interim Order granting this Motion is attached hereto as Exhibit 2.

## III.

## BACKGROUND

7. On August 21, 2023 ("Petition Date"), the RCASF filed a voluntary Chapter 11 petition. The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code.

8. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.

9. The Archdiocese of San Francisco (the "Archdiocese")[3] was canonically established on July 29, 1853, by Pope Pius IX. The Archdiocese now includes 88 parishes some of which have missions associated with them ("Parishes"). The Archdiocese consists of approximately 442,000 Catholics in the counties of San Francisco, San Mateo, and Marin covering approximately 2,325 square miles. Archdiocesan priests and permanent deacons, along with priests, brothers and nuns from multiple religious orders serve parishes, schools, Catholic hospitals and do other outreach within the San Francisco Archdiocese.

---

[3] The term "Archdiocese" is used herein exclusively to refer to geographic territory under the jurisdiction of the RCASF, and the terms RCASF, Debtor, or Debtor in Possession are used herein exclusively to refer to the secular legal embodiment of the Archdiocese.

Case No. 23-30564
DEBTOR'S EMERGENCY UTILITIES MOTION

10.     The primary role of the RCASF is to provide resources, spiritual leadership, direction, support, planning, programming, leadership development and other services to individuals of the Roman Catholic faith, the Parishes, four Archdiocesan Catholic high schools (Archbishop Riordan High School, Sacred Heart Cathedral Preparatory, Marin Catholic High School and Junipero Serra High School (collectively, the "High Schools")), numerous elementary schools and private independent schools (collectively, the "Schools"), cemeteries ("Cemeteries") and various other Catholic-based social and community service organizations that operate in the Archdiocese. The RCASF has approximately 140 employees (full time equivalent), including approximately 54 salaried employees, 37 hourly employees, and 32 Clergy and Religious Order payees and 17 stipend seminarians.

11.     As a religious organization, the RCASF has no significant ongoing for-profit business activities or business income.  The RCASF's receipts principally come from the Archdiocesan Annual Appeal (held in trust for named ministries only), fees for services provided to the certain non-debtor Catholic entities, revenue from insurance billings, donations, grants, rent from owned properties, and RCASF ministry revenue.  The RCASF's fiscal 2023 operating budget is approximately $55 million in revenues.  The RCASF operates on a fiscal year ending June 30.

12.     Additional information regarding the circumstances leading to the commencement of the Bankruptcy Case and information regarding the Debtor's operations and structure is set forth in the Passarello Background Decl.

**IV.**

**LEGAL AUTHORITIES**

13.     In general, courts view utility services as a necessary minimum for rehabilitation in a chapter 11 case. *See Whittaker v. Phila. Elec. Co. (In re Whittaker)*, 882 F.2d 791, 794 (3d Cir. 1989).  Because utility companies generally exercise practical monopoly power in providing essential services, utility companies may force a bankruptcy debtor to capitulate to payment demands by threatening to terminate service.  *See In re Woodland Corp.*, 48 B.R. 623, 624 (Bankr. D.N.M. 1985); *In re Tel-Net Hawaii, Inc.*, 131 B.R. 723, 727 (Bankr. D. Haw. 1991); *see also*

Case: 23-30564   Doc# 8   Filed: 08/21/23   Entered: 08/21/23 14:22:31   Page 6 of 18

Bertrand Pan and Jennifer Taylor, *Sustaining Power: Applying 11 U.S.C. § 366 in Chapter 11 Post-BAPCPA*, 22 BANKR. DEV. J. 371, 373 (2006).

14.     In protecting a debtor from a termination in utility services, section 366(a) works as an injunction and provides, in part, that a "utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." 11 U.S.C. § 366(a).

15.     At the same time, in ensuring adequate assurance of payment to a utility, section 366(b) requires that the utility may alter, refuse, or discontinue service if the debtor, within 20 days after the petition date, does not furnish "adequate assurance of payment, in the form of a deposit or other security, for service after such date." 11 U.S.C. § 366(b). "Adequate assurance of payment" does not require an absolute guaranty of payment. *In re Utica Floor Maintenance, Inc.*, 25 B.R. 1010, 1014 (N.D.N.Y. 1982).

16.     In addition, by the enactment of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), section 366 was expanded to include subsection (c), which provides that the chapter 11 debtor must provide assurance of payment "satisfactory" to the utility within thirty (30) days of the petition date, and limits the types of security that are acceptable as assurance of payment. *See* 11 U.S.C. § 366(c)(1)(A).[4]  After notice and a hearing, a court has the authority to modify the amount of an assurance of payment. 11 U.S.C. § 366(c)(2). However, subsection (c), while specifying proper forms of "assurance of payment," leaves to the court's discretion the question of the proper monetary amounts for "assurance of payment."

17.     The assurances to utility companies set forth under subsections (b) and (c) of section 366 are not mutually exclusive. *In re Lucre, Inc.*, 333 B.R. 151, 155 (Bankr. E.D. Mich. 2005). However, section 366(c) applies only in chapter 11 cases. *In re Astle*, 338 B.R. 855, 859 (Bankr. D. Idaho 2006); *see also* Pan, *supra*, at 387-88 (discussing that a debtor may be able to comply with

---

[4] The term "assurance of payment" is limited to:  (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee. 11 U.S.C. § 366(c)(1)(A).

Case: 23-30564    Doc# 8    Filed: 08/21/23    Entered: 08/21/23 14:22:31    Page 7 of 18

both subsections (b) and (c), but may be impractical due to differing 20-30 day deadlines, and therefore, subsection (c) would be the better approach in chapter 11 cases).

18. The pre-BAPCPA legislative history of section 366 indicates that Congress sought to achieve the dual purpose of giving Debtor protection from a termination of utility service, while protecting utility companies through adequate assurance of payment. *See In re Gehrke*, 57 B.R. 97, 98 (Bankr. D. Or. 1985). BAPCPA did not amend the balance of section 366, and therefore, pre-BAPCPA case law interpreting section 366 remains applicable. *Astle*, 338 B.R. at 861.

19. The bankruptcy court exercises great discretion and flexibility in applying section 366. *Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.)*, 35 B.R. 188, 195 (Bankr. N.D. Ohio 1983); *see also In re Astle*, 338 B.R. at 861. The bankruptcy court's authority is further supported by section 105, which allows for the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of Title 11. *See e.g., In re George C. Frye Co.*, 7 B.R. 856, 857 n.2 (Bankr. D. Me. 1980). A determination under section 366 is necessarily fact-intensive and looks to the totality of the circumstances. *See, Marion Steel*, 35 B.R. at 198 (citations omitted); *see also Astle*, 338 B.R. at 861.

20. Here, the Debtor proposes to provide each Utility Company that so requests a cash deposit equal to 50% of one month's average historical invoice amount, calculated over the past year. Courts have previously approved a debtor's deposits in the amount of 50% of one month's worth of service as adequate. *See, e.g., In re Best Products Co.*, 203 B.R. 51, 54 (Bankr. E.D. Va. 1996). Bankruptcy courts in California have granted similar relief in chapter 11 cases such as *In re Roman Catholic Bishop of Santa Rosa*, Case No. 23-10113 (Bankr. N.D. Cal. 2023) at Dkt. Nos. 31 and 169 and *In re Roman Catholic Bishop of Stockton,* Case No. 14-20371 (Bankr. E.D. Cal. 2014) at Dkt. Nos. 65 and 168. In this case, the Debtor has budgeted adequate funds for payment of anticipated post-petition utility services. Passarello Decl. ¶ __.

21. The Debtor submits that it satisfies the requirements of section 366 by proposing an acceptable form of adequate assurance of payment. The Debtor also has proposed reasonable procedures that will allow for a Utility Company to submit an Assurance Request and for the scheduling of a hearing thereon, if necessary. The Debtor anticipates that in conjunction with the

proposed Deposits, the Debtor will maintain postpetition liquidity, and therefore, the Utility Companies will not suffer any prejudice. Therefore, Utility Companies which receive a Deposit should not be permitted to alter, refuse, or discontinue service to the Debtor absent further order from the Court. Any alteration of service would severely impact and hamper the Debtor's operations and reorganization efforts.

**V.**

**NOTICE**

22. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case. Notice of the hearing on this Motion has been provided to the Office of the United States Trustee, the Debtor's secured creditors if any, the holders of the 20 largest unsecured claims against the Debtor as indicated in its petition, and the Utility Companies. Because of the nature of the relief requested, Debtor respectfully submits that no further notice is necessary or required.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# VI.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully request that this Court enter an order:

1.     Prohibiting utility companies from altering, refusing or discontinuing service absent further Court order;

2.     Determining, on an interim basis, that the Debtor's furnishing of deposits to the Utility Companies listed on Exhibit 1 hereto, upon request of such Utility Company, constitutes adequate assurance of payment under section 366;

3.     Establishing procedures for Assurance Requests by affected Utility Companies, and for determining adequate assurance of payment as provided herein;

4.     Scheduling a final hearing on the Motion; and

5.     For such further relief as the Court deems necessary.

Dated:  August 21, 2023

FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP


By     _____
              */s/ Paul J. Pascuzzi*
       PAUL J. PASCUZZI

       Proposed Attorneys for The Roman Catholic
       Archbishop of San Francisco, a California
       corporation sole

Dated:  August 21, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     _____
              */s/ Ori Katz*
       ORI KATZ
       ALAN H. MARTIN

       Proposed Attorneys for The Roman Catholic
       Archbishop of San Francisco, a California
       corporation sole

**EXHIBIT 1**

**(Proposed Interim Order)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>          Debtor and<br>          Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ORDER (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (2) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES UNDER 11 U.S.C. § 366, AND (3) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT (4) SCHEDULING A FINAL HEARING**<br><br>Date:      August 24, 2023<br>Time:     1:30 p.m.<br>Location:  Via ZoomGov<br><br>Judge:    Hon. Dennis Montali<br><br>*Hearing Requested on Shortened Time* |

       The Roman Catholic Archbishop of San Francisco's ("RCASF" or "Debtor"), motion (the "Motion"),[1] filed on August 21, 2023, as ECF No. [__], for an order (1) prohibiting Utility Companies from altering, refusing or discontinuing service; (2) determining that the debtor's furnishing of deposits to Utility Companies listed on Exhibit 2 (appended to the Motion) in an amount that represents 50% of the Debtor's estimated average monthly usage over the past twelve months of such utility respectively constitutes adequate assurance of payment; (3) establishing

---

[1] All capitalized terms used but not defined in this Order shall have the meanings given to them in the Motion.

procedures for assurance requests by the affected utilities and for determining adequate assurance of payment; and (4) scheduling a final hearing came on for hearing, on an interim basis, on August 24, 2023, at 1:30 p.m., in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi. Other appearances were noted on the record.

The Court having considered the Motion, the Passarello Background Declaration, the Passarello Declaration filed in support of the Motion, and the matters reflected in the record of the hearing, and the Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the 20 largest unsecured creditors, all secured creditors, and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED, on an interim basis, as provided herein.

2. Within five business days of the Court's entry of this Order, the Debtor shall serve each Utility Company listed on Exhibit 1 to this Order with a copy of this Order via first class mail, and the Debtor shall serve all persons requesting special notice herein, counsel for any statutory committee(s), if one has been appointed or, if not, on the 20 largest unsecured creditors as identified in the Debtor's petition, on the Office of the United States Trustee for the Northern District of California, and counsel for the secured creditors, if any, pursuant to Federal Rules of Bankruptcy Procedure Rule 4001(b).

3. The Debtor is authorized, but not required, to timely remit payments for undisputed invoices for post-petition services by the Utility Companies in accordance with the Debtor's prepetition practices.

4. Within ten court days of the receipt by the Debtor or its bankruptcy counsel of a written request from a Utility Company for adequate assurance under the Bankruptcy Code, the Debtor will provide each Utility Company a cash deposit (the "Deposit") in an amount equal to 50% of the Debtor's estimated monthly cost of its utility consumption from each Utility Company. If a

Utility Company provides the Debtor with services under multiple accounts, then the Debtor may provide that Utility Company with one deposit that equals 50% of the aggregate estimated monthly usage under all of the Debtor's accounts with that Utility Company.

5.       Except in accordance with the procedures set forth herein, and absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing utility services solely on the basis of the commencement of Debtor's case under the Bankruptcy Code or on account of any unpaid prepetition invoice for utility services, and (b) requiring the payment of any additional deposit or other security to the Utility Companies for the continued provision of utility services.

6.       If a Utility Company is not satisfied with the assurance of future payment provided by the Debtor, the Utility Company must serve upon counsel for the Debtor a written request for adequate assurance ("Assurance Request"), setting forth (i) the location and account number(s) for which utility services are provided; (ii) the outstanding balance on the account and a summary of the Debtor's payment history; (iii) the reasons why the Deposit does not constitute satisfactory adequate assurance of payment; and (iv) a proposal of what the Utility Company would constitute satisfactory adequate assurance of payment.

7.       The Assurance Request must be received by the Debtor's counsel, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, 500 Capitol Mall, Suite 2250, Sacramento, California 95814 (Attention: Paul J. Pascuzzi) within 45 calendar days of the date a Final Order granting the Motion is served upon the Utility Company making the Assurance Request.

8.       Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving an Assurance Request, if the Debtor, in its discretion, determines that the request is reasonable.

9.       If the Debtor determines that an Assurance Request is unreasonable, then the Debtor shall, within 21 days of receipt of such Assurance Request, file a motion ("Determination Motion") pursuant to Bankruptcy Code section 366(c)(3) seeking a determination from the Court that the Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment and set the Determination Motion for hearing on shortened time.  Pending notice and a

hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Assurance Request may not alter, refuse, or discontinue services to the Debtor or recover or setoff against a prepetition deposit.

10.     Nothing set forth herein is intended to, nor shall it, modify or alter the burdens of proof in connection with a Determination Motion.

11.     Based on the establishment of the Deposit, a Utility Company will be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

12.     The deadline by which objections to the Motion must be filed is _____, 2023, and such objections must be filed with the Clerk of the Bankruptcy Court and served upon counsel to the Debtor, counsel to the secured creditors, the Office of the United States Trustee for the Northern District of California, and counsel to any statutory committee(s) appointed in this case.  A final hearing on the Motion before the undersigned United States Bankruptcy Judge shall be heard on _____, 2023, at __:00 _.m. (PDT).  If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

13.     The Debtor is authorized, in its sole discretion, to amend the list of Utility Companies attached as Exhibit 1 to add or delete any Utility Company.  The Debtor shall serve the amended Exhibit 1 on any affected Utility Company withing five business days of such amendment.

14.     Nothing in the Motion, Exhibit 2 thereto, or this Order constitutes a finding that any entity is or is not a utility company hereunder or under section 366 of the Bankruptcy Code.

15.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed:  (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

1      16.    This Court shall retain jurisdiction over all matters arising from or related to the

2 interpretation or implementation of this Order.

3      17.    The Debtor and its employees and agents are authorized to take or refrain from taking

4 such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

5                    **\*\*\*END OF [PROPOSED] ORDER\*\*\***

**EXHIBIT 2**

**LIST OF UTILITY COMPANIES AND ACCOUNTS**

| Name and Address of Utility | Type of Service / Account Number | Property Address Where Utility Provided (if applicable) |
|---|---|---|
| AT&T PO Box 5025 Carol Stream, IL 60197-5025 | mobile phones xxx-xxx-xxxx 1199 | N/A |
| AT&T PO Box 5025 Carol Stream, IL 60197-5025 | mobile phones xxx-xxx-xxxx 5618 | N/A |
| AT&T PO Box 5025 Carol Stream, IL 60197-5025 | mobile phones xxx-xxx-xxxx 3478 | N/A |
| AT&T PO Box 5025 Carol Stream, IL 60197-5025 | mobile phones xxx-xxx-xxxx 5229 | N/A |
| AT&T PO Box 5025 Carol Stream, IL 60197-5025 | mobile phones xxx-xxx-xxxx 5558 | N/A |
| AT&T PO Box 5025 Carol Stream, IL 60197-5025 | mobile phones xxx-xxx-xxxx 3212 | N/A |
| AT&T PO Box 5025 Carol Stream, IL 60197-5025 | mobile phones xxx-xxx-xxxx 1957 | N/A |
| California Water Service Co PO Box 4500 Whittier, CA 90607-4500 | water 2117xxxxxx | 455 W 20th Ave San Mateo |
| Comcast PO Box 60533 City of Industry, CA 91716-0533 | cable TV 1131 | 455 W 20th Ave San Mateo |
| Pacific Gas and Electric PO Box 997300 Sacramento, CA 95899-7300 | electric 4627-4 | 1 Peter Yorke Way San Francisco |

| Name and Address of Utility | Type of Service / Account Number | Property Address Where Utility Provided (if applicable) |
|---|---|---|
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>2298-6 | 1 Peter Yorke Way<br>San Francisco |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | electric<br>2167-8 | 1600 Van Ness Ave<br>San Francisco |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>6967-0 | 1600 Van Ness Ave<br>San Francisco |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>4942-2 | 320 Middlefield Rd<br>Menlo Park |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | electric<br>8677-4 | 320 Middlefield Rd<br>Menlo Park |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>8857-9 | 455 W 20th Ave<br>San Mateo |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas & electric<br>1695-5 | 5618 California St<br>San Francisco |
| Recology Golden Gate<br>250 Executive Park Blvd. Suite 2100<br>San Francisco, CA 94134-3306 | trash collection<br>2405 | 1 Peter Yorke Way<br>San Francisco |
| Recology Golden Gate<br>250 Executive Park Blvd. Suite 2100<br>San Francisco, CA 94134-3306 | trash collection<br>1315 | 5618 California St<br>San Francisco |
| Recology San Mateo<br>PO Box 848268<br>Los Angeles, CA 90084-8268 | trash collection<br>4057 | 455 W 20th Ave<br>San Mateo |
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | water<br>5713xxxxxx | 1 Peter Yorke Way<br>San Francisco |

| Name and Address of Utility | Type of Service / Account Number | Property Address Where Utility Provided (if applicable) |
|---|---|---|
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | fire service<br>4473xxxxxx | 1 Peter Yorke Way<br>San Francisco |
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | water<br>9298xxxxxx | 1600 Van Ness Ave<br>San Francisco |
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | water<br>5494xxxxxx | 5618 California St<br>San Francisco |
| TPx Communications<br>PO Box 509013<br>San Diego, CA 92150-9013 | telephone<br>8844 | 1 Peter Yorke Way<br>San Francisco |
| Verizon Wireless<br>PO Box 660108<br>Dallas, TX 75266-0108 | internet access<br>9798-xxxxx | 1 Peter Yorke Way<br>San Francisco |