PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD WILLOUGHBY
  PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
 jrios@ffwplaw.com
 tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
 amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| In re | Case No. 23-30564 |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Chapter 11<br>**DECLARATION OF JOSEPH J. PASSARELLO IN SUPPORT OF DEBTOR'S MOTION FOR ORDER (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (2) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION UTILITY SERVICES UNDER 11 U.S.C. § 366, (3) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (4) SCHEDULING A FINAL HEARING**<br><br>Date: August 24, 2023<br>Time: 1:30 p.m.<br>Via ZoomGov<br><br>Judge: Hon. Dennis Montali<br><br>*Hearing Requested on Shortened Time* |

I, Joseph J. Passarello, declare as follows:

1. I am the Chief Financial Officer ("CFO") of The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein ("RCASF" or the "Debtor"). I have been the CFO of the RCASF since January 2014. Prior to that, I have been the CFO for several other companies including Serena Software, Aptina Imaging, AMI Semiconductor, and Therma-Wave, Inc. I have a Master of Business Administration from Santa Clara University and a Bachelor of Science in Economics and Business Administration from St. Mary's College. I am authorized to provide this declaration setting forth the general structure and history of RCASF. In the course and scope of my duties as CFO, I am familiar with the record keeping practices and policies of the RCASF and how it regularly maintains its business records.

2. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by the RCASF's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the RCASF's operations, financial condition, and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of the RCASF, prepared and maintained in the ordinary and regularly conducted business activity of the RCASF, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the RCASF.

3. I make this declaration in support of the RCASF's motion to the Court for an order after an interim hearing: (1) prohibiting utility companies from altering, refusing or discontinuing service; (2) determining that the Debtor in Possession's furnishing of deposits to Utility Companies (defined below) hereto constitutes adequate assurance of payment; (3) establishing procedures for assurance requests by the affected utilities and for determining adequate assurance of payment; and (4) scheduling a final hearing thereon (the "Motion"). I have read the Motion and all statements therein are true and correct to the best of my knowledge. All terms not otherwise defined herein have the same meaning as set forth in the Motion.

Case: 23-30564   Doc# 8-1   Filed: 08/21/23   Entered: 08/21/23 14:22:31   Page 2 of 4

4.      The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse.  The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.  Additional background information on the RCASF can be found in my declaration regarding description of the Debtor and pre-filing history filed on the Petition Date.

5.      The Debtor has multiple facilities and receives utility services from numerous utility companies.  These facilities include: the Chancery Office located at One Peter York Way, San Francisco;  1600 Van Ness Ave, San Francisco (property leased to tenants under leases that provide for tenants to reimburse for utilities); 320 Middlefield Rd., Menlo Park (building leased to Chesterton Academy of St. James, which reimburses the Debtor for utilities; campus real property belongs to St. Patrick's Seminary and University upon which the Debtor built the building); and 455 W. 20th Ave., San Mateo (Serra Clergy House for retired clergy; the Debtor assists with support for retired priests by paying utilities); and 5618 California St., San Francisco (California Street Apartment).  A list of the utility companies ("<u>Utility Companies</u>") and the Debtor's corresponding utility company accounts is listed on Exhibit 2 attached to the Motion.[1]  None of the Utility Companies hold prepetition deposits.  Prior to the Petition Date, the Debtor timely remitted payments on monthly utility service obligations.  The sum of all monthly payments to these utilities for these accounts averages about $30,000 per month in the aggregate.

6.      The Debtor's ongoing operations require it to maintain uninterrupted utility services including electricity, natural gas, telephone, water, waste removal, internet and other services.

---

[1] The Debtor reserves the right to supplement the list of utility companies, and also reserves the right to argue that any of the listed utility companies do not fall under the purview of 11 U.S.C. § 366 as a "utility."

Case: 23-30564    Doc# 8-1    Filed: 08/21/23    Entered: 08/21/23 14:22:31    Page 3 of 4

Termination of a utility service would cause immediate and irreparable harm to the Debtor's operations and critical reorganization efforts.

7. The Debtor intends to remain current on all payments to the Utility Companies on a post-petition basis as those obligations become due. The Debtor, with my input, has prepared projections showing that adequate funds have been budgeted for payment of anticipated post-petition utility services.

I declare under penalty of perjury that the foregoing it true and correct. Executed on August 17, 2023 at San Francisco, California.

_____
Joseph J. Passarello