| | |
|---|---|
| 1 | PAUL J. PASCUZZI, State Bar No. 148810<br>JASON E. RIOS, State Bar No. 190086 |
| 2 | THOMAS R. PHINNEY, State Bar No. 159435<br>FELDERSTEIN FITZGERALD |
| 3 |    WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250 |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 329-7400 |
| 5 | Facsimile: (916) 329-7435<br>Email: ppascuzzi@ffwplaw.com |
| 6 |           jrios@ffwplaw.com<br>          tphinney@ffwplaw.com |
| 7 | |
| 8 | ORI KATZ, State Bar No. 209561<br>ALAN H. MARTIN, State Bar No. 132301 |
| 9 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>   A Limited Liability Partnership |
| 10 |    Including Professional Corporations<br>Four Embarcadero Center, 17th Floor |
| 11 | San Francisco, CA 94111-4109<br>Telephone: (415) 434-9100 |
| 12 | Facsimile: (415) 434-3947<br>Email: okatz@sheppardmullin.com |
| 13 |           amartin@sheppardmullin.com |
| 14 | Proposed Attorneys for The Roman Catholic<br>Archbishop of San Francisco |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP<br>OF SAN FRANCISCO,<br><br>       Debtor and<br>       Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S EMERGENCY MOTION TO (1) ESTABLISH NOTICE PROCEDURES, (2) FILE CONFIDENTIAL INFORMATION UNDER SEAL, AND (3) TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIMS**<br><br>Date: August 24, 2023<br>Time: 1:30 p.m.<br>       Via ZoomGov<br>Judge: Hon. Dennis Montali<br><br>*Hearing Requested on Shortened Time* |

## I.

## INTRODUCTION

The Roman Catholic Archbishop of San Francisco (the "<u>RCASF</u>" or the "<u>Debtor</u>"), the debtor and debtor in possession in the above captioned bankruptcy case (the "<u>Bankruptcy Case</u>"), hereby moves this Court (the "<u>Motion</u>"), on an emergency basis, for entry of an order in substantially the form appended to the Motion as Exhibit 2 (the "<u>Order</u>"), (i) establishing notice procedures, (ii) authorizing the Debtor to file confidential information under seal, and (iii) temporarily suspending the deadline for non-government creditors to file proofs of claim (the "<u>Bar Date</u>"). Given the large number of potential creditors and claimants, most of whom consist of alleged and actual abuse survivors, the Debtor seeks permission to limit notice and also to file certain confidential information under seal given the particularly sensitive nature of claims, survivor identities, and other matters in this Bankruptcy Case. The Debtor also seeks to suspend temporarily the Bar Date to provide the Debtor with sufficient time to employ a claims agent and formulate a Court-approved, streamlined claims submission process. Thereafter, non-government creditors should be afforded ample time to file claims under the streamlined process. This Motion is based on the discussion below, the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* ("<u>Passarello Background Decl.</u>"), the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* ("<u>Gaspari Decl.</u>"), and the *Declaration of Joseph J. Passarello* filed in support of this Motion ("<u>Passarello Decl.</u>"), all relevant papers of record in these proceedings, and such further pleadings, evidence, and argument as may be presented in connection with this Motion. In further support of this Motion, the Debtor respectfully represents as follows:

## II.

## RELIEF REQUESTED

For the reasons set forth below, the Debtor requests entry of an order limiting notice of various matters only to the affected parties as described herein. Further, the Debtor also requests permission to file the schedules, any other pleadings, and proofs of service to the extent they contain non-public names of abuse claimants and potential abuse claimants under seal. Finally, the Debtor

seeks an order temporarily suspending the deadline for non-government creditors to file proofs of claims (*i.e.*, the Bar Date).

The statutory predicates for the relief requested herein are Rules 2002, 3002 3003(c)(3), 9006(b), and 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Bankruptcy Local Rules for the Northern District of California (the "<u>B.L.R.</u>" or "<u>Bankruptcy Local Rules</u>"), sections 105(a), 107(b), and 501 of title 11 of the United States Code[1], and this Court's Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents, effective February 7, 2022.

The Debtor does not, by filing its petition for relief and other documents in this Bankruptcy Case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon Law, the First Amendment of the United States Constitution, the Constitution for the State of California, California's law on corporations sole (California Corporations Code §§ 10000-10015), the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, California trust law, and the right to object to disclosure of information and to contend that certain assets discussed in the Motion are not property of the estate.

## III.
## JURISDICTION

This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.
## BACKGROUND

On August 21, 2023 (the "<u>Petition Date</u>"), the Debtor filed a voluntary Chapter 11 petition. The Debtor remains in possession of its estate, and no trustee or examiner has been requested or appointed in this Bankruptcy Case. The Debtor continues to operate and manage its business and financial affairs as a debtor in possession under Bankruptcy Code sections 1107 and 1108.

---

[1] Unless otherwise indicated, all section references in this Motion shall be to 11 U.S.C. §§ 101. *et. seq.* (the "<u>Bankruptcy Code</u>").

The Debtor filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners, and others affected by past acts of sexual abuse. *See Passarello Background Decl.*, *Gaspari Decl.*, and *Passarello Decl.* at ¶ 4.[2] The RCASF requires protection under the Bankruptcy Code and Bankruptcy Rules to make fair and equitable payment on all of the claims against it, including claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support of the Non-Debtor Catholic Entities (defined below) and faithful in the ordinary course.

The Archdiocese of San Francisco ("Archdiocese")[3] was canonically established on July 29, 1853, by Pope Pius IX. The current Bishop of the RCASF is Archbishop Salvatore Cordileone, who was appointed on July 27, 2012. The Archdiocese now includes 88 parishes, some of which have missions associated with them ("Parishes"), and consists of approximately 442,000 Catholics in the counties of San Francisco, San Mateo, and Marin and covers approximately 2,325 square miles. Archdiocesan priests and permanent deacons, along with priests, brothers and nuns from multiple religious orders serve the Parishes, Schools (defined below), Catholic hospitals and do other outreach within the Archdiocese.

The primary role of the RCASF is to provide resources, spiritual leadership, direction, support, planning, programming, leadership development and other services to individuals of the Roman Catholic faith, the 88 Parishes, four Catholic high schools (Archbishop Riordan High School, Sacred Heart Cathedral Preparatory, Marin Catholic High School and Junipero Serra High School (collectively, the "High Schools")), numerous elementary schools and various private schools (collectively, the "Schools"), cemeteries ("Cemeteries") and various other Catholic-based social and community service organizations that operate within the Archdiocese.

As a religious organization, the RCASF has no significant ongoing for-profit business activities or business income. The RCASF's receipts principally come from the Archdiocesan

---

[2] Unless otherwise defined in this Motion, capitalized terms shall have the same meanings ascribed to them in the Passarello Background Decl., the Gaspari Decl., and the Passarello Decl.

[3] The term "Archdiocese" is used herein exclusively to refer to the geographic territory under the jurisdiction of the RCASF which includes the areas of Marin, San Francisco, and San Mateo Counties, and the terms RCASF or Debtor are used herein exclusively to refer to the secular legal embodiment of the Archdiocese.

annual appeal (held in trust for named ministries only), fees for services provided to the Non-Debtor Catholic Entities (defined below), donations, grants, and RCASF ministry revenue. The RCASF's fiscal 2023 operating budget is approximately $55 million. The RCASF operates on a fiscal year ending June 30.

Additional information regarding the circumstances leading to the commencement of this Bankruptcy Case and information regarding the Debtor's operations and structure are set forth in the Passarello Background Decl.

## V.

## BASIS FOR RELIEF

### A. Limited Notice Procedures

Bankruptcy Rule 2002(m) provides that the court may, from time to time, enter orders designating the manner in which notices may be sent, and the entities to whom notices may be sent. Bankruptcy Rule 2002(i) provides that:

> . . . the Court may order that notices required under subdivision (a)(2), (3) and (6) of this rule to be transmitted to the United States trustee and be mailed only to the committees elected under § 705 or appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or Debtor and file a request that all notices be mailed to them. A committee appointed under § 1114 shall receive copies of all notices required by subdivisions (a)(1), (a)(5), (b), (f)(2) and (f)(7), and such other notices as the court may direct.

Fed. Bankr. R. Proc. 2002(i). Courts in similar religious organization cases have recognized the importance of limited notice in chapter 11 cases and have granted similar debtors' motions to limit notice. *See, e.g., In re The Roman Catholic Bishop of Santa Rosa*, Case No. 23-10113, ECF No. 172 (Bankr. N.D. Cal. 2023); *In re Roman Catholic Bishop of Oakland*, Case No. 23-40523, ECF No. 71 (Bankr. N.D. Cal. 2023); *In re Roman Catholic Bishop of Stockton*, Case No. 14-20371, ECF No. 67 (Bankr. E.D. Cal. 2014); *In re The Roman Catholic Church of the Archdiocese of New Orleans*, 20-10846, ECF No. 22 (Bankr. E.D. La. 2020).

Currently, well over 1,000 creditors and parties in interest may technically be entitled to receive notice in this Bankruptcy Case. To require the Debtor to provide notice of all pleadings and other papers filed in this Bankruptcy Case to all these parties in interest, no matter how limited their

interests may be with respect to a particular matter, would be extremely burdensome and costly to the estate due to photocopying and postage expenses, as well as other expenses associated with such large mailings. For example, the copying and postage cost to serve a fifteen-page pleading packet on all approximately 1,600 creditors and parties in interest is approximately $6,500.00. Passarello Decl., at ¶ 6.

The Debtor proposes to establish a limited service list (the "<u>Limited Service List</u>"), which would include the following parties in interest: (i) the Office of the United States Trustee for the Northern District of California (the "<u>U.S. Trustee</u>"); (ii) the Debtor; (iii) the Debtor's attorneys; (iv) the Debtor's 20 largest unsecured creditors or the attorneys for any statutory committee appointed by the U.S. Trustee (the "<u>Creditors' Committee</u>"); (v) the attorneys for any other committee appointed by the U.S. Trustee; (vi) the attorneys for the Debtor's pre-petition secured creditors, if any; (vii) those parties that have formally appeared by filing a Notice of Appearance, a Request for Notice, or similar documents and requested notice in this Bankruptcy Case under Bankruptcy Rule 2002; and (viii) the Internal Revenue Service and corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules. Consistent with the relief requested in this Motion, the Debtor has prepared a proposed Initial Limited Service List, a copy of which is attached to the Motion as Exhibit 1 and incorporated herein by reference.

The proceedings with respect to which notice would be limited to the Limited Service List would include all matters covered by Bankruptcy Rule 2002, with the *express exception* of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) (*i.e.*, the Bar Date); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. The Limited Service List also would be used for proceedings in addition to those matters described in Bankruptcy Rule 2002 that may be required by the Bankruptcy Local Rules to be served upon all parties in interest.

Subject to Court approval, counsel for the Debtor will serve a copy of the Order approving this Motion on all creditors and parties in interest as soon as practicable upon its entry. A proposed form of Order is attached to this Motion as Exhibit 2. Upon entry of the Order, Debtor will serve it with instructions on how a party in interest may request inclusion on the Limited Service List by submitting such request in substantially the form attached to this Motion as Exhibit 3 (the "<u>Notice Request Form</u>").

With respect to matters to be heard on regular notice, the Debtor proposes that notice be deemed sufficient if served, via first class mail, overnight delivery, electronically by facsimile or email, or electronically by the Court's Case Management/Electronic Case Filing System ("<u>ECF Service</u>") upon the Limited Service List. Any motion or application that requires emergency or expedited relief would be served by email, facsimile, personal delivery, messenger, overnight delivery, service electronically by ECF Service, or as directed by the Court to the parties to whom notice of the motion or application is required to be given under the Bankruptcy Rules or the Local Rules.

The Debtor also proposes that if any person or entity has filed a request for notice, such party is deemed to have consented to service of notice electronically by ECF Service (if so registered) and/or by email or facsimile if provided in the request for notice. Any such party that is properly served by ECF Service or other reliable electronic means will be deemed served upon execution of such ECF Service or electronic service.

The Debtor will update the Limited Service List to include those persons or parties who have made a written request to be included on the Limited Service List: (i) whenever the Debtor files a motion; (ii) every seven (7) days during the first thirty (30) calendar days of this Bankruptcy Case; and (iii) monthly thereafter throughout the pendency of this Bankruptcy Case to include the name and address of any party in interest that has made a written request for notice since the Limited Service List was last updated. Such updated Limited Service List will be filed with the Court and circulated to all parties appearing on the Limited Service List only in the event that there is a change to the Limited Service List.

Upon the completion of noticing of any particular matter, the serving party or its agent will submit to the Court an affidavit or certificate of service and an attached list of parties to whom notice was given in accordance with the Bankruptcy Local Rules.

**B.      Confidentiality Procedures**

The Debtor requests permission to file under seal any document containing the names of abuse claimants or potential abuse claimants. Bankruptcy filings are public records and easily accessible, and this Bankruptcy Case presents extraordinary privacy concerns. The Debtor submits that such parties may prefer not to have their names associated with making claims of abuse. For example, virtually all of the lawsuits filed alleging abuse are filed in the name of a Doe plaintiff, indicating that such information is considered sensitive and confidential. The Debtor makes this request out of respect for the confidentiality of the claimants and the unusually public nature of bankruptcy proceedings.

The Debtor asserts that the relief requested in this Motion is in the best interests of its estate and its creditors and will not prejudice the rights of any party in interest in this Bankruptcy Case. Subject to Court approval, the Debtor intends to employ a noticing agent in this Bankruptcy Case and will file a separate application to this effect. If approved, the noticing agent will post copies of all pleadings filed by any party on a website to allow free, public access to all pleadings on the docket in this Bankruptcy Case.

**C.      Temporary Suspension of Deadline for Filing Proofs of Claim**

Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim must be filed in a chapter 11 case "and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3); *see also Prestige Ltd. P'ship v. E. Bay Car Wash Partners (In re Prestige P'ship)*, 234 F.3d 1108, 1118 (9th Cir. 2000) (stating that Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which a proof of claim may be filed; *In re Smartt Constr. Co.*, 138 B.R. 269, 271 (D. Colo. 1992) (stating that Bankruptcy Rule 3003 "expressly authorizes the bankruptcy court to extend the time for filing proofs of claim" in chapter 11 cases). Additionally, Bankruptcy Local Rule 3003-1 provides that the deadline for non-government unit creditors to file proofs of claim shall be 90 days after the initial

date set for the section 341(a) meeting of creditors "[u]nless otherwise ordered by the Court[.]" B.L.R. 3003-1.

Typically in this district, the deadline for filing proofs of claim in a bankruptcy case is automatically set at the commencement of the case. If a Bar Date has already been set in this Bankruptcy Case, cause exists to vacate and temporarily suspend and extend the Bar Date beyond the time proscribed by Bankruptcy Local Rule 3003-1. If the Bar Date has not yet been set in this Bankruptcy Case, cause exists to order that no Bar Date be set pending the filing of a motion to establish claims procedures by the Debtor.

The Debtor likely has well over 1,000 non-government parties in interest/creditors, consisting mainly of alleged abuse claimants who have filed suits against the Debtor. Under the special circumstances of this Bankruptcy Case, the Debtor anticipates seeking authority to hire a claims agent and implement a detailed claims procedure, including the filing of confidential, specialized proof of claim forms with the claims agent. The Debtor will consult with the Creditors' Committee, if one is appointed by the U.S. Trustee, and the Debtor's insurers regarding the proposed procedures for filing claims in this Bankruptcy Case. The Debtor anticipates filing an application to approve a claims and noticing agent (the "Claims/Noticing Agent Application") and, once the Creditors' Committee has been appointed, a separate motion to approve specialized claims procedures (the "Claim Procedures Motion").

To avoid confusion and inefficiency, the Debtor requests that the Court vacate the current Bar Date and to reset the Bar Date pursuant to the anticipated Claim Procedures Motion. Vacating and temporarily suspending the Bar Date to allow for a more comprehensive claims procedure is essential so that creditors are not confused about the proper procedures for filing claims. The Debtor shall provide notice of the vacating of any Bar Date already set upon entry of the Order approving the relief requested in this Motion, if any.

## VI.

## NOTICE

Notice of this Motion has been provided to the 20 largest unsecured creditors, the secured creditors if any, the U.S. Trustee, the Internal Revenue Service, corresponding state agencies, as

well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules, and those persons who have formally appeared and requested service in this Bankruptcy Case pursuant to Bankruptcy Rule 2002. Given the nature of the relief requested, the Debtor submits that no further notice of this Motion is necessary.

## VII.
## CONCLUSION

WHEREFORE the Debtor respectfully requests that this Court:

1. Enter an interim order substantially in the form attached to this Motion as Exhibit 2 granting the relief requested herein; and

2. Granting the Debtor such other and further relief as is just and proper.

Dated: August 21, 2023

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By _____/s/ Paul J. Pascuzzi_____
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY
Proposed Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: August 21, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Ori Katz_____
ORI KATZ
ALAN H. MARTIN
Proposed Attorneys for The Roman Catholic Archbishop of San Francisco

# EXHIBIT 1

**(Proposed Initial Limited Service List)**

**Roman Catholic Archbishop of San Francisco**
**Proposed Initial Limited Service List - MOTION TO ESTABLISH NOTICE PROCEDURES AND SUSPEND BAR DATE, Ex. 1**

| Category | Name | Company | Add1 | Add2 | City | State | Zip | Email | Phone |
|---|---|---|---|---|---|---|---|---|---|
| Top 20 Unsecureds | John Doe SF 1019 c/o J. Michael Reck, Esq. | Jeff Anderson & Associates | 12011 San Vicente Blvd. | Ste 700 | Los Angeles | CA | 90049 | mreck@andersonadvocates.com | 949-919-5963 |
| Top 20 Unsecureds | John Doe SF 1026 c/o J. Michael Reck, Esq. | Jeff Anderson & Associates | 12011 San Vicente Blvd. | Ste 700 | Los Angeles | CA | 90049 | mreck@andersonadvocates.com | 949-919-5963 |
| Top 20 Unsecureds | John Doe SF 1227 c/o J. Michael Reck, Esq. | Jeff Anderson & Associates | 12011 San Vicente Blvd. | Ste 700 | Los Angeles | CA | 90049 | mreck@andersonadvocates.com | 949-919-5963 |
| Top 20 Unsecureds | John Doe SF 1121 c/o J. Michael Reck, Esq. | Jeff Anderson & Associates | 12011 San Vicente Blvd. | Ste 700 | Los Angeles | CA | 90049 | mreck@andersonadvocates.com | 949-919-5963 |
| Top 20 Unsecureds | Jane Doe SF 1247 c/o J. Michael Reck, Esq. | Jeff Anderson & Associates | 12011 San Vicente Blvd. | Ste 700 | Los Angeles | CA | 90049 | mreck@andersonadvocates.com | 949-919-5963 |
| Top 20 Unsecureds | John Doe SALS 1109 c/o Richard Simons, Esq. | Furtado, Jaspovice & Simons | 6589 Bellhurst Ln. | | Castro Valley | CA | 94552 | rick@fjslaw.com | 510-917-2169 |
| Top 20 Unsecureds | John Doe SALS 1097 c/o Richard Simons, Esq. | Furtado, Jaspovice & Simons | 6589 Bellhurst Ln. | | Castro Valley | CA | 94552 | rick@fjslaw.com | 510-917-2169 |
| Top 20 Unsecureds | John Doe SALS 1108 c/o Richard Simons, Esq. | Furtado, Jaspovice & Simons | 6589 Bellhurst Ln. | | Castro Valley | CA | 94552 | rick@fjslaw.com | 510-917-2169 |
| Top 20 Unsecureds | John Doe SALS 1455 c/o Richard Simons, Esq. | Furtado, Jaspovice & Simons | 6589 Bellhurst Ln. | | Castro Valley | CA | 94552 | rick@fjslaw.com | 510-917-2169 |
| Top 20 Unsecureds | John Doe SALS 1112 c/o Richard Simons, Esq. | Furtado, Jaspovice & Simons | 6589 Bellhurst Ln. | | Castro Valley | CA | 94552 | rick@fjslaw.com | 510-917-2169 |
| Top 20 Unsecureds | JOSEPH DOE SF 541 c/o Joseph George, Jr., Esq. | Joseph George Jr. Law Corp. | 601 University Ave. | Ste. 270 | Sacramento | CA | 95825 | mailbox@psyclaw.com | 916-623-4914 |
| Top 20 Unsecureds | JOSEPH DOE SF 582 c/o Joseph George, Jr., Esq. | Joseph George Jr. Law Corp. | 601 University Ave. | Ste. 270 | Sacramento | CA | 95825 | mailbox@psyclaw.com | 916-623-4914 |
| Top 20 Unsecureds | JOSEPH DOE SF 531 c/o Joseph George, Jr., Esq. | Joseph George Jr. Law Corp. | 601 University Ave. | Ste. 270 | Sacramento | CA | 95825 | mailbox@psyclaw.com | 916-623-4914 |
| Top 20 Unsecureds | JOSEPH DOE SF 533 c/o Joseph George, Jr., Esq. | Joseph George Jr. Law Corp. | 601 University Ave. | Ste. 270 | Sacramento | CA | 95825 | mailbox@psyclaw.com | 916-623-4914 |
| Top 20 Unsecureds | James Susha c/o Robert Messetti, II | Mezzetti Law Firm, Inc. | 31 East Julian St. | | San Jose | CA | 95112 | rob@mezzettilaw.com | 405-279-8400 |
| Top 20 Unsecureds | Jan Zoccoli as successor in interest to Robert Susha, Deceased c/o Robert Messetti, II | Mezzetti Law Firm, Inc. | 31 East Julian St. | | San Jose | CA | 95112 | rob@mezzettilaw.com | 405-279-8400 |
| Top 20 Unsecureds | John AA Roe SF c/o Devin Storey, Esq. | The Zalkin Law Firm, P.C. | 10590 W. Ocean Air Dr. | Ste. 125 | San Diego | CA | 92130 | dms@zalkin.com | 619-330-1120 |
| Top 20 Unsecureds | John RA Roe SF | The Zalkin Law Firm, P.C. | 10590 W. Ocean Air Dr. | Ste. 125 | San Diego | CA | 92130 | dms@zalkin.com | 619-330-1120 |
| Top 20 Unsecureds | John PR Roe SF | The Zalkin Law Firm, P.C. | 10590 W. Ocean Air Dr. | Ste. 125 | San Diego | CA | 92130 | dms@zalkin.com | 619-330-1120 |
| Top 20 Unsecureds | John DB Roe SF | The Zalkin Law Firm, P.C. | 10590 W. Ocean Air Dr. | Ste. 125 | San Diego | CA | 92130 | dms@zalkin.com | 619-330-1120 |
| United States Trustee | | Office of the United States Trustee | 450 Golden Gate Ave. | 5th Floor, Ste. #05-0153 | San Francisco | CA | 94102 | | 415-705-3333 |
| Internal Revenue Service | | Internal Revenue Service | P.O. Box 7346 | | Philadelphia | PA | 19101 | | |
| Corresponding State Agencies | | California Department of Tax And Fee Admin | P.O. Box 942879 | | Sacramento | CA | 94279 | | |
| Corresponding State Agencies | | Colorado Department of Revenue | 1881 Pierce St | | Lakewood | CO | 80214 | | 303-205-5600 |
| Corresponding State Agencies | | Employment Development Department | P.O. Box 989061 | | West Sacramento | CA | 95798 | | |
| Corresponding State Agencies | | Florida Department of Revenue | 5050 W Tennessee St | | Tallahassee | FL | 32399 | | |
| Corresponding State Agencies | | Georgia Department of Revenue Processing Center | P.O. Box 740397 | | Atlanta | GA | 30374 | | |
| Corresponding State Agencies | | New Mexico Taxation and Revenue Department | P.O. Box 25127 | | Santa Fe | NM | 87504 | | |
| Corresponding State Agencies | | San Francisco County Clerk | 1 Dr Carlton B Goollett Pl | City Hall, Room 168 | San Francisco | CA | 94102 | | |

**Roman Catholic Archbishop of San Francisco**
**Proposed Initial Limited Service List - MOTION TO ESTABLISH NOTICE PROCEDURES AND SUSPEND BAR DATE, Ex. 1**

| Category | Name | Company | Add1 | Add2 | City | State | Zip | Email | Phone |
|---|---|---|---|---|---|---|---|---|---|
| Corresponding State Agencies | | San Francisco Tax Collector | P.O. Box 7426 | | San Francisco | CA | 94120 | | 415-554-4400 |
| Corresponding State Agencies | | San Mateo County Tax Collector | 555 County Center | 1st Floor | Redwood City | CA | 94063 | | 866-220-0308 |
| Corresponding State Agencies | | State of California Franchise Tax Board | P.O. Box 942867 | | Sacramento | CA | 94267 | | |
| Corresponding State Agencies | | Virginia Department of Taxation | P.O. Box 1115 | | Richmond | VA | 23218 | | |
| Corresponding State Agencies | | Virginia Employment Commission | P.O. Box 26441 | | Richmond | VA | 23261 | | |

# EXHIBIT 2

## (Proposed Order)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO (1) ESTABLISH NOTICE PROCEDURES, (2) FILE CONFIDENTIAL INFORMATION UNDER SEAL, AND (3) TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIMS**<br><br>Date: August 24, 2023<br>Time: 1:30 p.m.<br>Place: Via ZoomGov<br>Judge: Hon. Dennis Montali<br><br>*Hearing Requested on Shortened Time* |

The Roman Catholic Archbishop of San Francisco's (the "Debtor") motion for entry of an order establishing notice procedures, allowing the filing of confidential information under seal, and temporarily suspending the deadline for non-government creditors to file proofs of claim (the "Motion"), filed on [•], 2023, as ECF [•] came before the Court for hearing on [•], 2023, at [•]:[•] [a.m./p.m.]. Appearances were as noted on the record. All capitalized terms used but not defined in this Order shall have the meanings given to them in the Motion.

The Court has considered the Motion, the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions*, the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions*, and the *Declaration of Joseph J. Passarello* filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this Bankruptcy Case. The Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the U.S.

Trustee, the 20 largest unsecured creditors, all secured creditors, if any, and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interest of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED, on an interim basis, as set forth herein.

2. The Debtor shall establish and file a limited service list (the "<u>Limited Service List</u>") that shall initially include the following parties in interest: (i) the U.S. Trustee; (ii) the Debtor; (iii) the Debtor's attorneys; (iv) the Debtor's 20 largest unsecured creditors or the attorneys for the Creditors' Committee;[4] (v) the attorneys for any other committee appointed by the U.S. Trustee; (vi) the attorneys for the Debtor's pre-petition secured creditors, if any; (vii) those persons who have filed a Notice of Appearance or Request for Notice in this case pursuant to Bankruptcy Rule 2002 and (viii) the Internal Revenue Service, and corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules.

3. Any party in interest desiring to be included on the Limited Service List shall file a notice of such request with the Court on the docket of the case (by CM/ECF for those who are registered participants or, for those who are not authorized CM/ECF users, by submitting a paper copy, (i) by mail, to the Clerk of the Court, at the following address: The Clerk of the United States Bankruptcy Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., Mail Box 36099, San Francisco, CA 94102; or (ii) in person, to the Clerk of the Court at the following address: The Clerk of the United States Bankruptcy Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., 5th Floor, San Francisco, CA 94102); and serve a written copy of such request to the Debtor's proposed bankruptcy counsel at the following address: Paul J. Pascuzzi, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, 500 Capitol Mall, Suite 2250, Sacramento, CA 95814, or by email at ppascuzzi@ffwplaw.com.

---

[4] With respect to the Debtor's 20 largest unsecured creditors, at such time as the Creditors' Committee is appointed, the Debtor will add the attorneys for the Creditors' Committee to the Limited Service List and will remove the Debtor's 20 largest unsecured creditors.

4.      The Debtor shall update the Limited Service List to include those persons or parties who have made a written request to be included on the Limited Service List: (i) whenever the Debtor files a motion; (ii) every seven (7) days during the first thirty (30) calendar days of this case; and (iii) monthly thereafter throughout the pendency of this case. The Debtor will file with the Court a notice of each updated Limited Service List if it includes changes from the last Limited Service List filed with the Court.

5.      The Limited Service List shall clearly identify interested parties and their counsel who participate in the Court's Electronic Case Filing ("ECF") system.

6.      Any person filing a pleading or a paper in this case shall serve such pleading or paper on (a) all parties in interest listed on the most recent Limited Service List, and (b) any creditor or other party in interest whose interests are likely to be affected directly by the pleading or proceeding. The serving party shall file with the Court an affidavit or certificate of service and an attached list of parties receiving notice within three (3) business days of service. The affidavit or certificate of service can state that all parties on the Limited Service List were served in lieu of individually identifying each party on the Limited Service List, in which case, it shall indicate the date of the Limited Service List used.

7.      The electronic service by email which includes as a PDF attachment the documents served by any person who participates in the ECF system or provides an email address on a request for notice constitutes service of the pleading or paper and no conventional hard copy service on such interested party shall be required, *provided however*, that notices required by Bankruptcy Rule 2002(a)(1), (4), (5), and (7), and (b)(1) and (2) shall be served by mail in hard copy.

8.      Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties in interest, at their last address known to the Debtor, unless otherwise ordered by the Court: (i) notice of the first meeting of creditors pursuant to Bankruptcy Code section 341; (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization.

9. Notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) shall be served on all parties identified in Rule 2002(a) until the U.S. Trustee appoints the Creditors' Committee, if any. After such appointment, notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) may be served on the Limited Service List only. Notice for the matters specified in Bankruptcy Rules 2002(a)(4) and 2002(a)(5) shall be served on all parties identified in Rule 2002(a).

10. Complaints, summons, and contested matters shall be served on parties directly affected by the pleading or proceeding in the manner prescribed by Bankruptcy Rules 7004 and 9014(b), unless such party expressly consents to electronic service.

11. The Debtor is authorized to file the portions of the schedules, any other pleadings and proofs of service containing non-public names of abuse claimants and potential abuse claimants under seal until further order of this Court. Under Bankruptcy Code section 107(c)(3), the Debtor shall provide unredacted copies of any such sealed documents to the U.S. Trustee.

12. The Clerk is directed not to issue a Bar Date in this Bankruptcy Case, pending further order of the Court. To the extent a Bar Date has already been set, the deadline for non-governmental unit creditors to file proofs of claim against the Debtor's estate previously set as [•], 2023, is hereby vacated, and the Court shall extend and reset the Bar Date to a future date.

13. After the appointment of the Creditors' Committee and consultation with the Creditors' Committee, the Debtor shall file the Claim Procedures Motion, seeking approval of a specific new Bar Date and specialized claims procedures.

14. The Court retains jurisdiction over any and all matters relating to the setting or re-setting of proof of claim deadlines and claims procedures.

15. A final hearing on the Motion shall be held on [DATE], 2023, at [TIME].

***END OF [PROPOSED] ORDER***

**EXHIBIT 3**

**(Proposed Notice Request Form)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**REQUEST FOR NOTICE** |

    Pursuant to this Court's *Order Granting Debtor's Emergency Motion to (1) Establish Notice Procedures, (2) File Confidential Information Under Seal, and (3) Temporarily Suspend Deadline for Filing Proofs of Claims*, dated [•], 2023 [ECF No. ____], the undersigned hereby requests notice of future proceedings in the above-captioned bankruptcy case. The undersigned hereby consents that all notices be sent to the following address by first class mail, email, or facsimile:

**Name of Person or Entity**: _____

**Representative of Entity or Attorney** (if applicable): _____

**Address**: _____

_____

**Telephone No.**: _____

**Facsimile No.**: _____

**Email**: _____

Dated: _____  _____
                                                                                                        [Signature]

    If you are using this form to request notice,[5] the original of this document must be filed with the Clerk of the Court electronically, or by mailing to the following address:

| | |
|---|---|
| Bankruptcy Court Clerk<br>United States Bankruptcy Court<br>450 Golden Gate Ave.<br>Mail Box 36099<br>San Francisco, CA 94102 | **A copy must also be served upon counsel for the Debtor at the following address:**<br>Paul J. Pascuzzi<br>Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>Email: ppascuzzi@ffsplaw.com |

---

[5] Request for Notice may also be made using the court's electronic filing system. For more information visit https://www.canb.uscourts.gov.

SMRH:4893-6748-8115.6     1     Case No. 23-30564
EMERGENCY MOT. ESTABLISH NOT. PROC., FILE UNDER SEAL & SUSPEND BAR DATE
Case: 23-30564    Doc# 10    Filed: 08/21/23    Entered: 08/21/23 14:35:07    Page 18 of 18