PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
       jrios@ffwplaw.com
       tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
       amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF JOSEPH J. PASSARELLO IN SUPPORT OF DEBTOR'S EMERGENCY MOTION TO (1) ESTABLISH NOTICE PROCEDURES, (2) FILE CONFIDENTIAL INFORMATION UNDER SEAL, AND (3) TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIMS**<br><br>Date: August 24, 2023<br>Time: 1:30 p.m.<br>Place: Via ZoomGov<br>Judge: Hon. Dennis Montali<br><br>*Hearing Requested on Shortened Time* |

Case No. 23-30564

SMRH:4895-0942-2548.5   DECL. PASSARELLO IN SUPPORT OF EMERG. MOT.
                        ESTABLISH NOT. PROC., FILE UNDER SEAL & SUSPEND BAR DATE

Case: 23-30564   Doc# 10-1   Filed: 08/21/23   Entered: 08/21/23 14:35:07   Page 1 of 5

I, Joseph J. Passarello, declare as follows:

1. I am the Chief Financial Officer ("CFO") of The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein ("RCASF" or the "Debtor"). I have been the CFO of the RCASF since January 2014. Prior to that, I have been the CFO for several other companies including Serena Software, Aptina Imaging, AMI Semiconductor, and Therma-Wave, Inc. I have a Master of Business Administration from Santa Clara University and a Bachelor of Science in Economics and Business Administration from St. Mary's College. I am authorized to provide this declaration setting forth the general structure and history of RCASF. In the course and scope of my duties as CFO, I am familiar with the record keeping practices and policies of the RCASF and how it regularly maintains its business records.

2. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by the RCASF's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the RCASF's operations, financial condition, and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of the RCASF, prepared and maintained in the ordinary and regularly conducted business activity of the RCASF, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the RCASF.

3. I make this declaration in support of the RCASF's motion to the Court for an order (i) establishing notice procedures, (ii) authorizing the Debtor to file confidential information under seal, and (iii) temporarily suspending the deadline for non-government creditors to file proofs of claim ("Motion"). I have read the Motion and all statements therein are true and correct to the best of my knowledge. All terms not otherwise defined herein have the same meaning as set forth in the Motion.

4. The RCASF filed this bankruptcy case ("Bankruptcy Case") to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and

bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires protection under the Bankruptcy Code and Bankruptcy Rules to make fair and equitable payment on all of the claims against it, including claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support of the Non-Debtor Catholic Entities (defined below) and faithful in the ordinary course. Additional background information on the RCASF can be found in my declaration regarding description of the Debtor and pre-filing history ("Passarello Background Declaration") filed on August 21, 2023 ("Petition Date").

5. The Debtor requests entry of an order establishing appropriate notice procedures and to file confidential information under seal. For the reasons set forth below, the Debtor requests entry of an order limiting notice on various matters only to the affected parties as described in the Motion.

6. Currently, well over 1,000 creditors and parties in interest may technically be entitled to receive notice in this Bankruptcy Case. To require the Debtor to provide notice of all pleadings and other papers filed in this Bankruptcy Case to all these parties in interest, no matter how limited their interests may be with respect to a particular matter, would be extremely burdensome and costly to the estate due to photocopying and postage expenses, as well as other expenses associated with such large mailings. For example, the copying and postage cost to serve a fifteen-page pleading packet on all approximately 1,600 creditors and parties in interest is approximately $6,500.00.

7. The Debtor proposes that service be generally limited to: (i) the Office of the United States Trustee for the Northern District of California (the "U.S. Trustee"); (ii) the Debtor; (iii) the Debtor's attorneys; (iv) the Debtor's 20 largest unsecured creditors or the attorneys for any statutory committee appointed by the U.S. Trustee (the "Creditors' Committee"); (v) the attorneys for any other committee appointed by the U.S. Trustee; (vi) the attorneys for the Debtor's pre-petition secured creditors, if any; (vii) those parties that have formally appeared by filing a Notice of Appearance, a Request for Notice, or similar documents and requested notice in this Bankruptcy Case under Bankruptcy Rule 2002; and (viii) the Internal Revenue Service and corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules ("Limited Service List").

8. The proceedings with respect to which notice would be limited to the Limited Service List would include all matters covered by Bankruptcy Rule 2002, with the *express exception* of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) (*i.e.*, the Bar Date); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. The Limited Service List also would be used for proceedings in addition to those matters described in Bankruptcy Rule 2002 that may be required by the Bankruptcy Local Rules to be served upon all parties in interest.

9. With regard to the request to file under seal the any document containing the names of abuse claimants or potential abuse claimants, the Debtor submits that such parties may prefer to not have their names associated with making claims of abuse. For example, virtually all of the lawsuits filed alleging abuse are filed in the name of a Doe plaintiff, indicating that such information is considered sensitive and confidential. The Debtor makes this request out of respect for the confidentiality of the claimants and the unusually public nature of bankruptcy proceedings.

10. Subject to Court approval, the Debtor intends to employ a noticing agent in this Bankruptcy Case and will file a separate application to this effect. If approved, the noticing agent will post copies of all pleadings filed by any party on a website to allow free, public access to all pleadings on the docket in this Bankruptcy Case.

11. The Debtor likely has well over 1,000 non-government parties in interest/creditors, consisting mainly of alleged abuse claimants who have filed suits against the Debtor. Under the special circumstances of this Bankruptcy Case, the Debtor anticipates seeking authority to hire a claims agent and implement a detailed claims procedure, including the filing of confidential, specialized proof of claim forms with the claims agent. The Debtor will consult with the Creditors' Committee, if one is appointed by the U.S. Trustee, and the Debtor's insurers regarding the proposed procedures for filing claims in this Bankruptcy Case. The Debtor anticipates filing an application to approve a claims and noticing agent (the "Claims/Noticing Agent Application"), and a separate

-3- Case No. 23-30564

motion to approve specialized claims procedures (the "<u>Claim Procedures Motion</u>") once the Creditors' Committee has been appointed.

12. To avoid confusion and inefficiency, the Debtor believes it is in the best interest of parties in interest in this Bankruptcy Case to vacate the current Bar Date and to reset the Bar Date pursuant to the anticipated Claim Procedures Motion. Vacating and temporarily suspending the Bar Date to allow for a more comprehensive claims procedure is essential so that creditors are not confused about the proper procedures for filing claims. The Debtor shall provide notice of the vacating of any Bar Date already set upon entry of the Order approving the relief requested in this Motion, if any.

13. The Debtor asserts that the relief requested in the Motion is in the best interests of its estate and its creditors and will not prejudice the rights of any party-in-interest in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 17, 2023 at San Francisco, California.

_____
Joseph J. Passarello