PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-<br><br>Chapter 11<br><br>**DECLARATION OF PAUL H. DEUTCH IN SUPPORT OF DEBTOR'S EMERGENCY APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF OMNI AGENT SOLUTIONS, INC. AS CLAIMS AND NOTICING AGENT, AND (II) GRANTING RELATED RELIEF**<br><br>Date:       August 24, 2023<br>Time:       1:30 p.m.<br>Location:   Via ZoomGov<br>Judge:      Hon. Dennis Montali<br><br>*Hearing Requested on Shortened Time* |

I, Paul H. Deutch, declare:

1. I am the Executive Vice President of Omni Agent Solutions, Inc. ("Omni"), an administrative services firm that specializes in the administration of large chapter 11 cases, whose offices are located at 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, and 1120 Avenue of the Americas, 4th Floor, New York, NY 10036. I submit this (the "Declaration") in support of the application (the "Application") of the debtor and debtor in possession (collectively, the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") for an order appointing Omni as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and sections 105(a) and 503(b) of the Bankruptcy Code effective as of the Petition Date. Except as otherwise noted herein, I have personal knowledge of the matters set forth herein. I give capitalized terms that are otherwise undefined the meanings ascribed to them in the Application.

2. As custodian of the courts records pursuant to 28 U.S.C. § 156(c), Omni will perform, at the request of the Office of the Clerk of the Court (the "Clerk"), the noticing and claims related services specified in the Application and the Engagement Agreement. In addition, at the Debtor's request, Omni will perform such other noticing, claims, technical, and support services specified in the Application and the Engagement Agreement.

3. Omni is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, and facilitating other administrative aspects of chapter 11 cases. Omni has provided identical or substantially similar services in other chapter 11 cases filed in this District and elsewhere, including, among others: *See, e.g.*, *In re San Benito Health Care District*, No. 23-50544 (SLJ) (Bankr. N.D. Ca. May 23, 2023);[1] *In re Norwich Roman Catholic Diocesan Corporation*, No. 21-20687 (JJT) (Bankr. D. Conn. July 15, 2021); *In re Boy Scouts of Am. and Delaware BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Apr. 8, 2020); *In re DRSD, Inc. (f/k/a SVXR, Inc.),* No. 21-51050 (SLJ) (Bankr. N.D. Ca. Aug. 4, 2021); *In re Munchery, Inc.,* No. 19-30232 (HLB) (Bankr. N.D. Ca. Feb. 28, 2019); *In re Lincoln Power, LLC*, No. 23-10382 (LSS) (Bankr. D. Del. Apr. 3, 2023); *In re Indep. Pet Partners Holdings, LLC*, 23-10153 (LSS) (Bankr.

---
[1] Chapter 9.

D. Del. Feb. 5, 2023); *In re Performance Powersports Grp. Investor, LLC*, 23-10047 (LSS) (Bankr. D. Del. Jan. 18, 2023); *In re Vesta Holdings, LLC*, No. 22-11019 (LSS) (Bankr. D. Del. Nov. 1, 2022); *In re Kabbage, Inc. d/b/a KServicing*, No. 22-10951 (CTG) (Bankr. D. Del. Oct. 6, 2022); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022); *In re PWM Property Mgt. LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021); *In re Lucky's Market Parent Co., LLC*, No. 20-10166 (JTD) (Bankr. D. Del. Jan. 28, 2020); *In re SFP Franchise Corp.*, No. 20-10134 (JTD) (Bankr. D. Del. Jan. 24, 2020).

4. I represent, among other things, that:

　　i. Omni neither holds nor represents any interest adverse to the Debtor's estates;

　　ii. I am not related or connected to and, to the best of my knowledge, no other professional of Omni is related to or connected to any United States Bankruptcy Judge for the Northern District of California, the United States Trustee, or to any employee in the offices thereof;

　　iii. Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice, claims, and solicitation agent in this Chapter 11 Case;

　　iv. by accepting employment in this Chapter 11 Case, Omni waives any right to receive compensation from the United States government in its capacity as the notice, claims, and solicitation agent in this Chapter 11 Case;

　　v. in Omni's capacity as the Claims Agent in this Chapter 11 Case, Omni is not an agent of the United States and is not acting on behalf of the United States;

　　vi. Omni will not employ any past or present employees of the Debtor in connection with its work as the Claims Agent in this Chapter 11 Case;

　　vii. in its capacity as Claims Agent, Omni will not intentionally misrepresent any fact to any person;

　　viii. Omni shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claims transfers; and

　　ix. none of the services provided by Omni as Claims Agent shall be at the expense of the Clerk.

5. To the best of my knowledge and belief, and based solely upon information provided to me by the Debtor and except as provided herein, neither Omni, nor any employee of Omni, has any materially adverse connections to the Debtor, their estates, creditors, or equity interest holders, or other relevant parties, or their respective attorneys and accountants, that would conflict with the

scope of Omni's retention or would create any interest adverse to the Debtor's estate or any other party-in-interest.

6. Proposed bankruptcy counsel for the Debtor has provided me with a list of the Debtor's creditors and other parties in interest (the "Conflicts List"). Omni has reviewed its electronic database to determine whether it has a relationship with any of the entities on the Conflicts List. At this time, Omni is not aware of any relationship that would present a disqualifying conflict of interest. Should Omni discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Omni will use reasonable efforts to promptly file a supplemental declaration.

7. There may be other interested parties of the Debtor that Omni may have or may be presently working with, but in no event is Omni working with any other creditor with respect to the Debtor's bankruptcy proceeding. To the extent I become aware of Omni having worked with any other creditors of the Debtor, I will file a supplemental declaration advising the Court of the same.

8. Notwithstanding anything contained herein, as part of its diverse business, Omni is the noticing, claims, solicitation and/or administrative agent for debtors in numerous cases involving many different creditors (including taxing authorities), professionals, including attorneys, accountants, investment bankers and financial consultants, some of which may be creditors or represent creditors and parties-in-interest in this chapter 11 case. In addition, Omni has in the past, and will likely in the future, continue working with or against other professionals involved in this chapter 11 case in matters unrelated to this chapter 11 case. Based upon my current knowledge of the parties involved, and to the best of my knowledge, none of these business relations constitute interests adverse to that of the creditors, or the Debtor's estate, with respect to the matter upon which Omni is to be engaged. Additionally, Omni employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtor. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to this chapter 11 case.

9. Based upon the information available to me, I believe that Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, in that Omni and its

personnel: (a) are not creditors, equity security holders or insiders of the Debtor; (b) are not and were not, within two years before the date of the filing of this case, a director, officer or employee of the Debtor; and (c) do not have an interest materially adverse to the interests of the Debtor's estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

10. In performing the services identified above, Omni will charge the rates set forth in Schedule A to the Engagement Agreement annexed to the proposed order as **Exhibit 1**. The rates set forth therein are as favorable and reasonable as the prices Omni charges in cases in which it has been retained to perform similar bankruptcy related services.

11. Omni will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th day of August, 2023, at New York, New York.

Paul H. Deutch