1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD WILLOUGHBY
3    PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:     (916) 329-7400
5  Facsimile:     (916) 329-7435
   Email:         ppascuzzi@ffwplaw.com
6                 jrios@ffwplaw.com
                  tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9    A Limited Liability Partnership
     Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:     (415) 434-9100
   Facsimile:     (415) 434-3947
12 Email:         okatz@sheppardmullin.com
                  amartin@sheppardmullin.com
13
   Proposed Attorneys for The Roman Catholic
14 Archbishop of San Francisco

15                    UNITED STATES BANKRUPTCY COURT

16          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18  In re | Case No. 23-30564 |
| 19  THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| 20      Debtor and | **DECLARATION OF PAUL E. GASPARI IN SUPPORT OF CHAPTER 11 PETITION AND DEBTOR'S EMERGENCY MOTIONS** |
| 21      Debtor in Possession. | |
| 22 | Date:  August 24, 2023 |
| 23 | Time:  1:30 p.m. |
|    |       Via ZoomGov |
| 24 | Judge:  Hon. Dennis Montali |

I, Paul E. Gaspari, hereby declare under penalty of perjury as follows:

1. I am an attorney duly licensed to practice law in the State of California and a shareholder with Weintraub Tobin Chediak Coleman & Grodin ("Weintraub"), proposed special corporate and litigation counsel for The Roman Catholic Archbishop of San Francisco, the Debtor and Debtor in Possession herein (the "Debtor" or "RCASF"). I have been an attorney licensed to practice in California since 1977. If called as a witness, I would and could testify competently to the matters stated herein.

2. Weintraub is counsel of record for the RCASF in the pending joint coordinated proceeding in Alameda Superior Court ("JCP 5108"), where all complaints against northern California diocesan entities are being jointly administered before Judge Evelio Grillo, including complaints filed against the RCASF. I and my partner Daniel Zamora have been appointed Institutional Defense Liaison Counsel in JCCP 5108. The Tobin & Tobin firm, of which I was partner, prior to merger with Weintraub, has acted as counsel for the RCASF since approximately 1860. I have represented the RCASF personally since approximately 1986.

3. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by RCASF, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to RCASF's operations and past and current litigation status. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. In the past 20 years, the RCASF and its insurers have paid more than $70 million in legal settlements, in an effort to fulfill the RCASF's responsibility for abuse of minors by archdiocesan clergy.

5. On behalf of the RCASF, I have defended the RCASF in clergy abuse litigation since at least 1988, including in and around 2003, when the statute of limitations was first opened for a one-year window ("Clergy III"). I was appointed Defense Liaison Counsel in the Clergy III coordinated proceeding. At that time, the RCASF defended approximately 100 cases, which were resolved through trial and mediation. Through the years since 2003, I have continued to defend the RCASF in clergy abuse litigation.

Case: 23-30564   Doc# 15   Filed: 08/21/23   Entered: 08/21/23 15:11:54   Page 2 of 5

6. In addition to my services in defending the RCASF against abuse claims, Weintraub also has represented the RCASF in various other, non-abuse matters, including several employment related cases. Also, as part of the services our firm provides to the RCASF, from time to time I advise the RCASF on general legal matters.

7. In January 2020, California again re-opened the statute of limitations for child sexual abuse claims via AB 218 (California Code of Civil Procedure section 340.1) and revived claims previously barred by the statute of limitations. The statutory amendment created a three-year window in which previously barred claims of child sexual abuse could be filed. Additionally, the new law also expands the statute of limitations for claimants to bring claims of child sexual abuse to age 40 or until five years from the time that a claimant became aware of his/her injury, whichever comes later.

8. I am aware that Assembly Bill 452 has recently been introduced into the California legislature that seeks to eliminate the statute of limitations entirely, leaving the RCASF vulnerable to potential abuse lawsuits forever.

9. I am informed and believe that approximately 537 complaints have been filed in the JCP 5108 proceeding against the RCASF in Alameda Superior Court, although we may not have been served with all of the complaints.

10. Several AB 218 complaints filed against the RCASF in the JCP 5108 proceeding have also named other defendants in addition to the RCASF. These co-defendants include Catholic Charities CYO of the Archdiocese of San Franciso, the Roman Catholic Seminary of San Francisco aka St. Patrick's Seminary, Parishes and Schools. Under principles of equitable indemnity, the RCASF has defended those entities against such claims.

11. It is the RCASF's position that the automatic stay extends to stay all litigation against the RCASF and the above referenced co-defendants. These co-defendants are, for the most part, covered by the same insurance applicable to the RCASF, so any incurring of defense costs or payment of settlements by the related entities with those mutual insurance assets also will impact the insurance coverage available to settle claims filed against the RCASF. The representation of the co-defendants in the abuse claims litigation may continue to be necessary post-filing of

bankruptcy, unless the plaintiffs' counsel will stipulate, or the court orders, that the litigation against those co-defendants also is stayed.

12. The coordinated proceeding judge, Judge Grillo, has selected two cases for trial that are pending against the RCASF. These cases have been ordered remanded to San Francisco County Superior Court for trial on August 23, 2023. Mediation occurred on July 11, 2023, at which time the parties were unable to settle the cases.

13. Judge Grillo also has set two other cases against the RCASF for trial, which we expect to be scheduled for late 2023 or early 2024. Judge Grillo also has stated in his orders the intention to set many more cases for trial soon, in order to get all cases pending in JCP 5108 tried within five years of the filing date.

14. Weintraub and the RCASF have undertaken to review all the AB 218 claims as best as possible given the limited information available. The AB 218 claims of alleged abuse are all historical claims to our knowledge. The dates of alleged abuse range from the 1950s to approximately 2008. Nearly one half of the AB 218 claims involve clergy members who were previously accused in *Clergy III* dating back in 2003 and/or clergy members long since deceased.

15. Weintraub has assisted the RCASF in investigating and taking action as to any credible allegation of abuse. We are reviewing all of the information currently available regarding the 537 lawsuits under existing protocols to determine what action must be taken with respect to any allegations involving living clergy in service at this time. Some of the AB 218 cases involve clerics for whom the RCASF had no supervisory responsibility (*e.g.*, Christian Brothers or Jesuits), or employees of religious orders only, for whom the RCASF had no supervisory duty.

16. Based on its experience in past situations, the RCASF expects the initial demands to be more than $2 million per claim, not including if punitive damages are sought in some cases. Based on these demands, the RCASF's total exposure likely could exceed its available assets, depending on available insurance. Thus, in my view, this avalanche of lawsuits puts the RCASF in immediate financial distress and in need of a forum to resolve these claims while continuing to serve the faithful and those in need.

17. I understand the Bankruptcy Court provides a forum and the Bankruptcy Code

provides a mechanism whereby all the claims can be determined and paid on a fair and equitable basis and ensures that all claimants with similarly situated claims are essentially treated the same. In my view, the RCASF requires the Bankruptcy Court's immediate protection and the protection of the bankruptcy laws to make fair and equitable payment of the claims against it, including the survivors of abuse, trade creditors, and others.

I declare under penalty of perjury that the foregoing it true and correct. Executed on August __, 2023, at San Francisco, California.

_____
Paul E. Gaspari