Entered on Docket
August 23, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: August 23, 2023**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 23-30564-DM |
| | ) |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | ) Chapter 11 |
| | ) |
| | ) Date: August 24, 2023 |
| | ) Time: 1:30 PM |
| Debtor. | ) Via Tele/Videoconference |
| | ) www.canb.uscourts.gov/calendars |
| | ) |

**ORDER REGARDING AUGUST 24, 2023 HEARING ON FIRST DAY MOTIONS**

The court has reviewed the seven motions (Dkts. 7 – 13) set on an expedited basis in accord with its usual practice. The following sets forth the court's intentions regarding the hearing on those motions and other matters to be considered.

First, the court welcomes an opening statement from counsel for the Debtor, settling forth briefly relevant background information and expectations for the future conduct of this case. This information should be helpful for the public and parties in interest following the case. Counsel should note, however, that the court has read and appreciates the comprehensive background and overview provided by Mr. Passarello

-1-

in his Declaration at Dkt. 14 and there is no reason to repeat that Declaration in any detail.

If desired, counsel may introduce principal representatives who wish to be identified. The court does not presently expect testimony or comment from them.

Next, the court will make a brief statement about its role in this process, and expectations for the future conduct of the case, noting particularly the pendency of the recent similar cases filed and pending in the Oakland Division for the Santa Rosa and Oakland dioceses.

Turning to the seven motions, at least three – regarding utilities (Dkt. 8), cash management (Dkt. 9), as supplemented (Dkt. 22) and payment of prepetition wages, salaries, and employee expenses (Dkt. 7) – appear routine as they do in countless other chapter 11 cases of all kinds. Unless there is a substantive objection presented prior to or at the hearing, the court will grant them without any need for discussion.

The motion regarding the claims and noticing agent (Dkt. 11), while seemingly routine, raises several questions that must be answered before the motion will be granted: (1) why three similar church abuse cases in this District have three different claims agents, when the total anticipated abuse claims in all three appear to be no more than one thousand or so; (2) why should the agent be indemnified in the event of its own simple negligence; (3) why should the court depart from the usual practice of retaining jurisdiction to resolve disputes between the Debtor and the claims agent in favor of binding arbitration; and (4) why should the court approve an open-ended fee schedule

-2-

Case: 23-30564    Doc# 24    Filed: 08/23/23    Entered: 08/23/23 12:31:48    Page 2 of 5

with a reasonable estimate of a budget for the next three months and also for a full year, particularly with a $50,000 evergreen provision in the Engagement Agreement? Counsel should be prepared to address these issues.

The other three – continue insurance programs (Dkt. 12), notice procedures, etc. (Dkt. 10) and pay survivors' assistance (Dkt. 13) raise more case-specific questions. The insurance motion appears to be "ordinary course", but does it have any impact on any existing insurance that deals with the abuse claims that have precipitated this case? The notice procedures motion appears appropriate with one exception noted below, but does it differ in any meaningful way from similar motions approved in Santa Rosa or Oakland? If so, why? The exception has to do with the claims bar date. The Debtor's argument for extending it is not convincing, and the traditional deadline in Chapter 11 cases in this district has worked well in the past. The court is not inclined to change that without a more compelling reason; that a more elaborate questionnaire might be required of abuse claimants has little to do with a bar date, particularly when the Debtor already knows the extent of the claims that were timely filed against it before the extended statute of limitations expired.

The assistance motion seems to involve payment of only a $4,000 pre-petition claim, but otherwise appears to be typical and normal going-forward expenses for a case involving past abuses. These three motions and the court's questions should be answered by counsel for the Debtor and other parties are welcome to bring forth any preliminary opposition.

Following the disposition of these motions, the court will ask counsel to address such case management issues as whether and when to schedule a Chapter 11 Status Conference; whether to set aside a dedicated date(s) and time(s) for all matters arising in the case or any related adversary proceedings; and anything else that will facilitate the conduct of this case on a cost-effective basis, including when, if at all, the court should schedule live, in person hearings rather than continue remote hearings such as this one.

The Bankruptcy Court's website provides information regarding how to arrange an appearance at a video or telephonic hearing. If parties have questions about how to participate in a video or telephonic hearing, they may contact the court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website at https://www.canb.uscourts.gov/.

**END OF ORDER**

Case: 23-30564    Doc# 24    Filed: 08/23/23    Entered: 08/23/23 12:31:48    Page 4 of 5

COURT SERVICE LIST

ECF Recipients