Entered on Docket
August 25, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 25, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor in Possession. | Case No.  23-30564<br><br>Chapter 11<br><br>**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO CONTINUE INSURANCE PROGRAMS**<br><br>Date:      August 24, 2023<br>Time:     1:30 p.m.<br>Location:  Via ZoomGov<br><br>Judge:    Hon. Dennis Montali |

The emergency motion of The Roman Catholic Archbishop of San Francisco ("Debtor"), for an order authorizing the debtor to continue its insurance programs (the "Motion")[1] came on for hearing on August 24, 2023, at 1:30 p.m., before the Honorable Dennis Montali for the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Ori Katz of Sheppard, Mullin, Richter & Hampton LLP. Other appearances were noted on the record.

The Court having considered the Motion, the Passarello Background Decl., the Passarello Decl., and the Gaspari Decl. filed in support of the Motion, and the repreesnations of counsel reflected in the record of the hearing, and the Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, and any applicable governmental entities; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

It is hereby ORDERED pursuant to sections 363, 1112(b), and 105 of the Bankruptcy Code, as follows:

1. The Motion is GRANTED, on an interim basis, as set forth herein;

2. The Debtor is authorized in the ordinary course of business to continue administering the Insurance Programs for the Debtor and Participating Entities in the ordinary course of business consistent with past practices, including the use of the Gallagher Bassett Services and George Hills Company in their capacities as third party administrators ("Administrators") of the Insurance Programs.

3. The Debtor is authorized in the ordinary course of business to continue funding all premiums, contributions, deductibles, reimbursements, reserves, and service fees related to Insurance Coverage and receiving reimbursement for same from participants in the Insurance Programs.

---

[1] Capitalized terms have the definitions referenced in the Motion unless otherwise defined herein.

4. The Debtor is authorized in the ordinary course of business to renew, amend, supplement, extend, purchase, or terminate Insurance Coverage in the ordinary course of business.

5. The Debtor and Administrator are authorized in the ordinary course of business and in their sole discretion to pay any and all amounts related to the Insurance Programs that remained unpaid on the Petition Date, including payment of approximately $330,000 of insurance contributions, deductibles, reserves and service fees related to pre-petition events or claims on an interim basis with a total of approximately $1.2 million pending the final hearing on the Motion, and to continue to pay any prepetition and postpetition claims, premiums, deductibles, defense costs, obligations, reimbursements and administrative costs related to the Insurance coverage; provided, however, that no claims arising from or in connection with alleged prepetition sexual misconduct may be paid other than pursuant to the terms of a confirmed reorganization plan or pursuant to further order of this Court.

6. The Debtor is authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

7. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of title 11 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

8. A final hearing on the Motion shall be held on September 14, 2023, at 1:30 p.m. Any opposition to the Motion must be filed with the Court and served on counsel for the Debtor listed on the first page of the Motion and this Interim Order, no later than September 7, 2023. The Debtor shall file any reply to any opposition to the Motion by noon on September 12, 2023.

/ / /

/ / /

/ / /

-2-
Case: 23-30564    Doc# 39    Filed: 08/25/23    Entered: 08/25/23 15:01:07    Page 3 of 5

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**\*\*END OF ORDER\*\***

## Court Service List

Registered ECF Participants only.