1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD WILLOUGHBY
3     PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:      (916) 329-7400
5  Facsimile:      (916) 329-7435
   Email:          ppascuzzi@ffwplaw.com
6                  jrios@ffwplaw.com
                   tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9     A Limited Liability Partnership
      Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:      (415) 434-9100
   Facsimile:      (415) 434-3947
12 Email:          okatz@sheppardmullin.com
                   amartin@sheppardmullin.com
13
   Proposed Attorneys for The Roman Catholic
14 Archbishop of San Francisco

15              UNITED STATES BANKRUPTCY COURT

16     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| 17 | In re | Case No. 23-30564 |
|---|---|---|
| 18 | THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| 19 | | **OMNIBUS NOTICE OF FINAL HEARING ON DEBTOR'S EMERGENCY FIRST DAY MOTIONS** |
| 20 | Debtor and Debtor in Possession. | |
| 21 | | Date:      September 14, 2023 |
| 22 | | Time:      1:30 p.m. |
|   | | Place:     Via ZoomGov |
| 23 | | Judge:     Hon. Dennis Montali |
| 24 | | |

**OMNIBUS NOTICE OF (1) ENTRY OF ORDERS GRANTING MOTIONS ON AN INTERIM BASIS AND (2) NOTICE OF FINAL HEARINGS ON:**

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (2) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES UNDER 11 U.S.C. § 366, (3) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (4) SCHEDULING A FINAL HEARING;**

**DEBTOR'S EMERGENCY MOTION TO (1) ESTABLISH NOTICE PROCEDURES, (2) FILE CONFIDENTIAL INFORMATION UNDER SEAL, AND (3) TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIMS;**

**DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE EXPENSES; (2) TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES; AND (3) DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS;**

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND (5) SCHEDULING A FINAL HEARING;**

**DEBTOR'S EMERGENCY MOTION TO CONTINUE INSURANCE PROGRAMS; AND**

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO (1) PAY CERTAIN PREPETITION INVOICES FOR ABUSE SURVIVORS' ASSISTANCE AND SAFE ENVIRONMENT PROGRAMS, AND (2) CONTINUE ITS PREPETITION PRACTICE OF PAYING FOR ABUSE SURVIVORS' ASSISTANCE AND SAFE ENVIRONMENT PROGRAMS**

**NOTICE IS HEREBY GIVEN** that The Roman Catholic Archbishop of San Francisco (the "RCASF" or "Debtor"), the debtor and debtor in possession in the above captioned case, obtained approval on an interim basis of the six above-referenced motions (hereafter referred to collectively as the "First Day Motions").

**NOTICE IS FURTHER GIVEN** that, as further described below, final hearings on the First Day Motions will be heard on **September 14, 2023, at 1:30 p.m.** at the United States Bankruptcy Court, Northern District of California, San Francisco Division, before the Honorable

Dennis Montali (the "<u>Final Hearings on First Day Motions</u>").  **Opposition, if any, to the granting of the First Day Motions on a final basis shall be filed by September 7, 2023.**  The Debtor's reply to any opposition shall be filed by September 12, 2023, at 12:00 p.m.  If no objections are filed to any motion, the Court may enter a final order without further notice or hearing on that motion.

**PLEASE TAKE FURTHER NOTICE** the Final Hearings on First Day Motions will not be conducted in the presiding judge's courtroom but instead will be conducted by videoconference via ZoomGov.  The Bankruptcy Court's website provides information regarding how to arrange an appearance at a video or telephonic hearing.  If you have questions about how to participate in a video or telephonic hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.  The link to the judge's electronic calendar is: https://www.canb.uscourts.gov/judge/montali/calendar.

The First Day Motions are supported by the Declaration of Joseph J. Passarello in support of Chapter 11 Petition and First Day Motions ("<u>Passarello Background Decl.</u>"), the Declaration of Paul Gaspari in support of Chapter 11 Petition and First Day Motions ("<u>Gaspari Decl.</u>"), and the additional declarations of Joseph J. Passarello in support of each motion.  The First Day Motions papers were previously served on August 21, 2023.  Accompanying this Omnibus Notice of Final Hearings on First Day Motions are copies of the respective orders Granting Interim Relief.  The titles of each of the First Day Motions followed by a brief description of the relief requested in each First Day Motion, are as follows:

**A.   DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE EXPENSES; (2) TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES; AND (3) DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS**

1.    On August 24, 2023, the Court granted the relief requested in the *Debtor's Emergency Motion for Order (1) Authorizing Payment of Prepetition Wages, Salaries, and Employee Expenses; (2) To Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks* (the "<u>Employee Obligations Motion</u>") [ECF No. 7] on an interim basis.

Case: 23-30564   Doc# 44   Filed: 08/25/23   Entered: 08/25/23 15:55:12   Page 3 of 10

2.　　By the Employee Obligations Motion, the Debtor seeks Court authority, among other things, to pay prepetition wages, salaries and employee expenses, to pay accrued employee benefits and taxes, and directing banks to honor payroll and expense checks.

3.　　Specifically, the Debtor requests entry of an order that (i) authorizes but does not direct the Debtor to pay Employee Obligations, Employee Deductions and Employee Expenses (each as defined in the Employee Obligations Motion), (ii) authorizes but does not direct the Debtor to continue its practices, programs and policies in effect as of August 21, 2023 (the "<u>Petition Date</u>") with respect to all Employee Obligations (including allowing employees to use paid time off accrued, but unused, as of the Petition Date), Employee Deductions and Employee Expenses and (iii) authorizes and directs the bank at which the Debtor maintains an account from which the Debtor's payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts to honor and pay all pre-petition and post-petition checks issued or to be issued and fund transfers requested or to be requested, by the Debtor in respect of the Employee Obligations, Employee Deductions and Employee Expenses. The Debtor also seeks authority to issue new post-petition checks or fund transfer requests with respect to pre-petition obligations that may have been dishonored by the banks relating to the Employee Obligations, Employee Deductions and Employee Expenses, if necessary.

4.　　The Employee Obligations Motion seeks authorization to pay only such amounts that are entitled to priority claim status up to $15,150 under the provisions of sections 507(a)(4) and (a)(5).[1] The RCASF believes that approval of this motion is critical to the Debtor's operations of the Debtor, and that the amounts at issue are fairly de minimis in the context of the Bankruptcy Case.

**B.　　DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (2) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES UNDER 11 U.S.C. § 366, (3) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (4) SCHEDULING A FINAL HEARING**

---

[1] All section references hereafter are to title 11 of the United States Code (the "<u>Bankruptcy Code</u>") unless noted otherwise.

1.        On August 24, 2023, the Court granted the relief requested in the *Debtor's Emergency Motion for Interim and Final Orders (1) Prohibiting Utility Companies from Altering, Resuing or Discontinuing Service, (2) Determining Adequate Assurance of Payment for Post-Petition Utility Services Under 11 U.S.C. § 366, (3) Establishing Procedures for Determining Adequate Assurance of Payment, and (4) Scheduling a Final Hearing* (the "<u>Utilities Motion</u>") [ECF No. 8] on an interim basis.

2.        By the Utilities Motion, the Debtor seeks entry of an order (1) prohibiting utility companies from altering, refusing or discontinuing service; (2) determining that the Debtor's furnishing of deposits to utility companies listed on Exhibit 2 to the motion in an amount that represents fifty percent of the Debtor's estimated average monthly usage over the past twelve months of such utility respectively constitutes adequate assurance of payment; (3) establishing procedures for assurance requests by the affected utilities and for determining adequate assurance of payment; and (4) scheduling a final hearing thereon.

3.        The Debtor's ongoing operations require it to maintain uninterrupted utility services including electricity, natural gas, telephone, water, waste removal, internet and other services. Termination of a utility service would cause immediate and irreparable harm to the Debtor's operations and critical reorganization efforts. The Debtor has multiple facilities and receives utility services from numerous utility companies, as described in the Utility Motion, and listed on Exhibit 2 to the Utility Motion.

**C.      DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND (5) SCHEDULING A FINAL HEARING**

1.        On August 24, 2023, the Court granted the relief requested in the *Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operation Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance with Section 345(b); (4)*

SMRH:4882-3056-4731.2

*Authorizing Continued Use of Current Investment Policy; and (5) Scheduling a Final Hearing* (the "Cash Management Motion") [ECF No. 9] on an interim basis.

2.  By the Cash Management Motion, the Debtor seeks entry of an order, among other things, (a) waiving the Bankruptcy Local Rules and United States Trustee Guidelines to the extent necessary in order for the Debtor to continue its use of its existing cash management system, (b) authorizing the Debtor to continue using its prepetition bank accounts and business forms, including a waiver of the requirement that the legend "debtor in possession" be imprinted on any existing checks and business forms, and (c) authorizing the Debtor to continue the use of its existing cash management system and accounting policies and practices. By the Cash Management Motion, the Debtor also seeks to continue using its commercial credit cards and investment policies during this Bankruptcy Case, without posting any bonds as otherwise required under section 345(b) of the. The Debtor seeks the relief requested under the Cash Management Motion to ensure its orderly transition into bankruptcy and to help administer its operations efficiently while avoiding the disruptions, distractions, delays, and significant expense that otherwise would inevitably divert the Debtor's attention from urgent matters during the initial stages of its bankruptcy case.

3.  As described in the Cash Management Motion, all of the relevant banks where the RCASF's bank accounts are located are FDIC-insured banking institutions that have complied with the United States Trustee's (the "U.S. Trustee") special depository procedures under section 345 and are on the U.S. Trustee's list of authorized depositories for the Northern District of California, with exceptions including accounts at First Republic Bank ("FRB"), Bank of San Francisco ("Bank of SF"). As set forth in greater detail in the Cash Management Motion, while FRB is not a FDIC-insured banking institution, it has been acquired by JPMorgan Chase Bank ("JPMC"), which is a FDIC-Insured institution on the U.S. Trustee's Authorized Depository list as of July 10, 2023. Similarly, Bank of SF, while not on the U.S. Trustee's Authorized Depository list, is FDIC-insured. Additionally, the RCASF keeps its account balance at approximately the $250,000 limit of FDIC insurance, so there is little risk of losing money from this account. Finally, while California Bank & Trust ("CB&T") is neither on the U.S. Trustee's authorized depository list nor FDIC-insured, it

Case: 23-30564   Doc# 44   Filed: 08/25/23   Entered: 08/25/23 15:55:12   Page 6 of 10
SMRH:4882-3056-4731.2

is a division of Zions Bancorporation, N.A., which is FDIC-insured.

4.      The Debtor also has certain investment and money market accounts that the Debtor requests Court authority to continue to maintain without the need to comply strictly with section 345, including the maintenance of the Pooled Investment Accounts and its BofA Investment Account (each as defined in the Cash Management Motion) that is used to invest in the BlackRock Liquidity Funds Portfolio Institutional Class, a money market mutual fund that currently yields approximately 5.2% of interest per year.

**D.      DEBTOR'S EMERGENCY MOTION TO (1) ESTABLISH NOTICE PROCEDURES, (2) FILE CONFIDENTIAL INFORMATION UNDER SEAL, AND (3) TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIMS**

1.      On August 24, 2023, the Court granted the relief requested in the *Debtor's Emergency Motion to (1) Establish Notice Procedures, (2) File Confidential Information Under Seal, and (3) Temporarily Suspend Deadline for Filing Proofs of Claims* (the "Motion to Establish Notice Procedures and Suspend Bar Date") [ECF No. 10] on an interim basis.

2.      By the Motion to Establish Notice Procedures and Suspend Bar Date, the Debtor seeks entry of an order (i) establishing notice procedures, (ii) authorizing the Debtor to file confidential information under seal, and (iii) temporarily suspending the deadline for non-government creditors to file proofs of claim.

3.      Given the estimated 1,600 parties in interest, including abuse survivors, the Debtor seeks permission to limit notice and also to file certain confidential information under seal given the particularly sensitive nature of claims, survivor identities, and other matters in this Bankruptcy Case.  The Debtor requests permission to file the schedules, any other pleadings and proofs of service to the extent they contain non-public names of abuse claimants and potential abuse claimants under seal in order to protect such individuals' privacy rights.  The Debtor also seeks to suspend temporarily the deadline to file claims to provide the Debtor with sufficient time to employ a claims agent and formulate a Court-approved, specialized claims submission process.

**E.      DEBTOR'S EMERGENCY MOTION TO CONTINUE INSURANCE PROGRAMS**

1.      On August 24, 2023, the Court granted the relief requested in the *Debtor's*

*Emergency Motion to Continue Insurance Programs* (the "Insurance Motion") [ECF No. 12] on an interim basis.

2.      By Insurance Motion, the Debtor requests entry of an order, pursuant to sections 363, 1112(b), and 105, authorizing the Debtor to (i) continue administering the Insurance Programs (defined in the Insurance Motion) for the Debtor and Participating Entities, in the ordinary course of business and consistent with past practices; (ii) continue funding all premiums, contributions, deductibles, reserves, and service fees related to Insurance Coverage (defined in the Insurance Motion) and receiving reimbursement for same; (iii) renew, amend, supplement, extend, purchase, or terminate Insurance Coverage in the ordinary course of business; and (iv) pay any and all amounts related to the Insurance Programs that remained unpaid on the Petition Date.

3.      As described in the Insurance Motion, the Insurance Programs provide an efficient, cost-effective way to procure necessary insurance for the Debtor and the Participating Entities. Satisfying possible outstanding or future obligations related to the Insurance Programs is warranted under section 363(b) and applicable standards as described in the Insurance Motion. The Debtor has routinely maintained Insurance Coverage and administered the Insurance Programs in the ordinary course of its operations and must continue to do so on a going forward basis in order to operate. Further, the Insurance Programs administered by the Debtor are typical for a Roman Catholic Archdiocese of its size and include standard coverages for nonprofits such as the Debtor and the Participating Entities. Continuation of Insurance Coverage is essential to preserve uninterrupted operations and the value of the Debtor's estate and is in the best interests of the estate and its creditors. Failing to maintain Insurance Coverage would impair the Debtor's ability to operate and potentially violate U.S. Trustee Guidelines and other applicable regulations and requirements, resulting in a material adverse effect on the Debtor and the value of the estate.

**F.      DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO (1) PAY CERTAIN PREPETITION INVOICES FOR ABUSE SURVIVORS' ASSISTANCE AND SAFE ENVIRONMENT PROGRAMS, AND (2) CONTINUE ITS PREPETITION PRACTICE OF PAYING FOR ABUSE SURVIVORS' ASSISTANCE AND SAFE ENVIRONMENT PROGRAMS**

Case: 23-30564   Doc# 44   Filed: 08/25/23   Entered: 08/25/23 15:55:12   Page 8 of 10

1.     On August 24, 2023, the Court granted the relief requested in the *Debtor's Emergency Motion for Interim and Final Orders Authorizing the Debtor to (1) Pay Certain Prepetition Invoices for Abuse Survivors' Assistance and Safe Environment Programs, and (2) Continue Its Prepetition Practice of Paying for Abuse Survivors' Assistance and Safe Environments Programs* (the "Survivors' Assistance Programs Motion") [ECF No. 13] on an interim basis.

2.     By Survivors' Assistance Programs Motion, the Debtor requests entry of interim and final orders, authorizing the Debtor (i) to pay certain prepetition invoices for Abuse Survivors' Assistance and Safe Environment Programs (as defined in the Survivors' Assistance Programs Motion), and (ii) to continue to pay certain invoices for such programs in the ordinary course of its business under sections 105 and 363(b)" and Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure.

3.     The Debtor has an established process for survivors of clergy abuse to have access to trained professionals who can help them address their trauma.  To support these survivors, among other things, the Debtor pays for the survivors' counseling with licensed therapists.  In addition, the Debtor has implemented strict education and training protocols knowns as safe environment programs to prevent the future occurrence of sexual abuse by clergy or others affiliated with the Debtor.

4.     These programs serve those affected by historical clergy sexual abuse and are designed to prevent future abuse.  It is necessary and appropriate to authorize the Debtor to pay any outstanding prepetition balances due and owing for these programs up to an aggregate amount of $10,000, and to continue to fund these programs on a postpetition basis in the ordinary course of business.

**NOTICE IS FURTHER GIVEN** that this notice does not contain all the particulars of the First Day Motions or supporting documents for the First Day Motions, nor does it summarize all of the evidence submitted in support of the First Day Motions.  For further specifics concerning the First Day Motions and the relief requested, you are encouraged to review the First Day Motions and

the supporting evidence, including the supporting Declarations, copies of which may be obtained from the website to be maintained by the Debtor's proposed Claims and Noticing Agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/RCASF, free of charge.

You may also access these documents from the Court's PACER system (requires a subscription). The web page address for the United States Bankruptcy Court for the Northern District of California is http://www.canb.uscourts.gov, which includes a link to the Court's Case Management/Electronic Case Filing (CM/ECF) system.

If you or your attorney do not attend, the Court may decide that you do not oppose the relief sought in the First Day Motions and may enter orders granting the relief requested.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: August 25, 2023

FELDERSTEIN FITZGERALD WILLOUGHBY
PASCUZZI & RIOS LLP

By     _/s/ Paul J. Pascuzzi_
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY
Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

Dated: August 25, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _/s/ Ori Katz_
ORI KATZ
ALAN H. MARTIN
Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco