1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD WILLOUGHBY
3     PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:     (916) 329-7400
5  Facsimile:     (916) 329-7435
   Email:         ppascuzzi@ffwplaw.com
6                 jrios@ffwplaw.com
                  tphinney@ffwplaw.com
7

8  ORI KATZ, State Bar No. 209561
   ALAN H. MARTIN, State Bar No. 132301
9  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
10    Including Professional Corporations
   Four Embarcadero Center, 17th Floor
11 San Francisco, California 94111-4109
   Telephone:     (415) 434-9100
12 Facsimile:     (415) 434-3947
   Email:         okatz@sheppardmullin.com
13                amartin@sheppardmullin.com

14 Proposed Attorneys for The Roman Catholic
   Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **SECOND SUPPLEMENTAL DECLARATION OF JOSEPH J. PASSARELLO IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(B); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND SCHEDULING A FINAL HEARING** |

|   |   |
|---|---|
| Date: | September 14, 2023 |
| Time: | 1:30 p.m. |
| Place: | Via ZoomGov |
| Judge: | Hon. Dennis Montali |

I, Joseph J. Passarello, declare as follows:

1. I am the Senior Financial Director and former Chief Financial Officer ("CFO") of The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein ("RCASF" or the "Debtor").[1] I have been the CFO of the RCASF since January 2014. Prior to that, I have been the CFO for several other companies including Serena Software, Aptina Imaging, AMI Semiconductor, and Therma-Wave, Inc. I have a Master of Business Administration from Santa Clara University and a Bachelor of Science in Economics and Business Administration from St. Mary's College. I am authorized to provide this declaration setting forth the general structure and history of RCASF. In the course and scope of my duties as CFO, I am familiar with the record keeping practices and policies of the RCASF and how it regularly maintains its business records.

2. I make this second supplemental declaration (the "Second Supplemental Declaration") in support of the *Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance With Section 345(b); (4) Authorizing Continued Use of Current Investment Policy* (the "Motion") and the *Debtor's (1) Reply to Objection of the United States Trustee to Final Approval of Debtor's Motion for Continued Use of Existing Cash Management System; and (2) Status Report Regarding Compliance with Interim Order Regarding Debtor's Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts* (the "Reply"). I give capitalized terms not otherwise defined in this Second Supplemental Declaration the same meanings ascribed to them in the Motion, the Supplement (as defined in the Motion), and the Reply.

---

[1] Effective September 8, 2023, in accordance with a long-planned retirement transition, my title changed to Senior Financial Director. I am succeeded as Chief Financial Officer by Michael Flanagan. My transition was planned in February 2023. In my new role, I will continue to be the financial executive responsible for all issues pertaining to this chapter 11 matter through at least January 19, 2024.

3. All facts set forth in this declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by the RCASF's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the RCASF's operations, financial condition, and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of the RCASF, prepared and maintained in the ordinary and regularly conducted business activity of the RCASF, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the RCASF.

4. As previously stated, I believe that it is in the best interests of both the Debtor and its creditors for the Debtor to maintain its prepetition investment practices and to maintain the Investment Accounts as requested in the Motion.

5. If the Debtor is required to liquidate and close the Investment Accounts, the Debtor will be unable to earn any rate of return on its investments, including approximately $250,000 per month in interest alone.

6. I believe that the Investment Accounts are conservatively invested, and that divestment would harm the Debtor's estate more than it would increase the overall safety of the Debtor's assets.

7. As previously stated, the BofA Investment Account currently yields 5.2% of interest per year.

8. I believe that postpetition maintenance of the Debtor's prepetition investment practices and the Investment Accounts without disturbance is consistent with the Debtor's reasonable business judgment, and also that this relief is necessary to maximize the value of the Debtor's estate.

9. After the emergency hearing on the Motion and various other first day motions held on August 25, 2023, the Debtor has engaged in discussions with multiple Cash Management Banks regarding compliance with the requirements of a debtor in possession and the Interim Order entered

with respect to the Motion. Specifically, the Debtor, through its proposed bankruptcy counsel, has actively engaged with BofA, Wells Fargo, and U.S. Bank, each in its respective capacity as a Cash Management Bank, regarding the issues discussed below. Accordingly, I am informed and believe that:

    a.    BofA has requested that the Debtor clarify the interim order related to the authorization to pay prepetition bank fees related to the maintenance and service of the Bank Accounts (including, but not limited to the Additional Bank Accounts addressed in the Supplement) that may have been due and owing as of the Petition Date.

    b.    BofA also has requested modification of the language in the interim order regarding protections for the Cash Management Banks against liability for the Cash Management Banks' reliance on representations by the Debtor as to whether any check or other payment order drawn or issued by the Debtor before the Petition Date should be honored.

    c.    BofA has made the Debtor aware of three additional accounts held at BofA:

        i.    St. Anthony Immaculate Conception School uses two of these additional accounts and has been doing so since 2003, or before I was appointed as the Debtor's CFO;[2] and

        ii.    Holy Cross Cemeteries uses the third account, which has been open since 2011[3] (collectively, the "<u>Supplemental Additional Bank Accounts</u>").

    d.    BofA also has made the Debtor and its advisors aware of the fact that the BofA Investment Account described in the Motion is an account associated with a money market fund to hold uninvested cash associated with the money market fund and currently has a zero balance. Thus, BofA account ending in #9371 should be considered one of the

---

[2] Both St. Anthony Immaculate Conception School accounts are listed under the Debtor's tax identification number, but the Debtor does not have control over the use of the funds held in them. The account numbers for the two accounts end in #9543 and #8880.

[3] The Holy Cross Cemeteries account is listed under the Debtor's tax identification number, but the Debtor does not have control over the use of the funds held in them. The account number for the account ends in #2912.

Debtor's bank accounts that it in good faith will use its best efforts to convert to a DIP account. The BofA Investment Account is identified as ending in #2C19 and should be considered the BofA Investment Account, for which the Debtor is asking for relief for cause from the requirements of section 345(b).

10. On behalf of the Debtor:

    a. I am not aware of any funds in the Supplemental Additional Bank Accounts that have originated from the Debtor or its operations; and

    b. The Debtor has been largely unaware that the Supplemental Additional Bank Accounts are listed under either the Debtor's EIN or its TIN.

11. The Supplemental Additional Bank Accounts have not been listed in the Debtor's general ledger, do not contain funds of the Debtor, and the Debtor does not use or control the operation of the Supplemental Additional Bank Accounts.

12. I believe that St. Anthony Immaculate Conception School will suffer irreparable harm if it is unable to access its funds or suffer a delay in use of the funds in the St. Anthony Immaculate Conception School accounts (#9543 and #8880), as it needs to cover day-to-day operating costs and make payroll for the teachers and staff in the upcoming days.

13. I also believe that Holy Cross Cemeteries, another Non-Debtor Catholic Entity, will suffer irreparable harm if it cannot access its funds or retain control of its Supplemental Additional Bank Account to fund and pay payroll.

14. Based on the Debtor's proposed bankruptcy counsel's discussions with U.S. Bank, I am informed and believe that U.S. Bank has requested that the Debtor clarify and incorporate, in any order that the Court may enter on the Motion, certain additional language to include U.S. Bank, in its capacity as trustee of the Lay SERP Plan and custodian of the Investment Pool Account, as a Cash Management Bank and to ensure that the Cash Management Banks may continue to provide services to the Debtor under certain applicable deposit, trust, and custody agreements without violating the automatic stay.

15. Based on the Debtor's proposed bankruptcy counsel's discussions with Wells Fargo, I am informed and believe that Wells Fargo, in its capacity as the issuer of the corporate credit cards described in the Motion and the *Debtor's Emergency Motion for Order (1) Authorizing Payment of Prepetition Wages, Salaries and Employee Expenses; (2) to Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks* [ECF No. 7], has requested that the Debtor clarify that Wells Fargo is authorized to continue to perform under the terms of any pre-petition agreements that may exist between Wells Fargo and the Debtor to govern the Debtor's use of the corporate credit cards, except as set forth in any interim or final order that the Court may enter in connection with the Motion.

16. On behalf of the Debtor, I provide the following status report regarding compliance with the Bankruptcy Code, the U.S. Trustee's requirements, and paragraph 10 of the Interim Order:

   a. I have been informed by FRB via letter dated September 8, 223, that the Debtor's FRB Bank Account (#1534) ha**s** been converted to a debtor in possession interest bearing account at FRB, and on this basis believe the Debtor has complied with all requirements as to the FRB Bank Account (#1534).

   b. I have been informed by the Debtor's proposed bankruptcy counsel and believe that BofA's counsel has represented that BofA has converted all of the Debtor's BofA Bank Accounts to debtor in possession accounts; the Debtor has requested a letter confirming this representation.

   c. I am informed and believe that the Debtor's Bank Accounts at City National Bank, Bridge Bank, and CB&T still are in the process of being converted to debtor in possession accounts at each respective financial institution.

   d. The Debtor has closed its Segal Bryant (#8815) investment account.

   e. The Debtor has closed its FRB (#9117) investment account.

   f. I understand that the Debtor's proposed bankruptcy counsel has communicated, or is in the process of communicating, with counsel to the U.S. Trustee

regarding proof of conversion of the FRB and BofA Bank Accounts described above and closure of the Segal Bryant and FRB investment accounts described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 12, 2023 at San Francisco, California.

_____
Joseph J. Passarello