PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:   (916) 329-7400
Facsimile:   (916) 329-7435
Email:       ppascuzzi@ffwplaw.com
             jrios@ffwplaw.com
             tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN
  RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:   (415) 434-9100
Facsimile:   (415) 434-3947
Email:       okatz@sheppardmullin.com
             amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>　　　　Debtor and<br>　　　　Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP AS BANKRUPTCY COUNSEL**<br><br>[No Hearing Required] |

　　　　The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby requests authority to employ Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR") as its general bankruptcy counsel (the "Application"), and in support of this Application,

respectfully represents the following:

1. This Application is made pursuant to Bankruptcy Code sections 327 and 330, Bankruptcy Rules 2014, 2016 and 5002, and the Guidelines of the Office of the United States Trustee ("UST Guidelines"). This Application is supported by the *Declaration of Paul J. Pascuzzi in Support of Application to Employ Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP* filed herewith ("Pascuzzi Declaration").

## BACKGROUND

2. On August 21, 2023, the RCASF filed a voluntary Chapter 11 petition ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code.

3. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, parishes and others, while continuing its ministries and support it offers to Catholic parishes and communities.

4. Additional information regarding the circumstances leading to the commencement of the Bankruptcy Case and information regarding the Debtor's operations and structure is set forth in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* (ECF 14) and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* (ECF 15).

## REASON FOR SELECTION

5. The Debtor desires to employ FFWPR as its bankruptcy counsel in this matter. FFWPR is a four-lawyer firm with substantial experience in diocesan cases that is already representing at least one other diocese in its chapter 11 case. A true and correct copy of the FFWPR

engagement agreement is attached to the Pascuzzi Declaration as Exhibit 1.

6. The Debtor has requested the services of FFWPR because the Debtor knows the firm to be skilled in insolvency, reorganization and commercial transactions and that its members have substantial knowledge and experience that will enable them to perform services of special benefit to the Debtor and its estate in a cost-effective manner. FFWPR was originally engaged in the fall of 2022 for certain services and thereafter has been working with the RCASF regarding a possible bankruptcy case. As a result of its prepetition representation of the RCASF, FFWPR has acquired in-depth knowledge of the Debtor's structure, operations and liability profile. As such, FFWPR possesses the necessary background to address the legal issues and related matters that may arise in the administration of the Debtor's Bankruptcy Case.

2. Further, FFWPR is counsel to the Roman Catholic Bishop of Santa Rosa in its chapter 11 case now pending in the Northern District of California. FFWPR also was counsel to the Roman Catholic Bishop of Stockton in its chapter 11 case in 2014, which resulted in a successful exit from bankruptcy pursuant to a confirmed plan in 2017. Accordingly, the Debtor believes FFWPR is both well qualified and uniquely able to act as its bankruptcy counsel in this Bankruptcy Case in an efficient and timely manner. Details regarding the qualifications of FFWPR and its attorneys may be found at FFWPR's website at www.ffwplaw.com and in Exhibit 2 to the Pascuzzi Declaration.

3. The Debtor also proposes to employ FFWPR and Sheppard, Mullin, Richter, & Hampton LLP ("SMRH") as chapter 11 bankruptcy counsel. As FFWPR is a small boutique firm focused on insolvency and commercial litigation, and currently is representing at least one other diocese in its chapter 11 case, RCASF believes that the substantial size and complexity of its Bankruptcy Case will necessitate the involvement of a full-service law firm with the depth and experience of SMRH to provide additional services to RCASF that are not duplicative of services that FFWPR will provide.

**SCOPE OF EMPLOYMENT**

4. The services to be performed by FFWPR are appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor in possession and to prosecute its Bankruptcy

Case. Subject to further order of the Court, it is proposed that FFWPR be employed to render the following professional services:

    a.    Prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports and other pleadings and documents in connection with the administration of the Bankruptcy Case;

    b.    Advise and represent the Debtor with respect to all matters and proceedings in this Bankruptcy Case;

    c.    Assist the Debtor in all bankruptcy issues which may arise in the operation of its business, including negotiations with creditors, interest groups and any Official Committee of Unsecured Creditors;

    d.    Take necessary legal action to protect and preserve the Debtor's estate;

    e.    Take necessary legal action in connection with any chapter 11 plan and related disclosure statement and all related documents; and

    f.    Perform all other necessary legal services in connection with the prosecution of this Bankruptcy Case; provided however, that to the extent FFWPR determines that such services fall outside the scope of services historically or generally performed by FFWPR as lead debtor's counsel in a bankruptcy case, FFWPR will file a supplemental application if necessary.

5.    No Duplication of Services. In addition to this application, the Debtor has filed, or expects to file shortly, applications to employ: (1) Sheppard, Mullin, Richter, & Hampton LLP as co-bankruptcy counsel as noted above; (2) Weinstein & Numbers, LLP as special insurance counsel; (3) Weintraub Tobin as special litigation counsel; and (4) B. Riley as financial advisor. The Debtor also may file applications to employ additional professionals.

6.    As described in the Pascuzzi Declaration, FFWPR and the other professionals will monitor and coordinate with the other professionals in this Bankruptcy Case to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in this case to prevent unnecessary duplication of services and ensure the case is administered in the most efficient fashion possible. Rather than resulting in any extra or unnecessary expense to the

1. Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

7. Weintraub Tobin is experienced in serving as litigation counsel in abuse related litigation and is proposed to serve as special litigation counsel in the Bankruptcy Case. Weintraub Tobin is counsel to the RCASF in the coordinated proceeding currently pending in Alameda Superior Court, where approximately 537 abuse claims were filed against RCASF.

**DISINTERESTEDNESS**

8. Except as set forth in the Pascuzzi Declaration filed herewith pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and to the best of Mr. Pascuzzi's knowledge, information and belief, FFWPR: (i) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b), (ii) does not have any disqualifying connections with the Debtor, its creditors, or with any parties in interest, or with their attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the office of the United States Trustee which would preclude employment, and (iii) does not now hold or represent any interest materially adverse to the interests of the estate or of any class of creditors or equity security holders. The Debtor has been informed that FFWPR will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, FFWPR will supplement its disclosure to the Court.

**COMPENSATION**

9. FFWPR has agreed to undertake this matter at its standard hourly rates subject to periodic adjustment to reflect economic and market conditions and increased experience and skill, and which are currently as follows:

///

///

///

///

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Paul J. Pascuzzi | Managing Partner | $525 per hour |
| Thomas A. Willoughby | Partner | $525 per hour |
| Jason E. Rios | Partner | $450 per hour |
| Thomas R. Phinney | Of Counsel | $425 per hour |
| | Of Counsel/Associates | $350-$425 per hour |
| | Legal Assistants | $100-$150 per hour |

10. FFWPR also will bill the estate for all reasonable and necessary out-of-pocket expenses as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the UST Guidelines.

11. As set forth in the Pascuzzi Declaration, for the 90 days prior to the Petition Date, FFWPR received payments and advances in the aggregate amount of $175,976.43 for professional services performed and to be performed, and expenses incurred and to be incurred, including professional services and expenses related to the commencement and prosecution of this Bankruptcy Case. FFWPR holds a retainer with a remaining credit balance in favor of the Debtor for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with the Bankruptcy Case in the amount of $92,570.51 (the "Fee Deposit").

12. The Debtor and FFWPR understand and have agreed that FFWPR hereafter will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "Local Guidelines"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines" and together with the Local Guidelines, the "Fee Guidelines"), and any further Orders of the Court (the "Orders") for all professional services performed and expenses incurred after the Petition Date. Notwithstanding anything to the contrary contained in this Application and its

supporting papers, FFWPR agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, Local Guidelines and the Fee Guidelines will apply and prevail.

13. The rates set forth above are subject to annual adjustment upon 30 days' notice to the client. If at any time FFWPR increases the rates for its services, FFWPR will file a supplemental affidavit with the Court describing such increases, including justification for such, and provide notice of such increases to the United States Trustee and parties in interest in the Bankruptcy Case as may be required by the Bankruptcy Code, Bankruptcy Rules, or such other service as is prescribed by the Court if a limited notice motion is approved.

14. The following constitutes the statement of FFWPR required by section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a) and the U.S. Trustee's Guidelines for Employment Applications in larger Chapter 11 cases ("UST Large Case Fee Guidelines") and to answer the specific questions posed in section D.1 of the UST Large Case Fee Guidelines.

    a. Neither FFWPR nor any attorneys at FFWPR have altered their standard billing rates for this engagement, or made any adjustments based upon the geographic location of the case.

    b. FFWPR representation of the RCASF prior to the Petition Date was on the same terms and rates as set forth in this Application.

    c. Any increase in applicable rates that may occur during the pendency of the case will be disclosed in accordance with the UST Large Case Fee Guidelines.

15. FFWPR has prepared and discussed with the RCASF a proposed estimated budget and a staffing plan. The RCASF has approved the staffing plan and budgets for post-petition period for August through December 2023, understanding that the budgets are estimates based upon the current agreed upon case strategy and information known to date.

## CONCLUSION

16. The Debtor believes it is essential that FFWPR be employed to provide the services described above and that FFWPR be permitted to bill on an hourly basis, subject to the requirements of the Bankruptcy Code for Court approval of professional fees.

WHEREFORE, based upon the foregoing, the Debtor requests that the Court enter an order

authorizing:

1. The employment of FFWPR as its general bankruptcy counsel herein on the terms and conditions set forth above pursuant to section 327(a);

2. The employment to be effective as of the Petition Date; and

3. For such other and further relief as the Court may deem proper in the circumstances.

Dated: September 12, 2023

                                        THE ROMAN CATHOLIC
                                        ARCHBISHOP OF SAN FRANCISCO

                         By: */s/ Father Patrick Summerhays*
                              Fr. Patrick Summerhays,
                              Vicar General and Moderator of the Curia

SUBMITTED BY:

Dated: September 13, 2023

                                        FELDERSTEIN FITZGERALD
                                        WILLOUGHBY PASCUZZI & RIOS LLP

                         By: */s/ Paul J. Pascuzzi*
                              PAUL J. PASCUZZI
                              Proposed Attorneys for The Roman
                              Catholic Archbishop of San Francisco,
                              a California corporation sole