1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3  WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA 95814
   Telephone:    (916) 329-7400
5  Facsimile:    (916) 329-7435
                 ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
                 tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN,
9  RICHTER & HAMPTON LLP
   Four Embarcadero Center, 17th Floor
10 San Francisco, CA 94111
   Telephone:    (415) 434-9100
11 Facsimile:    (415) 434-3947
                 okatz@sheppardmullin.com
12               amartin@sheppardmullin.com

13 Proposed Attorneys for
   The Roman Catholic Archbishop of San Francisco
14

15                  UNITED STATES BANKRUPTCY COURT

16        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17 In re:                                    Case No. 23-30564

18 THE ROMAN CATHOLIC ARCHBISHOP OF           Chapter 11
   SAN FRANCISCO,
19
            Debtor and                        **DECLARATION OF PAUL J.
20          Debtor in Possession.             PASCUZZI IN SUPPORT OF
                                              APPLICATION TO EMPLOY
21                                            FELDERSTEIN FITZGERALD
                                              WILLOUGHBY PASCUZZI & RIOS
22                                            LLP AS BANKRUPTCY COUNSEL**

23                                            [No Hearing Required]

24

25         I, Paul J. Pascuzzi, declare:

26         1.      I am an attorney duly licensed to practice law in the State of California and a partner

27 with Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, the proposed attorneys for The

28 Roman Catholic Archbishop of San Francisco, the Debtor and Debtor in Possession herein

("RCASF" or "Debtor"). If called as a witness, I would and could testify competently to the matters stated herein.

2. This declaration is submitted pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) and Bankruptcy Code sections 327 and 329 in support of the Debtor's Application to Employ Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP as its bankruptcy counsel (the "Application"). I have read the Application and hereby incorporate its factual statements.

3. The Debtor desires to employ the firm of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, 500 Capitol Mall, Suite 2250, Sacramento, California 95814, as its Chapter 11 counsel ("FFWPR"). FFWPR is a four-lawyer firm with substantial experience in these diocesan cases that is already representing at least one other diocese in its chapter 11 case. A true and correct copy of FFWPR's engagement agreement is attached hereto as **Exhibit 1**. A true and correct copy of further information regarding the qualifications of FFWPR and its attorneys is attached hereto as **Exhibit 2** and incorporated herein by reference.

4. The Debtor has requested the services of FFWPR because the Debtor knows the firm to be skilled in insolvency, reorganization and commercial transactions and that its members have substantial knowledge and experience that will enable them to perform services of special benefit to the Debtor and its estate in a cost-effective manner. FFWPR was originally engaged in the fall of 2022 for certain services and thereafter has been working with the RCASF regarding a possible bankruptcy case. As a result of its prepetition representation of the RCASF, FFWPR has acquired in-depth knowledge of the Debtor's structure, operations and liability profile. As such, FFWPR possesses the necessary background to address the legal issues and related matters that may arise in the administration of the Debtor's Chapter 11 case.

5. Further, FFWPR is counsel to the Roman Catholic Bishop of Santa Rosa in its chapter 11 case now pending in the Northern District of California. FFWPR also was counsel to the Roman Catholic Bishop of Stockton in its chapter 11 case in 2014, which resulted in a successful exit from bankruptcy pursuant to a confirmed plan in 2017. Accordingly, the Debtor believes FFWPR is both well qualified and uniquely able to act as its bankruptcy counsel in this

Chapter 11 case in an efficient and timely manner. Details regarding the qualifications of FFWPR and its attorneys may be found at FFWPR's website at www.ffwplaw.com and in Exhibit 2 attached hereto.

6.     The Debtor proposes to employ FFWPR and Sheppard, Mullin, Richter, & Hampton LLP ("SMRH") as chapter 11 bankruptcy counsel. FFWPR is a small boutique firm focused on insolvency and commercial litigation, and currently is representing at least one other diocese in its chapter 11 case. The substantial size and complexity of this Bankruptcy Case will necessitate the involvement of a full-service law firm with the depth and experience of SMRH to provide additional services to RCASF that are not duplicative of services that FFWPR will provide.

7.     The professional services which the firm will render to the Debtor are as follows:

a.     Prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports and other pleadings and documents in connection with the administration of the Bankruptcy Case;

b.     Advise and represent the Debtor with respect to all matters and proceedings in this Bankruptcy Case;

c.     Assist the Debtor in all bankruptcy issues which may arise in the operation of its business, including negotiations with creditors, interest groups and any Official Committee of Unsecured Creditors;

d.     Take necessary legal action to protect and preserve the Debtor's estate;

e.     Take necessary legal action in connection with any chapter 11 plan and related disclosure statement and all related documents; and

f.     Perform all other necessary legal services in connection with the prosecution of this Bankruptcy Case; provided however, that to the extent FFWPR determines that such services fall outside the scope of services historically or generally performed by FFWPR as lead debtor's counsel in a bankruptcy case, FFWPR will file a supplemental application if necessary.

8.     I believe FFWPR is a disinterested person within the meaning of 11 U.S.C. sections 101(14) and 1107(b) and is authorized to be employed under section 327 of the Bankruptcy Code.

Neither I, FFWPR, nor any partner of, counsel to, or associate of the firm represents any entity other than the Debtor in connection with this Bankruptcy Case. FFWPR does not represent any entity having an adverse interest in connection with the Debtor's case, nor does FFWPR have any adverse interest in this matter. FFWPR is not a creditor, equity security holder or an insider of the Debtor. Neither FFWPR, nor any attorney at FFWPR, is or has ever been a director, officer or employee of the Debtor at any time.

9. Along with my partners, I have reviewed the list of creditors provided by the Debtor and I have made reasonable inquiries of FFWPR's lawyers and staff to determine the nature of the connections described herein. FFWPR has run a computerized conflict check on the list of the potentially interested parties as provided by the Debtor. I do not believe that any of FFWPR's current representations pose an adverse interest in connection with the Bankruptcy Case or disqualify FFWPR from representation of the Debtor under the Bankruptcy Code.

10. The current identity of many of the abuse claimants is not known at this time due to naming them as plaintiffs in the complaints as Doe plaintiffs. As is FFWPR's standard practice with subsequently discovered creditors, once such information is available, FFWPR review for conflicts and supplement its disclosures if necessary.

11. To the best of my knowledge, neither I nor any other attorney or employee of FFWPR have any business or social connections with the Debtor, its creditors, its equity security holders, or with any parties in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or any persons employed in the office of the United States Trustee, except as follows:

a. FFWPR was engaged by the RCASF in the fall of 2022 to assist in its efforts to review its organizational structure for the purpose of securing the Debtor's financial stability, including but not limited to, assisting litigation counsel as needed in resolving claims against the RCASF.

b. FFWPR is chapter 11 bankruptcy counsel to the Roman Catholic Bishop of Santa Rosa ("RCBSR") in its chapter 11 case. The RCASF is a creditor in the RCBSR case based on a loan to the RCBSR in or about the year 2000, and FFWPR did not represent, has not

represented, and will not represent the RCASF or the RCBSR with regard to the loan. This connection was disclosed in the RCBSR employment application as well.

c. FFWPR represents the Capuchin Franciscan Order of California in connection with evaluating potential bankruptcy options due to the volume of abuse claims made against it. I am informed and believe that the Capuchin Franciscan Order of California is a party to a long term lease of real property owned by the RCASF. The Capuchin Franciscan Order of California also is named as a co-defendant in at least one abuse lawsuit filed against the RCASF. FFWPR has not and will not represent either the RCASF or the Capuchin Franciscan Order of California with respect to the long term lease, the abuse litigation or any other matter. Co-bankruptcy counsel and special litigation counsel will be employed by the RCASF in this bankruptcy case, such that any such issues can be addressed by other counsel if needed.

d. FFWPR represents other diocesan entities in evaluating potential bankruptcy options due to the volume of abuse claims made against them, including entities that may be creditors of RCASF. FFWPR has not and will not act as counsel to either the Debtor or such other entities with respect to any claims against each other, if any. Co-bankruptcy counsel and special litigation counsel will be employed by the RCASF in this matter, such that any such issues can be addressed by other counsel if needed.

e. One of the Debtor's Cash Management Banks (as defined in the Cash Management Motion at ECF 9 and 9-1) is California Bank & Trust, which is a division of Zions Bancorporation, N.A. Zions is a client of FFWPR in unrelated matters.

f. FFWPR serves as co-counsel with the California Attorney General's office in the Pacific Gas and Electric Company bankruptcy cases ("PG&E") for numerous California state agencies involved in those cases. In the event any issues arise between RCASF and the California Attorney General's office or any of the state agency clients for which FFWPR acts as co-counsel in the PG&E cases, FFWPR will not (and has not) represent RCASF or any such state agencies in such matters. FFWPR's services expressly exclude representing RCASF in any investigation by the California Attorney General's office.

g. The Debtor's creditors may include creditors who have appeared as

creditors or adverse parties in matters previously or currently being handled by FFWPR that are unrelated to this case such as Comcast, Pacific Gas & Electric, AT&T, the Franchise Tax Board, and the like.

h.      I am informed and believe that the RCASF uses George Hills & Company, Inc. as an insurance intermediary.  In 2021, FFWPR represented a principal of George Hills (but not George Hills Company) in a matter unrelated to the RCASF in a limited engagement that was concluded over a short period of time that is now closed.

i.      The Debtor's creditors may include entities which FFWPR currently uses in the ordinary course of its business such as Comcast, Pacific Gas & Electric, AT&T, Federal Express and the like.

j.      L. Renee Morgan, a paralegal specialist employed by the Sacramento division of the Office of the United States Trustee, was employed by Diepenbrock, Wulff, Plant & Hannegan, LLP as a paralegal from 1986 through 1988.  Steven H. Felderstein (now retired), Thomas A. Willoughby, Paul J. Pascuzzi, and Jason E. Rios were former attorneys with Diepenbrock, Wulff, Plant & Hannegan, LLP.  Diepenbrock, Wulff, Plant & Hannegan, LLP dissolved in approximately 1999, but Thomas A. Willoughby, Paul J. Pascuzzi and Jason E. Rios were employed by that firm at various times prior to its dissolution.

k.      Thomas R. Phinney is a former partner of Parkinson & Phinney, LLP, which closed effective December 31, 2022, due to the retirement of one of its partners, after which Mr. Phinney joined FFWPR.  FFWPR has not run a conflict check on all prior Parkinson & Phinney clients as compared to the RCASF's creditors.  However, as noted above, Mr. Phinney has reviewed the creditor and party-in-interest list and does not believe there are any connections that would render FFWPR ineligible for employment.

l.      Lynne C. Knight, a paralegal specialist employed by the San Jose division of the Office of the United States Trustee, was employed by Diepenbrock, Wulff, Plant & Hannegan, LLP as a paralegal from 1987 through 1992.

12.      I do not believe that any of these connections render FFWPR not a "disinterested person" within the meaning of 11 U.S.C §§101(14), 327 and 1107(b).

13.     FFWPR has agreed to undertake this matter at its standard hourly rates which are as follows:

| Name | Title | Hourly Rate |
|------|-------|-------------|
| Paul J. Pascuzzi | Managing Partner | $525 per hour |
| Thomas A. Willoughby | Partner | $525 per hour |
| Jason E. Rios | Partner | $450 per hour |
| Thomas R. Phinney | Of Counsel | $425 per hour |
|  | Of Counsel/Associates | $350-$425 |
|  | Legal Assistants | $100-$150 per hour |

14.     FFWPR also will bill for reasonable out-of-pocket expenses such as overnight mail costs, long distance telephone charges, travel expenses, recording fees, printing and reproduction costs and facsimile transmission charges, subject to Court approval.

15.     For the 90 days prior to the Petition Date, FFWPR received payments and advances in the aggregate amount of $175,976.43 for professional services performed and to be performed, and expenses incurred and to be incurred, including professional services and expenses related to the commencement and prosecution of this Bankruptcy Case.  As of the Petition Date, FFWPR holds a retainer with a remaining credit balance in favor of the Debtor for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with the Bankruptcy Case in the amount of $92,570.51 (the "Fee Deposit").

16.     FFWPR understands and has agreed that FFWPR hereafter will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "Local Guidelines"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and any further Orders of the Court (the

"Orders") for all professional services performed and expenses incurred after the Petition Date. Notwithstanding anything to the contrary contained in this Application and its supporting papers, FFWPR agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, Local Guidelines and the Fee Guidelines will apply and prevail.

17. The rates set forth above are subject to annual adjustment upon 30 days' notice to the client. If at any time FFWPR increases the rates for its services, FFWPR will file a supplemental affidavit with the Court describing such increases, including justification for such, and provide notice of such increases to the United States Trustee and parties in interest in the Bankruptcy Case as may be required by the Bankruptcy Code, Rules, or such other service as is prescribed by the Court if a limited notice motion is approved.

18. No Duplication of Services. In addition to this application, the Debtor has filed, or expects to file shortly, applications to employ: (1) Sheppard, Mullin, Richter, & Hampton LLP as co-bankruptcy counsel as noted above; (2) Weinstein & Numbers, LLP as special insurance counsel; (3) Weintraub Tobin as special litigation counsel; and (4) B. Riley as financial advisor. The Debtor also may file applications to employ additional professionals. Rather than resulting in any extra expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

19. I am informed and believe that Weintraub Tobin is experienced in serving as litigation counsel in abuse related litigation and is proposed to serve as special litigation counsel in the Bankruptcy Case. Weintraub Tobin is counsel to the RCASF in the coordinated proceeding currently pending in Alameda Superior Court where approximately 537 abuse claims were filed against RCASF. FFWPR and the other professionals will monitor and coordinate with the other professionals in this Bankruptcy Case to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in this Bankruptcy Case to prevent unnecessary duplication of services and ensure the Bankruptcy Case is administered in the most efficient fashion possible. Rather than resulting in any extra or unnecessary expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other

professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

20. FFWPR understands and acknowledges that all compensation is subject to sections 327, 329, 330 and 331 of the Bankruptcy Code.

21. No promises have been received by FFWPR, or any partner, counsel, or associate of FFWPR, as to payment or compensation in connection with this Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Fee Guidelines. Furthermore, FFWPR has no agreement with any other entity to share compensation received by FFWPR or by such entity.

22. The Application requests approval of FFWPR's retention on rates, terms, and conditions consistent with what FFWPR charges non-chapter 11 debtors and in other chapter 11 cases, namely, prompt payment of FFWPR's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.

23. The following constitutes the statement of FFWPR required by section 1103 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and the U.S. Trustee's Guidelines for Employment Applications in larger Chapter 11 cases ("UST Large Case Fee Guidelines") and to answer the specific questions posed in section D.1 of the UST Large Case Fee Guidelines.

   a. Neither FFWPR nor any attorneys at FFWPR have altered their standard billing rates for this engagement, or made any adjustments based upon the geographic location of the Bankruptcy Case.

   b. FFWPR representation of the RCASF prior to the Petition Date was on the same terms and rates as set forth in this Application.

   c. Any increase in applicable rates that may occur during the pendency of the Bankruptcy Case will be disclosed in accordance with the UST Large Case Fee Guidelines.

24. FFWPR has prepared and discussed with the RCASF a proposed estimated budget and a staffing plan. The RCASF has approved the staffing plan and budgets for the post-petition

///

period for August through December 2023, understanding that the budgets are estimates based upon the current agreed upon case strategy and information known to date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 13, 2023 at Sacramento, California.

*/s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI

# Exhibit 1

FFWPR Engagement Letter

# FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

## Contract for Legal Services

This fee contract for legal services ("Agreement") is by and between The Roman Catholic Archbishop of San Francisco, a Corporation Sole ("Client") and Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("Attorneys"). The Agreement sets forth the terms and conditions upon which Attorneys will provide professional services to Client and to obtain Client's written consent to the fee arrangement between Attorneys and Client, as may be required by law. The Attorneys will provide legal services to Client on the following terms and conditions.

## Conditions

This Agreement will not take effect until: (1) Client returns a signed copy of this Agreement to Attorneys and pays the retainer, if any, required by this Agreement; and (2) Attorneys sign their acceptance of representation. Upon satisfaction of these conditions, the Agreement will be deemed to take effect retroactive to May 31, 2023.

## Scope of Services

Attorneys shall provide Client legal services in connection with the preparation for, and if necessary, filing of, a Chapter 11 case in the Northern District of California. The services to be provided include, but are not limited to, preparation and filing a chapter 11 petition for Client, including first day motions; advising and representing Client as a debtor in possession with respect to all bankruptcy related matters and proceedings in a chapter 11 case; advise Client with respect to its powers and duties to the estate and as debtor in possession; assist Client as Debtor in Possession with bankruptcy issues, which may arise in the operation of Client's business, including negotiations with creditors, interest groups and any Official Committee of Unsecured Creditors; advise Client as Debtor in Possession with respect to recovery of assets of the bankruptcy estate, including preferential payments and fraudulent transfers; advise Client as Debtor in Possession with respect to potential actions and/or claims against third parties for the benefit of the estate; advise Client as Debtor in Possession with respect to potential actions and/or claims against third parties for the benefit of the estate; assisting the Client with the preparation of and confirmation of a plan of reorganization.

Client agrees that in Chapter 11 bankruptcy, Attorneys have not been retained to file any type of litigation, including any adversary proceeding in the Chapter 11 case, which seeks a recovery (including any equitable relief) from or against a third party or to represent Client in adversary proceedings objecting to the dischargeability of any claims against Client or objecting to the entry of Client's discharge. If any, such additional litigation retention is subject to and conditioned on a separate contract for litigation services.

## No Dual Representation

Unless the engagement letter specifically provides otherwise, Attorneys do not represent

Case: 23-30564   Doc# 96   Filed: 09/13/23   Entered: 09/13/23 15:21:34   Page 12 of 28

multiple legal entities or persons at the same time. For example, Attorneys do not provide dual representation of a corporation and its officers, directors, or employees; of a partnership and its partners; or, in some cases, of an entity and its subsidiaries and/or parent entity(ies). When Attorneys represent an individual, corporation, partnership, or other entity, related parties should obtain separate counsel in order to avoid potential conflicts of interest and ensure that their rights are protected.

## Disclosure of Potential Conflicts of Interest

Attorneys have disclosed that they are co-counsel with the California Attorney General's office in the Pacific Gas and Electric Company bankruptcy cases ("PG&E") for numerous California state agencies involved in those cases. In the event any issues arise between Client and the California Attorney General's office or any of the state agency clients Attorneys act as co-counsel for in the PG&E cases, Client understands and agrees that Attorneys cannot represent Client in such matters. Attorneys also have disclosed that they represent other Roman Catholic Bishops, Dioceses or religious orders. In the event any issues arise between Client and such other entities, Client understands and agrees that Attorneys cannot represent Client in such matters. Attorneys' services are expressly agreed to be so limited and not include representing Client in any investigation by the California Attorney General's office or as to any claims or issues related to the other religious entities. To the extent necessary, Client hereby waives any potential conflict of interest based on these issues. Client agrees that it has had this situation fully explained to it and has had the opportunity to consult legal counsel of its choosing in deciding to enter into this agreement.

## Disclaimer of Guaranty

Nothing in this Agreement and nothing in Attorneys' statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorneys make no such promises or guarantees. Any comments by Attorneys about the potential outcome of the matter are expressions of opinion only, are neither promises nor guarantees, and shall never be construed as promises or guarantees. Any estimate of fees given by Attorneys shall not be a limitation on fees or a guarantee that fees and costs will not exceed the amount of the estimate. Actual fees may vary significantly from any estimates given.

## Who Will Provide the Legal Services

Customarily, each client has a principal attorney contact. The principal attorney should be someone in whom Client has confidence and with whom Client enjoys working. Client is free to request a change of principal attorney at any time, but Attorneys may not be able to comply with such a request. Many factors determine whether a particular attorney can work on or oversee a matter, including experience and whether the attorney has sufficient time to devote to the matter. Subject to the supervisory role of the principal attorney, Client's work, or parts of it, may be performed by other lawyers and legal assistants. Such delegation may be for the purpose of involving lawyers or legal assistants with special expertise in a given area or for the purpose of

Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 13 of 28

providing services on the most efficient and timely basis. Whenever practicable, Attorneys will advise Client of the names of those attorneys and legal assistants who work on Client's matters.

**Principal Contact of Client**

Attorneys' principal contacts will be General Counsel Paula Carney and CFO Joe Passarello. Attorneys will correspond with, take direction from and send all billing invoices to Client's principal contact unless instructed otherwise by Client in writing.

**Fees and Costs**

Client agrees to pay Attorneys at Attorneys' hourly rates for all time spent on Client's matter. Attorneys' billings for fees are calculated on a straight hourly basis according to the hourly rates for the person performing the work. Attorneys keep records of time devoted to Client's work, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on Client's behalf, and other related matters. Attorneys record their time in six-minute increments. Attorneys' current hourly rates are set forth in Addendum 1 attached to the Agreement. The schedule of fees set forth in Addendum 1 is subject to change upon thirty (30) days' written notice to Client.

Attorneys typically incur, and advance on behalf of Client, a variety of out-of-pocket costs arising in connection with legal services. These include charges made by government agencies and service vendors as well as clerical charges. Whenever such costs are incurred, Attorneys will carefully itemize and bill them. Typical of such costs are long distance telephone charges; messenger, courier, express delivery charges and certain other postage; facsimile; printing and reproduction costs; filing fees; deposition and transcript costs; witness fees; travel expenses; charges made by outside experts and consultants, including accountants, appraisers and other legal counsel (unless arrangements for direct billing have been made); charges by courts for internet access to court records; and computer assisted legal research charges. Attorneys incur outside costs as agents for Client and incur internal expenses on behalf of Client, who agrees to pay these costs on a regular basis.

Attorneys provide bills for services rendered and costs incurred on a monthly basis. Invoices are generally dated and mailed within the first five business days of each month, and payments are due within thirty (30) days of the statement. ALL STATEMENTS SHOULD BE REVIEWED CAREFULLY immediately upon receipt. Any objections Client may have to any billing statement should be communicated to Attorneys in writing within thirty (30) days of the date of the statement.

**Retainer and Trust Account**

This Agreement will not become effective until Attorneys receive from Client a retainer in the amount of $100,000. The retainer shall be considered an "evergreen" retainer. This means that the amount on deposit will be applied to the Client's invoices each month, resulting in either a reduced balance on deposit or an account receivable should the invoice exceed the amount on

Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 14 of
28

deposit. Client agrees that, within ten (10) days of receipt of its invoice, it will deposit with us the amount so applied in order to restore the retainer to its amount prior to such application. Client's retainer deposited with Attorneys is used to pay fees and costs on a monthly basis as they are incurred. Unless Client notifies Attorneys of a problem with the statement, the retainer deposit is charged for fees and costs fifteen (15) days after each monthly billing statement is sent to Client. At the conclusion of Attorneys' legal representation or at such time as the deposit is unnecessary or is appropriately reduced, the remaining balance or an appropriate part of it will be returned to Client. If the retainer deposit proves insufficient to cover current expenses and fees, it may have to be increased.

All trust deposits received by Attorneys from Client, including retainers, will be placed in a trust account for Client's benefit. By law, Client's deposit must be placed in a pooled account if it is not expected to earn a net return, taking into consideration the size and anticipated duration of the deposit and the transaction costs. Other trust deposits will also be placed in the pooled account unless Client requests a segregated account. By law, interest earned on the pooled account is payable to a charitable foundation established by the State Supreme Court. Interest earned on a segregated trust account will be added to the deposit for Client's benefit and may be includable in Client's taxable income.

## Consent to Electronic Communications and Storage

In order to promote efficiency in representing Client, Attorneys intend to use a variety of communication and storage devices (e.g., laptop computers, tablets, cellular telephones, and smart phones), as well as a variety of communication and storage tools (e.g., email, text messaging, document transfer by computer, cloud computing, etc.). The use of these and other similar devices and tools under current technology may place Client confidences and privileges at risk. However, Attorneys believe the effectiveness and efficiency involved in use of these (and similar) devices and tools outweigh the risk of unintended disclosure. By signing this agreement, Client acknowledges its consent to Attorneys' ability to use their discretion in the use of electronic communication and storage devices and tools currently available in the market as well as new devices and tools that enter the marketplace during the course of Attorneys' representation of Client.

## Conclusion of Services

Client may conclude Attorneys' representation at any time, with or without cause, by notifying Attorneys. If such termination occurs, Client's papers and property will be returned to Client promptly. Attorneys' own files pertaining to the case will be retained. Client's termination of Attorneys' services will not affect Client's responsibility for payment of legal services rendered and out-of-pocket costs incurred before termination and in connection with an orderly transition of the matter.

Attorneys are subject to the State Code of Professional Responsibility, which lists several types of conduct or circumstances that require or allow Attorneys to withdraw from representing

Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 15 of 28

a client, including nonpayment of fees or costs, misrepresentation or failure to disclose material facts, action contrary to Attorneys' advice, and conflict of interest with another client. Attorneys try to identify in advance and discuss with Client any situation that may lead to withdrawal by Attorneys, and, if withdrawal ever becomes necessary, Attorneys will immediately give Client written notice.

## Retention of Records

In the course of this engagement, Attorneys are likely to come into possession of various documents and materials which California law recognizes as Client's papers and property. Such papers and property may include correspondence, pleadings, deposition transcripts, exhibits, physical evidence, experts' reports, and other items reasonably necessary to the representation. Client agrees that Attorneys may destroy or discard any papers and documents in Attorneys' sole discretion that (a) are on file in a court proceeding if in Attorneys' discretion the keeping of such documents is unnecessary because they can be obtained from the court's file and/or (b) are being maintained by Attorneys in electronic format. Upon termination or conclusion of the representation with respect to the matter to which such client papers and property relate, upon Client's written request Attorneys shall promptly turn over to Client, or to another counsel identified by Client, such papers and property. Client shall pay for any copying and delivery costs incurred in connection with such document transfer. In the event of any such termination or conclusion, Attorneys shall be entitled to retain a copy of any records or files relating to such matter. If Client does not request such papers and property within one year after the conclusion of the matter to which such papers and property relate, then Attorneys may destroy or discard such papers and property without any notice to Client.

## Interest

Client agrees to make payment within 30 days of receiving Attorneys' statement. Unpaid fees and disbursements accrue interest at the rate (non-compounded) of 0.833 percent per month (10% per annum) from the beginning of the month in which they became overdue. (Where fees and disbursements are regularly paid out of a retainer deposit, no interest will be charged.) Attorneys will give Client prompt notice if Client's account becomes delinquent, and Client agrees to bring the account or the retainer deposit current. If the delinquency continues and Client does not arrange satisfactory payment terms, Attorneys will withdraw from the representation and pursue collection of Client's account. Client agrees to pay the costs of collecting the debt, including court costs, filing fees, and reasonable attorney fees.

## Miscellaneous Matters

## Choice of Law

This Agreement shall be governed by and construed in accordance with the laws of the State of California.

Case: 23-30564   Doc# 96   Filed: 09/13/23   Entered: 09/13/23 15:21:34   Page 16 of 28

## Debt Relief Agency Disclosure

Client represents and warrants that he/she/it is not a person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $150,000. Client agrees to inform Attorneys immediately if it believes that he/she/it may be such a person during the term of this contract.

## Venue

Client agrees that the venue for any dispute shall be Sacramento, California.

## Amendments and Integration

The parties agree that all changes or modifications hereto shall be in writing. This Agreement constitutes the entire agreement between the parties. If at any time Client makes requests for services outside the scope of Attorneys' employment described in this Agreement, and if there is no other written agreement applying to such additional services, the provisions of this Agreement, including the fees schedule in Addendum 1, as modified from time to time, shall apply.

## Notices

Any notice or other communication to either party hereto shall be personally delivered to the party, transmitted by facsimile or electronic mail, or sent by first class, registered, or certified mail with postage fully prepaid, and addressed to the recipient. If Attorneys' address changes, they will promptly notify Client in writing; likewise, if Client changes its address, Client shall promptly notify Attorneys in writing.

## Waiver

No waiver of any of the provisions of this Agreement shall be effective unless such waiver is in writing and signed by the party or parties to be bound. No notice to or demand on either party shall entitle it to any other or further notice or demand in similar or other circumstances.

## Authority

Each person whose signature appears below represents that such person is duly authorized to enter into this Agreement on behalf of the party indicated below.

## BINDING ARBITRATION OF ALL DISPUTES

**If Client disagrees with the amount of Attorneys' fee, please take up the question with Client's principal attorney contact or with Attorneys' Managing Partner. Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality. Any dispute relating to payment of attorney fees which cannot be resolved in this manner shall be submitted to mediation before the Sacramento County Bar Association**

pursuant to California Business and Professions Code Section 6200, et. seq., or, should that organization decline to mediate the dispute, before the State Bar of California pursuant to California Business and Professions Code Section 6200, et. seq.

Any other dispute (including for payment of attorney fees if the above referenced mediation is unsuccessful in resolving the fee dispute) arising out of, or related to, a claimed breach of this agreement, the professional services Attorneys have rendered, or any other disagreement of any nature, type or description regardless of the facts or the legal theories which may be involved, shall be resolved by confidential binding arbitration in accordance with the commercial arbitration rules of JAMS by a single arbitrator. The hearings shall be held in Sacramento and each side shall bear one-half of the arbitration fees and costs incurred through JAMS.

I have read and agree to the terms of this Agreement, including binding arbitration.

Dated: June __1__, 2023

**Client**
The Roman Catholic Archbishop of San Francisco, a Corporation Sole

By: _____
Father Patrick Summerhays, Attorney-In-Fact

Dated: June __1__, 2023

**Attorneys**
Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP

By: _____
Paul J. Pascuzzi, Managing Partner

# ADDENDUM 1

## FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP
## HOURLY RATES FOR PROFESSIONALS
## EFFECTIVE JANUARY 1, 2023

| | | |
|---|---|---|
| Paul J. Pascuzzi | Managing Partner | $525 per hour |
| Thomas A. Willoughby | Partner | $525 per hour |
| Jason E. Rios | Partner | $450 per hour |
| | Of Counsel/Associates | $350-$425 per hour |
| | Legal Assistants | $100-$150 per hour |

# **Exhibit 2**

FFWPR Qualifications



## Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP

## Experience Sets Us Apart

We specialize in bankruptcy and insolvency matters, representing companies in financial distress or their creditors. Our clients are debtors, private and public debt and equity holders, trade creditors, creditors' committees, equity committees, trustees, examiners, landlords, lenders, financial institutions, and purchasers of assets from troubled companies.

We have worked in many industries, including financial services, retail, healthcare, transportation, manufacturing, agriculture, food processing, hospitality, residential and multi-family housing, commercial real property, entertainment, public utilities, technology, telecommunications, and natural resources.

We have represented the California Office of the Attorney General, CalPERS and numerous state agencies as regulators and creditors in bankruptcy cases around the country, including the chapter 11 cases of Lehman Brothers Holdings, Inc., The Pacific Lumber Company, Pacific Gas & Electric Company, WorldCom, Inc., Enron Corp. and Texaco Inc. and the chapter 9 cases of the City of Vallejo and the City of San Bernardino.

We represent local and regional businesses from various industries that are in financial trouble. We assist entities in turning around their businesses and restructuring their debt. Typically, our clients hire us to resolve complex legal and financial problems involving many parties. We work with lawyers from other firms, as well as turnaround specialists and financial advisors, to litigate or settle complicated matters such as lender liability and bad faith allegations, complex construction claims, environmental clean-up issues, plant closures and other labor-related issues.

The extensive experience of our professionals in local, regional, and national cases gives us the perspective and creativity necessary to help our clients reach their goals both in and out of court.

## Firm Rankings

Sacramento Magazine, 2020 Top Lawyer List – Steven H. Felderstein, Thomas A. Willoughby, Paul J. Pascuzzi, and Jason E. Rios

Sacramento Magazine, 2018 Top Lawyer List – Steven H. Felderstein, Donald W. Fitzgerald, Thomas A. Willoughby, Paul J. Pascuzzi, and Jason E. Rios

Best Lawyers in America – Steven H. Felderstein, Donald W. Fitzgerald, Thomas A. Willoughby, and Paul J. Pascuzzi

Best Lawyers Best Law Firms – Metropolitan Tier 1 (Bankruptcy and Creditor-Debtor Rights/Insolvency and Reorganization, Litigation – Bankruptcy)

*Super Lawyers®* of Northern California – Steven H. Felderstein, Donald W. Fitzgerald, Thomas A. Willoughby, Paul J. Pascuzzi, and Jason E. Rios

Chambers USA:  California – Bankruptcy/Insolvency



Martindale-Hubbell:  AV Rating

## Focusing on Insolvency Related Representations

## Selected Industry Expertise

Businesses in Distress
Banking and Creditor Rights

Agriculture & Food Processors
Auto Dealerships

Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 21 of 28



Pre-Bankruptcy Negotiations and Workouts

Chapter 7, 9 and 11 bankruptcy cases including representing:

    Debtors

    Secured and Unsecured Creditors

    Trustees

    Official and Unofficial Committees

    Governmental Regulatory Bodies

    Landlords and Parties to Executory Contracts

    Examiners

Insolvency Related Litigation

Receiverships and Collection Litigation

Out of Court Workouts

Appellate

General Business Litigation & Arbitration

Computer & Technology Companies

Construction

Criminal Forfeiture Cases

Environmental

Fast Food Chains

Health Care Facilities

High Tech

Hospitality & Hotels

Law Firms

Lumber Mills

Manufacturers

Oil Gas & Propane

Physician Practice Groups

Ponzi Schemes

Real Estate

Retail Stores & Chains

Snow Sports & Resorts

500 Capitol Mall, Suite 2250
Sacramento CA 95814

(916) 329-7400

© 2019 Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP. All rights reserved.
Use of this site is subject to our disclaimer.



Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 22 of 28



**Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP**

**Paul J. Pascuzzi**

jpascuzzi@ffwplaw.com
Direct: (916) 231-6652



Paul represents creditors and debtors in virtually every type of bankruptcy case, out-of-court workout, and commercial litigation. Paul has represented chapter 11 debtors in complex corporate reorganizations and liquidations, including the Roman Catholic Bishop of Stockton, Nations First Capital, Large Scale Biology Corp and Capital Corp of the West, a bank holding company. He has represented landlord and creditor clients in complex chapter 11 reorganizations, liquidations and sales of assets in numerous jurisdictions. Paul has worked as co-counsel with the California Attorney General's Office representing numerous California state agencies in the recent Pacific Gas & Electric case, and the Pacific Lumber Company, the first Pacific Gas & Electric Company, Worldcom, and Enron bankruptcies. He also has represented creditors and defended clients in preference actions in large cases across the country, including cases such as Sears, Woodbridge Wealth, Calpine, Circuit City, Linens N Things, Mervyns, Chrysler, and General Motors. Paul also represents receivers in various jurisdictions in California and federal courts in Nevada.

**Partner**

Click below for more information on:

| Representative Cases |

| Presentations |

## Education

University of the Pacific, McGeorge School of Law, J.D. with Great Distinction, Order of the Coif, Traynor Honor Society, Prentice Hall Annual Taxation Award (1990)
Iowa State University, B.A., Business Administration-Finance (1986)

## Legal Memberships, Activities and Honors

Paul is a Fellow of the prestigious American College of Bankruptcy and is AV Preeminent rated by Martindale-Hubbell. Paul has been listed since 2007 in The Best Lawyers in America in the specialization of Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law and was named as Lawyer of the Year for 2014. Paul also has been listed since 2014 in The Best Lawyers in America in the practice area Litigation - Bankruptcy and has been named 2018 Sacramento Litigation-Bankruptcy Lawyer of the Year. Paul has been named a Super Lawyer® in the field of Bankruptcy by Law and Politics Magazine since 2005 and has been ranked among the Top 100 lawyers since 2016 by Northern California Super Lawyers®, encompassing lawyers in all specialties. Paul was voted by his peers as "Best of the Bar" in 2013, 2016 and 2019 in the Sacramento Business Journal. Paul was selected by a vote of his peers to be included in Sacramento Magazine's list of Top Lawyers in Sacramento in 2018, 2020, 2022 and 2023. Chambers USA has recognized Paul in its rankings of Bankruptcy/Restructuring lawyers since 2014.

Paul served as Chair of the Executive Committee of the Business Law Section of the State Bar of California from 2009-2010. He has been an advisor to the Business Law Section Executive Committee since 2011. Paul served as the Chair of the Business Law Section Long Range Strategy Committee from 2012-2018. Paul served as Chair of the Insolvency Law Committee of the Business Law Section of the State Bar of California from 2005-2006 and currently serves as an advisor. He is a former Co-Vice Chair of the State Bar Uniform Commercial Code Committee. Paul served as President of the California Bankruptcy Forum from 2009-2010 and Co-Chair for the 2005 and 2011 California Bankruptcy Forum Annual Conferences. He has served as Vice President, Secretary and Board member of the Sacramento Valley Bankruptcy Forum. He has served as member of the UCC Advisory Committee to the Secretary of State's office and as the UCC Committee's Liaison to the Secretary of State. From 2011-2015, Paul served as a Lawyer Representative to the Ninth Circuit Judicial Conference and the Eastern District Conference Planning Committee. Paul is Chair of the American College of Bankruptcy Meetings & Events Committee. From 1998 through 2011, Paul was a panelist at the California Continuing Education of the Bar's "Recent Developments in Business Law"



annual program in Sacramento. Paul also has taught bankruptcy and collection law as a visiting lecturer at California State University, Sacramento. Paul has been a presenter at the Sacramento County Bar Association Business Law, Intellectual Property and Bankruptcy & Commercial Law sections monthly meetings.

Paul regularly volunteers his time to Capital Pro Bono (formerly known as Voluntary Legal Services Program), Debt Collection Defense Clinic. Paul was honored with the 2022 Capital Pro Bono Attorney of the Year Award. He has also volunteered as a mentor to new California lawyers as part of the California State Bar Business Law Section Mentor Program and to law students in connection with the McGeorge School of Law 1 L/Alumni Mentor Program. Paul was recently recognized by the Unites States District Court for the Eastern District of California for his outstanding pro bono service to the Eastern District of California for his service as a Resolution Advocate for the Bankruptcy Dispute Resolution Program.

500 Capitol Mall, Suite 2250
Sacramento CA 95814

(916) 329-7400

© 2019 Feldersteini Fitzgerald Willoughby Pascuzzi & Rios LLP. All rights reserved.
Use of this site is subject to our disclaimer.



Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 24 of 28



# Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP

## Jason E. Rios

jrios@ffwplaw.com
Direct: (916) 431 7046



**Partner**

Click below for more
information on:

[ Representative Cases ]

[ Presentations ]

Jason "Jake" Rios focuses his law practice on financial and commercial law matters, with an emphasis on financial restructuring, business litigation, and debtor/creditor issues, including complex Chapter 11 bankruptcy reorganizations. Jake's experience includes representing clients from a wide range of industries and interests in many different aspects of commercial law, such as negotiation and drafting of business contracts, commercial litigation of business disputes, out-of-court workouts, receiverships, assignments for the benefit of creditors (ABCs), and Chapter 11 reorganization or Chapter 7 liquidation.

Jake advises and represents businesses, individuals, public entities, trustees, creditor committees, debtors-in-possession, and others to address or prosecute their interests both in and out of court on many commercial or insolvency law matters, including landlord-tenant issues, the sale of real estate or equipment, foreclosure of deeds of trust, secured creditor claims, unsecured creditor claims, and bankruptcy specific matters such as cash collateral, relief from the automatic stay, and assumption or rejection of executory contracts and leases. Jake has also represented clients in numerous bankruptcy court adversary proceedings such as complaints objecting to the dischargeability of debts, lien priority disputes, preference actions, and fraudulent transfer actions. Jake also represents commercial lenders, creditors, and debtors in general commercial litigation disputes such as breach of contract actions, receiverships, actions for temporary restraining orders and preliminary injunctions, actions for provisional remedies such as writs of attachment or writs of possession, and various other civil litigation matters.

## Education

University of California, Boalt Hall School of Law (1997)
Stanford University, B.A., Quantitative Economics and History (1994)

## Legal Memberships, Activities and Honors

Adjunct Professor, Bankruptcy Law, McGeorge School of Law 2021-present
Federal Bar Association, Sacramento Chapter Bankruptcy Liaison or Board Participant 2014-present
Super Lawyer® by Law & Politics Magazine in the field of Bankruptcy, 2014-present
The Best Lawyers in America, Bankruptcy & Reorganization, 2019-present
Sacramento Business Journal "Best of the Bar," Bankruptcy, 2014-present
Sacramento Magazine's Top Lawyers in Sacramento 2015-present
Panelist, California Bankruptcy Forum, SubChapter V Program 2021
Business Law Section of the State Bar of California, Insolvency Law Committee 2010-2013, including Chair of the Publications Subcommittee 2013
Sacramento County Bar Association Bankruptcy and Commercial Law Section, Member
Eastern District of California Judicial Advisory Committee Member, 2007
Sacramento Valley Bankruptcy Forum, President, 2007
Sacramento Valley Bankruptcy Forum, Member
Sacramento Valley Bankruptcy Forum, Member, Board of Directors, 2005-2007

Admitted to practice before the Ninth Circuit and the U.S. District Courts for the Eastern, Northern, Central, and Southern Districts of California.

Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 25 of 28

Sacramento CA 95814

(916) 329-7400

Use of this site is subject to our disclaimer



Case: 23-30564   Doc# 96   Filed: 09/13/23   Entered: 09/13/23 15:21:34   Page 26 of 28

Home    About    Our People    Contact    Disclaimer    Cases



Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP

Thomas R. Phinney

tphinney@ffwplaw.com
Direct (916) 431-7047



**Of Counsel**

**Click below for more
information on:**

Presentations

Tom represents creditors and debtors in bankruptcy cases, restructurings, and commercial litigation. Tom has broad experience representing committees, bankruptcy trustees, institutional lenders, bond insurers, equipment lessors, and landlords in all phases of bankruptcy proceedings, bankruptcy litigation, appeals, and commercial litigation and collection.

Tom was selected as a Northern California Super Lawyer for the years 2014-2023, and is also recognized by Best Lawyers in America, and Sacramento Magazine. He is a member of the Conference Executive Committee for the Ninth Circuit Judicial Conference (2020-2023). He was President of the California Bankruptcy Forum (2016-2017), was Co-Chair of the 2009 California Bankruptcy Conference, and he was President of the Sacramento Valley Bankruptcy Forum (2015-2016). He is a member of the Government Affairs Committee for the California Lawyer's Association (2018-2023). Tom has received a peer review rating of "AV preeminent" by Martindale Hubbell. He is certified as a Business Bankruptcy Specialist by the American Board of Certification and certified as a Bankruptcy Law Specialist by the California State Bar. He is a writer for the American Bankruptcy Institute on recent 9th Circuit case developments. He is also a frequent speaker on bankruptcy and insolvency law issues.

## Education

J.D. University of California, Davis 1991
B.A., University of California Santa Barbara, with Honors (1986)

## Legal Memberships, Activities and Honors

Northern California Super Lawyer, 2014-2023.
Sacramento Business Journal 2015-2022 Best of the Bar Winner.
Peer review rating of "AV preeminent" by Martindale Hubbell.
Member, American Bankruptcy Institute, and Certified as an Expert in Business Bankruptcy.
Bankruptcy Law Specialist,
Certified by the California State Bar as a Bankruptcy Specialist.
Member, Conference Executive Committee for the Ninth Circuit Judicial Conference (2019-2023)
Ninth Circuit Lawyer Representative for the Eastern District of California (2016-2018), and Co-Chair of the Eastern District Conference Planning Committee (2018-2019).
President, California Bankruptcy Forum (2016-2017), and Chair of Pro Bono Project (2015-2016).
Member of the Governmental Affairs Committee of California Lawyers Association (2018-2023).
Member of the Executive Committee of the Business Law Section (2013- 2016), advisor (2017-2023).
Co-Chair Insolvency Law Committee, 2012-2013, part of the Business Law Section, now the California Lawyers Association.
President, Sacramento Valley Bankruptcy Forum (2015-2016 and 2004-2005).
Ninth Circuit Lawyer Representative for the Eastern District of California (2016-2018), and Chair of the Eastern District Conference Planning Committee (2018-2019).
Treasurer, Historical Society for the Eastern District of California (2014 to present).
Co-Chair of the Insolvency Law Committee of the Business Law Section of the California State Bar (2012-2013), and member of the Insolvency Law Committee (2009-2012) (2001-2003).
Co-Chair of the 2009 California Bankruptcy Conference.
President of the Bankruptcy and Commercial Law Section of the Sacramento County Bar (2003).
Member, Federal Bar Association.
Member, Business Law Section of the California State Bar.
Member, Sacramento Valley Bankruptcy Forum.
Member, Sacramento County Bar, Bankruptcy and Commercial Law Section.

Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 27 of 28

Writer, Ninth Circuit Developments for the American Bankruptcy Institute (2004 – present).
Admitted to practice: California, Eastern, Northern, Central and Southern Districts of California, 9th
and 10th Circuit Courts of Appeal, U.S. Supreme Court.



500 Capitol Mall, Suite 2250
Sacramento CA 95814

(916) 329-7400

© 2019 Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP. **All** rights reserved.
Use of this site is subject to our disclaimer.



Case: 23-30564    Doc# 96    Filed: 09/13/23    Entered: 09/13/23 15:21:34    Page 28 of
28