PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
okatz@sheppardmullin.com
amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor In Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY WEINSTEIN & NUMBERS, LLP AS INSURANCE COUNSEL UNDER SECTION 327(e)**<br><br>[No Hearing Required] |

        The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby requests authority to employ Weinstein & Numbers, LLP ("W&N") for the special purpose of serving as its Insurance Counsel (the "Application"), and in support of this Application,

respectfully represents the following:

1. This Application is made pursuant to Bankruptcy Code sections 327(e) and 330, Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure, and the Guidelines of the Office of the United States Trustee ("<u>UST Guidelines</u>").  This Application is supported by the *Declaration of Barron L. Weinstein in Support of Application to Employ Weinstein & Numbers, LLP as Insurance Counsel Under Section 327(e)* filed herewith ("<u>Weinstein Declaration</u>").

## BACKGROUND

2. On August 21, 2023, the RCASF filed a voluntary Chapter 11 petition ("<u>Petition Date</u>").  The Debtor remains in possession of its estate, no trustee having been appointed.  The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code.

3. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse.  The RCASF requires the bankruptcy court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, the parishes and others, while continuing its ministries and support it offers to Catholic parishes and communities.

4. Additional information regarding the circumstances leading to the commencement of the Bankruptcy Case and information regarding the Debtor's operations and structure is set forth in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* (ECF No. 14) and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* (ECF No. 15).

## REASON FOR SELECTION

5. The Debtor desires to employ W&N, whose address is 115 Ward Street, Larkspur, CA  94939, as its insurance counsel in this matter.  W&N is a two partner firm with substantial experience in diocesan cases that is already representing at least one other diocese in its chapter

11 case. A true and correct copy of the W&N engagement agreement is attached to the Weinstein Declaration as Exhibit 1.

6. The Debtor has requested the services of W&N because the Debtor knows the firm to be skilled in complex insurance disputes, including insurance coverage disputes and litigation against insurance carriers and brokers in state and federal courts, and that its members have substantial knowledge and experience that will enable them to perform services of special benefit to the Debtor and its estate in a cost-effective manner.

7. W&N was originally engaged in 2019 for insurance issues related to the current abuse claims litigation and has been working with the RCASF regarding its insurance coverage for abuse claims since 2004. In 2004 W&N (formerly Meredith, Weinstein & Numbers) was retained to represent RCASF in connection with abuse claims that were filed when the legislature created a one-year window in which statutes of limitations were tolled for abuse claims. W&N, through its partner Barron L. Weinstein, assisted RCASF in negotiating settlements of all the claims with funds that included funds from RCASF's insurance carriers. The current lawsuits arise from another legislatively created window in which the statute of limitations was tolled for three years from 2019 through 2022. The current claims span the same time periods as involved in the 2004 claims and involve the same insurance carriers. Accordingly, W&N has had extensive experience negotiating settlements of abuse claims with the same carriers as are involved with the present claims.

8. As a result of its prepetition representation of the RCASF, W&N has acquired in-depth knowledge of the Debtor's insurance coverage, which will be a key issue in the Bankruptcy Case. As such, W&N possesses the necessary background to address the insurance issues and related matters that may arise in the course of the Debtor's Bankruptcy Case.

9. Further, W&N was insurance counsel to the Roman Catholic Bishop of Stockton in its chapter 11 case in 2014, which resulted in a successful exit from bankruptcy pursuant to a confirmed plan in 2017. Accordingly, the Debtor believes W&N is both well qualified and uniquely able to act as its insurance counsel in this Bankruptcy Case in an efficient and timely manner. Details regarding the qualifications of W&N and its attorneys may be found at W&N's

website at www.mwncov.com and in Exhibit 2 to the Weinstein Declaration.

**SCOPE OF EMPLOYMENT**

10. The services to be performed by W&N are appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor in possession and to prosecute its Bankruptcy Case with regard to accessing its insurance coverage assets. Subject to further order of the Court, it is proposed that W&N be employed for the special purpose to render the following professional services:

    a. Analyze the liability insurance coverage which may be available to the Debtor for claims pending against it, including review of policies and facts of each claim, and research regarding policy provisions;

    b. Negotiate with the carriers to obtain appropriate defense and indemnity contributions for those claims; and

    c. Assist the Debtor, its primary bankruptcy counsel, and its litigation counsel in the course of the Bankruptcy Case on matters falling within W&N's expertise or special knowledge.

11. No Duplication of Services. In addition to this application, the Debtor has filed, or expects to file shortly, applications to employ: (1) Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Sheppard, Mullin, Richter, & Hampton LLP as co-bankruptcy counsel as noted above; (2) Weintraub Tobin as special litigation counsel; and (3) B. Riley as financial advisor. The Debtor also may file applications to employ additional professionals.

12. The Debtor's lead bankruptcy counsel FFWPR and the other professionals will monitor and coordinate with the other professionals in this Bankruptcy Case to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in this Bankruptcy Case to prevent unnecessary duplication of services and ensure the Bankruptcy Case is administered in the most efficient fashion possible. Rather than resulting in any extra or unnecessary expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

13. In addition, the services W&N will provide are not duplicative of services anticipated to be provided by any other professional to be employed by the Debtor. W&N is being employed for the special purpose of serving as the Debtor's Insurance Counsel. W&N, and particularly Mr. Weinstein, is highly skilled in representing policy holders in complex insurance coverage disputes. W&N is experienced in representing other dioceses and religious orders in such matters involving abuse claims. Further, W&N has significant experience with the Debtor and its insurance issues. W&N has worked with Weintraub Tobin, the Debtor's special counsel for state court litigation matters, on coverage issues in connection with abuse claims in the past. However, while Weintraub Tobin is familiar with insurance issues because of its role as litigation counsel for the RCASF, W&N has the special expertise to assist the Debtor on complex coverage issues that are a focal point in these diocese bankruptcy cases, including for purposes of mediation. Virtually all diocese cases involve special insurance counsel to assist with coverage issues.

## DISINTERESTEDNESS

14. Except as set forth in the Weinstein Declaration filed herewith, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, and to the best of Mr. Weinstein's knowledge, information and belief, W&N: (i) does not represent or hold any interest adverse to the debtor or the estate with respect to the matters on which W&N is to be employed as required by section 327(e) of the Bankruptcy Code as modified by section 1107(b), and (ii) does not have any disqualifying connections with the Debtor, its creditors, or with any parties in interest, or with its attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the office of the United States Trustee which would preclude employment. The Debtor has been informed that W&N will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. W&N currently represents other diocesan entities and religious orders in evaluating insurance coverage related to abuse claims, including entities that may be creditors of RCASF and including The Roman Catholic Bishop of Santa Rosa, which is a debtor of RCASF, and the Capuchin Franciscan Order of California. Capuchin Franciscan Order of California is a party to a long term lease of real property owned by the RCASF. Capuchin Franciscan Order of California also is named as a co-defendant in at least one abuse lawsuit filed

against the RCASF. Weinstein has not and will not represent either the RCASF or the Capuchin Franciscan Order of California with respect to the long term lease, the abuse litigation with respect to claims against each other, or any other matter. Other counsel will be employed by the RCASF in this bankruptcy case, such that any such issues can be addressed by other counsel if needed. W&N has not and will not act as counsel to either the Debtor or such other entities with respect to any claims against each other. Rather, W&N is employed to represent the Debtor and other such entities only as special insurance coverage counsel solely to negotiate with (and potentially litigate against) relevant insurance carriers in order to maximize the amount of insurance available to defend and settle the claims against the Debtor and such entities. As coverage counsel, W&N only represents the Debtor and other institutional defendants in connection with insurance coverage matters and does not participate in any dispute that may arise between these parties regarding each party's role in the underlying abuse claims. Where the Debtor and another party might have potentially adverse interests regarding each party's uninsured liability, W&N will not participate in any communication regarding such potentially adverse interests.

15. The Debtor's creditors may include entities which W&N currently uses in the ordinary course of its business such as Federal Express and the like. If any new relevant facts or relationships are discovered, W&N will supplement its disclosure to the Court.

## COMPENSATION

16. W&N has agreed to undertake this matter at the following hourly rates subject to periodic adjustment to reflect economic and market conditions and increased experience and skill, which rates are below its standard hourly rates:

| Name | Title | Hourly Rate |
|---|---|---|
| Barron L. Weinstein | Managing Partner | $625 per hour |
| Kevin L. Cifarelli | Associate | $425 per hour |
| Adison Marshall | Associate | $300 per hour |
| Charles D. Yeo | Legal Assistant | $200 per hour |
| Robert Patterson | Legal Assistant/Paralegal | $315 per hour |

| Brian Carolus | Legal Assistant/Paralegal | $315 per hour |

17. W&N will bill the estate for all reasonable and necessary out-of-pocket expenses as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the UST Guidelines.

18. As set forth in the Weinstein Declaration, for the 90 days prior to the Petition Date, W&N received payments and advances in the aggregate amount of $416,761.50 for professional services performed and to be performed, and expenses incurred and to be incurred, including professional services and expenses related to insurance matters described herein. W&N holds a retainer with a remaining credit balance in favor of the Debtor for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with its role as Insurance Counsel in the Bankruptcy Case in the amount of $136,133.00 (the "Fee Deposit").

19. The Debtor and W&N understand and have agreed that W&N hereafter will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "Local Guidelines"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and any further Orders of the Court (the "Orders") for all professional services performed and expenses incurred after the Petition Date. Notwithstanding anything to the contrary contained in this Application and its supporting papers, W&N agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, Local Guidelines and the Fee Guidelines will apply and prevail.

20. The rates set forth above are subject to annual adjustment upon 30 days' notice to the client. If at any time W&N increases the rates for its services, W&N will file a supplemental affidavit with the Court describing such increases, including justification for such, and provide notice of such increases to the United States Trustee and other parties in interest as required by the

Bankruptcy Code, Bankruptcy Rules, or such other service as is prescribed by the Court if a limited notice motion is approved.

21. The following constitutes the statement of W&N required by section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a) and the U.S. Trustee's Guidelines for Employment Applications in larger Chapter 11 cases ("UST Large Case Fee Guidelines") and to answer the specific questions posed in section D.1 of the UST Large Case Fee Guidelines.

    a. Neither W&N nor any attorneys at W&N have altered their standard billing rates for this engagement, or made any adjustments based upon the geographic location of the Bankruptcy Case.

    b. W&N representation of the Debtor prior to the Petition Date was on the same terms and rates as set forth in this Application, with the exception of the rate for paralegal Robert Patterson, which increased by $5.00 from $310 per hour to $315 per hour.

    c. Any increase in applicable rates that may occur during the pendency of the Bankruptcy Case will be disclosed in accordance with the UST Large Case Fee Guidelines.

22. W&N has prepared and discussed with the RCASF a proposed estimated budget and a staffing plan. The RCASF has approved the staffing plan and budgets for post-petition period for August through December 2023, understanding that the budgets are estimates based upon the current agreed upon case strategy and information known to date.

**CONCLUSION**

23. The Debtor believes it is essential that W&N be employed to provide the services described above and that W&N be permitted to bill on an hourly basis, subject to the requirements of the Bankruptcy Code for Court approval of professional fees.

WHEREFORE, based upon the foregoing, the Debtor requests that the Court enter an order authorizing:

1. The employment of W&N for the special purpose of serving as its Insurance Counsel herein on the terms and conditions set forth above pursuant to section 327(e);

2. The employment to be effective as of the Petition Date; and

3. For such other and further relief as the Court may deem proper in the circumstances.

| | | |
|---|---|---|
| Dated: September 12, 2023 | | THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO |

By: */s/ Father Patrick Summerhays*
    Fr. Patrick Summerhays,
    Vicar General and Moderator of the Curia

Dated: September 6, 2023    WEINSTEIN & NUMBERS, LLP

By: */s/ Barry Weinstein*
    Barry Weinstein
    Proposed Attorneys for The Roman
    Catholic Archbishop of San Francisco,
    a California corporation sole

Submitted by:    FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

Dated: September 13, 2023

By: */s/ Paul J. Pascuzzi*
    PAUL J. PASCUZZI
    JASON E. RIOS
    THOMAS R. PHINNEY
    Proposed Attorneys for The Roman Catholic
    Archbishop of San Francisco

Dated: September 13, 2023    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
    ORI KATZ
    ALAN H. MARTIN
    Proposed Attorneys for The Roman Catholic
    Archbishop of San Francisco