| | |
|---|---|
| 1 | PAUL J. PASCUZZI, State Bar No. 148810 |
| 2 | JASON E. RIOS, State Bar No. 190086 |
|   | THOMAS R. PHINNEY, State Bar No. 159435 |
| 3 | FELDERSTEIN FITZGERALD |
|   | WILLOUGHBY PASCUZZI & RIOS LLP |
| 4 | 500 Capitol Mall, Suite 2250 |
|   | Sacramento, CA 95814 |

```
PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:    (916) 329-7400
Facsimile:    (916) 329-7435
              ppascuzzi@ffwplaw.com
              jrios@ffwplaw.com
              tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
              okatz@sheppardmullin.com
              amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>            Debtor and<br>            Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF BARRON L. WEINSTEIN IN SUPPORT OF APPLICATION TO EMPLOY WEINSTEIN & NUMBERS, LLP AS INSURANCE COUNSEL UNDER SECTION 327(e)**<br><br>[No Hearing Required] |

I, Barron L. Weinstein, declare:

1. I am an attorney duly licensed to practice law in the State of California and a partner with Weinstein & Numbers, LLP ("W&N"), proposed insurance counsel for the Roman Catholic

- 1 -

Archbishop of San Francisco, the Debtor and Debtor in Possession herein (the "Debtor" or "RCASF"). If called as a witness, I would and could testify competently to the matters stated herein.

2. This declaration is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure and Bankruptcy Code sections 327 and 329 in support of the *Debtor's Application to Employ Weinstein & Numbers, LLP* as its insurance counsel (the "Application"). I have read the Application and hereby incorporate its factual statements.

3. The Debtor desires to employ the firm of W&N, 115 Ward Street, Larkspur, CA 94939, as its insurance counsel. A true and correct copy of the W&N engagement agreement is attached hereto as ***Exhibit 1*** and incorporated herein by this reference. A true and correct copy of further details regarding the qualifications of W&N and its attorneys may be found at W&N's website at www.mwncov.com and in ***Exhibit 2*** hereto.

4. The Debtor has requested the services of W&N because the Debtor knows the firm to be skilled in complex insurance disputes, including insurance coverage disputes and litigation against insurance carriers and brokers in state and federal courts, and that its members have substantial knowledge and experience that will enable them to perform services of special benefit to the Debtor and its estate in a cost-effective manner.

5. W&N was originally engaged in 2019 for insurance issues related to the current abuse claims litigation and has been working with the RCASF regarding its insurance coverage for abuse claims since 2004. In 2004 W&N (formerly Meredith, Weinstein & Numbers) was retained to represent RCASF in connection with abuse claims that were filed when the legislature created a one-year window in which statutes of limitations were tolled for abuse claims. W&N, through me, assisted RCASF in negotiating settlements of all the claims with funds that included funds from RCASF's insurance carriers. The current lawsuits arise from another legislatively created window in which the statute of limitations was tolled for three years from 2019 through 2022. The current claims span the same time periods as involved in the 2004 claims and involve the same insurance carriers. Accordingly, W&N has had extensive experience negotiating settlements of abuse claims with the same carriers as are involved with the present claims. As a

result of its prepetition representation of the RCASF, W&N has acquired in-depth knowledge of the Debtor's insurance coverage, which will be a key issue in the Bankruptcy Case. As such, W&N possesses the necessary background to address the insurance issues and related matters that may arise in the course of the Debtor's Bankruptcy Case.

6. Further, W&N was insurance counsel to the Roman Catholic Bishop of Stockton in its chapter 11 case in 2014, which resulted in a successful exit from bankruptcy pursuant to a confirmed plan in 2017. W&N also is insurance counsel to the Roman Catholic Bishop of Santa Rosa in its pending chapter 11 case. Accordingly, W&N is both well qualified and uniquely able to act as its special insurance counsel in this Chapter 11 case in an efficient and timely manner.

7. The professional services that W&N will render to the Debtor are as follows:

   a. Analyze the liability insurance coverage which may be available to the Debtor for claims pending against it, including review of policies and facts of each claim, and research regarding policy provisions;

   b. Negotiate with the carriers to obtain appropriate defense and indemnity contributions for those claims; and

   c. Assist the Debtor, its primary bankruptcy counsel, and its litigation counsel in the course of the Bankruptcy Case on matters falling within W&N's expertise or special knowledge.

8. To the best of my knowledge, information and belief, W&N (i) does not represent or hold any interest adverse to the debtor or the estate with respect to the matters on which W&N is to be employed as required by section 327(e) of the Bankruptcy Code as modified by section 1107(b), and (ii) does not have any disqualifying connections with the Debtor, its creditors, or with any parties in interest, or with its attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the office of the United States Trustee which would preclude employment. The Debtor has been informed that W&N will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, W&N will supplement its disclosure to the Court.

9. Along with my partners, I have reviewed the list of creditors provided by the Debtor

and I have made reasonable inquiries of W&N's lawyers and staff to determine the nature of the connections described herein. W&N has run a computerized conflict check on the list of the Debtor's creditors as provided by the Debtor. I do not believe that any of W&N's current representations pose an adverse interest in connection with the Bankruptcy Case or disqualify W&N from representation of the Debtor as insurance counsel under section 327(e) of the Bankruptcy Code.

10. The current identity of many of the abuse claimants is not known at this time due to naming them as plaintiffs in the complaints as Doe plaintiffs. Once such information is available, W&N will perform a conflict check with its computerized system and supplement its disclosures, if necessary.

11. To the best of my knowledge, neither I nor any other attorney or employee of W&N have any business or social connections with the Debtor, its creditors, its equity security holders, or with any parties in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or any persons employed in the office of the United States Trustee, except as follows:

    a. W&N was engaged by the RCASF in 2019 to assist it in analyzing its insurance coverage for abuse claims related to the latest reopening of the statute of limitations, including but not limited to, assisting litigation counsel as needed in resolving claims against the Diocese. W&N was engaged by the RCASF in 2004 for similar services when the statute of limitations was opened previously and/or abuse claims have been made.

    b. W&N has been contacted by and/or has represented several Dioceses and orders over the years with regard to evaluating insurance coverage related to abuse claims.

    c. The RCASF was a creditor in the bankruptcy case of the Roman Catholic Bishop of Stockton, in which case W&N represented the debtor as special insurance counsel. W&N did not represent the RCASF with regard to the loan that was the basis for the RCASF's claim in that case.

    d. W&N is special insurance counsel to the Roman Catholic Bishop of Santa Rosa ("RCBSR") in its chapter 11 case. The RCASF is a creditor in the RCBSR case based on a

loan to the RCBSR in or about the year 2000, and W&N did not and has not represented the RCASF or the RCBSR with regard to the loan. This connection was disclosed in the RCBSR employment application as well.

    e. W&N represents the Capuchin Franciscan Order of California as insurance counsel in connection with the abuse claims made against it. Capuchin Franciscan Order of California is a party to a long term lease of real property owned by the RCASF. Capuchin Franciscan Order of California also is named as a co-defendant in at least one abuse lawsuit filed against the RCASF. W&N has not and will not represent either the RCASF or the Capuchin Franciscan Order of California with respect to the long term lease, the abuse litigation or any other matter. Co-bankruptcy counsel and special litigation counsel will be employed by the RCASF in this bankruptcy case, such that any such issues can be addressed by other counsel if needed.

    f. W&N currently represents other diocesan entities and religious orders in evaluating insurance coverage related to abuse claims, including entities that may be creditors of RCASF. W&N has not and will not act as counsel to either the Debtor or such other entities with respect to any claims against each other. Rather, W&N is employed to represent the Debtor and other such entities only as special insurance coverage counsel solely to negotiate with (and potentially litigate against) relevant insurance carriers in order to maximize the amount of insurance available to defend and settle the claims against the Debtor and such entities. As coverage counsel W&N only represents the Debtor and other institutional defendants in connection with insurance coverage matters and does not participate in any dispute that may arise between these parties regarding each party's role in the underlying abuse claims. Where the Debtor and another party might have potentially adverse interests regarding each party's uninsured liability, W&N will not participate in any communication regarding such potentially adverse interests.

    g. The Debtor's creditors may include entities which W&N currently uses in the ordinary course of its business such as Federal Express and the like.

    12. I do not believe that any of these connections (i) present a situation where W&N represents or holds any interest adverse to the Debtor or the estate with respect to the matters on which W&N is to be employed as required by section 327(e) of the Bankruptcy Code as modified

by section 1107(b), or (ii) present a situation where W&N has any disqualifying connections with the Debtor, its creditors, or with any parties in interest, or with their attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the office of the United States Trustee which would preclude employment under section 327(e).

13. Weinstein has agreed to undertake this matter at the following hourly rates which are below its standard hourly rates:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Barron L. Weinstein | Managing Partner | $625 per hour |
| Kevin L. Cifarelli | Associate | $425 per hour |
| Adison Marshall | Associate | $300 per hour |
| Charles D. Yeo | Legal Assistant | $200 per hour |
| Robert Patterson | Legal Assistant/Paralegal | $315 per hour |
| Brian Carolus | Legal Assistant/Paralegal | $315 per hour |

14. W&N also will bill for reasonable out-of-pocket expenses such as overnight mail costs, long distance telephone charges, travel expenses, recording fees, printing and reproduction costs and facsimile transmission charges, subject to Court approval.

15. For the 90 days prior to the Petition Date, W&N received payments and advances in the aggregate amount of $416,761.50 for professional services performed and to be performed, and expenses incurred and to be incurred, including professional services and expenses related to the commencement and prosecution of this Bankruptcy Case. W&N holds a retainer with a remaining credit balance in favor of the Debtor for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with the Bankruptcy Case in the amount of $136,133.00 (the "Fee Deposit").

16. W&N understands and has agreed that W&N hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense

Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "Local Guidelines"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and any further Orders of the Court (the "Orders") for all professional services performed and expenses incurred after the Petition Date. Notwithstanding anything to the contrary contained in this Application and its supporting papers, W&N agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, Local Guidelines and the Fee Guidelines will apply and prevail.

17. The rates set forth above are subject to annual adjustment upon 30 days' notice to the client. If at any time W&N increases the rates for its services, W&N will file a supplemental affidavit with the Court describing such increases, including justification for such, and provide notice of such increases to the United States Trustee and parties in interest in the Bankruptcy Case in accordance with the Bankruptcy Code and Rules, or such other service as is prescribed by the Court if a limited notice motion is approved.

18. The services W&N will provide are not duplicative of services anticipated to be provided by any other professional to be employed by the Debtor. W&N is being employed for the special purpose of serving as the Debtor's Insurance Counsel. W&N is highly skilled in representing policy holders in complex insurance coverage disputes. W&N is experienced in representing other dioceses and religious orders in such matters involving abuse claims. Further, W&N has significant experience with the Debtor and its insurance issues. W&N has worked with Weintraub Tobin, the Debtor's special counsel for corporate and litigation matters, on coverage issues in connection with abuse claims in the past. However, while Weintraub Tobin is familiar with insurance issues because of its role as litigation counsel for the RCASF, W&N has the special expertise to assist the Debtor on complex coverage issues that are a focal point in these diocese bankruptcy cases, including for purposes of mediation. Virtually all diocese cases involve special insurance counsel to assist with coverage issues.

19. W&N understands and acknowledges that all compensation is subject to sections 327, 329, 330 and 331 of the Bankruptcy Code.

20. No promises have been received by W&N, or any partner, counsel, or associate of W&N, as to payment or compensation in connection with this Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Fee Guidelines. Furthermore, W&N has no agreement with any other entity to share compensation received by W&N or by such entity.

21. The Application requests approval of W&N's retention on rates, terms, and conditions consistent with what W&N charges non-chapter 11 debtors and in other chapter 11 cases, namely, prompt payment of W&N's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.

22. The following constitutes the statement of W&N required by section 1103 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and the U.S. Trustee's Guidelines for Employment Applications in larger Chapter 11 cases ("<u>UST Large Case Fee Guidelines</u>") and to answer the specific questions posed in section D.1 of the UST Large Case Fee Guidelines.

   a. Neither W&N nor any attorneys at W&N have altered their standard billing rates for this engagement, or made any adjustments based upon the geographic location of the case.

   b. W&N representation of the RCASF prior to the Petition Date was on the same terms and rates as set forth in this Application, with the exception of the rate for paralegal Robert Patterson, which increased by $5.00 from $310 per hour to $315 per hour.

   c. Any increase in applicable rates that may occur during the pendency of the case will be disclosed in accordance with the UST Large Case Fee Guidelines.

23. W&N has prepared and discussed with the RCASF a proposed estimated budget and a staffing plan. The RCASF has approved the staffing plan and budgets for post-petition period for August through December 2023, understanding that the budgets are estimates based

///

///

///

upon the current agreed upon case strategy and information known to date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2023 at Larkspur, California.

*/s/ Barron L. Weinstein*
BARRON L. WEINSTEIN

# Exhibit 1

# Engagement Letter

# Weinstein & Numbers, LLP
*Attorneys at Law*

Barron L. Weinstein
115 Ward Street
Larkspur, CA 94939
bweinstein@mwncov.com

415-927-6920
www.mwncov.com

July 26, 2023

**<u>Via Electronic Mail Only</u>**
carneyp@sfarch.org

Paula Carney
The Roman Catholic Archbishop of San Francisco
One Peter Yorke Way
San Francisco, California 94109

   Re: **Engagement Letter / The Roman Catholic Archbishop of San Francisco, A Corporation Sole: Bankruptcy Proceedings**

Dear Ms. Carney:

  This will confirm that The Roman Catholic Archbishop of San Francisco, a Corporation Sole (hereinafter the "Diocese") has decided to retain us for the purpose of handling insurance coverage matters in connection with the above-referenced bankruptcy proceedings. As you know, California law requires attorneys to enter into written engagement agreements with their clients and, accordingly, this letter will set out the terms of our engagement.

  The basic charge for our service is based on a calculation of actual time spent multiplied by our current hourly rates. My current hourly rate is $625, associate time is billed at $350 to $425, paralegal time is billed at $315, and legal assistant time is billed at $210 per hour. Hourly rates are reassessed at the beginning of each year to take into account inflation and the increased experience of our professional personnel. If at any time we decide to increase our rates, we understand we will need to file a supplemental

declaration with the bankruptcy court describing such increases and the justification therefor, and provide appropriate notice in the bankruptcy case.

In addition to hourly charges for services, our invoices include charges for certain costs we incur in providing the Diocese's legal services. These costs include delivery charges, travel, and computerized legal research. We do not bill for normal long-distance telephone charges, but we may bill for lengthy conference calls, and, in unusual circumstances, photocopying expenses. Some of these items may represent disbursements to third party vendors; large invoices from these vendors may be forwarded to the Diocese for direct payment.

Our statements for services are sent monthly. If you have any questions or comments concerning any invoice, please call me immediately. We understand that compensation and payment of our fees and costs will be subject to bankruptcy court approval and the Bankruptcy Code, Bankruptcy Rules, Local Rules, and United States Trustee Fee Guidelines.

We request that you provide a retainer of $150,000. It is understood and agreed that the fees and costs for our services will be deducted from the retainer. If the retainer balance reaches $500, you may be asked to submit an additional retainer. Your retainer fee will be deposited in an interest-bearing client trust account. By state law, the interest it earns is paid to the California State Bar Association and is used to fund programs for legal services to indigent persons. Neither of us is entitled to collect the interest. Any unused portion of the retainer will be returned to you, without interest, at the end of our engagement.

Our representation in this matter will be limited to analyzing the liability insurance coverage which may be available to The Roman Catholic Bishop of Santa Rosa for claims pending against it, and negotiating with the carriers to obtain appropriate defense and indemnity contributions for those claims. It is clearly understood that we are not representing any party in the defense of the underlying claims.

We are required by the California Business and Professions Code to disclose that we carry professional liability insurance applicable to the services to be rendered pursuant to this agreement.

The Diocese has the right to terminate our services at any time. We have the same right, provided we give the Diocese a reasonable time to obtain alternative representation. In the event we seek to terminate this engagement during the bankruptcy case, withdrawal will be subject to bankruptcy court approval.

If you have any questions or concerns at any time about our charges, procedures, or services, please do not hesitate to call me. If the terms outlined in this engagement letter are satisfactory, please sign this letter and return it to me.

We look forward to working with you on this new matter.

        Very truly yours,

        *[signature]*

        Barron L. Weinstein

BLW:cdy

cc:  Paul J. Pascuzzi
   ppascuzzi@ffwplaw.com

I have read the foregoing letter and agree to the terms stated.

        The Roman Catholic Archbishop of San Francisco,
        A Corporation Sole

Date: 8-3-2023   By: *[signature]*
         Paula Carney, General Counsel

        *[signature]*
        Rev. PATRICK J. SUMMERHAYS

# Exhibit 2

# Qualifications



# WEINSTEIN & NUMBERS, LLP

Attorneys at Law

HOME | ATTORNEYS | CONTACT US

Weinstein & Numbers, LLP is an insurance coverage specialty firm located just north of San Francisco in Larkspur, California. The firm handles insurance coverage matters and only represents insureds, not insurers. Maintaining this division is critical in order to avoid conflicts of interest that limit the ability of carrier coverage firms to represent their insured clients' interests against carriers.

© 2023 Weinstein & Numbers, LLP. All Rights Reserved.

Case: 23-30564    Doc# 99    Filed: 09/13/23    Entered: 09/13/23 15:39:04    Page 15 of 16



BARRON L. WEINSTEIN
Insurance Coverage

bweinstein@mwncov.com

Cell   415.637.9929
Main   415.927.6920

# WEINSTEIN & NUMBERS, LLP

Attorneys at Law

HOME   ATTORNEYS   CONTACT US

**Professional Experience**

Barron L. Weinstein is a partner in the firm of Weinstein & Numbers, LLP located in Larkspur, California just north of San Francisco.   Mr. Weinstein's practice focuses exclusively on representing insureds in complex insurance disputes, including litigation against insurance carriers and brokers in state and federal courts. Throughout his 40-year career, he has handled a wide variety of first and third party insurance coverage cases and has lectured and published on insurance coverage topics for numerous bar associations and legal organizations.

Mr. Weinstein began his practice in the field of insurance coverage in 1978 at the San Francisco firm of Farella, Braun & Martel. In 1982, Mr. Weinstein began the firm of Weinstein & Buffington, where he continued his commercial litigation practice with an emphasis on insurance coverage. In 1988, Mr. Weinstein joined the office of the San Francisco City Attorney where he served as Chief of Complex Litigation, supervising a team of 15 trial attorneys in complex litigation matters. At the City Attorney's Office, Mr. Weinstein personally tried and argued on appeal complex litigation cases in both state and federal courts.

Mr. Weinstein received his J.D. in 1975 from The University of California, Hastings College of the Law.  He is a fellow in the American College of Coverage Counsel.  He also has been rated "AV Preeminent" by Martindale-Hubbell for 35 years and has been selected for inclusion in the Northern California Super Lawyers list in the field of insurance coverage each year since 2010.  In 2016, he was selected for the 2016 Super Lawyers' list of Top 100 Lawyers in Northern California for all areas of practice.

► Download  Complete  Bio

©   2023   Weinstein   &   Numbers,   LLP.   All   Rights   Reserved.

Case: 23-30564   Doc# 99   Filed: 09/13/23   Entered: 09/13/23 15:39:04   Page 16 of 16