PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:    (916) 329-7400
Facsimile:    (916) 329-7435
Email:        ppascuzzi@ffwplaw.com
              jrios@ffwplaw.com
              tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporation
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:        okatz@sheppardmullin.com
              amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **APPLICATION TO EMPLOY WEINTRAUB TOBIN AS SPECIAL CORPORATE AND LITIGATION COUNSEL UNDER SECTION 327(e)** |
| | [No Hearing Required] |
| | Judge:    Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and

debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby requests authority to employ Weintraub Tobin Chediak Coleman & Grodin ("Weintraub") as its Special Litigation Counsel (the "Application"), and in support of this Application, respectfully represents the following:

1. This Application is made pursuant to Bankruptcy Code sections 327(e) and 330, Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure, and the Guidelines of the Office of the United States Trustee ("UST Guidelines"). This Application is supported by the *Declaration of Paul E. Gaspari in Support of Application to Employ Weintraub Tobin as Special Litigation Counsel Under Section 327(e)* filed herewith ("Gaspari Declaration") and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* (ECF 15).

## BACKGROUND

2. On August 21, 2023, the RCASF filed a voluntary Chapter 11 petition ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code.

3. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the bankruptcy court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, the parishes and others, while continuing its ministries and support it offers to Catholic parishes and communities.

4. Additional information regarding the circumstances leading to the commencement of the Bankruptcy Case and information regarding the Debtor's operations and structure is set forth in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* (ECF 14).

# REASON FOR SELECTION

5. The Debtor desires to employ Weintraub, whose address is 475 Sansome Street, Suite 510, San Francisco, CA 94111, as its special litigation counsel in this matter. Weintraub is an 80-lawyer firm with a 35-year history of serving as Debtor's civil litigation counsel. A true and correct copy of the Weintraub engagement agreement is attached to the Gaspari Declaration as Exhibit 1.

6. The Debtor has requested the services of Weintraub because the Debtor knows the firm to be skilled in civil litigation and church law matters and that its members have substantial knowledge and experience that will enable them to perform services of special benefit to the Debtor and its estate in a cost-effective manner.

7. Weintraub is counsel of record for the RCASF in the pending joint coordinated proceeding in Alameda Superior Court ("JCP 5108"), where all complaints against northern California diocesan entities are being jointly administered before Judge Evelio Grillo, including complaints filed against the RCASF. The Tobin & Tobin firm, prior to merger with Weintraub, has acted as outside counsel for the RCASF since approximately 1860.

8. On behalf of the RCASF, Weintraub has defended the RCASF in clergy abuse litigation since at least 1988, including in and around 2003, when the statute of limitations was first opened for a one-year window ("Clergy III"). Paul Gaspari was appointed Defense Liaison Counsel in the Clergy III coordinated proceeding. At that time, Mr. Gaspari and his firm defended the RCASF in approximately 100 cases, which were resolved through trial and mediation. Through the years since 2003, Weintraub has continued to defend the RCASF in clergy abuse litigation.

9. In addition to services defending the RCASF against abuse claims, Weintraub also has represented the RCASF in various other, non-abuse matters, including several employment related cases. Also, as part of the services the firm provides to the RCASF, from time to time, Weintraub advises the RCASF on general legal matters.

10. As a result of its extensive history and prepetition representation of the RCASF and its related entities, Weintraub has acquired in-depth knowledge of the Debtor's corporate, business

and litigation affairs, all of which will be involved in the Bankruptcy Case. As such, Weintraub possesses the necessary background to address the Debtor's operational, corporate, state court abuse claims litigation and related matters that may arise in the course of the Debtor's Bankruptcy Case. Accordingly, the Debtor believes Weintraub is both well qualified and uniquely able to act as its special corporate and abuse claims litigation counsel in this Bankruptcy Case in an efficient and timely manner.

11. Details regarding the qualifications of Weintraub and its attorneys may be found at Weintraub's website at www.weintraub.com and in Exhibit 2 to the Gaspari Declaration.

## SCOPE OF EMPLOYMENT

12. The services to be performed by Weintraub are appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor in possession and to prosecute its Bankruptcy Case with regard to its operational, corporate and abuse claim evaluation matters. Subject to further order of the Court, it is proposed that Weintraub be employed for the special purpose to render the following professional services:

   a. Assist the Debtor and its primary bankruptcy counsel in the course of the Debtor in Possession's reorganization on matters falling within Weintraub's expertise or special knowledge;

   b. Assist the Debtor with its business, transaction and non-abuse litigation work in the ordinary course of its business;

   c. Continue to assist the Debtor in the sexual abuse litigation matters identified herein; and

   d. Assist the Debtor, its insurance counsel and primary bankruptcy counsel in evaluating and handling the abuse claims.

13. No Duplication of Services. In addition to this Application, the Debtor has filed, or expects to file shortly, applications to employ: (1) Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR") and Sheppard Mullin Richter & Hampton LLP as co-bankruptcy counsel; (2) Weinstein & Numbers, LLP ("W&N"), as special insurance counsel; and (3) B. Riley as financial advisor. The Debtor also may file applications to employ additional professionals.

14. The Debtor's lead bankruptcy counsel FFWPR and the other professionals will monitor and coordinate with the other professionals in this Bankruptcy Case to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in this case to prevent unnecessary duplication of services and ensure the case is administered in the most efficient fashion possible. Rather than resulting in any extra expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

15. In addition, the services Weintraub will provide are not duplicate of services anticipated to be provided by any other professional to be employed by the Debtor. Weintraub is being employed for the special purpose of serving as the Debtor's litigation counsel. Weintraub, and particularly Mr. Gaspari, is highly skilled in representing parties in abuse litigation. Further, Weintraub has significant experience with the Debtor and its litigation issues. Weintraub has worked with W&N, the Debtor's special insurance counsel in connection with abuse claims since 2003. However, while Weintraub is familiar with insurance issues because of its role as litigation counsel for the RCASF, W&N has the special expertise to assist the Debtor on complex coverage issues that are a focal point in these diocese bankruptcy cases, including for purposes of mediation.

16. Since Weintraub has served as the RCASF's abuse litigation counsel for over 35 years, it has extensive knowledge and experience regarding the RCASF's structure, operations and abuse claim litigation. As noted, Weintraub is counsel to the RCASF in the Coordinated Proceeding currently pending in Alameda County Superior Court where 537 abuse claims have been filed. Weintraub has worked extensively with W&N on analyzing insurance and other abuse claim issues. Weintraub is experienced in serving as litigation counsel in abuse related litigation and is proposed to serve as special litigation counsel in the Bankruptcy Case.

17. Weintraub's litigation services may still be necessary post-bankruptcy filing in the pending coordinated proceeding. The plaintiffs' attorneys may seek to amend complaints or proceed in those matters against some related entities. It is the RCASF's position that the automatic stay extends to stay all litigation against the RCASF and any related entities that are covered by the same insurance policies. Any incurring of defense costs or payment of settlements

by the related entities with those mutual insurance assets will impact the insurance coverage available to settle claims filed against the RCASF also.

### DISINTERESTEDNESS

18. Except as set forth in the verified statement of Paul E. Gaspari filed herewith, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and to the best of Mr. Gaspari's knowledge, information and belief, Weintraub: (i) does not represent or hold any interest adverse to the Debtor or the estate with respect to the matters on which Weintraub is to be employed as required by section 327(e) of the Bankruptcy Code as modified by section 1107(b), and (ii) does not have any disqualifying connections with the Debtor, its creditors, or with any parties in interest, or with their attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the office of the United States Trustee which would preclude employment. The Debtor has been informed that Weintraub will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Weintraub will supplement its disclosure to the Court.

### COMPENSATION

19. Weintraub has agreed to undertake this matter under its existing standard hourly rates listed below. Which are lower than Weintraub's standard hourly rates for these matters.

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Paul E. Gaspari | Shareholder | $465 per hour |
| Daniel C. Zamora | Shareholder | $450 per hour |
| Zachary Smith | Shareholder | $500 per hour |
| Audrey Millemann | Shareholder | $450 per hour |
|  | Associates/Contract | $250-$430 per hour |
|  | Paralegals | $205-$240 per hour |

20. Weintraub will keep track of its time in 0.1 increments in connection with all services, including under the monthly retainer.

21. For the 90 days prior to the Petition Date, Weintraub billed the RCASF monthly for litigation services related to the clergy abuse cases at the hourly rates set forth above, plus costs advanced. For the 90 days prior to the Petition Date, the amount paid for fees totaled $940,458.20 and costs of $187,441.32. All fees and costs have been paid monthly. As of the Petition Date, Weintraub holds a retainer in the amount of $209,511.48.

22. Weintraub will also bill the estate for all reasonable and necessary out-of-pocket expenses as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the UST Guidelines.

23. The Debtor and Weintraub understand and have agreed that Weintraub hereafter will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "Local Guidelines"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and any further Orders of the Court (the "Orders") for all professional services performed and expenses incurred after the Petition Date. Notwithstanding anything to the contrary contained in this Application and its supporting papers, Weintraub agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, Local Guidelines and the Fee Guidelines will apply and prevail.

24. The rates set forth above are subject to annual adjustment upon 30 days' notice to the client. If at any time Weintraub increases the rates for its services, Weintraub will file a supplemental affidavit with the Court describing such increases, including justification for such, and provide notice of such increases to the United States Trustee and other parties in interest in accordance with the Bankruptcy Code, Bankruptcy Rules, or such other service as is prescribed by the Court if a limited notice motion is approved.

25. The following constitutes the statement of Weintraub required by section 1103 of

the Bankruptcy Code and Bankruptcy Rule 2014(a) and the U.S. Trustee's Guidelines for Employment Applications in larger Chapter 11 cases ("UST Large Case Fee Guidelines") and to answer the specific questions posed in section D.1 of the UST Large Case Fee Guidelines.

    a.    Neither Weintraub nor any attorneys at Weintraub have increased their standard billing rates for this engagement, or made any upward adjustments based upon the geographic location of the case. In fact, Weintraub has agreed to lower rates than its standard rates for these matters.

    b.    Weintraub representation of the RCASF prior to the Petition Date was on the same terms and rates as set forth in this Application.

    c.    Any increase in applicable rates that may occur during the pendency of the case will be disclosed in accordance with the UST Large Case Fee Guidelines.

26. Weintraub has prepared and discussed with the RCASF a proposed estimated budget and a staffing plan. The RCASF has approved the staffing plan and budgets for post-petition period for August through December 2023, understanding that the budgets are estimates based upon the current agreed upon case strategy and information known to date.

**CONCLUSION**

27. The Debtor believes it is essential that Weintraub be employed to provide the services described above subject to the requirements of the Bankruptcy Code for Court approval of professional fees.

WHEREFORE, based upon the foregoing, the Debtor requests that the Court enter an order authorizing:

1. The employment of Weintraub as its special counsel herein on the terms and conditions set forth above pursuant to section 327(e);

2. The employment to be effective as of the Petition Date; and

///

///

///

///

3. For such other and further relief as the Court may deem proper in the circumstances.

Dated: September 12, 2023         THE ROMAN CATHOLIC
                                  ARCHBISHOP OF SAN FRANCISCO


                                  By:   */s/ Father Patrick Summerhays*
                                        Fr. Patrick Summerhays
                                        Vicar General and Moderator of the Curia


Dated: September12, 2023          WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
                                  Law Corporation


                                  By:   */s/ Paul. E. Gaspari*
                                        PAUL E. GASPARI

                                        Proposed Special Litigation Counsel for The Roman
                                        Catholic Archbishop of San Francisco


Dated: September 13, 2023         FELDERSTEIN FITZGERALD WILLOUGHBY
                                  PASCUZZI & RIOS LLP


                                  By:   */s/ Paul J. Pascuzzi*
                                        PAUL J. PASCUZZI
                                        JASON E. RIOS
                                        THOMAS R. PHINNEY

                                        Proposed Attorneys for The Roman Catholic
                                        Archbishop of San Francisco


Dated: September 13, 2023         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                  By:   */s/ Ori Katz*
                                        ORI KATZ
                                        ALAN H. MARTIN

                                        Proposed Attorneys for The Roman Catholic
                                        Archbishop of San Francisco