1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone: (916) 329-7400
5  Facsimile: (916) 329-7435
   Email:        ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
                 tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN,
9    RICHTER & HAMPTON LLP
   Four Embarcadero Center, 17th Floor
10 San Francisco, CA  94111
   Telephone: (415) 434-9100
11 Facsimile: (415) 434-3947
   Email:        okatz@sheppardmullin.com
12               amartin@sheppardmullin.com

13 Proposed Attorneys for
   The Roman Catholic Archbishop of San Francisco

14

15              UNITED STATES BANKRUPTCY COURT

16     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17

18 In re:                                  Case No.  23-30564
                                           Chapter 11
19 THE ROMAN CATHOLIC
   ARCHBISHOP OF SAN FRANCISCO,
20                                          **DECLARATION OF WAYNE P. WEITZ IN
              Debtor and                    SUPPORT OF DEBTOR'S APPLICATION
21            Debtor in Possession.         FOR AN ORDER AUTHORIZING THE
                                            EMPLOYMENT AND RETENTION OF
22                                          GLASSRATNER ADVISORY & CAPITAL
                                            GROUP, LLC d/b/a B. RILEY ADVISORY
23                                          SERVICES AS FINANCIAL ADVISOR TO
                                            THE DEBTOR EFFECTIVE AS OF
24                                          AUGUST 21, 2023**

25
                                           [No Hearing Required]
26

27

28

I, Wayne P. Weitz, declare:

1.      Except as otherwise indicated herein, the matters set forth in this declaration are within my personal knowledge or are based upon information provided to me by the Debtor's employees or advisors.  If called upon to testify as a witness, I could and would testify competently thereto.

2.      I submit this declaration in support of the Debtor's *Application to Employ GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services as Financial Advisor* (the "Application"), filed concurrently with this declaration.  All capitalized but undefined terms in this declaration shall have the meaning given to them in the Application.

3.      I serve as a Senior Managing Director at GlassRatner Advisory & Capital Group LLC d/b/a B. Riley Advisory Services ("B. Riley") and, as such, am authorized to make this declaration on behalf of B. Riley.

## QUALIFICATIONS OF B. RILEY

4.      B. Riley is a qualified and experienced financial advisor, with the resources, capabilities and experience the Debtor requires.  B. Riley has a wealth of experience in providing financial advisory services in complex restructurings and reorganizations, including those involving religious organizations facing significant litigation.  *See, e.g.*, *In re The Norwich Roman Catholic Diocesan Corporation,* No. 21-20687 (JJT) (Bankr. D. Conn., July 15, 2021) [ECF 226]; *In re The Roman Catholic Bishop of Santa Rosa,* No. 23-10113 (CN) (Bankr. N.D. Calif., March 13, 2023) [ECF 179]; In *re Kalera, Inc.*, No. 23-90290 (DRJ) (Bankr. N.D. Tex., June 7, 2023) [ECF 186]; *In re Christian Care Centers, Inc.*, No. 22-80000 (SGJ) (Bankr. N.D. Tex., Aug. 1, 202]) [ECF 284]; *In re Limetree Bay Services, LLC*, No. 21-32351 (DRJ) (Bankr. S.D.Tex., July 12, 2021) [ECF 398]; *In re Fresh Acquisitions LLC* et al. No. 21-30721 (SGJ) (Bankr. N.D. Tex., Apr. 21, 2021) [ECF 171]; *In re PBS Band, Co.*, No. 20-13157 (JTD) (Bankr. D. Del., Mar. 16, 2021) [ECF 408]; *In re Loves Furniture Inc.*, No. 21-40083 (Bankr. E.D. Mich., Mar. 5, 2021) [ECF 275]; *In re GGI Holdings, LLC*, No. 20-31818 (HDH) (Bankr. N.D. Tex., June 9, 2020) [ECF 266]; *In re Epic Companies, LLC*, No. 19-34752 (DRJ) (Bankr. S.D. Tex., Nov. 7, 2019) [ECF 377] (financial advisor to the Official Committee of Unsecured Creditors); *In re Lockwood*

*Holdings, Inc.*, No. 18-30197 (DRJ) (Bankr. S.D. Tex., Feb. 16, 2018) [ECF 117]. The Debtor further understands that B. Riley enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

5.      Moreover, B. Riley has provided services to the Debtor in connection with its restructuring efforts since May of 2023.  In providing such prepetition professional services to the Debtor, B. Riley has become familiar with the Debtor and its business, including the Debtor's financial affairs, debt structure, operations, and related matters.  Having worked closely with the Debtor's management and other advisors, B. Riley has developed relevant experience and expertise regarding the Debtor that will assist it in providing effective and efficient services while the Debtor is in bankruptcy.  Accordingly, B. Riley is both well-qualified and uniquely able to represent the Debtor in this Bankruptcy Case in an efficient and timely manner.  The retention of B. Riley will maximize the value of the Debtor's estate because of B. Riley's recognized expertise in in-court restructurings and knowledge of the Debtor and its operations and financial condition.

## **B. RILEY'S COMPENSATION**

6.      In consideration of the Services to be provided by B. Riley, subject to this Court's approval, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any applicable orders of the Court, the Debtor has agreed to the following fee structure (the "Fee Structure") to: (i) compensate B. Riley for the Services set forth in the Application on an hourly basis in accordance with B. Riley's ordinary and customary rates in effect on the date such Services are rendered and (ii) reimburse actual and necessary costs and expenses incurred by B. Riley in connection with all Services performed on behalf of the Debtor.  The customary hourly rates, subject to periodic adjustments, charged by B. Riley professionals anticipated to be assigned to this Bankruptcy Case are as follows:

///

///

///

///

///

| Billing Category | Hourly Billing Rate |
|---|---|
| Sr. Managing Directors | $495 - $795 |
| Directors, Managing Directors | $325 - $595 |
| Associates, Other Professionals | $200 - $425 |

7.     The hourly rates set forth above are B. Riley's applicable hourly rates for the work of its professionals and staff members for the engagement set forth in the Application. These hourly rates reflect B. Riley's normal and customary billing practices for engagements of this complexity and magnitude. B. Riley revises its hourly rates periodically.

8.     In addition, B. Riley will invoice the Debtor for its reasonable out-of-pocket expenses charged during this Bankruptcy Case, which include, among other things, telephone and other charges, mail and express mail charges, travel expenses, and expenses for meals.

9.     The Fee Structure summarized in this declaration is consistent with B. Riley's normal and customary billing practices for comparably sized and complex chapter 11 cases and transactions, both in and out of court, involving the services to be provided in connection with chapter 11 cases. Moreover, the Fee Structure is consistent with and typical of arrangements entered into by B. Riley and other financial advisory and consulting firms in connection with the rendering of comparable services to clients such as the Debtor. B. Riley believes that the Fee Structure is both reasonable and on market terms.

10.     B. Riley has not and will not share or agree to share any of the compensation paid or to be paid by the Debtor, other than as permitted by section 504 of the Bankruptcy Code and Bankruptcy Rule 2016. No promises have been made by B. Riley as to compensation in connection with the Bankruptcy Case.

## DISINTERESTEDNESS & B. RILEY'S CORPORATE STRUCTURE

11.     B. Riley is an indirect, wholly owned subsidiary of B. Riley Financial, Inc. (NASDAQ: RILY) ("BRF"), a publicly traded, diversified financial services company. BRF operates through several consolidated subsidiaries that provide investment banking, brokerage, wealth management, asset management, direct lending, business advisory, valuation, and asset

disposition services to a broad client base spanning public and private companies, financial sponsors, investors, financial institutions, legal and professional services firms, and individuals. Additionally, BRF opportunistically invests in and acquires companies or assets with attractive risk-adjusted return profiles to benefit BRF's shareholders. BRF owns and operates several uncorrelated consumer businesses and invests in brands on a principal basis. B. Riley is a separate legal entity from BRF and BRF's other subsidiaries. BRF and its subsidiaries, including B. Riley, observe appropriate legal formalities as separate entities. BRF and its subsidiaries adhere to customary confidentiality obligations with respect to client information. B. Riley personnel do not have access to the files of other BRF business lines, nor do other business lines have access to B. Riley files.

12. B. Riley and its affiliates provide services to a wide range of institutions and individuals and may in the past have had, and may currently or in the future have, relationships with parties that may have relationships with the Debtor. In the ordinary course of business, investment funds affiliated with BRF and certain of B. Riley's and its affiliates' employees, as well as investment funds in which such employees may have financial interests, but over whose investment decisions such employees have no input or control, may acquire, hold, or sell long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtor or other parties that may have an interest in this Bankruptcy Case or have other relationships with such parties. With respect to any such securities, financial instruments and/or investments, all rights in respect of such securities, financial instruments, and investments, including any voting rights, will be exercised by the holder of the rights, in its sole discretion. Moreover, the B. Riley employees who are working on this Bankruptcy Case are subject to compliance mechanisms and policies and procedures designed to prevent confidential, non-public information from being improperly shared.

13. Affiliates of B. Riley provide valuation opinions on the securities and derivative holdings of various business development companies, private equity firms, and hedge funds, which may include debt securities of the Debtor. This work is unrelated to the services that B. Riley

intends to provide in this Bankruptcy Case. Moreover, such affiliates, through the establishment of an "Information Wall," have separated their employees who provide valuation opinions on securities and derivative holdings from the rest of the employees of B. Riley. This "Information Wall" includes physical and technological barriers, compliance mechanisms and policies and procedures designed to prevent confidential, non-public information and work product from being shared improperly.

14. In the ordinary course of its business, B. Riley and its affiliates from time to time discuss issues concerning stressed and distressed companies with creditors and prospective creditors that are clients of the firm, or that otherwise contact B. Riley or its affiliates, or that are referred to the firm in light of B. Riley's or its affiliates' reputation for covering such companies and/or relevant industry expertise. At the time of those contacts, it is not known whether any particular company will actually file for bankruptcy, or if any of these creditors and/or potential creditors will serve on any future committee, or even be a creditor of the relevant estate in the event of a future bankruptcy. B. Riley may communicate with and, when appropriate or requested, send materials to one, or more, of the 20 largest unsecured creditors identified by a debtor and who are, therefore, potential members of a creditors' committee, if B. Riley and its professionals either know, work with, are contacted by, or are otherwise referred to the relevant creditor. In some circumstances, B. Riley and its professionals may contact potential committee members with whom we are not previously familiar.

15. B. Riley and its affiliates' personnel may have business associations with certain creditors of the Debtor or counsel, or other professionals involved in this Bankruptcy Case on matters unrelated to this Bankruptcy Case. In addition, in the ordinary course of its business, B. Riley and its affiliates may engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other interested parties in this Bankruptcy Case or who have represented or currently represent B. Riley and its affiliates in matters unrelated to this Bankruptcy Case.

16. To the best of my knowledge, on matters unrelated to the Debtor, B. Riley and/or its subsidiaries and affiliates have provided due diligence, asset appraisal, consultation, enterprise

valuation, and/or field exam services in the ordinary course of business to many lenders, investors, and other market participants, some of whom may be creditors, equity security holders, and other parties in interest in this Bankruptcy Case.

17. In connection with our proposed retention by the Debtor in this Bankruptcy Case, we undertook to determine whether we have any conflicts or other relationships that might cause B. Riley not to be disinterested or to hold or represent an interest adverse to the Debtor. To determine B. Riley's relationship with parties in interest in this Bankruptcy Case, B. Riley obtained from the Debtor or its representatives the names of individuals and entities that may be parties-in-interest in this Bankruptcy Case (individually an "Interested Party" and collectively, the "Interested Parties") that were identified to B. Riley by the Debtor. The list of Interested Parties is attached hereto as Schedule 1. A search was performed for connections to the Interested Parties, and based on that review, B. Riley represents that, to the best of its knowledge, B. Riley knows of no fact or situation that would represent a conflict of interest for B. Riley with regard to the Debtor. Schedule 2 includes a list of connections between B. Riley affiliates and parties listed on Schedule 1.

18. Except as otherwise disclosed herein, and insofar as I have been able to ascertain after due diligence, to the best of my knowledge, information, and belief after reasonable inquiry, neither I, B. Riley, nor any of the professionals or employees participating in or connected with B. Riley's engagement with the Debtor, represent any party in interest or any other entity in this Bankruptcy Case other than the Debtor. Thus, B. Riley is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b). Except as outlined above, B. Riley's due diligence has revealed that B. Riley and its professionals:

a) do not hold or represent any interest adverse to the Debtor or its creditors;

b) are disinterested so as to render B. Riley eligible to serve as financial advisor for the Debtor under Bankruptcy Code section 327(a);

c) are not a creditor, security holder, or insider of the Debtor and do not represent any entity (or its attorneys or accountants) other than the Debtor in connection with this Bankruptcy Case;

d) are not, and were not, within two (2) years before the Petition Date, a

director, officer, or employee of the Debtor;

        e)     do not have any interest materially adverse to the interests of the Debtor or its estate or any class of creditors or equity security holders of the Debtor, by reason of any direct or indirect relationship to, connection with, or any interest in, the Debtor or for any other reason; and

        f)     except as set forth herein, have no connections with the Debtor, creditors, equity interest holders, or any party in interest, or with the respective attorneys or accountants of the foregoing, or with the Office of the United States Trustee or any person employed with the United States Trustee, or with any judge of the United States Bankruptcy Court for the Northern District of California.

19.     To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, B. Riley has not been retained to assist any entity or person other than the Debtor on matters relating to, or in direct connection with, this Bankruptcy Case.

20.     In addition, B. Riley does not believe that any relationships that B. Riley or any of its professionals or employees participating in or connected with B. Riley's engagement with the Debtor may have with any Interested Parties in connection with any unrelated matter will interfere with or impair B. Riley's representation of the Debtor in this Bankruptcy Case.

21.     Based on the above-described investigation and due diligence performed by B. Riley, B. Riley also believes that approval of its employment as requested in the Application is not prohibited under the provisions of Bankruptcy Rule 5002.

22.     Based on the results of its review, to the best of my knowledge, except as discussed herein or as listed on Schedule 2, B. Riley does not have an active relationship with any of the parties listed in Schedule 1 in matters related to this proceeding.

23.     In addition to the above, B. Riley has provided and could reasonably be expected to continue to provide services unrelated to the Debtor's case for some of the various other entities shown on Schedule 2. To the best of my knowledge, no services have been provided to these parties-in-interest regarding their rights in the Debtor's case, nor does B. Riley's involvement in this case compromise its ability to continue such consulting services.

Case: 23-30564   Doc# 103   Filed: 09/13/23   Entered: 09/13/23 15:50:42   Page 8 of 23

24. B. Riley and its affiliates appear in numerous cases and proceedings, and participate in transactions that involve many different professionals, including attorneys, accountants, investment bankers, and financial consultants, who may represent claimants and parties-in-interest in the Debtor's Bankruptcy Case. In addition, B. Riley and its affiliates may have in the past performed, currently be performing, or may perform in the future financial advisory services for various attorneys and law firms and may have in the past been, currently be, or may in the future be represented by attorneys and law firms, some of whom may become involved in this proceeding. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor in the matter upon which B. Riley is to be employed.

25. B. Riley does not believe it is a "creditor" of the Debtor within the meaning of section 101(1) of the Bankruptcy Code. Further, neither I nor any member of the B. Riley engagement team servicing the Debtor, to the best of my knowledge, is a holder of any of the Debtor's debt or equity securities.

26. To the best of my knowledge, B. Riley is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as referred to in section 327(a) of the Bankruptcy Code.

27. Pursuant to Bankruptcy Rule 2014(a), B. Riley will supplement its disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

28. B. Riley is willing to be retained by the Debtor as its financial advisor consistent with the Engagement Letter, attached as Exhibit 1, and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders of the Court entered in this Bankruptcy Case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 13, 2023 at New York, NY 10171.

*/s/ Wayne P. Weitz*
Wayne P. Weitz

1     <u>SCHEDULE 1</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED ORDER

-1-

**The Debtor**
The Roman Catholic Archbishop of San
Francisco, a California Corporation Sole

**Parishes and Missions**
All Hallows Chapel
All Souls Church
Cathedral of St. Mary of the Assumption
Church of the Assumption of Mary
Church of the Epiphany
Church of the Good Shepherd
Church of the Nativity (Menlo)
Church of the Nativity (San Francisco)
Church of the Visitacion
Corpus Christi Church
Holy Angels Church
Holy Name of Jesus Church
Immaculate Heart of Mary Church
Mater Dolorosa Church
Mission Dolores Basilica
Most Holy Redeemer Church
Most Holy Rosary Chapel
Notre Dame Des Victoires
Old St. Mary's Church
Our Lady of Fatima Russian Byzantine
Catholic
Out Lady of Guadalupe Mission (Brisbane)
Our Lady of Angels Church
Our Lady of Loretto Church
Our Lady of Lourdes Church
Our Lady of Mercy Church
Our Lady of Mount Carmel Church (Mill
Valley)
Our Lady of Mount Carmel Church
(Redwood City)
Our Lady of Perpetual Help
Our Lady of the Pillar Church
Our Lady of Refuge Mission
Our Lady of the Wayside
Sacred Heart Church
San Jose Obero Church
Shrine of St. Francis of Assisi
St. Agnes Church
St. Andrew Church
St. Anne of the Sunset Church
St. Anselm Church
St. Anthony Church (Menlo Park)
St. Anthony Mission (Pescadero)
St. Anthony of Padua Church (Novato)

St. Anthony of Padua Church
St. Augustine Church
St. Bartholomew Church
St. Benedict Parish
St. Boniface Church
St. Brendan Church
St. Bruno Church
St. Catherine of Siena
St. Cecilia Church (San Francisco)
St. Cecilia Church (Lagunitas)
St. Charles Borromeo Church
St. Charles Church
St. Denis Church
St. Dominic Church
St. Dunstan Church
St. Elizabeth Church
St. Emydius Church
St. Finn Barr Church
St. Francis of Assisi
St. Gabriel Church
St. Gregory Church
St. Helen Mission
St. Hilary Church
St. Ignatius Church
St. Isabella Church
St. James Church
St. John the Evangelist Church
St. John of God Chapel
St. Kevin Church
St. Luke Church
St. Mark Church
St. Mary Magdalene Mission
St. Mary Star of the Sea
St. Mary Church
St. Matthew Church
St. Matthias Church
St. Michael Korean Church
St. Monica Church
St. Patrick Church (Larkspur)
St. Patrick Church (San Francisco)
St. Paul Church
St. Paul of the Shipwreck
St. Peter Church (Pacifica)
St. Peter Church (San Francisco)
St. Philip the Apostle
St. Pius Church
St. Raphael Church
St. Raymond Church
St. Rita Church
St. Robert Church

St. Sebastian Church
St. Stephen Church
St. Teresa Church
St. Thomas Apostle Church
St. Thomas More Church
St. Timothy Church
St. Veronica Church
St. Vincent de Paul Church
Star of the Sea Church
Sts. Peter & Paul Church

**Schools**
Archbishop Riordon High School
Convent of the Sacred Heart High School
ICA Cristo Rey Academy
Junipero Serra High School
Marin Catholic High School
Mercy High School
Notre Dame High School
Sacred Heart Cathedral Preparatory
Sacred Heart Prepatory (Atherton)
St. Ignatius College Prepatory
Stuart Hall High School
Woodside Priory High School

**Other Entities**
Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation
Archdiocese of San Francisco Parish and School Juridic Personal Real Property Support Corporation
Benedict XVI Institute for Sacred Music and Divine Worship
The Roman Catholic Seminary of San Francisco
Catholic Charities CYO of the Archdiocese of San Francisco
Capuchin Franciscan Order

**Leadership and Officers**
Most Rev. Salvatore J. Cordileone, Bishop and Chief Executive Officer
Rev. Stephen H. Howell, Vicar General
Rev. Patrick J. Summerhays, Moderator of the Curia
Paula F. Carney, Esq., General Counsel
Joseph Passarello, Chief Financial Officer
Grace Lee, Controller

**Banks/Investment Mgmt Firms**
Bank of America
Bank of San Francisco
BlackRock
Bridge Bank (Western Alliance Bank)
California Bank & Trust
Charles Schwab
City National Bank
First Republic Bank
JPMorgan Chase
Segal Bryant Hamilton

**Coverage Providers and Brokers**
AIG
Allianz Reinsurance America, Inc.
Allied World
American Home Assurance
Appalachian Insurance Co.
Arthur J. Gallagher & Co.
Chicago Insurance Company
Chubb Insurance Company North America
CNA
Employers Re
Fireman's Fund
First State Insurance Co.
Industrial Underwriters
National Catholic
Old Republic
Pacific Indemnity
Lloyd's, London
The Hartford
The Ordinary Mutual
Travelers
Western Catholic Insurance Company

**Certain Ordinary Course Professionals**
Baker Tilly US LLP
Best Best & Krieger LLP
CliftonLarsonAllen LLP
Duane Morris LLP
Fiumara & Milligan Law, P.C.
Grant Thornton LLP
Jackson Lewis PC
Law Offices of Eloise M. Rosenblatt
Lewis Roca Rothgerbger Christie LLP
Littler Medelson, PC
Macdonald Fernandez LLP
Magna Legal Services
Runde & Partners, Inc.
Weinstein & Numbers LLP
Weintraub Tobin
Woodburn & Wedge

PROPOSED ORDER

**Parties to Litigation**[1]

**Counsel to Litigation Parties**
Alder Law
Allen, Glaessner, Hazelwood & Werth, LLP
Andrews & Thornton
Arias, Sanguinetti, Wang & Torrijos, LLP
Aylstock, Witkin, Kreis & Overholtz, PLLC
Baron & Budd, P.C.
Boucher LLP
Casper, Meadows, Schwartz & Cook
DiMarco, Araujo Montevideo
Donahoo & Associates PC
Edwards & de la Cerda
Etsey & Bomberger
Fiore Achermann
Fisher Law Offices
Fiumara Law, PC
Foley & Mansfield
Forester Haynie
Furtado, Jaspovice & Simons
Gomez Trial Attorneys
Gross & Belsky P.C.
Herman Law
Hurley McKenna & Mertz, P.C.
Jeff Anderson & Associates
Joel Bieber Firm
Joseph George Jr. Law Corporation
KBM Law
Ketterer, Browne & Associates, LLC
Law Office of Mark Webb
Liakos Law, APC
M. Jean Starcevich, Esq.
Manly, Stewart & Finaldi
Mary Alexander & Associates
Matthews & Associates
Mezzetti Law Firm
Nye Sterling Hale Miller & Sweet LLP
Panish, Shea, Boyle, Ravipudi, LLP
Paul Mones, P.C.
Pearson Simon & Warshaw LLP
Peiffer Wolf Carr Kane Conway & Wise
Pfau Cochran Vertetis Amala PLLC
Reich Binstock
Ribera Law Firm
Saunders & Walker P.A.

Schmidt National Law Group
Slater, Slater, Schulman LLP
Thompson Law Offices, PC
TLO Law, P.C.
Van Blois & Associates
Wagstaff Law Firm
Winer, Burritt, & Scott, LLP
Zalkin Law Firm

**Parties to Contracts with the Debtor**
Adana Tours LLC
ARAMARK Sports and Entertainment
Services, LLC
Arthur J. Gallagher & Co.
Benefit Allocation Systems, LLC
EVERFI, Inc
Fivable, LLC
FOCUS
GDR Group
ImageSource
Intersection Media, LLC
Jerome S. Burstein, Ph.D.
Luxe Cruises and Events
Mangia Nosh Catering Company
Marin Catholic High School
McCleskey Construction Company
Peter Marlow
Rite Aid Hdqtrs. Corp.
Sacred Heart Cathedral Prepatory
Stewardship Planned Giving
TPX Communications
Trinity Building Services

**Restructuring Professionals**
Donlin, Recano & Company, Inc.
Felderstein, Fitzgerald, Willoughby,
Pascuzzi & Rios LLP
Sheppard Mullin Richter & Hampton LLP
GlassRatner Advisory & Capital Group LLC
d/b/a B. Riley Advisory Services

**Significant Utility Providers**
Allstream
AT&T Mobility

---

[1] The names of certain individual plaintiffs are redacted consistent with the Debtor's *Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Special Noticing and Confidentiality Procedures, (II) Authorizing and Approving Procedures for Providing Notice of* *Commencement, and (III) Granting Related Relief.* The Debtor will provide an unredacted version of this list to the Court, the Office of the United States Trustee, and any official committees appointed in this chapter 11 case upon request.

-3-

PROPOSED ORDER

| | |
|---|---|
| 1 | AT&T Teleconference Services |
| | City Of Santa Rosa |
| 2 | Comcast |
| | Mitel |
| 3 | Pacific Gas & Electric |
| | Penngrove Water |
| 4 | TPX Communications |

AT&T Teleconference Services
City Of Santa Rosa
Comcast
Mitel
Pacific Gas & Electric
Penngrove Water
TPX Communications

Colorado Department of Revenue
Georgia Department of Revenue Processing Center
San Francisco Assessor-Recorder
San Francisco County Clerk
San Francisco Dept of Public Health
U.S. Department of Homeland

**Taxing Authorities**
Arizona Department of Revenue
California Dept of Tax and Fee Administration
Florida Department of Revenue
Kern County Treasurer - Tax Collector
Marin County Office of the Assessor-Recorder
New Mexico Taxation and Revenue Department
San Francisco Tax Collector
San Francisco Tax Collector
San Mateo County Clerk – Recorder

**Government Agencies**
California Department of Justice
California Department of Motor Vehicles
California State Controller
City and County of San Francisco

**Attorneys and Staff for the United States Trustee's Office for the Northern District of California, San Francisco Office**
Tracy Hope Davis
Christina Goebelsmann
Ianthe V. Del Rosario
Gem Mil Langit
Nychelle G. Rivera
Yung Nor Wong

**United States Bankruptcy Judges for the Northern District of California**
Hon. Stephen L. Johnson, Chief Judge
Hon. Hannah L. Blumenstiel
Hon. M. Elaine Hammond
Hon. William Lafferty
Hon. Dennis Montali
Hon. Charles Novack

-4-

PROPOSED ORDER

1                              <u>SCHEDULE 2</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION TO
EMPLOY B RILEY

**Schedule 2**
**SCHEDULE OF RELATIONSHIPS BETWEEN B. RILEY AND INTERESTED PARTIES**

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity in Database | Disclosure |
|---|---|---|
| Bank of America | Bank of America | BRF subsidiaries have provided valuation and appraisal services to Bank of America. |
| Bridge Bank (Western Alliance Bank) | Bridge Bank (Western Alliance Bank) | BRF subsidiaries have provided valuation and appraisal services to Bridge Bank (Western Alliance Bank). |
| City National Bank | City National Bank | BRF subsidiaries have provided valuation and appraisal services to City National Bank. |
| JPMorgan Chase | JPMorgan Chase | BRF subsidiaries have provided valuation and appraisal services to JPMorgan Chase. |
| Comcast | Comcast Cable | B. Riley provides advisory services to Comcast Cable in matters unrelated to the Chapter 11 Case. |
| California Bank & Trust | California Bank & Trust | B. Riley provides advisory services to California Bank & Trust in matters unrelated to the Chapter 11 Case. |

# Exhibit 1

Engagement Letter



Date:    May 23, 2023

To:    Roman Catholic Archbishop of San Francisco
    1 Peter Yorke Way
    San Francisco, CA 94109
        Attn: Rev. Patrick Summerhays, JCL

From:    Seth R. Freeman and Wayne P. Weitz

RE:    **Engagement Letter to serve as Financial Advisor**

### Introduction

This letter agreement (this "Agreement") confirms our understanding that the Roman Catholic Archbishop of San Francisco (the "Archdiocese") is engaging GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley") as its financial advisor. This Agreement shall be effective as of May 23, 2023.

### Scope of Services

Engagements such as this are dynamic, requiring a broad scope of services that may or may not be required as the matter progresses, and which may change as the Archdiocese provides additional information. Based on our current understanding, the Scope of Services may include the following:

- assist the Archdiocese in a review of its strategic options;
- assist the Archdiocese in developing financial projections and liquidity projections;
- assist the Archdiocese with negotiations with various stakeholders;
- assist the Archdiocese in implementing potential operational and/or strategic enhancements;
- if a chapter 11 bankruptcy filing or similar insolvency proceeding is necessary:
  - assist the Archdiocese with First Day Order data collection;
  - assist the Archdiocese with financial reporting;
  - assist the Archdiocese in preparation of the statutory reporting requirements during the chapter 11 proceedings, including the statements of financial affairs and associated schedules and, during the pendency of the case, the Monthly Operating Reports (MORs);
  - assist with the preparation of reports for, and communications with, the Bankruptcy Court, creditors, and any other constituents;
  - review, evaluate and analyze the financial ramifications of proposed transactions for which the Archdiocese may seek Bankruptcy Court approval;
  - provide financial advice and assistance to the Archdiocese in connection with asset sale transactions;
  - assist the Archdiocese in developing and supporting a proposed Plan of Reorganization; and/or
  - render Bankruptcy Court testimony in connection with the foregoing, as required, on behalf of the Archdiocese;
- any other duty or task which falls within the normal responsibilities of a Financial Advisor at the direction of Management and/or Board.



## Compensation

Our professional fees are based on the number of hours worked at our standard hourly billing rates. B. Riley's current standard hourly rates for the professionals who may work on this engagement range from $225 to $795 per hour. Standard rates for the professionals and/or categories of B. Riley professionals that may be involved in this matter are as follows:

| | | |
|---|---|---|
| Wayne Weitz | Sr. Managing Director | $750 |
| Seth Freeman | Managing Director | 650 |
| Coral Hansen | Managing Director | 450 |
| David Greenblatt | Director | 525 |
| Other Staff | Associate-Sr Managing Director | 225-750 |

Please note that for this engagement the hourly rates for Wayne Weitz and Seth Freeman will be discounted by 10%, to $675 and $585 respectively.

B. Riley reviews its hourly rates each January 1, and the Archdiocese should anticipate an annual rate increase each January 1. We bill for our travel time at one-half of our standard hourly billing rates. Unless and until the Archdiocese initiates a Bankruptcy Case, we may submit invoices for our services monthly, bi-weekly, weekly, or at certain logical points during this engagement, as we will determine is appropriate. Invoices are due and payable upon receipt. We reserve the right to suspend service for non-payment, in which event we will not be liable for any costs that arise from such suspension. If the Archdiocese decides to commence a Bankruptcy Case, the Archdiocese agrees that it will pay all outstanding amounts due under this Agreement before it files its bankruptcy petition(s). If B. Riley is retained in the Bankruptcy Case, its fees will be paid in accordance with any applicable federal and local statutes, rules and procedures and the Bankruptcy Court's orders.

If the Archdiocese requests that B. Riley provide services in addition to those specified in the Scope of Services, *e.g.*, litigation support consulting, expert witness testimony, forensic accounting, investment banking, appraisal, etc., those services may be provided pursuant to a separate engagement agreement, subject to different fee arrangements, on mutually agreeable terms.

Should the Archdiocese become a debtor or debtor-in-possession in a Bankruptcy Case, B. Riley's retention as a professional in the case(s), on the terms set forth in this Agreement, will be subject to Bankruptcy Court approval.

Our fees are not contingent on the outcome of this engagement. The provisions of this Section (Compensation) shall not in any way limit the Archdiocese's obligations pursuant to the paragraph below entitled "Indemnification; Limitation of Liability."

## Retainer

In accordance with B. Riley's standard policy, we will require an initial retainer of $100,000 (one hundred thousand dollars) (the "Retainer"), which shall be due upon the execution of this Agreement. Should the time demand increase, we may require an addition to our Retainer, the amount of which will be agreed upon between the Archdiocese and B. Riley.

The Retainer is meant to be evergreen; invoices shall be applied against the Retainer as they are rendered, and payments shall replenish the Retainer. To the extent the Archdiocese has not filed a Bankruptcy Case, the Archdiocese agrees to replenish the Retainer as may be requested by B. Riley. At the end of the engagement, any Retainer balance shall be applied to our final billing for this engagement or refunded to the extent it exceeds unpaid billings. This Retainer is not intended to be an estimate for


the total cost of work that may be performed, nor have we provided a binding estimate or other form of cap. The Archdiocese recognizes that it is difficult to estimate the amount of time that this engagement may require. The time involved depends upon the extent and nature of available information. It also depends upon the developments that occur as our work progresses. It is our intention to work closely with the Archdiocese to structure our work so that the Archdiocese is aware of the scope and direction of our work as it progresses.

## Limitations; No Third-Party Beneficiary

B. Riley is not a public accounting firm. While our work may involve analysis of accounting records, the engagement does not include an audit or review of existing records in accordance with generally accepted auditing standards or standards for review engagements. Accordingly, we will not be expressing an audit opinion on any of the financial or other data received in this engagement. B. Riley is not a law firm and will not provide legal or tax advice on any transaction or financing in conjunction with this assignment. In the course of our provision of the services specified in the Scope of Services section above, B. Riley will be entitled to rely on the accuracy and validity of the data disclosed to it or supplied to it by employees and representatives of the Archdiocese.

The Archdiocese acknowledges that all advice (written or oral) given by B. Riley to the Archdiocese is intended solely for the benefit and use of the Archdiocese (limited to the Board (or its equivalent) and management) in considering the matters to which this engagement relates. No advice (written or oral) of B. Riley hereunder shall be used, reproduced, disseminated, quoted, or referred to at any time, in any manner, or for any other purpose, nor shall any public references to B. Riley be made by the Archdiocese, without the prior written consent of B. Riley.

The working papers and other materials created by us during this engagement are our property. At the completion of our engagement, all the Archdiocese's documents will be returned to the Archdiocese at the Archdiocese's request. Unless we are notified otherwise, or unless the Archdiocese requests the files to be returned to the Archdiocese, we will work on the assumption that all documents in our possession may be destroyed one year from the completion of the matter, or the passage of one year without our actively participating in the matter. Please note that it is not our practice to retain working papers, notes, or data files that have been updated or superseded. If you wish us to follow a different retention practice, please indicate your specific request(s) in writing when returning a copy of this Agreement.

## Independent Contractor; No Fiduciary Duty

The Archdiocese acknowledges and agrees that it is a sophisticated business enterprise and that B. Riley has been retained pursuant to this Agreement as an independent contractor and not as an agent or fiduciary to the Archdiocese or its shareholders, and any duties of B. Riley arising out of its engagement pursuant to this Agreement shall be contractual in nature and shall be owed solely to the Archdiocese. Each party disclaims any intention to impose any fiduciary duty on the other.

## Indemnification; Limitation of Liability

The Archdiocese agrees to indemnify and hold harmless B. Riley, its affiliates and its and their respective directors, officers, members, managers, employees, and agents ("Indemnified Parties") from and against all claims, liabilities, losses and damages (collectively, "Losses") arising out of or related to this engagement and/or the services performed hereunder, except to the extent such Loss is finally judicially determined or determined pursuant to a final, binding decision of an arbitrator in accordance with the dispute resolution provisions of this Agreement to have resulted primarily from the gross negligence or willful misconduct of B. Riley. Further, the Archdiocese agrees to promptly reimburse B. Riley for any legal fees or other expenses reasonably incurred by B. Riley in connection with such claims as they are incurred. THE ARCHDIOCESE ALSO AGREES THAT NO INDEMNIFIED PARTY SHALL HAVE ANY LIABILITY

Case: 23-30564    Doc# 103    Filed: 09/13/23    Entered: 09/13/23 15:50:42    Page 20 of 23

(WHETHER DIRECT OR INDIRECT, IN CONTRACT OR TORT OR OTHERWISE) TO THE ARCHDIOCESE FOR OR IN CONNECTION WITH THE ENGAGEMENT OF B. RILEY, IN EXCESS OF THE FEES PAID TO B. RILEY HEREUNDER, INCLUDING ANY REASONABLE ATTORNEYS' FEES AND COURT COSTS, EXCEPT TO THE EXTENT THAT ANY SUCH LIABILITY FOR LOSSES, CLAIMS, DAMAGES, LIABILITIES OR EXPENSES ARE FINALLY JUDICIALLY DETERMINED OR DETERMINED, PURSUANT TO A FINAL, BINDING DECISION OF AN ARBITRATOR IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROVISIONS OF THIS AGREEMENT, TO HAVE RESULTED PRIMARILY FROM SUCH INDEMNIFIED PARTY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT. The Archdiocese further agrees that it will not, without the prior consent of an Indemnified Party, settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which such Indemnified Party seeks indemnification hereunder (whether or not such Indemnified Party is an actual party to such claim, action, suit or proceedings) unless such settlement, compromise or consent includes an unconditional release of such Indemnified Party from all liabilities arising out of such claim, action, suit or proceeding. The provisions of this paragraph shall survive the completion of the engagement and/or the expiration or termination of this engagement or this Agreement. In the event that a Bankruptcy Case is filed, the provisions of this paragraph shall be subject to approval of the Bankruptcy Court prior to the effective date of any plan of reorganization.

**Representations and Warranties**
The Archdiocese is duly organized, validly existing and in good standing under the laws of the State of California and has the requisite power and authority to enter into and carry out the terms and provisions of this Agreement. Nothing contained in the Archdiocese's charter documents, by-laws, shareholders' agreements, or any other document, agreement, contract or instrument to which the Archdiocese is a party, to which the Archdiocese is subject, or in any order, judgment or settlement of any court or governmental agency to which the Archdiocese is bound conflicts with or in any way restricts or otherwise limits or conditions the Archdiocese's ability to enter into, and perform under, this Agreement and consummate the transactions herein. Neither the entering into of this Agreement nor the consummation of the transactions contemplated herein will trigger any payment by the Archdiocese to a third party (including, but not limited to, any "tail" payments) or require the authorization, registration, qualification, or approval of any government agency to which the Archdiocese is subject.

**Termination**
This Agreement may be terminated immediately by B. Riley or the Archdiocese, in its sole discretion, for any reason whatsoever and without prior notice. Upon termination of this Agreement, B. Riley shall be entitled to all fees and expenses incurred pursuant to this Agreement prior to notice of termination and shall be entitled to the remaining unpaid balance of any fee, subject to any dispute concerning the fees due, and subject to the dispute provision included in this Agreement. The termination of this Agreement shall not relieve the Archdiocese or B. Riley from the provisions of this Agreement relating to indemnification, limitation of liability, settlement, the provisions relating to the payment of the fees, costs and expenses payable hereunder whether or not accrued prior thereto, confidentiality, the status of B. Riley as an independent contractor, the limitation on the use, reliance on and disclosure of B. Riley's advice, limitation to whom B. Riley shall owe any duties, governing law and dispute resolution.

**Confidentiality**
B. Riley agrees not to disclose or permit the disclosure of any of the terms of this Agreement or any information relating to the project to be performed hereunder, provided that such disclosure may be made (a) to any person who is an officer, director, member, manager, or employee of B. Riley or its affiliates or advisors ("Representatives") solely for their use in the performance of the services hereunder and on a need-to-know basis, (b) with the prior written consent of the Archdiocese, or (c) pursuant to a subpoena or order issued by a court, arbitrator or governmental body, agency or



official. In the event that B. Riley shall receive a request to disclose any of the terms of this Agreement under a subpoena or order, B. Riley shall, to the extent legally permissible, (i) promptly notify the Archdiocese, (ii) consult with the Archdiocese on the advisability of taking steps to resist or narrow such request and (iii) if disclosure is required or deemed advisable, cooperate with the Archdiocese, at the Archdiocese's sole cost and expense, in any attempt it may make to obtain an order or other assurance that confidential treatment will be accorded those terms of this Agreement that are disclosed. The confidentiality restrictions contained herein shall continue for a period of two (2) years from the date hereof and shall not apply to information that: (i) at the time of disclosure by the Archdiocese to B. Riley or its Representatives is, or thereafter becomes, generally available to the public, other than as a direct result of a breach by B. Riley of its obligations under this Agreement; (ii) prior to or at the time of disclosure by the Archdiocese to B. Riley or its Representatives, was already in the possession of B. Riley or any of its Representatives; (iii) at the time of disclosure is, or thereafter becomes, available to B. Riley or its Representatives from a third-party source, provided that, to B. Riley's knowledge, such third party is not and was not prohibited from disclosing such Confidential Information to B. Riley; or (iv) is or was independently developed by B. Riley or its Representatives, but not using or referencing the confidential information provided to B. Riley by the Archdiocese.

**Integration; Severability**
This Agreement contains the entire agreement and understanding between B. Riley and/or the Archdiocese concerning the matter. This Agreement supersedes and replaces all prior negotiations, estimates, proposed agreements, and/or agreements (oral and written) concerning B. Riley's services for the Archdiocese in conjunction with the matter. If any portion of this Agreement shall be held or made unenforceable or invalid by a statute, rule, regulation, decision of a tribunal or otherwise, the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect, and, to the fullest extent, the provisions of this Agreement shall be severable.

**Governing Law; Dispute Resolution**
The parties agree that this Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to choice of law or principles thereof. To the extent allowed by applicable law, any claims or causes of action arising out of, relating to, or in connection with this Agreement may only be brought in the state or federal courts located in the State of California, and the parties agree to submit to the exclusive personal jurisdiction of such courts. The parties hereby further agree that any dispute, claim or controversy arising out of or relating to this Agreement, or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement to arbitrate, shall be determined by binding arbitration under the Federal Arbitration Act in the venue stated above, before one arbitrator who is a retired judge. The arbitration shall be administered by JAMS under its Comprehensive Arbitration Rules and Procedures and JAMS' Streamlined Arbitration Rules and Procedures. Judgment on the award may be entered in any court having jurisdiction. The costs of arbitration, including the arbitrator's fees and administrative expenses, shall be paid as follows: fifty percent (50%) by the claimant(s) and fifty percent (50%) by the respondent(s), such that no side shall bear more than half the costs of the arbitration. The parties agree that discovery shall be limited to only one deposition on topics that are directly relevant to the services provided in connection with this Agreement. This clause, however, shall not preclude the parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

Case: 23-30564    Doc# 103    Filed: 09/13/23    Entered: 09/13/23 15:50:42    Page 22 of 23



**Contact Information**

All correspondence to B. Riley should be directed to:

> Seth R. Freeman
> B. Riley Advisory Services
> 19800 MacArthur Boulevard, Suite 820
> Irvine, CA 92612
>
> Tel: (415) 229-4860
> Email: sfreeman@brieyfin.com

**Conclusion**

If the arrangements described herein are acceptable to the Archdiocese and the services outlined are in accordance with your requirements, please sign and return a copy of this letter. We look forward to working with you on this matter.


Yours very truly,

GLASSRATNER ADVISORY & CAPITAL GROUP LLC d/b/a B. Riley Advisory Services

_____          May 24, 2023
Seth R. Freeman                                 _____
Managing Director                               Date

_____
Wayne P. Weitz                                  5/24/23
Senior Managing Director                        _____
                                                Date


Agreed and accepted:

ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO

_____          5/24/23
Rev. Patrick Summerhays, JCL                    _____
Vicar General                                   Date


> **B. Riley Wire Instructions:**
> Wells Fargo Bank
> San Francisco, California USA
> Phone: 626-572-1530
> Beneficiary: B. Riley Advisory Services
> ABA# ██████248
> Account Number: ████████0418
> Reference: ██████████