PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
    ppascuzzi@ffwplaw.com
    jrios@ffwplaw.com
    tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
    okatz@sheppardmullin.com
    amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor In Possession. | CASE NO. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF PAUL H. DEUTCH IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF OMNI AGENT SOLUTIONS, INC. AS ADMINISTRATIVE AGENT, AND (II) GRANTING RELATED RELIEF**<br><br>[No Hearing Required]<br><br>Hon. Dennis Montali |

I, Paul H. Deutch, declare:

1.  I am the Executive Vice President of Omni Agent Solutions, Inc. ("<u>Omni</u>"), an administrative services firm that specializes in the administration of large chapter 11 cases, whose

offices are located at 5955 De Soto Avenue, Suite 100, Woodland Hills, CA, 91367, and 1120 Avenue of the Americas, 4th Fl., New York, NY 10036. I submit this declaration (the "Declaration") in support of the application (the "Application") of the Debtor and Debtor in Possession (the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case") for an order appointing Omni as Administrative Agent pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code effective as of the Petition Date. Except as otherwise noted, I have personal knowledge of the matters set forth herein. I give capitalized terms that are otherwise undefined the meanings ascribed to them in the Application.

2. As Administrative Agent, Omni will perform the Administrative Services specified in the Application and the Services Agreement.

3. The fees that Omni will charge in connection with the Administrative Services it renders to the Debtor are set forth in the Services Agreement. Omni's rates are competitive and comparable to the rates that Omni's competitors charge for similar services and are reasonable given the quality of Omni's services and expertise. Omni will seek reimbursement from the Debtor in accordance with the terms of the Services Agreement.

4. Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Agent pursuant to the Services Agreement. Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Bankruptcy Case regarding professional compensation and reimbursement of expenses.

5. Omni is one of the country's leading chapter 11 administrators, with experience in claims administration, file preparation, noticing, balloting, tabulation, debt issuer, disbursement services, and facilitating other administrative aspects of chapter 11 cases of this size and complexity. Omni has provided identical or substantially similar services in other chapter 11 cases filed in this District and elsewhere.

6. I represent, among other things, that:

    a. Omni neither holds nor represents any interest adverse to the Debtor's

estate;

b. I am not related or connected to and, to the best of my knowledge, no other professional of Omni is related to or connected to any United States Bankruptcy Judge for the Northern District of California or the U.S. Trustee or to any employee in the offices thereof;

c. Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Administrative Agent in the Bankruptcy Case;

d. By accepting employment in the Bankruptcy Case, Omni waives any right to receive compensation from the United States government in its capacity as the Debtor's Administrative Agent in the Bankruptcy Case;

e. In its capacity as the Debtor's Administrative Agent in the Bankruptcy Case, Omni is not an agent of the United States and is not acting on behalf of the United States in the Bankruptcy Case; and

f. In its capacity as the Debtor's Administrative Agent in the Bankruptcy Case, Omni will not intentionally misrepresent any fact to the public.

7. Omni will not employ any past or present employee of the Debtor for work that involves the Debtor's bankruptcy proceedings. The terms of Omni's retention are set forth in Exhibit 1, which is annexed to the Proposed Order.

8. The Debtor has many creditors and, from time to time, Omni may have worked with certain of those creditors in completely unrelated matters. Proposed bankruptcy counsel for the Debtor has provided me with a list of the Debtor's secured creditors, top 20 largest unsecured creditors, and other parties in interest (the "Conflicts List"). I have caused an examination of these records to be made to determine which, if any, of the parties on the Conflicts List Omni may have worked with in the past or may be working with at the present time in unrelated matters. This search has disclosed that, to the best of my present knowledge, Omni has not in the past and is not currently working with any of the parties on the Conflicts List.

9. Omni has reviewed its electronic database to determine whether it has any relationships with the list of entities provided by the Debtor. Based on the results of such search, certain Omni employees were previously employed at Wells Fargo Bank. At this time, Omni is not aware of any relationship that would present a disqualifying conflict of interest. Should Omni discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Omni will use reasonable efforts to promptly file a supplemental declaration.

10. The Affiliates provide stock transfer solution services primarily to public companies or companies intending to trade shares publicly. These services include transfer agency services, initial public offering counseling, proxy solicitation assistance and data analysis, and electronic transmission of data services. The Affiliates do not provide Agent services in restructurings. Omni is unaware of any connections between the Debtor and the Affiliates. If I subsequently learn of any such connections, I will supplement this disclosure.

12. There may be other creditors of the Debtor that Omni may currently be working with, or worked with in the past, but in no event is Omni working with any other creditor with respect to the Debtor's Bankruptcy Case. To the extent I become aware of Omni having worked with any other creditors of the Debtor, I will file a supplemental declaration advising the Court of the same.

13. Notwithstanding anything contained herein, as part of its diverse business, Omni is the noticing, claims and administrative agent for debtors in numerous cases involving many different creditors (including taxing authorities), professionals, including attorneys, accountants, investment bankers and financial consultants, some of which may be creditors or represent creditors and parties-in-interest in this Bankruptcy Case. In addition, Omni has in the past and will likely in the future continue working with or against other professionals involved in this Bankruptcy Case in matters unrelated to this Bankruptcy Case. Based upon my current knowledge of the parties involved, and to the best of my knowledge, none of these business relations constitute interests adverse to that of the creditors, or the Debtor's estate, with respect to the matter upon which Omni is to be engaged. Additionally, Omni employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtor. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to this Bankruptcy Case.

14. Based upon the information available to me, I believe that Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, in that Omni and its personnel: (a) are not creditors, equity security holders or insiders of the Debtor; (b) are not and were not, within two years before the date of the filing of this case, a director, officer or employee

of the Debtor; and (c) do not have an interest materially adverse to the interests of the Debtor's estates\ or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

15. In performing the services identified above, Omni will charge the rates set forth in Schedule A to the Service Agreement annexed to the proposed order as Exhibit 1. The rates set forth therein are as favorable and reasonable as the prices Omni charges in cases in which it has been retained to perform similar bankruptcy related services.

16. Under the terms of the Services Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Omni and its officers, directors, agents, employees, consultants, and subcontractors under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from Omni's gross negligence, willful misconduct, bad-faith, self-dealing, or breach of fiduciary duty, if any, or as otherwise provided in the Services Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 12, 2023, at New York, New York.

/s/ Paul H. Deutch
Paul H. Deutch
Executive Vice President