PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
okatz@sheppardmullin.com
amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>               Debtor and<br>               Debtor In Possession. | CASE NO. 23-30564<br><br>Chapter 11<br><br>**MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY AS OF THE PETITION DATE AND PROVIDE COMPENSATION TO PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**<br>**[11 U.S.C. §§ 105(a), 327, 328, and 330]**<br><br>Date:        October 12, 2023<br>Time:        1:30 p.m.<br>Place:       Via ZoomGov<br>Judge:     Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and

debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby

submits this Motion (the "Motion"), pursuant to sections 105(a), 327, 328, 330, 363(b) and 1108,

of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing, but not directing, the Debtor to (i) establish certain procedures to retain and compensate those professionals that the Debtor employs in the ordinary course of business (collectively, the "Ordinary Course Professionals"), effective as of the Petition Date (as defined below), without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications.

A proposed form of order granting the relief requested herein is annexed hereto Exhibit A (the "Proposed Order"). An initial list of Ordinary Course Professionals is attached to the Proposed Order as Exhibit 1.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to entry of a final ruling by the court. The statutory basis for the motion is 11 U.S.C. §§ 327, 328, 330, 363(b), 1108, and 105(a).

### II. BACKGROUND

On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Bankruptcy Case. On September 1, 2023, the Office of the United States Trustee for the Northern District of California appointed a statutory committee of unsecured creditors ("Committee") in this case pursuant to section 1102 of the Bankruptcy Code (Dkt. No. 58).

For additional information regarding the circumstances leading to the commencement of the Chapter 11 Case and information regarding the Debtor's business and finances the Debtor relies upon the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [Dkt. 14] ("Passarello Background Decl."), the *Declaration of Paul E. Gaspari*

*in Support of Chapter 11 Petition and Debtor's Emergency Motions* [Dkt. 15] ("<u>Gaspari Decl</u>."), the *Declaration of Joseph J. Passarello* in support of this Motion ("<u>Passarello Decl</u>.") the exhibits in support thereof, and the court's filings and records in this case. In further support of this Motion, the Debtor relies upon the representation and points and authorities set forth below.

## III. PROPOSED PROCEDURES FOR EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS

The Debtor seeks to employ as of the Petition Date Ordinary Course Professionals to render professional services to the Debtor's estate in the same manner and for the same or similar purposes as such professionals were retained by the Debtor prior to the Petition Date. The current list of Ordinary Course Professionals is attached to the Proposed Order as Exhibit 1. In the past, Ordinary Course Professionals have provided the Debtor with specialized legal, accounting, professional consulting and recruiting and other services relating to, among other things, pension legal compliance, employment matters, accounting and auditing, actuarial, and plan administration, 403(b) plan consulting immigration and canon law consulting that support the Debtor's ordinary day to-day operations. Some or all of the projected fees and expenses for the Ordinary Course Professionals may be "ordinary course" payments for services unrelated to the Bankruptcy Case authorized pursuant to Section 363(b), but in an abundance of caution the Debtor makes this Motion for authority to pay Ordinary Course Professionals pursuant to Section 327 including subsection (e).

It is essential that the employment of Ordinary Course Professionals, who are familiar with the Debtor's business, be continued to avoid disruption of the Debtor's operations during this Bankruptcy Case. The requested authority for amounts to be paid without separate application would be limited to $15,000 per month and/or $45,000 per quarter per professional, with the exception of the Debtor's auditors, investment advisors and recruiters who are paid at certain milestones or quarterly instead of monthly and may be entitled to payments greater than $15,000 as detailed in Exhibit 1 to the Proposed Order attached to the Motion, including an annual audit fee of $132,000 payable to BPM LLP. It is anticipated based upon past experience that the monthly services for the other professionals will be under the limit. As explained below, if approved, this

procedure requires the Debtor to file a declaration and questionnaire for each proposed professional, and to file quarterly statements disclosing all payments.

None of the anticipated professional services are duplicative of services to be provided by the bankruptcy professionals the Debtor seeks to employ pursuant Section 327(a) for assistance with the Debtor's bankruptcy-related duties (*Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP as Bankruptcy Counsel*; *Sheppard, Mullin, Richter & Hampton LLP as Bankruptcy Counsel; Weinstein & Numbers as Insurance Counsel*; *Weintraub Tobin as Special Corporate and Litigation Counsel*; *GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services as Financial Advisor to the Debtor*). The Debtor's Ordinary Course Professionals are more familiar with the issues that will come up in each of their respective areas, and they have the experience of dealing with the Debtor's particular needs in those areas. Therefore, it will be far more cost-effective and efficient for the Debtor to continue using their services for these matters.

The Debtor submits that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "Procedures") are in the best interests of the estate, creditors, and all other parties in interest. The relief requested will save the Debtor, the estate, interested parties, and the Court the time and expense associated with applying to the Court separately to retain each Ordinary Course Professional, and will avoid the incurrence of additional fees for the preparation and prosecution of numerous interim and final fee applications during this Bankruptcy Case, which relate to relatively small ordinary course compensation expenses.

Accordingly, the Debtor requests that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and authorize the following Procedures for the current Ordinary Course Professionals for such additional Ordinary Course Professionals who the Debtor may decide to utilize in the future:

(i) Within thirty (30) days after the later of (a) the entry of an order granting this Motion and (b) the date on which an Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional will provide the following to the Debtor's attorneys: (1) a declaration (the "OCP Declaration"), substantially in the form annexed to the Proposed Order as Exhibit 2, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such

professional is to be employed, and (2) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed to the Proposed Order as Exhibit 3.

(ii) Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtor will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "U.S. Trustee"), (b) counsel for the official committee appointed in this Bankruptcy Case ("Committee"), and (c) parties that have requested special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Reviewing Parties").

(iii) If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve on (a) the attorneys for the Debtor and (b) the relevant Ordinary Course Professional (together, the "Objection Recipients") a written objection stating the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtor is authorized to retain any Ordinary Course Professional and to compensate such Ordinary Course Professional, without separate application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided, however*, that the Ordinary Course Professional's total compensation and reimbursements to be paid without separate application shall not exceed $15,000 for each month starting from the first full month following the Petition Date (the "OCP Monthly Cap") and/or shall not exceed $45,000 for each quarter (the "OCP Quarterly Cap"); *provided further, however*, the Debtor's auditors, financial advisors and recruiters who are paid at certain milestones or quarterly instead of monthly may receive regular payments greater than $15,000 as set forth in Exhibit 1 to the Proposed Order, including an annual audit fee of $132,000 payable to BPM LLP.

(vii) To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods.

///

(viii)  In the (unanticipated) event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during this Bankruptcy Case: (a) the Debtor may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional may file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

(ix)  Within thirty (30) days of the end of each quarterly period, the Debtor will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtor's compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(x)  If the Debtor seeks to retain an Ordinary Course Professional not already listed on Exhibit 1 to the Proposed Order, the Debtor will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "OCP List Supplement"), along with the attendant OCP Declarations and Retention Questionnaires.

(xi)  If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

## IV.  EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS SHOULD BE AUTHORIZED

### A.  11 U.S.C. § 327(a)

A debtor is required to obtain bankruptcy court approval before it is permitted to hire "professional persons" to assist in connection with the debtor's bankruptcy duties. 11 U.S.C. § 327(a), and such persons are required to be "disinterested."

In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, and therefore must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Elstead v. Nolden (In re That's Ent. Mtkg. Grp.)*,

Case: 23-30564    Doc# 114    Filed: 09/14/23    Entered: 09/14/23 15:50:04    Page 6 of 25

168 B.R. 226, 230 (N.D. Cal. 1994) ("For purposes of interpreting § 327, the term 'professional persons,' is a 'term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.'") (quoting *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns- Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986)).

In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

>   (a)   whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;
>
>   (b)   whether the entity is involved in negotiating the terms of a plan of reorganization;
>
>   (c)   whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;
>
>   (d)   whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;
>
>   (e)   the extent of the entity's involvement in the administration of the debtor's estate; and
>
>   (f)   whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case").

**B.    11 U.S.C. § 327(e)**

To the extent that authorization of employment is required relating to the Ordinary Course Professionals identified in this Motion, the Debtor may employ other professionals pursuant to Section 327(e), which provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has

Case No. 23-30564
MOTION TO EMPLOY ORDINARY
COURSE PROFESSIONALS
-7-

Case: 23-30564   Doc# 114   Filed: 09/14/23   Entered: 09/14/23 15:50:04   Page 7 of 25

represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment." Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330.

As noted, some or all of the projected expenses are likely "ordinary course" payments authorized pursuant to Section 363(b), but in an abundance of caution the Debtor makes this Motion for authority to employ and pay professionals pursuant to Section 327(e). Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a). Accordingly, the Court has authority to approve the Procedures and other relief sought herein.

Similar retention and payment procedures with respect to ordinary course professionals have been approved in other cases. *See, e.g., In re The Roman Catholic Bishop of Santa Rosa*, No. 23-10113 (Bankr. N.D. CA July 17, 2023) [Dkt. 297] (authorizing debtors to employ and pay professionals used in the ordinary course of business); *In re The Roman Catholic Bishop of Oakland*, No. 23-40523 (Bankr. N.D. CA July 20, 2023) [Dkt. 263] (same); *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-bk-30088-DM (Bankr. N.D. Cal February 28, 2019) [Docket No. 707] (authorizing debtors to employ professionals used in the ordinary course of business); *In re Roman Catholic Diocese of Harrisburg*, Case No: 1:20-bk-00599-HMV (Bankr. M.D. Penn. March 16, 2020) [Docket No. 122] (same); *In re Valley Econ. Dev. Ctr., Inc.*, Case No. 1:19-bk-11629-DS (Bankr. C.D. Cal. Oct. 8, 2019) [Docket No. 187] (authorizing debtors to retain and compensate professionals utilized in the ordinary course of business); *In re Verity Health Sys. of Cal., Inc.*, Case No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Oct. 29, 2018) [Docket No. 693] (same).

///

Case: 23-30564    Doc# 114    Filed: 09/14/23    Entered: 09/14/23 15:50:04    Page 8 of 25

### C. Professionals are Eligible to Perform Services and the Proposed Process is Necessary to the Debtor's Operations

The Debtor does not believe that any Ordinary Course Professionals hold unsecured claims against the Debtor for prepetition services rendered to the Debtor other than Beacon Pointe LLP which is owed approximately $19,000 for pre-petition services, and to the extent they do, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its creditors, or other parties in interest with respect to the matters on which they are to be employed. Accordingly, pursuant to section 327(e) and the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

The Debtor relies on the Ordinary Course Professionals to support its business and everyday operations. As a result of their prepetition representations of the Debtor, the Ordinary Course Professionals have obtained significant knowledge of the day to day operations of the Debtor which would make them difficult and costly to replace. In light of the additional costs associated with the preparation of retention applications for professionals that likely will receive relatively small fees as compared to professionals retained to assist the Debtor in prosecuting this Bankruptcy Case, it is impractical and economically inefficient for the Debtor to submit individual retention applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtor requests that the Court dispense with the requirement of individual retention applications and fee applications with respect to each Ordinary Course Professional.

Other than the Ordinary Course Professionals, all professionals employed by the Debtor to assist in the prosecution of this Bankruptcy Case will be retained by the Debtor pursuant to separate orders approving separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and other orders of this Court.

Based on the foregoing, the Debtor submits that the requested relief is necessary and appropriate, is in the best interests of its estate, and should be granted.

///

///

## V. RESERVATION OF RIGHTS

Nothing contained herein is intended, or shall be construed, as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 14, 2023

FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
Proposed Attorneys for The Roman
Catholic Archbishop of San Francisco,
a California corporation sole

1                                                      Exhibit A

2                                      [PROPOSED] Order

1    PAUL J. PASCUZZI, State Bar No. 148810
     JASON E. RIOS, State Bar No. 190086
2    THOMAS R. PHINNEY, State Bar No. 159435
     FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LLP
     500 Capitol Mall, Suite 2250
4    Sacramento, CA  95814
     Telephone:    (916) 329-7400
5    Facsimile:    (916) 329-7435
                   ppascuzzi@ffwplaw.com
6                  jrios@ffwplaw.com
                   tphinney@ffwplaw.com
7
     ORI KATZ, State Bar No. 209561
8    ALAN H. MARTIN, State Bar No. 132301
     SHEPPARD, MULLIN,
9    RICHTER & HAMPTON LLP
     Four Embarcadero Center, 17th Floor
10   San Francisco, CA  94111
     Telephone:    (415) 434-9100
11   Facsimile:    (415) 434-3947
                   okatz@sheppardmullin.com
12                 amartin@sheppardmullin.com

13   Proposed Attorneys for
     The Roman Catholic Archbishop of San Francisco
14

15               UNITED STATES BANKRUPTCY COURT

16       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17   In re:                              CASE NO.  23-30564

18   THE ROMAN CATHOLIC ARCHBISHOP       Chapter 11
     OF SAN FRANCISCO,
19                                        **ORDER PURSUANT TO 11 U.S.C. §§ 105(a),**
                  Debtor and              **327, 328, and 330 AUTHORIZING THE**
20                Debtor In Possession.   **DEBTOR TO EMPLOY AS OF THE**
                                          **PETITION DATE AND PROVIDE**
21                                        **COMPENSATION TO PROFESSIONALS**
                                          **USED IN THE ORDINARY COURSE OF**
22                                        **BUSINESS [11 U.S.C. §§ 105(a), 327, 328, and**
                                          **330]**
23
                                          Date:      October 12, 2023
24                                        Time:      1:30 p.m.
                                          Place:     Via ZoomGov
25                                        Judge:     Hon. Dennis Montali

26   ///

27   ///

28

Upon the Motion, dated September 14, 2023 (the "Motion[1]") of the Roman Catholic Archbishop of San Francisco as debtor and debtor in possession ("RCASF" or "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), pursuant to sections 105(a), 327, 328, 330, 363(b) and 1108, of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing, but not directing, the Debtor to (i) establish certain procedures to retain and compensate those professionals that the Debtor employs in the ordinary course of business (collectively, the "Ordinary Course Professionals"), effective as of the Petition Date (as defined below), without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted as provided herein.

2.       The Debtor is authorized, but not directed, to employ the Ordinary Course Professionals listed on Exhibit 1 hereto in the ordinary course of its business in accordance with the following procedures (the "Procedures"), effective as of the Petition Date:

(i)       Within thirty (30) days after the later of (a) the entry of an order granting this Motion and (b) the date on which an Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional will provide the following to the Debtor's attorneys: (1) a declaration (the "OCP Declaration"), substantially in the form annexed to this Order as Exhibit 2, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed to this Order as Exhibit 3.

(ii)      Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtor will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "U.S. Trustee"), (b) counsel for the official committee appointed in this Bankruptcy Case ("Committee"), and (c) parties that have requested special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Reviewing Parties").

(iii)     If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve

---

[1]  Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Case: 23-30564    Doc# 114    Filed: 09/14/23    Entered: 09/14/23 15:50:04    Page 13 of 25

on (a) the attorneys for the Debtor and (b) the relevant Ordinary Course Professional (together, the "Objection Recipients") a written objection stating the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtor is authorized to retain any Ordinary Course Professional and to compensate such Ordinary Course Professional, without separate application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided, however*, that the Ordinary Course Professional's total compensation and reimbursements to be paid without separate application shall not exceed $15,000 for each month starting from the first full month following the Petition Date (the "OCP Monthly Cap") and/or shall not exceed $45,000 for each quarter (the "OCP Quarterly Cap"); *provided further, however*, the Debtor's auditors, financial advisors and recruiters who are paid at certain milestones or quarterly instead of monthly may receive regular payments greater than $15,000 as set forth in Exhibit 1 to the Proposed Order, including an annual audit fee of $132,000 payable to BPM LLP.

(vii) To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods.

(viii) In the (unanticipated) event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during this Bankruptcy Case: (a) the Debtor may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional may file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

(ix) Within thirty (30) days of the end of each quarterly period, the Debtor will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtor's compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the

aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(x) If the Debtor seeks to retain an Ordinary Course Professional not already listed on Exhibit 1 to this Order, the Debtor will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "OCP List Supplement"), along with the attendant OCP Declarations and Retention Questionnaires.

(xi) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3. The form of OCP Declaration and Retention Questionnaire are approved.

4. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor , (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Entry of this Order and approval of the Procedures shall not affect the Debtor's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtor reserves all of their rights with respect thereto.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. The Debtor is authorized to take all steps necessary or appropriate to carry out this Order.

///

7.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Case: 23-30564    Doc# 114    Filed: 09/14/23    Entered: 09/14/23 15:50:04    Page 16 of
25

# EXHIBIT 1

**Exhibit 1**

**Initial List of Ordinary Course Professionals**

| Name | Address | Professional Service | Estimated Amount |
|---|---|---|---|
| **Legal** | | | |
| Allen, Glaessner, Hazelwood & Werth LLP | 180 Montgomery Street, Suite 1200, San Francisco, CA 94104 | Legal advice and representation in litigation concerning non-abuse matters. | $10,000 per month |
| Best Best & Krieger LLP | 3390 University Ave 5th Fl. Riverside, CA 92502 | Legal Advice concerning Pension/403B plans | $2,000 per month |
| Jackson Lewis LLP | 50 California Street, 9th Floor, San Francisco, CA 94111 | Legal advice and representation in employment litigation matters | $5,000/mo. |
| Littler Mendelson, PC | 333 Bush Street, 34th Floor, San Francisco, CA 94104 | Legal services concerning employment and union matters | $2,000 month |
| Rankin Stock Heaberlin O'Neal | 93 N. 3rd Street, #500, San Jose, CA 95112 | Litigation | $5,000/mo. |
| | | | |
| **Financial/Accounting** | | | |
| Beacon Pointe LLP | 24 Corporate Plaza Drive, Suite 150 Newport Beach, CA 92660 | Investment Advisor | $36,000 per quarter |
| BPM LLP | One California Street, Suite 2500, San Francisco, CA 94111 | CPA Firm for Audits Chancery/ Central Administrative Offices | Unbilled portion for FY'23 Audit $132,000 |
| Nicolay Consulting Group Inc. | 231 Sansome St. Suite 300 San Francisco, CA 94104 | Pension Plan consulting and actuarial services for pension plans | $6,000 per quarter |
| Grant Thornton LLP | 101 California Street, Suite 2700, San Francisco, CA 94111 | UBIT Tax Consulting | $10,000 initial payment and |

| | | | $10,000 upon completion |
|---|---|---|---|
| Global Retirement Partners – Heffernan Retirement Services | 4340 Redwood Hwy, Ste B60, San Rafael, CA 94903 | 403B Plan Advisor | $14,000 per Quarter |
| | | | |
| **Other** | | | |
| Stewardship Planned Giving | 6713 Old Jacksonville Highway, Suite 105 Tyler, Texas 75703 | Consulting for Planned Giving | $8,000 month over 4 months |
| Korn Ferry | One Montgomery Street, Suite 2200 San Francisco, CA 94104 | Executive Search Consultant | $16,000 flat fee |
| Executive Search Recruiting Firm(s) | TBD | Assist with recruiting for Superintendent Position | $80,000 (payable in 3 installments at engagement, submission of vetted candidates, & placement of candidate) |

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor In Possession. | **DECLARATION AND DISCLOSURE STATEMENT OF _____, ON BEHALF OF** _____ |

To be completed by Professionals engaged by The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

I,_____, hereby declare as follows:

1.  I am a _____ of _____, located at_____(the "Firm").

2.  The Debtor in the above-captioned chapter 11 case has requested that the Firm provide _____ services to the Debtor, and the Firm has consented to provide such services (the "Services").

3.  The Services include, but are not limited to, the following:

_____

_____

4.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case. The Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

EXHIBIT 2 TO MOTION TO EMPLOY PROFESSIONALS

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this chapter 11 case, the Debtor owed the Firm $_____ in respect of prepetition services rendered to the Debtor.

8. If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration and Disclosure Statement was executed on _____, 2023, at_____.

_____
Declarant Name

Exhibit 2 to Order on Motion to Employ Professionals

# EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

          Debtor and
          Debtor In Possession.

Case No.  23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

      To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

      All questions **must** be answered.   Please use "none," "not applicable," or "N/A," as appropriate.  If more space is needed, please complete on a separate page and attach.

1.      Name and address of professional:

_____

_____

_____

2.      Date of retention: _____

3.      Type of Services to be provided:

_____

_____

_____

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

    (a)      Average hourly rate (if applicable): _____

(b)     Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): _____

6.      Prepetition claims against the Debtor held by the company (if any):

        Amount of claim:  $_____

        Date claim arose: _____

        Nature of claim: _____

7.      Prepetition claims against the Debtor (if any) held individually by any member, associate, or employee of the company:

        Name: _____

        Status: _____

        Amount of claim: $_____

        Date claim arose: _____

        Nature of claim: _____

        _____

8.      Disclose the nature and provide a brief description of any interest adverse to the Debtor or its estate for the matters on which the professional is to be employed:

_____

_____

_____

9.      Name and title of individual completing this form:

_____

Dated: _____, 2023

_____
Declarant Name

Exhibit 3 to Order on Motion to Employ Professionals