PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
  ppascuzzi@ffwplaw.com
  jrios@ffwplaw.com
  tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
  okatz@sheppardmullin.com
  amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor In Possession. | CASE NO. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF JOSEPH J. PASSARELLO IN SUPPORT OF MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY AS OF THE PETITION DATE AND PROVIDE COMPENSATION TO PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS [11 U.S.C. §§ 105(a), 327, 328, and 330]**<br><br>Date: October 12, 2023<br>Time: 1:30 p.m.<br>Place: Via ZoomGov<br>Judge: Hon. Dennis Montali |

I, Joseph J. Passarello, hereby declare under penalty of perjury as follows:

1. I am the Senior Financial Director and former Chief Financial Officer ("<u>CFO</u>") of The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein

("RCASF" or the "Debtor").[1] I have been the CFO of the RCASF since January 2014. Before that, I have been the CFO for several other companies including Serena Software, Aptina Imaging, AMI Semiconductor, and Therma-Wave, Inc. I have a Master of Business Administration from Santa Clara University and a Bachelor of Science in Economics and Business Administration from St. Mary's College. In the course and scope of my duties as Senior Financial Director and while serving as CFO, I am familiar with the record keeping practices and policies of the RCASF and how it regularly maintains its business records. I make this declaration ("Declaration" in support of the above-referenced Motion to establish certain procedures to retain and compensate the professionals that the Debtor employs in the ordinary course of business (collectively, the "Ordinary Course Professionals"). All terms not otherwise defined herein have the same meaning as set forth in the Motion.

2. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by RCASF's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to RCASF's operations, financial condition and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of RCASF, prepared and kept in ordinary and regularly conducted business activity of RCASF, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of RCASF.

3. The Debtor seeks to employ as of the Petition Date Ordinary Course Professionals to render professional services to the Debtor's estate in the same manner and for the same or similar purposes as such professionals were retained by the Debtor prior to the Petition Date. In the past, Ordinary Course Professionals have provided the Debtor with specialized legal, accounting, professional consulting and recruiting and other services relating to, among other things, pension

---

[1] Effective September 8, 2023, in accordance with a long-planned retirement transition, my title changed to Senior Financial Director. I am succeeded as Chief Financial Officer by Michael Flanagan. My transition was planned in February 2023. In my new role, I will continue to be the financial executive responsible for all issues pertaining to this chapter 11 matter through at least January 19, 2024.

legal compliance, employment matters, accounting and auditing, investment advice, actuarial, and plan administration, 403(b) plan consulting, immigration and canon law consulting that support the Debtor's ordinary day to-day operations. The employment of Ordinary Course Professionals is necessary to avoid disruption of the Debtor's operations during this Bankruptcy Case. An initial list of Ordinary Course Professionals is submitted herewith as Exhibit 1 to the Proposed Order.

4. It is essential that the employment of Ordinary Course Professionals, who are familiar with the Debtor's business, be continued to avoid disruption of the Debtor's operations during this Bankruptcy Case. The requested authority for amounts to be paid without separate application would be limited to $15,000 per month and $45,000 per quarter per professional, with the exception of the Debtor's auditors and recruiters who are paid at certain milestones instead of monthly and may be entitled to payments greater than $15,000 as detailed in Exhibit 1 to the Proposed Order attached to the Motion, including the remaining balance of an annual audit fee of $132,000 payable to BPM LLP. Rather than paying BPM monthly progress payments for its annual auditing services, the Debtor has for many years negotiated a flat rate payment with BPM for its annual audit. This year, the annual fee for BPM's audit of the RCASF is $149,000, with a $17,000 installment having been paid pre-petition. Based upon the Debtor's consideration of the market rate for such services and the scope and complexity of the audit, I am satisfied that the annual audit fee for BPM is at or below fair market value for their services. Similarly, the Debtor pays its recruiting consultants in installments, rather than monthly fees as noted in the Exhibit 1.

5. It is anticipated based upon past experience that the monthly services for the Ordinary Course Professionals will be under the limit, as further estimated on Exhibit 1, which includes an estimate of the anticipated range of expenses.

6. None of the anticipated professional services are duplicative of services to be provided by the bankruptcy professionals already employed by the debtor (Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, Sheppard, Mullin, Richter & Hampton LLP, Weinstein & Numbers; Weintraub Tobin, and GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services).

///

7. The Debtor relies on the Ordinary Course Professionals to support its business and everyday operations. As a result of their prepetition representations of the Debtor, the Ordinary Course Professionals have obtained significant knowledge of the day to day operations of the Debtor which would make them difficult and costly to replace. In light of the additional costs associated with the preparation of retention applications and fee applications for professionals that likely will receive relatively small fees as compared to professionals retained to assist the Debtor in prosecuting this Chapter 11 Case, I believe it would be impractical and economically inefficient for the Debtor to submit individual retention applications and fee applications.

8. The Debtor does not believe that any Ordinary Course Professionals hold unsecured claims against the Debtor for prepetition services rendered to the Debtor other than Beacon Pointe LLP which is owed approximately $19,000 for pre-petition services, and to the extent they do, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its creditors, or other parties in interest with respect to the matters on which they are to be employed.

I declare under penalty of perjury that the foregoing it true and correct. Executed on September 14, 2023 at San Francisco, California.

_____
Joseph J. Passarello

-4-

Case No. 23-30564
DECLARATION IN SUPPORT OF MOTION TO
EMPLOY ORDINARY COURSE PROFESSIONALS

Case: 23-30564   Doc# 114-1   Filed: 09/14/23   Entered: 09/14/23 15:50:04   Page 4 of 4