```
 1  PAUL J. PASCUZZI, State Bar No. 148810    Signed and Filed: September 14, 2023
    JASON E. RIOS, State Bar No. 190086
 2  THOMAS R. PHINNEY, State Bar No. 159435
    FELDERSTEIN FITZGERALD WILLOUGHBY
 3    PASCUZZI & RIOS LLP
    500 Capitol Mall, Suite 2250
 4  Sacramento, CA  95814                    _____
    Telephone:   (916) 329-7400              DENNIS MONTALI
 5  Email:       ppascuzzi@ffwplaw.com       U.S. Bankruptcy Judge
                 jrios@ffwplaw.com
 6               tphinney@ffwplaw.com

 7  ORI KATZ, State Bar No. 209561
    ALAN H. MARTIN, State Bar No. 132301
 8  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    Four Embarcadero Center, 17th Floor
 9  San Francisco, California 94111-4109
    Telephone:   (415) 434-9100
10  Email:       okatz@sheppardmullin.com
                 amartin@sheppardmullin.com
11
    Proposed Attorneys for The Roman Catholic
12  Archbishop of San Francisco
```

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| In re | Case No. 23-30564 |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **SECOND INTERIM ORDER** **(1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND (5) SCHEDULING A FINAL HEARING** |
| | Date: September 14, 2023 Time: 1:30 p.m. Via ZoomGov |
| | Judge: Hon. Dennis Montali |

The motion of The Roman Catholic Archbishop of San Francisco ("Debtor"), debtor in possession, the *Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance With Section 345(b); (4) Authorizing Continued Use of Current Investment Policy; and Scheduling a Final Hearing*, filed on August 21, 2023, as ECF No. 9 (the "Motion")[1] and the *Debtor's Supplement to the Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance With Section 345(b); (4) Authorizing Continued Use of Current Investment Policy; and Scheduling a Final Hearing*, filed on August 22, 2023, as ECF No. 22 (the "Supplement"), came on for emergency hearing on August 24, 2023 at 1:30 p.m., and for a second interim hearing on September 14, 2023, before the Honorable Dennis Montali of the United States Bankruptcy Court for the Northern District of California, and the Court having entered the *Interim (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance With Section 345(b); (4) Authorizing Continued Use of Current Investment Policy; and Scheduling a Final Hearing* on August 25, 2023, at ECF No. 41 ("Interim Order"). Paul J. Pascuzzi, Esq., of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Ori Katz of Sheppard, Mullin, Richter & Hampton LLP appeared on behalf of the Debtor. All other appearances were as noted on the record.

The Court having considered the Motion, the Supplement, the Passarello Background Decl., the Gaspari Decl., the Passarello Decl., the Supplemental Passarello Decl., and the *Debtor's (1) Reply to Objection of the United States Trustee to Final Approval of Debtor's Motion for Continued Use of Existing Cash Management System; and (2) Status Report Regarding Compliance with Interim Order Regarding Debtor's Existing Cash Management System, Operational Bank Accounts*

---

[1] Unless otherwise indicated, capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Motion, Supplement, or the Reply as applicable.

*and Related Investment Accounts* (the "Reply"), and the *Second Supplemental Declaration of Joseph J. Passarello in Support of Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance with Section 345(b); (4) Authorizing Continued Use of Current Investment Policy; and Scheduling a Final Hearing* (the "Second Supplemental Declaration"), all exhibits filed in support of the Motion and declarations, the *United States Trustee's Omnibus Objection to Debtor's First Day Motions and Reservation of Rights [ECF Nos. 7 & 9]* filed on August 23, 2023, as ECF No. 25, and the *Objection of the United States Trustee to Final Approval of Debtor's Motion for Continued Use of Existing Cash Management System* filed on September 7, 2023, as ECF No. 71 (collectively, the "UST Objections"), and the representations made by counsel at the hearing as reflected in the record of the hearing; and the Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the U.S. Trustee, the Cash Management Banks, the twenty largest unsecured creditors, all secured creditors, if any, and any applicable governmental entities; that no further notice is necessary; that the concerns and objections stated in the U.S. Trustee Objection as to this Motion have been consensually resolved with respect to the Interim Order and this Second Interim Order; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

It is hereby ORDERED as follows:

1. The Motion is GRANTED, on an interim basis, as set forth herein;

2. The Debtor is authorized to: (a) designate, maintain, and continue to use any and all existing bank accounts with the same account numbers, including, without limitation, the accounts identified in the Motion; provided however, that the accounts shall be designated as debtor in possession accounts to the extent possible by the relevant banks; and (b) continue to use its existing Cash Management System, which includes use of the Investment Accounts and credit cards. In connection with the ongoing use of the Cash Management System, the Debtor shall continue to maintain strict records with respect to all transfers of cash so that all transactions may be readily

ascertained, traced, recorded properly, and distinguished between pre-petition and post-petition transactions, and between the Debtor and any non-Debtor.

3. Each of the Debtor's existing depository and disbursement banks, as well as U.S. Bank National Association in its capacity as trustee of the Lay SERP and custodian of the Investment Pool Account (collectively, the "<u>Cash Management Banks</u>"), is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank for the maintenance of and services related to the Bank Accounts, together with all other fees and obligations relating to the Cash Management System.

4. Any of the Debtor's Cash Management Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued, or any direction provided pursuant to the applicable deposit, trust or custody agreement, as applicable, by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court without any duty of further inquiry and without liability for following the Debtor's instructions. The Cash Management Banks shall not be deemed in violation of this Order and shall have no liability for relying on such representations by the Debtor or honoring any check or other payment order that is subject to this Order either (a) at the direction of the Debtor to honor such prepetition check or other payment order, (b) in the good faith belief that this Court has authorized such prepetition check or other payment order to be honored, or (c) as a result of an innocent mistake. To the extent that the Debtor directs that any check or other payment order be dishonored or the Cash Management Banks inadvertently dishonor any check or other payment order, the Debtor may issue replacement checks or other payment orders consistent with the orders of this Court.

5.  That (i) those certain existing deposit, trust, and custody agreements, as applicable, between the Debtor and its Cash Management Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Cash Management Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) the Debtor and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

6.  Nothing contained herein shall prevent the Debtor from opening any additional bank accounts or closing any existing Bank Account(s) as it may deem necessary and appropriate, and the Cash Management Banks are authorized to honor the Debtor's request to open or close, as the case may be, such bank accounts or additional bank accounts, provided however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation that is organized under the laws of the United States or any State thereof and that such account is either bonded or securitized as described in 11 U.S.C. § 345(b) should the account exceed the FDIC insurance limit, and listed on the U.S. Trustee's list of authorized depositories for the Northern District of California.

7.  Any and all accounts opened by the Debtor on or after the Petition Date at any Bank shall, for all purposes under the Interim Order or this Second Interim Order, similarly be subject to the rights and obligations of the Interim Order or this Second Interim Order.

8.  The Debtor and the Cash Management Banks and Wells Fargo Bank (in connection with the continued use of credit cards) are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except to the extent otherwise directed by the terms of the Interim Order or this Second Interim Order, and the automatic stay of section 362 of the Bankruptcy Code is hereby modified to the extent necessary to authorize such performance. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of the Interim

Order, this Second Interim Order or by operation of the provisions of the Bankruptcy Code other than section 362.

9. Except as provided in the Interim Order and this Second Interim Order, the Debtor is authorized to continue to use its existing business forms and stationery without alteration or change.

10. The Debtor shall use reasonable efforts to comply with the following acts, as requested by the U.S. Trustee in resolution, in part, of the U.S. Trustee Objection:

    a. Close its Segal Bryant investment account within 15 days of entry of the Interim Order and provide proof of same to the U.S. Trustee within three business days following such closure;

    b. Close the FRB account (#9117) within 15 days of entry of the Interim Order and provide proof of same to the U.S. Trustee within three business days following such closure; and

    c. Have each of Bank of America, City National Bank, Bridge Bank, FRB, and CB&T designate the Debtor's respective bank accounts at these institutions as "Debtor in Possession" accounts within 15 days of entry of the Interim Order and provide proof of same to the U.S. Trustee within three business days following such designation.

11. The Debtor shall institute systems to regularly "sweep" funds as follows:

    a. Funds from the FRB brokerage account (#0589) into a debtor in possession account at an authorized depository for the Northern District of California, on a regular basis; and

    b. Any funds in excess of $250,000 from the Debtor's bank account at Bank of San Francisco into a debtor in possession account at an authorized depository for the Northern District of California, on a daily basis.

12. Except as otherwise set forth in this Interim Order, the Debtor is authorized to continue its current investment practices as described in the Motion and related pleadings, including but not limited to the use of the BofA Securities Investment Account, the Investment Pool Checking Account, the Restricted Donations Account, and the Stock Transfer Account.

13. Neither this Interim Order, nor the Debtor's payment of any amounts authorized by this Interim Order, shall: (i) result in any assumption of any executory contract by the Debtor; (ii) result in a commitment to continue any plan, program, or policy of the Debtor; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtor.

14. In granting the Motion, the Court is not making any findings or determinations as to what is or is not property of the estate. Nothing herein constitutes judicial approval or disapproval, or judicial determination, of what assets are or are not restricted or held in trust or property of the estate or what expenditures are reasonable or appropriate.

15. The Debtor is excused from redesignating the Additional Bank Accounts and Supplemental Additional Bank Accounts as debtor in possession accounts and complying with the requirements of section 345(b) as to the Additional Bank Accounts and Supplemental Additional Bank Accounts.

16. Notwithstanding the relief granted in the Interim Order and this Second Interim Order, all rights of the U.S. Trustee, any statutory committee(s) appointed in this Bankruptcy Case, or any other party in interest, including any right under section 345(b) of the Bankruptcy Code, to object or otherwise challenge the proposed treatment of the BofA Investment Account and the Investment Pool Account invested with fund managers in separate custodial accounts with U.S. Bank, are reserved.

17. To the extent the fourteen-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Interim Order, such stay is hereby waived.

18. Nothing in this Interim Order authorizes the Debtor to make any payments that benefit, directly or indirectly, any credibly accused perpetrator of abuse, whether for wages, support, housing, prepetition claims, retirement or otherwise.

19. The Debtors are authorized to take the actions necessary to effectuate the relief granted in this Interim Order.

20. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Interim Order.

21.     The final hearing on the Motion shall be heard on October 5, 2023, at 1:30 p.m. Opposition, if any, to the granting of the Motion on a final basis shall be filed by September 27, 2023. The Debtor's reply to any opposition shall be filed by October 3, 2023, at 12:00 p.m.

22.     Counsel to the Debtor is directed to serve a copy of this Second Interim Order on all parties on the Limited Service List, as defined in the Debtor's Motion For Order Establishing Notice Procedures on file herein, within five (5) days of the entry of this Second Interim Order and to file a certificate of service with the Clerk of the Court.

APPROVED AS TO FORM.

OFFICE OF THE UNITED STATES TRUSTEE

By: _____/s/ Jason Blumberg_____
    Jason Blumberg
    Trial Attorney for Tracy Hope Davis,
    United States Trustee for Region 17

***END OF ORDER***

**Court Service List**

Registered ECF Participants only.