1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:    (916) 329-7400
5  Facsimile:    (916) 329-7435
   Email:        ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
                 tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9    A Limited Liability Partnership
     Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:    (415) 434-9100
   Facsimile:    (415) 434-3947
12 Email:        okatz@sheppardmullin.com
                 amartin@sheppardmullin.com
13
   Proposed Attorneys for The Roman Catholic
14 Archbishop of San Francisco

15                    UNITED STATES BANKRUPTCY COURT

16            NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17 | | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S APPLICATION TO EMPLOY SHEPPARD, MULLIN, RICHTER & HAMPTON LLP AS BANKRUPTCY COUNSEL** |
| | Judge:  Hon. Dennis Montali |
| | *No Hearing Required* |

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby requests authority to employ Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin" or the

"Firm") as co-bankruptcy counsel to the Debtor (the "Application"),[1] and in support of this Application, respectfully represents the following:

## BACKGROUND

1. On August 21, 2023, the RCASF filed a voluntary Chapter 11 petition ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code.

2. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the bankruptcy court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.

3. Additional information regarding the circumstances leading to the commencement of the Bankruptcy Case and information regarding the Debtor's operations and structure is set forth in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* (ECF No. 14) and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* (ECF No. 15).

## SHEPPARD MULLIN'S QUALIFICATIONS

4. The Debtor seeks to retain Sheppard Mullin as bankruptcy counsel in the Bankruptcy Case because of Sheppard Mullin's extensive experience and knowledge in the field of debtors' and creditors' rights, particularly under chapter 11 of the Bankruptcy Code.

---

[1] This Application is made pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Guidelines of the Office of the United States Trustee ("UST Guidelines"). This Application is supported by the *Declaration of Ori Katz in Support of Application to Sheppard, Mullin, Richter & Hampton LLP* filed herewith ("Katz Declaration").

5.      Sheppard Mullin's bankruptcy and restructuring practice has been a key element of the firm since its founding.  Sheppard Mullin has represented its clients in all types of regional, national, and international insolvency matters, ranging from out-of-court loan workouts and financial restructurings to bankruptcy proceedings, committee representations, creditors' rights, and distressed asset acquisitions.

6.      Sheppard Mullin's attorneys frequently counsel and represent debtors in financial restructuring matters, as well as in chapter 11 cases and related court proceedings.  Sheppard Mullin's bankruptcy attorneys have helped companies in a variety of industries, including real estate, medical and life sciences (including biotech), retail, entertainment, manufacturing, telecommunications, technology, healthcare, and finance.  As a large, broad-based commercial law firm, Sheppard Mullin is able to draw on all manner of resources necessary to solve the multidisciplinary problems presented by complex chapter 11 cases.  Sheppard Mullin's clients span a wide spectrum, including secured lenders, debtors, lender groups, creditors' committees, indenture trustees, equity holders, bankruptcy trustees, and buyers of distressed assets.

7.      The Debtor proposes to employ Sheppard Mullin and Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR") as co-counsels.  While FFWPR is a small boutique firm focused on insolvency and commercial litigation and holds special expertise in diocese cases, the Debtor believes that the substantial size and complexity of the Bankruptcy Case will necessitate the involvement of a full-service law firm with the depth and experience of Sheppard Mullin to work alongside FFWPR as its co-counsel.  Sheppard Mullin will coordinate and work with FFWPR to guard against unnecessary duplication of services performed or charged to the Debtor's estate.

**SCOPE OF EMPLOYMENT**

8.      The Debtor and Sheppard Mullin anticipate that if the Court approves the proposed employment, Sheppard Mullin will provide the following services as the Debtor's co-bankruptcy counsel:

   a.   Advising and assisting the Debtor with respect to compliance with the requirements of the United States Trustee;

b. Advising the Debtor with respect to its powers and duties as a debtor in possession;

c. Advising the Debtor on the conduct of its Bankruptcy Case including all of the legal and administrative requirements of operating in chapter 11;

d. Attending meetings and negotiating with the representatives of creditors and other parties in interest;

e. Taking all necessary actions to protect and preserve the Debtor's estate, including assisting litigation counsel in prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor's interests in negotiations concerning litigation in which the Debtor is involved;

f. Preparing pleadings in connection with the Bankruptcy Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

g. Making court appearances on behalf of the Debtor;

h. Assisting the Debtor in the formulation, negotiation, confirmation, and implementation of a Chapter 11 plan and any auction, sale or other disposition of assets; and

i. Taking such other action and performing such other services as the Debtor may require of Sheppard Mullin in connection with the Bankruptcy Case and any related proceedings.

9. In addition to this application, the Debtor has filed, or expects to file shortly, applications to employ: (1) Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP as co-bankruptcy counsel as noted above; (2) Weinstein & Numbers, LLP as special insurance counsel; (3) Weintraub Tobin as special litigation counsel; and (4) B. Riley as financial advisor. The Debtor also may file applications to employ additional professionals.

10. As described in the Katz Declaration, Sheppard Mullin will monitor and coordinate with the other professionals employed by the Debtor in this Bankruptcy Case to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in this

case to prevent unnecessary duplication of services and ensure the case is administered in the most efficient fashion possible. Rather than resulting in any extra or unnecessary expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

**DISINTERESTEDNESS**

11. Sheppard Mullin maintains a computerized database of its client matters. In connection with the proposed retention of Sheppard Mullin by the Debtor, Sheppard Mullin has performed an internal conflicts search to ensure that Sheppard Mullin does not have a conflict of interest that would prohibit it from representing the Debtor in this matter. As of the date of this Application, Sheppard Mullin has specifically researched its client database to determine whether it had any relationship with the following: (a) the Debtor; (b) all of the parties listed on the Debtor's creditor matrix; and (c) the Hon. Dennis Montali. The disclosures based on that search are discussed in the Katz Declaration.

12. As Sheppard Mullin becomes aware of new parties-in-interest being involved in the Bankruptcy Case, including after the Debtor's schedules are filed and reviewed, Sheppard Mullin will file supplemental declarations as needed to update the disclosures made herein and in the Katz Declaration.

13. In connection with the conflicts search described above that has already been concluded, Sheppard Mullin makes the following disclosures:

   a. To the best of Sheppard Mullin's knowledge, information, and belief, and other than as set forth in the Katz Declaration and above, Sheppard Mullin has no interest adverse to the interest of the Debtor's estate or of any class of the Debtor's creditors, either by reason of any direct or indirect relationship to or connection with the Debtor or for any other reason. Pursuant to Bankruptcy Rule 2014(a), the Katz Declaration sets forth Sheppard Mullin's known connections, if any, with the Debtor, the Debtor's creditors, and other known parties-in-interest. The Katz Declaration also discloses the method by which Sheppard Mullin has reviewed its own records and files and has obtained information in

Case: 23-30564    Doc# 120    Filed: 09/18/23    Entered: 09/18/23 12:05:05    Page 5 of 9

connection with the matters set forth herein. The Katz Declaration also sets forth the manner in which Sheppard Mullin will continue to review its files in connection with this Application to make further disclosures as warranted. Sheppard Mullin believes it is a disinterested person within the meaning of Bankruptcy Code section 101(14).

   b. To the best of Sheppard Mullin's knowledge, none of the attorneys comprising or employed by Sheppard Mullin are related to any judge of the United States Bankruptcy Court for the Northern District of California.

**COMPENSATION**

  14. Sheppard Mullin has agreed to discount its standard hourly rates by 20% for all attorneys working on this matter. These rates are subject to periodic adjustment to reflect economic and market conditions and increased experience and skill. The following schedule sets forth the hourly rates of the Sheppard Mullin attorneys most likely to render services in this Bankruptcy Case, which rates have been discounted by 20% from Sheppard Mullin's normal and customary hourly rates:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Ori Katz | Partner | $1,084 per hour |
| Alan H. Martin | Partner | $956 per hour |
| Jeannie Kim | Associate | $756 per hour |
| Ali Lattner | Associate | $756 per hour |
| Gianna Segretti | Associate | $708 per hour |
| Koray Erbasi | Associate | $560 per hour |

  15. Sheppard Mullin also will bill the estate for all reasonable and necessary out-of-pocket expenses as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the UST Guidelines.

  16. As set forth in the Katz Declaration, during the 90-day period prior to the Petition Date, Sheppard Mullin received payments and advances in the aggregate amount of $384,430 for

professional services performed and to be performed, and expenses incurred and to be incurred, including professional services and expenses related to the commencement and prosecution of this Bankruptcy Case.  In addition, Sheppard Mullin holds a retainer of $100,000 (the "Retainer") in favor of the Debtor to be maintained throughout the Bankruptcy Case.  Furthermore, Sheppard Mullin holds a credit balance in favor of the Debtor for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with the Bankruptcy Case in the amount of $33,102.70 (the "Credit Balance").

17. The Debtor and Sheppard Mullin understand and have agreed that Sheppard Mullin hereafter will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Local Rules"), the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014* (the "Local Guidelines"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and any further Orders of the Court (the "Orders") for all professional services performed and expenses incurred after the Petition Date.  Notwithstanding anything to the contrary contained in this Application and its supporting papers, Sheppard Mullin acknowledges that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, Local Guidelines and the Fee Guidelines will apply and prevail.

18. These rates are subject to periodic increase, usually at the beginning of each calendar year.  Such changes will be noted on the billing statements for the first time period in which the revised rates become effective.

19. The following constitutes the statement of Sheppard Mullin required by section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014(a) and the U.S. Trustee's Guidelines for Employment Applications in larger Chapter 11 cases ("UST Large Case Fee Guidelines") and to

Case: 23-30564    Doc# 120    Filed: 09/18/23    Entered: 09/18/23 12:05:05    Page 7 of 9

answer the specific questions posed in section D.1 of the UST Large Case Fee Guidelines:

    a. Sheppard Mullin has agreed to discount its standard hourly attorney rates by 20%. Neither Sheppard Mullin nor any attorneys at Sheppard Mullin have otherwise altered their standard billing rates for this engagement, or made any adjustments based upon the geographic location of the case.

    b. Sheppard Mullin's representation of the RCASF prior to the Petition Date was on the same terms and rates as set forth in this Application.

    c. Any increase in applicable rates that may occur during the pendency of the case will be disclosed in accordance with the UST Large Case Fee Guidelines.

20. Sheppard Mullin has prepared and discussed with the RCASF a proposed estimated budget and a staffing plan. The RCASF has approved the staffing plan and budgets for post-petition period for August through December 2023, understanding that the budgets are estimates based upon the current agreed upon case strategy and information known to date.

## CONCLUSION

21. The Debtor believes it is essential that Sheppard Mullin be employed to provide the services described above and that Sheppard Mullin be permitted to bill on an hourly basis, subject to the requirements of the Bankruptcy Code for Court approval of professional fees.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, based upon the foregoing, the Debtor requests that the Court enter an order authorizing:

1. The employment of Sheppard Mullin as its co-bankruptcy counsel herein on the terms and conditions set forth above pursuant to section 327(a);

2. The employment to be effective as of the Petition Date; and

3. For such other and further relief as the Court may deem proper in the circumstances.

Dated: September 15, 2023

THE ROMAN CATHOLIC ARCHBISHOP
OF SAN FRANCISCO

By _____
Fr. Patrick Summerhays,
Vicar General and Moderator of the Curia

SUBMITTED BY:

Dated: September 18, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Ori Katz
ORI KATZ
ALAN H. MARTIN
Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco