PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
　WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:　(916) 329-7400
Facsimile:　(916) 329-7435
Email:　ppascuzzi@ffwplaw.com
　　jrios@ffwplaw.com
　　tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　A Limited Liability Partnership
　Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:　(415) 434-9100
Facsimile:　(415) 434-3947
Email:　okatz@sheppardmullin.com
　　amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MISEN INC.<br><br>　　Debtor and<br>　　Debtor in Possession | Case No.  23-30564<br><br>Chapter 11 Proceeding<br><br>**DECLARATION OF ORI KATZ IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY SHEPPARD, MULLIN, RICHTER & HAMPTON LLP AS BANKRUPTCY COUNSEL**<br><br>Judge:　Hon. Dennis Montali<br><br>*No Hearing Required* |

I, Ori Katz, declare:

1. I am an attorney duly licensed to practice law in the State of California and a partner in the Finance and Bankruptcy Practice Group of the law firm Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), the proposed co-bankruptcy counsel for the Roman Catholic Archbishop of San Francisco ("RCASF" or the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case (the "Bankruptcy Case"). If called as a witness, I could and would testify competently thereto. My office is located at Four Embarcadero Center, 17th Floor, San Francisco, CA 94111.

2. This declaration is submitted pursuant to Bankruptcy Rules 2014(a) and 2016(b) and Bankruptcy Code sections 427 and 329 in support of the *Debtor's Application to Employ Sheppard, Mullin, Richter & Hampton LLP as Bankruptcy Counsel* (the "Application"). I give capitalized terms not defined in this declaration the same meanings given to them in the Application. I have read the Application and hereby incorporate its factual statements.

3. The Debtor desires to employ Sheppard Mullin as its co-chapter 11 bankruptcy counsel along with Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR"). A true and correct copy of Sheppard Mullin's engagement agreement is attached hereto as Exhibit 1. A true and correct copy of further information regarding the qualifications of Sheppard Mullin and its attorneys is attached hereto as Exhibit 2 and is incorporated herein by reference.

4. The Debtor has requested the services of Sheppard Mullin to work alongside FFWPR as co-counsel because the Debtor knows Sheppard Mullin to be skilled in insolvency, reorganization, and commercial transaction matters and that the firm's members have substantial knowledge and experience that will enable them to perform services of special benefit to the Debtor and its estate in a cost-effective manner. While FFWPR is a small boutique firm focused on insolvency and commercial litigation and holds special expertise in diocese cases, the Debtor believes that the substantial size and complexity of this particular Bankruptcy Case will necessitate the involvement of a full-service law firm with the depth and experience of Sheppard Mullin to work alongside FFWPR as its co-counsel.

5. Sheppard Mullin's bankruptcy and restructuring practice has been a key element of the firm since its founding. Sheppard Mullin has represented its clients in all types of regional, national, and international insolvency matters, ranging from out-of-court loan workouts and financial restructurings to bankruptcy proceedings, committee matters, creditors' rights, and distressed asset acquisitions.

6. Sheppard Mullin's attorneys frequently represent debtors in counseling and financial restructuring, as well as chapter 11 and other court proceedings. Sheppard Mullin's bankruptcy attorneys have helped companies in a variety of industries, including real estate, medical and life sciences (including biotech), retail, entertainment, manufacturing, telecommunications, technology, healthcare, and finance. In addition, Sheppard Mullin's attorneys have extensive experience representing debtors that have been victims of pre-petition fraud. As a large, broad-based commercial law firm, Sheppard Mullin is able to draw on all of the resources necessary to solve the multidisciplinary problems presented by complex insolvencies, including real estate, land use, intellectual property, corporate, ERISA, tax, labor and acquisitions concerns. Sheppard Mullin's clients span a wide spectrum, including secured lenders, debtors, bank groups, creditors' committees, indenture trustees, equity holders, bankruptcy trustees, and buyers.

7. The Debtor originally engaged Sheppard Mullin in early June of 2023 to assist in preparing a possible chapter 11 bankruptcy filing. As a result of its prepetition representation of the RCASF, Sheppard Mullin has acquired in-depth knowledge of the Debtor's structure, operations, and liability profile. As such, Sheppard Mullin possesses the necessary background to address the legal issues and related matters that may arise in the administration of the Bankruptcy Case.

8. Accordingly, given Sheppard Mullin's extensive experience not only in bankruptcy matters but also as a full-service law firm and its experience conducting prepetition work for the Debtor in preparation of this Bankruptcy Case, Sheppard Mullin is both well qualified and uniquely able to act as the Debtor's co-bankruptcy counsel in this Bankruptcy Case in an efficient and timely manner. Sheppard Mullin will work alongside and coordinate with FFWPR to guard against unnecessary duplication of services performed or charged to the Debtor's estate.

9. The professional services which Sheppard Mullin will render to the Debtor are as follows:

    a. Advising and assisting the Debtor with respect to compliance with the requirements of the United States Trustee;

    b. Advising the Debtor with respect to its powers and duties as a debtor in possession;

    c. Advising the Debtor on the conduct of its Bankruptcy Case including all of the legal and administrative requirements of operating in chapter 11;

    d. Attending meetings and negotiating with the representatives of creditors and other parties in interest;

    e. Taking all necessary actions to protect and preserve the Debtor's estate, including assisting litigation counsel in prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor's interests in negotiations concerning litigation in which the Debtor is involved;

    f. Preparing pleadings in connection with the Bankruptcy Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

    g. Making court appearances on behalf of the Debtor;

    h. Assisting the Debtor in the formulation, negotiation, confirmation, and implementation of a Chapter 11 plan and any auction, sale or other disposition of assets; and

    i. Taking such other action and performing such other services as the Debtor may require of Sheppard Mullin in connection with the Bankruptcy Case and any related proceedings.

10. I believe Sheppard Mullin is a disinterested person within the meaning of Bankruptcy Code sections 101(14) and 1107(b) and is authorized to be employed under Bankruptcy Code section 327. Neither I, Sheppard Mullin, nor any partner of, counsel to, or associate of the firm represents any entity other than the Debtor in connection with this Bankruptcy Case. Sheppard Mullin does not represent any entity having a direct adverse interest in connection with the

Bankruptcy Case, nor does Sheppard Mullin have any adverse interest in this matter. Sheppard Mullin is not a creditor, equity security holder or an insider of the Debtor. Neither Sheppard Mullin, nor any attorney at Sheppard Mullin, is, or has ever been, a director, officer or employee of the Debtor at any time.

11. Along with my partners, I have reviewed the list of creditors provided by the Debtor and I have made reasonable inquiries of Sheppard Mullin's lawyers and staff to determine the nature of the connections described herein. Sheppard Mullin has run a computerized conflict check on the list of the Debtor's creditors as provided by the Debtor. As of the date of the Application, Sheppard Mullin has specifically researched its client database to determine whether it had any relationship with the following: (a) the Debtor; (b) all of the parties listed on the Debtor's creditor matrix; and (c) the Hon. Dennis Montali. I do not believe that any of Sheppard Mullin's current representations pose an adverse interest in connection with the Bankruptcy Case or disqualify Sheppard Mullin from representation of the Debtor under the Bankruptcy Code.

12. The current identity of many of the abuse claimants is not known at this time due to naming them as plaintiffs in the complaints as Doe plaintiffs. Consistent with Sheppard Mullin's standard practice with subsequently discovered creditors, once such information is available, Sheppard Mullin will perform a conflict check with its computerized system and supplement its disclosures if necessary.

13. To the best of my knowledge, neither I nor any other attorney or employee of Sheppard Mullin have any business or social connections with the Debtor, its creditors, their equity security holders, or with any parties in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or any persons employed in the office of the United States Trustee, except as follows:

a. Sheppard Mullin currently represents insurance carriers AIG, Lexington Insurance Company, Allied World Assurance Company, Ironshore, Liberty Mutual Insurance, Arthur J. Gallagher & Co., Berkley Insurance Company, Homeland Insurance Company, Lloyd's of London, Plams Insurance, QBE Insurance Corporation, Reliance Life Insurance, Travelers, and Westchester, or their parent or subsidiary companies in matters unrelated to the Bankruptcy Case.

Sheppard Mullin understands that these insurance carriers provide insurance to the RCASF but believes that its representation of the RCASF in the Bankruptcy Case does not include taking positions directly adverse to these insurers' legal interests. Sheppard Mullin bases its conclusion in part on RCASF's employment of separate counsel to assist it in matters involving insurance companies.

    b. Sheppard Mullin also currently represents the following banking institutions in matters unrelated to the Bankruptcy Case: Bank of America, National Association, Bank of San Francisco, California Bank & Trust, City National Bank, First Republic Bank, JP Morgan Chase Bank, N.A., U.S. Bank National Association, Wells Fargo Bank, N.A. ("Wells Fargo"), Western Alliance Bank, or their parent or subsidiary companies. It is important to note that, other than with respect to Wells Fargo, the RCASF is not currently indebted to any of these banking institutions, and even in the case of Wells Fargo, the RCASF's relationship is limited to certain corporate credit card agreements for corporate credit card accounts that the RCASF uses to more efficiently process employee reimbursements as described in the *Debtor's Emergency Motion for Order (1) Authorizing Payment Of Prepetition Wages, Salaries, and Employee Expenses; (2) to Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks* and the *Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance with Section 345(b); (4) Authorizing Continued Use of Current Investment Policy; and (5) Scheduling a Final Hearing*. Out of an abundance of caution, Sheppard Mullin and FFWPR have agreed that FFWPR will handle specific matters and discussions involving any potential adverse interest or position between the RCASF and the banking institutions that are current clients of Sheppard Mullin.

    c. Sheppard Mullin currently represents, or has represented within the last five years, certain entities that also are listed on the Debtor's creditor matrix or their parents or subsidiaries (the "Parties") in matters unrelated to this Bankruptcy Case. These Parties are listed on Schedule 1 appended to this Declaration. During this Bankruptcy Case, Sheppard Mullin will not

represent the RCASF in connection with matters directly adverse to the Parties, and the Debtor will instead rely on FFWPR or other conflicts counsel as appropriate to assist them.

14. I do not believe that any of these connections render Sheppard Mullin not a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14), 327, and 1107(b).

15. Sheppard Mullin has agreed to discount its standard hourly rates by 20% for all attorneys working on this matter. These rates are subject to periodic adjustment to reflect economic and market conditions and increased experience and skill. The following schedule sets forth the hourly rates of the Sheppard Mullin attorneys most likely to render services in this Bankruptcy Case, which rates have been discounted by 20% from Sheppard Mullin's normal and customary hourly rates:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Ori Katz | Partner | $1,084 per hour |
| Alan H. Martin | Partner | $956 per hour |
| Jeannie Kim | Associate | $756 per hour |
| Ali Lattner | Associate | $756 per hour |
| Gianna Segretti | Associate | $708 per hour |
| Koray Erbasi | Associate | $560 per hour |

16. Sheppard Mullin also will bill for reasonable out-of-pocket expenses such as overnight mail costs, long distance telephone charges, travel expenses, recording fees, printing and reproduction costs and facsimile transmission charges, subject to Court approval.

17. During the 90-day period prior to the Petition Date, Sheppard Mullin received payments and advances in the aggregate amount of $384,430 for professional services performed and to be performed, and expenses incurred and to be incurred, including professional services and expenses related to the commencement and prosecution of this Bankruptcy Case. In addition, Sheppard Mullin holds a retainer of $100,000 (the "Retainer") in favor of the Debtor to be maintained throughout the Bankruptcy Case. Furthermore, Sheppard Mullin holds a credit balance in favor of the Debtor for professional services performed and to be performed, and expenses

incurred and to be incurred, in connection with the Bankruptcy Case in the amount of $33,102.70 (the "Credit Balance").

18. Sheppard Mullin understands and has agreed that hereafter it will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014* (the "Local Guidelines"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and any further Orders of the Court (the "Orders") for all professional services performed and expenses incurred after the Petition Date. Notwithstanding anything to the contrary contained in this Application and its supporting papers, Sheppard Mullin acknowledges that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, Local Guidelines, and the Fee Guidelines will apply and prevail.

19. The rates set forth above are subject to periodic increase, usually at the beginning of each calendar year. Such changes will be noted on the billing statements for the first time period in which the revised rates become effective.

20. Sheppard Mullin understands that the Debtor has filed, or expects to file shortly, applications to employ: (1) FFWPR as co-bankruptcy counsel as noted above; (2) Weinstein & Numbers, LLP as special insurance counsel; (3) Weintraub Tobin as special litigation counsel; and (4) B. Riley as financial advisor, and that the Debtor also may file applications to employ additional professionals. Sheppard Mullin will monitor and coordinate with the other professionals employed by the Debtor in this Bankruptcy Case to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in this Bankruptcy Case to prevent unnecessary duplication of services and ensure the Bankruptcy Case is administered in the most efficient fashion possible. Rather than resulting in any extra or unnecessary expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

21. Sheppard Mullin understands and acknowledges that all compensation is subject to Bankruptcy Code sections 327, 329, 330 and 331.

22. No promises have been received by Sheppard Mullin, or any partner, counsel, or associate of Sheppard Mullin, as to payment or compensation in connection with this Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines. Furthermore, Sheppard Mullin has no agreement with any other entity to share compensation received by Sheppard Mullin or by such entity.

23. In response to the specific questions posed in section D.1 of the UST Large Case Fee Guidelines, I represent as follows:

    a. Sheppard Mullin has agreed to discount its standard hourly attorney rates by 20%. Neither Sheppard Mullin nor any attorneys at Sheppard Mullin have otherwise altered their standard billing rates for this engagement, or made any adjustments based upon the geographic location of the case.

    b. Sheppard Mullin's representation of the RCASF prior to the Petition Date was on the same terms and rates as set forth in this Application.

    c. Any increase in applicable rates that may occur during the pendency of the case will be disclosed in accordance with the UST Large Case Fee Guidelines.

24. Sheppard Mullin has prepared and discussed with the RCASF a proposed estimated budget and a staffing plan. The RCASF has approved the staffing plan and budgets for post-petition period for August through December 2023, understanding that the budgets are estimates based upon the current agreed upon case strategy and information known to date.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

25. The Application requests approval of Sheppard Mullin's retention on rates, terms, and conditions consistent with what Sheppard Mullin charges non-chapter 11 debtors and in other chapter 11 cases, namely, prompt payment of Sheppard Mullin hourly rates (at a 20% reduction for standard hourly attorney rates), as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of September, 2023, at San Francisco, California.

*/s/ Ori Katz*
ORI KATZ

## Schedule 1

| Creditor/Client | Current or Former Client |
|---|---|
| ACC Business | Former |
| ADP, Inc. | Former |
| Beacon Pointe Advisors, LLC | Former |
| Crane Pest Control | Current |
| Federal Express Corp. | Former |
| Franciscan Friars | Current |
| San Damiano Retreat | Current |
| Holy Spirit Church | Current |
| Life Perspectives | Current |
| Pacific Gas & Electric | Current |
| Rite Aid Corporation | Current |
| Siemens Industry, Inc. | Current |
| Sodexo, Inc. | Current |
| Staples, Inc. | Current |
| Talx UC Express | Former |
| Thomson Reuters | Current |
| TK Elevator Corporation | Current |
| United Behavioral Health | Current |
| Volta Charging, LLC | Former |