PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:    (916) 329-7400
Facsimile:    (916) 329-7435
Email:        ppascuzzi@ffwplaw.com
              jrios@ffwplaw.com
              tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Corporations
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:        okatz@sheppardmullin.com
              amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>      Debtor and<br>      Debtor In Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**MOTION FOR AN ORDER ESTABLISHING PROCEDURES AND AUTHORIZING PAYMENT OF PROFESSIONAL FEES AND EXPENSES ON A MONTHLY BASIS**<br><br>Date:    October 12, 2023<br>Time:   1:30 p.m.<br>Place:  Via ZoomGov<br>Judge:  Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby moves the Court (the "Motion") for entry of an order establishing procedures and authorizing the

Debtor to pay estate professional fees and expenses on a monthly basis. In support of this Motion, the Debtor relies upon the Declaration of Paul J. Pascuzzi ("Pascuzzi Decl."), the Declaration of Barron L. Weinstein ("Weinstein Decl."), the pleadings and papers on file in this case, and upon such other evidence and argument as may be submitted before or during the hearing on this Motion. A copy of the proposed order on this Motion is attached hereto as Exhibit 1. In further support of this Motion, the Debtor respectfully represents as follows:

## BACKGROUND

1. On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Bankruptcy Case. On September 1, 2023, the Office of the United States Trustee for the Northern District of California appointed a statutory committee of unsecured creditors ("Committee") in this case pursuant to section 1102 of the Bankruptcy Code (Dkt. No. 58).

2. For additional information regarding the circumstances leading to the commencement of the Chapter 11 Case and information regarding the Debtor's business and finances the Debtor relies upon the Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions [Dkt. 14] ("Passarello Background Decl."), the Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions [Dkt. 15] ("Gaspari Decl."), the Pascuzzi Decl. and the Weinstein Decl. filed in support of this Motion, the exhibits in support thereof, and the court's filings and records in this case. In further support of this Motion, the Debtor relies upon the representations and points and authorities set forth below.

## ESTATE PROFESSIONALS

3. The Debtor retained and requested employment of the law firm of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR") as its bankruptcy counsel.

4. The Debtor has also retained requested employment of the law firm of Sheppard, Mullin, Richter & Hampton LLP ("SMRH") as its co-bankruptcy counsel.

5. The Debtor retained and requested employment of the law firm of Weinstein & Numbers, LLP ("W&N") as insurance counsel.

6. The Debtor retained requested employment of the law firm of Weintraub Tobin Chediak Coleman & Grodin ("Weintraub") as special corporate and litigation counsel.

7. The Debtor retained requested employment of GlassRatner Advisory & Capital Group LLC d/b/a B. Riley Advisory Services, together with its agents and independent contractors (collectively "B. Riley") as financial advisor.

8. The Debtor retained and requested employment of Omni Agent Solutions, Inc. as administrative advisor under section 327.

9. The Official Committee of Unsecured Creditors ("Committee") retained and will request employment of the law firm of Pachulski Stang Ziehl & Jones LLP as its bankruptcy counsel.

10. The Debtor expects that in their applications, all the professionals set forth above ("Professionals"), will request compensation on an hourly basis in accordance with their ordinary and customary hourly rates in effect on the date services are rendered. The appointment of other professionals is possible. The Debtor requests that the procedures proposed herein, and the Order approving this Motion, extend to all Professionals retained in this case pursuant to 11 U.S.C. §327.

11. The Debtor anticipates that extensive work and then negotiations with its key creditors and in some cases litigation with other parties will be necessary to achieve resolution through a chapter 11 plan. A typical diocesan chapter 11 case lasts several years. Because of the significant legal issues and the number of participants involved in this case, the amount of professional fees incurred have been and will likely continue to be substantial. Therefore, the Debtor hereby proposes that the Professionals be paid pursuant to the following procedures.

## PROPOSED PROCEDURES

12. On or before the 20th day of each month, any of the Professionals seeking payment from the bankruptcy estate may submit to the Debtor an invoice for fees and expenses incurred in the previous month or earlier. No invoices received after the 20th will be considered for payment until the following month. At the time each Professional submits their invoice, the Professional

shall file a copy of the invoice with the Court and send a copy to (a) the attorneys for the Debtor; (b) the attorneys for and the chairperson of the Creditors Committee; (c) the United States Trustee; and (d) all parties requesting special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Notice Parties"). The Professionals may each redact their invoices as they may deem reasonably necessary. Any right to redact invoices is subject to Bankruptcy Code sections 330 and 331.

13. Any Notice Party who objects to payment of a particular invoice shall within 14 days of service of the invoice, file with the court and serve on the Professional requesting payment and the Notice Parties, a written objection to all or part of the fees or expenses requested in the invoice. Such objection must clearly identify the time entry or entries objected to, the basis for the objection, and the amount of fees or costs objected to in dollars or time. In the event an objection is filed, the Debtor shall not pay the portion of the fees objected to without further order of the Court.

14. After the period for filing objections has passed, the Debtor shall be authorized and directed to pay an amount up to 80% of the fees and 100% of the expenses that are not subject to any objections. Professionals who have received retainers may continue to hold such retainers and receive payment from the Debtor without first exhausting such retainer before they are entitled to payment.

15. On or before January 31, 2024, each Professional who has received, or who intends to receive compensation for services rendered for the period of the Petition Date through December 31, 2023, shall file with the Court and serve on the Notice Parties an interim fee application pursuant to §331 and in the form required by the Federal Rules of Bankruptcy Procedure and local rules of the Bankruptcy Court ("Interim Fee Application"). Thereafter, each Professional who has received, or who intends to receive compensation for services rendered for subsequent periods, shall file Interim Fee Applications for each four (4) month period beginning January 1, 2024 (*e.g*, January 1, 2024, through April 30, 2024; May 1, 2024, through August 31, 2024, etc.) during the period this case remains open. Each such application shall include all fees and expenses incurred during the previous four months whether or not the fees were paid pursuant

to the monthly payment procedure contemplated by this Motion.

16. Upon entry of an order approving this Motion, the Professionals may submit invoices for payment pursuant to the terms of such Order for the period of the Petition Date through the last day of the last full month prior to the entry of the Order.

17. The Court may allow or disallow all or any portion of the fees and expenses requested in the Interim Fee Applications. If the Court awards an amount greater than that previously paid under the monthly payment procedure, the Debtor shall be authorized to pay the additional amount. If the Court allows less than the amount of the fees and expenses paid to the Professional, the Professional shall reimburse the Debtor within 10 business days of the Court's order.

## ARGUMENT

18. In *In re Knudsen Corp.*, 84 B.R. 668, 672 (9th Cir. BAP 1988), the Bankruptcy Appellate Panel for the Ninth Circuit held that monthly payments to professionals are appropriate when the following four conditions are met:

- The case is an unusually large one in which an exceptionally large amount of fees accrues each month;

- Waiting an extended period for payment would place an undue hardship on the Professionals;

- The Professionals who receive payment can respond to any reassessment for fees and expenses not ultimately approved by the Court; and,

- The monthly payment procedure is subject to a noticed hearing prior to any payments thereunder.

These four conditions exist in this case.

19. This is a unique and complex Chapter 11 proceeding. The Debtor intends to negotiate a plan of reorganization as early as possible which will: (a) allocate the RCASF's remaining assets fairly among the legitimate competing interests for such property; (b) provide a process to fully, fairly and expeditiously liquidate claims of abuse survivors; and (c) permit the RCASF to carry on the RCASF's essential ministries and services so the RCASF can continue to meet the needs of the Non-Debtor Catholic Entities, parishioners, and others who rely on the RCASF's ministry, education, and charitable outreach.

20. There have been about 30 or so Catholic Diocese or Archdiocese chapter 11 cases over the years. Many of those cases follow a similar path involving global mediation with all parties in interest including the Debtor, the Committee, insurance companies and relevant related and co-defendant parties.

21. Several steps typically occur prior to beginning mediation. These include concluding all "first day" motions; exchanging information among the Debtor, Committee, insurers, and related parties; the Debtor and the Committee working together on the abuse claims noticing and filing procedures and deadlines which will be presented to the Court for approval; selection and appointment of an unknown claims representative; selection of a mediator; and mediation. The results of the mediation form the basis for the chapter 11 plan of reorganization.

22. The Debtor endeavors to work with the Committee to get to global mediation as soon as possible and will begin discussions for doing so with the Committee as soon as practicable.

23. The amount of professional activity anticipated will be quite high each month resulting in the accrual of substantial fees. Given the difficult issues presented in this case, the anticipated negotiations which will be required with sophisticated counsel for the creditors, tort claimants, and other entities, the complexity and uniqueness of the issues, and the potential for litigation and controversy in this case, the accrued amounts which will become owing to one or more of the Professionals will likely be significant before interim compensation could be awarded each trimester. This would pose an undue hardship on the Professionals.

24. Waiting an extended period of time for payment of professional fees and expenses would place a hardship on the Professionals. Furthermore, allowing fees to accumulate over a four-month or longer period would artificially inflate the Debtor's monthly cash reserves. Monthly payment would also provide a more accurate picture of the Debtor's financial situation at any given moment and avoid an accumulation of unpaid administrative expenses that could impede confirmation of a chapter 11 plan.

25. The proposed procedure is subject to notice and an opportunity to object. Furthermore, the Professionals are capable of responding to any order of this Court requiring them to repay any disallowed fees and expenses which have been paid to them in this case.

-6-

Case No. 23-30564
MOTION TO ESTABLISH MONTHLY
PAYMENT PROCEDURES

Case: 23-30564    Doc# 132    Filed: 09/19/23    Entered: 09/19/23 13:11:13    Page 6 of 11

26. All of the "*Knudsen*" factors are present here, and the circumstances of this complex proceeding justify use of the monthly conditional payments approved in *Knudsen*.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order authorizing the above procedures for the payment of interim professional fees.

Dated: September 19, 2023

FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Jason E. Rios*
JASON E. RIOS
Proposed Attorneys for The Roman
Catholic Archbishop of San Francisco,
a California corporation sole

**Exhibit 1**

**(Proposed Interim Order)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER ESTABLISHING PROCEDURES AND AUTHORIZING PAYMENT OF PROFESSIONAL FEES AND EXPENSES ON A MONTHLY BASIS**<br><br>Date:    October 12, 2023<br>Time:   1:30 p.m.<br>Place:   Via ZoomGov<br>Judge:  Hon. Dennis Montali |

The motion of the Roman Catholic Archbishop of San Francisco as debtor and debtor in possession ("RCASF" or "Debtor") seeking entry of an order establishing procedures and authorizing payment of professional fees and expenses on a monthly basis (the "Motion[1]") came on for hearing on October 12, 2023, at 1:30 p.m., before the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi. Other appearances were noted on the record. All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declarations of Paul J. Pascuzzi and Barron L. Weinstein filed in support of the Motion, and the matters reflected in the record of the hearing held on the Motion. The Court having found that it has jurisdiction over this proceeding; that this is a

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

core proceeding; that notice of the Motion has been given to the Limited Service list; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. On or before the 20th day of each month, any of the Professionals seeking payment from the bankruptcy estate may submit to the Debtor an invoice for fees and expenses incurred in the previous month or earlier. No invoices received after the 20th will be considered for payment until the following month. At the time each Professional submits the invoice, the Professional shall file a copy of the invoice with the Court and send a copy to (a) the attorneys for the Debtor; (b) the attorneys for and the chairperson of the Creditors Committee; (c) the United States Trustee; and (d) all parties requesting special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Notice Parties"). The Professionals may each redact their invoices as they may deem reasonably necessary. Any right to redact invoices is subject to Bankruptcy Code sections 330 and 331.

3. Any Notice Party who objects to payment of a particular invoice shall within 14 days of service of the invoice, file with the court and serve on the Professional requesting payment and the Notice Parties, a written objection to all or part of the fees or expenses requested in the invoice. Such objection must clearly identify the time entry or entries objected to, the basis for the objection, and the amount of fees or costs objected to in dollars or time. In the event an objection is filed, the Debtor shall not pay the portion of the fees objected to without further order of the Court.

4. After the period for filing objections has passed, the Debtor shall be authorized and directed to pay an amount up to 80% of the fees and 100% of the expenses that are not subject to any objections. Professionals who have received retainers shall first apply any unexhausted portion of such retainer before they are entitled to payment from the Debtor.

5. On or before January 31, 2024, each Professional who has received, or who intends to receive compensation for services rendered for the period of the Petition Date through December

31, 2023, shall file with the Court and serve on the Notice Parties an interim fee application pursuant to §331 and in the form required by the Federal Rules of Bankruptcy Procedure and local rules of the Bankruptcy Court ("Interim Fee Application"). Thereafter, each Professional who has received, or who intends to receive compensation for services rendered for subsequent periods, shall file Interim Fee Applications for each four (4) month period beginning January 1, 2024 (*e.g*, January 1, 2024, through April 30, 2024; May 1, 2024, through August 31, 2024, etc.) during the period this case remains open. Each such application shall include all fees and expenses incurred during the previous four months whether or not the fees were paid pursuant to the monthly payment procedure contemplated by this Motion.

6. Upon entry of this Order, the Professionals may submit invoices for payment pursuant to the terms of this Order for the period of the Petition Date through the last day of the last full month prior to the entry of this Order.

7. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under these procedures, nor (ii) the filing of or failure to file an objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under these procedures are subject to disgorgement until final allowance by the Court. The failure of any party to file an objection to a monthly fee statement shall not impair such party's right to object to any interim fee application or final fee application. The failure of any party to file an objection to an interim fee application shall not impair such party's right to object to any subsequent interim fee application or final fee application.

8. The Court may allow or disallow all or any portion of the fees and expenses requested in the Interim Fee Applications. If the Court awards an amount greater than that previously paid under the monthly payment procedure, the Debtor shall be authorized to pay the additional amount. If the Court allows less than the amount of the fees and expenses paid to the Professional, the Professional shall reimburse the Debtor within 10 business days of the Court's order.

9. All fee applications will comply with the Bankruptcy Code, the Bankruptcy Rules,

Case No. 23-30564
MOTION TO ESTABLISH MONTHLY
PAYMENT PROCEDURES
-10-
Case: 23-30564    Doc# 132    Filed: 09/19/23    Entered: 09/19/23 13:11:13    Page 10 of 11

applicable Ninth Circuit law, the Bankruptcy Local Rules for the Northern District of California, the Court's Guidelines for Compensation and Reimbursement of Professionals and Trustees, and the United States Trustee's Guidelines.

***END OF [PROPOSED] ORDER***