PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Company
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF PAUL J. PASCUZZI IN SUPPORT OF MOTION FOR AN ORDER ESTABLISHING PROCEDURES AND AUTHORIZING PAYMENT OF PROFESSIONAL FEES AND EXPENSES ON A MONTHLY BASIS**<br><br>Date:    October 12, 2023<br>Time:   1:30 p.m.<br>Place:   Via ZoomGov<br>Judge:  Hon. Dennis Montali |

I, Paul J. Pascuzzi, declare:

1. I am an attorney duly licensed to practice law in the State of California and a partner with Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR"), the attorneys for The Roman Catholic Archbishop of San Francisco the Debtor and Debtor in Possession herein ("RCASF" or "Debtor"). If called as a witness, I would and could testify competently to the matters stated herein.

2. This declaration is submitted in support of the Debtor's Motion for an Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis (the "Motion"). I have read the Motion and hereby incorporate its factual statements.

3. The Debtor retained FFWPR as its primary bankruptcy counsel. FFWPR will apply for an order approving it employment as general bankruptcy counsel in this case.

4. FFWPR is a small Northern California firm with three partners, one full time "of counsel" lawyer and one part time "of counsel." Approximately 60 percent of my time and 30 percent of my colleague Jason Rios' time for the period August 11 through September 11 was spent on this matter. I anticipate that Mr. Rios and I will continue to devote a significant amount of our time on this matter.

5. Waiting four months or more for any payment to FFWPR for services will cause a hardship to FFWPR, as that would mean approximately one quarter of the firm's income would be held up for a significant period of time. Notwithstanding this hardship, I believe that FFWPR can respond to any reassessment of fees and expenses not ultimately approved by the Court.

6. This is a unique and complex Chapter 11 proceeding. The Debtor intends to negotiate a plan of reorganization as early as possible which will: (a) allocate the RCASF's remaining assets fairly among the legitimate competing interests for such property; (b) provide a process to fully, fairly and expeditiously liquidate claims of abuse survivors; and (c) permit the RCASF to carry on the RCASF's essential ministries and services so the RCASF can continue to meet the needs of the Non-Debtor Catholic Entities, parishioners, and others who rely on the RCASF's ministry, education, and charitable outreach.

7. There have been about 30 or so Catholic Diocese or Archdiocese chapter 11 cases in the United States over the years. Many of those cases follow a similar path involving global mediation with all parties in interest including the Debtor, the Committee, insurance companies and relevant related and co-defendant parties.

8. Several steps typically occur prior to beginning mediation. These include concluding all "first day" motions; exchanging information among the Debtor, Committee, insurers, and related parties; the Debtor and the Committee working together on the abuse claims noticing and filing procedures and deadlines which will be presented to the Court for approval; selection and appointment of an unknown claims representative; selection of a mediator; and mediation. The results of the mediation form the basis for the chapter 11 plan of reorganization.

9. The Debtor endeavors to work with the Committee to get to global mediation as soon as possible and will begin discussions for doing so with the Committee as soon as practicable.

10. The amount of professional activity anticipated will be quite high each month resulting in the accrual of substantial fees. Given the substantial claims to be administered in this case and the difficult issues presented in this case, the anticipated negotiations which will be required with sophisticated counsel for the creditors, tort claimants, and other entities, the complexity and uniqueness of the issues, and the potential for litigation and controversy in this case, the accrued amounts which will become owing to one or more of the Professionals will likely be significant before interim compensation could be awarded each quarter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 19, 2023 at Sacramento, California.

*/s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI