PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:      (916) 329-7400
Facsimile:       (916) 329-7435
Email:            ppascuzzi@ffwplaw.com
                       jrios@ffwplaw.com
                       tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporation
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
Telephone:      (415) 434-9100
Facsimile:       (415) 434-3947
Email:            okatz@sheppardmullin.com
                       amartin@sheppardmullin.com

Proposed Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No.  23-30564<br><br>Chapter 11<br><br>**DECLARATION OF PAULA F. CARNEY IN SUPPORT OF APPLICATION TO EMPLOY WEINSTEIN & NUMBERS, LLP AS INSURANCE COUNSEL UNDER SECTION 327(e)**<br><br>[No Hearing Required] |

I, Paula F. Carney, declare:

1. I am an attorney duly licensed to practice law in the State of California and since 2013 have been General Counsel to The Roman Catholic Archbishop of San Francisco, the Debtor

and Debtor in Possession herein ("RCASF" or "Debtor"). If called as a witness, I would and could testify competently to the matters stated herein.

2. This declaration is submitted in support of the Debtor's Application to Employ Weinstein & Numbers, LLP ("W&N"), proposed insurance counsel (the "Application"). As General Counsel, I am one of the Debtor's responsible individuals for supervising outside counsel and monitoring and controlling legal costs.

3. I am informed and believe, based on communications and representations by W&N including the Declaration of Barron Weinstein filed in support of the Application, that W&N's billing rates and material terms for the engagement are comparable to W&N's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals. The terms of the bankruptcy engagement are substantially similar to the pre-bankruptcy engagement of W&N.

4. The RCASF did not interview other firms prior to selecting W&N as its special insurance counsel. W&N was originally engaged in 2019 for insurance issues related to the current abuse claims litigation and has been working with the RCASF regarding its insurance coverage for abuse claims since 2004. In 2004 W&N (formerly Meredith, Weinstein & Numbers) was retained to represent RCASF in connection with abuse claims that were filed when the legislature created a one-year window in which statutes of limitations were tolled for abuse claims. W&N assisted RCASF in negotiating settlements of all the claims with funds that included funds from RCASF's insurance carriers.

5. The current lawsuits arise from another legislatively created window in which the statute of limitations was tolled for three years from 2019 through 2022. The current claims span the same time periods as involved in the 2004 claims and involve the same insurance carriers. In my view, W&N has had extensive experience negotiating settlements of abuse claims with the same carriers as are involved with the present claims. As a result of its prepetition representation of the RCASF, W&N has acquired in-depth knowledge of the Debtor's insurance coverage, which will be a key issue in the Bankruptcy Case. As such, W&N possesses the necessary background to address the insurance issues and related matters that may arise in the course of the Debtor's

1  Bankruptcy Case.

2  6. In the normal course of my role as General Counsel, I review and approve the billings of outside counsel. Others at the RCASF may also assist or join in that review. If I have issues with the reasonableness or necessity of any charges or services, I raise them with counsel, discuss them, and typically reach a reasonable resolution. The RCASF plans to use similar procedures in this case.

7. I am informed and believe that W&N and the other professionals employed in this case will monitor and coordinate with the other professionals to ensure a clear delineation of each firm's respective roles to prevent unnecessary duplication of services and ensure the Bankruptcy Case is administered in the most efficient fashion possible. Other than two primary bankruptcy counsels to provide needed depth and experience, each of the other firms has a specific area of expertise with clear delineations of areas of service. Rather than resulting in any extra or unnecessary expense to the Debtor's estate, it is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of the Bankruptcy Case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 19, 2023, at San Francsico, California.

*/s/ Paula F. Carney*
PAULA F. CARNEY