CHRISTINA L. GOEBELSMANN (CA SBN 273379)
Assistant United States Trustee
JASON BLUMBERG (CA SBN 330150)
Trial Attorney
TREVOR R. FEHR (CA SBN 316699)
Trial Attorney
PHILLIP J. SHINE (CA SBN 318840)
Trial Attorney
Office of the United States Trustee
450 Golden Gate Avenue, Room 05-0153
San Francisco, California 94102
Phone: (415) 705-3333
Facsimile: (415) 705-3379
Email: jason.blumberg@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee for Region 17

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br><br><br>Debtor and Debtor in Possession. | Bankruptcy Case No. 23-30564<br><br>Chapter 11<br><br>Date: October 12, 2023<br>Time: 1:30 p.m.<br>Place: Via ZoomGov<br>Judge: Hon. Dennis Montali |

## OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO EMPLOY AND COMPENSATE ORDINARY COURSE PROFESSIONALS (ECF No. 114)

Tracy Hope Davis, United States Trustee for Region 17 (the "UST"), hereby files this objection (the "Objection") to the *Motion of Debtor for Authority to Employ as of the Petition Date and Provide Compensation to Professionals Used in the Ordinary Course of Business* (the "Motion") (ECF No. 114). This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## I.     MEMORANDUM OF POINTS AND AUTHORITIES

### A.   Introduction

1. The Motion requests that the Court approve procedures for the employment and payment of professionals utilized in the ordinary course of the Debtor's business (the "Ordinary Course Professionals"). The Court should deny the Motion unless the procedures are modified to provide: (1) greater oversight of fees (including reduced monthly and quarterly fee caps); and (2) disclosure on the OCP Declaration[1] of indemnification rights (if any) of the non-attorney Ordinary Course Professionals.

2. Additionally, one Ordinary Course Professional, Beacon Pointe LLP, appears to have a pre-petition claim, which would make it ineligible for employment under Section 327(a). Absent the Debtor providing additional information about Beacon Pointe LLP's services so that the Court can determine whether Beacon Pointe LLP is a professional person within the meaning of Section 327(a), the Court should deny the Motion as to this Ordinary Course Professional.

### B.   Background Facts and Procedural Posture

3. On August 21, 2023, the Debtor commenced the above-captioned case under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1. The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

4. On September 1, 2023, the UST appointed an official committee of unsecured creditors. *See* ECF No. 58.

5. The meeting of creditors under 11 U.S.C. § 341(a) has been scheduled for September 28, 2023, at 10:00 a.m. *See* ECF No. 55.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Case: 23-30564   Doc# 174   Filed: 09/28/23   Entered: 09/28/23 15:45:07   Page 2 of 6

6.      On September 14, 2023, the Debtor filed the Motion.  *See* ECF No. 114.  Through the Motion, the Debtor seeks to implement a procedure by which Ordinary Course Professionals may be paid up to "$15,000 per month and/or $45,000 per quarter per professional" without Court approval of fees and expenses.  The Debtor's "auditors, investment advisors and recruiters who are paid at certain milestones or quarterly instead of monthly and may be entitled to payments greater than $15,000" would *not* be subject to these caps (the "Excepted Professionals").  *See* Motion, at p. 3.

7.      Exhibit 1 to the Motion identifies twelve Ordinary Course Professionals and additional ones may be added. *Id.* at pp. 18-19. On Exhibit 1, the largest estimated monthly payment to a proposed Ordinary Course Professional is $12,000 ($36,000 per quarter) for Beacon Pointe LLP. *Id.*

## II.      ARGUMENT

### A.      The Proposed Caps are Excessive.

8.      The Motion contemplates potential compensation of $180,000 per month, or $540,000 per quarter, without Court approval, not including amounts in excess of these caps for Excepted Professionals.  On an annual basis, the payments could exceed $2 million without Court oversight, a substantial sum.

9.      The UST proposes that the monthly cap be reduced to $12,000 per professional and the quarterly cap be reduced to $36,000 per professional.  In addition, any payments to the Excepted Professionals should be limited to the amounts set forth on Exhibit 1 to the Motion.[2] These modifications would provide for greater oversight of professional fees incurred in the case.

---

[2] The Debtor should also specifically identify which Ordinary Course Professionals are Excepted Professionals.

10.     Paragraph 2(viii) of the proposed Order provides that if an Ordinary Course Professional's fees and expenses exceed the monthly cap, the Ordinary Course Professional need file a noticed fee application *only* "on account of the fees and expenses *in excess* of the OCP Monthly Cap." ECF No. 102-1, at p.5 (emphasis added). This provision is unreasonable and should be stricken. The provision would require a fee application solely for the last $1,000 of a $16,000 monthly fee, exempting the balance. If an Ordinary Course Professional exceeds the monthly cap, a fee application should be brought for the entire month's fees as the only way to meaningfully review the reasonableness of the fees is by reviewing the entire compensation period.

**B.      The OCP Declaration Should Be Amended to Provide Additional Disclosure.**

11.     Each Ordinary Course Professional that is not an attorney should be required to attach its engagement agreement to its OCP Declaration and to disclose whether it is entitled to indemnity from the Debtor. Otherwise, the estate may be bound by overbroad indemnity obligations. *See*, *e.g.*, *In re Metricom, Inc.*, 275 B.R. 364, 366-67, 375 (Bankr. N.D. Cal. 2002) (indemnity provision that would have shielded financial advisor from its own negligence was not reasonable); *see also United Artists Theatre Co. v. Walton*, 315 F.3d 217, 234 (3d Cir. 2003) ("[T]he Debtors would be bound to indemnify Houlihan Lokey when its gross negligence contributed only in part to its damages. This attempted end run goes out of bounds for acceptable public policy.").

12.     Accordingly, the Motion should be denied unless the OCP Declaration form is modified to require each non-attorney Ordinary Course Professional to attach its engagement agreement and disclose whether it is entitled to indemnity from the Debtor.

/ / /

## C.    <u>Beacon Pointe LLP May Not Be Disinterested</u>

13.      Section 327(a) of the Bankruptcy Code provides, in pertinent part, that a trustee "may employ one or more attorneys, accountants … or other professional persons, that do not hold or represent an interest adverse to the estate, *and that are disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title."  *See* 11 U.S.C. § 327(a) (emphasis added).  In turn, the Bankruptcy Code's definition of a "disinterested person" specifically excludes any person that is a creditor.  *See* 11 U.S.C. 101(14)(A); *see also In re Kobra Properties*, 406 B.R. 396, 403 (Bankr. E.D. Cal. 2009) ("It is black-letter law that a 'creditor' is not 'disinterested.'").

14.      As set forth in the Motion, Beacon Pointe LLP, an investment advisor, has a pre-petition claim of approximately $19,000.  *See* Motion, at p. 9.  The Debtor should provide additional information about Beacon Pointe LLP's services so that the Court can determine whether Beacon Pointe is a professional person within the meaning of Section 327(a).  *Cf. In re That's Ent. Mktg. Grp., Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) ("professional persons" is a "'term of art reserved for those persons who play an *intimate role in the reorganization* of a debtor's estate.'").[3]

/ / /

---

[3] By its plain terms, Section 327(e) applies only to attorneys.  *See In re Andover Togs, Inc.*, 2001 WL 262605, at *4 (S.D.N.Y. Mar. 15, 2001) ("[T]he Bankruptcy Court decision expanding 327(e) to permit the Debtor to employ its interested accountant, even for a limited purpose, was in error.").

### III.  **<u>CONCLUSION</u>**

For the foregoing reasons, the UST requests that the Court deny the Motion, unless modified and supplemented as requested herein.

Dated: September 28, 2023     TRACY HOPE DAVIS
               UNITED STATES TRUSTEE

               By:<u>/s/ Trevor Fehr</u>
               Trevor Fehr
               Trial Attorney for the United States Trustee