PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
       jrios@ffwplaw.com
       tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
       amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**REPLY TO OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO EMPLOY AND COMPENSATE ORDINARY COURSE PROFESSIONALS (ECF No. 114)**<br><br>Date: October 12, 2023<br>Time: 1:30 p.m.<br>Location: Via ZoomGov<br>Judge: Hon. Dennis Montali |

Case No. 23-30564
REPLY TO OBJECTION OF U.S. TRUSTEE TO MOTION TO EMPLOY
AND COMPENSATE ORDINARY COURSE PROFESSIONALS

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby submits this Reply to the Objection of the United States Trustee to Debtor's Motion to Employ and Compensate Ordinary Course Professionals (ECF No. 114). See Dkt. No. 174.

Attached to this Reply is a redline version of the proposed order for the Motion showing the Debtor's requested modifications to the proposed order. Contemporaneously with this Reply the Debtor has filed the Supplemental Declaration of Joseph J. Passarello in support of the Motion. The Debtor has met and conferred with counsel for the United States Trustee and understands that the modifications to the proposed order together with the Supplemental Passarello Declaration satisfy the United States Trustee's objections.

Dated: October 5, 2023         FELDERSTEIN FITZGERALD WILLOUGHBY
                               PASCUZZI & RIOS LLP


                               By:    /s/ Paul J. Pascuzzi
                                      PAUL J. PASCUZZI
                                      JASON E. RIOS
                                      THOMAS R. PHINNEY

                                      Attorneys for The Roman Catholic Archbishop of
                                      San Francisco


Dated: October 5, 2023         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                               By:    /s/ Ori Katz
                                      ORI KATZ
                                      ALAN H. MARTIN

                                      Attorneys for The Roman Catholic Archbishop of
                                      San Francisco

1  Exhibit A
2  Redline Proposed Order

```
 1  PAUL J. PASCUZZI, State Bar No. 148810
    JASON E. RIOS, State Bar No. 190086
 2  THOMAS R. PHINNEY, State Bar No. 159435
    FELDERSTEIN FITZGERALD
 3   WILLOUGHBY PASCUZZI & RIOS LLP
    500 Capitol Mall, Suite 2250
 4  Sacramento, CA  95814
    Telephone:    (916) 329-7400
 5  Facsimile:    (916) 329-7435
    Email:        ppascuzzi@ffwplaw.com
 6                jrios@ffwplaw.com
                  tphinney@ffwplaw.com
 7

 8  ORI KATZ, State Bar No. 209561
    ALAN H. MARTIN, State Bar No. 132301
 9  SHEPPARD, MULLIN,
     RICHTER & HAMPTON LLP
10    A Limited Liability Partnership
      Including Professional Corporations
11  Four Embarcadero Center, 17th Floor
    San Francisco, CA  94111
12  Telephone:    (415) 434-9100
    Facsimile:    (415) 434-3947
13  Email:        okatz@sheppardmullin.com
                  amartin@sheppardmullin.com
14
    Proposed Attorneys for
15  The Roman Catholic Archbishop of San Francisco
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| In re: | CASE NO Case No. 23-30564 |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor In Possession. | **ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, and 330 AUTHORIZING THE DEBTOR TO EMPLOY AS OF THE PETITION DATE AND PROVIDE COMPENSATION TO PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS [11 U.S.C. §§ 105(a), 327, 328, and 330]** |
| | Date:    October 12, 2023<br>Time:    1:30 p.m.<br>Place:   Via ZoomGov<br>Judge:   Hon. Dennis Montali |

27  ///

28  ///

Upon the Motion, dated September 14, 2023 (the "Motion[1]") of the Roman Catholic Archbishop of San Francisco as debtor and debtor in possession ("RCASF" or "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), pursuant to sections 105(a), 327, 328, 330, 363(b) and 1108, of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing, but not directing, the Debtor to (i) establish certain procedures to retain and compensate those professionals that the Debtor employs in the ordinary course of business (collectively, the "Ordinary Course Professionals"), effective as of the Petition Date (as defined below), without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtor is authorized, but not directed, to employ the Ordinary Course Professionals listed on Exhibit 1 hereto in the ordinary course of its business in accordance with the following procedures (the "Procedures"), effective as of the Petition Date:

    (i) Within thirty (30) days after the later of (a) the entry of an order granting this Motion and (b) the date on which an Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional will provide the following to the Debtor's attorneys: (1) a declaration (the "OCP Declaration"), substantially in the form annexed to this Order as Exhibit 2, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed to this Order as Exhibit 3.

    (ii) Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtor will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "U.S. Trustee"), (b) counsel for the official committee appointed in this Bankruptcy Case ("Committee"), and (c) parties that have requested special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Reviewing Parties").

    (iii) If a party wishes to object to the retention of an Ordinary Course Professional,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve on (a) the attorneys for the Debtor and (b) the relevant Ordinary Course Professional (together, the "Objection Recipients") a written objection stating the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtor is authorized to retain any Ordinary Course Professional and to compensate such Ordinary Course Professional, without separate application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided, however*, that the Ordinary Course Professional's total compensation and reimbursements to be paid without separate application shall not exceed $~~15~~12,000 for each month starting from the first full month following the Petition Date (the "OCP Monthly Cap") and/or shall not exceed $~~45~~36,000 for each quarter (the "OCP Quarterly Cap~~");~~")[2]; *provided further, however*, the Debtor's auditors, financial advisors and recruiters who are paid at certain milestones or quarterly instead of monthly may receive regular payments greater than $~~15~~12,000 as set forth in Exhibit 1 to the Proposed Order, ~~including~~ which currently are comprised of an annual audit fee of approximately $132,000 payable to BPM LLP and an executive search recruiting fee of approximately $80,000.

(vii) To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods.

(viii) In the (unanticipated) event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during this Bankruptcy Case: (a) the Debtor may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional may file with the Court a fee

---

[2] The Ordinary Course Professional who are paid pursuant to monthly invoices shall be subject to the Monthly and Quarterly Caps. The Ordinary Course Professional who are paid in installments or flat fees may be paid in excess of the Monthly Cap provided the payments do not exceed the Quarterly Cap e.g. Beacon Point, Grant Thorton, Global Retirement, and Korn Ferry.

application, to be heard on notice, on account of the fees and expenses ~~in excess of~~(including fees and expense below the OCP Monthly Cap) and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

  (ix) Within thirty (30) days of the end of each quarterly period, the Debtor will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtor's compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

  (x) If the Debtor seeks to retain an Ordinary Course Professional not already listed on Exhibit 1 to this Order, the Debtor will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "<u>OCP List Supplement</u>"), along with the attendant OCP Declarations and Retention Questionnaires.

  (xi) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3. The form of OCP Declaration and Retention Questionnaire are approved.

4. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor , (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Entry of this Order and approval of the Procedures shall not affect the Debtor's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtor reserves all of their rights with respect thereto.

-6- Case No. 23-30564

REPLY TO OBJECTION OF U.S. TRUSTEE TO MOTION TO EMPLOY AND COMPENSATE ORDINARY COURSE PROFESSIONALS

1    5.   Nothing herein shall create, nor is intended to create, any rights in favor of or enhance
2    the status of any claim held by any party.
3    6.   The Debtor is authorized to take all steps necessary or appropriate to carry out this
4    Order.
5    ///
6    7.   This Court shall retain jurisdiction to hear and determine all matters arising from or
7    related to the implementation, interpretation, or enforcement of this Order.
8                          ** END OF ORDER **

Court Mailing List

ECF Participants