PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
One Sansome Street, Suite 3430
San Francisco, California 94104
Tel: 415.263.7000; Fax: 415.263.7010
Email: jstang@pszjlaw.com
        dgrassgreen@pszjlaw.com
        jlucas@pszjlaw.com

[Proposed] Counsel to the Official Committee
of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br><br><br><br><br>Debtor and Debtor in Possession. | Case No.: 23-30564<br><br>Chapter 11<br><br>**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES AND EMPLOYEE EXPENSES; (2) TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES; AND (3) DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS** [ECF No. 7]<br><br>Hearing:<br>Date:   October 26, 2023<br>Time:   1:30 p.m.<br>Place:  Via ZoomGov |

The Official Committee of Unsecured Creditors (the "Committee"), by its proposed counsel,

hereby files this response (the "Response") to *Debtor's Emergency Motion for Order (1) Authorizing*

*Payment of Prepetition Wages, Salaries and Employee Expenses; (2) to Pay Accrued Employee*

*Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks* [ECF No. 7] (the

"Wage Motion"), filed by The Roman Catholic Archbishop of San Francisco (the "Debtor") on

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 23-30564   Doc# 203   Filed: 10/13/23   Entered: 10/13/23 12:18:09   Page 1 of 23

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

August 21, 2023. The Committee's Response addresses only the portion of the Wage Motion relating to Debtor's payment of prepetition wages, salaries, and employee expenses (the "Wages").

**The Debtor Should Disclose Information –**
**Including Names - Regarding Sexual Abuse Perpetrators**

On August 25, 2023, the Court entered a generally routine order authorizing the Debtor to pay prepetition Wages. *See Interim Order Granting Debtor's Emergency Motion for Order (1) Authorizing Payment of Prepetition Wages, Salaries, and Employee Expenses; (2) to Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks* [ECF No. 42] (the "Wage Order"). While the Wage Order seeks to pay a *de minimis* amount of Wages, approximately $3,700, the Wage Order notably provides the following:

> Nothing in this Interim Order authorizes the Debtor to make any payments that benefit, directly or indirectly, **any credibly accused perpetrator of abuse**, whether for wages, support, housing, prepetition claims, retirement or otherwise.

Wage Order, ¶8 (emphasis added).

In light of the above paragraph that the Debtor's voluntarily used in the Wage Order, the Committee requested a list of the Debtor's "credibly accused" [1] perpetrators so that it could verify that the Debtor was not paying prepetition Wages of such individuals. In response, the Debtor informed the Committee that it has no such list of "credibly accused" and that the few individuals benefiting from the Wage Order are each on the Debtor's "good standing" list. In the end, the Debtor refused to provide any information about the many people who are subject to any type of abuse allegations.

The chapter 11 cases premised on decades of childhood sexual abuse claims, like this case here, are not just about the payment of abuse Survivors' claims. They are also about accountability, ownership of the past, the disclosure of information under the control of the Debtor that support Survivors' abuse claims, and insuring that the abuse suffered by more than 500 Survivors does not happen to any other children or adults after the Debtor emerges from bankruptcy.

The Court summarized the Committee's concern at the first-day hearing in this case: "If the

---

[1] The term "credibly accused" as it relates to perpetrators of sexual abuse is not defined by law. The Committee must know how Debtor uses that term in order to assess the adequacy of its future disclosures of abuser names.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

debtor has a known abuser, whether it's a credible accusation or a[n] incredible one, I wonder why that person is on the payroll." *See* Tr. of August 24, 2023 hearing (attached hereto as **Composite Exhibit A**), at 25: 6-9.

At the initial Section 341 Meeting of Creditors on September 28, 2023, the Debtor's representative surprisingly stated that there are two active clergy members and two inactive clergy members in the Archdiocese of San Francisco who are subject to abuse allegations. *See* Tr. of September 28, 2023 meeting (attached hereto as **Composite Exhibit B**), at 22:16-32. The Debtor has represented to the Committee that the foregoing individuals are not benefiting from the proposed Wage Order.

The Debtor has failed to make public, or even to produce to the Committee, a list of all abusers - whether accusations against them are proven, credible, incredible, or otherwise. However, at least 192 Catholic arch/dioceses and religious order provinces in the United States have publicly disclosed the names (and other information) of people within their jurisdictions who have committed sexual abuse.[2] California is home to 12 Catholic arch/dioceses.[3] All of the arch/dioceses in California – except for Debtor – have filed lists of abusers.[4]

The Committee does not object to the Motion but rather takes this opportunity to preview an issue that the Motion raises: the identification of the perpetrators giving rise to the more than 500 childhood sexual abuse claims. At the first day hearing, the Court noted, and the Debtor has made clear, that sexual abuse and claims arising from that sexual abuse, prompted filing of this bankruptcy case. See e.g., *See* **Composite Exhibit A**, at 66: 5-7 and 66:14-15.

The transparency required in this bankruptcy case starts with an honest accounting of who is an abuser. Not only does that assist in evaluating proofs of claim in the future, but also it lifts the veil of secrecy that the Committee's constituency – sexual abuse Survivors – have been held under for

[remainder of page left intentionally blank]

---

[2] *See* https://www.bishop-accountability.org/AtAGlance/diocesan_and_order_lists.htm (viewed on October 12, 2023).
[3] *See* https://cacatholic.org/about/ (viewed on October 12, 2023).
[4] *See* n.1, above.

too many years. The Committee must be informed about who Debtor knows to be a "credibly accused" perpetrator of sexual abuse and how Debtor defines "credibly accused." Such "credibly accused" perpetrators conceivably are not publicly named in lawsuits but are known to the Debtor. Moreover, as we learned at the initial 341(a) hearing, abusers may still be in ministry within the Archdiocese of San Francisco or otherwise have access to children. Should the Debtor fail to voluntarily provide the information that 192 other Catholic entities throughout the country have provided in this regard, the Committee will seek it through discovery.

Dated:   October 13, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By:   */s/ John W. Lucas*
   James I. Stang (CA Bar No. 94435)
   Debra I. Grassgreen (CA Bar No. 169978)
   John W. Lucas (CA Bar No. 271038)
   One Sansome Street, Suite 3430
   San Francisco, California 94104
   Tel:  415.263.7000; Fax:  415.263.7010
   Email:  jstang@pszjlaw.com
       dgrassgreen@pszjlaw.com
       jlucas@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**COMPOSITE EXHIBIT A**

**(Selected Pages of the Transcript of the August 24, 2023 Hearing)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

-oOo-

| | |
|---|---|
| In Re: | ) Case No. 23-30564 |
| | ) Chapter 11 |
| THE ROMAN CATHOLIC ARCHBISHOP | ) |
| OF SAN FRANCISCO | ) San Francisco, California |
| | ) Thursday, August 24, 2023 |
| Debtor. | ) 1:30 PM |
| _____ | ) |

DEBTOR'S EMERGENCY MOTION FOR
INTERIM AND FINAL ORDERS (1)
PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING OR
DISCONTINUING SERVICE, (2)
DETERMINING ADEQUATE
ASSURANCE OF PAYMENT FOR
POST-PETITION UTILITY
SERVICES UNDER 11 U.S.C. §
366, (3) ESTABLISHING
PROCEDURES FOR DETERMINING
ADEQUATE ASSURANCE OF
PAYMENT, AND (4) SCHEDULING A
FINAL HEARING FILED BY THE
ROMAN CATHOLIC ARCHBISHOP OF
SAN FRANCISCO [8]

DEBTOR'S EMERGENCY
APPLICATION FOR ENTRY OF AN
ORDER (I) AUTHORIZING AND
APPROVING THE APPOINTMENT OF
OMNI AGENT SOLUTIONS, INC. AS
CLAIMS AND NOTICING AGENT,
AND (II) GRANTING RELATED
RELIEF FILED BY THE ROMAN
CATHOLIC ARCHBISHOP OF SAN
FRANCISCO [11]

DEBTOR'S EMERGENCY MOTION TO
(1) ESTABLISH NOTICE
PROCEDURES, (2) FILE
CONFIDENTIAL INFORMATION
UNDER SEAL, AND (3)
TEMPORARILY SUSPEND DEADLINE
FOR FILING PROOFS OF CLAIMS
FILED BY THE ROMAN CATHOLIC

Case: 23-30564   Doc# 203   Filed: 10/13/23   Entered: 10/13/23 12:18:09   Page 6 of
23

1   ARCHBISHOP OF SAN FRANCISCO
    [10]

2
    DEBTOR'S EMERGENCY MOTION FOR
3   ORDER (1) AUTHORIZING PAYMENT
    OF PREPETITION WAGES,
4   SALARIES, AND EMPLOYEE
    EXPENSES; (2) TO PAY ACCRUED
5   EMPLOYEE BENEFITS AND TAXES;
    AND (3) DIRECTING BANKS TO
6   HONOR PAYROLL AND EXPENSE
    CHECKS FILED BY THE ROMAN
7   CATHOLIC ARCHBISHOP OF SAN
    FRANCISCO [7]

8
    DEBTOR'S EMERGENCY MOTION FOR
9   INTERIM AND FINAL ORDERS (1)
    AUTHORIZING CONTINUED USE OF
10  EXISTING CASH MANAGEMENT
    SYSTEM, OPERATIONAL BANK
11  ACCOUNTS AND RELATED
    INVESTMENT ACCOUNTS; (2)
12  AUTHORIZING MAINTENANCE OF
    EXISTING BUSINESS FORMS, (3)
13  EXCUSING COMPLIANCE WITH
    SECTION 345(B); (4)
14  AUTHORIZING CONTINUED USE OF
    CURRENT INVESTMENT POLICY;
15  AND (5) SCHEDULING A FINAL
    HEARING FILED BY THE ROMAN
16  CATHOLIC ARCHBISHOP OF SAN
    FRANCISCO [9]

17
    DEBTOR'S EMERGENCY MOTION TO
18  CONTINUE INSURANCE PROGRAMS
    FILED BY THE ROMAN CATHOLIC
19  ARCHBISHOP OF SAN FRANCISCO
    [12]

20
    DEBTOR'S EMERGENCY MOTION FOR
21  INTERIM AND FINAL ORDERS
    AUTHORIZING THE DEBTOR TO (1)
22  PAY CERTAIN PREPETITION
    INVOICES FOR ABUSE SURVIVORS'
23  ASSISTANCE AND SAFE
    ENVIRONMENT PROGRAMS, AND (2)
24  CONTINUE ITS PREPETITION
    PRACTICE OF PAYING FOR ABUSE
25  SURVIVORS ASSISTANCE AND SAFE

1           ENVIRONMENT PROGRAMS FILED BY
            THE ROMAN CATHOLIC ARCHBISHOP
2           OF SAN FRANCISCO [13]

3           HEARING REGARDING CASE
            MANAGEMENT
4
                    TRANSCRIPT OF PROCEEDINGS
5           BEFORE THE HONORABLE DENNIS MONTALI
                 UNITED STATES BANKRUPTCY JUDGE
6
    APPEARANCES (All present by video or telephone):
7   For the Debtor:          PAUL J. PASCUZZI, ESQ.
                             Felderstein Fitzgerald Willoughby
8                            Pascuzzi & Rios LLP
                             500 Capitol Mall
9                            Suite 2250
                             Sacramento, CA 95814
10                           (916)329-7400
    For the Debtor:          ORI KATZ, ESQ.
11                           Sheppard, Mullin, Richter &
                             Hampton LLP
12                           4 Embarcadero Center
                             17th Floor
13                           San Francisco, CA 94111
                             (415)774-3238
14  For the Debtor:          PAUL E. GASPARI, ESQ.
                             Weintraub Tobin Chediak Coleman &
15                           Grodin
                             475 Sansome Street
16                           Suite 510
                             San Francisco, CA 94111
17                           (415)772-9618

18  For Office of the U.S.   JASON BLUMBERG, ESQ.
    Trustee:                 United States Department of
19                            Justice
                             501 I Street
20                           Suite 7-500
                             Sacramento, CA 95814
21                           (916)930-2076

22  Also Present:            Paul H. Deutch
                              Executive Vice President, Omni
23                            Agent Solutions, Inc.

24                           Joseph J. Passarello
                              Chief Financial Officer
25

Case: 23-30564   Doc# 203   Filed: 10/13/23   Entered: 10/13/23 12:18:09   Page 8 of
23

1      Paula Carney
        Debtor's Representative
2
       Wayne Weitz
3       Debtor's financial advisor
        professional
4
       Paul H. Deutch
5       Executive Vice President, Omni
        Agent Solutions, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18  Court Recorder:          LORENA PARADA
                             United States Bankruptcy Court
19                           450 Golden Gate Avenue
                             San Francisco, CA 94102
20

21  Transcriber:             RIVER WOLFE
                             eScribers, LLC
22                           7227 N. 16th Street
                             Suite #207
23                           Phoenix, AZ 85020
                             (800) 257-0885
24
    Proceedings recorded by electronic sound recording;
25  transcript provided by transcription service.

1    SAN FRANCISCO, CALIFORNIA, THURSDAY, AUGUST 24, 2023, 1:31 PM

2                              -oOo-

3        (Call to order of the Court.)

4            THE CLERK:  Court is now in session, the Honorable

5    Dennis Montali presiding.  Calling the matter of the Roman

6    Catholic Archbishop of San Francisco, case 23-30564.

7            THE COURT:  All right.  Good afternoon, everyone.

8    Welcome to the San Francisco Bankruptcy Court remote edition.

9    And let me get the appearances of principal counsel.  And for

10   counsel, at the moment, let's defer for the time being the

11   introduction of the representatives of the debtor.  But let me

12   just get the counsels' appearances.

13           MR. PASCUZZI:  Thank you, Your Honor.  Paul Pascuzzi,

14   Felderstein Fitzgerald Willoughby Pascuzzi & Rios, for the

15   debtor, the Roman Catholic Archbishop of San Francisco, a

16   corporation sole.  We do have cocounsel on the line as well.

17           THE COURT:  And is that Mr. Katz?  Is he going to make

18   an appearance?  Yes.

19           MR. KATZ:  Yes, Your Honor.  Good afternoon.  Ori

20   Katz, Sheppard, Mullin, Richter & Hampton, appearing as

21   proposed cocounsel to the debtor.

22           THE COURT:  Good afternoon, Mr. Katz.

23           Mr. Blumberg.

24           MR. BLUMBERG:  Good afternoon, Your Honor.  Jason

25   Blumberg for the United States Trustee.

Case: 23-30564   Doc# 203   Filed: 10/13/23   Entered: 10/13/23 12:18:09   Page 10 of
23

1   made pursuant to this order.  And paragraph 9, Your Honor, is

2   the paragraph that dealt with not making payments to credibly

3   accuse perpetrators of abuse.  So that provision was inserted

4   to resolve the concern that had been raised in the objection.

5          THE COURT:  Well, in all my experience, and I've never

6   had a objection like that before, it dawned on me that if the

7   debtor has a known abuser, whether it's a credible accusation

8   or a incredible one, I wonder why that person is on the

9   payroll.  But secondly, it dawned on me that even if you are an

10  abuser, which I don't condone, you're still entitled to be

11  paid.  So I don't know how we can ignore the right of a person

12  to be paid if that person is paid, even though he or she may be

13  under criticism for something unrelated to the paycheck.

14         So I believe, if I'm not mistaken, in the Oakland

15  case, there was no limitation.  In the Santa Rosa one, there

16  was something similar.  But I guess the way you're suggesting

17  it, Mr. Katz, is that it's functionally out with a reservation

18  in case one gets through, right; is that a fair way to say it?

19         MR. KATZ:  Yes, Your Honor.  I mean, functionally, we

20  won't be making these payments on account of pre-petition

21  claims, even if they would otherwise be entitled to priority,

22  pending some further order of the Court.  And to the extent

23  anybody wants to step forward to challenge that mechanism or a

24  payment that's been made, they're free to do so.

25         To borrow from Mr. -- I don't know if it was from Mr.

Case: 23-30564   Doc# 203   Filed: 10/13/23   Entered: 10/13/23 12:18:09   Page 11 of
23

1  to any sort of decision on that issue, Your Honor.

2        THE COURT:  Okay.  Actually, Mr. Blumberg, your

3  comment reminds me of something I meant to ask Mr. Pascuzzi.

4        Tell me if I'm wrong.  I would assume that your focus

5  is obviously on the survivors and the abuse claims -- that's

6  what's driven the Archbishop to put the debtor into

7  bankruptcy -- and that other creditors are almost incidental,

8  not incidental in a sense that they aren't significant amount

9  of money, but more likely than not they'll be unimpaired and

10  treated under a plan like more ordinary course and that all the

11  action is going to be with the survivors and their counsel and

12  the kinds of things that you and I both know is what is endemic

13  for these cases.  And is that a fair assumption?

14        MR. PASCUZZI:  That's a fair assumption, Your Honor.

15  Yes.

16        THE COURT:  Yeah.  I mean, see, that's relevant also

17  to things like claims bar date because chances are there may

18  not even be any claims filed because if your schedules are

19  complete and somebody that's owed money for some service that

20  was rendered and scheduled correctly, that person doesn't even

21  have to file a claim.

22        So I'm not changing my view on whether when the claims

23  bar date is.  I understand we're having two claims bar dates

24  for this case because despite the U.S. Trustee definitions or

25  the Administrative Office of U.S. Courts' definition of mega

Case: 23-30564   Doc# 203   Filed: 10/13/23   Entered: 10/13/23 12:18:09   Page 12 of 23

**COMPOSITE EXHIBIT B**

**(Selected Pages of the Transcript of initial September 28, 2023 Meeting of Creditors)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# CERTIFIED TRANSCRIPT

## ROMAN CATHOLIC ARCHBISHOP
## OF SAN FRANCISCO
## MEETING OF CREDITORS
## SEPTEMBER 28, 2023



**Court Reporting • Video**

310.230.9700 • els@elitigationservices.com

www.elitigationservices.com

1 **CEDRIC:** --listen-only mode during today's Q&A session. If you'd like to ask a questions,
2 please press star, then one. And I'd like to turn today's (inaudible) to your host, Mr.
3 Jason Blumberg. Thank you, you may begin.

4 **BLUMBERG:** Good morning. This is the first meeting of creditors for the Roman
5 Catholic Archbishop of San Francisco. That's case number 23-30564. This case was
6 filed on August 21, 2023. Today's date is September 28, 2023. It's approximately
7 10:14 a.m. My name is Jason Blumberg. I'm a Trial Attorney with the Office of the
8 United States Trustee.

9 This meeting is required under Section 341(A) of the Bankruptcy Code. The
10 purpose of the meeting is to allow for an examination of the debtor under oath.
11 Questions may include but are not limited to why the case was filed, the operation
12 of the business, and the prospects for the organization. I will initially question the
13 debtor the some degree. Creditors will also have an opportunity to examine the
14 debtor.

15 As a reminder, the meeting is being digitally recorded. Please remember that the
16 recorder cannot see who you are or your head nodding so please identify yourself
17 when asking a question and please remember to give verbal responses, which can
18 be picked up by the recorder. The recorder works best when only one person is
19 speaking at a time so please allow for questions to be completed before answering
20 and please wait for answers to be completed before asking follow-up questions.
21 Whenever you are not speaking, please mute your line to prevent background noise.
22 We keep the recording for two years after case closure. If anyone would like to
23 obtain a duplicate of today's proceeding or a transcript, the arrangements are made
24 to the Office of the United States Trustee.

25 Before we proceed with the 341 meeting, I'm going to take a few minutes to explain
26 what this meeting is and how it will proceed. As I mentioned, this meeting is being
27 conducted under Section 341 of the United States Bankruptcy Code in conjunction
28 with the bankruptcy case currently pending before the United States Bankruptcy
29 Court in the Northern District of California. As such, it is expected that every
30 participant will conduct themselves in a manner appropriate for a legal proceeding.

31 Preliminarily, the statutory purpose of the meeting is to allow creditors the
32 opportunity to ask questions of the debtor under oath. If you don't have any
33 questions for the debtor's representatives, you may stay on the line and listen, but
34 you also may drop off the call at any time.

35 The representatives of the debtor are Archbishop Cordileone, Father Patrick
36 Summerhays, and Joseph Passarello. By court order, Father Summerhays has been
37 designated as the debtor's responsible individual in this case. Mr. Passarello is the
38 debtor's senior financial director. He signed the debtor's schedules and statements.

MEETING OF CREDITORS | eLitigation Services, Inc.  2
www.elitigationservices.com
310.230.9700 • els@elitigationservices.com

1   **BLUMBERG:**          Okay. Thank you. Now, Father Summerhays, we've kinda--we've kinda
2                           covered this next question, and the question I would typically ask here is, why did
3                           the debtor file for Chapter 11? I'll ask that question to you if you--if you want to
4                           give a short kind of response, but I think we've covered it. But if you wouldn't mind
5                           just in a sentence or two repeating the reasons, it would be appreciated.

6   **SUMMERHAYS:** Well, I think with--when all the cases came in, we had to assess how we could
7                           get to some type of a glo--global mediation to make it manageable. And we tried
8                           some mediations and we weren't making any progress and so financially it looked
9                           like the best situation for resolving these cases equitably amongst those creditors,
10                          making sure that, you know, the first ones to the trial did not end at, you know,
11                          exhausting our resources and--and being able to pay out equitably to all our--our
12                          plaintiffs, and then, also, allow us to maintain our operations here at the
13                          archdiocese, which is our responsibility, too. So it w--it--it came to be able to do
14                          those two things and it's in my--it--it was unavoidable because of just the sheer
15                          number of cases we were trying to (inaudible).

16  **BLUMBERG:**          To your knowledge, have any active clergy under the jurisdiction of the
17                          archbishop been accused of abuse?

18  **SUMMERHAYS:** Yes, there--there are--there are active priests who've been accused.

19  **BLUMBERG:**          Would you tell me, please, the number? How many?

20  **SUMMERHAYS:** I mean, are they--are--can you--are they just priests that are in active
21                          ministry?

22  **BLUMBERG:**          Let's start there, yes, sir.

23  **SUMMERHAYS:** I think it's two.

24  **BLUMBERG:**          And then what is the difference between active ministry and inactive
25                          ministry?

26  **SUMMERHAYS:** It--well, you could have someone who's retired who is, you know, in good
27                          standing and can, you know, have active--he can--he can actually be publically
28                          (inaudible).

29  **BLUMBERG:**          Okay. I mean, are there any retired priests that have been accused?

30  **SUMMERHAYS:** Yes.

31  **BLUMBERG:**          Okay. So can you tell how many?

32  **SUMMERHAYS:** I believe there's two.

MEETING OF CREDITORS | eLitigation Services, Inc.   22
www.elitigationservices.com
310.230.9700 • els@elitigationservices.com

James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email:  jstang@pszjlaw.com
        dgrassgreen@pszjlaw.com
        jlucas@pszjlaw.com


[Proposed] Counsel to the Official Committee of Unsecured
Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **CERTIFICATE OF SERVICE** |

STATE OF CALIFORNIA          )
                             )
CITY OF LOS ANGELES          )

     I, Mary de Leon, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067.

     On October 13, 2023, I caused to be served the

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES AND EMPLOYEE EXPENSES; (2) TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES; AND (3) DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS** [ECF No. 7]

DOCS_LA:351724.5

in the manner stated below:

| | |
|---|---|
| ☑ | TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On October 13, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below |
| ☑ | (BY MAIL on Exhibit B attached) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☑ | (BY EMAIL on Exhibit A attached) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address. |

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 13, 2023 at Los Angeles, California.

*/s/ Mary de Leon*
Mary de Leon

Mailing Information for Case 23-30564

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- Hagop T. Bedoyan    hagop.bedoyan@mccormickbarstow.com, ecf@kleinlaw.com
- Jason Blumberg    jason.blumberg@usdoj.gov, ustpregion17.sf.ecf@usdoj.gov
- John Bucheit    jbucheit@phrd.com
- George Calhoun    george@ifrahlaw.com
- Jason Chorley    jason.chorley@clydeco.us, Robert.willis@clydeco.us
- Blaise S Curet    bcuret@spcclaw.com
- Trevor Ross Fehr    trevor.fehr@usdoj.gov
- Robert David Gallo    dgallo@phrd.com
- Christina Lauren Goebelsmann    christina.goebelsmann@usdoj.gov
- Debra I. Grassgreen    dgrassgreen@pszjlaw.com, hphan@pszjlaw.com
- Robert G. Harris    rob@bindermalter.com, RobertW@BinderMalter.com
- Deanna K. Hazelton    deanna.k.hazelton@usdoj.gov
- Daniel James    daniel.james@clydeco.us
- Jeff D. Kahane    jkahane@duanemorris.com
- Ori Katz    okatz@sheppardmullin.com, LSegura@sheppardmullin.com
- Jeannie Kim    jekim@sheppardmullin.com, dgatmen@sheppardmullin.com
- John William Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alan H. Martin    AMartin@sheppardmullin.com, lwidawskyleibovici@sheppardmullin.com
- Andrew Mina    amina@duanemorris.com
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov
- Paul J. Pascuzzi    ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- Mark D. Plevin    mplevin@crowell.com, mark-plevin-crowell-moring-8073@ecf.pacerpro.com
- Douglas B. Provencher    dbp@provlaw.com
- Nathan W. Reinhardt    nreinhardt@duanemorris.com
- Jason E. Rios    jrios@ffwplaw.com, docket@ffwplaw.com
- Matthew Roberts    mroberts@phrd.com

DOCS_LA:351724.5

RESPONSE

PACHULSKI STANG ZIEHL & JONES LLP

ATTORNEYS AT LAW

SAN FRANCISCO, CALIFORNIA

1   •   Phillip John Shine     phillip.shine@usdoj.gov

2   •   Catalina Sugayan     catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

3   •   Matthew Michael Weiss     mweiss@phrd.com

4   •   Harris Winsberg     hwinsberg@phrd.com

5   •   Yongli Yang     yongli.yang@clydeco.us

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**EXHIBIT A**
EMAIL SERVICE

| Name | Email |
|------|-------|
| A.S.; C.B.; D.R.; H.F.; J.B.; J.D.; R.C.; R.F.; R.F. Jr.<br>Just Law Collaborative<br>Attn:    Kim Dougherty, Esq. | kim@justcelc.com |
| Binder & Malter, LLP<br>Attn:    Robert G. Harris | rob@bindermalter.com;<br>robertw@bindermalter.com |
| Clyde & Co US LLP<br>Attn:    Alexander Potente<br>        Jason J. Chorley<br>        Catalina J. Sugayan<br>        Nancy Lima<br>        Yongli Yang<br>        Robert Willis | alex.potente@clydeco.us;<br>jason.chorley@clydeco.us;<br>Catalina.Sugayan@clydeco.us;<br>Nancy.Lima@clydeco.us; yongli.yang@clydeco.us;<br>Robert.willis@clydeco.us |
| Craig & Winkelman LLP<br>Attn:    Robin D. Craig | rcraig@craig-winkelman.com |
| Crowell & Moring LLP<br>Attn:    Miranda H. Turner<br>        Jordan A. Hess<br>        Mark D. Plevin | mturner@crowell.com; jhess@crowell.com;<br>mplevin@crowell.com; mark-plevin-crowell-<br>moring-8073@ecf.pacerpro.com |
| Duane Morris LLP<br>Attn:    Jeff D. Kahane<br>        Russell W. Roten<br>        Andrew Mina<br>        Nathan Reinhardt | JKahane@duanemorris.com;<br>RWRoten@duanemorris.com;<br>AMina@duanemorris.com;<br>NReinhardt@duanemorris.com |
| Embolden Law PC<br>Attn:    Douglas B. Provencher | dbp@provlaw.com |
| Estey & Bomberger, LLP<br>Attn:    Stephen Estey | steve@estey-bomberger.com |
| Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP<br>Attn:    Paul Pascuzzi<br>        Thomas Phinney<br>        Jason Rios | ppascuzzi@ffwplaw.com; tphinney@ffwplaw.com;<br>jrios@ffwplaw.com; docket@ffwplaw.com |
| Fiore Achermann<br>Attn:    Sophia Achermann | sophia@theFAfirm.com |

| | |
|---|---|
| GDR Group, Inc<br>Attn:  Robert R. Redwitz | randy@gdrgroup.com |
| Ifrah PLLC<br>Attn:  George Calhoun | george@ifrahlaw.com |
| Kern County Treasurer and Tax Collector Office<br>Attn:  Bankruptcy Division | bankruptcy@kerncounty.com |
| McCormick, Barstow, Sheppard, Wayte & Carruth LLP<br>Attn:  Hagop T. Bedoyan | hagop.bedoyan@mccormickbarstow.com;<br>ecf@kleinlaw.com |
| Nicolaides Fink Thorpe Michaelides Sullivan LLP<br>Attn:  Matthew C. Lovell | mlovell@nicolaidesllp.com |
| Office of the U.S. Trustee<br>Attn:  Christina Lauren Goebelsmann<br>       Phillip J. Shine<br>       Deanna K. Hazelton<br>       Jason Blumberg<br>       Trevor Fehr | christina.goebelsmann@usdoj.gov;<br>phillip.shine@usdoj.gov;<br>deanna.k.hazelton@usdoj.gov;<br>jason.blumberg@usdoj.gov;<br>Trevor.Fehr@usdoj.gov;<br>USTP.Region17@usdoj.gov;<br>USTPRegion17.SF.ECF@usdoj.gov |
| Parker, Hudson, Rainer & Dobbs LLP<br>Attn:  Todd C. Jacobs<br>       John E. Bucheit<br>       Harris B. Winsberg<br>       Matthew M. Weiss<br>       Matthew G. Roberts<br>       R. David Gallo | tjacobs@phrd.com; jbucheit@phrd.com;<br>hwinsberg@phrd.com; mweiss@phrd.com;<br>mroberts@phrd.com; dgallo@phrd.com |
| Rosalie Marcic<br>Attn:  Jeannette A. Vaccaro, Esq. | jv@jvlaw.com |
| Sheppard, Mullin, Richter & Hampton LLP<br>Attn:  Alan Martin<br>       Ori Katz<br>       Jeannie Kim | amartin@sheppardmullin.com;<br>okatz@sheppardmullin.com;<br>jekim@sheppardmullin.com;<br>dgatmen@sheppardmullin.com;<br>LSegura@sheppardmullin.com;<br>lwidawskyleibovici@sheppardmullin.com |
| Sinnott, Puebla, Campagne & Curet, APLC<br>Attn:  Blaise S. Curet | bcuret@spcclaw.com |

**EXHIBIT B**
U.S. MAIL SERVICE

| | |
|---|---|
| California Department of Tax And Fee Admin | P.O. Box 942879<br>Sacramento, CA 94279 |
| California Office of the Attorney General | 1300 I St, Ste 1142<br>Sacramento, CA 95814 |
| Colorado Department of Revenue | 1881 Pierce St<br>Lakewood, CO 80214 |
| Employment Development Department | P.O. Box 989061<br>West Sacramento, CA 95798 |
| Florida Department of Revenue | 5050 W Tennessee St<br>Tallahassee, FL 32399 |
| Georgia Department of Revenue Processing Center | P.O. Box 740397<br>Atlanta, GA 30374 |
| Internal Revenue Service | Attn: Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| New Mexico Taxation and Revenue Department | P.O. Box 25127<br>Santa Fe, NM 87504 |
| San Francisco County Clerk | 1 Dr Carlton B Goollett Pl<br>City Hall, Room 168<br>San Francisco, CA 94102 |
| San Francisco Tax Collector | c/o Secured Property Tax<br>P.O. Box 7426<br>San Francisco, CA 94120 |
| San Mateo County Tax Collector | 555 County Center, 1st Floor<br>Redwood City, CA 94063 |
| State of California Franchise Tax Board | P.O. Box 942867<br>Sacramento, CA 94267 |
| The Roman Catholic Archbishop of San Francisco | One Peter Yorke Way<br>San Francisco, CA 94109 |
| Virginia Department of Taxation | P.O. Box 1115<br>Richmond, VA 23218 |
| Virginia Employment Commission | P.O. Box 26441<br>Richmond, VA 23261 |