

Signed and Filed: October 16, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LL
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:     (916) 329-7400
5  Facsimile:     (916) 329-7435
   Email:         ppascuzzi@ffwplaw.com
6                 jrios@ffwplaw.com
                  tphinney@ffwplaw.com
7

8  ORI KATZ, State Bar No. 209561
   ALAN H. MARTIN, State Bar No. 132301
9  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
10    Including Professional Corporations
   Four Embarcadero Center, 17th Floor
11 San Francisco, CA  94111
   Telephone:     (415) 434-9100
12 Facsimile:     (415) 434-3947
                  okatz@sheppardmullin.com
13                amartin@sheppardmullin.com

14 Attorneys for
   The Roman Catholic Archbishop of San Francisco

15

16                    UNITED STATES BANKRUPTCY COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

18 | In re: | Case No.  23-30564 |
19 | THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
20 | | |
21 | Debtor and Debtor In Possession. | **ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, and 330 AUTHORIZING THE DEBTOR TO EMPLOY AS OF THE PETITION DATE AND PROVIDE COMPENSATION TO PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS [11 U.S.C. §§ 105(a), 327, 328, and 330]** |
22 | | |
23 | | |
24 | | |
25 | | Date:     October 12, 2023<br>Time:     1:30 p.m.<br>Place:    Via ZoomGov<br>Judge:    Hon. Dennis Montali |
26 | | |

27  ///

28

Upon the Motion, dated September 14, 2023 (the "Motion[1]") of the Roman Catholic Archbishop of San Francisco as debtor and debtor in possession ("RCASF" or "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), pursuant to sections 105(a), 327, 328, 330, 363(b) and 1108, of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing, but not directing, the Debtor to (i) establish certain procedures to retain and compensate those professionals that the Debtor employs in the ordinary course of business (collectively, the "Ordinary Course Professionals"), effective as of the Petition Date (as defined below), without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtor is authorized, but not directed, to employ the Ordinary Course Professionals listed on Exhibit 1 hereto in the ordinary course of its business in accordance with the following procedures (the "Procedures"), effective as of the Petition Date:

    (i) Within thirty (30) days after the later of (a) the entry of an order granting this Motion and (b) the date on which an Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional will provide the following to the Debtor's attorneys: (1) a declaration (the "OCP Declaration"), substantially in the form annexed to this Order as Exhibit 2, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form annexed to this Order as Exhibit 3.

    (ii) Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtor will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "U.S. Trustee"), (b) counsel for the official committee appointed in this Bankruptcy Case ("Committee"), and (c) parties that have requested special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Reviewing Parties").

    (iii) If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "Retention Objection Deadline"), file with the Court and serve

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

on (a) the attorneys for the Debtor and (b) the relevant Ordinary Course Professional (together, the "Objection Recipients") a written objection stating the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtor is authorized to retain any Ordinary Course Professional and to compensate such Ordinary Course Professional, without separate application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided, however*, that the Ordinary Course Professional's total compensation and reimbursements to be paid without separate application shall not exceed $12,000 for each month starting from the first full month following the Petition Date (the "OCP Monthly Cap") and/or shall not exceed $36,000 for each quarter (the "OCP Quarterly Cap")[2]; *provided further, however*, the Debtor's auditors, financial advisors and recruiters who are paid at certain milestones or quarterly instead of monthly may receive regular payments greater than $12,000 as set forth in Exhibit 1 to the Proposed Order, which currently are comprised of an annual audit fee of approximately $132,000 payable to BPM LLP and an executive search recruiting fee of approximately $80,000.

(vii) To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods.

(viii) In the (unanticipated) event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during this Bankruptcy Case: (a) the Debtor may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional may file with the Court a fee application, to be heard on notice, on account of the fees and expenses (including fees and expense below the OCP Monthly Cap) and apply for compensation and reimbursement of such amount in compliance with sections

---

[2] The Ordinary Course Professional who are paid pursuant to monthly invoices shall be subject to the Monthly and Quarterly Caps. The Ordinary Course Professional who are paid in installments or flat fees may be paid in excess of the Monthly Cap provided the payments do not exceed the Quarterly Cap e.g. Beacon Point, Grant Thorton, Global Retirement, and Korn Ferry.

330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

(ix) Within thirty (30) days of the end of each quarterly period, the Debtor will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtor's compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(x) If the Debtor seeks to retain an Ordinary Course Professional not already listed on Exhibit 1 to this Order, the Debtor will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "OCP List Supplement"), along with the attendant OCP Declarations and Retention Questionnaires.

(xi) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3. The form of OCP Declaration and Retention Questionnaire are approved.

4. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor , (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Entry of this Order and approval of the Procedures shall not affect the Debtor's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtor reserves all of their rights with respect thereto.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or

enhance the status of any claim held by any party.

6. The Debtor is authorized to take all steps necessary or appropriate to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED AS TO FORM

Office of the U.S. Trustee

*/s/ Jason Blumberg*
Jason Blumberg

Official Committee Counsel
Pachulski Stang Ziehl & Jones

*/s/ John W. Lucas*
John W. Lucas

** END OF ORDER **

Exhibit 1

Case: 23-30564    Doc# 211    Filed: 10/16/23    Entered: 10/16/23 15:37:12    Page 6 of 15

# Exhibit 1

## Initial List of Ordinary Course Professionals

| Name | Address | Professional Service | Estimated Amount |
|---|---|---|---|
| **Legal** | | | |
| Allen, Glaessner, Hazelwood & Werth LLP | 180 Montgomery Street, Suite 1200, San Francisco, CA 94104 | Legal advice and representation in litigation concerning non-abuse matters. | $10,000 per month |
| Best Best & Krieger LLP | 3390 University Ave 5th Fl. Riverside, CA 92502 | Legal Advice concerning Pension/403B plans | $2,000 per month |
| Jackson Lewis LLP | 50 California Street, 9th Floor, San Francisco, CA 94111 | Legal advice and representation in employment litigation matters | $5,000/mo. |
| Littler Mendelson, PC | 333 Bush Street, 34th Floor, San Francisco, CA 94104 | Legal services concerning employment and union matters | $2,000 month |
| Rankin Stock Heaberlin O'Neal | 93 N. 3rd Street, #500, San Jose, CA 95112 | Litigation | $5,000/mo. |
| | | | |
| **Financial/Accounting** | | | |
| Beacon Pointe LLP | 24 Corporate Plaza Drive, Suite 150 Newport Beach, CA 92660 | Investment Advisor | $36,000 per quarter |
| BPM LLP | One California Street, Suite 2500, San Francisco, CA 94111 | CPA Firm for Audits Chancery/ Central Administrative Offices | Unbilled portion for FY'23 Audit $132,000 |
| Nicolay Consulting Group Inc. | 231 Sansome St. Suite 300 San Francisco, CA 94104 | Pension Plan consulting and actuarial services for pension plans | $6,000 per quarter |
| Grant Thornton LLP | 101 California Street, Suite 2700, San Francisco, CA 94111 | UBIT Tax Consulting | $10,000 initial payment and |

|  |  |  | $10,000 upon completion |
|---|---|---|---|
| Global Retirement Partners – Heffernan Retirement Services | 4340 Redwood Hwy, Ste B60, San Rafael, CA 94903 | 403B Plan Advisor | $14,000 per Quarter |
|  |  |  |  |
| **Other** |  |  |  |
| Stewardship Planned Giving | 6713 Old Jacksonville Highway, Suite 105 Tyler, Texas 75703 | Consulting for Planned Giving | $8,000 month over 4 months |
| Korn Ferry | One Montgomery Street, Suite 2200 San Francisco, CA 94104 | Executive Search Consultant | $16,000 flat fee |
| Executive Search Recruiting Firm(s) | TBD | Assist with recruiting for Superintendent Position | $80,000 (payable in 3 installments at engagement, submission of vetted candidates, & placement of candidate) |

Exhibit 2

Case: 23-30564    Doc# 211    Filed: 10/16/23    Entered: 10/16/23 15:37:12    Page 9 of 15

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor In Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION AND DISCLOSURE STATEMENT OF _____, ON BEHALF OF**<br><br>_____ |

To be completed by Professionals engaged by The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

I,_____, hereby declare as follows:

1. I am a _____ of _____, located at_____(the "Firm").

2. The Debtor in the above-captioned chapter 11 case has requested that the Firm provide _____ services to the Debtor, and the Firm has consented to provide such services (the "Services"). Attached hereto is a true and correct copy of the engagement agreement between the Debtor and the Firm (the "Engagement Agreement"). [The Engagement Agreement does not contain indemnification and/or limitation of liability provisions] or [The Engagement Agreement contains indemnification and/or limitation of liability provisions as set forth at \_\_\_\_\_ of the Engagement Agreement].

3. The Services include, but are not limited to, the following:

_____

_____

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case. The

Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this chapter 11 case, the Debtor owed the Firm $_____ in respect of prepetition services rendered to the Debtor.

8. If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration and Disclosure Statement was executed on _____, 2023, at_____.

_____
Declarant Name

Exhibit 3

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,

Debtor and Debtor In Possession.

Case No. 23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of professional:

   _____

   _____

   _____

2. Date of retention: _____

3. Type of Services to be provided:

   _____

   _____

   _____

4. Brief description of services to be provided:

   _____

   _____

   _____

5. Arrangements for compensation (hourly, contingent, etc.):

   _____

   (a) Average hourly rate (if applicable): _____

(b) Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): _____

6. Prepetition claims against the Debtor held by the company (if any):

    Amount of claim: $_____

    Date claim arose: _____

    Nature of claim: _____

7. Prepetition claims against the Debtor (if any) held individually by any member, associate, or employee of the company:

    Name: _____

    Status: _____

    Amount of claim: $_____

    Date claim arose: _____

    Nature of claim: _____

    _____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtor or its estate for the matters on which the professional is to be employed:

_____

_____

_____

9. Name and title of individual completing this form:

_____

Dated: _____, 2023

                                                         _____

                                                         Declarant Name

Case: 23-30564    Doc# 211    Filed: 10/16/23    Entered: 10/16/23 15:37:12    Page 14 of 15

Court Mailing List

ECF Participants