

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LL
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:      (916) 329-7435
Email:            ppascuzzi@ffwplaw.com
                     jrios@ffwplaw.com
                     tphinney@ffwplaw.com

Signed and Filed: October 16, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
Email:            okatz@sheppardmullin.com
                     amartin@sheppardmullin.com

Attorneys for
The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No.  23-30564<br><br>Chapter 11<br><br>**ORDER ESTABLISHING PROCEDURES AND AUTHORIZING PAYMENT OF PROFESSIONAL FEES AND EXPENSES ON A MONTHLY BASIS**<br><br>Date:       October 12, 2023<br>Time:       1:30 p.m.<br>Place:      Via ZoomGov<br>Judge:     Hon. Dennis Montali |

The motion of the Roman Catholic Archbishop of San Francisco as debtor and debtor in possession ("RCASF" or "Debtor") seeking entry of an order establishing procedures and

authorizing payment of professional fees and expenses on a monthly basis (the "Motion[1]") came on for hearing on October 12, 2023, at 1:30 p.m., before the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi. Other appearances were noted on the record. All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declarations of Paul J. Pascuzzi and Barron L. Weinstein filed in support of the Motion, and the matters reflected in the record of the hearing held on the Motion. The Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Limited Service list; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. On or before the 20th day of each month, any of the Professionals seeking payment from the bankruptcy estate may submit to the Debtor an invoice for fees and expenses incurred in the previous month or earlier. No invoices received after the 20th will be considered for payment until the following month. At the time each Professional submits the invoice, the Professional shall file a copy of the invoice with the Court and send a copy to (a) the attorneys for the Debtor; (b) the attorneys for and the chairperson of the Creditors Committee; (c) the United States Trustee; and (d) all parties requesting special notice who have elected to receive notice electronically via ECF or otherwise (collectively, the "Notice Parties"). The Professionals may each redact their invoices as they may deem reasonably necessary. Any right to redact invoices is subject to Bankruptcy Code sections 330 and 331.

3. Any Notice Party who objects to payment of a particular invoice shall within 14 days of service of the invoice, file with the court and serve on the Professional requesting payment and the Notice Parties, a written objection to all or part of the fees or expenses requested in the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

invoice. Such objection must clearly identify the time entry or entries objected to, the basis for the objection, and the amount of fees or costs objected to in dollars or time. In the event an objection is filed, the Debtor shall not pay the portion of the fees objected to without further order of the Court.

4. After the period for filing objections has passed, the Debtor shall be authorized and directed to pay an amount up to 80% of the fees and 100% of the expenses that are not subject to any objections. Professionals who have received retainers shall first apply any unexhausted portion of such retainer before they are entitled to payment from the Debtor.

5. On or before January 31, 2024, each Professional who has received, or who intends to receive compensation for services rendered for the period of the Petition Date through December 31, 2023, shall file with the Court and serve on the Notice Parties an interim fee application pursuant to §331 and in the form required by the Federal Rules of Bankruptcy Procedure and local rules of the Bankruptcy Court ("<u>Interim Fee Application</u>"). Thereafter, each Professional who has received, or who intends to receive compensation for services rendered for subsequent periods, shall file Interim Fee Applications for each four (4) month period beginning January 1, 2024 (*e.g*, January 1, 2024, through April 30, 2024; May 1, 2024, through August 31, 2024, etc.) during the period this case remains open. Each such application shall include all fees and expenses incurred during the previous four months whether or not the fees were paid pursuant to the monthly payment procedure contemplated by this Motion. Objections to any Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties on or before 4:00 p.m. (prevailing Pacific Time) on the 21st day (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application

6. Upon entry of this Order, the Professionals may submit invoices for payment pursuant to the terms of this Order for the period of the Petition Date through the last day of the last full month prior to the entry of this Order.

7. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under these procedures, nor (ii) the filing of or failure to file an objection will bind any party in interest or the Court with respect to the final allowance

-3-

Case No. 23-30564
ORDER AUTHORIZING MOTION TO ESTABLISH
MONTHLY PAYMENT PROCEDURES

Case: 23-30564    Doc# 212    Filed: 10/16/23    Entered: 10/16/23 15:40:33    Page 3 of 5

of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under these procedures are subject to disgorgement until final allowance by the Court. The failure of any party to file an objection to a monthly fee statement shall not impair such party's right to object to any interim fee application or final fee application. The failure of any party to file an objection to an interim fee application shall not impair such party's right to object to any subsequent interim fee application or final fee application.

8. The Court may allow or disallow all or any portion of the fees and expenses requested in the Interim Fee Applications. If the Court awards an amount greater than that previously paid under the monthly payment procedure, the Debtor shall be authorized to pay the additional amount. If the Court allows less than the amount of the fees and expenses paid to the Professional, the Professional shall reimburse the Debtor within 10 business days of the Court's order.

9. All fee applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, the Bankruptcy Local Rules for the Northern District of California, the Court's Guidelines for Compensation and Reimbursement of Professionals and Trustees, and the United States Trustee's Guidelines (including the U.S. Trustee's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases).

APPROVED AS TO FORM

Office of the U.S. Trustee

/s/ Jason Blumberg
Jason Blumberg

Official Committee Counsel
Pachulski Stang Ziehl & Jones

/s/ John W. Lucas
John W. Lucas

***END OF ORDER***

Court Mailing List

ECF Participants