PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:    (916) 329-7400
Facsimile:    (916) 329-7435
Email:        ppascuzzi@ffwplaw.com
              jrios@ffwplaw.com
              tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:        okatz@sheppardmullin.com
              amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S MOTION FOR ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE** |
| | Judge:    Hon. Dennis Montali <br> Date:     November 9, 2023 <br> Time:     1:30 p.m. <br> Place:    Via ZoomGov |

Case No. 23-30564
CLAIMS PROCEDURES MOTION

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), moves this Court (the "Motion") for an order, in substantially the form appended to the Motion as Exhibit 1: (i) establishing deadlines for filing proofs of claim against the Debtor (the "Claims Bar Dates"); (ii) approving the proposed proof of claim form for abuse and other claimants; (iii) approving confidentiality procedures for filed claims arising from abuse; and (iv) approving the form and manner of the proposed notices of the Claims Bar Dates. This Motion is based on the within memorandum of points and authorities, the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* (the "Passarello Decl.") filed on August 21, 2023 [ECF No. 14], the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* (the "Gaspari Decl.") filed on August 21, 2023 [ECF No. 15], the supporting declaration of Peter Marlow filed concurrently with this Motion (the "Marlow Decl."), all pleadings, papers, and records on file with the Court, and such other evidence, both oral and documentary, as may be presented to the Court at or before the time of the hearing.

## I.

## JURISDICTION AND STATUTORY BASIS

This Court has jurisdiction over this Bankruptcy Case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b). The statutory bases for the relief requested are sections 105(a), 107, 501, 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code").[1] The Motion is also based on Rules 2002, 3001- 3005, 5005, 9008, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 3003-1 of the Local Rules of Practice for the United States Bankruptcy Court, Northern District of California ("Bankruptcy Local Rules").[2]

---

[1] All section references hereafter are to the Bankruptcy Code unless otherwise noted.

[2] The RCASF does not, by filing its petition for relief and other documents in this bankruptcy case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon Law, the First Amendment of the United States Constitution, the Constitution for the State of California, California's law on corporations sole (California Corporations Code §§ 10000- 10015),

## II.

## INTRODUCTION AND RELIEF REQUESTED

By this Motion, the Debtor seeks Court approval of a process to obtain complete and accurate information regarding the nature, validity and amount of all claims[3] that may be asserted in this Bankruptcy Case so that the Debtor and other parties in interest: (a) have the information necessary to negotiate a chapter 11 plan, (b) solicit acceptances or rejections to such a chapter 11 plan, (c) administer fully the Debtor's estate, and (d) make distributions under any confirmed chapter 11 plan. The Debtor respectfully requests that, under Bankruptcy Rule 3003(c) and Bankruptcy Local Rule 3003-1, the Court enter an order in substantially the form attached to this Motion as Exhibit 1: (i) establishing the Claims Bar Dates (as specifically set forth and defined below) and related claims procedures; and (ii) approving (1) the proposed Proof of Claim Forms (defined below); (2) proposed procedures for maintaining the confidentiality of proofs of claim filed in connection with Survivor Claims (defined below); and (3) approve the form and manner of the proposed notices of the Claims Bar Dates.

The Debtor has consulted with counsel for the Official Committee of Unsecured Creditors (the "Committee"), Tracy Hope Davis, the United States Trustee for Region 17 (the "UST"), and various counsel for interested insurance companies (collectively, the "Insurers"), and has endeavored to incorporate all of their respective comments, which, at times, conflicted.

The Debtor requests approval of a Confidential Survivor Proof of Claim (the "Survivor Claim Form") that uses Official Proof of Claim Form (B 410), and also requests that Survivor Claimants (defined below) complete a voluntary Confidential Survivor Supplement (the "Confidential Survivor Supplement"), similar to the form approved in the chapter 11 bankruptcy cases of The Roman Catholic Bishop of Santa Rosa Diocese (the "Santa Rosa Diocese") and The Roman Catholic Bishop of Oakland (the "Oakland Diocese"). The voluntary Confidential Survivor Supplement requests information necessary to evaluate claims asserted by or on behalf of survivors

---

the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, California trust law, and the rights to object to disclosure of information and to contend that certain assets are not property of the estate.

[3] As used herein, the term "claim" has the meaning given to it in Bankruptcy Code section 101(5).

of abuse (collectively, the "Survivor Claims"). The Debtor also requests Court approval of certain protocols to maintain the confidentiality of Survivor Claims (described in detail below), and special notice forms and a publication process to afford each potential Survivor Claimant due process with respect to the Bar Dates and procedure to submit a Survivor Claim. A summary of the proposed special notice forms and other exhibits submitted in support of the motion is as follows:

| Exhibit | Description |
|---------|-------------|
| 1 | Proposed Order |
| 2 | Proposed General Proof of Claim Form |
| 3 | Proposed Confidential Survivor Proof of Claim Form |
| 4 | Proposed Confidentiality Agreement |
| 5 | Proposed Notice of Bar Date for General Proofs of Claim |
| 6 | Proposed Notice of Bar Date for Survivor Proofs of Claim |
| 7 | Proposed Publication Notice |

## III.

## SUMMARY OF COMMENTS RECEIVED TO DRAFT MOTION PAPERS

On October 10, 2023, counsel for the Debtor circulated a draft of this Motion and supporting exhibits to counsel for the Committee, the UST, and known counsel for Insurers, requesting comments. Counsel for the Debtor sent follow up emails to known counsel for the Insurers, the UST and counsel for the Committee informing them of the Debtor's intent to file the Motion on October 19, 2023.

Counsel to certain insurance carriers provided comments to the Motion and supporting exhibits. The Debtor has incorporated the comments received from said counsel to the extent the Debtor feels they are appropriate. In drafting the present Motion, counsel for the Debtor largely followed the form and substance of the claims procedures approved by the Bankruptcy Court in the ongoing chapter 11 bankruptcy of The Roman Catholic Bishop of Santa Rosa pending before the United States Bankruptcy Court for the Northern District of California, Case No. 23-10113. The order in that matter incorporated the UST comments, which have been incorporated in the instant Motion.

While the Debtor was not able to negotiate agreement among all the parties, the Debtor used its best judgment based on claims procedures approved by other courts around the country and in this District, to seek the relief requested by this Motion, and will continue to work with the UST,

1  Committee, and Insurers in obtaining claims procedures approved by the Court that are supported

2  by the parties.

3                                      **IV.**

4                        **BACKGROUND OF THE DEBTOR**

5        On August 21, 2023 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition.

6  The Debtor remains in possession of its estate, and no trustee or examiner has been requested or

7  appointed in this Bankruptcy Case.  The Debtor continues to operate and manage its business and

8  financial affairs as a debtor in possession under Bankruptcy Code sections 1107 and 1108.

9        The Debtor filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan

10 of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of

11 sexual abuse by clergy or others associated with the RCASF and bring healing to survivors,

12 parishioners, and others affected by past acts of sexual abuse.  *See Passarello Background Decl.*,

13 *Gaspari Decl.*, and *Passarello Decl.* at ¶ 4.[4]  The RCASF requires protection under the Bankruptcy

14 Code and Bankruptcy Rules to make fair and equitable payment on all of the claims against it,

15 including claims by survivors of abuse, trade creditors, and others, while continuing its ministries

16 and support of the Non-Debtor Catholic Entities and faithful in the ordinary course.

17       The Archdiocese of San Francisco ("Archdiocese")[5] was canonically established on July 29,

18 1853, by Pope Pius IX.  The current Bishop of the RCASF is Archbishop Salvatore Cordileone (the

19 "Archbishop"), who was appointed on July 27, 2012.  The Archdiocese now includes 88 parishes,

20 some of which have missions associated with them (collectively, the "Parishes"), consists of

21 approximately 442,000 Catholics in the counties of San Francisco, San Mateo, and Marin, and

22 covers approximately 2,325 square miles.  Archdiocesan priests and permanent deacons, along with

23 priests, brothers and nuns from multiple religious orders serve the Parishes, Schools (defined

24 below), Catholic hospitals and do other outreach within the Archdiocese.

25 _____

26 [4] Unless otherwise defined in this Motion, capitalized terms shall have the same meanings ascribed to them in the Passarello Background Decl., the Gaspari Decl., and the Passarello Decl.

27 [5] The term "Archdiocese" is used herein exclusively to refer to the geographic territory under the jurisdiction of the RCASF which includes the areas of Marin, San Francisco, and San Mateo
28 Counties, and the terms RCASF or Debtor are used herein exclusively to refer to the secular legal embodiment of the Archdiocese.

The primary role of the RCASF is to provide resources, spiritual leadership, direction, support, planning, programming, leadership development and other services to individuals of the Roman Catholic faith, the 88 Parishes, four Catholic high schools, numerous elementary schools and various private schools (collectively, the "Schools"), cemeteries (collectively, the "Cemeteries") and various other Catholic-based social and community service organizations that operate within the Archdiocese. Additional information regarding the circumstances leading to the commencement of this Bankruptcy Case and information regarding the Debtor's operations and structure are set forth in the Passarello Background Decl.

To ensure an efficient and effective plan process, it is imperative that the aggregate amount of claims asserted against the Debtor is established as soon as possible. Thus, the Debtor files this Motion to begin the formal process for giving notice of the Bar Date and ensuring that creditors assert their respective claims.

## V.

## PROPOSED BAR DATES AND PROCEDURES

A.     **Proposed Bar Date for Filing Proofs of Claim:  January 12, 2024**

The Debtor requests that the Court fix January 12, 2024 as the Claims Bar Date, or the date by which all entities, other than governmental units,[6] holding prepetition claims, including prepetition claims entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code, and those asserting Survivor Claims, must file proofs of claim. This proposed Bar Date would give claimants approximately 63 days' notice (from the estimated order entry date of November 10, 2023).

The Debtor requests that the Court fix February 20, 2024 ("Government Bar Date"), as the date by which all governmental units must file proofs of claim. The proposed Government Bar Date is at least 183 days after the filing of the petition and thus is at least 180 days after the Petition Date as required by Bankruptcy Rule 3002(c)(1) for government claims.

---

[6] As used herein, the term "governmental unit" has the meaning given to it in Bankruptcy Code section 101(27).

Case: 23-30564   Doc# 220   Filed: 10/19/23   Entered: 10/19/23 14:13:35   Page 6 of 23

**B.** **Proposed General Proof of Claim Forms and Claim Procedures**

A copy of the proposed General Proof of Claim Form is attached as Exhibit 2 ("General Proof of Claim Form").  There are no changes to the Official Form B 410.  However, the Debtor proposes including information on how to submit the form to Omni Agent Solutions, Inc., the Debtor's claims agent as approved by the Court in this Bankruptcy Case at ECF No. 37 (the "Claims Agent"), on the instructions attached to the Official Form B 410 as part of the proposed General Proof of Claim Form.

The Debtor proposes to have all General Proofs of Claim (which have not already been filed with the Court) to be originally executed and actually received on or before the applicable Bar Date by the Claims Agent in any of three ways as specified in the Proposed Notice of General Bar Date attached as Exhibit 5 to this Motion (by regular mail, overnight mail, or electronic means).

**C.** **Proposed Survivor Proof of Claim Forms and Confidentiality Protocol**

1.      Proposed Survivor Claim Form (Ex. 3)

The Debtor submits that under the circumstances of this Bankruptcy Case, it is necessary and appropriate to request certain additional information similar to the process approved in other diocesan cases from persons asserting Survivor Claims, including any person who filed a lawsuit against the Debtor that was pending as of the Petition Date (each a "Survivor Claimant," and collectively, the "Survivor Claimants") to assist in and streamline the review and analysis of Survivor Claims.

The Debtor has prepared the proposed Confidential Survivor Supplement, which includes cover instructions requesting that Survivor Claimants, at each's sole option and in addition to submitting a completed Official Form B 410, also complete and submit the voluntary Confidential Survivor Supplement.  Attached as Exhibit 3 to this Motion is a copy of the proposed Survivor Proof of Claim Form, including the proposed voluntary Confidential Survivor Supplement.

The proposed Survivor Claim Form specifies that completion and submission of the Confidential Survivor Supplement is not mandatory.  Any Survivor Claimant who already has submitted a General Proof of Claim or submits a General Proof of Claim without the Confidential

1   Survivor Supplement shall be recognized as having filed a claim.[7]   However, the information

2   requested in the Confidential Survivor Supplement is designed to and will (a) allow the Debtor, the

3   Committee, and Insurers to evaluate Survivor Claims, and (b) lessen the administrative burden for

4   Survivor Claimants by narrowing the universe of claim-related information to the specific points

5   needed for this Bankruptcy Case.[8]   It will also prevent Survivor Claimants from potentially having

6   to address later intrusive, expensive, and time-consuming discovery concerning the scope and nature

7   of Survivor Claims with the Debtor, the Committee, and the Insurers.   Therefore, the Debtor requests

8   approval of the Survivor Proof of Claim Form, together with the Confidential Survivor Supplement,

9   and strongly encourages Survivor Claimants to complete and submit the Confidential Survivor

10   Supplement, if approved by this Court, along with a completed Official Form B 410.

11         The Debtor is requesting a support letter from the Committee, which would encourage each

12   Survivor Claimant to complete the voluntary supplement and be served with the Survivor Proof of

13   Claim Form.

14         As noted below, the proposed Survivor Proof of Claim Form is substantially similar to the

15   form approved in the Santa Rosa Diocese and Oakland Diocese cases, in that it uses Official Form

16   B 410 with a voluntary supplement.

17         2.   <u>Proposed Confidentiality Protocol</u>

18         Additionally, due to the nature of the information that the Debtor seeks by way of the

19   Survivor Proof of Claim Form, the Debtor seeks approval of the following confidentiality protocol:

20         1)   Potential Survivor Claimants are directed <u>not</u> to file a Survivor Proof of Claim Form
              with the Court.   Instead, all Survivor Proof of Claim Forms are to be sent to the
21            Claims Agent in accordance with the procedures set forth in the Survivor Claim Bar
              Date Notice (defined below).
22
          2)   Survivor Proof of Claim Forms submitted by Survivor Claimants will not be
23            available to the general public.   The Confidentiality Protocol is for the benefit of the
              Survivor Claimants.   Accordingly, a Survivor Claimant may elect to make any of the
24            information contained in his or her own Survivor Proof of Claim Form public;
              provided, however, that notwithstanding that a Survivor Claimant may disclose
25

─────────────────────────

26   [7] Any Survivor Claimant who timely files a General Proof of Claim without completing the
     Confidential Survivor Supplement may subsequently be requested to provide additional information
27   regarding such Survivor Claim, including the information in the Confidential Survivor Supplement,
     in connection with the administration of his or her Survivor Claim.
28   [8] The Debtor also intends to seek to retain a representative for holders of unknown claims who do
     not file a Survivor Claim by the Abuse Bar Date. Such representative shall have at least 45 days
     after his or her appointment to file a proof of claim on behalf of unknown claimants.

information on such Survivor Claimant's Survivor Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Survivor Proof of Claim, except as allowed by Permitted Parties, as defined below.

3) Survivor Proof of Claim Forms submitted by a Survivor Claimant shall be held and treated as confidential by the Debtor and Debtor's counsel. Further, copies of filed Survivor Proof of Claim Forms may be provided to the parties listed below (the "Permitted Parties") and to such other persons that may be granted access to the Survivor Proofs of Claims by order of the Court. No party (including a Permitted Party) may obtain copies of Survivor Proofs of Claims unless such party executes a confidentiality agreement substantially in the form attached as Exhibit 4 (the "Confidentiality Agreement").[9] Executed Confidentiality Agreements shall be provided to counsel to the Debtor, Insurers, reinsurers of the Debtor, and any successor third-party administrator of the Debtor's insurance program, and counsel to the Committee. Permitted Parties shall keep confidential and not disclose the contents of any Survivor Proof of Claim except as otherwise provided by the confidentiality provision herein or order of the Court. Counsel to the Debtor, Insurers, reinsurers of the Debtor, and any successor third-party administrator of the Debtor's insurance program, and counsel to the Committee shall only be required to execute a single Confidentiality Agreement per firm.

4) The Permitted Parties (the "Permitted Party List") include:

   a. Counsel and other professionals for the Debtor retained pursuant to an order of the Court, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Debtor in reviewing and analyzing the Survivor Claims;

   b. The Archbishop of the Debtor and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Survivor Claims;

   c. Counsel and other professionals for the Committee retained pursuant to an order of the Court, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Committee in reviewing and analyzing the Survivor Claims;

   d. Insurers for the Debtor, together with their successors, administrators, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel and other professionals, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the forgoing in reviewing and analyzing the Survivor Claims;

   e. Any unknown claims representative appointed pursuant to an order of the Court in this Bankruptcy Case;

   f. Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this Bankruptcy Case;

   g. Any special arbitrator/claims reviewer appointed pursuant to an order of this Court to review and resolve the claims of Survivor Claimants;

---

[9] Notwithstanding this paragraph, the UST shall have full access to the Survivor Proofs of Claim without executing a Confidentiality Agreement.

h. Any trustee, or functional equivalent thereof, appointed to administer payments to Survivor Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

i. Members of the Committee and their personal counsel (after the Survivor Proof of Claim Form has been redacted to remove the Survivor Claimant's name, address, and any other information identified in Part 2(A) of the Survivor Proof of Claim Form and the signature block);

j. Persons who, in addition to those identified above, are permitted access upon stipulation of the party that produced or disclosed the Survivor Claim, after notice has been given to counsel to the Debtor, Committee and Insurers and each has had a reasonable opportunity to object;

k. Such other persons as the Court determines should have the information in order to evaluate Survivor Claims; provided, however, that any such determination shall be made on no less than seven days' notice to the Committee and affected Survivor Claimants.

## D.    **Bar Date Notice Procedures**

In connection with providing notice of the Bar Date to all claimants and parties in interest, the Debtor requests approval of the notice procedures outlined below with respect to the mailing and/or publication of the Bar Date Notices (defined below).

### 1.    Notice to Claimants Other Than Survivor Claimants

Within five business days of the entry of the order approving the Motion (the "Bar Date Order"), the Debtor proposes to serve by United States mail, first-class postage prepaid upon: (a) all known entities holding potential prepetition claims against the Debtor and their respective counsel (if known); (b) all parties that have requested special notice in this Bankruptcy Case; and (c) the U.S. Trustee, the following documents: (i) notice of the Bar Date substantially in the form attached to this Motion as Exhibit 5 and incorporated herein by reference (the "General Bar Date Notice"); and (ii) a copy of a General Proof of Claim Form. The following claims are excepted from the provisions of the Bar Date Order and are not required to be filed on or before the Bar Dates:

a. any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California;

b. any person or entity: (i) whose claim the Debtor listed in the Schedules or any amendments thereto, and (ii) whose claim the Debtor did not describe in the

Schedules as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) that does not dispute the amount or classification of its claim as set forth in the Schedules;

c. professionals retained pursuant to orders of this Court that assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330, 331(a), and 503(b);

d. any person or entity that asserts an administrative expense claim against the Debtor pursuant to Bankruptcy Code sections 503(b)(1) through (8);

e. any person or entity whose claim has been paid in full; and

f. the U.S. Trustee regarding a claim for quarterly fees under 28 U.S.C. § 1930(a)(6).

2.      <u>Notice of the Survivor Claim Bar Date</u>

Within five business days of the entry of the Bar Date Order, the Debtor proposes to serve by United States mail, first-class postage prepaid upon all known Survivor Claimants and their counsel (if known):[10] (i) notice of the Survivor Claim Bar Date substantially in the form attached to this Motion as Exhibit 6 (the "<u>Survivor Claim Bar Date Notice</u>," and together with the General Bar Date Notice, the "<u>Bar Date Notices</u>"); (ii) a copy of the Survivor Proof of Claim Form, including the voluntary Confidential Survivor Supplement (Exhibit 3); <u>and</u> (iii) a letter from counsel to the Committee explaining the need for, and encouraging, the Survivor to complete and submit the Confidential Survivor Supplement with the proof of claim.

In addition, the Debtor will request access to information maintained by the Parishes, the Schools, and any parish school, and if given such access, will cause to be mailed a copy of the Publication Notice (described below) to (1) each household or address on the current mailing list of each parish, and (2) the alumni mailing list for any parish and parish schools which permit the mailing of that notice to their alumni.

3.      <u>Publication Notice</u>

The Debtor also will make the Bar Date Notices available to the public via the following methods, which the Debtor believes to be at least as comprehensive as the manner in which other

---

[10] If a Survivor Claimant's counsel has appeared in the bankruptcy case on behalf of a Survivor claimant or provided written consent to Debtor's counsel, the Debtor is authorized to serve the Survivor Claimant's counsel with the Survival Claim Bar Date Notice.

diocesan bankruptcy debtors have provided notice of deadlines to assert claims, including Survivor Claims, against diocesan bankruptcy debtors.

        a.    *Websites*

The Debtor will post a copy of the General Bar Date Notice and General Proof of Claim Form as well as a copy of the Survivor Claim Bar Date Notice and the Survivor Proof of Claim Form on the Debtor's website, the webpage the Debtor has directed its Claims Agent to establish for this Bankruptcy Case (https://omniagentsolutions.com/RCASF), and any website created by the Committee or its counsel for this Bankruptcy Case. The Debtor also will promptly make a request to the Survivors Network of those Abused by Priests, a survivor advocacy group, and BishopAccountability.org, Inc., a Massachusetts non-profit corporation,[11] to post the Publication Notice on their respective websites.

        b.    *Newspapers and Online Publications*

The Debtor will cause a copy of the notice attached as Exhibit 7 to the Exhibit Document (the "Publication Notice"), no smaller than a 1/8-page advertisement in each newspaper listed in (i) through (iv) below, to be published as follows:

        (1)    Once, in English, in the Western edition of *The Wall Street Journal*, and twice, in English, in the San Francisco region edition of *USA Today*, on the first available, reasonably practical date after entry of the Bar Date Order;

        (2)    Twice each, in English, in the following daily (or near daily) newspapers, first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date:

           a)    *San Francisco Chronicle*;

           b)    *Los Angeles Times*;

           c)    *Alameda Times-Star (East Bay Times)*;

---

[11] Bishop Accountability operates https://www.bishopaccountability.org, "a digital and brick-and-mortar archive of the Catholic clergy abuse crisis," *See* Who We Are, https://www.bishop-accountability.org/who-we-are/#aboutus (last visited Oct. 7, 2023).

1    d)    *Contra Costa Times (East Bay Times)*;

2    e)    *San Mateo Daily Journal* (San Mateo County)

3    f)    *Marin Independent Journal* (Marin County);

4    g)    *The Mercury News* (San Jose);

5    h)    *Santa Cruz Sentinel*(Santa Cruz County);

6    i)    *The Sacramento Bee*;

7    j)    *Stockton Record* (San Joaquin and Calaveras Counties);

8    k)    *Modesto Bee* (Stanislaus and Tuolumne Counties);

9    l)    *The Press Democrat* (Sonoma County);

10   m)    *The Napa Valley Register* (Napa County);

11   n)    *The Ukiah Daily Journal* (Mendocino County);

12   o)    *Lake County Record-Bee* (Lake County);

13   p)    *Times Standard* (Mendocino County); and

14   q)    *Del Norte Triplicate* (Del Norte County).

15   (3)   Twice each, in Spanish, in the *La Opinion de la Bahia* (published

16         weekly), *La Prensa Sonoma* (published monthly), and *El Leñador*

17         (published monthly but not during the summer months), first on the

18         first available, reasonably practical date after entry of the Bar Date

19         Order and second, approximately one month prior to the expiration

20         of the Survivor Claim Bar Date.

21   (4)   The Debtor also will use best efforts to request that the following

22         Chinese language media outposts publish the Publication Notice in

23         Chinese on their websites beginning on the first available reasonably

24         practical date after entry of the Bar Date Order at least month prior

25         to the expiration of the Survivor Claim Bar Date, for a duration of at

26         least one week, each time:

27   a)    Sing Tao Daily (https://www.singtaousa.com); and

28   b)    Chinese Radio (https://www.chineseradio.com).

The publications listed above have been chosen because they represent the newspapers that are published within the Archdiocese as well as in surrounding dioceses and nationally and are intended to provide notice where unknown Survivor Claimants may reside. *See* Marlow Decl. at ¶ 10.

          c.     *Local Parish Bulletins*

The Debtor will request that each Parish include in the bulletins produced by the Parishes and missions located within the geographic territory of the Archdiocese, bi-weekly from the first available date after entry of the Bar Date Order until the Survivor Claim Bar Date, an announcement that will be placed in the language in which such Parish or mission offers Mass (English or Spanish).

          d.     *Parish Flyer*

The Debtor will request each Parish and mission in the Archdiocese to post a flyer announcing the Survivor Claim Bar Date in a prominent location for at least six weeks prior to the Survivor Claim Bar Date. In addition to the foregoing steps, the Debtor has made significant efforts to provide, generally, notice of the Bankruptcy Case to the public. The Debtor's website includes detailed information about the Bankruptcy Case, and upon commencement of the Bankruptcy Case, the Archbishop issued a press release that reached approximately 9,000 media outlets. *See* Marlow Decl. ¶ 13.

          e.     *Social Media*

The Debtor will post the Survivor Claim Bar Date Notice announcing the Survivor Claim Bar Date and information on how to obtain and submit a Survivor Proof of Claim Form at least once a week for at least the six weeks prior to the Survivor Claim Bar Date on the following social media accounts on X (formerly known as Twitter), Facebook, and Instagram:

        (1)     https://twitter.com/ArchdioceseSF

        (2)     https://twitter.com/ArchCordileone

        (3)     https://www.instagram.com/sfarchdiocsese

        (4)     https://www.facebook.com/sfarchdiocese

## VI.

## REQUEST FOR AUTHORITY TO PAY PUBLICATION EXPENSES

As set forth above, the Debtor proposes a broad and comprehensive publication and notice of the Survivor Claim Bar Date, including numerous large newspapers. The Debtor estimates the publication costs will be approximately $66,000, in the aggregate. Such expenses are reasonable and necessary to provide notice as set forth above, and the Debtor requests authority to pay such expenses under Bankruptcy Code section 503(b).

## VII.

## LEGAL ARGUMENT

### A.   The Proposed Bar Dates for Filing Proofs of Claim Are Appropriate

In a chapter 11 case, any creditor who asserts a claim against the debtor that arose prior to the petition date, and whose claim is not scheduled in the debtor's schedules of assets and liabilities or whose claim is listed on such schedules as disputed, contingent, or unliquidated, must file a proof of claim, failing which such creditor shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. See 11 U.S.C. §§ 1111(a) and 501(a); Fed. R. Bankr. P. 3003(c).

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to Bankruptcy Code section 501. *See* Fed. R. Bankr. P. 3003(c)(3). Bankruptcy courts have discretion to "fix any period of time which provides creditors or equity security holders a reasonable time for filing [a proof of claim or interest]." *In re Thompson McKinnon Sec., Inc.*, 125 B.R. 88, 92 (Bankr. S.D.N.Y. 1991). Under Bankruptcy Rule 3002(c)(1), a "governmental unit" has up to 180 days after the Petition Date to timely file a proof of claim.

The Debtor submits that the proposed Bar Dates will provide potential claimants with an adequate amount of time after the mailing of the Bar Dates (as set forth above) and publication of the Publication Notice within which to review the Schedules, compare the information contained therein with their own books and records and, if appropriate, prepare and file proofs of claim. This

1 includes governmental units that will receive the mandatory 180 days after the Petition Date required

2 by Bankruptcy Rule 3002(c)(1) to file a proof of claim.

3      The establishment of the proposed Bar Dates is essential for this Bankruptcy Case to

4 progress.  Absent a bar date, a chapter 11 case cannot be administered to a conclusion because there

5 would not be a deadline limiting the filing of claims, which, in turn will facilitate the formulation of

6 a plan of reorganization.  *See In re Waterman*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986); *In re*

7 *Pettibone Corp.*, 123 B.R. 304, 308 (Bankr. N.D. Ill. 1990) ("A bar date in a reorganization case

8 provides a mechanism by which a trustee in bankruptcy can estimate the potential liabilities of the

9 debtor.") (citing *In re Chicago, Rock Island & Pac. R.R. Co.*, 788 F.2d 1280, 1281 (7th Cir. 1986)).

10 Here, the Debtor cannot effectively negotiate and prepare a plan of reorganization until the extent

11 of the claims against it has been fixed.

12 **B.**    **The Survivor Proof of Claim Form and Confidentiality Protocol Should Be Approved**

13      To be clear, the Debtor proposes that the Survivor Proof of Claim consist of (i) the Official

14 Form B 410 without any modification, (ii) an optional Confidential Survivor Supplement in the form

15 attached to the Motion as Exhibit 3, <u>and</u> (iii) supplemental cover instructions explaining the

16 Confidential Survivor Supplement and strongly encouraging that Survivor Claimants complete and

17 submit the Confidential Survivor Supplement along with a completed Official Form B 410.  The

18 Debtor submits that the proposed Survivor Proof of Claim Form and confidentiality procedures

19 proposed in connection with it are appropriate to protect the privacy of Survivors and to ensure that

20 sufficient information regarding their respective claims can be collected and analyzed as the Debtor

21 attempts to formulate a chapter 11 plan.

22      By using Official Form B 410, and making the Confidential Survivor Supplement optional,

23 the Debtor believes that concerns raised in other diocesan bankruptcy cases and by this Court about

24 modifications to the claim form will be moot.  Other courts have approved similar alterations to the

25 official proof of claim form that have gone even further than the relief requested herein to collect

26 additional necessary information under appropriate circumstances; specifically, other courts have

27 required claimants to complete mandatory supplemental questionnaires.  *See, e.g., In re A.H. Robins*

28 *Co.*, 862 F.2d 1092 (4th Cir. 1988) (affirming bankruptcy court's approval of use of mandatory

supplemental questionnaire as part of proof of claim). While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes minor changes to the official forms. *See also In re I.G. Servs., Ltd.*, 244 B.R. 377, 384 (Bankr. W.D. Tex. 2000) (citing *A.H. Robins Co.*, *supra*, and noting that proof of claim forms which deviate from the Official Proof of Claim Form may be used when special circumstances exist), *rev'd on other grounds by San Antonio Express-News v. Blackwell (In re Blackwell)*, 263 B.R. 505 (W.D. Tex. 2000). Further, in *A.H. Robins*, the court recognized that substantial alteration to Official Proof of Claim Form may be necessary when dealing with tort claims. *See In re A.H. Robins*, 862 F.2d at 1095- 96.

Further, the equitable powers of Bankruptcy Code section 105(a) authorize bankruptcy courts to take any appropriate action to enforce provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a); *see Thomas v. City of Phila.*, 759 Fed. Appx. 110, 111 (3d Cir. 2019), *cert. denied sub nom. Thomas v. City of Philadelphia, Pa.*, 139 S. Ct. 2703 (2019) (Section 105(a) "authorizes the bankruptcy court . . . to fashion such orders as are required to further the substantive provisions of the [Bankruptcy] Code.").

It is well settled that a court's powers under Bankruptcy Code section 105(a) are broad. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). This broad authority includes the power to "craft flexible remedies that, while not expressly authorized by the Bankruptcy Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003). The essence of the boundary of section 105(a) equitable power is that the provision cannot provide the basis for requested relief that would either (1) create a new substantive right or (2) conflict with another provision of the Bankruptcy Code. *See In re Trokie*, 590 B.R. 663, 673 (Bankr. M.D. Pa. 2018).

For the foregoing reasons, courts across the country have approved similar forms and procedures in other diocesan bankruptcy cases. *See, e.g.*, Order Establishing Deadlines for Filing Proofs of Claim; Approving Sexual Abuse Claim Form; Approve Form and Manner of Notice; and Approving Confidentiality Procedures, *In re Roman Cath. Diocese of Harrisburg*, No. 20-00599

(Bankr. M.D. Pa. May 06, 2020) (ECF No. 291); *Order Establishing March 15, 2022 Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, In re The Norwich Roman Cath. Diocesan Corp.*, No. 21-20687 (Bankr. D. Conn. Nov. 19, 2021) (ECF No. 386); *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing for Confidentiality Protocols; and Approving Form and Manner of Notice, In re Roman Cath. Church of the Archdiocese of Santa Fe*, No. 18-13027 (Bankr. D.N.M., March 8, 2019) (ECF No. 116); *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, In re Diocese of Camden, New Jersey*, No. 20-21257 (Bankr. D.N.J., Feb. 11, 2021) (ECF No. 409); *Order Establishing Deadlines for Filing Proofs of Claim; Approving Proof of Claim Forms; Approving Form and Manner of Notice; and Approving Confidentiality Procedure, In re the Archdiocese of Saint Paul & Minneapolis*, No. 15-30125 (Bankr. D. Minn. Jan. 7, 2015) (ECF No. 188); *Order Granting Motion for Expedited Relief; Establishing Deadlines for Filing Proofs of Claim; Approving Sexual Abuse Claim Form; Approving Form and Manner of Notice; and Approving Confidentiality Procedure, In re Diocese of Duluth*, No. 15-50792 (Bankr. D. Minn. Jan. 7, 2016) (ECF No. 35); *Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Claim Forms; and (3) Approving Manner and Form of Notice, In re The Roman Cath. Bishop of Stockton*, No. 14-20371 (Bankr. E.D. Cal., May 8, 2014) (ECF No. 262); *Amended Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof; In re The Roman Cath. Diocese of Albany, New York*, No. 23-10244 (Bankr. N.D.N.Y., August 29, 2023) (ECF No. 447).

Of particular note, on July 25, 2023, the Honorable Charles Novack of the United States Bankruptcy Court for the Northern District of California entered an order in the pending chapter 11 case of The Roman Catholic Bishop of Santa Rosa (Case No. 23-10113) approving a nearly identical survivor proof of claim form consisting of the Official Form B 410 along with an optional confidential survivor supplement and cover instructions. *See* Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice, *In re The Roman Cath. Bishop of Santa Rosa* (Bankr. N.D. Cal., July 25, 2023) (ECF No. 327). Additionally, on the same date, July 25, 2023, the

Honorable William J. Lafferty of the United States Bankruptcy Court for the Northern District of California also entered an order in the pending chapter 11 bankruptcy of the Roman Catholic Bishop of Oakland (Case No. 23-40523) approving a similar optional confidential survivor supplement, cover instructions, and confidentiality procedures for abuse survivor claims. *See* Order Establishing Deadlines for Filing Proof of Claim and Approving the Form and Manner of Notice Thereof, *In re The Roman Cath. Bishop of Oakland* (Bankr. N.D. Cal., July 25, 2023) (ECF No. 293); *see also* Notice of Filing Further Revised Exhibits to Bar Date Order, *In re The Roman Cath. Bishop of Oakland* (Bankr. N.D. Cal., July 25, 2023) (ECF No. 285-4).

As the Court stated in the August 24, 2023, hearing in this Bankruptcy Case, survivors of abuse should be treated equitably and afforded the same rights as those in other diocesan cases. Approval of the Survivor Proof of Claim Form and associated confidentiality procedures furthers this goal by ensuring that collection of critical information regarding Survivor Claims that is necessary to expeditiously review and analyze these claims is in the same manner as in the Santa Rosa and Oakland Dioceses' cases pending within this district. The Debtor respectfully requests that the Court therefore similarly approve the Survivor Proof of Claim Form and corresponding confidentiality procedures in this Bankruptcy Case.

Here, the special proposed Survivor Proof of Claim Form does not in fact modify the Official Form B 410 or require that claimants complete and submit a mandatory questionnaire. Rather, the proposed Survivor Proof of Claim Form and procedures provide for an optional supplement that is voluntary for Survivor Claimants to complete and submit along with the Official Form B 410. Only the Official Form B 410 is mandatory for claimants filing proof of claim in the Bankruptcy Case— including Survivor Claimants. Again, the Survivor Proof of Claim Form containing the optional Confidential Survivor Supplement is necessary and appropriate in this Bankruptcy Case. It is important that the Debtor, the Committee, and others who are given access to the submitted Survivor Claims know the basic information related to the Survivor Claims as early as possible. To facilitate negotiations toward a consensual plan, it is also important that Survivor Claimants have confidence that the claim information will remain confidential. The proposed Survivor Proof of Claim Form has been designed, with input from the Committee, to ensure that Survivor Claimants provide

necessary information relating to their Survivor Claim to allow the Debtor, the Committee, and others to determine the nature, extent and validity of the Survivor Claims being asserted against it while being sensitive to the confidential nature of the information.

As of the Petition Date, over 500 separate, active lawsuits against the Debtor that had been filed by plaintiffs alleging sexual abuse by clergy or others associated with the Debtor remained pending. *See Pasarello Decl.* ¶ 53. Although the Court noted at the hearing on August 24, 2023, that it expected the Debtor to know the identity of each plaintiff in each suit and the nature of each plaintiff's claims, this is not necessarily true as the vast majority of these suits have been filed by plaintiffs using a Doe pseudonym to protect their privacy. Further, gathering the information requested in the Confidential Survivor Supplement is critical to the Debtor's efforts to properly, fairly, and equitably analyze and administer all claims in this Bankruptcy Case while maintaining privacy of Survivor Claimants. Finally, the Debtor has circulated this Motion and the proposed forms to counsel for the Committee, Insurers, and the UST and incorporated the comments from them as described herein.

**C.      The Proposed Notice of the Bar Dates Satisfies Due Process and Should Be Approved**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

> [A]n unknown creditor – that is, a creditor whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]," *Mullane*, 339 U.S. at 317 – has no such entitlement to actual notice, although such creditors remain entitled to notice reasonably calculated under the circumstances to reach them, *see id.* at 314-318; see also *In re State Line Hotel, Inc.*, 323 B.R. 703, 713 (B.A.P. 9th Cir. 2005).

*Wand v. Roman Cath. Archbishop of Portland in Oregon*, 2010 U.S. Dist. LEXIS 141181, *13 (D. Or. Dec. 1, 2010) (analyzing publication notice to a Survivor Claimant who knew of his claims prior to the claims bar date).

Courts consider notice by publication sufficient to satisfy the requirement of due process for "unknown" creditors. *See id.* at 346-47; see also *In re Energy Future Holdings Corp.*, 522 B.R.

520, 529 (Bankr. D. Del. 2015) ("Publication in national newspapers is regularly deemed sufficient notice to unknown creditors, especially where supplemented . . . with notice in papers of general circulation in locations where the debtor is conducting business.").

Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Bankruptcy Rule 9008 provides that "[w]henever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications." Fed. R. Bankr. P. 9008.

As stated, the purpose of this Bankruptcy Case is to, among other things, provide for a framework by which survivors of abuse are fairly, justly, and equitably compensated. In order to accomplish that and given the nature of the injury which in many instances is not disclosed by the survivor, the Debtor proposes to give the broadest possible notice of the bar date. Pursuant to Bankruptcy Rule 2007(a)(7), the Debtor proposes forms of Bar Date Notices for all creditors. *See* General Bar Date Notice and Survivor Claim Bar Date Notice attached as Exhibits 5 and 6 to this Motion, respectively. The Debtor will send the Bar Date Notices and appropriate proof of claim form to all creditors and others entitled to receive notice pursuant to Bankruptcy Rule 2002(a)(7).

In addition, because of the nature of the Survivor Claims, the Debtor requests that the Court approve the Publication Notice and the manner for publication of that notice as set forth in this Motion. The Debtor believes that the notice procedures which the Debtor requests the Court to approve are fair and reasonable and will provide good, sufficient, and due notice to known and unknown claimants of their rights and obligations in connection with claims they may assert against the Debtor's estate in this bankruptcy case. In addition, the interests of unknown claimants will be protected by an "Unknown Claims Representative" that the Debtor will request the Court appoint under separate motion.

///

///

21

# VIII.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, in substantially the form attached to the Motion as Exhibit 1, and grant the Motion as follows:

1. Establishing a Claims Bar Date of January 12, 2024;

2. Establishing a Government Bar Date of February 20, 2024;

3. Approving the proposed General Proof of Claim Form and the Survivor Proof of Claim Form (Exhibits 2 and 3 to the Motion);

4. Approving the proposed procedures for maintaining the confidentiality of proofs of claim filed in connection with Survivor Claims as set forth in this Motion, including the proposed confidentiality agreement (Exhibit 4 to the Motion);

5. Approving the form of the General Bar Date Notice, the Survivor Claims Bar Date Notice, and the Publication Notice (Exhibits 5, 6, and 7 to the Motion);

6. Approving the proposed procedure for giving notice and publication of the Bar Dates as proposed by the Debtor in the Motion;

7. Authorizing the Debtor to pay the reasonable publication expenses described in the motion; and

8. Granting such other relief as the Court deems just and proper under the circumstances.

Dated: October 19, 2023

FELDERSTEIN FITZGERALD WILLOUGHBY
PASCUZZI & RIOS LLP


By _____ */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY
Attorneys for The Roman Catholic
Archbishop of San Francisco

Case: 23-30564   Doc# 220   Filed: 10/19/23   Entered: 10/19/23 14:13:35   Page 22 of 23

Dated:  October 19, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                    */s/ Ori Katz*
ORI KATZ
ALAN H. MARTIN

Attorneys for The Roman Catholic
Archbishop of San Francisco