# EXHIBIT 1

# EXHIBIT 1

**EXHIBIT 1**

**(PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>   Debtor and<br>   Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE**<br><br>Judge:   Hon. Dennis Montali<br>Date:    November 9, 2023<br>Time:    1:30 p.m.<br>Place:   Via ZoomGov |

On [____], 2023 at [__:__ a.m./p.m.], the Court held a hearing, on [regular] notice, on the *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* [ECF No. __] (the "Motion")[1] filed by The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession in the above-captioned case (the "RCASF" or the "Debtor"). The Debtor appeared through its counsel, [Paul J. Pascuzzi and Ori Katz]. All other appearances were noted on the record.

The Court having reviewed and considered the Motion, the arguments of counsel at the hearing; and the Court finding good cause to grant the relief requested by the Motion under

---

[1] Capitalized terms not otherwise defined in this Bar Date Order shall have the same meanings ascribed to them in the Motion.

Bankruptcy Code sections 501, 502, and 503, Bankruptcy Rules 2002, 3001-3005 and 9008 and Local Bankruptcy Rule 3003-1; the Court further finding that notice given of the Motion was appropriate under the circumstances;

IT IS HEREBY ORDERED as follows:

1. The Motion is granted, as set forth herein.

2. The General Proof of Claim Form, the Confidential Survivor Proof of Claim Form including Confidential Survivor Supplement, the Confidentiality Agreement, the General Bar Date Notice, the Survivor Claim Bar Date Notice, the Publication Notice, and the Committee Support Letter, substantially in the forms attached hereto as Exhibits A, B, C, D, E, F, and G, respectively, and the manner of providing notice of the Bar Date proposed in the Motion, are approved in all respects under Bankruptcy Rules 2002, 3003 and 9008 and Bankruptcy Local Rule 3003-1. The form and manner of notice of the Bar Date approved by this Order (the "Bar Date Order") are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Bankruptcy Local Rules, and notice of the Bar Date in the form and manner proposed by the Debtor is fair and reasonable and will provide good, sufficient, and due notice to all creditors and interest holders of their rights and obligations in connection with claims they may assert against the Debtor's estate in this chapter 11 case. Accordingly, the Debtor is authorized to serve and publish the Bar Date Notices in the manner described in this Order.

3. Except as provided in paragraph 6 of this Bar Date Order, any person or entity, other than government units,[2] holding a prepetition claim against the Debtor must file a proof of claim in accordance with the procedures described herein on or before January 12, 2024 (the "Bar Date"). The Bar Date applies to all persons and entities, other than government units, holding claims, including section 503(b)(9) claims, against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to or on the Petition Date.

4. Except as provided in paragraph 6 of this Bar Date Order, in accordance with Bankruptcy Code section 502(b)(9), any governmental unit holding a prepetition claim against the

---

[2] As used herein, the term "government unit" has the meaning given to it in Bankruptcy Code section 101(27).

Debtor must file a proof of claim in accordance with the procedures described herein on or before February 20, 2024 (the "Government Bar Date"), including governmental units holding claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

      5.      Except as provided in paragraph 6 of this Bar Date Order, any person or entity holding a prepetition claim arising from Abuse (defined below) for which the individual believes the Debtor may be liable, must file a Confidential Survivor Proof of Claim Form in accordance with the procedures described in this Bar Date Order on or before January 12, 2024. For purposes of this Bar Date Order:

      (a)      "Abuse" means conduct giving rise to a Survivor Claim.

      (b)      A "Survivor Claim" is defined as any Claim (as defined in Bankruptcy Code section 101(5)) against RCASF resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the RCASF or any other person or entity for whose acts or failures to act the RCASF is or may be responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers.

      (c)      A "Survivor Claimant" is a person who asserts a Survivor Claim.

      6.      The following entities whose claims otherwise would be subject to the Bar Date shall not be required to file proofs of claim in this chapter 11 case:

      (a)      Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California or with Omni Agent Solutions, Inc.[3]

---

[3] Any Survivor Claimant who timely files a proof of claim without completing the Confidential Survivor Claim Supplement may subsequently be required to provide additional information

(b) Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) which does not dispute the amount or classification of its claim as set forth in the Schedules;

(c) Professionals retained pursuant to orders of this Court who assert administrative claims for payment of fees and expenses subject to the Court's approval under Bankruptcy Code sections 330, 331(a) and 503(b);

(d) Any person or entity that asserts an administrative expense claim against the Debtor under Bankruptcy Code sections 503(b)(1) through (8);

(e) Any person or entity whose claim has been paid in full; and

(f) The United States Trustee regarding a claim for quarterly fees under 28 U.S.C. § 1930(a)(6).

7. The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim as disputed, contingent or unliquidated.

8. Subject to the provisions of paragraph 6 of this Bar Date Order, the following entities must file a proof of claim on or before the applicable Bar Date:

(a) Any entity or person whose prepetition claim against the Debtor is not listed in the Debtor's Schedules or whose prepetition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated and that desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

(b) Any entity or person that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

(c) Any person who believes that he or she has or may have a Survivor Claim for which the person believes the Debtor may be liable.

9. Pursuant to Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Bar Date Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable Bar Date, may NOT be treated as a creditor with respect to such claim**

regarding such Survivor Claim, including the information in the Confidential Survivor Claim Supplement, in connection with the administration of his or her Survivor Claim.

Case: 23-30564   Doc# 220-1   Filed: 10/19/23   Entered: 10/19/23 14:13:35   Page 5 of 11

**for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in this case.**

10. Within ten business days of the entry of this Bar Date Order, and except as provided in paragraph 11 below concerning Survivor Claims, the Debtor shall serve by United States mail, first-class postage prepaid upon: (a) all known entities holding potential prepetition claims against the Debtor, and their counsel (if known); (b) all parties that have requested special notice in this case; and (c) the United States Trustee, the following documents: (i) General Bar Date Notice substantially in the form attached as Exhibit D to this Bar Date Order; and (ii) a copy of the Proof of Claim Form substantially in the form attached as Exhibit A to this Bar Date Order.

11. Within ten business days of the entry of this Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) the Survivor Claim Bar Date Notice substantially in the form attached as Exhibit E to this Bar Date Order, (ii) a copy of the Confidential Survivor Proof of Claim upon all known Survivor Claimants and their counsel (if known)[4] substantially in the form attached as Exhibit B to this Bar Date Order, and (iii) a letter from counsel to the Committee substantially in the form attached here as Exhibit G to this Bar Date Order. In addition, the Debtor shall request that each Parish and school within the geographic limits of the Archdiocese provide it access to its contact lists, and as permitted shall mail a copy of the Publication Notice substantially similar to the form attached as Exhibit F to each household and address on such contact list.

12. The Debtor also shall make the Bar Date Notices available to the public in the following manner:

(a) The Debtor shall post on the home page of the RCASF's website a copy of the General Bar Date Notice and General Proof of Claim as well as a copy of the Survivor Claim Bar Date Notice and the Confidential Survivor Proof of Claim Form. The Debtor shall promptly request Survivors Network of those Abused by Priests, a survivor advocacy group, and BishopAccountability.org, Inc., to post the Survivor Claim Bar Date Notice on the website on their respective websites.

---

[4] If a Survivor Claimant's counsel has appeared in the bankruptcy case on behalf of a Survivor Claimant or provided written consent to Debtor's counsel, the Debtor is authorized to serve the Survivor Claimant's counsel with the Survival Claim Bar Date Notice.

(b) The Debtor shall cause a copy of the notice substantially in the form attached as Exhibit F to this Bar Date Order (the "Publication Notice"), no smaller than a 1/8-page advertisement in each newspaper listed in (i) through (iv) below, to be published as follows:

(i) Once, in English, in the Western edition of *The Wall Street Journal*, and twice, in English, in the San Francisco region edition of *USA Today*, on the first available, reasonably practical date after entry of the Bar Date Order;

(ii) Twice each, in English, in the following daily (or near daily) newspapers, first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date:

*San Francisco Chronicle*;
*Los Angeles Times*;
*Alameda Times-Star* (East Bay Times);
*Contra Costa Times* (East Bay Times);
*San Mateo Daily Journal* (San Mateo County);
*Marin Independent Journal* (Marin County);
*The Mercury News* (San Jose);
*Santa Cruz Sentinel* (Santa Cruz County);
*The Sacramento Bee*;
*Stockton Record* (San Joaquin and Calaveras Counties);
*Modesto Bee* (Stanislaus and Tuolumne Counties);
*The Press Democrat* (Sonoma County);
*The Napa Valley Register* (Napa County);
*The Ukiah Daily Journal* (Mendocino County);
*Lake County Record-Bee* (Lake County);
*Times Standard* (Mendocino County); and
*Del Norte Triplicate* (Del Norte County).

(iii) Twice each, in Spanish, in the *La Opinion de la Bahia* (published weekly), *La Prensa Sonoma* (published monthly), and *El Leñador* (published monthly but not during the summer months), first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date.

13. Additionally, the Debtor shall use best efforts to cause the Publication Notice to be to be posted in Chinese on the following websites, beginning on the first available reasonably practical date after entry of the Bar Date Order at least month prior to the expiration of the Survivor Claim Bar Date, for a duration of at least one week, each time:

https://www.singtaousa.com
https://www.chineseradio.com

14. Additionally, the Debtor shall provide further notice of the Bar Date by taking the following measures:

(a) The Debtor will request that each Parish include in the bulletins produced by the Parishes and missions located within the geographic territory of the Archdiocese, bi-weekly from the first available date after entry of the Bar Date Order until the Survivor Claim Bar Date, an announcement that will be placed in the language in which such Parish or mission conducts Mass (English or Spanish).

(b) The Debtor will request each Parish and mission in the Archdiocese to post a flyer announcing the Survivor Claim Bar Date in a prominent location for at least six weeks prior to the Survivor Claim Bar Date.

(c) The Debtor will post the Survivor Claim Bar Date and information on how to obtain and submit a Survivor Proof of Claim Form at least once a week for the six weeks prior to Bar Date on the following social media accounts:

https://twitter.com/ArchdioceseSF
https://twitter.com/ArchCordileone
https://www.instagram.com/sfarchdiocsese
https://www.facebook.com/sfarchdiocese

15. The Debtor is authorized, under Bankruptcy Code section 503(b) to pay the costs of mailing and publication as described herein.

16. All Survivor Proof of Claim Forms shall be treated as confidential in accordance with the following confidentiality protocols:

(a) Potential Survivor Claimants are directed not to file a Survivor Proof of Claim Form with the Court. Instead, all Survivor Proof of Claim Forms are directed to be sent to the Claims Agent in accordance with the procedures set forth in the Survivor Claim Bar Date Notice.

(b) Survivor Proof of Claim Forms submitted by Survivor Claimants will not be available to the general public. The Confidentiality Protocol is for the benefit of the Survivor Claimants. Accordingly, Survivor Claimants may elect to make any of the information contained in their own Survivor Proof of Claim Form public; provided, however, notwithstanding that a Survivor Claimant may disclose information on such claimant's Survivor Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Survivor Proof of Claim, except as allowed by Permitted Parties, as defined below.

(c) Survivor Proof of Claim Forms submitted by a Survivor Claimant shall be held and treated as confidential by the Debtor and Debtor's counsel and copies thereof shall be provided by the Debtor or Debtor's counsel to the parties listed below (the "Permitted Parties") and to such other persons that may be granted access to the Survivor Proofs of Claim by order of the Court. No party (including a Permitted Party) may obtain copies of Survivor Proofs of Claim unless such party first executes a confidentiality agreement substantially in the form attached hereto as Exhibit C (the "Confidentiality

Agreement").⁵ Executed Confidentiality Agreements shall be provided to counsel to the Debtor, insurers, reinsurers of the Debtor, and any other third-party administrator of the Debtor's insurance program, and counsel to the Committee. Permitted Parties shall keep confidential and not disclose the contents of any Survivor Claim Form except as otherwise provided by the confidentiality provision herein or order of the court. Counsel to the Debtor, each insurer, Permitted Party (as defined below), and any successor third-party administrator of the Debtor's insurance programs, and counsel to the Committee shall only be required to execute a single Confidentiality Agreement per firm.

(d) The Permitted Parties (the "Permitted Party List") include:

(1) Counsel and other professionals for the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Debtor in reviewing and analyzing the Survivor Claims;

(2) The Archbishop of the Debtor and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Survivor Claims;

(3) Counsel and other professionals for the Committee, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Committee in reviewing and analyzing the Survivor Claims;

(4) Any insurer for the Debtor, together with its successors, administrators, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel and other professionals, including partners, counsel, associates, consultants, experts, and employees of such professionals, who are necessary to assist the foregoing in reviewing and analyzing Survivor Claims (collectively, the "Insurer Permitted Parties");

(5) Any unknown claims representative appointed pursuant to an order of the Court in this case;

(6) Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;

(7) Any special arbitrator/claims reviewer appointed pursuant to an order of this court to review and resolve the claims of Survivor Claimants;

(8) Any trustee, or functional equivalent thereof, appointed to administer payments to Survivor Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

(9) Members of the Committee and their personal counsel (after the Survivor Proof of Claim Form has been redacted to remove the Survivor Claimant's name, address, and any other information identified in Part 2(A) of the Survivor Proof of Claim Form and the signature block);

---

⁵ Notwithstanding paragraph 15(c), the U.S. Trustee shall have full access to the Survivor Proofs of Claim without executing a Confidentiality Agreement.

  (10) Persons who, in addition to those identified above, are permitted access upon stipulation of the party that produced or disclosed the Survivor Claim, after notice to the counsel to the Debtor Committee and Insurers has been given and a reasonable opportunity to object;

  (11) Such other persons as the Court determines should have the information in order to evaluate Survivor Claims; provided, however, that any such determination shall be made on no less than seven days' notice to Survivor Claimants.

17. For any proof of claim to be validly and properly filed, a signed original and a copy of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to Omni Agent Solutions, Inc., the Debtor's claims agent (the "<u>Claims Agent</u>"), at the address identified on the applicable Bar Date Notice or electronically filed with the Claims Agent so as to be received by the date as stated on the applicable Bar Date Notice. Proofs of claim may be submitted in person or by courier service, hand delivery or U.S. Mail, or electronically. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by the Claims Processing Agent by the applicable Bar Date. If a creditor desires to receive acknowledgement of receipt of a proof of claim, the creditor also must submit to the Claims Agent by the applicable Bar Date and concurrently with submitting its original proof of claim: (i) a third copy of the original proof of claim; and (ii) a self-addressed, stamped return envelope.

18. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order.

19. Nothing contained herein shall constitute a waiver by the Debtor of (a) any defenses in connection with any General Claims or Survivor Claims that are asserted against the Debtor, or (b) the right to assert that any General Claims or Survivor Claims are barred by applicable statutes of limitations.

20. This Bar Date Order is without prejudice to any request by the Debtor, Committee or Unknown Claims Representative to modify the Survivor Claim Bar Date.

21. Under Bankruptcy Rule 3002(c)(4), any claim arising from the rejection of an executory contract or unexpired lease of the Debtor shall be filed within 30 days after such rejection.

22. This Court may modify this Bar Date Order or the claims allowance process to be employed in this Bankruptcy Case if it determines additional information from some or all Survivor Claimants is required to fairly evaluate their Survivor Claims.

23. This Court shall retain jurisdiction over any and all matters arising from or relating to the implementation, interpretation, or modification of this Bar Date Order.

***END OF [PROPOSED] ORDER***