PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
　 WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
　　　　　jrios@ffwplaw.com
　　　　　tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
　 A Limited Liability Partnership
　 Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
　　　　　amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>　　　　　Debtor and<br>　　　　　Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S REPLY TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES AND EMPLOYEE EXPENSES; (2) TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES; AND (3) DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS** [ECF 7]<br><br>Date:　　October 26, 2023<br>Time:　　1:30 p.m.<br>　　　　　Via Zoom<br>Judge:　　Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files its reply to the Response of the Official Committee of Unsecured Creditors to Debtor's Emergency Motion for Order (1) Authorizing Payment of Prepetition Wages, Salaries and Employee Expenses; (2) To Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks (the "Motion") as follows:

1. The Motion seeks authority to pay prepetition wages and expenses up to the priority amount set forth in the Bankruptcy Code. These amounts are minimal in this case because the RCASF made efforts to prepay all employees and other vendor obligations to minimize the impact of the Chapter 11 filing.

2. In past diocesan cases, the United States Trustee ("UST") and others have raised the question of whether a diocese was seeking such authority with respect to an alleged perpetrator. Here, the Debtor sought to proactively address this issue in the Motion and proposed order.

3. The Interim Order on the Motion (ECF 42) requires the Debtor to file a report of the amount of any payments of prepetition wages or expense reimbursement and provide to the UST a list of employees being paid. The Debtor filed the report required by Paragraph 9 of the Interim Order at ECF 204. The prepetition wages paid totaled $1,622.25. The expense reimbursement for prepetition expenses totaled $1,593.49.

4. The Debtor provided the list of employees receiving prepetition wages and expense reimbursements to the UST and counsel to the Official Committee of Unsecured Creditors ("Committee") on a confidential basis to keep employee information non-public. The Debtor also noted to the UST and the Committee that the clergy on the list of recipients of prepetition wages and expense reimbursements are on the RCASF good standing list. Thus, the Debtor has ensured compliance with the Interim Order provisions.

5. The Committee's response notes that it does not object to the Motion. Response at page 3, line 16. No other objections or responses have been filed. Thus, the Motion should be granted on a final basis.

6. The Committee's response raises an issue unrelated to the Motion, which is the RCASF's long standing policy of maintaining a public list of clergy in good standing who have faculties to minister in the Archdiocese of San Francisco. The Motion is not the proper forum to debate the RCASF policy, which dates well before the Chapter 11 filing. Moreover, while not mentioned in the Committee's response, there was substantial testimony at the continued 341 meeting regarding the RCASF's extensive Safe Environment Program and the process by which the RCASF responds to reports of abuse. The Committee's response also fails to note that the allegations against the two active and two inactive clergy have been investigated and reviewed by the Independent Review Board ("IRB"), and the allegations were found to not be sustained. The RCASF maintains that its abuse prevention policy is robust, thorough, and effective.

7. As was explained at the continued 341 meeting, every allegation is treated seriously, and immediate steps are taken to protect the rights of both the alleged abuse survivor and the alleged abuser. The RCASF has taken exhaustive steps to satisfy the U.S. Conference of Catholic Bishops Charter including by immediately keeping out of active ministry any minister accused of sex abuse of a minor while an investigation or canonical trial is pending. The RCASF would remove permanently from ministry any priest for which sustainable evidence of abuse has been determined.

8. The RCASF requires criminal background checks for clergy, employees and volunteers who work with youth. The RCASF implements educational programs for both children and adults to prevent abuse. The RCASF IRB is an essential step in internal procedures for handling allegations of sexual abuse. A qualified investigator conducts investigations into allegations and submits a report to the IRB, whose members include an abuse survivor, psychologist, two physicians, and a retired police officer, among others. These are experts in their respective fields, so the RCASF heavily relies on their expertise. The IRB makes recommendations as to whether there is sufficient evidence to warrant a canonical trial or if, on the other hand, an accusation is manifestly unfounded. These recommendations are indispensable to the RCASF in helping to determine the best course of action. The Archbishop has always followed their guidance. More information about the Survivor's Assistance and Safe Environment Programs is contained in the Debtor's Emergency Motion for Interim and Final Orders Authorizing the Debtor to (1) Pay Certain

Prepetition Invoices for Abuse Survivors' Assistance and Safe Environment Programs, and (2) Continue its Prepetition Practice of Paying for Abuse Survivors' Assistance and Safe Environment Programs at ECF 13 and the Declaration of Deacon Fuad "Fred" Totah filed in support of that motion at ECF 13-1.

9. The Court can be assured that the RCASF's policies and procedures addressing survivors who request assistance and creating and maintaining a safe environment developed and implemented well before this Chapter 11 case will remain in place and be vigorously pursued during this case.

Dated: October 20, 2023

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: /s/ Paul J. Pascuzzi
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: October 20, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Ori Katz
ORI KATZ
ALAN H. MARTIN
Attorneys for The Roman Catholic Archbishop of San Francisco