Entered on Docket
October 20, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 20, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD WILLOUGHBY
3     PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:     (916) 329-7400
5  Facsimile:     (916) 329-7435
   Email:         ppascuzzi@ffwplaw.com
6                 jrios@ffwplaw.com
                  tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9     A Limited Liability Partnership
      Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:     (415) 434-9100
   Facsimile:     (415) 434-3947
12 Email:         okatz@sheppardmullin.com
                  amartin@sheppardmullin.com
13
   Attorneys for The Roman Catholic Archbishop of
14 San Francisco

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>      Debtor and<br>      Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION AND (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (2) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES UNDER 11 U.S.C. § 366, (3) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**<br><br>Date:     September 14, 2023<br>Time:    1:30 p.m.<br>Location:  Via ZoomGov<br><br>Judge:    Hon. Dennis Montali |

The emergency motion of The Roman Catholic Archbishop of San Francisco's ("RCASF" or "Debtor"), for an order (1) prohibiting Utility Companies[1] from altering, refusing or discontinuing service; (2) determining that the debtor's furnishing of deposits to Utility Companies listed on Exhibit 2 (appended to the Motion) in an amount that represents 50% of the Debtor's estimated average monthly usage over the past twelve months of such utility respectively constitutes adequate assurance of payment; (3) establishing procedures for assurance requests by the affected utilities and for determining adequate assurance of payment; and (4) scheduling a final hearing [ECF No. 8] (the "Motion"), came on for hearing on September 14, 2023, at 1:30 p.m. (the "Second Day Hearing"), before the Honorable Dennis Montali for the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Ori Katz of Sheppard, Mullin, Richter & Hampton LLP. All other appearances were as noted on the record.

After the Second Day Hearing, counsel of record for the Debtor, the Official Committee of Unsecured Creditors of the Debtor (the "Committee"), and Tracy Hope Davis, United States Trustee for Region 17 (the "UST," and collectively with the Debtor and the Committee, the "Parties"), met and conferred regarding the relief requested by the Motion and the Debtor and the Committee have stipulated to entry of a final order on the Motion, as noted in that *Stipulation to (1) Vacate Final Hearing on Resolved First Day Motions and (2) Continue Final Hearing on Debtor's Emergency Motions Regarding (A) Existing Cash Management System and Related Relief; and (B) Payment and Honoring of Prepetition Wages, Salaries, and Employee Expenses, and Related Obligations* [ECF No. 179] filed on October 3, 2023 (the "Stipulation"). The UST does not oppose entry of a final order on the Motion.

The Court having considered the Motion, the Passarello Background Decl., the Passarello Decl., and the Gaspari Decl. filed in support of the Motion, and the representations of counsel reflected in the record of the hearing and in the Stipulation, and the Court having found that it has

---

[1] Capitalized terms not otherwise used in this Order shall have the same meanings ascribed to them in the Motion.

jurisdiction over this proceeding, which is a core proceeding; that notice given of the Motion was appropriate under the facts and circumstances of this Bankruptcy Case; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

IT IS ORDERED that:

1. The Motion is GRANTED, on a final basis, as provided herein.

2. The Debtor is authorized, but not required, to timely remit payments for undisputed invoices for post-petition services by the Utility Companies in accordance with the Debtor's prepetition practices.

3. Within ten court days of the receipt by the Debtor or its bankruptcy counsel of a written request from a Utility Company for adequate assurance under the Bankruptcy Code, the Debtor will provide each Utility Company a cash deposit (the "Deposit") in an amount equal to 50% of the Debtor's estimated monthly cost of its utility consumption from each Utility Company. If a Utility Company provides the Debtor with services under multiple accounts, then the Debtor may provide that Utility Company with one deposit that equals 50% of the aggregate estimated monthly usage under all of the Debtor's accounts with that Utility Company.

4. Except in accordance with the procedures set forth herein, and absent further order of the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing utility services solely on the basis of the commencement of Debtor's case under the Bankruptcy Code or on account of any unpaid prepetition invoice for utility services, and (b) requiring the payment of any additional deposit or other security to the Utility Companies for the continued provision of utility services.

5. If a Utility Company is not satisfied with the assurance of future payment provided by the Debtor, the Utility Company must serve upon counsel for the Debtor a written request for adequate assurance ("Assurance Request"), setting forth (i) the location and account number(s) for which utility services are provided; (ii) the outstanding balance on the account and a summary of the Debtor's payment history; (iii) the reasons why the Deposit does not constitute satisfactory

adequate assurance of payment; and (iv) a proposal of what the Utility Company would constitute satisfactory adequate assurance of payment.

6. The Assurance Request must be received by the Debtor's counsel, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, 500 Capitol Mall, Suite 2250, Sacramento, California 95814 (Attention: Paul J. Pascuzzi) within 45 calendar days of the date a Final Order granting the Motion is served upon the Utility Company making the Assurance Request.

7. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving an Assurance Request, if the Debtor, in its discretion, determines that the request is reasonable.

8. If the Debtor determines that an Assurance Request is unreasonable, then the Debtor shall, within 21 days of receipt of such Assurance Request, file a motion ("Determination Motion") pursuant to Bankruptcy Code section 366(c)(3) seeking a determination from the Court that the Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment and set the Determination Motion for hearing on shortened time. Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Assurance Request may not alter, refuse, or discontinue services to the Debtor or recover or setoff against a prepetition deposit.

9. Nothing set forth herein is intended to, nor shall it, modify or alter the burdens of proof in connection with a Determination Motion.

10. Based on the establishment of the Deposit, a Utility Company will be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

11. The Debtor is authorized, in its sole discretion, to amend the list of Utility Companies attached as Exhibit A to this Order to add or delete any Utility Company. The Debtor shall serve the amended Exhibit A on any affected Utility Company withing five business days of such amendment.

12. Nothing in the Motion, this Order or Exhibit A attached to this Order, constitutes a finding that any entity is or is not a utility company hereunder or under section 366 of the Bankruptcy Code.

13. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

14. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

15. The Debtor and its employees and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

***END OF ORDER***

APPROVED AS TO FORM:

Dated: October 17, 2023        PACHULSKI STANG ZIEHL & JONES LLP

                               By        /s/ John W. Lucas
                                  JAMES I. STANG
                                  DEBRA I. GRASSGREEN
                                  JOHN W. LUCAS
                                  Proposed Attorneys for the Official Committee of Unsecured Creditors

Dated: October 17, 2023        TRACY HOPE DAVIS, UNITED STATES TRUSTEE FOR REGION 17


                               By        /s/ Jason Blumberg
                                  JASON BLUMBERG
                                  Trial Attorney for the United States Trustee

# EXHIBIT A

# LIST OF UTILITY COMPANIES AND ACCOUNTS

| Name and Address of Utility | Type of Service / Account Number | Property Address Where Utility Provided (if applicable) |
|---|---|---|
| AT&T<br>PO Box 5025<br>Carol Stream, IL 60197-5025 | mobile phones<br>xxx-xxx-xxxx 1199 | N/A |
| AT&T<br>PO Box 5025<br>Carol Stream, IL 60197-5025 | mobile phones<br>xxx-xxx-xxxx 5618 | N/A |
| AT&T<br>PO Box 5025<br>Carol Stream, IL 60197-5025 | mobile phones<br>xxx-xxx-xxxx 3478 | N/A |
| AT&T<br>PO Box 5025<br>Carol Stream, IL 60197-5025 | mobile phones<br>xxx-xxx-xxxx 5229 | N/A |
| AT&T<br>PO Box 5025<br>Carol Stream, IL 60197-5025 | mobile phones<br>xxx-xxx-xxxx 5558 | N/A |
| AT&T<br>PO Box 5025<br>Carol Stream, IL 60197-5025 | mobile phones<br>xxx-xxx-xxxx 3212 | N/A |
| AT&T<br>PO Box 5025<br>Carol Stream, IL 60197-5025 | mobile phones<br>xxx-xxx-xxxx 1957 | N/A |
| California Water Service Co<br>PO Box 4500<br>Whittier, CA 90607-4500 | water<br>2117xxxxxx | 455 W 20th Ave<br>San Mateo |
| Comcast<br>PO Box 60533<br>City of Industry, CA 91716-0533 | cable TV<br>1131 | 455 W 20th Ave<br>San Mateo |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | electric<br>4627-4 | 1 Peter Yorke Way<br>San Francisco |

| Name and Address of Utility | Type of Service / Account Number | Property Address Where Utility Provided (if applicable) |
|---|---|---|
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>2298-6 | 1 Peter Yorke Way<br>San Francisco |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | electric<br>2167-8 | 1600 Van Ness Ave<br>San Francisco |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>6967-0 | 1600 Van Ness Ave<br>San Francisco |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>4942-2 | 320 Middlefield Rd<br>Menlo Park |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | electric<br>8677-4 | 320 Middlefield Rd<br>Menlo Park |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas<br>8857-9 | 455 W 20th Ave<br>San Mateo |
| Pacific Gas and Electric<br>PO Box 997300<br>Sacramento, CA 95899-7300 | gas & electric<br>1695-5 | 5618 California St<br>San Francisco |
| Recology Golden Gate<br>250 Executive Park Blvd. Suite 2100<br>San Francisco, CA 94134-3306 | trash collection<br>2405 | 1 Peter Yorke Way<br>San Francisco |
| Recology Golden Gate<br>250 Executive Park Blvd. Suite 2100<br>San Francisco, CA 94134-3306 | trash collection<br>1315 | 5618 California St<br>San Francisco |
| Recology San Mateo<br>PO Box 848268<br>Los Angeles, CA 90084-8268 | trash collection<br>4057 | 455 W 20th Ave<br>San Mateo |
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | water<br>5713xxxxxx | 1 Peter Yorke Way<br>San Francisco |

| Name and Address of Utility | Type of Service / Account Number | Property Address Where Utility Provided (if applicable) |
|---|---|---|
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | fire service<br>4473xxxxxx | 1 Peter Yorke Way<br>San Francisco |
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | water<br>9298xxxxxx | 1600 Van Ness Ave<br>San Francisco |
| San Francisco Water, Power & Sewer<br>PO Box 7369<br>San Francisco, CA 94120-7369 | water<br>5494xxxxxx | 5618 California St<br>San Francisco |
| TPx Communications<br>PO Box 509013<br>San Diego, CA 92150-9013 | telephone<br>8844 | 1 Peter Yorke Way<br>San Francisco |
| Verizon Wireless<br>PO Box 660108<br>Dallas, TX 75266-0108 | internet access<br>9798-xxxxx | 1 Peter Yorke Way<br>San Francisco |

Court Service List

Registered ECF Participants only.