Entered on Docket
October 20, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 20, 2023

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS L
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:    (916) 329-7400
5  Facsimile:    (916) 329-7435
   Email:        ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
                 tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9    A Limited Liability Partnership
     Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, CA  94111-4109
11 Telephone:    (415) 434-9100
   Facsimile:    (415) 434-3947
12 Email:        okatz@sheppardmullin.com
                 amartin@sheppardmullin.com
13
   Attorneys for The Roman Catholic Archbishop of
14 San Francisco

15                         UNITED STATES BANKRUPTCY COURT

16              NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO (1) ESTABLISH NOTICE PROCEDURES, (2) FILE CONFIDENTIAL INFORMATION UNDER SEAL, AND (3) TEMPORARILY SUSPEND DEADLINE FOR FILING PROOFS OF CLAIMS** |
| | Date:      September 14, 2023<br>Time:      1:30 p.m.<br>Location:  Via ZoomGov |
| | Judge:     Hon. Dennis Montali |

The emergency motion of The Roman Catholic Archbishop of San Francisco's (the "Debtor"),[1] for entry of an order establishing notice procedures, allowing the filing of confidential information under seal, and temporarily suspending the deadline for non-government creditors to file proofs of claim [ECF No. 10] (the "Motion") , came on for hearing on September 14, 2023, at 1:30 p.m. (the "Second Day Hearing"), before the Honorable Dennis Montali for the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Ori Katz of Sheppard, Mullin, Richter & Hampton LLP. All other appearances were as noted on the record.

After the Second Day Hearing, counsel of record for the Debtor, the Official Committee of Unsecured Creditors of the Debtor (the "Committee"), and Tracy Hope Davis, United States Trustee for Region 17 (the "UST," and collectively with the Debtor and the Committee, the "Parties"), met and conferred regarding the relief requested by the Motion and the Debtor and the Committee have stipulated to entry of a final order on the Motion, as noted in that *Stipulation to (1) Vacate Final Hearing on Resolved First Day Motions and (2) Continue Final Hearing on Debtor's Emergency Motions Regarding (A) Existing Cash Management System and Related Relief; and (B) Payment and Honoring of Prepetition Wages, Salaries, and Employee Expenses, and Related Obligations* [ECF No. 179] filed on October 3, 2023 (the "Stipulation"). The UST does not oppose entry of a final order on the Motion.

IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED, on a final basis, as set forth herein.

2. The Debtor shall establish and file a limited service list (the "Limited Service List") that shall initially include the following parties in interest: (i) the U.S. Trustee; (ii) the Debtor; (iii) the Debtor's attorneys; (iv) the Debtor's 20 largest unsecured creditors or the attorneys for the Creditors' Committee;[2] (v) the attorneys for any other committee appointed by the U.S. Trustee; (vi) the attorneys for the Debtor's pre-petition secured creditors, if any; (vii) those persons who have

---

[1] Capitalized terms have the definitions referenced in the Motion unless otherwise defined herein.

[2] With respect to the Debtor's 20 largest unsecured creditors, at such time as the Creditors' Committee is appointed, the Debtor will add the attorneys for the Creditors' Committee to the Limited Service List and will remove the Debtor's 20 largest unsecured creditors.

SMRH:4871-0380-2759.1

filed a Notice of Appearance or Request for Notice in this case pursuant to Bankruptcy Rule 2002 and (viii) the Internal Revenue Service, and corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules.

3. Any party in interest desiring to be included on the Limited Service List shall file a notice of such request with the Court on the docket of the case (by CM/ECF for those who are registered participants or, for those who are not authorized CM/ECF users, by submitting a paper copy, (i) by mail, to the Clerk of the Court, at the following address: The Clerk of the United States Bankruptcy Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., Mail Box 36099, San Francisco, CA 94102; or (ii) in person, to the Clerk of the Court at the following address: The Clerk of the United States Bankruptcy Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., 5th Floor, San Francisco, CA 94102); and serve a written copy of such request to the Debtor's proposed bankruptcy counsel at the following address: Paul J. Pascuzzi, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, 500 Capitol Mall, Suite 2250, Sacramento, CA 95814, or by email at ppascuzzi@ffwplaw.com.

4. The Debtor shall update the Limited Service List to include those persons or parties who have made a written request to be included on the Limited Service List: (i) whenever the Debtor files a motion; (ii) every seven (7) days during the first thirty (30) calendar days of this case; and (iii) monthly thereafter throughout the pendency of this case. The Debtor will file with the Court a notice of each updated Limited Service List if it includes changes from the last Limited Service List filed with the Court.

5. The Limited Service List shall clearly identify interested parties and their counsel who participate in the Court's Electronic Case Filing ("ECF") system.

6. Any person filing a pleading or a paper in this case shall serve such pleading or paper on (a) all parties in interest listed on the most recent Limited Service List, and (b) any creditor or other party in interest whose interests are likely to be affected directly by the pleading or proceeding. The serving party shall file with the Court an affidavit or certificate of service and an attached list of parties receiving notice within three (3) business days of service. The affidavit or certificate of

service can state that all parties on the Limited Service List were served in lieu of individually identifying each party on the Limited Service List, in which case, it shall indicate the date of the Limited Service List used.

7. The electronic service by email which includes as a PDF attachment the documents served by any person who participates in the ECF system or provides an email address on a request for notice constitutes service of the pleading or paper and no conventional hard copy service on such interested party shall be required, *provided however*, that notices required by Bankruptcy Rule 2002(a)(1), (4), (5), and (7), and (b)(1) and (2) shall be served by mail in hard copy.

8. Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties in interest, at their last address known to the Debtor, unless otherwise ordered by the Court: (i) notice of the first meeting of creditors pursuant to Bankruptcy Code section 341; (ii) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization.

9. Notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) shall be served on all parties identified in Rule 2002(a) until the U.S. Trustee appoints the Creditors' Committee, if any. After such appointment, notices under Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) may be served on the Limited Service List only. Notice for the matters specified in Bankruptcy Rules 2002(a)(4) and 2002(a)(5) shall be served on all parties identified in Rule 2002(a).

10. Complaints, summons, and contested matters shall be served on parties directly affected by the pleading or proceeding in the manner prescribed by Bankruptcy Rules 7004 and 9014(b), unless such party expressly consents to electronic service.

11. The Debtor is authorized to file the portions of the schedules, any other pleadings and proofs of service containing non-public names of abuse claimants and potential abuse claimants under seal until further order of this Court. Under Bankruptcy Code section 107(c)(3), the Debtor shall provide unredacted copies of any such sealed documents to the U.S. Trustee and to the Creditors' Committee.

12. The Clerk is directed not to issue a Bar Date in this Bankruptcy Case, pending further order of the Court. To the extent a Bar Date has already been set, the deadline for non-governmental unit creditors to file proofs of claim against the Debtor's estate previously set is hereby vacated, and the Court shall extend and reset the Bar Date to a future date.

13. After the appointment of the Creditors' Committee and consultation with the Creditors' Committee, the Debtor shall file the Claim Procedures Motion, seeking approval of a specific new Bar Date and specialized claims procedures.

14. The Court retains jurisdiction over any and all matters relating to the setting or re-setting of proof of claim deadlines and claims procedures.

***END OF ORDER***

APPROVED AS TO FORM:

Dated: October 17, 2023          PACHULSKI STANG ZIEHL & JONES LLP

                                 By        /s/ John W. Lucas
                                    JAMES I. STANG
                                    DEBRA I. GRASSGREEN
                                    JOHN W. LUCAS
                                    Proposed Attorneys for the Official Committee of
                                    Unsecured Creditors

Dated: October 17, 2023          TRACY HOPE DAVIS, UNITED STATES TRUSTEE FOR
                                 REGION 17


                                 By        /s/ Jason Blumberg
                                    JASON BLUMBERG
                                    Trial Attorney for the United States Trustee

**Court Service List**

Registered ECF Participants only.