Entered on Docket
October 20, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 20, 2023

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>   Debtor and<br>   Debtor in Possession. | Case No.  23-30564<br><br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO CONTINUE INSURANCE PROGRAMS**<br><br>Date:      September 14, 2023<br>Time:      1:30 p.m.<br>Location:  Via ZoomGov<br><br>Judge:     Hon. Dennis Montali |

The emergency motion of The Roman Catholic Archbishop of San Francisco ("Debtor"),[1] for an order authorizing the debtor to continue its insurance programs (the "Motion"), came on for hearing on September 14, 2023, at 1:30 p.m. (the "Second Day Hearing"), before the Honorable Dennis Montali for the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Ori Katz of Sheppard, Mullin, Richter & Hampton LLP. All other appearances were as noted on the record.

After the Second Day Hearing, counsel of record for the Debtor, the Official Committee of Unsecured Creditors of the Debtor (the "Committee"), and Tracy Hope Davis, United States Trustee for Region 17 (the "UST," and collectively with the Debtor and the Committee, the "Parties"), met and conferred regarding the relief requested by the Motion and the Debtor and the Committee have stipulated to entry of a final order on the Motion, as noted in that *Stipulation to (1) Vacate Final Hearing on Resolved First Day Motions and (2) Continue Final Hearing on Debtor's Emergency Motions Regarding (A) Existing Cash Management System and Related Relief; and (B) Payment and Honoring of Prepetition Wages, Salaries, and Employee Expenses, and Related Obligations* [ECF No. 179] filed on October 3, 2023 (the "Stipulation"). The UST does not oppose entry of a final order on the Motion.

The Court having considered the Motion, the Passarello Background Decl., the Passarello Decl., and the Gaspari Decl. filed in support of the Motion, and the representations of counsel reflected in the record of the hearing and in the Stipulation, and the Court having found that it has jurisdiction over this proceeding, which is a core proceeding; that notice given of the Motion was appropriate under the facts and circumstances of this Bankruptcy Case; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

IT IS ORDERED that:

1. The Motion is GRANTED, on a final basis, as set forth herein;

---

[1] Capitalized terms have the definitions referenced in the Motion unless otherwise defined herein.

2. Except as otherwise provided herein, the Debtor is authorized, under Bankruptcy Code sections 363, 1112(b), and 105, to continue administering the Insurance Programs for the Debtor and Participating Entities in the ordinary course of business and consistent with past practices, including the use of the Gallagher Bassett Services and George Hills Company in their capacities as third party administrators ("Administrators") of the Insurance Programs.

3. The Debtor further is authorized, in the ordinary course of its business, to continue funding all premiums, contributions, deductibles, reimbursements, reserves, and service fees related to Insurance Coverage and receiving reimbursement for same from participants in the Insurance Programs; *provided*, *however*, as respects claims of sexual abuse, no such funding shall occur without notice to and consent by the Official Creditors Committee.

4. The Debtor also is authorized, in the ordinary course of its business, to renew, amend, supplement, extend, purchase, or terminate Insurance Coverage in the ordinary course of business; *provided*, *however*, the Debtor will not change, amend, terminate or in any other fashion impact insurance policies providing coverage to claims for sexual abuse..

5. The Debtor and Administrator are authorized, in the ordinary course of business and in their sole discretion, to pay any and all amounts related to the Insurance Programs that remained unpaid on the Petition Date, including payment of approximately $1,200,000, in the aggregate, on account of insurance contributions, deductibles, reserves and service fees related to prepetition events or claims, and to continue to pay any prepetition and postpetition claims, premiums, deductibles, defense costs, obligations, reimbursements and administrative costs related to the Insurance coverage; *provided*, *however*, that no defense costs or claims arising from, or in connection with, alleged prepetition sexual misconduct may be paid other than pursuant to the terms of a confirmed plan of reorganization or pursuant to further order of this Court; *provided*, *further*, *however*, that no defense costs nor claims of any kind shall be paid if such payment reduces the available insurance coverage for claims of sexual abuse against the Debtor.

6. The Debtor is authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

SMRH:4881-7968-9858.5 -2-
Case: 23-30564 Doc# 228 Filed: 10/20/23 Entered: 10/20/23 14:52:34 Page 3 of 5

7.  Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section 365; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

8.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**\*\*END OF ORDER\*\***

APPROVED AS TO FORM:

Dated: October 17, 2023      PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John W. Lucas*
JAMES I. STANG
DEBRA I. GRASSGREEN
JOHN W. LUCAS
Proposed Attorneys for the Official Committee of Unsecured Creditors

Dated: October 17, 2023      TRACY HOPE DAVIS, UNITED STATES TRUSTEE FOR REGION 17

By  */s/ Jason Blumberg*
JASON BLUMBERG
Trial Attorney for the United States Trustee

## Court Service List

Registered ECF Participants only.

SMRH:4881-7968-9858.5