James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: jstang@pszjlaw.com
         dgrassgreen@pszjlaw.com
         jlucas@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No.: 23-30564<br><br>Chapter 11<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF OCTOBER 9, 2023**<br><br>[No Hearing Required] |

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Archbishop of San Francisco, the above-captioned debtor (the "Debtor") files this application (the "Application") seeking entry of an order, substantially in the form of the proposed order attached **Exhibit 1**, pursuant to 11 U.S.C. §§ 327, 330, and 1103 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Committee to retain and employ Berkeley Research Group, LLC ("BRG" or the "Firm") as its financial advisor, effective as of October 9, 2023. In support of the Application, the Committee submits the declaration of Matthew K. Babcock (the "Babcock Declaration"), a director at the Firm, filed concurrently herewith. In support of the Application, the Committee respectfully represents as follows:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On August 21, 2023 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Court").  The Debtor is authorized to continue to operate its business and remain in possession of its property as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.

3.      On September 1, 2023, the United States Trustee appointed the Official Committee of Unsecured Creditors.  The Committee consists of nine individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible. *See Appointment of Committee of Unsecured Creditors* [Docket No. 58].

4.      Following the Committee's appointment, on or about October 9, 2023, the Committee, subject to Court approval, selected BRG as its financial advisor.  The Committee believes that it is necessary to employ a financial advisor to render the professional services described herein, and that without such professional assistance, neither the Committee's evaluation of the operations of the Debtor nor its meaningful participation in the negotiation, promulgation, and evaluation of any plan of reorganization would be possible.  The Committee believes that BRG is well qualified to render professional services to the Committee in this Chapter 11 Case.

## RELIEF REQUESTED

5.      By this Application, pursuant to section 1103(a) of the Bankruptcy Code, the Committee seeks to employ BRG as financial advisor, effective as of October 9, 2023, to perform the services set forth herein.

6.      The Committee desires to retain BRG, at the expense of the Debtor's estate, to render professional services as required by the Committee, including, but not limited to, the following:

a.      assisting the Committee in investigating the assets, liabilities and financial condition of the Debtor or the Debtor's operations and the desirability of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1   continuance of any portion of those operations, including a review of any
    donor restrictions on the Debtor's assets;

2

3   b.   assisting the Committee in the review of financial related disclosures required
         by the Court and/or Bankruptcy Code, including the Schedules of Assets and
         Liabilities, the Statement of Financial Affairs, and Monthly Operating

4        Reports;

5   c.   analyzing the Debtor's accounting reports and financial statements to assess
         the reasonableness of the Debtor's financial disclosures;

6

7   d.   providing forensic accounting and investigations with respect to transfers of
         the Debtor's assets and recovery of property of the estate;

8   e.   assisting the Committee in evaluating the Debtor's ownership interests of
         property alleged to be held in trust by the Debtor for the benefit of third

9        parties and/or property alleged to be owned by non-debtor entities;

10  f.   assisting the Committee in reviewing and evaluating any proposed asset sales
         and/or and other asset dispositions;

11

12  g.   assisting the Committee in the evaluation of the Debtors' organizational
         structure, including its relationship with the related Catholic non-debtor
         organizations and parishes that may hold or have received property of the

13       estate;

14  h.   assisting the Committee in evaluating the Debtor's cash management system,
         including unrestricted and restricted funds, deposit and loan programs, and

15       pooled income or investment funds;

16  i.   assisting the Committee in the review of financial information that the Debtor
         may distribute to creditors and others, including, but not limited to, cash flow

17       projections and budgets, cash receipt and disbursement analyses, analyses of
         various asset and liability accounts, and analyses of proposed transactions for

18       which Court approval is sought;

19  j.   attendance at meetings and assistance in discussions with the Debtor, the
         Committee, the U.S. Trustee, and other parties in interest and professionals

20       hired by the above-noted parties as requested;

21  k.   assisting in the review and/or preparation of information and analyses
         necessary for the confirmation of a plan, or for the objection to any plan filed

22       in this Case which the Committee opposes;

23  l.   assisting the Committee in its evaluation of the Debtor's solvency;

24  m.   assisting the Committee with the evaluation and analysis of claims, and on
         any litigation matters, including, but not limited to, avoidance actions for

25       fraudulent conveyances and preferential transfers, and declaratory relief
         actions concerning the property of the Debtor's estate;

26

27  n.   analyzing the flow of funds in and out of accounts the Debtor contends
         contain assets held in trust for others, to determine whether the funds were

28

DOCS_SF:30189.4 05068/002                        APPLICATION FOR EMPLOYMENT OF
                              3                  BERKELEY RESEARCH GROUP, LLC
                                                 AS FINANCIAL ADVISOR

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

commingled with non-trust funds and lost their character as trust funds, under applicable legal and accounting principles; and

o.     assisting the Committee with respect to any adversary proceedings that may be filed in the Debtor's Case and providing such other services to the Committee as may be necessary in this Case.

7.     In addition to services related to these areas, BRG understands that it may be requested to render other services and to participate in meetings and discussions with the Committee, the Debtor and other parties-in-interest and their respective professionals.

8.     BRG will coordinate all tasks with counsel to achieve case efficiencies and avoid duplication of efforts. The Committee believes it is necessary to employ BRG as its financial advisor to render the foregoing professional services. In light of BRG's substantial experience and expertise and the complex nature of the Debtor's business and financial affairs, the Committee believes that BRG is well qualified to provide advice in this case.

## BRG'S QUALIFICATIONS

9.     The Committee is familiar with the professional standing and reputation of BRG and understands and recognizes that BRG's professionals have a wealth of experience in providing financial advisory services in restructurings and reorganizations, and have an excellent reputation for services they have rendered in Chapter 11 cases on behalf of debtors, creditors, trustees, examiners and other parties in interest throughout the United States.

10.     Moreover, the Committee is aware that the principal BRG advisors who will be working on this Case have prior experience in other not-for-profit cases with similar complex issues (including a number of diocesan or religious order bankruptcy cases), including appointment as (i) consultants for the bankruptcy court's expert appointed pursuant to Federal Rule of Evidence 706 in *In re The Roman Catholic Bishop of San Diego* (Bankr. S.D. Cal., Case No. 07-00939)[1] and (ii) financial advisor to the official committees of unsecured creditors in *In re Society of Jesus, Oregon Province* (Bankr. D. Or., Case No. 09-30938); *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. Del., Case No. 09-13560); *In re Archdiocese of Milwaukee* (Bankr. E.D. Wis., Case No 11-20059); *In re The Christian Brothers' Institute* (Bankr. S.D.N.Y., Case No. 11-22820); *In re The Roman*

---

[1] R. Todd Neilson, a member of BRG, was appointed as the court's expert in the San Diego Case to, among other things, examine the debtor's financial condition.

*Catholic Bishop of Stockton* (Bankr. E.D. Cal., Case No. 14-20371-C-11); *In re Roman Catholic Bishop of Great Falls – Billings* (Bankr D. Mon., Case No. 17-60271-11); *In re Diocese of Rochester* (Bankr. W.D.N.Y., Case No. 19-20905); *In re The Roman Catholic Church of the Archdiocese of New Orleans* (Bankr. E.D. Lou. Case No. 20-10846); *In re The Roman Catholic Diocese of Rockville Centre* (Bankr. S.D.N.Y., Case No. 20-12345); *In re The Roman Catholic Diocese of Camden* (Bankr. D. N.J., Case No. 20-21257); *In re The Roman Catholic Diocese of Syracuse, New York* (Bankr. N.D.N.Y., Case No. 20-30663); *In re The Roman Catholic Diocese of Santa Rosa* (Bankr. N.D. Cal., Case No. 23-10113); *In re The Roman Catholic Diocese of Albany* (Bankr. N.D.N.Y., Case No. 23-10244); *In re The Roman Catholic Bishop of Oakland* (Bankr. N.D Cal., Case No. 23-40523); *In re The Roman Catholic Diocese of Ogdensburg* (Bankr. N.D.N.Y., Case No. 23-60507); and *In re Boy Scouts of America and Delaware BSA, LLC* (Bankr. D. Del., Case No. 20-10343).

11.     The Committee therefore believes that BRG is well qualified to render professional services to the Committee in this Chapter 11 Case

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

12.     The Committee understands that BRG will seek compensation from the Debtor's estate and reimbursement of expenses incurred on the Committee's behalf, subject to Court approval after notice and a hearing.  BRG has advised the Committee that it agrees to charge reduced hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG.  For purposes of this engagement BRG has agreed to a 10% rate concession from its standard hourly rates.  The professional fees shall be calculated by multiplying the hours worked by the reduced standard hourly billing rates in effect for specific personnel involved.  The hourly rates charged by BRG for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided.  In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

13.     For professional services, fees are based on BRG's hourly rates (less the agreed upon rate concession discussed above).  The proposed rates of compensation, subject to final Court

approval, are the hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The current standard hourly rates for BRG personnel that may work on this engagement (before the rate concession) are as follows:

| POSITION | 2023 HOURLY RATE |
| --- | --- |
| Managing Director | $725 - $1,130 |
| Director & Associate Director | $450 - $725 |
| Professional Staff | $225 - $450 |
| Support Staff | $150 - $225 |

14.     These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised dates become effective. The standard hourly rates for BRG professionals anticipated to lead this engagement (before the rate concession) are as follows: Matthew Babcock ($725), Ray Strong ($780), and Paul Shields ($815).

15.     BRG will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

16.     Consistent with BRG's policy with respect to its other clients, BRG will charge for all services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately. BRG has acknowledged that the Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to BRG.

Case: 23-30564   Doc# 236   Filed: 10/24/23   Entered: 10/24/23 11:02:00   Page 6 of 24

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

17.     Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in this Case, pass-through the costs of Contractors to the Debtor at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

18.     In an abundance of caution, BRG hereby discloses that R. Todd Neilson, one of the potential BRG professionals that may have involvement in the case, is an exclusive independent contractor and Managing Director of BRG. BRG regards Mr. Neilson to qualify as a "member, partner, or regular associate in a professional association, corporation, or partnership" under 11 U.S.C. § 504(b)(1), therefore meeting the standard for the exception regarding the sharing of compensation.

19.     BRG has also advised the Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in this Case. BRG's compensation for services rendered on behalf of the Committee shall be fixed by the Court after due application.

## DISINTERESTEDNESS

20.     To the best of the Committee's knowledge, based on representations in the Babcock Declaration (except as stated in the Babcock Declaration), BRG is "disinterested" in that each of BRG's professionals (a) is a "disinterested" person within the meaning of § 101(14) of the Bankruptcy Code, (b) does not hold or represent an interest adverse to the Debtor or other parties in interest in the Case. In addition, BRG is not a creditor or equity security holder of the Debtor.

21.     BRG may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to this Case. However, those matters do not present a conflict in this Case.

1    22.    BRG has represented, represents, and in the future will likely represent debtors and

2    creditors' committees in cases unrelated to the Debtor and this Case wherein one or more of the

3    firms representing the members of the Committee or other parties in interest serve as or will serve as

4    professionals to committee members.

5    23.    BRG will conduct an ongoing review of its files to ensure that no conflicts or other

6    disqualifying circumstances exit or arise. If any new material facts or relationships are discovered

7    or arise, BRG will supplement its disclosure to the Court.

8    **WHEREFORE**, the Committee requests entry of an order in the form of the proposed order

9    attached as **Exhibit 1**, authorizing the Committee to retain BRG as its financial advisor effective

10   October 9, 2023, and granting such further relief as may be just and proper.

11

12   Dated:  October 24, 2023            **OFFICIAL COMMITTEE OF UNSECURED**
                                         **CREDITORS OF ROMAN CATHOLIC**
13                                       **ARCHBISHOP OF SAN FRANCISCO.**

14

15   By: _____
                                         Steven A. Moreno
16
                                         Solely in his capacity as Co-Chair of the Official
17                                       Committee of Unsecured Creditors of the Roman
                                         Catholic Archbishop of San Francisco
18

19
     Dated:  October 24, 2023            By: _____
20                                       Margaret O'Driscoll
                                         Committee Member
21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEY AT LAW
SAN FRANCISCO, CALIFORNIA

James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email:  jstang@pszjlaw.com
       dgrassgreen@pszjlaw.com
       jlucas@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>          Debtor and Debtor in Possession. | Case No.: 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF MATTHEW K. BABCOCK IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF OCTOBER 9, 2023**<br><br>[No Hearing Required] |

I, Matthew K. Babcock, declare as follows:

1.      I am a Director with Berkeley Research Group, LLC ("<u>BRG</u>"). My business address is Berkeley Research Group, LLC, 201 S. Main, Suite 450, Salt Lake City, UT 84111. I am authorized to make this Declaration on behalf of BRG and the Declaration is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure in support of the *Application of the Official Committee of Unsecured Creditors for Order Approving Employment of*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1

*Berkeley Research Group, LLC as Financial Advisor, Effective as of October 9, 2023* (the "Application").[1]

2.   Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

### BRG'S QUALIFICATIONS

3.   BRG's professionals have a wealth of experience in providing financial advisory services in restructurings and reorganizations and have an excellent reputation for services they have rendered in Chapter 11 cases on behalf of debtors, creditors, trustees, examiners and other parties in interest throughout the United States.

4.   The principal BRG advisors who will be working on this Case have prior experience in other not-for-profit cases with similar complex issues (including a number of diocesan or religious order bankruptcy cases), including appointment as (i) consultants for the bankruptcy court's expert appointed pursuant to Federal Rule of Evidence 706 in *In re The Roman Catholic Bishop of San Diego* (Bankr. S.D. Cal., Case No. 07-00939)[2] and (ii) financial advisor to the official committees of unsecured creditors in *In re Society of Jesus, Oregon Province* (Bankr. D. Or., Case No. 09-30938); *In re Catholic Diocese of Wilmington, Inc*. (Bankr. D. Del., Case No. 09-13560); *In re Archdiocese of Milwaukee* (Bankr. E.D. Wis., Case No 11-20059); *In re The Christian Brothers' Institute* (Bankr. S.D.N.Y., Case No. 11-22820); *In re The Roman Catholic Bishop of Stockton* (Bankr. E.D. Cal., Case No. 14-20371-C-11); *In re Roman Catholic Bishop of Great Falls – Billings* (Bankr D. Mon., Case No. 17-60271-11); *In re Diocese of Rochester* (Bankr. W.D.N.Y., Case No. 19-20905); *In re The Roman Catholic Church of the Archdiocese of New Orleans* (Bankr. E.D. Lou. Case No. 20-10846); *In re The Roman Catholic Diocese of Rockville Centre* (Bankr. S.D.N.Y., Case No. 20-12345); *In re The Roman Catholic Diocese of Camden* (Bankr. D. N.J., Case No. 20-21257); *In re The Roman Catholic Diocese of Syracuse, New York* (Bankr. N.D.N.Y., Case No. 20-30663*); In re The Roman Catholic Diocese of Santa Rosa* (Bankr. N.D. Cal., Case No. 23-10113); *In re The Roman Catholic Diocese of Albany* (Bankr. N.D.N.Y., Case No. 23-10244); *In re The Roman*

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.
[2] R. Todd Neilson, a member of BRG, was appointed as the court's expert in the San Diego Case to, among other things, examine the debtor's financial condition.

Case: 23-30564   Doc# 236   Filed: 10/24/23   Entered: 10/24/23 11:02:10   Page 10 of 24

*Catholic Bishop Of Oakland* (Bankr. N.D Cal., Case No. 23-40523); *In re The Roman Catholic Diocese of Ogdensburg* (Bankr. N.D.N.Y., Case No. 23-60507); and *In re Boy Scouts of America and Delaware BSA, LLC* (Bankr. D. Del., Case No. 20-10343).

## **SERVICES TO BE RENDERED**

5.     The Committee has requested that BRG render services to the Committee in connection with this case including, *inter alia*:

    a.    assisting the Committee in investigating the assets, liabilities and financial condition of the Debtor or the Debtor's operations and the desirability of the continuance of any portion of those operations, including a review of any donor restrictions on the Debtor's assets;

    b.    assisting the Committee in the review of financial related disclosures required by the Court and/or Bankruptcy Code, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

    c.    analyzing the Debtor's accounting reports and financial statements to assess the reasonableness of the Debtor's financial disclosures;

    d.    providing forensic accounting and investigations with respect to transfers of the Debtor's assets and recovery of property of the estate;

    e.    assisting the Committee in evaluating the Debtor's ownership interests of property alleged to be held in trust by the Debtor for the benefit of third parties and/or property alleged to be owned by non-debtor entities;

    f.    assisting the Committee in reviewing and evaluating any proposed asset sales and / or and other asset dispositions;

    g.    assisting the Committee in the evaluation of the Debtors' organizational structure, including its relationship with the related Catholic non-debtor organizations and parishes that may hold or have received property of the estate;

    h.    assisting the Committee in evaluating the Debtor's cash management system, including unrestricted and restricted funds, deposit and loan programs, and pooled income or investment funds;

    i.    assisting the Committee in the review of financial information that the Debtor may distribute to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipt and disbursement analyses, analyses of various asset and liability accounts, and analyses of proposed transactions for which Court approval is sought;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

j.      attendance at meetings and assistance in discussions with the Debtor, the Committee, the U.S. Trustee, and other parties in interest and professionals hired by the above-noted parties as requested;

k.      assisting in the review and/or preparation of information and analyses necessary for the confirmation of a plan, or for the objection to any plan filed in this Case which the Committee opposes;

l.      assisting the Committee in its evaluation of the Debtor's solvency;

m.      assisting the Committee with the evaluation and analysis of claims, and on any litigation matters, including, but not limited to, avoidance actions for fraudulent conveyances and preferential transfers, and declaratory relief actions concerning the property of the Debtor's estate;

n.      analyzing the flow of funds in and out of accounts the Debtor contends contain assets held in trust for others, to determine whether the funds were commingled with non-trust funds and lost their character as trust funds, under applicable legal and accounting principles.

o.      assisting the Committee with respect to any adversary proceedings that may be filed in the Debtor's Case and providing such other services to the Committee as may be necessary in this Case.

6.      Subject to this Court's approval of the Application, BRG is willing to serve as the Committee's financial advisor and to perform the services described above.

## **TERMS OF RETENTION**

7.      The Committee understands that BRG will seek compensation from the Debtor's estate and reimbursement of expenses incurred on the Committee's behalf, subject to Court approval after notice and a hearing. BRG has advised the Committee that it agreed to charge reduced hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG. For purposes of this engagement, BRG has agreed to a 10% rate concession from its standard hourly rates. The professional fees shall be calculated by multiplying the hours worked by the reduced standard hourly billing rates in effect for specific personnel involved. The hourly rates charged by BRG for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided. In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

8. For professional services, fees are based on BRG's hourly rates (less the agreed upon rate concession discussed above). The proposed rates of compensation, subject to final Court approval, are the hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The current standard hourly rates for BRG personnel that may work on this engagement (before the rate concession) are as follows:

| POSITION | 2023 HOURLY RATE |
| --- | --- |
| Managing Director | $725 - $1,130 |
| Director & Associate Director | $450 - $725 |
| Professional Staff | $225 - $450 |
| Support Staff | $150 - $225 |

9. These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised dates become effective. The standard hourly rates for BRG professionals anticipated to lead this engagement (before the rate concession) are as follows: Matthew Babcock ($725), Ray Strong ($780), and Paul Shields ($815).

10. BRG will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

11. Consistent with BRG's policy with respect to its other clients, BRG will charge for all services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for

Case: 23-30564   Doc# 236   Filed: 10/24/23   Entered: 10/24/23 11:02:10   Page 13 of 24

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

separately. BRG has acknowledged that the Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to BRG.

12.     Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in this Case, pass-through the costs of Contractors to the Debtor at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

13.     In an abundance of caution, BRG hereby discloses that R. Todd Neilson, one of the potential BRG professionals that may have involvement in the case, is an exclusive independent contractor and Managing Director of BRG. BRG regards Mr. Neilson to qualify as a "member, partner, or regular associate in a professional association, corporation, or partnership" under 11 U.S.C. § 504(b)(1), therefore meeting the standard for the exception regarding the sharing of compensation.

14.     BRG intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in this Case. BRG's compensation for services rendered on behalf of the Committee shall be fixed by the Court after due application.

15.     I understand that the court's approval of the application is not approval of any proposed terms of compensation and under § 328(a) the court may allow compensation on terms different from those proposed.

16.     BRG has not received any retainer from the Debtor, the Committee, or any member of the Committee, nor has BRG received any payment or promise of payment. No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this case. No promises have been received by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any

DOCS_LA:348933.3 05068/002

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

compensation received by the Firm in connection with this case, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor any of its representatives are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

## **DISINTERESTEDNESS**

17.     Neither I, BRG, nor any member or associate thereof, insofar as I have been able to ascertain, has any connection with the Committee, the Debtor, its creditors or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

18.     BRG has made the following investigation of disinterestedness prior to submitting this Declaration. BRG has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. BRG requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through BRG's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of BRG, under my supervision, entered the name of the Committee members, counsel to the Committee members, the Debtor, the Debtor's professionals, the counsel to the top twenty creditors of the Debtor as disclosed by the Debtor's in Court filings, the Debtor's parishes and affiliates described in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions*, [Docket No. 14], the Debtor's insurance companies, the priority creditors, trade creditors, counterparties to executory contracts, and the U.S. Trustee through the Firm's database.

19.     Based on the results of BRG's search of its database, and with the exception of representations noted in **Schedule 1**, it appears that BRG does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtor herein, its creditors, the Committee, the U.S. Trustee or any party in interest herein in the matters upon which BRG is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

20.     BRG and certain of its members and associates represented, represent and, in the future, may represent creditors of the Debtor or other parties in interest in connection with matters unrelated to the Debtor and this Case. Other than those identified in **Schedule 1**, BRG is unaware of any such representations. If BRG identifies any further such representations, BRG shall make further disclosures as may be appropriate at that time. At the Court's request, BRG can provide the names of these clients to the Court for in-camera review.

21.     BRG has represented, may represent, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this Case wherein one or more of the law firms representing the members of the Committee or other parties in interest serve as or will serve as professionals to members of those committees.

22.     I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

23.     I agree to immediately disclose any actual conflict of which I become aware during the course of BRG's representation as financial advisor to the Committee.

24.     I am not aware of anyone who objects to BRG's employment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on October 24, 2023 at Salt Lake City, Utah.

*/s/ Matthew K. Babcock*
Matthew K. Babcock

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**Schedule 1**

**Exceptions**

SCHEDULE 1 TO DECLARATION
OF MATTHEW K. BABCOCK

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**Exceptions**

**Active BRG Clients**

Automatic Data Processing, Inc. (ADP, Inc.)
Aramark
Arthur J. Gallagher & Co
FedEx Corporation
The Zalkin Law Firm PC
U.S. Bank National Association

**Close Pending BRG Clients**

Certain Underwriters at Lloyds, London
Hartford Insurance Company

**Closed BRG Clients**

Continental Casualty Company
Pacific Gas & Electric (PG&E)
Rite Aid Corporation
Verizon Wireless

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**EXHIBIT 1**

**Proposed Order**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_LA:051839.3 03068/002

James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: jstang@pszjlaw.com
         dgrassgreen@pszjlaw.com
         jlucas@pszjlaw.com

[Proposed] Counsel to the Official Committee
of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No.: 23-30564<br><br>Chapter 11<br><br>**ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF OCTOBER 9, 2023** |

The Court has considered the Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Berkeley Research Group, LLC as Financial Advisor, Effective as of October 9, 2023 [Docket No. ____] (the "Application"), filed by the Official Committee of Unsecured Creditors in the above-captioned case (the "Committee"), and the declaration of Matthew K. Babcock in support of the Application. Based upon the record before the Court, it appears that Berkeley Research Group, LLC (the "Firm") does not hold or represent any interest adverse to the estate in the matters on which it is to be employed, that the Firm is a disinterested person, that its employment is in the best interest of the estate, and that no hearing on the Application is required.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted.

2.      The Committee is authorized to employ the Firm as its counsel on the terms and conditions set forth more fully in the Application, effective as of October 9, 2023.

3.      The Firm shall be compensated as an expense of administration pursuant to sections 507(a) and 503(b) of the Bankruptcy Code and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the rules of this Court, and such other procedures as may be fixed by further order of this Court.

4.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**\*\*END OF ORDER\*\***

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email:  jstang@pszjlaw.com
        dgrassgreen@pszjlaw.com
        jlucas@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured
Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.:  23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **CERTIFICATE OF SERVICE** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  STATE OF CALIFORNIA )
                          )
2  CITY OF LOS ANGELES )

3      I, Nancy H. Brown, am employed in the city and county of Los Angeles, State of California.
4  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa
   Monica Blvd., Suite 1300, Los Angeles, California 90067.

5      On October 24, 2023, I caused to be served the following documents:

6      • **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
7        ORDER APPROVING EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS
         FINANCIAL ADVISOR, EFFECTIVE AS OF OCTOBER 9, 2023**

8      • **DECLARATION OF MATTHEW K. BABCOCK IN SUPPORT OF APPLICATIN OF THE
         OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING
9        EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR,
         EFFECTIVE AS OF OCTOBER 9, 2023**

10 in the manner stated below:

11 | ☑ | TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):
12 |   | Pursuant to controlling General Orders and LBR, the foregoing document was served
   |   | by the court via NEF and hyperlink to the document. On October 6, 2023, I checked
13 |   | the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
   |   | the following persons are on the Electronic Mail Notice List to receive NEF
14 |   | transmission at the email addresses stated below |

15 | ☑ | (BY MAIL) I am readily familiar with the firm's practice of collection and processing
   |   | correspondence for mailing. Under that practice it would be deposited with the U.S.
16 |   | Postal Service on that same day with postage thereon fully prepaid at San Francisco,
   |   | California, in the ordinary course of business. I am aware that on motion of the party
17 |   | served, service is presumed invalid if postal cancellation date or postage meter date is
   |   | more than one day after date of deposit for mailing in affidavit. |

18 | ☐ | (BY EMAIL) I caused to be served the above-described document by email to the
19 |   | parties indicated on the attached service list at the indicated email address. |

20     I declare under penalty of perjury, under the laws of the State of California and the United
21 States of America that the foregoing is true and correct.

22     Executed on October 24, 2023 at Los Angeles, California.

23
24                                              */s/ Nancy H. Brown*
                                                Nancy H. Brown
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Hagop T. Bedoyan**  hagop.bedoyan@mccormickbarstow.com, ecf@kleinlaw.com
- **Jason Blumberg**  jason.blumberg@usdoj.gov, ustpregion17.sf.ecf@usdoj.gov
- **John Bucheit**  jbucheit@phrd.com
- **George Calhoun**  george@ifrahlaw.com
- **Jason Chorley**  jason.chorley@clydeco.us, Robert.willis@clydeco.us
- **Blaise S Curet**  bcuret@spcclaw.com
- **Allan B Diamond**  adiamond@diamondmccarthy.com
- **David Elbaum**  david.elbaum@stblaw.com
- **Trevor Ross Fehr**  trevor.fehr@usdoj.gov
- **Robert David Gallo**  dgallo@phrd.com
- **Christina Lauren Goebelsmann**  christina.goebelsmann@usdoj.gov
- **Debra I. Grassgreen**  dgrassgreen@pszjlaw.com, hphan@pszjlaw.com
- **Robert G. Harris**  rob@bindermalter.com, RobertW@BinderMalter.com
- **Deanna K. Hazelton**  deanna.k.hazelton@usdoj.gov
- **Daniel James**  daniel.james@clydeco.us
- **Christopher D. Johnson**  chris.johnson@diamondmccarthy.com
- **Jeff D. Kahane**  jkahane@duanemorris.com
- **Ori Katz**  okatz@sheppardmullin.com, LSegura@sheppardmullin.com

- **Jeannie Kim**  jekim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **John William Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Pierce MacConaghy**  pierce.macconaghy@stblaw.com
- **Alan H. Martin**  AMartin@sheppardmullin.com, lwidawskyleibovici@sheppardmullin.com
- **Andrew Mina**  amina@duanemorris.com
- **Office of the U.S. Trustee / SF**  USTPRegion17.SF.ECF@usdoj.gov
- **Paul J. Pascuzzi**  ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- **Mark D. Plevin**  mplevin@crowell.com, mark-plevin-crowell-moring-8073@ecf.pacerpro.com
- **Douglas B. Provencher**  dbp@provlaw.com
- **Nathan W. Reinhardt**  nreinhardt@duanemorris.com
- **Jason E. Rios**  jrios@ffwplaw.com, docket@ffwplaw.com
- **Matthew Roberts**  mroberts@phrd.com
- **Phillip John Shine**  phillip.shine@usdoj.gov
- **Catalina Sugayan**  catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us
- **Matthew Michael Weiss**  mweiss@phrd.com
- **Harris Winsberg**  hwinsberg@phrd.com
- **Yongli Yang**  yongli.yang@clydeco.us

**SERVED BY UNITED STATES MAIL**

The Roman Catholic Archbishop of San Francisco
One Peter Yorke Way
San Francisco, CA  94109

Sophia Achermann
605 Market Street, Suite 1103
San Francisco, CA  94105

Robin D. Craig
Craig & Winkelman LLP
2001 Addison Street, Suite 300
Berkeley, CA 94704

Dennis Fruzza (aka Dennis Gehrmann)
Stephen Estey, Esq.
Estey & Bomberger LLP
2869 India Street
San Diego, CA 92103

GDR Group, Inc.
c/o Robert R. Redwitz
3 Park Plaza, Suite 1700
Irvine, CA 92614

GlassRatner Advisory & Capital Group, LLC
19800 MacArthur Blvd.
Irvine, CA 92612

Jordan A. Hess
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004

Kern County Treasurer and Tax Collector Office
Attn: Bankruptcy Division
P.O. Box 579
Bakersfield, CA 93302-0579

Matthew C. Lovell
Nicolaides Fink Thorpe et al
101 Montgomery St., # 2300
San Francisco, CA 94104

Todd C. Jacobs
Parker, Hudson, Rainer & Dobbs LLP
Two N. Riverside Plaza, Suite 1850
Chicago, IL 60606