

James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: jstang@pszjlaw.com
       dgrassgreen@pszjlaw.com
       jlucas@pszjlaw.com

Signed and Filed: October 24, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Counsel to the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No.: 23-30564<br><br>Chapter 11<br><br>**ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

The Court has considered the *Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors* [Docket No. 188] (the "Application"), filed by the Official Committee of Unsecured Creditors in the above-captioned case (the "Committee"), and the declaration of Steven A. Moreno and the declaration and supplemental declaration of John W. Lucas, each in support of the Application. Based upon the record before the Court, it appears that Pachulski Stang Ziehl & Jones LLP (the "Firm") does not hold or represent any interest adverse to the estate in the matters on which it is to be employed, that the Firm is a disinterested person, that its employment is in the best interest of the estate, and that no hearing on the Application is required.

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Committee is authorized to employ the Firm as its counsel on the terms and conditions set forth more fully in the Application, effective as of September 14, 2023.

3. The Firm shall be compensated as an expense of administration pursuant to sections 507(a) and 503(b) of the Bankruptcy Code and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the rules of this Court, and such other procedures as may be fixed by further order of this Court. For the avoidance of doubt, the Court's *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* shall apply to the retention and compensation of the Firm in this case.

4. Notwithstanding anything to the contrary in this Order or the Application, the Court is not approving the terms and conditions of the Firm's employment under 11 U.S.C. § 328(a).

5. The Firm shall provide reasonable notice to the Debtor and the U.S. Trustee of any increase of the Firm's hourly rates.

6. For the avoidance of doubt, the Firm shall not withdraw from representation of the Committee in this Chapter 11 case absent Court approval.

7. The Firm shall make a reasonable effort to comply with the U.S. Trustee's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases.

8. Notwithstanding paragraph 6 of the Lucas Declaration, the Court is not approving any terms of any plan of reorganization at this time.

9. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**\*\*END OF ORDER\*\***