CHERYL C. ROUSE (State Bar No. 118313)
NORMAN P. BAHLERT (State Bar No. 135693)
LAW OFFICES OF ROUSE & BAHLERT
1246 18th Street
San Francisco, CA 94107
Mailing Address:
1459 18th Street, #104
San Francisco, CA 94107
Tel No. (415) 575-9444
rblaw@ix.netcom.com

Attorneys for Movant
Victoria Castro

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>The Roman Catholic Archbishop of San Francisco,<br><br>Debtor.<br>_____ | Case No.: 23-30564<br>Chapter 11<br><br>RS No.  CCR-507<br><br>MOTION FOR RELIEF FROM STAY TO PROCEED WITH STATE COURT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Date:    November 9, 2023<br>Time:   1:30 p.m.<br>Hearing: Via Tele/Video Conference |

TO THE COURT AND TO ALL INTERESTED PARTIES:

Victoria Castro   (hereinafter "Movant") hereby moves the court for an order terminating the automatic stay provisions of 11 U.S.C. §362 and permitting Movant to continue to prosecute an action pending in the superior court, state of California for personal injury, with the recovery of any damages solely against any applicable insurance proceeds. Said motion will be heard **via Tele/Video Conference** before the Honorable Dennis Montali of the United States Bankruptcy Court, located at 450 Golden Gate Ave, 16th Floor, Courtroom 17, San Francisco, CA 94102.

Movants also request that the provisions of F.R.B.P. Rule 4001(a)(3) be waived.

Motion for Relief from Stay

This motion is made pursuant to 11 U.S.C. §362(d)(1) on the grounds that cause exists to grant relief to permit the pending litigation to proceed pursuant to *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) as follows:

1.     Movant commenced her action for personal injury on October 29, 2019 by filing a complaint in the case entitled *Victoria Castro v. All Souls Catholic School; Archdiocese of San Francisco Parish, et al*, Case No. 19-CIV-06416, filed in the Superior Court of California, County of San Mateo (the "State Court Action").

2.     Debtor filed its petition for bankruptcy on August 21, 2023.

3.     The case has been actively litigated since filing and had been set for a jury trial for November 27, 2023.  That trial date was vacated after counsel for defendants filed a Notice of Stay of Proceedings on September 12, 2023.

4.     Plaintiff has been advised that there are insurance policies in effect that may provide coverage for the claims alleged in the complaint filed in the State Court Action.

Wherefore, Movant seeks an order terminating the automatic stay under 11 U.S.C. §362(d)(1), so that Plaintiff may litigate the State Court Case to judgment, with any damages awarded to be paid solely by available insurance proceeds.

This motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Dmitriy Karpov, Esq. in Support of Motion for Relief from Stay to Proceed with State Court Litigation, the Relief From Stay Cover Sheet and upon all papers, pleadings and documents on file herein, and on such documentary evidence or oral argument as may be presented at the time of hearing of this motion.

Dated: October 26, 2023                              LAW OFFICES OF ROUSE & BAHLERT

                                    By:_____/s/ Cheryl C. Rouse_____
                                    CHERYL C. ROUSE
                                    Attorneys for Movant Victoria Castro

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTS

1.     This Court has jurisdiction over the subject matter of this Motion pursuant to

1  the provisions of 28 United States Code sections 157, 1334, and 11 United States Code

2  section 362.

3      2.    On October 29, 2019, Movant Victoria Castro filed an action for personal

4  injuries entitled *Victoria Castro v. All Souls Catholic School; Archdiocese of San Francisco*

5  *Parish, et al*, Case No. 19-CIV-06416, filed in the Superior Court of California, County of

6  San Mateo (the "State Court Action"). (See accompanying Declaration of Dmitriy Karpov,

7  Esq., para. 1 and 3, and Exhibit "A" attached thereto)

8      3.    The case has been actively litigated since filing and had been set for a jury trial

9  for November 27, 2023. That trial date was vacated after counsel for defendants filed a

10  Notice of Stay of Proceedings on September 12, 2023. (See accompanying Declaration of

11  Dmitriy Karpov, Esq., para. 4)

12      4.    In response to discovery requests served in the State Court Action, Defendants

13  advised that there are insurance policies in effect that may provide coverage for the claims

14  alleged in the Complaint. (See accompanying Declaration of Dmitriy Karpov, Esq., para. 5

15  and Exhibit "B" attached thereto)

16      5.    Plaintiff seeks relief from stay to proceed to trial with any recovery limited to

17  the extent of insurance coverage. (See accompanying Declaration of Dmitriy Karpov, Esq.,

18  para. 6)

19        **II.    RELIEF FROM THE AUTOMATIC STAY UNDER**
           **11 U.S.C.§362(d)(1) IS APPROPRIATE**

20

21      Section 362(d)(1) provides as follows:

22      (d) On request of a party in interest and after notice and a hearing, the court shall

23      grant relief from the stay provided under subsection (a) of this section, such as by
         terminating, annulling, modifying, or conditioning such stay—

24      (1) for cause, including the lack of adequate protection of an interest in property of

25      such party in interest;

26

27      "A bankruptcy filing imposes an automatic stay of all litigation against the debtor. 11

28      U.S.C. § 362(a). A bankruptcy court 'shall' lift the automatic stay 'for cause.' *Id*. § 362(d)(1).

Motion for Relief from Stay

'Cause' has no clear definition and is determined on a case-by-case basis." *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985)

In *Kronemyer v. Am. Contractors Indemn. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009), the 9th Circuit BAP upheld the bankruptcy court's consideration of the factors articulated in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984), for the purpose of determining whether cause existed to lift the stay to permit the creditor to proceed with prepetition litigation against the debtor. *In re Kronemyer*, 405 B.R. at 921. As the Kronemyer court stated, "We agree that the Curtis factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum."*Id.*   The Curtis factors consist of the following twelve nonexclusive factors:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and
12. The impact of the stay on the parties and the "balance of hurt,"

*Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 559-60 (Bankr. C.D. Cal. 2004) (quoting *In re Curtis*, 40 B.R. at 799-800).

"In weighing the relevant factors, the bankruptcy court is not required to give equal weight to all factors. In fact, the balancing of potential harm to the creditor on the one hand and to the debtor and the bankruptcy estate on the other hand frequently is dispositive."   *In re Advanced Medical Spa, Inc.*2016 WL 6958130 (9th Cir. BAP 2016) at 4.

Motion for Relief from Stay

In this case, reviewing the factors listed above, factors 1, 2, 4, 5,7, 9, 10, 11 and 12 are pertinent and weigh strongly in favor of allowing the litigation to proceed. Specifically, the relief will result in the complete resolution of the issues, the litigation will not interfere with the bankruptcy case in that Movant seeks to recover against insurance policies, not the assets of the estate, this is a personal injury action which cannot be tried in the bankruptcy court and the superior court is the appropriate place for trial, the debtor's insurance carrier has assumed responsibility for defending the litigation, there is no prejudice to the interests of the other creditors in this case, no avoidable judicial lien will be involved, the interests of judicial economy will be served, the case was ready for and had been set for trial on November 27, 2023, and not allowing the litigation to proceed will hurt Movant's interests.

For the reasons set forth herein, the motion to terminate the automatic stay and to allow the State Court Case to proceed should be granted.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay under 11 U.S.C. § 362(d)(1) to allow Movant to prosecute the pending State Court Action to judgment, with any damages awarded to be paid solely by available insurance proceeds.

3. For the 14-day stay described by Bankruptcy Rule 4001(a)(3) to be waived; and

4. For such other and further relief as the court deems just and proper.

Dated: October 26, 2023                    LAW OFFICES OF ROUSE & BAHLERT

                              By:_____/s/ Cheryl C. Rouse_____
                                    CHERYL C. ROUSE
                                    Attorneys for Movant Victoria Castro

Motion for Relief from Stay