Entered on Docket
October 30, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: October 30, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**



1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:     (916) 329-7400
5  Facsimile:     (916) 329-7435
   Email:         ppascuzzi@ffwplaw.com
6                 jrios@ffwplaw.com
                  tphinney@ffwplaw.com
7

8  ORI KATZ, State Bar No. 209561
   ALAN H. MARTIN, State Bar No. 132301
9  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   Four Embarcadero Center, 17th Floor
10 San Francisco, California 94111-4109
   Telephone:     (415) 434-9100
11 Facsimile:     (415) 434-3947
   Email:         okatz@sheppardmullin.com
12                amartin@sheppardmullin.com

13 Attorneys for The Roman Catholic Archbishop of
   San Francisco
14

15              UNITED STATES BANKRUPTCY COURT

16       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18  In re<br><br>19  THE ROMAN CATHOLIC ARCHBISHOP<br>    OF SAN FRANCISCO,<br>20<br>        Debtor and<br>21      Debtor in Possession. | Case No. 23-30564<br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE EXPENSES; (2) TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES; AND (3) DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS**<br><br>Date:    October 26, 2023<br>Time:    1:30 p.m.<br>         Via ZoomGov<br><br>Judge:   Hon. Dennis Montali |

The *Debtor's Emergency Motion for Order (1) Authorizing Payment of Prepetition Wages, Salaries and Employee Expenses; (2) to Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks* filed by The Roman Catholic Archbishop of San Francisco ("Debtor") filed on August 21, 2023, as ECF No. 7 (the "Motion")[1] came on for final hearing on October 26, 2023, at 1:30 p.m., before the Honorable Dennis Montali of the United States Bankruptcy Court for the Northern District of California. The Debtor appeared through its counsel, Paul J. Pascuzzi of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Ori Katz of Sheppard, Mullin, Richter & Hampton LLP. All other appearances were noted on the record.

The Court having considered the Motion, the Passarello Background Decl., the Passarello Decl., the Gaspari Decl. filed in support of the Motion, the *United States Trustee's Omnibus Objection to Debtor's First Day Motions and Reservation of Rights [ECF Nos. 7 & 9]* filed on August 23, 2023, as ECF No. 25 (the "U.S. Trustee Objection"), the *Response of the Official Committee of Unsecured Creditors to Debtor's Motion for Order (1) Authorizing Payment of Prepetition Wages, Salaries and Employee Expenses; (2) to Pay Accrued Employee Benefits and Taxes; and (3) Directing Banks to Honor Payroll and Expense Checks [ECF No. 7]* filed on October 13, 2023, as ECF No. 203 (the "Committee Response"), and the representations of counsel reflected in the record of the hearing, and the Court having found that it has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, and any applicable governmental entities; that no further notice is necessary; that the concerns and objections stated in the U.S. Trustee Objection as to this Motion have been consensually resolved; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief,

It is hereby ORDERED as follows:

1. The Motion is GRANTED, on a final basis as provided herein.

---

[1] Unless otherwise indicated, capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Motion.

2.      The Debtor is authorized, but not directed, to pay to its Employees all Employee Obligations, Employee Deductions and Employee Expenses that have accrued by virtue of the services rendered by its Employees prior to the Petition Date up to the amounts entitled to priority claim status under the provisions of section 507(a) of the Bankruptcy Code. The Employee Obligations, Employee Deductions and Employee Expenses that the Debtor is authorized to pay are described in the Motion and include, without limitation, the following: wages, salary, retirement, healthcare and other benefit programs up to the amounts entitled to priority claim status under the provisions of section 507(a) of the Bankruptcy Code.

3.      The Debtor is authorized, but not directed, to pay all local, state, and federal withholding and payroll taxes (including those accrued for pre-petition periods) or to have such taxes paid by third-party payroll administrators.

4.      The Debtor is authorized, but not directed, to continue its practices, programs and policies in effect as of the Petition Date as described in the Motion, including with respect to all Employee Obligations (including allowing employees to use time off accrued, but unused, as of the Petition Date) up to the statutory amount for such claims entitled to priority status under section 507(a) of the Bankruptcy Code and administering payroll for the Payroll Participating Entities and insurance for the Health Insurance Participating Entities.

5.      The bank at which the Debtor maintains an account from which the Debtor's payroll obligations are disbursed and all other banks or lending institutions maintaining payroll and employee benefits accounts are authorized, and directed, to honor and pay all pre-petition and post-petition checks issued or to be issued and fund transfers requested or to be requested, by the Debtor in respect of the Employee Obligations, Employee Deductions and Employee Expenses.

6.      The Debtor is authorized, but not directed, to issue new post-petition checks or fund transfer requests with respect to pre-petition obligations that may have been dishonored by any banks relating to the Employee Obligations, Employee Deductions and Employee Expenses, if necessary, provided, however that such amounts shall not exceed the statutory limit for claims entitled to priority status under section 507(a) of the Bankruptcy Code.

7.      The Debtor is authorized to continue other Employee Benefits.

8. Nothing in this Order authorizes the Debtor to make any payments that benefit, directly or indirectly, any credibly accused perpetrator of abuse, whether for wages, support, housing, prepetition claims, retirement or otherwise.

9. The Debtor shall provide the U.S. Trustee and the Committee with a list of Employees to be paid pre-petition Employee Obligations or Employee Expenses under this Order, including accrual dates and amounts to be paid to each Employee and shall file with the Court a summary of the information. If the U.S. Trustee or the Committee notifies the Debtor within three (3) business days that it objects to the payment of any pre-petition Employee Expenses, the Debtor shall not reimburse the Employee Expenses and may seek court authorization to reimburse the Employee Expenses at the final hearing on this Motion or at another time.

10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

11. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Final Order.

///
///
///
///
///
///
///
///
///

12. The Debtor and its employees and agents are authorized to take, or refrain from taking, such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

APPROVED AS TO FORM.

OFFICE OF THE UNITED STATES TRUSTEE

By: /s/ Jason Blumberg
　　　Jason Blumberg
　　　Trial Attorney for Tracy Hope Davis,
　　　United States Trustee for Region 17

APPROVED AS TO FORM.

OFFICIAL COMMITTEE COUNSEL

By: /s/ John W. Lucas
　　　John W. Lucas
　　　Pachulski Stang Ziehl & Jones

***END OF ORDER***

**Court Service List**

Registered ECF Participants only.