James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Brittany M. Michael (NY Bar No. 5678552) *admitted pro hac vice*
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email:  jstang@pszjlaw.com
        dgrassgreen@pszjlaw.com
        jlucas@pszjlaw.com
        bmichael@pszjlaw.com

Counsel to the Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No.:  23-30564<br><br>Chapter 11<br><br>**COMMITTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE**<br><br>Judge: Hon. Dennis Montali<br>Date: November 9, 2023<br>Time: 1:30 p.m.<br>Place: Via ZoomGov |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 bankruptcy case (the "Case") of The Roman Catholic Archbishop of San Francisco, a California corporation, debtor and debtor in possession (the "Archdiocese"), hereby objects (the "Objection") to the *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and*

*(4) Approving Form and Manner of Notice*, Docket No. 220 (the "<u>Motion</u>").[1]  In support of the Objection, the Committee states:

## I.       LIMITED OBJECTION

The Committee has only two objections to the Motion: removing the additional questionnaire from the claims filing process and limiting access to survivor information to ensure accountability in maintaining confidentiality of the information.  The Committee supports setting a bar date of February 20, 2024[2]; establishing procedures for noticing the bar date; and approving robust confidentiality provisions to protect the identity of sexual abuse survivors ("Survivors").

The Committee conferred with the Archdiocese on the form of Bar Date Order and the Confidential Survivor Proof of Claim.  The Committee's proposed changes to the most recent forms provided to the Committee are attached hereto as **<u>Exhibits A and B</u>**.  The Committee is continuing to work with the Debtor on appropriate modifications to those documents and reserves its right to further object to any modifications proposed by the Debtor that are not agreed to by the Committee.

The Bankruptcy Code establishes a low burden on creditors to preserve their claims.  There is no justification for increasing that burden on Survivors in contravention of the Bankruptcy Code and Rules.  As set forth below, the proposed "voluntary" additional questionnaire deprives Survivors of the protections that would otherwise be available in a claims objection process.  Even if truly voluntary, Survivors seeing the form will nonetheless be confused about whether they will be disadvantaged if they do not complete the questionnaire and, as a result, could feel compelled to do so.  If the Archdiocese is truly seeking such additional information regarding abuse claims to facilitate mediation, as it purports is the purpose of the voluntary questionnaire, then an eventual mediation procedures motion is the appropriate forum for requesting that information.  Including the request attached to the proof of claim blurs the lines between the claim form and the questionnaire and opens the door to the information being used in the claim objection process without the procedural protections that would otherwise be required.[3]  Additionally, any Confidential Information obtained

---

[1] Any capitalized terms not otherwise defined in this Objection shall have the meaning ascribed to them in the Motion.
[2] Subsequent to the filing of the Motion, the Archdiocese and Committee have reached agreement that February 20 is an appropriate bar date for *all* parties to the Case.
[3] The Committee previously requested that the supplement and the information contained therein be limited in use to any court-ordered mediation.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

through the claims filing process should be accessible only to a limited and known universe of individuals.

## A.   The Supplement Contravenes the Established Claim Procedures

As an initial matter, there is a disconnect between the Motion's description of the "optional Confidential Survivor Supplement" and the actual language of the Archdiocese's proposed order. The Motion consistently refers to the supplement as "optional" or "voluntary." *See, e.g.*, Motion, p. 3, 7, 8, 11, 16, 18-19. The attached proposed order is berefet of such terms and in fact seems to indicate that the supplement is required. *See, e.g.* Motion, Ex. 1, ¶ 2 (defining the supplement, which is not described as optional, as part of the "Confidential Survivor Proof of Claim Form"); *id.,* ¶ 5 (stating that Survivors "***must*** file a Confidential Survivor Proof of Claim Form," which is defined to include the supplement) (emphasis added). The only indication in the proposed order that the questionnaire may be optional is in a footnote: "Any Survivor Claimant who timely files a proof of claim without completing the Confidential Survivor Claim Supplement may subsequently be required to provide additional information." *Id.* at fn. 3.[4] Therefore, based on the current documents before the Court for approval, the supplement as proposed by the Archdiocese is not optional.

Even if the supplement is optional, completing these forms and providing this information can be a significant burden on some Survivors that is not justified at the time of filing of a proof of claim. *See Diocese of Buffalo, N.Y. v. Cont'l Ins. Co. (In re Diocese of Buffalo, N.Y.),* 620 B.R. 445, 454 (Bankr. W.D.N.Y. 2020) ("For at least some abuse victims, the recitation of facts and details may impose emotional challenges…. For some, a mandate to disclose more particular details may have a chilling effect on their willingness even to file a claim."). No other creditors are asked to provide this level of sensitive, personal, detailed information to simply file a claim. Survivors should only be asked to submit a slightly modified version of the Official Form 410 (*see* the Committee's proposed Confidential Survivor Proof of Claim attached as **Exhibit B**).

---

[4] The Committee proposed edits aimed at clarifying the voluntary nature of the questionnaire but the Archdiocese insisted on leaving its language ambiguous, possibly in the hope the ambiguity will result in a higher return rate of the questionnaires. If the Court orders the supplement to be included with the claim form, the Committee respectfully requests the opportunity to submit a revised proposed order that better clarifies that the supplement is optional.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  Further, attaching the questionnaire to the proof of claim form, even if clearly demarcated as

2  "optional," may still cause confusion among Survivors as to which steps are actually necessary to

3  preserve their claims. While the Archdiocese may cite to the high number of Survivors who

4  returned the optional questionaires in other California Catholic diocese bankruptcies as an indication

5  of their willingness to voluntarily submit such information, it may also be an indication that the

6  Survivors did not understand that such submissions were optional.

7  In addition to the added burden, the questionnaire bypasses the process and protections

8  established by the Bankruptcy Code and Bankruptcy Rules. Under the bankruptcy statutory scheme

9  filing the Official Form 410 (or something substantially similar) is all that is necessary to establish

10  an allowed claim and it serves as "prima facie evidence of the validity and amount of the claim."

11  11 U.S.C. § 502(a); Fed. R. Bankr. Pro. 3001(a), (f). Next, a contested matter is created only when a

12  "party in interest" objects. 11 U.S.C. § 502(a), (b); Fed. R. Bankr. Pro. 3001(a). Finally, only then

13  would the parties have an opportunity to undertake discovery, governed by Bankruptcy 9014(c) and

14  the specific adversary proceeding rules it imports to contested matters. Fed. R. Bankr. Pro. 9014(c).

15  Following such a process, *both parties* have a need and right to undertake discovery before the

16  hearing on the objection. Additionally, the Bankruptcy Rules have built-in protections for

17  individuals subject to discovery, including the right of the creditors' attorneys to object to questions

18  based on the unique circumstances of each Survivor's case.

19  By including with the proof of claim form what amounts to interrogatories, requests for

20  production, and requests for admissions, the Archdiocese is bypassing the protections and the

21  reciprocal right to discovery afforded by the Bankruptcy Code and Bankruptcy Rules.

22  Congress made the barrier low for filing a claim in bankruptcy, put the burden on the debtor

23  or other objecting party to give notice of the grounds for objection, and gave both parties to an

24  objection proceeding an equal right to discovery if the objection becomes a contested matter. Child

25  sexual abuse survivors should not be deprived of such protections.

26  **B.  Voluntary Claims Questionairres Should Be Part of a Mediation/Settlement Process**

27  While the Committee opposes any requirement that Survivors provide one-sided discovery

28  to the Archdiocese and its insurers in contravention of the Bankruptcy Code and Rules, it

understands that such additional information may aid in moving settlement negotiations forward. Therefore, the Committee does not oppose the concept of providing relevant additional information *for mediation*, provided that such a voluntary process is included as part of a mediation procedures motion.

Survivors are being asked to respond to the questionnaire to aid the parties in "their efforts to consensually resolve the issues in this Chapter 11 case."[5] Yet the Archdiocese is insisting on preserving its right to utilize this information to object to claims and otherwise attempt to deny Survivors a recovery. Enabling use of the information for litigation purposes when it is solicited for settlement purposes is fundamentally unfair. These most vulnerable creditors should not be "hoodwinked" into answering the voluntary questionnaire.

Reserving the collection of additional claims information for mediation balances the need of the Archdiocese and its insurers to have access to the information necessary to evaluate claims to mediate a consensual resolution with protecting Survivors' rights and avoiding Survivor confusion. Parties retain the power to object to claims, but Survivors are not placed in the precarious position of providing discovery before receiving discovery from the objecting party. Survivors should not be prejudiced for having provided additional information in the interest of reaching a consensual resolution. The Committee therefore respectfully requests the Court deny the Archdiocese's proposed Confidential Survivor Proof of Claim and instead utilize the Committee's proposed documents attached as **Exhibits A and B**.

## C. <u>Access to Confidential Information Must Be Limited</u>

Finally, the Committee is also proposing revisions to the Archdiocese's proposed order to limit access to Survivor information. As drafted, the Archdiocese's language allows not just its insurers and their counsel broad access to Confidential Information but also their unidentified "other professionals" and *those* professionals' unidentified "consultants" and "experts." If insurers require access to the Confidential Information for professionals beyond their counsel of record in the Case, they can return to the Court for permission. Both the Archdiocese and the Committee must seek court-approval for their professionals, creating a publicly known universe of professionals that are

---

[5] Language from the Archdiocese's revised Exhibit 3 that has not been filed yet with the Court.

DOCS_SF:300790.1 05068/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

granted access to the Confidential Information.  The Committee is simply requesting that insurers must equally seek Court-approval before additional professionals are granted access to such highly sensitive information, as reflected in its proposed order attached as **Exhibit A**.

## II.     CONCLUSION

For the reasons set forth above, the Committee respectfully requests that the Court grant this Motion on the terms of the proposed order attached as **Exhibit A**.

Dated:  November 2, 2023                    PACHULSKI STANG ZIEHL & JONES LLP


*/s/ Debra Grassgreen*
James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Brittany M. Michael (NY Bar No. 5678552) *admitted pro hac vice*

Counsel to the Official Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT A

## EXHIBIT A

## (PROPOSED ORDER)

### UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **[PROPOSED] ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE** |
| | Judge:    Hon. Dennis Montali<br>Date:     November 9, 2023<br>Time:     1:30 p.m.<br>Place:    Via ZoomGov |

On [_____], 2023 at [__:__ a.m./p.m.], the Court held a hearing, on [regular] notice, on the *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* [ECF No. ___] (the "Motion")[1] filed by The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession in the above-captioned case (the "RCASF" or the "Debtor"). The Debtor appeared through its counsel, [Paul J. Pascuzzi and Ori Katz]. All other appearances were noted on the record.

The Court having reviewed and considered the Motion, the arguments of counsel at the hearing; and the Court finding good cause to grant the relief requested by the Motion under Bankruptcy Code sections 501, 502, and 503, Bankruptcy Rules 2002, 3001-3005 and 9008 and

---

[1] Capitalized terms not otherwise defined in this Bar Date Order shall have the same meanings ascribed to them in the Motion.

1  Local Bankruptcy Rule 3003-1; the Court further finding that notice given of the Motion was

2  appropriate under the circumstances;

3      IT IS HEREBY ORDERED as follows:

4      1.    The Motion is granted, as set forth herein.

5      2.    The General Proof of Claim Form, the Survivor Proof of Claim, the Confidentiality

6  Agreement, the General Bar Date Notice, the Survivor Claim Bar Date Notice and the Publication

7  Notice, substantially in the forms attached hereto as Exhibits A, B, C, D, E, and F, respectively,

8  and the manner of providing notice of the Bar Date proposed in the Motion, are approved in all

9  respects under Bankruptcy Rules 2002, 3003 and 9008 and Bankruptcy Local Rule 3003-1. The

10  form and manner of notice of the Bar Date approved by this Order (the "Bar Date Order") are

11  deemed to fulfill the notice requirements of the Bankruptcy Rules and the Bankruptcy Local Rules,

12  and notice of the Bar Date in the form and manner proposed by the Debtor is fair and reasonable

13  and will provide good, sufficient, and due notice to all creditors and interest holders of their rights

14  and obligations in connection with claims they may assert against the Debtor's estate in this chapter

15  11 case. Accordingly, the Debtor is authorized to serve and publish the Bar Date Notices in the

16  manner described in this Order.

17      3.    Except as provided in paragraph 6 of this Bar Date Order, any person or entity

18  holding a prepetition claim against the Debtor must file a proof of claim in accordance with the

19  procedures described herein on or before February 20, 2024 (the "Bar Date"). The Bar Date applies

20  to all persons and entities holding claims, including section 503(b)(9) claims, against the Debtor

21  (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to or on the Petition

22  Date.

23      4.    Except as provided in paragraph 6 of this Bar Date Order, in accordance with

24  Bankruptcy Code section 502(b)(9), any governmental unit holding a prepetition claim against the

25  Debtor must file a proof of claim in accordance with the procedures described herein on or before

26  the Bar Date, including governmental units holding claims against the Debtor for unpaid taxes,

27

28

whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.[2]

5.     Except as provided in paragraph 6 of this Bar Date Order, any person or entity holding a prepetition claim arising from Abuse (defined below) for which the individual believes the Debtor may be liable, must file a Confidential Survivor Proof of Claim Form in accordance with the procedures described in this Bar Date Order on or before February 20, 2024.  For purposes of this Bar Date Order:

(a)     "Abuse" means conduct giving rise to a Survivor Claim.

(b)     A "Survivor Claim" is defined as any Claim (as defined in Bankruptcy Code section 101(5)) against RCASF resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the RCASF or any other person or entity for whose acts or failures to act the RCASF is or may be responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers.  Survivor Claim includes all claims for Childhood Sexual Assaults, as that term is defined by California Code of Civil Procedure Section 340.1(d).

(c)     A "Survivor Claimant" is a person who asserts a Survivor Claim.

6.     The following entities whose claims otherwise would be subject to the Bar Date shall not be required to file proofs of claim in this chapter 11 case:

(a)     Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California or with Omni Agent Solutions, Inc.

(b)     Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as

---

[2] As used herein, the term "government unit" has the meaning given to it in Bankruptcy Code section 101(27).

"disputed," "contingent," or "unliquidated," and (iii) which does not dispute the amount or classification of its claim as set forth in the Schedules;

    (c)    Professionals retained pursuant to orders of this Court who assert administrative claims for payment of fees and expenses subject to the Court's approval under Bankruptcy Code sections 330, 331(a) and 503(b);

    (d)    Any person or entity that asserts an administrative expense claim against the Debtor under Bankruptcy Code sections 503(b)(1) through (8);

    (e)    Any person or entity whose claim has been paid in full; and

    (f)    The United States Trustee regarding a claim for quarterly fees under 28 U.S.C. § 1930(a)(6).

7. The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim as disputed, contingent or unliquidated.

8. Subject to the provisions of paragraph 6 of this Bar Date Order, the following entities must file a proof of claim on or before the applicable Bar Date:

    (a)    Any entity or person whose prepetition claim against the Debtor is not listed in the Debtor's Schedules or whose prepetition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated and that desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

    (b)    Any entity or person that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

    (c)    Any person who believes that he or she has or may have a Survivor Claim for which the person believes the Debtor may be liable.

9. Pursuant to Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Bar Date Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable Bar Date, may NOT be treated as a creditor with respect to such claim for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in this case.**

Case 23-30564 Doc# 273 Filed: 11/02/23 Entered: 11/02/23 16:42:22 Page 11 of 23

DOCS_NY:48888.2 05068/002

CLAIMS PROCEDURES MOTION - EX. 1

10.     Within ten business days of the entry of this Bar Date Order, and except as provided in paragraph 11 below concerning Survivor Claims, the Debtor shall serve by United States mail, first-class postage prepaid upon: (a) all known entities holding potential prepetition claims against the Debtor, and their counsel (if known); (b) all parties that have requested special notice in this case; and (c) the United States Trustee, the following documents: (i) General Bar Date Notice substantially in the form attached as Exhibit D to this Bar Date Order; and (ii) a copy of the Proof of Claim Form substantially in the form attached as Exhibit A to this Bar Date Order.

11.     Within ten business days of the entry of this Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) the Survivor Claim Bar Date Notice substantially in the form attached as Exhibit E to this Bar Date Order, and (ii) a copy of the Confidential Survivor Proof of Claim upon all known Survivor Claimants and their counsel (if known)[3] substantially in the form attached as Exhibit B to this Bar Date Order.  In addition, the Debtor shall request that each Parish and school within the geographic limits of the Archdiocese provide it access to its contact lists, and as permitted shall mail a copy of the Publication Notice substantially similar to the form attached as Exhibit F to each household and address on such contact list.

12.     The Debtor also shall make the Bar Date Notices available to the public in the following manner:

(a)     The Debtor shall post on the home page of the RCASF's website a copy of the General Bar Date Notice and General Proof of Claim as well as a copy of the Survivor Claim Bar Date Notice and the Confidential Survivor Proof of Claim Form.  The Debtor shall promptly request Survivors Network of those Abused by Priests, a survivor advocacy group, and BishopAccountability.org, Inc., to post the Survivor Claim Bar Date Notice on the website on their respective websites.

(b)     The Debtor shall cause a copy of the notice substantially in the form attached as Exhibit F to this Bar Date Order (the "Publication Notice"), no smaller than a 1/8-page advertisement in each newspaper listed in (i) through (iv) below, to be published as follows:

(i)     Once, in English, in the Western edition of *The Wall Street Journal*, and twice, in English, in the San Francisco region edition of *USA*

---

[3] If a Survivor Claimant's counsel has appeared in the bankruptcy case on behalf of a Survivor Claimant or provided written consent to Debtor's counsel, the Debtor is authorized to serve the Survivor Claimant's counsel with the Survival Claim Bar Date Notice.

Case No. 23-30564
DOCS_NY:48888.2 05068/002

*Today*, on the first available, reasonably practical date after entry of the Bar Date Order;

(ii) Twice each, in English, in the following daily (or near daily) newspapers, first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date:

*San Francisco Chronicle*;
*Los Angeles Times*;
*Alameda Times-Star* (East Bay Times);
*Contra Costa Times* (East Bay Times);
*San Mateo Daily Journal* (San Mateo County);
*Marin Independent Journal* (Marin County);
*The Mercury News* (San Jose);
*Santa Cruz Sentinel* (Santa Cruz County);
*The Sacramento Bee*;
*Stockton Record* (San Joaquin and Calaveras Counties);
*Modesto Bee* (Stanislaus and Tuolumne Counties);
*The Press Democrat* (Sonoma County);
*The Napa Valley Register* (Napa County);
*The Ukiah Daily Journal* (Mendocino County);
*Lake County Record-Bee* (Lake County);
*Times Standard* (Mendocino County); and
*Del Norte Triplicate* (Del Norte County).

(iii) Twice each, in Spanish, in the *La Opinion de la Bahia* (published weekly), *La Prensa Sonoma* (published monthly), and *El Leñador* (published monthly but not during the summer months), first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date.

13.     Additionally, the Debtor shall use best efforts to cause the Publication Notice to be to be posted in Chinese on the following websites, beginning on the first available reasonably practical date after entry of the Bar Date Order at least month prior to the expiration of the Survivor Claim Bar Date, for a duration of at least one week, each time:

https://www.singtaousa.com
https://www.chineseradio.com

14.     Additionally, the Debtor shall provide further notice of the Bar Date by taking the following measures:

(a)     The Debtor will request that each Parish include in the bulletins produced by the Parishes and missions located within the geographic territory of the Archdiocese, bi-weekly from the first available date after entry of the Bar Date Order until the Survivor Claim Bar Date, an announcement that will be

Case: 23-30564   Doc# 273   Filed: 11/02/23   Entered: 11/02/23 16:43:22   Page 13 of 23
DOCS_NY:48888.2 05068/002                                     CLAIMS PROCEDURES MOTION - EX. 1

placed in the language in which such Parish or mission conducts Mass (English or Spanish).

(b) The Debtor will request each Parish and mission in the Archdiocese to post a flyer announcing the Survivor Claim Bar Date in a prominent location for at least six weeks prior to the Survivor Claim Bar Date.

(c) The Debtor will post the Survivor Claim Bar Date and information on how to obtain and submit a Confidential Survivor Proof of Claim Form at least once a week for the six weeks prior to Bar Date on the following social media accounts:

> https://twitter.com/ArchdioceseSF
> https://twitter.com/ArchCordileone
> https://www.instagram.com/sfarchdiocese
> https://www.facebook.com/sfarchdiocese

15. The Debtor is authorized, under Bankruptcy Code section 503(b) to pay the costs of mailing and publication as described herein.

16. All Confidential Survivor Proof of Claim Forms shall be treated as confidential in accordance with the following confidentiality protocols:

(a) Potential Survivor Claimants are directed not to file a Confidential Survivor Proof of Claim Form with the Court. Instead, all Confidential Survivor Proof of Claim Forms are directed to be sent to the Claims Agent in accordance with the procedures set forth in the Survivor Claim Bar Date Notice. Any claim that appears to be a Survivor Claim that is filed as a General Claim shall be treated by the Claims Agent as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim.

(b) Confidential Survivor Proof of Claim Forms submitted by Survivor Claimants will not be available to the general public. The Confidentiality Protocol is for the benefit of the Survivor Claimants. Accordingly, Survivor Claimants may elect to make any of the information contained in their own Confidential Survivor Proof of Claim Form public; provided, however, notwithstanding that a Survivor Claimant may disclose information on such claimant's Confidential Survivor Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Confidential Survivor Proof of Claim, except as allowed by Permitted Parties, as defined below.

(c) Confidential Survivor Proof of Claim Forms submitted by a Survivor Claimant shall be held and treated as confidential by the Debtor and Debtor's professionals and copies thereof shall be provided by the Debtor or Debtor's professionals to the parties listed below (the "Permitted Parties") and to such other persons that may be granted access to the Survivor Proofs of Claim by order of the Court. No party (including a Permitted Party) may obtain copies of Survivor Proofs of Claim unless such party first executes a confidentiality agreement substantially in the form attached hereto as Exhibit C (the "Confidentiality Agreement"). Executed Confidentiality Agreements shall be

Case No. 23-30564

Case: 23-30564   Doc# 273   Filed: 11/02/23   Entered: 11/02/23 16:43:22   Page 14 of 23
DOCS_NY:48888.2 05068/002                                                    CLAIMS PROCEDURES MOTION - EX. 1

provided to counsel to the Committee and the Debtor, who may share such agreements with its insurers, reinsurers of the Debtor, and any other third-party administrator of the Debtor's insurance program. Counsel of record to any Permitted Parties shall keep confidential and not disclose the contents of any Survivor Claim Form except as otherwise provided by the confidentiality provision herein or order of the court. Counsel of record in the above captioned-case to each Permitted Party (as defined below) shall only be required to execute a single Confidentiality Agreement per firm. Access to the Confidential Survivor Proof of Claim Form and Conditional Information (defined below)[4] for all other Permitted Parties shall be restricted to the natural person who executes a Confidential Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Conditional Survivor Proof of Claim Form on behalf of a Permitted Party.

(d)     Permitted Parties may use the Survivor Proof of Claims and any Confidential Information from such Survivor Proof of Claim contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Confidential Survivor Form in the Debtor's Chapter 11 Case; any related adversary proceedings or contested matters in the Chapter 11 Case; any related insurance or reinsurance coverage demands, claims, disputes, or litigation; and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations; provided, however, that the Committee does not concede that a Permitted Party is a party in interest in the Chapter 11 Case for purposes of, among other things, having standing to object to Confidential Survivor Forms, Survivor Claimants and the Committee reserve their rights to oppose any Permitted Party's assertion it is a party in interest in the Chapter 11 Case.

(e)     The Permitted Parties (the "Permitted Party List") are:

(1)     Counsel and other professionals for the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Debtor in reviewing and analyzing the Survivor Claims;

(2)     The Archbishop of the Debtor and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Survivor Claims, except that no individual accused of committing abuse in a lawsuit or Survivor Claim shall have access to the Survivor Claims under this paragraph 16(e);

(3)     Counsel and other professionals for the Committee, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Committee in reviewing and analyzing the Survivor Claims;

---

[4] "Confidential Information" means any information contained in a Confidential Survivor Proof of Claim Form except to the extent the information was known to the Permitted Party prior to being disclosed in the Proof of Claim, or become generally available to the public through no act or failure on the part of the Permitted Party, is obtained from a third party under no obligation to maintain its confidentiality, or developed by the Permitted Party independently without reference to any Confidential Survivor Proof of Claim Form.

(4) Insurers for the Debtor, together with their successors, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel, including partners, counsel, associates, and employees of such counsel, who are necessary to assist the foregoing in reviewing and analyzing Survivor Claims;

(5) Any unknown claims representative appointed pursuant to an order of the Court in this case;

(6) Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;

(7) Any special arbitrator/claims reviewer appointed pursuant to an order of this court to review and resolve the claims of Survivor Claimants;

(8) Any trustee, or functional equivalent thereof, appointed to administer payments to Survivor Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

(9) Members of the Committee and their personal counsel (after the Confidential Survivor Proof of Claim Form has been redacted to remove the Survivor Claimant's name, address, and the signature block);

(10) Persons who, in addition to those identified above, are permitted access upon stipulation of the affected Survivor Claim, after notice to the counsel to the Debtor, Committee and Insurers has been given and a reasonable opportunity to object;

(11) Such other persons as the Court determines should have the information in order to evaluate Survivor Claims; provided, however, that any such determination shall be made on no less than seven days' notice to Survivor Claimants and the Committee.

17.     For any proof of claim to be validly and properly filed, a signed original[5] and a copy of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to Omni Agent Solutions, Inc., the Debtor's claims agent (the "Claims Agent"), at the address identified on the applicable Bar Date Notice or electronically filed with the Claims Agent so as to be received by the date as stated on the applicable Bar Date Notice.  Proofs of claim may be submitted in person or by courier service, hand delivery or U.S. Mail, or electronically.  Proofs of claim submitted by facsimile or e-mail

---

[5] Any proof of claim may be signed using software with electronic signature capabilities, such as DocuSign, AdobeSign, VineSign, or similar, reliable program.

shall not be accepted.  Proofs of claim shall be deemed filed when actually received by the Claims Processing Agent by the applicable Bar Date.  If a creditor desires to receive acknowledgement of receipt of a proof of claim, the creditor also must submit to the Claims Agent by the applicable Bar Date and concurrently with submitting its original proof of claim: (i) a third copy of the original proof of claim; and (ii) a self-addressed, stamped return envelope.

18.     The Debtor is authorized and empowered to take all actions necessary to implement and enforce the relief granted in this Bar Date Order.  Nothing herein prohibits the Committee or any counsel for an individual claimant from enforcing this Order with respect to the confidentiality provisions contained herein.

19.     Nothing contained herein shall constitute a waiver by the Debtor of (a) any defenses in connection with any General Claims or Survivor Claims that are asserted against the Debtor, or (b) the right to assert that any General Claims or Survivor Claims are barred by applicable statutes of limitations.

20.     This Bar Date Order is without prejudice to any request by the Debtor, Committee or Unknown Claims Representative to modify the Survivor Claim Bar Date.

21.     Under Bankruptcy Rule 3002(c)(4), any claim arising from the rejection of an executory contract or unexpired lease of the Debtor shall be filed within 30 days after such rejection.

22.     This Court shall retain jurisdiction over any and all matters arising from or relating to the implementation, interpretation, enforcement or modification of this Bar Date Order.

**\*\*\*END OF [PROPOSED] ORDER\*\*\***

-10-                                    Case No. 23-30564

Case: 23-30564  Doc# 273    Filed: 11/02/23    Entered: 11/02/23 16:44:22    Page 17 of
23
DOCS_NY:48888.2 05068/002                                    CLAIMS PROCEDURES MOTION - EX. 1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor In Possession. | **CONFIDENTIAL SURVIVOR PROOF OF CLAIM** |

**IMPORTANT:**

**PLEASE COMPLETE THIS FORM SO THAT IT IS RECEIVED NO LATER THAN FEBRUARY 20, 2024 ("BAR DATE")**

**PLEASE DO <u>NOT</u> FILE THIS DOCUMENT WITH, OR SUBMIT IT TO, THE BANKRUPTCY COURT**

Please carefully read the Notice and Instructions that are included with this Confidential Survivor Proof of Claim and respond to all applicable questions to the best of your ability. If you have an attorney, you should complete this form with the assistance of counsel. Send a signed original of the completed Survivor Proof of Claim as follows: If by **mail, hand delivery, or overnight courier,** to: The Roman Catholic Archbishop of San Francisco, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or you may submit a claim **electronically** at: https://omniagentsolutions.com/RCASF-SurvivorClaims.

**The Confidential Survivor Proof of Claim form must be mailed, delivered or electronically submitted to Omni Agent Solutions Inc. ("Omni") so that it is received no later than February 20, 2024. Please note that a Survivor Proof of Claim Form submitted by facsimile, telecopy or electronic mail transmission will not be accepted and will not be deemed filed.**

**FAILURE TO COMPLETE AND RETURN A PROOF OF CLAIM MAY RESULT IN YOUR INABILITY TO RECEIVE A DISTRIBUTION FROM THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO AKA THE ARCHDIOCESE OF SAN FRANCISCO, REFERRED TO HERE AS THE "ARCHDIOCESE" AND VOTE ON A PLAN OF REORGANIZATION.**

**YOUR IDENTITY WILL BE KEPT STRICTLY CONFIDENTIAL, AND OUTSIDE THE PUBLIC RECORD OF THE BANKRUPTCY COURT. HOWEVER, THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM AND THE INFORMATION IN THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM WILL BE PROVIDED TO THE DEBTOR, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, CERTAIN INSURERS OF THE ARCHDIOCESE AND TO SUCH OTHER PERSONS AS THE BANKRUPTCY COURT DETERMINES NEED THE INFORMATION IN ORDER TO EVALUATE THE CLAIM, ONLY UNDER STRICT, COURT-APPROVED CONFIDENTIALITY GUIDELINES.**

**This Confidential Survivor Proof of Claim is for Survivor Claimants Only.**

SMRH:4879-4650-0737.7
DOCS_NY:48886.1 05068/002

Case No. 22-30564
CLAIMS PROCEDURES MOTION – Ex. 3

For the purposes of this Proof of Claim, a **Survivor Claim** is defined as any Claim (as defined in section 101(5) of the Bankruptcy Code) against the Archdiocese resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the Archdiocese or any other person or entity for whose acts or failures to act the Archdiocese is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers.  Survivor Claim includes all claims for Childhood Sexual Assault, as that term is defined by California Code of Civil Procedure Section 340.1 (d).

A **Survivor Claimant** is defined as the person asserting a Survivor Claim against the Archdiocese, or, if a minor or legally incapacitated adult, then his/her parent or legal guardian or custodian.

**To be valid, the Confidential Survivor Proof of Claim must be signed by you or your attorney (if represented by one).  If the Survivor Claimant is deceased or incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's representative, executor of the estate or the attorney for the estate. If the Survivor Claimant is a minor or legally incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's parent or legal guardian or legal custodian, or the Survivor Claimant's attorney.**

If you need more space to answer any of the below questions, please attach additional sheets of paper and indicate to which question your answer applies.

SMRH:4879-4650-0737.7
DOCS_NY:48886.1 05068/002

Case No. 22-30564
CLAIMS PROCESS MOTION – Ex. 3

**Fill in this information to identify the case:**

Debtor 1    The Roman Catholic Archbishop of San Francisco

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number   23-30564

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| 1. A. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| B. **Do you want your claim and personal information kept confidential?** | ☐ Yes ☐ No |
| C. **May we leave voicemails for you regarding your claim?** | ☐ Yes ☐ No |
| D. **May we send confidential information to your email:** | ☐ Yes ☐ No |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? |

| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | Name | Name |
| | Number    Street | Number    Street |
| | City    State    ZIP Code | City    State    ZIP Code |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____<br>                                                      MM / DD / YYYY |
|---|---|
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? |

| | |
|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ _____ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

SMRH:4879-4650-0737.7

DOCS_NY:48886.1 05068/002

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | |
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
           MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
       First name      Middle name      Last name

Title _____

Company _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
         Number      Street

_____
City          State      ZIP Code

Contact phone _____   Email _____

SMRH:4879-4650-0737.7

DOCS_NY:48886.1 05068/002