

**Signed and Filed: November 6, 2023**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 23-30564-DM |
| | ) |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | ) Chapter 11 |
| | ) |
| Debtor. | ) Date: November 9, 2023 |
| | ) Time: 1:30 PM |
| | ) Via Tele/Videoconference |
| | ) www.canb.uscourts.gov/calendars |

**PRELIMINARY COMMENTS ON MOTION REGARDING CLAIMS BAR DATES, ETC.**

The court has reviewed *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* ("Motion") (Dkt. 220); the *Committee's Limited Objection to Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* (the "Committee's Objection") (Dkt. 273); and the *Limited Objection and Reservation of Rights of Certain Insurers Regarding Debtor's Bar Date Motion* ("Insurers' Objection") (Dkt. 274). Preliminarily,

-1-

the court appreciates and compliments the parties and their counsel on making a concerted effort to come to a consensus about how to resolve these matters. To the extent that they make further progress prior to the hearing on November 9, 2023, the court will look forward to a report of that progress and to the extent the following matters have been resolved, the court is not likely to second guess the parties' consensus on these matters.

## I. Claims Deadline.

The February 20, 2024 deadline for all claims is reasonable and appropriate, and is likely to be approved.

## II. General Proof of Claim Form (Exhibit 2 to Motion).

The Proof of Claim form should have a bold, all caps entry below the caption but above the "Official Form 410" heading that reads something like: This Proof of Claim form should not be filed or submitted by parties asserting a Survivor Proof of Claim. They should use the Confidential Survivor Proof Of Claim.

## III. Confidential Survivor Proof of Claim Form (Exhibit 3 to Motion).

Page two of Dkt. 220-3 states that the Confidential Survivor Proof of Claim "has two separate components". One is a mandatory official form and one is a confidential form. The court wants those documents to be truly "separate" so that the "Confidential Survivor Supplement" bears the court and caption much like it appears in the Oakland Archbishop case, Case No. 23-40523, Dkt. 285-4. Given the foregoing, the language should be edited in Dkt. 220-3, the

"Confidential Survivor Proof of Claim" accordingly.  Further, the Confidential Survivor Proof of Claim should also bear a bold caption that contrasts with Exhibit B by stating in bold that it is to be used for assertion of a "Survivor Claim".  Further, the separate supplement should not have a deadline for submission (as the Oakland case does).

**IV.    Deadline for Voluntary Submission.**

Unlike the Oakland procedures, the court is not inclined to impose a deadline on submission of the voluntary statements because to fix such a deadline could easily require an explanation as to the consequences of not meeting that deadline. Instead, the three parties' counsel should see if they can come up with a satisfactory statement to insert that expands upon the reason for submitting such a statement insofar as it may facilitate effective review of the claimants' submissions. This might include language that parallels the explanation in the Oakland form at Dkt. 285-4, p. 2 of 13, ln. 17-18, namely explaining why providing the information "may reduce the likelihood that parties will need to provide more information at some later date under more formal procedures."

The court likely will order a sixty-day period after the Claims Bar Date before it will permit formal discovery of any information from Survivor Claimants who do not submit voluntary Confidential Survivor Supplements.

**V.    The Supplement Does Not Contravene Established Claim Procedures.**

This judge has overseen the Pacific Gas and Electric Company Chapter 11 bankruptcy cases since they were filed in

-3-

January, 2019. Those cases were precipitated by a series of wildfires that caused tens of thousands of claims to be filed asserting billions of dollars in damages. The court approved in that case a detailed information gathering process that did not contravene established claim procedures, but simply supplemented detailed procedures necessary to allow the Fire Victim Trustee to analyze the particulars of each and every claim.

In this case, the voluntary supplement should help achieve a similar purpose, albeit it for a vastly smaller universe of claimants. Accordingly, the Committee's Objection on that ground will be overruled.

**VI. <u>Claims Questionnaires and Mediation.</u>**

While the court anticipates that mediation may be a vehicle to resolve this case on a macro basis and lead to a confirmed plan, the collection of information regarding individual claimants is critical for a proper evaluation of each of those claimants' own situation. Stated otherwise, a completed questionnaire might very well provide adequate information for the Debtors and their insurers to recommend allowance of any particular claim to which there is little or no doubt about its viability and allowability in this bankruptcy case. In the future, the mediator and the principal counsel will no doubt work out appropriate protocols for dealing with the prospective reorganization, but there is no reason not to facilitate the collection and evaluation of that information. The Committee's Objection on that this ground is also overruled.

-4-

Case: 23-30564    Doc# 287    Filed: 11/06/23    Entered: 11/06/23 16:20:22    Page 4 of 7

**VII. <u>Limited Access to Confidential Information.</u>**

The court urges the Debtor, the Committee and the Insurers to work further before the Thursday hearing to see if they can come to a consensus about not overdoing the need to involve each and every representative, regardless of profession, with a separate confidentiality agreement while at the same time insuring the confidentiality as expected by the Survivors who have asserted Survivor Claims.

**VIII. <u>Definitions in Proposed Order.</u>**

The Proposed Order (Dkt. 220-1), in para. 5 at p. 4 of 11, includes three defined terms in subparagraphs (a), (b) and (c). The Confidential Survivor Proof of Claim, on p. 3 of 12, sets forth verbatim the definition of "**Survivor Claim**", but does not include the related defined terms "**Abuse**" or "**Survivor Claimant**". Those two terms should be added to the Proof of Claim form.

**IX. <u>Unnecessary Duplication</u>.**

The Confidential Survivor Supplement, at pp. 2 and 5, asks the Claimant to attach a copy of any complaint that has been filed. One of those two provisions should be deleted.

**X. <u>Additional Information.</u>**

The court agrees with the Insurers' Objection that Part 3 of the Confidential Survivor Supplement should include the question set forth in Dkt. 274, at p. 6, ln. 3-5. It disagrees with the alternative suggestion at footnote 5 that several questions be moved from the Confidential Survivor Supplement to the Confidential Survivor Proof of Claim.

-5-

**XI.   Represented and Pro Se Plaintiffs.**

At the hearing on November 9, counsel for the Debtor should report on the number of known pre-petition lawsuits that have been filed by counsel and have been filed by *pro se* parties.

**XII.   Clarification of Terminology.**

In the Motion, at footnote 8, the Debtor makes reference to the "Abuse Bar Date".  As near as the court can determine from the other filings and the prospective exhibits, that term has not been repeated and may well have been a scrivener's error based upon a prior draft.  At the hearing, counsel for the Debtor should confirm whether that is the case and reaffirm that that term will not be used in any of the operative documents.

*** END OF PRELIMINARY COMMENTS ***

Case: 23-30564    Doc# 287    Filed: 11/06/23    Entered: 11/06/23 16:20:22    Page 6 of 7

COURT SERVICE LIST

ECF Recipients