PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
    WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:      (916) 329-7435
Email:          ppascuzzi@ffwplaw.com
                jrios@ffwplaw.com
                tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
Email:          okatz@sheppardmullin.com
                amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S STATUS UPDATE REGARDING MOTION FOR ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE** |
| | Judge:    Hon. Dennis Montali<br>Date:    November 9, 2023<br>Time:    1:30 p.m.<br>Place:    Via ZoomGov |

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "<u>RCASF</u>" or the "<u>Debtor</u>"), in the above-captioned chapter 11 case (the "<u>Bankruptcy Case</u>"), submits this status report (the "<u>Report</u>") in response to the *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* filed on October 19, 2023, as ECF No. 220 (the "<u>Motion</u>");[1] the *Committee's Limited Objection to Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* [ECF No. 273] (the "<u>Committee Limited Objection</u>"); the *Limited Objection and Reservation of Rights of Certain Insurers Regarding Debtor's Bar Date Motion* [ECF No. 274] (the "<u>Insurers' Limited Objection</u>"); and the *Preliminary Comments on Motion Regarding Claims Bar Dates, Etc.* [ECF No. 287] issued by the Court (the "<u>Preliminary Comments</u>"), and other informal comments.

**I.**

**<u>SUMMARY OF ONGOING DISCUSSIONS WITH CERTAIN PARTIES IN INTEREST</u>**

After the Debtor filed the Motion, but before the Court issued the Preliminary Comments, the Debtor continued its efforts to meet and confer with and provide revised the claim forms to (1) the UST; (2) the Committee; and (3) the Insurers regarding the Debtor's request for relief by the Motion. After meeting and conferring with these parties in interest and in response to the Preliminary Comments, the Debtor seeks entry of the revised form of proposed order attached as Exhibit 1 to this Report (the "<u>Revised Proposed Order</u>") and approval of the revised forms of the (a) General Proof of Claim Form (as attached as Exhibit 2 to this Report, the "<u>Revised General Proof of Claim Form</u>"); (b) Survivor Proof of Claim Form (as attached as Exhibit 3 to this Report, the "<u>Revised Survivor Proof of Claim Form</u>"), (c) Survivor Claim Bar Date Notice (as attached as Exhibit 4 to this Report, the "<u>Revised Survivor Claim Bar Date Notice</u>"), and (d) Confidentiality Agreement (as attached as Exhibit 5 to this Report, the "<u>Revised Confidentiality Agreement</u>"). While the Debtor anticipates that the form of General Bar Date Notice and Publication Notice each

---

[1] Capitalized terms not otherwise defined in this Motion shall have the same meanings given to them in the Motion.

will incorporate the date the Court ultimately establishes as the Bar Date (rather than January 12, 2024, as requested in the Motion), the Debtor is not submitting a revised from of General Bar Date Notice or Publication Notice at this time for the sake of simplicity.

**A.**     **UST's Comments on the Motion**

The UST has minimal comments on the Debtor's request for relief. Specifically, the UST requested that the Debtor (1) revise the proposed order to be consistent with the Motion regarding the service of the notice of the bar dates within five days of entry of any order on the Motion and (2) seek Court approval of electronic signatures by general claimants and Survivor Claimants, via DocuSign and similar electronic signature services. In response, the Debtor agreed to seek Court approval of electronic signatures by general and Survivor Claimants but explained that a ten-day deadline to give notice of the bar dates ultimately fixed by the Court would ensure that the Debtor timely and accurately abides by the Court's order on the Motion. The Debtor is not aware that the UST opposes a ten-day period for the Debtor to comply with the Court's ultimate order on the Motion.

**B.**     **Committee's Limited Objection to the Motion**

The Debtor and the Committee met and conferred multiple times before the Committee filed the Committee Limited Objection. The Debtor has reviewed the Committee's comments on the proposed form of order on the Motion and the proposed form of Survivor Claim Form (including the optional Confidential Survivor Supplement), carefully considered the Committee's comments and the Committee Limited Objection, and made many of the revisions requested by the Committee. Each of the Revised Proposed Order, Revised Survivor Proof of Claim, Revised Survivor Bar Date Notice and the Revised Confidentiality Agreement incorporates those revisions requested by the Committee that the Debtor determined were appropriate to make. The Debtor has given due weight and consideration to the Committee's comments and requests, and this is demonstrated by the changes made, for example, to Part 3 of the Confidential Survivor Supplement, where the Debtor has revised the articulation of questions (b) through (i) at the Committee's urging. Similarly, the Debtor has considered the Committee's request that the Debtor agree that any voluntarily completed Confidential Survivor Supplements will not be used during the claim objections process, in the spirit

of obtaining more participation from Survivor Claimants in submitting completed Confidential Survivor Supplements rather than requiring the Debtor to pursue necessary information through potentially costly and taxing discovery.

The Debtor believes that the only issue outstanding may be the Committee's issues regarding access to confidential information.

**C.** **Limited Objection and Reservation of Rights of Certain Insurers Regarding the Motion**

Similarly, the Debtor considered the Insurer's Limited Objection filed by Century Indemnity Company, Pacific Indemnity Company, and Westchester Fire Insurance Company, Certain Underwriters at Lloyd's, London and Certain London Market Companies, Continental Casualty Company, Westport Insurance Corporation, Chicago Insurance Company and Fireman's Fund Insurance Company, First State Insurance Company, and Appalachian Insurance Company (collectively, the "Objecting Insurers"). The Debtor also provided updated revised proposed order and survivor forms negotiated with the Committee. Just as the Debtor considered the Committee's comments on the relief requested by the Motion, the Debtor has reviewed and carefully considered the Objecting Insurers' comments and the Insurer Limited Objection. Each of the Revised Proposed Order, Revised Survivor Proof of Claim, Revised Survivor Bar Date Notice and the Revised Confidentiality Agreement incorporates those revisions requested by the Objecting Insurers that the Debtor determined were appropriate to make. As to those comments or revisions that the Debtor has not addressed, the Debtor seeks the Court's guidance as the Debtor believes its requests for relief are appropriate and should be granted.

**D.** **Request for Judicial Notice**

Concurrent with the filing of this Report, the Debtor is filing its request that the Court take judicial notice of certain orders and notices filed in the chapter 11 bankruptcy case of The Roman Catholic Bishop of Oakland pending in the United States Bankruptcy Court for the Northern District of California, Oakland Division, and assigned case no. 23-40523 (the "Oakland Case") and the chapter 11 bankruptcy case of The Roman Catholic Bishop of Santa Rosa pending in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, and assigned

case no. 23-10113 (the "Santa Rosa Case"). Specifically, the Debtors separately request that the Court take judicial notice of that (1) *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, and (2) *Notice of Filing of Further Revised Exhibits to Bar Date Order*, each filed in the Oakland Case, at ECF Nos. 285 and 293, respectively; and (3) *Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* entered in the Santa Rosa Case, at ECF No. 327. The Debtor will request that the Court take judicial notice of these documents for the convenience of the Court and other parties in interest.

## II.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in substantially the revised proposed form attached to this Report as Exhibit 1, and grant the Motion as follows:

1.    Establishing a Claims Bar Date of February 20, 2024;

2.    Establishing a Government Bar Date of February 20, 2024;

3.    Approving the revised form of proposed General Proof of Claim Form (Exhibit 2 to this Report);

4.    Approving the revised form of proposed Survivor Proof of Claim Form and optional Confidential Survivor Supplement (Exhibit 3 to this Report);

5.    Approving the revised form of proposed procedures for maintaining the confidentiality of proofs of claim filed in connection with Survivor Claims as set forth in this Motion, including the proposed confidentiality agreement (Exhibit 5 to this Report);

6.    Approving the revised form of proposed Survivor Claims Bar Date Notice (Exhibit 4 to this Report);

7.    Approving the revised form of proposed Publication Notice (Exhibit 6 to this Report);

1        8.      Approving the form of proposed General Bar Date Notice (Exhibit 5 to the Motion,

2   to be updated to include final Bar Date fixed by the Court and any other modifications required by

3   the Court);

4        9.      Approving the proposed procedure for giving notice and publication of the Bar Dates

5   as proposed by the Debtor in the Motion;

6        10.     Authorizing the Debtor to pay the reasonable publication expenses described in the

7   motion; and

8        11.     Granting such other relief as the Court deems just and proper under the

9   circumstances.

10  Dated:  November 8, 2023

                              FELDERSTEIN FITZGERALD WILLOUGHBY
11                            PASCUZZI & RIOS LLP

12                            By              _/s/ Paul J. Pascuzzi_
13                                   PAUL J. PASCUZZI
                                     JASON E. RIOS
14                                   THOMAS R. PHINNEY
                                     Attorneys for The Roman Catholic
15                                   Archbishop of San Francisco

16  Dated:  November 8, 2023
17
                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
18

19                            By              _/s/ Ori Katz_
20                                   ORI KATZ
                                     ALAN H. MARTIN
21
                                     Attorneys for The Roman Catholic
22                                   Archbishop of San Francisco

23

24

25

26

27

28

1                                    **Exhibit 1**

2                         (Revised Form of Proposed Order)

**EXHIBIT 1**

**(PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **[PROPOSED] ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE** |
| | Judge: Hon. Dennis Montali<br>Date: November 9, 2023<br>Time: 1:30 p.m.<br>Place: Via ZoomGov |

On November 9, 2023 at 1:30 p.m., the Court held a hearing, on regular notice, on the *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* ECF No. 220 (the "Motion")[1] filed by The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession in the above-captioned case (the "RCASF" or the "Debtor"). The Debtor appeared through its counsel, [Paul J. Pascuzzi and Ori Katz]. All other appearances were noted on the record.

The Court having reviewed and considered the Motion, the *Committee's Limited Objection to Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* [ECF No. 273] (the "Committee's Objection"); and the *Limited Objection and Reservation of Rights*

---

[1] Capitalized terms not otherwise defined in this Bar Date Order shall have the same meanings ascribed to them in the Motion.

of Certain Insurers Regarding Debtor's Bar Date Motion [ECF No. 274] (the "Insurers' Objection"), the status report filed by the Debtor [ECF No. ●], the arguments of counsel at the hearing; and the Court finding good cause to grant the relief requested by the Motion under Bankruptcy Code sections 501, 502, and 503, Bankruptcy Rules 2002, 3001-3005 and 9008 and Bankruptcy Local Rule 3003-1; the Court further finding that notice given of the Motion was appropriate under the circumstances;

IT IS HEREBY ORDERED as follows:

1. The Motion is granted, as set forth herein.

2. The comments set forth in paragraphs V, VI, and X of the *Preliminary Comments on Motion Regarding Claims Bar Dates, Etc.* [ECF No. 287] issued by this Court on November 6, 2023 (the "Preliminary Comments"), are incorporated in this Order by reference, and the Committee's Objection and the Insurers' Objection are overruled, in part, on the grounds articulated in paragraphs V, VI, and X of the Preliminary Comments.

3. The General Proof of Claim Form, the Confidential Survivor Proof of Claim Form including the Official Form 410 and separate optional Confidential Survivor Supplement, the Confidentiality Agreement, the General Bar Date Notice, the Survivor Claim Bar Date Notice and the Publication Notice, substantially in the modified forms attached hereto as Exhibits A, B, C, D, E, and F, respectively, and the manner of providing notice of the Bar Date proposed in the Motion, are approved in all respects under Bankruptcy Rules 2002, 3003 and 9008 and Bankruptcy Local Rule 3003-1. The form and manner of notice of the Bar Date approved by this Order (the "Bar Date Order") are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Bankruptcy Local Rules, and notice of the Bar Date in the form and manner proposed by the Debtor is fair and reasonable and will provide good, sufficient, and due notice to all creditors and interest holders of their rights and obligations in connection with claims they may assert against the Debtor's estate in this chapter 11 case. Accordingly, the Debtor is authorized to serve and publish the Bar Date Notices in the manner described in this Order.

4. Except as provided in paragraph 6 of this Bar Date Order, any person or entity holding a prepetition claim against the Debtor must file a proof of claim in accordance with the procedures described herein on or before February 20, 2024 (the "Bar Date"). The Bar Date applies to all persons and entities holding claims, including section 503(b)(9) claims, against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to or on the Petition Date.

5. Except as provided in paragraph 6 of this Bar Date Order, in accordance with Bankruptcy Code section 502(b)(9), any governmental unit holding a prepetition claim against the Debtor must file a proof of claim in accordance with the procedures described herein on or before the Bar Date, including governmental units holding claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.[2]

6. Except as provided in paragraph 6 of this Bar Date Order, any person or entity holding a prepetition claim arising from Abuse (defined below) for which the individual believes the Debtor may be liable, must file a Confidential Survivor Proof of Claim Official Form 410 and may file the separate optional Confidential Survivor Supplement in accordance with the procedures described in this Bar Date Order on or before February 20, 2024. For purposes of this Bar Date Order:

    (a)    "Abuse" means conduct giving rise to a Survivor Claim.

    (b)    A "Survivor Claim" is defined as any Claim (as defined in Bankruptcy Code section 101(5)) against RCASF resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The

---

[2] As used herein, the term "government unit" has the meaning given to it in Bankruptcy Code section 101(27).

Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the RCASF or any other person or entity for whose acts or failures to act the RCASF is or may be responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. Survivor Claim includes all claims for Childhood Sexual Assaults, as that term is defined by California Code of Civil Procedure section 340.1(d).

    (c)    A "<u>Survivor Claimant</u>" is a person who asserts a Survivor Claim.

7.    The following entities whose claims otherwise would be subject to the Bar Date shall not be required to file proofs of claim in this chapter 11 case:

    (a)    Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California or with Omni Agent Solutions, Inc.

    (b)    Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) which does not dispute the amount or classification of its claim as set forth in the Schedules;

    (c)    Professionals retained pursuant to orders of this Court who assert administrative claims for payment of fees and expenses subject to the Court's approval under Bankruptcy Code sections 330, 331(a) and 503(b);

    (d)    Any person or entity that asserts an administrative expense claim against the Debtor under Bankruptcy Code sections 503(b)(1) through (8);

    (e)    Any person or entity whose claim has been paid in full; and

    (f)    The United States Trustee regarding a claim for quarterly fees under 28 U.S.C. § 1930(a)(6).

8.    The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim as disputed, contingent or unliquidated.

9.    Subject to the provisions of paragraph 6 of this Bar Date Order, the following entities must file a proof of claim on or before the applicable Bar Date:

    (a)    Any entity or person whose prepetition claim against the Debtor is not listed in the Debtor's Schedules or whose prepetition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated and that desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

(b) Any entity or person that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

(c) Any person who believes that he or she has or may have a Survivor Claim for which the person believes the Debtor may be liable.

10.     Pursuant to Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Bar Date Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable Bar Date, may NOT be treated as a creditor with respect to such claim for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in this case.**

11.     Within ten business days of the entry of this Bar Date Order, and except as provided in paragraph 11 below concerning Survivor Claims, the Debtor shall serve by United States mail, first-class postage prepaid upon: (a) all known entities holding potential prepetition claims against the Debtor, and their counsel (if known); (b) all parties that have requested special notice in this case; and (c) the United States Trustee, the following documents: (i) General Bar Date Notice substantially in the form attached as Exhibit D to this Bar Date Order; and (ii) a copy of the Proof of Claim Form substantially in the form attached as Exhibit A to this Bar Date Order.

12.     Within ten business days of the entry of this Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) the Survivor Claim Bar Date Notice substantially in the form attached as Exhibit E to this Bar Date Order, and (ii) a copy of the Confidential Survivor Proof of Claim upon all known Survivor Claimants and their counsel (if known)[3] substantially in the form attached as Exhibit B to this Bar Date Order.  In addition, the Debtor shall request that each Parish and school within the geographic limits of the Archdiocese provide it access to its contact lists, and as permitted shall mail a copy of the Publication Notice

---

[3] If a Survivor Claimant's counsel has appeared in the bankruptcy case on behalf of a Survivor Claimant or provided written consent to Debtor's counsel, the Debtor is authorized to serve the Survivor Claimant's counsel with the Survival Claim Bar Date Notice.

Case: 23-30564   Doc# 297   Filed: 11/08/23   Entered: 11/08/23 17:42:36   Page 12 of
SMRH:4859-6307-1103.10                                    Case No. 23-30564
                                        CLAIMS PROCEDURES MOTION - EX. 1

substantially similar to the form attached as Exhibit F to each household and address on such contact list.

13.   The Debtor also shall make the Bar Date Notices available to the public in the following manner:

(a)   The Debtor shall post on the home page of the RCASF's website a copy of the General Bar Date Notice and General Proof of Claim as well as a copy of the Survivor Claim Bar Date Notice and the Confidential Survivor Proof of Claim Form. The Debtor shall promptly request Survivors Network of those Abused by Priests, a survivor advocacy group, and BishopAccountability.org, Inc., to post the Survivor Claim Bar Date Notice on the website on their respective websites.

(b)   The Debtor shall cause a copy of the notice substantially in the form attached as Exhibit F to this Bar Date Order (the "<u>Publication Notice</u>"), no smaller than a 1/8-page advertisement in each newspaper listed in (i) through (iv) below, to be published as follows:

(i)   Once, in English, in the Western edition of *The Wall Street Journal*, and twice, in English, in the San Francisco region edition of *USA Today*, on the first available, reasonably practical date after entry of the Bar Date Order;

(ii)   Twice each, in English, in the following daily (or near daily) newspapers, first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date:

*San Francisco Chronicle*;
*Los Angeles Times*;
*Alameda Times-Star* (East Bay Times);
*Contra Costa Times* (East Bay Times);
*San Mateo Daily Journal* (San Mateo County);
*Marin Independent Journal* (Marin County);
*The Mercury News* (San Jose);
*Santa Cruz Sentinel* (Santa Cruz County);
*The Sacramento Bee*;
*Stockton Record* (San Joaquin and Calaveras Counties);
*Modesto Bee* (Stanislaus and Tuolumne Counties);
*The Press Democrat* (Sonoma County);
*The Napa Valley Register* (Napa County);
*The Ukiah Daily Journal* (Mendocino County);
*Lake County Record-Bee* (Lake County);
*Times Standard* (Mendocino County); and
*Del Norte Triplicate* (Del Norte County)*.*

(iii)   Twice each, in Spanish, in the *La Opinion de la Bahia* (published weekly), *La Prensa Sonoma* (published monthly), and *El Leñador* (published monthly but not during the summer months), first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of

Case: 23-30564   Doc# 297   Filed: 11/08/23   Entered: 11/08/23 17:42:36   Page 13 of
105

SMRH:4859-6307-1103.10

1          the Survivor Claim Bar Date.

2          14.     Additionally, the Debtor shall use best efforts to cause the Publication Notice to be

3   to be posted in Chinese on the following websites, beginning on the first available reasonably

4   practical date after entry of the Bar Date Order at least month prior to the expiration of the Survivor

5   Claim Bar Date, for a duration of at least one week, each time:

6                        https://www.singtaousa.com
                         https://www.chineseradio.com
7

8          15.     Additionally, the Debtor shall provide further notice of the Bar Date by taking the

9   following measures:

10               (a)     The Debtor will request that each Parish include in the bulletins produced by
                         the Parishes and missions located within the geographic territory of the
11                       Archdiocese, bi-weekly from the first available date after entry of the Bar
                         Date Order until the Survivor Claim Bar Date, an announcement that will be
12                       placed in the language in which such Parish or mission conducts Mass
                         (English or Spanish).
13

14               (b)     The Debtor will request each Parish and mission in the Archdiocese to post a
                         flyer announcing the Survivor Claim Bar Date in a prominent location for at
15                       least six weeks prior to the Survivor Claim Bar Date.

16               (c)     The Debtor will post the Survivor Claim Bar Date and information on how
                         to obtain and submit a Confidential Survivor Proof of Claim Form at least
17                       once a week for the six weeks prior to Bar Date on the following social media
                         accounts:

18                            https://twitter.com/ArchdioceseSF
                              https://twitter.com/ArchCordileone
19                            https://www.instagram.com/sfarchdiocsese
                              https://www.facebook.com/sfarchdiocese
20

21         16.     The Debtor is authorized, under Bankruptcy Code section 503(b) to pay the costs of

22   mailing and publication as described herein.

23         17.     All Confidential Survivor Proof of Claim Forms shall be treated as confidential in

24   accordance with the following confidentiality protocols:

25               (a)     Potential Survivor Claimants are directed not to file a Confidential Survivor
                         Proof of Claim Form with the Court.  Instead, all Confidential Survivor Proof
26                       of Claim Forms are directed to be sent to the Claims Agent in accordance
                         with the procedures set forth in the Survivor Claim Bar Date Notice.  Any
27                       claim that appears to be a Survivor Claim that is filed without an optional
                         Confidential Survivor Supplement or as a General Claim shall be treated by
28

SMRH:4859-6307-1103.10                              7                    CLAIMS PROCEDURES MOTION - EX. 1

the Claims Agent as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim.

(b) Confidential Survivor Proof of Claim Forms submitted by Survivor Claimants will not be available to the general public. The Confidentiality Protocol is for the benefit of the Survivor Claimants. Accordingly, Survivor Claimants may elect to make any of the information contained in their own Confidential Survivor Proof of Claim Form public; provided, however, notwithstanding that a Survivor Claimant may disclose information on such claimant's Confidential Survivor Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Confidential Survivor Proof of Claim, except as allowed by Permitted Parties, as defined below.

(c) Confidential Survivor Proof of Claim Forms submitted by a Survivor Claimant shall be held and treated as confidential by the Debtor and Debtor's professionals and copies thereof shall be provided by the Debtor or Debtor's professionals to the parties listed below (the "Permitted Parties") and to such other persons that may be granted access to the Survivor Proofs of Claim by order of the Court. No party (including a Permitted Party) may obtain copies of Survivor Proofs of Claim unless such party first executes a confidentiality agreement substantially in the form attached hereto as Exhibit C (the "Confidentiality Agreement").[4] Executed Confidentiality Agreements shall be provided to counsel to the Committee and the Debtor, who will provide copies to its insurers, reinsurers of the Debtor, and any other third-party administrator of the Debtor's insurance program. Counsel of record in the above captioned case to any Permitted Parties shall keep confidential and not disclose the contents of any Survivor Claim Form except as otherwise provided by the confidentiality provision herein or order of the court. Counsel to the Debtor, each insurer, Permitted Party (as defined below), and any successor third-party administrator of the Debtor's insurance programs, and counsel to the Committee shall only be required to execute a single Confidentiality Agreement per firm. Access to the Confidential Survivor Proof of Claim Form and Conditional Information (defined below)[5] for all other Permitted Parties shall be restricted to the natural person who executes a Confidential Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Conditional Survivor Proof of Claim Form on behalf of a Permitted Party.

(d) Permitted Parties may use the Survivor Proof of Claims and any Confidential Information from such Survivor Proof of Claim contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Confidential Survivor Form in the Debtor's Chapter 11 Case; any related adversary proceedings or contested matters in the Chapter 11 Case;

---

[4] Notwithstanding paragraph 16(c), the U.S. Trustee shall have full access to the Survivor Proofs of Claim without executing a Confidentiality Agreement. All Survivor Proofs of Claim and Confidential Information shall be treated as "Records," as that term is defined and used in the Privacy Act. *See*, 5 U.S.C. § 552a(a)(4).

[5] "Confidential Information" means any information contained in a Confidential Survivor Proof of Claim Form except to the extent the information was known to the Permitted Party prior to being disclosed in the Proof of Claim, or become generally available to the public through no act or failure on the part of the Permitted Party, is obtained from a third party under no obligation to maintain its confidentiality, or developed by the Permitted Party independently without reference to any Confidential Survivor Proof of Claim Form.

any related insurance or reinsurance coverage demands, claims, disputes, or litigation; and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations; provided, however, that notwithstanding anything to the contrary in this Order, Permitted Parties may not use Confidential Information in the optional Confidential Survivor Supplement for any objections to a Survivor Proof of Claim; provided further that the Committee does not concede that a Permitted Party is a party in interest in the Chapter 11 Case for purposes of, among other things, having standing to object to Confidential Survivor Forms, Survivor Claimants and the Committee reserve their rights to oppose any Permitted Party's assertion it is a party in interest in the Chapter 11 Case.

(e)     The Permitted Parties (the "<u>Permitted Party List</u>") are:

(1)     Counsel and other professionals for the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Debtor in reviewing and analyzing the Survivor Claims;

(2)     The Archbishop of the Debtor and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Survivor Claims, except that no individual accused of committing abuse in a lawsuit or Survivor Claim shall have access to the Surivivor Claims under this paragraph 16(e);

(3)     Counsel and other professionals for the Committee, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Committee in reviewing and analyzing the Survivor Claims;

(4)     Insurers for the Debtor, together with their successors, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel and other professionals, including partners, counsel, associates, consultants, experts, and employees of such professionals, who are necessary to assist the foregoing in reviewing and analyzing Survivor Claims;

(5)     Any unknown claims representative appointed pursuant to an order of the Court in this case;

(6)     Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;

(7)     Any special arbitrator/claims reviewer appointed pursuant to an order of this court to review and resolve the claims of Survivor Claimants;

(8)     Any trustee, or functional equivalent thereof, appointed to administer payments to Survivor Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

(9)     Members of the Committee and their personal counsel (after the Confidential Survivor Proof of Claim Form has been redacted to remove the Survivor Claimant's name, address, and any other information identified in Part 2(A) of the Confidential Survivor Proof of Claim Form and the signature block);

(10) Persons who, in addition to those identified above, are permitted access upon stipulation of the party that produced or disclosed the affected Survivor Claim, after notice to the counsel to the Debtor, Committee and Insurers has been given and a reasonable opportunity to object;

(11) Such other persons as the Court determines should have the information in order to evaluate Survivor Claims; provided, however, that any such determination shall be made on no less than seven days' notice to Survivor Claimants and the Committee.

18. For any proof of claim to be validly and properly filed, a signed original[6] and a copy of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to Omni Agent Solutions, Inc., the Debtor's claims agent (the "<u>Claims Agent</u>"), at the address identified on the applicable Bar Date Notice or electronically filed with the Claims Agent so as to be received by the date as stated on the applicable Bar Date Notice. Proofs of claim may be submitted in person or by courier service, hand delivery or U.S. Mail, or electronically. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by the Claims Processing Agent by the applicable Bar Date. If a creditor desires to receive acknowledgement of receipt of a proof of claim, the creditor also must submit to the Claims Agent by the applicable Bar Date and concurrently with submitting its original proof of claim: (i) a third copy of the original proof of claim; and (ii) a self-addressed, stamped return envelope.

19. The Debtor is authorized and empowered to take all actions necessary to implement and enforce the relief granted in this Bar Date Order. Nothing herein prohibits the Committee or any counsel for an individual claimant from enforcing this Order with respect to the confidentiality provisions contained herein and all parties rights are reserved as to any such request.

20. Nothing contained herein shall constitute a waiver by the Debtor of (a) any defenses in connection with any General Claims or Survivor Claims that are asserted against the Debtor, or (b) the right to assert that any General Claims or Survivor Claims are barred by applicable statutes of limitations.

---

[6] Any proof of claim may be signed using software with electronic signature capabilities, such as DocuSign, AdobeSign, VineSign, or similar, reliable program.

21.     This Bar Date Order is without prejudice to any request by the Debtor, Committee or Unknown Claims Representative to modify the Survivor Claim Bar Date.

22.     Under Bankruptcy Rule 3002(c)(4), any claim arising from the rejection of an executory contract or unexpired lease of the Debtor shall be filed within 30 days after such rejection.

23.

24.     This Court shall retain jurisdiction over any and all matters arising from or relating to the implementation, interpretation, enforcement or modification of this Bar Date Order.

**\*\*\*END OF [PROPOSED] ORDER\*\*\***

**Exhibit 1-A**

(Blackline of Revised Form of Proposed Order Compared Against
Proposed Order [Ex. 1 to Motion])

1

**EXHIBIT 1**

**(PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE**<br><br>Judge:    Hon. Dennis Montali<br>Date:     November 9, 2023<br>Time:     1:30 p.m.<br>Place:    Via ZoomGov |

On [~~_____~~]November 9, 2023 at [~~___:___ a.m./p.m.~~]1:30 p.m., the Court held a hearing, on [~~regular~~] notice, on the *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* [ECF No. [~~___~~]220 (the "Motion")[1] filed by The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession in the above-captioned case (the "RCASF" or the "Debtor"). The Debtor appeared through its counsel, [Paul J. Pascuzzi and Ori Katz]. All other appearances were noted on the record.

The Court having reviewed and considered the Motion*, the Committee's Limited Objection to Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of*

---

[1] Capitalized terms not otherwise defined in this Bar Date Order shall have the same meanings ascribed to them in the Motion.

Case: 23-30564   Doc# 297   Filed: 11/08/23   Entered: 11/08/23 17:42:36   Page 20 of 105

*Notice* [ECF No. 273] (the "Committee's Objection"); and the *Limited Objection and Reservation of Rights of Certain Insurers Regarding Debtor's Bar Date Motion* [ECF No. 274] (the "Insurers' Objection"), the status report filed by the Debtor [ECF No. ●], the arguments of counsel at the hearing; and the Court finding good cause to grant the relief requested by the Motion under Bankruptcy Code sections 501, 502, and 503, Bankruptcy Rules 2002, 3001-3005 and 9008 and ~~Local~~ Bankruptcy Local Rule 3003-1; the Court further finding that notice given of the Motion was appropriate under the circumstances;

IT IS HEREBY ORDERED as follows:

1. The Motion is granted, as set forth herein.

*2.* The comments set forth in paragraphs V, VI, and X of the *Preliminary Comments on Motion Regarding Claims Bar Dates, Etc.* [ECF No. 287] issued by this Court on November 6, 2023 (the "Preliminary Comments"), are incorporated in this Order by reference, and the Committee's Objection and the Insurers' Objection are overruled, in part, on the grounds articulated in paragraphs V, VI, and X of the Preliminary Comments.

3. ~~2.~~ The General Proof of Claim Form, the Confidential Survivor Proof of Claim Form including the Official Form 410 and separate optional Confidential Survivor Supplement, the Confidentiality Agreement, the General Bar Date Notice, the Survivor Claim Bar Date Notice, and the Publication Notice, ~~and the Committee Support Letter,~~ substantially in the modified forms attached hereto as Exhibits A, B, C, D, E, and F~~, and G~~, respectively, and the manner of providing notice of the Bar Date proposed in the Motion, are approved in all respects under Bankruptcy Rules 2002, 3003 and 9008 and Bankruptcy Local Rule 3003-1. The form and manner of notice of the Bar Date approved by this Order (the "Bar Date Order") are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Bankruptcy Local Rules, and notice of the Bar Date in the form and manner proposed by the Debtor is fair and reasonable and will provide good, sufficient, and due notice to all creditors and interest holders of their rights and obligations in connection with claims they may assert against the Debtor's estate in this

chapter 11 case.  Accordingly, the Debtor is authorized to serve and publish the Bar Date Notices in the manner described in this Order.

4.    ~~3.~~ Except as provided in paragraph 6 of this Bar Date Order, any person or entity~~, other than government units,~~[2] holding a prepetition claim against the Debtor must file a proof of claim in accordance with the procedures described herein on or before ~~January 12~~February 20, 2024 (the "Bar Date").  The Bar Date applies to all persons and entities~~, other than government units,~~ holding claims, including section 503(b)(9) claims, against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to or on the Petition Date.

5.    ~~4.~~ Except as provided in paragraph 6 of this Bar Date Order, in accordance with Bankruptcy Code section 502(b)(9), any governmental unit holding a prepetition claim against the Debtor must file a proof of claim in accordance with the procedures described herein on or before ~~February 20, 2024 (~~the "~~Government~~ Bar Date~~")~~, including governmental units holding claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.[2]

6.    ~~5.~~ Except as provided in paragraph 6 of this Bar Date Order, any person or entity holding a prepetition claim arising from Abuse (defined below) for which the individual believes the Debtor may be liable, must file a Confidential Survivor Proof of Claim Official Form 410 and may file the separate optional Confidential Survivor Supplement in accordance with the procedures described in this Bar Date Order on or before ~~January 12~~February 20, 2024.  For purposes of this Bar Date Order:

    (a)    "Abuse" means conduct giving rise to a Survivor Claim.

    (b)    A "Survivor Claim" is defined as any Claim (as defined in Bankruptcy Code section 101(5)) against RCASF resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a

---

[2] ~~As used herein, the term "government unit" has the meaning given to it in Bankruptcy Code section 101(27).~~

[2] As used herein, the term "government unit" has the meaning given to it in Bankruptcy Code section 101(27).

sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the RCASF or any other person or entity for whose acts or failures to act the RCASF is or may be responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. Survivor Claim includes all claims for Childhood Sexual Assaults, as that term is defined by California Code of Civil Procedure section 340.1(d).

  (c)   A "Survivor Claimant" is a person who asserts a Survivor Claim.

  7.   6. The following entities whose claims otherwise would be subject to the Bar Date shall not be required to file proofs of claim in this chapter 11 case:

  (a)   (a)   Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California or with Omni Agent Solutions, Inc.[3]

  (b)   Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) which does not dispute the amount or classification of its claim as set forth in the Schedules;

  (c)   Professionals retained pursuant to orders of this Court who assert administrative claims for payment of fees and expenses subject to the Court's approval under Bankruptcy Code sections 330, 331(a) and 503(b);

  (d)   Any person or entity that asserts an administrative expense claim against the Debtor under Bankruptcy Code sections 503(b)(1) through (8);

  (e)   Any person or entity whose claim has been paid in full; and

  (f)   The United States Trustee regarding a claim for quarterly fees under 28 U.S.C.     §     1930(a)(6).

---

[3] Any Survivor Claimant who timely files a proof of claim without completing the Confidential Survivor Claim Supplement may subsequently be required to provide additional information regarding such Survivor Claim, including the information in the Confidential Survivor Claim Supplement, in connection with the administration of his or her Survivor Claim.

-4-    Case No. 23-30564
Case: 23-30564   Doc# 297   Filed: 11/08/23   Entered: 11/08/23 17:42:36   Page 23 of
105

859-6307-1103.10

8.   ~~7.~~ The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim as disputed, contingent or unliquidated.

9.   ~~8.~~ Subject to the provisions of paragraph 6 of this Bar Date Order, the following entities must file a proof of claim on or before the applicable Bar Date:

(a)   Any entity or person whose prepetition claim against the Debtor is not listed in the Debtor's Schedules or whose prepetition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated and that desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

(b)   Any entity or person that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

(c)   Any person who believes that he or she has or may have a Survivor Claim for which the person believes the Debtor may be liable.

10.   ~~9.~~ Pursuant to Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Bar Date Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable Bar Date, may NOT be treated as a creditor with respect to such claim for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in this case.**

11.   ~~10.~~ Within ten business days of the entry of this Bar Date Order, and except as provided in paragraph 11 below concerning Survivor Claims, the Debtor shall serve by United States mail, first-class postage prepaid upon: (a) all known entities holding potential prepetition claims against the Debtor, and their counsel (if known); (b) all parties that have requested special notice in this case; and (c) the United States Trustee, the following documents: (i) General Bar Date Notice substantially in the form attached as Exhibit D to this Bar Date Order; and (ii) a copy of the Proof of Claim Form substantially in the form attached as Exhibit A to this Bar Date Order.

12. ~~11.~~ Within ten business days of the entry of this Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) the Survivor Claim Bar Date Notice substantially in the form attached as Exhibit E to this Bar Date Order, and (ii) a copy of the Confidential Survivor Proof of Claim upon all known Survivor Claimants and their counsel (if known)[43] substantially in the form attached as Exhibit B to this Bar Date ~~Order, and (iii) a letter from counsel to the Committee substantially in the form attached here as Exhibit G to this Bar Date~~ Order. In addition, the Debtor shall request that each Parish and school within the geographic limits of the Archdiocese provide it access to its contact lists, and as permitted shall mail a copy of the Publication Notice substantially similar to the form attached as Exhibit F to each household and address on such contact list.

13. ~~12.~~ The Debtor also shall make the Bar Date Notices available to the public in the following manner:

    (a)    The Debtor shall post on the home page of the RCASF's website a copy of the General Bar Date Notice and General Proof of Claim as well as a copy of the Survivor Claim Bar Date Notice and the Confidential Survivor Proof of Claim Form. The Debtor shall promptly request Survivors Network of those Abused by Priests, a survivor advocacy group, and BishopAccountability.org, Inc., to post the Survivor Claim Bar Date Notice on the website on their respective websites.

    (b)    The Debtor shall cause a copy of the notice substantially in the form attached as Exhibit F to this Bar Date Order (the "Publication Notice"), no smaller than a 1/8-page advertisement in each newspaper listed in (i) through (iv) below, to be published as follows:

        (i)    Once, in English, in the Western edition of *The Wall Street Journal*, and twice, in English, in the San Francisco region edition of *USA Today*, on the first available, reasonably practical date after entry of the Bar Date Order;

        (ii)    Twice each, in English, in the following daily (or near daily) newspapers, first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date:

            *San Francisco Chronicle*;
            *Los Angeles Times*;
            *Alameda Times-Star* (East Bay Times);

---

[43] If a Survivor Claimant's counsel has appeared in the bankruptcy case on behalf of a Survivor Claimant or provided written consent to Debtor's counsel, the Debtor is authorized to serve the Survivor Claimant's counsel with the Survival Claim Bar Date Notice.

SPECIAL BAR DATE PROCEDURES MOTION - Ex. 1
859-6307-1103.10

> *Contra Costa Times* (East Bay Times);
> *San Mateo Daily Journal* (San Mateo County);
> *Marin Independent Journal* (Marin County);
> *The Mercury News* (San Jose);
> *Santa Cruz Sentinel* (Santa Cruz County);
> *The Sacramento Bee*;
> *Stockton Record* (San Joaquin and Calaveras Counties);
> *Modesto Bee* (Stanislaus and Tuolumne Counties);
> *The Press Democrat* (Sonoma County);
> *The Napa Valley Register* (Napa County);
> *The Ukiah Daily Journal* (Mendocino County);
> *Lake County Record-Bee* (Lake County);
> *Times Standard* (Mendocino County); and
> *Del Norte Triplicate* (Del Norte County).

    (iii)    Twice each, in Spanish, in the *La Opinion de la Bahia* (published weekly), *La Prensa Sonoma* (published monthly), and *El Leñador* (published monthly but not during the summer months), first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date.

14. ~~13.~~ Additionally, the Debtor shall use best efforts to cause the Publication Notice to be to be posted in Chinese on the following websites, beginning on the first available reasonably practical date after entry of the Bar Date Order at least month prior to the expiration of the Survivor Claim Bar Date, for a duration of at least one week, each time:

    https://www.singtaousa.com
    https://www.chineseradio.com

15. ~~14.~~ Additionally, the Debtor shall provide further notice of the Bar Date by taking the following measures:

    (a)    The Debtor will request that each Parish include in the bulletins produced by the Parishes and missions located within the geographic territory of the Archdiocese, bi-weekly from the first available date after entry of the Bar Date Order until the Survivor Claim Bar Date, an announcement that will be placed in the language in which such Parish or mission conducts Mass (English or Spanish).

    (b)    The Debtor will request each Parish and mission in the Archdiocese to post a flyer announcing the Survivor Claim Bar Date in a prominent location for at least six weeks prior to the Survivor Claim Bar Date.

    (c)    The Debtor will post the Survivor Claim Bar Date and information on how to obtain and submit a Confidential Survivor Proof of Claim Form at least once a week for the six weeks prior to Bar Date on the following social media accounts:

    https://twitter.com/ArchdioceseSF

Case: 23-30564  Doc# 297  Filed: 11/08/23  Entered: 11/08/23 17:42:56  Page 26 of
105
859-6307-1103.10

16. ~~15.~~ The Debtor is authorized, under Bankruptcy Code section 503(b) to pay the costs of mailing and publication as described herein.

17. ~~16.~~ All Confidential Survivor Proof of Claim Forms shall be treated as confidential in accordance with the following confidentiality protocols:

(a) Potential Survivor Claimants are directed not to file a Confidential Proof of Claim Form with the Court. Instead, all Confidential Survivor Proof of Claim Forms are directed to be sent to the Claims Agent in accordance with the procedures set forth in the Survivor Claim Bar Date Notice. Any claim that appears to be a Survivor Claim that is filed without an optional Confidential Survivor Supplement or as a General Claim shall be treated by the Claims Agent as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim.

(b) Confidential Survivor Proof of Claim Forms submitted by Survivor Claimants will not be available to the general public. The Confidentiality Protocol is for the benefit of the Survivor Claimants. Accordingly, Survivor Claimants may elect to make any of the information contained in their own Confidential Survivor Proof of Claim Form public; provided, however, notwithstanding that a Survivor Claimant may disclose information on such claimant's Confidential Survivor Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Confidential Survivor Proof of Claim, except as allowed by Permitted Parties, as defined below.

(c) Confidential Survivor Proof of Claim Forms submitted by a Survivor Claimant shall be held and treated as confidential by the Debtor and Debtor's ~~counsel~~professionals and copies thereof shall be provided by the Debtor or Debtor's ~~counsel~~professionals to the parties listed below (the "Permitted Parties") and to such other persons that may be granted access to the Survivor Proofs of Claim by order of the Court. No party (including a Permitted Party) may obtain copies of Survivor Proofs of Claim unless such party first executes a confidentiality agreement substantially in the form attached hereto as Exhibit C (the "Confidentiality Agreement").[54] Executed Confidentiality Agreements shall be provided to counsel for the Committee and the Debtor, who will provide copies to its insurers, reinsurers of the Debtor, and any other third-party administrator of the Debtor's insurance program, ~~and counsel to the Committee.~~. Counsel of record in the above captioned case to any Permitted Parties shall keep confidential and not disclose the contents of any Survivor Claim Form except as otherwise provided by the confidentiality provision herein or order of the court.

---

[54] Notwithstanding paragraph ~~15~~16(c), the U.S. Trustee shall have full access to the Survivor Proofs of Claim without executing a Confidentiality Agreement. All Survivor Proofs of Claim and Confidential Information shall be treated as "Records," as that term is defined and used in the Privacy Act. *See*, 5 U.S.C. § 552a(a)(4).

Counsel to the Debtor, each insurer, Permitted Party (as defined below), and any successor third-party administrator of the Debtor's insurance programs, and counsel to the Committee shall only be required to execute a single Confidentiality Agreement per firm. Access to the Confidential Survivor Proof of Claim Form and Conditional Information (defined below)[5] for all other Permitted Parties shall be restricted to the natural person who executes a Confidential Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Conditional Survivor Proof of Claim Form on behalf of a Permitted Party.

(d) Permitted Parties may use the Survivor Proof of Claims and any Confidential Information from such Survivor Proof of Claim contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Confidential Survivor Form in the Debtor's Chapter 11 Case; any related adversary proceedings or contested matters in the Chapter 11 Case; any related insurance or reinsurance coverage demands, claims, disputes, or litigation; and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations; provided, however, that notwithstanding anything to the contrary in this Order, Permitted Parties may not use Confidential Information in the optional Confidential Survivor Supplement for any objections to a Survivor Proof of Claim; provided further that the Committee does not concede that a Permitted Party is a party in interest in the Chapter 11 Case for purposes of, among other things, having standing to object to Confidential Survivor Forms, Survivor Claimants and the Committee reserve their rights to oppose any Permitted Party's assertion it is a party in interest in the Chapter 11 Case.

(~~d~~e) The Permitted Parties (the "Permitted Party List") ~~include~~are:

(1) Counsel and other professionals for the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Debtor in reviewing and analyzing the Survivor Claims;

(2) The Archbishop of the Debtor and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Survivor Claims, except that no individual accused of committing abuse in a lawsuit or Survivor Claim shall have access to the Surivior Claims under this paragraph 16(e);

(3) Counsel and other professionals for the Committee, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Committee in reviewing and analyzing the Survivor Claims;

[5] "Confidential Information" means any information contained in a Confidential Survivor Proof of Claim Form except to the extent the information was known to the Permitted Party prior to being disclosed in the Proof of Claim, or become generally available to the public through no act or failure on the part of the Permitted Party, is obtained from a third party under no obligation to maintain its confidentiality, or developed by the Permitted Party independently without reference to any Confidential Survivor Proof of Claim Form.

Case: 23-30564   Doc# 297   Filed: 11/08/23   Entered: 11/08/23 17:42:36   Page 28 of
105
CLAIMS PROCEDURES MOTION - Ex. 1
859-6307-1103.10

(4)     ~~Any insurer~~Insurers for the Debtor, together with ~~its~~their successors~~, administrators~~, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel and other professionals, including partners, counsel, associates, consultants, experts, and employees of such professionals, who are necessary to assist the foregoing in reviewing and analyzing Survivor Claims ~~(collectively, the "Insurer Permitted Parties")~~;

(5)     Any unknown claims representative appointed pursuant to an order of the Court in this case;

(6)     Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;

(7)     Any special arbitrator/claims reviewer appointed pursuant to an order of this court to review and resolve the claims of Survivor Claimants;

(8)     Any trustee, or functional equivalent thereof, appointed to administer payments to Survivor Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

(9)     Members of the Committee and their personal counsel (after the Confidential Survivor Proof of Claim Form has been redacted to remove the Survivor Claimant's name, address, and any other information identified in Part 2(A) of the Confidential Survivor Proof of Claim Form and the signature block);

(10)    Persons who, in addition to those identified above, are permitted access upon stipulation of the party that produced or disclosed the affected Survivor Claim, after notice to the counsel to the Debtor, Committee and Insurers has been given and a reasonable opportunity to object;

(11)    Such other persons as the Court determines should have the information in order to evaluate Survivor Claims; provided, however, that any such determination shall be made on no less than seven days' notice to Survivor Claimants~~.~~ and the Committee.

18.     ~~17.~~ For any proof of claim to be validly and properly filed, a signed original[6] and a copy of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to Omni Agent Solutions, Inc., the Debtor's claims agent (the "Claims Agent"), at the address identified on the applicable Bar Date Notice or electronically filed with the Claims Agent so as to be received by the date as stated on

---

[6] Any proof of claim may be signed using software with electronic signature capabilities, such as DocuSign, AdobeSign, VineSign, or similar, reliable program.

Case No. 23-30564

BAR DATE PROCEDURES MOTION - Ex. 1

859-6307-1103.10

the applicable Bar Date Notice. Proofs of claim may be submitted in person or by courier service, hand delivery or U.S. Mail, or electronically. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by the Claims Processing Agent by the applicable Bar Date. If a creditor desires to receive acknowledgement of receipt of a proof of claim, the creditor also must submit to the Claims Agent by the applicable Bar Date and concurrently with submitting its original proof of claim: (i) a third copy of the original proof of claim; and (ii) a self-addressed, stamped return envelope.

19. ~~18.~~ The Debtor is authorized and empowered to take all actions necessary to implement and enforce the relief granted in this Bar Date Order. Nothing herein prohibits the Committee or any counsel for an individual claimant from enforcing this Order with respect to the confidentiality provisions contained herein and all parties rights are reserved as to any such request.

20. ~~19.~~ Nothing contained herein shall constitute a waiver by the Debtor of (a) any defenses in connection with any General Claims or Survivor Claims that are asserted against the Debtor, or (b) the right to assert that any General Claims or Survivor Claims are barred by applicable statutes of limitations.

21. ~~20.~~ This Bar Date Order is without prejudice to any request by the Debtor, Committee or Unknown Claims Representative to modify the Survivor Claim Bar Date.

22. ~~21.~~ Under Bankruptcy Rule 3002(c)(4), any claim arising from the rejection of an executory contract or unexpired lease of the Debtor shall be filed within 30 days after such rejection.

~~22. This Court may modify this Bar Date Order or the claims allowance process to be employed in this Bankruptcy Case if it determines additional information from some or all Survivor Claimants is required to fairly evaluate their Survivor Claims.~~

23.

1    24.    ~~23.~~ This Court shall retain jurisdiction over any and all matters arising from or

2    relating to the implementation, interpretation, <u>enforcement</u> or modification of this Bar Date

3    Order.

4                        ***END OF [PROPOSED] ORDER***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4877-HRDC...                    CLASS 8 PROCEDURE MOTION - Ex. 1
859-6307-1103.10

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 11/8/2023 1:22:21 PM | |
|---|---|
| **Style name:** SMRH Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4859-6307-1103/8/RCASF - Claims Procedures Motion Ex. 1 (Order Approving Claims Procedures).docx | |
| **Modified DMS:** nd://4859-6307-1103/11/RCASF - Claims Procedures Motion Ex. 1 (Order Approving Claims Procedures).docx | |
| **Changes:** | |
| Add | 91 |
| Delete | 64 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 157 |

**Exhibit 2**

(Revised Form of Proposed General Proof of Claim Form)

**Fill in this information to identify the case:**

Debtor 1    The Roman Catholic Archbishop of San Francisco

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number   23-30564

**THIS PROOF OF CLAIM FORM SHOULD NOT BE FILED OR SUBMITTED BY PARTIES ASSERTING A SURVIVOR PROOF OF CLAIM. SURVIVOR CLAIMANTS SHOULD USE THE CONFIDENTIAL SURVIVOR PROOF OF CLAIM AVAILABLE AT HTTPS://OMNIAGENTSOLUTIONS.COM/RCASF-SURVIVORCLAIMS.**

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes. From whom? |
| 3. **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**     **Where should payments to the creditor be sent?** (if different) <br><br> Name       Name <br><br> Number   Street       Number   Street <br><br> City   State   ZIP Code       City   State   ZIP Code <br><br> Contact phone _____     Contact phone _____ <br> Contact email _____     Contact email _____ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br> \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ |
| 4. **Does this claim amend one already filed?** | ☐ No <br> ☐ Yes. Claim number on court claims registry (if known)_____    Filed on \_\_\_\_\_/\_\_\_\_\_/\_\_\_\_\_ <br>                                                MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No <br> ☐ Yes. Who made the earlier filing? _____ |

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

7. **How much is the claim?**    $ _____.  **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                               $ _____

**Amount of the claim that is secured:**        $ _____

**Amount of the claim that is unsecured:**  $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed) %

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

**12.** **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM / DD / YYYY

Signature _____

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State          ZIP Code

Contact phone _____     Email _____

**Exhibit 2-A**

(Blackline of Revised Form of Proposed General Proof of Claim Form Compared Against
Proposed General Proof of Claim Form [Ex. 2 to Motion])

| | |
|---|---|
| Debtor 1 | The Roman Catholic Archbishop of San Francisco |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of California |
| Case number | 23-30564 |

**THIS PROOF OF CLAIM FORM SHOULD NOT BE FILED OR SUBMITTED BY PARTIES ASSERTING A SURVIVOR PROOF OF CLAIM. SURVIVOR CLAIMANTS SHOULD USE THE CONFIDENTIAL SURVIVOR PROOF OF CLAIM AVAILABLE AT HTTPS://OMNIAGENTSOLUTIONS.COM/RCASF-SURVIVORCLAIMS.**

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Identify the Claim

| | |
|---|---|
| 1. | |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| | |
|---|---|
| 2. acquired from someone else? | ☐ No<br>☐ Yes. From whom? |

| | | |
|---|---|---|
| 3. payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Name | Name |
| | Number        Street | Number        Street |
| | City                State        ZIP Code | City                State        ZIP Code |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | |
|---|---|
| 4. already filed? | ☐ No<br>☐ Yes. Claim number on court claims registry (if known)_____        Filed on ___ / ___ / _____<br>                                                                                                    MM  / DD  / YYYY |

**5.**

**else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Give Information About the Claim as of the Date the Case Was Filed**

6. use to identify the debtor?
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

7. $_____. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. claim?
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. secured?
☐ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____
**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) %
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**
☐ No
☐ Yes. Identify the property: _____

| 12. | **entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | | |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| | | ☐ U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | | ☐ personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | | ☐ bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ _____ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## ◼ Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State          ZIP Code

Contact phone _____    Email _____

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 11/7/2023 12:56:54 PM | |
|---|---|
| **Style name:** SMRH Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4883-4312-8193/1/RCASF - Claims Procedures Motion Ex. 2 (Official Proof of Claim Form B410).docx | |
| **Modified DMS:** nd://4883-4312-8193/2/RCASF - Claims Procedures Motion Ex. 2 (Official Proof of Claim Form B410).docx | |
| **Changes:** | |
| Add | 3 |
| Delete | 0 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 3 |

1                                       **Exhibit 3**

2                    (Revised Form of Proposed Survivor Claim Form)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor In Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**INSTRUCTIONS TO CONFIDENTIAL SURVIVOR PROOF OF CLAIM AND OPTIONAL CONFIDENTIAL SURVIVOR SUPPLEMENT** |

**IMPORTANT:**

**PLEASE COMPLETE THIS FORM SO THAT IT IS RECEIVED NO LATER THAN
FEBRUARY 20, 2024 ("BAR DATE")**

**PLEASE DO <u>NOT</u> FILE THIS DOCUMENT WITH,
OR SUBMIT IT TO, THE BANKRUPTCY COURT**

This Confidential Survivor Proof of Claim has two separate components: (1) a mandatory three-page "Official Form 410" attached hereto ("<u>Proof of Claim</u>"), and (2) an optional Confidential Survivor Supplement, also attached hereto ("<u>Supplement</u>"). When submitting your Proof of Claim in this case, you are also **strongly encouraged** also to complete the Supplement and include it as an attachment to your Proof of Claim. Submitting the completed Supplement at the outset will help streamline the process of identifying claims and all applicable insurance and expedite distributions to creditors. Filling out this Supplement in full will allow the Debtor and the Committee to understand the facts supporting your sexual abuse claim against the Debtor. This information will be used by the Debtor and the Committee in, among other things, their efforts to consensually resolve the issues in this chapter 11 case. Additionally, providing the information requested in this Supplement may reduce the likelihood that the parties to the bankruptcy case will need to seek more information from you through a deposition, written interrogatories, or other methods of discovery.

Please carefully read the Notice and Instructions that are included with this Confidential Survivor Proof of Claim and respond to all applicable questions to the best of your ability. If you have an attorney, you should complete this form with the assistance of counsel. Send a signed original of the completed Survivor Proof of Claim as follows: If by **mail, hand delivery, or overnight courier,** to: The Roman Catholic Archbishop of San Francisco, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or you may submit a claim **electronically** at: https://omniagentsolutions.com/RCASF-SurvivorClaims.

**The Confidential Survivor Proof of Claim form must be mailed, delivered or electronically submitted to Omni Agent Solutions Inc. ("<u>Omni</u>") so that it is <u>received</u> no later than <u>February 20, 2024</u>. Please note that a Survivor Proof of Claim Form submitted by facsimile, telecopy or electronic mail transmission will not be accepted and will not be deemed filed.**

**FAILURE TO COMPLETE AND RETURN A PROOF OF CLAIM MAY RESULT IN YOUR INABILITY TO RECEIVE A DISTRIBUTION FROM THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO AKA THE ARCHDIOCESE OF SAN FRANCISCO, REFERRED TO HERE AS THE**

"**ARCHDIOCESE**" **AND VOTE ON A PLAN OF REORGANIZATION.**

**YOUR IDENTITY WILL BE KEPT STRICTLY CONFIDENTIAL, AND OUTSIDE THE PUBLIC RECORD OF THE BANKRUPTCY COURT. HOWEVER, THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM AND THE INFORMATION IN THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM WILL BE PROVIDED TO THE DEBTOR, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, CERTAIN INSURERS OF THE ARCHDIOCESE AND TO SUCH OTHER PERSONS AS THE BANKRUPTCY COURT DETERMINES NEED THE INFORMATION IN ORDER TO EVALUATE THE CLAIM, ONLY UNDER STRICT, COURT-APPROVED CONFIDENTIALITY GUIDELINES.**

**This Confidential Survivor Proof of Claim is for Survivor Claimants Only.**

For the purposes of this Proof of Claim, a **Survivor Claim** is defined as any Claim (as defined in section 101(5) of the Bankruptcy Code) against the Archdiocese resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the Archdiocese or any other person or entity for whose acts or failures to act the Archdiocese is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. A Survivor Claim includes all claims for Childhood Sexual Assault, as that term is defined by California Code of Civil Procedure Section 340.1 (d).

A **Survivor Claimant** is defined as the person asserting a Survivor Claim against the Archdiocese, or, if a minor or legally incapacitated adult, then his/her parent or legal guardian or custodian.

Finally, for the purposes of this Proof of Claim, **Abuse** means conduct giving rise to a Survivor Claim.

**To be valid, the Confidential Survivor Proof of Claim must be signed by you or your attorney (if represented by one). If the Survivor Claimant is deceased or incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's representative, executor of the estate or the attorney for the estate. If the Survivor Claimant is a minor or legally incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's parent or legal guardian or legal custodian, or the Survivor Claimant's attorney.**

If you need more space to answer any of the below questions, please attach additional sheets of paper and indicate to which question your answer applies.

**Fill in this information to identify the case:**

Debtor 1     The Roman Catholic Archbishop of San Francisco

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number   23-30564

# PLEASE DO NOT FILE THIS DOCUMENT WITH, OR SUBMIT IT TO, THE BANKRUPTCY COURT

<u>Official Form 410</u>

# Confidential Survivor Proof of Claim      04/22

### (For Use by Survivor Claimants to Assert Survivor Claims)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name | Name |
| Number    Street | Number    Street |
| City    State    ZIP Code | City    State    ZIP Code |
| Contact phone | Contact phone |
| Contact email | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
                                                       MM / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing?

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ _____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) ____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State     ZIP Code

Contact phone _____     Email _____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
|       Debtor and<br>      Debtor In Possession. | **OPTIONAL** CONFIDENTIAL SURVIVOR SUPPLEMENT TO OFFICIAL FORM 410 FOR USE BY SURVIVOR CLAIMANTS TO ASSERT A SURVIVOR CLAIM |

## DO NOT FILE THIS DOCUMENT WITH THE COURT

This supplement to Official Form 410 ("Supplement") is not required to be filed in order for holders of Survivor Claims[1] to be deemed properly submitted. However, the Debtor recommends that any person asserting a Survivor Claim voluntarily complete this form in full and submit it with the Confidential Survivor Proof of Claim (designated "Official Form 410"). Completing this Supplement in full will allow the Debtor to understand the facts supporting your Survivor Claim against the Debtor. This information will be used by the Debtor, the Committee, and other parties in interest bound by strict confidentiality agreements in, among other things, their efforts to consensually resolve the issues in this Bankruptcy Case. Additionally, providing the information requested in this Supplement may reduce the likelihood that parties to the Bankruptcy Case will need to seek more information from you at some later date under more formal procedures (e.g., deposition, written interrogatories, or other methods of discovery).

## PART 1: CONFIDENTIALITY

The information you share will be kept strictly confidential. This form and the information in it may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Archdiocese, certain insurers of the Archdiocese, the Official Committee of Unsecured Creditors, the United States Trustee, and to such other persons as the Bankruptcy Court may authorize. Please be assured that these parties have agreed and are required to keep your information strictly confidential.

---

[1] Capitalized terms not defined in this Supplement shall have the same meanings given to them in the Instructions to Confidential Survivor Proof of Claim and Confidential Survivor Supplement provided with this Supplement.

## PART 2: IDENTIFYING INFORMATION

**A. Survivor Claimant**

_____

First Name             Middle Initial          Last Name             Suffix

_____

Address (If party is incapacitated, is a minor or is deceased, please provide the address of the individual submitting the claim. If you are in jail or prison, your current address).

_____

City                   State/Prov.             Zip Code (Postal Code)   Country (if other
                                                                         than USA)

Telephone No(s):
Home: _____   Work: _____   Cell: _____

Email address: _____

Last 4 digits of Social Security Number: _____

If you are in jail or prison, your identification number: _____

May we leave voicemails for you regarding your claim?        ☐ Yes  ☐ No

May we send confidential information to your email:           ☐ Yes  ☐ No

Birth Date: _____
            Month        Day    Year

Gender: _____

Any other name, or names, by which the Claimant has been known: _____

**B. Survivor Claimant's Attorney (if any):**

_____
Law Firm Name

_____
Attorney's First Name   Middle Initial  Last Name

_____
Street Address

_____
City   State/Prov.   Zip Code (Postal Code)   Country
                        (If other than U.S.A.)
_____
Telephone     Fax Number   Email Address

## PART 3: NATURE OF COMPLAINT

**(Attach additional sheets if necessary)**

**Note: If you have previously filed a lawsuit against The Roman Catholic Archbishop of San Francisco, also known as Archdiocese of San Francisco ("Archdiocese") in state or federal court, you must attach the complaint. If you did not file a lawsuit, or if the complaint does not contain all of the information requested below, you may provide the information below.**

- **Please fill out this Part 3 for each Archdiocese affiliated perpetrator.**

a. Who committed the acts of abuse or other wrongful conduct? Please identify the person by complete name(s) or other description of each abuser to the best of your recollection. If you do not know the name(s) of each abuser, please identify them by title, position or other description (for example, approximate age, height, weight, hair color, clothing worn, identifying marks, etc.).

_____
_____
_____
_____
_____
_____
_____

b.  How did you know the abuser? For example, was the abuser at your church, school or part of another group with which you were involved? Was the abuser a relative or family friend?

_____
_____
_____
_____

c.  If the abuser was affiliated with a church, parish, school, or Archdiocesan organization, please identify such church, parish, school or organization (please include City or neighborhood if possible).

_____
_____
_____
_____

d.  Where did the abuse or wrongful conduct take place?  Please be specific and provide relevant information, including the names of locations and addresses, to the extent you recall.

_____
_____
_____
_____

e.  When did the abuse or wrongful conduct take place?  Please be as specific as possible, providing exact or approximate date(s), age(s), grade level(s), year(s), months and/or season (spring, summer, fall, winter), to the extent you recall.

_____
_____
_____
_____

f.  How many times were you abused?  If the abuse or wrongful conduct took place more than once, please state how many times it occurred, when the abuse began, how often it occurred, and when it ended, to the extent you remember.

_____
_____
_____
_____

g.  Please provide a detailed description of the nature of the abuse and what happened (for example, the circumstances and types of sexual abuse). Please use additional pages and attach them to this Proof of Claim, if necessary:

_____
_____
_____

SMRH:4879-4650-0737.8

Case No. 22-30564
CLAIMS PROCEDURES MOTION – EX. 3

h. Were there any witnesses to, or individuals aware of, the abuse? If so, please identify the witnesses and individuals, and their present location, if known.

_____
_____
_____
_____

i. Have you told anyone about the abuse or wrongful conduct, even if not in its entirety? If so, who did you tell, when and what did you tell that person (this would include parents; relatives; friends; the Archdiocese; counselors; and law enforcement authorities)? You do not need to disclose any communications you had with your attorney.

_____
_____
_____
_____

j. Do you have personal knowledge or reason to believe that the Archdiocese knew or should have known of the abuse? If so, describe how and when the Archdiocese learned of the abuse and details concerning what the Archdiocese was told or observed.

_____
_____
_____

## **PART 4: IMPACT OF ABUSE**

(Attach additional sheets if necessary)

*Where more than one perpetrator is alleged, please answer the questions separately as to each perpetrator.*

a. Please describe in detail what injuries (including physical, mental and/or emotional) have occurred to you because of the act or acts of abuse or other wrongful conduct that resulted in the claim (for example, the effect on your education, employment, personal relationships, health, and any physical injuries)?

_____
_____
_____
_____
_____

b. Have you sought counseling or other treatment for your injuries? If so, with whom and when?

_____
_____
_____
_____

SMRH:4879-4650-0737.8

Case No. 22-30564
CLAIMS PROCEDURES MOTION – EX. 3

## PART 5: ADDITIONAL INFORMATION

a.  Prior Bankruptcy Claims: Have you, or has anyone on your behalf, filed any claims in any other bankruptcy case relating to the abuse or wrongful conduct described in this claim?

☐ Yes ☐ No (If "Yes," attach a copy of any completed claim form.)

If "Yes," which case(s): _____

b.  Prior Non-Bankruptcy Claims: Have you, or has anyone on your behalf, asserted or filed any claim or lawsuit seeking damages for the abuse or wrongful conduct described in this claim?

☐ Yes ☐ No (If "Yes," attach a copy of any completed claim form, and, if a lawsuit was filed, a copy of the complaint if not already attached as directed in Part 3.)

Please also describe the resolution of such claim (including whether such claim was settled, released, dismissed, or otherwise adjudicated or resolved).

If you previously filed a lawsuit, did you file a certificate of merit as required by California Code of Civil Procedure § 340.1?

☐ Yes ☐ No

c.  Settlements: Regardless of whether a complaint was ever filed against any party because of any abuse or wrongful conduct as described in this claim, have you settled <u>any</u> claim relating to abuse described in this claim?

☐ Yes ☐ No (If "Yes," please describe, including parties to the settlement and any payments received.  Attach a copy of any settlement agreement.)

_____
_____

If "Yes," which case(s): _____

d.  Payments:  Regardless of whether your entered into any settlement, did you ever receive any payment from the Archdiocese or any other person or entity because of any abuse against you.

☐ Yes ☐ No  (If "Yes," please describe who paid you, when they paid you, and how much they paid you.)

_____
_____

SMRH:4879-4650-0737.8

Case No. 22-30564
CLAIMS PROCEDURES MOTION – EX. 3

e.    Bankruptcy:  Have you ever filed bankruptcy? ☐ Yes ☐ No (If "Yes," please provide the following information:

Name of Case: _____ Court: _____

Date filed: _____ Case No. _____

Chapter:    7       11      12      13       Name of Trustee: _____


**Sign and print your name. If you are signing the claim on behalf of another person or an estate, print your title.**

**Under penalty of perjury, I declare the foregoing statements to be true and correct.**


**Date:** _____

**Signature:** _____

**Print Name:** _____

**Title:** _____
(Relationship of signer to party on behalf of whom claim is being made, such as parent, family member, guardian, custodian, attorney, executor of estate)

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to five years, or both.  18 U.S.C. §§ 152 and 3571.

**Exhibit 3-A**

(Blackline of Revised Form of Proposed Survivor Claim Form Compared Against
Proposed Survivor Claim Form [Ex. 3 to Motion])

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor In Possession. | **INSTRUCTIONS TO CONFIDENTIAL SURVIVOR PROOF OF CLAIM AND OPTIONAL CONFIDENTIAL SURVIVOR SUPPLEMENT** |

**IMPORTANT:**

**PLEASE COMPLETE THIS FORM SO THAT IT IS RECEIVED NO LATER THAN ~~JANUARY 12~~ FEBRUARY 20, 2024 ("BAR DATE")**

**PLEASE DO <u>NOT</u> FILE THIS DOCUMENT WITH,
OR SUBMIT IT TO, THE BANKRUPTCY COURT**

This Confidential Survivor Proof of Claim has two separate components: (1) a mandatory three-page "Official Form 410" attached hereto ("<u>Proof of Claim</u>"), and (2) ~~a voluntary~~an optional Confidential Survivor Supplement, also attached hereto ("<u>Supplement</u>"). When submitting your Proof of Claim in this case, you are ~~also~~ **strongly encouraged** also to complete the Supplement~~,~~ and include it as an attachment to your Proof of Claim. Submitting the completed Supplement at the outset will help streamline the process of identifying claims and all applicable insurance and expedite distributions to creditors. Filling out this Supplement in full will allow the Debtor and the Committee to understand the facts supporting your sexual abuse claim against the Debtor. This information will be used by the Debtor and the Committee in, among other things, their efforts to consensually resolve the issues in this chapter 11 case. Additionally, providing the information requested in this Supplement may reduce the likelihood that the parties to the bankruptcy case will need to seek more information from you through a deposition, written interrogatories, or other methods of discovery.

Please carefully read the Notice and Instructions that are included with this Confidential Survivor Proof of Claim and respond to all applicable questions to the best of your ability. If you have an attorney, you should complete this form with the assistance of counsel. Send a signed original of the completed Survivor Proof of Claim ~~and one copy~~ as follows: If by **mail, hand delivery, or overnight courier,** to: The Roman Catholic Archbishop of San Francisco, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or you may submit a claim **electronically** at:

https://omniagentsolutions.com/RCASF-SurvivorClaims.

**The Confidential Survivor Proof of Claim form must be mailed, delivered or electronically submitted to Omni Agent Solutions Inc. ("<u>Omni</u>") so that it is <u>received</u> no later than ~~January 12~~February 20, 2024. Please note that a Survivor Proof of Claim Form submitted by facsimile, telecopy or electronic mail transmission will not be accepted and will not be deemed filed.**

**FAILURE TO COMPLETE AND RETURN A PROOF OF CLAIM MAY RESULT IN YOUR INABILITY TO ~~VOTE ON A PLAN OF REORGANIZATION AND~~ RECEIVE A DISTRIBUTION FROM THE**

ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO AKA THE ARCHDIOCESE OF SAN FRANCISCO, REFERRED TO HERE AS THE "RCASF"ARCHDIOCESE" AND VOTE ON A PLAN OF REORGANIZATION.

The failure to submit a completed Supplement with a Proof of Claim asserting a Survivor Claim may be a basis for an objection to such claim.

YOUR IDENTITY WILL BE KEPT STRICTLY CONFIDENTIAL, AND OUTSIDE THE PUBLIC RECORD OF THE BANKRUPTCY COURT. HOWEVER, THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM AND THE INFORMATION IN THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM WILL BE PROVIDED TO THE DEBTOR, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, CERTAIN INSURERS OF THE RCASFARCHDIOCESE AND TO SUCH OTHER PERSONS AS THE BANKRUPTCY COURT DETERMINES NEED THE INFORMATION IN ORDER TO EVALUATE THE CLAIM, ONLY UNDER STRICT, COURT-APPROVED CONFIDENTIALITY GUIDELINES.

This Confidential Survivor Proof of Claim is for Survivor Claimants Only.

For the purposes of this Proof of Claim, a **Survivor Claim** is defined as any Claim (as defined in section 101(5) of the Bankruptcy Code) against RCASFthe Archdiocese resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the RCASFArchdiocese or any other person or entity for whose acts or failures to act the RCASFArchdiocese is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. A Survivor Claim includes all claims for Childhood Sexual Assault, as that term is defined by California Code of Civil Procedure Section 340.1 (d).

For purposes of this Proof of Claim, aA **Survivor Claimant** is defined as the person asserting a Survivor Claim against the RCASFArchdiocese, or, if a minor or legally incapacitated adult, then his/her parent or legal guardian or custodian.

Finally, for the purposes of this Proof of Claim, **Abuse** means conduct giving rise to a Survivor Claim.

To be valid, the Confidential Survivor Proof of Claim must be signed by you or your attorney (if represented by one). If the Survivor Claimant is deceased or incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's representative, executor of the estate or the attorney for the estate. If the Survivor Claimant is a minor or legally incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's parent or legal guardian or legal custodian, or the Survivor Claimant's attorney.

If you need more space to answer any of the below questions, please attach additional sheets of paper and indicate to which question your answer applies.

| | |
|---|---|
| Debtor 1 | The Roman Catholic Archbishop of San Francisco |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of California |
| Case number | 23-30564 |

## PLEASE DO NOT FILE THIS DOCUMENT WITH, OR SUBMIT IT TO, THE BANKRUPTCY COURT

Official Form 410

# Confidential Survivor Proof of Claim

04/22

**(For Use by Survivor Claimants to Assert Survivor Claims)**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes. From whom? |

| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | Name | Name |
| | Number     Street | Number     Street |
| | City          State          ZIP Code | City          State          ZIP Code |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| 4. **Does this claim amend one already filed?** | ☐ No <br> ☐ Yes. Claim number on court claims registry (if known) | Filed on _____ MM / DD / YYYY |
|---|---|---|

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) ____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No |
| | | ☐ Yes. *Check one:* |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.     $ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City          State     ZIP Code |
| Contact phone | _____     Email _____ |

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor In Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**OPTIONAL CONFIDENTIAL SURVIVOR SUPPLEMENT TO OFFICIAL FORM 410 FOR USE BY SURVIVOR CLAIMANTS TO ASSERT A SURVIVOR CLAIM** |

## DO NOT FILE THIS DOCUMENT WITH THE COURT

This supplement to Official Form 410 ("Supplement") is not required to be filed in order for holders of Survivor Claims[1] to be deemed properly submitted. However, the Debtor recommends that any person asserting a Survivor Claim voluntarily complete this form in full and submit it with the Confidential Survivor Proof of Claim (designated "Official Form 410"). Completing this Supplement in full will allow the Debtor to understand the facts supporting your Survivor Claim against the Debtor. This information will be used by the Debtor, the Committee, and other parties in interest bound by strict confidentiality agreements in, among other things, their efforts to consensually resolve the issues in this Bankruptcy Case. Additionally, providing the information requested in this Supplement may reduce the likelihood that parties to the Bankruptcy Case will need to seek more information from you at some later date under more formal procedures (e.g., deposition, written interrogatories, or other methods of discovery).

## PART 1: CONFIDENTIALITY

The information you share will be kept strictly confidential. This form and the information in it may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the ~~RCASF~~Archdiocese, certain insurers of the ~~RCASF~~Archdiocese, the Official Committee of Unsecured Creditors, the United States Trustee, and to such other persons as the Bankruptcy Court may authorize. Please be assured that these parties have agreed and are required to keep your information strictly confidential.

---

[1] Capitalized terms not defined in this Supplement shall have the same meanings given to them in the Instructions to Confidential Survivor Proof of Claim and Confidential Survivor Supplement provided with this Supplement.

# PART 2: IDENTIFYING INFORMATION

## A. Survivor Claimant

_____

First Name       Middle Initial       Last Name       Suffix

_____

Address (If party is incapacitated, is a minor or is deceased, please provide the address of the individual submitting the claim. If you are in jail or prison, your current address).

_____

City       State/Prov.       Zip Code (Postal Code)   Country (if other than USA)

Telephone No(s):
Home: _____ Work: _____ Cell: _____

Email address: _____

Last 4 digits of Social Security Number: _____

If you are in jail or prison, your identification number: _____

May we leave voicemails for you regarding your claim?    ☐ Yes ☐ No

May we send confidential information to your email:    ☐ Yes ☐ No

Birth Date: ~~——————————————————————— ☐ Male ☐ Female~~

_____

      Month      Day    Year

Gender: _____

Any other name, or names, by which the Claimant has been known: _____

**B. Survivor Claimant's Attorney (if any):**

_____
Law Firm Name

_____
Attorney's First Name          Middle Initial          Last Name

_____
Street Address

_____
City          State/Prov.          Zip Code (Postal Code)          Country
                                                                   (If other than U.S.A.)
_____
Telephone          Fax Number          Email Address

## PART 3: NATURE OF COMPLAINT

### (Attach additional sheets if necessary)

Note:  If you have previously filed a lawsuit against The Roman Catholic Archbishop of San Francisco, also known as Archdiocese of San Francisco ("~~RCASF~~**Archdiocese**") in state or federal court, you must attach the complaint.  **If you did not file a lawsuit, or if the complaint does not contain all of the information requested below, you may provide the information below.**

~~For each of the questions listed below, please complete your answers to the best of your recollection.~~

- ~~As to claims involving multiple perpetrators, this part must be answered separately as to any claimant alleging abuse by one or more RCASF affiliated perpetrators.  Part 4 must be answered separately for each complaint related to separate RCASF affiliated perpetrators.~~

- **Please fill out this Part 3 for each Archdiocese affiliated perpetrator.**

a.   Who committed the acts of abuse or other wrongful conduct?  Please identify the person by complete name(s) or other description of each abuser to the best of your recollection.  If you do not know the name(s) of each abuser, please identify them by title, position or other description (for example, approximate age, height, weight, hair color, clothing worn, identifying marks, etc.).

_____

b. ~~What is the position, title or relationship to you (if known) of the abuser or individual who committed these acts?~~<u>How did you know the abuser? For example, was the abuser at your church, school or part of another group with which you were involved? Was the abuser a relative or family friend?</u>

_____
_____
_____
_____

c. <u>If the abuser was affiliated with a church, parish, school, or Archdiocesan organization, please identify such church, parish, school or organization (please include City or neighborhood if possible).</u>

_____
_____
_____
_____

~~c~~<u>d</u>. Where did the ~~Abuse or other~~<u>abuse or</u> wrongful conduct take place?  Please be specific and ~~complete all~~<u>provide</u> relevant information ~~that you know~~, including the ~~City and State, name of the church, school or parish (if applicable) and/or the name of any other location(s)~~<u>names of locations and addresses, to the extent you recall</u>.

_____
_____
_____
_____

~~d~~<u>e</u>. When did the ~~Abuse or other~~<u>abuse or</u> wrongful conduct take place? ~~(~~ Please be as specific as possible ~~here~~, providing exact ~~dates~~<u>or approximate date(s), age(s)</u>, grade ~~levels,~~<u>level(s), year(s), months</u> and/or season ~~of the year~~ (spring, summer, fall, winter), ~~if~~<u>to the extent</u> you ~~remember~~<u>recall</u>~~.)~~

_____
_____
_____
_____

~~1.     If the Abuse or wrongful conduct took place over a period of time (months or years), please state when it first started and when it stopped.  (Please be as specific as possible.  If you can, please indicate the month and year.  If you cannot recall the month, please try to recall the season (fall, winter, spring, summer), if you remember.)~~

_____
_____
_____
_____
_____
__

~~2~~f.   How many times were you abused?   If the ~~Abuse~~abuse or wrongful conduct took place more than once, please state how many times it occurred, ~~if~~when the abuse began, how often it occurred, and when it ended, to the extent you remember.

_____
_____
_____
_____
_____
_____
_____
_____

~~3.    Please also state your age(s) and your grade(s) in school (if applicable) at the time the abuse or other wrongful conduct took place.  (Please be as specific as possible and include what season of the school year (if applicable) was it (fall, winter, spring, summer), if you remember.)~~

_____
_____
_____
_____
__

e~~g~~. Please ~~describe in as much detail as you can~~provide a detailed description of the nature of the abuse and what happened (for example, the circumstances~~, approximate number of occurrences, frequency, duration,~~ and types of sexual abuse). ~~(~~Please use additional pages and attach them to this Proof of Claim, if necessary~~)~~:

_____

_____

_____

f.h. Were there any witnesses to, or individuals aware of, the abuse? If so, please identify the witnesses and individuals, and their present location, if known.

_____

_____

_____

_____

g. ~~Are there any other individuals whom you believe knew about the abuse and/or would be able to corroborate the abuse, including persons at the RCASF? If so, what are their names?~~

~~_____~~

~~_____~~

~~_____~~

~~_____~~

h.i. ~~Did~~Have you ~~tell~~told anyone about the ~~Abuse or other~~abuse or wrongful conduct, even if not in its entirety? If so, who did you tell, when and what did you tell that person (this would include parents; relatives; friends; the ~~RCASF~~Archdiocese; counselors; and law enforcement authorities)? You do not need to disclose any communications you had with your attorney.

_____

_____

_____

i. ~~If subsequent wrongful conduct by the RCASF or its employees or officials caused you further trauma directly or indirectly related to the abuse state:~~

j. Do you have personal knowledge or reason to believe that the Archdiocese knew or should have known of the abuse? If so, describe how and when the Archdiocese learned of the abuse and details concerning what the Archdiocese was told or observed.

    ~~1.~~    ~~When the conduct occurred.~~

~~_____~~

~~_____~~

~~_____~~_____

_____

_____

    ~~2.~~    ~~What happened (describe what happened).~~

~~_____~~

~~_____~~

~~_____~~

_____
_____

3.  ~~If known, identify by name, title, position, and/or relationship to you any individual involved in the conduct.~~

_____
_____
_____
_____
_____

## PART 4: IMPACT OF ABUSE

(Attach additional sheets if necessary)

*Where more than one perpetrator is alleged, please answer the questions separately as to each perpetrator.*

a. Please describe in detail, being as specific as you can, what injuries (including physical, mental and/or emotional) have occurred to you because of the act or acts of Abuseabuse or other wrongful conduct that resulted in the claim (for example, the effect on your education, employment, personal relationships, health, and any physical injuries)?

_____

_____

_____

_____

_____

_____

b. Have you sought counseling or other treatment for your injuries? If so, with whom and when?

_____

_____

_____

_____

## **PART 5: ADDITIONAL INFORMATION**

a. Prior Bankruptcy Claims: Have you, or has anyone on your behalf, filed any claims in any other bankruptcy case relating to the abuse or wrongful conduct described in this claim?

☐ Yes ☐ No (If "Yes," ~~you are required to~~ attach a copy of any completed claim form.)

If "Yes," which case(s): _____

b. Prior Non-Bankruptcy Claims: Have you, or has anyone on your behalf, asserted or filed any claim or lawsuit seeking damages for the abuse or wrongful conduct described in this claim?

☐ Yes ☐ No (If "Yes," ~~you are required to~~ attach a copy of any completed claim form, and, if a lawsuit was filed, a copy of the complaint if not already attached as directed in Part 3.)

Please also describe the resolution of such claim (including whether such claim was settled, released, dismissed, or otherwise adjudicated or resolved).

If you previously filed a lawsuit, did you file a certificate of merit as required by California Code of Civil Procedure § 340.1?

☐ Yes ☐ No

c.  Settlements: Regardless of whether a complaint was ever filed against any party because of any abuse <u>or wrongful conduct</u> as described in this claim, have you settled <u>any</u> claim relating to abuse described in this claim?

☐ Yes ☐ No (If "Yes," please describe, including parties to the settlement and any payments received.  ~~You are required to attach~~<u>Attach</u> a copy of any settlement agreement.)

_____

_____

If "Yes," which case(s): _____

d.  Payments:  Regardless of whether your entered into any settlement, did you ever receive any payment from the ~~RCASF~~<u>Archdiocese</u> or any other person or entity because of any abuse against you.

☐ Yes ☐ No  (If "Yes," please describe who paid you, when they paid you, and how much they paid you.)

_____

_____

e.  Bankruptcy:  Have you ever filed bankruptcy? ☐ Yes ☐ No (If "Yes," please provide the following information:

> Name of Case: _____ Court: _____

> Date filed: _____ Case No. _____

> Chapter:     7     11     12     13     Name of Trustee: _____

**Sign and print your name. If you are signing the claim on behalf of ~~a minor~~another person or an estate ~~of a Survivor Claimant who is deceased or incapacitated~~, print your title.**

**Under penalty of perjury, I declare the foregoing statements to be true and correct.**

**Date:** _____

**Signature:** _____

**Print Name:** _____

**Title:** _____
(Relationship of signer to party on behalf of whom claim is being made, such as parent, family member, guardian, custodian, attorney, executor of estate)

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to five years, or both.  18 U.S.C. §§ 152 and 3571.

| Summary report:<br>Litera Compare for Word 11.4.0.111 Document comparison done on<br>11/8/2023 2:57:39 PM | |
|---|---|
| **Style name:** SMRH Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4879-4650-0737/6/RCASF - Claims Procedures Motion Ex. 3 (Instructions to Survivor Proof of Claim and Survey).docx | |
| **Modified DMS:** nd://4879-4650-0737/8/RCASF - Claims Procedures Motion Ex. 3 (Instructions to Survivor Proof of Claim and Survey).docx | |
| **Changes:** | |
| Add | 95 |
| Delete | 86 |
| Move From | 3 |
| Move To | 3 |
| Table Insert | 1 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 189 |

**Exhibit 4**

(Revised Form of Proposed Survivor Bar Date Notice)

1

1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:    (916) 329-7400
5  Facsimile:    (916) 329-7435
   Email:        ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
                 tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9    A Limited Liability Partnership
     Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:    (415) 434-9100
   Facsimile:    (415) 434-3947
12 Email:        okatz@sheppardmullin.com
                 amartin@sheppardmullin.com
13
   Attorneys for The Roman Catholic Archbishop of
14 San Francisco

15              UNITED STATES BANKRUPTCY COURT

16       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17 | In re | Case No. 23-30564 |

18 | THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |

19 | | **NOTICE OF DEADLINE FOR FILING CLAIMS RELATING TO OR ARISING FROM ABUSE** |

20 | Debtor and Debtor in Possession. | |

21

22

23     **TO ALL PERSONS AND ENTITIES WITH CLAIMS ARISING FROM ABUSE FOR WHICH THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO MAY BE LIABLE:**

24

25     **FEBRUARY 20, 2024 IS THE LAST DATE TO FILE PROOFS OF CLAIM FOR ABUSE.**

26     On August 21, 2023 (the "<u>Petition Date</u>") The Roman Catholic Archbishop of San Francisco
aka the Archdiocese of San Francisco, debtor and debtor in possession ("<u>Debtor</u>" or "<u>Archdiocese</u>")
27 in the above-captioned case (the "<u>Bankruptcy Case</u>") filed a voluntary petition for relief under
chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the
28 Northern District of California (the "<u>Court</u>").  The Debtor, its address, case number, proof of claim

forms and other relevant information related to this Bankruptcy Case may be obtained at: https://omniagentsolutions.com/RCASF. Any person who believes that he or she has, or may have, a claim arising from abuse (described below) for which the person believes the Debtor may be liable (each a "Survivor Claim" and collectively, the "Survivor Claims") should carefully read this notice.

For the purposes of proofs of claim filed against the Archdiocese by Survivor Claimant, a "**Survivor Claim**" is defined as: any Claim (as defined in section 101(5) of the Bankruptcy Code) against the Archdiocese resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the Archdiocese or any other person or entity for whose acts or failures to act the Archdiocese is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. A Survivor Claim includes all claims for Childhood Sexual Assault, as that term is defined by California Code of Civil Procedure Section 340.1 (d).

A "**Survivor Claimant**" is defined as the person asserting a Survivor Claim against the Archdiocese, or, if a minor or legally incapacitated adult, then his/her parent or legal guardian or custodian.

Finally, for the purposes of this Proof of Claim, "**Abuse**" means conduct giving rise to a Survivor Claim.

## **FILING DEADLINE**

The United States Bankruptcy Court for the Northern District of California entered an order (the "Bar Date Order") establishing February 20, 2024, as the last date (the "Survivor Bar Date") for each Survivor Claimant to file a mandatory three-page "Official Form 410" (the "Survivor Claim Form"). The Survivor Bar Date and the procedures set forth below for filing proofs of claim apply to all Survivor Claims against the Debtor.

## **WHO MUST FILE**

If you believe that you have a Survivor Claim, you must file a Survivor Claim Form to maintain and/or preserve any claims that you have against the Debtor. Even if you have already filed a lawsuit against the Debtor alleging abuse you must still file a Survivor Claim Form to maintain and/or preserve your rights in the Debtor's chapter 11 case.

## **WHAT TO FILE**

**FILE A SURVIVOR CLAIM FORM AND OPTIONAL SUPPLEMENT, COPIES OF WHICH ARE ENCLOSED. YOU MAY ALSO OBTAIN A COPY OF THE SURVIVOR CLAIM FORM AND OPTIONAL SUPPLEMENT BY FOLLOWING THE INSTRUCTIONS BELOW. ALL SURVIVOR CLAIM FORMS AND OPTIONAL SUPPLEMENTS FILED BY A SURVIVOR CLAIMANT WILL BE KEPT STRICTLY CONFIDENTIAL AS DESCRIBED BELOW.**

## **PROCEDURES FOR FILING A SURVIVOR CLAIM FORM**

To file a Survivor Claim Form:

- Fill out the confidential Survivor Claim Form, and if you so choose, the optional Supplement. A copy of each is provided with this Survivor Claims Bar Date Notice, and can also be obtained here: https://omniagentsolutions.com/RCASF-SurvivorClaims

- Survivor Claimants are strongly encouraged to complete and submit the optional Supplement to the Survivor Claim Form. Completing this Supplement in full will allow the Debtor to understand the facts supporting your Survivor Claim against the Debtor. This information will be used by the Debtor, the Committee, and other parties in interest bound by strict confidentiality agreements in, among other things, their efforts to consensually resolve the issues in this Bankruptcy Case. Additionally, providing the information requested in the Supplement may reduce the likelihood that parties to the Bankruptcy Case will need to seek more information from you at some later date under more formal procedures (e.g., deposition, written interrogatories, or other methods of discovery).

- For additional copies of the confidential Survivor Claim Form or Supplement: (a) photocopy the confidential Survivor Claim Form or Supplement; or (b) contact the Debtor's claims agent Omni Agent Solutions, Inc. via email at RCASFinquiries@omniagnt.com or by phone at 888-480-6507 (U.S. and Canada toll free) or 747-293-0084 (International), between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Pacific Time), Monday through Friday, or (c) visit the website at: https://omniagentsolutions.com/RCASF-SurvivorClaims.

- **Please note that the Debtor's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.**

- Return the original completed Survivor Claim Form and Supplement (if submitting) **so as to be received** by **February 20, 2024**, as follows:

  **If Survivor Claim Form is sent by mail, hand delivery, or overnight courier:**

  > The Roman Catholic Archbishop of San Francisco
  > c/o Omni Agent Solutions
  > 5955 De Soto Ave., Suite 100
  > Woodland Hills, CA 91367

  **Or electronically at: https://omniagentsolutions.com/RCASF-SurvivorClaims**

- **Do not file** the Survivor Claim Form or the optional Supplement with the Bankruptcy Court.

- Survivor Claim Forms will be deemed timely filed only if they are received by Omni Agent Solutions, Inc. by **February 20, 2024**.

- Please note that a Survivor Claim Form or Supplement submitted by facsimile, telecopy or electronic mail transmission will not be accepted and will not be deemed filed.

**CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM**

The deadline for filing a Survivor Claim Form is February 20, 2024. Any person who has a Survivor Claim and does not file a Survivor Claim Form by that date may not be treated as a creditor for voting or distribution purposes under any plan of reorganization and such claim will be subject to discharge. Failure to file a Survivor Claim Form may prevent such person from voting on any plan of reorganization in this case. Further, if such Survivor Claim is discharged, the Survivor Claimant may be forever barred and prevented from asserting his or her Survivor Claim against the Debtor or its property, and may not receive any payment or distribution in connection with such Survivor Claim.

**CONFIDENTIALITY**

Pursuant to the Bar Date Order, filed Survivor Claim Form and the optional Supplement thereto will remain confidential in this bankruptcy case. Therefore, the Survivor Claim Form and optional Supplement thereto that you file will not be available to the general public, but will be kept confidential, except that as specified by court order information will be provided to the Debtor, the Debtor's attorneys, the United States Trustee's Office for the Northern District of California, the Debtor's insurers, attorneys for the official committee of unsecured creditors and its members, any unknown claims representative appointed under a plan of reorganization, any settlement trustee appointed to administer payments to Survivor Claimants, and such other persons as the Court determines should have the information in order to evaluate the Survivor Claim, all of whom will agree to keep the information provided by you confidential.

Dated: November ___, 2023

FELDERSTEIN FITZGERALD WILLOUGHBY
PASCUZZI & RIOS LLP

By _____
    PAUL J. PASCUZZI
    JASON E. RIOS
    THOMAS R. PHINNEY
    Attorneys for The Roman Catholic
    Archbishop of San Francisco

Dated: November ___, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
    ORI KATZ
    ALAN H. MARTIN

    Attorneys for The Roman Catholic
    Archbishop of San Francisco

SMRH:4886-5695-8596.6

4

**Exhibit 4-A**

(Blackline of Revised Form of Survivor Bar Date Notice Compared Against
Proposed Survivor Bar Date Notice [Ex. 6 to Motion])

PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:      (916) 329-7400
Facsimile:      (916) 329-7435
Email:          ppascuzzi@ffwplaw.com
                jrios@ffwplaw.com
                tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:      (415) 434-9100
Facsimile:      (415) 434-3947
Email:          okatz@sheppardmullin.com
                amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**NOTICE OF DEADLINE FOR FILING CLAIMS RELATING TO OR ARISING FROM ABUSE** |

      **TO ALL PERSONS AND ENTITIES WITH CLAIMS ARISING FROM ABUSE FOR WHICH THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO MAY BE LIABLE:**

      ~~JANUARY 12~~FEBRUARY 20, **2024 IS THE LAST DATE TO FILE PROOFS OF CLAIM FOR ABUSE.**

      On August 21, 2023 (the "Petition Date") The Roman Catholic Archbishop of San Francisco aka the Archdiocese of San Francisco, debtor and debtor in possession ("Debtor" or "~~RCASF~~Archdiocese") in the above-captioned case (the "Bankruptcy Case") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California (the "Court").  The Debtor, its address,

case number, proof of claim forms and other relevant information related to this Bankruptcy Case may be obtained at: https://omniagentsolutions.com/RCASF. Any person who believes that he or she has, or may have, a claim arising from abuse (described below) for which the person believes the Debtor may be liable (each a "Survivor Claim" and collectively, the "Survivor Claims") should carefully read this notice.

For the purposes of ~~this proof~~proofs of claim, ~~a~~ filed against the Archdiocese by Survivor Claimant, a "**Survivor Claim**" is defined as: any Claim (as defined in section 101(5) of the Bankruptcy Code) against ~~RCASF~~the Archdiocese resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the ~~RCASF~~Archdiocese or any other person or entity for whose acts or failures to act the ~~RCASF~~Archdiocese is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. A Survivor Claim includes all claims for Childhood Sexual Assault, as that term is defined by California Code of Civil Procedure Section 340.1 (d).

A "**Survivor Claimant**" is defined as the person asserting a Survivor Claim against the Archdiocese, or, if a minor or legally incapacitated adult, then his/her parent or legal guardian or custodian.

Finally, for the purposes of this Proof of Claim, "**Abuse**" means conduct giving rise to a Survivor Claim.

## FILING DEADLINE

The United States Bankruptcy Court for the Northern District of California entered an order (the "Bar Date Order") establishing ~~January 12~~February 20, 2024, as the last date (the "Survivor Bar Date") for each Survivor Claimant to file a ~~proof of claim form (the "~~mandatory three-page "Official Form 410" (the "Survivor Claim Form"). The Survivor Bar Date and the procedures set forth below for filing proofs of claim apply to all Survivor Claims against the Debtor.

## WHO MUST FILE

If you believe that you have a Survivor Claim, you must file a Survivor Claim Form to maintain and/or preserve any claims that you have against the Debtor. Even if you have already filed a lawsuit against the Debtor alleging abuse you must still file a Survivor Claim Form to maintain and/or preserve your rights in the Debtor's chapter 11 case.

## WHAT TO FILE

FILE A ~~CONFIDENTIAL~~ SURVIVOR CLAIM FORM AND ~~VOLUNTARY CONFIDENTIAL SURVIVOR~~OPTIONAL SUPPLEMENT, COPIES OF WHICH ARE ENCLOSED. YOU MAY ALSO OBTAIN A COPY OF THE SURVIVOR CLAIM FORM AND OPTIONAL SUPPLEMENT BY FOLLOWING THE INSTRUCTIONS BELOW.

**ALL SURVIVOR CLAIM FORMS AND OPTIONAL SUPPLEMENTS FILED BY A SURVIVOR CLAIMANT WILL BE KEPT STRICTLY CONFIDENTIAL AS DESCRIBED BELOW.**

**PROCEDURES FOR FILING A SURVIVOR CLAIM FORM**

To file a Survivor Claim Form:

- Fill out the confidential Survivor Claim Form, and if you so choose, the ~~voluntary Confidential Survivor~~optional Supplement. A copy of each is provided with this Survivor Claims Bar Date Notice, and can also be obtained here: https://omniagentsolutions.com/RCASF-SurvivorClaims

- Survivor ~~claimants~~Claimants are strongly encouraged to complete and submit the ~~Confidential Survivor~~optional Supplement.~~ The failure to submit a completed Confidential Survivor Supplement with any proof of claim asserting a Survivor Claim may be a basis for an objection to such claim.~~ to the Survivor Claim Form. Completing this Supplement in full will allow the Debtor to understand the facts supporting your Survivor Claim against the Debtor. This information will be used by the Debtor, the Committee, and other parties in interest bound by strict confidentiality agreements in, among other things, their efforts to consensually resolve the issues in this Bankruptcy Case. Additionally, providing the information requested in the Supplement may reduce the likelihood that parties to the Bankruptcy Case will need to seek more information from you at some later date under more formal procedures (e.g., deposition, written interrogatories, or other methods of discovery).

- For additional copies of the confidential Survivor Claim Form or Supplement: (a) photocopy the confidential Survivor Claim Form or Supplement; or (b) contact the Debtor's claims agent Omni Agent Solutions, Inc. via email at RCASFinquiries@omniagnt.com or by phone at 888-480-6507 (U.S. and Canada toll free) or 747-293-0084 (International), between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Pacific Time), Monday through Friday, or (c) visit the website at: https://omniagentsolutions.com/RCASF-SurvivorClaims.

- **Please note that the Debtor's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.**

- Return the original completed Survivor Claim Form and Supplement (if submitting) **so as to be received** by ~~January 12~~February 20, 2024, as follows:

    **If Survivor Claim Form is sent by mail, hand delivery, or overnight courier:**

    The Roman Catholic Archbishop of San Francisco
    c/o Omni Agent Solutions
    5955 De Soto Ave., Suite 100
    Woodland Hills, CA 91367

    **Or electronically at: https://omniagentsolutions.com/RCASF-SurvivorClaims**

- **Do not file** the Survivor Claim Form or the optional Supplement with the Bankruptcy Court.

- Survivor Claim Forms will be deemed timely filed only if they are received by Omni Agent Solutions, Inc. by ~~January 12~~February 20, 2024.

- Please note that a Survivor Claim Form or Supplement submitted by facsimile, telecopy or electronic mail transmission will not be accepted and will not be deemed filed.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

**The deadline for filing a Survivor Claim Form is ~~January 12~~February 20, 2024. Any person who has a Survivor Claim and does not file a Survivor Claim Form by that date may not be treated as a creditor for voting or distribution purposes under any plan of reorganization and such claim will be subject to discharge. Failure to file a Survivor Claim Form may prevent such person from voting on any plan of reorganization in this case. Further, if such Survivor Claim is discharged, the Survivor Claimant may be forever barred and prevented from asserting his or her Survivor Claim against the Debtor or its property, and may not receive any payment or distribution in connection with such Survivor Claim.**

## CONFIDENTIALITY

Pursuant to the Bar Date Order, filed Survivor Claim ~~Forms and the Confidential Survivor~~Form and the optional Supplement thereto will remain confidential in this bankruptcy case. Therefore, the Survivor Claim Form and ~~Confidential Survivor~~optional Supplement thereto that you file will not be available to the general public, but will be kept confidential, except that as specified by court order information will be provided to the Debtor, the Debtor's attorneys, the United States Trustee's Office for the Northern District of California, the Debtor's insurers, attorneys for the official committee of unsecured creditors and its members, any unknown claims representative appointed under a plan of reorganization, any settlement trustee appointed to administer payments to Survivor Claimants, and such other persons as the Court determines should have the information in order to evaluate the Survivor Claim, all of whom will agree to keep the information provided by you confidential.

Dated: ~~October~~November __, 2023

               FELDERSTEIN FITZGERALD WILLOUGHBY
               PASCUZZI & RIOS LLP

      By  _____

                PAUL J. PASCUZZI
                JASON E. RIOS
                THOMAS R. PHINNEY
                Attorneys for The Roman Catholic
                Archbishop of San Francisco

Dated: ~~October~~November __, 2023

               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

      By  _____

ORI KATZ
ALAN H. MARTIN

Attorneys for The Roman Catholic
Archbishop of San Francisco

Case: 23-30564    Doc# 297    Filed: 11/08/23    Entered: 11/08/23 17:42:36    Page 88 of
105

SMRH:4886-5695-8596.6

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 11/8/2023 3:56:30 PM | |
|---|---|
| **Style name:** SMRH Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4886-5695-8596/5/RCASF - Claims Procedures Motion Ex. 6 (Notice of Survivor Claims Bar Date).docx | |
| **Modified DMS:** nd://4886-5695-8596/6/RCASF - Claims Procedures Motion Ex. 6 (Notice of Survivor Claims Bar Date).docx | |
| **Changes:** | |
| Add | 37 |
| Delete | 22 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 59 |

1

**Exhibit 5**

2

(Revised Form of Proposed Confidentiality Agreement)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 5

(Proposed Confidentiality Agreement)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **CLAIMS CONFIDENTIALITY AGREEMENT** |

This Agreement ("<u>Agreement</u>") is entered into as of _____.

The undersigned (the "<u>Recipient</u>") is a Permitted Party pursuant to the Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing Confidentiality Protocols; and Approving Form and Manner of Notice (the "<u>Order</u>") [Docket No.____] on _____, 2023 by the United States Bankruptcy Court for the Northern District of California (the "<u>Court</u>") in Case No. 23-30564, In Re: The Roman Catholic Archbishop of San Francisco (the "<u>Case</u>").

**WHEREAS**, the Recipient requests access to Confidential Survivor Proof of Claim Forms[1] filed in the Case after execution of this Agreement pursuant to and in accordance with the terms of the Order;

**WHEREAS**, Recipient agrees to keep the information provided in any and all Confidential Survivor Proof of Claim Forms confidential pursuant to and in accordance with the terms of the Order and this Agreement; and

---

[1] Capitalized terms used but not defined herein shall have the meaning and definitions ascribed to them in the Order.

**WHEREAS**, with the exception of the parties identified in paragraph 16(e) of the Order, access to the Confidential Survivor Proof of Claim Forms extends only to the natural person who executes this Agreement. A separate confidentiality agreement must be signed by each natural person who seeks access to the Confidential Survivor Proof of Claim Forms on behalf of a Permitted Party.

**NOW, THEREFORE, IT IS AGREED AS FOLLOWS:**

1.      Recipient agrees to keep the information provided in the Confidential Survivor Proof of Claim Forms confidential pursuant to and in accordance with the terms of the Order;

2.      Recipient agrees to not distribute any Confidential Survivor Proof of Claim Forms or information provided in the Proof of Claim Forms in violation of the Confidentiality Protocols in the Order.

3.      Recipient agrees that only the natural person who executes this Agreement will have access to the Confidential Survivor Proof of Claim Forms unless Recipient is a Permitted Party pursuant to paragraph 16(e) of the Order.

4.      Recipient will only communicate information from the Confidential Survivor Proof of Claim Forms with other Permitted Parties who have executed a confidentiality agreement pursuant to the Order.

5.      Recipient consents to the jurisdiction of the Court to adjudicate any violation of this Agreement or the Order.

6.      Recipient shall report any disclosure of information from a confidential Survivor Claim to the Debtor and any appointed Committee within seven days of becoming aware of such disclosure, and shall cooperate with efforts to recover the information and/or mitigate the effects of the disclosure.

Dated: _____, 2023.

Signature: _____

Print Name: _____

Name of Party Represented (if any): _____

**Exhibit 5-A**

(Blackline of Revised Form of Proposed Confidentiality Agreement Compared Against
Proposed Confidentiality Agreement [Ex. 4 to Motion])

Exhibit 5

(Proposed Confidentiality Agreement)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **CLAIMS CONFIDENTIALITY AGREEMENT** |

This Agreement ("<u>Agreement</u>") is entered into as of _____.

The undersigned (the "<u>Recipient</u>") is a Permitted Party pursuant to the Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing Confidentiality Protocols; and Approving Form and Manner of Notice (the "<u>Order</u>") [Docket No.____] on _____, 2023 by the United States Bankruptcy Court for the Northern District of California (the "<u>Court</u>") in Case No. 23-30564, In Re: The Roman Catholic Archbishop of San Francisco (the "<u>Case</u>").

**WHEREAS**, the Recipient requests access to ~~confidential~~<u>Confidential</u> Survivor Proof of Claim Forms[1] filed in the Case after execution of this Agreement pursuant to and in accordance with the terms of the Order;

**WHEREAS**, Recipient agrees to keep the information provided in any and all <u>Confidential</u> Survivor Proof of Claim Forms confidential pursuant to and in accordance with the terms of the Order and this Agreement; and

---
[1] Capitalized terms used but not defined herein shall have the meaning and definitions ascribed to them in the Order.

**WHEREAS**, with the exception of the parties identified in paragraph ~~15~~16(~~d~~e) of the Order, access to the Confidential Survivor Proof of Claim Forms extends only to the natural person who executes this Agreement. A separate ~~confidentially~~confidentiality agreement must be signed by each natural person who seeks access to the Confidential Survivor Proof of Claim Forms on behalf of a Permitted Party.

**NOW, THEREFORE, IT IS AGREED AS FOLLOWS:**

1. Recipient agrees to keep the information provided in the Confidential Survivor Proof of Claim Forms confidential pursuant to and in accordance with the terms of the Order;

2. Recipient agrees to not distribute any Confidential Survivor Proof of Claim Forms or information provided in the Proof of Claim Forms in violation of the Confidentiality Protocols in the Order.

3. Recipient agrees that only the natural person who executes this Agreement will have access to the Confidential Survivor Proof of Claim Forms unless Recipient is a Permitted Party pursuant to paragraph ~~15~~16(~~d~~e) of the Order.

4. Recipient will only communicate information from the ~~confidential~~Confidential Survivor Proof of Claim Forms with other Permitted Parties who have executed a confidentiality agreement pursuant to the Order.

5. Recipient consents to the jurisdiction of the Court to adjudicate any violation of this Agreement or the Order.

6. Recipient shall ~~promptly~~ report any disclosure of information from a confidential Survivor Claim to the Debtor and any appointed Committee within seven days of becoming aware of such disclosure, and shall cooperate with efforts to recover the information and/or mitigate the effects of the disclosure.

Dated: _____, 2023.

Signature: _____

Print Name: _____

Name of Party Represented (if any): _____

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 11/7/2023 5:03:45 PM | |
|---|---|
| **Style name:** SMRH Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4876-2993-8820/1/RCASF - Claims Procedures Motion Ex. 4 (Confidentiality Agreement).docx | |
| **Modified DMS:** nd://4876-2993-8820/2/RCASF - Claims Procedures Motion Ex. 4 (Confidentiality Agreement).docx | |
| **Changes:** | |
| Add | 16 |
| Delete | 8 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 24 |

1

**Exhibit 6**

2

(Revised Form of Proposed Publication Notice)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Exhibit 6

(Proposed Publication Notice)

**U.S. BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re: The Roman Catholic Archbishop of San Francisco, Case No. 23-30564**

**Notice of Deadline for Filing Claims: <u>February 20, 2024</u>**

**YOU MAY HAVE A SEXUAL ABUSE CLAIM OR OTHER CLAIM**
**AGAINST THE ARCHDIOCESE OF SAN FRANCISCO**

On August 21, 2023, The Roman Catholic Archbishop of San Francisco, a California corporation sole, aka Archdiocese of San Francisco (the "<u>Debtor</u>"), filed for protection under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**If you were sexually abused by any person connected with the Debtor, you must file a claim so as to be received by February 20, 2024, or otherwise you will be forever barred, estopped, and enjoined from asserting such claim against the Debtor.**

**Claims based on acts or omissions of the Debtor that occurred before August 21, 2023, must be filed on or before February 20, 2023, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before August 21, 2023.**

For more information on how to obtain and file a proof of claim form and associated documents, please visit <u>www.omniagentsolutions.com/RCASF</u>, or contact Omni Agent Solutions, Inc., the Debtor's claims agent via email at RCASFinquiries@omniagnt.com or by phone at 888-480-6507 (U.S. and Canada toll free) or 747-293-0084 (International), between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Pacific Time), Monday through Friday.

**\*\*If you have questions about the bankruptcy case filed by the Archdiocese of San Francisco, please also visit the website at <u>https://sfarch.org</u> and follow the links for Chapter 11 Filing\*\***

SMRH:4867-8263-2836.3

Case: 23-30564    Doc# 297    Filed: 11/08/23    Entered: 11/08/23 17:42:36    Page 100
of 105

# Exhibit 6-A

(Blackline of Revised Form of Proposed Publication Notice Compared Against
Proposed Publication Notice [Ex. 7 to Motion])

Exhibit 6

(Proposed Publication Notice)

---

**U.S. BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re: The Roman Catholic Archbishop of San Francisco, Case No. 23-30564**

**Notice of Deadline for Filing Claims: ~~January 12~~February 20, 2024**

**YOU MAY HAVE A SEXUAL ABUSE CLAIM OR OTHER CLAIM**
**AGAINST THE ARCHDIOCESE OF SAN FRANCISCO**

On August 21, 2023, The Roman Catholic ~~Bishop~~Archbishop of San Francisco, a California corporation sole, aka Archdiocese of San Francisco~~,~~ (the "Debtor"), filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**If you were sexually abused by any person connected with the Debtor, you must file a claim so as to be received by ~~January 12~~February 20, 2024, or otherwise you will be forever barred, estopped, and enjoined from asserting such claim against the Debtor.**

**Claims based on acts or omissions of the Debtor that occurred before August 21, 2023, must be filed on or before ~~the applicable bar date~~February 20, 2023, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before August 21, 2023.**

For more information on how to obtain and file a proof of claim form and associated documents, please visit www.omniagentsolutions.com/RCASF, or contact Omni Agent Solutions, Inc., the Debtor's claims agent via email at RCASFinquiries@omniagnt.com or by phone at 888-480-6507 (U.S. and Canada toll free) or 747-293-0084 (International), between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Pacific Time), Monday through Friday.

**\*\*If you have questions about the bankruptcy case filed by the Archdiocese of San Francisco, please also visit the website at https://sfarch.org and follow the links for Chapter 11 Filing\*\***

-1-

SMRH:4867-8263-2836.3

Case No. 23-30564

CLAIMS PROCEDURES MOTION – EX. 7

SMRH:4867-8263-2836.3

Case: 23-30564    Doc# 297    Filed: 11/08/23    Entered: 11/08/23 17:42:36    Page 103 of 105

SMRH:4867-8263-2836.3

Case: 23-30564    Doc# 297    Filed: 11/08/23    Entered: 11/08/23 17:42:36    Page 104 of 105

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 11/8/2023 1:47:15 PM | |
|---|---|
| **Style name:** SMRH Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4867-8263-2836/2/RCASF - Claims Procedures Motion Ex. 7 (Publication Notice).docx | |
| **Modified DMS:** nd://4867-8263-2836/4/RCASF - Claims Procedures Motion Ex. 7 (Publication Notice).docx | |
| **Changes:** | |
| Add | 16 |
| Delete | 5 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 21 |