PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:      (916) 329-7400
Facsimile:      (916) 329-7435
                ppascuzzi@ffwplaw.com
                jrios@ffwplaw.com
                tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:      (415) 434-9100
Facsimile:      (415) 434-3947
                okatz@sheppardmullin.com
                amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP<br>OF SAN FRANCISCO,<br><br>                Debtor and<br>                Debtor In Possession. | CASE NO. 23-30564<br><br>Chapter 11<br><br>**SECOND NOTICE OF FILED DECLARATIONS AND QUESTIONNAIRES OF ORDINARY COURSE PROFESSIONALS IN SUPPORT OF THE RETENTION OF (1) ALLEN, GLAESSNER, HAZELWOOD & WERTH LLP; (2) BEST BEST & KRIEGER LLP; (3) JACKSON LEWIS LLP; (4) LITTLER MENDELSON, PC; (5) BEACON POINTE LLP; (6) RANKIN ONEAL**<br><br>Judge:        Hon. Dennis Montali |

On October 16, 2023, the Court entered an *Order Pursuant to 11 U.S.C. §§ 105(a), 327,*

*328, and 330 Authorizing the Debtor to Employ Professionals Used in the Ordinary Course of*

Case: 23-30564   Doc# 308   Filed: 11/15/23   Entered: 11/15/23 11:38:39   Page 1 of 51

1  *Business* [Docket No. 211] (the "OCP Order")[1].

2       Pursuant to the procedures set forth in the OCP Order, the debtor and debtor in possession,

3  The Roman Catholic Archbishop of San Francisco (the "Debtor") hereby provides to the Court

4  and the Reviewing Parties the executed "OCP Declarations" and "Retention Questionnaires,"

5  copies of which are attached hereto, for the following ordinary course professionals:

| Exhibit | Name of Ordinary Course Professional |
|---------|--------------------------------------|
| Exhibit 1 | Allen, Glaessner, Hazelwood & Werth LLP |
| Exhibit 2 | Best Best & Krieger LLP |
| Exhibit 3 | Jackson Lewis LLP |
| Exhibit 4 | Littler Mendelson, PC |
| Exhibit 5 | Beacon Pointe LLP |
| Exhibit 6 | Rankin O'Neal[2] |

Dated: November 15, 2023      FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

     By:    */s/ Jason E. Rios*
             PAUL J. PASCUZZI
             JASON E. RIOS
             THOMAS R. PHINNEY

     Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: November 15, 2023      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

     By:    */s/ Ori Katz*
             ORI KATZ
             ALAN H. MARTIN

     Attorneys for The Roman Catholic Archbishop of San Francisco

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Ordinary Course Professionals Order.

[2] The Motion and Order reference the law firm Rankin Stock Haeberlin O'Neal which is winding up and will be replaced by Rankin O'Neal.

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC<br>ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor In Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION AND DISCLOSURE STATEMENT OF PETER O. GLAESSNER, ON BEHALF OF ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP** |

To be completed by Professionals engaged by The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

I, Peter O. Glaessner, hereby declare as follows:

1.    I am a partner of Allen, Glaessner, Hazelwood & Werth, LLP, located at 180 Montgomery Street, Suite 1200, San Francisco, CA 94104 (the "Firm").

2.    The Debtor in the above-captioned chapter 11 case has requested that the Firm provide legal services to the Debtor, and the Firm has consented to provide such services (the "Services"). The Firm has had a long standing relationship with the Debtor since 2015 and does not have a formal Engagement Agreement.

3.    The Services include, but are not limited to, the following:

Other legal services including, but not limited to, general civil litigation business and employment matters.

4.    The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case. The Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys,

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY
PROFESSIONALS

618806.1

or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this chapter 11 case, the Debtor owed the Firm $291.50 in respect of prepetition services rendered to the Debtor.

8. If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration and Disclosure Statement was executed on November 1, 2023, at San Francisco, CA.

_____
Peter O. Glaessner

Exhibit 2 to Order on Motion to Employ Professionals

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor In Possession.

Case No. 23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

All questions **must** be answered.   Please use "none," "not applicable," or "N/A," as appropriate.  If more space is needed, please complete on a separate page and attach.

1.      Name and address of professional:

Peter O. Glaessner – Allen, Glaessner, Hazelwood & Werth, LLP

180 Montgomery Street, Suite 1200, San Francisco, California, 94104

2.      Date of retention: July 15, 2015

3.      Type of Services to be provided:

Legal Services

4.      Brief description of services to be provided:

Other legal services including, but not limited to, general civil litigation business and employment matters.

5.      Arrangements for compensation (hourly, contingent, etc.):

Hourly

    (a)      Average hourly rate (if applicable): $300.00 per partner; $240.00 per associate

    (b)      Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):  $10,000.00 per month.

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY
PROFESSIONALS

6. Prepetition claims against the Debtor held by the company (if any):

 Amount of claim: $ 291.50

 Date claim arose: 8/21/2023

 Nature of claim: legal services

7. Prepetition claims against the Debtor (if any) held individually by any member, associate, or employee of the company:

 Name: NA

 Status: NA

 Amount of claim: $0.00

 Date claim arose: NA

 Nature of claim: NA

8. Disclose the nature and provide a brief description of any interest adverse to the Debtor or its estate for the matters on which the professional is to be employed:

NA

9. Name and title of individual completing this form:

Alicia Lowder / Office Administrator

Dated: November 1, 2023

_____
Alicia Lowder / Office Administrator

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

# EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor In Possession.

Case No. 23-30564

Chapter 11

**DECLARATION AND DISCLOSURE STATEMENT OF JEFFREY C. CHANG, ON BEHALF OF BEST BEST & KRIEGER LLP**

To be completed by Professionals engaged by The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

I, JEFFREY C. CHANG, hereby declare as follows:

1.     I am a Partner of Best Best & Krieger LLP, located at 500 Capitol Mall, Suite 1700, Sacramento, CA 95814 (the "Firm").

2.     The Debtor in the above-captioned chapter 11 case has requested that the Firm serve as benefits counsel with regard to the following pension and retirement plans of Debtor:

The Archdiocese of San Francisco Parochial Pension Plan

The Archdiocese of San Francisco Lay Supplemental Retirement Plan

The Archdiocese of San Francisco Priests Retirement Plan

The Archdiocese of San Francisco Priests Supplemental Retirement Plan

(The above-listed plans are referred to herein collectively as the "Plans.")

The Firm has consented to provide such services (the "Services"). Attached hereto is a true and correct copy of the engagement agreement between the Debtor and the Firm (the "Engagement Agreement"). The Engagement Agreement does not contain indemnification and/or limitation of liability provisions.

3.     The Services include, but are not limited to, the following

Assisting the Debtor with managing and overseeing the Plans, including but not limited to implementing any necessary changes and revisions to the Plans and implementing any design changes to the Plans requested by the Debtor.

4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case.  The Firm does not perform services for any such person in connection with this chapter 11 case.  In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than principals and regular employees of the Firm.

6.      Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.   The Firm currently represents certain creditors of this estate in unrelated matters. The following creditors are active clients of the Firm:

1.   City of Santa Rosa
2.   County of Kern
3.   County of Marin
4.   JPMorgan Chase
5.   Bridge Bank (Western Alliance Bank)
6.   Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation
7.   Notre Dame High School
8.   City National Bank
9.   St. Luke Church

The services the Firm provides to the above-referenced clients are unrelated to this bankruptcy estate and are nonbankruptcy in field and scope.  The Firm has determined that it is not necessary to obtain waivers from the above-referenced clients, as it has been advised that these parties do not have claims in the estate; however, if, in the future, any of the parties asserts a claim in the

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

83267.00102\41802730.1

estate, the Firm will obtain waivers from its clients that time, as necessary.

7.    As of the commencement of this chapter 11 case, the Debtor owed the Firm $0.00 in respect of prepetition services rendered to the Debtor.

8.    If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration and Disclosure Statement was executed on November 10, 2023, at Sacramento, California.

JEFFREY C. CHANG

83267.00102\41802730.1

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS



Indian Wells
(760) 568-2611

Irvine
(949) 263-2600

Los Angeles
(213) 617-8100

Ontario
(909) 989-8584

Riverside
(951) 686-1450

San Diego
(619) 525-1300

Walnut Creek
(925) 977-3300

Washington, DC
(202) 785-0600

500 Capitol Mall, Suite 1700, Sacramento, CA 95814
Phone: (916) 325-4000 | Fax: (916) 325-4010 | www.bbklaw.com

September 12, 2017

Joe Passarello
Chief Financial Officer
Archdiocese of San Francisco
One Peter Yorke Way
San Francisco, CA 94109

Re:    Engagement Letter

Dear Mr. Passarello:

## ABOUT OUR REPRESENTATION

Best Best & Krieger LLP is pleased to represent the Archdiocese of San Francisco ("Archdiocese"). Specifically, we will provide advice on various employee benefit related matters as you request. This letter constitutes our agreement setting the terms of our representation. If you want us to represent you and agree to the terms set forth in this letter, after you review the letter please sign it and return the signed copy to us.

## CONFIDENTIALITY AND ABSENCE OF CONFLICTS

An attorney-client relationship requires mutual trust between the client and the attorney. It is understood that communications exclusively between counsel and the client are confidential and protected by the attorney-client privilege.

To also assure mutuality of trust, we have maintained a conflict of interest index. The California Rules of Professional Conduct defines whether a past or present relationship with any party prevents us from representing the Archdiocese. Similarly, the Archdiocese will be included in our list of clients to ensure we comply with the Rules of Professional Conduct with respect to the Archdiocese.

We have checked the following name against our client index: Archdiocese of San Francisco. Based on that check, we can represent the Archdiocese if we obtain written consent from you as discussed in the accompanying waiver letter describing a conflict of interest or potential conflict of interest.

09951.00000\30142268.1
9/12/17



### YOUR OBLIGATIONS ABOUT FEES AND BILLINGS

We have already discussed with you the fee arrangement. Our current hourly billing rates are:

| | |
|---|---|
| Jeff Chang, Partner | $695 |
| Susan Neethling, Of Counsel | $500 |
| David Allen, Pension Consultant | $365 |

The billing rates for others are described in the memorandum attached to this letter which is entitled "Best Best & Krieger LLP's Billing Policies." It also describes the other aspects of our firm's billing policies. You should consider the Billing Policies memorandum part of this agreement as it binds both of us. For that reason, you should read it carefully.

### INSURANCE

We are also pleased to let you know that Best Best & Krieger LLP carries errors and omissions insurance with Lloyd's of London. After a standard deductible, this insurance provides coverage beyond what is required by the State of California.

### NEW MATTERS

When we are engaged by a new client on a particular matter, we are often later asked to work on additional matters. You should know that such new matters will be the subject of a new signed supplement to this agreement. Similarly, this agreement does not cover and is not a commitment by either of us that we will undertake any appeals or collection procedures. Any such future work would also have to be agreed upon in a signed supplement.

### HOW THIS AGREEMENT MAY BE TERMINATED

You, of course, have the right to end our services at any time. If you do so, you will be responsible for the payment of fees and costs accrued but not yet paid, plus reasonable fees and costs in transferring the case to you or your new counsel. By the same token, we reserve the right to terminate our services to you upon written notice, order of the court, or in accordance with our attached Billing Policies memorandum. This could happen if you fail to pay our fees and costs as agreed, fail to cooperate with us in this matter, or if we determine we cannot continue to represent you for ethical or practical concerns.



**BEST BEST & KRIEGER** LLP

ATTORNEYS AT LAW

Joe Passarello
September 12, 2017
Page 3

<u>CLIENT FILE</u>

If you do not request the return of your file, we will retain your file for five years. After five years, we may have your file destroyed. If you would like your file maintained for more than five years or returned, you must make separate arrangements with us.

<u>THANK YOU</u>

On a personal note, we are pleased that you have selected Best Best & Krieger LLP to represent the Archdiocese. We look forward to a long and valued relationship and appreciate your confidence in selecting us to represent the Archdiocese. If you have any questions at any time about our services or billings, please do not hesitate to call me.

If this letter meets with your approval, please sign and date it, and return the original to us.

Very truly yours,

Jeff Chang
of BEST BEST & KRIEGER LLP

JC/sba


AGREED AND ACCEPTED:

By: _____
Dated: _____

09951.00000\30142268.1
9/12/17

# BEST BEST & KRIEGER LLP'S BILLING POLICIES

Our century of experience has shown that the attorney-client relationship works best when there is mutual understanding about fees, expenses, billing and payment terms. Therefore, this statement is intended to explain our billing policies and procedures. Clients are encouraged to discuss with us any questions they have about these policies and procedures. Clients may direct specific questions about a bill to the attorney with whom the client works or to our Accounts Receivable Department. Any specific billing arrangements different from those set forth below will be confirmed in a separate written agreement between the client and the firm.

## Fees for Professional Services

Unless a flat fee is set forth in our engagement letter with a client, our fees for the legal work we will undertake will be based in substantial part on time spent by personnel in our office on that client's behalf. In special circumstances which will be discussed with the client and agreed upon in writing, fees will be based upon the novelty or difficulty of the matter, or the time or other special limitations imposed by the client.

Hourly rates are set to reflect the skill and experience of the attorney or other legal personnel rendering services on the client's behalf. Time is accrued on an incremental basis for such matters as telephone calls (minimum .3 hour) and letters (minimum .5 hour), and on an actual basis for all other work. Our attorneys are currently billed at rates from $225 to $750 per hour, and our administrative assistants, law clerks, litigation analysts, research analysts, paralegals and pension consultants are billed at rates from $140 to $365 per hour. These hourly rates are reviewed annually to accommodate rising firm costs and to reflect changes in attorney status as lawyers attain new levels of legal experience. Any increases resulting from such reviews will be instituted automatically and will apply to each affected client, after advance notice.

Non-Attorney Personnel: BBK may employ the services of non-attorney personnel under the supervision of a BBK attorney in order to perform services called for in the legal services agreement. The most common non-attorney personnel utilized are paralegals. Other types of non-attorney personnel include, but are not limited to, case clerks, IT analysts, and specialty consultants. The client agrees that BBK may use such non-attorney personnel to perform its services when it is reasonably necessary in the judgment of the responsible BBK attorney. Hourly fees for non-attorney personnel will be charged at the rate then in effect for such personnel. A copy of BBK's current rates and titles for non-attorney personnel will be provided upon request. Except for paralegals, BBK will not incur more than $550 in fees for a non-attorney's work on a client matter without first confirming by email or written correspondence with the client the intended use of the non-attorney and the hourly rate for that person.

## Fees For Other Services, Costs and Expenses

We attempt to serve all our clients with the most effective support systems available. Therefore, in addition to fees for professional legal services, we also charge separately for some other services and expenses to the extent of their use by individual clients. These charges include but are not limited to, mileage at the current IRS approved rate per mile, extraordinary telephone and document delivery charges, copying charges, computerized research, court filing fees and other court-related expenditures including court reporter and transcription fees. No separate charge is made for secretarial or word processing services; those costs are included within the above hourly rates.

ESI: BBK provides Electronically Stored Information (ESI") services for matters requiring ESI support – typically litigation or threatened litigation matters. BBK shall receive payment for ESI support, if needed, at BBK's then current rates. A copy of BBK's current rates for such services will be provided upon request. BBK shall not incur costs for ESI support on a particular matter without first confirming by email or written correspondence with the client that the client agrees such services are necessary for the matter at hand.

We may need to advance costs and incur expenses on your behalf on an ongoing basis. These items are separate and apart from attorneys' fees and, as they are out-of-pocket charges, we need to have sufficient funds on hand from you to pay them when due. We will advise the client from time to time when we expect items of significant cost to be incurred, and it is required that the client send us advances to cover those costs before they are due.

### Advance Deposit Toward Fees And Costs

Because new client matters involve both a substantial undertaking by our firm and the establishment of client credit with our accounting office, we require an advance payment from clients. The amount of this advance deposit is determined on a case-by-case basis discussed first with the client, and is specified in our engagement letter.

Upon receipt, the advance deposit will be deposited into the firm's client trust account. Our monthly billings will reflect such applications of the advance deposit to costs and not to attorney's fees (unless otherwise noted in our accompanying engagement letter). At the end of engagement, we will apply any remaining balance first to costs and then to fees. We also reserve the right to require increases or renewals of these advanced deposits.

By signing the initial engagement letter, each client is agreeing that trust account balances may be withdrawn and applied to costs as they are incurred and to our billings, when we issue our invoice to the client. If we succeed in resolving your matter before the amounts deposited are used, any balance will be promptly refunded.

### Monthly Invoices and Payment

Best Best & Krieger LLP provides our clients with monthly invoices for legal services performed and expenses incurred. Invoices are due and payable upon receipt.

Each monthly invoice reflects both professional and other fees for services rendered through the end of the prior month, as well as expenses incurred on the client's behalf that have been processed by the end of the prior month. Processing of some expenses is delayed until the next month and billed thereafter.

Our fees are not contingent upon any aspect of the matter and are due upon receipt. All billings are due and payable within ten days of presentation unless the full amount is covered by the balance of an advance held in our trust account. If a bill is not paid within 30 days, a late charge of one percent per month on the unpaid invoice shall be added to the balance owed, commencing with the next statement and continuing until paid.

It is our policy to treat every question about a bill promptly and fairly. It is also our policy that if a client does not pay an invoice within 60 days of mailing, we assume the client is, for whatever reason, refusing to pay. We reserve the right to terminate our engagement and withdraw as attorney of record whenever our invoices are not paid. If an invoice is 60 days late, however, we may advise the client by letter that the client must pay the invoice within 14 days or the firm will take appropriate steps to withdraw as attorney of record. If the delay is caused by a problem in the invoice, we must rely upon the client to raise that with us during the 14-day period. This same policy applies to fee arrangements which require the client to replenish fee deposits or make deposits for anticipated costs.

From time to time clients have questions about the format of the bill or description of work performed. If you have any such questions, please ask them when you receive the bill so we may address them on a current basis.

### Changes in Fee Arrangements and Budgets

It may be necessary under certain circumstances for a client to increase the size of required advances for fees after the commencement of our engagement and depending upon the scope of the work. For example, prior to a protracted trial or hearing, the firm may require a further advance payment to the firm's trust account sufficient to cover expected fees. Any such changes in fee arrangements will be discussed with the client and mutually agreed in writing.

Because of the uncertainties involved, any estimates of anticipated fees that we provide at the request of a client for budgeting purposes, or otherwise, can only be an approximation of potential fees.

BEST BEST & KRIEGER LLP

Case: 23-30564    Doc# 308    Filed: 11/15/23    Entered: 11/15/23 11:38:39    Page 16 of
51

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

        Debtor and
        Debtor In Possession.

Case No.  23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

All questions **must** be answered.   Please use "none," "not applicable," or "N/A," as appropriate.  If more space is needed, please complete on a separate page and attach.

1.     Name and address of professional:

_Jeffrey C. Chang, Best Best & Krieger LLP ("BBK"), 500 Capitol Mall, Suite 1700, Sacramento, CA 95814_

2.     Date of retention:  _____September 22, 2015_____

3.     Type of Services to be provided:

BBK to serve as benefits counsel in regard to the following pension and retirement plans of Debtor:

The Archdiocese of San Francisco Parochial Pension Plan

The Archdiocese of San Francisco Lay Supplemental Retirement Plan

The Archdiocese of San Francisco Priests Retirement Plan

The Archdiocese of San Francisco Priests Supplemental Retirement Plan

The above-listed plans are referred to herein collectively as the "Plans."

4.     Brief description of services to be provided:

Assisting the Debtor with managing and overseeing the Plans, including but not limited to implementing any necessary changes and revisions to the Plans and implementing any design changes to the Plans requested by the Debtor.

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY
PROFESSIONALS

5. Arrangements for compensation (hourly, contingent, etc.):

Hourly compensation. BBK anticipates that attorneys and other personnel, including paralegals, will perform the work on behalf of the Debtor's estate at hourly rates that will vary from $300 to $750 per hour based upon the particular individual's experience and the complexity of the task assigned. These hourly rates are reviewed annually to accommodate rising firm costs and to reflect an attorney's status as lawyers attain new levels of legal experience. Any increase resulting from such reviews will be instituted automatically and will apply after advance notice. Present hourly rates for the professionals expected to perform the services are: Jeffrey C. Chang (Partner) - $750, Susan Neethling (Of Counsel) - $500, Adam Thomas (Of Counsel) - $475.

    (a)    Average hourly rate (if applicable): ___$575_____

    (b)    Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): _If services should be required in regard to the Plans, BBK estimates its average monthly billing will be between $1,000-2,500._____

6. Prepetition claims against the Debtor held by the company (if any): NONE

    Amount of claim: $_____

    Date claim arose: _____

    Nature of claim: _____

7. Prepetition claims against the Debtor (if any) held individually by any member, associate, or employee of the company: NONE

    Name: _____

    Status: _____

    Amount of claim: $_____

    Date claim arose: _____

    Nature of claim: _____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtor or its estate for the matters on which the professional is to be employed:

To the best of its knowledge, BBK is a disinterested entity, represents no interests adverse to the interests of the Debtor's estate with respect to the matters in which it is to perform services, and

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

83267.00102\41802565.1

does not represent any other party-in-interest in this case with regard to the matters to be undertaken as part of the proposed representation, and none of the attorneys comprising or employed by BBK have any connection with the Office of the United States Trustee, nor is any person currently employed with the Office of the United States Trustee.

BBK currently represents certain creditors of this estate in unrelated matters. The following creditors are active clients of BBK:

1. City of Santa Rosa
2. County of Kern
3. County of Marin
4. JPMorgan Chase
5. Bridge Bank (Western Alliance Bank)
6. Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation
7. Notre Dame High School
8. City National Bank
9. St. Luke Church

The services BBK provides to the above-referenced clients are unrelated to this bankruptcy estate and are nonbankruptcy in field and scope.

9. Name and title of individual completing this form:

Jeffrey C. Chang, Partner

Dated: November 10, 2023

_____
Jeffrey C. Chang

Case: 23-30564   Doc# 308   Filed: 11/15/23   Entered: 11/15/23 11:38:39   Page 19 of 51
83267.00102\41802565.1

# EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

                Debtor and
                Debtor In Possession.

Case No.  23-30564

Chapter 11

**DECLARATION AND DISCLOSURE STATEMENT OF** LISA BARNETT SWEEN **, ON BEHALF OF**
JACKSON LEWIS P.C.

            To be completed by Professionals engaged by The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

            I, Lisa Barnett Sween , hereby declare as follows:

            1.      I  am  a  _____Principal_____  of  Jackson Lewis P.C. ,
located at ___50 California Street, 9th Floor, San Francisco, CA 94111___ (the "Firm").

            2.      The Debtor in the above-captioned chapter 11 case has requested that the Firm provide _ ___advice and counsel services, litigation___ services to the Debtor, and the Firm has consented to provide such services (the "Services").  Attached hereto is a true and correct copy of the engagement agreement between the Debtor and the Firm (the "Engagement Agreement").  [The Engagement Agreement does not contain indemnification and/or limitation of liability provisions] or [The Engagement Agreement contains indemnification and/or limitation of liability provisions as set forth at _____ of the Engagement Agreement].

            3.      The Services include, but are not limited to, the following:
___advice and counsel re general labor and employment law.___
_____
_____

            4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case.  The

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY
PROFESSIONALS

Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than principals and regular employees of the Firm.

6.      Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

7.      As of the commencement of this chapter 11 case, the Debtor owed the Firm $____n/a_____ in respect of prepetition services rendered to the Debtor.

8.      If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration and Disclosure Statement was executed on ___November 6_____, 2023, at ___San Francisco, California_____.

_____

Declarant Name : LISA BARNETT SWEEN

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS



**Attorneys at Law**

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
50 California Street
9th Floor
San Francisco, California 94111
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| | | |
|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (415) 796-5405
MY EMAIL ADDRESS IS: LISA.SWEEN@JACKSONLEWIS.COM

July 18, 2017

**PERSONAL & CONFIDENTIAL**
**ATTORNEY-CLIENT PRIVILEGED**
**ATTORNEY WORK PRODUCT**

Lawrence R. Jannuzzi
General Counsel
Archdiocese of San Francisco
One Peter Yorke Way
San Francisco, CA 94109
JannuzziL@SFArchdiocese.org

        Re:    Confirmation of Engagement and
                Fee Agreement

Dear Mr. Jannuzzi:

We are pleased that Archdiocese of San Francisco ("ASF") has decided to retain Jackson Lewis P.C. (herein "the Firm") for legal services. This letter details the scope of our client relationship and outlines the fees for our services.

A.    Scope of Services

As we discussed, we will represent ASF in its general labor and employment law matters. We will do our best to serve you efficiently. While we cannot guarantee the success or outcome of any given matter, we will strive to vigorously represent you. I will have primary responsibility for handling these matters and will utilize other attorneys and legal assistants in the firm in the best exercise of my professional judgment. If, at any time, you have any questions, concerns or comments, please contact me.

**jackson lewis.**

B.    <u>Fees</u>

We charge for our time on an hourly basis, in one-tenth hour increments. We will invoice you at our regular hourly rates for the work performed on your behalf. Our schedule of hourly rates for attorneys and other members of our professional staff is based on years of experience, level of professional attainment and geographic location. Currently, our hourly rates in the San Francisco office range from $335 to $690 for attorneys. My current hourly rate is $595. In recognition of our previous work with the Archdiocese, we will extend a discounted rate of $420 for principals and $360 for associates. We charge for all services rendered, including but not limited to, telephone calls, conferences, court and agency hearings, Litigation Support and E-Discovery services and other proceedings.

We will send you monthly invoices. They will include a computer printout describing the services provided, the attorney(s) involved and the time expended. Our printout also will include any out-of-pocket expenses incurred on your behalf for which you would be responsible, such as costs for travel, telephone calls, photocopying, outgoing faxes, postage, messenger service, and delivery charges where material must be sent via certified or registered mail or by express mail or package carrier. These expenses, as well as our entire billing process, are explained in "A Word About Our Invoices," a copy of which is enclosed. **Please note** that you will be responsible for direct payment of all third party charges (*e.g.*, filing, trial, court reporter, expert witness, mediator, arbitrator and court or agency fees).

These discounted hourly rates, however, will not apply to complex matters which include, but are not limited to, class actions, multi-plaintiff litigations, and unfair competition litigation. For these matters, our regular hourly rates will apply.

C.    <u>Client Cooperation</u>

You understand and agree that, in order for us to represent you effectively, it is necessary for you to assist and cooperate with the Firm. You agree to (1) make yourselves (including your employees if applicable) available to discuss issues as they arise in this matter; (2) attend and participate in meetings, preparation sessions, court proceedings and other activities in connection with the representation; and (3) provide complete and accurate information and documents to us on a timely basis.

D.    <u>Protection of Client Confidences – High Tech Communication Devices</u>

We are always mindful of our central obligation to preserve the precious trust which our clients repose in us – their secrets and confidences. To that end, it is important that we agree from the outset what kinds of communications technology we will employ in the course of this Engagement. Unless you specifically direct us to the contrary, for purposes of this Engagement, we agree that it is appropriate for us to use fax machines and e-mail in the course of the Engagement without any encryption or other special protections. In that regard, will you

# jackson|lewis.

please specify an e-mail address you would like us to use in communicating with you. Please also notify the Firm if you have any other requests or requirements in connection with the methods of telecommunication, or persons to be included or copied in the circulation of documents relating to the Engagement.

E.    Termination of Representation

You may terminate this representation at any time, with or without cause. We also reserve the right to withdraw at any time to the fullest extent permitted by the applicable ethical rules. Any termination of our representation of you would be subject to such approval as may be required from any court(s) in which we are appearing on your behalf. In the event of termination by either of us, fees and costs for work performed prior to termination will still be payable as provided for in this letter.

Following any termination of representation, client files will be released only following delivery to the Firm of a signed release letter containing appropriate directions and an acknowledgment of the obligation to pay outstanding fees. You will be charged for the reasonable costs of retrieval, assembly, copying, processing, and transfer of all files or materials, including Electronically Stored Information ("ESI").

F.    Preservation of Documentation

As you know, should a claim be received by ASF, ASF must take immediate steps to identify, preserve and collect all relevant information until the matter is completely resolved. This information includes all paper and electronic data related to the claim. Electronic data includes, but is not limited to, the following: e-mails, word processing files, pictures, databases, data files and archive files, regardless of whether the information is contained on servers, laptop and desktop computers, back-up tapes, home and personal computers, disks, CDs, zip drives and handheld devices like an iPad, BlackBerry or other Personal Digital Assistants ("PDAs"). This will likely include any and all surveillance tapes and recordings.

ASF also must immediately suspend any document retention/destruction policy and put in place a "Litigation Hold." This Litigation Hold is designed to ensure that relevant electronic evidence is preserved and not destroyed, altered, modified, disposed of, or in any way compromised. Therefore, any individuals who may have relevant information or documents related to a matter must comply with this litigation hold.

Although this may seem like an onerous task, document retention is critical for the defense of a matter and to ensure ASF complies with its legal obligation to preserve and produce relevant information. A failure to preserve documents or electronic data could have dire consequences in a matter. For example, in addition to monetary sanctions, ASF may be precluded from using certain evidence at trial or the court may allow a jury to draw negative inferences against ASF. Under a worst case scenario, the court may award a judgment in favor

**jackson|lewis.**

Lawrence R. Jannuzzi
General Counsel
Archdiocese of San Francisco
July 18, 2017
Page 4

of the claimant. Therefore, if you have any doubt regarding whether paper or electronic data falls within the scope of a "Litigation Hold," please do not hesitate to contact us.

G.    Conflict of Interest

Because of the size, geographical reach and the broad scope of the Firm's legal practice, it is possible that attorneys in one or more of the Firm's offices or departments may now or in the future represent parties in matters in which their interests are adverse to those of you or your affiliates, or have contractual or other dealings with you. As a condition of our representation, you agree that the Firm may represent other parties in matters in which their interests are adverse to those of you or your affiliates and waive any conflict that would otherwise exist in such matters, provided that (i) any matter in which the Firm represents an adverse party is not substantially related to the Firm's work for you, and (ii) if appropriate, an ethical wall is created to separate the other matter from the matters the Firm is handling for you.

H.    Potential Insurance Coverage

As employment defense counsel, the Firm cannot provide an opinion with respect to the extent or terms of your organization's coverage under any employment practices liability insurance, directors and officers or other insurance policies or programs. We urge you to review this matter with your internal counsel, insurance broker or anyone else with whom you wish to discuss the possibility of other insurance being applicable, *e.g.*, an excess liability insurance policy, homeowners or private insurance or any other form or kind of insurance including workers compensation insurance. As with any insurance policy, prompt and complete notice should be given, as required by the policy and by applicable law. Failure to do so could adversely affect the existence of or eligibility for any insurance coverage.

I.    Dispute Resolution

1.    Arbitration of All Disputes

Any controversy between us about the construction, application or performance of any services under this Agreement, and any claim arising out of or relating to this Agreement or its breach, shall be submitted to binding arbitration upon the written request of one party after service of that request on the other party. This agreement to arbitrate includes but is not limited to any claims regarding attorney's fees or costs under this agreement or regarding a claim of attorney malpractice, that is, whether any legal services Jackson Lewis P.C. has rendered, under this agreement or otherwise, were improperly, negligently, or incompetently rendered, or otherwise rendered in breach of a contractual or ethical duty. The parties shall select a single arbitrator to hear and determine the dispute. The arbitration shall be conducted in accordance with the California Arbitration Act, California Code of Civil Procedure section 1280, et seq. The arbitrator must be an attorney in good standing with the State Bar of California. The cost of the

# jackson|lewis.

Lawrence R. Jannuzzi
General Counsel
Archdiocese of San Francisco
July 18, 2017
Page 5

arbitration, excluding legal fees and costs, shall be shared equally by the parties, but the arbitrator shall have the right to allocate costs in the award, at the arbitrator's discretion.[1]

2.     State Bar Fee Arbitration

Notwithstanding subparagraph 1 above, in any dispute subject to the jurisdiction of the State of California over attorneys' fees, charges, costs or expenses, ASF has the right to elect arbitration under the fee arbitration procedures of the State Bar of California, as set forth in California Business & Professions Code Section 6200, et seq. Those procedures permit a trial after fee arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the fee arbitration award. If, after receiving a notice of ASF's right to arbitrate, ASF does not elect to proceed under the State Bar fee arbitration procedures and file a request for fee arbitration within 30 days, any dispute over fees, charges, costs or expenses will be resolved by binding arbitration as provided in the previous subparagraph 1. In addition, any trial after fee arbitration shall be pursued in arbitration under subparagraph 1 as set forth above.

By your signature below, ASF acknowledges that it has read and understands subparagraphs 1 and 2 above, and voluntarily agrees to binding arbitration. In doing so, the parties voluntarily give up important rights to trial by judge or jury, as well as rights to appeal.

**You understand and acknowledge that, by agreeing to binding arbitration, you waive and thereby eliminate the right to submit the dispute for determination by a court and thereby also waive the right to a jury trial. You acknowledge that you have been informed that the grounds for appeal of an arbitration award are very limited compared to a court judgment or jury verdict. Consequently, you should carefully consider whether arbitration is acceptable to you and you should consult with independent counsel.**

\*          \*          \*          \*

**We shall assume that the foregoing is acceptable to you unless you respond, in writing, to the contrary.**

---

[1] *If in the opinion of any party, there arises a problem or unreasonable delay with the administration of the dispute, including but not limited to scheduling any hearing, any party upon 10 days written notice to the other, shall have the right and power to notify and engage the AAA to commence formal administration of the proceeding before the AAA in accordance with its then prevailing rules. The award rendered by the arbitrator(s) shall be final and may be confirmed in any court having jurisdiction thereof.*

# jackson|lewis.

Our entire billing process is explained in "A Word About Our Invoices," a copy of which is enclosed.

To acknowledge receipt of this confirmation, we ask you to date attached letter in the space provided below. Your signature will confirm your agreement to the terms and nature of the legal services discussed in this letter. Please then return the signed copy to us and retain the original for your files.

If you have any question at any time regarding the scope of our representation, the handling of any matter or the content of any invoice, please contact me at once. We are pleased to be of service to you.

Very truly yours,

JACKSON LEWIS P.C.

Lisa Barnett Sween

LBS/tmh
Enclosure

\*     \*     \*     \*     \*     \*     \*

Archdiocese of San Francisco

By:

Print
Name: ___Rev. John Piderit, S.J.___

Title: ___ATTORNEY-IN-FACT___

Date: ___8/1/17___

4819-5678-1643, v. 1

## A WORD ABOUT OUR INVOICES . . .

Invoices are sent to our clients monthly or pursuant to an insurance carrier's guidelines if applicable. Billings for services rendered on your matter(s) and for reasonable expenses incurred on your behalf are sent approximately three to four weeks after the completion of the month in which the work is performed.

As more fully discussed in the engagement letter, for any threatened or actual claim, please verify whether there is insurance of any kind that may cover the actual or potential claim and if there is, please provide prompt and complete notice to us and to the insurance carrier.

Subject to applicable guidelines, we charge for all services rendered on your matter(s) including, but not limited to, telephone calls, conferences, court and agency hearings, and other proceedings. These include reimbursement for travel-related expenses, such as lodging, meals, air travel, cab fares, auto expenses, parking fees, tolls and mileage. We also bill for all photocopying costs, telephone calls, facsimiles, postage, messenger service and, if required, delivery charges where material is sent via certified or registered mail or by express mail or package carrier. If a situation arises which requires overtime work by our secretaries, we will invoice you at our cost. All third party charges (e.g. filing, trial, and court reporter fees) are the responsibility of the client and should be paid directly by the client. The cost for computerized legal research is the rate calculated by our vendor LexisNexis. Your cost is not based on the annual discount arrangement the Firm has with LexisNexis. Payment for our services and expenses described are expected upon receipt of our invoice. We are confident our clients make every effort to pay us promptly.

We do our utmost to provide quality and professional service to our clients. In return, we expect timely payment for services rendered. A monthly service charge of one and a half percent 1.5%) is added to the unpaid balance of any invoice not paid within ninety (90) days after it is rendered.

Electronic discovery related charges will be billed directly by the vendor who provides these services, including those of our preferred vendor, Kroll Ontrack, Inc. These nonlegal services and expert witness charges are provided under separate agreement between you and the vendor or expert. The non-legal services that might be necessary for electronic discovery include: forensic collection of electronically stored information ("ESI") from your computer systems, computer forensic and other technical consulting, ESI processing, ESI uploading and search/review software hosting, ESI production, training, and project management services. You are responsible for making timely payment of their invoices so as to avoid any disruption in our legal services. Charges by Kroll or other e-services providers will be invoiced on our invoices or separately.

The above terms shall apply to each invoice unless the Firm and the client have agreed, in writing, to a modification of the billing arrangements.

Please forward all payments to our lock box:

**JACKSON LEWIS P.C.**
**P.O. BOX 416019**
**BOSTON, MASSACHUSETTS 02241-6019**

We also accept electronic payment of our invoices. If you choose to pay your invoice by electronic transfer, please include the invoice number in the transfer information and send payment to:

**Bank name - Citibank Private Bank**
**153 East 53ʳᵈ Street, 23rd Floor**
**New York, NY 10022**

**ABA Routing no.** – 021000089

**Account name** - Jackson Lewis P.C.

**Account no.** – 37252332

**Swift Code** – CITI-US33

**\*Send confirmation of payments via email to Epayments@jacksonlewis.com**

**CREDIT CARDS -** **https://www.jacksonlewis.com/payments/**

Please note, the Firm prohibits anyone from Jackson Lewis P.C. from processing credit card information on behalf of a client.

Our foreign - based clients must ensure payment is made via international money order payable in U.S. dollars. If payment is by regular check drawn on a foreign bank, we will add $30.00 to our bill for banking charges. If you have any questions about our billing procedures or any time or disbursement charges, please speak to the attorney responsible for your matter.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor In Possession.

Case No.  23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

All questions **must** be answered.   Please use "none," "not applicable," or "N/A," as appropriate.  If more space is needed, please complete on a separate page and attach.

1.      Name and address of professional:

JACKSON LEWIS P.C.

50 CALIFORNIA STREET, 9TH FLOOR

SAN FRANCISCO CA 94111

2.      Date of retention:  ___10/14/2014___

3.      Type of Services to be provided:

advice and counsel services, litigation

4.      Brief description of services to be provided:

advice and counsel services, litigation

5.      Arrangements for compensation (hourly, contingent, etc.):

HOURLY

    (a)      Average hourly rate (if applicable):  ___$800/HR___

(b)     Estimated average monthly compensation based on prepetition retention (if company

was employed prepetition): ___n/a_____

6.     Prepetition claims against the Debtor held by the company (if any):

Amount of claim:  $_____n/a_____

Date claim arose: _____

Nature of claim: _____

7.     Prepetition claims against the Debtor (if any) held individually by any member, associate, or

employee of the company:

Name: _____n/a_____

Status: _____

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

_____

8.     Disclose the nature and provide a brief description of any interest adverse to the Debtor or

its estate for the matters on which the professional is to be employed:

_____n/a_____

_____

_____

9.     Name and title of individual completing this form:

Lisa Barnett Sween, Principal
_____

Dated: ___11/06_____, 2023

_____
Declarant Name   : LISA BARNETT SWEEN

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

# EXHIBIT 4

1

2    **UNITED STATES BANKRUPTCY COURT**

3    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

4    In re:                                      Case No.  23-30564

5    THE ROMAN CATHOLIC                          Chapter 11
     ARCHBISHOP OF SAN FRANCISCO,
6
                                                 **DECLARATION AND DISCLOSURE**
7              Debtor and                         **STATEMENT OF MICHAEL**
               Debtor In Possession.              **PEDHIRNEY, ON BEHALF OF LITTLER**
8                                                 **MENDELSON, P.C.**

9          To be completed by Professionals engaged by The Roman Catholic Archbishop of San

10   Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

11         I, Michael Pedhirney, hereby declare as follows:

12         1.      I am a Shareholder of Littler Mendelson. P.C., located at 100 2nd Street, Suite 1000,

13   San Francisco, California (the "Firm").

14         2.      The Debtor in the above-captioned chapter 11 case has requested that the Firm

15   provide legal advice regarding labor and employment law to the Debtor, and the Firm has

16   consented to provide such services (the "Services").  The engagement agreement between the

17   Debtor and the Firm (the "Engagement Agreement") does not contain indemnification and/or

18   limitation of liability provisions.

19         3.      The Services include, but are not limited to, the following: providing legal advice

20   and counsel to the Debtor regarding compliance with employment and labor laws.

21         4.      The Firm may have performed services in the past and may perform services in the

22   future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the

23   Debtor's chapter 11 case.  As part of its customary practice, the Firm is retained in cases,

24   proceedings, and transactions involving many different parties, some of whom may represent or

25   be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case.  The

26   Firm does not perform services for any such person in connection with this chapter 11 case.  In

27   addition, the Firm does not have any relationship with any such person, such person's attorneys,

28   or such person's accountants that would be adverse to the Debtor or its estate with respect to the

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

-1-

1     matters on which the Firm is to be retained.

2         5.     Neither I, nor any principal of, or professional employed by the Firm has agreed to

3     share or will share any portion of the compensation to be received from the Debtor with any other

4     person other than principals and regular employees of the Firm.

5         6.     Neither I nor any principal of, or professional employed by the Firm, insofar as I

6     have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its

7     estate with respect to the matters on which the Firm is to be retained.

8         7.     As of the commencement of this chapter 11 case, the Debtor owed the Firm

9     $1,163.25 in respect of prepetition services rendered to the Debtor.

10        8.     If at any time during the period of its employment, if the Firm should discover any

11     facts bearing on the matters described herein, the Firm will supplement the information contained

12     in this declaration.

13         Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the

14     United States of America that the foregoing is true and correct, and that this Declaration and

15     Disclosure Statement was executed on November 13, 2023, at San Diego, California.

16

17

18                         Michael Pedhirney

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor In Possession.

Case No. 23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of professional: Michael Pedhirney, Littler Mendelson, P.C., 101 2nd Street, Suite 1000, San Francisco, CA 94105

2. Date of retention: For several years

3. Type of Services to be provided:

Legal advice regarding labor and employment law

4. Brief description of services to be provided:

Provide legal advice to the Archdiocese regarding compliance with employment and labor law issues

5. Arrangements for compensation (hourly, contingent, etc.):

Hourly

    (a)    Average hourly rate (if applicable): $495

    (b)    Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): $2,000

6. Prepetition claims against the Debtor held by the company (if any):

    None

7. Prepetition claims against the Debtor (if any) held individually by any member, associate, or

1  employee of the company:

2        None

3  8.     Disclose the nature and provide a brief description of any interest adverse to the Debtor or

4  its estate for the matters on which the professional is to be employed:

5  None

6  9.     Name and title of individual completing this form:

7

8  Michael Pedhirney

9  Dated: November 13, 2023

10

11                                   Michael Pedhirney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY
PROFESSIONALS

# EXHIBIT 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

       Debtor and
       Debtor In Possession.

Case No. 23-30564

Chapter 11

**DECLARATION AND DISCLOSURE
STATEMENT OF MICHAEL BRELLER,
ON BEHALF OF BEACON POINTE
ADVISORS, LLC**

To be completed by Professionals engaged by The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

I, Michael Breller, hereby declare as follows:

1.     I am a Managing Director at Beacon Pointe Advisors, LLC (the "Firm").

2.     The Debtor in the above-captioned chapter 11 case has requested that the Firm provide _Investment Advisory Services and Consulting services to the Debtor, and the Firm has consented to provide such services (the "Services"). Attached hereto is a true and correct copy of the engagement agreement between the Debtor and the Firm (the "Engagement Agreement"). The Engagement Agreement contains indemnification and/or limitation of liability provisions as set forth at Section 11 of the Engagement Agreement.

3.     The Services include, but are not limited to, the following:

Non-Discretionary consulting services for the purpose of investing various pools of assets for the Roman Catholic Archbishop of San Francisco, including but not limited to, general investment pools, priests pension plans, and other qualified plans.

4.     The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case. The Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the

Case: 23-30564   Doc# 308   Filed: 11/15/23   Entered: 11/15/23 11:38:39   Page 39 of 51

Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

5.       Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than principals and regular employees of the Firm.

6.       Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

7.       As of the commencement of this chapter 11 case, the Debtor owed the Firm nothing in respect of prepetition services rendered to the Debtor.

8.       If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration and Disclosure Statement was executed on November 13th, 2023, at Newport Beach, CA.

_____
Declarant Name

Exhibit 2 to Order on Motion to Employ Professionals

-2-

BEACON POINTE
ADVISORS

# Consulting Agreement

This Consulting Agreement ("Agreement") is between Beacon Pointe Advisors, LLC, a California limited liability company ("Advisor"), and the undersigned client or clients (collectively, "Client"). Client hereby elects to engage and retain the services of Advisor on the following terms and conditions:

1. **Advisor's Services.**

   a. Advisor shall provide to Client the services specified on Appendix A.

2. **Advisor's Fee.** Advisor shall be compensated for services provided pursuant to this Agreement as described in Appendix A.

3. **Obligation of Client.** Client shall be responsible for providing all pertinent information as will be required by Advisor to perform its duties as described in this Agreement.

4. **Confidentiality.** All information and advice furnished by either party to the other shall be treated as confidential and shall not be disclosed to third parties except as required by law. Beacon Pointe Advisors may use client name on Beacon Pointe's representative client list.

5. **Termination.** This Agreement shall continue in effect until terminated by either party by providing 30 days' written notice to the other party. Upon termination, Advisor shall refund any fees paid *pro rata* for services not yet performed to completion. Client shall be responsible for paying fees on initiated, but incomplete, work. Termination of this Agreement will not effect (a) the validity of any action previously taken by Advisor under this Agreement; (b) liabilities or obligations of the parties from transactions initiated before termination of this Agreement; or (c) Client's obligation to pay fees as described in this Agreement (pro rated through the date of termination).

6. **Disclosure.** Client acknowledges that it has received and reviewed a copy of Part II of Advisor's Form ADV as required by Rule 204-3 of the Advisors Act at least 48 hours prior to executing this Agreement, as well as a copy of this Agreement. Client acknowledges that it has received and reviewed a copy of Advisor's privacy policy as required by Regulation S-P. Advisor will advise Client in writing annually that it may request a copy at no charge of Advisor's Form ADV, Part II and that Advisor agrees to provide Client with Form ADV, Part II if requested.

7. **Advisor Representation.** Advisor represents that it is registered with the Securities and Exchange Commission ("SEC") as an investment Advisor under the Investment Advisors Act of 1940, as amended ("Advisors Act"), and that such registration is currently effective. If the Client is subject to the provisions of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), Advisor acknowledges that, with respect to assets over which Advisor has discretionary authority pursuant to Section 1(b), it is an "investment manager" and a "fiduciary" (as those terms are defined in ERISA) with respect to Client.

1

8. **Client Representations.** Client represents (a) that the terms hereof do not violate any obligations by which Client is bound, whether arising by contract, operation of law, or otherwise, (b) that client has full legal power and authority to enter into this Agreement, and (c) that, if required, (i) this Agreement has been duly authorized by appropriate action and is binding upon Client in accordance with its terms, and (ii) Client will deliver to Advisor such evidence of such authority as it may reasonably require. Client will inform Advisor of any event that might affect this authority or the propriety of this Agreement. If Client is subject to ERISA, (a) Client acknowledges that it is a "named fiduciary" with respect to control or management of Client's assets, and (b) Client agrees to obtain and maintain a bond, satisfying the requirements of Section 412 of ERISA, and to include Advisor and its agents among those insured under that bond.

9. **Agreement Not Assignable.** No assignment (as that term is defined in the Advisors Act) of this Agreement may be made without the consent of both parties.

10. **Non-Exclusive Contract.** Client understands that Advisor may provide services similar to those described in this Agreement to other clients and may publish or give advice and take action with respect to any other client that may differ from the timing or nature of action taken with respect to Client. Client further understands that Advisor will not have any obligation to purchase or sell for Client, or to recommend for purchase or sale by Client, any securities which Advisor, its principals, affiliates, or employees may purchase or sell for any other client or themselves. Client recognizes that transactions in a specific security may not be accomplished for all clients at the same time and/or at the same price.

11. **Liability.** Advisor shall not be subject to liability for any act or omission in the course of, or connected with, its performance of this Agreement, except in the case of willful misfeasance, bad faith, or gross negligence on the part of Advisor, or the reckless disregard by Advisor of its obligations and duties under this Agreement, but nothing herein shall in any way constitute a waiver or limitation of any rights which Client may have under any federal or state securities law or ERISA, if applicable. All actions taken by Advisor hereunder, either before or after the death, disability, or incapacity of Client, but before receipt by Advisor of information of such death, disability, or incapacity, shall be binding upon Client and Client's legal representatives who shall hold Advisor harmless hereunder from all liability arising from such action so taken. Client shall indemnify Advisor and hold Advisor harmless against any and all losses, costs, claims, and liabilities which Advisor may suffer or incur arising out of any breach of any representation of Client in this Agreement.

12. **Risk Acknowledgment and Limitations.** Client acknowledges that Advisor uses public and private sources of information and that Advisor does not guarantee the accuracy of any of the information provided to Clients. Client acknowledges that Advisor will not prepare any actuarial, legal, or accounting documents. Advisor does not guarantee the performance of Client's investments or guarantee that Advisor's investment advice or strategies will be successful or that Client's investment objectives will be met.

13. **Proxy Voting.** Advisor shall not be responsible for voting proxies of securities beneficially owned by Clients, for forwarding proxies to Clients, or for providing advice as to how to vote proxies, except as otherwise required by law.

14. **Death or Disability.** The death, disability, or incapacity of Client will not terminate or change the terms of this Agreement. However, Client's executor, guardian, attorney-in-fact, or other authorized representative may terminate this Agreement by giving written notice to Advisor at any time.

15. **Governing Law.** This Agreement will be governed by and construed in accordance with the laws of the State of California without giving effect to any conflict or choice of law provisions of the State of California, provided that nothing in this Agreement will be construed in any manner inconsistent with the Advisors Act or any rule or order of the SEC under the Advisors Act.

Case: 23-30564    Doc# 308    Filed: 11/15/23    Entered: 11/15/23 11:38:39    Page 42 of 51

16. **Notices.** Any notice, advice, or report to be given to Advisor under this Agreement will be delivered in person, by U.S. mail or overnight courier (postage prepaid) or sent by facsimile transmission (with a hard copy sent by U.S. mail) to Advisor at the address as Advisor may designate in writing. Any notice, advice, or report given to Client under this Agreement will be delivered in person, by U.S. mail or overnight courier (postage prepaid) or sent by facsimile transmission (with a hard copy sent by U.S. mail) to Client at the address as Client may designate in writing.

17. **Severability.** If any provision of this Agreement is or should become inconsistent with any law or rule of any governmental or regulatory body having jurisdiction over the subject matter of this Agreement, the provision will be deemed to be rescinded or modified in accordance with any such law or rule. In all other respects, this Agreement will continue and remain in full force and effect.

18. **Amendment and Waiver.** This Agreement may not be modified or amended except as otherwise agreed to by both parties in writing. The failure to insist at any time on strict compliance with this Agreement or with any of the terms of the Agreement or any continued course of such conduct on its part will not constitute or be considered a waiver of rights under this Agreement.

19. **Entire Agreement.** This Agreement contains the entire understanding between Client and Advisor concerning the subject matter of this Agreement.

20. **Captions.** The captions in this Agreement are included for convenience of reference only and in no way define or delimit any of the provisions hereof or otherwise affect their construction or effect.

21. **Custody/Payment of Fees from Custodial Accounts.** Advisor shall not act as custodian for the assets of Client and shall not be liable to Client for any act, conduct, or omission by the custodian. Client will be solely responsible for paying all fees or charges of the custodian. Advisor is hereby authorized and empowered to issue instructions to custodian and to request information about Client from custodian.

22. **Arbitration.** Client hereby agrees that all controversies which may arise between Client and Advisor concerning any transaction or the construction, performance, or breach of any provision of this Agreement between Client and Advisor, whether entered into prior to, on, or subsequent to the date herein, shall be determined by arbitration. Any arbitration shall be held in the city chosen by the Advisor located in San Francisco, State of California, or the American Arbitration Association, pursuant to the Arbitration Laws of the State of California, the American Arbitration Association, and in accordance with its rules then applying.

   Client acknowledges that this Agreement to arbitrate does not constitute a waiver of the right to seek a judicial forum where such waiver would be void under the federal securities laws. Client acknowledges that any arbitration is binding between the parties.

23. **Reports.** Advisor will provide Client periodic reports regarding such assets.

_Hanny B. Schutt_

_Shannon Eusey_
President
Beacon Pointe Advisors, LLC

_3-14-08_
Date

3

# APPENDIX A

Client elects the following compensation schedule for services provided under this Agreement*:

*The fee will be $15,687 per quarter. Fees are paid quarterly in advance.

<u>Retainer Fee, All Inclusive</u>:  Adviser agrees to provide retainer services.

- Assistance in development of investment policies, guidelines and objectives
- Preparation of an asset allocation study
- Evaluation of historical performance
- Assistance in search for investment managers
- Investment performance measurement and manager monitoring with written reports on a quarterly basis
- Assistance in the selection of custodian, trustee, actuary, or administrator, if necessary

In the case of commencement or termination of this Agreement during any calendar quarter, the fee for that quarter shall be reduced proportionately based upon the number of calendar days during which this Agreement is in effect.

*Multi Corporation fees will be guaranteed for three years with a total combined fee increase of 3% annually. The multi-corporation fee will be recalculated based upon the market value of the portfolios once a year at December 31.  This clause only pertains to the split of the gross multi-corporation fee of The Archdiocese of San Francisco Corporation Sole and The Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation.

4

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor In Possession.

Case No. 23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.     Name and address of professional:

Michael Breller

Beacon Pointe Advisors, LLC

24 Corporate Plaza, Suite 150

Newport Beach, CA 92660

2.     Date of retention: March 14, 2008

3.     Type of Services to be provided:

Investment Advisory and Consulting Services

4.     Brief description of services to be provided:

Non-Discretionary consulting services for the purpose of investing various pools of assets for the Roman Catholic Archbishop of San Francisco, including but not limited to, general investment pools, priests pension plans, and other qualified plans.

5.     Arrangements for compensation (hourly, contingent, etc.):

Asset based advisory fee of 0.08% on assets, annually (0.02% charged quarterly).

    (a)     Average hourly rate (if applicable): Not applicable

    (b)     Estimated average monthly compensation based on prepetition retention (if company

1     was employed prepetition): $36,000 Quarterly

2  6.     Prepetition claims against the Debtor held by the company (if any):

3     Amount of claim:  N/A_____

4     Date claim arose:  N/A_____

5     Nature of claim:  N/A_____

6  7.     Prepetition claims against the Debtor (if any) held individually by any member, associate, or

7  employee of the company:

8     Name:  N/A_____

9     Status:  N/A_____

10     Amount of claim:  N/A_____

11     Date claim arose:  N/A_____

12     Nature of claim:  N/A_____

13     _____

14  8.     Disclose the nature and provide a brief description of any interest adverse to the Debtor or

15  its estate for the matters on which the professional is to be employed:

16  N/A_____

17  _____

18  _____

19  9.     Name and title of individual completing this form:

20  Michael Breller, Managing Director_____

21  Dated: November 13th, 2023

22

23     _____
    Declarant Name

24

25

26

27

28

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

# EXHIBIT 6

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor In Possession.

Case No. 23-30564

Chapter 11

**DECLARATION AND DISCLOSURE
STATEMENT OF JEFFREY ONEAL,
ESQ., ON BEHALF OF RANKIN, ONEAL**

To be completed by Professionals engaged by The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), in the above-captioned chapter 11 case.

I, Jeffrey Oneal, hereby declare as follows:

1.  I am the managing attorney for the law offices of Rankin, Oneal, located at 96 North Third St., Suite 560 San Jose, CA (the "Firm").

2.  The Debtor in the above-captioned chapter 11 case has requested that the Firm provide legal services to the Debtor, and the Firm has consented to provide such services (the "Services"). The Firm does not have a general engagement agreement with the Debtor and instead enters into engagements on a case-by-case basis. The engagement agreements entered with the Debtor do not contain indemnification and/or limitation of liability provisions.

3.  The Services include, but are not limited to, the following:

Litigation defense in matters involving personal injury and/or property damage.

4.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties in interest in this chapter 11 case. The Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

-1-

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

5.     Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than principals and regular employees of the Firm.

6.     Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

7.     As of the commencement of this chapter 11 case, the Debtor owed the Firm $0 in respect of prepetition services rendered to the Debtor.

8.     If at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration and Disclosure Statement was executed on _November 15_, 2023, at _San Jose CA_.

_Jeffrey Oneal_

EXHIBIT 2 TO ORDER ON MOTION TO EMPLOY PROFESSIONALS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

THE ROMAN CATHOLIC
ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor In Possession.

Case No. 23-30564

Chapter 11

**RETENTION QUESTIONNAIRE**

To be completed by Professionals engaged by Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession ("Debtor"), which filed the above-captioned chapter 11 case on **August 21, 2023**.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.      Name and address of professional:

Jeffrey Oneal Rankin | Oneal 96 North Third St. #560 San Jose CA 95112

2.      Date of retention: 12-1-23

3.      Type of Services to be provided:

Legal Services

4.      Brief description of services to be provided:

Litigation in defense of personal injury and property damage claims.

5.      Arrangements for compensation (hourly, contingent, etc.):

Hourly

    (a)      Average hourly rate (if applicable): $230.00

    (b)      Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): N/A

6.      Prepetition claims against the Debtor held by the company (if any): None

    Amount of claim: $N/A

    Date claim arose: N/A

    Nature of claim: N/A

-1-

EXHIBIT 3 TO ORDER ON MOTION TO EMPLOY
PROFESSIONALS

7. Prepetition claims against the Debtor (if any) held individually by any member, associate, or employee of the company: None

       Name: N/A

       Amount of claim: $ N/A

       Date claim arose:  N/A

       Nature of claim:  N/A

8. Disclose the nature and provide a brief description of any interest adverse to the Debtor or its estate for the matters on which the professional is to be employed:

None

9. Name and title of individual completing this form:

Jeffrey Oneal, Managing attorney

Dated: _November 15_, 2023

 

_Jeffrey Oneal_ _____

Exhibit 3 to Order on Motion to Employ Professionals