PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
         jrios@ffwplaw.com
         tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
         amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>      Debtor and<br>      Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION OF CERTAIN INSURERS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT CALIFORNIA COVERAGE ACTION TO CONTINUE**<br><br>Date: November 30, 2023<br>Time: 1:30 p.m.<br>Location: via Zoom<br>Judge: Hon. Denis Montali |

The Roman Catholic Archbishop of San Francisco ("Debtor"), hereby files its objection to the *Motion of Certain Insurers for Relief from Automatic Stay to Permit California Coverage Action to Continue* [ECF 251] ("Motion") as follows:[1]

1. On July 28, 2023, the Century Indemnity Company, as successor to CCI Insurance Company and Insurance Company of North America, Pacific Indemnity Company, and Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964 (collectively, the "Insurers") filed a complaint entitled *Century Indemnity Company et al. v. Roman Catholic Archbishop of San Francisco, et al.*, Case No. CGC23607975, in the Superior Court of California, County of San Francisco (the "California Coverage Action"). The Debtor's responsive pleading was not due prior to the filing of the petition initiating this Chapter 11 case on August 21, 2023. Thus, nothing material other than the filing of the complaint occurred in the California Coverage Action prior to this bankruptcy filing. The Insurers who filed the California Coverage Action represent only a small subset of the totality of the insurers who sold policies to the Debtor covering the abuse claims at issue in the Chapter 11 case.

2. As noted in the Motion, the California Coverage Action seeks declarations concerning the parties' respective rights and obligations under the Insurer Policies, including a declaration that the Insurers have no duty to defend or indemnify the Archdiocese for any liability stemming from the sexual abuse claims to the extent the bodily injuries alleged in the CCVA Claims were expected or intended from the standpoint of the RCASF, that the claims do not involve an "accident" or "occurrence" within the meaning of the Insurer Policies, and for additional grounds.

3. The California Coverage Action raises issues that are of primary importance to the resolution of this Chapter 11 case. These issues will necessarily need to be part of any mediation with and among the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), the Insurer plaintiffs in the California Coverage Action and the other insurers with policies insuring the Debtor for the abuse claims.

---

[1] Capitalize terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

4. Under these circumstances, the California Coverage Action is best suited to be in this Court so that this Court can manage the chapter 11 process with the input of *all* parties including the Committee, rather than certain parties litigating in state court with one sub-set of insurers and proceeding in this Court for the balance of the chapter 11 case.

5. The Debtor will be removing the California Coverage Action pursuant to 28 U.S.C. section 1452 and Federal Rule of Bankruptcy Procedure 9027. Because there is conflicting case law on whether removal itself violates the automatic stay, the Debtor seeks an order from the Court for relief from the automatic stay, to the extent necessary, solely for the Debtor to effect removal of the California Coverage Action to this Court. *See, e.g., Sec. Farms v. Int'l Bhd. Of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) ("[A party] could not remove the state court proceeding until the bankruptcy court officially lifted the automatic stay."); *In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Mo. 2001) ("[A]ctions stayed by a bankruptcy filing include removing a pending state court lawsuit to bankruptcy court if the claim or cause of action is subject to the automatic stay."); *contra, In re Brateman Bros., Inc.*, 135 B.R. 853, 855 (Bankr. N.D. Ind. 1991) (automatic stay may not apply to removal of pending litigation). In each of these cases, the removing party was the creditor, whereas here the removing party is the Debtor.

6. The Advisory Committee Notes to Rule 9027 and case law are clear, however, that once a matter that is subject to the automatic stay is removed, the stay continues to apply. *See*, Fed. R. Bankr. P. 9027 Advisory Committee's Note (1983) ("If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted."); *see, In re Brateman Bros., Inc.*, 135 B.R. at 855 (mere fact that litigation is removed does not operate to terminate the automatic stay citing Advisory Committee's note to Rule 9027); *In re Cashco, Inc.*, 599 B.R. 138, 147-148 (Bankr. D.N.M 2019) (citing Rule 9027 Advisory Committee's Note 1983).

///
///
///
///

7. After removal is accomplished, the Debtor requests the Court to set a status in the removed but stayed California Coverage Action to address further if and how the matter should proceed. The Debtor reserves all rights in that respect.

8. Except as otherwise addressed herein, the Debtor respectfully requests that all other relief requested by the Motion be denied.

Dated: November 16, 2023　　　FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY

Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: November 16, 2023　　　SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
ORI KATZ
ALAN H. MARTIN

Attorneys for The Roman Catholic Archbishop of San Francisco