PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:   (916) 329-7400
Facsimile:   (916) 329-7435
Email:       ppascuzzi@ffwplaw.com
             jrios@ffwplaw.com
             tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   (415) 434-9100
Facsimile:   (415) 434-3947
Email:       okatz@sheppardmullin.com
             amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>      Debtor and<br>      Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**<br><br>Date:     December 14, 2023<br>Time:    1:30 p.m.<br>Location: via ZoomGov<br>Judge:   Hon. Dennis Montali |

///

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor") hereby files this motion (the "Motion") pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") extending the time for the Debtor to assume or reject unexpired leases of nonresidential real property (the "Unexpired Leases").

In support of this Motion, the Debtors submit the *Declaration of Joseph J. Passarello* in support of the Motion (the "Passarello Declaration") filed contemporaneously herewith as well as the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 14] ("Passarello Background Decl."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 15] ("Gaspari Decl.") and all exhibits filed in support thereof. The Debtor informed the Committee through counsel that this Motion would be filed and the extension requested.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to this Motion.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND AND RELIEF REQUESTED

3. On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case. On September 1, 2023, the Office of the United States Trustee for the Northern District of California appointed a statutory committee of unsecured creditors ("Committee") in this case pursuant to section 1102 of the Bankruptcy Code [ECF 58].

4. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to

-2-
Case No. 23-30564
MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT LEASES

Case: 23-30564    Doc# 314    Filed: 11/16/23    Entered: 11/16/23 15:08:21    Page 2 of 9

survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.

5. By this Motion and pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtor seeks to extend the current deadline of December 19, 2023, to assume or reject unexpired leases of nonresidential real property (the "Assumption/Rejection Deadline") by ninety (90) days, up to and including March 18, 2024.

## I. FACTUAL GROUNDS

6. The Debtor is a party to multiple leases of nonresidential real property. The Debtor is currently undertaking a comprehensive review of its Unexpired Leases to determine which ones to assume and which to reject. The Debtor is party to at least 13 Unexpired Leases, most of which the Debtor acts as lessor.

7. On September 21, 2023, the Debtor filed its Schedules [ECF 152] which identifies the Unexpired Leases to which the Debtor may be a party, including but not limited to leases with Chesterton Academy of San Francisco, Children's Council of San Francisco, Cruise LLC, Daughters of Charity, JEH Enterprises, Inc., the Cemeteries, Seneca Family of Agencies, the Archdiocese of San Francisco Parish and School Juridic Persons Real Property Support Corporation, the Roman Catholic Seminary of San Francisco, and The Sleep Train, Inc./Mattress Firm.

8. The Debtor is current on all monetary obligations due and owing under its Unexpired Leases of nonresidential real property. The Debtor has the current financial resources to continue to pay its bills as they come due and will continue to do so. Consequently, its continued occupation of the premises leased by the Debtor will not damage its lessors.

9. Pursuant to section 365(d)(4) of the Bankruptcy Code, if the Unexpired Leases for which the Debtor is the lessee are not assumed or rejected on or prior to the Assumption/Rejection Deadline, such unexpired leases shall be deemed rejected unless the Debtor receives, pursuant to

section 365(d)(4)(B)(i) of the Bankruptcy Code, an extension of time within which it may assume or reject the Unexpired Leases. In this case, there is sufficient cause to grant the Debtor's requested extension of time within which it may assume or reject any Unexpired Leases. The Debtor has not had sufficient opportunity to adequately assess the potential value of each of the Unexpired Leases in the context of its restructuring efforts.

10. The Debtor is in the early stages of the case and working to build a foundation for a plan of reorganization. It is actively taking steps to develop a plan of reorganization with its constituents. Additional time is needed to fully evaluate the progress and dynamics of the case, and the potential effect of assumption or rejection of the lease under the unique circumstances of this case.

11. This Chapter 11 Case is large and complex. The Debtor's estate includes substantial claims and assets to be administered. As detailed in the Passarello Background Decl., the Archdiocese[1] includes 88 Parishes. The RCASF's fiscal 2023 operating budget includes approximately $55 million in revenues.

12. The Debtor has been working expeditiously to establish procedures for potential abuse claimants to submit claims and develop a framework for the exchange of information with the Committee that will enable the parties to move promptly to mediation. Moreover, the Debtor has worked expeditiously with the Committee and other key stakeholders, including the Debtor's insurers, to begin toward the path develop a consensual plan to emerge from chapter 11. However, this case remains in the early stages and additional time is needed to explore potential opportunities and evaluate how each lease may impact those opportunities. Accordingly, cause exists to extend the Assumption/Rejection Deadline up to and including March 18, 2024.

## II.    LEGAL GROUNDS

Section 365 of the Bankruptcy Code governs the Debtor's ability to assume, assume and assign, and reject unexpired leases and executory contracts. Section 365(d)(4)(A) of the Bankruptcy

---

[1] The term "Archdiocese" is used herein exclusively to refer to geographic territory under the jurisdiction of the RCASF, and the terms RCASF, or Debtor are used herein exclusively to refer to the secular legal embodiment of the Archdiocese.

Case: 23-30564    Doc# 314    Filed: 11/16/23    Entered: 11/16/23 15:08:21    Page 4 of 9

Code provides that:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of-
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

Section 365(d)(4)(B)(i) further provides that the "court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." 11 U.S.C. § 365(d)(4)(B).

The term "cause," as used in section 365(d)(4)(B), is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. The bankruptcy court is left a "great deal of discretion…to weigh all relevant factors related to the requested extension." *BC Brickyard Assocs. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr., Inc.)*, 221 B.R. 243, 253 (B.A.P. 9th Cir. 1998); *see also In re Victoria Station, Inc.*, 88 B.R. 231 (9th Cir. BAP 1988, *aff'd* 875 F.2d 1380 (9th Cir. 1989))

Although the decision to extend a debtor's time to assume or reject unexpired leases of nonresidential property is generally within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including the following:

(1) whether the debtor was paying for its use of the property;

(2) whether the debtor's continued occupation of the leased premises could damage the lessor beyond the compensation available under the Bankruptcy Code;

(3) whether the lease is the debtor's primary asset; and

(4) whether the debtor has had sufficient time to formulate a plan.

*See South St. Seaport Ltd. P'Ship v. Burger Boys, Inc. (In re Burger Boys, Inc.),* 94 F.3d 755, 761 (2d Cir. 1996); *In re Panaco, Inc., 2002* Bankr. LEXIS 2084, *12 (Bankr. S.D. Tex. Dec. 9, 2009); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987) (considering, among

-5- Case No. 23-30564
Case: 23-30564  Doc# 314  Filed: 11/16/23  Entered: 11/16/23 15:06:21  Page 5 of 9
MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT LEASES

the aforementioned factors, the complexity of the case facing the debtor and the number of leases the debtor must evaluate); *Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *superseded by statute*, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 404(a), 119 Stat. 23 (2005), *as recognized in In re Jim Palmer Equip., Inc.,* 2008 Bankr. LEXIS 4096, *12 (Bankr. D. Mont. Nov. 25, 2008) ("it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating" (citing *In re Wedtech*, 72 B.R. at 471–72)).

Some bankruptcy courts, including in the Ninth Circuit, have taken a more expansive approach by weighing multiple factors in an effort to determine whether "cause" exists:

(1) whether the lease is the primary asset of debtor;

(2) whether the landlord has a reversionary interest in the building built by debtor on landlord's land;

(3) whether the debtor has had sufficient time to assess its financial situation and the potential value of its assets in terms of formulating a plan;

(4) whether the lessor continues to receive the rent as required by the lease;

(5) whether the lessor will be damaged beyond the compensation available under the Bankruptcy Code due to debtor's continued occupation of the leased premises;

(6) whether the case is exceptionally complex and involves a large number of leases;

(7) whether the need exists for a judicial determination of whether the lease is disguised as a security interest;

(8) whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

(9) any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g., In re Service Merchandise Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000); *BC Brickyard Assocs. v. Ernst Home Ctr., Inc.* (*In re Ernst Home Ctr., Inc.*), 221 B.R. 243, 253 (B.A.P. 9th Cir. 1998).

Ultimately, whether to grant an extension of time rests within the sound discretion of the bankruptcy court. *In re Burger Boys, Inc.*, (2nd Cir. 1996) 94 F.3d 755 at 760–61. "Nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to

determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *In re Channel Home Ctrs., Inc.*, 989 F.3d at 689; see also *Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148, 118 S. Ct. 1166 (1998) (noting that bankruptcy courts can grant a debtor's request for an extension).

Here, the Debtor submits that there are substantial grounds for the Court to extend the deadline for assumption or rejection of the Unexpired Leases. The Debtor is current on its post-petition rent obligations and has the resources to remain current, the Debtor's bankruptcy case is large and complex, and the Debtor has worked expeditiously to move this case forward to administer potential claims, engage in mediation, and develop a plan of reorganization. Denial of the Motion would cause the Debtor to precipitously assume or reject Unexpired Leases without adequate time to evaluate the benefit of those leases and would put the estate at risk.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 16, 2023     FELDERSTEIN FITZGERALD WILLOUGHBY
                             PASCUZZI & RIOS LLP


                             By: */s/ Jason E. Rios*
                                  PAUL J. PASCUZZI
                                  JASON E. RIOS
                                  THOMAS R. PHINNEY

                             Attorneys for The Roman Catholic Archbishop of
                             San Francisco


Dated: November 16, 2023     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                             By: */s/ Ori Katz*
                                  ORI KATZ
                                  ALAN H. MARTIN

                             Attorneys for The Roman Catholic Archbishop of
                             San Francisco

Case: 23-30564    Doc# 314    Filed: 11/16/23    Entered: 11/16/23 15:06:21    Page 7 of 9

## Exhibit A

### [Proposed Order]

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING DEBTOR'S MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**<br><br>Date:     December 14, 2023<br>Time:    1:30 p.m.<br>Location: via ZoomGov<br>Judge:   Hon. Dennis Montali |

Upon consideration of the motion (the "Motion")[2] filed by the debtor and debtor in possession The Roman Catholic Archbishop of San Francisco, ("Debtor") for entry of an order (this "Order") pursuant to section 365(d)(4) of the Bankruptcy Code extending the time in which the Debtor may assume or reject unexpired leases of nonresidential real property filed by Debtor; and the Court having reviewed the Motion and having considered the record at the hearing held before this Court (the "Hearing"), if any; and having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good cause for the relief granted herein;

**IT IS THEREFORE ORDERED**:

1. The Motion is GRANTED as set forth herein.

2. The time period within which the Debtor may assume or assign unexpired

---
[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

nonresidential real property leases is extended for an additional 90 days, through and including March 18, 2024, in accordance with section 365(d)(4) of the Bankruptcy Code.

3. The extension of time granted herein is without prejudice to the Debtor's rights to seek further extensions of its time to assume or reject any unexpired nonresidential real estate lease as provided in section 365(d)(4) of the Bankruptcy Code.

4. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

***END OF [PROPOSED] ORDER***