PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
       jrios@ffwplaw.com
       tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
       amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS [11 U.S.C § 1121(d)]**<br><br>Date: December 14, 2023<br>Time: 1:30 p.m.<br>Location: Via ZoomGov<br>Judge: Hon. Dennis Montali |

///

///

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the Debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files this motion (the "Motion") for entry of an order extending for an additional six months the exclusive period of time during which only the Debtor may file a plan of reorganization and the exclusive period of time to solicit acceptances thereof, without prejudice to the Debtor's right to seek further extensions of these periods. In support of this Motion, the Debtor relies upon the *Declaration of Joseph J. Passarello* filed in support of this Motion ("Passarello Decl."), the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 14] ("Passarello Background Decl."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 15] ("Gaspari Decl."), the court filings in this case and the following points and authorities. The Debtor informed the Committee through counsel that this Motion would be filed and the extension requested.

## JURISDICTION

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory basis for relief is 11 U.S.C. § 1121(d).[1]

## RELIEF REQUESTED

By this Motion, the Debtor asks the Court for entry of an order extending the exclusivity periods within which Debtor has the exclusive right to propose a plan (which currently expires on December 19, 2023) and obtain acceptance of such a plan (which currently expires on February 20, 2024), until June 21, 2024 (185 days), and August 19, 2024 (181 days), respectively. Attached hereto as *Exhibit A* is a proposed form of order.

---

[1] The Debtor does not, by filing its petition for relief and other documents in this bankruptcy case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon law, the First Amendment of the United States Constitution, the Constitution for the State of California, California's law on corporations sole (California Corporations Code §§ 10000-10015), the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, California trust law, and the rights to object to disclosure of information and to contend that certain assets are not property of the estate.

## PRELIMINARY STATEMENT

Since the Petition Date, the Debtor has been diligently working to establish itself as a debtor in possession and set the case up administratively, including: (i) completed schedules have been filed, (ii) the initial and an adjourned first meeting of creditors have been conducted, (iii) all first day motions have been granted on a final basis, (iv) the Debtor's applications to retain bankruptcy counsel and a claims and noticing agent have been approved, (v) the Debtor's motion to employ and compensate ordinary course professionals has been granted and implemented, (vi) the Debtor's motion to extend the deadline for removal of pending litigation has been granted, (vii) the Debtor has filed a motion to vacate initial claims bar date, and filed a motion to set a new claims bar date and approve specialized claim forms and procedures for filing claims, (viii) discussions with respective counsel for the Creditors' Committee have occurred to facilitate requests for documents and information and responses by the Debtor, (ix) counsel for the Debtor has begun discussions with counsel for insurance carriers (the "Insurers") providing coverage to the Debtor.

To some extent, the Debtor benefits from the experience of other dioceses who preceded the Debtor into Chapter 11. Of the approximately 32 Chapter 11 diocesan or religious organization cases filed prior to the Debtor's filing that have proceeded through plan confirmation, approximately 22 of those cases have resulted in consensually confirmed reorganization plans. In virtually all of those cases, terms for a consensual reorganization plan were reached following a mediation process in which the Debtor, Non-Debtor Entities, Insurers and the creditors' committee representing the interests of survivors of sexual abuse participated. Similarly, two other pending diocese cases that have not yet reached plan confirmation filed by the Roman Catholic Bishop of Santa Rosa and the Roman Catholic Bishop of Oakland are proceeding on a similar course. The Debtor is working to expeditiously promote this process to determine the parties' interests and contributions to fund a plan to obtain the greatest possible recovery for creditors. Until those issues are resolved, the Debtor will not be in a position to file a proposed reorganization plan.

The Debtor believes that the relief requested is necessary and appropriate given the early stage of the case, the complexity of the case, the steady progress in the postpetition management of the case, and the progress toward developing a process to facilitate a plan of reorganization. The

requested relief is without prejudice to: (a) Debtor's right to seek further extensions and the rights of parties in interest with standing to oppose such requests, and (b) the rights of parties in interest with standing to seek to shorten or terminate Debtor's exclusivity periods and Debtor's right to oppose such requests.

## BACKGROUND

On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case. On September 1, 2023, the Office of the United States Trustee for the Northern District of California appointed a statutory committee of unsecured creditors ("Committee") in this case pursuant to section 1102 of the Bankruptcy Code (ECF 58).

The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.

Until recently, the RCASF has maintained financial viability while funding compensation for survivors and continued litigation regarding claims of abuse. However, there are currently approximately 537 lawsuits against the RCASF. The projected demands in these cases are likely to exceed RCASF's assets, thus necessitating this bankruptcy. The RCASF is a not-for-profit religious organization and while it does have significant resources including insurance, these resources could be inadequate to respond to over 500 lawsuits. Thus, the hundreds of lawsuits puts the RCASF in immediate and dire financial distress and in need of a forum to resolve these claims while continuing to serve the faithful and those in need. Passarello Background Decl. ¶ 52-56.

///

4
Case No. 23-30564
MOTION FOR EXTENSION OF EXCLUSIVITY PERIODS

Case: 23-30564    Doc# 317    Filed: 11/16/23    Entered: 11/16/23 15:20:08    Page 4 of 12

The RCASF's goals in seeking chapter 11 relief are twofold: to protect and preserve the RCASF's assets that are properly available for distribution to the RCASF's creditors and ensure that assets are marshaled to be distributed equitably to all creditors; and to continue the work of the Church within the Diocese to the fullest extent possible using the resources dedicated to those purposes. *Id.* ¶ 62. The RCASF seeks to negotiate a plan of reorganization as early as practicable which will: (a) allocate the RCASF's remaining assets fairly among the legitimate competing interests for such property; (b) provide a process to fully, fairly and expeditiously liquidate claims of survivors; and (c) permit the RCASF to carry on the RCASF's essential ministries and services so the RCASF can continue to meet the needs of the Non-Debtor Catholic Entities, parishioners, and others who rely on the RCASF's ministry, education, and charitable outreach. *Id.* ¶ 63.

On October 19, 2023, the RCASF filed a motion to, among other things, set a claims bar date for Survivor Claimants (and all claims) of January 12, 2024 ("Claims Bar Date Motion," ECF 220). The hearing on the Claims Bar Date Motion was held on November 9, 2023, and the Court's order on the Claims Bar Date Motion is pending. Until the bar date has passed for the filing of survivor claims, the RCASF cannot reasonably estimate the number and dollar amounts of claims to be addressed in its anticipated pot plan.

The Debtor is in the early stages of the case and working to build a foundation for a plan of reorganization. It is actively taking steps to develop a plan of reorganization with its constituents. This Chapter 11 Case is large and complex. The Debtor's estate includes substantial claims and assets to be administered. The Debtor has been working expeditiously to establish procedures for potential abuse claimants to submit claims and develop a framework for the exchange of information with the Committee that will enable the parties to move promptly to mediation. Moreover, the Debtor has worked expeditiously with the Committee and other key stakeholders, including the Debtor's insurers, to begin toward the path develop a consensual plan to emerge from chapter 11. However, this case remains in the early stages and additional time is needed to explore potential outcomes.

///

///

## LEGAL ARGUMENT

### A. Legal Standard

Section 1121(b) of the Bankruptcy Code provides that a debtor has the exclusive right to file a plan of reorganization for an initial period of 120 days after commencement of its Chapter 11 case (the "Exclusivity Period"). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan of reorganization within the 120-day initial period under section 1121(b), the debtor has 180 days after commencement of the Chapter 11 case within which to solicit and obtain acceptances of its plan, during which time competing plans may not be filed by any party in interest (the "Exclusive Solicitation Period"). The Debtor's initial Exclusivity Period and Exclusive Solicitation Period (collectively, the "Exclusive Periods") are currently set to expire on December 19, 2023, and February 20, 2023, respectively.

Section 1121(d)(1) of the Bankruptcy Code provides:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1). Bankruptcy Code section 1121(d)(2) provides that any such extension cannot extend beyond 18 months after the Petition Date for the 120-day period and 20 months after the Petition Date for the 180-day period. The relief requested by the Debtor in the Motion does not exceed these restrictions.

The Exclusive Periods under Bankruptcy Code section 1121 are intended to afford a debtor a meaningful opportunity to develop and confirm a consensual plan of reorganization. *See In re Ames Dep't Stores, Inc.*, 1991 U.S. Dist. LEXIS 17074, at *8, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors."). The Bankruptcy Code does not define "cause" for an extension of the Exclusivity Period. However, the legislative history of section 1121(d) indicates that the initial 120-day period established by section 1121(b) merely represents a baseline from which bankruptcy courts are free to deviate, particularly in complex cases such as that of the Debtor:

> The court is given the power . . . to increase or reduce the 120-day period depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1977).

Extensions of the Exclusive Periods are matters committed to the discretion of the Court. *First Am. Bank of New York v. Southwest Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986). Courts have developed a list of several factors to consider in determining whether a debtor has had an adequate opportunity to negotiate a Chapter 11 plan and thus whether cause exists to extend the Exclusive Periods under Bankruptcy Code section 1121(d). Those factors are:

(a) the size and complexity of the case;

(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(c) the existence of good faith progress toward reorganization;

(d) the fact that the debtor is paying its bills as they become due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress in negotiations with its creditors;

(g) the amount of time which has elapsed in the case;

(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i) whether an unresolved contingency exists.

*In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006).

Although a court need not find the existence of each and every one of these factors to justify an extension of the Exclusive Periods, taken as a whole, these factors favor granting the Debtor its requested extension of the Exclusive Periods.

### B. Cause Exists to Extend the Exclusive Periods

As discussed in more detail below, the factors cited above support granting the Debtor's request for a six-month extension of the Exclusive Periods.

///

*Factor 1: Size and Complexity of the Case*

In order to move forward with a plan of reorganization, certain complex issues must first be resolved. The Debtor is not in a position to formulate a plan of reorganization because the bar date for Survivor claims has just recently been set and has not passed. As such, the Debtor cannot reasonably estimate the number and dollar amounts of claims against its estate and the available insurance coverage for such claims. Moreover, until the amount of claims and available insurance coverage is at least generally known, the Debtor contends that limited estate resources should not be consumed with extensive discovery and litigation and the interests of all parties are served by progressing toward a global mediation process. Consequently, this factor supports granting the requested extension.

*Factors 2; 3; 5 and 6: Time to Permit the Debtor to Negotiate a Plan of Reorganization; Good Faith Progress Toward Reorganization; Prospects of Filing a Viable Plan; Progress in the Debtor's Negotiations with Creditors*

In each diocesan bankruptcy where a plan of reorganization has been confirmed, the plan confirmed by the bankruptcy court was a pot plan negotiated among the interested parties in the case which settled disputes over insurance coverage, property of the bankruptcy estate, and estimated claims of survivors. The Debtor intends to propose a similar type of pot plan. The process generally takes over a year. Key to the achievement of this goal is progress toward a process to resolve the amount and nature of claims, and available insurance coverage.

Since the inception of this case, the Debtor has steadily progressed in good faith towards reorganization. For instance, the Debtor has (i) filed its schedules of assets and liabilities and statement of financial affairs, (ii) filed a motion to approve claims procedures and a deadline for filing claims, (iii) filed numerous motions to allow the Debtor to comply with its postpetition obligations as a Debtor-in-Possession, and (iv) has begun to actively work with the parties in the case to lay the groundwork for plan negotiations.

The Debtor is seeking an extension of the Exclusive Periods to focus on resolving key issues that will make formulating a plan of reorganization possible, while continuing to maintain an open dialogue with its creditor constituencies. The good faith progress toward resolving the

issues that need to be resolved before a plan can be proposed and prospects of a viable plan support granting the requested extension.

*Factor 4*:  *Payment of Obligations as They Become Due*

Since the Petition Date, the Debtor has been paying its debts as they have come due. This practice will continue, and thus, the requested extension of the Exclusive Periods will not prejudice the interests of creditors. This factor also favors approval of the requested extension.

*Factor 7*:  *Amount of Time that Has Elapsed in the Case*

This request for an extension of the Exclusive Periods comes less than three months after the commencement of this bankruptcy case. During this period, the Debtor has worked with the Committee and insurers on a comprehensive procedure for setting and noticing the claims bar date for Survivor claims, which has not yet been approved by the Court. The relatively short period of time from the Petition Date to this request favors an extension of the Exclusive Periods.

*Factor 8*:  *No Pressure on Creditors*

This is not a case in which the Debtor is seeking to extend the Exclusive Periods in order to maintain leverage over a group of creditors whose interests are being harmed by the Chapter 11 case. To the contrary, as described above, the Debtor has been diligently working to resolve critical issues in this case for the benefit of its creditors as a whole, and to lay the groundwork for an anticipated global mediation process. The Debtor is not seeking an extension of the Exclusive Periods in order to pressure creditors to acquiesce to its reorganization demands and, therefore, this factor also supports the extension.

*Factor 9*:  *Unresolved Contingency*

The composition of the Debtor's proposed plan will be based in significant part on addressing the Survivor claims, and the amount and nature of the claims will not be known until a claims bar date expires, as well as investigation of available insurance coverage and property of the estate issues. This factor also favors the requested extension.

Similar motions have been approved in other diocesan bankruptcy cases across the country. See, e.g., Order Further Extending Its Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121(d) of the Bankruptcy Code, *See, e.g., In re The*

*Roman Catholic Bishop of Santa Rosa*, Case No. 23-10113 (Bankr. N.D. CA July 3, 2023) [ECF 279] (extending deadline by 178 days); *In re The Roman Catholic Bishop of Oakland*, Case No. 23-40523 (Bankr. N.D. CA August 22, 2023) [ECF 387] (extending deadline by 120 days); *In re Roman Catholic Diocese of Harrisburg*, No 20-00599 (Bankr. Middle Dist. Penn. July 20, 2021) (ECF 665) (Fourth Extension of Exclusivity Period, granted in increments of approximately 6 months, 3 months, 3 months, and 37 days, respectively; Order Further Extending Exclusive Periods for the Filing and Solicitation of Acceptance of a Chapter 11 Plan, *In re The Norwich Roman Catholic Diocesan Corporation*, No. 21-20687 (Bankruptcy District of Connecticut, November 15, 2021) (ECF 912) (Fifth Extension of Exclusivity Period); *In re Roman Catholic Church of the Diocese of Gallup, et al.*, Case No. 13-13676 (Bankr. D.N.M. Mar. 11, 2014) (ECF 200) (extending Exclusive Periods for additional 180 days) (unopposed); *In re Archdiocese of Milwaukee*, Case No. 11-20059 (Bankr. E.D. Wis. May 18, 2011), (ECF 237) (extending Exclusive Periods for additional 180 days) (unopposed); *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (Bankr. D. Del. Mar. 1, 2010) (ECF 360) (extending Exclusive Periods for additional 165 days) (limited opposition to factual predicates in motion but not as to relief requested); *In re Catholic Bishop of Northern Alaska*, Case No. 08-00110 (Bankr. D. Alaska June 19, 2008) (ECF 213) (extending Exclusive Periods for additional 200 days) (per stipulation with the creditors' committee); *In re The Diocese of Davenport*, Case No. 06-02229 (Bankr. S.D. Iowa Mar. 16, 2007) (ECF 99) (extending Exclusive Periods for additional 189 days) (unopposed); *In re Roman Catholic Archbishop of Portland in Oregon*, Case No. 04-37154 (Bankr. D. Or. Oct. 28, 2004) (ECF 497) (extending Exclusive Periods for additional 210 days) (unopposed).

## CONCLUSION

The requested extension should be granted because each of the factors indicates that cause exists for the requested six-month extension. The Motion is without prejudice to the Debtor's right to seek further extensions of the Exclusive Periods.

WHEREFORE, the Debtor respectfully requests that the Court enter its order:

1. Granting the Motion;

///

2. Extending the exclusive period for the Debtor to file a plan of reorganization to June 21, 2024;

3. Extending the exclusive period for the Debtor to solicit acceptances of such a plan to and including August 19, 2024; and

4. Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: November 16, 2023      FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By:    */s/ Jason E. Rios*
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY

Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: November 16, 2023      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    */s/ Ori Katz*
ORI KATZ
ALAN H. MARTIN

Attorneys for The Roman Catholic Archbishop of San Francisco

# Exhibit A

[Proposed Order]

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIODS**<br>**[11 U.S.C. § 1121(d)]**<br><br>Date:     December 14, 2023<br>Time:    1:30 p.m.<br>Location: Via ZoomGov<br>Judge:   Hon. Dennis Montali |

Upon consideration of the motion (the "Motion") filed by The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor") for entry of an order extending the exclusive period of time during which only the Debtor may file a plan of reorganization and the exclusive period of time to solicit acceptances thereof, and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED as set forth herein.

2. The exclusive period for the Debtor to file a plan of reorganization is extended to June 21, 2024;

3. The exclusive period for the Debtor to solicit acceptances of such a plan is extended to August 19, 2024;

4. The Motion is without prejudice to the Debtor's right pursuant to 11 U.S.C. § 1121(d) to seek a further increase of the exclusive periods.

**END OF [PROPOSED] ORDER**