James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Brittany M. Michael (admitted pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263) 7000
Facsimile: (415) 263-7010
Email: jstang@pszjlaw.com
       dgrassgreen@pszjlaw.com
       jlucas@pszjlaw.com
       bmichael@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING EMPLOYMENT OF BURNS BAIR LLP AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>[No Hearing Required] |

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Archbishop of San Francisco, the above-captioned debtor (the "Debtor") submits its application (the "Application") to employ Burns Bair LLP ("Burns Bair" or the "Firm") as its special insurance counsel, effective as of October 19, 2023. In support of the Application, the Committee submits the declaration of Timothy W. Burns (the "Burns Declaration"), a partner of the Firm, attached hereto as Exhibit A and incorporated herein by reference for all purposes. In further support of the Application, the Committee respectfully represents as follows:

# JURISDICTION AND VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicate for the relief sought herein is section 1103 of Title 11 of the United States Code (the "Bankruptcy Code").

# BACKGROUND

On August 21, 2023 (the "Petition Date"), the Debtor commenced the above-captioned case (the "Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Court"). The Debtor is authorized to continue to operate its business and remain in possession of its property as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

On September 1, 2023, the United States Trustee appointed the Official Committee of Unsecured Creditors. The Committee consists of nine individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible. *See Appointment of Committee of Unsecured Creditors* [Docket No. 58].

On October 19, 2023, the Committee selected the Firm as its special insurance counsel.

# APPLICATION TO RETAIN AND EMPLOY THE FIRM

By this Application, pursuant to section 1103 of the Bankruptcy Code, the Committee seeks to employ the Firm as special insurance counsel to the Committee, effective as of October 19, 2023, to perform the legal services set forth herein.

Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent the Committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with this case. 11 U.S.C. § 1103(b). The Firm has advised the Committee that the Firm does not represent any other entity having an adverse interest in connection with the Debtor or this case.

Burns Bair is a law firm with vast experience in high-stakes insurance litigation, as well as domestic and international insurance arbitration. Additionally, Burns Bair has extensive experience

advising and working in concert with other attorneys to navigate discrete insurance issues in the context of complex litigation proceedings.

Burns Bair has successfully recovered substantial insurance proceeds in other actions involving insurance disputes arising from sexual abuse allegations involving Catholic dioceses. Currently, Burns Bair serves as special insurance counsel in various diocesan matters, including the Roman Catholic Diocese of Rockville Centre, New York bankruptcy, Case No. 20-12345; the Roman Catholic Diocese of Syracuse, New York bankruptcy, Case No. 20-30663; the Diocese of Rochester, New York bankruptcy, Case No. 19-02021; the Roman Catholic Bishop of Oakland, California bankruptcy, Case No. 23-40523; the Roman Catholic Bishop of Santa Rosa, California bankruptcy, Case No. 23-10113; and the Roman Catholic Diocese of Albany, New York bankruptcy, Case No. 23-10244, among other representative matters.

Burns Bair has worked with prominent experts to produce persuasive reports on industry custom and practice regarding bad faith, claims handling, and liability coverage in abuse cases. Burns Bair has also briefed and argued numerous legal issues surrounding coverage for sexual abuse claims, including lost policies, the number of occurrences, the expected or intended exclusion, annualization of policy limits, waiver/estoppel, and many others.

For the above reasons, the Committee believes that Burns Bair is well qualified to provide effective and efficient services.

**SERVICES TO BE RENDERED**

The Committee desires to retain Burns Bair, at the expense of the Debtor's estate, as its special insurance counsel, to render services as required by the Committee with respect to issues arising from the Debtor's insurance coverage and insurance policies, including, but not limited to, the following:

(a) Analyzing, investigating, and assessing the availability of coverage under the Debtor's insurances policies;

(b) Representing the Committee in any adversary proceedings by and between the Debtor and its insurers, pending Court approval;

(c) Engaging in potential mediation and/or other resolution of the claims, demands, and/or lawsuits related to the Debtor's insurance policies;

(d) Advising, negotiating, and advocating on behalf of the Committee with respect to the Debtor's insurance policies; and

(e) Providing related advice and assistance to the Committee as necessary.

Burns Bair will carefully coordinate all of its tasks to achieve case efficiencies and avoid duplication of efforts. Indeed, lead counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, and Burns Bair have carefully planned their work streams to avoid any duplication of work and the firms will work proactively to make certain that their scope of work does not bleed into one another. Accordingly, the Committee respectfully submits that Burns Bair is well-qualified to perform these services and represent the Committee's interests.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to Burns Bair on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Burns Bair. Burns Bair's standard hourly rates for attorneys and paraprofessionals are:

a. Partners: $900 to $1120;

b. Associates: $550; and

c. Paraprofessionals: $340.

These rates are the normal billing rates charged by Burns Bair in both bankruptcy and non-bankruptcy matters, to both debtor and non-debtor clients. Burns Bair's hourly rates are comparable to those charged by attorneys of similar experience for engagements of scope and complexity similar to this Chapter 11 Case. Burns Bair will also seek reimbursement of actual and necessary out-of-pocket expenses in accordance with regular Firm policies. For these reasons, Burns Bair's rates are reasonable.

The attorneys and legal professionals who Burns Bair anticipates will or may work on this matter, and their current hourly rates, are as follows:

| Professional | Hourly Rate |
|---|---|
| Timothy Burns | $1120 |

| Jesse Bair | $900 |
| --- | --- |
| Nathan Kuenzi | $550 |
| Brian Cawley | $550 |
| Karin Jonch-Clausen | $550 |
| Paralegals | $340 |

Burns Bair will maintain detailed, contemporaneous time records in six-minute intervals and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Local Guidelines, the U.S. Trustee Guidelines, and any additional procedures that may be established by the Court in this Chapter 11 Case. Burns Bair may apply to the Court to authorize interim allowance of fees and expenses should the Court enter an order authorizing interim payment procedures for professionals. Burns Bair understands that interim and final fee awards are subject to approval by this Court.

Burns Bair has agreed to contribute ten percent of all fees received in this Case on a final basis to a settlement trust that is approved as part of a plan of reorganization. As such fees are paid, the funds will be held in a separate trust until a settlement trust is established through a plan of reorganization.

The Firm has represented to the Committee and has stated in the Burns Declaration, that (i) it will not receive a retainer and (ii) it categorizes its billing into subject matter categories in compliance with applicable guidelines, including the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*. The Firm understands that its compensation in these cases is subject to the applicable provisions of the Bankruptcy Code.

**DISCLOSURE REGARDING DISINTERESTEDNESS**

To the best of the Committee's knowledge, the partners of, counsel to, and associates of Burns Bair do not have any connection with or any interest adverse to the Committee, or any other

party in interest, or their respective attorneys and professionals, except as may be set forth in the Burns Declaration. Based upon the Burns Declaration, Burns Bair has concluded that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Burns Bair will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Burns Bair will supplement its disclosure to the Court.

**WHEREFORE**, the Committee requests that this Court approve the employment of Burns Bair LLP as special insurance counsel, effective as of October 19, 2023, to render services as described above with compensation to be paid as an administrative expense at such times and in such amounts as the Court may hereafter determine and allow under sections 507(a) and 503(b) of the Bankruptcy Code.

Dated: November 17, 2023

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO.**

By: /s/ Steven A. Moreno

Steven A. Moreno

Solely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of the Roman Catholic Archbishop of San Francisco