

1  PAUL J. PASCUZZI, State Bar No. 148810  **Signed and Filed: November 21, 2023**
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD WILLOU
3    PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA 95814
   Telephone:      (916) 329-7400
5  Facsimile:      (916) 329-7435          _____
   Email:      ppascuzzi@ffwplaw.com
6              jrios@ffwplaw.com          **DENNIS MONTALI**
              tphinney@ffwplaw.com        **U.S. Bankruptcy Judge**
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9    A Limited Liability Partnership
     Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:      (415) 434-9100
   Facsimile:      (415) 434-3947
12 Email:      okatz@sheppardmullin.com
              amartin@sheppardmullin.com
13
   Attorneys for The Roman Catholic Archbishop of
14 San Francisco

15                UNITED STATES BANKRUPTCY COURT

16       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17 | In re | Case No. 23-30564 |

18 | THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |

19 | | **ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING PROOF OF CLAIM FORMS; (3) PROVIDING CONFIDENTIAL PROTOCOLS; AND (4) APPROVING FORM AND MANNER OF NOTICE** |
20 |          Debtor and
            Debtor in Possession. |

21

22 | | Judge:   Hon. Dennis Montali |
23 | | Date:    November 9, 2023 |
   | | Time:    1:30 p.m. |
24 | | Place:   Via ZoomGov |

25

26        On November 9, 2023 at 1:30 p.m., the Court held a hearing, on regular notice, on the

27 *Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of*

28 *Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice*

ECF No. 220 (the "Motion")[1] filed by The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession in the above-captioned case (the "RCASF" or the "Debtor"). The Debtor appeared through its counsel, [Paul J. Pascuzzi and Ori Katz]. All other appearances were noted on the record.

The Court having reviewed and considered the Motion, the *Committee's Limited Objection to Debtor's Motion for Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* [ECF No. 273] (the "Committee's Objection"); and the *Limited Objection and Reservation of Rights of Certain Insurers Regarding Debtor's Bar Date Motion* [ECF No. 274] (the "Insurers' Objection"), the status report filed by the Debtor [ECF No. 297], the arguments of counsel at the hearing; and the Court finding good cause to grant the relief requested by the Motion under Bankruptcy Code sections 501, 502, and 503, Bankruptcy Rules 2002, 3001-3005 and 9008 and Bankruptcy Local Rule 3003-1; the Court further finding that notice given of the Motion was appropriate under the circumstances;

IT IS HEREBY ORDERED as follows:

1. The Motion is granted, as set forth herein.

2. The comments set forth in paragraphs V, VI, and X of the *Preliminary Comments on Motion Regarding Claims Bar Dates, Etc.* [ECF No. 287] issued by this Court on November 6, 2023 (the "Preliminary Comments"), are incorporated in this Order by reference, and the Committee's Objection and the Insurers' Objection are overruled, in part, on the grounds articulated in paragraphs V, VI, and X of the Preliminary Comments.

3. The Court's Docket Text Order as entered on November 16, 2023,[2] is incorporated in this Order by reference and the Committee's version of the question to be added as question (j)

---

[1] Capitalized terms not otherwise defined in this Bar Date Order shall have the same meanings ascribed to them in the Motion.

[2] The text of the Docket Text Order on the docket is as follows: "DOCKET TEXT ORDER (no separate order issued:) The court has reviewed the letter from counsel for the Debtor (Dkt 310) and considered the recommendations from the OCC and the Insurers re the question to be inserted in the POC Form Supplement. They are both adequate and both acceptable to the Debtor. The version proposed by the OCC is more focused and seeks a less speculative response from the respondents. That is the version the court APPROVES. (Montali, Dennis) (Entered: 11/16/2023)"

to Part 3 of the *Optional Confidential Survivor Supplement to Official Form 410 for Use by Survivor Claimants to Assert a Survivor Claim* appended to this Order as Exhibit B.

4.     The General Proof of Claim Form, the Confidential Survivor Proof of Claim Form including the Official Form 410 and separate optional Confidential Survivor Supplement, the Confidentiality Agreement, the General Bar Date Notice, the Survivor Claim Bar Date Notice and the Publication Notice, substantially in the modified forms attached hereto as Exhibits A, B, C, D, E, and F, respectively, and the manner of providing notice of the Bar Date proposed in the Motion, are approved in all respects under Bankruptcy Rules 2002, 3003 and 9008 and Bankruptcy Local Rule 3003-1.  The form and manner of notice of the Bar Date approved by this Order (the "Bar Date Order") are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Bankruptcy Local Rules, and notice of the Bar Date in the form and manner proposed by the Debtor is fair and reasonable and will provide good, sufficient, and due notice to all creditors and interest holders of their rights and obligations in connection with claims they may assert against the Debtor's estate in this chapter 11 case.  Accordingly, the Debtor is authorized to serve and publish the Bar Date Notices in the manner described in this Order.

5.     Except as provided in paragraph 6 of this Bar Date Order, any person or entity holding a prepetition claim against the Debtor must file a proof of claim in accordance with the procedures described herein on or before February 20, 2024 (the "Bar Date").  The Bar Date applies to all persons and entities holding claims, including section 503(b)(9) claims, against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to or on the Petition Date.

6.     Except as provided in paragraph 6 of this Bar Date Order, in accordance with Bankruptcy Code section 502(b)(9), any governmental unit holding a prepetition claim against the Debtor must file a proof of claim in accordance with the procedures described herein on or before the Bar Date, including governmental units holding claims against the Debtor for unpaid taxes,

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 3 of 39

whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.[3]

7.     Except as provided in paragraph 6 of this Bar Date Order, any person or entity holding a prepetition claim arising from Abuse (defined below) for which the individual believes the Debtor may be liable, must file a Confidential Survivor Proof of Claim Official Form 410 and may file the separate optional Confidential Survivor Supplement in accordance with the procedures described in this Bar Date Order on or before February 20, 2024.  For purposes of this Bar Date Order:

(a)     "Abuse" means conduct giving rise to a Survivor Claim.

(b)     A "Survivor Claim" is defined as any Claim (as defined in Bankruptcy Code section 101(5)) against RCASF resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the RCASF or any other person or entity for whose acts or failures to act the RCASF is or may be responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers.  Survivor Claim includes all claims for Childhood Sexual Assaults, as that term is defined by California Code of Civil Procedure section 340.1(d).

(c)     A "Survivor Claimant" is a person who asserts a Survivor Claim.

8.     The following entities whose claims otherwise would be subject to the Bar Date shall not be required to file proofs of claim in this chapter 11 case:

(a)     Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California or with Omni Agent Solutions, Inc.

---

[3] As used herein, the term "government unit" has the meaning given to it in Bankruptcy Code section 101(27).

(b) Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) which does not dispute the amount or classification of its claim as set forth in the Schedules;

(c) Professionals retained pursuant to orders of this Court who assert administrative claims for payment of fees and expenses subject to the Court's approval under Bankruptcy Code sections 330, 331(a) and 503(b);

(d) Any person or entity that asserts an administrative expense claim against the Debtor under Bankruptcy Code sections 503(b)(1) through (8);

(e) Any person or entity whose claim has been paid in full; and

(f) The United States Trustee regarding a claim for quarterly fees under 28 U.S.C. § 1930(a)(6).

9. The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim as disputed, contingent or unliquidated.

10. Subject to the provisions of paragraph 6 of this Bar Date Order, the following entities must file a proof of claim on or before the applicable Bar Date:

(a) Any entity or person whose prepetition claim against the Debtor is not listed in the Debtor's Schedules or whose prepetition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated and that desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

(b) Any entity or person that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

(c) Any person who believes that he or she has or may have a Survivor Claim for which the person believes the Debtor may be liable.

11. Pursuant to Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Bar Date Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable Bar Date, may NOT be treated as a creditor with respect to such claim for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in this case.**

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 5 of 39

12.     Within ten business days of the entry of this Bar Date Order, and except as provided in paragraph 11 below concerning Survivor Claims, the Debtor shall serve by United States mail, first-class postage prepaid upon: (a) all known entities holding potential prepetition claims against the Debtor, and their counsel (if known); (b) all parties that have requested special notice in this case; and (c) the United States Trustee, the following documents: (i) General Bar Date Notice substantially in the form attached as Exhibit D to this Bar Date Order; and (ii) a copy of the Proof of Claim Form substantially in the form attached as Exhibit A to this Bar Date Order.

13.     Within ten business days of the entry of this Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid: (i) the Survivor Claim Bar Date Notice substantially in the form attached as Exhibit E to this Bar Date Order, and (ii) a copy of the Confidential Survivor Proof of Claim upon all known Survivor Claimants and their counsel (if known)[4] substantially in the form attached as Exhibit B to this Bar Date Order.  In addition, the Debtor shall request that each Parish and school within the geographic limits of the Archdiocese provide it access to its contact lists, and as permitted shall mail a copy of the Publication Notice substantially similar to the form attached as Exhibit F to each household and address on such contact list.

14.     The Debtor also shall make the Bar Date Notices available to the public in the following manner:

(a)     The Debtor shall post on the home page of the RCASF's website a copy of the General Bar Date Notice and General Proof of Claim as well as a copy of the Survivor Claim Bar Date Notice and the Confidential Survivor Proof of Claim Form.  The Debtor shall promptly request Survivors Network of those Abused by Priests, a survivor advocacy group, and BishopAccountability.org, Inc., to post the Survivor Claim Bar Date Notice on the website on their respective websites.

(b)     The Debtor shall cause a copy of the notice substantially in the form attached as Exhibit F to this Bar Date Order (the "Publication Notice"), no smaller than a 1/8-page advertisement in each newspaper listed in (i) through (iv) below, to be published as follows:

(i)     Once, in English, in the Western edition of *The Wall Street Journal*, and twice, in English, in the San Francisco region edition of *USA*

---

[4] If a Survivor Claimant's counsel has appeared in the bankruptcy case on behalf of a Survivor Claimant or provided written consent to Debtor's counsel, the Debtor is authorized to serve the Survivor Claimant's counsel with the Survival Claim Bar Date Notice.

Case: 23-30564     Doc# 337     Filed: 11/21/23     Entered: 11/21/23 14:53:42     Page 6 of 39

*Today*, on the first available, reasonably practical date after entry of the Bar Date Order;

(ii)    Twice each, in English, in the following daily (or near daily) newspapers, first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date:

> *San Francisco Chronicle*;
> *Los Angeles Times*;
> *Alameda Times-Star* (East Bay Times);
> *Contra Costa Times* (East Bay Times);
> *San Mateo Daily Journal* (San Mateo County);
> *Marin Independent Journal* (Marin County);
> *The Mercury News* (San Jose);
> *Santa Cruz Sentinel* (Santa Cruz County);
> *The Sacramento Bee*;
> *Stockton Record* (San Joaquin and Calaveras Counties);
> *Modesto Bee* (Stanislaus and Tuolumne Counties);
> *The Press Democrat* (Sonoma County);
> *The Napa Valley Register* (Napa County);
> *The Ukiah Daily Journal* (Mendocino County);
> *Lake County Record-Bee* (Lake County);
> *Times Standard* (Mendocino County); and
> *Del Norte Triplicate* (Del Norte County).

(iii)    Twice each, in Spanish, in the *La Opinion de la Bahia* (published weekly), *La Prensa Sonoma* (published monthly), and *El Leñador* (published monthly but not during the summer months), first on the first available, reasonably practical date after entry of the Bar Date Order and second, approximately one month prior to the expiration of the Survivor Claim Bar Date.

15.    Additionally, the Debtor shall use best efforts to cause the Publication Notice to be to be posted in Chinese on the following websites, beginning on the first available reasonably practical date after entry of the Bar Date Order at least month prior to the expiration of the Survivor Claim Bar Date, for a duration of at least one week, each time:

https://www.singtaousa.com
https://www.chineseradio.com

16.    Additionally, the Debtor shall provide further notice of the Bar Date by taking the following measures:

(a)    The Debtor will request that each Parish include in the bulletins produced by the Parishes and missions located within the geographic territory of the Archdiocese, bi-weekly from the first available date after entry of the Bar Date Order until the Survivor Claim Bar Date, an announcement that will be placed in the language in which such Parish or mission conducts Mass (English or Spanish).

(b) The Debtor will request each Parish and mission in the Archdiocese to post a flyer announcing the Survivor Claim Bar Date in a prominent location for at least six weeks prior to the Survivor Claim Bar Date.

(c) The Debtor will post the Survivor Claim Bar Date and information on how to obtain and submit a Confidential Survivor Proof of Claim Form at least once a week for the six weeks prior to Bar Date on the following social media accounts:

https://twitter.com/ArchdioceseSF
https://twitter.com/ArchCordileone
https://www.instagram.com/sfarchdiocese
https://www.facebook.com/sfarchdiocese

17. The Debtor is authorized, under Bankruptcy Code section 503(b) to pay the costs of mailing and publication as described herein.

18. All Confidential Survivor Proof of Claim Forms shall be treated as confidential in accordance with the following confidentiality protocols:

(a) Potential Survivor Claimants are directed not to file a Confidential Survivor Proof of Claim Form with the Court. Instead, all Confidential Survivor Proof of Claim Forms are directed to be sent to the Claims Agent in accordance with the procedures set forth in the Survivor Claim Bar Date Notice. Any claim that appears to be a Survivor Claim that is filed without an optional Confidential Survivor Supplement or as a General Claim shall be treated by the Claims Agent as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim.

(b) Confidential Survivor Proof of Claim Forms submitted by Survivor Claimants will not be available to the general public. The Confidentiality Protocol is for the benefit of the Survivor Claimants. Accordingly, Survivor Claimants may elect to make any of the information contained in their own Confidential Survivor Proof of Claim Form public; provided, however, notwithstanding that a Survivor Claimant may disclose information on such claimant's Confidential Survivor Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Confidential Survivor Proof of Claim, except as allowed by Permitted Parties, as defined below.

(c) Confidential Survivor Proof of Claim Forms submitted by a Survivor Claimant shall be held and treated as confidential by the Debtor and Debtor's professionals and copies thereof shall be provided by the Debtor or Debtor's professionals to the parties listed below (the "Permitted Parties") and to such other persons that may be granted access to the Survivor Proofs of Claim by order of the Court. No party (including a Permitted Party) may obtain copies of Survivor Proofs of Claim unless such party first executes a confidentiality agreement substantially in the form attached hereto as Exhibit C (the "Confidentiality Agreement").[5] Executed Confidentiality Agreements shall

---

[5] Notwithstanding paragraph 18(c), the U.S. Trustee shall have full access to the Survivor Proofs of Claim without executing a Confidentiality Agreement. All Survivor Proofs of Claim and

be provided to counsel to the Committee and the Debtor, who will provide copies to its insurers, reinsurers of the Debtor, and any other third-party administrator of the Debtor's insurance program; provided however, that executed Confidentiality Agreements for Permitted Parties retained by or on behalf of the Debtor's insurers shall be maintained by counsel to such insurers and need not be provided to the Committee or the Debtor absent Court approval upon a showing of good cause. Counsel of record in the above captioned case to any Permitted Parties shall keep confidential and not disclose the contents of any Survivor Claim Form except as otherwise provided by the confidentiality provision herein or order of the court. Counsel to the Debtor, each insurer Permitted Party (as defined below) together with their respective successors, regulators, reinsurers, administrators and counsel, and counsel to the Committee shall only be required to execute a single Confidentiality Agreement on behalf of those entities and their respective clients, which shall be deemed binding on their entire firm and their respective clients. Access to the Confidential Survivor Proof of Claim Form and Conditional Information (defined below)[6] for all other Permitted Parties shall be restricted to the natural person who executes a Confidential Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Conditional Survivor Proof of Claim Form on behalf of a Permitted Party.

(d)     Permitted Parties may use the Survivor Proof of Claims and any Confidential Information from such Survivor Proof of Claim contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Confidential Survivor Form in the Debtor's Chapter 11 Case; any related adversary proceedings or contested matters in the Chapter 11 Case; any related insurance or reinsurance coverage demands, claims, disputes, or litigation; and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations; provided, however, that notwithstanding anything to the contrary in this Order, Permitted Parties may not use Confidential Information in the optional Confidential Survivor Supplement for any objections to a Survivor Proof of Claim; provided further that the Committee does not concede that a Permitted Party is a party in interest in the Chapter 11 Case for purposes of, among other things, having standing to object to Confidential Survivor Forms, Survivor Claimants and the Committee reserve their rights to oppose any Permitted Party's assertion it is a party in interest in the Chapter 11 Case.

(e)     The Permitted Parties (the "Permitted Party List") are:

(1)     Counsel and other professionals for the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Debtor in reviewing and analyzing the Survivor Claims;

---

Confidential Information shall be treated as "Records," as that term is defined and used in the Privacy Act. *See*, 5 U.S.C. § 552a(a)(4).

[6] "Confidential Information" means any information contained in a Confidential Survivor Proof of Claim Form except to the extent the information was known to the Permitted Party prior to being disclosed in the Proof of Claim, or become generally available to the public through no act or failure on the part of the Permitted Party, is obtained from a third party under no obligation to maintain its confidentiality, or developed by the Permitted Party independently without reference to any Confidential Survivor Proof of Claim Form.

(2)     The Archbishop of the Debtor and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Survivor Claims, except that no individual accused of committing abuse in a lawsuit or Survivor Claim shall have access to the Surivivor Claims under this paragraph 16(e);

(3)     Counsel and other professionals for the Committee, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the Committee in reviewing and analyzing the Survivor Claims;

(4)     Insurers for the Debtor, together with their successors, administrators, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel and other professionals, including partners, counsel, associates, consultants, experts, and employees of such professionals, who are necessary to assist the foregoing in reviewing and analyzing Survivor Claims;

(5)     Any unknown claims representative appointed pursuant to an order of the Court in this case;

(6)     Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;

(7)     Any special arbitrator/claims reviewer appointed pursuant to an order of this court to review and resolve the claims of Survivor Claimants;

(8)     Any trustee, or functional equivalent thereof, appointed to administer payments to Survivor Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

(9)     Members of the Committee and their personal counsel (after the Confidential Survivor Proof of Claim Form has been redacted to remove the Survivor Claimant's name, address, and any other information identified in Part 2(A) of the Confidential Survivor Proof of Claim Form and the signature block);

(10)    Persons who, in addition to those identified above, are permitted access upon stipulation of the party that produced or disclosed the affected Survivor Claim, after notice to the counsel to the Debtor, Committee and Insurers has been given and a reasonable opportunity to object;

(11)    Such other persons as the Court determines should have the information in order to evaluate Survivor Claims; provided, however, that any such determination shall be made on no less than seven days' notice to Survivor Claimants and the Committee.

19.     For any proof of claim to be validly and properly filed, a signed original[7] and a copy

of the completed proof of claim, together with any accompanying documentation required by

---

[7] Any proof of claim may be signed using software with electronic signature capabilities, such as DocuSign, AdobeSign, VineSign, or similar, reliable program.

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 10 of 39

Bankruptcy Rules 3001(c) and 3001(d), must be delivered to Omni Agent Solutions, Inc., the Debtor's claims agent (the "Claims Agent"), at the address identified on the applicable Bar Date Notice or electronically filed with the Claims Agent so as to be received by the date as stated on the applicable Bar Date Notice. Proofs of claim may be submitted in person or by courier service, hand delivery or U.S. Mail, or electronically. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by the Claims Processing Agent by the applicable Bar Date. If a creditor desires to receive acknowledgement of receipt of a proof of claim, the creditor also must submit to the Claims Agent by the applicable Bar Date and concurrently with submitting its original proof of claim: (i) a third copy of the original proof of claim; and (ii) a self-addressed, stamped return envelope.

20. The Debtor is authorized and empowered to take all actions necessary to implement and enforce the relief granted in this Bar Date Order. Nothing herein prohibits the Committee or any counsel for an individual claimant from enforcing this Order with respect to the confidentiality provisions contained herein and all parties rights are reserved as to any such request.

21. Nothing contained herein shall constitute a waiver by the Debtor of (a) any defenses in connection with any General Claims or Survivor Claims that are asserted against the Debtor, or (b) the right to assert that any General Claims or Survivor Claims are barred by applicable statutes of limitations.

22. This Bar Date Order is without prejudice to any request by the Debtor, Committee or Unknown Claims Representative to modify the Survivor Claim Bar Date.

23. Under Bankruptcy Rule 3002(c)(4), any claim arising from the rejection of an executory contract or unexpired lease of the Debtor shall be filed within 30 days after such rejection.

24. This Court shall retain jurisdiction over any and all matters arising from or relating to the implementation, interpretation, enforcement or modification of this Bar Date Order.

**\*\*\*END OF ORDER\*\*\***

# EXHIBIT "A"

**Fill in this information to identify the case:**

Debtor 1    The Roman Catholic Archbishop of San Francisco

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number   23-30564

**THIS PROOF OF CLAIM FORM SHOULD NOT BE FILED OR SUBMITTED BY PARTIES ASSERTING A SURVIVOR PROOF OF CLAIM. SURVIVOR CLAIMANTS SHOULD USE THE CONFIDENTIAL SURVIVOR PROOF OF CLAIM AVAILABLE AT HTTPS://OMNIAGENTSOLUTIONS.COM/RCASF-SURVIVORCLAIMS.**

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes. From whom? |
| 3. **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**    **Where should payments to the creditor be sent?** (if different) <br><br> Name          Name <br><br> Number   Street        Number   Street <br><br> City   State   ZIP Code      City   State   ZIP Code <br><br> Contact phone        Contact phone <br> Contact email        Contact email <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ |
| 4. **Does this claim amend one already filed?** | ☐ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____ MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No <br> ☐ Yes. Who made the earlier filing? |

Case No. 23-30564
Claims Procedures Order - Ex. A

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**    $ _____. **Does this amount include interest or other charges?**

         ☐ No

         ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

     **Nature of property:**

     ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

     ☐ Motor vehicle

     ☐ Other. Describe: _____

     **Basis for perfection:** _____

     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     **Value of property:**            $ _____

     **Amount of the claim that is secured:**    $ _____

     **Amount of the claim that is unsecured:**   $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

     **Amount necessary to cure any default as of the date of the petition:**    $ _____

     **Annual Interest Rate** (when case was filed) %

     ☐ Fixed

     ☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ _____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

Case No. 23-30564
Claims Procedures Order - Ex. A

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | **Amount entitled to priority** |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).      $ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).      $ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).      $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).      $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).      $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.      $ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____
                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name      _____
          First name        Middle name        Last name

Title     _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
          Number        Street

          _____
          City                          State      ZIP Code

Contact phone   _____        Email   _____

**Exhibit B**

(Confidential Survivor Proof of Claim Form and Optional Supplement)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>              Debtor and<br>              Debtor In Possession. | Case No.  23-30564<br><br>Chapter 11<br><br>**INSTRUCTIONS TO CONFIDENTIAL SURVIVOR PROOF OF CLAIM AND OPTIONAL CONFIDENTIAL SURVIVOR SUPPLEMENT** |

**IMPORTANT:**

**PLEASE COMPLETE THIS FORM SO THAT IT IS RECEIVED NO LATER THAN
<u>FEBRUARY 20, 2024</u> ("BAR DATE")**

**PLEASE DO <u>NOT</u> FILE THIS DOCUMENT WITH,
OR SUBMIT IT TO, THE BANKRUPTCY COURT**

This Confidential Survivor Proof of Claim has two separate components: (1) a mandatory three-page "Official Form 410" attached hereto ("<u>Proof of Claim</u>"), and (2) an optional Confidential Survivor Supplement, also attached hereto ("<u>Supplement</u>").   When submitting your Proof of Claim in this case, you are also **strongly encouraged** also to complete the Supplement and include it as an attachment to your Proof of Claim.   Submitting the completed Supplement at the outset will help streamline the process of identifying claims and all applicable insurance and expedite distributions to creditors.  Filling out the Supplement in full will allow for a better understanding of the facts supporting your sexual abuse claim against the Debtor.  This information will be used in, among other things, efforts to consensually resolve the issues in this chapter 11 case.  Additionally, providing the information requested in this Supplement may reduce the likelihood that the parties to the bankruptcy case will need to seek more information from you through a deposition, written interrogatories, or other methods of discovery.

Please carefully read the Notice and Instructions that are included with this Confidential Survivor Proof of Claim and respond to all applicable questions to the best of your ability.  If you have an attorney, you should complete this form with the assistance of counsel.   Send a signed original of the completed Survivor Proof of Claim as follows:   If by **mail, hand delivery, or overnight courier,** to:  The Roman Catholic Archbishop of San Francisco, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or you may submit a claim **electronically** at: https://omniagentsolutions.com/RCASF-SurvivorClaims.

**The Confidential Survivor Proof of Claim form must be mailed, delivered or electronically submitted to Omni Agent Solutions Inc. ("<u>Omni</u>") so that it is <u>received</u> no later than <u>February 20, 2024</u>.  Please note that a Survivor Proof of Claim Form submitted by facsimile, telecopy or electronic mail transmission will not be accepted and will not be deemed filed.**

**FAILURE TO COMPLETE  AND RETURN A PROOF OF CLAIM MAY RESULT IN YOUR INABILITY**

Case: 23-30564   Doc# 337   Filed: 11/21/23   Entered: 11/21/23 14:53:42   Page 16 of

**TO RECEIVE A DISTRIBUTION FROM THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO AKA THE ARCHDIOCESE OF SAN FRANCISCO, REFERRED TO HERE AS THE "ARCHDIOCESE" AND VOTE ON A PLAN OF REORGANIZATION.**

**YOUR IDENTITY WILL BE KEPT STRICTLY CONFIDENTIAL, AND OUTSIDE THE PUBLIC RECORD OF THE BANKRUPTCY COURT. HOWEVER, THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM AND THE INFORMATION IN THIS CONFIDENTIAL SURVIVOR PROOF OF CLAIM WILL BE PROVIDED TO THE DEBTOR, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, CERTAIN INSURERS OF THE ARCHDIOCESE AND TO SUCH OTHER PERSONS AS THE BANKRUPTCY COURT DETERMINES NEED THE INFORMATION IN ORDER TO EVALUATE THE CLAIM, ONLY UNDER STRICT, COURT-APPROVED CONFIDENTIALITY GUIDELINES.**

**This Confidential Survivor Proof of Claim is for Survivor Claimants Only.**

For the purposes of this Proof of Claim, a **Survivor Claim** is defined as any Claim (as defined in section 101(5) of the Bankruptcy Code) against the Archdiocese resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the Archdiocese or any other person or entity for whose acts or failures to act the Archdiocese is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. A Survivor Claim includes all claims for Childhood Sexual Assault, as that term is defined by California Code of Civil Procedure Section 340.1 (d).

A **Survivor Claimant** is defined as the person asserting a Survivor Claim against the Archdiocese, or, if a minor or legally incapacitated adult, then his/her parent or legal guardian or custodian.

Finally, for the purposes of this Proof of Claim, **Abuse** means conduct giving rise to a Survivor Claim.

**To be valid, the Confidential Survivor Proof of Claim must be signed by you or your attorney (if represented by one). If the Survivor Claimant is deceased or incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's representative, executor of the estate or the attorney for the estate. If the Survivor Claimant is a minor or legally incapacitated, the Confidential Survivor Proof of Claim may be signed by the Survivor Claimant's parent or legal guardian or legal custodian, or the Survivor Claimant's attorney.**

If you need more space to answer any of the below questions, please attach additional sheets of paper and indicate to which question your answer applies.

**Fill in this information to identify the case:**

Debtor 1     The Roman Catholic Archbishop of San Francisco

Debtor 2     _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number    23-30564

# PLEASE DO NOT FILE THIS DOCUMENT WITH, OR SUBMIT IT TO, THE BANKRUPTCY COURT

## Official Form 410

# Confidential Survivor Proof of Claim      04/22

### (For Use by Survivor Claimants to Assert Survivor Claims)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

_____
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name _____ | Name _____ |
| Number    Street | Number    Street |
| City    State    ZIP Code | City    State    ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

6. **Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   ____  ____  ____  ____

7. **How much is the claim?**     $ _____. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**
☐ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe:   _____

**Basis for perfection:**   _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                         $ _____
**Amount of the claim that is secured:**       $ _____
**Amount of the claim that is unsecured:**  $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed) ____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____

11. **Is this claim subject to a right of setoff?**
☐ No
☐ Yes. Identify the property:   _____

**12.** **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:** **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
        MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name        Middle name        Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

_____
City        State        ZIP Code

Contact phone _____        Email _____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>　　　　　　Debtor and<br>　　　　　　Debtor In Possession. | Chapter 11<br><br>**<u>OPTIONAL</u> CONFIDENTIAL SURVIVOR SUPPLEMENT TO OFFICIAL FORM 410 FOR USE BY SURVIVOR CLAIMANTS TO ASSERT A SURVIVOR CLAIM** |

## <u>DO NOT FILE THIS DOCUMENT WITH THE COURT</u>

This supplement to Official Form 410 ("Supplement") is not required to be filed in order for holders of Survivor Claims[1] to be deemed properly submitted. However, the Debtor recommends that any person asserting a Survivor Claim voluntarily complete this form in full and submit it with the Confidential Survivor Proof of Claim (designated "Official Form 410"). Completing this Supplement in full will allow for a better understanding of the facts supporting your Survivor Claim against the Debtor. This information will be used by the Debtor, the Committee, and other parties in interest bound by strict confidentiality agreements in, among other things, their efforts to consensually resolve the issues in this Bankruptcy Case. Additionally, providing the information requested in this Supplement may reduce the likelihood that parties to the Bankruptcy Case will need to seek more information from you at some later date under more formal procedures (e.g., deposition, written interrogatories, or other methods of discovery).

## <u>PART 1: CONFIDENTIALITY</u>

The information you share will be kept strictly confidential. This form and the information in it may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Archdiocese, certain insurers of the Archdiocese, the Official Committee of Unsecured Creditors, the United States Trustee, and to such other persons as the Bankruptcy Court may authorize. Please be assured that these parties have agreed and are required to keep your information strictly confidential.

---

[1] Capitalized terms not defined in this Supplement shall have the same meanings given to them in the Instructions to Confidential Survivor Proof of Claim and Confidential Survivor Supplement provided with this Supplement.

## PART 2: IDENTIFYING INFORMATION

**A.  Survivor Claimant**

_____

First Name                Middle Initial            Last Name                Suffix

_____

Address (If party is incapacitated, is a minor or is deceased, please provide the address of the individual submitting the claim. If you are in jail or prison, your current address).

_____

City                State/Prov.            Zip Code (Postal Code)   Country (if other
                                                                    than USA)

Telephone No(s):
Home: _____ Work: _____ Cell: _____

Email address: _____

Last 4 digits of Social Security Number: _____

If you are in jail or prison, your identification number: _____

May we leave voicemails for you regarding your claim?        ☐ Yes  ☐ No

May we send confidential information to your email:          ☐ Yes  ☐ No

Birth Date: _____
                Month          Day     Year

Gender: _____

Any other name, or names, by which the Claimant has been known: _____

SMRH:4879-4650-0737.10

Case No. 22-30564
CLAIMS PROCEDURES ORDER – EX. B

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 22 of
39

**B.  Survivor Claimant's Attorney (if any):**

_____
Law Firm Name

_____
Attorney's First Name          Middle Initial          Last Name

_____
Street Address

_____
City          State/Prov.          Zip Code (Postal Code)          Country
                                                                   (If other than U.S.A.)
_____
Telephone          Fax Number          Email Address

## PART 3: NATURE OF COMPLAINT

### (Attach additional sheets if necessary)

**Note:  If you have previously filed a lawsuit against The Roman Catholic Archbishop of San Francisco, also known as Archdiocese of San Francisco ("Archdiocese") in state or federal court, you must attach the complaint.  If you did not file a lawsuit, or if the complaint does not contain all of the information requested below, you may provide the information below.**

- **Please fill out this Part 3 for each Archdiocese affiliated perpetrator.**

a.  Who committed the acts of abuse or other wrongful conduct?  Please identify the person by complete name(s) or other description of each abuser to the best of your recollection.  If you do not know the name(s) of each abuser, please identify them by title, position or other description (for example, approximate age, height, weight, hair color, clothing worn, identifying marks, etc.).

_____
_____
_____
_____
_____
_____
_____

b.  How did you know the abuser? For example, was the abuser at your church, school or part of another group with which you were involved? Was the abuser a relative or family friend?

_____
_____
_____
_____

c.  If the abuser was affiliated with a church, parish, school, or Archdiocesan organization, please identify such church, parish, school or organization (please include City or neighborhood if possible).

_____
_____
_____
_____

d.  Where did the abuse or wrongful conduct take place?  Please be specific and provide relevant information, including the names of locations and addresses, to the extent you recall.

_____
_____
_____
_____

e.  When did the abuse or wrongful conduct take place?  Please be as specific as possible, providing exact or approximate date(s), age(s), grade level(s), year(s), months and/or season (spring, summer, fall, winter), to the extent you recall.

_____
_____
_____
_____

f.  How many times were you abused?  If the abuse or wrongful conduct took place more than once, please state how many times it occurred, when the abuse began, how often it occurred, and when it ended, to the extent you remember.

_____
_____
_____
_____

g.  Please provide a detailed description of the nature of the abuse and what happened (for example, the circumstances and types of sexual abuse). Please use additional pages and attach them to this Proof of Claim, if necessary:

_____
_____
_____

SMRH:4879-4650-0737.10
Case No. 22-30564
CLAIMS PROCEDURES ORDER – EX. B

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 24 of 39

h.  Were there any witnesses to, or individuals aware of, the abuse? If so, please identify the witnesses and individuals, and their present location, if known.

_____
_____
_____

i.  Have you told anyone about the abuse or wrongful conduct, even if not in its entirety? If so, who did you tell, when and what did you tell that person (this would include parents; relatives; friends; the Archdiocese; counselors; and law enforcement authorities)? You do not need to disclose any communications you had with your attorney.

_____
_____
_____

j.  Do you know if anyone told the Archdiocese or a church, school, parish, or Archdiocesan organization about your abuse? If so, identify who told, who was told and when.

_____
_____
_____

## PART 4: IMPACT OF ABUSE

(Attach additional sheets if necessary)

*Where more than one perpetrator is alleged, please answer the questions separately as to each perpetrator.*

a.  Please describe in detail what injuries (including physical, mental and/or emotional) have occurred to you because of the act or acts of abuse or other wrongful conduct that resulted in the claim (for example, the effect on your education, employment, personal relationships, health, and any physical injuries)?

_____
_____
_____
_____
_____
_____

b.  Have you sought counseling or other treatment for your injuries? If so, with whom and when?

_____
_____
_____
_____

SMRH:4879-4650-0737.10

Case No. 22-30564
CLAIMS PROCEDURES ORDER – EX. B

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 25 of 39

## **PART 5: ADDITIONAL INFORMATION**

a.  Prior Bankruptcy Claims: Have you, or has anyone on your behalf, filed any claims in any other bankruptcy case relating to the abuse or wrongful conduct described in this claim?

☐ Yes ☐ No (If "Yes," attach a copy of any completed claim form.)

If "Yes," which case(s): _____

b.  Prior Non-Bankruptcy Claims: Have you, or has anyone on your behalf, asserted or filed any claim or lawsuit seeking damages for the abuse or wrongful conduct described in this claim?

☐ Yes ☐ No (If "Yes," attach a copy of any completed claim form, and, if a lawsuit was filed, a copy of the complaint if not already attached as directed in Part 3.)

Please also describe the resolution of such claim (including whether such claim was settled, released, dismissed, or otherwise adjudicated or resolved).

If you previously filed a lawsuit, did you file a certificate of merit as required by California Code of Civil Procedure § 340.1?

☐ Yes ☐ No

c.  Settlements: Regardless of whether a complaint was ever filed against any party because of any abuse or wrongful conduct as described in this claim, have you settled <u>any</u> claim relating to abuse described in this claim?

☐ Yes ☐ No (If "Yes," please describe, including parties to the settlement and any payments received.  Attach a copy of any settlement agreement.)

_____
_____

If "Yes," which case(s): _____

d.  Payments:  Regardless of whether your entered into any settlement, did you ever receive any payment from the Archdiocese or any other person or entity because of any abuse against you.

☐ Yes ☐ No  (If "Yes," please describe who paid you, when they paid you, and how much they paid you.)

_____
_____

SMRH:4879-4650-0737.10

e.  Bankruptcy:  Have you ever filed bankruptcy? ☐ Yes ☐ No (If "Yes," please provide the following information:

Name of Case: _____  Court: _____

Date filed: _____  Case No. _____

Chapter:    7      11      12      13      Name of Trustee: _____

**Sign and print your name. If you are signing the claim on behalf of another person or an estate, print your title.**

**Under penalty of perjury, I declare the foregoing statements to be true and correct.**

**Date:** _____

**Signature:** _____

**Print Name:** _____

**Title:** _____
(Relationship of signer to party on behalf of whom claim is being made, such as parent, family member, guardian, custodian, attorney, executor of estate)

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to five years, or both.  18 U.S.C. §§ 152 and 3571.

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 27 of 39

**Exhibit C**

(Confidentiality Agreement)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **CLAIMS CONFIDENTIALITY AGREEMENT** |

     This Agreement ("<u>Agreement</u>") is entered into as of _____.

     The undersigned (the "<u>Recipient</u>") is a Permitted Party pursuant to the Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing Confidentiality Protocols; and Approving Form and Manner of Notice (the "<u>Order</u>") [Docket No.___] on _____, 2023 by the United States Bankruptcy Court for the Northern District of California (the "<u>Court</u>") in Case No. 23-30564, In Re: The Roman Catholic Archbishop of San Francisco (the "<u>Case</u>").

     **WHEREAS**, the Recipient requests access to Confidential Survivor Proof of Claim Forms[1] filed in the Case after execution of this Agreement pursuant to and in accordance with the terms of the Order;

     **WHEREAS**, Recipient agrees to keep the information provided in any and all Confidential Survivor Proof of Claim Forms confidential pursuant to and in accordance with the terms of the Order and this Agreement; and

---

[1] Capitalized terms used but not defined herein shall have the meaning and definitions ascribed to them in the Order.

**WHEREAS**, with the exception of the parties identified in paragraph 16(e) of the Order, access to the Confidential Survivor Proof of Claim Forms extends only to the natural person who executes this Agreement. A separate confidentiality agreement must be signed by each natural person who seeks access to the Confidential Survivor Proof of Claim Forms on behalf of a Permitted Party.

**NOW, THEREFORE, IT IS AGREED AS FOLLOWS:**

1. Recipient agrees to keep the information provided in the Confidential Survivor Proof of Claim Forms confidential pursuant to and in accordance with the terms of the Order;

2. Recipient agrees to not distribute any Confidential Survivor Proof of Claim Forms or information provided in the Proof of Claim Forms in violation of the Confidentiality Protocols in the Order.

3. Recipient agrees that only the natural person who executes this Agreement will have access to the Confidential Survivor Proof of Claim Forms unless Recipient is a Permitted Party pursuant to paragraph 16(e) of the Order.

4. Recipient will only communicate information from the Confidential Survivor Proof of Claim Forms with other Permitted Parties who have executed a confidentiality agreement pursuant to the Order.

5. Recipient consents to the jurisdiction of the Court to adjudicate any violation of this Agreement or the Order.

6. Recipient shall report any disclosure of information from a confidential Survivor Claim to the Debtor and any appointed Committee within seven days of becoming aware of such disclosure, and shall cooperate with efforts to recover the information and/or mitigate the effects of the disclosure.

Dated: _____, 2023.

Signature: _____

Print Name: _____

Name of Party Represented (if any): _____

**Exhibit D**

(General Bar Date Notice)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **NOTICE OF BAR DATE FOR FILING OF GENERAL PROOFS OF CLAIM**[1] |

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO:**

    **PLEASE TAKE NOTICE** that on August 21, 2023 (the "Petition Date") The Roman Catholic Archbishop of San Francisco aka the Archdiocese of San Francisco, debtor and debtor in possession ("Debtor") in the above-captioned case (the "Bankruptcy Case") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California (the "Court"). The Debtor, its address, case number, proof of claim forms and other relevant information related to this Bankruptcy Case may be obtained at: https://omniagentsolutions.com/RCASF.

    **PLEASE TAKE FURTHER NOTICE** that on [DATE], 2023, the Court entered an order (the "Bar Date Order") establishing February 20, 2024 as the claims bar date ("Bar Date") in the Bankruptcy Case. In Section III of this notice (the "General Creditor Bar Date Notice"), you will find directions for filing, by mail and electronically, a proof of claim against the Debtor.

    **PLEASE TAKE FURTHER NOTICE** that for your convenience, the Debtor has enclosed with this General Creditor Bar Date Notice, a proof of claim form (the "General Creditor Proof of Claim Form").  If this General Creditor Bar Date Notice does not include a General Creditor Proof of Claim Form, you may obtain a copy of the General Creditor Proof of Claim Form by visiting https://omniagentsolutions.com/RCASF-Claims or by contacting Omni Agent Solutions, Inc. at the email address or telephone number listed at the end of this General Creditor Bar Date Notice.

---

[1] Survivor Claimants will receive a separate notice with additional instructions for filing confidential Survivor Claims.

# KEY DEFINITIONS

- As used in this General Creditor Bar Date Notice, the term "<u>Entity</u>" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

- As used in this General Creditor Bar Date Notice, the term "<u>Governmental Unit</u>" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, states, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

- As used in this General Creditor Bar Date Notice, the term "<u>Claim</u>" shall mean, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

# PRELIMINARY INSTRUCTIONS

Claims based on acts or omissions of the Debtor that occurred before August 21, 2023, must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before August 21, 2023.

**Please note that individuals asserting Claims arising from abuse for which such individuals believe the Roman Catholic Archbishop of San Francisco may be liable are instructed to file a Confidential Survivor Proof of Claim Form, consistent with the Bar Date Order and the Survivor Bar Date Notice. CLAIMANTS MAY OBTAIN COPIES of these Forms from the Debtor's Claims, Noticing and Solicitation Agent, Omni Agent Solutions, Inc. at https://omniagentsolutions.com/RCASF-SurvivorClaims.**

**A Claimant should consult an attorney if the Claimant has any questions, including whether such Claimant must file a Claim by submitting a General Creditor Proof of Claim Form.**

## I.     WHO MUST FILE A GENERAL CREDITOR PROOF OF CLAIM FORM AND THE APPLICABLE BAR DATES

A.     ***The Bar Date:*** The Bar Date Order establishes **February 20, 2024**, as the deadline for filing proofs of claim by submitting a General Creditor Proof of Claim Form in this Bankruptcy Case:

1.     <u>The General Bar Date</u>.  Except as set forth below, pursuant to the Bar Date Order, all Entities, excluding Governmental Units, holding Claims against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) that arose or are deemed to

have arisen prior to August 21, 2023, are required to file Claims by submitting a General Creditor Proof of Claim Form the General Bar Date, **February 20, 2024**.

*Entities that MUST File Claims by submitting a General Creditor Proof of Claim Form by the General Bar Date*: Except as set forth in paragraph "3" below, the following Entities must file a Claim on or before the General Bar Date:

        a.      Any person or entity whose pre-petition Claim against the Debtor that is not listed in the Debtor's Schedules or whose pre-petition Claim is listed in the Schedules but is listed as disputed, contingent or unliquidated and that desires to participate in this case or share in any distribution in this case, including Claims based on 11 U.S.C. § 503(b)(9); and

        b.      Any person or entity that believes that its pre-petition Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules, including Claims based on 11 U.S.C. § 503(b)(9).

    2.    <u>The Government Unit Bar Date</u>.  Except as set forth below, pursuant to the Bar Date Order, all Governmental Units (as defined by Bankruptcy Code section 101(27)) holding Claims against the Debtor that arose or are deemed to have arisen prior to August 21, 2023, are required to file a Claim by submitting a General Creditor Proof of Claim Form by February 20, 2024.

*Entities that MUST File Claims by submitting a General Creditor Proof of Claim Form by the Government Unit Bar Date*: Except as set forth in paragraph "3" below, the following Entities must file a Claim on or before the Governmental Unit Bar Date:

        a.      Any person or entity whose pre-petition claim against the Debtor that is not listed in the Debtor's Schedules or whose pre-petition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated and that desires to participate in this case or share in any distribution in this case; and

        b.      Any person or entity that believes that its pre-petition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

    3.    **Entities <u>NOT</u> Required to File Claims by the General Bar Date or Government Unit Bar Date:** The Bar Date Order further provides that the following Entities need not file a Claim by submitting a General Creditor Proof of Claim Form by the General Bar Date:

        a.      Any person or entity that has already properly filed a Claim against the Debtor by filing a General Creditor Proof of Claim Form with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California or with Omni Agent Solutions, Inc., the Debtor's claims, noticing and solicitation agent;

b.       Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

c.       Professionals retained by the Debtor or the Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330, 331, and 503(b);

d.       Any person or entity that asserts an administrative expense claim against the Debtor pursuant to Bankruptcy Code sections 503(b)(1) through (8);

e.       Any person or entity whose Claim against the Debtor has been allowed by an order of the Court entered on or before the applicable Bar Date;

f.       Any person or entity whose Claim has been paid in full;

g.       Any holder of a Claim for which a separate deadline is (or has been) fixed by the Court; and

h.       The United States Trustee regarding a claim for quarterly fees under 28 U.S.C. § 1930(a)(6).

## II.       CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a Claim by submitting a General Creditor Proof of Claim Form, but fails to do so by the applicable Bar Date described in this General Bar Date Notice: (i) may NOT be treated as a creditor with respect to such Claim for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in this Bankruptcy Case; and (ii) may be forever barred, estopped, and enjoined from asserting such Claim against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property may be forever discharged from any and all indebtedness or liability with respect to such Claim.

### RESERVATION OF RIGHTS

The Debtor reserves the right to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this General Creditor Bar Date Notice shall preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

## III.       PROCEDURE FOR FILING PROOFS OF CLAIM

Unless one of the exceptions described in **Section I, Paragraph 3** above applies, you MUST assert your Claim by submitting an original General Creditor Proof of Claim Form by mail, overnight delivery, courier or hand delivery, or electronically, so that it is received by the General Bar Date or the Government Unit Bar Date, as applicable, as follows:

Case: 23-30564    Doc# 337    Filed: 11/21/23    Entered: 11/21/23 14:53:42    Page 33 of 39

**If General Creditor Proof of Claim Form is sent by mail, hand delivery, or overnight courier:**

The Roman Catholic Archbishop of San Francisco
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**If General Creditor Proof of Claim Form is submitted electronically:**

**https://omniagentsolutions.com/RCASF-Claims**

Any General Creditor Proof of Claim Form submitted by facsimile or email will not be accepted and will not be deemed filed until the Claim is submitted by the method described in the foregoing sentences.

All General Creditor Proof of Claim Forms must be signed by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor. The General Creditor Proof of Claim Form must be written in English and be denominated in United States currency. In addition, all General Creditor Proof of Claim Forms must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. If you wish to receive acknowledgement of receipt of your General Creditor Proof of Claim Form, you must also submit by the General Bar Date or the Government Unit Bar Date, as applicable, and concurrently with submission of your original General Creditor Proof of Claim Form: (i) one additional copy of your original General Creditor Proof of Claim Form; and (ii) a self-addressed, stamped return envelope.

## ADDITIONAL INFORMATION

1.      You may be listed as the holder of a Claim against the Debtor in the Schedules. If you choose to rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. If you hold or assert a Claim that is not listed in the Schedules or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as either contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available at https://omniagentsolutions.com/RCASF.

2.      Questions concerning the contents of this Notice and requests for General Creditor Proof of Claim Forms should be directed to Omni Agent Solutions, Inc. via email at RCASFinquiries@omniagnt.com or by phone at 888-480-6507 (U.S. and Canada toll free) or 747-293-0084 (International), between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Pacific Time), Monday through Friday. Please note that Omni Agent Solutions, Inc. is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

**Exhibit E**

(Survivor Claimant Bar Date Notice)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **NOTICE OF DEADLINE FOR FILING CLAIMS RELATING TO OR ARISING FROM ABUSE** |

**TO ALL PERSONS AND ENTITIES WITH CLAIMS ARISING FROM ABUSE FOR WHICH THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO MAY BE LIABLE:**

**FEBRUARY 20, 2024 IS THE LAST DATE TO FILE PROOFS OF CLAIM FOR ABUSE.**

On August 21, 2023 (the "Petition Date") The Roman Catholic Archbishop of San Francisco aka the Archdiocese of San Francisco, debtor and debtor in possession ("Debtor" or "Archdiocese") in the above-captioned case (the "Bankruptcy Case") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California (the "Court"). The Debtor, its address, case number, proof of claim forms and other relevant information related to this Bankruptcy Case may be obtained at: https://omniagentsolutions.com/RCASF. Any person who believes that he or she has, or may have, a claim arising from abuse (described below) for which the person believes the Debtor may be liable (each a "Survivor Claim" and collectively, the "Survivor Claims") should carefully read this notice.

For the purposes of proofs of claim filed against the Archdiocese by Survivor Claimant, a "**Survivor Claim**" is defined as: any Claim (as defined in section 101(5) of the Bankruptcy Code) against the Archdiocese resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the Archdiocese or any other person or entity for whose acts or failures to act the Archdiocese is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. A Survivor Claim includes all claims for Childhood Sexual Assault, as that term is defined by California Code of Civil Procedure Section 340.1 (d).

A "**Survivor Claimant**" is defined as the person asserting a Survivor Claim against the Archdiocese, or, if a minor or legally incapacitated adult, then his/her parent or legal guardian or custodian.

Finally, for the purposes of this Proof of Claim, "**Abuse**" means conduct giving rise to a Survivor Claim.

## FILING DEADLINE

The United States Bankruptcy Court for the Northern District of California entered an order (the "Bar Date Order") establishing February 20, 2024, as the last date (the "Survivor Bar Date") for each Survivor Claimant to file a mandatory three-page "Official Form 410" (the "Survivor Claim Form"). The Survivor Bar Date and the procedures set forth below for filing proofs of claim apply to all Survivor Claims against the Debtor.

## WHO MUST FILE

If you believe that you have a Survivor Claim, you must file a Survivor Claim Form to maintain and/or preserve any claims that you have against the Debtor. Even if you have already filed a lawsuit against the Debtor alleging abuse you must still file a Survivor Claim Form to maintain and/or preserve your rights in the Debtor's chapter 11 case.

## WHAT TO FILE

**FILE A SURVIVOR CLAIM FORM AND OPTIONAL SUPPLEMENT, COPIES OF WHICH ARE ENCLOSED. YOU MAY ALSO OBTAIN A COPY OF THE SURVIVOR CLAIM FORM AND OPTIONAL SUPPLEMENT BY FOLLOWING THE INSTRUCTIONS BELOW. ALL SURVIVOR CLAIM FORMS AND OPTIONAL SUPPLEMENTS FILED BY A SURVIVOR CLAIMANT WILL BE KEPT STRICTLY CONFIDENTIAL AS DESCRIBED BELOW.**

### PROCEDURES FOR FILING A SURVIVOR CLAIM FORM

To file a Survivor Claim Form:

- Fill out the confidential Survivor Claim Form, and if you so choose, the optional Supplement. A copy of each is provided with this Survivor Claims Bar Date Notice, and can also be obtained here: https://omniagentsolutions.com/RCASF-SurvivorClaims

- Survivor Claimants are strongly encouraged to complete and submit the optional Supplement to the Survivor Claim Form. Completing this Supplement in full will allow the Debtor to understand the facts supporting your Survivor Claim against the Debtor. This information will be used by the Debtor, the Committee, and other parties in interest bound by strict confidentiality agreements in, among other things, their efforts to consensually resolve the issues in this Bankruptcy Case. Additionally, providing the information requested in the Supplement may reduce the likelihood that parties to the Bankruptcy Case will need to seek more information from you at some later date under more formal procedures (e.g., deposition, written interrogatories, or other methods of discovery).

- For additional copies of the confidential Survivor Claim Form or Supplement: (a) photocopy the confidential Survivor Claim Form or Supplement; or (b) contact the Debtor's claims agent Omni Agent Solutions, Inc. via email at RCASFinquiries@omniagnt.com or by phone at 888-480-6507 (U.S. and Canada toll

free) or 747-293-0084 (International), between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Pacific Time), Monday through Friday, or (c) visit the website at: https://omniagentsolutions.com/RCASF-SurvivorClaims.

- **Please note that the Debtor's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.**

- Return the original completed Survivor Claim Form and Supplement (if submitting) **so as to be received** by **February 20, 2024**, as follows:

  **If Survivor Claim Form is sent by mail, hand delivery, or overnight courier:**

  The Roman Catholic Archbishop of San Francisco
  c/o Omni Agent Solutions
  5955 De Soto Ave., Suite 100
  Woodland Hills, CA 91367

  **Or electronically at: https://omniagentsolutions.com/RCASF-SurvivorClaims**

- **Do not file** the Survivor Claim Form or the optional Supplement with the Bankruptcy Court.

- Survivor Claim Forms will be deemed timely filed only if they are received by Omni Agent Solutions, Inc. by **February 20, 2024**.

- Please note that a Survivor Claim Form or Supplement submitted by facsimile, telecopy or electronic mail transmission will not be accepted and will not be deemed filed.

### CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

**The deadline for filing a Survivor Claim Form is February 20, 2024. Any person who has a Survivor Claim and does not file a Survivor Claim Form by that date may not be treated as a creditor for voting or distribution purposes under any plan of reorganization and such claim will be subject to discharge. Failure to file a Survivor Claim Form may prevent such person from voting on any plan of reorganization in this case. Further, if such Survivor Claim is discharged, the Survivor Claimant may be forever barred and prevented from asserting his or her Survivor Claim against the Debtor or its property, and may not receive any payment or distribution in connection with such Survivor Claim.**

### CONFIDENTIALITY

Pursuant to the Bar Date Order, filed Survivor Claim Form and the optional Supplement thereto will remain confidential in this bankruptcy case. Therefore, the Survivor Claim Form and optional Supplement thereto that you file will not be available to the general public, but will be kept confidential, except that as specified by court order information will be provided to the Debtor, the Debtor's attorneys, the United States Trustee's Office for the Northern District of California, the Debtor's insurers, attorneys for the official committee of unsecured creditors and its members, any unknown claims representative appointed under a plan of reorganization, any settlement trustee appointed to administer payments to Survivor Claimants, and such other persons as the Court determines should have the information in order to evaluate the Survivor Claim, all of whom will agree to keep the information provided by you confidential.

**Exhibit F**

(Publication Notice)

---

**U.S. BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION**

**In re: The Roman Catholic Archbishop of San Francisco, Case No. 23-30564**

**Notice of Deadline for Filing Claims: February 20, 2024**

**YOU MAY HAVE A SEXUAL ABUSE CLAIM OR OTHER CLAIM AGAINST THE ARCHDIOCESE OF SAN FRANCISCO**

On August 21, 2023, The Roman Catholic Archbishop of San Francisco, a California corporation sole, aka Archdiocese of San Francisco (the "Debtor"), filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**If you were sexually abused by any person connected with the Debtor, you must file a claim so as to be received by February 20, 2024, or otherwise you will be forever barred, estopped, and enjoined from asserting such claim against the Debtor.**

**Claims based on acts or omissions of the Debtor that occurred before August 21, 2023, must be filed on or before February 20, 2024, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before August 21, 2023.**

For more information on how to obtain and file a proof of claim form and associated documents, please visit www.omniagentsolutions.com/RCASF, or contact Omni Agent Solutions, Inc., the Debtor's claims agent via email at RCASFinquiries@omniagnt.com or by phone at 888-480-6507 (U.S. and Canada toll free) or 747-293-0084 (International), between the hours of 9:00 a.m. and 5:00 p.m. (prevailing Pacific Time), Monday through Friday.

**If you have questions about the bankruptcy case filed by the Archdiocese of San Francisco, please also visit the website at https://sfarch.org and follow the links for Chapter 11 Filing**

1 <u>**Court Service List**</u>

2 Registered ECF Participants only.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28