PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:     (916) 329-7400
Facsimile:      (916) 329-7435
Email:           ppascuzzi@ffwplaw.com
                    jrios@ffwplaw.com
                    tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
Email:           okatz@sheppardmullin.com
                    amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S STATUS UPDATE REGARDING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'** *EX PARTE* **APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING ORAL EXAMINATION OF THE DEBTOR; AND PRODUCTION OF DOCUMENTS OF DEBTOR, PARISHES, AND AFFILIATES' AND ORDERING DEBTOR TO SUBMIT DECLARATION**<br><br>Judge:  Hon. Dennis Montali<br>Date:   November 30, 2023<br>Time:   1:30 p.m.<br>Place:   Via ZoomGov |

SMRH:4858-5480-4883.2                                                                          Case No. 23-30564
DEBTOR'S STATUS UPDATE REGARDING COMMITTEE
APPLICATION FOR 2004 EXAM AND PRODUCTION OF DOCUMENTS

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), submits this status report (the "Report") in response to the *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes, and Affiliates; and Ordering Debtor to Submit Declaration*, filed on November 8, 2023, as ECF No. 292 (the "Application"); *and Debtor's Request for Hearing and Objection to Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes, and Affiliates; and Ordering Debtor to Submit Declaration* [ECF No. 296] (the "Debtor's Objection"), and the Court's instructions at the November 9, 2023 status conference hearing.

## A. The Debtor's Request for a Narrowed, Priority List of Specific Documents and Information

As a threshold matter, the Debtor reports that the parties are making progress to consensually narrow the Committee's discovery requests to make it feasible in terms of scope and timeframe.

On Monday, November 13, 2023, counsel for the Debtor and Committee conferred regarding the Debtor's requests that the Committee (1) identify an initial set of document requests it wanted the Debtor to prioritize; (2) narrow its requests to more reasonable time period; and (3) where applicable, narrow and better define the categories and types of documents the Committee actually wants, at least initially, without waiving any of its rights to seek additional information after analyzing the Debtor's initial production(s). Committee counsel agreed to identify an initial set of information it would like the Debtor to produce first.

On Friday afternoon, November 17, 2023, the Committee's counsel provided its list of "priority" requests, which are a subset of 41 of its original 138 requests. Specifically, the Committee created two lists representing the "Committee's initial attempt to identify those requests in the 2004 Application (1) for which it should be relatively easy for the Debtor to access and produce the documents or (2) that are high priority subject matter requests for the Committee's due diligence investigation." The 41 requests identified as "priority" requests were unaltered in breadth or scope,

Case: 23-30564    Doc# 347    Filed: 11/28/23    Entered: 11/28/23 15:58:41    Page 2 of 5

except eight of the requests were, for this initial stage, limited to seeking the Debtor's information (and not also the Parishes' and Affiliates' responsive information, as originally propounded), and one additional request only sought responsive information for the Debtor and Affiliates (and not also the Parishes, as originally propounded).

In response, on November 20, 2023, the Debtor's counsel reiterated that the highlighted 41 Requests were still overbroad in time period covered and language used. Debtor and its professionals still cannot discern the specific documents and particularized categories of documents the Committee needs most and/or that would be readily accessible to produce in the near term per an agreed timetable. Debtor's counsel, therefore, asked the Committee to annotate its list and indicate the initial documents it desires from within the broad categories as well as limit the Requests to a 10-year look back period. The Committee declined this request to pare down the 41 requests, but continues to meaningfully engage in conferences with the Debtor that remain very productive.

Next, on November 27, 2023, counsel for the Debtors and Committee met and conferred. Committee counsel proposed that the Debtor identify the specific questions and objections it has to the 41 "priority" requests to facilitate further discussion on what information the Committee actually needs to begin its due diligence. The Debtor intends to provide its preliminary, written objections and questions to the Committee by no later than Friday, December 1, 2023, to facilitate another substantive conferral by the beginning of next week, with the hope that the requests can, at least initially, be narrowed to a more manageable universe of documents and information.

**B.    The Debtor's Initial Efforts to Address the Committee's Priority Requests**

In parallel to the foregoing, the Debtor's internal finance team, its financial professionals and its litigation and bankruptcy counsel have begun to review and analyze the Committee's 138 requests. The Debtor has already identified and is preparing certain insurance policy documents that it intends to produce by the end of this week and next week. The Debtor remains focused on collaborating with the Committee to achieve a consensual, expeditious production of pertinent documents and data to facilitate the Committee's due diligence and ultimate resolution of this case. Toward that end, immediately following the Thanksgiving holiday, the Debtor's and Committee's

SMRH:4858-5480-4883.2 -3- Case No. 23-30564
DEBTOR'S STATUS DATE REGARDING COMMITTEE
APPLICATION FOR 2004 EXAM AND PRODUCTION OF DOCUMENTS

Case: 23-30564    Doc# 347    Filed: 11/28/23    Entered: 11/28/23 15:58:41    Page 3 of 5

financial professionals and counsel conferred on the afternoon of November 27, 2023 to further discuss the Committee's priority requests.

The primary goal of this discussion was to understand the specific accounting and financial information and data the Committee seeks and the format in which it hopes to receive it. The Committee's professionals presented several potential methods by which the Debtor may be able to produce its accounting data based on their experience in prior cases with other accounting software and posed numerous questions concerning other financial software products used by the Debtor, as well as the Parishes and Affiliates, and whether and how these various systems interact. They also noted examples of how certain information was maintained in other cases and inquired whether the Debtor possessed the same or similar information in certain formats. The Debtor will be diligently investigating the answers to these questions so that the parties can identify the best path forward for producing the Debtor's accounting data in a mutually acceptable and cost-efficient format.

The parties have not yet had an opportunity to confer in specific on the numerous requests for production relating to the Abuse Claims that are included in the Committee's list of priority requests. During the November 27th conference, Committee counsel focused its demands to the more discrete request for the Debtor to reproduce the documents related to the Abuse Claims that it had previously produced in the state court litigation. Debtor's counsel is investigating what documents were produced by the *Debtor*, as opposed to other defendants or parties, in the state court litigation and the Debtor will follow up once that universe of documents is identified. The Debtor's bankruptcy counsel noted during the conference that this process will require the involvement of litigation counsel who are in mediations this week—and this will likely need to be discussed the week of December 4—which the Committee counsel agreed was acceptable.

**C.     The Parties Are Still Conferring Regarding a Proposed Protective Order**

In addition to working through the Debtor's objections to the breadth and scope of the Committee's requests, and the Committee's desired production format, the Debtor cannot begin producing documents prior to the entry of a stipulated protective order given that a majority of the requests seek highly confidential and sensitive information. Counsel for the parties have exchanged

SMRH:4858-5480-4883.2 -4- Case No. 23-30564
DEBTOR'S STATUS UPDATE REGARDING COMMITTEE APPLICATION FOR 2004 EXAM AND PRODUCTION OF DOCUMENTS

Case: 23-30564   Doc# 347   Filed: 11/28/23   Entered: 11/28/23 15:58:41   Page 4 of 5

drafts and comments of a proposed protective order and are diligently working on details of the proposal so that it can be presented to the Court for approval and entry as soon as possible.

**CONCLUSION**

Based on the foregoing, the Debtor believes the parties are productively discussing the Committee's discovery in a consensual and informal manner with agreed next steps and milestones along the way. The Debtor respectfully requests that the Court continue to refrain from granting the Committee's Application and instead instruct the parties to continue the process currently in place as part of their efforts to meaningfully tailor the breadth and scope of the requests. The Debtor proposes to file an additional report by December 12, 2023, in advance of the December 14, 2023 status conference. The Debtor believes this will lead to the most efficient and expeditious production of information to the Committee. Furthermore, requiring the parties to continue to meaningfully engage each other and work together will inherently limit the discovery disputes that may ultimately need to be presented to the Court for resolution, reducing the burden on the Court and the costs to the estate—and thereby maximizing recovery for unsecured creditors.

Dated: November 28, 2023

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By        */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: November 28, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        */s/ Ori Katz*
ORI KATZ
ALAN H. MARTIN

Attorneys for The Roman Catholic Archbishop of San Francisco