| | |
|---|---|
| James I. Stang (CA Bar No. 94435)<br>Debra I. Grassgreen (CA Bar No. 169978)<br>Andrew W. Caine (CA Bar No. 110345)<br>Brittany M. Michael (NY Bar No. 5678552)<br>   *admitted pro hac vice*<br>Pachulski Stang Ziehl & Jones LLP<br>One Sansome Street, Suite 3430<br>San Francisco, California 94104<br>Telephone: 415.263.7000<br>Facsimile: 415.263.7010<br>Email:  jstang@pszjlaw.com<br>        dgrassgreen@pszjlaw.com<br>        acaine@pszjlaw.com<br>        bmichael@pszjlaw.com<br><br>Counsel to the Official Committee of Unsecured Creditors | PAUL J. PASCUZZI, State Bar No. 148810<br>JASON E. RIOS, State Bar No. 190086<br>THOMAS R. PHINNEY, State Bar No. 159435<br>FELDERSTEIN FITZGERALD<br>   WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>Telephone:  (916) 329-7400<br>Facsimile:  (916) 329-7435<br>Email:  ppascuzzi@ffwplaw.com<br>        jrios@ffwplaw.com<br>        tphinney@ffwplaw.com<br><br>ORI KATZ, State Bar No. 209561<br>ALAN H. MARTIN, State Bar No. 132301<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>  A Limited Liability Partnership<br>  Including Professional Corporations<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone:  (415) 434-9100<br>Facsimile:  (415) 434-3947<br>Email:  okatz@sheppardmullin.com<br>        amartin@sheppardmullin.com<br><br>Co-Counsel to The Roman Catholic Archbishop of San Francisco |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>      Debtor and<br>      Debtor in Possession, | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER DATED DECEMBER 15, 2023**<br><br>The Hon. Dennis Montali |

Based upon the agreement of Roman Catholic Archbishop of San Francisco (the "**Debtor**" or "**RCASF**"), on the one hand, and the Official Committee of Unsecured Creditors of the Debtor (the "**Committee**"), on the other hand, (each, a "**Party**," and collectively, the "**Parties**", and subject to the approval of the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), this Stipulated Protective Order pursuant to Fed. R. Bankr. P. 7026 and 9018 and Fed. R. Civ. P. 26(c) shall govern the disclosure of information and documents, including deposition testimony or transcripts, in connection with the above-captioned Proceeding. For the avoidance of doubt, nothing herein alters or supersedes the provisions of the *Order Fixing Time for Filing Proofs of Claims; Approving Proof of Claim Forms; Providing Confidentiality Protocols; and Approving Form and Manner of Notice*, ECF No. 337 or the Claims Confidentiality Agreement contained therein.

1. A "**Challenging Party**" is a Party or Non-Party that challenges the designation of information or items under this Order.

2. "**Counsel**" means and includes (i) attorneys who are employees of a Party to this Proceeding ("**House Counsel**") and (ii) attorneys who are retained to represent or advise a Party to the Proceeding and have appeared in the Proceeding on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party (including paralegal, stenographic and clerical personnel) ("**Outside Counsel**").

3. A "**Designating Party**" is a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4. "**Designated Materials**" are any and all Discovery Materials that are designated as "CONFIDENTIAL."

5. An "**Expert**" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action (including but not limited to financial advisors, consultants, and other retained professionals approved by the Court).

6. A "**Non-Party**" is any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

7. A "**Producing Party**" is a person or entity that produces information (whether written, photographic, electronic or otherwise), documents (including deposition testimony or transcripts) or other things in connection with this Bankruptcy Case ("**Discovery Materials**") in response to formal or informal discovery served in connection with the Bankruptcy Case, including any related contested matter, adversary action, or appeal (each, as applicable, the "**Proceeding**").

8. "**Professional Vendors**" are third-party persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, who are engaged for purposes of the Proceeding,

9. A "**Receiving Party**" is a person or entity to whom a Producing Party produces Discovery Materials in response to formal or informal discovery served in connection with any of the Proceedings.

10. "**Joinder Firm**" as used herein, means those attorneys who have been retained by one or more Committee Members to represent such person(s) in the prosecution of claims arising under AB 218 (California Code of Civil Procedure section 340.1) (the "**CVA**") and individually in the Proceeding who have executed a Confidentiality Joinder in the form attached as <u>Exhibit A</u>.

11. "**Committee**" as used herein, means the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case.

12. <u>Definition of "**Confidential Information**"</u>

(a) "**Confidential Information**" means and includes any Discovery Materials which (i) (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under 11 U.S.C. § 107(b)(1), Bankruptcy Rules 7026 or 9018, or Federal Rule of Civil Procedure 26(c); (B) constitutes or contains information that the court in this Chapter 11 Case has determined must be protected under 11 U.S.C. § 107(b)(2) or Bankruptcy Rule 9018; (C) is protected under non-bankruptcy law or made confidential by contract; or (D) is information that is believed to unreasonably invade the privacy of an individual; or (ii) the Producing Person (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential; or (B) has in

good faith been requested by a Designating Party to so designate such Discovery Material on the grounds that such other Party considers such Discovery Material to contain information that is confidential or proprietary to such Party.

(b) Notwithstanding the foregoing, Confidential Information shall not include information which (i) was generally available to the public prior to its disclosure in this Proceeding, (ii) becomes generally available to the public after its receipt from the Producing Party through no act or failure to act on the part of any Receiving Party, (iii) has been published, communicated or disseminated by a party under no obligation to maintain its confidentiality to others not obligated to maintain the confidentiality of the information, or (iv) was obtained by a Receiving Party independent of the Confidential Information provided pursuant to this Protective Order and not otherwise in violation of this Protective Order or any other legally recognized confidentiality privilege.

13. <u>Designating Discovery Materials "CONFIDENTIAL"</u>

(a) A Producing Party shall designate Discovery Materials as containing Confidential Information by affixing, in a manner that shall not interfere with the legibility of the materials, the words "CONFIDENTIAL" on each page of the Discovery Materials so designated. The impracticality or inadvertent failure to designate each page of a document as CONFIDENTIAL pursuant to this paragraph shall not constitute a waiver of the confidential nature of the document or page(s).

(b) To the extent that information is produced in a form rendering it impractical to label (including electronic documents), the Producing Party may designate such Discovery Materials as Confidential Information using other such reasonable means as necessary to identify clearly the Discovery Material as "CONFIDENTIAL." Other such reasonable means includes, but is not limited to, designating Discovery Materials by cover letter, by including the word "CONFIDENTIAL" in the filename of an electronic document, or by conspicuously so labeling other tangible, non-documentary Discovery Materials.

SMRH:4875814-4023.1
Case: 23-30564   Doc# 369   Filed: 12/15/23   Entered: 12/15/23 15:17:56   Page 4 of 15

(c) **Timing of Designation**. The "CONFIDENTIAL" designation shall, wherever practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in paragraph 18.

(d) **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate Discovery Materials as "CONFIDENTIAL" does not, standing alone, waive a Designating Party's right to secure protection under this Protective Order for such materials and shall be without prejudice to the Producing Party. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the designated materials are treated in accordance with the provisions of this Protective Order.

14. **Use of Designated Materials by Receiving Party**

Designated Materials, or information derived therefrom, shall be used by the Receiving Party solely in connection with the Proceeding and shall not be used in any other proceeding or for any other purpose, including without limitation any business, competitive, governmental, commercial, administrative, publicity, press release, marketing, or research purpose or function, or in any other legal case, lawsuit, proceeding, investigation, or otherwise except as expressly provided herein, or as ordered by the Court.

15. **Disclosure of Designated Materials By a Receiving Party**

(a) Discovery Materials designated as "CONFIDENTIAL" or the contents thereof shall not be given, shown, made available, communicated, used or otherwise disclosed to anyone other than the persons identified in subparagraphs (1)-(7) below, except: (i) with prior written approval of the Designating Party; or (ii) upon further order of the Court and after notice to all Parties; or (iii) as set forth in paragraphs 17 and 20 below with respect to the U.S. Trustee, and her counsel:

(1) the Court and persons employed by it or appointed by it in connection with the Proceeding;

(2) Counsel;

(3) the Parties, provided that in the case of the Committee, the term party shall be limited to the Committee and those members thereof who

-5-

have accepted the terms of this Protective Order by executing the Acknowledgment and Agreement to be Bound attached as Exhibit A to this Protective Order (the "**Agreement To Be Bound**");

    (4)    Each Joinder Firm;

    (5)    Experts specifically retained by the Parties for purposes relating to the Proceeding to whom disclosure is reasonably necessary for the Proceeding;

    (6)    Professional Vendors to whom disclosure is reasonably necessary for the Proceeding;

    (7)    any person called to testify as a witness in the Proceeding and their counsel, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness.

Furthermore, before providing "CONFIDENTIAL" materials to any of the persons identified in subparagraphs (4)-(7), each such person set to receive the materials must first (i) be provided a copy and informed of the terms of this Protective Order and (ii) execute the Agreement To Be Bound.

    (b)    Disclosure of Designated Materials to the persons authorized pursuant to paragraph 15(a) shall be made only as necessary for matters in the Proceeding, No person to whom Designated Materials are disclosed may disclose such materials or the contents of such materials to any person to whom disclosure is not authorized by the terms of this Protective Order.

16.    <u>Use and Disclosure of Designated Materials By the Designating Party</u>

This Protective Order does not restrict in any manner a Designating Party's use or disclosure of its own Designated Materials. If a Designating Party discloses its Designated Materials in a document filed with the Court not under seal, in a court hearing, or a deposition and not designated "CONFIDENTIAL" as set forth herein, such Discovery Materials shall no longer be considered Confidential Information. A Designating Party's use or disclosure of its Confidential Information does not, standing alone, waive or otherwise prejudice any other Party's or person's evidentiary objections or privileges (or lack thereof) with regard to the disclosed information.

17.    <u>Filing Designated Materials With the Court</u>

Case: 23-30564   Doc# 369   Filed: 12/15/23   Entered: 12/15/23 15:17:56   Page 6 of
Case No. 23-30564

(a) <u>Filing Under Seal</u>. Any document containing Designated Materials or information derived therefrom that is submitted to or filed with the Court shall be filed under seal as a restricted document consistent with applicable law, Federal Rules, Bankruptcy Rules, and the Court's local rules and procedures, including the *United States Bankruptcy Court for the Northern District of California Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents*. Accordingly, pursuant to Bankruptcy Code § 107(c)(3)(A), any party seeking to file any information or documents under seal shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed.

(b) <u>Denial of Motion to Seal</u>. If the motion to seal is denied, the material subject to the motion to seal shall be, at the filer's request, either returned to the filer or deleted or otherwise destroyed unless the subject material later is filed as a public document.

(c) <u>Information Derived From Designated Materials</u>. The mere inclusion in a paper or pleading of factual information derived from Designated Materials will not require that paper or pleading to be filed under seal if the Designating Party agrees in writing prior to filing the paper or pleading that the factual information contained in the filing would not itself be properly deemed Confidential Information. If the Parties cannot resolve a dispute regarding the inclusion in a paper or pleading of facts derived from Designated Materials, the procedures of subparagraphs (a) and (b) shall be followed prior to filing any such paper or pleading.

18. <u>Use of Designated Materials at Deposition</u>

This Protective Order shall not preclude Counsel for a Receiving Party from using during any deposition in the Proceeding, any Designated Materials, provided however, that the Receiving Party who intends to use the Designated Materials shall provide notice of its intent to do so no later than three (3) business days prior to any such deposition or the date of production if produced within three days of the deposition and the deponent is qualified to receive the Designated Materials pursuant to paragraph 15.

19. <u>Designating Deposition Testimony or Exhibits</u>

(a) <u>Time and Method for Designations</u>. Deposition testimony or deposition exhibits may be designated as "CONFIDENTIAL" either on the record during the deposition or by

written notice to Outside Counsel for the parties participating in the deposition served within fifteen (15) business days after the deponent receives an initial copy of the deposition transcript.

(b) <u>Confidentiality of Transcripts and Exhibits During Designation Period</u>. Deposition transcripts and exhibits shall not be disclosed to any person other than the Designating Party, Receiving Party, and the deponent during this fifteen (15) business day period. No person attending such a deposition shall disclose the contents of the deposition or deposition exhibits to any individual other than the Receiving Party during said fifteen (15) business day period. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL," all parties shall promptly cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order. A Receiving Party may contest the designation of deposition testimony as "CONFIDENTIAL" pursuant to the process for challenging the designation of Designated Materials set forth herein.

(c) <u>Disclosure of Designated Deposition Testimony or Exhibits</u>. Deposition testimony and exhibits designated as "CONFIDENTIAL" shall be subject to the same restrictions on use and disclosure applicable to all other Designated Materials, as set forth above.

20. <u>Use of Designated Materials at a Hearing or Trial</u>.

(a) The Parties shall discuss the manner of use of Designated Materials at any hearing or trial in the Proceeding, including any procedures related to the non-public disclosure of Designated Materials, and shall consult with the U.S. Trustee with regard to any planned use of Designated Materials that is subject to statutory privacy laws at any hearing or trial in the Proceeding that involves the non-public disclosure thereof. In the event that an agreement cannot be reached on such procedures, the issue shall be determined by the Court.

(b) <u>Notice to Designating Party of Intent to Use Designated Materials</u>. Any party that intends to use Designated Materials at a hearing or in trial must provide written notice of the specific Designated Materials the party intends to use at least five (5) business days prior to the date that the party desires to use the materials or the date of production if the documents are produced less than five (5) days from the date that the party desires to use the materials to provide an opportunity for (i) the Designating Party and the party that desires to use the Confidential

-8-
Case: 23-30564   Doc# 369   Filed: 12/15/23   Entered: 12/15/23 15:17:56   Page 8 of 15
STIPULATED PROTECTIVE ORDER

Information to negotiate an agreement that avoids the need to file or otherwise introduce the Designated Materials under seal or, in the absence of an agreement, (ii) the Designating Party to file a motion seeking an order sealing, redacting, or otherwise protecting such Designated Materials from public disclosure. If the Designating Party files a motion to seal prior to the filing or use of the Designated Materials at the hearing or trial, the party desiring to use the Designated Materials shall (i) maintain the confidential status of the Designated Materials pending the Court's ruling on the motion to seal and (ii) use the Designated Materials only in strict conformity with the Court's ruling on the motion to seal. If a party fails to file a motion to seal, the party desiring to use the Designated Materials may disclose the applicable Confidential Information in the Court without any confidentiality protection so long as the party provided the requisite five (5) business days' notice.

(c) All trial exhibits or other materials to be offered into evidence in the Proceeding as to which a party seeks to prevent or limit public disclosure shall, to the extent not already provided, be provided to counsel to the U.S. Trustee in an unredacted form before the hearing, subject to the continuing restrictions on use and disclosure provided hereunder.

21. <u>Challenging the Designation of Designated Materials</u>.

(a) <u>Written Notice of Challenge to Designating Party</u>. In the event that a dispute arises concerning whether Designated Materials are properly designated as "CONFIDENTIAL," the party challenging the designation shall advise the Designating Party by written notification, specifying why such treatment is improper. The Parties shall attempt to resolve any such disputes in good faith within five (5) business days.

(b) <u>Motion to Challenge Designations</u>. If any dispute concerning the designation of Discovery Materials as "CONFIDENTIAL" cannot be resolved within five (5) business days, the party objecting to the designation of the information may, on an expedited basis, move the Court for an order relieving it from the obligations of this Protective Order with respect to the challenged Designated Materials. The challenged Designated Materials shall continue to be subject to the protections and restrictions set forth herein until the issue is determined by the Court. Nothing in this Protective Order shall affect the right of any Party to appeal the Court's determination regarding confidentiality.

(c) <u>Burden on Designating Party</u>. The Designating Party has the initial burden to demonstrate that the Discovery Materials in dispute are properly designated as "CONFIDENTIAL."

22. <u>Other Disputes</u>

In the event that any other disputes arise under this Protective Order, the party or parties raising the dispute shall advise the non-objecting party or parties by written notification, specifying the dispute. The Parties shall attempt to resolve in good faith within five (5) business days any such disputes, provided, however, if any such dispute cannot be resolved in five (5) business days, the disputing party may, on an expedited basis, request a telephonic conference with the Court to resolve such dispute in lieu of a formal motion.  Counsel to the disputing party or parties requesting the telephone conference will send a brief e-mail to chambers describing the dispute, with a copy to counsel to the opposing party or parties.  Counsel to the opposing party or parties may send a brief e-mail response to chambers, with a copy to the disputing party or parties.  The Parties, absent Court order to the contrary, shall treat the foregoing emails as sealed, and may request that any telephonic conference with respect to such dispute be treated as a confidential chambers conference.

23. The provisions of Rule 502(d) of the Federal Rules of Evidence shall apply to any formal or informal production made by a Producing Party during the pendency of the Proceeding.

24. In the event a Receiving Party discloses Confidential Information to persons or entities not authorized by this Protective Order to receive such Confidential Information, the Receiving Party shall, upon learning of the disclosure: (i) promptly notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information subject to this Protective Order; (ii) promptly make reasonable efforts to recover the disclosed Confidential Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; (iii) immediately notify the Producing Party and/or Designating Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information; and (iv) take necessary steps to protect against the further dissemination or use thereof. Disclosure of Designated Materials other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25. Nothing herein shall be construed to prohibit, limit or restrict (a) any Receiving Party from obtaining any evidence, including without limitation Confidential Information, through any means of discovery that is provided under applicable rules of civil procedure (including the Federal Rules, the Bankruptcy Rules and the California Code of Civil Procedure) or (b) a Producing Party from objecting to the production, disclosure or admissibility of any evidence, including without limitation, Confidential Information.

26. The Parties to this Protective Order (including parties executing the Agreement To Be Bound) agree that prior to and after the completion of the Proceeding, the provisions of this Protective Order shall continue to be binding and the Court shall retain jurisdiction over the Parties and any other person who has had access to Confidential Information pursuant to this Protective Order, in order to enforce the provisions of this Protective Order.

27. Except as otherwise provided by the Court, within thirty (30) days of a final decree closing the Bankruptcy Case, the Receiving Parties shall return all Designated Materials to the Producing Parties or, at the Receiving Party's option, destroy the Designated Materials and certify such destruction in writing.

28. Any interested party with respect to the Bankruptcy Case, including but not limited to any person intending or planning to receive or produce documents, receive or disclose information, or provide testimony in connection therewith, may become a Party to this Protective Order by executing, prior to any disclosure, the Agreement To Be Bound, in which case the provisions of this Protective Order shall fully apply to any discovery material that they may provide or receive, provided, however, that any Designated Materials may be produced to any such Party only by or with the express written consent of the Producing Party and Designating Party, and subject to the terms of this Protective Order.

29. In the event that any applicable law, regulation, or legal or judicial process requires disclosure of any Designated Materials by any Receiving Party, such Receiving Party will provide the Producing Party and Designating Party with prompt written notice of such requirement(s) so that they may seek a protective order or other appropriate remedy. In the event that such protective

order or other remedy is not obtained, the Receiving Party (i) may furnish that portion of the Designated Materials which the Receiving Party is legally required to disclose.

30. Nothing herein shall be deemed to prevent a Producing Party, or any party or entity claiming a Privilege or Protection in connection thereto, from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal, or proprietary nature of the information being sought or to preclude a Party from seeking additional or further limitations on the use or disclosure of such information being sought in discovery.

31. No waiver of any breach or default shall be deemed or construed to constitute a waiver of any other violation or other breach of any of the terms, provisions and covenants contained in this Protective Order, and forbearance to enforce one or more of the remedies provided herein in the event of a default will not be deemed or construed to constitute a waiver of that default or of any other remedy provided for in this Protective Order. Furthermore, nothing contained herein shall reduce any protections otherwise provided by other confidentiality agreements or orders to which the Debtor, the Parties, and other person who becomes a Party hereto are a party.

32. This Protective Order may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Upon approval by the Court, this Protective Order is a binding agreement upon the signatories hereto (and all signatories to the Agreement To Be Bound) and constitutes an order of the Court, the violation of which is subject to enforcement and imposition of legal sanction in the same manner as any other order of the Court.

33. This Protective Order may only be amended by written agreement of the Parties and further order of the Court.

Dated: December 15, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ James I. Stang*
JAMES I. STANG
ANDREW CAINE
BRITTANY MICHAEL

Counsel for the Official Committee of Unsecured Creditors

Dated: December 15, 2023

FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP

By  */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
JASON E. RIOS
THOMAS R. PHINNEY

Co-Counsel for The Roman Catholic Archbishop of San Francisco

Dated: December 1, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Ori Katz*
ORI KATZ
ALAN MARTIN

Co-Counsel for The Roman Catholic Archbishop of San Francisco

**Exhibit A to Stipulated Protective Order**

**Acknowledgement and Agreement to Be Bound**

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

This is to certify that I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the *Stipulated Protective Order* approved and entered by the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") on _____, 2023, in the case of *In re The Roman Catholic Archbishop of San Francisco*, Case No. 23-30564: (a) am producing and/or being given access to Confidential Information[1] or Highly Confidential Information under the Stipulated Protective Order approved and entered by the Bankruptcy Court; (b) I have read the Stipulated Protective Order; and (c) I agree to be bound by the terms and conditions thereof as a "Receiving Party" and "Producing Party," as the case may be, including, without limitation, the obligations regarding the use, non-disclosure and return of such Confidential Information.

I further agree that in addition to being contractually bound by the Stipulated Protective Order, I am subject to the powers of the Bankruptcy Court for any violation of the Stipulated Protective Order.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ [DAY, MONTH, YEAR], at _____ [CITY, STATE].

Date: _____

[Signature] _____

Name (Printed) _____

---

[1] Capitalized terms not otherwise defined in this Acknowledgement and Agreement to Be Bound shall have the same meanings ascribed to them in the Stipulated Protective Order.