1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA  95814
   Telephone:    (916) 329-7400
5  Facsimile:    (916) 329-7435
   Email:        ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
7                tphinney@ffwplaw.com

8  ORI KATZ, State Bar No. 209561
   ALAN H. MARTIN, State Bar No. 132301
9  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
10   Including Professional Corporations
   Four Embarcadero Center, 17th Floor
11 San Francisco, California 94111-4109
   Telephone:    (415) 434-9100
12 Facsimile:    (415) 434-3947
   Email:        okatz@sheppardmullin.com
13               amartin@sheppardmullin.com

14 Attorneys for The Roman Catholic Archbishop of
   San Francisco
15

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **STATEMENT OF METHODOLOGY REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS** |
| | *No Hearing Requested* |

The Roman Catholic Archbishop of San Francisco, as debtor and debtor in possession in the above-captioned chapter 11 case ("RCASF" or the "Debtor"), has filed Schedules of Assets and Liabilities (the "Schedules") and a Statement of Financial Affairs (the "Statement") with the United States Bankruptcy Court for the Northern District of California (the "Court"). The Debtor,

with the assistance of its legal and financial advisors, prepared the Schedules and Statement in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure. These Schedules and Statement are unaudited.

This *Statement of Methodology Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") pertains to the Debtor's Schedules and Statement, and the amendments thereto. Joseph J. Passarello, who serves as the Debtor's Senior Financial Director and is an authorized signatory of the Debtor, has signed the Schedules and Statement. In reviewing and signing the Schedules and Statement, Mr. Passarello has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtor and the Debtor's legal and financial advisors and has completed the Schedules and Statement to the best of his knowledge. In preparing the Schedules and Statement, the Debtor also relied upon information derived from its books and records that was available at the time of such preparation.

The Debtor and its agents, attorneys, financial advisors, and restructuring advisors hereby reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statement as may be necessary or appropriate.

**A.  Methodology.**

1. **Basis of Presentation.** Except as otherwise stated, the Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to be fully reconciled to the financial statements of the Debtor. The Schedules and Statement contain unaudited information that is subject to further review and potential material adjustment. The Schedules and Statement reflect the Debtor's reasonable efforts to report the assets and liabilities of the Debtor.

2. **Duplication.** Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statement. To the extent these disclosures would be duplicative, the Debtor may only list such assets, liabilities, and prepetition payments once.

3. **Net Book Value.** In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtor. Accordingly, unless otherwise indicated, the Debtor's Schedules and Statement reflect approximate net book values as of the Petition Date, which may not reflect depreciation expense for the most recently ended fiscal year. Market values may vary – at times materially – from net book values. The Debtor believes that it would be an inefficient use of estate assets for the Debtor to obtain the current market values of its property and other assets. Accordingly, the Debtor

Case: 23-30564   Doc# 373   Filed: 12/18/23   Entered: 12/18/23 11:32:39   Page 2 of 11

has indicated in the Schedules and Statement that the values of certain assets and liabilities are undetermined. Also, assets that have been fully depreciated are listed in these Schedules and Statement with a zero-dollar value, as such assets have no net book value.

4. **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtor may lease furniture, fixtures, and equipment from certain lessors. To the extent possible, any such leases are listed in the Schedules.

5. **Undetermined Amounts.** The description of an amount as "undetermined," "unknown," or "unliquidated" is not intended to reflect upon the materiality of such amount.

6. **Totals.** All totals that are included in the Schedules and Statement represent totals of all known amounts. To the extent such totals include unknown or undetermined amounts, the actual total may be different than the listed total.

7. **Charitable Donations.** The Debtor occasionally receives funds from individuals and other Catholic entities which funds are remitted to the Debtor for the purpose of supporting charitable endeavors of the Debtor. The Debtor holds such funds in its accounts until it makes donations to other charitable endeavors. The amounts remitted and the remitting entities are not specifically reflected on the Schedules and Statement.

8. **Excluded Assets and Liabilities.** The Debtor may have excluded certain categories of assets and liabilities from the Schedules and Statement, including, but not limited to: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits

9. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

10. **Setoffs.** The Debtor may incur setoffs and net payments in the ordinary course of business. Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Schedules and Statement. In addition, some amounts listed in the Schedules and Statement may have been affected by setoffs or nettings by third parties of which the Debtor is not yet aware.

B. **Specific Disclosures with Respect to the Debtor's Schedules A/B**

1. **Part 1.** Details with respect to the Debtor's cash management system and bank accounts are provided in the *Motion for Order (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts, and Related Investment Account, (2) Excusing Compliance with Section 345(b), and (3) Authorizing Continued Use of Current Investment Policy* at ECF No. 9 (as supplemented from time to time, the "Cash Management Motion"). Amounts identified in Item 3 of Part 1 reflect actual amounts in the respective accounts as of the Petition Date and may vary from the amounts currently reflected in the Debtor's books and records.

Case: 23-30564    Doc# 373    Filed: 12/18/23    Entered: 12/18/23 11:32:39    Page 3 of 11

As described in the Cash Management Motion, there are certain bank accounts in the Debtor's name that exclusively hold funds subject to donor restrictions or on behalf of others. These accounts are listed in response to Item 3 of Part 1. While the Debtor and its professionals have used their good faith best efforts to determine which accounts contain funds that are subject to donor restrictions or held on behalf of others, the review of the Debtor's records is ongoing and may reveal additional restrictions or information.

2. **Part 3.** The Debtor's accounts receivable balances include amounts it treats as receivable from parishes on account of assessments. Because parishes may not be obligated to pay under applicable law, the Debtor may not have a vested property interest in receivable amounts. The Debtor reserves its rights with respect to the appropriate classification of such assessments.

3. **Part 9.** For the Debtor's owned real property, such owned real estate is reported at assessed value as of the Petition Date. The Debtor may have listed certain assets as real property when such assets are in fact personal property, or the Debtor may have listed certain assets as personal property when such assets are in fact real property. Buildings and land improvements are listed on Schedule A/B independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.

Further, the Debtor has listed certain property that it holds in trust for the benefit of another entity in the Statement at Part 11, Question 21. The Debtor is civilly incorporated as "The Roman Catholic Archbishop of San Francisco," which is a California corporation sole. The Debtor holds only legal title to certain real and personal property in trust for the benefit of the parties listed under California trust law. In addition, the Code of Canon Law of the Roman Catholic Church requires that each entity within the geographic territory of the Archdiocese of San Francisco (the "Archdiocese")[1] (*e.g.*, parish or other entity) is a separate entity within the Church. Except as otherwise stated, the property listed in the Statement at Part 11, Question 21 is held for the benefit of other entities within the geographic territory of the Archdiocese and is not property of the Debtor's estate.

4. **Part 10.** Because the Debtor does not attribute any book value to its donor lists and other intellectual property, the Debtor has listed these assets with undetermined values.

C. **Schedule E/F**

1. **Part 1**. The Court has authorized (or is anticipated to authorize) the Debtor, in its discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code (*i.e.*, employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits). To the extent such Claims have been paid or may be paid pursuant to further Court order, they may not be included on Part 1 of Schedule E/F.

2. **Part 2**. The Debtor does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtor's books and records as required in accordance with GAAP. Such accruals are

---

[1] References to the term "Church" refer to the universal church of Roman Catholic belief, seated in the Vatican and currently headed by Pope Francis.

general estimates of liabilities and do not represent specific Claims as of the Petition Date.

Part 2 of Schedule E/F does not include obligations owed by third party insurance companies or other coverage providers on account of abuse-related liabilities, including, without limitation, defense costs due and owing to litigation defense counsel and related professionals.

D. **Specific Disclosures with Respect to the Debtor's Statement**

1. **Statement 7.** Statement 7 lists only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum as of the Petition Date. The Debtor has anonymized confidential matters in response to this question where disclosure would violate certain laws or where the investigating jurisdiction has requested confidentiality.

2. **Statement 21.** The Debtor has listed certain property that it holds in trust for the benefit of another entity in the Statement at Part 11, Question 21. As stated above, the Debtor is civilly incorporated as "The Roman Catholic Archbishop of San Francisco," a California corporation sole. The Debtor holds only legal title to certain real and personal property in trust for the benefit of the parties listed under California trust law. In addition, the Code of Canon Law of the Roman Catholic Church requires that each entity within the geographic territory of the Archdiocese is a separate entity within the Church. Except as otherwise stated, the property listed in the Statement at Part 11, Question 21 is held for the benefit of other entities within the geographic territory of the Archdiocese and is not property of the Debtor's estate.

Dated: December 14, 2023

        FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

        By     */s/ Paul J. Pascuzzi*
        PAUL J. PASCUZZI
        JASON E. RIOS
        THOMAS R. PHINNEY

        Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: December 14, 2023

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By     */s/ Ori Katz*
        ORI KATZ
        ALAN H. MARTIN

        Attorneys for The Roman Catholic Archbishop of San Francisco

| Debtor Name | The Roman Catholic Archbishop of San Francisco |
|---|---|
| United States Bankruptcy Court for the Northern District of California | |
| Case number (if known): | 23-30564 |

☒ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | See attached Exhibit SOFA7 | | | ☐ Pending |
| | | | | ☐ On appeal |
| | **Case number** | | | ☐ Concluded |

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1 | See attached Exhibit SOFA 21 | | | |

## Part 14: Signature and Declaration

**WARNING**   Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on.     12/12/2023
                 MM / DD / YYYY

_[signature]_                                              Printed name     Joseph Passarello
Signature of individual signing on behalf of the debtor

Position or relationship to the debtor     Senior Financial Director

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy*  (Official Form 207) attached?**

☐ No
☑ Yes

# STATEMENT OF FINANCIAL AFFAIRS

# EXHIBIT
# PART 3, QUESTION 7

# LEGAL ACTIONS, ADMINISTRATIVE PROCEEDINGS, COURT ACTIONS, EXECUTIONS, ATTACHMENTS, OR GOVERNMENTAL AUDITS

**The Roman Catholic Archbishop of San Francisco**
Case No. 23-30564
SOFA 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental

**AMENDED**

| Case Title | Nature of Case | Court or Agency's Name and Address | Status of Case | Case Number |
|---|---|---|---|---|
| Gina Wilson v. ADSF | Wrongful termination | Worker's Comp Appeals Board 455 Golden Gate Ave, 9th Floor San Francisco, CA 94102 | PENDING | ADJ10370846 |
| Vittorio Anastasio v. ADSF | Wrongful termination | Dept. of Industrial Relations 1515 Clay St, Oakland, CA 94612 | PENDING | WC-CM-386921 |
| Rosalie Marcic v. ADSF | Wrongful termination and discrimination | United States District Court for the Northern District of California 450 Golden Gate Ave, Box 36060 San Francisco, CA 94102 | PENDING | 22-cv-07130-LB (N.D. Calif.) |
| Ryan Law v. Megan Armando et al. | Personal injury | San Mateo Superior Court 800 N Humboldt St, San Mateo, CA 94401 | PENDING | 22-CIV-01510 |
| Victoria Castro v. ADSF | Slip and fall | San Mateo Superior Court 800 N Humboldt St, San Mateo, CA 94401 | PENDING | 19-CIV-06416 |
| Michael Martinez v. ADSF | Breach of contract | San Francisco Superior Court 400 McAllister St, San Francisco, CA 94102 | PENDING | CGC-23-606355 |
| Robert Larsen v. ADSF | Age discrimination | California Department of Fair Employment and Housing 2218 Kausen Dr, Ste 100 Elk Grove, CA 95758 | PENDING | 202201-16000831 |
| Paula Edmonson v. ADSF | Wrongful term, harassment, retaliation | | PENDING | |
| Robert O'Connor v. ADSF | Wage claim and retaliation | | PENDING | |
| David Steinberg v. ADSF | Personal injury | | CONCLUDED | |
| Mia Sanchez v. ADSF | Slip and fall | San Francisco Superior Court 400 McAllister St, San Francisco, CA 94102 | CONCLUDED | CGC-20-584645 |
| Century Indemnity Company, Pacific Indemnity Company, and Westchester Fire Insurance Company v. The Roman Catholic Archbishop of San Francisco, a corporation shole, and DOES 1 through 50 | Seeking declaratory relief for the purpose of resolving an insurance coverage dispute | Superior Court of the State of California County of San Francisco 400 McAllister St, San Francisco, CA 94102 | PENDING | CGC-23-607975 |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT
## PART 11, QUESTION 21

## PROPERTY HELD FOR ANOTHER

**The Roman Catholic Archbishop of San Francisco**
**Case No. 23-30564**
**SOFA 21. Property held for another**

<mark>AMENDED</mark>

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Vallombrosa Center<br>250 Oak Grove Ave<br>Menlo Park, CA 94025 | 250 Oak Grove Ave<br>Menlo Park, CA 94025 | Retreat center | $3,133,204.00 |
| Payroll held in trust for parishes | | Cash | $5,942,032.81 |
| Archbishop Riordan High School<br>175 Frida Kahlo Way<br>San Francisco, CA 94112 | | Charles Schwab Investment Account | $6,979,324.61 |
| Catholic Charities CYO of the ADSF<br>900 Eddy St<br>San Francisco, CA 94109 | | Charles Schwab Investment Account | $221,189.12 |
| The Contemplatives of Saint Joseph<br>377 Willow Ave S<br>San Francisco, CA 94080 | | Charles Schwab Investment Account | $995,302.21 |
| Holy Cross Cemetery and Mausoleum<br>P.O. Box 1577<br>Colma, CA 94014 | | Charles Schwab Investment Account | $6,594,673.24 |
| Marin Catholic High School<br>675 Sir Francis Drake Blvd<br>Kentfield, CA 94904 | | Charles Schwab Investment Account | $15,097,639.16 |
| Sacred Heart Cathedral Preparatory<br>1055 Ellis St<br>San Francisco, CA 94109 | | Charles Schwab Investment Account | $18,040,371.07 |
| Junipero Serra High School<br>451 W 20th Ave<br>San Mateo, CA 94403 | | Charles Schwab Investment Account | $1,060,932.27 |
| St Brigid Elementary School<br>2250 Franklin St<br>San Francisco, CA 94109 | | Charles Schwab Investment Account | $284,225.91 |
| St Thomas More Church<br>50 Thomas More Way<br>San Francisco, CA 94132 | | Charles Schwab Investment Account | $350,775.23 |
| St. Thomas More School<br>1515 Dolan Ave<br>San Mateo, CA 94401 | | Charles Schwab Investment Account | $105,283.03 |
| Vallombrosa<br>250 Oak Grove Ave<br>Menlo Park, CA 94025 | | Charles Schwab Investment Account | $230,354.30 |
| <mark>Various Pooled Investment Owners<br>Schwab ADSF Depositors Corpus<br>355 S. Grand Ave, Ste 110<br>Los Angeles, CA 90071</mark> | | <mark>Charles Schwab Investment Account</mark> | <mark>$675,902.57</mark> |
| <mark>Parishes and Schools<br>Coordinated Payroll<br>P.O. Box 15284<br>Wilmington, DE 19850</mark> | | <mark>Bank of America Checking Account</mark> | <mark>$5,942,032.81</mark> |
| **Total** | | | **$65,653,242.34** |