PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
          jrios@ffwplaw.com
          tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
         amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>      Debtor and<br>      Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**NOTICE OF HEARING ON DEBTOR'S MOTION TO MODIFY FINAL ORDER (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); AND (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; OR, IN THE ALTERNATIVE, AUTHORIZING U.S. BANK N.A. BANK CARD PROGRAM** |

|   |   |
|---|---|
| Date: | January 11, 2024 |
| Time: | 1:30 p.m. |
|   | Via ZoomGov |
| Judge: | Hon. Dennis Montali |

**NOTICE IS HEREBY GIVEN** that The Roman Catholic Archbishop of San Francisco, debtor and debtor in possession herein ("Debtor"), has filed a *Motion to Modify Final Order (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance with Section 345(b); and (4) Authorizing Continued Use of Current Investment Policy; or, in the Alternative, Authorizing U.S. Bank N.A. Bank Card Program* (the "Modification Motion") and that a hearing on the Motion is scheduled before the Honorable Dennis Montali on January 11, 2023, at 1:30 p.m. at the United States Bankruptcy Court, Northern District of California, San Francisco Division, before the Honorable Dennis Montali (the "Hearing"). The Hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by videoconference via ZoomGov. The Bankruptcy Court's website provides information regarding how to arrange an appearance at a video or telephonic hearing. If you have questions about how to participate in a video or telephonic hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website. The link to the judge's electronic calendar is: https://www.canb.uscourts.gov/judge/montali/calendar.

By this Modification Motion, the Debtor requests the following:

1. That the Court modify the existing Cash Management Order previously entered by the Court as ECF No. 266 to authorize the Debtor open and maintain a Bank Card[1] account program with U.S. Bank and execute any agreements related thereto.

2. Entry of a proposed modified Cash Management Order with the changes to the existing Cash Management Order to allow for the Bank Card program as noted on the "redline" comparison attached to the Modification Motion as Exhibit A.

---

[1] Capitalized terms shall have the meaning as defined in the Modification Motion.

In the alternative, the Modification Motion requests entry of a new order granting the Modification Motion and authorizing the Debtor open and maintain a Bank Card[2] account program with U.S. Bank and execute any agreements related thereto.

The Bank Card program provided by U.S. Bank that the Debtor seeks to implement generally provides for the establishment of a master Bank Card account in the name of the Debtor that may be used by the Debtor to process payments up to the amount of funds provided by the Debtor to fund the account in advance. Advance deposits can be made in any amount, at any time, as often as needed. The Debtor anticipates that it will initially fund the account with approximately $75,000 to $100,000 and replenish the account as funds are disbursed to pay for charges, and the Debtor agrees to limit the Debtor's pre-funded balance for its Bank Card account to a cap of $200,000 absent further order of the Court.

The funds advanced by the Debtor to U.S. Bank will not be held in a Debtor deposit account. Rather, the Debtor's advance of funds will provide pre-funded credit for use by the Debtor on its Bank Card for its account.[3] The Debtor has the potential to earn rebates from U.S. Bank depending on the amount of funds expended on the Bank Card and the nature of the charged expenditures.

The Bank Card Program includes the availability for the Debtor's non-debtor affiliated entities (the "Participants") to establish separate sub-accounts in the name of each Participant for Bank Cards to be issued to the respective Participants to the extent of funds provided by each Participant in their respective sub-accounts. The Debtor anticipates that approximately 35-40 Participants will participate in the U.S. Bank Card program. Participants will establish separate sub-accounts in the name of each Participant.

The Bank Card program provides protections for the Debtor's estate via terms including, (i) limiting the use of the Bank Cards to the funds provided by the Debtor and each Participant,

---

[2] Capitalized terms shall have the meaning as defined in the Modification Motion.

[3] Since the Bank Card account will not be a "deposit account" and not available for any use other than the Bank Cards, it does not fall under the terms of coverage by the FDIC.

respectively, and (ii) Bank Cards may only be used for funds provided by the account holder for each respective account.

Since use of the Bank Cards is limited to the amount of funds provided, the Debtor will not incur interest charges or any annual card fees. Any incurred fees are expected to be minimal and would be based upon certain special circumstances or features. The card program can be closed at any time at the Debtor's written request.

There is no additional cost to the Debtor for the establishment of each Participant's sub-account. However, since the Debtor is the master account holder, the account agreements provide that the Debtor shall be responsible for any unpaid charges by a Participant.

**NOTICE IS FURTHER GIVEN** that the Motion is supported by the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 14], the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 15], the *Declaration of Joseph J. Passarello in Support of the Cash Management Motion*, the *Supplemental Declaration of Joseph J. Passarello in Support of the Cash Management Motion,* the *Second Supplemental Declaration of Joseph J. Passarello in Support of the Debtor's the Cash Management Motion,* the *Third Supplemental Declaration of Joseph J. Passarello in Support of the Debtor's the Cash Management Motion,* and the *Declaration of Michael Flanagan* filed in support of this Modification Motion he *Declaration of Michael Flanagan* in support of this Modification Motion, the pleadings and papers on file in this case, and such other evidence and argument as may be submitted before or during the hearing on the Modification Motion.

**NOTICE IS FURTHER GIVEN** that this notice does not contain all the particulars of the Motion or supporting documents, nor does it summarize all of the evidence submitted in support. For further specifics concerning the Motion and the relief requested, you are encouraged to review the Motion and the supporting evidence, including the supporting Declarations, copies of which may be obtained from the website to be maintained by the Debtor's proposed Claims and Noticing Agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/RCASF, free of charge. You may also access these documents from the Court's Pacer system (requires a subscription). The web page address for the United States Bankruptcy Court for the Northern District of California is

-4-
Case No. 23-30564
NOTICE OF HEARING ON THE MOTION TO MODIFY
FINAL ORDER RE CASH MANAGEMENT MOTION
Case: 23-30564    Doc# 387    Filed: 12/21/23    Entered: 12/21/23 17:13:20    Page 4 of 5

1  http://www.canb.uscourts.gov.

2  The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. Counsel, parties and other interested parties may attend the hearing in person or by Zoom. Additional information is available on Judge Montali's Procedures page on the court's website. Information on attending the hearing by Zoom will be provided on Judge Montali's calendar posted on the court's website. The link to the judge's electronic calendar is: https://www.canb.uscourts.gov/judge/montali/calendar.

**NOTICE IS FURTHER GIVEN** that any opposition or response to the Motion must be in writing, filed with the Bankruptcy Court, and served on the counsel for the Debtor at the above-referenced addresses so as to be received by January 4, 2024. Any opposition or response must be filed and served on the Limited-Service List as provided in the Interim Order Approving Motion to (1) Establish Notice Procedures, (2) File Confidential Information Under Seal, and (3) Temporarily Suspend Deadline for Filing Proofs of Claim at ECF 38. The updated Limited-Service List may be obtained from the Omni website listed above. Failure to file timely opposition and appear at the hearing may constitute a waiver of your objections. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: December 21, 2023     FELDERSTEIN FITZGERALD WILLOUGHBY
                             PASCUZZI & RIOS LLP

                             By:   /s/ Jason E. Rios
                                   JASON E. RIOS
                                   PAUL J. PASCUZZI
                                   THOMAS R. PHINNEY

                                   Attorneys for The Roman Catholic Archbishop of
                                   San Francisco

Dated: December 21, 2023     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                             By:   /s/ Ori Katz
                                   ORI KATZ
                                   ALAN H. MARTIN

                                   Attorneys for The Roman Catholic Archbishop of
                                   San Francisco

Case: 23-30564    Doc# 387    Filed: 12/21/23    Entered: 12/21/23 17:13:20    Page 5 of 5