**Entered on Docket
January 16, 2024**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: January 12, 2024

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

1 PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
2 THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD WILLOUGHBY
3  PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
4 Sacramento, CA  95814
Telephone:    (916) 329-7400
5 Facsimile:    (916) 329-7435
Email:        ppascuzzi@ffwplaw.com
6              jrios@ffwplaw.com
               tphinney@ffwplaw.com
7
ORI KATZ, State Bar No. 209561
8 ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9  A Limited Liability Partnership
   Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
11 Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
12 Email:        okatz@sheppardmullin.com
               amartin@sheppardmullin.com
13
Attorneys for The Roman Catholic Archbishop of
14 San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No.  23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **AMENDED FINAL ORDER (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND (5) SCHEDULING A FINAL HEARING** |
| | Date:    October 26, 2023 (Final Order)<br>Date:    January 11, 2024 (Modified Order)<br>Time:    1:30 p.m.<br>Via ZoomGov |
| | Judge:    Hon. Dennis Montali |

Pursuant to a motion to modify the existing Cash Management Order previously entered by the Court as ECF No. 266 (the "Modification Motion" ECF No. 386) filed by the Debtor, and after hearing on the Modification Motion on January 11, 2023, this Order amends the Order previously entered as Docket No. 266 to include authorization for the Debtor open and maintain the Bank Card account program with U.S. Bank and execute any agreements related thereto.

The motion of The Roman Catholic Archbishop of San Francisco ("Debtor"), debtor in possession, the *Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Accounts; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance With Section 345(b); (4) Authorizing Continued Use of Current Investment Policy; and Scheduling a Final Hearing*, filed on August 21, 2023, as ECF No. 9 (the "Motion"),[1] as supplemented from time to time, came on for final hearing on October 26, 2023 at 1:30 p.m., before the Honorable Dennis Montali of the United States Bankruptcy Court for the Northern District of California. Paul J. Pascuzzi, Esq., of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and Ori Katz of Sheppard, Mullin, Richter & Hampton LLP appeared on behalf of the Debtor. All other appearances were as noted on the record.

The Court having considered the Motion, the Supplement, the Passarello Background Decl., the Gaspari Decl., the Passarello Decl., the Supplemental Passarello Decl., the Reply, the Second Supplemental Declaration, the Supplemental Reply, the Third Supplemental Declaration, all exhibits filed in support of the Motion, the Supplement, the Reply, the Supplemental Reply and their supporting declarations, the *United States Trustee's Omnibus Objection to Debtor's First Day Motions and Reservation of Rights [ECF Nos. 7 & 9]* filed on August 23, 2023, as ECF No. 25, and the *Objection of the United States Trustee to Final Approval of Debtor's Motion for Continued Use of Existing Cash Management System* filed on September 7, 2023, as ECF No. 71 (collectively, the "UST Objections"), the lack of any other objection to the Motion, and the representations made by counsel at the hearing as reflected in the record of the hearing; and the Court having found that it

---

[1] Unless otherwise indicated, capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Motion, Supplement, or the Reply as applicable.

has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the U.S. Trustee, the Cash Management Banks, the twenty largest unsecured creditors, all secured creditors, if any, and any applicable governmental entities; that no further notice is necessary; that the concerns and objections stated in the U.S. Trustee Objection as to this Motion either have been consensually resolved as set forth in the Interim Order and the Second Interim Order or overruled as set forth in this Final Order; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief.

It is hereby ORDERED as follows:

1. The *Order Overruling Objection of the United States Trustee Regarding Investment Accounts* entered on October 30, 2023 as ECF No. 257 is adopted and incorporated herein by this reference.

2. The Motion is GRANTED, on a final basis, as set forth herein.

3. Except as otherwise provided herein, the Debtor is authorized to: (a) designate, maintain, and continue to use any and all existing Bank Accounts as defined in the Motion with the same account numbers, provided, however, that such accounts shall be designated as debtor in possession accounts to the extent possible by the relevant banks; and (b) continue to use its existing Cash Management System, which includes use of the Investment Accounts and updating its Cash Management System to incorporate the Bank Card program with U.S. Bank described in the Modification Motion. In connection with the ongoing use of the Cash Management System, the Debtor shall continue to maintain strict records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between pre- and post-petition transactions, including transactions between the Debtor and any non-Debtor.

4. Each of the Debtor's existing depository and disbursement banks, as well as U.S. Bank National Association in its capacity as trustee of the Lay SERP, custodian of the Investment Pool Account, and provider of the Bank Card program described in the Modification Motion (collectively, the "Cash Management Banks"), is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn

on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; (iii) all amounts incurred pursuant to charges or amounts owed for Bank Card transactions, and (iv) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank for the maintenance of and services related to the Bank Accounts, together with all other fees and obligations relating to the Cash Management System.

5. Any of the Debtor's Cash Management Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued, or any direction provided pursuant to the applicable deposit, trust or custody agreement, as applicable, by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court without any duty of further inquiry and without liability for following the Debtor's instructions. The Cash Management Banks shall not be deemed in violation of this Order and shall have no liability for relying on such representations by the Debtor or honoring any check or other payment order that is subject to this Order either (a) at the direction of the Debtor to honor such prepetition check or other payment order, (b) in the good faith belief that this Court has authorized such prepetition check or other payment order to be honored, or (c) as a result of an innocent mistake. To the extent that the Debtor directs that any check or other payment order be dishonored or the Cash Management Banks inadvertently dishonor any check or other payment order, the Debtor may issue replacement checks or other payment orders consistent with the orders of this Court.

6. That (i) those certain existing deposit, trust, and custody agreements, as applicable, between the Debtor and its Cash Management Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Cash Management Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, (ii) the Debtor and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and

procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts, and (iii) the Debtor may enter into the account agreements with U.S. Bank for the Bank Card program and implement changes to the Bank Card program in the ordinary course of business.

7. Nothing contained herein shall prevent the Debtor from opening any additional bank accounts or closing any existing Bank Account(s) as it may deem necessary and appropriate, and the Cash Management Banks are authorized to honor the Debtor's request to open or close, as the case may be, such bank accounts or additional bank accounts, provided however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation that is organized under the laws of the United States or any State thereof and that such account is either bonded or securitized as described in Bankruptcy Code section 345(b) should the account exceed the FDIC insurance limit, and listed on the U.S. Trustee's list of authorized depositories for the Northern District of California.

8. Any and all accounts opened by the Debtor on or after the Petition Date at any Bank shall similarly be subject to the rights and obligations of this Final Order.

9. The Debtor and the Cash Management Banks and Wells Fargo Bank (in connection with the continued use of credit cards) and U.S. Bank (in connection with the use of the new Bank Cards) are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except to the extent otherwise directed by the terms of this Final Order, and the automatic stay of section 362 of the Bankruptcy Code is hereby modified to the extent necessary to authorize such performance. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Final Order or by operation of the provisions of the Bankruptcy Code other than section 362.

10. Except as provided in this Final Order, the Debtor is authorized to continue to use its existing business forms and stationery without alteration or change.

11. The Debtor shall take the following actions, as requested by the U.S. Trustee and in an effort to resolve, in part, the U.S. Trustee Objections:

        a.         Close its Segal Bryant investment account and provided proof of same to the U.S. Trustee following such closure;

        b.         Close the FRB account (#9117) and provided proof of same to the U.S. Trustee following such closure; and

        c.         Have each of Bank of America, City National Bank, Bridge Bank, FRB, and CB&T designate the Debtor's respective bank accounts at these institutions as "Debtor in Possession" accounts and provide proof of same to the U.S. Trustee following such designation.

        d.         Attach the monthly Bank Card account statements for the Debtor to the Debtor's respective Monthly Operating Report.

12.         The Debtor has represented that it has taken the actions identified in Paragraph 11 hereof. If these reported tasks have not been completed to the U.S. Trustee's satisfaction by November 15, 2023, the Debtor shall meet and confer with the U.S. Trustee as to the status and expected timing of completion and either the Debtor or the U.S. Trustee may raise any issues related to the closure or "Debtor in Possession" designation of the Debtor's bank accounts with the Court.

13.         The Debtor shall institute systems to regularly "sweep" funds as follows:

        a.         Funds from the FRB brokerage account (#0589) into a debtor in possession account at an authorized depository for the Northern District of California, on a regular basis;

        b.         Any funds in excess of $250,000 from the Debtor's bank account at Bank of San Francisco into a debtor in possession account at an authorized depository for the Northern District of California, on a daily basis; and

        c.         Funds from the BofA Securities Account (#9371) to the associated BofA Investment Account.

14.         Except as otherwise set forth in this Final Order, the Debtor is authorized to continue its current investment practices as described in the Motion and related pleadings, including but not limited to the use of the BofA Securities Investment Account, the Investment Pool Checking Account, the Restricted Donations Account, and the Stock Transfer Account. In connection with the foregoing, the Debtor is authorized to maintain the BofA Securities Investment Account #9371

that is tied to the BofA Securities Investment Account without converting or designating such account as a "Debtor in Possession" account.

15. Neither this Final Order, nor the Debtor's payment of any amounts authorized by this Final Order, shall: (i) result in any assumption of any executory contract by the Debtor; (ii) result in a commitment to continue any plan, program, or policy of the Debtor; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtor.

16. In granting the Motion, the Court is not making any findings or determinations as to what is or is not property of the estate. Nothing herein constitutes judicial approval or disapproval, or judicial determination, of what assets are or are not restricted or held in trust or property of the estate or what expenditures are reasonable or appropriate.

17. The Debtor is excused from redesignating the Additional Bank Accounts and Supplemental Additional Bank Accounts as debtor in possession accounts and complying with the requirements of section 345(b) as to the Additional Bank Accounts and Supplemental Additional Bank Accounts.

18. Notwithstanding the relief granted in this Final Order, all rights of the U.S. Trustee, any statutory committee(s) appointed in this Bankruptcy Case, or any other party in interest, including any right under section 345(b) of the Bankruptcy Code, to object or otherwise challenge the proposed treatment of the BofA Investment Account and the Investment Pool Account invested with fund managers in separate custodial accounts with U.S. Bank, are reserved.

19. To the extent the fourteen-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Final Order, such stay is hereby waived.

20. Nothing in this Final Order authorizes the Debtor to make any payments that benefit, directly or indirectly, any credibly accused perpetrator of abuse, whether for wages, support, housing, prepetition claims, retirement or otherwise.

21. The Debtors are authorized to take the actions necessary to effectuate the relief granted in this Final Order.

22. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Interim Order.

APPROVED AS TO FORM:

Dated: January 11, 2024        TRACY HOPE DAVIS, UNITED STATES TRUSTEE FOR REGION 17

                               By  /s/ Jason Blumberg
                                   JASON BLUMBERG
                                   Trial Attorney for the United States Trustee

Dated: January 11, 2024        PACHULSKI STANG ZIEHL & JONES LLP

                               By  /s/ James I. Stang
                                   JAMES I. STANG
                                   DEBRA I. GRASSGREEN
                                   JOHN W. LUCAS
                                   Proposed Attorneys for the Official Committee of Unsecured Creditors

**\*\*\* END OF ORDER \*\*\***

**Court Service List**
**ECF Recipients**