| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | PAUL J. PASCUZZI, State Bar No. 148810<br>JASON E. RIOS, State Bar No. 190086<br>THOMAS R. PHINNEY, State Bar No. 159435<br>FELDERSTEIN FITZGERALD<br>   WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>Telephone: (916) 329-7400<br>Facsimile: (916) 329-7435<br>Email: ppascuzzi@ffwplaw.com<br>         jrios@ffwplaw.com<br>         tphinney@ffwplaw.com |
| 8<br>9<br>10<br>11<br>12 | ORI KATZ, State Bar No. 209561<br>ALAN H. MARTIN, State Bar No. 132301<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>  A Limited Liability Partnership<br>  Including Professional Corporations<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: (415) 434-9100<br>Facsimile: (415) 434-3947<br>Email: okatz@sheppardmullin.com<br>         amartin@sheppardmullin.com |
| 13<br>14 | Attorneys for The Roman Catholic<br>Archbishop of San Francisco |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP<br>OF SAN FRANCISCO,<br><br>       Debtor and<br>       Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S APPLICATION TO EMPLOY TRANSPERFECT LEGAL SOLUTIONS TO PROVIDE LITIGATION SUPPORT CONSULTING AND E-DISCOVERY SERVICES UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328(a)**<br><br>[Supporting Declaration of David Brill Filed Concurrently Herewith]<br><br>[*No Hearing Required*]<br><br>Judge:    Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco ("RCASF" or the "Debtor"), the debtor and debtor in possession in the above-captioned case (the "Bankruptcy Case"), hereby applies (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit 1,

authorizing the employment of TransPerfect Document Management, Inc. and Chancery Staffing Solutions, LLC (d/b/a TransPerfect Staffing Solutions), together known as TransPerfect Legal Solutions ("TransPerfect"), to provide litigation and e-discovery support services, effective as of December 21, 2023, under sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Application is based on the concurrently filed declaration of David Brill (the "Brill Declaration"), other relevant pleadings and documents of record, and upon such further oral and documentary evidence as may be presented in connection with this Application.

In support of this Application, the Debtor respectfully represents as follows:

## I.

## BACKGROUND

On August 21, 2023, the RCASF filed a voluntary Chapter 11 petition (the "Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of Bankruptcy Code sections 1107 and 1108.

The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the bankruptcy court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and the support it offers to Catholic parishes and communities.

Additional information regarding the circumstances leading to the commencement of the Bankruptcy Case and information regarding the Debtor's operations and structure is set forth in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* (ECF No. 14) and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* (ECF No. 15).

## II.

## THE NEED TO RETAIN A LITIGATION SUPPORT CONSULTANT

On November 8, 2023, the Official Committee of Unsecured Creditors (the "Committee") filed its *Ex Parte Application of the Official Committeee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes, and Affiliates; and Ordering Debtor to Submit Declaration* (the "Rule 2004 Application") seeking authority to issue a subpoena requiring the RCASF to produce documents and submit to oral testimony.

On December 19, 2023, after multiple hearings, the Court entered an Order granting the Committee's Rule 2004 Application and authorized the Committee to issue a subpoena directing the Debtor to produce documents in response to the subpoena and the Committee's request for information relating to, among other things, the Debtor's financial affairs, organizational structure, and information relating to pending litigation claims by sexual abuse claimants. Since then, the Committee has issued a subpoena (the "Subpoena") seeking such information from the RCASF. On December 21, 2023, TransPerfect began providing litigation support and e-discovery services necessary to assist the Debtor with identifying and producing documents responsive to the Subpoena.

The RCASF requires TransPerect to provide litigation support and e-discovery services (the "Services") to ensure that the RCASF's responses to the Committee's discovery requests and document production are appropriate, fulsome, and expeditious. Given the breadth of information sought by the Committee and the volume of documents the RCASF must review, identify, and produce in response to the Subpoena, the RCASF believes that working with TransPerfect to capture, review, and process the RCASF's voluminous emails, books and records, and other files and produce non-privileged, responsive documents and materials to the Committee as appropriate is the most efficient way to ensure that the RCASF's response to the Subpoena and the Committee's other discovery requests is fulsome and appropriate. TransPerfect has agreed to provide the Services to the RCASF that include collection, storage, preparation, and production of certain data and documents responsive to the Subpoena and the Committee's other discovery requests under the

direction and oversight of the RCASF and its professionals retained and employed under this Court's various orders.

### III.

### RELIEF REQUESTED AND SCOPE OF EMPLOYMENT

As permitted by Bankruptcy Code sections 327(a) and Bankruptcy Rule 2014, the RCASF desires to retain and employ TransPerfect as its litigation support consultant and e-discovery vendor to provide the Services set forth in this Application and the TLS Case Agreement (the "<u>Engagement Agreement</u>") attached as Exhibit 1 to the Brill Declaration, effective as of December 21, 2023. Although the Engagement Agreement is dated December 6, 2023, TransPerfect did not provide any services to the Debtor until December 21, 2023, at which time the Court approved the stipulated protective order between the Debtor and the Committee. TransPerfect has since reviewed and executed that Acknowledgement and Agreement to Be Bound by the Protective Order. Accordingly, the RCASF respectfully requests the entry of an order, substantially in the form attached to this Application as Exhibit 1, under Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rule 2014(a) authorizing and confirming the retention and employment of TransPerfect as litigation support and consultant and e-discovery vendor providing the Debtor with the Services, effective as of December 21, 2023.

### IV.

### NO DUPLICATION OF SERVICES

The Services provided by TransPerfect will complement and not duplicate the services rendered by any other professional retained in the Bankruptcy Case. No other professional has been retained or employed to provide litigation support and e-discovery services to the RCASF. TransPerfect is providing distinct and specific litigation support and e-discovery services to the RCASF as set forth in this Application, and such services are not expected to duplicate those to be provided by any professionals to the RCASF in this Bankruptcy Case.

///

///

## V.

## TRANSPERFECT'S QUALIFICATIONS

TransPerfect is the third largest e-discovery service provider in the world and a leading provider of legal support services with over 20 years of experience providing such services to every AmLaw 200 and Global 100 law firm, as well as virtually every Fortune 500 company. TransPerfect is supported by over 100 offices on six continents, including over 20 production centers with the ability to provide expedited document review and production services, Relativity hosting, and analysis by licensed attorneys.

## VI.

## COMPENSATION

Subject to Court approval as an administrative expense in accordance with Bankruptcy Code section 503, the RCASF has agreed to compensate TransPerfect, including partners, managing directors, directors, senior managers, managers, independent contractors, employees, and administrative staff employed by TransPerfect as necessary, for providing the Services. Subject to further Court approval, the RCASF and TransPerfect have agreed that the Engagement Agreement will govern the scope and terms of the Services TransPerfect will provide to the RCASF, including, but not limited to, the rates set forth in the Engagement Agreement. A summary of the key rates for Services to be provided by TransPerfect are set forth below:

|  | Service | Unit | Rate |
|---|---|---|---|
| PHASE 1 Forensice Collection | Standard Forensic Acquisitions | Hour | $315.00 |
|  | Forensic Consulting & Analysis | Each | $375.00 |
|  | Senior Forensic Consulting | Hour | $595.00 |
|  | Storage Media – 1 TB | Set | $230.00 |
|  | Remote Collection Kit - Domestic | Each | $85.00 |
| PHASE II Data Processing | Pre-Review Analytics | GB | Waived |
|  | Ingestion | GB | $10.00 |
|  | ECA Hosting | GB | $2.00 |
|  | Export for Review | GB | $75.00 |
| PHASE III Review | US-Based Review Attorney – English | Hour | $50.00 |
|  | Off-Shore Review Attorney – English | Hour | $28.00 |
|  | Review Manager – English | Hour | $85.00 |
|  | Project Manager | Hour | $125.00 |
| PHASE IV Production & Hosting | Relativity Hosting – Monthly | GB | $6.00 |
|  | Relativity User License - Monthly | Each | $75.00 |
|  | Production | GB | $250.00 |

| | Service | Unit | Rate |
|---|---|---|---|
| | Technology-Assisted-Review | Doc | Waived |
| | Project Management | Hour | $175.00 |
| | Senior Project Management | Hour | $275.00 |
| | Consulting | Hour | $450.00 |
| PHASE V Depo Support | Court Reporter and Videographer | Jurisdictional | Available upon request |
| Miscellaneous Charges | Forensic Services – Nighttime hours (8:00 p.m. to 8:00 a.m. Monday through Thursday) & Weekend Hours (8:00 p.m. Friday to 8:00 a.m. Monday) | Hour | $445.00 |
| | Encryption Services Outside of Scope of Estimated Services | Hour | $295.00 |

The RCASF believes the fees and expenses described in this Application and the Engagement Agreement are comparable to compensation generally charged by litigation support consultants and e-discovery vendors like TransPerfect for similar engagements. Subject to Court approval and the guidelines set forth by the Office of the United States Trustee ("UST"), the RCASF also has agreed to reimburse TransPerfect for reasonable expenses incurred on the RCASF's behalf, including, but not limited to, reasonable and customary out-of-pocket expenses that are billed directly to the engagement.

The RCASF has not provided TransPerfect with any retainers to cover the fees and expenses incurred by TransPerfect since December 21, 2023. As of December 31, 2023, TransPerfect has invoiced the RCASF for $905.06 for services performed between December 21, 2023, and December 31, 2023. A copy of TransPerfect's invoice to the RCASF for services performed between December 21, 2023, and December 31, 2023, is attached to the Brill Declaration as Exhibit 2. TransPerfect will continue billing for its services in a similar manner to the attached invoice. To date, the RCASF has not paid TransPerfect for any fees and expenses incurred by TransPerfect on behalf of the RCASF.

TransPerfect understands that payments made to compensate it for the services provided on behalf of the RCASF are subject to interim and final award and allowance by the Bankruptcy court after notice and hearing pursuant to Bankruptcy Code sections 328(a) and 330(a). Accordingly, TransPerfect will file interim monthly fee statements as well as interim and final fee applications

seeking award and allowance of its fees and reimbursement of expenses as set forth in that certain *Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis* [ECF No. 212] granting that *Motion for an Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis* [ECF No. 132].

## VII.

## GENERAL DISINTERESTEDNESS

TransPerfect maintains a computerized database of its clients and has performed a computerized conflict check to ensure that, to the best of its knowledge, TransPerfect does not hold any interest adverse to the interests of the RCASF's estate. Further, by the Brill Declaration, TransPerfect provides full and complete disclosure to demonstrate the satisfaction of all requirements imposed by the Bankruptcy Code and Bankruptcy Rules for TransPerfect's employment.

TransPerfect has agreed not to share with any person or entity any compensation received by it in the Bankruptcy Cases, except as among the partners, managing directors, directors, senior managers, managers, independent contractors, employees, and administrative staff of TransPerfect. Neither TransPerfect, nor any of its partners, managing directors, directors, senior managers, managers, independent contractors, employees, and administrative staff has any connection with the RCASF, its creditors, the UST, the bankruptcy judge assigned to this Bankruptcy Case, or any other party with an actual or potential interest in the Bankruptcy Case, or its attorneys or accountants, except as set forth in the Brill Declaration.

The Debtor maintains business relationships with several creditors and other parties. TransPerfect and its personnel may have business associations with certain creditors of the RCASF unrelated to the Bankruptcy Case, or TransPerfect may have advisory or other commercial or professional relationships with such entities or persons completely unrelated to the RCASF or its business affairs. No such relationships are in any way related to the Bankruptcy Case. Additionally, in the ordinary course of its business, TransPerfect may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, the RCASF, creditors, or other interested parties in the Bankruptcy Cases. Currently, TransPerfect only has a professional

-7-
APPLICATION TO EMPLOY TRANSPERFECT
SMRH:4890-9037-3275.3
Case No. 23-30564
Case: 23-30564  Doc# 433  Filed: 01/19/24  Entered: 01/19/24 12:55:51  Page 7 of 11

relationship with the Debtor's co-counsel of record in this case, Sheppard, Mullin, Richter & Hampton, LLP. To the best of TransPerfect's knowledge, no other professional relationships exist between members of TransPerfect and other professionals involved or proposed to be involved in this case.

TransPerfect has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, the Bankruptcy Case. If this Court approves the Debtor's proposed employment of TransPerfect, TransPerfect will not accept any engagement or perform any services for any entity or person other than the Debtor in the Bankruptcy Case or and related adversary proceeding. TransPerfect will, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtor or parties in interest in the Bankruptcy Case, provided, however, that such services do not relate to, or have any direct connection with, the Bankruptcy Case or any related adversary proceeding.

To the best of the Debtor's knowledge, based upon the accompanying Brill Declaration, TransPerfect and its professionals that are providing services to the Debtor are disinterested persons who do not hold or represent an interest adverse to the Debtor's estate and do not have any connections with the Debtor, its creditors, or any other party in interest or with their respective attorneys or accountants, or any judge of the United States Bankruptcy Court for the Northern District of California, the United States Trustee, or any person employed in the office of the United States Trustee.

## VIII.

## CONCLUSION

WHEREFORE, the Debtor prays that this Court enter an order, substantially in the form attached hereto as Exhibit 1, authorizing the employment of TransPerfect as the Debtor's litigation

///

///

///

///

support consultant and e-discovery vendor in this Bankruptcy Case on the terms described in this Application and as more particularly set forth in the Engagement Agreement.

Dated: January 18, 2024

                FELDERSTEIN FITZGERALD
                WILLOUGHBY PASCUZZI & RIOS LLP

By         */s/ Paul J. Pascuzzi*
      PAUL J. PASCUZZI
      JASON E. RIOS
      THOMAS R. PHINNEY
      Attorneys for The Roman Catholic
      Archbishop of San Francisco

Dated: January 18, 2024

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By         */s/ Ori Katz*
      ORI KATZ
      ALAN H. MARTIN
      Attorneys for The Roman Catholic
      Archbishop of San Francisco

# EXHIBIT 1

## (Proposed Order)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY TRANSPERFECT LEGAL SOLUTIONS TO PROVIDE LITIGATION SUPPORT CONSULTING AND E-DISCOVERY SERVICES UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328(a)**<br><br>[*No Hearing Required*]<br><br>Judge: Hon. Dennis Montali |

The Court, having read and considered the *Debtor's Application to Employ TransPerfect Legal Solutions to Provide Litigation Support Consulting and E-Discovery Services Under Bankruptcy Code Sections 327(a) and 328(a)* (the "Application"),[1] filed by the Roman Catholic Archbishop of San Francisco (the "Debtor" or "RCASF"), the debtor and debtor in possession in the above-captioned bankruptcy case (the "Bankruptcy Case") on January [•], 2024, as Docket No. [•], and the accompanying Declaration of David Brill in support thereof, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Application is APPROVED.

2. The Debtor is authorized to employ TransPerfect Document Management, Inc. and Chancery Staffing Solutions, LLC (d/b/a TransPerfect Staffing Solutions), together known as TransPerfect Legal Solutions ("TransPerfect") as its litigation support consultant and e-discovery

---
[1] Capitalized terms not defined herein shall have the meanings given to them in the Application.

vendor to provide the Services under Bankruptcy Code sections 327(a) and 328(a), and Bankruptcy Rule 2014(a), effective as of December 21, 2023.

3. TransPerfect is authorized to perform the Services described in the Application and the Engagement Agreement attached as Exhibit 1 to the Brill Declaration.

***END OF [PROPOSED] ORDER***