PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
 jrios@ffwplaw.com
 tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
 amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>   Debtor and<br>   Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S SECOND MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**<br><br>Date: March 7, 2024<br>Time: 1:30 p.m.<br>Location: via ZoomGov<br>Judge: Hon. Dennis Montali |

///

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor") hereby files this motion (the "Motion") pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") further extending the time for the Debtor to assume unexpired leases of nonresidential real property with the written consent of the lessors (the "Unexpired Leases") until the earlier of (i) the expiration of the term of the Unexpired Lease, or (ii) the effective date of a reorganization plan for the Debtor in this Bankruptcy Case (the "Extended Deadline").

In support of this Motion, the Debtors submit the *Declaration of Fr. Patrick Summerhays* in support of the Motion (the "Summerhays Declaration") filed contemporaneously herewith as well as the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 14] ("Passarello Background Decl."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 15] ("Gaspari Decl.") and all exhibits filed in support thereof. The Debtor informed the Committee through counsel that this Motion would be filed and the extension requested.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to this Motion.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND AND RELIEF REQUESTED

3. On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case. On September 1, 2023, the Office of the United States Trustee for the Northern District of California appointed a statutory committee of unsecured creditors ("Committee") in this case pursuant to section 1102 of the Bankruptcy Code [ECF 58].

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 2 of 20

4. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.

5. On December 14, 2023, the Court entered its Order Granting Debtor's Motion to Extend Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code (the "First Extension Order") (ECF No. 365). The First Extension Order extended the deadline for assumption by 90 days to and including March 18, 2024.

6. By this Motion and pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtor seeks to further extend the current deadline of March 18, 2024 (the "Assumption Deadline") to assume unexpired leases of nonresidential real property where the Debtor is lessee until the Extended Deadline. The Debtor has obtained the written consent to the Extended Deadline from the two affected landlords/licensor, whose consents are attached hereto as *Exhibit B*.

## I. FACTUAL GROUNDS

7. The Debtor is a party to multiple leases of nonresidential real property. On September 21, 2023, the Debtor filed its Schedules [ECF 152] which identifies the Unexpired Leases to which the Debtor may be a party, including but not limited to leases with Chesterton Academy of San Francisco, Children's Council of San Francisco, Cruise LLC, Daughters of Charity, JEH Enterprises, Inc., the Cemeteries, Seneca Family of Agencies, the Archdiocese of San Francisco Parish and School Juridic Persons Real Property Support Corporation, the Roman Catholic Seminary of San Francisco, and The Sleep Train, Inc./Mattress Firm.

8. The Debtor is currently undertaking a comprehensive review of its leases to determine which ones to assume and which to reject. The Debtor has confirmed that most of its

nonresidential real property leases were entered into as lessor. The Debtor has determined that the Debtor's Unexpired Lease interests include (i) an Unexpired Lease entered by the Debtor as lessee, and (ii) a revocable license for the Debtor to use certain nonresidential real property, and to the extent it constitutes a lease, a real property interest in the ground upon which a building sits, both located at 320 Middlefield Road, Menlo Park, California 94025.[1]

9. The Debtor is current on all monetary obligations due and owing under its Unexpired Leases of nonresidential real property. The Debtor has the current financial resources to continue to pay its bills as they come due and will continue to do so. Consequently, its continued occupation of the premises leased by the Debtor will not damage its lessors.

10. Pursuant to section 365(d)(4) of the Bankruptcy Code, if the Unexpired Leases for which the Debtor is the lessee are not assumed prior to the Assumption Deadline, such unexpired leases shall be deemed rejected unless the Debtor receives, pursuant to section 365(d)(4)(B) of the Bankruptcy Code, an extension of time within which it may assume or reject the Unexpired Leases.[2] In this case, there is sufficient cause to grant the Debtor's requested extension of time within which it may assume or reject any Unexpired Leases. The Debtor has not had sufficient opportunity to adequately assess the potential value of each of the Unexpired Leases in the context of its restructuring efforts. Moreover, the landlords for each of the two Unexpired Leases where the Debtor is lessee have consented to the additional extension.

11. The Debtor is still in the early stages of the case and working to build a foundation for a plan of reorganization. It continues to actively take steps to develop a plan of reorganization with its constituents. Additional time is needed to fully evaluate the progress and dynamics of the case, and the potential effect of assumption or rejection of the lease under the unique circumstances of this case.

---

[1] The real property has located on it the building commonly known as the "Archbishop's Residence" reserved for the Archbishop or his designated use and may, therefore, include residential real property; provided, however, that the Debtor has leased the building to the Chesterton Academy of St. James, which operates a private Catholic high school at the premises.

[2] Section 365(d)(4) does not reference leases where the Debtor is lessor and, therefore, the Assumption Deadline does not apply to such leases.

12. This Chapter 11 Case is large and complex. The Debtor's estate includes substantial claims and assets to be administered. As detailed in the Passarello Background Decl., the Archdiocese[3] includes 88 Parishes. The RCASF's fiscal 2023 operating budget includes approximately $55 million in revenues.

13. The Debtor has been working expeditiously and has established procedures for potential abuse claimants to submit claims and continues develop a framework for the exchange of information with the Committee that will enable the parties to move promptly to mediation. Moreover, the Debtor has worked expeditiously with the Committee and other key stakeholders, including the Debtor's insurers, to begin toward the path develop a consensual plan to emerge from chapter 11. However, the Debtor has not yet engaged in mediation with the Committee in the Insurers and this case remains in the early stages. Additional time is needed to explore potential opportunities and evaluate how each lease may impact those opportunities. Accordingly, cause exists to extend the Assumption Deadline up to and including the Extended Deadline.

## II. LEGAL GROUNDS

Section 365 of the Bankruptcy Code governs the Debtor's ability to assume, assume and assign, and reject unexpired leases and executory contracts. Section 365(d)(4)(A) of the Bankruptcy Code provides that:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of-
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

Section 365(d)(4)(B)(i) further provides that the "court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of

---

[3] The term "Archdiocese" is used herein exclusively to refer to geographic territory under the jurisdiction of the RCASF, and the terms RCASF, or Debtor are used herein exclusively to refer to the secular legal embodiment of the Archdiocese.

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 5 of 20

the trustee or lessor for cause." 11 U.S.C. § 365(d)(4)(B). As noted above, the First Extension Order extended the deadline for the Debtor to assume the Unexpired Leases to and including March 18, 2024.

Section 365(d)(4)(B)(ii) of the Bankruptcy Code provides the court may further extend the period to assume or reject an unexpired lease of nonresidential real property with the consent of the Lessor ("If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.").

The term "cause," as used in section 365(d)(4)(B), is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. The bankruptcy court is left a "great deal of discretion…to weigh all relevant factors related to the requested extension." *BC Brickyard Assocs. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr., Inc.)*, 221 B.R. 243, 253 (B.A.P. 9th Cir. 1998); *see also In re Victoria Station, Inc.*, 88 B.R. 231 (9th Cir. BAP 1988, *aff'd* 875 F.2d 1380 (9th Cir. 1989))

Although the decision to extend a debtor's time to assume or reject unexpired leases of nonresidential property is generally within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including the following:

(1) whether the debtor was paying for its use of the property;

(2) whether the debtor's continued occupation of the leased premises could damage the lessor beyond the compensation available under the Bankruptcy Code;

(3) whether the lease is the debtor's primary asset; and

(4) whether the debtor has had sufficient time to formulate a plan.

*See South St. Seaport Ltd. P'Ship v. Burger Boys, Inc. (In re Burger Boys, Inc.),* 94 F.3d 755, 761 (2d Cir. 1996); *In re Panaco, Inc., 2002* Bankr. LEXIS 2084, *12 (Bankr. S.D. Tex. Dec. 9, 2009); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987) (considering, among the aforementioned factors, the complexity of the case facing the debtor and the number of leases the debtor must evaluate); *Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *superseded by statute*, the Bankruptcy Abuse Prevention

Case: 23-30564   Doc# 455   Filed: 02/08/24   Entered: 02/08/24 14:41:29   Page 6 of 20

and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 404(a), 119 Stat. 23 (2005), *as recognized in In re Jim Palmer Equip., Inc.,* 2008 Bankr. LEXIS 4096, *12 (Bankr. D. Mont. Nov. 25, 2008) ("it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating" (citing *In re Wedtech*, 72 B.R. at 471–72)).

Some bankruptcy courts, including in the Ninth Circuit, have taken a more expansive approach by weighing multiple factors in an effort to determine whether "cause" exists:

(1) whether the lease is the primary asset of debtor;

(2) whether the landlord has a reversionary interest in the building built by debtor on landlord's land;

(3) whether the debtor has had sufficient time to assess its financial situation and the potential value of its assets in terms of formulating a plan;

(4) whether the lessor continues to receive the rent as required by the lease;

(5) whether the lessor will be damaged beyond the compensation available under the Bankruptcy Code due to debtor's continued occupation of the leased premises;

(6) whether the case is exceptionally complex and involves a large number of leases;

(7) whether the need exists for a judicial determination of whether the lease is disguised as a security interest;

(8) whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

(9) any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g., In re Service Merchandise Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000); *BC Brickyard Assocs. v. Ernst Home Ctr., Inc.* (*In re Ernst Home Ctr., Inc.*), 221 B.R. 243, 253 (B.A.P. 9th Cir. 1998).

Ultimately, whether to grant an extension of time rests within the sound discretion of the bankruptcy court. *In re Burger Boys, Inc.*, (2nd Cir. 1996) 94 F.3d 755 at 760–61. "Nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *In re Channel Home Ctrs., Inc.*, 989 F.2d at 689; see also *Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904 (9th Cir. 1997),

Case: 23-30564   Doc# 455   Filed: 02/08/24   Entered: 02/08/24 14:41:29   Page 7 of 20

*cert. denied*, 522 U.S. 1148, 118 S. Ct. 1166 (1998) (noting that bankruptcy courts can grant a debtor's request for an extension).

Here, the Debtor submits that there are substantial grounds for the Court to extend the deadline for assumption of the Unexpired Leases. The affected lessors have consented to the extension. Moreover, the Debtor is current on its post-petition rent obligations and has the resources to remain current, the Debtor's bankruptcy case is large and complex, and the Debtor has worked expeditiously to move this case forward to administer potential claims, engage in mediation, and develop a plan of reorganization. Denial of the Motion would cause the Debtor to precipitously assume or reject Unexpired Leases without adequate time to evaluate the benefit of those leases and would put the estate at risk.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 8, 2024　　　　FELDERSTEIN FITZGERALD WILLOUGHBY
　　　　　　　　　　　　　　　　PASCUZZI & RIOS LLP


　　　　　　　　　　　　　　　　By: */s/ Jason E. Rios*
　　　　　　　　　　　　　　　　　　　PAUL J. PASCUZZI
　　　　　　　　　　　　　　　　　　　JASON E. RIOS
　　　　　　　　　　　　　　　　　　　THOMAS R. PHINNEY

　　　　　　　　　　　　　　　　Attorneys for The Roman Catholic Archbishop of San Francisco


Dated: February 8, 2024　　　　SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


　　　　　　　　　　　　　　　　By: */s/ Ori Katz*
　　　　　　　　　　　　　　　　　　　ORI KATZ
　　　　　　　　　　　　　　　　　　　ALAN H. MARTIN

　　　　　　　　　　　　　　　　Attorneys for The Roman Catholic Archbishop of San Francisco

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 8 of 20

# Exhibit A

# [Proposed Order]

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING DEBTOR'S SECOND MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**<br><br>Date: March 7, 2024<br>Time: 1:30 p.m.<br>Location: via ZoomGov<br>Judge: Hon. Dennis Montali |

Upon consideration of the second motion (the "Motion")[4] filed by the debtor and debtor in possession The Roman Catholic Archbishop of San Francisco, ("Debtor") for entry of an order (this "Order") pursuant to section 365(d)(4) of the Bankruptcy Code extending the time in which the Debtor may assume or reject unexpired leases of nonresidential real property; the lessors for such leases having consented to the requested extension, and the Court having reviewed the Motion and having considered the record at the hearing held before this Court (the "Hearing"), if any; and having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good cause for the relief granted herein,

///

---

[4] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 9 of 20

**IT IS THEREFORE ORDERED**:

1. The Motion is GRANTED and the Stipulations submitted in support of the Motion are approved.

2. The time period within which the Debtor may assume or assign unexpired nonresidential real property leases is extended in accordance with section 365(d)(4) of the Bankruptcy Code until the earlier of (i) the expiration of the term of the Unexpired Lease, or (ii) the effective date of a reorganization plan for the Debtor in this Bankruptcy Case.

3. The extension of time granted herein is without prejudice to the Debtor's rights to seek further extensions of its time to assume or reject any unexpired nonresidential real estate lease as provided in section 365(d)(4) of the Bankruptcy Code.

4. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

***END OF [PROPOSED] ORDER***

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 10 of 20

Court Mailing List

ECF Participants

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 11 of 20

**Exhibit B**

[Stipulations/Consents]

| | |
|---|---|
| 1 | PAUL J. PASCUZZI, State Bar No. 148810 |
| | JASON E. RIOS, State Bar No. 190086 |
| 2 | THOMAS R. PHINNEY, State Bar No. 159435 |
| | FELDERSTEIN FITZGERALD |
| 3 |    WILLOUGHBY PASCUZZI & RIOS LLP |
| | 500 Capitol Mall, Suite 2250 |
| 4 | Sacramento, CA 95814 |
| | Telephone: (916) 329-7400 |
| 5 | Facsimile: (916) 329-7435 |
| | Email: ppascuzzi@ffwplaw.com |
| 6 |         jrios@ffwplaw.com |
| 7 |         tphinney@ffwplaw.com |
| 8 | ORI KATZ, State Bar No. 209561 |
| | ALAN H. MARTIN, State Bar No. 132301 |
| 9 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| |   A Limited Liability Partnership |
| 10 |   Including Professional Corporations |
| | Four Embarcadero Center, 17th Floor |
| 11 | San Francisco, California 94111-4109 |
| | Telephone: (415) 434-9100 |
| 12 | Facsimile: (415) 434-3947 |
| | Email: okatz@sheppardmullin.com |
| 13 |         amartin@sheppardmullin.com |

Attorneys for The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
|     Debtor and<br>    Debtor in Possession. | **STIPULATION CONSENTING TO EXTENSION OF DEADLINE TO ASSUME OR REJECT CERTAIN NONRESIDENTIAL REAL PROPERTY LEASE PURSUANT TO 11 U.S.C. §365(D)(4)** |
| | Date: March 7, 2024<br>Time: 1:30 p.m.<br>      Via ZoomGov<br>Judge: Hon. Dennis Montali |

///

///

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 13 of 20

The Roman Catholic Archbishop of San Francisco (the "RCASF" or the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), as lessee, and the undersigned lessor, The Roman Catholic Seminary of San Francisco, a California nonprofit religious corporation (the "Lessor"), hereby submit this stipulation (the "Stipulation") by and through their counsel consenting to a further extension of time for the Debtor to assume or reject certain nonresidential real property leases pursuant to 11 U.S.C. §365(d)(4)(B)(ii) of title 11 of the United States Code (the "Bankruptcy Code"), and represent and agree as follows:

**RECITALS**

A. On August 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

B. By Order dated December 14, 2023 [ECF 365], the Court extended the time for the Debtor to assume or reject nonresidential real property leases to March 18, 2024 pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code.

C. The Debtor and the Lessor are parties to a Revocable License for use of a portion of property owned by the Seminary for storage and a real property interest in the ground upon which a building sits, both located at 320 Middlefield Road, Menlo Park, California 94025.

D. The Debtor proposes to seek a further extension of time for the Debtor to reject or assume nonresidential real property leases from the Bankruptcy Court and the Lessor agrees to provide the Debtor with consent to a further extension as set forth below.

NOW, THEREFORE, UPON THE FOREGOING RECITALS, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THAT THE COURT ORDER THAT:

1. To the extent applicable, the Lessor consents to an extension or extensions (the "Extension") of the time within which the Debtor must assume any nonresidential real property lease to which it and the Lessor are a party to (the "Leases"), until the earlier of (i) the expiration of

the term of the Leases, or (ii) the effective date of a reorganization plan for the Debtor in this Bankruptcy Case (the "Extended Deadline").

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the time period within which the Debtor must assume or reject the Leases is extended from March 18, 2024, through and including the Extended Deadline.

3. No further consent of Lessor shall be required for the sole purpose of granting the Extension, and the consent granted pursuant to the Stipulation is without prejudice to the Debtor's right to seek further extensions as provided in section 365(d)(4) of the Bankruptcy Code, including beyond the Extended Deadline.

4. Nothing contained in this Stipulation or any actions taken by the Debtor or the Seminary pursuant to relief consented to herein is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an admission by the Debtor or the Seminary that any contract or lease, including the Leases, are executory or unexpired leases, as applicable; (e) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law, including the Debtor's right to assume, reject, and/or seek any other related relief with respect to any contract or lease; or (f) an alteration, amendment, or other modification of the terms of the Leases.

5. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

7. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

8. The Bankruptcy Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

*[Signatures on following page]*

Dated: February 6, 2024

FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP

By: /s/ Jason E. Rios
JASON E. RIOS
PAUL J. PASCUZZI
THOMAS R. PHINNEY
Attorneys for The Roman Catholic
Archbishop of San Francisco

Dated: February 6, 2024

NIESAR & VESTAL, LLP

By: /s/ Peter C. Califano
PETER C. CALIFANO
Attorney for Lessor, The Roman Catholic Seminary
of San Francisco

Case: 23-30564 Doc# 455 Filed: 02/08/24 Entered: 02/08/24 14:41:29 Page 16 of 20

| | |
|---|---|
| 1 | PAUL J. PASCUZZI, State Bar No. 148810 |
| | JASON E. RIOS, State Bar No. 190086 |
| 2 | THOMAS R. PHINNEY, State Bar No. 159435 |
| | FELDERSTEIN FITZGERALD |
| 3 |    WILLOUGHBY PASCUZZI & RIOS LLP |
| | 500 Capitol Mall, Suite 2250 |
| 4 | Sacramento, CA 95814 |
| | Telephone: (916) 329-7400 |
| 5 | Facsimile: (916) 329-7435 |
| | Email: ppascuzzi@ffwplaw.com |
| 6 |          jrios@ffwplaw.com |
| 7 |          tphinney@ffwplaw.com |
| 8 | ORI KATZ, State Bar No. 209561 |
| | ALAN H. MARTIN, State Bar No. 132301 |
| 9 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| |    A Limited Liability Partnership |
| 10 |    Including Professional Corporations |
| | Four Embarcadero Center, 17th Floor |
| 11 | San Francisco, California 94111-4109 |
| | Telephone: (415) 434-9100 |
| 12 | Facsimile: (415) 434-3947 |
| | Email: okatz@sheppardmullin.com |
| 13 |          amartin@sheppardmullin.com |

Attorneys for The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
|      Debtor and<br>     Debtor in Possession. | **STIPULATION CONSENTING TO EXTENSION OF DEADLINE TO ASSUME OR REJECT CERTAIN NONRESIDENTIAL REAL PROPERTY LEASE PURSUANT TO 11 U.S.C. §365(D)(4)**<br><br>Date: March 7, 2024<br>Time: 1:30 p.m.<br>      Via ZoomGov<br>Judge: Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco (the "RCASF" or the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case") as lessee, and the undersigned lessor, The Archdiocese of San Francisco Parish and School Juridic Persons Real Property Support Corporation (the "Lessor"), hereby submit this stipulation (the "Stipulation") by and through their counsel consenting to a further extension of time for the Debtor to assume or reject certain nonresidential real property leases pursuant to 11 U.S.C. §365(d)(4)(B)(ii) of title 11 of the United States Code (the "Bankruptcy Code"), and represent and agree as follows:

## RECITALS

A. On August 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

B. By Order dated December 14, 2023 [ECF 365], the Court extended the time for the Debtor to assume or reject nonresidential real property leases to March 18, 2024, pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code.

C. The Debtor and the Lessor are parties to a Lease dated April 25, 2008 for multiple parcels of real property.

D. The Debtor proposes to seek a further extension of time for the Debtor to reject or assume nonresidential real property leases from the Bankruptcy Court and the Lessor agrees to provide the Debtor with consent to a further extension as set forth below.

NOW, THEREFORE, UPON THE FOREGOING RECITALS, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THAT THE COURT ORDER THAT:

1. The Lessor consents to an extension or extensions (the "Extension") of the time within which the Debtor must assume any nonresidential real property lease to which it and the Lessor are a party to (the "Lease"), until the earlier of (i) the expiration of the term of the Lease, or

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 18 of 20

(ii) the effective date of a reorganization plan for the Debtor in this Bankruptcy Case (the "Extended Deadline").

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the time period within which the Debtor must assume or reject the Lease is extended from March 18, 2024, through and including the Extended Deadline.

3. No further consent of Lessor shall be required for the sole purpose of granting the Extension, and the consent granted pursuant to the Stipulation is without prejudice to the Debtor's right to seek further extensions as provided in section 365(d)(4) of the Bankruptcy Code, including beyond the Extended Deadline.

4. Nothing contained in this Stipulation or any actions taken by the Debtor pursuant to relief consented to herein is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an admission by the Debtor that any contract or lease, including the Lease, are executory or unexpired, as applicable; (e) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law, including the Debtor's right to assume, reject, and/or seek any other related relief with respect to any contract or lease; or (f) an alteration, amendment, or other modification of the terms of the Lease.

5. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

7. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

8. The Bankruptcy Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

*[Signatures on following page]*

Case: 23-30564    Doc# 455    Filed: 02/08/24    Entered: 02/08/24 14:41:29    Page 19 of 20

| | | |
|---|---|---|
| Dated: February 7, 2024 | | FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP |
| | By: | /s/ Jason E. Rios |
| | | JASON E. RIOS |
| | | PAUL J. PASCUZZI |
| | | THOMAS R. PHINNEY |
| | | Attorneys for The Roman Catholic Archbishop of San Francisco |
| Dated: February 7, 2024 | | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| | By: | /s/ Robert M. Charles, Jr. |
| | | ROBERT M. CHARLES, JR. |
| | | Attorney for Lessor |
| | | The Archdiocese of San Francisco Parish and School Juridic Persons |
| | | Real Property Support Corporation |