PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF FR. PATRICK SUMMERHAYS IN SUPPORT OF DEBTOR'S SECOND MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**<br><br>Date: March 7, 2024<br>Time: 1:30 p.m.<br>Location: via ZoomGov<br>Judge: Hon. Dennis Montali |

I, Fr. Patrick Summerhays, declare as follows:

1. I am the Vicar General and Moderator of the Curia of The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein (the "RCASF" or the "Debtor"). I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. All facts set forth in this declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by the RCASF's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the RCASF's operations, financial condition, and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of the RCASF, prepared and maintained in the ordinary and regularly conducted business activity of the RCASF, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the RCASF.

3. I make this Declaration in support of the *Debtor's Second Motion to Extend Deadline to Assume of Reject Unexpired Leases of Nonresidential Real Property Pursuant to § 365(d) (4) of the Bankruptcy Code,* filed concurrently herewith ("Motion").

4. On August 21, 2023, the RCASF initiated this case by filing a voluntary Chapter 11 Petition ("Petition Date"). The Debtor timely filed its Schedules of Assets and Liabilities and Statement of Financial Affairs.

5. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and

communities.

6. The Debtor is party to various unexpired leases of nonresidential real property ("Unexpired Leases"), as set forth in its Schedules, filed on September 21, 2023 [ECF 152], including but not limited to leases with Chesterton Academy of San Francisco, Children's Council of San Francisco, Cruise LLC, Daughters of Charity, JEH Enterprises, Inc., the Cemeteries, Seneca Family of Agencies, the Archdiocese of San Francisco Parish and School Juridic Persons Real Property Support Corporation, the Roman Catholic Seminary of San Francisco, and The Sleep Train, Inc./Mattress Firm.

7. The Debtor filed the initial motion to extend time to assume on November 16, 2023 [ECF 314] and that motion was granted on December 14, 2023 [ECF 365].

8. The Debtor has been undertaking a comprehensive review of its leases to determine which ones to assume and which to reject. The Debtor has confirmed that most of its nonresidential real property leases were entered into as lessor. The Debtor has determined that the Debtor's Unexpired Lease interests include (i) an Unexpired Lease entered by the Debtor as lessee, and (ii) a revocable license for the Debtor to use certain nonresidential real property, and to the extent it constitutes a lease, a real property interest in the ground upon which a building sits, both located at 320 Middlefield Road, Menlo Park, California 94025.[1]

9. The Debtor is current on all monetary obligations due and owing Unexpired Leases. Since the Petition Date, the Debtor has paid its post-petition expenses in the ordinary course of business or as otherwise provided by Court order, including for the Unexpired Leases.

10. The Debtor has the current financial resources to continue to pay its bills as they come due and will continue to do so. The Debtor is committed to remaining current with respect to all undisputed post-petition obligations under the Unexpired Leases.

11. The Debtor is in the early stages of the case and working to build a foundation for a plan of reorganization. It is actively taking steps to develop a plan of reorganization with its

---

[1] The real property has located on it the building commonly known as the "Archbishop's Residence" reserved for the Archbishop or his designated use and may, therefore, include residential real property; provided, however, that the Debtor has leased the building to the Chesterton Academy of St. James, which operates a private Catholic high school at the premises.

constituents. Additional time is needed to fully evaluate the progress and dynamics of the case, and the potential effect of assumption or rejection of the lease under the unique circumstances of this case.

12. The Debtor has been working expeditiously and has established procedures for potential abuse claimants to submit claims and develop a framework for the exchange of information with the Committee that will enable the parties to move promptly to mediation. Moreover, the Debtor has worked expeditiously with the Committee and other key stakeholders, including the Debtor's insurers, to begin to develop a consensual plan to emerge from chapter 11. However, the Debtor has not yet engaged in mediation with the Committee in the Insurers and this case remains in the early stages.

13. The Debtor has not had a sufficient opportunity to adequately assess the potential value of each of the Unexpired Leases in the context of its restructuring efforts. Such an evaluation will necessarily include an assessment of which of the Unexpired Leases will be required in the ongoing operation of the Debtor's business and whether any Unexpired Lease could generate value by reason of an assignment or other disposition thereof.

14. The deemed rejection of the Debtors' Unexpired Leases could adversely impact the Debtor's ongoing restructuring efforts and disrupt its operations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 8, 2024, at San Francisco, California.

Rev. Patick J. Summerhays