PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
amartin@sheppardmullin.com

Proposed Attorneys for The Roman Catholic
Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF FR. PATRICK SUMMERHAYS IN SUPPORT OF DEBTOR'S SECOND MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS [11 U.S.C. § 1121(d)]**<br><br>Date: March 7, 2024<br>Time: 1:30 p.m.<br>Location: via ZoomGov<br>Judge: Hon. Dennis Montali |

///

///

///

I, Fr. Patrick Summerhays, declare as follows:

1. I am the Vicar General and Moderator of the Curia of The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein (the "RCASF" or the "Debtor"). I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. All facts set forth in this declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by the RCASF's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the RCASF's operations, financial condition, and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of the RCASF, prepared and maintained in the ordinary and regularly conducted business activity of the RCASF, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the RCASF.

3. I make this Declaration in support of the *Debtor's Second Motion for Order Extending Exclusive Periods*, filed concurrently herewith (the "Motion").[1]

4. During the initial months of this Chapter 11 Case, the Debtor has focused on a smooth transition into Chapter 11 and obtaining essential first day and other relief, including the First Day Motions as described in the Motion. The Debtor also timely filed its Schedules of Assets and Liabilities and Statement of Financial Affairs, as well as its first two monthly operating reports.

5. The Debtor filed this bankruptcy case for the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.

6. The Debtor has engaged constructively with the Committee since it was appointed and retained counsel to facilitate requests for documents and information from Debtor and potential

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

abuse claimants. The Debtor has produced and is continuing to produce documents, including confidential documents subject to Protective Order, to the Committee.

7. The claims the Debtor expects to be asserted, in particular, claims related to sexual abuse, present unique complexities of confidentiality, the claims process, and appropriate and equitable treatment of claims.

8. The nature of the Debtor, as distinct from a more typical corporate Chapter 11 debtor, contributes to the complexity of the case and resultant need for additional time to propose a plan as described in detail the Passarello Background Declaration filed at the outset of this case.

9. Since the Petition Date, the Debtor has paid its employees, vendors, utilities providers, the U.S. Trustee, and other post-petition expenses in the ordinary course of business or as otherwise provided by Court order. The Debtor has the current financial resources to continue to pay its bills as they come due and will continue to do so.

10. The Debtor has the means and ability to propose a viable plan. The Debtor has retained the necessary skilled professionals and has actively engaged with the Committee. The Debtors assets are set forth in its Schedules and support the ability of the Debtor to propose a plan that meets these objectives.

11. While it is too early in the Chapter 11 Case to identify the terms of a plan, there is no reason to doubt a feasible plan can be filed.

12. The Debtor's request to extend the Exclusive Periods is needed to allow sufficient time to propose and negotiate a plan and is not for the purpose of pressuring creditors.

13. The Debtor's key assets essential to a plan include its portfolio of insurance policies from which it will pursue coverage to help compensate abuse survivors and the Debtor has been actively engaged with its insurers as well as the Committee on the matters that need to be addressed to move this case forward towards mediation and development of a plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 8, 2024, at San Francisco, California.

Rev. Patick J. Summerhays