PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | **FIRST INTERIM APPLICATION OF FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL FOR THE DEBTOR IN POSSESSION** |
| | Date:      April 4, 2024 |
| | Time:      1:30 p.m. |
| | Location:  Via ZoomGov |
| | Judge:     Hon. Dennis Montali |

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, (hereinafter "FFWPR"), attorneys for The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), submits this application (the "Application") for first interim allowance of fees and reimbursement of expenses for the period of August 21, 2023 (the "Petition Date"), through and including January 31, 2024 (the "Application Period") as set forth in the Request for Relief below. In support of this Application, FFWPR relies on this Application, the *Declaration of Paul J. Pascuzzi* ("Pascuzzi Decl.") filed in support of this Application, the *Declaration of Fr. Patrick Summerhays* ("Summerhays Decl."), and the pleadings and papers on file in this case, and on such other evidence and argument as may be submitted before or during the hearing on this Application.

## I.

## RELIEF REQUESTED

Through this Application, FFWPR requests an Order:

1.      Approving on an interim basis FFWPR's fees in the amount of $311,527.00 and reimbursement of expenses in the amount of $3,323.39 for a total of $314,850.39 incurred from the Petition Date through January 31, 2024.

2.      Authorizing payment to FFWPR by the Debtor of the unpaid balance of the allowed fees and expenses after application of any retainer; and

3.      For such other relief as the Court deems just and proper.

## II.

## BACKGROUND FACTS

On August 21, 2023, the Debtor filed a voluntary Chapter 11 Bankruptcy Petition. The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. On September 1, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "OCC") (ECF 58).

A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and

circumstances supporting this Application are set forth in the *Declaration of Joseph J. Passarello in support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023, at ECF 14 ("Passarello Background Decl."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023 at ECF 15 ("Gaspari Decl.").

On September 25, 2023, the Court entered its order granting the Debtor's application to employ FFWPR as bankruptcy counsel, effective as of August 21, 2023 (ECF 163). FFWPR is a four-lawyer firm with substantial experience in diocesan cases that is already representing at least one other diocese in its chapter 11 case. FFWPR is skilled in insolvency, reorganization and commercial transactions. FFWPR was originally engaged in the fall of 2022 for certain services and thereafter has been working with the RCASF regarding a possible bankruptcy case. As a result of its prepetition representation of the RCASF, FFWPR has acquired in-depth knowledge of the Debtor's structure, operations and liability profile.

### III.

### STATUS OF CASE

The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, Parishes and others, while continuing its ministries and support it offers to Catholic Parishes and communities.

Until recently, the RCASF has maintained financial viability while funding compensation for abuse survivors and continued litigation regarding claims of sexual abuse. In the past 20 years, the RCASF and its insurers have paid more than $70 million in legal settlements in an effort to fulfill the RCASF's responsibility for abuse of minors by a diocesan clergy.

In October 2019, Governor Newsom signed California Assembly Bill No. 218 ("AB 218"). AB 218 revived the statute of limitations for individuals to file civil lawsuits for childhood sexual

abuse.  The enactment of AB 218 allowed certain individuals to bring what had been time-barred claims against individuals and entities for abuse claims through and including December 31, 2022. Approximately 537 separate, active lawsuits pending against the Debtor filed by plaintiffs alleging sexual abuse by clergy or others associated with the Debtor.  The Debtor has neither the financial means nor the practical ability to litigate each of the abuse claims in state court.  This Bankruptcy Case will allow all of the claims to be filed and decided in a single forum and will ensure that all meritorious abuse claims be paid on a fair and equitable basis under an approved plan.

The Debtor has accomplished all of the foundational tasks that it must accomplish in the beginning of a chapter 11 case.  These include: (a) attendance at and conclusion of the Initial Debtor Interview with the U.S. Trustee; (b) attendance at and conclusion of the 341 meeting; (c) filing of the schedules and statement of financial affairs, including one set of amendments; (d) filing of monthly operating reports and payment of U.S. Trustee quarterly fees; (e) granting of numerous "first day" motions on a final basis; (f) employment of primary bankruptcy case professionals; (g) approval of interim compensation procedures; and (h) approval to continue to pay for abuse survivors' assistance and implement its safe environment programs.

The Debtor also filed and obtained approval of motions to extend its exclusivity period to file and confirm a plan and the time to assume unexpired nonresidential real property leases, a motion to extend time for removal of civil actions, a motion to continue insurance programs, and a motion to approve the employment of ordinary course professionals.

Importantly, the Debtor also obtained approval of the claim procedures for this case.  This included approval of the claim forms, noticing procedures and claim filing deadlines.  The claims procedures order has been and continues to be implemented.  A claim filing deadline of February 20, 2024, has been set.

The Debtor is in the process of producing documents to the Official Committee of Unsecured Creditors ("Committee") pursuant to the order on the Committee's Rule 2004 application.  The Debtor and the Committee met and conferred extensively relating to the form of a detailed Stipulated Protective Order (ECF 374), which is intended to govern the production of records to the Committee in response to the Committee's Rule 2004 requests.  The Debtor has been

Case: 23-30564    Doc# 498    Filed: 02/28/24    Entered: 02/28/24 11:33:51    Page 4 of
25

meeting and conferring and producing documents on a rolling basis, including confidential documents, requested by the Committee as part of the parties' preparation for an expected mediation. Given the extensive breadth of the Committee's document requests, a significant amount of resources are being devoted to this task. The Debtor also is communicating with insurers who request documents to prepare for mediation.

The Debtor and the Committee have begun discussing potential mediators for the case and are continuing those discussions.

The Debtor anticipates other tasks in the coming weeks and months, including: (a) selection and appointment of an unknown claims representative; (b) selection of a mediator(s); and (c) mediation. Any mediation likely would not start until after the expiration of the claims bar date and adequate time to evaluate the claims and insurance. The substantial document requests from the Committee also may impact the timing and readiness for mediation. The Debtor endeavors to work with the Committee to get to global mediation as soon as possible and will begin discussions for doing so with the Committee as soon as practicable.

## IV.

### SERVICES RENDERED

The services performed by FFWPR in this case have been categorized into task billing categories. Detailed billing statements reflecting FFWPR's time records and out of pocket expenses, including a summary of the aggregate and itemized hours and total compensation requested with respect to the professionals who provided compensable services are attached to the Pascuzzi Decl. as ***Exhibit A***.

The billing statements are organized by task, and the content of the billings included in each task is generally explained in paragraph 13 of the Pascuzzi Decl. and below. A true and correct copy of FFWPR's ABA Task Summary Billing Report for the period covered by the Application is attached to the Pascuzzi Decl. as ***Exhibit B***.

A listing of the billing task categories showing the number of professional hours expended and fees incurred under each billing task category is shown below:

Case No. 23-30564
FFWPR FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Case: 23-30564   Doc# 498   Filed: 02/28/24   Entered: 02/28/24 11:33:51   Page 5 of 25

| CATEGORY | HOURS | FEES |
|---|---|---|
| Case Administration | 44.30 | $16,589.00 |
| Asset Analysis and Recovery | 6.30 | $3,285.00 |
| Relief from Stay/Adequate Protection Proceedings | 29.00 | $15,052.50 |
| Meetings of and Communications with Creditors | 59.60 | $31,192.50 |
| Fee/Employment Applications | 155.10 | $52,337.50 |
| Fee/Employment Objections | 1.30 | $430.50 |
| Assumption/Rejection of Leases and Contracts | 29.20 | $9,388.50 |
| Other Contested Matters | 103.20 | $51,831.00 |
| Business Operations | 38.50 | $18,760.00 |
| Financing/Cash Collections | 45.50 | $19,579.50 |
| Board of Directors Matters | 0.10 | $52.50 |
| Claims Administration and Objections | 108.80 | $51,947.50 |
| Plan and Disclosure Statement | 15.40 | $5,801.00 |
| General Bankruptcy Advice/Opinions | 24.10 | $12,652.50 |
| Analysis/Strategy | 0.80 | $420.00 |
| Settlement/Non-Binding ADR | 3.80 | $1,995.00 |
| Written Discovery | 1.90 | $997.50 |
| Document Production | 31.90 | $16,747.50 |
| Discovery Planning | 4.70 | $2,467.50 |
| **Totals** | **703.50** | **$311,527.00** |

Below is a general description of the work performed in each task category.

A.    Case Administration.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Case Administration shall consist of the following:  coordination and compliance matters, including preparation of statement of financial affairs, schedules, list of contracts, United States Trustee interim statements and operating reports; contacts with the United States Trustee, and general creditor inquiries.

FFWPR followed the ABA description and expended 44.30 hours in this category for a total charge of $16,589.00.  The services performed in this category generally include but are not limited

to: multiple meetings and emails with the Debtor and staff regarding case issues; status and strategy meetings with the Debtor, litigation counsel and insurance counsel; review and filing of schedules, monthly operating reports, and amended schedules; drafting and finalizing application to extend time to file schedules; review of issues re state court litigation issues due to bankruptcy filing; drafting notice of commencement of bankruptcy case; working with clerk's office on initial filing issues; attention to filing of and sealing of creditor matrix; preparing for and attending the initial debtor interview; drafting and finalizing first day motions; preparing for and attending the hearing on first day motions; review of status conference order; drafting status conference statements; attendance at status conferences; communications with noticing agent regarding proofs of service of first day and other motions and updating limited service lists; drafting motion to extend time to remove actions; and drafting confidentiality agreements for Committee informal discovery.

A breakdown of the professionals who billed time to Case Administration and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 19.90 | $10,447.50 |
| Jason E. Rios | $450 | 2.50 | $1,125.00 |
| Jason E. Rios | $0 | 1.40 | $0.00 |
| Thomas R. Phinney | $425 | 10.10 | $4,292.50 |
| Thomas R. Phinney | $0 | 1.00 | $0.00 |
| Denise Pascuzzi | $125 | .50 | $62.50 |
| Allison S. Kieser | $105 | 2.30 | $241.50 |
| Allison S. Kieser | $0 | 2.60 | $0.00 |
| Brenda L. Jennings | $105 | 4.00 | $420.00 |
| **Totals** | | **44.30** | **$16,589.00** |

B.  <u>Asset Analysis and Recovery</u>.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Asset Analysis and Recovery shall consist of the following: identification and review of potential assets including causes of action and non-litigation recoveries.

FFWPR followed the ABA description and expended 6.30 hours in this category for a total

charge of $3,285.00. The services performed in this category generally include but are not limited to communications regarding valuation of assets, insurance coverage issues, and reviewing issues on form of claim.

A breakdown of the professionals who billed time to Asset Analysis and Recovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 6.00 | $3,150.00 |
| Jason E. Rios | $450 | 0.30 | $135.00 |
| **Totals** | | **6.30** | **$3,285.00** |

C.    Relief from Stay/Adequate Protection Proceedings. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Relief from Stay/Adequate Protection Proceedings shall consist of the following: matters relating to termination or continuation of automatic stay under 362 and motions for adequate protection.

FFWPR followed the ABA description and expended 29.00 hours in this category for a total charge of $15,052.50. The services performed in this category generally include but are not limited to communications and legal research regarding applicability of automatic stay as it relates to co-defendants in state court lawsuits and removal of insurance action; communications regarding stay of litigation issues; drafting objection regarding removal and auto stay issues for certain insurers; preparation for hearings on motion for relief; dealing with two motions for relief from stay—Castro and the insurance coverage action.

A breakdown of the professionals who billed time to Relief from Stay/Adequate Protection Proceedings and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 26.70 | $14,017.50 |
| Jason E. Rios | $450 | 2.30 | $1,035.00 |
| **Totals** | | **29.00** | **$15,052.50** |

D.    Meetings of and Communications with Creditors. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that

Meetings of and Communications with Creditors shall consist of the following: preparing for and attending the conference of creditors, the 341(a) meeting and other creditors' committee meetings.

FFWPR followed the ABA description and expended 59.60 hours in this category for a total charge of $31,192.50. The services performed in this category generally include but are not limited to: communications regarding Committee representation, media issues, claimant notices issues; work on information regarding Committee members, and noticing issues in terms of privacy; discussions regarding insurance counsel, interested parties, and next steps; communications with Committee attorneys regarding case issues; preparation for and attendance at 341 meeting; communications regarding 341 meeting follow-up requests; preparation for and attendance at numerous meetings with the Committee and counsel.

A breakdown of the professionals who billed time to Meetings of and Communications with Creditors and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 58.30 | $30,607.50 |
| Jason E. Rios | $450 | 1.30 | $585.00 |
| **Totals** | | **59.60** | **$31,192.50** |

E.     Fee/Employment Applications.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Fee/Employment Applications shall consist of the following: preparations of employment and fee applications for self or others; motions to establish interim procedures.

FFWPR followed the ABA description and expended 155.10 hours in this category for a total charge of $52,337.50. The services performed in this category generally include but are not limited to: drafting, finalizing, and filing of applications to employ multiple professionals (FFWPR, special litigation counsel, special insurance counsel, administrative agent Omni, and financial advisors); communications regarding retainers, rates, and billing practices; analysis of issues regarding interim compensation procedures, and drafting of motion for same; analysis of issues regarding employment of ordinary course professionals, and drafting of motion for same; drafting, finalizing, and filing monthly professional fee statements.

A breakdown of the professionals who billed time to Fee/Employment Applications with Creditors and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 29.30 | $15,382.50 |
| Jason E. Rios | $450 | 69.90 | $31,455.00 |
| Jason E. Rios | $0 | 0.90 | $0.00 |
| Thomas R. Phinney | $425 | 1.70 | $722.50 |
| Lori N. Lasley | $105 | 2.30 | $241.50 |
| Allison S. Kieser | $105 | 23.60 | $2,478.00 |
| Allison S. Kieser | $0 | 5.20 | $0.00 |
| Brenda L. Jennings | $105 | 19.60 | $2,058.00 |
| Brenda L. Jennings | $0 | 2.60 | $0.00 |
| **Totals** | | **155.10** | **$52,337.50** |

F.    Fee/Employment Objections. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Fee/Employment Objections shall consist of the following: review of and objections to the employment and fee applications of others.

FFWPR followed the ABA description and expended 1.30 hours in this category for a total charge of $430.50. The services performed in this category generally include but are not limited to: communications regarding issues with ordinary course professionals; drafting reply to US Trustee regarding objection to motion to employ ordinary course professionals.

A breakdown of the professionals who billed time to Fee/Employment Objections with Creditors and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 0.70 | $367.50 |
| Allison S. Kieser | $105 | 0.60 | $63.00 |
| **Totals** | | **1.30** | **$430.50** |

G.    Assumption/Rejection of Leases and Contracts. FFWPR has utilized task billing

codes consistent with the ABA Uniform Task-Based Management System, which provides that Assumption/Rejection of Leases and Contracts shall consist of the following: analysis of leases and executory contracts and preparation of motions specifically to assume or reject.

FFWPR followed the ABA description and expended 29.20 hours in this category for a total charge of $9,388.50. The services performed in this category generally include but are not limited to: communications regarding real property lease status and office equipment leases; analysis of time frame to assume leases and timing of motion to extend time to assume leases; drafting, revising and finalizing motion to extend time to assume leases, and preparation for and attendance at hearing regarding same; drafting and filing related order.

A breakdown of the professionals who billed time to Assumption/Rejection of Leases and Contracts and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 1.90 | $997.50 |
| Jason E. Rios | $450 | 16.50 | $7,425.00 |
| Allison S. Kieser | $105 | 1.20 | $126.00 |
| Allison S. Kieser | $0 | 0.60 | $0.00 |
| Brenda L. Jennings | $105 | 8.00 | $840.00 |
| Brenda L. Jennings | $0 | 1.00 | $0.00 |
| **Totals** | | **29.20** | **$9,388.50** |

H. <u>Other Contested Matters</u>. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Other Contested Matters shall consist of the following: analysis and preparation of all other motions, opposition to motions and reply memoranda in support of motions.

FFWPR followed the ABA description and expended 103.20 hours in this category for a total charge of $51,831.00, which primarily included a substantial amount of first day motions services. The services performed in this category generally include but are not limited to: communications regarding first day motions; drafting, revising and finalizing of first day motions; attention to U.S. Trustee objections to first day motions; preparation for and attendance at preliminary hearing on first day motions; drafting, revising and finalizing of orders/interim orders

on first day motions; omnibus notice of hearings; communications regarding cash management motion issues; issues with interim orders; modifications to abuse survivor motion; prepare for and attend first day hearings; emails with banks regarding cash management; coordinating and communicating with Sheppard Mullin Richter & Hampton and B. Riley regarding motions; communications regarding priority payment question and unemployment insurance issues; motion regarding termination of SERP; communications regarding DIP account; motion to extend deadline for removal; limited service list issues; survivor program issues; response to Committee pleading regarding wages motion.

A breakdown of the professionals who billed time to Other Contested Matters and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 86.60 | $45,465.00 |
| Jason E. Rios | $450 | 9.50 | $4,275.00 |
| Jason E. Rios | $0 | 0.90 | $0.00 |
| Thomas R. Phinney | $425 | 4.50 | $1,912.50 |
| Allison S. Kieser | $105 | 1.70 | $178.50 |
| **Totals** | | **103.20** | **$51,831.00** |

I.  Business Operations.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Business Operations shall consist of the following: issues related to debtor in possession operating in chapter 11 such as employee, vendor, tenant issues, and other similar problems.

FFWPR followed the ABA description and expended 38.50 hours in this category for a total charge of $18,760.00.  The services performed in this category generally include, but are not limited to: communications and analysis regarding post-petition accounting, insurance policies and deductibles, bank accounts, pre- and post-petition obligations, contracts, vendor deposits, pension plan, operation issues, potential financing source, ADP payroll, priority PTO, credit card program issues, workers compensation issues, adequate assurance issues, and invoice issues; drafting, revising and finalizing of motion to continue insurance programs; and motion regarding payment

of pre-petition wages.

A breakdown of the professionals who billed time to Business Operations and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 21.60 | $11,340.00 |
| Jason E. Rios | $450 | 16.30 | $7,335.00 |
| Jason E. Rios | $0 | 0.10 | $0.00 |
| Thomas R. Phinney | $425 | 0.20 | $85.00 |
| Allison S. Kieser | $0 | 0.30 | $0.00 |
| **Totals** | | **38.50** | **$18,760.00** |

J.     <u>Financing/Cash Collections</u>.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Financing/Cash Collections shall consist of the following: matters under 361, 363 and 364 including cash collateral and secured claims; loan document analysis.

FFWPR generally followed the ABA definition and expended 45.50 hours in this category for a total charge of $19,579.50.  The services performed in this category generally include but are not limited to: issues on the motion to approve credit card program borrowing and bank card agreement; amendment to cash management order; communications regarding US Bank program motion and FDIC insurance issue.

A breakdown of the professionals who billed time to Financing/Cash Collections and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 3.80 | $1,995.00 |
| Jason E. Rios | $450 | 38.40 | $17,280.00 |
| Allison S. Kieser | $105 | 2.90 | $304.50 |
| Allison S. Kieser | $0 | 0.40 | $0.00 |
| **Totals** | | **45.50** | **$19,579.50** |

K.     <u>Board of Directors Matters</u>.  FFWPR has utilized task billing codes consistent with

Case No. 23-30564
FFWPR FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

the ABA Uniform Task-Based Management System, which provides that Board of Directors Matters shall consist of the following: Preparation of materials for and attendance at Board of Directors meetings; analysis and advice regarding corporate governance issues and review and preparation of corporate documents (e.g., Articles, Bylaws, employment agreements, compensation plans, etc.).

FFWPR generally followed the ABA definition and expended 0.10 hours in this category for a total charge of $52.50. The services performed in this category generally include but are not limited to communications regarding client Finance Council meeting and status.

A breakdown of the professionals who billed time to Board of Directors Matters and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 0.10 | $52.50 |
| **Totals** | | **0.10** | **$52.50** |

L. <u>Claims Administration and Objections</u>. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Claims Administration and Objections shall consist of the following: specific claim inquiries; bar date motions; analyses, objections and allowances of claims.

FFWPR generally followed the ABA definition and expended 108.80 hours in this category for a total charge of $51,947.50, which primarily includes substantial work on the complex claims procedures motion. The services performed in this category generally include but are not limited to: analysis and communications regarding abuse claims procedures; claims deadline and procedures for bar date motion; publication issues including budget estimate; managing parish mailing lists; filing of sealed and unsealed claims; review IRS claim, litigation claims, notice to survivors and authorization to serve attorneys for same; review US Trustee, Committee and insurers comments on claims procedure motion; drafting of claim forms, claims procedure motion, confidentiality agreement regarding abuse claims, notices of abuse claim bar date and general claim bar date, notice of publication, motion to vacate claims deadline, and proposed orders; preparation for and attendance at hearing on claims procedure motion; revisions to claims procedure order to

address court comments; drafting of committee support letter; negotiations regarding edits to claim forms and order; communications regarding access to survivor proof of claims.

A breakdown of the professionals who billed time to Claims Administration and Objections and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 71.10 | $37,327.50 |
| Jason E. Rios | $450 | 8.50 | $3,825.00 |
| Jason E. Rios | $0 | 0.40 | $0.00 |
| Thomas R. Phinney | $425 | 25.40 | $10,795.00 |
| Thomas R. Phinney | $0 | 2.50 | $0.00 |
| Allison S. Kieser | $0 | 0.90 | $0.00 |
| **Totals** | | **108.80** | **$51,947.50** |

M.   <u>Plan and Disclosure Statement</u>.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Plan and Disclosure Statement shall consist of the following: formulation, presentation, and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to the allowance and objections to allowance of claims.

FFWPR generally followed the ABA definition and expended 15.40 hours in this category for a total charge of $5,801.00.  The services performed in this category generally include but are not limited to strategy and analysis regarding plan issues; communications regarding, drafting and revising exclusivity motion; drafting and filing of status report.

A breakdown of the professionals who billed time to Plan and Disclosure Statement and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 1.90 | $997.50 |
| Jason E. Rios | $450 | 9.90 | $4,455.00 |
| Thomas R. Phinney | $425 | 0.40 | $170.00 |
| Allison S. Kieser | $105 | 1.70 | $178.50 |
| Allison S. Kieser | $0 | 1.50 | $0.00 |
| **Totals** | | **15.40** | **$5,801.00** |

Case No. 23-30564
FFWPR FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

N.    General Bankruptcy Advice/Opinions.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that plan General Bankruptcy Advice/Opinions shall consist of the following: analysis, advice and/or opinions regarding potential bankruptcy related issues, where no bankruptcy case has been filed.

FFWPR generally followed the ABA definition and expended 24.10 hours in this category for a total charge of $12,652.50.  The services performed in this category generally include but are not limited to communications with client team regarding first day hearings, and case status with school administrators, RCASF investment committee, Archbishop Cabinet, and client team; strategy calls regarding issues.

A breakdown of the professionals who billed time to General Bankruptcy Advice/Opinions and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 24.10 | $12,652.50 |
| **Totals** | | **24.10** | **$12,652.50** |

O.    Analysis/Strategy.  FFWPR has utilized task billing codes consistent with the Uniform Task-Based Management System (UTBMS), which provides that plan Analysis/Strategy shall consist of the following: discussions/writings/meetings on case strategy; preparation of litigation plan; communication on case strategy.

FFWPR generally followed the UTBMS definition and expended 0.80 hours in this category for a total charge of $420.00.  The services performed in this category generally include but are not limited to communications with potential professionals regarding litigation strategy issues.

A breakdown of the professionals who billed time to Analysis/Strategy and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 0.80 | $420.00 |
| **Totals** | | **0.80** | **$420.00** |

P.    Settlement/Non-Binding ADR.  FFWPR has utilized task billing codes consistent with the Uniform Task-Based Management System (UTBMS), which provides that plan

Settlement/Non-Binding ADR shall consist of the following: planning/participation in settlement discussions/conferences; implementation of settlement; pursing mediation; travel to/from mediation; attend mediation; pre-litigation demand letters; research settlement; communications regarding settlement/mediation/ADR.

FFWPR generally followed the UTBMS definition and expended 3.80 hours in this category for a total charge of $1,995.00. The services performed in this category generally include but are not limited to communications regarding mediator and mediation; review of potential mediators.

A breakdown of the professionals who billed time to Settlement/Non-Binding ADR and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 3.80 | $1,995.00 |
| **Totals** | | **3.80** | **$1,995.00** |

Q. <u>Written Discovery</u>. FFWPR has utilized task billing codes consistent with the Uniform Task-Based Management System (UTBMS), which provides that plan Written Discovery shall consist of the following: developing, responding to, objecting to, and negotiating interrogatories and requests to admit; includes mandatory meet-and-confer sessions; also covers mandatory written disclosures as under FRCP Rule 26(a).

FFWPR generally followed the UTBMS definition and expended 1.9 hours in this category for a total charge of $997.50. The services performed in this category generally include but are not limited to analysis and communications regarding protective order, section 107 standards, and committee discovery.

A breakdown of the professionals who billed time to Written Discovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 1.90 | $997.50 |
| **Totals** | | **1.90** | **$997.50** |

R. <u>Document Production</u>. FFWPR has utilized task billing codes consistent with the Uniform Task-Based Management System (UTBMS), which provides that Document Production

shall consist of the following: developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists.

FFWPR generally followed the UTBMS definition and expended 31.90 hours in this category for a total charge of $16,747.50. The services performed in this category generally include but are not limited to analysis and communications regarding Committee Rule 2004 application, including extensive document review and organization; revising protective order; and communications with co-counsel, client team, and related entity counsel regarding Committee access and document requests issues.

A breakdown of the professionals who billed time to Document Production and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 31.90 | $16,747.50 |
| **Totals** | | **31.90** | **$16,747.50** |

S.  <u>Discovery Planning</u>. FFWPR has utilized task billing codes consistent with the Uniform Task-Based Management System (UTBMS), which provides that Discovery Planning shall consist of the following: initial review of complaint, development of data map.

FFWPR generally followed the UTBMS definition and expended 4.70 hours in this category for a total charge of $2,467.50. The services performed in this category generally include but are not limited to review and revising common interest agreement, communications regarding the common interest agreement, reviewing issues on protective order, and confidentiality issues.

A breakdown of the professionals who billed time to Discovery Planning and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $525 | 4.70 | $2,467.50 |
| **Totals** | | **4.70** | **$2,467.50** |

-18-

## V.

## RESPONSIBLE PERSONNEL

The professionals assigned to this chapter 11 case who performed more than five (5) hours of service are as follows:

Paul J. Pascuzzi (PJP) is a partner charged with the overall responsibility for this case. Mr. Pascuzzi's billing rate during the period covered by this Application was $525.00 per hour. Mr. Pascuzzi obtained his J.D. degree with Great Distinction from the University of the Pacific, McGeorge School of Law in 1990. While at McGeorge, he was elected to the Order of the Coif and the Traynor Honor Society. Mr. Pascuzzi was a prior Chair of the Executive Committee of the Business Law Section of the State Bar of California. Mr. Pascuzzi also served as the Chair of the Insolvency Law Committee of the Business Law Section of the State Bar. He is a Fellow of the American College of Bankruptcy. He served two terms as a board member and was a Vice President for the Sacramento Valley Bankruptcy Forum. Mr. Pascuzzi has been named by his peers since 2007 as a Best Lawyer in America in the areas of Bankruptcy and Creditors' Rights. Mr. Pascuzzi has also been recognized by Super Lawyers of Northern California in the field of Bankruptcy by Law and Politics Magazine since 2005 and has been ranked among the Top 100 lawyers since 2016 encompassing lawyers in all specialties.

Jason E. Rios (JER) was a partner charged with the overall responsibility for this case. Mr. Rios billing rate during the period covered by this Motion was $450 per hour, assisted with drafting pleadings and attending hearings in the case as needed. Mr. Rios earned his J.D. from the Boalt Hall School of Law, University of California in 1997, and his B.A. degree from Stanford University in Palo Alto, California in 1994. Mr. Rios served as President of the Sacramento Valley Bankruptcy Forum in 2007, as a Board Member of the Sacramento Valley Bankruptcy Forum from 2005-2007 and is currently a Board Member of the SVBF. Mr. Rios also has served as a member of the Insolvency Law Committee of the Business Law Section of the State Bar. Mr. Rios currently serves as an Adjunct Professor of Bankruptcy Law at the McGeorge School of Law. Mr. Rios has been named by his peers since 2019 as a Best Lawyer in America in the areas of Bankruptcy and Creditors' Rights. Mr. Rios also has been recognized by Super Lawyers of Northern California in

the field of Bankruptcy by Law and Politics Magazine since 2014.  Prior to joining FFWPR, Mr. Rios served as Deputy Attorney General for the California Department of Justice, Office of the Attorney General, advising the Governor, Attorney General, and others on a wide range of legal issues including constitutional and statutory law, appointments, government operations, elections, public finance, contracts, and criminal information.

Thomas R. Phinney (TRP) is Of Counsel at FFWPR and charged with the overall responsibility for this case.  Mr. Phinney's billing rate during the period covered by this Application was $425 per hour.  Mr. Phinney earned his J.D. Degree from the University of California at Davis, King Hall School of Law in 1991.  Mr. Phinney was a law clerk for the Honorable Christopher M. Klein, Bankruptcy Judge for the Eastern District of California, from 1991-1992, and has since specialized in the practice of bankruptcy law and business litigation.  He is a Business Bankruptcy Specialist certified by the American Board of Certification, past president of the California Bankruptcy Forum, the Sacramento County Bar Bankruptcy and Commercial Law Section, and the Sacramento Valley Bankruptcy Forum.  Mr. Phinney is a member of the Governmental Affairs Committee of the California Lawyers Association and has been recognized as a Northern California "Super Lawyer" for the last 10 years.  Mr. Phinney is a member of the Conference Executive Committee for the Ninth Circuit Judicial Conference (2023), was Conference Co-Chair for the 2010 California Bankruptcy Conference, and is a member of the Insolvency Law Committee of the Business Law Section of the California State Bar.  He has lectured on commercial collection and bankruptcy law for the California State Bar, the Sacramento County Bar, National Business Institute, Inc., Lorman Business Centers, and other professional organizations.

Allison Kieser (ASK) is a legal assistant who assisted with drafting pleadings as needed in this case.  Her billing rate during the period covered by this Application was $105 per hour.

Brenda Jennings (BLJ) is a legal assistant who assisted with drafting pleadings as needed in this case.  Her billing rate during the period covered by this Application was $105 per hour.

///

///

///

Case No. 23-30564
FFWPR FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Case: 23-30564    Doc# 498    Filed: 02/28/24    Entered: 02/28/24 11:33:51    Page 20 of 25

## VI.

## SUMMARY OF FEES AND EXPENSES

A detailed billing statement reflecting FFWPR's time records and out of pocket expenses filed as **_Exhibit A_** to the Pascuzzi Decl. in support of this Application reflects total fees in the amount of $311,527.00 and expenses in the amount of $3,323.39 for a total of $314,850.39, incurred during the Application Period.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Paul J. Pascuzzi | $525 | 395.10 | $207,427.50 |
| Jason E. Rios | $450 | 175.40 | $78,930.00 |
| Jason E. Rios | $0 | 3.70 | $0.00 |
| Thomas R. Phinney | $425 | 42.30 | $17,977.50 |
| Thomas R. Phinney | $0 | 3.50 | $0.00 |
| Denise Pascuzzi | $125 | 0.50 | $62.50 |
| Lori N. Lasley | $105 | 2.30 | $241.50 |
| Allison S. Kieser | $105 | 34.00 | $3,570.00 |
| Allison S. Kieser | $0 | 11.50 | $0.00 |
| Brenda L. Jennings | $105 | 31.60 | $3,318.00 |
| Brenda L. Jennings | $0 | 3.60 | $0.00 |
| **Totals** | | **703.50** | **$311,527.00** |

FFWPR has calculated a blended hourly rate of $442.82 by dividing the total fees billed by the total number of hours recorded.

The expenses incurred during the period covered by this Application are as follows:

| Category | Total |
|---|---|
| Travel | $1,644.65 |
| Court Fees | $34.00 |
| Online Legal Research | $1,597.10 |
| Postage/Delivery Service | $47.64 |
| **Total Expenses** | **$3,323.39** |

Case No. 23-30564
FFWPR FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

1    A true and correct copy of FFWPR's Expense Report for the period covered by the
2    Application is attached to the Pascuzzi Decl. as ***Exhibit C***.

3    FFWPR requests an order under Bankruptcy Code section 330 approving on an interim
4    basis fees in this case of $311,527.00 and expenses in the amount of $3,323.39 for a total of
5    $314,850.39 for the period of August 21, 2023, through and including January 31, 2024, as
6    reasonable and necessary for the administration of this case.

**VII.**

**FACTORS TO CONSIDER**

9    The order approving FFWPR's employment authorizes compensation on a basis that would
10   allow payment for services rendered on an hourly rate consistent with the Ninth Circuit decision in
11   *In re Manoa Fin. Co.,* 853 F2d 687 (9th Cir. 1988), after notice to all interested parties.  Consistent
12   with the *Manoa* Decision, various factors were suggested by the Court in *Johnson v. Georgia*
13   *Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), for consideration in awarding compensation
14   in a bankruptcy case.  Though not specifically required for approval under the lodestar or *Manoa*
15   case, several of the *Johnson* factors have been specifically codified by the Bankruptcy Reform Act
16   of 1994 and as such, these factors are discussed below:

17            **(a)        Time and labor required (11 U.S.C. § 330(a)(3)(A))**:  FFWPR has utilized
18   three (3) attorneys and four (4) legal assistants who have expended 703.50 in billable hours during
19   the Application period.  The blended hourly rate based on the billed hours is $442.82.  This is a
20   very reasonable rate for a case as complex and difficult as the present Case.

21            Of note is the fees incurred in the Roman Catholic Bishop of Oakland case pending in this
22   district.  According to the First Monthly Fee Statement of the Debtor's General Bankruptcy Counsel
23   in that case (23-40523 at ECF 302), fees for the period May 8 through June 30 totaled
24   $1,378,538.00, with a billable hours total of 1,822.30, and attorney rates ranging from $450 to
25   $1,200.  While the Debtor submits the Oakland case may present different issues, these date points
26   are relevant to the applications to approve professional fees in this matter.[1]

---

[1] Similarly, financial advisor fees in the Oakland case exceed those in this case.  See First Monthly
Fee Statement of Alvarez & Marsal (ECF 301) showing fees of $1,480,500.00, hours of 1,836.40
and hourly rates ranging $300 to $1,325 for May 8 through June 30, 2023.

(b)  **Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D))**:  This case involves many of the technical and complex problems faced by operating chapter 11 debtors in possession with operating businesses.  This case, however, is unique in that it involves a non-profit religious institution with unique and complex issues.  FFWPR is particularly suited to handle this case because of its prior experience in the Roman Catholic Bishop of Stockton chapter 11 case.

(c)  **Skill requisite to perform the services properly (11 U.S.C. § 330(a)(3)(D))**:  FFWPR is skilled in handling complex chapter 11 cases and has special experience and knowledge which enables FFWPR to render services of benefit to the estate in an efficient manner.  The attorneys who have contributed to this case have many years of combined experience in similarly complicated cases.

(d)  **Customary fees (11 U.S.C. §§ 330(a)(3)(B and E))**:  The rates charged by FFWPR are FFWPR's standard billing rates (attorneys $350-$525 per hour), which standard rates are the same rates (with a few exceptions for long term clients or specially negotiated limited engagement agreements) as generally used by FFWPR with respect to its non-debtor/trustee clients.  The rates also are similar to the normal charges for similar work performed by similarly experienced and skilled attorneys and legal assistants in the Eastern District of California bankruptcy courts, and based on information and belief are below rates in the Northern District of California bankruptcy courts.  FFWPR requests that the Court take judicial notice of the rates generally charged and approved in fee applications before this Court and other cases in the Eastern and Northern Districts of California.

As further evidence of the reasonableness of FFWPR's hourly rates, Committee counsel Pachulski Stang Ziehl & Jones LLP's hourly rates for this matter are: $545 for paralegals, and $875-$1,695 for partners; provided however that Pachulski Stang Ziehl & Jones LLP agreed to cap its blended hourly rate for all billing professionals at $1,050 per hour.  Hourly rates for financial advisor for the Committee range from $450 - $1,130 per hour for directors.  See also the hourly rates in the Roman Catholic Bishop of Oakland case noted in (a) above.

(e)  **Amount of work involved and result obtained (11 U.S.C. § 330(a)(3)(D))**:  As stated above, FFWPR has expended 703.50 of billable hours on behalf of the Debtor during the

Case: 23-30564   Doc# 498   Filed: 02/28/24   Entered: 02/28/24 11:33:51   Page 23 of 25

Application Period performing the services described herein.

(f) **Experience, reputation, and ability of FFWPR**:  FFWPR has many years of experience handling complex bankruptcy reorganizations, workouts, and commercial law cases. FFWPR also enjoys a reputation for quality work and integrity in the legal community and before this Court.  Paul J. Pascuzzi in particular has significant experience in Roman Catholic Diocese cases, including filing a successful Chapter 11 for The Roman Catholic Bishop of Stockton.

(g) **Professional relationship with the client**:  Other than as disclosed in its application for approval of employment of FFWPR, FFWPR has no relationship with the U.S. Trustee, the Debtor, its officers and directors, or its creditors.

(h) **Awards in similar cases (11 U.S.C. § 330(a)(3)(F))**:  The compensation sought by this Application is consistent with that authorized in similar cases.

In addition to the foregoing *Johnson* factors, section 330 also examines whether the services were:

(i) **Necessary to the Administration of the Bankruptcy Case (11 U.S.C. § 330(a)(3)(C))**:  FFWPR respectfully submits that essentially all of FFWPR's services were necessary to the administration of this Case and in total have benefited the estate.  Some services as in every case did not result in the filing of a motion or of a Plan but were necessary to the overall resolution of this case.  FFWPR respectfully submits that as a whole its services were necessary and benefited the Estate.

**VIII.**

**PAYMENTS RECEIVED TO DATE; AVAILABILITY OF FUNDS**

With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, FFWPR has not received any payments to date in this case from any source, other than the Debtor. FFWPR received a retainer prepetition from the Debtor, of which $92,570.51 remained on the Petition Date.

Pursuant to the Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis (ECF 212), FFWPR has filed and served fee notices for August-September 2023 (ECF 243), October 2023 (ECF 333), November 2023 (ECF 378),

December 2023 (ECF 436), and January 2024 (ECF 480). No objections were received on the August-September, October, November, nor December notices, while the time for objections to the January fee notice has not yet expired. Thus, FFWPR has applied its retainer and received payment in the amount of $188,687.98 from the Debtor, such that it has been paid 80% of fees and 100% of costs for the outstanding fees for August through November 30, 2023, as of the time this application was filed.

With respect to Bankruptcy Rule 2016(b), Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between FFWPR and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

**IX.**

**CONCLUSION**

Based on all of the above, FFWPR respectfully requests that this Court enter an order granting the relief requested herein, and for such other and further relief as the Court deems necessary and proper.

Dated: February 28, 2024     FELDERSTEIN FITZGERALD WILLOUGHBY
                            PASCUZZI & RIOS LLP

                            By:     /s/ Paul J. Pascuzzi
                                    PAUL J. PASCUZZI
                                    JASON E. RIOS
                                    THOMAS R. PHINNEY

                                    Attorneys for The Roman Catholic Archbishop of
                                    San Francisco