1  PAUL J. PASCUZZI, State Bar No. 148810
   JASON E. RIOS, State Bar No. 190086
2  THOMAS R. PHINNEY, State Bar No. 159435
   FELDERSTEIN FITZGERALD
3    WILLOUGHBY PASCUZZI & RIOS LLP
   500 Capitol Mall, Suite 2250
4  Sacramento, CA 95814
   Telephone:    (916) 329-7400
5  Facsimile:    (916) 329-7435
   Email:        ppascuzzi@ffwplaw.com
6                jrios@ffwplaw.com
                 tphinney@ffwplaw.com
7
   ORI KATZ, State Bar No. 209561
8  ALAN H. MARTIN, State Bar No. 132301
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
9    A Limited Liability Partnership
     Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
11 Telephone:    (415) 434-9100
   Facsimile:    (415) 434-3947
12 Email:        okatz@sheppardmullin.com
                 amartin@sheppardmullin.com
13

14 Attorneys for The Roman Catholic Archbishop of
   San Francisco
15
                    UNITED STATES BANKRUPTCY COURT
16
         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
17

18 | In re                          | Case No. 23-30564 |
19 | THE ROMAN CATHOLIC ARCHBISHOP  | Chapter 11 |
   | OF SAN FRANCISCO,              |  |
20 |                Debtor and      | **FIRST INTERIM APPLICATION OF WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN LAW CORPORATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR IN POSSESSION** |
21 |                Debtor in Possession. |  |
22 |  |  |
23 |  |  |
24 |  | Date:      April 4, 2024 |
25 |  | Time:      1:30 p.m. |
   |  | Location:  Via ZoomGov |
26 |  | Judge:     Hon. Dennis Montali |
27

28 ///

Case: 23-30564   Doc# 501   Filed: 02/28/24   Entered: 02/28/24 12:52:26   Page 1 of 21

Weintraub Tobin Chediak Coleman Grodin Law Corporation, (hereinafter "Weintraub"), special corporate and litigation attorneys for The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), submits this application (the "Application") for first interim allowance of fees and reimbursement of expenses for the period of August 21, 2023 (the "Petition Date"), through and including January 31, 2024 (the "Application Period") as set forth in the Request for Relief below. In support of this Application, Weintraub relies on this Application, the *Declaration of Paul E. Gaspari* ("Gaspari Decl.") filed in support of this Application, the *Declaration of Fr. Patrick Summerhays* ("Summerhays Decl.") in support of this Application, and the pleadings and papers on file in this case, and on such other evidence and argument as may be submitted before or during the hearing on this Application.

## I.

## RELIEF REQUESTED

Through this Application, Weintraub requests an Order:

1.     Approving on an interim basis Weintraub's fees in the amount of $58,035.00 and reimbursement of expenses in the amount of $21,968.44 for a total of $80,003.44 incurred from the Petition Date through January 31, 2024.

2.     Authorizing payment to Weintraub by the Debtor of the unpaid balance of the allowed fees and expenses after application of any retainer; and

3.     For such other relief as the Court deems just and proper.

## II.

## BACKGROUND FACTS

On August 21, 2023, the Debtor filed a voluntary Chapter 11 Bankruptcy Petition ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. On September 1, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "OCC") (ECF 58).

A description of the Debtor's history, business operations, operational structure, the

Case: 23-30564    Doc# 501    Filed: 02/28/24    Entered: 02/28/24 12:52:26    Page 2 of 21

reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Application are set forth in the *Declaration of Joseph J. Passarello in support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023, at ECF 14 ("Passarello Background Decl."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023 at ECF 15 ("Gaspari Decl.").

On September 25, 2023, the Court entered its order granting the Debtor's application to employ Weintraub as counsel, effective as of August 21, 2023 (ECF 166). Weintraub is skilled in civil litigation and church law matters. Weintraub is counsel of record for the RCASF in the pending joint coordinated proceeding in Alameda Superior Court ("JCP 5108"), where all complaints against northern California diocesan entities are being jointly administered, including complaints filed against the RCASF. The Tobin & Tobin firm, prior to merger with Weintraub, has acted as outside counsel for the RCASF since approximately 1860. In addition to services defending the RCASF against abuse claims, Weintraub also has represented the RCASF in various other, non-abuse matters, including several employment related cases. Also, as part of the services the firm provides to the RCASF, from time to time, Weintraub advises the RCASF on general legal matters.

**III.**

**STATUS OF CASE**

To avoid unnecessary duplication, the case status is set forth in the First Interim Application of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP for Allowance of Fees and Reimbursement of Expenses as Counsel for Debtor in Possession and incorporated herein by this reference.

**IV.**

**SERVICES RENDERED**

The services performed by Weintraub in this case have been categorized into task billing categories. Detailed billing statements reflecting Weintraub's time records and out of pocket expenses, including a summary of the aggregate and itemized hours and total compensation requested with respect to the professionals who provided compensable services are attached to the

Gaspari Decl. as Exhibit A.  The billing statements are organized by task, and the content of the billings included in each task is generally explained in paragraph 5 of the Gaspari Decl.

A listing of the billing task categories showing the number of professional hours expended and fees incurred under each billing task category is shown below:

| CATEGORY | HOURS | FEES |
|---|---|---|
| Case Administration | 43.90 | $16,451.00 |
| Asset Analysis and Recovery | 0.30 | $139.50 |
| Meetings of and Communications with Creditors | 12.30 | $5,712.00 |
| Fee/Employment Applications | 0.20 | $93.00 |
| Other Contested Matters | 11.20 | $5,193.00 |
| Business Operations | 5.60 | $2,547.00 |
| Real Estate | 0.70 | $315.00 |
| Claims Administration and Objections | 10.60 | $4,924.50 |
| Plan and Disclosure Statement | 0.40 | $186.00 |
| Fact Investigation/Development | 20.80 | $6,807.00 |
| Analysis/Strategy | 1.80 | $772.00 |
| Document/File Management | 12.50 | $2,812.50 |
| Settlement/Non-Binding ADR | 0.30 | $135.00 |
| Other Case Assessment | 6.30 | $2,272.50 |
| Court Mandated Conference | 4.00 | $1,860.00 |
| Written Discovery | 6.00 | $1,566.00 |
| Document Production | 8.60 | $3,873.00 |
| Other Discovery | 0.60 | $150.00 |
| Expert Witness | 1.40 | $651.00 |
| Written Motions and Submissions | 0.90 | $405.00 |
| Trial and Hearing Attendance | 2.60 | $1,170.00 |
| **Totals** | **151.00** | **$59,953.00** |
| **Reduced Amount** | | **($1,918.00)** [1] |

---

[1] Approximately 16.40 hours of time was erroneously charged for PEG at $575 per hour rather than $465 per hour.  2.70 hours of time was erroneously charged for DCZ at $475 per hour rather

| CATEGORY | HOURS | FEES |
|---|---|---|
| Corrected Totals | 151.00 | $58,035.00 |

Below is a general description of the work performed in each task category.

A.     Case Administration.  Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Case Administration shall consist of the following:  coordination and compliance matters, including preparation of statement of financial affairs, schedules, list of contracts, United States Trustee interim statements and operating reports; contacts with the United States Trustee, and general creditor inquiries.

Weintraub followed the ABA description and expended 43.90 hours in this category for a total charge of $16,451.00.  The services performed in this category generally include but are not limited to review and preparation of summary of cases with Santa Rosa or Oakland as co-defendant; preparation of statements and schedules; communications regarding status/task issues, credit card program, Medicare selection, and insurance litigation; appearance at hearings; review and communications regarding Rule 2004 production.

A breakdown of the professionals who billed time to Case Administration and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 25.90 | $12,043.50 |
| Daniel C. Zamora | $450 | 0.30 | $135.00 |
| Alexa Horner | $325 | 2.90 | $942.50 |
| Brian Gonzaga | $225 | 14.80 | $3,330.00 |
| Totals | | 43.90 | $16,451.00 |

B.     Asset Analysis and Recovery.  Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Asset Analysis and recovery shall consist of the following: identification and review of potential assets including causes of action and non-litigation recoveries.

---

than $450 per hour, and 0.30 hours of time was erroneously charged for GR at $605 per hour rather than $450 per hour.  The firm will voluntarily reduce the requested fees by $1,918.00 to correct this inadvertent error.

Weintraub followed the ABA description and expended 0.30 hours in this category for a total charge of $139.50. The services performed in this category generally include but are not limited to communications regarding 2004 requests.

A breakdown of the professionals who billed time to Asset Analysis and Recovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 0.30 | $139.50 |
| **Totals** | | **0.30** | **$139.50** |

C. <u>Meetings of and Communications with Creditors</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Meetings of and Communications with Creditors shall consist of the following: preparing for and attending the conference of creditors, the 341(a) meeting and other creditors' committee meetings.

Weintraub followed the ABA description and expended 12.30 hours in this category for a total charge of $5,712.00. The services performed in this category generally include but are not limited to communication regarding approach to carriers; communications regarding selection of creditors committee; communications regarding and attending 341 hearings.

A breakdown of the professionals who billed time to Meetings of and Communications with Creditors and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 11.80 | $5,487.00 |
| Daniel C. Zamora | $450 | 0.50 | $225.00 |
| **Totals** | | **12.30** | **$5,712.00** |

D. <u>Fee/Employment Applications</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Fee/Employment Applications shall consist of the following: preparations of employment and fee applications for self or others; motions to establish interim procedures.

Weintraub followed the ABA description and expended 0.20 hours in this category for a total charge of $93.00. The services performed in this category generally include but are not limited to communications regarding fees.

A breakdown of the professionals who billed time to Fee/Employment Applications with Creditors and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 0.20 | $93.00 |
| **Totals** | | **0.20** | **$93.00** |

E.     <u>Other Contested Matters</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Other Contested Matters shall consist of the following: analysis and preparation of all other motions, opposition to motions and reply memoranda in support of motions.

Weintraub followed the ABA description and expended 11.20 hours in this category for a total charge of $5,193.00, which primarily included a substantial amount of first day motions services. The services performed in this category generally include but are not limited to preparation for and appearance at first day motions hearing; review of initial orders; communications regarding stipulating to relief from stay, objections to Rule 2004 request, objections to Chubb motion for relief.

A breakdown of the professionals who billed time to Other Contested Matters and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 10.20 | $4,743.00 |
| Daniel C. Zamora | $450 | 1.00 | $450.00 |
| **Totals** | | **11.20** | **$5,193.00** |

F.     <u>Business Operations</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Business Operations shall consist of the following: issues related to debtor-in-possession operating in chapter 11 such as

Case: 23-30564    Doc# 501    Filed: 02/28/24    Entered: 02/28/24 12:52:26    Page 7 of
21

employee, vendor, tenant issues, and other similar problems.

Weintraub followed the ABA description and expended 5.60 hours in this category for a total charge of $2,547.00. The services performed in this category generally include but are not limited to drafting outline for preparation of Msgr. Vergara and Fr. Quito, correspondence to District Attorney regarding testimony; communications with diocesan counsel regarding issues; communications regarding unclaimed ERA Fund; preparation of public statements.

A breakdown of the professionals who billed time to Business Operations and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 1.80 | $837.00 |
| Daniel C. Zamora | $450 | 3.50 | $1,575.00 |
| Gary D. Rothstein | $450 | 0.30 | $135.00 |
| **Totals** | | **5.60** | **$2,547.00** |

G. <u>Real Estate</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Real Estate shall consist of the following: review and analysis of real estate-related matters, including purchase agreements and lease provisions.

Weintraub followed the ABA description and expended 0.70 hours in this category for a total charge of $315.00. The services performed in this category generally include, but are not limited to reviewing correspondence from lost funds recovery company regarding unclaimed property; research regarding unclaimed property;

A breakdown of the professionals who billed time to Real Estate and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Gary D. Rothstein | $450 | 0.70 | $315.00 |
| **Totals** | | **0.70** | **$315.00** |

H. <u>Claims Administration and Objections</u>. Weintraub has utilized task billing codes

Case: 23-30564    Doc# 501    Filed: 02/28/24    Entered: 02/28/24 12:52:26    Page 8 of
21

consistent with the ABA Uniform Task-Based Management System, which provides that Claims Administration and Objections shall consist of the following: specific claim inquiries; bar date motions; analyses, objections and allowances of claims.

Weintraub generally followed the ABA definition and expended 10.60 hours in this category for a total charge of $4,924.50, which primarily included substantial work on the complex claims procedures motion. The services performed in this category generally include but are not limited to communications regarding survivor fact sheets; communications regarding certificates of merit and automatic stay; communications regarding unknown claimants fund, claims representative and future claims; review and edit of claims procedure motion; communications regarding objections to claim form, and claims procedure motion.

A breakdown of the professionals who billed time to Claims Administration and Objections and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 10.30 | $4,789.50 |
| Daniel C. Zamora | $450 | 0.30 | $135.00 |
| **Totals** | | **10.60** | **$4,924.50** |

I. <u>Plan and Disclosure Statement</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Plan and Disclosure Statement shall consist of the following: formulation, presentation and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to the allowance and objections to allowance of claims.

Weintraub generally followed the ABA definition and expended 0.40 hours in this category for a total charge of $186.00. The services performed in this category generally include but are not limited to reviewing the Camden decision regarding plan confirmation; communications regarding Camden decision.

A breakdown of the professionals who billed time to Plan and Disclosure Statement and the number of hours billed by each is as follows:

Case: 23-30564   Doc# 501   Filed: 02/28/24   Entered: 02/28/24 12:52:26   Page 9 of 21

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 0.40 | $186.00 |
| **Totals** | | **0.40** | **$186.00** |

J.     <u>Fact Investigation/Development</u>.     Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Fact Investigation/Development shall consist of the following: interview of client personnel/potential witnesses; review of documents; work with an investigator; legal research for initial case assessment purposes; communication for fact investigation.

Weintraub generally followed the UTBMS definition and expended 20.80 hours in this category for a total charge of $6,807.00.  The services performed in this category generally include but are not limited to meeting to prepare for trial testimony; processing numerous records received; communications regarding Plaintiff's deposition and stay; draft notice of Claim forms and addendum regarding cases with the Diocese of Oakland as co-defendant .

A breakdown of the professionals who billed time to Fact Investigation/Development and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 0.20 | $93.00 |
| Daniel C. Zamora | $450 | 5.20 | $2,340.00 |
| Benjamin J. Lewis | $415 | 4.50 | $1,867.50 |
| Judith Janney | $240 | 3.60 | $864.00 |
| Brian Gonzaga | $225 | 7.30 | $1,642.50 |
| **Totals** | | **20.80** | **$6,807.00** |

K.     <u>Analysis/Strategy</u>.  Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Analysis/Strategy shall consist of the following: discussions/writings/meetings on case strategy; preparation of litigation plan; communication on case strategy.

Weintraub generally followed the UTBMS definition and expended 1.80 hours in this category for a total charge of $772.00.  The services performed in this category generally include

but are not limited to: communications with Diocesan defense counsel regarding strategies; review of victim assistance documents and preparation of list.

A breakdown of the professionals who billed time to Analysis/Strategy and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 0.50 | $232.50 |
| Benjamin J. Lewis | $415 | 1.30 | $539.50 |
| **Totals** | | **1.80** | **$772.00** |

L. <u>Document/File Management</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Document/File Management shall consist of the following: file organization/administration for database construction/management.

Weintraub generally followed the UTBMS definition and expended 12.50 hours in this category for a total charge of $2,812.50. The services performed in this category generally include but are not limited to review and compiling of discovery responses for attorneys.

A breakdown of the professionals who billed time to Document/File Management and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Brian Gonzaga | $225 | 12.50 | $2,812.50 |
| **Totals** | | **12.50** | **$2,812.50** |

M. <u>Settlement/Non-Binding ADR</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Settlement/Non-Binding ADR shall consist of the following: planning/participation in settlement discussions/conferences; implementation of settlement; pursing mediation; travel to/from mediation; attend mediation; prelitigation demand letters; research settlement; communications regarding settlement, mediation and ADR.

Weintraub generally followed the UTBMS definition and expended 0.30 hours in this

category for a total charge of $135.00. The services performed in this category generally include but are not limited to communications regarding mediator and mediation; review of potential mediators.

A breakdown of the professionals who billed time to Settlement/Non-Binding ADR and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Daniel C. Zamora | $450 | 0.30 | $135.00 |
| **Totals** | | **0.30** | **$135.00** |

N.     <u>Other Case Assessment, Development and Administration</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Other Case Assessment, Development and Administration shall consist of the following: Other Case Assessment, Development and Administration.

Weintraub generally followed the UTBMS definition and expended 6.30 hours in this category for a total charge of $2,272.50. The services performed in this category generally include but are not limited to review of plaintiff fact sheets and updating case information; communications regarding substitution of attorney.

A breakdown of the professionals who billed time to Other Case Assessment, Development and Administration and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Benjamin J. Lewis | $415 | 2.50 | $1,037.50 |
| Alexa Horner | $325 | 3.80 | $1,235.00 |
| **Totals** | | **6.30** | **$2,272.50** |

O.     <u>Court Mandated Conferences</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Court Mandated Conferences shall consist of the following: preparing for hearing required by court order or procedural rules; travel to/from Court Ordered Conferences; attending hearing required by court order or procedural rules.

Weintraub followed the UTBMS description and expended 4.00 hours in this category for

Case No. 23-30564
WT FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Case: 23-30564     Doc# 501     Filed: 02/28/24     Entered: 02/28/24 12:52:26     Page 12 of
21

a total charge of $1,860.00. The services performed in this category generally include but are not limited to preparation for and attendance at hearings.

A breakdown of the professionals who billed time to Court Mandated Conferences and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 4.00 | $1,860.00 |
| **Totals** | | **4.00** | **$1,860.00** |

P.  <u>Written Discovery</u>.  Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Written Discovery shall consist of the following: developing, responding to, objecting to, and negotiating interrogatories and requests to admit; includes mandatory meet-and-confer sessions; also covers mandatory written disclosures as under FRCP Rule 26(a).

Weintraub generally followed the UTBMS definition and expended 6.00 hours in this category for a total charge of $1,566.00. The services performed in this category generally include but are not limited to review of discovery responses and preparation of information regarding claimants; communications regarding stay on discovery.

A breakdown of the professionals who billed time to Written Discovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Benjamin J. Lewis | $415 | 0.40 | $166.00 |
| Philip Green | $250 | 5.60 | $1,400.00 |
| **Totals** | | **6.00** | **$1,566.00** |

Q.  <u>Document Production</u>.  Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Document Production shall consist of the following: developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists.

Weintraub generally followed the UTBMS definition and expended 8.60 hours in this category for a total charge of $3,873.00. The services performed in this category generally include but are not limited to review *ex parte* application authorizing production of documents; communications and analysis regarding Rule 2004 document request.

A breakdown of the professionals who billed time to Document Production and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 0.20 | $93.00 |
| Daniel C. Zamora | $450 | 8.40 | $3,780.00 |
| **Totals** | | **8.60** | **$3,873.00** |

R. <u>Other Discovery</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Other Discovery shall consist of the following: any other discovery.

Weintraub followed the UTBMS description and expended 0.60 hours in this category for a total charge of $150.00. The services performed in this category generally include but are not limited to preparing contact information regarding claimants.

A breakdown of the professionals who billed time to Other Discovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Philip Green | $250 | 0.60 | $150.00 |
| **Totals** | | **0.60** | **$150.00** |

S. <u>Expert Witnesses</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Expert Witnesses shall consist of the following: preparing for examination of expert witness; preparing for cross examination of expert witness.

Weintraub followed the UTBMS description and expended 1.4 hours in this category for a total charge of $651.00. The services performed in this category generally include but are not

limited to communications regarding potential experts, expert retention, and reviewing CVs.

A breakdown of the professionals who billed time to Expert Witnesses and Contracts and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $465 | 1.40 | $651.00 |
| **Totals** | | **1.40** | **$651.00** |

T.     <u>Written Motions and Submissions</u>.  Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Written Motions and Submissions shall consist of the following: developing written motions during prep for trial; preparing for Motions in Limine; responding/arguing to written motions during preparation for trial; and developing/reviewing written pre-trial filings/witness lists.

Weintraub followed the UTBMS description and expended 0.90 hours in this category for a total charge of $405.00.  The services performed in this category generally include but are not limited to drafting response and objections to Rule 2004 document requests.

A breakdown of the professionals who billed time to Written Motions and Submissions and Contracts and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Daniel C. Zamora | $450 | 0.90 | $405.00 |
| **Totals** | | **0.90** | **$405.00** |

U.     <u>Trial and Hearing Attendance</u>.  Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Trial and Hearing Attendance shall consist of the following: appearing at trial; appearing at trial related hearings; appearing at court-mandated conferences; travel to and from trial and hearing; communication regarding trial progression.

Weintraub generally followed the UTBMS definition and expended 2.6 hours in this category for a total charge of $1,170.00.  The services performed in this category generally include but are not limited to preparation and communications about trial testimony.

A breakdown of the professionals who billed time to Trial and Hearing Attendance and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Daniel C. Zamora | $450 | 2.6 | $1,170.00 |
| **Totals** | | **2.6** | **$1,170.00** |

**V.**

**RESPONSIBLE PERSONNEL**

The professionals assigned to this chapter 11 case who performed more than five (5) hours of service are as follows:

Paul E. Gaspari (PEG). His billing rate during the period covered by this Application was $465 per hour. As a litigation shareholder of the firm, Paul advises clients on commercial law, insurance defense, public liability, real estate, and employment-related litigation.

Daniel C. Zamora (DCZ). His billing rate during the period covered by this Application was $450 per hour. Daniel is a shareholder and a member of the Firm's Litigation and Labor & Employment practice groups.

Benjamin J. Lewis (BJLE). His billing rate during the period covered by this Application was $415 per hour. Ben Lewis is an associate in the Firm's Litigation group, where he focuses his practice on education, employment, and non-profit/religious entity litigation.

Philip Green (PMG). Philip Green is a contract attorney and his billing rate during the period covered by this Application was $250 per hour.

Brian Gonzaga (BGON). His billing rate during the period covered by this Application was $225 per hour.

**VI.**

**SUMMARY OF FEES AND EXPENSES**

A detailed billing statement reflecting Weintraub's time records and out of pocket expenses filed as *Exhibit A* to the Gaspari Decl. in support of this Application reflects total fees in the amount of $58,035.00 and expenses in the amount of $21,968.44 for a total of $80,003.44, incurred during the Application Period.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E Gaspari | $465 | 67.20 | $31,248.00 |
| Daniel C. Zamora | $450 | 23.00 | $10,350.00 |
| Gary D. Rothstein | $450 | 1.00 | $450.00 |
| Benjamin J. Lewis | $415 | 8.70 | $3,610.50 |
| Alexa K. Horner | $325 | 6.70 | $2,177.50 |
| Judith Janney | $240 | 3.60 | $864.00 |
| Philip Green | $250 | 6.20 | $1,550.00 |
| Brian Gonzaga | $225 | 34.60 | $7,785.00 |
| **Totals** | | **151.00** | **$58,035.00** |

Weintraub has calculated a blended hourly rate of $384.34 by dividing the total fees billed by the total number of hours recorded.

The expenses incurred during the period covered by this Application are as follows:

| Category | Total |
|---|---|
| Court Fee | $12,279.55 |
| Delivery/Messenger | $6,222.55 |
| Document Management | $1,017.34 |
| Litigation support vendors | $1,962.00 |
| Online Research | $487.00 |
| **Total Expenses** | **$21,968.44** |

Weintraub requests an order under Bankruptcy Code section 330 approving fees in this case of $58,035.00 and expenses in the amount of $21,968.44 for a total of $80,003.44 for the period of August 21, 2023, through and including January 31, 2024, as reasonable and necessary for the administration of this case.

## VII.

## FACTORS TO CONSIDER

The order approving Weintraub's employment authorizes compensation on a basis that would allow payment for services rendered on an hourly rate consistent with the Ninth Circuit decision in *In re Manoa Fin. Co.,* 853 F2d 687 (9th Cir. 1988), after notice to all interested parties.

Case: 23-30564    Doc# 501    Filed: 02/28/24    Entered: 02/28/24 12:52:26    Page 17 of 21

Consistent with the *Manoa* Decision, various factors were suggested by the Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), for consideration in awarding compensation in a bankruptcy case. Though not specifically required for approval under the lodestar or *Manoa* case, several of the *Johnson* factors have been specifically codified by the Bankruptcy Reform Act of 1994 and as such, these factors are discussed below:

(a) **Time and labor required (11 U.S.C. § 330(a)(3)(A))**: Weintraub has utilized five (5) attorneys and three (3) legal assistants who have expended 151.00 in billable hours during the Application period. The blended hourly rate based on the billed hours is $384.34. This is a very reasonable rate for a case as complex and difficult as the present Case.

(b) **Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D))**: This case involves many of the technical and complex problems faced by operating chapter 11 debtors in possession with operating businesses. This case, however, is unique in that it involves a non-profit religious institution with unique and complex issues surrounding litigation of abuse claims.

(c) **Skill requisite to perform the services properly (11 U.S.C. § 330(a)(3)(D))**: Weintraub is skilled in handling complex corporate and litigation matters and has special experience and knowledge which enables Weintraub to render services of benefit to the estate in an efficient manner. The attorneys who have contributed to this case have many years of combined experience in similarly complicated cases.

(d) **Customary fees (11 U.S.C. §§ 330(a)(3)(B and E))**: The rates charged by Weintraub are Weintraub's standard billing rates (attorneys $325-$465 per hour), which standard rates are the same rates (with a few exceptions for long term clients or specially negotiated limited engagement agreements) as generally used by Weintraub with respect to its non-debtor/trustee clients. The rates also are similar to the normal charges for similar work performed by similarly experienced and skilled attorneys and legal assistants in the Northern District of California bankruptcy courts. Weintraub requests that the Court take judicial notice of the rates generally charged and approved in fee applications before this Court and other cases in the Northern District of California.

As further evidence of the reasonableness of Weintraub's hourly rates, Committee counsel

Pachulski Stang Ziehl & Jones LLP's hourly rates for this matter are: $545 for paralegals, and $875-$1,695 for partners; provided however that Pachulski Stang Ziehl & Jones LLP agreed to cap its blended hourly rate for all billing professionals at $1,050 per hour.  Hourly rates for financial advisor for the Committee range from $450 - $1,130 per hour for directors.

(e)     **Amount of work involved and result obtained (11 U.S.C. § 330(a)(3)(D))**: As stated above, Weintraub has expended 151.00 billable hours on behalf of the Debtor during the Application Period performing the services described herein.

(f)     **Experience, reputation, and ability of Weintraub**:  Weintraub has many years of experience handling complex litigation and corporate cases.  Weintraub also enjoys a reputation for quality work and integrity in the legal community and before this Court.

(g)     **Professional relationship with the client**:  Other than as disclosed in its application for approval of employment of Weintraub, Weintraub has no relationship with the U.S. Trustee, the Debtor, its officers and directors, or its creditors.

(h)     **Awards in similar cases (11 U.S.C. § 330(a)(3)(F))**:  The compensation sought by this Application is consistent with that authorized in similar cases.

In addition to the foregoing *Johnson* factors, section 330 also examines whether the services were:

(i)     **Necessary to the Administration of the Bankruptcy Case (11 U.S.C. § 330(a)(3)(C))**:  Weintraub respectfully submits that essentially all of Weintraub's services were necessary to the administration of this Case and in total have benefited the estate.  Weintraub respectfully submits that as a whole its services were necessary and benefited the Estate.

## VIII.

## PAYMENTS RECEIVED TO DATE; AVAILABILITY OF FUNDS

With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, Weintraub has not received any payments to date in this case from any source, other than the Debtor.  Weintraub received a retainer prepetition from the Debtor, of which $210,754.20 remained on the Petition Date.

Pursuant to the Order Establishing Procedures and Authorizing Payment of Professional

Case No. 23-30564
WT FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Fees and Expenses on a Monthly Basis (ECF 212), Weintraub has filed and served fee notices for August-September 2023 (ECF 243), October 2023 (ECF 333) November 2023 (ECF 378), December 2023 (ECF 438), and January 2024 (ECF 482). No objections were received on the August-September, October, November, nor December notices, while the time for objections to the January fee notice has not yet expired. Thus, Weintraub has applied $64,614.74 of its retainer, such that it has been paid 80% of fees and 100% of costs for the outstanding fees for August through December 31, 2023, as of the time this application was filed. The retainer balance as of December 31, 2023, was $146,139.46.

With respect to Bankruptcy Rule 2016(b), Weintraub has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between Weintraub and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

## IX.

## CONCLUSION

Based on all of the above, Weintraub respectfully requests that this Court enter an order granting the relief requested herein, and for such other and further relief as the Court deems necessary and proper.

Dated: February 28, 2024  WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
Law Corporation


By:  */s/ Paul. E. Gaspari*
PAUL E. GASPARI

Special Litigation Counsel for The Roman Catholic Archbishop of San Francisco

Case No. 23-30564
WT FIRST INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Dated: February 28, 2024

FELDERSTEIN FITZGERALD WILLOUGHBY
PASCUZZI & RIOS LLP

By:     */s/ Paul J. Pascuzzi*
        PAUL J. PASCUZZI
        JASON E. RIOS
        THOMAS R. PHINNEY

Attorneys for The Roman Catholic Archbishop of
San Francisco

Dated: February 28, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:     */s/ Ori Katz*
        ORI KATZ
        ALAN H. MARTIN

Attorneys for The Roman Catholic Archbishop of
San Francisco