

**Signed and Filed: February 29, 2024**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 23-30564-DM |
| | ) |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION FOR ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR REQUESTING PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Upon consideration of the United States Trustee's *Motion for Order Appointing a Fee Examiner and Establishing Procedures for Requesting Professional Compensation and Reimbursement of Expenses* (the "Motion," ECF No. 389), and appearing that the appointment of a fee examiner is appropriate, and has been joined by the Debtor and the Official Committee of Unsecured Creditors (Dkt. 495).

**IT IS HEREBY ORDERED** that Elise S. Frejka of Frejka PLLC is appointed as the fee examiner (the "Fee Examiner") in this case.

-1-

Based upon the supporting declaration accompanying the Motion, the Fee Examiner is a disinterested person as defined under the Bankruptcy Code and does not hold or represent an interest adverse to the estate;

**IT IS HEREBY FURTHER ORDERED** that unless otherwise ordered by the Court, this order shall apply to all professionals in this chapter 11 case that are employed under sections 327 and 1103 (or similar authority) and request compensation and/or reimbursement of expenses for services rendered under sections 328, 330, and 331 (or similar authority);

**IT IS HEREBY FURTHER ORDERED** that the terms and conditions of any interim compensation order shall not be modified by this order, except as set forth in the Motion and/or herein. Given the size and complexity of this chapter 11 case, the Fee Examiner shall review and report on as appropriate all interim and final applications for allowance of compensation and reimbursement of expenses filed by professionals (the "Retained Professionals"), in accordance with sections 328, 330, and 331 (or similar authority) of the Bankruptcy Code and any interim compensation order (collectively, the "Applications");

**IT IS HEREBY FURTHER ORDERED** that the Fee Examiner shall review and assess all Applications filed by the Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

    a.    Review and assess all Applications filed by the Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for

-2-

compliance with: (i) Bankruptcy Code Sections 328, 329, 330, and 331, as applicable; (ii) Fed. R. Bankr. P. 2016; (iii) any interim compensation order; (iv) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, 28 C.F.R. Part 58, Appendix A and Appendix B (the "Guidelines"); and (v) the United States Bankruptcy Court for the NDCA Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "NDCA Guidelines");

b. Review the Applications filed by each Applicant in this chapter 11 Case (along with the fee detail related thereto), and to the extent possible, the fee examiner shall avoid duplicative review;

c. During the course of their review of an Application, consult, as they deem appropriate, with each Applicant concerning such Application;

d. During the course of their review of an Application, review, to the extent appropriate, any relevant documents filed in this chapter 11 case to be generally familiar with this chapter 11 case and the associated public docket;

e. Within thirty (30) days after an Applicant files an Application (or such greater time as the Applicant and fee examiner agree), serve an initial report (the "Initial Report") on the Applicant designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses are in compliance with the applicable standards of sections 328, 329, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and whether the Applicant (if required) has made a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Guidelines and NDCA Guidelines;

f. During the period between service of the Initial Report and filing of the Final Report (as defined below), engage in written communication with each Applicant, the objective of which is to resolve matters raised in the Initial Report and to endeavor to reach

-3-

consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses, in furtherance of which the Examiner may also use the resolution process to revise findings contained in the Initial Report, and each Applicant may provide the fee examiner with written supplemental information that the Applicant believes is relevant to the Initial Report;

g. Following communications between the fee examiner and the Applicant and the fee examiner's review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the informal resolution period by filing with this Court a report with respect to each Application (the "Final Report") within twenty-one (21) days after the service of the Initial Report, which shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Applicant are in compliance with the applicable standards of section 330 of the Bankruptcy Code and Bankruptcy Rule 2016, and whether the Applicant has made a good faith reasonable effort to comply with the Guidelines and the NDCA Guidelines; and

h. Serve each Final Report on counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors (the "OCUC"), the United States Trustee, and each Applicant whose fees and expenses are addressed in the Final Report.

**IT IS HEREBY FURTHER ORDERED** that the Fee Examiner may:

a. File comments on the public docket of the Court regarding any Application by a Retained Professional;
b. Communicate their concerns regarding any Application to the Retained Professionals to whom such Application pertains, and to request further information as appropriate;
c. Request Retained Professionals to provide budgets, staffing plans, or other information to the fee examiner;

-4-

      d.     Establish procedures for the resolution of disputes with Retained Professionals;
      e.     Recommend procedures to facilitate the preparation and review of Applications;
      f.     Appear and be heard on any matter before the Court;
      g.     File and litigate objections to the allowance of any Application;
      h.     Take, defend, or appear in any appeal regarding any Application;
      i.      Conduct discovery; and
      j.     Retain, subject to Court approval, professionals (including attorneys and auditors) to represent or assist the fee examiner in connection with any of the foregoing under standards analogous to section 327 and to be compensated under standards analogous to sections 330 and 331.

**IT IS HEREBY FURTHER ORDERED** that the Debtor, the OCUC, the United States Trustee, and all Retained Professionals shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall promptly respond to any reasonable requests for information or communications from the Fee Examiner;

**IT IS HEREBY FURTHER ORDERED that** the Fee Examiner and any professionals retained by the Fee Examiner shall be entitled to compensation from the estate for their reasonable and necessary fees (Ms. Frejka's at $530 per hour, per Dkt. 495) and expenses. Any such requests for compensation shall be made by application to the Court and shall be allowed according to the same standards and procedures that apply to the Retained Professionals, including the interim compensation order entered in this case on October 16, 2023 (*see* ECF No. 212);

**IT IS HEREBY FURTHER ORDERED** that the Fee Examiner is appointed as an officer of the Court, and the Fee Examiner along

with those employed or paid by her with respect to this appointment, shall be given the maximum immunity permitted by law from civil actions with respect to the performance of the duties set forth herein; and

**IT IS HEREBY FURTHER ORDERED** that in the event a chapter 11 trustee is appointed in this case, such appointment will not terminate or otherwise modify the duties and responsibilities of the Fee Examiner. Rather, the Fee Examiner's appointment shall only be terminated or otherwise modified by entry of an order of the Court.

*** END OF ORDER ***

Case: 23-30564   Doc# 517   Filed: 02/29/24   Entered: 02/29/24 10:43:07   Page 6 of 6