ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
JEANNIE KIM, State Bar No. 270713
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
        amartin@sheppardmullin.com
        jekim@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of San Francisco

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**FIRST INTERIM FEE APPLICATION OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF AUGUST 21, 2023, THROUGH JANUARY 31, 2024**<br><br>The Hon. Dennis Montali<br><br>Date: April 4, 2024<br>Time: 1:30 p.m.<br>Place: Videoconference via Zoom Webinar<br><br>Objection Deadline: March 21, 2024 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

III. STATUS OF CASE .................................................................................................................3

IV. SUMMARY OF SERVICES RENDERED ............................................................................3

V. RELIEF REQUESTED AND BASIS FOR RELIEF ..............................................................4

VI. PRIOR REQUESTS FOR COMPENSATION .......................................................................4

VII. EXHIBITS IN SUPPORT OF APPLICATION ......................................................................5

VIII. SUMMARY OF PROJECT BILLING CODES .....................................................................6

    A.    Maintenance of Records ...................................................................................6

    B.    Use of Project Billing Categories .....................................................................6

        1.    Asset Analysis & Recovery ..................................................................7

        2.    Relief from Stay ....................................................................................7

        3.    Meetings of, and Communications, with Creditors ..............................7

        4.    Fee Applications and Statements .........................................................8

        5.    Non-Working Travel .............................................................................8

        6.    Assumption/Rejection of Leases and Contracts ..................................8

        7.    Case Administration ..............................................................................9

        8.    Business Operations ..............................................................................9

        9.    Employee Benefits and Pensions .........................................................9

        10.    Financing/Cash Collections ................................................................10

        11.    Claims and Plan ..................................................................................10

        12.    Claims Administration and Objections ..............................................10

        13.    Plan and Disclosure Statement ...........................................................11

        14.    Analysis and Strategy .........................................................................11

        15.    Settlement/Non-Binding ADR ...........................................................11

        16.    Written Motions/Submissions ............................................................11

| | | | |
|---|---|---|---|
| | 17. | Case Assessment, Development and Administration | 12 |
| | 18. | Pre-Trial Pleadings and Motions | 12 |
| | 19. | Pleadings | 12 |
| | 20. | Discovery | 13 |
| | 21. | Written Discovery | 13 |
| | 22. | Discovery Motions | 13 |
| | 23. | Document Production | 14 |
| | 24. | Trial and Hearing Attendance | 14 |

IX. CERTIFICATION ..........................................................................................................14

X. NOTICE .......................................................................................................................14

XI. CONCLUSION ............................................................................................................15

# I.

# INTRODUCTION

This is the first interim fee application (the "Application") for award and allowance of compensation and reimbursement of expenses of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin" or the "Applicant") incurred as co-counsel to The Roman Catholic Archbishop of San Francisco ("RCASF" or the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), for the period commencing August 21, 2023, through and including January 31, 2024 (the "Application Period"). Sheppard Mullin seeks entry of an order, in substantially the form attached hereto as Exhibit 1: (i) awarding and allowing interim compensation in the amount of $816,443.60 and actual and necessary expenses in the amount of $5,679.51 for total allowance in the amount of **$822,123.11**; (ii) approving and ratifying amounts paid by the Debtor to Sheppard Mullin to date in the aggregate amount of to $404,418.65[1] on account of the interim monthly fee statements[2] filed with the Court to date (collectively, the "Interim Monthly Fee Statements"), which amount accounts for reimbursement of 100% of expenses incurred and 80% of fees earned during the Application Period; (iii) authorizing Sheppard Mullin to draw down on amounts paid by the Debtor on account of the Interim Monthly Fee Statements but currently are held in trust; (iv) authorizing the Debtor to pay to Sheppard Mullin the balance due on account of fees awarded and allowed and reimbursement of expenses incurred as allowed and approved by the Court; and (v) granting such other relief that the Court deems just and proper.

This Application is made pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2016 and 2022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Bankruptcy Local Rules for the Northern District of California (the "B.L.R"), and the *Order Establishing Procedures and Authorizing Payment of Professional Fees and*

---

[1] For the avoidance of doubt the Debtor's "payment" to Sheppard Mullin in the aggregate amount of $404,418.65 is pursuant to application of: (a) a $100,000 retainer held by Sheppard Mullin as of the Petition Date, (b) a credit balance of $33,102.70 held in favor of the Debtor; and (c) cash receipts in the aggregate amount of $271,315.95. As of the filing of this Application, Sheppard Mullin has not yet received payments from the Debtor on account of interim monthly fee statements for services rendered between December 1, 2023 and January 31, 2024.

[2] *See* ECF Nos. 239, 331, 376, 440, and 484.

*Expenses on a Monthly Basis* [ECF. No. 212] (the "Compensation Procedures Order"). The Application is based on the *Order Approving Debtor's Application to Employ Sheppard, Mullin, Richter & Hampton LLP as Bankruptcy Counsel* [ECF No. 164] (the "Sheppard Mullin Employment Order"), the supporting the declaration of Ori Katz filed concurrently herewith (the "Katz Declaration"), and all related documents and pleadings previously filed in this Bankruptcy Case or that may be filed prior to the hearing on the Application, and such other evidence, whether oral or documentary, that the Court may elect to consider.

Except as otherwise noted, Sheppard Mullin believes that this Application substantially conforms with the United States Trustee's *Guidelines in Larger Chapter 11 Cases* (the "Trustee's Guidelines") for compensation and expense reimbursement for professionals and the United States Bankruptcy Court for the Northern District of California's *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines," and together with the Trustee's Guidelines, the "Guidelines").

In support of this Application, Sheppard Mullin respectfully represents as follows:

## II.

## BACKGROUND

On August 21, 2023 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition. The Debtor remains in possession of its estate, and no trustee or examiner has been requested or appointed in this Bankruptcy Case. The Debtor continues to operate and manage its business and financial affairs as a debtor in possession under Bankruptcy Code sections 1107 and 1108.

In support of the background of the Debtor and the events precipitating the Bankruptcy Case, Sheppard Mullin relies on the statements set forth in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF No. 14] (the "Passarello Decl.") and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF No. 15] (the "Gaspari Decl.").

# III.

# STATUS OF CASE

A discussion of the status of the case (the "Case Status Discussion")[3] is set forth in section III of the *First Interim Application of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP for Allowance of Fees and Reimbursement of Expenses as Bankruptcy Counsel for the Debtor in Possession* (the "FFWPR Application") filed concurrently with this Application. Sheppard Mullin incorporates by reference that Case Status Discussion in its entirety in this Application.

# IV.

# SUMMARY OF SERVICES RENDERED

Sheppard Mullin attorneys spent 986.9 hours performing the services described in this Application. During the Application Period, Sheppard Mullin has been focused on working closely with lead bankruptcy counsel Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR") to ensure that the Debtor transitioned smoothly into its role as a debtor in possession, including, but not limited to, (1) seeking and obtaining customary emergency first day relief, (2) fulfilling all of its initial duties and obligations under the Bankruptcy Code and the chapter 11 guidelines promulgated by the Office of the United States Trustee (the "OUST"), (3) working with the Debtor's special litigation and special insurance counsel to begin preparing and developing the Debtor's strategy to administer the Bankruptcy Case effectively and efficiently; and (4) engaging in meaningful and productive discussions with counsel for (i) Tracy Hope Davis, United States Trustee for Region 17 (the "UST"), (ii) the Committee, (iii) the Debtor's various insurance carriers, and (iv) certain Non-Debtor Catholic Entities to engage regarding, among other things, case administration, the Claims Procedures, and the Debtor's response to the Committee's application for an order authorizing oral examination and production of documents of the Debtor, Parishes, and Affiliates under Bankruptcy Rule 2004 (the "2004 Application"), each of which is in furtherance of the Debtor's intent to participate in the anticipated mediation described in the Case Status Discussion.

---

[3] Capitalized terms not otherwise defined in this Application shall have the same meanings ascribed to them in the FFWPR Application.

# V.

# RELIEF REQUESTED AND BASIS FOR RELIEF

As set forth above, Sheppard Mullin seeks an order of the Court, in substantially the form attached hereto as <u>Exhibit 1</u>: (i) awarding and allowing interim compensation in the amount of $816,443.60 and actual and necessary expenses in the amount of $5,679.51 for total allowance in the amount of **$822,123.11**; (ii) approving and ratifying amounts paid by the Debtor to Sheppard Mullin to date in the aggregate amount of to $404,418.65 on account of the Interim Monthly Fee Statements, which amount accounts for reimbursement of 100% of expenses incurred and 80% of fees earned during the Application Period; (iii) authorizing Sheppard Mullin to draw down on amounts paid by the Debtor on account of the Interim Monthly Fee Statements but currently are held in trust; (iv) authorizing the Debtor to pay to Sheppard Mullin the balance due on account of fees awarded and allowed and reimbursement of expenses incurred as allowed and approved by the Court; and (v) granting such other relief that the Court deems just and proper.

These amounts represent the reasonable value of the services rendered by Sheppard Mullin to the Debtor during the Application Period. The Sheppard Mullin attorneys who provided services to the Debtor are highly skilled bankruptcy attorneys, and their services were necessary and appropriate. In some instances, multiple Sheppard Mullin attorneys (and FFWPR attorneys as appropriate) reviewed and/or revised the same document or conferred with each other regarding the same issue because of the complexity and importance of each such document or issue to the Debtor and this Bankruptcy Case. Sheppard Mullin believes the attention devoted to such matters by its attorneys involved is warranted and appropriate.

# VI.

# PRIOR REQUESTS FOR COMPENSATION

This is Sheppard Mullin's initial application for compensation and reimbursement of expenses incurred on behalf of the Debtor. In accordance with the Compensation Procedures Order, Interim Monthly Fee Statements for the period covering the Application Period. As of the filing of this

Application, no party in interest has objected or opposed, formally or informally, and of the Interim Monthly Fee Statements filed by Sheppard Mullin.

## VII.

## EXHIBITS IN SUPPORT OF APPLICATION

Attached to the Katz Declaration as <u>Exhibit 1</u> is a summary of Sheppard Mullin professionals listing the (a) name and title of each individual who provided services to the Debtor during the Application Period, (b) aggregate hours spent by each individual, (c) hourly billing rate for each individual, and (d) amount of fees earned by each individual during the Application Period.

Attached to the Katz Declaration as <u>Exhibit 2</u> is a summary of the services rendered and compensation sought, sorted by project category during the Application Period.

Attached to the Katz Declaration as <u>Exhibit 3</u> are copies of Sheppard Mullin's invoices, which include detailed, contemporaneously maintained time entries by each professional in increments of tenths (1/10) of an hour to describe the fees incurred during the Application Period as well as descriptions of the expenses advanced on behalf of the Debtor for which Sheppard Mullin seeks reimbursement. The invoices have been filed with the Court in support of each of the Interim Monthly Fee Statements.

Attached to the Katz Declaration as <u>Exhibit 4</u> is a copy of a letter to the Debtor's Responsible Individual, forwarding a copy of this Application and inviting discussion, questions, comments, concerns, or objections to the Application.

Sheppard Mullin incorporates herein by this reference if fully set forth herein (1) the *Debtor's Application to Employ Sheppard, Mullin, Richter & Hampton LLP as Bankruptcy Counsel* [ECF No. 120] (the "<u>Sheppard Mullin Employment Application</u>"); and (2) the Sheppard Mullin Employment Order approving the Debtor's retention and employment of Sheppard Mullin as co-counsel.

Attached to the Katz Declaration as <u>Exhibit 5</u> are copies of the professional biographies of each Sheppard Mullin attorney who rendered services to the Debtor during the Application Period.

Exhibits 1 through 5 to the Katz Declaration provide the information required under the Guidelines in support of this Application.

# VIII.

# SUMMARY OF PROJECT BILLING CODES

A. **Maintenance of Records**

In compliance with the Guidelines, Sheppard Mullin maintains its time records on a "Project Billing" basis. Exhibit 2 to the Katz Declaration provides a summary of the Project Billing Categories, the total professional hours spent in each category and the total fees requested for each category.

B. **Use of Project Billing Categories**

A discussion of the work Sheppard Mullin performed in each Project Billing Category is set forth in the paragraphs that follow. Under the Guidelines, "[t]he maximum amount that should be included in a single category should generally be $20,000. This cap may be exceeded where further breakdown is impractical." *See* Northern District Guidelines, at § I.3. In some instances, the fees for a single category of project in this Application exceeded $20,000. This is a result of the size and scope of certain of the projects Sheppard Mullin performed. Accordingly, it would be impractical to break down all of the categories in these cases to $20,000 or less.

It is inevitable that not all matters fit precisely into one category, or that some items fit appropriately into more than one category. Additionally, as in the case of telephone conferences or meetings where more than one subject is discussed, a time entry dealing with more than one subject must occasionally be placed in only one category. Thus, while Sheppard Mullin has diligently attempted to segregate its time into the appropriate category, there may be some overlap between and among categories.

In some cases, Sheppard Mullin has billed for the services of more than one person in connection with a meeting (either internal or external) or a conference call with a third party. Sheppard Mullin believes that this is justified here by the complexity and scale of this bankruptcy.

A discussion of the work performed in the Project Billing Categories follows below.

1. *Asset Analysis & Recovery*

Sheppard Mullin spent significant time in this category reviewing and evaluating claims held by the Debtor against other archdioceses in chapter 11 and working with the Debtor to prepare proofs of claim to file against these debtors in their respective chapter 11 proceedings. Sheppard Mullin spent a total of 7.9 hours and incurred fees totaling $7,432.40 during the Application Period on this Project Billing Category.

2. *Relief from Stay*

During the Application Period, Sheppard Mullin worked closely with FFWPR and the Debtor's special litigation counsel, Weintraub Tobin Chediak Coleman Grodin, Law Corporation, ("Weintraub"), to consider and develop an overarching strategy to respond to common issues that arise in bankruptcy cases like the Debtor's as they relate to non-bankruptcy litigation pending as of the Petition Date. Sheppard Mullin also worked with FFWPR to provide support to FFWPR and follow FFWPR's direction as to the Debtor's response to motions filed, by creditors and other parties in interest, seeking relief from the automatic stay. Sheppard Mullin spent a total of 4.1 hours and incurred fees totaling $3,883.60 during the Application Period on this Project Billing Category.

3. *Meetings of, and Communications, with Creditors*

The services rendered under this Project Billing Category relate to Sheppard Mullin's efforts to (a) support the Debtor FFWPR in connection with the first meeting of creditors held under Bankruptcy Code section 341(a) (the "MOC"), including, but not limited to, preparing for the MOC by working closely with the Debtor to ensure that its chief financial officer (Joseph J. Passarello), Responsible Individual and Archbishop Salvatore J. Cordileone were prepared for questions and concerns that the OUST, creditors, and other parties in interest might raise, and attending and observing the MOC; and (b) communicate with the Committee and other creditors regarding case progress and case strategy, including multiple meet and confer sessions related to the Committee's 2004 Application, the Debtor's responses to the same, and the parties' desires to resolve the disputes between them by way of mediation. As the Bankruptcy Case has progressed, FFWPR and Sheppard Mullin have coordinated and facilitated weekly meetings with the Committee in furtherance of the

foregoing and other matters of importance to the Committee. Sheppard Mullin spent a total of 45 hours and incurred fees totaling $44,119.20 during the Application Period on this Project Billing Category. Notably, Sheppard Mullin is not seeking compensation for .9 hours of time incurred by its professionals in connection with attending the MOC, notwithstanding that Sheppard Mullin believes its professionals' participation at the MOC provided value to the Debtor.

4. *Fee Applications and Statements*

The services rendered under this Project Billing Category relate to Sheppard Mullin's efforts to prepare and file the Sheppard Mullin Employment Application, the Interim Monthly Fee Statements, and the application to employ TransPerfect Legal Solutions ("TransPerfect") as the Debtor's litigation support consultant and e-discovery vendor. Sheppard Mullin spent a total of 84.7 hours and incurred fees totaling $63,561.20 during the Application Period on this Project Billing Category.

5. *Non-Working Travel*

Sheppard Mullin attorneys who are not resident in either of its San Francisco or Silicon Valley offices have been required to travel to the Debtor's offices to confer with the Debtor and develop the Debtor's strategy to respond to the Court's order on the Committee's 2004 Application. In accordance with the Guidelines, Sheppard Mullin has discounted by 50% the fees customarily charged to its clients for non-working travel. Sheppard Mullin spent a total of 10 hours, and after application of this voluntary reduction, incurred fees totaling $3,780.00 during the Application Period on this Project Billing Category.

6. *Assumption/Rejection of Leases and Contracts*

The services rendered under this Project Billing Category relate to supporting FFWPR by reviewing and analyzing certain unexpired non-residential real property leases to which the Debtor is a party and reviewing and commenting on the Debtor's motions to extend its deadline to assume or reject unexpired non-residential real property leases of the estate. Sheppard Mullin spent a total of .9 hours and incurred fees totaling $840.40 during the Application Period on this Project Billing Category.

7. *Case Administration*

While the type of work covered by this Project Billing Category includes general case administrative work typically required by bankruptcy counsel, including communicating with the professionals retained by various stakeholders in the Bankruptcy Case and staying apprised of case activity and developments, Sheppard Mullin has included in this Project Billing Category time spent supporting FFWPR in connection with finalizing and filing the Debtor's motions for emergency "first day" relief, appearing at multiple interim and final hearings on these first day motions, attending to follow-up tasks and OUST compliance items, and working closely with FFWPR and the Debtor's other retained professionals to develop general case strategy unrelated to a specific Project Billing Category but in furtherance of overall case resolution. Sheppard Mullin spent a total of 160.7 hours and incurred fees totaling $137,454.00 during the Application Period on this Project Billing Category. Notably, Sheppard Mullin is not seeking compensation for 5 hours of time incurred by its professionals in connection with attending certain hearings on the first day motions, notwithstanding that Sheppard Mullin believes its professionals' participation at such hearings provided value to the Debtor.

8. *Business Operations*

The services rendered under this Project Billing Category relate to the Debtor's efforts to continue operating the Archdiocese in the ordinary course, including, but not limited to, the ongoing retention of its ordinary course professionals, and after obtaining interim and final relief under its Cash Management Motion to continue its prepetition investment and cash management practices, ensuring, postpetition, that such ordinary course investment and cash management practices align and comply with this Court's orders and OUST requirements of debtors in possession. Sheppard Mullin spent a total of 34.6 hours and incurred fees totaling $28,712.00 during the Application Period on this Project Billing Category.

9. *Employee Benefits and Pensions*

During the Application Period, Sheppard Mullin spent time assisting FFWPR with the Debtor's Employee Obligations Motion, responses from the UST and Committee to the same, and

advising the Debtor on best practices to comply with the Court's order on the Employee Obligations Motion. Sheppard Mullin spent a total of 10.7 hours and incurred fees totaling $9,511.60 during the Application Period on this Project Billing Category.

      10.    *Financing/Cash Collections*

The Debtor and FFWPR and tasked Sheppard Mullin with preparation and defense of the Debtor's Cash Management Motion, which the Debtor was required to defend vigorously, to ensure that the Debtor honored its commitments to its donors and certain Non-Debtor Catholic Entities that have invested monies under the Debtor's investment practices. Sheppard Mullin argued the Cash Management Motion before the Court, prepared supplemental briefing requested by the Court, responded to objections and concerns raised by the UST and Committee in connection with the Debtor's cash management programs, and generally worked with the Debtor to ensure that it could maintain its prepetition programs while fulfilling generally its duties and obligations both to creditors of its estate and its faithful. Sheppard Mullin spent a total of 85.4 hours and incurred fees totaling $75,028.40 during the Application Period on this Project Billing Category.

      11.    *Claims and Plan*

During the Application Period, Sheppard Mullin reviewed and analyzed the Committee's request to impose a litigation hold against the Debtor. Sheppard Mullin spent a total of .4 hours and incurred fees totaling $382.40 during the Application Period on this Project Billing Category.

      12.    *Claims Administration and Objections*

The Debtor and FFWPR requested that Sheppard Mullin be largely responsible for seeking and obtaining Court approval of certain procedures to govern, among other things, modification of the national proof of claim form, the preparation of a confidential form of proof of claim for Survivors of Abuse Claims, the deadline to file and assert claims against the Debtor, and the Debtor's efforts to give notice of such deadlines (collectively, the "Claims Procedures"), which Claims Procedures have been and continue to be implemented. Following the establishment of the Claims Procedures, Sheppard Mullin has worked closely with the Debtor's claims and noticing agent to monitor and track claims filed and asserted, oversee restricted access to certain confidential information, including

confidential Survivor Claims. Sheppard Mullin spent a total of 160.5 hours and incurred fees totaling $129,087.60 during the Application Period on this Project Billing Category.

13. *Plan and Disclosure Statement*

During the Application Period, Sheppard Mullin largely provided support to FFWPR in connection with the Debtor's efforts to extend the exclusive deadline to file and solicit acceptances to a chapter 11 plan of reorganization. Sheppard Mullin spent a total of 1.4 hours and incurred fees totaling $1,124.00 during the Application Period on this Project Billing Category.

14. *Analysis and Strategy*

The Debtor selected, retained and employed Sheppard Mullin as its co-counsel based, in large part, on the full-service nature of Sheppard Mullin's practice. As a result, Sheppard Mullin is working closely with the Debtor, FFWPR and Weintraub to develop the Debtor's litigation strategy in chapter 11, including, but not limited to, evaluating the Committee's 2004 Application, the Court's order on the same, and formulating the Debtor's responses to the 2004 Application. During the Application Period, Sheppard Mullin attorneys worked with the Debtor and its other professionals to develop such strategy. Sheppard Mullin spent a total of 10.9 hours and incurred fees totaling $9,112.40 during the Application Period on this Project Billing Category.

15. *Settlement/Non-Binding ADR*

The services rendered under this Project Billing Category relate to the Sheppard Mullin's efforts to advise the Debtor with respect to the anticipated mediation in which the Debtor desires to participate in furtherance of resolution of pending disputes between the Debtor, creditors (including Survivor Claimants), and other major stakeholders in this Bankruptcy Case and the formulation of a confirmable chapter 11 plan of reorganization. Sheppard Mullin spent a total of 2.5 hours and incurred fees totaling $2,518.00 during the Application Period on this Project Billing Category.

16. *Written Motions/Submissions*

The Debtor has been working diligently to respond to the Committee's 2004 Application. In this regard, Sheppard Mullin has responded to the Committee's initial motion for an order approving the 2004 Application, prepared status updates to the Court regarding the Debtor's efforts, initially, to

meet and confer with the Committee, and later, to comply with the Court's order on the 2004 Application. Sheppard Mullin spent a total of 10.9 hours and incurred fees totaling $8,636.40 during the Application Period on this Project Billing Category.

17. *Case Assessment, Development and Administration*

The Debtor believes and understands that certain Non-Debtor Catholic Entities will be requested to participate meaningfully in the Bankruptcy Case. In furtherance of the foregoing, Sheppard Mullin has been working closely with the Debtor, FFWPR, and counsel for certain Non-Debtor Catholic Entities to meet and confer, negotiate, and document the terms of a common interest agreement to govern the efforts of the Debtor and the Non-Debtor Catholic Entities to collaborate and assert, as appropriate, a joint defense against common adverse interests and to develop together such joint defense strategy.[4] Sheppard Mullin spent a total of 5.4 hours and incurred fees totaling $5,148.80 during the Application Period on this Project Billing Category.

18. *Pre-Trial Pleadings and Motions*

During the Application Period, Sheppard Mullin has supported FFWPR in its efforts to evaluate the potential need to remove certain non-bankruptcy litigation matters that were pending as of the Petition Date. Sheppard Mullin spent a total of .7 hours and incurred fees totaling $629.20 during the Application Period on this Project Billing Category.

19. *Pleadings*

The services rendered under this Project Billing Category relate to the Sheppard Mullin's efforts to negotiate and document the terms of the Stipulated Protective Order to govern the production of records to the Committee in response to the Committee's requests under Bankruptcy Rule 2004. Sheppard Mullin spent a total of 10.8 hours and incurred fees totaling $8,454.40 during the Application Period on this Project Billing Category.

---

[4] Due to inadvertence, beginning in November 2023, Sheppard Mullin has categorized time spent working internally, with FFWPR or with the Non-Debtor Catholic Entities on matters related to a common interest agreement and joint defense strategy in Project Billing Category "Case Administration – General." Sheppard Mullin will assign time spent on similar tasks to the "Case Assessment, Development and Administration" Project Billing Category beginning February 1, 2024.

20. *Discovery*

During the Application Period, Sheppard Mullin provided services to the Debtor in connection with the Committee's 2004 Application and the Court's order on the same. Specifically, Sheppard Mullin has worked closely with the Debtor, FFWPR, and Weintraub to review the 2004 Application, develop a fulsome strategy to respond to the same (initially, opposing the Committee's motion for an order authorizing the Committee to conduct and obtain discovery under the 2004 Application, and later, to comply with the Court's order on the 2004 Application, including, but not limited to, meeting and conferring with the Committee regarding (a) the final terms of the Stipulated Protective Order; (b) the scope and substance of the Committee's discovery requests; (c) working with TransPerfect in furtherance of the Debtor's efforts to identify, collect, review and analyze documents and information responsive to the Committee's 2004 Application). Sheppard Mullin spent a total of 235.1 hours and incurred fees totaling $198,452.00 during the Application Period on this Project Billing Category.

21. *Written Discovery*

In furtherance of the Debtor's efforts to respond to the Committee's 2004 Application, Sheppard Mullin provided services to the Debtor under this Project Billing Category by, among other things, reviewing and analyzing documents potentially responsive to the Committee's requests for production under the 2004 Application, and preparing objections and substantive responses to the Committee's requests for production. Sheppard Mullin spent a total of 50.3 hours and incurred fees totaling $40,155.20 during the Application Period on this Project Billing Category.

22. *Discovery Motions*

Similar to the services rendered to the Debtor under the "Written Motions/Submissions" Project Billing Category, Sheppard Mullin provided services to the Debtor in the "Discovery Motions" category by responding to the Committee's 2004 Application (namely, filing a formal status report regarding the Debtor's efforts to comply with the Court's order on the 2004 Application). Sheppard Mullin spent a total of .9 hours and incurred fees totaling $680.40 during the Application Period on this Project Billing Category.

23. *Document Production*

During the Application Period, Sheppard Mullin worked closely with the Debtor and its professionals to produce documents responsive to the Committee's 2004 Application and to prepare responses to the Committee's request for production. Sheppard Mullin spent a total of 46.7 hours and incurred fees totaling $37,188.80 during the Application Period on this Project Billing Category.

24. *Trial and Hearing Attendance*

The services rendered under this Project Billing Category relate to appearances, by Sheppard Mullin litigators, at initial and status conference hearings on the Committee's 2004 Application. Sheppard Mullin spent a total of .6 hours and incurred fees totaling $551.20 during the Application Period on this Project Billing Category.

## IX.

## CERTIFICATION

Pursuant to the Guidelines, the undersigned counsel certifies that (i) he has read the Application; (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines; and (iii) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Sheppard Mullin and generally accepted by Sheppard Mullin's clients.

## X.

## NOTICE

Sheppard Mullin is causing notice of this Application to be provided to parties in interest in accordance with the Bankruptcy Rules, the B.L.R. and the Interim Compensation Order. Sheppard Mullin submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided. In accordance with the B.L.R., objections to this Application, if any, must be filed and served on or before the 14th day before the hearing on this Application, or March 21, 2024 (the "Objection Deadline").

# XI.
# CONCLUSION

WHEREFORE, Sheppard Mullin prays that the Court enter an order:

1. Awarding and allowing interim compensation in the amount of $816,443.60 and actual and necessary expenses in the amount of $5,679.51 for total allowance in the amount of **$822,123.11**;

2. Approving and ratifying amounts paid by the Debtor to Sheppard Mullin to date in the aggregate amount of to $404,418.65 on account of the Interim Monthly Fee Statements, which amount accounts for reimbursement of 100% of expenses incurred and 80% of fees earned during the Application Period;

3. Authorizing Sheppard Mullin to draw down on amounts paid by the Debtor on account of the Interim Monthly Fee Statements but currently are held in trust;

4. Authorizing the Debtor to pay to Sheppard Mullin the balance due on account of fees awarded and allowed and reimbursement of expenses incurred as allowed and approved by the Court; and

5. Granting such other and further relief as the Court may deem just and proper.

Dated: February 29, 2024        Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Ori Katz*
        ORI KATZ
        ALAN H. MARTIN
        JEANNIE KIM

        Attorneys for The Roman Catholic
        Archbishop of San Francisco

**Exhibit 1**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**FIRST INTERIM FEE APPLICATION OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF AUGUST 21, 2023, THROUGH JANUARY 31, 2024**<br><br>The Hon. Dennis Montali<br><br>Date:    April 4, 2024<br>Time:   1:30 p.m.<br>Place:  Videoconference via Zoom Webinar<br><br>Objection Deadline: March 21, 2024 |

On February 29, 2024, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") filed the *First Interim Fee Application of Sheppard, Mullin, Richter & Hampton LLP, For Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of August 21, 2023, Through January 31, 2024* [ECF No. __] (the "Application")[5].

The Court having read and considered the Application, and finding that notice given of the Application, the time for objection to the Application having passed with no objection having been filed, and the Application being proper in form and substance, and as set forth in the Interim

---
[5] Capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Application.

-1-    Case No. 23-30564

Compensation Order, that the professional services provided by Sheppard Mullin during the Application Period were reasonable and actually rendered and furnished to the Committee, and that the compensation for fees and reimbursement of expenses incurred constitute lawful, proper, and necessary expenses in aid of administration of this Case,

**IT IS ORDERED that:**

1. The Application is GRANTED.

2. Sheppard Mullin is awarded and allowed an administrative claim under Bankruptcy Code section 503(b)(2) on account of interim compensation in the total amount of **$822,123.11** ($816,443.60 in fees and expenses in the amount of $5,679.51);

3. Amounts previously paid by the Debtor to Sheppard Mullin to date on account of the Interim Monthly Fee Statements, in the aggregate amount of to 404,418.65 are approved and ratified;

4. Sheppard Mullin is authorized to draw down on amounts paid by the Debtor on account of the Interim Monthly Fee Statements but currently are held in trust; and

5. The Debtor is authorized and directed to pay to Sheppard Mullin the balance due on account of fees and expenses awarded and allowed under this Order, or $[●].

***END OF [PROPOSED] ORDER***