| | |
|---|---|
| PIERCE A. MACCONAGHY (SBN 341371)<br>pierce.macconaghy@stblaw.com<br>SIMPSON THACHER & BARTLETT LLP<br>2475 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: (650) 251-5000<br>Facsimile: (650) 251-5002<br><br>ANDREW T. FRANKEL (*pro hac vice*)<br>afrankel@stblaw.com<br>MICHAEL H. TORKIN (*pro hac vice*)<br>michael.torkin@stblaw.com<br>DAVID ELBAUM (*pro hac vice*)<br>david.elbaum@stblaw.com<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502<br><br>*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Indemnity Company, and Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964*<br><br>*(additional counsel listed on signature page)* | Mark D. Plevin (State Bar No. 146278)<br>CROWELL & MORING LLP<br>Three Embarcadero Center, 26th Floor<br>San Francisco, California 94111<br>Telephone: (415) 986-2800<br>Email: mplevin@crowell.com<br><br>Miranda H. Turner (*pro hac vice*)<br>Jordan A. Hess (*pro hac vice*)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington D.C. 20004<br>Telephone: (202) 624-2500<br>Email: mturner@crowell.com<br>         jhess@crowell.com<br><br>*Attorneys for CONTINENTAL INSURANCE COMPANY* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>The Roman Catholic Archbishop of San Francisco,<br><br>        Debtor and<br>        Debtor in Possession. | Case No. 23-30564 (DM)<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION OF CERTAIN INSURERS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING PRODUCTION OF DOCUMENTS**<br><br>No Hearing Requested<br>Judge: Hon. Dennis Montali |

Century Indemnity Company, as successor to CCI Insurance Company and Insurance Company of North America, Pacific Indemnity Company, Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964, and Continental Insurance Company (collectively, the "**Insurers**") hereby file this *ex parte* application (the "**Application**")[1] under Federal Rule of Bankruptcy Procedure 2004 ("**Rule 2004**") and Local Bankruptcy Rule 2004-1 ("**Local Rule 2004-1**") for entry of an order authorizing the Insurers to (i) issue a subpoena requiring the Roman Catholic Archbishop of San Francisco, a California corporation, debtor and debtor in possession (the "**Debtor**" or "**Archdiocese**"), to produce documents responsive to the requests set forth on **Exhibit 1** (the "**Debtor Document Requests**"); and (ii) issue a subpoena requiring the Official Committee of Unsecured Creditors (the "**Committee**") to produce documents responsive to the requests set forth on **Exhibit 2** (the "**Committee Document Requests**"). In support of this Application, the Insurers hereby respectfully state as follows:

## PRELIMINARY STATEMENT

Pursuant to this Court's prior order, the Debtor is currently producing documents to the Committee in response to the Committee's discovery requests. Beginning on March 1, 2024, the Committee also has the ability to request documents from the Debtor's Parishes and Affiliates.[2] By this Application, the Insurers simply request that the Debtor and/or Committee provide a subset of this information—documents and communications relating to insurance coverage and abuse claims (such information, "**Abuse Claim Information**")—to the Insurers as well. The Insurers

---

[1] This Application does not constitute a waiver of the Insurers' right to have any and all final orders in any and all non-core matters entered only after *de novo* review by a Federal district court (or, as applicable, appellate court) and/or the Insurers' right to trial by jury in any proceeding as to any and all matters so triable, whether or not the same be designated legal or private rights, or in any case or controversy or proceeding related thereto, and whether such jury trial is pursuant to statute or the United States Constitution. Pursuant to United States Bankruptcy Court, Northern District of California Local Bankruptcy Rule 7012-1, the Insurers hereby represent that they does not consent to the entry of a final order or judgment by the Bankruptcy Court.

[2] The terms "**Parishes**" and "**Affiliates**" are used herein as defined in the Ex Parte *Application of the Official Committee of Unsecured Creditors For Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes, and Affiliates; and Ordering Debtor to Submit Declaration* [Docket No. 292].

will be a key participant in negotiations concerning a global settlement and a plan of reorganization in this Chapter 11 case. In order to participate meaningfully in the reorganization process, the Insurers must review the Abuse Claim Information. Producing these documents to the Insurers along with the Committee will impose no additional burden upon the Debtor.

The Debtor has communicated its willingness to work with the Insurers in providing discovery, subject to execution of the applicable protective order. Nonetheless, to date, Debtor has not provided any such information to the Insurers even though the Insurers signed the required protective order acknowledgment, while simultaneously producing voluminous information to the Committee since January 2024. Thus, while the Insurers intend to continue to work with the Debtor cooperatively to avoid the need for any Court intervention, the instant motion and accompanying Rule 2004 discovery is necessary to ensure Insurers get access to the relevant information.

In addition, to the extent that they are not produced to the Committee, the Insurers request that Debtor provide any communications with the Committee or other information sufficient to allow the Insurers to understand what documents or other discovery has not been provided to the Committee, whether by agreement or otherwise, to determine if additional requests are necessary.

Insurers additionally request that the Court direct the Debtor to produce to the Insurers all documents and communications relating to any litigation involving Fr. Joseph T. Pritchard, including all written discovery responses, jury interrogatory and verdict forms, trial transcripts, deposition transcripts, pre-trial substantive motions, and transcripts of pre-trial hearings from (a) the Clergy Cases I, Judicial Council Coordinated Proceeding No. JCCP 4286; (b) the Clergy Cases II, Judicial Council Coordinated Proceeding No. JCCP 4297; (c) the Clergy Cases III, Judicial Council Coordinated Proceeding No. JCCP 4359; (d) *Kavanaugh v. The Roman Catholic Archbishop of San Francisco*, San Francisco County Superior Court, Case No. CGC-03-400003; and (e) *Salberg v. The Roman Catholic Bishop of San Jose*, San Francisco County Superior Court, No. CGC-04-424200. (the "**Pritchard Case Information**") to the extent not included in its production to the Committee.

## JURISDICTION

The Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

On November 8, 2023, the Committee filed an *ex parte* application (the "**Committee's 2004 Application**") for discovery under Rule 2004.[3] Categories of documents the Committee sought to discover from the Debtor included "Insurance"[4] and "Abuse Claims."[5] The Committee also requested authority to issue additional subpoenas to the Debtor's Parishes and Affiliates requesting documents responsive to its requests.

On December 18, 2023, the Court entered a protective order (the "**Protective Order**") approving a stipulation between the Debtor and the Committee that governs discovery. The Protective Order includes a form joinder agreement (a "**Joinder to the Protective Order**") for additional parties to join the Protective Order.[6] The Insurers have all executed a Joinder to the Protective Order.

On December 19, 2023, the Court entered an order (the "**Committee's 2004 Order**") granting the Committee's request for discovery under Rule 2004.[7] Per the terms of the Committee's 2004 Order, the Debtor is to produce documents to the Committee in four stages: Stage One by January 26, 2024; Stage Two by February 9, 2024; Stage Three by March 1, 2024;

---

[3] Ex Parte *Application of the Official Committee of Unsecured Creditors For Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes, and Affiliates; and Ordering Debtor to Submit Declaration* [Docket No. 292].
[4] Committee's 2004 Application ex. 1 Document Requests nos. 94-107.
[5] Committee's 2004 Application ex. 1 Document Requests nos. 108-138.
[6] *Order Approving Stipulated Protective Order* [Docket No. 374].
[7] *Order Granting Ex Parte Application of the Official Committee of Unsecured Creditors For Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes, and Affiliates; and Ordering Debtor to Submit Declaration* [Docket No. 383].

and Stage Four by March 15, 2024. On or after March 1, 2024, the Committee is authorized to issue additional subpoenas to the Debtor's Parishes and Affiliates.

The Insurers have previously asked the Debtor to provide the Abuse Claim Information, but the Debtors have declined to do so. The Debtor has also rebuffed the Insurers' requests for a meet and confer. Accordingly, the Debtor has left the Insurers no choice but to seek Court intervention.

## RELIEF REQUESTED

The Insurers respectfully request that the Court enter an *ex parte* order (i) authorizing the Insurers to serve upon the Debtor a subpoena compelling the Debtor to produce (a) Abuse Claim Information; and (b) the Pritchard Case Information, in each case, as set forth in **Exhibit 1** hereto; (ii) authorizing the Insurers to serve upon the Committee a subpoena compelling the Committee to produce Abuse Claim Information that the Committee has received from the Debtor's Affiliates and Parishes as set forth in **Exhibit 2**; and (iii) granting such other relief as the Court deems just and proper.

## BASIS FOR RELIEF

Rule 2004 provides that "any party in interest" may seek disclosure from "any entity" relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Rule 2004 "is the basic discovery device in bankruptcy cases" and is not subject to the same limitations as discovery under the Federal Rules of Civil Procedure. *In re Almatis B.V.*, No. 10-12308 MG, 2010 WL 4877868, at *4 (Bankr. S.D.N.Y. Nov. 24, 2010) ("It is well established that the scope of a Rule 2004 examination is very broad and provides fewer procedural safeguards than Federal Rule of Civil Procedure 26."). The decision whether to authorize the requested discovery rests within the sound discretion of the bankruptcy court. *See, e.g.*, *In re Hammond*, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992).

If the debtor challenges the Rule 2004 examination, the party in interest seeking examination has the burden to establish "good cause" for the examination. *Id.* at 201. Good cause is established where the examination "is necessary to establish the claim of the party seeking the

examination, or if denial of such request would cause the examiner undue hardship or injustice." *See In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993). After determining whether there is a good cause for a Rule 2004 examination, the bankruptcy court must balance the party in interest's need for the requested discovery against the debtor's interest in avoiding the cost and burden of disclosure. *In re Hammond*, 140 B.R. at 201. The debtor has the burden of showing that the Rule 2004 examination is unduly burdensome. *See In re Roman Catholic Church of the Diocese of Gallup*, 513 B.R. 761, 767 (Bankr. D.N.M. 2014) ("If the target of Rule 2004 discovery believes the request is unduly burdensome, it has the burden of showing that the burden is in fact undue.").

Here, the Insurers' requested relief is within the scope of Rule 2004. The Insurers are parties in interest and will be a key participant in plan negotiations. Moreover, any settlement or plan of reorganization in this Chapter 11 case will require the support of the Insurers. The Insurers need the Abuse Claim Information and the Pritchard Case Information to meaningfully participate in settlement discussions and the plan process. The Insurers cannot negotiate without understanding the magnitude of the Debtor's legal exposure, nor can the Insurers negotiate without understanding the scope of potential coverage demands and the coverage defenses available to them. The Abuse Claim Information and the Pritchard Case Information will enable the Insurers to evaluate these issues and come to the negotiating table with the same set of facts as the Debtor and the Committee. Denying access to such information would result in substantial hardship to the Insurers and make it difficult—if not impossible—for negotiations to proceed, to the detriment of all parties in this case. Additionally, the Insurers' requests are not unduly burdensome because the Insurers request documents that will almost exclusively be produced (or have already been produced) in the ongoing discovery process. As to any concerns the Debtor or Committee has regarding confidentiality, the Insurers have executed a Joinder to the Protective Order.

Indeed, in another diocese case pending in this district, the bankruptcy court recently approved a Rule 2004 application of certain insurers to obtain documents that the debtor was already producing to the creditors' committee. *See Order Granting Moving Insurers'* Ex Parte *Motion for Entry of an Order Under Federal Rule of Bankruptcy Procedure 2004*, *In re the Roman Catholic Bishop of Oakland*, Case No. 23-40523 WJL (Bankr. N.D. Cal. Oct. 7, 2023), Docket

No. 511. In a diocese case in the Northern District of New York, the bankruptcy court also recently approved an even broader Rule 2004 application, ordering the diocese in that case to produce to insurers, among other things, "**All** documents and data that the [diocese and its parishes] have produced or subsequently produces to the Committee . . . ." *See Order Directing Document Production*, *In re The Roman Catholic Diocese of Ogdensburg, New York*, Case No. 23-60507 PGR (Bankr. W.D.N.Y. Mar. 11, 2024), Docket No. 416 (emphasis added).

Further, Local Rule 2004-1(a) provides as follows: "The Clerk may issue on behalf of the Court, ex parte and without notice, orders granting applications for examination of an entity pursuant to Bankruptcy Rule 2004(a)." The Insurers bring this Application *ex parte* pursuant to Local Rule 2004-1 seeking an order without need for a hearing. Pursuant to Local Rule 2004-1(b), counsel to the Insurers requested to meet and confer with counsel to the Debtor prior to seeking the relief requested by this Application, but counsel to the Debtor declined to do so.

## **NO PRIOR REQUESTS**

No prior request for the relief sought in this Application has been made to this or any other Court.

## **NOTICE**

Local Rule 2004-1 provides that this Application can be brought "ex parte and without notice." L.B.R. 2014-1(a). Nevertheless, notice of this Application will be provided to (a) the UST; (b) counsel to the Debtor; (c) counsel to the Committee; and (d) all parties listed on the Limited Service List (as of March 27, 2024) [Docket No. 566].

## **CONCLUSION**

For the reasons set forth above, the Insurers respectfully request that the Court grant this Application. A proposed order granting this Application is attached hereto as **Exhibit 3**.

Dated: April 2, 2024

Respectfully submitted,

*/s/ Mark D. Plevin*
Mark D. Plevin (State Bar No. 146278)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: (415) 986-2800
Email: mplevin@crowell.com

Miranda H. Turner (*pro hac vice*)
Jordan A. Hess (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington D.C. 20004
Telephone: (202) 624-2500
Email: mturner@crowell.com
       jhess@crowell.com

*Attorneys for CONTINENTAL INSURANCE COMPANY*

*/s/ Pierce A. MacConaghy*
Pierce A. MacConaghy (BAR NO. 341371)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
pierce.macconaghy@stblaw.com

Andrew T. Frankel (*pro hac vice*)
Michael H. Torkin (*pro hac vice*)
David Elbaum (*pro hac vice*)

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
afrankel@stblaw.com
michael.torkin@stblaw.com
david.elbaum@stblaw.com

Alexander Potente (BAR NO. 208240)
alex.potente@clydeco.us
Jason J. Chorley (BAR NO. 263225)
jason.chorley@clydeco.us
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, CA 94111 USA
Telephone:    415-365-9800
Facsimile:    415-365-9801

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Indemnity Company, and Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964*