# EXHIBIT 2

**Requests for Production of Documents from Committee**

## INSTRUCTIONS

A. Unless otherwise specified, each request seeks DOCUMENTS dated or created during the ten (10) years prior to the PETITION DATE.

B. Please bates number each page of each DOCUMENT that YOU produce.

C. YOU are required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in YOUR possession, custody, and control.

D. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

E. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

F. The use of the singular form of any word includes the plural and vice versa.

G. If YOU are unable to comply with a particular category(ies) of the requests below and DOCUMENTS responsive to the category are in existence, state the following information:

1. The date of the DOCUMENT;
2. The type of DOCUMENT (e.g., letter, memorandum, report, etc.);
3. The name, address, telephone number and title of the author(s) of the DOCUMENT;
4. The name, address, telephone number and title of each recipient of the DOCUMENT;
5. The number of pages in the DOCUMENT;
6. The document control number, if any;
7. The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;
8. A specific description of the subject matter of the DOCUMENT;
9. The reason why the DOCUMENT cannot be produced or why you are unable to comply with the particular category of request.

**H.** **YOUR are under a continuing duty to amend YOUR written response and to produce additional DOCUMENTS if you learn that the response or production is incomplete or incorrect in any material respect, and if the additional or corrective information has not otherwise been made known to the INSURERS during the discovery process or in writing.**

**I.** **YOU are required to produce the full and complete originals, or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. A copy may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and YOU state by declaration under penalty of perjury that the copy provided is a true, correct, complete, and accurate duplication of the original.**

**J.** **YOU are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.**

**K.** **For ELECTRONICALLY STORED INFORMATION ("ESI"):**

1. The Insurers seek to discuss with the Debtor (a) potential search terms for ESI responsive to each request; (b) the potential custodians of ESI responsive to each request and (c) the devices to be searched for ESI responsive to each request.

2. Produce DOCUMENTS in accordance with the instructions at https://support.everlaw.com/hc/en-us/articles/360004962052-Standard-Format-for-Processed-Data

3. Maintain family integrity.

4. Perform custodian-level de-duplication.

5. Produce a DAT load file with the following metadata fields: Beginning Production Number, Ending Production Number, Beginning Attachment Number, End Attachment Number, Family ID, Page Count, Custodian, Original Location Path, Email Folder Path, Document Type, Doc Author, Doc Last Author, Comments,

- 2 -
Exhibit 2
Case: 23-30564    Doc# 571-2    Filed: 04/02/24    Entered: 04/02/24 13:14:07    Page 3 of 7

Categories, Revisions, File Name, File Size, MD5 Hash, Date Last Modified, Time Last Modified, Date Created, Time Created, Date Last Accessed, Time Last Accessed, Date Sent, Time Sent, Date Received, Time Received, To, From, CC, BCC, Email Subject, Path to Native, Path to Full Text, Original Time Zone.

    6.    Process all data in UTC and provide a metadata field indicating original time zone.

**L. If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, then the DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to these requests for production, and which privilege log shall state the following information:**

1. The date of the DOCUMENT;
2. The type of DOCUMENT (e.g., letter, memorandum, report, etc.);
3. The name, address, telephone number and title of the author(s) of the DOCUMENT;
4. The name, address, telephone number and title of each recipient of the DOCUMENT;
5. The number of pages in the DOCUMENT;
6. The document control number, if any;
7. The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;
8. A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;
9. The specific privilege(s) or protection(s) that YOU contend applies.

## DEFINITIONS

1. "ABUSE CLAIM" means any CLAIM against the DEBTOR resulting or arising or related to in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, grooming, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, intimidation, any other conduct constituting a sexual offense, or any other sexual misconduct, and seeking monetary damages or any other relief based upon the conduct described above, under any theory of liability, including, but not limited to, vicarious liability, any negligence-based theory, conspiracy, fraudulent concealment, intentional tort, continuing tort, public nuisance, invasion of privacy, breach of alleged duties imposed by The Charter for the Protection of Children and Young People, Canon Law or other Catholic Church documents or principles, contribution, indemnity, or any other theory based on any acts or failures to act by the DEBTOR or any other PERSON for whose acts or failures to act the DEBTOR is or may be responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, or volunteers. "ABUSE CLAIM" includes all CLAIMS for Childhood Sexual Assaults, as that term is defined by California Code of Civil Procedure section 340.1(d).

2. "AFFILIATE" shall have the meaning ascribed to it in the COMMITTEE'S REQUESTS FOR PRODUCTION.

3. "BANKRUPTCY CASE" refers to the bankruptcy case styled as *In re The Roman Catholic Archbishop of San Francisco*, filed in the United States Bankruptcy Court for the Northern District of California (Case No. 23-30564).

4. "CLAIM" means any "claim," as defined in 11 U.S.C. § 101(5).

5. "COMMITTEE" refers to the Official Committee of Unsecured Creditors in the Bankruptcy Case.

6. "COMMITTEE'S REQUESTS FOR PRODUCTION" means the COMMITTEE'S document requests set forth in Exhibit 1 to the *Ex Parte Application of the Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes and Affiliates; and Ordering Debtor to Submit Declaration*, filed at Docket No. 292 in the BANKRUPTCY CASE.

7. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. "DEBTOR" refers to The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession in the BANKRUPTCY CASE, and all of its agents, accountants, advisors, employees, experts, attorneys, financial advisors, BANKRUPTCY CASE professionals, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, divisions, predecessors, and/or successors.

9. "DOCUMENT" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. A DOCUMENT includes written COMMUNICATIONS.

10. "INSURERS" refers to Century Indemnity Company, as successor to CCI Insurance Company and Insurance Company of North America, Pacific Indemnity Company, and Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964.

11. "PARISH" shall have the meaning ascribed to it in the COMMITTEE'S REQUESTS FOR PRODUCTION.

12. "PERSON" is any natural person, juridical person, or any legal entity, including, without limitation, any business, religious, or governmental entity or association.

13. "PETITION DATE" means August 21, 2023.

14. "YOU" means the DEBTOR.

**Requests for Production of Documents**

1. **Insurance:** All DOCUMENTS and COMMUNICATIONS produced to the COMMITTEE by any PARISH and/or AFFILIATE relating to the DEBTOR'S insurance coverage and policies, including all DOCUMENTS and COMMUNICATIONS that are responsive to the COMMITTEE'S REQUESTS FOR PRODUCTION numbers 94 to 107.

2. **Abuse Claims:** All DOCUMENTS and COMMUNICATIONS produced to the Committee by any PARISH and/or AFFILIATE relating to ABUSE CLAIMS, including all DOCUMENTS and COMMUNICATIONS that are responsive to the COMMITTEE'S REQUESTS FOR PRODUCTION numbers 108 to 138.

3. **Scope of Search:** All DOCUMENTS and COMMUNICATIONS with the COMMITTEE regarding the scope of any PARISH'S and/or AFFILIATE'S search, collection, and production of DOCUMENTS and COMMUNICATIONS pursuant to the COMMITTEE'S REQUESTS FOR PRODUCTION numbers 94 to 107 and 108 to 138.