James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
Andrew W. Caine (CA Bar No. 110345)
Brittany Mitchell M. Michael *(Pro Hac Vice)*
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: jstang@pszjlaw.com
      dgrassgreen@pszjlaw.com
      acaine@pszjlaw.com
      bmichael@pszjlaw.com

Attorneys for the Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor. | Case No. 23-30564<br><br>Chapter 11<br><br>**COMMITTEE'S OPPOSITION TO EX PARTE APPLICATION OF CERTAIN INSURERS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING PRODUCTION OF DOCUMENTS** |

The Official Committee of Unsecured Creditors hereby files its Opposition to the Ex Parte Application of Certain Insurers for Entry of an Order Pursuant to Bankruptcy Rule 2004 Compelling Production of Documents (the "<u>Application</u>"). The Application seeks documents from the Committee that it received from the Debtor's affiliates, rather than seeking the documents directly from the Debtor or the applicable affiliates, the original source(s) of the documents. The Application fails to offer any justification for this indirect and duplicative approach. The Application should be denied as to the proposed discovery from the Committee.

## The Moving Insurers Have Failed to Establish "Good Cause" for the Requested Relief.

1. Federal Rules of Bankruptcy Procedure 2004 ("Rule 2004") authorizes this Court to order the examination of any entity relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a)-(b). While the scope of a Rule 2004 examination is broad, it is not limitless. See, e.g., *In re Buccaneer Res., LLC*, No. 14-60041, 2015 Bankr. LEXIS 4203, at *19 (Bankr. S.D. Tex. Dec. 10, 2015) ("Though long recognized that the scope of a 2004 examination is broad, it is not limitless.") (citing *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994); *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987)). The discovery requested "should not be so broad as to be more disruptive and costly to the debtor than beneficial to the [movant]." *In re Brown*, No. 18-10617, 2018 Bankr. LEXIS 3138, at *11 (Bankr. S.D.N.Y. Oct. 11, 2018) (citations omitted).

2. In evaluating the propriety of Rule 2004 discovery, "the Court must 'balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.'" *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)). Significantly, "[t]hat documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production." Id. (quoting *Drexel Burnham*, 123 B.R. at 712.

3. As the parties seeking Rule 2004 discovery, the Moving Insurers bear "the burden to show good cause for the examination [they] seek[ ], and relief lies within the sound discretion of the Bankruptcy Court." *Id*. (citing *Picard v. Marshall* (*In re Bernard L. Madoff Inv. Secs. LLC*), Adv. No. 08-01789, 2014 Bankr. LEXIS 4603, 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014); *In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001)).

4. The Application's proposed document requests to the Committee, Exhibit 2 thereof [ECF No. 571-2, p. 6], contains three (3) items that all seek documents produced to the Committee

by the Debtor's affiliates. The Committee's investigation thus far suggests that the Debtor has "possession, custody or control" of all of these documents. Counsel for the Debtor and any affiliates to which the Committee has issued subpoenas are coordinating with the Committee counsel to produce the documents to the Committee.

5. The Moving Insurers have failed to demonstrate good cause to support their requests to the Committee, rather than seeking the documents from the Debtor or its affiliates, the original source(s) of the documents. The Moving Insurers' stated goal is to obtain documents that are "essential" to their analysis of exposure in the bankruptcy proceeding, but the Application's approach is ill-conceived for this purpose. The Committee has no basis to confirm the validity of any documents that it receives from the original source(s), the comprehensiveness of the searches, or the existence of other documents. Seeking the documents from the Committee only adds expense to the discovery process wasting resources that should be made available to sexual abuse survivors. The Application should be denied as to proposed discovery from the Committee.

**The Application Is Not a Motion to Compel; the Proposed Order is Inappropriate.**

6. The Committee objects to the Moving Insurers' attempt to treat the application as a motion to compel the production of documents. The proposed order provides that "the Committee shall furnish all documents the Insurers request in the Committee subpoena and shall produce same to the Insurers' counsel within fourteen (14) days of service of the Committee Subpoena upon entry of this Order." [ECF No. 571-3, p. 3].

7. The Moving Insurers have not previously requested the documents, either formally or informally.[1] At most, the Application can seek authority to serve a subpoena that may include document requests, instructions and a date for production. If the Court grants the Application, the order must preserve the Committee's rights to object to any subpoena issued by the Moving Insurers.

---

[1] On the other hand, in seeking to obtain applicable insurance documents, the Committee sent informal requests to the Debtor's insurers, hoping to conduct the essential investigation without the time and expense of Court intervention.

In sum, the Committee respectfully requests that the Court deny the Application as to any proposed discovery from the Committee.

Dated: April 4, 2024

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Debra I. Grassgreen*
James I. Stang
Debra I. Grassgreen
Andrew W. Caine
Brittany Mitchell M. Michael

Attorneys for the Official Committee of Unsecured Creditors

4858-1159-7236.1 05068.002

4