ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
JEANNIE KIM, State Bar No. 270713
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
         amartin@sheppardmullin.com
         jekim@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF ORI KATZ IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF AUGUST 21, 2023, THROUGH JANUARY 31, 2024**<br><br>The Hon. Dennis Montali<br><br>Date:   April 18, 2024<br>Time:  1:30 p.m.<br>Place:  Videoconference via Zoom Webinar |

I, Ori Katz, declare as follows:

1. I am a partner in the Finance and Bankruptcy Practice Group of the firm Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin" or the "Applicant"), at its office located at Four Embarcadero Center, 17th Floor, San Francisco, California 94111, and as such am authorized to make this declaration on behalf of Sheppard Mullin. I am an attorney licensed to practice law in all of the Courts of the State of California and in all of the United States District Courts in California. Sheppard Mullin is co-counsel of record for The Roman Catholic Archbishop of San Francisco ("RCASF" or the "Debtor").

2. The matters stated herein are true and correct and are within my personal knowledge or information provided to me by other attorneys or employees of Sheppard Mullin, and if called upon to testify as a witness, I could and would testify competently thereto.

3. This supplemental declaration is made in support of the *First Interim Fee Application of Sheppard, Mullin, Richter & Hampton LLP, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of August 21, 2023, Through January 31, 2024* (the "Application"). I give capitalized terms not defined here the same meaning given to them in the Application.

4. The Application did not include the following information in compliance with the UST Guidelines: (a) information to be provided about customary and comparable compensation; (b) information about budget and staffing plans; and (c) responses to specific questions promulgated by the Guidelines with respect to the Application

5. Attached to this declaration as Exhibit 1 is a summary of customary and comparable compensation provided by Sheppard Mullin describing the blended hourly rates of the various categories of timekeepers that provided services to the Debtor during the Application Period. I give defined terms used in this exhibit the same meanings ascribed to them in ¶ C.3 of the UST Guidelines.

6. Attached to this declaration as Exhibit 2 is a copy of the "Attorney Fee Budget" agreed upon by and between the Debtor and Sheppard Mullin. This exhibit also includes a comparison of budgeted to actual fees sought during the Application Period. Sheppard Mullin is

not submitting a detailed staffing plan or summary of fees and hours budgeted compared to fees and hours billed for each project category as this information is privileged and confidential.

7. Sheppard Mullin responds to the questions identified in paragraph C.5 of the UST Guidelines as follows:

    a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

    **Answer**: As set forth in the Sheppard Mullin Employment Application, Sheppard Mullin has agreed to discount its standard hourly rates by 20% for all attorneys providing services to the Debtor.

    b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

    **Answer**: Sheppard Mullin's fees do not exceed the fees budgeted for the Application Period.

    c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

    **Answer**: No.

    d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

    **Answer**: No.

    e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Case: 23-30564 Doc# 583 Filed: 04/11/24 Entered: 04/11/24 17:44:43 Page 3 of 6

-2-

Case No. 23-30564

SMRH:4879-2398-1490.1     Katz Suppl. Declaration in Support of SMRH First Interim Fee Application

**Answer:** Yes. Sheppard Mullin spent 5.7 hours or $4,309.20 in fees reviewing time records to remove privileged or other confidential information.

  f. If the fee application includes any rate increases since retention:

    i. Did your client review and approve those rate increases in advance?

    ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Answer:** The Application does not include any rate increases since retention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of April, 2024, at San Francisco, California.

                */s/ Ori Katz*
                Ori Katz

## Exhibit 1

**Summary of Customary and Comparable Compensation (UST Guidelines, Ex. A)**

| Category of timekeeper (using categories already maintained by the firm) | Blended hourly rate ||
|---|---|---|
| | U.S. Non-Bankruptcy Blended Rate | Bankruptcy Estate Blended Rate |
| Equity Partner | $938.49 | $1,001.78 |
| Non-Equity Partner | $836.70 | $844.34 |
| Sr. Associate | $675.36 | $719.75 |
| Jr. Associate | $517.82 | $521.34 |
| All timekeepers aggregated | $760.08 | $827.28 |

**Exhibit 2**

**Sheppard Mullin Fee Budget**

| Month | Aug. 2023 | Sept. 2023 | Oct. 2023 | Nov. 2023 |
|---|---|---|---|---|
| Fees & Expenses | $75,000 | $180,000 | $180,000 | $180,000 |

| Month | Dec. 2023 | Jan. 2024 | Total for Application Period |
|---|---|---|---|
| Fees & Expenses | $180,000 | $215,000 | $1,010,000 |

**Comparison of Budgeted to Actual Fees Sought During Application Period**

| Fees and Expenses Budgeted | Fees and Expenses Sought | Difference Between Budgeted and Actual Fees and Expenses Sought |
|---|---|---|
| $1,010,000 | $822,123.11 | **$1,832,123.11** |