Elise S. Frejka
*Fee Examiner*
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, New York 10022
Telephone: (212) 641-0800

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP,<br>OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession | Case No. 23-30564<br><br>Chapter 11<br><br>**FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING FIRST INTERIM FEE APPLICATIONS**<br><br>**Date: April 18, 2024**<br>**Time: 9:30 AM**<br>**Location: Via ZoomGov**<br>**Judge: Hon. Dennis Montali** |

Elise S. Frejka, the fee examiner (the "Fee Examiner") in the above-captioned chapter 11 case (the "Chapter 11 Case") submits this final report (the "Final Report") pursuant to the *Order Granting United States Trustee's Motion for Order Appointing Fee Examiner and Establishing Procedures for Requesting Professional Compensation and Reimbursement of Expenses* (the "Fee Examiner Order") [Dkt. No. 517] in connection with the applications for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses (each, a "Fee Application," and together, the "Fee Applications") of the following professionals retained by the above-captioned debtor and debtor-in-possession (the "Debtor") or the Official Committee of Unsecured Creditors (the "Committee"), as applicable: (A) Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR"), Co-Counsel to the Debtor [Dkt. No. 498]; (B) Sheppard Mullin Richter & Hampton LLP (Sheppard Mullin), Co-Counsel to the Debtor

[Dkt. No. 520]; (C) Weintraub Tobin Chediak Coleman Grodin Law Corporation ("WT"), Special Corporate and Litigation Counsel to the Debtor [Dkt. No. 501]; (D) Weinstein & Numbers, LLP ("WN"), Special Insurance Counsel to the Debtor [Dkt. No. 507]; (E) GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley"), Financial Advisor to the Debtor [Dkt. No. 510]; (F) Omni Agent Solutions, Inc., ("Omni"), Administrative Agent for the Debtor [Dkt. No. 513], (G) Pachulski Stang Ziehl & Jones LLP ("PSZJ"), Counsel to the Committee [Dkt. No. 521]; (H) Burns Bair LLP ("Burns Bair") , Special Insurance Counsel to the Committee [Dkt. No. 505; and (I) Berkeley Research Group, LLC ("BRG"), Financial Advisor to the Committee [Dkt. No. 519].

**Background**

1.  On August 21, 2023 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Court"). The Debtor is authorized to continue to operate its business and remain in possession of its property as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

2.  On September 1, 2023, the United States Trustee (the "UST") appointed the Committee. The Committee consists of nine (9) individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible. See Appointment of Committee of Unsecured Creditors [Dkt. No. 58].

3.  On October 16, 2023, the Court entered the *Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis* (the "Interim Compensation Order") [Dkt. No. 212].

4.  On December 21, 2023, the UST filed the *United States Trustee's Motion for Order Appointing Fee Examiner and Establishing Procedures for Requesting Professional Compensation and Reimbursement of Expenses* [Dkt. No. 389] recognizing the need for

transparency and accountability over the fees billed by professionals in this Chapter 11 Case given the complexity of the case, the expected magnitude of the fees, and the heightened public attention that this case will likely attract.

5. Under the Fee Examiner Order, the Fee Examiner was charged by the Court with, among other things: reviewing the interim and final fee applications filed by each Retained to ascertain compliance with: (a) Bankruptcy Code Sections 328, 329, 330, and 331, as applicable; (b) Fed. R. Bankr. P. 2016; (c) the Interim Compensation Order; (d) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, 28 C.F.R. Part 58, Appendix A and Appendix B (the "UST Guidelines"); and (e) the United States Bankruptcy Court for the NDCA Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "NDCA Guidelines," and together with the UST Guidelines, the "Guidelines"). The Fee Examiner was further guided by the Practices and Procedures in Judge Montali's Court including Part I (Fees Generally).

6. The Fee Examiner focused her review on the following issues:

   a. Vague time entries that do not include complete activity descriptions that are sufficiently detailed to allow the reviewer to determine whether the time billed is actual, reasonable and necessary (hereinafter, "Vague Time Entries");

   b. Block billed or "lumped" time entries that do not clearly identify each discrete task billed, indicate the date the task was performed, the precise amount of time spent (not to be billed in increments greater than one-tenth of an hour), who performed the task, the level of experience, and that person's hourly rate (hereinafter, "Block Billing Entries");

   c. Entries that the Fee Examiner identified as more in the nature of overhead or other administrative activities such as clearing conflicts or revising time entries where the benefit to the Debtors' estate was not readily ascertainable from the time entry (hereinafter "Administrative Entries");

   d. Time entries where the sub-parts of a particular time entry did not equal the amount of time that was actually charged (hereinafter, "Over/Under Billing Entries");

   e. Duplicate time entries (hereinafter, "Duplicate Entries") where based upon the narrative the Fee Examiner was unable to ascertain if the timekeeper undertook separate tasks or the entry was duplicative;

3

f. Time charges attributable to transitory timekeepers who billed less than five (15) hours during the Fee Period (hereinafter, "Transitory Timekeepers"). The Fee Examiner reviewed the nature of the work performed and the expertise the timekeeper brought to the case and made recommendations specific to the Retained Professionals;

g. Staffing inefficiencies where the number of professionals participating in conference calls, meetings, depositions, and hearings appeared excessive and the benefit to the estate appeared minimal or where the Retained Professional staffed the case with summer associates or unadmitted attorneys (hereinafter, "Staffing Inefficiency Entries");

h. Professionals with a disproportionate amount of time billed in rounded (.5 or .0) hours (hereinafter, "Rounded Hour Entries");

i. Non-working travel time where the professional billed more than 2 hours of air travel ("Non-Working Travel Entries");

j. Mismatched entries where the professionals participating in conference calls, meetings, depositions and hearings billed differing amounts to the same activity ("Mismatched Time Entries");

k. Expense reimbursement-related issues (flights, train travel, taxi/ground transportation, meals, service/booking fees, tips, photocopies/facsimiles, in-flight internet, upgrades, car service, and unknown expenses);

l. Whether there was a duplication of effort or coordination between the professionals;

m. Budgeted fees vs. actual fees; and

n. Compliance with the Interim Compensation Order and the Fee Examiner Order.

7. In undertaking her review, the Fee Examiner considered reductions taken by the Retained Professionals in an exercise of their billing discretion prior to submission of the relevant fee application, whether the Retained Professional stayed within budget, and general staffing considerations. In addition, the UST provided the Fee Examiner with an analysis of the fees and expenses for each Retained Professional. The Fee Examiner conducted her review independently of the UST review, incorporated the UST concerns into the preliminary report issued to each Retained Professional, and globally resolved all issues with each Retained Professional relevant to the Fee Applications.

8. The Fee Examiner found the timekeeping of the Retained Professionals to be exceptional and the courtesy and professionalism of the Retained Professionals is noted and appreciated. Areas of concern that were highlighted in the preliminary report stage were addressed by the Retained Professionals in a constructive manner and the Fee Examiner and Retained Professionals have forged a good rapport that is expected to continue throughout this Chapter 11 Case.

### Fee Examiner's Recommendations

9. The Final Report covers the Fee Applications of the Retained Professionals covering the time period from the professional's date of retention through January 31, 2024 (and with respect to Omni, through December 31, 2023) (the "Interim Fee Period"). Per the process described above, the Fee Examiner has reached an agreement with all of the Retained Professionals regarding allowance for the period under review. The Fee Examiner makes the following specific recommendations as to the fees to be allowed and expenses to be reimbursed:

    A. *Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP*
       *(Bankruptcy Counsel to the Debtor)*

10. On September 13, 2023, the Debtor filed the *Application to Employ Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP as Bankruptcy Counsel* [Dkt. No. 95].

11. On September 25, 2023, the Court entered the *Order Authorizing Employment of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP as Bankruptcy Counsel* [Dkt. No. 163] (the "FFWPR Retention Order"). Pursuant to the FFWPR Retention Order, the Debtor was authorized to employ FFWPR as its bankruptcy effective as of August 21, 2023. For its services, FFWPR is compensated on an hourly basis subject to periodic adjustment.

12. During the Interim Fee Period, FFWPR filed five (5) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/26/2023 Dkt. 243 | 08/21/2023 – 09/30/2023 | $96,753.00 | $1,741.89 | $77,402.40 | $1,741.89 |
| 11/20/2023 Dkt. 333 | 10/01/2023 – 10/31/2023 | $66,204.00 | $762.30 | $52,963.20 | $762.30 |
| 12/19/2023 Dkt. 378 | 11/01/2023 – 11/30/2023 | $69,468.00 | $243.79 | $55,574.40 | $243.79 |
| 1/19/2024 Dkt. 436 | 12/01/2023 – 12/31/2023 | $36,838.50 | $34.00 | $29,470.80 | $34.00 |
| 2/20/2024 Dkt. 480 | 1/1/2024 – 1/31/2024 | $42,263.50 | $541.41 | $33,810.80 | $541.41 |
| **TOTAL** | | **$311,527.00** | **$3,323.39** | **$249,221.60** | **$3,323.39** |

13. FFWPR filed the FFWPR Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from August 21, 2023 through January 31, 2024 requesting an interim allowance of compensation for professional services rendered in the amount of $311,527.00 and reimbursement of actual and necessary expenses in the amount of $3,323.39 [Dkt. No. 498]. The Fee Examiner notes and appreciates that FFWPR excluded fees, in an exercise of pre-billing discretion, in the amount of $7,206.50.

14. The Fee Examiner's initial report regarding the FFWPR Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

   a. Vague Entries;
   b. Block Billed Entries;
   c. Over/Under Entries;
   d. Non-Working Travel Entries and;
   e. Expense-related issues (mileage).

In addition, the UST identified administrative entries, block billing entries, miscounted hours, and vague entries.

15. FFWPR and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and FFWPR reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions.

6

Accordingly, with regard to the FFWPR Fee Application, the Fee Examiner recommends allowance of fees in the amount of $308,251.00 (reduced by $3,276.00) and reimbursement of expenses in the amount of $3,212.76 (reduced by $110.63).

### B. <u>Sheppard Mullin Richter & Hampton LLP (Bankruptcy Counsel to the Debtor)</u>

16. On September 18, 2023, the Debtor filed the *Application to Employ Sheppard Mullin Richter & Hampton LLP as Bankruptcy Counsel* [Dkt. No. 120].

17. On September 25, 2023, the Court entered *the Order Authorizing Employment of Sheppard Mullin Richter & Hampton LLP as Bankruptcy Counsel* [Dkt. No. 164] (the "<u>Sheppard Mullin Retention Order</u>"). Pursuant to the Sheppard Mullin Retention Order, the Debtor was authorized to employ Sheppard Mullin as its bankruptcy effective as of August 21, 2023. For its services, Sheppard Mullin is compensated on an hourly basis subject to periodic adjustment.

18. During the Interim Fee Period, Sheppard Mullin filed five (5) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
| --- | --- | --- | --- | --- | --- |
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 10/26/2023 Dkt. 239 | 08/21/2023 – 09/30/2023 | $211,180.00 | $829.35 | $168,944.00 | $829.35 |
| 11/20/2023 Dkt. 331 | 10/01/2023 – 10/31/2023 | $146,672.00 | $335.05 | $117,337.60 | $335.05 |
| 12/19/2023 Dkt. 376 | 11/01/2023 – 11/30/2023 | $145,627.60 | $470.57 | $116,502.08 | $470.57 |
| 1/22/2024 Dkt. 440 | 12/01/2023 – 12/31/2023 | $129,008.40 | $290.50 | $103,206.72 | $290.50 |
| 2/20/2024 Dkt. 484 | 1/1/2024 – 1/31/2024 | 183,955.60 | $3,754.04 | $147,164.48 | $3,754.04 |
| **TOTAL** | | **$816,443.60** | **$5,679.51** | **$653,154.88** | **$5,679.51** |

19. Sheppard Mullin filed the Sheppard Mullin Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from August 21, 2023 through January 31, 2024 requesting an interim allowance of compensation for professional services rendered in the amount of $816,443.60 and reimbursement of actual and necessary expenses in the amount of $5,679.51

[Dkt. No. 520]. The Fee Examiner notes and appreciates that Sheppard Mullin excluded fees, in an exercise of pre-billing discretion, in the amount of $18,163.00.

20. The Fee Examiner's initial report regarding the Sheppard Mullin Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

    a. Vague Entries;
    b. Block Billed Entries;
    c. Staffing Inefficiencies;
    d. Transitory Timekeepers;
    e. Non-Working Travel Entries;
    f. Administrative Entries; and
    g. Expense-related issues (pre-petition expenses and travel expenses, among other things).

In addition, the UST identified transitory timekeepers, vague entries, administrative entries, miscounted hours, and block billing entries.

21. Sheppard Mullin and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and Sheppard Mullin reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the Sheppard Mullin Fee Application, the Fee Examiner recommends allowance of fees in the amount of $812,021.20 (reduced by $4,422.40) and reimbursement of expenses in the amount of $5,653.51 (reduced by $26.00).

    C. *Weintraub Tobin Chediak Coleman Grodin, Law Corporation*
       <u>*(Special Corporate and Litigation Attorneys for the Debtor)*</u>

22. On September 13, 2023, the Debtor filed the *Application to Employ Weintraub Tobin as Special Litigation Counsel* [Dkt. No. 100].

23. On September 25, 2023, the Court entered the *Order Authorizing Employment of Weintraub Tobin as Special Corporate and Litigation Counsel Under Section 327(e)* [Dkt. No.

166] (the "WT Retention Order"). Pursuant to the WT Retention Order, the Debtor was authorized to employ WT as its corporate and insurance counsel effective as of August 21, 2023. For its services, WT is compensated on an hourly basis subject to periodic adjustment. The WT Retention Order further provides that any and all draws against any retainer requires Bankruptcy Court Approval.

24. During the Interim Fee Period, WT filed five (5) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/26/2023 Dkt. 246 | 08/21/2023 – 09/30/2023 | $16,817.50 | $17,900.65 | $13,454.00 | $17,900.65 |
| 11/20/2023 Dkt. 335 | 10/01/2023 – 10/31/2023 | $13,749.50 | $1,584.55 | $10,999.60 | $1,584.55 |
| 12/19/2023 Dkt. 380 | 11/01/2023 – 11/30/2023 | $6,545.50 | $1,755.80 | $5,236.40 | $6,992.20 |
| 1/19/2024 Dkt. 438 | 12/01/2023 – 12/31/2023 | $16,266.00 | $670.94 | $13,012.80 | $670.94 |
| 2/20/2024 Dkt. 482 | 1/1/2024 – 1/31/2024 | $6,574.50 | $56.50 | $5,259.60 | $5,316.10 |
| TOTAL | | $59,953.00 | $21,968.44 | $47,962.40 | $32,464.44 |
| ADJ. (FN 1) | | ($1,918.00) | | | |
| **ADJ. TOTAL** | | **$58,035.00** | **$21,968.44** | **$47,962.40** | **$32,464.44** |

25. WT filed the WT Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from August 21, 2023 through January 31, 2024 requesting an interim allowance of compensation for professional services rendered in the amount of $58,035.00 and reimbursement of actual and necessary expenses in the amount of $21,968.44 [Dkt. No. 501]. WT maintained separate matter numbers and issued separate invoices for time and expenses attributable to specific litigation matters. The Fee Examiner and WT are working together to review these smaller separate invoices and respectfully request that the Court adjourn consideration of that portion of the WT Fee Application that relates to time charges in the amount of $12,166.00 and expenses in the amount of $20,148.47. A significant portion of the expenses are for filing fees and other litigation costs incurred prepetition, but invoiced by the vendor post-petition and once reconciled, WT will seek authority from the Court to pay these expenses from the WT retainer.

9

26. The Fee Examiner's initial report regarding the WT Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

      a. Vague Entries;

      b. Block Billed Entries;

      c. Transitory Timekeepers;

      d. Pre-Petition Entries; and

      e. Expense-related issues (pre-petition expenses).

27. WT and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and WT reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the WT Fee Application, the Fee Examiner recommends (a) allowance of fees in the amount of $45,869 (no reduction recommended) with the balance of the requested fees, $12,166.00, adjourned to the next hearing date; (b) allowance of expenses in the amount of $1,746.15 with $20,148.47 adjourned to the next hearing date; and (c) permission for WT to draw $73,82 from the WT retainer to pay expenses incurred prepetition but invoiced by the vendor post-petition.

    D.    <u>Weinstein & Numbers, LLP (Special Insurance Counsel to the Debtor)</u>

28. On September 13, 2023, the Debtor filed the *Application to Employ Weinstein & Numbers, LLP as Insurance Counsel Under Section 327(e)* [Dkt. No. 98].

29. On September 25, 2023, the Court entered the *Order Authorizing Employment of Weinstein & Numbers, LLP as Insurance Counsel Under Section 327(e)* [Dkt. No. 165] (the "<u>WN Retention Order</u>"). Pursuant to the WN Retention Order, the Debtor was authorized to employ WN as its insurance counsel effective as of August 21, 2023. For its services, WN is compensated on an hourly basis subject to periodic adjustment.

30. During the Interim Fee Period, WN filed five (5) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/26/2023 Dkt. 245 | 08/21/2023 – 09/30/2023 | $25,993.00 | $48.57 | $20,794.40 | $48.57 |
| 11/20/2023 Dkt. 334 | 10/01/2023 – 10/31/2023 | $6,967.50 | $0.00 | $5,574.00 | $0.00 |
| 12/19/2023 Dkt. 379 | 11/01/2023 – 11/30/2023 | $19,743.00 | $0.00 | $15,794.40 | $0.00 |
| 1/19/2024 Dkt. 437 | 12/01/2023 – 12/31/2023 | $22,106.50 | $15.50 | $17,685.20 | $15.50 |
| 2/20/2024 Dkt. 481 | 1/1/2024 – 1/31/2024 | $20,665.50 | $0.00 | $16,532.40 | $0.00 |
| **TOTAL** | | **$95,475.50** | **$64.07** | **$76,380.40** | **$64.07** |

31. WN filed the WN Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from August 21, 2023 through January 31, 2024 requesting an interim allowance of compensation for professional services rendered in the amount of $95,475.50 and reimbursement of actual and necessary expenses in the amount of $64.07 [Dkt. No. 507].

32. The Fee Examiner's initial report regarding the WN Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

    a. Vague Entries;
    b. Block Billed Entries;
    c. Mismatched Time Entries; and
    d. Administrative Entries.

In addition, the UST identified miscounted time, excessive time devoted to review and analyzing materials, vague entries, and block billed entries.

33. WN and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and WN reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the WN Fee Application, the Fee Examiner recommends allowance of fees in the

amount of $93,902.50 (reduced by $1,573.00) and reimbursement of expenses in the amount of $64.07.

E. *GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services (Financial Advisor to the Debtor)*

34. On September 13, 2023, the Debtor filed the *Application to GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services as Financial Advisor* [Dkt. No. 102].

35. On September 25, 2023, the Court entered the *Order Authorizing Employment of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services as Financial Advisor* [Dkt. No. 168] (the "B. Riley Retention Order"). Pursuant to the B. Riley Retention Order, the Debtor was authorized to employ B. Riley as its financial advisor effective as of August 21, 2023. For its services, B. Riley is compensated on an hourly basis subject to periodic adjustment.

36. During the Interim Fee Period, B Riley filed five (5) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/26/2023 Dkt. 242 | 08/21/2023 – 09/30/2023 | $205,960.00 | $10,474.37 | $164,768.00 | $10,474.37 |
| 11/20/2023 Dkt. 332 | 10/01/2023 – 10/31/2023 | $108,101.00 | $2,210.14 | $86,480.80 | $2,210.14 |
| 12/19/2023 Dkt. 377 | 11/01/2023 – 11/30/2023 | $72,748.00 | $179.50 | $58,198.40 | $179.50 |
| 1/19/2024 Dkt. 435 | 12/01/2023 – 12/31/2023 | $55,003.00 | $0.00 | $44,002.40 | $0.00 |
| 2/20/2024 Dkt. 479 | 1/1/2024 – 1/31/2024 | $26,529.50 | $0.00 | $21,223.60 | $0.00 |
| TOTAL | | $468,341.50 | $12,864.01 | $374,673.20 | $12,864.01 |
| ADJ. (FN 1) | | ($19,131.75) | | | |
| **ADJ. TOTAL** | | **$449,209.75** | **$12,864.01** | **$374,673.20** | **$12,864.01** |

37. B. Riley filed the B. Riley Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from August 21, 2023 through January 31, 2024 requesting an interim

allowance of compensation for professional services rendered in the amount of $449,209.75 and reimbursement of actual and necessary expenses in the amount of $12,864.01 [Dkt. No. 510].

38. The Fee Examiner's initial report regarding the B. Riley Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

    a. Non-Working Travel Entries;
    b. Duplicate Entries;
    c. Transitory Timekeepers; and
    d. Expense-related issues (travel expenses).

In addition, the UST identified excessive working travel, block billing, and vague fee descriptions.

39. B. Riley and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and B. Riley reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the B. Riley Fee Application, the Fee Examiner recommends allowance of fees in the amount of $442,255.25 (reduced by $6,954.50) and reimbursement of expenses in the amount of $12,854.01 (reduced by $10.00).

    F.    *Omni Agent Solutions, Inc. (Administrative Agent to the Debtor)*

40. On September 13, 2023, the Debtor filed the *Debtor's Application for Entry of an Order (I) Authorizing and Approving the Appointment of Omni Agent Solutions, Inc. as Administrative Agent, and (II) Granting Related Relief* [Dkt. No. 104].

41. On September 22, 2023, the Court entered the *Order (I) Authorizing and Approving the Appointment of Omni Agent Solutions, Inc. as Administrative Agent, and (II) Granting Related Relief* [Dkt. No. 159] (the "Omni Retention Order"). Pursuant to the Omni Retention Order, the Debtor was authorized to employ Omni as its administrative agent effective as of August 21, 2023. For its services, Omni is compensated on an hourly basis.

42. During the Interim Fee Period, Omni filed two (2) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/26/2023 Dkt. 244 | 09/01/2023 – 09/30/2023 | $17,402.85 | $0.00 | $13,922.28 | $0.00 |
| 1/19/2024 Dkt. 439 | 12/01/2023 – 12/31/2023 | $5,920.65 | $0.00 | $4,736.52 | $0.00 |
| TOTAL | | $23,323.50 | $0.00 | $18,658.80 | $0.00 |

43. Omni filed the Omni Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from August 21, 2023 through December 31, 2024 requesting an interim allowance of compensation for professional services rendered in the amount of $23,323.50 and reimbursement of actual and necessary expenses in the amount of $0.00 [Dkt. No. 513].

44. The Fee Examiner's initial report regarding the Omni Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

   a. Staffing Inefficiencies; and
   b. Transitory Timekeepers.

In addition, the UST identified transitory professionals.

45. Omni and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and Omni reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the Omni Fee Application, the Fee Examiner recommends allowance of fees in the amount of $22,963.50 (reduced by $360.00) and reimbursement of expenses in the amount of $0.00.

G. *Pachulski Stang Ziehl & Jones LLP (Counsel to the Committee)*

46. On October 9, 2023, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors* [Dkt. No. 188].

47. On October 24, 2023, the Court entered the *Order Approving Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors* (the "PSZ&J Retention Order") [Dkt. No. 237]. Pursuant to the PSZ&J Retention Order, the Committee was authorized to employ PSZ&J as its counsel effective as of September 14, 2023. For its services, PSZ&J is compensated on an hourly basis. PSZ&J agreed to discount its total fees to the lesser of the amount billed using regular hourly rates and a blended hourly rate of $1,050. Further, PSZ&J has agreed to contribute 10% of all fees it receives in this Chapter 11 Case on a final basis to a settlement trust that is approved as part of a plan of reorganization. See *Supplemental Declaration of John W. Lucas in Support of Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors* [Doc. No. 216].

48. During the Interim Fee Period, PSZJ filed five (5) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 12/19/2023 Dkt. 381 | 09/14/2023 – 09/30/2023 | $71,958.50 | $63.06 | $57,566.80 | $63.06 |
| 12/20/2023 Dkt. 384 | 10/01/2023 – 10/31/2023 | $193,022.00 | $2,226.07 | $154,417.60 | $2,226.07 |
| 1/19/2024 Dkt. 377 | 11/01/2023 – 11/30/2023 | $133,844.50 | $5,499.37 | $107,075.60 | $5,499.37 |
| 1/19/2024 Dkt. 431 | 12/01/2023 – 12/31/2023 | $70,996.50 | $1,177.95 | $56,797.20 | $1,177.95 |
| 2/20/2024 Dkt. 483 | 1/1/2024 – 1/31/2024 | $78,841.00 | $181.80 | $63,072.80 | $181.80 |
| **TOTAL** | | **$548,662.50** | **$9,148.25** | **$438,930.00** | **$9,148.25** |

49. PSZ&J filed the PSZ&J Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from September 14, 2023 through January 31, 2024 requesting an interim allowance

15

of compensation for professional services rendered in the amount of $548,662.50 and reimbursement of actual and necessary expenses in the amount of $9,148.25 [Dkt. No. 521]. The PSZ&J Fee Application included a request for reimbursement of expenses in the amount of $922.48 for individual Committee members related to an in-person meeting; this request is outside the purview of the Fee Examiner Order and the Fee Examiner coordinated with the UST on these expenses and the UST advised the Fee Examiner that the UST does not object to these expenses being included as part of the PSZ&J Fee Application. The Fee Examiner notes and appreciates that PSZ&J, in an exercise of pre-billing discretion, excluded fees in the amount of $34,507.00, and expenses in the amount of $706.47 in addition to the other discounts described herein.

50. The Fee Examiner's initial report regarding the PSZ&J Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

    a. Administrative Entries;

    b. Duplicate Entries;

    c. Transitory Timekeepers; and

    d. Expense-related issues (unrelated, travel, and overhead).

In addition, the UST identified excessive invoice/fee statement preparation time and duplicative time entries.

51. PSZ&J and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and PSZ&J reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the PSZ&J Fee Application, the Fee Examiner recommends allowance of fees in the amount of $543,083.17 (reduced by $5,579.33) and reimbursement of expenses in the amount of $9,021.77 (reduced by $126.48).

### H. Burns Bair LLP (Special Insurance Counsel to the Committee)

52. On November 17, 2023, 2023, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Burns Bair LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors* [Dkt. No. 323].

53. On November 29, 2023, the Court entered the *Order Approving Application of the Official Committee of Unsecured Creditors for Order Approving Employment Burns Bair LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors* (the "Burns Bair Retention Order") [Dkt. No. 348]. Pursuant to the Burns Bair Retention Order, the Committee was authorized to employ Burns Bair as its counsel effective as of October 19, 2023. For its services, Burns Bair is compensated on an hourly basis. Burns Bair has agreed to contribute 10% of all fees it receives in this Chapter 11 Case on a final basis to a settlement trust that is approved as part of a plan of reorganization.

54. During the Interim Fee Period, Burns Bair filed three (3) monthly applications for compensation pursuant to the Interim Compensation Order as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 12/19/2023 Dkt. 382 | 10/20/2023 – 11/30/2023 | $65,208.00 | $1,822.16 | $52,166.40 | $1,822.16 |
| 1/19/2024 Dkt. 432 | 12/01/2023 – 12/31/2023 | $31,591.00 | $656.00 | $25,272.80 | $656.00 |
| 2/15/2024 Dkt. 477 | 1/1/2024 – 1/31/2024 | $10,808.00 | $49.30 | $8,646.40 | $49.30 |
| TOTAL | | $107,607.00 | $2,527.46 | $86,085.60 | $2,527.46 |
| ADJ. (FN 1) | | ($1,680.00) | | | |
| **ADJ. TOTAL** | | **$105,927.00** | **$2,527.46** | **$86,085.60** | **$2,527.46** |

55. Burns Bair filed the Burns Bair Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the period from October 19, 2023 through January 31, 2024 requesting an interim allowance of compensation for professional services rendered in the amount of $105,927.00 and reimbursement of actual and necessary expenses in the amount of $2,527.46 [Dkt. No. 505].

56. The Fee Examiner's initial report regarding Burns Bair Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

    a. Administrative Entries;

    b. Vague Entries; and

    c. Duplicate Entries.

In addition, the UST identified excessive invoice/fee statement preparation time.

57. Burns Bair and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and Burns Bair reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the Burns Bair Fee Application, the Fee Examiner recommends allowance of fees in the amount of $103,047.00 (reduced by $2,880.00) and reimbursement of expenses in the amount of $2,527.46.

    *I.    Berkeley Research Group, LLC (Financial Advisor to the Committee)*

58. On October 24, 2023, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Berkeley Research Group, LLC as Financial Advisor, Effective as of October 9, 2023* [Dkt. No. 236].

59. On November 7, 2023, the Court entered the *Order Approving Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Berkeley Research Group, LLC as Financial Advisor, Effective as of October 9, 2023* (the "BRG Retention Order") [Dkt. No. 288]. Pursuant to the BRG Retention Order, the Committee was authorized to employ BRG as its financial advisor effective as of October 9, 2023. For its services, BRG is compensated on an hourly basis with a 10% rate concession from its standard hourly rates.

60. BRG filed the BRG Fee Application for an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses for the

period from October 9, 2023 through January 31, 2024 requesting an interim allowance of compensation for professional services rendered in the amount of $62,181.00 and reimbursement of actual and necessary expenses in the amount of $0.00 [Dkt. No. 519]. BRG did not file monthly fee applications for compensation pursuant to the Interim Compensation Order.

61. The Fee Examiner's initial report regarding BRG Fee Application identified the following issues where further information was required to ascertain compliance with the Guidelines:

    a. Administrative Entries;

    b. Transitory Timekeepers; and

    c. Staffing Inefficiencies.

In addition, the UST identified excessive conference attendance, clerical work, transitory timekeepers, and vague time entries.

62. BRG and the Fee Examiner engaged in a productive dialogue to address and resolve the issues raised by the Fee Examiner's initial report. Both the Fee Examiner and BRG reserve all of their rights with respect to future applications for compensation and recognize that the recommended reduction represents a compromise of the parties' various positions. Accordingly, with regard to the BRG Fee Application, the Fee Examiner recommends allowance of fees in the amount of $61,576.50 (reduced by $604.50) and reimbursement of expenses in the amount of $0.00.

## Conclusion

For the reasons stated above, and in the absence of any objection to the Fee Applications of the Retained Professionals, the Fee Examiner recommends that the Court enter an Order, on an interim basis and subject to a final review at the conclusion of this Chapter 11 Case, granting the interim fee requests of the Retained Professionals in the amounts recommended, as set forth herein.

Dated: New York, New York
April 17, 2023

Respectfully Submitted,

ELISE S. FREJKA

*/s/ Elise S. Frejka*

415 East 52nd Street | Suite 3
New York, New York 10022
Phone: 212-641-0800
Facsimile: 212-641-0800

*Fee Examiner*