| | |
|---|---|
| PIERCE A. MACCONAGHY (SBN 341371)<br>pierce.macconaghy@stblaw.com<br>SIMPSON THACHER & BARTLETT LLP<br>2475 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: (650) 251-5000<br>Facsimile: (650) 251-5002<br><br>ANDREW T. FRANKEL (*pro hac vice*)<br>afrankel@stblaw.com<br>MICHAEL H. TORKIN (*pro hac vice*)<br>michael.torkin@stblaw.com<br>DAVID ELBAUM (*pro hac vice*)<br>david.elbaum@stblaw.com<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502<br><br>*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Indemnity Company, and Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964*<br><br>*(additional counsel listed on signature page)* | Mark D. Plevin (State Bar No. 146278)<br>CROWELL & MORING LLP<br>Three Embarcadero Center, 26th Floor<br>San Francisco, California 94111<br>Telephone: (415) 986-2800<br>Email: mplevin@crowell.com<br><br>Miranda H. Turner (*pro hac vice*)<br>Jordan A. Hess (*pro hac vice*)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington D.C. 20004<br>Telephone: (202) 624-2500<br>Email: mturner@crowell.com<br>jhess@crowell.com<br><br>*Attorneys for CONTINENTAL INSURANCE COMPANY* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>The Roman Catholic Archbishop of San Francisco,<br><br>        Debtor and<br>        Debtor in Possession. | Case No. 23-30564 (DM)<br><br>Chapter 11<br><br>**STATUS REPORT OF CERTAIN INSURERS IN CONNECTION WITH THEIR APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING PRODUCTION OF DOCUMENTS**<br><br>No Hearing Requested<br>Judge: Hon. Dennis Montali |

Century Indemnity Company, as successor to CCI Insurance Company and Insurance Company of North America, Pacific Indemnity Company, Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964, and Continental Insurance Company (collectively, the "**Insurers**") hereby submit this brief status report concerning their *ex parte* application under Bankruptcy Rule 2004 for entry of an order compelling production of documents [Docket No. 571] the (the "**Application**").[1]

On April 4, 2024 and April 8, 2024, respectively, the Committee and the Debtor objected to the Application [Docket Nos. 573, 580] (the "**Debtor Objection**" and the "**Committee Objection**", respectively). Several insurers filed joinders to the Application [Docket Nos. 572, 576, 577].

In accordance with the Court's text orders, dated April 7, 2024 and April 9, 2024, counsel to the Insurers met and conferred with Debtor's counsel to discuss the discovery matters addressed in the Application. As discussed below, the Debtor and the Insurers (as well as counsel for other joining insurers) have made progress towards resolving the open issues. Accordingly, the Insurers request that the Court continue the status conference on the Application to a date to be determined to allow the parties to continue to meet and confer to negotiate a consensual resolution of all open issues. If the parties reach an agreement, the parties will submit an agreed proposed order for the Court's review. If the parties reach an impasse, they will submit a joint letter to the Court describing the parties' conflicting positions and requesting a status conference.

I.      **Protective Order**

The principal outstanding issue with respect to the Protective Order is the provision requiring that Receiving Parties return or destroy all Designated Materials (each as defined in the Protective Order) within thirty (30) days of a final decree closing the chapter 11 case.[2] Certain insurers have objected to this provision, arguing that, as drafted, the provision will render them

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

[2] *See* Protective Order ¶ 27.

unable to comply with the requirements of auditors, regulators, and reinsurers.[3] The Debtor has requested more information on this issue. The insurers have requested that the Debtor narrow this provision so that it is consistent with document destruction provisions in protective orders in the Oakland and Santa Rosa diocese chapter 11 cases, consistent with the Court's instruction in prior hearings that the three Diocesan bankruptcy cases pending in the Northern District of California proceed along similar tracks.[4] The parties are discussing appropriate revisions to the Protective Order and are hopeful that they will be able to resolve this issue without Court intervention.

The Debtor and the Insurers have also agreed to modify certain provisions concerning the signature requirements under the Protective Order to make it more consistent with the approach taken by the Debtor with respect to the protective order governing proofs of claim in this chapter 11 case.

## II. Discovery Requests

The Debtor and the Insurers have met and conferred to discuss and clarify the scope of the Insurers' discovery requests. The Debtor has agreed to produce, upon the Insurers' execution of the operative Protective Order, all documents responsive to the Insurers' requests that have already been produced to the Committee.[5]

The Insurers and counsel for the Debtor also discussed the need for the Insurers to understand the scope of what the Debtor has not produced or is unwilling to produce to the Committee at this juncture so that the Insurers can evaluate whether to seek additional documents other than those the Debtor has agreed to produce to the Committee. The Debtor agreed that, upon the Insurers' execution of the operative Protective Order, the Debtor will share with the Insurers

---

[3] *See Joinder of Certain Underwriters at Lloyd's, London and Certain London Market Companies to the Ex Parte Application of Certain Insurers for Entry of an Order Pursuant to Bankruptcy Rule 2004 Compelling Production of Documents* [Docket No. 577] at 3.

[4] *See* Confidentiality and Protective Order, *In re The Roman Catholic Bishop of Oakland*, No. 23-40523 [Docket No. 832] ¶ 13 (N.D. Cal. Jan. 31, 2024); Order Approving Stipulated Confidentiality and Protective Order, *In re The Roman Catholic Bishop of Santa Rosa*, No. Case No. 23-10113 [Docket No. 567] ¶ 13 (N.D. Cal. Jan. 3, 2024).

[5] Counsel to the Insurers other than Continental Insurance Company have previously executed the acknowledgement and agreement to be bound under the existing protective order.

the Debtor's written responses and objections to the Committee's document requests, which Debtor believes would provide the specific parameters of what has and has not been produced or agreed to.

To be clear, the Insurers have sought documents responsive to their requests that exceed the Committee's discovery, irrespective of whether the Debtor has produced those documents to the Committee. The Debtor and the Insurers will continue to meet and confer to discuss the Insurers' discovery requests and hope to resolve all issues consensually.

Further, pursuant to the Application, the Insurers requested that the Committee produce, among other things, all information received from non-debtor Parishes and Affiliates. The Committee objected to the Insurers' request as duplicative, stating that the Committee's investigation suggested that the Debtor has "possession, custody or control" of these documents.[6] While the Debtor does not agree that it has possession, custody or control of these documents and/or lacks consent of the non-debtors and the non-debtors' separate legal counsel, the Insurers and the Debtor will continue to meet and confer to discuss the documents in the Debtor's control so the Insurers can determine whether additional documents may be required from the Committee. To the extent that documents produced by the Debtor are included within the scope of what was requested from the Committee, the Insurers agree that the Committee need not reproduce such documents to the Insurers. In the interim, the Insurers reserve all rights to continue to seek the documents from the Committee pursuant to the Application, and understand that the Committee reserves its rights to object.

## **CONCLUSION**

The Insurers and the Debtors have made progress towards resolving all issues relating to the Application. Accordingly, the Insurers request that the Court continue the hearing on the Application to allow the parties to continue to meet and confer to consensually resolve these open issues. If the parties reach an agreement, the parties will submit an agreed proposed order for the

---

[6] *See* Committee Objection ¶ 4.

1 Court's review. If the parties reach an impasse, they will submit a joint letter to the Court
2 describing the parties' conflicting positions and requesting a status conference.

*[Remainder of page intentionally left blank]*

Dated: April 17, 2024

Respectfully submitted,

*/s/ Mark D. Plevin*
Mark D. Plevin (State Bar No. 146278)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: (415) 986-2800
Email: mplevin@crowell.com

Miranda H. Turner (*pro hac vice*)
Jordan A. Hess (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington D.C. 20004
Telephone: (202) 624-2500
Email: mturner@crowell.com
          jhess@crowell.com

*Attorneys for CONTINENTAL INSURANCE COMPANY*

*/s/ Pierce A. MacConaghy*
Pierce A. MacConaghy (BAR NO. 341371)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
pierce.macconaghy@stblaw.com

Andrew T. Frankel (*pro hac vice*)
Michael H. Torkin (*pro hac vice*)
David Elbaum (*pro hac vice*)

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
afrankel@stblaw.com
michael.torkin@stblaw.com
david.elbaum@stblaw.com

Alexander Potente (BAR NO. 208240)
alex.potente@clydeco.us
Jason J. Chorley (BAR NO. 263225)
jason.chorley@clydeco.us
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, CA 94111 USA
Telephone:    415-365-9800
Facsimile:    415-365-9801

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Indemnity Company, and Westchester Fire Insurance Company as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964*