PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:      (916) 329-7435
Email:           ppascuzzi@ffwplaw.com
                    jrios@ffwplaw.com
                    tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
Email:           okatz@sheppardmullin.com
                    amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>       Debtor and<br>       Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S SECOND MOTION FOR EXTENSION OF DEADLINE FOR REMOVAL OF CIVIL ACTIONS [28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027]**<br><br>Date:     May 16, 2024<br>Time:    1:30 p.m.<br>Location: Via ZoomGov<br>Judge:   Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the Debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files this Second Motion for Extension of Deadline for Removal of Civil Actions (the "Motion"), pursuant to 28 U.S.C. § 1452 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 9027 and 9006 in the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor requests entry of an order further extending the deadline by which the Debtor may file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline") by 180 days from May 23, 2024, to November 19, 2024. In support of this Motion, the Debtor relies upon the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 14] ("Passarello Background Decl."), the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF 15] ("Gaspari Decl."), and all exhibits filed in support thereof. A copy of the proposed order is attached hereto as **Exhibit 1**. In further support of this Motion, Debtor relies upon the following points and authorities:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory basis for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

2. Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 1, 2023, the Office of the United States Trustee for the Northern District of California appointed a statutory committee of unsecured creditors ("Committee") in this case pursuant to section 1102 of the Bankruptcy Code [ECF 58]. On October 24, 2023, the Court approved the Committee's employment of Pachulski Stang Ziehl & Jones LLP as counsel. *See* ECF 237.

5.      The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse.  The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities.

6.      On October 27, 2023, this Court entered its Order Granting Debtor's Motion for Extension of Deadline for Removal of Civil Actions [28 U.S.C. § 1452 and Bankruptcy Rule 9027] at ECF 253.  This order extended the deadline to remove claims or causes of action in a civil proceeding for one hundred eighty-five (185) days from November 20, 2023, through and including May 23, 2024.

7.      On November 21, 2023, the court entered its Order (1) Fixing Time for Filing Proof of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice [ECF 337] ("Bar Date Order"), setting February 20, 2024, as the deadline for creditors, including potential Survivor Claimants (as defined in the Bar Date Order) to file claims against the Debtor.  As approved by the Bar Date Order, the Debtor has undertaken an extensive effort to provide notice and to coordinate local, regional, and national publication of the Bar Date to creditors, survivors, and other parties in interest.

8.      The Debtor anticipates filing a motion seeking entry of an order referring the parties to global mediation before the date set for hearing on this Motion.

**RELIEF REQUESTED**

9.      By this Motion, the Debtor requests entry of an order extending the current Removal Deadline of May 23, 2024, by 180 days through and including November 19, 2024, for all matters encompassed by Bankruptcy Rule 9027(a)(2) and (3), without prejudice to further extensions.

//

//

**BASIS FOR RELIEF REQUESTED**

10. As noted in the Gaspari Decl. and Passarello Background Decl., the Debtor is informed and believes that approximately 537 complaints have been filed in the Joint Coordinated Proceeding No. 5108 pending in Alameda Superior Court, although the RCASF may not have been served with all of them yet. The Debtor has filed its Schedules and Statement of Financial Affairs identifying each of the actions of which the Debtor was aware as of the initial schedules filing date of September 21, 2023. *See* ECF 152 and 153. The Debtor may become aware of other complaints hereafter (such actions, together with any other civil action to which the Debtor is, or may become, a party, collectively, the "Civil Actions").

11. As of the Bar Date, 541 Survivor Claimants (as defined in the Claims Procedures Order) have filed confidential Survivor Claims against the Debtor.[1]

12. The Debtor has consulted with the Committee regarding the filing of this Motion. The Debtor will provide notice of this Motion to the attorneys for each of the litigation counterparties to the Civil Actions (the "Litigation Counterparties") and will file an affidavit of service reflecting such service.

13. The RCASF intends to negotiate a plan of reorganization as early as possible which will: (a) allocate the RCASF's remaining assets fairly among the legitimate competing interests for such property; (b) provide a process to fully, fairly and expeditiously liquidate claims of abuse survivors; and (c) permit the RCASF to carry on the RCASF's essential ministries and services so the RCASF can continue to meet the needs of the Non-Debtor Catholic Entities, parishioners, and others who rely on the RCASF's ministry, education, and charitable outreach.

14. There have been about 30 or so Catholic Diocese or Archdiocese chapter 11 cases over the years. Many of those cases follow a similar path involving global mediation with all parties in interest including the Debtor, the Committee, insurance companies and relevant related and co-defendant parties.

---

[1] As of April 15, 2024, approximately 542 confidential Survivor Claims have been filed against the Debtor.

-4- Case No. 23-30564
DEBTOR'S SECOND MOTION FOR EXTENSION OF DEADLINE FOR REMOVAL OF CIVIL ACTIONS

Case: 23-30564    Doc# 592    Filed: 04/18/24    Entered: 04/18/24 14:38:28    Page 4 of 13

15. Several steps typically occur prior to beginning mediation. These include concluding all "first day" motions; exchanging information among the Debtor, Committee, insurers, and related parties; the Debtor and the Committee working together on the abuse claims noticing and filing procedures and deadlines which will be presented to the Court for approval; determining a course to stay the litigation against co-defendants, additional insured parties, and potential contributors to a reorganization plan settlement; selection and appointment of an unknown claims representative; selection of a mediator; and mediation. The results of the mediation form the basis for the chapter 11 plan of reorganization.

16. Since the Petition Date, the Debtor has worked diligently on these matters, including the filing and adjudication to interim orders of six "first day" motions, employment of the professionals needed to administer this Chapter 11 case, and engaging with counsel to the Committee and the insurers on the process of moving forward toward mediation.

17. On November 8, 2023, the Committee filed an *Ex Parte Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Oral Examination of the Debtor; and Production of Documents of Debtor, Parishes, and Affiliates; and Ordering Debtor to Submit Declaration* [ECF 292] ("Rule 2004 Application"). On December 19, 2023, the Court entered its order on the Rule 2004 Application. *See* ECF 383.

18. The Debtor and the Committee have met and conferred extensively relating to the form of a detailed Stipulated Protective Order, which is intended to govern the production of records to the Committee in response to the Committee's discovery requests under the Rule 2004 Application (the "Committee Discovery Requests"). *See* ECF 374. After entry of the Stipulated Protective Order on December 18, 2023, the Debtor has continued to meet and confer with the Committee regarding the Committee Discovery Requests and has produced documents, including confidential documents, to the Committee on a rolling basis as part of the parties' preparation for the anticipated mediation. Given the expansive scope of the Committee Discovery Requests, the Debtor has devoted substantial resources to responding to them. The Debtor is also communicating with the insurers who have requested documents in preparation for the mediation.

//

19. In accordance with the Bar Date Order, the Debtor has provided the Committee and certain Insurers (after review and execution by each of the Claims Confidentiality Agreement approved by the Bar Date Order) with access to confidential claims filed by Survivor Claimants. The Debtor is in the process of analyzing the Survivor Claims (as defined by the Bar Date Order) to prepare for mediation and believes that the Committee and Insurers also are doing the same.

20. The Committee, Debtor, and the Debtor's insurers and other coverage providers (the "<u>Insurers</u>") (collectively, the "<u>Mediation Parties</u>") have engaged in some discussions about mediation. The Mediation Parties anticipate material issues to resolve, such as: (a) the terms of a plan of reorganization, including, but not limited to, potential contributions by the Debtor and other Non-Debtor Catholic Entities (as defined in the Passarello Background Decl.) to fund a global settlement to be implemented under a chapter 11 plan; (b) the value of certain estate property; and (c) the insurance coverage available to compensate claimants.

21. The Debtor has conferred with both the Committee and the Insurers. The Debtor believes that all parties will agree that the negotiation and resolution of these matters should be facilitated and attempted through mediation. As noted above, the Debtor is in the process of preparing a motion to obtain approval of mediators and the mediation process.

## **LEGAL BASIS FOR RELIEF REQUESTED**

22. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 governs the removal of pending civil actions related to chapter 11 cases. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Bankruptcy Rule 9006(b)(1) permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027 "for cause shown . . . if the request therefor is made before the expiration of the period originally prescribed."

23. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

-6-  Case No. 23-30564
DEBTOR'S SECOND MOTION FOR EXTENSION OF DEADLINE FOR REMOVAL OF CIVIL ACTIONS
Case: 23-30564    Doc# 592    Filed: 04/18/24    Entered: 04/18/24 14:38:28    Page 6 of 13

24. Bankruptcy Rule 9027(a)(2) provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

25. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

26. Under Bankruptcy Rule 9006(b), the Court may extend unexpired time periods, such as the Debtor's removal period, with or without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).

27. It is well settled that bankruptcy courts may extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear") *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 49 (Bankr. S.D.N.Y. 1989)

(period in which to file motion for removal may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

28. As noted above, the Debtor is party to numerous Civil Actions. Since the filing of this Chapter 11 Case, the Debtor has focused a substantial amount of its time on issues related to its operations, the preparation of its schedules and statement of financial affairs, on addressing all of the issues related to transitioning its affairs to acting as a debtor in possession, and other issues necessary to move toward mediation. Further, the Debtor has made significant progress in moving toward mediation. The Debtor has been providing documents to the Committee and Insurers, assessing the claims filed by Survivor Claimants, and conferring with the Committee and the Insurers regarding the proposed mediation.

29. Given the substantial progress that has been made and the circumstances of this case, the Debtor believes it is premature to decide whether it is appropriate to file notices of removal with respect to the Civil Actions and that the interests of all parties are served by extending the deadline for removal. Further, removing the large number of pending Civil Actions prior to a determination of whether removal will benefit the parties is an enormous task that should only be taken after careful consideration and necessity.

30. There is cause to extend the time prescribed under Bankruptcy Rule 9027(a), through and including November 19, 2024, to protect the Debtor's right to remove any Civil Actions it may deem appropriate. The extension sought will afford the Debtor a reasonable period to determine whether to remove any pending Civil Actions and will ensure that the Debtor does not forfeit valuable rights under 28 U.S.C. 1452 and Bankruptcy Rule 9027 prematurely. Further, the rights of the Debtor's adversaries will not be prejudiced by such an extension because any party to an action that is removed may seek to have it remanded to the state court from which it came pursuant to 28 U.S.C. § 1452(b). Moreover, the extension will promote the efficient administration of the estate given the extraordinary circumstances of hundreds of pending lawsuits, and the effort to achieve a consensual plan.

31.     The Debtor further requests that the order approving this Motion be without prejudice to (a) any position the Debtor may take on whether section 362 of the Bankruptcy Code stays any given Civil Action pending against the Debtor, and (b) the right of the Debtor to seek further extensions of the Removal Deadline.

32.     For the reasons stated above, the Debtor submits that the relief requested herein is appropriate and in its best interests, as well as in the best interests of its estate and creditors. Other courts have routinely granted similar requests by debtors for extensions of the removal period. *See, e.g., In re The Roman Catholic Bishop of Santa Rosa*, Case No. 23-10113 (Bankr. N.D. CA December 4, 2023) [ECF 530] (second extension of removal deadline by additional 180 days); *In re The Roman Catholic Bishop of Oakland*, Case No. 23-40523 (Bankr. N.D. CA August 22, 2023) [ECF 387] (second extension of removal deadline by additional 182 days); *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-bk-30088-DM (Bankr. N.D. Cal May 29, 2019) [ECF 2278] (extending deadline by 182 days); *Roman Catholic Diocese of Harrisburg,* Case No. 1:20-bk-000599 (Bankr. M.D. Penn.) January 31, 2023 [ECF 1508] (10th extension of removal deadline); *The Roman Catholic Diocese of Rockville Centre*, Case No. 20-bk-00599 (Bankr. M.D. Pa. Sept. 18, 2020) [ECF 437]; *In re On Marine Sers. Co. LLC*, Case No. 20-20007 (Bankr. W.D. Pa. March 17, 2020) [ECF 107] (extending removal deadline by 120 days); *In re Wordsworth Acad., et al.*, Case No. 17-14463 (Bankr. E.D. Pa. Oct. 18, 2017) [ECF 359] (extending removal deadline by 125 days); *In re Chaparral Energy, Inc.*, Case No. 16-11144 (Bankr. D. Del. Aug. 15, 2016) [ECF 406] (extending removal deadline by 120 days); *In re Cal Dive Int'l.*, Case No. 15-10458 (Bankr. D. Del. June 18, 2015) [ECF 494] (same); *In re QCE Fin. LLC*, Case No. 14-10543 (Bankr. D. Del. Feb. 24, 2015) [ECF 630] (same); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. July 16, 2014) [ECF 1590] (extending removal deadline by 180 days); *In re Caribbean Petroleum Corp.*, Case No. 10-12553 (Bankr. D. June 2, 2014) [ECF 2086] (extending deadline by 120 days).

//

//

//

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that this Court enter an order, in substantially the form attached hereto as **Exhibit 1**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 18, 2024	FELDERSTEIN FITZGERALD WILLOUGHBY
PASCUZZI & RIOS LLP


By:	*/s/ Jason E. Rios*
	PAUL J. PASCUZZI
	JASON E. RIOS
	THOMAS R. PHINNEY

	Attorneys for The Roman Catholic Archbishop of San Francisco


Dated: April 18, 2024	SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:	*/s/ Ori Katz*
	ORI KATZ
	ALAN H. MARTIN

	Attorneys for The Roman Catholic Archbishop of San Francisco

**Exhibit 1**

**[Proposed Order Extending Time for Removal]**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>　　Debtor and<br>　　Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING DEBTOR'S SECOND MOTION FOR EXTENSION OF DEADLINE FOR REMOVAL OF CIVIL ACTIONS [28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027]**<br><br>Date:　　May 16, 2024<br>Time:　　1:30 p.m.<br>Location:　Via ZoomGov<br>Judge:　　Hon. Dennis Montali |

Upon consideration of the motion (the "Motion") for entry of an order (this "Order") extending the Removal Deadline by 180 days, without prejudice to the Debtor's right to seek further extensions of the same, all as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED as set forth herein.

2. Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9027 and 9006, the deadline to remove claims or causes of action in a civil proceeding is extended 180 days from May 23, 2024,

through and including November 19, 2024.

3. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Order is without prejudice to (a) any position the Debtor may take on whether section 362 of the Bankruptcy Code stays any litigation pending against the Debtor, or (b) the Debtor's right to seek further extensions of the Removal Deadline.

5. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**END OF [PROPOSED] ORDER**

Court Service List

No service required.