PAUL J. PASCUZZI, State Bar No. 148810
JASON E. RIOS, State Bar No. 190086
THOMAS R. PHINNEY, State Bar No. 159435
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:	(916) 329-7400
Facsimile:	(916) 329-7435
Email:	ppascuzzi@ffwplaw.com
	jrios@ffwplaw.com
	tphinney@ffwplaw.com

ORI KATZ, State Bar No. 209561
ALAN H. MARTIN, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:	(415) 434-9100
Facsimile:	(415) 434-3947
Email:	okatz@sheppardmullin.com
	amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF FR. PATRICK SUMMERHAYS IN SUPPORT OF DEBTOR'S THIRD MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS [11 U.S.C. § 1121(d)]**<br><br>Date:	June 13, 2024<br>Time:	1:30 p.m.<br>Location:	Via ZoomGov<br>Judge:	Hon. Dennis Montali |

///

///

///

I, Fr. Patrick Summerhays, declare as follows:

1. I am the Vicar General and Moderator of the Curia of The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein (the "RCASF" or the "Debtor"). I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. All facts set forth in this declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by the RCASF's professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the RCASF's operations, financial condition, and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of the RCASF, prepared and maintained in the ordinary and regularly conducted business activity of the RCASF, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the RCASF.

3. I make this Declaration in support of the *Debtor's Third Motion for Order Extending Exclusive Periods*, filed concurrently herewith (the "Motion").[1]

4. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. Since August 21, 2023 (the "Petition Date"), the Debtor has established itself as a debtor in possession and successfully navigated the early stages of the Chapter 11 case, including: (i) completed schedules have been filed, (ii) the first meeting of creditors has been conducted, (iii) all first day motions have been granted, and (iv) the court authorized the employment of professionals for the Debtor and the Official Committee of Unsecured Creditors ("Committee").

5. The Debtor obtained approval of an extensive claims bar date notice procedure by

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

order dated November 21, 2023 (ECF 337) ("Bar Date Order"). The Debtor implemented the extensive noticing procedures for the February 20, 2024, claims bar date. See Notices at ECF 349, 350. I am informed and believe that for "Permitted Parties" that have executed the court-approved confidentiality agreement, the Debtor has provided access to the filed confidential Survivor Proofs of Claim. The Debtor's statement and summary of steps taken to comply with the Bar Date Order was filed on April 15, 2024 (ECF 587).

6. I am informed and believe that the Debtor and the Committee met and conferred extensively relating to the form of a detailed Stipulated Protective Order (ECF 374), which governs the production of records to the Committee in response to the Committee's Rule 2004 requests. The Debtor has been meeting and conferring and producing documents on a rolling basis, including confidential documents, requested by the Committee as part of the parties' preparation for an expected mediation. Given the extensive breadth of the Committee's document requests, a significant amount of resources are being devoted to this task. I am informed and believe that, at the Committee's insistence, the Debtor also has been facilitating the production of affiliate discovery on a rolling basis.

7. I am informed and believe that the Debtor and the Committee have met and conferred extensively relating to a motion for entry of an order referring parties to global mediation, the selection of mediator(s), and granting related relief. I am informed and believe that the motion to refer to mediation will have been filed prior to the hearing on this motion.

8. The relief requested in the Motion is necessary and appropriate given the stage of the case, the complexity of the case, the steady progress in the postpetition management of the case, and the progress toward developing a process to facilitate a plan of reorganization.

9. Since the Petition Date, the Debtor has paid its employees, vendors, utilities providers, the U.S. Trustee, and other post-petition expenses in the ordinary course of business or as otherwise provided by Court order. The Debtor has the current financial resources to continue to pay its bills as they come due and will continue to do so.

10. The Debtor has the means and ability to propose a viable plan. The Debtor has retained the necessary skilled professionals and has actively engaged with the Committee. The

Debtors assets are set forth in its schedules and support the ability of the Debtor to propose a plan that meets these objectives.

11. While it is too early in the Chapter 11 Case to identify the terms of a plan, there is no reason to doubt a feasible plan can be filed. The Debtor has been working expeditiously with the Committee and other key stakeholders to begin toward the path to develop a consensual plan to emerge from chapter 11.

12. The Debtor's request to extend the Exclusive Periods is needed to allow sufficient time to propose and negotiate a plan and is not for the purpose of pressuring creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 14, 2024, at San Francisco, California.

Fr. Patick Summerhays