James I. Stang (CA Bar No. 94435)
Debra I. Grassgreen (CA Bar No. 169978)
Andrew W. Caine (CA Bar No. 110345)
Brittany Mitchell M. Michael *(Pro Hac Vice)*
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: jstang@pszjlaw.com
       dgrassgreen@pszjlaw.com
       acaine@pszjlaw.com
       bmichael@pszjlaw.com

Attorneys for the Official Committee of
Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor. | Case No. 23-30564<br><br>Chapter 11<br><br>**JOINDER TO MOTION FOR ENTRY OF AN ORDER REFERRING PARTIES TO GLOBAL MEDIATION, APPOINTING MEDIATOR AND GRANTING RELATED RELIEF**<br><br>Date: June 13, 2024<br>Time: 1:30 p.m.<br>Place: via Zoom<br>Judge: Hon. Dennis Montali |

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Archbishop of San Francisco, debtor and debtor in possession (the "RCASF" or "Debtor"), hereby joins the Debtor's *Motion for Entry of an Order Referring Parties to Global Mediation, Appointing Mediator and Granting Related Relief* (the "Motion")[1] and reserves its rights regarding participation in mediation and its ability to seek this Court's intervention regarding outstanding

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

discovery matters. In support of this Joinder and Reservation of Rights, the Committee states:

1. On August 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The bankruptcy was filed on the eve of trial for the first two of the over 500 sexual abuse lawsuits filed against the Debtor in state court after the statute of limitations applicable to childhood survivors of sexual abuse was expanded and became effective in January 2020.

2. The first day declaration of Joseph Passarello, the Debtor's Chief Financial Officer, describes the Parishes and other "affiliates" as "separate" entities from the Debtor.[2] The Committee strongly disagrees with the characterization.[3] However, regardless of their characterization in the bankruptcy, the Debtor does not dispute that it will seek (and likely require) protection for the "Non-Debtor Catholic Entities" through this bankruptcy case and any potential plan of reorganization.

3. On December 19, 2023, following efforts to meet and confer among the parties and multiple status reports to the Court, the Court approved the Committee's application for an order approving issuance of a subpoena for the production of documents of the Debtor, the Parishes, and its "affiliates" pursuant to Bankruptcy Rule 2004 (the "2004 Order") [Docket No. 383], taking place in four stages between January and March.

4. On January 9, 2024, the Committee served a subpoena for the production of documents ("Document Requests") on the Debtor. On January 26, 2024, the Debtor served written responses and objections to the first phase of the Document Requests and later served additional responses and objections. Counsel for the Committee and the Debtor have conferred almost weekly regarding the Document Requests. While substantial progress has recently been made towards providing the Committee with requested information, to date the Committee does not have all of the foundational information it needs to participate in mediation.

---

[2] *See Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [Docket No. 14] ("Passarello First Day Declaration"), ¶¶18-40.

[3] *See Committee's Response* to Passarello First Day Declaration [Docket Nos. 604, 610].

5. Much of the absent essential information relates to the assets and financial condition of "affiliates." The Parishes and other "affiliates" are each represented by separate counsel. While the Committee believes that the Debtor has possession of and authority to produce the affiliate financial information, the Debtor has continued to decline to produce the documents without consent of "affiliate" counsel. Some such consents have very recently been forthcoming, but the universe of documents produced to date is far less than what the Committee has requested.

6. Therefore, while the Committee enthusiastically supports the appointment of Judges Sontchi and Buckley as Mediators and endorses their extensive background, skills, and experience that qualify them to assist in this case, the Committee reserves its rights to abstain from participating in mediation until it has essential financial information for all entities for whom the Debtor will seek protection through this chapter 11 case. The Committee also reserves its rights to return to this Court for an order compelling production or approving additional motions under Bankruptcy Rule 2004.

WHEREFORE, the Committee respectfully joins in the Debtor's request that the Court enter the Proposed Order substantially in the form attached to the Motion and reserves its rights as to participation in any ordered mediation until such time as it has been provided with sufficient financial information from all mediation participants as to allow for meaningful settlement negotiations.

Dated: May 16, 2024            PACHULSKI STANG ZIEHL & JONES LLP

                               By   /s/*James I. Stang*
                                    James I. Stang
                                    Debra I. Grassgreen
                                    Andrew W. Caine
                                    Brittany M. Michael

                                    Attorneys for The Official Committee of
                                    Unsecured Creditors