

Signed and Filed: June 20, 2024

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 23-30564-DM )|
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | ) Chapter 11 ) ) |
| Debtor. | ) ) ) ) |

### MEMORANDUM DECISION ON MOTION FOR ORDER REFERRING PARTIES TO GLOBAL MEDIATION

The court has considered the Debtor's *Motion for Entry of an Order Referring Parties to Global Mediation, Appointing Mediator and Granting Related Relief* (Dkt. 635), the Official Committee of Unsecured Creditors' *Joinder to Motion for Entry of an Order Referring Parties to Global Mediation, Appointing Mediator and Granting Related Relief* (Dkt. 641), the Insurers' *Objection to Debtor's Motion for Entry of an Order Referring Parties to Global Mediation, Appointing Mediator and Granting Related Relief* (Dkt. 668), and the various replies and other supporting papers.

With the consent of principal counsel on the record at the hearing on June 13, 2024, the court thereafter spoke off the record and in confidence with each of the parties' nominees for mediator.  Those discussions have convinced the court that appointment of multiple mediators named below will advance the interests of all parties in achieving a desired result in this case, and their appointment and compensation are in the best interests of the estate, the Debtor's mission, and all of its intended beneficiaries, including the survivors of abuse. Those mediators bring diverse skills and experience and have impressed the court with a willingness to work together in a cooperative and efficient manner in an attempt to achieve the desired goal.

The motion will be granted in part and the objections overruled in part.  Debtor should prepare, serve and upload a revised form of order referring this case to mediation and appointing mediators consistent with this Memorandum Decision, and making the following changes noted below to the versions of the order previously submitted:

1. The order should eliminate references to Bankruptcy Code Sections 327, 330 and 331 but specifically authorize appointment of the mediators named below and specifically incorporating the provisions regarding Immunities as proposed by the Debtor and unopposed by any party.

2. Christopher S. Sontchi, Timothy V.P. Gallagher and Daniel J. Buckley are appointed as mediators.

Case: 23-30564    Doc# 704    Filed: 06/20/24    Entered: 06/21/24 09:40:31    Page 2 of 5

3. The compensation of the mediators shall be paid in the following percentages: 66-2/3% by the Debtor's estate and 33-1/3% by the Insurers.
4. The following language, as proposed by Insurers in Dkt. 668, should be included rather than Para. 9 proposed by Debtor in Dkt. 686:

> <u>Confidentiality.</u> The provisions of Local Rule 9047-1 pertaining to the "Confidentiality" of the Bankruptcy Dispute Resolution Program shall govern the Mediation; provided, however, that if a Mediation Party (a) seeks to rely on fact and/or outcome of the Mediation to prove "good faith" under 11 U.S.C. § 1129(a)(3) or (b) puts at issue any good faith finding concerning the Mediation made by the Court (or a reviewing court) under 11 U.S.C. § 1129(a)(3) in any subsequent action concerning insurance coverage, the rights of other parties to seek discovery into, concerning, and related to the Mediation is preserved.

5. The following language, as proposed by the Debtor in Dkt. 686, Para. 11, should be included, the court rejecting the additional language proposed by the Insurers in Dkt. 668, Para. 11, beginning at "and (b)":

Case: 23-30564    Doc# 704    Filed: 06/20/24    Entered: 06/21/24 09:40:31    Page 3 of 5

> No Impairment of Privileges. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall require any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product, or any other legally recognized privilege.

Other provisions of the Debtor's most recent proposal (Dkt. 686) should be repeated in the order; provided, however, all counsel are encouraged to meet and confer regarding any further needed and agreed upon changes to any other provision, Mediation Procedures and Discovery as discussed on the record at the June 13, 2024 hearing.

*** END OF MEMORANDUM DECISION ***

COURT SERVICE LIST

ECF Recipients