James I. Stang (CA Bar No. 94435)
Andrew W. Caine (CA Bar No. 110345)
Gail Greenwood (CA Bar No. 169939)
Brittany M. Michael *(Pro Hac Vice)*
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email:  jstang@pszjlaw.com
       acaine@pszjlaw.com
       ggreenwood@pszjlaw.com
       bmichael@pszjlaw.com

Attorneys for the Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| In re | Case No. 23-30564 |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor. | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF DOCUMENTS UNDER SEAL** |
| | Date: March 13, 2025<br>Time: 1:30 p.m.<br>Place: Via Zoom Videoconference<br>Hon. Dennis Montali |

**TO THE COURT AND INTERESTED PARTIES:**

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Archbishop of San Francisco (the "Debtor") brings this motion to file certain documents under seal pending a determination of whether the Claims Data and IRB Minutes, as defined in the accompanying motion (the "Disclosure Motion"), should be accessible to the public.

The Committee requests authority to file Exhibits A, B, and C to the Declaration of Brittany Michael, and redacted portions of the Disclosure Motion (collectively, the "Abuse Information"), under seal pursuant to Bankruptcy Code sections 105(a) and 107(b), Federal Rule of Bankruptcy Procedure 9018, Local Bankruptcy Rule 1001-2(a), and the local district procedures

4906-6005-4037.1 05068.002

adopted by this Court.[1] The motion is supported by the accompanying declaration of Brittany M. Michael. A proposed form of order granting the relief requested is uploaded concurrently herewith in accordance with the local district procedures and attached hereto as Exhibit 1.

Pursuant to the local district procedures, **within four court days of the filing of this motion, any party may file a declaration in support of or in opposition to the sealing motion.**

## I. RELEVANT BACKGROUND

The Committee contends that the aggregated and anonymous Claims Data is not subject to protection under the Bar Date Order [Docket No. 337] and the minutes of the Independent Review Board (IRB) should not be deemed "Confidential" under the parties' Stipulated Protective Order [Docket No. 374].

The Claims Data, submitted as **Exhibit A** to the Michael Declaration, is approximately seven pages in length and identifies the number of claims against named perpetrators, where abuse occurred, when the abuse occurred, types of abuse, the age of the survivors at the time of the abuse, and the age of the survivors now. The Claims Data is anonymous regarding the claimants and omits any claimant personal identifying information.

The IRB Minutes, submitted as **Exhibit B** to the Michael Declaration, are comprised of meeting minutes from 2015-2023 of the Independent Review Board that oversees the Debtor's review of child sexual abuse allegations. The IRB Minutes have been redacted by the Debtor and designated as "Confidential." The claimant names are not disclosed, or are redacted, and the perpetrator names are typically anonymized.

The Committee submits five proofs of claim by survivors as **Exhibit C** to the Michael Declaration,[2] detailing abuse by a priest who remains on the Debtor's good standing list despite years of documented child safety concerns. The proofs of claim are submitted for context and out of the Committee's concern for public safety.

---

[1] *See Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California; https://www.canb.uscourts.gov/procedure/district/procedures-filing-redacted-or-sealed-confidential-or-highly-sensitive-documents

[2] These five survivors have expressly consented to disclosure of their claims.

Case: 23-30564    Doc# 985    Filed: 02/04/25    Entered: 02/04/25 10:35:26    Page 2 of 8
4906-6005-4037.1 05068.002                                2

Lastly, the Committee has redacted and proposes to file under seal the portions of its Disclosure Motion that are derived from the IRB Minutes pending the Court's determination of whether the minutes are subject to blanket confidentiality.

## II. JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b) because this is a proceeding arising in or related to a case under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

Pursuant to Bankruptcy Code sections 105(a) and 107(b), Federal Rule of Bankruptcy Procedure 9018, Local Bankruptcy Rule 1001-2(a) incorporating Civil Local Rule 79-5, and the local district procedures adopted by this Court, the Committee requests authority to file the Abuse Information under seal pending the Court's ruling on the Disclosure Motion. The Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit 1**.

## IV. LEGAL ARGUMENT

### A. Confidential Documents May Be Filed Under Seal.

Section 105(a) of the Bankruptcy Code empowers the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9018 further provides that by motion or on its own, the Court may "issue any order that justice requires to:… protect" the estate or any entity regarding a trade secret, confidential research, or commercial information, or scandalous or defamatory matter. Fed. R. Bank. P. 2018(a)(1)-(2). In this case, the Bar Date Order governs the confidentiality of survivors' proofs of claim for the benefit of survivors. The parties' Stipulated Protective Order governs the designation of documents as "Confidential" pursuant to Bankruptcy Code section 107(b). Section 107(b) of the Bankruptcy Code, entitled Public Access to Papers, similarly provides that the Court may protect an entity with respect to a trade secret or a person with respect to scandalous or defamatory matters.

The Bankruptcy Code, Rules, and local procedures each authorize filing confidential information under seal. The Ninth Circuit recognizes that documents subject to a valid protective order may be filed under seal. *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002); *Folz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1134-36 (9th Cir. 2003); *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006). However, a strong presumption remains in favor of public access such that the documents may be unsealed upon a showing of good cause. *Id.* An alternative to sealing documents that are subject to a dispute over disclosure is an *in camera* judicial inspection, but the informal proceeding may complicate appellate review. *Folz,* 331 F.3d at 1136 n.6. Bankruptcy courts commonly file confidential financing documents under seal. *See, e.g. In re PG&E Corp.,* Case No. 19-30088 (DM) (Bankr. N.D. Cal. Feb. 4, 2019) (D.I. 286) (granting motion to seal DIP financing fee letters).

The Committee seeks authority to file the Abuse Information under seal pending the Court's determination of the accompanying Disclosure Motion. The Debtor refused to stipulate that the Abuse Information, including Claims Data, may be publicly disclosed. Until the Court rules otherwise, the IRB Minutes are subject to confidentiality pursuant to the terms of the parties' Stipulated Protective Order. The Committee's request for sealing is strictly procedural and narrowly tailored so that the Court can consider the Abuse Information to determine whether it should appropriately be made public.

**B. The Committee Seeks Disclosure of the Underlying Documents and Only Requests Sealing Pending the Court's Review and Consideration of Public Interests.**

As set forth in the Disclosure Motion, the Claims Data is not subject to protection because survivor information is adequately protected and the IRB Minutes have already been redacted and should not be entitled to blanket confidentiality. *Phillips, supra,* 307 F.3d at 1212 (strong presumption in favor of access to judicial documents can only be overcome only by showing "sufficiently important countervailing interests;" citing authorities); *Kamakana, supra,* 447 F.3d at 1176 (affirming order unsealing documents; "The [district] court reserves the right to unseal materials filed under seal if, upon reviewing the sealed materials, the court determines that they should be available to the public or otherwise do not merit sealed status.").

The Committee requests authority to file the Abuse Information under seal, consistent with the Bar Date Order and the Stipulated Protective Order, for the limited purpose of assisting the Court's determination of the Disclosure Motion.

## V. NOTICE

Notice of this motion will be provided to the United States Trustee, counsel for the Debtor, and all persons who are on the Limited Service List as of January 31, 2025 [Docket No. 979]. The Committee submits that no further notice is required.

## VI. CONCLUSION

The Committee respectfully requests that the Court enter an order authorizing the filing under seal of Exhibits A, B, and C to the Declaration of Brittany Michael and redacted portions of the Disclosure Motion, all pending the Court's determination of whether such information should appropriately be made public.

Dated: February 4, 2025      PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ James I. Stang*
James I. Stang
Andrew W. Caine
Gail Greenwood
Brittany M. Michael

Attorneys for the Official Committee of Unsecured Creditors

4906-6005-4037.1 05068.002

5

# EXHIBIT A

1  James I. Stang (CA Bar No. 94435)
   Andrew W. Caine (CA Bar No. 110345)
2  Gail Greenwood (CA Bar No. 169939)
   Brittany M. Michael *(Pro Hac Vice)*
3  PACHULSKI STANG ZIEHL & JONES LLP
   One Sansome Street, 34th Floor, Suite 3430
4  San Francisco, California 94104-4436
   Telephone: 415-263-7000
5  Email: jstang@pszjlaw.com
          acaine@pszjlaw.com
6         ggreenwood@pszjlaw.com
          bmichael@pszjlaw.com
7
   Attorneys for the Official Committee of
8  Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor. | Case No. 23-30564<br><br>Chapter 11<br><br>**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF DOCUMENTS UNDER SEAL** |

The Court has considered the *Motion to File Documents Under Seal* [Docket No. ___] ("Motion to Seal") and supporting declaration filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case. Based upon the record before the Court, including the Committee's *Motion for an Order Authorizing Disclosure of Independent Review Board Minutes and Aggregated Claims Data* ("Disclosure Motion") and the Declaration of Brittany Michael in support of the Disclosure Motion ("Michael Declaration"), pursuant to Bankruptcy Code sections 105 and 107, Bankruptcy Rule 9018, and the District Procedures of the Bankruptcy Court for the Northern District of California, and for good cause,

**IT IS HEREBY ORDERED:**

1. The Motion to Seal is GRANTED.

2. Exhibits A, B, and C to the Michael Declaration and redacted portions of the Disclosure Motion shall remain sealed and shall become part of the court record. The clerk of the court will annotate the original docket entry as follows: PROPOSED SEALED DOCUMENT APPROVED – REFER TO DOCKET ENTRY #____.

3. Notice of the Motion to Seal, as described therein, shall be deemed sufficient and the requirements of the Bankruptcy Code and local procedures are satisfied by such notice.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # # #

4887-7679-3321.1 05068.002

2