James I. Stang (CA Bar No. 94435)
Andrew W. Caine (CA Bar No. 110345)
Gail S. Greenwood (CA Bar No. 169939)
Brittany Mitchell M. Michael *(Pro Hac Vice)*
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: jstang@pszjlaw.com
        acaine@pszjlaw.com
        ggreenwood@pszjlaw.com
        bmichael@pszjlaw.com

Timothy W. Burns *(Pro Hac Vice)*
Jesse J. Bair *(Pro Hac Vice)*
BURNS BAIR LLP
10 East Doty Street, Suite 600
Madison, Wisconsin 53703-3392
Telephone: 608-286-2808
Email: tburns@burnsbair.com
        jbair@burnsbair.com

Attorneys for the Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor. | **DECLARATION OF VINCE FINALDI IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER GRANTING CERTAIN TRIAL-READY SURVIVORS RELIEF FROM THE AUTOMATIC STAY TO PURSUE STATE COURT LITIGATION** |

I, Vince Finaldi, declare under penalty of perjury as follows:

1.     I am a partner of the law firm of Manly Stewart Finaldi, counsel to John SF-1 Doe ("Survivor Plaintiff") and numerous other childhood sexual abuse survivors who have filed lawsuits against The Roman Catholic Archbishop of San Francisco (the "Archdiocese"). I am duly admitted to practice law in the state and federal courts of California. I submit this

Declaration in support of *The Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief From the Automatic Stay to Pursue State Court Litigation* (the "Motion for Stay Relief"),[1] filed herewith. I have personal knowledge of the facts set forth herein unless otherwise stated.

2. I am an attorney of record for the Survivor Plaintiff in the Trial Case that is pending and stayed in San Francisco County Superior Court, *John SF-1 Doe v. Doe 1 et al.,* case number CGC-20-584162, and lead plaintiffs' counsel for the Trial Cases. The Trial Cases were subject to coordination in the Coordinated Proceeding pending in Alameda County Superior Court, *In re Northern California Clergy Cases,* JCCP No. 5108.

3. My client initiated his Trial Case on April 16, 2020 by filing a complaint for damages. My client alleges that he was repeatedly sexually abused by Father Joseph Pritchard, beginning in or around 1974, when he was 11 years old and in the fifth grade, until he was 14 years old in or about 1977. My client and I were prepared to bring the Trial Case before a San Francisco jury in August 2023, after extensive discovery was completed, pretrial motions were filed, and motions in limine were submitted. The Trial Case was automatically stayed and my client was denied an opportunity to prove his claims just two days before the trial was scheduled to begin. On behalf of my client, **I am ready to request a renewed trial date from the San Francisco Superior Court as soon as possible.**

**The Coordinated Proceeding**

4. The Trial Case has been subject to coordination in the Coordinated Proceeding. All lawsuits alleging sexual abuse against various Catholic institutions in Northern California are before a single judge and the individual actions have been stayed. The initial coordinating judge established a protocol for preliminary discovery, including the exchange of detailed "fact sheets" and document productions by the plaintiffs and defendants. Thereafter, cases from the Coordinated Proceeding were selected for bellwether trials, with the litigation stay lifted for

---

[1] Capitalized terms have the meanings set forth in the Motion for Stay Relief unless otherwise defined.

purposes of depositions, expert discovery, and dispositive motions, in preparation for sending the bellwether cases back to their original courts for jury trial.

5. Attached hereto as **Exhibit F** is a copy of the *Order Granting Petition to Coordinate* entered on July 22, 2020 in the Coordinated Proceeding.

6. Attached hereto as **Exhibit G** is a copy of the *Stipulation and Order Re: Preliminary Discovery Procedures (Fact Sheets, Authorizations, and Production of Documents)* entered on August 10, 2021 in the Coordinated Proceeding.

7. Attached hereto as **Exhibit H** is a copy of the *Order on Criteria for Bellwether Cases* entered on November 18, 2022 in the Coordinated Proceeding.

8. Attached hereto as **Exhibit I** is a copy of the *Order Lifting Stay of Discovery as to Certain Bellwether Trial Cases* entered on November 30, 2022 in the Coordinated Proceeding. Pursuant to this order, the Trial Case was identified as a representative case that would proceed to trial and the coordinating stay was lifted to permit further discovery.

9. Attached hereto as **Exhibit J** is a copy of the *Amended Case Management Conference Order* entered on December 5, 2022 in the Coordinated Proceeding.

10. Attached hereto as **Exhibit K** is a copy of the *Order Transferring Case to San Francisco for Trial* entered on December 12, 2022 in the Coordinated Proceeding. This order specified that transfer of the Trial Case was effective June 15, 2023, at which point the cases were required to be "trial ready."

11. Attached hereto as **Exhibit L** is a copy of *Order Regarding Pretrial Dates and Deadlines for San Francisco County Bellwether Trial(s)* entered on March 23, 2023 in the Coordinated Proceeding. Pursuant to this order, the coordinating judge established pretrial deadlines for discovery and motions in the Trial Cases prior to their transfer to San Francisco Superior Court.

12. Attached hereto as **Exhibit M** is a copy of the *Order Transferring John SF-1 v. RCASF, San Francisco CGC-20-584162 to San Francisco for Trial* entered on July 19, 2023 in the Coordinated Proceeding.

13.     On or about December 29, 2023, the Coordinated Proceeding was reassigned from Judge Evelio Grillo to Judge Noel Wise.

14.     On or about December 24, 2024, the Coordinated Proceeding was reassigned to Judge S. Raj Chatterjee.

15.     Attached hereto as **Exhibit N** is a copy of the Case Management Order entered on January 23, 2025 by Judge Chatterjee.

**The San Francisco Trial Preparation**

16.     Attached hereto as **Exhibit O** is a copy of the *Minutes of the Case Management Conference* dated August 11, 2023.  Pursuant to the case management conference, the Trial Cases were set for a trial to begin on August 23, 2023 at 9:30 a.m. before Judge Garrett Wong in Department 604, with all motions including motions in limine due on August 17, 2023 and oppositions due on August 21, 2023.  At that point, the Trial Cases were jointly administered but had not been consolidated.

17.     On August 16 and 17, 2023, the Archdiocese filed the following pleadings in the Trial Cases:

- Memorandum of Points and Authorities in Opposition to Plaintiff's Joint Motion to Consolidate Cases for Trial;
  - Declaration of Steven Penrod in Opposition to Plaintiff's Joint Motion to Consolidate Cases for Trial
  - Declaration of Zachary Smith in Opposition to Plaintiffs' Joint Motion to Consolidate Cases for Trial
  - Request for Judicial Notice and Declaration of Zachary Smith in Opposition to Plaintiffs' Joint Motion to Consolidate Cases for Trial
- Notice of Motion and Motion to Bifurcate Trial Pursuant to Civil Code 3295; Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial Pursuant to Civil Code 3295
  - Declaration of Zachary Smith in Support of Defendant's Motion to Bifurcate Trial

1    o  Request for Judicial Notice and Declaration of Zachary Smith in Support of

2       Defendant's Motion to Bifurcate Trial

3    •  Notice of Motion and Motion to Strike Irrelevant and Improper Matter from

4       Plaintiffs' Pleading

5    •  Motion in Limine No. 1 to Prohibit Mention of Defendant's Wealth or Profits

6    •  Motion in Limine No. 2 to Prohibit Mention of Other Cases or Claims

7    •  Motion in Limine No. 3 to Prohibit Evidence, Argument, and/or Mention of

8       Pritchard as a Party to the Action

9    •  Motion in Limine No. 4 to Prohibit Evidence, Argument, and/or Mention of the

10      2004 Recreated Letter

11   •  Motion in Limine No. 5 to Preclude Expert Opinions on Plaintiffs' Lost Earnings

12      o  Declaration of Zachary Smith in Support of Defendant's Motions in Limine

13      o  Request for Judicial Notice and Declaration of Zachary Smith in Support of

14         Defendant's Motions in Limine

15   18.  On August 17, 2023, the Survivor Plaintiffs jointly filed the following pleadings:

16   •  Joint Notice of Motion to Consolidate Cases for Joint Trial Pursuant to CCP

17      1048(a)

18      o  Memorandum of Points and Authorities in Support of Plaintiffs' Joint

19         Motion to Consolidate Cases for Joint Trial

20      o  Declaration of Richard Simons in Support of Plaintiffs' Joint Motion to

21         Consolidate Cases for Joint Trial

22   •  Joint Motion in Limine No. 1 to Exclude Evidence of, Referral to, and Instructions

23      or Argument of Allocation of Fault to Fr. Pritchard or Any Other Person or Entity

24      o  Declaration of Alex Cunny, Esq. in Support of Plaintiff John SF-1 Doe's

25         Joint Motion in Limine No. 1

26      o  Declaration of Richard Simons in Support of Plaintiff John Doe SF 1013's

27         Joint Motion in Limine No. 1

28

- Joint Motion in Limine No. 2 to Exclude Evidence in Support of Defendant *Archbishop's Denial of Notice or Affirmative Defenses of Such Denial*
  - Declaration of Richard Simons in Support of Plaintiff John Doe SF 1013's Joint Motion in Limine No. 2
  - Declaration of Alex Cunny in Support of Plaintiff John SF-1 Doe's Joint Motion in Limine No. 2
  - Request for Judicial Notice in Support of Joint Motion in Limine No. 2
- Plaintiff's John SF-1 Doe's Joint Motion in Limine No. 3 to Exclude Evidence of, Referral to, or Questioning About the Molestation or Abuse of Non-Party Family Members of Plaintiff by Individuals Other Than Fr. Pritchard
  - Declaration of Alex Cunny, Esq. in Support of Plaintiff John SF-1 Doe's Joint Motion in Limine No. 3

19.     Attached hereto as **Exhibit P** is a copy of the San Francisco Superior Court's register of actions for the Trial Case, case number CGC20-584162.

20.     The parties did not file oppositions to the motions describe above, which were due on August 21, 2023, because the Archdiocese filed for bankruptcy on that date. The Trial Cases were automatically stayed and my client was prevented from litigating his case. On behalf of my client, I request the Bankruptcy Court lift the automatic stay to allow us to bring the Trial Cases to judgment before a jury, with the understanding that a judgment will not be enforceable against the Debtor absent further order of the Court.

Pursuant to 28 U.S.C. sec. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on February 20, 2025 in Irvine, California.

By:     Vince W. Finaldi

4900-7923-8169.3 05068.002

# EXHIBIT F



20907601

FILED
ALAMEDA COUNTY

JUL 2 2 2020

CLERK OF THE SUPERIOR COURT
By_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE NORTHERN CALIFORNIA CLERGY CASES | No. JCCP 5108<br><br>ORDER GRANTING PETITION TO COORDINATE<br><br><br>DATE 7/22/20<br>TIME 9:00<br>DEPT 21 |

The cases in the petition for coordination generally (1) allege childhood sexual assault as defined in CCP 340.1(d) and (2) were filed under the reprieve from the statute of limitations in CCP 340.1(q) as recently amended by AB 218. A group of plaintiffs opposes parts of the petition. No defendant has opposed the petition.

This court has been appointed coordination motion judge in JCCP 5108, but the court is aware of related cases in JCCP 5114 (which does not have an assigned coordination motion judge) and related cases filed in Alameda County. In the interest of case coordination generally, the court address all three categories of cases.

1

IN RE NORTHERN CALIFORNIA CLERGY CASES, JCCP 5108

On 5/8/20, plaintiff in John SF-1 Doe v. Doe 1, Superior Court of the State of California, San Francisco, Case no. CGC-20-584-162 filed a petition to coordinate.

On 6/15/20, the Chair of the Judicial Council issued an Order Assigning Coordination Motion Judge, authorizing the presiding Judge in Alameda County to appoint a Coordination Motion Judge. (CCP 404; CRC 3.524.)

On 7/1/20, Judge Brad Seligman as Supervising Judge of Complex assigned Winifred Smith to sit as coordination motion judge to determine whether coordination of the included actions is appropriate. (C.C.P. § 404; C.R.C. 3.524.)

On 7/22/20, Judge Smith as coordination motion judge considered whether to coordinate the included actions. The included actions are defined as the actions identified in the petition dated 5/8/20 and the Judicial Council's order dated 6/15/20.

The identified superior court case numbers in the Petition for Coordination filed 5/8/20 in *John SF-1 Doe v. Doe 1*, San Francisco Case No. CGC-20-584-162, and in the Judicial Council Order dated 6/15/20 are:

John SF-1 Doe v. Doe 1, San Francisco Case No. CGC-20-584-162

John OAK-4 Doe v. Roman Catholic Bishop of Oakland, Alameda Case No. RG20-056654

John M-1 Doe v. Doe 1, San Francisco Case No. CGC-20-583959

John SF-2 Doe v. Doe 1, San Francisco Case No. CGC-20-584124

John SF-1 Doe v. Doe 1, San Francisco Case No. CGC-20-584163

John SR-1 Doe v. Doe 1, Sonoma Case No. SCV-266141

BAY AREA CLERGY CASES, JCCP 5114

Separate and independent of the petition for coordination in JCCP 5108, plaintiffs filed a similar and overlapping petition for coordination. The Judicial Council has identified this petition for coordination as Bay Area Clergy Cases, JCCP 5114. The Judicial Council has not assigned JCCP 5114 to any county for appointment of a coordination motion judge. (https://www.courts.ca.gov/documents/CivilCaseCoord_2012toPresent_JCCPLog.pdf)

The identified superior court case numbers in the Petition for Coordination filed 6/15/20 in *Brogan v. Doe 1*, Alameda Case No. HG19-048691, are:

ALAMEDA CASES

McLennan v. Doe, Alameda Case No. RG20-061260

Doe OK 1009 v. Doe, Alameda Case No. HG20-053984

Barnes v. Doe, Alameda Case No. HG20-053983

Brogan v. Doe 1, Alameda Case No. HG19-048691

Doe OK 1017 v. Doe, Alameda Case No. RG20-057493

Doe OK 1008 v. Doe, Alameda Case No. HG20-053924

Doe OK 1011 v. Doe, Alameda Case No. RG20-057425

Doe OK 1031 v. Doe, Alameda Case No. HG20-053951

Doe OK 1014 v. Doe, Alameda Case No. HG20-053992

Stonebraker v. Doe, Alameda Case No. HG20-053989

Doe OK 1022 v. Doe, Alameda Case No. HG19-048685

Ash, McCann, and Stone v. Doe, Alameda Case No. RG19-039073

Duenas v. Doe, Alameda Case No. RG19-041044

Houle v. Doe, Alameda Case No. HG19-042086

Lopez v. Doe, Alameda Case No. RG20-048852

3

1        J.S. v. Doe, Alameda Case No. RG20-061096

2

3  SAN FRANCISCO CASES

4        Doe SF 1013 v. Doe, San Francisco No. CGC-20-583648

5        Doe SF 1010 v. Doe, San Francisco No. CGC-20-583643

6        Goldberg v. Doe, San Francisco No. CGC-19-581942

7

8  SONOMA CASES

9        Doe SR 1020 v. Doe, Sonoma No. SCV-265775

10        Doe SR 1021 v. Doe, Sonoma No. SCV-265774

11        Doe SR 1015 v. Doe, Sonoma No. SCV-266360

12        Holden, Doe 159, and Doe 164 v. Doe, Sonoma No. SCV-265359

13        Sloan, Doe 129, and Doe 130 v. Doe, Sonoma No. SCV-2665758 [typo?]

14        Doe 11 v. Doe, Sonoma No. SCV-265757

15        Zink and Doe 58 v. Roman Catholic Bishop of Santa Rosa, Sonoma No. SCV-265991

16

17  OTHER CASES

18        Doe MR 1006 v. Doe, Monterey No. 19CV—005258

19        Doe 74 and Doe 75 v. Doe, Monterey No. 19CV—004154

20        Hoey v. Doe, Contra Costa No. MSC19-02227

21        Doe 103 v. Doe, Santa Clara No. _____

22

23

24  ADDITIONAL CASES NOT IDENITFIED IN EITHER PETITION FOR COORDINATION

25        The Order of 7/1/20 assigning the coordination motion judge stated that the court

26  reviewed its own records and identified cases that could be added to the coordinated proceeding.

4

These are not "included cases," but can be added to the JCCP under CRC 3.531. Cases that are potential add-on cases include:

> Doe v. Doe, Alameda Case No. RG20065435
>
> Doe v. Doe, Alameda Case No. RG20065437
>
> Doe v. Doe, Alameda Case No. RG20065425
>
> Doe v. Roe, Alameda Case No. RG20064685
>
> Doe v. Doe, Alameda Case No. RG20064084
>
> Doe v. Doe, Alameda Case No. RG20064221
>
> Doe v. Roe, Alameda Case No. RG20064759

## THE INCLUDED CASES IN JCCP 5108 ARE COLLECTIVELY COMPLEX

The included cases in JCCP 5108 (and JCCP 5114) are complex, given the large number of parties, potentially extensive motion practice raising difficult or novel legal issues, and potentially extensive discovery practice. (Cal. Rules of Court 3.400(b).) This Court previously managed Clergy III, JCCP 4359, and a review of the court's own register of actions demonstrates that it was a complex matter. (Evid Code 452(d).)

## COORDINATION IN JCCP 5108 IS APPROPRIATE (CCP 404.1)

Section 404.1 of the Code of Civil Procedure outlines various factors that the court must consider when ruling on a Petition of Coordination. Coordination is appropriate if it "will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of the parties, witnesses, and counsel, the relative development of the actions and the work product of counsel, the efficient

utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and the likelihood of settlement of the actions without further litigation should coordination be denied." (CCP § 404.1.)  (See also *Ford Motor Warranty Cases* (2017) 11 Cal. App.5th 626.)

The included cases share common questions of law and some common issues of fact. Although there is no doubt that numerous individual issues will ultimately have to be resolved in the included cases, that alone does not preclude coordination.  (*McGhan Med. Corp. v. Superior Court* (1992) 11 Cal. App. 4th 804, 811-812.)  The cases appear to be in all in their early stages. The cases will benefit from common and consistent orders on pleadings, discovery, and other matters.  Coordination will provide substantial benefits to the efficient utilization of judicial facilities and manpower.

Courts in complex cases, coordinated or not, may approve stream-lined procedures including standardized complaints, plaintiff fact sheets and authorizations, and defendant fact sheets.  In short, "the cases are ripe for coordination on discovery and related pretrial matters." (*Ford Motor Warranty Cases* (2017) 11 Cal. App.5th 626, 642.)  Thus "the benefits of early coordination of discovery and motion practice…are in no way negated by the court's concern over litigation that is "heavily individualized …." (*Ford Motor Warranty*, 11 Cal.App.5th at 643 [quoting *McGhan*, 11 Cal.App.4th at 808].)

Coordination would be more convenient for the parties, witnesses, and counsel. Coordination would prevent duplicative depositions of key defendant witnesses.  Coordination will ease the scheduling demands on counsel because multiple judges will not be setting different and potentially inconsistent timelines.

6

Coordination has undeniable benefits in these cases. Coordination appears to be the most efficient utilization of judicial resources, taking into account the calendars of the courts and the disadvantages of duplicative and inconsistent rulings, orders or judgments.

The Court ORDERS that the included cases in JCCP 5108 are coordinated. (CCP 404.1; CRC 3.529.)

## GEOGRAPHIC SCOPE OF COORDINATED PROCEEDING

The order of 7/1/20 setting the hearing on the petition to coordinate asked the parties to address the geographic scope of any coordinated proceeding. On reflection, the coordination motion judge does not need to, and does not, define the geographic scope of the coordinated proceeding. A JCCP is defined by (1) the identity of the included cases in the petition and (2) the identify of cases that are subsequently added to the JCCP. (CRC 3.521, 3.529(a), 3.531, 3.544.)

The convenience of the parties, witnesses, and counsel, as well as the efficient utilization of judicial resources will require some discussion about which cases belong in Northern California Clergy Cases, JCCP 5108, Southern California Clergy Cases, JCCP 5101, and the Diocesan [San Diego] Cases, JCCP 5105.

At the hearing on 7/22/2020, there was general agreement among counsel that the County of filing define the JCCPs. One proposal was that JCCP 5108 include all cases filed in counties north of and including Monterey, Kings, Tulare, and Inyo Counties. The court does not decide that issue in this order. This will require discussion among the parties as well as among the coordination trial judges assigned to manage the JCCPs.

7

## SUBJECT MATTTER SCOPE OF COORDINATED PROCEEDING

The Judicial Council has identified the proceedings as Northern California Clergy Cases and Bay Area Clergy Cases. Complaints alleging childhood sexual assault as defined in CCP 340.1(d) are not necessarily limited to clergy in any specific religious denomination or to clergy in religious institutions.

The court does not limit the subject matter scope of the JCCP to clergy in religious institutions or to religious institutions in any specific religious denomination. The court will consider on a case specific basis whether any specific case should be added to the coordinated proceeding. (CRC 3.531, 3.544.)

At the hearing on 7/22/2020, there was general agreement among counsel that the JCCP include claims against clergy and against religious institutions (regardless of denomination). The views were unclear or mixed about the management of cases involving against religious schools and other religious affiliated institutions. There was general agreement that the JCCP should not include claims against non-religious institutions such as schools, camps, and scouting organizations. Regarding schools specifically, there was concern that claims regarding schools would involve public entity law and that perhaps claims against public entities, if any, should be managed separately.


## LOCATION OF COORDINATED PROCEEDING

The coordination motion judge must recommend a particular superior court for the site of the coordinated proceeding. (CRC 3.530.) The factors to consider include: (1) the number of included actions in particular locations; (2) whether the litigation is at an advanced stage in a

8

particular court; (3) the efficient use of court facilities and judicial resources; (4) the locations of witnesses and evidence; (5) the convenience of the parties and witnesses; (6) the parties' principal places of business; (7) the office locations of counsel for the parties; and (8) the ease of travel to and availability of accommodations in particular locations. (CRC 3.530(b).)

The coordination motion judge recommends that that proceeding be located in Alameda County. All counsel agreed that Alameda was the appropriate location for the JCCP.

Alameda managed Clergy III, JCCP 4359. Alameda has institutional memory and experience in the form of court staff who worked on *Clergy III*. (*Center For Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 621 [appellate justices and trial court judges have "staff … to help them identify errors in counsel's reasoning, misstatements of law and miscitations of authority, and to do original research to uncover ideas and authorities that counsel may have missed, or decided not to bring to the court's attention"].)

The court is currently aware of more cases filed in Alameda than in San Francisco, but counsel states that dozens if not hundreds of additional cases might be filed and that they might be filed in many different counties. (Cunny Dec., para 19.) Alameda is marginally easier regarding ease of driving travel because it is closer to Contra Costa, Sacramento, and other counties to the east. All the identified cases appear to be at similar states of development, both courts have complex departments, both are equally convenient for parties and witness, both are the principal place of business for relevant defendant entities, and the office locations of counsel for the parties are throughout the state.

///

///

DESIGNATION OF APPELLATE DISTRICT

The must designate a court of appeal for review of this order. (CCP 404.2.) The court selects the First District Court of Appeal for review of this order.

The court recommends that the Judicial Council designate a single District of the Court of Appeal as the intermediate reviewing court for all of (1) Southern California Clergy Cases, JCCP 5101, (2) Diocesan [San Diego] Cases, JCCP 5105, (3) Northern California Clergy Cases, JCCP 5108, and (4) Bay Area Clergy Case, JCCP 5114.

When the Judicial Council created Clergy I (JCCP 4286), Clergy II (JCCP 4297), and Clergy III (JCCP 4359) in 2004, the Judicial Council apparently designated the Court of Appeal, Second District, as the common intermediate court of appeal. *Doe v. Roman Catholic Bishop of San Diego* (2009, 2nd Dist) 101 Cal.Rptr 3d 398 at fn 3 [unpublished] states:

> The cases in this appeal are among many from throughout the State against various entities and individuals affiliated with the Catholic Church for childhood sexual abuse. Those cases have been coordinated in the Los Angeles County Superior Court and formerly in the Alameda County Superior Court. Southern California cases are known as *Clergy Cases I* (JCCP No. 4286) and *Clergy Cases II* (JCCP No. 4297). The Bay Area cases are known as *Clergy Cases III* (JCCP No. 4359). The Second District of the Court of Appeal is the intermediate appellate court for all of the coordinated cases.

(See also *Hightower v. Roman Catholic Bishop of Sacramento* (2006, 2nd Dist) 142 Cal.App.4th 759, 761 fn 1 [similar]; *Perez v. Roe 1* (2006, 2nd Dist) 146 Cal.App.4th 171, 173 fn 3 [similar]; (2006, 2nd Dist) 146 CalApp.4th 216, 220 fn 4 [similar].)

IT IS THEREFORE ORDERED:

1. The actions identified above in JCCP 5108 are complex (CRC 3.403);

2. Coordination of these actions is appropriate and therefore the Petition for Coordination is GRANTED (CCP 404.4; CRC 3.529);

10

3. All further proceedings in the included actions in JCCP 5108 are STAYED (CRC 3.529(b));

4. Alameda County Superior Court is recommended as the coordination trial court for further proceedings in JCCP 5108 and its Local Rules shall be the rules applicable except where modified by order of the Coordination Trial Judge (CRC 3.530);

5. The First District Court of Appeal is selected as the reviewing court (CCP 404.2) for this order;

6. The court recommends that the Judicial Council designate a single District of the Court of Appeal as the intermediate reviewing court for all of (1) Southern California Clergy Cases, JCCP 5101, (2) Diocesan [San Diego] Cases, JCCP 5105, (3) Northern California Clergy Cases, JCCP 5108, and (4) Bay Area Clergy Case, JCCP 5114.

7. Petitioners in JCCP 5108 are ORDERED to promptly file this order in each included action in JCCP 5108, serve all parties in the included actions, serve all counsel who filed any objection to the petition, and submit this order to the Chair of the Judicial Council. (CRC 3.529)

8. Counsel for Petitioners in JCCP 5114, who filed an objection to the petition in JCCP 5108, are ORDERED to promptly file this order in each included action in JCCP 5114 and to promptly serve a copy of this order on all parties in JCCP 5114.

9. Counsel for any party identified in the petition in JCCP 5114 or in any case that (1) alleges childhood sexual assault as defined in CCP 340.1(d) and (2) is filed under the reprieve from the statute of limitations in CCP 340.1(q) as recently amended by AB 218 may, after appointment of a coordination trial judge, request to coordinate any case as an add-on case. (CRC 3.544.) It appears that the add-on case procedure must wait until the

11

appointment of the coordination trial judge. The coordination trial judge will determine whether JCCP 5108 is limited to cases with religious entity defendants.

10. The Court encourages distribution of this order widely, especially to counsel with any cases that are likely to be coordinated in these proceedings. All counsel with cases filed in Northern California that concern these proceedings are encouraged to attend further CMCs and hearings in the JCCP. The early participation of counsel in these coordinated proceedings will assist in moving the case forward. Counsel may attend hearings without entering a formal appearance.

Dated: July 22, 2020

Winifred Y Smith
Judge of the Superior Court

12

# EXHIBIT G



240723666

FILED
ALAMEDA COUNTY

AUG 1 0 2021

CLERK OF THE SUPERIOR COURT
By_____ Deputy

1
2
3
4
5
6
7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8

**COUNTY OF ALAMEDA**

9
10
11
12

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| NORTHERN CALIFORNIA CLERGY CASES | Case No.: JCCP 5108<br>Judge: Hon. Winifred Smith<br>Department: 21<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT SHEETS, AUTHORIZATIONS, AND PRODUCTION OF DOCUMENTS)** |

**WHEREAS** the Parties in this Coordinated Proceeding, pending in the Superior Court of California, County of Alameda, entitled *Northern California Clergy Cases*, JCCP Case No. 5108 ("the Litigation"), stipulate to the use of uniform Fact Sheets, uniform Request for Production of Documents, and the exchange of Authorizations for Consumer Records, as preliminary discovery

{SF139209.DOCX:}

1

STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT SHEETS, AUTHORIZATIONS AND PRODUCTION OF DOCUMENTS)

procedures, the Parties, therefore, enter this Stipulation to formalize those procedures, identify the form documents to be used and referenced, and specify the timeframes for the Parties to produce such documents. The Parties, by and through their respective Liaison Counsel, stipulate to the terms provided in the appended [Proposed] Order.

Dated: July 27, 2021         **MANLY, STEWART & FINALDI**

By:   /s/ Alex E. Cunny, Esq.
        JOHN C. MANLY, Esq.
        VINCE W. FINALDI, Esq.
        ALEX E. CUNNY, Esq.
        Plaintiffs' Co-Liaison Counsel

Dated: July 27, 2021         **FURTADO JASPOVICE AND SIMONS**

By:   /s/ Richard J. Simons, Esq.
        RICK J. SIMONS, Esq.
        Plaintiffs' Co-Liaison Counsel

Dated: July 27, 2021         **WEINTRAUB TOBIN**

By:   /s/ Daniel Zamora, Esq.
        PAUL GASPARI, Esq.
        DANIEL ZAMORA, Esq.
        Institutional Defendants' Liaison Counsel

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

(SF139209.DOCX:)

**2**

STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT SHEETS, AUTHORIZATIONS AND PRODUCTION OF DOCUMENTS)

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

## [PROPOSED] ORDER REGARDING FACT SHEETS, DOCUMENT PRODUCTIONS, AND AUTHORIZATIONS

With **GOOD CAUSE** appearing therefor, the Court makes the following **ORDERS** to govern the preliminary reciprocal exchange of discovery information in this Litigation, pursuant to the Agreement of the Parties:

## I.   GENERAL TERMS OF PRELIMINARY DISCOVERY

A.   In order to facilitate expedient exchange of essential information, evidence and documentation, the Parties have stipulated to the use of preliminary Fact Sheets, Requests for Production of Documents, and Authorizations for disclosure of Consumer Records, as identified below. These discovery procedures are implemented without prejudice to the parties to conduct further discovery in these actions.

B.   The Court approves the following forms for use in this Litigation by the Parties:

    1.   Plaintiff Fact Sheet, attached hereto as **Exhibit "1"** to this Order;

    2.   Plaintiff Authorizations for:

        i.   Educational Records, attached as **Exhibit "2"** to this Order;

        ii.   Mental Health Records, attached as **Exhibit "3"** to this Order;

        iii.   Medical Records, attached as **Exhibit "4"** to this Order;

        iv.   Employment Records, attached as **Exhibit "5"** to this Order;

    3.   Initial Document Demand Sheet to Plaintiff, attached as **Exhibit "6"** to this Order

    4.   Institutional Defendant Fact Sheet, attached hereto as **Exhibit "7"** to this Order;

    5.   Requests for Production of Documents to Institutional Defendants, attached as **Exhibit "8"** to this Order;

C.   Copies of each of these Exhibits (Exhibits 1 through 8) shall be served via CaseAnywhere, upon all parties within 2 calendar days of this Order, in Microsoft Word format by Plaintiffs Liaison Counsel.

{SF139209.DOCX:}

3

STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT SHEETS, AUTHORIZATIONS AND PRODUCTION OF DOCUMENTS)

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

1       D.    **Confidential Designations:** Exhibits "1" through "8" may be designated

2  "Confidential" pursuant to the Court's June 23, 2021 Protective Order Re: Confidential

3  Information.

4       E.    **Authorizations:**    The Authorizations identified as Exhibits "2", "3", "4" and

5  "5" are governed by the Court's Order and Procedure Regarding "First Look" for Review of Those

6  Consumer Records.

7       F.    **Service of Fact Sheets, Production of Documents and Authorizations:** The Fact

8  Sheets for both Defendants and Plaintiffs, Production of Documents for Plaintiffs and Defendants,

9  and the Plaintiffs' Authorizations are only to be served on the parties (or their counsel) in the

10  underlying individual case and may be made available to Liaison Counsel only pursuant to the

11  terms of the Protective Order entered in JCCP 5108.   Service is accomplished by the uploading of

12  the Fact Sheets, Documents, and Authorizations to the JCCP 5108 www.caseanywhere.com

13  website limited access page. The Responses are deemed served upon completion of the upload.

14  Access to the limited rooms shall be restricted to: 1) Counsel in the individual case where the

15  Responses are served; 2) counsel in other actions if the producing party permits them to have access,

16  so as to avoid the burden on the producing party of having to "re-produce" documents that have

17  already been produced in JCCP 5108; and 3) Liaison Counsel only pursuant to the terms of the

18  Protective Order entered in JCCP 5108. In the event that, after the initial responses are served, the

19  producing party wants to serve additional parties with previously produced documents, service shall

20  be deemed complete upon email notification to CaseAnywhere requesting that additional counsel

21  be provided with access to those previously produced documents. Such service is deemed complete

22  upon that email communication by the serving party to caseanywhere.com that the added-on party's

23  counsel is eligible to access the restricted Responses.

24  **II.    TIME TO RESPOND TO PRELIMINARY DISCOVERY AND DATES TRIGGERING RESPONSES.**

25       A.    The following are the timeframes and triggers for Parties to the preliminary

26  documents governed by this Order:

27  ///

28

{SF139209.DOCX:}

4

STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT
SHEETS, AUTHORIZATIONS AND PRODUCTION OF DOCUMENTS)

1. **Preliminary Issues:** Prior to the service of discovery requests, or running of any discovery time periods for a particular action, the particular action must be (a) ordered added-on to JCCP 5108, (b) must have completed the certificate of merit process and duly served defendants with the complaint, and (c) Plaintiff must file and serve a Notice of Adoption for the Master Complaint. In addition, Plaintiff's Fact Sheet must identify the case name, case number and separately identify each defendant by his/her/its true name (not by "Doe" designation) for whom Plaintiff is seeking an initial disclosure response (production of priest file or personnel file, response to document requests and response to fact sheet).

2. **Plaintiff Fact Sheets And Authorizations:** Each Plaintiff that is "Added-On" to this Coordinated Proceeding and has filed a Notice of Adoption Form is ordered to serve a response to a Plaintiff Fact Sheet (Exhibit "1"), provide all applicable authorizations (Exhibits "2" to "5"), and serve a response to the Initial Document Demand Sheet to Plaintiff (Exhibit "6"), to those referenced in Section I(F) *supra*, as follows:

 a. If a Plaintiff has been "Added-On" to the Litigation and filed a Notice of Adoption Form at the time of this Order, the Plaintiff is ordered to serve a response to a Plaintiff Fact Sheet (Exhibit "1"), provide all applicable authorizations (Exhibits "2" to "5"), and serve a response to the Initial Document Demand Sheet to Plaintiff (Exhibit "6"), within sixty (60) days of this Order.

 b. If a Plaintiff is, subsequent to this Order, "Added-On" to the Litigation, the Plaintiff is ordered to serve a response to a Plaintiff Fact Sheet (Exhibit "1"), provide all applicable authorizations (Exhibits "2" to "5"), and serve a response to the Initial Document

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

{SF139209.DOCX:}

5

STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT SHEETS, AUTHORIZATIONS AND PRODUCTION OF DOCUMENTS)

Demand Sheet to Plaintiff (Exhibit "6"), within sixty (60) days of their Notice of Adoption Form being filed with the Court.[1]

3. **Institutional Defendants' Production of Priest Files or Personnel File on Accused Individuals:** Each Institutional Defendant is ordered to serve, if any exist, the priest file or personnel file for the individual(s) accused of abusing the particular plaintiff in the action within sixty (60) days of being served with the response to the Plaintiff Fact Sheet and response to the Initial Document Demand Sheet to Plaintiff in that particular case. Service of the Priest File or Personnel File is to be made to the individuals identified in Section I (F) *supra*;

4. **Institutional Defendants' Written Responses to Document Requests, Production of Remaining Documents and Defendant Fact Sheet:** Each Institutional Defendant is ordered to serve responses, and produce applicable documents requested in Requests for Production of Documents to Institutional Defendants (Exhibit "8") and responses to the Institutional Defendant's Fact Sheet (Exhibit "7") within ninety (90) days of being served with response to the Plaintiff Fact Sheet and response to the Initial Document Demand Sheet to Plaintiff in a particular case. Service of the response to Requests for Production of Documents to Institutional Defendants, production of applicable documents, and the response to Defendant's Fact Sheet is to be made to the individuals identified in Section I(F) *supra*.

B. The timeframes mentioned above in Paragraphs II(A), are subject to extension for "good cause" through stipulation of the Parties, or through subsequent Order of the Court.

C. All objections by Plaintiffs and Defendants to the requests in the Production of Documents and questions in the Fact Sheets themselves, to any responses to the Production of

---

[1] Pursuant to the <u>Order Approving the Master Complaint and Notice of Adoption Forms</u>, dated March 25, 2021 (specifically, Paragraph 3), a Plaintiff is Ordered to serve an Adoption Form no later than forty-five (45) days after Notice of the Order Adding the Matter Onto the Litigation is given.

{SF139209.DOCX:}

6

Case: 23-30564   Doc# 1019   Filed: 02/21/25   Entered: 02/21/25 12:18:03   Page 26 of 131

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

1    Documents and Fact Sheets, and to the production of any documents, are preserved. Any

2    withholding of documents and/or information must comport with the requirements for doing so

3    under the California Civil Discovery Act, and furthermore, the withholding of documents on the

4    basis of privilege must be supported with a Code-Compliant Privilege Log pursuant to *Code of*

5    *Civil Procedure* §2031.240(c) or sufficient foundational information to evaluate the privilege.

6         D.      Disputes as to the responses to the Production of Documents, Fact Sheet Responses,

7    and Authorizations are to be dealt with through Department 21's informal discovery procedures,

8    subject to increased page limitations, use of exhibits, and/or joint briefing on common issues

9    involving multiple parties in the coordination proceeding. In the event the matter cannot be

10    informally resolved, Liaison Counsel shall advise the Court of such disputes for necessity of motion

11    practice, in the Joint Status Conference statement. These disputes shall be adjudicated through the

12    Coordination Trial Judge and/or her designee.

13   **IT IS SO ORDERED.**

14

15   Date: _August 10, 2021_                _Winifred Y. Smith_

16                                 The Honorable Winifred Smith
                                 Coordination Trial Judge

17

18

19

20

21

22

23

24

25

26

27

28

{SF139209.DOCX:}

STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT
SHEETS, AUTHORIZATIONS AND PRODUCTION OF DOCUMENTS)

EXHIBIT "1"

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>**NORTHERN CALIFORNIA CLERGY CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Included Actions And Related Cases* | JCCP NO. 5108 |

<u>PLAINTIFF'S FACT SHEET</u>

**Instructions:** Please answer the following questions to the best of your ability.

The term "document," as used in this Plaintiff Fact Sheet form, means any writing or record of every type that is in your possession or has ever been in your possession (even if, for example, you later provide it, or a copy of it, to your lawyer or someone else from whom you can retrieve it), including any printed, typewritten, handwritten, computer created, or machine generated documentation or manner of reproduction, such as handwritten notations, diaries, calendar notations, appointment books, letters, memoranda, e-mails, text messages, cassettes, videotapes, DVDs, photographs, charts, computer discs or tapes, x-rays, drawings, graphs, phonograph records, data processing reports, and forms, data compilations from which information can be obtained or translated through detection devices into reasonable useable forms, diagrams, symbols, telegrams, telexes, telephone records or logs. These are just examples of items that may constitute a "document" within the meaning of the requests in this form.

The term "complaint," when used herein, refers to your written Complaint in this action, as most recently amended at the time of your response to these questions, including your Notice of Adoption of the Master Complaint.

The term "perpetrator," when used herein, refers to the person or persons you allege in your complaint to have abused you, and whose conduct you contend forms the basis for liability in this action.

In responding to these questions, you are required to provide all information available to you. You are to exercise due diligence to secure the information requested, providing all information in your possession or under your control. Information under your control includes employment, medical, Social Security and other records available to you if sought, even though you may not presently possess copies of such records. If you do not have personal knowledge sufficient to fully respond

to a question, you are required to make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, including family members.

You may attach as many sheets of paper as necessary to fully answer the questions below.

The information you provide in response to this Plaintiff Fact Sheet constitutes your response, under oath, to discovery in this case, subject to California Code of Civil Procedure Sections 2030-2031 et seq., based on your current personal knowledge. Pursuant to California Code of Civil Procedure Section 2030.230, you may elect, in these responses, to specify the document or documents from which information responsive to the request may be derived or ascertained if responding with the requested information would require you to summarize the information from the document or documents.

**The answers you provide to this Plaintiff Fact Sheet are under oath, and you certify them to be true and correct to the best of your knowledge as of the time of completion.**

# PLAINTIFF'S FACT SHEET COVER PAGE

**PLAINTIFF UNIQUE ID NO.** _____

**PLAINTIFF TRUE NAME:** _____

**DEFENDANTS:**

Defendant Pseudonym (If Applicable) _____    Defendant True Name _____

1. _____    1. _____
2. _____    2. _____
3. _____    3. _____
4. _____    4. _____
5. _____    5. _____
6. _____    6. _____
7. _____    7. _____
8. _____    8. _____
9. _____    9. _____
10. _____    10. _____

## I. PRELIMINARY CASE-RELATED INFORMATION

A. Full name of Plaintiff (first, middle, last): _____

B. Other names used (include dates other names used): _____

C. Case caption and civil action no.: _____

D. Your lawyer's name(s): _____

    1. Law Firm(s): _____

    2. Address: _____

    3. Telephone number: _____

    4. Fax number: _____

    5. E-mail address(es): _____

## II. PLAINTIFF'S PERSONAL INFORMATION

A. Current City/State of Residence: _____

B. Social Security Number: _____

C. Date and place of birth: _____

D. Sex: Male _____ Female _____

E. Current Marital Status: _____

F. Identify each address at which you have resided during the last 10 years, starting with your current address and state when you started and stopped living at each one:

| Street Address | City/State | Dates of Residence |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

G. Education History: Identify each educational or occupational training institution you have attended beginning with grammar school, including the dates of attendance, courses of study pursued, and diplomas or degrees received:

    1. Grammar School(s):

        a. Name: _____

        b.    Address: _____

        c.    Grade completed: _____

        d.    Dates of Attendance: _____

2.    Middle School or Junior High School:

        a.    Name: _____

        b.    Address: _____

        c.    Grade completed: _____

        d.    Dates of Attendance: _____

3.    High School:

        a.    Name: _____

        b.    Address: _____

        c.    Grade completed: _____

        d.    Dates of Attendance: _____

4.    College:

        a.    Name: _____

        b.    Address: _____

        c.    Dates of Attendance: _____

        d.    Degree awarded and major: _____

5.    Other:

        a.    Name: _____

        b.    Address: _____

        c.    Dates of Attendance: _____

        d.    Degree awarded: _____

6.    Other:

        a.    Name: _____

b. Address: _____

c. Dates of Attendance: _____

d. Degree awarded: _____

H. Employment: For each employer since you were 18 years of age, please state:

| Name of Employer | Address | Dates of Employment | Occupation/Duties |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*Please attach additional pages to identify employment information, as necessary.*

I. Driver's license number and issuing state: _____

J. Military service

    1. Have you ever served in any branch of the U.S. Military? _____

    2. If you answered "yes," please state

        a. The branch and the dates of service: _____

        b. Were you discharged for any reason relating to a physical, psychiatric or emotional condition of the kind for which you are now claiming damages? _____

        c. If "yes," please state what that condition was: _____

    3. Have you ever been rejected from military service for any reason relating to a physical, psychiatric or emotional condition of the kind for which you are now claiming damages? Yes_____ No_____

    4. If "yes," please state what that condition was.

K. Other Claims/Litigation

    1. Have you ever filed a lawsuit or made a claim, other than in the present lawsuit, seeking civil/monetary damages?

a.  Yes_____ No_____

2.  If you answered "yes," then identify the following as to each:

| Caption & Case No. | Date Filed | Nature of Action | Outcome | Lawyer's name & address |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## III.  COMPLAINT ALLEGATIONS

A.  Identity of Perpetrator.

    1.  Identify the perpetrator(s) of the purported incident(s) of sexual abuse giving rise to this action. _____

    2.  Identify the name of the institution(s) with which you contend the perpetrator was associated. _____

    3.  Specify the perpetrator's relationship with the institution at time of the incident. _____

B.  Relationship to Perpetrator.  How did you initially become acquainted with the individual(s) that you identified in your response to the previous question?

    1.  Approximate date you became acquainted: _____

    2.  Your age at the time: _____

    3.  The location where you became acquainted: _____

C.  Description of Abuse.  Generally describe the incidents of sexual abuse giving rise to this action.  Your description should include the date the sexual abuse began, your age at the time the sexual abuse began, the time period the sexual abuse lasted, the nature of the abuse including the conduct that you contend constituted sexual abuse, (fondling, touching, oral copulation, penetration), the circumstances surrounding the abuse, and the location where the abuse occurred.

    1.  Dates of the initial instance of childhood sexual assault:

    _____

    2.  Your age at the time the childhood sexual assault began:

    _____

3. Dates of the last instance of childhood sexual assault: _____

4. Age at the time sexual abuse stopped: _____

5. On how many separate occasions do you claim the perpetrator sexually assaulted you as a minor? _____

6. Describe the conduct that you contend constituted sexual abuse or sexual assault allegedly perpetrated by the perpetrator against you: This should include a detailed description of the type of abuse (fondling, touching, oral copulation, penetration, etc.,):

_____

_____

_____

_____

_____

_____

7. Identify the location(s) where the childhood sexual assault took place as described in your answers above: _____

_____

_____

_____

*Please attach additional pages if necessary to describe the abuse alleged in your complaint.*

D. Knowledge and Complaints of Abuse.

1. Have you personally made a complaint or otherwise had any direct communication, oral or written, with any of the Defendants with respect to the sexual abuse perpetrated against you? (___) Yes (___) No

2. If yes, and the complaint or communication was in writing, please attach a copy or copies of any written complaint or communication.

3. If yes, please identify by name and/or title/job description, if known, and/or by physical appearance, to whom the complaint or other communication was made or directed, including the type of communication. _____

_____

4. If yes, please identify when the complaint or other communication took place and provide the date of the complaint or communication, if known:

_____

5. If the complaint or other communication was oral or the written communication is no longer available, please describe the complaint or other communication as best you can: _____

_____

_____

6. If you answer yes to question D1 above, did you receive a response, orally or in writing, to your complaint or other communication? (___) Yes (___) No.

7. If yes, and response was in writing, please attach a copy of the written response.

8. If yes, and the response was made orally or if the written response is no longer in your possession, or the possession of your lawyer or anyone else from whom you can retrieve it, please identify from whom you received a response, the date of such response, and the details of the response including the mode of the response. _____

_____

_____

_____

9. Are you aware of anyone else (other than your lawyers) who had any direct communication, oral or written, with any of the Defendants or any of the Defendants' staff or representatives, with respect to the alleged sexual abuse perpetrated against you?

(___) Yes (___) No.

10. If yes, please identify the individual(s) who had the direct communication and type of communication. _____

11. Did you communicate with anyone else, other than Defendants, either orally or in writing, (other than your attorneys) about the abuse described above?

(___) Yes (___) No.

12. Identify each and every individual with whom you were residing during the time period in which the abuse is alleged to have occurred. Your identification should include name, relationship, current address. No family members will be contacted by Defendant without advising your attorney in advance.

_____

_____

_____

13. Did you or any family member or other individual inform law enforcement and/or child welfare authorities of the alleged abuse? _____

    a. If yes, describe all facts and circumstances concerning whether any person associated with law enforcement and/or child welfare authorities was informed of your alleged abuse. Include the identity of every person associated with law enforcement and/or child welfare authorities who was informed of the alleged abuse, the date of such notification, who it was that notified that person, how that notification occurred, and what information you have as to what response occurred._____

_____

_____

_____

_____

_____

14. Are you aware of any individual who witnessed any instance of the alleged sexual abuse giving rise to this action? If yes, identify that individual(s) and describe the manner and circumstances through which each such individual witnessed the alleged sexual abuse.

_____

_____

_____

15. Have you (and not your lawyers) obtained any oral or written statements from any person(s) not a party to this action concerning the perpetrator or any of the Defendants and the abuse committed by the perpetrator?

Yes (_____) No.(_____) If yes, please attach a copy.

16. Please identify by name, address and telephone number, if known, or by other description, any and all individual with whom you personally communicated about the abuse perpetrated against you and describe the manner of communication.

_____

_____

_____

_____

_____

_____


IV. **DAMAGES/INJURIES**

A. What injuries (physical, emotional/psychological, and/or economic) do you contend you suffered because of the Defendants' conduct? _____

_____

_____

_____


B. Have you sought treatment and/or counseling from any healthcare provider (e.g., doctor, nurse, therapist, etc.) for these injuries?

1. Yes ___ No ___

C. If yes, please describe with particularity below:

| Date | Name of Provider(s) | Address and Phone Number | Nature of Treatment |
|------|---------------------|--------------------------|---------------------|
|      |                     |                          |                     |
|      |                     |                          |                     |
|      |                     |                          |                     |

*Please attach additional pages to identify providers who treated you, if necessary*

D.  If you have incurred any expenses you attribute to the injuries you claim to have sustained, please itemize such expenses to the extent possible. *(Please maintain and preserve a copy of all documents that show these expenses and include those documents in your response to this Fact Sheet).* _____

_____

_____

E.  Have you seen a mental healthcare provider (including, but not limited to, a psychiatrist, psychologist, licensed marriage and family therapist (LFMT), licensed clinical social worker (LCSW) and/or counsel) for any mental or emotional injuries you believe may have been caused by the sexual abuse you suffered?

Yes _____ No _____

F.  If yes, please provide the following information:

| Date(s) of Treatment | Name of Mental HealthCare Provider | City/State/Country | Discussed Experience of Abuse | Diagnosis (if any) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*Please attach additional pages to identify additional mental healthcare providers, if necessary.*

G.  If your answer to part E was yes, have you ever seen a mental healthcare provider or sought treatment, counseling, or therapy for any other reason?

Yes _____ No _____

H.  If yes, please provide the following information:

| Date(s) of Treatment | Name of Mental HealthCare Provider | City/State/Country | Discussed Experience of Abuse | Diagnosis (if any) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*Please attach additional pages to identify additional mental healthcare providers, if necessary.*

I.     Medical history

     1.     Please list all physical, mental, and emotional disabilities you had immediately before the dates of the abuse alleged in your complaint: _____

_____

## V.     LOSS OF EARNINGS OR EARNING CAPACITY

     A.     Do you attribute any lost income or earnings to the injuries you suffered as a result of the childhood sexual assault by the perpetrator?

          Yes _____ No _____

If you answered "yes," please state:

The nature of your work where you have lost income or lost capacity for income or earnings:

_____

Your job title for each position:

_____

The date your employment began:

_____

The dates during which you lost earnings, stating whether the loss for each period was from unemployment or diminished performance or attendance:

_____

_____

State the total amount of earnings that you lost to date:

_____

State how you calculated the earnings:

_____

B.   Are you claiming a loss of earning capacity or loss of future income as a result of the childhood sexual assault by the perpetrator?

Yes _____ No_____

If you answered "yes," please state:

The facts upon which you base this claim:

_____

An estimate of the amount:

_____

How the claim for future income is calculated:

_____

C.   Do you claim that the injuries you suffered as a result of the childhood sexual assault by the perpetrator interfered with any career opportunities or prevented you from pursuing career opportunities you would have otherwise pursued?

Yes _____ No_____

If yes, then please describe, as completely and in as much detail as possible, the particular career opportunities in question, and explain how your injuries interfered with those career opportunities or prevented you from pursuing those career opportunities you have otherwise pursued:

_____

_____

_____

## VI.   OTHER DAMAGES

A.   Are there any other damages that you attribute to the incident?

Yes _____ No _____

If your answer is "no," do not answer the questions in this section.

_____
Full Name

_____
Social Security Number

_____
Date of Birth

**AUTHORIZED IN CONNECTION WITH**

*In Re Northern California Clergy Cases*;
Alameda County Superior Court,
Case No. JCCP 5108

**AUTHORIZATION FOR RELEASE OF EDUCATIONAL RECORDS**

To: _____

    **Name of Entity**

    _____

    **Address**

    _____

    **City, State, Zip Code**

       I hereby authorize the firm of [INSERT DEFENSE FIRM NAME, FIRM ADDRESS, FIRM TELEPHONE NUMBER], or any other member, associate or designee of the firm, and any subpoena company working for the firm, to be furnished copies of my educational records, including but not limited to academic evaluations, including student examination papers, transcripts, test scores and other academic records, general counseling and advising records, disciplinary records, financial aid records, including student loan collection records and monies earned from the academic institution through work study programs or other employment, documents relating to attendance, leave of absences (whether for vacation, sick leave or other reasons), class lists, student course schedules, reported injuries, performance evaluations, health examinations or other medical, psychological and/or health records maintained by the institution. These records should include any information recorded in any way, including but not limited to, handwriting, print, computer media, videotape, audiotape, film, microfilm, microfiche, and e-mail. The defendant in the above lawsuit has agreed to pay reasonable charges to supply copies of such records.

       This authorization is being given at my request in conjunction with the civil litigation matter listed above. Therefore, this authorization shall expire upon the final resolution by all parties of the aforementioned civil litigation, either by final judicial order, final settlement agreement, final judicial dismissal, or by other final judicial order, including but not limited to the resolution of any and all appeals. Until then, this authorization shall be considered as continuing, and you may rely on it in all respects unless and until you have been advised by me in writing to the contrary. Please note that this authorization also permits you to release any records created or obtained by you after the date of execution of this authorization.

{3090619.DOCX;}               1

**Error! Unknown document property name.**

It is expressly understood and intended by the undersigned that you are hereby authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to you.

_____

Name of Former or Current Student          Signature          Date of Birth          Date Signed

# EXHIBIT "3"

_____

Full Name

_____

Social Security Number

_____

Date of Birth

**AUTHORIZED IN CONNECTION WITH**

*In Re Northern California Clergy Cases,*
Alameda County Superior Court,
Case No. JCCP 5108

**AUTHORIZATION FOR RELEASE OF MENTAL HEALTH RECORDS**

**In Compliance With the Health Insurance Portability
and Accountability Act of 1996 (HIPAA)**

To: _____

    **Name of Entity**

    _____

    **Address**

    _____

    **City, State, Zip Code**

Pursuant to the **Health Information Portability and Accountability Act (HIPAA) Privacy Regulations,** 45 CFR § 164.508, you are hereby authorized to release my entire medical records file to the Records Requester listed below. This release authorizes you to furnish copies of any information, including but not limited to medical records, psychotherapy notes, and clinical information concerning the assessment, evaluation, treatment, and/or hospitalization related to mental health or psychiatric illnesses or conditions.

This authorization is being given at my request in conjunction with the civil litigation matter listed above and no other purpose. You are hereby authorized to release these medical records to the following Records Requester for their use in the above-entitled litigation. The defendant in the above lawsuit has agreed to pay reasonable charges to supply copies of such records. Copies of any records obtained will be provided, per agreement, to my legal counsel. You should provide all documents and information to:

**Records Requester**

1.     [INSERT DEFENDANT'S ATTORNEY NAME, FIRM NAME, FIRM ADDRESS AND FIRM TELEPHONE NUMBER], or any member, associate or designee of the law firm, and any subpoena company working for the firm.

{3090631.DOCX;}                1
**Error! Unknown document property name.**

I understand that the health information being disclosed by these psychotherapy notes may include information relating to and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted diseases and drug and alcohol use.

I understand that this authorization pertains only to the civil litigation referenced above. Therefore, this authorization shall expire upon the final resolution by all parties of the aforementioned civil litigation, either by final adjudication, final settlement agreement, final judicial dismissal, or by other final judicial order, including but not limited to the resolution of any and all appeals. I understand that this authorization remains in full force and effect until such expiration or revocation, as more fully described below, and further authorizes you to release to the Records Requester any additional records created or obtained by you after the date of execution of this authorization. I understand and intend that you may rely on this authorization in all respects unless you have previously been advised by me in writing to the contrary.

I understand that I may revoke this authorization at any time by providing you a written revocation, but that my revocation will be effective only to the extent, that the information has not already been released. I further understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign this authorization.

It is expressly understood and intended by the undersigned that you are hereby authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to you.

I understand that any documents or information released by you could potentially be re-disclosed by the aforementioned Records Requester and that any information re-disclosed by that party is not subject to this authorization and may not be subject to HIPAA, the Federal Regulations promulgated under the authority of HIPAA, and more specifically, the requirements imposed by 45 C.F.R. § 164.508.

This authorization shall not be valid unless the Records Requester named above has executed the acknowledgment at the end of this authorization.

This authorization is executed and served in compliance with HIPAA, the Federal Regulations promulgated thereunder, and more specifically, 45 C.F.R. § 164.508, all of which govern the requirements for the release of private health information

| Name of Patient | Signature | Date of Birth | Date Signed |
|---|---|---|---|

**ACKNOWLEDGMENT**

The undersigned, as the Records Requester named in the above medical authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the attorney for the patient named in the foregoing medical authorization has been given notice that the authorization will be used to request records and information from the person or entity to whom it is addressed. The attorney for or the person named in the foregoing medical authorization has also been afforded an opportunity to order copies of the records requested from the undersigned requester at a reasonable cost.

Date: _____

Records Requester's Signature: _____

# EXHIBIT "4"

_____
Full Name

_____
Social Security Number

_____
Date of Birth

**AUTHORIZED IN CONNECTION WITH**

*In Re Northern California Clergy Cases,*
Alameda County Superior Court,
Case No. JCCP 5108

<u>**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS**</u>

<u>**In Compliance With the Health Insurance Portability
and Accountability Act of 1996 (HIPAA)**</u>

To: _____
    **Name of Entity**

    _____
    **Address**

    _____
    **City, State, Zip Code**

       Pursuant to the **Health Information Portability and Accountability Act (HIPAA) Privacy Regulations,** 45 CFR § 164.508, you are hereby authorized to release my entire medical records file to the Records Requester listed below.  This release authorizes you to furnish copies of all medical records, including but not limited to medical history or examination reports and notes, laboratory reports, pathology slides, reports, notes and specimens, radiographic films, CT scans, X-rays, MRI films, MRA films, correspondence, progress notes, prescription records, echocardiographic recordings, written statements, employment records, wage records, insurance, substance-use disorder records, Medicare, Medicaid and disability records, and medical bills regarding my injuries, diseases, diagnoses, or treatment.  This authorization does not extend to psychotherapy notes, as that term is defined in the HIPAA Privacy Rules, 45 C.F.R. §164.501, to mean notes recorded in any medium by a health care provider who is a mental health professional, documenting or analyzing the contents of conversation during private, joint or group counseling sessions, and which are kept separate from my medical records.

       This authorization is being given at my request in conjunction with the civil litigation matter listed above and no other purpose.  You are hereby authorized to release these medical records to the following Records Requester for their use in the above-entitled litigation.  [INSERT DEFENDANT'S NAME], a defendant in the above lawsuit, has agreed to pay reasonable charges to supply copies of such records.  Copies of any records obtained will be

{3090596.DOCX;}                                1

provided, per agreement, to my legal counsel. You should provide all documents and information to:

**Records Requester**

1.    [INSERT DEFENDANT'S ATTORNEY NAME, FIRM NAME, FIRM ADDRESS AND FIRM TELEPHONE NUMBER], or any member, associate or designee of the law firm, and any subpoena company working for the firm.

I understand that the health information being used/disclosed may include information and/or records relating to and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted diseases and drug and alcohol use.

I understand that this authorization pertains only to the civil litigation referenced above. Therefore, this authorization shall expire upon the final resolution by all parties of the aforementioned civil litigation, either by final adjudication, final settlement agreement, final judicial dismissal, or by other final judicial order, including but not limited to the resolution of any and all appeals. I understand that this authorization remains in full force and effect until such expiration or revocation, as more fully described below, and further authorizes you to release to the Records Requester any additional records created or obtained by you after the date of execution of this authorization. I understand and intend that you may rely on this authorization in all respects unless you have previously been advised by me in writing to the contrary.

I understand that I may revoke this authorization at any time by providing you a written revocation, but that my revocation will be effective only to the extent that the information has not already been released. I further understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign this authorization.

I understand that any documents or information released by you could potentially be re-disclosed by the aforementioned Records Requester and that any information re-disclosed by that party is not subject to this authorization. I expressly permit the Records Requester to re-disclose my medical records file for purposes limited only to this civil litigation matter and only to the extent necessary and further limited to medical-related consultants and/or experts of the Records Requester or related to [INSERT NAME OF DEFENDANT]'s obligations to provide information to any federal or state authorities if required by law. I grant this permission only on the condition that the Records Requester mark each and every page of my records with a stamp designating them as "Confidential."

This authorization shall not be valid unless the Records Requester named above has executed the acknowledgment at the end of this authorization.

This authorization is executed and served in compliance with HIPAA, the Federal Regulations promulgated thereunder, and more specifically, 45 C.F.R. § 164.508, all of which govern the requirements for the release of private health information

| Name of Patient | Signature | Date of Birth | Date Signed |
|---|---|---|---|

**ACKNOWLEDGMENT**

      The undersigned, as the Records Requester named in the above medical authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the attorney for the patient named in the foregoing medical authorization has been given notice that the authorization will be used to request records and information from the person or entity to whom it is addressed. The attorney for or the person named in the foregoing medical authorization has also been afforded an opportunity to order copies of the records requested from the undersigned requester at a reasonable cost.

          Date: _____

          Records Requester's Signature: _____

Case: 23-30564    Doc# 1019    Filed: 02/21/25    Entered: 02/21/25 12:18:03    Page 53 of 131

# EXHIBIT "5"

_____
Full Name

_____
Social Security Number

_____
Date of Birth

## AUTHORIZED IN CONNECTION WITH

*In Re Northern California Clergy Cases,*
Alameda County Superior Court,
Case No. JCCP 5108

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

To: _____
**Name of Entity**

_____
**Address**

_____
**City, State, Zip Code**

      I hereby authorize the firm of [INSERT DEFENSE FIRM NAME, FIRM ADDRESS, FIRM TELEPHONE NUMBER], or any other member, associate or designee of the firm, and any subpoena company working for the firm, to be furnished copies of my entire personnel file, including but not limited to documents relating to attendance, leave of absences (whether for vacation, sick leave or other reasons), reported injuries, promotions and demotions, performance evaluations, reports of health examinations, job applications, and wages paid and/or earnings given (including W-2 forms), and all other pertinent documents, including any and all medical, psychological, or testing records or memoranda. The defendant in the above lawsuit has agreed to pay reasonable charges to supply copies of such records.

      This authorization is being given at my request in conjunction with the civil litigation matter listed above. Therefore, this authorization shall expire upon the final resolution by all parties of the aforementioned civil litigation, either by final judicial order, final settlement agreement, final judicial dismissal, or by other final judicial order, including but not limited to the resolution of any and all appeals. Until then, this authorization shall be considered as continuing, and you may rely on it in all respects unless and until you have been advised by me in writing to the contrary. Please note that this authorization also permits you to release any records created or obtained by you after the date of execution of this authorization.

It is expressly understood and intended by the undersigned that you are hereby authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to you.

_____     _____     _____     _____
Name of Employee /Former Employee     Signature     Date of Birth     Date Signed

Case: 23-30564     Doc# 1019     Filed: 02/21/25     Entered: 02/21/25 12:18:03     Page 56 of 131

# EXHIBIT "6"

| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550) | JCCP NO. 5108 |
|---|---|
| **NORTHERN CALIFORNIA CLERGY CASES** | |
| THIS DOCUMENT RELATES TO: | |
| *All Included Actions And Related Cases* | |

## INITIAL DOCUMENT DEMAND SHEET TO PLAINTIFF

The term "document," as used in this Document Demand Sheet, means any writing or record of every type that is in your possession or has ever been in your possession (even if, for example, you later provide it, or a copy of it, to your lawyer or someone else from whom you can retrieve it), including any printed, typewritten, handwritten, computer created, or machine generate documentation or manner of reproduction, such as handwritten notations, diaries, calendar notations, appointment books, letters, memoranda, e-mails, text messages, cassettes, videotapes, DVDs, photographs, charts, computer discs or tapes, x-rays, drawings, graphs, phonograph records, data processing reports, and forms, data compilations from which information can be obtained or translated through detection devices into reasonable useable forms, diagrams, symbols, telegrams, telexes, telephone records or logs. These are just examples of items that may constitute a "document" within the meaning of the requests in this form.

The terms "complaint" when used herein, refers to your written Complaint in this action, as most recently amended at the time of your response to these questions, including your Notice of Adoption of the Master Complaint.

The term "perpetrator," when used herein, refers to the person or persons you allege in your complaint to have abused you, and whose conduct you contend forms the basis for liability in this action.

In responding to these questions, you are required to provide all information available to you. You are to exercise due diligence to secure the information requested, providing all information in your possession or under your control. Information under your control includes employment, medical, Social Security and other records available to you if sought, even though you may not presently possess copies of such records. If you do not have personal knowledge sufficient to fully respond

{3115956.DOCX:3}

to a question, you are required to make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, including family members.

The information you provide in response to this Document Demand Sheet is being provided pursuant to of California Code of Civil Procedure sections 2031.010, et seq., and constitutes your response, under oath, to discovery in this case, based on your current personal knowledge, and you certify them to be true and correct to the best of your knowledge as of the time of completion. Please verify your written response under oath.

Please produce all documents in your custody, possession or control that are responsive to the following requests, together with a sworn statement of compliance pursuant to California Code of Civil Procedure sections 2031.210, et seq., that the documents produced are true copies of the originals or that, as to the documents not produced, a representation of an inability to comply.

1. All documents exchanged between you and your perpetrator.

2. All documents constituting communications between you and any representative, agent or employee of the defendant related to the allegations of childhood sexual assault in your complaint.

3. All documents constituting communications by you with anyone related to your childhood sexual assault in your complaint, other than with your counsel, including any communications with law enforcement or other alleged victims.

4. All documents supporting the contention that Defendant knew or should have known about your perpetrator's sexual propensity prior to your last act of childhood sexual assault.

5. All documents supporting the contention that Defendant ratified your alleged childhood sexual assault.

6. All documents related to your attendance at any parish, church or school of Defendant, including any baptism, confirmation or altar service records.

7. All journals, diaries, notes, letter, e-mails or other documents written by you which refer to your alleged childhood sexual assault in your complaint or any injuries you are claiming in this action.

8. All documents related to any healthcare evaluation, diagnosis or treatment you have received for any injury you are claiming in this action.

9. All documents relating to any childhood sexual assault you suffered by someone other than the perpetrator of Defendant.

{3115956.DOCX:3}

10. All documents related to any mental healthcare evaluation, diagnosis or treatment during your lifetime.

11. All documents related to your education and academic performance from grade school through the present.

12. If you contend that you have lost or will lose earnings or earning capacity, all of your employment records, including employment applications, performance evaluations, paychecks and pay stubs, after high school.

13. All documents relating to any damages you are claiming in this action.

{3115956.DOCX:3}

# EXHIBIT "7"

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550) | JCCP NO. 5108 |
| **NORTHERN CALIFORNIA CLERGY CASES** | |
| THIS DOCUMENT RELATES TO: | |
| *All Included Actions And Related Cases* | |

## DEFENDANT'S FACT SHEET

**Instructions:** Please answer the following questions to the best of your ability.

The term "document," as used in this Defendant Fact Sheet form, means any writing or record of every type that is in your possession or has ever been in your possession (even if, for example, you later provide it, or a copy of it, to your lawyer or someone else from whom you can retrieve it), including any printed, typewritten, handwritten, computer created, or machine generate documentation or manner of reproduction, such as handwritten notations, diaries, calendar notations, appointment books, letters, memoranda, e-mails, text messages, cassettes, videotapes, DVDs, photographs, charts, computer discs or tapes, x-rays, drawings, graphs, phonograph records, data processing reports, and forms, data compilations from which information can be obtained or translated through detection devices into reasonable useable forms, diagrams, symbols, telegrams, telexes, telephone records or logs. These are just examples of items that may constitute a "document" within the meaning of the requests in this form.

In responding to these questions, you are required to provide all information available to you. You are to exercise due diligence to secure the information requested, providing all information in your possession or under your control. If you do not have personal knowledge sufficient to fully respond to a question, you are required to make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, including family members.

You may attach as many sheets of paper as necessary to fully answer the questions below.

The information you provide in response to this Defendant Fact Sheet constitutes your response, under oath, to discovery in this case, subject to California Code of Civil Procedure Sections 2030-2031 et seq., based on your current personal knowledge. Pursuant to California Code of Civil Procedure Section 2030.230, you may elect, in these responses, to specify the document or documents form which information responsive to the request may be derived or ascertained if

{3134827.DOCX;}

responding with the requested information would require to summarize the information from the document or documents.

**The answers you provide to this Defendant Fact Sheet are under oath, and you certify them to be true and correct to the best of your knowledge as of the time of completion.**

{3134827.DOCX;}

NAME OF DEFENDANT: _____

ATTORNEY: _____

NAME OF PERPETRATOR(S)_____

1. <u>PERPETRATOR CLERICAL HISTORY:</u>
   A. Seminary and/or Other Training: _____
   B. Year and Diocese/Order of Ordination: _____
   C. Places and Dates of Clerical
      Assignments:_____
      _____
   D. Current Assignment/Residence of Perpetrator: _____
   E. Was Cleric Laicized? If so, date: _____
   F. Is the Perpetrator deceased? YES _____ NO _____? If so, what is the date of
      death? _____

2. <u>PERPETRATOR'S HISTORY OF SEXUAL ASSAULTS:</u>
   A. First Date of Report to Defendant, oral or written, of childhood sexual assaults or
      suspicions of child sexual assault: _____.
   B. Total number of reports received by Defendant as of present: _____
   C. Names and Positions of Authority of all of Defendant's employees or agents
      receiving reports, and dates of receipt:
      _____
      _____

3. <u>LAW ENFORCEMENT CONTACTS:</u>
   A. Was Perpetrator reported by Defendant to any law enforcement agency?
   B. YES _____ NO _____.
   C. If so, identify each law enforcement agency to which Defendant made a report of
      childhood sexual assault by Perpetrator, and the approximate date:
      _____
   D. Identify all persons, including Defendant's employees or volunteers, who had contact
      with any Law Enforcement Agency concerning Perpetrator:
      _____
      _____
   E. Was Perpetrator criminally charged with any crime of childhood sexual assault?
      _____

{3134827.DOCX;}

F. If so, Please identify the court and dates of such criminal charges:

_____

_____

4. <u>RECORDS OF PERPETRATOR:</u>
A. Does Defendant have any documentary or electronic records of Perpetrator?

_____

B. Who is the current custodian of all such records:

_____

5. <u>CLAIMS HISTORY:</u>
    A. Has Defendant received any claims for damages or compensation for conduct of Perpetrator, other than this claim? _____
    B. If so, Please state the number of such individual claims: _____
    C. Please identify the status of such claims, including withdrawn, pending, dismissed, or resolved by settlement or judgment:_____

_____

_____

    D. Has Defendant publicly identified Perpetrator as credibly accused of childhood sexual assault? If so, when and in what forums:

_____

    E. If Defendant has received notice of any civil actions claiming damages arising from childhood sexual assault by Perpetrator, please identify each such action by Court, venue, action number, and date of filing.

6. <u>CONTACTS WITH PLAINTIFF OR OTHERS:</u>
A. Has Defendant obtained or received any contact or communications from Plaintiff about the childhood sexual assault, including correspondence, interviews, records, emails, or verbal or phone conversations? _____
B. If so, please describe the nature, date, and persons involved in each such communication:_____

_____

C. Has Plaintiff been provided with any payments for counseling or other services of any kind by Defendant? If so, please describe the amount, dates, and services for which payments were made.

_____

_____

{3134827.DOCX;}

7.  INSURANCE INFORMATION:

At the time of the alleged childhood sexual assault by the perpetrator, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the alleged childhood sexual assault? If so, for each policy state:

A.  The kind of coverage;
B.  The name and address of the insurance company;
C.  The name, address, and telephone number of each named insured;
D.  The policy number;
E.  The limits of coverage for each type of coverage contained in the policy;
F.  Whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
G.  The name, address and telephone number of the custodian of the policy.

{3134827.DOCX;}

EXHIBIT "8"

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>**NORTHERN CALIFORNIA CLERGY CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Included Actions And Related Cases* | JCCP NO. 5108 |

## INITIAL DOCUMENT DEMAND SHEET TO INSTITUTIONAL DEFENDANTS

The term "document," as used in this Document Demand Sheet, means any writing or record of every type that is in your possession or has ever been in your possession (even if, for example, you later provide it, or a copy of it, to your lawyer or someone else from whom you can retrieve it), including any printed, typewritten, handwritten, computer created, or machine generate documentation or manner of reproduction, such as handwritten notations, diaries, calendar notations, appointment books, letters, memoranda, e-mails, text messages, cassettes, videotapes, DVDs, photographs, charts, computer discs or tapes, x-rays, drawings, graphs, phonograph records, data processing reports, and forms, data compilations from which information can be obtained or translated through detection devices into reasonable useable forms, diagrams, symbols, telegrams, telexes, telephone records or logs. These are just examples of items that may constitute a "document" within the meaning of the requests in this form.

The terms "complaint" when used herein, refers to Plaintiff's written Complaint in this action, as most recently amended at the time of your response to these questions, including Plaintiff's Notice of Adoption of the Master Complaint.

The term "perpetrator," when used herein, refers to the person or persons alleged in Plaintiff's complaint or Notice of Adoption to have sexually assaulted Plaintiff, and whose alleged conduct forms the basis for liability in this action.

In responding to these questions, you are required to provide all information available to you. You are to exercise due diligence to secure the information requested, providing all information in your possession or under your control. Information under your control includes any and all "documents" in your possession or in the possession of your agents, employees, insurance carriers, and attorneys. If you do not have personal knowledge sufficient to fully respond to a question, you are required to make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations.

{3115956.DOCX;3}

The information you provide in response to this Document Demand Sheet is being provided pursuant to of California Code of Civil Procedure sections 2031.010, et seq., and constitutes your response, under oath, to discovery in this case, based on your current personal knowledge, and you certify them to be and correct to the best of your knowledge as of the time of completion.

As to any "document" withheld on claims of privacy, privilege, or other statutory grounds, you must provide a Privilege Log of any such documents containing sufficient information to allow counsel and the Court to identify the document, its custodian, the date, the author or creating party, and the privilege or other objections to its production.

Please produce all documents in your custody, possession or control that are responsive to the following requests, together with a sworn statement of compliance pursuant to California Code of Civil Procedure sections 2031.210, et seq., that the documents produced are true copies of the originals or that, as to the documents not produced, a representation of an inability to comply.

{3115956.DOCX;3}

## DEFENDANT'S INTIAL EXCHANGE OF CASE SPECIFIC DOCUMENTS

**Producing Defendant:**

**Perpetrator:**

**Plaintiff True Name:**

**Parish(es)**


All objections to each of these requests, and as to the documents to be produced, are preserved.

1. **Any and all personnel files and employment records, including psychiatric, therapist, or other professional evaluations, regardless of administrative purpose for which such files or records are or were prepared or maintained; together with a Privilege Log as to any documents withheld from production;**

2. **Any and all correspondence, records of communications, emails or electronic communications, or notes from parishioners or church members regarding claims of childhood sexual abuse by perpetrator, activities or relationships with minors, conduct or misconduct that creates a risk of childhood sexual assault, together with a Privilege Log as to any documents withheld from production;**

3. **Any and all reports of sexual misconduct with minors by Perpetrator, including law enforcement reports or communications, internal discipline or investigations, written or verbal reports, or notes or recordings of information provided by any individual, media accounts or reports;**

4. **Any and all statements, emails, or notes of verbal conversations or communications between Plaintiff and any other persons regarding claims of abuse,**

5. **Records of Perpetrator's assignments during Priesthood;**

6. **All documents evidencing claims made by persons other than Plaintiff that Perpetrator committed any form of sexual assault upon them when they were a minor. Said documents include but are not limited to Complaints filed with any court; electronic or written communications between employees of Defendant and third persons, addressing the subject matter of childhood sexual assaults by Perpetrator; and records of settlements or other financial resolution of such claims;**

7. Directories or yearbooks of the parish where Plaintiff allegedly was abused for those years Plaintiff has alleged abuse in his/her Complaint; and

8. Photographs or video of the subject Priest.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone (949) 252-9990

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19100 Von Karman Ave., Suite 800, Irvine, CA 92612.

On August 9, 2021, I served the foregoing document described as **STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT SHEETS, AUTHORIZATIONS, AND PRODUCTION OF DOCUMENTS)** on the interested parties in this action.

**[X]     BY ELECTRONIC SERVICE:** Pursuant to the Court's Electronic Case Management Order, I institute service of the foregoing document by submitting an electronic version of the document via file transfer protocol (FTP) to Case Anywhere through the upload feature at www.caseanywhere.com. Service will be deemed effective as provided for in the Electronic Case Management Order.

**[X]     (State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]     (Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed August 9, 2021, Irvine, California.

*Kathleen Frederiksen*
Kathy Frederiksen

1
**

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

RE: ORDER RE: PRELIMINARY DISCOVERY PROCEDURES (FACT SHEETS, AUTHORIZATIONS, AND PRODUCTION OF DOCUMENTS)

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.


Executed on August 10, 2021


Executive Officer/Clerk of the Superior Court

By *Christopher Wright*
Deputy Clerk

# EXHIBIT H



*35376200*

DOCUMENT: Order on Criteria for Bellwether Cases (ORD010)

CASE: JCCP005108

--

FILED: 11/18/2022

FILED BY:

BARCODE BY: cwright 11/18/2022 4:11 PM

ENTERED BY: cwright 11/18/2022 4:11 PM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18





SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| IN RE NORTHERN CALIFORNIA CLERGY | No. JCCP 5108 |
| CASES | ORDER ON CRITERIA FOR BELLWETHER CASES. |
| THIS FILING RELATES TO: | DATE 11/16/22 |
| DOE OK 1014 v. DOE, Alameda County Case | TIME 1:30 PM |
| #HG20053992. | DEPT 21 |

The court held a CMC on 11/16/22 at which the court and the parties discussed the

selection of additional bellwether cases for trials after the trials of the initial six bellwether trials.

At the CMC, counsel for plaintiffs and for defendants identified a variety of factors that the court

might want to consider in selecting cases for the additional bellwether cases. The court is

inclined to select cases for bellwether trials based on whether they will present legal or factual

issues that are present in many of cases or that will otherwise provide information that will

permit the parties to evaluate the value of other cases.

1

At the CMC, the court ORDERED:

The parties are to meet and confer regarding the establishment of criteria for the trial of the second six bellwether cases. Parties are to report to the court at the November 30, 2022, continued CMC. CMC statements to be filed on Monday, November 28 instead of Wednesday, November 23.

Defense counsel are to prepare a spreadsheet showing the number of claims filed against each institutional defendant, to be filed on November 30, 2022, with the report on the criteria developed by the parties for selecting bellwether cases.

The court now provides additional direction on the selection of criteria for cases that the parties propose for additional bellwether trials. For each case, the court anticipates ordering counsel to provide at least the following information:

1. Case name and number.

2. Diocese / County of alleged assault(s).

3. Whether prior notice to institutional defendant will an issue.

4. Whether there are multiple claims regarding the alleged perpetrator.

5. Preexisting situation of plaintiff (preexisting cognitive situation, intact family, etc.).

6. Severity and duration of alleged assaults (exposure, oral copulation, sodomy, etc. Single or multiple incidents).

7. Severity of alleged emotional injury.

8. Severity of alleged economic loss (therapy bills, inability to hold a job, etc.).

1    ///

2    Counsel may identify additional that counsel think would be relevant to the selection of the

3    second set of bellwether trials.

4

5    Dated: November __, 2022

6                    NOV 1 8 2022                    Evelio Grillo
7                                                    Judge of the Superior Court

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

RE: ORDER ON CRITERIA FOR BELLWETHER CASES

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on November 18, 2022

Executive Officer/Clerk of the Superior Court

By *Christopher Wright*
Deputy Clerk

# EXHIBIT I

FILED
ALAMEDA COUNTY

NOV 3 0 2022

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE NORTHERN CALIFORNIA CLERGY CASES | Alameda County Lead Case No: HG20053992 |
| | JCCP NO.    5108 |
| | Judge:    Honorable Evelio Grillo<br>Coordination Trial Judge |
| | Dept:    21 |
| | [PROPOSED] ORDER LIFTING STAY OF DISCOVERY AS TO CERTAIN BELLWETHER TRIAL CASES |

Good cause appearing, the stay of discovery previously entered in those JCCP 5108 is now lifted as to the following cases:

1. Case No. Alameda RG21096306; Kimberly Crow v. Roman Catholic Bishop of Sacramento, A Corporation Sole

2. Case No. Alameda RG21105722; Barrows v. Roman Catholic Bishop of Fresno;

3. Case Nos. Alameda 20CV005367 / SF CGC20584162, John SF-1 Doe v. Roman Catholic Archbishop of San Francisco;

4. Catholic Archbishop of San Francisco, and Alameda 20CV005226 / SF CGC20583648; John Doe SF 1013 v. The Roman Catholic Archbishop of San Francisco, A Corporation Sole;

Case: 23-30564    Doc# 1019    Filed: 02/21/25    Entered: 02/21/25 12:18:08    Page 81 of 131

5. Case No. Alameda RG21086044; John Doe SR 1028 v. Bishop of Santa Rosa.

IT IS SO ORDERED

Dated: November 3⁰, 2022

_(signature)_

The Hon. Evelio Grillo
Coordination Trial Judge JCCP 5108

APPROVED AS TO FORM:

PLAINTIFFS' CO-LIAISON COUNSEL:

DATED: November 30, 2022                MANLY, STEWART, AND FINALDI

                                        By: /s/ Alex Cunny
                                        Alex Cunny
                                        Plaintiffs' Co-Liaison Counsel

DATED: November 30, 2022                FURTADO, JASPOVICE & SIMONS

                                        By: /s/ Rick Simons SBN 72676
                                        Rick Simons
                                        Plaintiffs' Co-Liaison Counsel

INSTITUTIONAL DEFENDANTS' LIAISON COUNSEL:

DATED: November 30, 2022                WEINTRAUB TOBIN

                                        By: /s/ Daniel Zamora
                                        Daniel Zamora, Esq.
                                        Institutional Defendants' Liaison Counsel

DATED: November 30, 2022                By: /s/ Paul Gaspari
                                        Paul Gaspari
                                        Institutional Defendants' Liaison Counsel

- 2 -

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

RE: ORDER LIFTING STAY OF DISCOVERY AS TO CERTAIN BELLWETHER TRIAL CASES

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on November 30, 2022

Executive Officer/Clerk of the Superior Court

By *Christopher Wright*
Deputy Clerk

# EXHIBIT J



*35409247*

DOCUMENT: Amended Case Management Conference Order (ORD010)
CASE: JCCP005108
--
FILED: 12/05/2022

FILED BY:
BARCODE BY: cwright 12/05/2022 3:21 PM
ENTERED BY: cwright 12/05/2022 3:21 PM


FILED
ALAMEDA COUNTY

DEC 0 6 2022

CLERK OF THE SUPERIOR COURT
By_____ Deputy


SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| IN RE NORTHERN CALIFORNIA CLERGY CASES | No. JCCP 5108 |
|---|---|
| | AMENDED CASE MANAGEMENT CONFERENCE ORDER[1] |
| | DATE 11/30/22<br>TIME 10:00<br>DEPT 21 |

The Court, having on 11/30/22 conducted a Case Management Conference ("CMC") in

the above proceedings, and having reviewed the parties' Joint Case Management Conference

Statement, reviewed submitted documents, and heard from counsel, finds and orders as follows:

PENDING MOTIONS BEFORE THE COURT.

There are no pending motions. There are no orders.

DISCUSSIONS BETWEEN LIAISON COUNSEL ON ADR AND RESOLUTION.

There are no orders.

---

[1] Amended regarding timing of selecting second set of cases for trial.

1

SETTING BELLWETHER CASES FOR TRIAL.

The first cases to go to trial will be:

Case 1 (JD OK 1022 v. The Roman Catholic Bishop of Oakland, HG19048685; Matrix # 21). Trial will be in Alameda County. Summary judgment motion will be heard no later than Wednesday 3/29/23. Case has a trial date of April 17, 2023, in Department 21. (See Order filed 9/9/22.)

Case 2. Kimberly Crow v. Doe 1, et al., (The Roman Catholic Bishop of Sacramento) Alameda Superior Court Case No. RG21096306; JCCP 5108 – Matrix #105; Venue: Sacramento Superior Court.

Case 3. Burrows v. Doe 1 (RCB Fresno) Alameda Superior Court Case No. RG21105722; JCCP 5108 – Matrix #106; Venue: Fresno Superior Court.

Case 4A. John SF-1 v Doe 1 (The Roman Catholic Archbishop of San Francisco) San Francisco Superior Court Case No. CGC 20-584162; Matrix Case #1. Venue: San Francisco. The Coordination Trial Judge has issued no order on whether the case should be tried separately or consolidated for trial. (CCP 1048.)

Case 4B. John Doe SF 1013 v RCASF, San Francisco Superior Court Case No. CGC 20-583648; Matrix Case # 26). Venue: San Francisco. The Coordination Trial Judge has issued no order on whether the case should be tried separately or consolidated for trial. (CCP 1048.)

Case 5. TBD re Salesian Society. Mediation set for March 2023. Venue TBD.

Case 6. John Doe SR 1028 v. Doe (Bishop of Santa Rosa), Alameda Superior Court Case No. RG 21 086044 (Matrix # 0081). Venue: Sonoma County. The Diocese of Santa Rosa informed the Court that the Bishop of Santa Rosa, a corporation sole, will be filing for bankruptcy protection no later than 3/1/23.

The court ORDERS that any motions for summary judgment in Cases 2, 3, 4A, 4B, and 6 will be heard on Thursday 6/8/23. The court ORDERS that the reply briefs must be filed on or before Friday 5/26/23. The court encourages the parties to agree on a compressed briefing schedule. In the absence of agreement, the statutory schedule will apply but will be based on the reply brief due on Friday 5/26/23.

The court anticipates issuing orders that remand in Cases 2, 3, 4A, 4B, and 6 to the trial venues effective Friday 6/15/23. The court expects that as of 6/15/23 the Coordination Trial Judge will have issued orders on the motions for summary judgment and that each of the trial cases will be trial ready. If the Coordination Trial Judge has not issued orders on the motions for summary judgment, the cases will still be remanded to the venue county for trial effective 6/15/22 with the Coordination Trial Judge retaining jurisdiction only over the motions for summary judgment.

The coordination trial judge will not manage a case after it is assigned to a county for trial. The county to which the case is assigned for trial will manage the case and set the pre-trial and trial dates. (*Rutherford v. Owens-Illinois* (1997) 16 Cal.4th 953, 967 ["courts have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them"]; *Walker v. Superior Court* (1991) 53 Cal.3d 257, 267 ["courts have inherent authority to control their own calendars and dockets"].)

CRITERIA FOR AND SELECTION OF FURTHER BELLWETHER TRIALS

The court approves the criteria in the CMC Statement for further bellwether trials. The criteria are:

1. Case name and number;

1 | 2. the geographic location of the alleged assault, including the county of the alleged assault, and

2 | the accused perpetrator's associated parish, school or local institution;

3 | 3. the basis of alleged notice to the Institutional Defendant and whether prior notice will be an

4 | issue.

5 | 4. the number of claims and alleged victims of the accused perpetrator;

6 | 5. the severity and type of alleged abuse;

7 |

8 | 6. the frequency and duration of alleged abuse;

9 | 7. the severity and nature of alleged emotional injury on plaintiff;

10 | 8. the severity of alleged economic loss (therapy bills, inability to hold a job, etc.);

11 | 9. the plaintiff's age at the time of alleged abuse;

12 | 10. the time period of the alleged abuse;

13 | 11. the particular institutional defendant(s) involved and whether any trials have previously been

14 | set against them. If so, how does that prior trial compare in criteria to the proposed new trial; and

15 | 12. whether the perpetrator was already the subject of discovery during *Clergy III*.

16 |

17 |

18 | At the Case Management Conference on November 16, 2022, the Court and Liaison

19 | Counsel agreed that the selection of the next six bellwether cases would not begin until sometime

20 | after the close of the December 31, 2022 "revival" window in order to permit the selection of

21 | more representative bellwether cases based on the complete universe of JCCP 5108 cases.

22 | The court ORDERS that before the CMC in February 2023 Liaison Counsel are to submit

23 | a list of any agreed bellwether trials, up to a total of six, at least five court days before the next

24 | CMC. If the sides cannot agree, then each side may submit a list of up to six proposed

25 | bellwether trials that for each case states where it is ranked in that side's preference, a short

26 |

summary argument (e.g. 60 words) about why it is an appropriate bellwether case, and the information in the criteria list. The court can then pick the next six trials.

STATUS OF ADDING ON CASES AND CERTIFICATE REVIEWS

The court updated the parties on the efforts being made by the court to process the Certificates of Merit, Certificates of Corroborative Fact, Stipulations to add cases to the JCCP, and the related orders.

The cases are not the JCCP until they are in the JCCP, and even after they are in the JCCP, the filings of the Certificates of Merit, Certificates of Corroborative Fact, Stipulations to add cases to the JCCP, and the related orders are related only to the individual case and not to the management of the JCCP as a whole. Therefore, the court ORDERS:

1. Certificates of Merit and the resulting orders will be filed in the underlying cases, but not in the JCCP. The documents will not be served on Caseanywhere.

2. Certificates of Corroborative Fact and the resulting orders will be filed in the underlying cases, but not in the JCCP. The documents will not be served on Caseanywhere.

3. Stipulations to add cases to the JCCP and the resulting orders will be filed in the underlying cases, but not in the JCCP. The documents will not be served on Caseanywhere.

4. Counsel in the individual cases are responsible for checking the court's register of actions to obtain copies of the relevant orders.

5. Liaison Counsel must starting in January 2023 provide the court with information in the joint CMC Statement about any Certificates of Merit, Certificates of

1    Corroborative Fact, and Stipulations to add cases to the JCCP that have not been

2    ruled on or addressed by the court.

3    6. Liaison Counsel must continue to maintain a list of the cases that have been added to

4    the JCCP.

5

6    MEET AND CONFER EFFORTS ON ISSUES IDENTIFIED BY THE COURT

7    Except as noted in the CMC statement, the sides did not reach agreement on whether

8    judgments from Clergy III, JCCP 4359, or from bellwether trials in NorCal Clergy, JCCP 5108,

9    might have issue preclusion effect in subsequent cases.

10   The Court indicated that in the absence of agreement of both sides that the Court thought

11   that it could not determine whether prior judgments would have issue preclusion effect in

12   subsequent cases and that the issue of claim preclusion should be decided by the trial judges in

13   each individual case.

14

15   Dated: December 5, 2022

16                                              Evelio M. Grillo
17                                              Judge of the Superior Court

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

RE: AMENDED CASE MANAGEMENT CONFERENCE ORDER

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on December 6, 2022

Executive Officer/Clerk of the Superior Court

By *Christopher Wright*
Deputy Clerk

# EXHIBIT K

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE NORTHERN CALIFORNIA CLERGY CASES | No. JCCP 5108 |
| | ORDER TRANSFERRING JOHN SF-1 V. RCASF, SAN FRANCISCO CGC-20-584162, TO SAN FRANCISCO FOR TRIAL. |
| THIS FILING RELATES TO: | |
| John SF-1 v Doe 1 (The Roman Catholic Archbishop of San Francisco) San Francisco Case No. CGC-20-584162 | DATE N/A TIME N/A DEPT 21 |

ASSIGNMENT OF JOHN SF-1 V. RCASF, SAN FRANCISCO CGC-20-584162, TO SAN FRANCISCO FOR TRIAL.

The Coordination Trial Judge can transfer cases to appropriate counties for trial. (CRC 3.541(b)(1) and 3.543.) The court considers "the convenience of parties, witnesses, and counsel, the relative development of the actions and the work product of counsel, the efficient utilization of judicial facilities and manpower, the calendar of the courts, and any other relevant matter." (CRC 3.341(b)(2); *Pesses v. Superior Court* (1980) 107 Cal.App.3d 11.7, 123.) Of the factors, the court finds that the most significant factor is the location whether the plaintiff was allegedly

subjected to childhood sexual assault. That is the location of the injury, the location of the defendant entity, and the likely location of the trial witnesses.

The Court finds that Plaintiff John SF-1 was allegedly subjected to childhood sexual assault in San Francisco County.

The court ORDERS:

1. The case of *John SF-1 v Doe 1* (The Roman Catholic Archbishop of San Francisco) San Francisco Superior Court Case No. CGC 20-584162, shall be transferred to the Superior Court of the State of California, San Francisco County for trial. The Coordination Trial Judge has issued no order on whether the case should be tried separately or consolidated for trial. (CCP 1048.)

2. The transfer is effective 6/15/23. After that date, the transferee court may exercise jurisdiction over the action in accordance with the orders and directions of the coordination trial judge, and no other court may exercise jurisdiction over that action except as provided in CRC 3.543.

3. The Coordination Trial Judge has been advised that the trial will be set in a department to be determined by the presiding judge, currently the Honorable Samuel K. Feng.

4. Any party who objects to this order may file a motion for reconsideration within 10 days of this order. (CRC 3.543.(b).) If no party files a motion for reconsideration, then this order remains in effect.

5. After the time to file a motion for reconsideration has passed, counsel for plaintiff must file a copy of this order in the identified court and take any additional steps

necessary to ensure that a case file is opened in the transferee court so that
management of the case can be transferred at the appropriate time.

6.  As of the effective date of the transfer, the case shall be "trial ready" similar to a case
    that is transferred from a master calendar judge to a trial judge.  Pleading motions,
    discovery motions, and motions for summary judgment will be conducted in the
    Coordinated Proceeding.  All such motions will be heard by the Coordination Trial
    Judge before the effective date of the transfer.  (*Hernandez v. Superior Court* (2003)
    112 Cal. App. 4th 285, 295 ["The trial court has broad discretion to fashion suitable
    methods of practice in order to manage complex litigation"]; *Volkswagen of America,
    Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 704-705 ["by recognizing the need
    for "exceptional judicial management" the Judicial Council necessarily acknowledged
    that [complex] courts have the authority to take whatever exceptional management
    actions are necessary to accomplish that result"].)  If the Coordination Trial Judge
    has motions under submission as of the date of the transfer, then the Coordination
    Trial Judge will retain authority and responsibility to issue orders on those motions.

7.  The Coordination Trial Judge will not set a pre-trial schedule for the case in the
    transferee court.  After a case is transferred to the transferee court for trial then the
    transferee court will manage the case and can adjust the trial schedule to consider
    courtroom availability and other factors.  (*Rutherford v. Owens-Illinois, Inc.* (1997)
    16 Cal.4th 953, 967; *Walker v. Superior Court* (1991) 53 Cal.3d 257, 267.)

Dated: December __, 2022
                    DEC 1 2 2022

                                        _____
                                        Evelio Grillo
                                        Judge of the Superior Court

3

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

RE: ORDER TRANSFERRING JOHN SF-1 V. RCASF, SAN FRANCISCO CGC-20-584162, TO SAN FRANCISCO FOR TRIAL

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on December 12, 2022

Executive Officer/Clerk of the Superior Court

By *Jhalisa Castaneda*
Deputy Clerk

# EXHIBIT L

1    JOHN C. MANLY, Esq. (State Bar No. 149080)
     VINCE W. FINALDI (State Bar No. 238279)
2    ALEX CUNNY (State Bar No. 291567)
     **MANLY, STEWART & FINALDI**
3    19100 Von Karman Ave., Suite 800
     Irvine, CA 92612
4    Telephone: (949) 252-9990
     Fax: (949) 252-9991
5    Plaintiffs' Co-Liaison Counsel

6    RICHARD SIMONS, State Bar No. 72676
     **FURTADO, JASPOVICE & SIMONS**
7    6589 Bellhurst Lane
     Castro Valley, California 84552
8    Telephone: 510-917-2169
     Plaintiffs' Co-Liaison Counsel
9

FILED
ALAMEDA COUNTY

MAR 2 3 2023

CLERK OF THE SUPERIOR COURT
By _Nicole Hall_

10

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

### IN AND FOR THE COUNTY OF ALAMEDA

12

COORDINATION PROCEEDING SPECIAL
13   TITLE (Rule 3.550):

14   **NORTHERN CALIFORNIA CLERGY CASES**

15   This document relates to:

16

17      *John SF-1 Doe, v. Doe 1, et al.*
       (San Francisco County Case No.
18        CGC-20-20-584162/ Alameda
       County Case No. 20CV05367)

19      *John Doe SF1013 v. Doe Archdiocese,*
20   *et al.*
       (San Francisco County Case No.
21        CGC-20-583648)

JCCP NO.   5108
Judge:      Honorable Evelio Grillo
          Coordination Trial Judge
Dept: 21

~~STIPULATION AND [PROPOSED]~~
**ORDER REGARDING PRE-TRIAL DATES
AND DEADLINES FOR SAN FRANCISCO
COUNTY BELLWETHER TRIAL(S)**

22

23

24

25

26

27

28

{3707060.DOCX:}

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that it is HEREBY STIPULATED between Plaintiff John SF-1 Doe, Plaintiff John Doe SF1013 (collectively "Plaintiffs") and Defendant DOE ARCHDIOCESE, by and through their counsel of record, to the following proposed deadlines and notice periods relating to the Bellwether Trials designated 4A and 4B (remanded to San Francisco effective June 15, 2023), conditioned upon approval by the Court of these proposed deadlines:

1. <u>Motion(s) for Summary Judgment/Adjudication ("MSJ/A")</u>: In stipulating to different timelines than those forth in *C.C.P.* §437c, the Parties stipulate to the following deadlines for filing, opposition, and reply deadlines, as well as the hearing date for the MSJ/A:

    i. The Notice of Motion(s) and Motion(s) of any party shall be filed and served no later than **March 31, 2023;**

    ii. The Opposition(s) to the MSJ/A(s) shall be filed and served no later than **May 25, 2023;**

    iii. The Reply Brief to the MSJ/A shall be filed and served no later than **June 1, 2023;**

    iv. The hearing date on the MSJ/A(s) will occur on **June 8, 2023** in Department 21.

2. <u>Percipient Witness Discovery Cut-Off</u>: The percipient witness discovery cut-off is set for **June 1, 2023;**

3. <u>Percipient Discovery Motion Cut-Off</u>: Any and all percipient, non-expert discovery motions shall be filed and heard on the following timeline:

    i. The Notice of Motion(s) and Motion(s) of either party shall be filed and served no later than **May 29, 2023;**

    ii. The Opposition(s) to these final discovery motions shall be filed and served no later than **June 2, 2023;**

    iii. The Reply Brief to these final discovery motions shall be filed and served no later than **June 5, 2023;**

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

{3707060.DOCX:}

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

iv.  The hearing date on these final discovery motions will occur on **June 8, 2023** in Department 21.

4.  <u>Expert Exchange, Disclosure and Discovery Deadlines:</u>

    i.  <u>Expert Disclosures:</u>  Without the need for any of the Plaintiffs to make a formal demand for exchange of expert witness information pursuant to *C.C.P.* §2034.220, the Parties agree to the following deadlines for expert disclosures:

        1.  The first exchange of expert witness information shall occur on **May 5, 2023**;

        2.  The second exchange of expert witness information shall occur on **May 10, 2023**;

    ii.  <u>Expert Depositions:</u>  Expert witness depositions shall be taken and completed between **May 17, 2023** and **May 29, 2023**. The Parties agree that seven calendar days is sufficient notice of the depositions of any expert and that, if requested, the expert shall produce his/her/their files at least two calendar days before the date scheduled for that expert's deposition testimony.

    iii.  <u>Expert Motions:</u>  All Expert Discovery Motions shall be filed no later than **June 5, 2023**. Hearing and opposition deadlines for any motions filed on this date shall be set by the Hon. Judge Grillo as is available by his department.

Unless otherwise stipulated above, the *Code of Civil Procedure* will govern all other deadlines and notice periods, unless otherwise ordered by the Court.

**IT IS SO STIPULATED.**

Dated: February 7th, 2023

                               **MANLY, STEWART & FINALDI**

                      By: _____
                               ALEX E. CUNNY, Esq.
                               Counsel for Plaintiff John SF-1 Doe

{3707060.DOCX;}

1

2   Dated: February 7, 2023

3

4

5   Dated: February 2, 2023

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FURTADO, JASPOVICE & SIMONS

By: _____
RICK SIMONS, Esq.
Counsel for Plaintiff John Doe SF1013

WEINTRAUB TOBIN

By: _____
ZACHARY SMITH, Esq.
Counsel for DOE ARCHDIOCESE

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

{3707060.DOCX:}

**[PROPOSED] ORDER**

Having reviewed the above stipulation and finding GOOD CAUSE therefor, the Court hereby Orders:

1. Motion(s) for Summary Judgment/Adjudication ("MSJ/ATthe Parties shall comply with the the following deadlines for filing, opposition, and reply deadlines, as well as the hearing date for the MSJ/A:

       i. The Notice of Motion(s) and Motion(s) of any party shall be filed and served no later than **March 31, 2023**;

      ii. The Opposition(s) to the MSJ/A(s) shall be filed and served no later than **May 25, 2023**;

     iii. The Reply Brief to the MSJ/A shall be filed and served no later than **June 1, 2023**;

     iv. The hearing date on the MSJ/A(s) will occur on **June 8, 2023** in Department 21.

2. Percipient Witness Discovery Cut-Off: The percipient witness discovery cut-off is set for **June 1, 2023**;

3. Percipient Discovery Motion Cut-Off: Any and all percipient, non-expert discovery motions shall be filed and heard on the following timeline:

      i. The Notice of Motion(s) and Motion(s) of either party shall be filed and served no later than **May 29, 2023**;

      ii. The Opposition(s) to these final discovery motions shall be filed and served no later than **June 2, 2023**;

     iii. The Reply Brief to these final discovery motions shall be filed and served no later than **June 5, 2023**;

     iv. The hearing date on these final discovery motions will occur on **June 8, 2023** in Department 21.

{3707060.DOCX:}

MANLY, STEWART & FINALDI
ATTORNEYS AT LAW
19100 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 252-9990

4. <u>Expert Exchange, Disclosure and Discovery Deadlines:</u>

    i. <u>Expert Disclosures:</u>   Without the need for any of the Plaintiffs to make a formal demand for exchange of expert witness information pursuant to *C.C.P.* §2034.220, the Parties agree to the following deadlines for expert disclosures:

        1. The first exchange of expert witness information shall occur on **May 5, 2023**;

        2. The second exchange of expert witness information shall occur on **May 10, 2023**;

    ii. <u>Expert Depositions:</u>  Expert witness depositions shall be taken and completed between **May 17, 2023** and **May 29, 2023**. Seven calendar days is sufficient notice of the depositions of any expert and that, if requested, the expert shall produce his/her/their files at least two calendar days before the date scheduled for that expert's deposition testimony.

    iii. <u>Expert Motions:</u>    All Expert Discovery Motions shall be filed no later than **June 5, 2023**. Hearing and opposition deadlines for any motions filed on this date shall be set by the Hon. Judge Grillo as is available by his department.

Unless otherwise stipulated above, the *Code of Civil Procedure* will govern all other deadlines and notice periods, unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

DATE: *March 23, 2023*

_____
The Honorable Judge Evelio Grillo
Judge of the Superior Court of California
In and for the County of Alameda

{3707060.DOCX:}

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

ORDER REGARDING PRE-TRIAL DATS AND DEADLINES FOR SAN
FRANCISCO COUNTY BELLWETHER TRIAL(S)

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on March 23, 2023

Executive Officer/Clerk of the Superior Court

By *Nicole Hall*
Deputy Clerk

# EXHIBIT M

FILED
ALAMEDA COUNTY

JUL 1 9 2023

CLERK OF THE SUPERIOR COURT
By _Nicole Hall_

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE NORTHERN CALIFORNIA CLERGY CASES<br><br>THIS FILING RELATES TO:<br><br>John SF-1 v Doe 1 (The Roman Catholic Archbishop of San Francisco) San Francisco Case No. CGC-20-584162 | No. JCCP 5108<br><br>ORDER TRANSFERRING JOHN SF-1 V. RCASF, SAN FRANCISCO CGC-20-584162, TO SAN FRANCISCO FOR TRIAL.<br><br>DATE N/A<br>TIME  N/A<br>DEPT  21 |

On 12/12/22, the Coordination Trial Judge entered an order that the case of *John SF-1 v Doe 1* (The Roman Catholic Archbishop of San Francisco) San Francisco Superior Court Case No. CGC 20-584162, shall be transferred to the Superior Court of the State of California, San Francisco County for trial.  The order of 12/12/22 states: "The transfer is effective 6/15/23."

The Coordination Trial Judge now ORDERS that that the case of *John SF-1 v Doe 1* (The Roman Catholic Archbishop of San Francisco) San Francisco Superior Court Case No. CGC 20-584162, is transferred to the Superior Court of the State of California, San Francisco County for trial.  The transfer was effective 6/15/23.

1

1    After a case is transferred to the transferee court for trial then the transferee court will

2    manage the case and can adjust the trial schedule to consider courtroom availability and other

3    factors. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967; *Walker v. Superior*

4    *Court* (1991) 53 Cal.3d 257, 267.)

5

6    Dated: July 19, 2023

7                                                          Evelio Grillo
                                                          Judge of the Superior Court
8

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

ORDER TRANSFERRING JOHN SF-1 V. RCASF, SAN FRANCISCO, CGC20-584162, TO SAN FRANCISCO FOR TRIAL

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on July 19, 2023

Executive Officer/Clerk of the Superior Court

By *Nicole Hall*
Deputy Clerk

# EXHIBIT N

**FILED**
Superior Court of California
County of Alameda

01/23/2025

Chad Finke , Executive Officer / Clerk of the Court

By: _Nicole Hall_ Deputy

N. Hall

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE NORTHERN CALIFORNIA CLERGY CASES | No. JCCP 5108<br>No. HG20-053992<br><br>CASE MANAGEMENT CONFERENCE<br>ORDER<br><br>DATE 1/22/25<br>TIME  1:30<br>DEPT  21 |

The Court, having on 1/22/25 conducted a Case Management Conference ("CMC") in the above proceedings, and having reviewed the parties' Joint Case Management Conference Statement, reviewed submitted documents, and heard from counsel, finds and orders as follows:

## I.  STATUS OF THE JCCP

The Order of 7/22/00 granted the petition for coordination.  This JCCP exists because an amendment to CCP 340.1 permitted otherwise time barred claim to "be commenced within three years of January 1, 2020."  (CCP 340.1(q).)  (Order of 4/29/21.)  The cases in the JCCP were filed between 1/1/20 and 12/31/22.  The Court aspires to resolve complex cases within three years (Std Jud Admin 2.2(g)) and must resolve cases within five years (CCP 583.310).

1

At the CMC on 1/22/25, counsel reported that the JCCP cases fall into three buckets: Bucket 1—no defendants have filed for bankruptcy protection; Bucket 2—some defendants have filed for bankruptcy protection; and Bucket 3—all defendants have filed for bankruptcy protection. After the CMC, the Court received from Plaintiffs' liaison counsel a confidential spreadsheet listing and briefly describing the pending cases that are in the JCCP. Based on the spreadsheet: Bucket 1 contains about 268 cases; Bucket 2 contains about 523 cases; and Bucket 3 contains about 814 cases. (These numbers will be adjusted if the Diocese of Fresno or others file for bankruptcy protection.) To date, no case in the JCCP has undergone trial.

## II.  CASE MANAGEMENT GOING FORWARD.

At the CMC, the Court described initial thoughts regarding a plan for case management going forward, which is set forth in more detail below. The Court requests that each side, through liaison counsel, respond to the proposed plan and/or make their own proposals or modifications to the plan in the joint CMC statement to submitted in advance of the regular monthly CMC to be held in February 2025.

*Proposed Management Plan*:

1. All cases in Buckets 1 and 2 will be given a date for trial (if an Alameda County case) or a date for transfer to another county for trial. (CRC 3.543.) Counsel shall meet and confer and propose a schedule of trial/transfer dates. The cases should be grouped, if appropriate. (For example, cases involving the same alleged individual perpetrator(s) might be grouped together.) The trial/transfer dates should be staggered in a logical manner. The schedules in the CMC statement filed 1/21/25 may be a starting point. The trial/transfer dates should trigger, working backwards, a litigation schedule for case development, discovery, motions, settlement discussions, and the like for each case in

2

Buckets 1 and 2. The cases must be "trial ready" when they are transferred. (See Orders of 12/12/22 and 7/18/23 and 5/29/24.) For cases that will be transferred to other counties for trial, the Coordination Trial judge can determine the transfer date (CRC 3.543) but the court where the case will be tried will determine the trial department, trial date, and other specifics about the trial.

2. The Court is inclined to order mediation within 30 days of the trial/transfer date for cases that have not previously undergone any type of mediation.

3. Approximately 30 days before the trial/transfer date, the parties will file exhibit lists, witness lists, case specific motions in limine, jury instructions, and other filings that comply with Alameda Local Rule 3.35 or any similar local rule of the county of trial.

4. Approximately 60 days before the trial/transfer date, the Court will hear motions in limine that have some general applicability (*i.e.*, a motion that calls for a ruling that has applicability to a meaningful range of cases), motions for summary adjudication or summary judgment, and motions to consolidate (CCP 1048).

5. Effective immediately, the Court will lift any stay of discovery on cases in the JCCP that have been imposed by Order of this Court. Discovery should be coordinated, so counsel in related cases participate in the same discovery to avoid duplication. The Court would consider appointing a discovery coordinator. By definition, the nature of the evidence, generally, in these cases is dated. With each passing year, witnesses relocate, are more difficult to find, suffer gradual loss of memory, and might pass away, and documents and real evidence become more difficult to locate or subject to destruction. The JCCP is already four-years old. Going forward, the benefits of completing discovery outweigh the benefits of staggering or further delaying discovery. The cases need to be developed

for meaningful resolution—either by settlement or trial—whether in this action or a related bankruptcy action.

6. Cases in Bucket 3 will remain stayed in the JCCP as a result of the automatic bankruptcy stay. Parties are free to pursue their remedies within a bankruptcy action, *e.g.*, by an adversarial action or otherwise. If a defendant files for bankruptcy protection, cases will be moved to the appropriate Bucket.

7. Parties are encouraged to pursue mediation and settlement discussions on a parallel track. Settlement discussions or mediation should not hold up discovery or trial preparation.

## III. OTHER ISSUES RAISED AT THE CMC

### A. CMCS IN COUNTIES OF ORIGINAL VENUE

Counsel report that some courts in the Counties of Original Venue are setting CMCs. In a JCCP, the underlying case remains in the county of original venue. If counsel have filed a notice of stay in the case in the County of Original Venue, then that court should be aware of the JCCP and the stay of the action. Counsel may submit proposed orders that confirm that a case has been added to the JCCP under CRC 3.544 or otherwise, that the case is being managed in the JCCP, that the case might return to the county of original venue for trial, and that the action is stayed in the home venue. The parties could then file that order in the case pending in the county of original venue.

### B. DISCOVERY DISPUTE RESOLUTION PROCESS

Counsel requested the Court's guidance on Informal Discovery Conferences ("IDC"s). The Court does not require IDCs before filing a formal discovery motion. The Court finds that IDCs are helpful when all counsel pertinent to the discovery dispute at issue consent to the IDC. The Court does not make orders in IDCs over objection. The Court issues orders only on a duly

noticed motion. If all counsel pertinent to a discovery dispute agree to an IDC, counsel proposing the IDC should contact the Dept. 21 clerk and propose dates for a 30-minute session, and the clerk will calendar the matter for a time when the Court is available. The Court might in appropriate cases permit counsel who are not directly involved in an IDC to attend and to passively monitor an IDC to benefit from the discussion.

Discovery motions, on the other hand, should be calendared on the date for the monthly hearings in this JCCP. For discovery motions, parties are free to agree to truncated briefing requirements and schedules and to waive procedures required by the California Discovery Act.

### C. MOTIONS TO WITHDRAW AS COUNSEL

The Court ORDERS liaison counsel to develop a proposed order addressing Motions to Withdraw as Counsel. In a JCCP there are special considerations relating to (1) ensuring that any person who will be self-represented is informed about all the prior orders in the JCCP and how to access and use CaseAnywhere and similar information; (2) ensuring that any person who will be self-represented is informed of their obligations to produce discovery and otherwise comply with court orders; and (3) clarifying that liaison counsel has limited responsibilities to a self-represented litigant after the withdrawal of counsel for that person. As a model, the Court refers the parties to Ranitidine Products, JCCP 5150, order of 9/10/24. The Court also refers counsel to Essure Products, JCCP 4887, order of 11/2/20, and Ranitidine Products, JCCP 5150, order of 12/4/23. The Court will provide these to coordinating counsel.

### D. EX PARTE APPLICATION TO APPOINT SPECIAL PROCESS SERVICE

The case of *John SV Roe Tij v. Doe 1* (Alameda case # 22CV 022675, Matrix # 433), apparently requires an international service of process of a Doe Defendant under the Hague Convention. The *ex parte* as filed is DENIED. The current request asks the Court to appoint a

process server as the Court's own agent for service of process, which is highly unusual, but provides no legal basis for doing so. The Court notes that counsel should observe the distinction between asking the Court for an order that requests the assistance of a foreign jurisdiction's central authority to effectuate service and asking the Court to appoint a process server as the Court's own agent. Counsel may file a more robust *ex parte* application stating in greater detail what is requested and why a court order is appropriate or necessary, including the legal grounds warranting the specific relief requested.

### E. STATUS OF THE FRESNO DIOCESE FUTURE BANKRUPTCY FILING

Plaintiffs seeks an Order to Show Cause or sanctions against the Diocese of Fresno because Fresno represented that it would be filing for Chapter 11 reorganization and plaintiffs delayed proceedings regarding Fresno in anticipation of a bankruptcy stay, but Fresno has not yet filed for bankruptcy. The Court ORDERS that the request for an order to show cause or sanctions against the Diocese of Fresno is DENIED.

### F. EFFECT OF BANKRUPTCY ON CO-DEFENDANTS

Several defendants have filed for bankruptcy and the automatic bankruptcy stay is in effect for those defendants. The CMC statement filed 1/21/25 at 10:10-15 and 12:22 indicates that the parties have different views on how a bankruptcy stay applicable to one defendant affects the prosecution of claims against other defendants. The parties may file appropriate motions seeking Court Orders on the effect in state court of the automatic bankruptcy stay on any given defendant or on the proceedings in state court generally. Any Orders by this Court will be made upon an appropriate motion after adequate briefing regarding a specific dispute.

While the Court is disinclined to make advisory rulings, the Court interprets the parties submission as a request for general guidance. The Court is currently aware of case law that

stands for the following propositions: (1) The scope and effect of the stay is decided by the

bankruptcy judges in the first instance  (*In re Marriage of Sprague & Spiegel-Sprague* (2003)

105 Cal.App.4th 215, 219; *In re Gruntz* (9th Cir., 2000)  202 F.3d 1074, 1082,  1087); (2) a

bankruptcy stay that applies to one defendant in a case applies only to that defendant and does

not necessarily stay an action as to other defendants or to the case as a whole (*Higgins v.

Superior Court* (2017) 15 Cal.App.5th 973, 981; *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732,

748; *Cross v. Cooper* (2011) 197 Cal.App.4th 357 fn 2); and (3) a plaintiff asserting claims

against a defendant that is not in bankruptcy may serve and obtain discovery from a defendant

that is in bankruptcy  (*In re Miller* (9th Cir. Bankr, 2001) 262 B.R. 499, 503 -507).  If the parties

file motions regarding whether a bankruptcy stay prevents or precludes certain actions in state

court, the parties should address the relevant case law, including these decisions.

### G.  TRIAL DATES

The Court ORDERS that, in the CMC statement for the next regular monthly CMC,

parties may make requests for trial/transfer dates for specific cases.

Dated: January 23, 2025

S. Raj Chatterjee
Judge of the Superior Court

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

CASE MANAGEMENT CONFERENCE ORDER

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on January 23, 2025

Executive Officer/Clerk of the Superior Court

By : *Nicole Hall*
Deputy Clerk

# EXHIBIT O

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

### MINUTES

August 11, 2023

JOHN DOE SF 1013

PLAINTIFF

VS.

DOE 1 et al

DEFENDANT

Department: 504

Case Number: CGC-20-583648

Nature of Cause:

CASE MANAGEMENT
CONFERENCE

Present:

Judge: GARRETT L. WONG
Reporter: KIMBERLY D'URSO CSR#11372
503-521-2948; DURSOREPORTING@GMAIL.COM

Clerk: KIMBERLY SEPTIEN
Bailiff: NONE ASSIGNED

Appearing for Plaintiff (s):

**RICHARD JAY SIMONS, ESQ.**
Furtado, Jaspovice & Simons
6589 Bellhurst Lane
Castro Valley, CA 94552
T: 510-582-1080
E: rick@fjslaw.com

*for JOHN DOE SF 1013, PLAINTIFF*

Appearing for Defendant(s):

**ZACHARY SMITH, ESQ.**
**DANIEL ZAMORA, ESQ.**
Weintraub Tobin Chediak Coleman Grodin
LAW CORPORATION
475 Sansome Street, Ste. 510
San Francisco, CA 94111
T: 415-433-1400
E: zsmith@weintraub.com
    dzamora@weintraub.com

*for DOE 1, DEFENDANT*

---

This matter comes on calendar having been singly assigned to Department 504 by the Presiding Judge. The Court, court staff and counsel are present as shown in bold face above via Zoom. The matter is reported by Kimberly D'Urso CSR#11372. This matter is heard concurrently with Case No.: CGC-20-584162.

9:37 AM *On the record.* Court convenes. Counsel state their appearances.
The Court inquires as to the possible bankruptcy filings by defendants.

Case Number: CGC-20-583648
Case Title: JOHN DOE SF 1013 VS. DOE 1 ET AL
Date: August 11, 2023                                      -1-

9:40 AM Defendant's counsel, Mr. Zamora states that the bankruptcy filings have been announced and are intended but have not yet been filed. Plaintiff's Counsel for Case No.: CGC-20-584162, Mr. Finaldi states that absent the filings the matter should continue to trial.

9:42 AM The Court states that these cases are a priority and that now having been given the directive, the matters will be brought to trial. The Court discusses the trial scheduling.

9:45 AM Court and counsel discuss various matters. Mr. Finaldi states he is taking the lead in both cases. Defendant's clarify that the cases are not consolidated.

9:50AM After discussion and agreement from all parties of both matters the Court sets Plaintiff's consolidation motion, and motions in limine for August 23rd at 9:30am.

9:53 AM The length of the trial and trial specifics are discussed.

10:01 AM Scheduling for oppositions is discussed.
10:05 AM Mr. Smith inquires as to insurance and wealth matters and mentions bifurcation as to punitive. The Court explains the usual protocol for such matters.

The Court sets out the following schedule:

Motions are due: 8/17
Oppositions are due:8/21
There will be no replies.

10:15 AM Jury selections is discussed. Defendant's counsel state ongoing efiling issues. The clerk states the issues will be investigated.

10:41 AM The Court shares the department information and procedures.
10:46 AM Court is adjourned.

Case Number: CGC-20-583648
Case Title: JOHN DOE SF 1013 VS. DOE 1 ET AL
Date: August 11, 2023                                                                -2-

# EXHIBIT P

## *CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL*

CA Superior - San Francisco

San Francisco

**This case was retrieved on 03/20/2024**

## Header

**Case Number:** CGC-20-584162
**Date Filed:** 04/16/2020
**Date Full Case Retrieved:** 03/20/2024
**Status:** Unknown
**Misc:** (108) PERSONAL INJURY/PROPERTY DAMAGE - NON-VEHICLE RELATED; Civil

## Summary

**Judge**: ANNE-CHRISTINE MASSULLO; RICHARD B. ULMER; HAROLD E. KAHN; GARRETT L. WONG

## Participants

| Litigants | Attorneys |
|---|---|
| DOE, JOHN SF-1 , AN INDIVIDUAL<br>**PLAINTIFF** | MANLY, JOHN C<br>PLAINTIFF<br>149080<br>MANLY, STEWART & FINALDI 19100 VON KARMAN AVENUE SUITE 800 IRVINE, CA 92612 949-252-9990 |
| DOE 1, A CALIFORNIA CORPORATION SOLE<br>**DEFENDANT** | |
| DOES 2-50, INCLUSIVE<br>**DEFENDANT** | |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE<br>**DEFENDANT** | SMITH, ZACHARY M.<br>DEFENDANT<br>078241<br>WENTRAUB TOBIN CHEDIAK COLEMAN GRODIN 475 SANSOME STREET SUITE 510 SAN FRANCISCO, CA 94111 415-433-1400 zsmith@weintraub.com |

## Calendar

| Date | Details |
|---|---|
| 09/16/2020 | Matter: CASE MANAGEMENT CONFERENCE Off Calendar Aug-28-2020 Continued To Jan-13-21 At 10:30 A.M. In Dept 610 |
| | Location: CIVIC CENTER COURTHOUSE ROOM 610 |
| | Judge: GARRETT L. WONG |
| 01/13/2021 | Matter: CASE MANAGEMENT CONFERENCE Off Calendar Dec-29-2020 Off Calendar |
| | Location: CIVIC CENTER COURTHOUSE ROOM 610 |
| | Judge: GARRETT L. WONG |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | Details |
|------|---------|
| 08/11/2023 | Matter: CASE MANAGEMENT CONFERENCE - TRIAL COURTS Off Calendar Aug-10-2023 Reassignment Of Exempt Case |
| | Location: CIVIC CENTER COURTHOUSE ROOM 210 |
| | Judge: HAROLD E. KAHN |
| 08/11/2023 | Matter: CASE MANAGEMENT CONFERENCE - TRIAL COURTS Off Calendar Aug-14-2023 Off Calendar |
| | Location: CIVIC CENTER COURTHOUSE ROOM 504 |
| | Judge: GARRETT L. WONG |
| 08/23/2023 | Matter: DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO'S Motion To Strike Irrelevant And Improper Matter From Plaintiffs Pleading (C.C.P. 436). Off calendar.  Motion not filed and served in compliance with CCP 1005. Judge: Richard B. Ulmer Jr., Clerk: M. Goodman, Not Reported. (302/rbu)  Notice And Motion To Strike Irrelevant And Improper Matter From Plaintiffs Pleading (C.C.P. 436) Off Calendar Aug-24-2023 Text Ruling MINI MINUTES: No appearances. The Court adopts the tentative ruling as follows: |
| | Location: CIVIC CENTER COURTHOUSE ROOM 302 |
| | Judge: RICHARD B. ULMER |
| 08/23/2023 | Matter: JURY TRIAL |
| | Location: CIVIC CENTER COURTHOUSE ROOM 604 |
| | Judge: GARRETT L. WONG |
| 08/23/2023 | Matter: JURY TRIAL Off Calendar Aug-14-2023 Continued To Aug-23-23 At 09:30 A.M. In Dept 604 |
| | Location: CIVIC CENTER COURTHOUSE ROOM 604 |
| | Judge: HAROLD E. KAHN |
| 08/23/2023 | Matter: Notice Of Motion And Motion To Bifurcate Trial Pursuant To Civil Code Section 3295 D |
| | Location: CIVIC CENTER COURTHOUSE ROOM 504 |
| | Judge: GARRETT L. WONG |
| 09/20/2023 | Matter: CASE MANAGEMENT CONFERENCE Off Calendar Aug-02-2023 Single Assignment |
| | Location: CIVIC CENTER COURTHOUSE ROOM 610 |
| | Judge: ANNE-CHRISTINE MASSULLO |

# Payments

| Date | Amount | Payment Type | Receipt | Reason |
|------|--------|--------------|---------|--------|
| 04/20/2020 | $1450 | CHECK | W1020420F008 | CIVIL COMPLAINT/PETITION/OTHER FIRST PAPER |
| 03/04/2023 | $150 | ELECTRONIC | B4923304J003 | JURY FEES |
| 08/18/2023 | $1435 | ELECTRONIC | W6623818F005 | CIVIL FIRST PAPER ANSWER/RESPONSE/PLEADING |
| 08/21/2023 | $60 | ELECTRONIC | B9523821M003 | MOTION |

# Proceedings

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 04/16/2020 | | DECLARATION (CERTIFICATE OF MERIT) OF ALEX E. CUNNY, ESQ. AS TO DEFENDANT DOE 1 (CONFIDENTIAL) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 04/16/2020 | | DECLARATION (CERTIFICATE OF MERIT) OF SYDELLE TABRIZY, M.A., M.F.T., FOR PLAINTIFF JOHN SF-1 DOE (CONFIDENTIAL) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 04/16/2020 | | NOTICE TO PLAINTIFF | |
| 04/16/2020 | | PERSONAL INJURY/PROPERTY DAMAGE - NON-VEHICLE RELATED, COMPLAINT FILED BY PLAINTIFF DOE, JOHN SF-1, AN INDIVIDUAL AS TO DEFENDANT DOE 1, A CALIFORNIA CORPORATION SOLE DOES 2-50, INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR SEP-16-2020 PROOF OF SERVICE DUE ON JUN-15-2020 CASE MANAGEMENT STATEMENT DUE ON AUG-24-2020 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | |
| 05/15/2020 | | NOTICE OF SUBMISSION OF PETITION FOR COORDINATION (AND REQUEST FOR STAY OF PROCEEDINGS PRIOR TO DETERMINATION OF PETITION) (TRANSACTION ID # 65640433) FILED BY PLAINTIFF DOE, JOHN SF-1, AN INDIVIDUAL | |
| 06/30/2020 | | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED ASSIGNING COORDINATION MOTION JUDGE IN "NORTHERN CALIFORNIA CLERGY CASES" (TRANSACTION ID # 65736426) FILED BY PLAINTIFF DOE, JOHN SF-1, AN INDIVIDUAL | |
| 08/21/2020 | | CASE MANAGEMENT STATEMENT (TRANSACTION ID # 65869310) FILED BY PLAINTIFF DOE, JOHN SF-1, AN INDIVIDUAL JURY DEMANDED, ESTIMATED TIME FOR TRIAL: 22.0 DAYS | |
| 08/28/2020 | | CASE MANAGEMENT CONFERENCE OF SEP-16-2020 CONTINUED TO JAN-13-2021 AT 10:30 AM IN DEPARTMENT 610 FOR STATUS OF COORDINATION. NOTICE SENT BY COURT. | |
| 11/10/2020 | | NOTICE OF ORDER OF CHAIR OF JUDICIAL COUNCIL OF CALIFORNIA ASSIGNING COORDINATION TRIAL JUDGE (TRANSACTION ID # 66098524) FILED BY PLAINTIFF DOE, JOHN SF-1, AN INDIVIDUAL | |
| 12/18/2020 | | CASE MANAGEMENT STATEMENT (TRANSACTION ID # 66197966) FILED BY PLAINTIFF DOE, JOHN SF-1, AN INDIVIDUAL JURY DEMANDED, ESTIMATED TIME FOR TRIAL: 22.0 DAYS | |
| 12/29/2020 | | CASE MANAGEMENT CONFERENCE OF JAN-13-2021 IS OFF CALENDAR. CASE COORDINATED WITH JCCP 5108. NOTICE SENT BY COURT. | |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 11/03/2021 | | SUMMONS ON COMPLAINT (TRANSACTION ID # 67067097), PROOF OF SERVICE ONLY, FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL SERVED OCT-25-2021, SUBSTITUTE SERVICE ON NATURAL PERSON, MAILING DATE OCT-26-2021 AS TO DEFENDANT DOE 1, A CALIFORNIA CORPORATION SOLE | |
| 01/14/2022 | | 1ST AMENDED COMPLAINT / 1ST AMENDED NOTICE OF ADOPTION FORM AND 1ST AMENDED COMPLAINT **FILED IN ALAMEDA COUNTY IN JCCP 5108; ENTRY IS USED FOR INFORMATIONAL PURPOSES ONLY ** FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL AS TO DEFENDANT DOE 1, A CALIFORNIA CORPORATION SOLE DOES 2-50, INCLUSIVE | |
| 02/10/2023 | | JURY FEES (TRANSACTION ID # 210028462) DEPOSITED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 07/20/2023 | | 2ND AMENDED COMPLAINT / 2ND AMENDED NOTICE OF ADOPTION FORM AND 2ND AMENDED MASTER COMPLAINT **FILED IN ALAMEDA COUNTY IN JCCP 5108; ENTRY IS USED FOR INFORMATIONAL PURPOSES ONLY ** FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL AS TO DEFENDANT DOE 1, A CALIFORNIA CORPORATION SOLE DOES 2-50, INCLUSIVE | |
| 07/20/2023 | | NOTICE OF ORDER TRANSFERRING JOHN SF-1 V. RCASF, SAN FRANCISCO, CGC-20-584162, TO SAN FRANCISCO FOR TRIAL (TRANSACTION ID # 100206800) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 08/01/2023 | | ADDED TO CALENDAR FOR CASE MANAGEMENT CONFERENCE HEARING SET FOR SEP-20-2023 AT 10:30 AM IN DEPT 610 | |
| 08/01/2023 | | ORDER SETTING CASE MANAGEMENT CONFERENCE SENT BY COURT | |
| 08/02/2023 | | ADDED TO CALENDAR FOR JURY TRIAL. (TRIAL DATE SET IN ALAMEDA PRIOR TO TRANSFER.) JURY TRIAL SET FOR AUG-23-2023 AT 09:30 AM IN DEPT 604 | |
| 08/02/2023 | | NOTICE OF ENTRY OF ORDER/NOTICE OF RULING FILED (TRANSACTION ID # 100208089) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 08/02/2023 | | SINGLE ASSIGNMENT TO VISITING JUDGE HAROLD E KAHN (RET. SAN | |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| | | FRANCISCO) FOR ALL PURPOSES. CASE MANAGEMENT CONFERENCE SET FOR AUG-11-2023 AT 9:30 AM IN DEPT. 210. SEP-20-2023 CASE MANAGEMENT CONFERENCE IS OFF CALENDAR. NOTICE SENT BY COURT. (206) | |
| 08/03/2023 | | NOTICE OF TIME AND PLACE OF TRIAL SENT BY COURT. (206) | |
| 08/04/2023 | | 170.6 PEREMPTORY CHALLENGE PENDING AS TO JUDGE HAROLD E. KAHN / PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (C.C.P. 170.6) OF JUDGE HAROLD E. KAHN (TRANSACTION ID # 210043900) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 08/10/2023 | | ANSWER TO 2ND AMENDED COMPLAINT (ANSWER TO "SECOND AMENDED NOTICE OF ADOPTION FORM" AND "SECOND AMENDED MASTER COMPLAINT FOR DAMAGES") (TRANSACTION ID # 70611845) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/10/2023 | | CASE IS SINGLY RE-ASSIGNED FROM VISITING JUDGE HAROLD KAHN TO JUDGE GARRETT L. WONG FOR ALL PURPOSES AFTER PLAINTIFF'S CCP 170.6 PEREMPTORY CHALLENGE AS TO JUDGE KAHN. CASE MANAGEMENT CONFERENCE SET FOR AUG-11-2023 AT 9:30 AM IS MAINTAINED AND WILL BE HEARD IN DEPT. 504. TRIAL DATE ON 8/23/23 IS MAINTAINED. NOTICES SENT BY COURT. (206) | |
| 08/10/2023 | | PROOF OF SERVICE (TRANSACTION ID # 70611845) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/11/2023 | | MINUTES FOR AUG-11-2023 9:30 AM | |
| 08/14/2023 | | CASE MANAGEMENT CONFERENCE OF AUG-11-2023 IS OFF CALENDAR BY COURT. CONFERENCE HELD. MOTIONS IN LIMINE FILING SCHEDULE ESTABLISHED. JUDGE: GARRETT L. WONG, CLERK: K. SEPTIEN, REPORTER: KIMBERLY D'URSO CSR#11372- 530.521.2948- DURSOREPORTING@GMAIL.COM, (504). | |
| 08/14/2023 | | JURY TRIAL SET FOR AUG-23-2023 CONTINUED TO AUG-23-2023 AT 9:30 AM IN 604 TO BE HEARD BEFORE THE HON. GARRETT WONG PER REASSIGNMENT ON 8/10/23. (206) | |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 08/16/2023 | | DECLARATION OF STEVEN D. PENROD (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | DECLARATION OF ZACHARY SMITH IN OPPOSITION TO PLAINTIFFS JOINT MOTION TO CONSOLIDATE CASES FOR TRIAL (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | DECLARATION OF ZACHARY SMITH IN SUPPORT OF DEFENDANTS MOTION TO BIFURCATE TRIAL (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE TRIAL PURSUANT TO CIVIL CODE SECTION 3295 D (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFFS JOINT MOTION TO CONSOLIDATE CASES FOR TRIAL (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | MOTION IN LIMINE NO. 1 TO PROHIBIT MENTION OF DEFENDANTS WEALTH OR PROFITS (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | NOTICE OF MOTION AND MOTION TO BIFURCATE TRIAL PURSUANT TO CIVIL CODE SECTION 3295 D (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE HEARING SET FOR AUG-23-2023 AT 09:30 AM IN DEPT 504 | |
| 08/16/2023 | | PROOF OF SERVICE BY ELECTRONIC MAIL (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | PROOF OF SERVICE BY ELECTRONIC MAIL MEMORANDUM OF POINTS AND | |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| | | AUTHORITES IN SUPPORTOF OPPOSITION TO PLAINTIFF'S MOTIN TO CONSOLIDATE CASE FOR TRAIL; DECLARATIONS IN SUPPORT OF OPPOSITION; REQUEST FOR JUDICIAL NOTICE (TRANSACTION ID # 70653065) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF ZACHARY SMITH IN SUPPORT OF DEFENDANTS MOTION TO BIFURCATE TRIAL PURSUANT TO CIVIL CODE SECTION 3295 D (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/16/2023 | | REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF ZACHARY SMITH IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS JOINT MOTION TO CONSOLIDATE CASES FOR TRIAL (TRANSACTION ID # 70653056) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | DECLARATION OF ZACHARY SMITH IN SUPPORT OF DEFENDANTS MOTIONS IN LIMINE (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE IRRELEVANT AND IMPROPER MATTER FROM PLAINTIFFS PLEADING (C.C.P. 436) (TRANSACTION ID # 70665512) (TRANSACTION ID # 70665512) (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | JOINT MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF, REFERRAL TO, AND INSTRUCTIONS OR ARGUMENT OF ALLOCATION OF FAULT TO FR. PRITCHARD OR ANY OTHER PERSON OR ENTITY; DECLARATION OF ALEX E. CUNNY, ESQ. (TRANSACTION ID # 210045164) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 08/17/2023 | | JOINT MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE IN SUPPORT OF DEFENDANT ARCHBISHOP'S DENIAL OF NOTICE; DECLARATION OF ALEX E. CUNNY, ESQ. (TRANSACTION ID # | |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| | | 210045164) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 08/17/2023 | | JOINT MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF, REFERRAL TO, OR QUESTIONING ABOUT THE MOLESTATION OR ABUSE OF NON-PARTY FAMILY MEMBERS OF PLAINTIFF BY INDIVIDUALS OTHER THAN FR. PRITCHARD; DECLARATION OF ALEX E. CUNNY (TRANSACTION ID # 210045164) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 08/17/2023 | | MOTION IN LIMINE NO. 2: TO PROHIBIT MENTION OF OTHER CASES OR CLAIMS (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | MOTION IN LIMINE NO. 3: TO PROHIBIT EVIDENCE ARGUMENT AND OR MENTION OF PRITCHARD AS A PARTY TO THE ACTION (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | MOTION IN LIMINE NO. 4: TO PROHIBIT EVIDENCE ARGUMENT AND OR MENTION OF THE 2004 RECREATED LETTER (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | MOTION IN LIMINE NO. 5: TO PRECLUDE EXPERTS OPINIONS ON PLAINTIFFS LOST EARNINGS (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | NOTICE AND MOTION TO STRIKE IRRELEVANT AND IMPROPER MATTER FROM PLAINTIFFS PLEADING (C.C.P. 436) (TRANSACTION ID # 70665512) (TRANSACTION ID # 70665512) (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE HEARING SET FOR AUG-23-2023 AT 09:30 AM IN DEPT 302 | |
| 08/17/2023 | | PROOF OF SERVICE FOR NOTICE AND MOTION TO STRIKE IRRELEVANT AND IMPROPER MATTER FROM PLAINTIFF'S PLEADING, ETC. (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |

CGC-20-584162, JOHN SF-1 DOE VS. DOE 1, A CALIFORNIA CORPORATION SOLE ET AL

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 08/17/2023 | | REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF ZACHARY SMITH IN SUPPORT OF DEFENDANTS MOTIONS IN LIMINE (TRANSACTION ID # 70665512) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/17/2023 | | REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF JOHN SF-1 DOE'S JOINT MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE IN SUPPORT OF DEFENDANT ARCHBISHOP'S DENIAL OF NOTICE (TRANSACTION ID # 210045164) FILED BY PLAINTIFF DOE, JOHN SF-1 , AN INDIVIDUAL | |
| 08/21/2023 | | NOTICE OF STAY OF PROCEEDINGS REGARDING BANKRUPTCY (TRANSACTION ID # 100210026) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/21/2023 | | PROOF OF SERVICE OF NOTICE OF STAY OF PROCEEDINGS (TRANSACTION ID # 100210026) FILED BY DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO A CORPORATION SOLE | |
| 08/24/2023 | | LAW AND MOTION 302, DEFENDANT THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO'S MOTION TO STRIKE IRRELEVANT AND IMPROPER MATTER FROM PLAINTIFFS PLEADING (C.C.P. 436). OFF CALENDAR. MOTION NOT FILED AND SERVED IN COMPLIANCE WITH CCP 1005. JUDGE: RICHARD B. ULMER JR., CLERK: M. GOODMAN, NOT REPORTED. (302/RBU) | |
| 08/24/2023 | | MINI MINUTES FOR AUG-23-2023 09:30 AM FOR DEPT 302 | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**