1  Paul J. Pascuzzi, State Bar No. 148810
   Jason E. Rios, State Bar No. 190086
2  Thomas R. Phinney, State Bar No. 159435
   Mikayla E. Kutsuris, State Bar No. 339777
3  FELDERSTEIN FITZGERALD
      WILLOUGHBY PASCUZZI & RIOS LLP
4  500 Capitol Mall, Suite 2250
   Sacramento, CA  95814
5  Telephone:      (916) 329-7400
   Facsimile:      (916) 329-7435
6  Email:          ppascuzzi@ffwplaw.com
                   jrios@ffwplaw.com
7                  tphinney@ffwplaw.com
                   mkutsuris@ffwplaw.com
8
9  Ori Katz, State Bar No. 209561
   Alan H. Martin, State Bar No. 132301
10 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
11    Including Professional Corporations
   Four Embarcadero Center, 17th Floor
12 San Francisco, California 94111-4109
   Telephone:      (415) 434-9100
13 Facsimile:      (415) 434-3947
   Email:          okatz@sheppardmullin.com
14                 amartin@sheppardmullin.com

15 Attorneys for The Roman Catholic Archbishop of
   San Francisco
16
                   UNITED STATES BANKRUPTCY COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                     SAN FRANCISCO DIVISION
19

20 In re                                    Case No. 23-30564

21 THE ROMAN CATHOLIC ARCHBISHOP            Chapter 11
   OF SAN FRANCISCO,
22                                          Date:       March 13, 2025
              Debtor and                    Time:       1:30 p.m.
23            Debtor in Possession.         Location:   via Zoom
                                            Judge:      Hon. Dennis Montali
24

25
        **RESPONSE TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
26      ORDER APPROVING EMPLOYMENT OF CUSHMAN &WAKEFIELD AS REAL
        ESTATE VALUATION EXPERT TO THE OFFICIAL COMMITTEE
27      OF UNSECURED CREDITORS [AS AMENDED]**

28

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), submits this response to the *Application of the Official Committee of Unsecured Creditors for Order Approving Employment of Cushman & Wakefield as Real Estate Valuation Expert to the Official Committee of Unsecured Creditors* [ECF No. 877] and the *Notice of Amendment and Notice of Filing of (A) Supplemental Declaration of Melissa J. Bach, MAI, CRE in Support of Application of Official Committee of Unsecured Creditors for Order Approving Employment of Cushman & Wakefield as Real Estate Valuation Expert* [ECF No. 1000].

1.    Upon reviewing the Committee's original application, the Debtor discovered that the application did not disclose a potentially disqualifying connection to the Debtor.  The Debtor immediately brought this to the attention of the Committee.  The Committee's amendment and supplemental declaration now discloses several previously undisclosed connections.

2.    The Debtor also requested the Committee to provide a budget for the proposed employment.  The Committee represented that the fees will be less than $100,000.00.  The Debtor requests that Cushman's compensation for the retention be limited to less than $100,000.00.

3.    In light of Cushman & Wakefield's now disclosed previous and ongoing work for the Debtor and numerous of the Debtor's professionals, the Debtor made a simple request:  share any real estate valuations with the Debtor so that they can be beneficial to both parties in connection with the mediation to resolve this case.  After all, real estate appraisals are supposed to be independent and objective, not skewed for a litigation advantage or gamesmanship.  The Debtor offered to waive any potential conflict presented by the connections and work with the Committee to strategically value real property that would be efficient and beneficial to the process.

4.    The Committee declined this opportunity to work collaboratively with the Debtor and to save the estate the substantial costs of duplicate real estate professionals being paid by the estate.  The Committee even declined to share Cushman & Wakefield's valuations under the protective order issued in this case and instead filed the amendment and set the application for hearing.

5.    The Debtor is aware of the U.S. Trustee's Objection and Reservation of Rights filed at ECF No. 1044.

6. If the Court is inclined to approve the application, the Debtor requests the Court include the following in the order: "Subject to the confidentiality provision of the *Stipulated Protective Order Dated December 15, 2023* [ECF No. 374] and the *Order Approving Stipulation Clarifying Stipulated Protective Order* [ECF No. 801], within five days of receipt the Committee shall provide the Debtor any valuation reports or indications of value that Cushman creates in connection with its retention in this case, all documents containing the facts and data Cushman considered in preparing those valuations, and any exhibits that will be used to summarize or support Cushman's valuations." A similar provision was included in the Committee's real estate professional employment order in the Roman Catholic Bishop of Oakland case at ECF No. 1332, paragraph 13.

Dated: March 6, 2025

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: /s/ Paul J. Pascuzzi
Paul J. Pascuzzi
Jason E. Rios
Thomas R. Phinney
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: March 6, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Ori Katz
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco