Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:    (916) 329-7400
Facsimile:    (916) 329-7435
Email:        ppascuzzi@ffwplaw.com
              jrios@ffwplaw.com
              tphinney@ffwplaw.com
              mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:        okatz@sheppardmullin.com
              amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | Date:      April 10, 2025<br>Time:      1:30 p.m.<br>Location:  Via ZoomGov<br>Judge:     Hon. Dennis Montali |

**FOURTH INTERIM APPLICATION OF FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP FOR ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL
FOR THE DEBTOR IN POSSESSION**

1

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR"), attorneys for The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), submits this application (the "Application") for fourth interim allowance of fees and reimbursement of expenses for the four-month period of October 1, 2024, through and including January 31, 2025 (the "Application Period") as set forth in the Request for Relief below. In support of this Application, FFWPR relies on this Application, the *Declaration of Paul J. Pascuzzi* ("Pascuzzi Dec.") filed in support of this Application, the *Declaration of Fr. Patrick Summerhays* ("Summerhays Dec."), the pleadings and papers on file in this case, and on such other evidence and argument as may be submitted before or during the hearing on this Application.

## I.

## RELIEF REQUESTED

Through this Application, FFWPR requests an Order:

1.     Approving on an interim basis FFWPR's fees in the amount of $125,290.50 and reimbursement of expenses in the amount of $1,684.80 for a total of $126,975.30 incurred from October 1, 2024, through and including January 31, 2025;

2.     Authorizing payment to FFWPR by the Debtor of the unpaid balance of the allowed fees and expenses after application of any retainer; and

3.     For such other relief as the Court deems just and proper.

## II.

## BACKGROUND FACTS

On August 21, 2023, the Debtor filed a voluntary Chapter 11 Bankruptcy Petition.  The Debtor remains in possession of its estate, no trustee having been appointed.  The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code.  On September 1, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") [ECF No. 58].

A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and

circumstances supporting this Application are set forth in the *Declaration of Joseph J. Passarello in support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023, at ECF No. 14 ("Passarello Background Dec."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023 at ECF No. 15 ("Gaspari Dec.").

On September 25, 2023, the Court entered its order granting the Debtor's application to employ FFWPR as bankruptcy counsel, effective as of August 21, 2023 [ECF No. 163]. FFWPR is a five-lawyer firm with substantial experience in diocesan cases that is representing at least two other dioceses in their chapter 11 cases. FFWPR is skilled in insolvency, reorganization and commercial transactions. FFWPR was originally engaged in the fall of 2022 for certain services and thereafter has been working with the RCASF regarding a possible bankruptcy case. As a result of its prepetition representation of the RCASF, FFWPR has acquired in-depth knowledge of the Debtor's structure, operations and liability profile.

**III.**

**STATUS OF CASE**

The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The Debtor has made substantial progress toward that goal.

As noted in prior interim fee applications, the Debtor has accomplished all of the foundational tasks that it must accomplish in the beginning of a chapter 11 case. These include: (a) attendance at and conclusion of the Initial Debtor Interview with the U.S. Trustee; (b) attendance at and conclusion of the 341 meeting; (c) filing of the schedules and statement of financial affairs, including one set of amendments; (d) filing of monthly operating reports and payment of U.S. Trustee quarterly fees; (e) granting of numerous "first day" motions on a final basis; (f) employment of primary bankruptcy case professionals; (g) approval of interim compensation procedures; and (h) approval to continue to pay for abuse survivors' assistance and implement its safe environment programs. Importantly, the Debtor also obtained approval of the claim procedures for this case.

Case: 23-30564   Doc# 1055   Filed: 03/06/25   Entered: 03/06/25 14:29:30   Page 3 of 23

This included approval of the claim forms, noticing procedures and claim filing deadlines. The claims procedures order has been and continues to be implemented. A claim filing deadline of February 20, 2024, was set.

The Debtor has continued the extensive process of producing documents to the Committee pursuant the Committee's Rule 2004 application. At the Committee's insistence, the Debtor also has continued facilitating the production of affiliate discovery pursuant to the Court's orders pursuant to Rule 2004 [ECF No. 853 and 633]. The Debtor also has been producing documents to the insurers pursuant to the protective order. The Debtor believes that discovery is substantially if not fully complete.

During the Application Period, the Debtor filed its third motion to extend the deadline for removal [ECF No. 862], which was granted by the Court's Order entered on October 31, 2024. [ECF No. 907]. The Debtor has also addressed the Committee's motion to employ a valuation expert during the Application Period [ECF No. 877].

The Court issued its memorandum of decision referring the parties to global mediation and resolving certain disputed terms of the proposed order. [See "Mediation Order" ECF No. 747]. The Mediation Order appointed the Hon. Daniel J. Buckley (Ret.), Timothy V.P. Gallagher, and the Hon. Christopher S. Sontchi (Ret.) as mediators (collectively, the "Mediators"). Most significantly during the Application Period, the Debtor met with the Mediators, engaged in mediation, and communications with the Committee towards mediation efforts.

In the time period following the current Application Period, the Debtor has continued its mediation efforts, having had four in-person mediation sessions with other sessions scheduled over the next several months. The Debtor and the Committee agreed to a "standstill agreement" regarding the filing of a chapter 11 plan while mediation continues [ECF No. 999]. The Committee has filed a motion to publish confidential information from filed confidential survivor claims and other information produced to it on a confidential basis, which the Debtor opposes. As has recently become common practice in the diocesan chapter 11 cases, the Committee also has filed a motion for relief from stay to allow "test" cases to proceed to trial in state court, which the Debtor also expects to oppose.

4

CASE No. 23-30564
FEWPR FOURTH INTERIM FEE APPLICATION
Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 4 of 23

## IV.

## SERVICES RENDERED

The professionals in this case have taken steps to ensure there has been no improper duplication of efforts on services rendered. Certain professionals participate in a weekly coordination call to allocate tasks. Depending on expertise, availability and strategy, certain tasks are allocated to FFWPR and others to Sheppard Mullin. Generally, the Sheppard Mullin firm has handled the extensive discovery, with the assistance of special litigation counsel. At times there will be tasks that FFWPR and Sheppard Mullin lawyers both work on when overall case strategy is impacted or other circumstances make that beneficial to the Debtor and estate. FFWPR has handled the monthly fee notices and interim fee applications for all the professionals other than Sheppard Mullin and Transperfect (FFWPR has taken over preparation of Transperfect's fee application starting with Transperfect's third interim application being filed concurrently herewith), which is reflected in the Fee/Employment Applications category. In all, the Debtor's professional team has been working toward the goal of getting to a plan of reorganization through mediation— the only way these diocesan chapter 11 cases have been resolved.

The services performed by FFWPR in this case have been categorized into task billing categories. Detailed billing statements reflecting FFWPR's time records and out of pocket expenses, including a summary of the aggregate and itemized hours and total compensation requested with respect to the professionals who provided compensable services are attached to the Pascuzzi Dec. as *Exhibit A*.

The billing statements are organized by task, and the content of the billings included in each task is generally explained in paragraph 17 of the Pascuzzi Dec. and below. A true and correct copy of FFWPR's ABA Task Summary Billing Report for the period covered by the Application is attached to the Pascuzzi Dec. as *Exhibit B*.

Attached to the Pascuzzi Dec. as *Exhibit C* is a summary of customary and comparable compensation prepared by FFWPR describing the blended hourly rates of the various categories of timekeepers that provided services to the Debtor during the Application Period. The summary

gives defined terms used in this exhibit the same meanings ascribed to them in ¶ C.3 of the UST Guidelines.

Attached to the Pascuzzi Dec. as ***Exhibit D*** is a copy of the "Attorney Fee Budget" agreed upon by and between the Debtor and FFWPR. This exhibit also includes a comparison of budgeted to actual fees sought during the Application Period. FFWPR is not submitting a detailed staffing plan or summary of fees and hours budgeted compared to fees and hours billed for each project category as this information is privileged and confidential.

A listing of the billing task categories showing the number of professional hours expended and fees incurred under each billing task category is shown below:

| CATEGORY | HOURS | FEES |
|---|---|---|
| Case Administration | 4.60 | $1,815.00 |
| Relief from Stay/Adequate Protection Proceedings | 6.30 | $3,625.00 |
| Meetings of and Communications with Creditors | 28.00 | $15,732.50 |
| Fee/Employment Applications | 73.70 | $20,358.00 |
| Fee/Employment Objections | 0.10 | $52.50 |
| Other Contested Matters | 28.30 | $13,960.00 |
| Business Operations | 5.10 | $2,802.50 |
| Claims Administration and Objections | 2.90 | $1,190.00 |
| Plan and Disclosure Statement | 9.00 | $3,107.50 |
| General Bankruptcy Advice/Opinions | 69.60 | $38,175.00 |
| Settlement/Non-Binding ADR | 35.50 | $18,165.00 |
| Document Production | 11.40 | $6,307.50 |
| **Totals** | **274.50** | **$125,290.50** |

While the fees under the category of Fee/Employment Applications were one of the larger categories, the services relating to fee and employment applications included preparation of separate interim applications for five estate professionals and coordination with co-counsel at Sheppard, Mullin, Richter & Hampton LLP and the Committee, as well as monthly professional fee notices. The work on fee applications during this period also included a first time fee

application for Blank Rome that required some additional time. Work on professional fee applications during this period also included services beyond preparation of the applications, including preparing Quarterly Ordinary Course of Professionals Reports required by the Court, redaction of invoices for survivor information, responding to Fee Examiner requests for information and coordinating with the Court appointed Fee Examiner. It is expected that the charges in the Fee/Employment Applications category will be lower in the future as the Debtor's professionals continue to work through efficiencies in the applications, the Fee Examiner requirements, and the preparation of exhibits required by the United States Trustee's large case guidelines that require special attention.

The services related to General Bankruptcy Advice/Opinions included but was not limited to important services to address overall case issues, client communications, and preparation for and attendance at mediation.

Below is a general description of the work performed in each task category.

A.      Case Administration.   FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Case Administration shall consist of the following: coordination and compliance matters, including preparation of statement of financial affairs, schedules, list of contracts, United States Trustee interim statements and operating reports; contacts with the United States Trustee, and general creditor inquiries.

FFWPR followed the ABA description and expended 4.60 hours in this category for a total charge of $1,815.00. The services performed in this category generally include but are not limited to multiple meetings and emails with the Debtor and staff regarding case issues; status and strategy meetings with the Debtor, litigation counsel and insurance counsel; review and filing of monthly operating reports; preparing and filing of quarterly ordinary course professionals report; and communications with noticing agent regarding proofs of service of motions and updating limited service lists.

A breakdown of the professionals who billed time to Case Administration and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 0.40 | $220.00 |
| Jason E. Rios | $475 | 1.90 | $902.50 |
| Jason E. Rios | $0 | 0.10 | $0.00 |
| Mikayla E. Kutsuris | $325 | 1.70 | $552.50 |
| Mikayla E. Kutsuris | $350 | 0.40 | $140.00 |
| Mikayla E. Kutsuris | $0 | 0.10 | $0.00 |
| **Totals** | | **4.60** | **$1,815.00** |

B.      Relief from Stay/Adequate Protection Proceedings.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Relief from Stay/Adequate Protection Proceedings shall consist of the following: matters relating to termination or continuation of automatic stay under 362 and motions for adequate protection.

FFWPR followed the ABA description and expended 6.30 hours in this category for a total charge of $3,625.00.  The services performed in this category generally include but are not limited to communications and legal research regarding motions for relief from stay and litigation issues; and review other diocesan cases regarding same.

A breakdown of the professionals who billed time to Relief from Stay/Adequate Protection Proceedings and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 0.60 | $330.00 |
| Paul J. Pascuzzi | $600 | 5.20 | $3,120.00 |
| Mikayla E. Kutsuris | $350 | 0.50 | $175.00 |
| **Totals** | | **6.30** | **$3,625.00** |

C.      Meeting of and Communications with Creditor.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Meetings of and Communications with Creditors shall consist of the following: preparing for and attending the conference of creditors, the 341(a) meeting and other creditors' committee meetings. Services in this category for this case include the weekly calls with Committee counsel on case issues, and communications with counsel for the Debtor's affiliates and creditors.

FFWPR followed the ABA description and expended 28.00 hours in this category for a total charge of $15,732.50. The services performed in this category generally include but are not limited to preparation for and participation in the Committee counsel weekly update calls; communications with Debtor team regarding meetings with Committee and other case issues; communications with Committee regarding the mediation motion; communications with counsel for related entities regarding case issues and status; and discussions regarding interested parties and next steps.

A breakdown of the professionals who billed time to Meetings of and Communications with Creditors and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 18.20 | $10,010.00 |
| Paul J. Pascuzzi | $600 | 8.90 | $5,340.00 |
| Thomas R. Phinney | $425 | 0.90 | $382.50 |
| **Totals** | | **28.00** | **$15,732.50** |

D. <u>Fee/Employment Applications</u>. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Fee/Employment Applications shall consist of the following: preparations of employment and fee applications for self or others; motions to establish interim procedures.

FFWPR followed the ABA description and expended 73.70 hours in this category for a total charge of $20,358.00. The services performed in this category generally include but are not limited to drafting, finalizing, and filing of Monthly Professional Fee Statements for multiple professionals (FFWPR, special litigation counsel, special insurance counsel, and financial advisors); communications regarding same; drafting of the Third Interim Fee Applications and supporting documents for multiple professionals (FFWPR, special litigation counsel, special insurance counsel, and financial advisors); communications with Debtor team regarding Committee monthly fee notices; telephone call(s) with Fee Examiner, E. Frejka, regarding the fee examiner process ordered by the Court; communications regarding quarterly report for ordinary course professionals; draft, revise and finalize Quarterly Ordinary Course Professionals Report; review Fee Examiner's report; communications with Debtor team regarding same; preparation of and attendance at the

Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 9 of 23

hearing for the Third Interim Fee Applications; and preparation of the Third Interim Orders.

FFWPR notes that the time it spent on its own fourth interim fee application complied with this Court's Guidelines for Compensation and Expense Reimbursement for Professionals and Trustees at I(6). The total amount of this fourth interim fee application is $125,290.50. The amount spent on preparation of FFWPR's fourth interim fee application is approximately $5,000, which does not exceed the five percent (5%) guideline.

A breakdown of the professionals who billed time to Fee/Employment Applications and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Paul J. Pascuzzi | $550 | 8.10 | $4,455.00 |
| Paul J. Pascuzzi | $600 | 0.40 | $240.00 |
| Jason E. Rios | $475 | 17.70 | $8,407.50 |
| Jason E. Rios | $0 | 0.50 | $0.00 |
| Jason E. Rios | $525 | 0.30 | $157.50 |
| Thomas R. Phinney | $425 | 0.10 | $42.50 |
| Thomas R. Phinney | $0 | 0.10 | $0.00 |
| Mikayla E. Kutsuris | $325 | 9.30 | $3,022.50 |
| Mikayla E. Kutsuris | $0 | 1.10 | $0.00 |
| Mikayla E. Kutsuris | $350 | 1.30 | $455.00 |
| Denise L. Pascuzzi | $125 | 0.40 | $50.00 |
| Allison S. Kieser | $105 | 15.60 | $1,638.00 |
| Brenda L. Jennings | $105 | 17.70 | $1,858.50 |
| Lori N. Lasley | $105 | 0.30 | $31.50 |
| Lori N. Lasley | $0 | 0.80 | $0.00 |
| **Totals** | | **73.70** | **$20,358.00** |

E.     Fee/Employment Objections. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Fee/Employment Objections shall consist of the following: review of and objections to the employment and fee applications of others.

///

///

Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 10 of 23

The services billed in this category were entered inadvertently under this category and related to preparation of interim fee applications. Accordingly, these fees fall under the preceding category.

A breakdown of the professionals who billed time to Fee/Employment Objections and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Jason E. Rios | $525 | 0.10 | $52.50 |
| **Totals** | | **0.10** | **$52.50** |

F. <u>Other Contested Matters</u>. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Other Contested Matters shall consist of the following: analysis and preparation of all other motions, opposition to motions and reply memoranda in support of motions.

FFWPR followed the ABA description and expended 28.30 hours in this category for a total charge of $13,960.00. The services performed in this category generally include but are not limited to weekly professionals coordination calls and motion practice that does not otherwise fit in a more specific category; review plan exclusivity periods and removal deadlines; communications with Committee regarding replies to mediation motion; preparation for hearing on mediation motion and review court order; drafting statement of no objection to extend exclusivity; review of invoices and mediator payments; and communications with professionals team regarding various issues.

A breakdown of the professionals who billed time to Other Contested Matters and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 12.90 | $7,095.00 |
| Paul J. Pascuzzi | $600 | 4.60 | $2,760.00 |
| Jason E. Rios | $475 | 3.70 | $1,757.50 |
| Mikayla E. Kutsuris | $325 | 5.50 | $1,787.50 |
| Mikayla E. Kutsuris | $350 | 1.60 | $560.00 |
| **Totals** | | **28.30** | **$13,960.00** |

///

Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 11 of 23

G. <u>Business Operations</u>. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Business Operations shall consist of the following: issues related to debtor in possession operating in chapter 11 such as employee, vendor, tenant issues, and other similar problems.

FFWPR followed the ABA description and expended 5.10 hours in this category for a total charge of $2,802.50. The services performed in this category generally include but are not limited to communications with Debtor team regarding business operation issues, bank questions and accounting system issues; review research of memo regarding ordinary course of business transaction issue.

A breakdown of the professionals who billed time to Business Operations and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 1.90 | $1,045.00 |
| Paul J. Pascuzzi | $600 | 1.90 | $1,140.00 |
| Jason E. Rios | $475 | 1.30 | $617.50 |
| **Totals** | | **5.10** | **$2,802.50** |

H. <u>Claims Administration and Objections</u>. FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Claims Administration and Objections shall consist of the following: specific claim inquiries; bar date motions; analyses, objections and allowances of claims.

FFWPR generally followed the ABA definition and expended 2.90 hours in this category for a total charge of $1,190.00. The services performed in this category generally include but are not limited to communications regarding Castro claim resolution issues.

A breakdown of the professionals who billed time to Claims Administration and Objections and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 0.20 | $110.00 |
| Paul J. Pascuzzi | $600 | 0.60 | $360.00 |

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Mikayla E. Kutsuris | $325 | 0.60 | $195.00 |
| Mikayla E. Kutsuris | $350 | 1.50 | $525.00 |
| **Totals** | | **2.90** | **$1,190.00** |

I.     Plan and Disclosure Statement.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Plan and Disclosure Statement shall consist of the following: formulation, presentation, and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to the allowance and objections to allowance of claims.

FFWPR generally followed the ABA definition and expended 9.00 hours in this category for a total charge of $3,107.50.  The services performed in this category generally include but are not limited to communications regarding standstill agreement; drafting third motion to extend deadline regarding removal; and review plan issues in other diocese cases.

A breakdown of the professionals who billed time to Plan and Disclosure Statement and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 0.80 | $440.00 |
| Mikayla E. Kutsuris | $325 | 8.10 | $2,632.50 |
| Mikayla E. Kutsuris | $350 | 0.10 | $35.00 |
| **Totals** | | **9.00** | **$3,107.50** |

J.     General Bankruptcy Advice/Opinions.  FFWPR has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that plan General Bankruptcy Advice/Opinions shall consist of the following: analysis, advice and/or opinions regarding potential bankruptcy related issues, where no bankruptcy case has been filed.

FFWPR generally followed the ABA definition and expended 69.60 hours in this category for a total charge of $38,175.00.  The services performed in this category generally include meetings and communications with the client team.  These services include but are not limited to

///

Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 13 of 23

communications with client team regarding case status, mediation, survivor statements and other significant strategy, status and case issues.

A breakdown of the professionals who billed time to General Bankruptcy Advice/Opinions and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 36.40 | $20,020.00 |
| Paul J. Pascuzzi | $600 | 26.50 | $15,900.00 |
| Thomas R. Phinney | $425 | 2.40 | $1,020.00 |
| Thomas R. Phinney | $0 | 0.50 | $0.00 |
| Mikayla E. Kutsuris | $325 | 3.80 | $1,235.00 |
| **Totals** | | **69.60** | **$38,175.00** |

K. <u>Settlement/Non-Binding ADR</u>.  FFWPR has utilized task billing codes consistent with the Uniform Task-Based Management System (UTBMS), which provides that plan Settlement/Non-Binding ADR shall consist of the following: planning/participation in settlement discussions/conferences; implementation of settlement; pursing mediation; travel to/from mediation; attend mediation; pre-litigation demand letters; research settlement; communications regarding settlement/mediation/ADR.

FFWPR generally followed the UTBMS definition and expended 35.50 hours in this category for a total charge of $18,165.00.  The services performed in this category generally include but are not limited to preparation and attendance at mediation sessions.

A breakdown of the professionals who billed time to Settlement/Non-Binding ADR and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 13.50 | $7,425.00 |
| Paul J. Pascuzzi | $600 | 17.90 | $10,740.00 |
| Paul J. Pascuzzi | $0 | 4.10 | $0.00 |
| **Totals** | | **35.50** | **$18,165.00** |

L. <u>Document Production</u>.  FFWPR has utilized task billing codes consistent with the Uniform Task-Based Management System (UTBMS), which provides that Document Production

Case: 23-30564 Doc# 1055 Filed: 03/06/25 Entered: 03/06/25 14:29:30 Page 14 of 23

shall consist of the following: developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists.

FFWPR generally followed the UTBMS definition and expended 11.40 hours in this category for a total charge of $6,307.50. The services performed in this category generally include but are not limited to communications regarding Committee Rule 2004 application, responses, strategy, objections, and committee discovery issues; communications regarding document production issues. While the Sheppard Mullin firm is primarily handling the discovery aspects of the case, FFWPR as lead bankruptcy counsel must stay up to date and address issues and strategy as needed on discovery. FFWPR submits that the relatively small number of hours spent on discovery is not duplicative or non-essential in this case.

A breakdown of the professionals who billed time to Document Production and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 7.50 | $4,125.00 |
| Paul J. Pascuzzi | $600 | 3.00 | $1,800.00 |
| Thomas R. Phinney | $425 | 0.90 | $382.50 |
| **Totals** | | **11.40** | **$6,307.50** |

## V.

## RESPONSIBLE PERSONNEL

The professionals assigned to this chapter 11 case who performed more than ten (10) hours of service are as follows:

Paul J. Pascuzzi (PJP) is a partner charged with the overall responsibility for this case. Mr. Pascuzzi's billing rate during the period covered by this Application was $550 - $600 per hour. Mr. Pascuzzi obtained his J.D. degree with Great Distinction from the University of the Pacific, McGeorge School of Law in 1990. While at McGeorge, he was elected to the Order of the Coif and the Traynor Honor Society. Mr. Pascuzzi was a prior Chair of the Executive Committee of the

Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 15 of 23

Business Law Section of the State Bar of California. Mr. Pascuzzi also served as the Chair of the Insolvency Law Committee of the Business Law Section of the State Bar. He is a Fellow of the American College of Bankruptcy. He served two terms as a board member and was a Vice President for the Sacramento Valley Bankruptcy Forum. Mr. Pascuzzi has been named by his peers since 2007 as a Best Lawyer in America in the areas of Bankruptcy and Creditors' Rights. Mr. Pascuzzi has also been recognized by Super Lawyers of Northern California in the field of Bankruptcy by Law and Politics Magazine since 2005, has been ranked among the Top 100 lawyers since 2016 encompassing lawyers in all specialties, and was ranked in the Top 10 Northern California lawyers encompassing all specialties for 2024.

Jason E. Rios (JER) is a partner charged with the overall responsibility for this case. Mr. Rios billing rate during the period covered by this Motion was $475 - $525 per hour. Mr. Rios assisted with drafting pleadings and addressing Debtor as needed. Mr. Rios earned his J.D. from the Boalt Hall School of Law, University of California in 1997, and his B.A. degree from Stanford University in Palo Alto, California in 1994. Mr. Rios served as President of the Sacramento Valley Bankruptcy Forum in 2007, as a Board Member of the Sacramento Valley Bankruptcy Forum from 2005-2007 and is currently a Board Member of the SVBF. Mr. Rios also has served as a member of the Insolvency Law Committee of the Business Law Section of the State Bar and was Conference Co-Chair for the 2024 California Bankruptcy Conference. Mr. Rios currently serves as an Adjunct Professor of Bankruptcy Law at the McGeorge School of Law. Mr. Rios has been named by his peers since 2019 as a Best Lawyer in America in the areas of Bankruptcy and Creditors' Rights. Mr. Rios also has been recognized by Super Lawyers of Northern California in the field of Bankruptcy by Law and Politics Magazine since 2014. Prior to joining FFWPR, Mr. Rios served as Deputy Attorney General for the California Department of Justice, Office of the Attorney General, advising the Governor, Attorney General, and others on a wide range of legal issues including constitutional and statutory law, appointments, government operations, elections, public finance, contracts, and criminal information.

Thomas R. Phinney (TRP) is Of Counsel at FFWPR and charged with the overall responsibility for this case. Mr. Phinney's billing rate during the period covered by this Application

was $425 - $450 per hour. Mr. Phinney earned his J.D. Degree from the University of California at Davis, King Hall School of Law in 1991. Mr. Phinney was a law clerk for the Honorable Christopher M. Klein, Bankruptcy Judge for the Eastern District of California, from 1991-1992, and has since specialized in the practice of bankruptcy law and business litigation. He is a Business Bankruptcy Specialist certified by the American Board of Certification, past president of the California Bankruptcy Forum, the Sacramento County Bar Bankruptcy and Commercial Law Section, and the Sacramento Valley Bankruptcy Forum. Mr. Phinney is a member of the Governmental Affairs Committee of the California Lawyers Association and has been recognized as a Northern California "Super Lawyer" for the last 10 years. Mr. Phinney was a member of the Conference Executive Committee for the Ninth Circuit Judicial Conference (2020-2023). Mr. Phinney has been recognized by Super Lawyers of Northern California since 2014.

Mikayla E. Kutsuris (MEK) is an associate with FFWPR and charged with responsibility for this case. Her billing rate during the period covered by this Application was $325 - $350 per hour. Ms. Kutsuris graduated from the University of California, Davis in 2018 majoring in Economics with a concentration in Data Analytics and Economic Analysis. Additionally, she received a double major in Political Science with an emphasis in American Politics. As an undergraduate student, Ms. Kutsuris coauthored research regarding voting behavior analytics that was published. She attended the University of the Pacific, McGeorge School of Law where she received a full tuition scholarship. While at McGeorge, Ms. Kutsuris was a Primary Articles & Symposium Editor for Volume 52 of the University of the Pacific Law Review and was an extern for the Honorable Ronald H. Sargis, Bankruptcy Judge for the United States Bankruptcy Court, Eastern District of California, Sacramento Division. At McGeorge, she received the Witkin Award- the award given to the highest scoring student- in bankruptcy, global lawyering skills II (legal writing), remedies, and environmental practice. Ms. Kutsuris is a member of the Traynor Honor Society and made the Dean's Honor list each year of law school. In 2021, she obtained her J.D. degree with Great Distinction from the University of the Pacific, McGeorge School of Law. Her law school concentrations included business law and water and environmental law. Prior to joining FFWPR, she was as an associate attorney for a small firm in Sacramento, primarily representing

Chapter 7 trustees in the United States Bankruptcy Court, Eastern District of California, Sacramento Division. Ms. Kutsuris is a member of the Northern California Network of IWIRC, International Women's Insolvency & Restructuring Confederation, Sacramento Valley Bankruptcy Forum, and the American Bankruptcy Institute.

Allison Kieser (ASK) is a legal assistant who assisted with drafting pleadings as needed in this case. Her billing rate during the period covered by this Application was $105 per hour.

Brenda Jennings (BLJ) is a legal assistant who assisted with drafting pleadings as needed in this case. Her billing rate during the period covered by this Application was $105 per hour.

**VI.**

**SUMMARY OF FEES AND EXPENSES**

A detailed billing statement reflecting FFWPR's time records and out of pocket expenses filed as *Exhibit A* to the Pascuzzi Dec. in support of this Application reflects total fees in the amount of $125,290.50 and expenses in the amount of $1,684.80 for a total of $126,975.30, incurred during the Application Period.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul J. Pascuzzi | $550 | 100.50 | $55,275.00 |
| Paul J. Pascuzzi | $600 | 69.00 | $41,400.00 |
| Paul J. Pascuzzi | $0 | 4.10 | $0.00 |
| Jason E. Rios | $475 | 24.60 | $11,685.00 |
| Jason E. Rios | $0 | 0.60 | $0.00 |
| Jason E. Rios | $525 | 0.40 | $210.00 |
| Thomas R. Phinney | $425 | 4.30 | $1,827.50 |
| Thomas R. Phinney | $0 | 0.60 | $0.00 |
| Mikayla E. Kutsuris | $325 | 29.00 | $9,425.00 |
| Mikayla E. Kutsuris | $0 | 1.20 | $0.00 |
| Mikayla E. Kutsuris | $350 | 5.40 | $1,890.00 |
| Denise Pascuzzi | $125 | 0.40 | $50.00 |
| Allison S. Kieser | $105 | 15.60 | $1,638.00 |
| Brenda L. Jennings | $105 | 17.70 | $1,858.50 |
| Lori N. Lasley | $105 | 0.30 | $31.50 |

CASE NO. 23-30564
FFWPR FOURTH INTERIM FEE APPLICATION

Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 18 of 23

| | | | |
|---|---|---|---|
| Lori N. Lasley | $0 | 0.80 | $0.00 |
| **Totals** | | **274.50** | **$125,290.50** |

FFWPR has calculated a blended hourly rate of $456.43 by dividing the total fees billed by the total number of hours recorded.

The expenses incurred during the period covered by this Application are as follows:

| Category | Total |
|---|---|
| Travel | $1,544.99 |
| Online Legal Research | $139.81 |
| **Total Expenses** | $1,684.80 |

A true and correct copy of FFWPR's Expense Report for the period covered by the Application is attached to the Pascuzzi Dec. as ***Exhibit E.***

FFWPR requests an order under Bankruptcy Code section 330 approving on an interim basis fees in this case of $125,290.50 and reimbursement of expenses in the amount of $1,684.80 for a total of $126,975.30 for the four-month period of October 1, 2024, through and including January 31, 2025, as reasonable and necessary for the administration of this case.

## VII.

## FACTORS TO CONSIDER

The order approving FFWPR's employment authorizes compensation on a basis that would allow payment for services rendered on an hourly rate consistent with the Ninth Circuit decision in *In re Manoa Fin. Co.,* 853 F2d 687 (9th Cir. 1988), after notice to all interested parties. Consistent with the *Manoa* Decision, various factors were suggested by the Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), for consideration in awarding compensation in a bankruptcy case. Though not specifically required for approval under the lodestar or *Manoa* case, several of the *Johnson* factors have been specifically codified by the Bankruptcy Reform Act of 1994 and as such, these factors are discussed below:

(a) **Time and labor required (11 U.S.C. § 330(a)(3)(A))**: FFWPR has utilized four (4) attorneys and four (4) legal assistants who have expended 267.20 in billed hours during the Application period. The firm did not charge for 7.30 hours of work with a value of $3,476.50.

Additionally, the firm wrote down work with a value of $2,911.50, which is not shown on the bills, for a total of $6,388.00. The blended hourly rate based on the billed hours is $456.43. This is a very reasonable rate for a case as complex and difficult as the present Case.

Of note is the fees incurred in the Roman Catholic Bishop of Oakland case pending in this district. According to the Fifth Interim Fee Application filed by the Debtor's General Bankruptcy Counsel in that case (23-40523 at ECF No. 1722), fees for the four-month period September 1, 2024 through December 31, 2024, totaled $2,077,645.86, with a billable hours total of 2,700.00, and attorney rates ranging from $475 to $1,325. While the Debtor submits the Oakland case may present different issues, these data points are relevant to the applications to approve professional fees in this matter.[1]

**(b)** **Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D))**: This case involves many of the technical and complex problems faced by operating chapter 11 debtors in possession with operating businesses. This case, however, is unique in that it involves a non-profit religious institution with unique and complex issues. FFWPR is particularly suited to handle this case because of its prior experience in the Roman Catholic Bishop of Stockton chapter 11 case.

**(c)** **Skill requisite to perform the services properly (11 U.S.C. § 330(a)(3)(D))**: FFWPR is skilled in handling complex chapter 11 cases and has special experience and knowledge which enables FFWPR to render services of benefit to the estate in an efficient manner. The attorneys who have contributed to this case have many years of combined experience in similarly complicated cases.

**(d)** **Customary fees (11 U.S.C. §§ 330(a)(3)(B and E))**: The rates charged by FFWPR are FFWPR's standard billing rates (attorneys $350 - $600 per hour), which standard rates are the same rates (with a few exceptions for long term clients or specially negotiated limited engagement agreements) as generally used by FFWPR with respect to its non-debtor/trustee clients. The rates also are similar to the normal charges for similar work performed by similarly experienced

---

[1] Similarly, financial advisor fees in the Oakland case exceed those in this case. See Fifth Interim Fee Application of Alvarez & Marsal [ECF No. 1724] showing fees of $119,215.00 hours of 118.90 and a blended hourly rate of $1,002.65 for the four-month period September 1, 2024 through December 31, 2024.

and skilled attorneys and legal assistants in the Eastern District of California bankruptcy courts and based on information and belief are below rates in the Northern District of California bankruptcy courts. FFWPR requests that the Court take judicial notice of the rates generally charged and approved in fee applications before this Court and other cases in the Eastern and Northern Districts of California.

As further evidence of the reasonableness of FFWPR's hourly rates, Committee counsel Pachulski Stang Ziehl & Jones LLP's hourly rates for this matter are: $545 for paralegals, and $875 - $1,695 for partners; provided however that Pachulski Stang Ziehl & Jones LLP agreed to cap its blended hourly rate for all billing professionals at $1,050 per hour. Hourly rates for financial advisor for the Committee range from $450 - $1,130 per hour for directors. See also the hourly rates in the Roman Catholic Bishop of Oakland case noted in (a) above.

**(e)** **Amount of work involved and result obtained (11 U.S.C. § 330(a)(3)(D))**: As stated above, FFWPR has expended 274.50 of billable hours on behalf of the Debtor during the Application Period performing the services described herein.

**(f)** **Experience, reputation, and ability of FFWPR**: FFWPR has many years of experience handling complex bankruptcy reorganizations, workouts, and commercial law cases. FFWPR also enjoys a reputation for quality work and integrity in the legal community and before this Court. Paul J. Pascuzzi in particular has significant experience in Roman Catholic Diocese cases, including filing a successful Chapter 11 for The Roman Catholic Bishop of Stockton.

**(g)** **Professional relationship with the client**: Other than as disclosed in its application for approval of employment of FFWPR, FFWPR has no relationship with the U.S. Trustee, the Debtor, its officers and directors, or its creditors.

**(h)** **Awards in similar cases (11 U.S.C. § 330(a)(3)(F))**: The compensation sought by this Application is consistent with that authorized in similar cases.

In addition to the foregoing *Johnson* factors, section 330 also examines whether the services were:

**(i)** **Necessary to the Administration of the Bankruptcy Case (11 U.S.C. § 330(a)(3)(C))**: FFWPR respectfully submits that essentially all of FFWPR's services were

Case: 23-30564    Doc# 1055    Filed: 03/06/25    Entered: 03/06/25 14:29:30    Page 21 of 23

necessary to the administration of this Case and in total have benefited the estate. Some services as in every case did not result in the filing of a motion or of a Plan but were necessary to the overall resolution of this case. FFWPR respectfully submits that as a whole its services were necessary and benefited the Estate.

## VIII.

## PAYMENTS RECEIVED TO DATE; AVAILABILITY OF FUNDS

This is FFWPR's fourth interim fee motion. The Court's order on FFWPR's first interim fee application allowed interim payment of fees in the amount of $308,251.00 and costs incurred in the amount of $3,212.76 for the period of August 21, 2023, through January 31, 2024 [ECF No. 618]. The Court's order on FFWPR's second interim fee application allowed interim payment of fees in the amount of $156,094.00 and costs incurred in the amount of $99.08 for the period of February 1, 2024, through May 31, 2024 [ECF No. 794]. The Court's order on FFWPR's third interim fee application allowed interim payment of fees in the amount of $136,940.50 and costs incurred in the amount of $800.90 for the period of June 1, 2024, through and including September 30, 2024 [ECF No. 939]. FFWPR received a retainer prepetition from the Debtor, of which $92,570.51 remained on the Petition Date. The Debtor has paid FFWPR the fees and costs allowed by the first, second and third interim fee order from the retainer and payments from the Debtor. The retainer balance as of January 31, 2025, was $0.00.

With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, FFWPR has not received any payments to date in this case from any source, other than the Debtor.

With respect to the fees and costs requested by this fourth interim fee motion, pursuant to the Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis [ECF No. 212], FFWPR has filed and served fee notices for October [ECF No. 916], November 2024 [ECF No. 952], December 2024 [ECF No. 967], and January 2025 [ECF No. 1005]. No objections were received with respect to the October, November, and December notices, while the time for objections to the January fee notice has not yet expired. Thus, FFWPR has received payments in the amount of $65,594.88 in fees and $720.43 in costs from the Debtor, allowed by the monthly fee notices for October 2024, November 2024 and December 2024, such

that it has been paid 80% of fees and 100% of costs for the outstanding fees for that period. No payments have yet been received for January 2025 as of the filing of this application. The unpaid 20% holdback together with the January fees and costs total $61,380.42.

With respect to Bankruptcy Rule 2016(b), Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between FFWPR and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

## IX.

## CONCLUSION

Based on all of the above, FFWPR respectfully requests that this Court enter an order granting the relief requested herein, and for such other and further relief as the Court deems necessary and proper.

Dated: March 6, 2025

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: _/s/ Jason E. Rios_
Paul J. Pascuzzi
Jason E. Rios
Thomas R. Phinney
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco