Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:      (916) 329-7400
Facsimile:      (916) 329-7435
Email:          ppascuzzi@ffwplaw.com
                jrios@ffwplaw.com
                tphinney@ffwplaw.com
                mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:      (415) 434-9100
Facsimile:      (415) 434-3947
Email:          okatz@sheppardmullin.com
                amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor in Possession. | Date:      April 10, 2025<br>Time:      1:30 p.m.<br>Location:  Via ZoomGov<br>Judge:     Hon. Dennis Montali |

**FOURTH INTERIM APPLICATION OF GLASSRATNER ADVISORY & CAPITAL GROUP, LLC d/b/a B. RILEY ADVISORY SERVICES FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR FOR THE DEBTOR**

GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services, (hereinafter "B. Riley"), financial advisor for debtor and debtor in possession, The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), submits this application (the "Application") for fourth interim allowance of fees and reimbursement of expenses for the four-month period of October 1, 2024 through and including January 31, 2025 (the "Application Period") as set forth in the Request for Relief below. In support of this Application, B. Riley relies on this Application, the *Declaration of Wayne P. Weitz* (the "Weitz Dec.") filed in support of this Application, the *Declaration of Fr. Patrick Summerhays* (the "Summerhays Dec."), and the pleadings and papers on file in this case, and on such other evidence and argument as may be submitted before or during the hearing on this Application.

**I.**

**RELIEF REQUESTED**

Through this Application, B. Riley requests an Order:

1.      Approving on an interim basis B. Riley's fees in the amount of $105,938.00 and reimbursement of expenses in the amount of $0.00[1] for a total of $105,938.00 incurred from October 1, 2024 through January 31, 2025;

2.      Authorizing payment to B. Riley by the Debtor of the unpaid balance of the allowed fees and expenses; and

3.      For such other relief as the Court deems just and proper.

**II.**

**BACKGROUND FACTS**

On August 21, 2023 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 Bankruptcy Petition. The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. On September 1, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") [ECF No. 58].

---

[1]      B. Riley has waived $0.30 in expenses incurred in January 2025.

A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023, at ECF No. 14 (the "<u>Passarello Declaration</u>").

On September 25, 2023, the Court entered its order granting the Debtor's application to employ B. Riley as financial advisor, effective as of August 21, 2023 [ECF No. 168].

**III.**

**STATUS OF CASE**

To avoid unnecessary duplication, the case status is set forth in the *Fourth Interim Application of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP for Allowance of Fees and Reimbursement of Expenses as Bankruptcy Counsel for Debtor in Possession* and incorporated herein by this reference.

**IV.**

**SERVICES RENDERED**

The services performed by B. Riley in this case have been categorized into task billing categories. Detailed billing statements reflecting B. Riley's time records and out-of-pocket expenses, including a summary of the aggregate and itemized hours and total compensation requested with respect to the professionals who provided compensable services are attached to the Weitz Dec. as ***Exhibit A***. The billing statements are organized by task, and the content of the billings included in each task is generally explained below.

A listing of the billing task categories showing the number of professional hours expended and fees incurred under each billing task category is shown below:

///

///

///

///

///

| Category | Hours | Fees |
|---|---|---|
| Asset Analysis | 77.10 | $38,945.50 |
| Business Analysis | 21.70 | $10,942.00 |
| Case Administration | 2.30 | $1,282.00 |
| Employment/Fee Applications | 16.70 | $8,082.50 |
| Litigation Support | 13.30 | $7,887.00 |
| Monthly Operating Reports | 75.30 | $38,799.00 |
| **Totals** | **206.40** | **$105,938.00** |
| **Average Hourly Rate** | | **$513.27** |

Below is a general description of the work performed in each task category.

A.  Asset Analysis. B. Riley expended 77.10 hours in this category for a total charge of $38,945.50. The services performed in this category generally include but are not limited to: continued analysis and review of the Debtor's real estate, preparation of comprehensive Debtor and other non-Debtor cash analysis, and calls and correspondence with the Debtor and Debtor's Counsel regarding the cash analysis.

B.  Business Analysis. B. Riley expended 21.70 hours in this category for a total charge of $10,942.00.  The services performed in this category generally include, but are not limited to: participating in weekly update calls with Debtor's counsel; analysis and review of the Debtor's financial statements and banking records; assisting the Debtor with various accounting tasks in connection with the bankruptcy; analysis and tracking of professional fee notices, retainers and payments; preparing the Quarterly Ordinary Course Professional Report and meetings with Debtor's management regarding financial operations, results and reporting.

C.  Case Administration.  B. Riley expended 2.30 hours in this category for a total charge of $1,282.00.  The services performed in this category generally include but are not limited to: review of case docket for recent filings and correspondence and calls with Debtor and counsel regarding case matters.

D.  Employment/Fee Application.  B. Riley expended 16.70 hours in this category for a total charge of $8,082.50.  The services performed in this category generally include but are not

Case: 23-30564    Doc# 1058    Filed: 03/06/25    Entered: 03/06/25 14:40:42    Page 4 of 8

limited to: drafting and finalizing monthly professional fee statements and the Third Interim Fee Application and correspondence and calls with the Fee Examiner regarding prior Fee Applications.

E. Litigation Support. B. Riley expended 13.30 hours in this category for a total charge of $7,887.00. The services performed in this category generally include but are not limited to: communications with Debtor's counsel regarding various litigation matters; research and analysis related to Debtor's pending litigation matters, discovery and mediation; working with the Debtor to gather documents and information related to various discovery requests; analysis of financial information requested by Creditor Committee professionals; communication with Creditor Committee professionals regarding document information requests; and participate in weekly meetings with Creditor Committee professionals regarding discovery updates.

F. Monthly Operating Reports. B. Riley expended 75.30 hours in this category for a total charge of $38,799.00. The services performed in this category generally include but are not limited to: assisting the Debtor with preparation of Monthly Operating Reports, including analysis of bank accounts and monthly transaction data; and assisting the Debtor with treatment and categorization of certain financial transactions.

A listing of hours and fees by professional is as follows (rates increased 1/1/25):

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Wayne P. Weitz | $775.00 | 11.10 | $8,602.50 |
| Wayne P. Weitz | $740.00 | 13.40 | $9,916.00 |
| David Greenblatt | $575.00 | 28.30 | $16,272.50 |
| David Greenblatt | $550.00 | 19.60 | $10,780.00 |
| Coral Hansen | $525.00 | 15.90 | $8,347.50 |
| Coral Hansen | $495.00 | 58.00 | $28,710.00 |
| Sean Horner | $425.00 | 47.10 | $20,017.50 |
| Marilee Greene | $265.00 | 2.80 | $742.00 |
| Benjamin Rozsa Groo | $250.00 | 10.20 | $2,550.00 |
| **Total** | | **206.40** | **$105,938.00** |
| Average Rate | $513.27 | | |

///

///

Case: 23-30564   Doc# 1058   Filed: 03/06/25   Entered: 03/06/25 14:40:42   Page 5 of 8

The expenses incurred during the period covered by this Application are as follows:

| Category | Total |
|---|---|
| Pacer | Waived |
| **Total Expenses** | **$0.00** |

### V.

### SUMMARY OF FEES AND EXPENSES

Detailed billing statement reflecting B. Riley's time records and out-of-pocket expenses filed as *Exhibit A* to the Weitz Dec. in support of this Application reflects total fees in the amount of $105,938.00 and expenses in the amount of $0.00 for a total of $105,938.00 incurred during the Application Period.

B. Riley requests an order under Bankruptcy Code section 330 approving fees in this case of $105,938.00 and expenses in the amount of $0.00 for a total of $105,938.00 for the period of October 1, 2024 through and including January 31, 2025, as reasonable and necessary for the administration of this case.

### VI.

### PAYMENTS RECEIVED TO DATE

With respect to the Bankruptcy Rule 2016(a) requirements for fee applications, B. Riley has not received any payments to date in this case from any source, other than the Debtor. B. Riley received a retainer prepetition from the Debtor, of which $64,334.42 (the "Retainer") remained on the Petition Date.

The Court approved on an interim basis B. Riley's First Interim Fee Application in the amount of $455,109.26 [ECF No. 619] pursuant to which B. Riley applied its pre-petition retainer and the Debtor paid the balance of the approved fees and costs.

The Court approved on an interim basis B. Riley's Second Interim Fee Application in the amount of $138,392.36 [ECF No. 796] pursuant to which the Debtor paid the approved fees and costs.

///

Case: 23-30564   Doc# 1058   Filed: 03/06/25   Entered: 03/06/25 14:40:42   Page 6 of 8

The Court approved on an interim basis B. Riley's Third Interim Fee Application in the amount of $79,678.50 [ECF No. 940] pursuant to which the Debtor paid the approved fees and costs.

Pursuant to the *Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis* [ECF No. 212], B. Riley has filed and served fee notices for October 2024 [ECF No. 914], November 2024 [ECF No. 950], December 2024 [ECF No. 965] and January 2025 [ECF No. 1003]. No objections were received with respect to the October, November, and December notices, while the time for objections to the January fee notice has not yet expired. B. Riley has received payments in the amount of $41,882.80 from the Debtor, such that is has been paid 80% of fees and 100% of expenses with respect to the October, November and December fee notices.

With respect to Bankruptcy Rule 2016(b), B. Riley has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between B. Riley and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

///
///
///
///
///
///
///
///
///
///

## VII.

## CONCLUSION

Based on all the above, B. Riley respectfully requests that this Court enter an order granting the relief requested herein, and for such other and further relief as the Court deems necessary and proper.

Dated: March 3, 2025

GLASSRATNER ADVISORY & CAPITAL GROUP, LLC D/B/A B. RILEY ADVISORY SERVICES

By: _Wayne P. Weitz_
    Wayne P. Weitz
    Financial Advisors to Debtor The Roman
    Catholic Archbishop of San Francisco

Dated: March 3, 2025

FELDERSTEIN FITZGERAL WILLOUGHBY PASCUZZI & RIOS LLP

By: _/s/ Paul J. Pascuzzi_
    Paul J. Pascuzzi
    Attorneys for Debtor The Roman Catholic
    Archbishop of San Francisco

Dated: March 3, 2025

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _/s/ Ori Katz_
    Ori Katz
    Attorneys for Debtor The Roman Catholic
    Archbishop of San Francisco

Case: 23-30564   Doc# 1058   Filed: 03/06/25   Entered: 03/06/25 14:40:42   Page 18 of
8