Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:  (916) 329-7400
Facsimile:   (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
                  jrios@ffwplaw.com
                  tphinney@ffwplaw.com
                  mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  (415) 434-9100
Facsimile:   (415) 434-3947
Email:         okatz@sheppardmullin.com
                  amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>       Debtor and<br>       Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>Date:     April 10, 2025<br>Time:    1:30 p.m.<br>Location: Via ZoomGov<br>Judge:   Hon. Dennis Montali |

**FOURTH INTERIM APPLICATION OF WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN LAW CORPORATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR IN POSSESSION FOR THE PERIOD OF OCTOBER 1, 2024, THROUGH JANUARY 31, 2025**

Weintraub Tobin Chediak Coleman Grodin Law Corporation, (hereinafter "Weintraub"), special corporate and litigation attorneys for The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), submits this fourth application (the "Application") for interim allowance of fees and reimbursement of expenses for the four-month period of October 1, 2024, through and including January 31, 2025 (the "Application Period") as set forth in the Request for Relief below. In support of this Application, Weintraub relies on this Application, the *Declaration of Paul E. Gaspari* ("Gaspari Decl.") filed in support of this Application, the *Declaration of Fr. Patrick Summerhays* ("Summerhays Decl."), and the pleadings and papers on file in this case, and on such other evidence and argument as may be submitted before or during the hearing on this Application.

## I.

## RELIEF REQUESTED

Through this Application, Weintraub requests an Order:

1. Approving on an interim basis, Weintraub's fees in the amount of $124,835.00 and reimbursement of expenses in the amount of $8,575.88 for a total of $133,410.88 incurred October 1, 2024, through and including January 31, 2025;

2. Authorizing payment to Weintraub by the Debtor of the unpaid balance of the allowed fees and expenses after application of any retainer; and

3. For such other relief as the Court deems just and proper.

## II.

## BACKGROUND FACTS

On August 21, 2023, the Debtor filed a voluntary Chapter 11 Bankruptcy Petition ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. On September 1, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") [ECF 58].

///

A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Application are set forth in the *Declaration of Joseph J. Passarello in support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023, at ECF 14 ("Passarello Background Decl."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023 at ECF 15 ("Gaspari Decl.").

On September 25, 2023, the Court entered its order granting the Debtor's application to employ Weintraub as counsel, effective as of August 21, 2023 [ECF 166]. Weintraub is skilled in civil litigation and church law matters. Weintraub is counsel of record for the RCASF in the pending joint coordinated proceeding in Alameda Superior Court ("JCP 5108"), where all complaints against northern California diocesan entities are being jointly administered, including complaints filed against the RCASF. The Tobin & Tobin firm, prior to merger with Weintraub, has acted as outside counsel for the RCASF since approximately 1860. In addition to services defending the RCASF against abuse claims, Weintraub also has represented the RCASF in various other, non-abuse matters, including several employment related cases. Also, as part of the services the firm provides to the RCASF, from time to time, Weintraub advises the RCASF on general legal matters.

### III.
### STATUS OF CASE

To avoid unnecessary duplication, the case status is set forth in the *Fourth Interim Application of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP for Allowance of Fees and Reimbursement of Expenses as Counsel for Debtor in Possession* and incorporated herein by this reference.

### IV.
### SERVICES RENDERED

The services performed by Weintraub in this case have been categorized into task billing categories. Detailed billing statements reflecting Weintraub's time records and out of pocket expenses, including a summary of the aggregate and itemized hours and total compensation

Case: 23-30564    Doc# 1061    Filed: 03/06/25    Entered: 03/06/25 14:50:19    Page 3 of 20

requested with respect to the professionals who provided compensable services are attached to the Gaspari Decl. as **Exhibit A**. The billing statements are organized by task, and the content of the billings included in each task is generally explained in paragraph 8 of the Gaspari Decl.

Attached to the Gaspari Decl. as **Exhibit B** is a summary of customary and comparable compensation provided by Weintraub describing the blended hourly rates of the various categories of timekeepers that provided services to the Debtor during the Application Period. The summary gives defined terms used in this exhibit the same meanings ascribed to them in ¶ C.3 of the UST Guidelines.

Attached to the Gaspari Decl. as **Exhibit C** is a copy of the "Attorney Fee Budget" agreed upon by and between the Debtor and Weintraub. This exhibit also includes a comparison of budgeted to actual fees sought during the Application Period. Weintraub is not submitting a detailed staffing plan or summary of fees and hours budgeted compared to fees and hours billed for each project category as this information is privileged and confidential.

A listing of the billing task categories showing the number of professional hours expended and fees incurred under each billing task category is shown below:

| CATEGORY | HOURS | FEES |
|---|---|---|
| Case Administration | 84.50 | $41,922.00 |
| Other Contested Matters | 31.60 | $15,690.00 |
| Claims Administration and Objections | 1.30 | $655.00 |
| Fact Investigation/Development | 9.70 | $4,725.00 |
| Analysis/Strategy | 24.30 | $9,431.50 |
| Document/File Management | 16.10 | $4,622.50 |
| Settlement/Non-Binding ADR | 21.40 | $8,972.50 |
| Other Case Assessment | 8.30 | $2,255.00 |
| Pleadings | 1.60 | $690.00 |
| Court Mandated Conferences | 16.00 | 7,600.00 |
| Written Discovery | 0.40 | $194.00 |
| Document Production | 63.40 | $23,400.00 |
| Depositions | 1.40 | 665.00 |

| CATEGORY | HOURS | FEES |
|---|---:|---:|
| Expert Discovery | 1.20 | $540.00 |
| Other Discovery | 7.10 | 3,195.00 |
| Expert Witnesses | 0.20 | $90.00 |
| Enforcement | 0.50 | $187.50 |
| **Totals** | **289.00** | **$124,835.00** |

Below is a general description of the work performed in each task category.

A. <u>Case Administration</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Case Administration shall consist of the following: coordination and compliance matters, including preparation of statement of financial affairs, schedules, list of contracts, United States Trustee interim statements and operating reports; contacts with the United States Trustee, and general creditor inquiries.

Weintraub followed the ABA description and expended 84.50 hours in this category for a total charge of $41,922.00. The services performed in this category generally include but are not limited to communications regarding status, document requests, insurance coverage, Rule 2004 issues and discovery issues; review of records; preparation for mediation; and reviewing documents.

A breakdown of the professionals who billed time to Case Administration and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Paul E. Gaspari | $485 | 47.30 | $22,940.50 |
| Paul E. Gaspari | $520 | 34.70 | $18,044.00 |
| Alexa Horner | $375 | 2.50 | $937.50 |
| **Totals** | | **84.50** | **$41,922.00** |

B. <u>Other Contested Matters</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Other Contested Matters shall consist of the following: analysis and preparation of all other motions, opposition to motions and reply memoranda in support of motions.

5
CASE NO. 23-30564
WT FOURTH INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Case: 23-30564    Doc# 1061    Filed: 03/06/25    Entered: 03/06/25 14:50:19    Page 5 of 20

Weintraub followed the ABA description and expended 31.60 hours in this category for a total charge of $15,690.00. The services performed in this category generally include but are not limited to communications regarding request for documents; response to Committee regarding financials; review of memorandum regarding subpoena; communications regarding response to JCCP 5108 Case Management Conference Order.

A breakdown of the professionals who billed time to Other Contested Matters and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $485 | 21.20 | $10,282.00 |
| Paul E. Gaspari | $520 | 10.40 | $5,408.00 |
| **Totals** | | **31.60** | **$15,690.00** |

C. <u>Claims Administration and Objections</u>. Weintraub has utilized task billing codes consistent with the ABA Uniform Task-Based Management System, which provides that Claims Administration and Objections shall consist of the following: specific claim inquiries; bar date motions; analyses, objections and allowances of claims.

Weintraub generally followed the ABA definition and expended 1.30 hours in this category for a total charge of $655.00, which primarily included substantial work on the complex claims procedures motion. The services performed in this category generally include but are not limited to preparation of memorandum to Weinstein re proofs of claim.

A breakdown of the professionals who billed time to Claims Administration and Objections and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $485 | 0.60 | $291.00 |
| Paul E. Gaspari | $520 | 0.70 | $364.00 |
| **Totals** | | **1.30** | **$655.00** |

D. <u>Fact Investigation/Development</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Fact Investigation/Development shall consist of the following: interview of client personnel/potential

6

CASE NO. 23-30564
WT FOURTH INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Case: 23-30564    Doc# 1061    Filed: 03/06/25    Entered: 03/06/25 14:50:19    Page 6 of 20

witnesses; review of documents; work with an investigator; legal research for initial case assessment purposes; communication for fact investigation.

Weintraub generally followed the UTBMS definition and expended 9.70 hours in this category for a total charge of $4,725.00. The services performed in this category generally include but are not limited to communications regarding status of discovery production; communications and review of plaintiff's demand letter; review and analysis of claimant's personnel file; and update and analysis of Creditor's Committee list of accused and claimants.

A breakdown of the professionals who billed time to Fact Investigation/Development and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Daniel C. Zamora | $475 | 3.60 | $1,710.00 |
| Daniel C. Zamora | $500 | 5.70 | $2,850.00 |
| Benjamin J. Lewis | $375 | 0.20 | $75.00 |
| Benjamin J. Lewis | $450 | 0.20 | $90.00 |
| **Totals** | | **9.70** | **$4,725.00** |

E. <u>Analysis/Strategy</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Analysis/Strategy shall consist of the following: discussions/writings/meetings on case strategy; preparation of litigation plan; communication on case strategy.

Weintraub generally followed the UTBMS definition and expended 24.30 hours in this category for a total charge of $9,431.50. The services performed in this category generally include but are not limited to: analysis and communications regarding strategies; review of claims and analysis; review of personnel file for discovery request/privileged information.

A breakdown of the professionals who billed time to Analysis/Strategy and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
| --- | --- | --- | --- |
| Paul E. Gaspari | $520 | 0.20 | $104.00 |
| Daniel C. Zamora | $475 | 2.90 | $1,377.50 |

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Monica A. Silver | $375 | 21.20 | $7,950.00 |
| Totals | | 24.30 | $9,431.50 |

F. <u>Document/File Management</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Document/File Management shall consist of the following: file organization/administration for database construction/management.

Weintraub generally followed the UTBMS definition and expended 16.10 hours in this category for a total charge of $4,622.50. The services performed in this category generally include but are not limited to review and compiling of discovery responses for attorneys; communications regarding records from priests and schools, and rule 2004 requests; update claims chart; production of personnel files.

A breakdown of the professionals who billed time to Document/File Management and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Daniel C. Zamora | $475 | 4.00 | $1,900.00 |
| Brian Gonzaga | $225 | 12.10 | $2,722.50 |
| Totals | | 16.10 | $4,622.50 |

G. <u>Settlement/Non-Binding ADR</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Settlement/Non-Binding ADR shall consist of the following: planning/participation in settlement discussions/conferences; implementation of settlement; pursing mediation; travel to/from mediation; attend mediation; prelitigation demand letters; research settlement; communications regarding settlement, mediation and ADR.

Weintraub generally followed the UTBMS definition and expended 21.40 hours in this category for a total charge of $8,972.50. The services performed in this category generally include but are not limited to communications and preparation for mediation, preparation of additional analysis of proofs of claim for carrier request; review of personnel files for discovery request.

8

CASE NO. 23-30564
WT FOURTH INTERIM APPLICATION
FOR ALLOWANCE OF FEES

Case: 23-30564    Doc# 1061    Filed: 03/06/25    Entered: 03/06/25 14:50:19    Page 8 of 20

A breakdown of the professionals who billed time to Settlement/Non-Binding ADR and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Daniel C. Zamora | $475 | 7.60 | $3,610.00 |
| Benjamin J. Lewis | $450 | 1.70 | $765.00 |
| Benjamin J. Lewis | $475 | 0.60 | $285.00 |
| Monica A. Silver | $375 | 11.50 | $4,312.50 |
| **Totals** | | **21.40** | **$8,972.50** |

H.  <u>Other Case Assessment, Development and Administration</u>.  Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Other Case Assessment, Development and Administration shall consist of the following: Other Case Assessment, Development and Administration.

Weintraub generally followed the UTBMS definition and expended 8.30 hours in this category for a total charge of $2,255.00.  The services performed in this category generally include but are not limited to review and gathering of fact sheets and proofs of claim for carriers.

A breakdown of the professionals who billed time to Other Case Assessment, Development and Administration and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Benjamin J. Lewis | $450 | 0.50 | $225.00 |
| Benjamin J. Lewis | $475 | 0.80 | $380.00 |
| Daniel C. Zamora | $475 | 0.30 | $142.50 |
| Brian Gonzaga | $225 | 6.70 | $1,507.50 |
| **Totals** | | **8.30** | **$2,255.00** |

I.  <u>Pleadings</u>.  Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Pleadings shall consist of the following: drafting/editing pleadings, reviewing/answering complaints, motions to dismiss, jurisdictional motions and research for pleadings.

///

Weintraub followed the UTBMS description and expended 1.60 hours in this category for a total charge of $690.00. The services performed in this category generally include but are not limited to review of filed pleadings; communications regarding JCCP 5108 case management conference.

A breakdown of the professionals who billed time to Pleadings and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Benjamin J. Lewis | $375 | 0.70 | $262.50 |
| Benjamin J. Lewis | $475 | 0.90 | $427.50 |
| **Totals** | | **1.60** | **$690.00** |

J. <u>Court Mandated Conferences</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Court Mandated Conferences shall consist of the following: preparing for hearing required by court order or procedural rules; travel to/from Court Ordered Conferences; attending hearing required by court order or procedural rules.

Weintraub generally followed the UTBMS definition and expended 16.00 hours in this category for a total charge of $7,600.00. The services performed in this category generally include but are not limited to attending global mediation.

A breakdown of the professionals who billed time to Court Mandated Conferences and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Daniel C. Zamora | $475 | 16.00 | $7,600.00 |
| **Totals** | | **16.00** | **$7,600.00** |

K. <u>Written Discovery</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Written Discovery shall consist of the following: developing, responding to, objecting to, and negotiating interrogatories and requests to admit; includes mandatory meet-and-confer sessions; also covers mandatory written disclosures as under FRCP Rule 26(a).

Weintraub generally followed the UTBMS definition and expended 0.40 hours in this category for a total charge of $194.00. The services performed in this category generally include but are not limited to review of plaintiff fact sheets for upcoming mediation.

A breakdown of the professionals who billed time to Written Discovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E. Gaspari | $485 | 0.40 | $194.00 |
| **Totals** | | **0.40** | **$194.00** |

L. <u>Document Production</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that plan Document Production shall consist of the following: developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists.

Weintraub generally followed the UTBMS definition and expended 63.40 hours in this category for a total charge of $23,400.00. The services performed in this category generally include but are not limited to review and production of personnel files to Committee; communications with counsel regarding status of production; production of documents; organize database of personnel files; prepare privilege logs for personnel files.

A breakdown of the professionals who billed time to Document Production and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Daniel C. Zamora | $475 | 0.60 | $285.00 |
| Benjamin J. Lewis | $450 | 0.20 | $90.00 |
| John Slavik | $375 | 4.80 | $1,800.00 |
| Monica A. Silver | $375 | 50.90 | $19,087.50 |
| Roberto G. Cruz | $375 | 3.90 | $1,462.50 |
| Brian Gonzaga | $225 | 0.50 | $112.50 |

Case: 23-30564　Doc# 1061　Filed: 03/06/25　Entered: 03/06/25 14:50:19　Page 11 of 20

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Jennye Melendez | $225 | 2.50 | $562.50 |
| **Totals** | | **63.40** | **$23,400.00** |

M. <u>Depositions</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Depositions shall consist of the following: preparing deposition notices and subpoenas; communication with opposing party's counsel on scheduling and logistics; planning and preparing to take the deposition; discussion of deposition strategy; preparing witnesses; reviewing documents for deposition preparation; attending deposition; travel to/from depositions; drafting deposition summaries.

Weintraub generally followed the UTBMS definition and expended 1.40 hours in this category for a total charge of $665.00. The services performed in this category generally include but are not limited to communications regarding response to insurance carrier document request.

A breakdown of the professionals who billed time to Depositions and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Daniel C. Zamora | $475 | 1.40 | $665.00 |
| **Totals** | | **1.40** | **$665.00** |

N. <u>Expert Discovery</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Expert Discovery shall consist of the following: preparing expert discovery notices; communicating with expert discovery; discussing strategy; preparation and consultation with expert; review of expert documents; draft expert summaries.

Weintraub generally followed the UTBMS definition and expended 1.20 hours in this category for a total charge of $540.00. The services performed in this category generally include but are not limited to communicating regarding expert discovery.

A breakdown of the professionals who billed time to Expert Discovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Benjamin J. Lewis | $450 | 1.20 | $540.00 |
| **Totals** | | **1.20** | **$540.00** |

O. <u>Other Discovery</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Other Discovery shall consist of the following: any discovery-related legal work that doesn't fall under the standard categories like document requests, depositions, or interrogatories.

Weintraub followed the UTBMS description and expended 7.10 hours in this category for a total charge of $3,195.00. The services performed in this category generally include but are not limited communications regarding medical production; review of other production.

A breakdown of the professionals who billed time to Other Discovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Benjamin J. Lewis | $450 | 0.90 | $405.00 |
| Audrey Millemann | $450 | 6.20 | $2,790.00 |
| **Totals** | | **7.10** | **$3,195.00** |

P. <u>Expert Witnesses</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Expert Witnesses shall consist of the following: preparing for examination of expert witness; preparing for cross examination of expert witness.

Weintraub followed the UTBMS description and expended 0.20 hours in this category for a total charge of $90.00. The services performed in this category generally include but are not limited to communications with IME expert.

A breakdown of the professionals who billed time to Expert Witnesses and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Benjamin J. Lewis | $450 | 0.20 | $90.00 |
| **Totals** | | **0.20** | **$90.00** |

Q. <u>Enforcement</u>. Weintraub has utilized task billing codes consistent with the Uniform Task-Based Management System, which provides that Enforcement shall consist of the following: enforcing judgments; collecting judgments; and filings for stay pending appeal.

Weintraub followed the UTBMS description and expended 0.50 hours in this category for a total charge of $187.50. The services performed in this category generally include but are not limited to communications regarding status of JCCP proceeding.

A breakdown of the professionals who billed time to Enforcement and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Benjamin J. Lewis | $375 | 0.50 | $187.50 |
| **Totals** | | **0.50** | **$187.50** |

## V.
## RESPONSIBLE PERSONNEL

The professionals assigned to this chapter 11 case who performed more than five (5) hours of service are as follows:

Paul E. Gaspari (PEG). His billing rate during the period covered by this Application was $485 and $520 per hour. As a litigation shareholder of the firm, Paul advises clients on commercial law, insurance defense, public liability, real estate, and employment-related litigation.

Daniel C. Zamora (DCZ). His billing rate during the period covered by this Application was $475 and $500 per hour. Daniel is a shareholder and a member of the Firm's Litigation and Labor & Employment practice groups.

Audrey Millemann (AAM). Audrey Millemann is a shareholder and a member of the Firm's Litigation group. Her billing rate during the period covered by this Application was $450 per hour.

Benjamin J. Lewis (BJLE). His billing rate during the period covered by this Application was $375, $450 and $475 per hour. Ben Lewis is an associate in the Firm's Litigation group, where he focuses his practice on education, employment, and non-profit/religious entity litigation.

///

Monica Silver (MAS). Monica Silver is an associate in the Firm's Litigation group, and her billing rate during the period covered by this Application was $375 per hour.

Brian Gonzaga (BGON). Brian Gonzaga is a paralegal in the Firm's Litigation group, and his billing rate during the period covered by this Application was $225 per hour.

## VI.

## SUMMARY OF FEES AND EXPENSES

Detailed billing statements reflecting Weintraub's time records and out of pocket expenses filed as *Exhibit A* to the Gaspari Decl. in support of this Application reflects total fees in the amount of $124,835.00 and expenses in the amount of $8,575.88 for a total of $133,410.88, incurred during the Application Period.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Paul E Gaspari | $485 | 69.50 | $33,707.50 |
| Paul E Gaspari | $520 | 46.00 | $23,920.00 |
| Daniel C. Zamora | $475 | 36.40 | $17,290.00 |
| Daniel C. Zamora | $500 | 5.70 | $2,850.00 |
| Benjamin J. Lewis | $375 | 1.40 | $525.00 |
| Benjamin J. Lewis | $450 | 4.90 | $2,205.00 |
| Benjamin J. Lewis | $475 | 2.30 | $1,092.50 |
| Audrey Millemann | $450 | 6.20 | $2,790.00 |
| John Slavik | $375 | 4.80 | $1,800.00 |
| Alexa K. Horner | $375 | 2.50 | $937.50 |
| Monica Silver | $375 | 83.60 | $31,350.00 |
| Roberto G. Cruz | $375 | 3.90 | $1,462.50 |
| Brian Gonzaga | $225 | 19.30 | $4,342.50 |
| Jennye Melendez | $225 | 2.50 | $562.50 |
| **Totals** | | **289.00** | **$124,835.00** |

Weintraub has calculated a blended hourly rate of $431.96 by dividing the total fees billed by the total number of hours recorded. Weintraub notes that in addition to the attorneys listed in the staffing plan, in order to timely review all Proofs of Claim and alleged perpetrator personnel files, many of which are voluminous, Weintraub utilized additional attorneys in the firm to undertake basic claim and file review and to identify and locate applicable student and or parish

records to evaluate and confirm underlying facts alleged in the Proofs of Claim. These additional attorneys were necessary to timely complete the review project so that the Debtor could produce the material to its insurance carriers to allow the mediation process to timely commence. No duplication of work was involved.

The expenses incurred during the period covered by this Application are as follows:

| Category | Total |
|---|---|
| Subpoena Fees | $162.00 |
| Expert Witness Fees | $8,321.88 |
| Travel | $92.00 |
| **Total Expenses** | **$8,575.88** |

Weintraub requests an order under Bankruptcy Code section 330 approving fees in this case of $124,835.00 and expenses in the amount of $8,575.88 for a total of $133,410.88 for the period of October 1, 2024, through and including January 31, 2025, as reasonable and necessary for the administration of this case.

## VII.

## FACTORS TO CONSIDER

The order approving Weintraub's employment authorizes compensation on a basis that would allow payment for services rendered on an hourly rate consistent with the Ninth Circuit decision in *In re Manoa Fin. Co.*, 853 F2d 687 (9th Cir. 1988), after notice to all interested parties. Consistent with the *Manoa* Decision, various factors were suggested by the Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), for consideration in awarding compensation in a bankruptcy case. Though not specifically required for approval under the lodestar or *Manoa* case, several of the *Johnson* factors have been specifically codified by the Bankruptcy Reform Act of 1994 and as such, these factors are discussed below:

**(a) Time and labor required (11 U.S.C. § 330(a)(3)(A))**: Weintraub has utilized eight (8) attorneys and two (2) legal assistants who have expended 289.00 in billable hours during the Application period. The blended hourly rate based on the billed hours is $431.96. This is a very reasonable rate for a case as complex and difficult as the present Case.

**(b) Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D))**: This case involves many of the technical and complex problems faced by operating chapter 11 debtors in possession with operating businesses. This case, however, is unique in that it involves a non-profit religious institution with unique and complex issues surrounding litigation of abuse claims.

**(c) Skill requisite to perform the services properly (11 U.S.C. § 330(a)(3)(D))**: Weintraub is skilled in handling complex corporate and litigation matters and has special experience and knowledge which enables Weintraub to render services of benefit to the estate in an efficient manner. The attorneys who have contributed to this case have many years of combined experience in similarly complicated cases.

**(d) Customary fees (11 U.S.C. §§ 330(a)(3)(B and E))**: The rates charged by Weintraub are Weintraub's standard billing rates (attorneys $375 - $520 per hour), which standard rates are the same rates (with a few exceptions for long term clients or specially negotiated limited engagement agreements) as generally used by Weintraub with respect to its non-debtor/trustee clients. The rates also are similar to the normal charges for similar work performed by similarly experienced and skilled attorneys and legal assistants in the Northern District of California bankruptcy courts. Weintraub requests that the Court take judicial notice of the rates generally charged and approved in fee applications before this Court and other cases in the Northern District of California.

As further evidence of the reasonableness of Weintraub's hourly rates, Committee counsel Pachulski Stang Ziehl & Jones LLP's hourly rates for this matter are: $545 for paralegals, and $875-$1,695 for partners; provided however that Pachulski Stang Ziehl & Jones LLP agreed to cap its blended hourly rate for all billing professionals at $1,050 per hour. Hourly rates for financial advisor for the Committee range from $450 - $1,130 per hour for directors.

**(e) Amount of work involved and result obtained (11 U.S.C. § 330(a)(3)(D))**: As stated above, Weintraub has expended 289.00 billable hours on behalf of the Debtor during the Application Period performing the services described herein.

**(f) Experience, reputation, and ability of Weintraub**: Weintraub has many years of experience handling complex litigation and corporate cases. Weintraub also enjoys a

reputation for quality work and integrity in the legal community and before this Court.

    **(g)    Professional relationship with the client**: Other than as disclosed in its application for approval of employment of Weintraub, Weintraub has no relationship with the U.S. Trustee, the Debtor, its officers and directors, or its creditors.

    **(h)    Awards in similar cases (11 U.S.C. § 330(a)(3)(F))**: The compensation sought by this Application is consistent with that authorized in similar cases.

In addition to the foregoing *Johnson* factors, section 330 also examines whether the services were:

    **(i)    Necessary to the Administration of the Bankruptcy Case (11 U.S.C. § 330(a)(3)(C))**: Weintraub respectfully submits that essentially all of Weintraub's services were necessary to the administration of this Case and in total have benefited the estate. Weintraub respectfully submits that as a whole its services were necessary and benefited the Estate.

## VIII.

## PAYMENTS RECEIVED TO DATE; AVAILABILITY OF FUNDS

This is Weintraub's fourth interim fee motion. The Court's order on Weintraub's first interim fee application allowed interim payment of $45,869 and costs incurred in the amount of $1,746.15 for the period of August 21, 2023, through January 31, 2024 [ECF No. 623]. The Court's order on Weintraub's second interim fee application allowed an interim payment of $224,480.50 in fees and $142.69 in expenses for the period of February 1, 2024, through May 31, 2024 [ECF No. 798]. This Second Interim Fee Application Order also authorized Weintraub interim compensation for an administrative claim in the amount of $32,314.47 for services provided during the First Interim Application Period. The Court's order on Weintraub's third interim fee application allowed an interim payment of $282,856.68 in fees and $145.85 in expenses for the period of June 1, 2024, through September 30, 2024 [ECF No. 941]. Weintraub received a retainer prepetition from the Debtor, of which $210,754.00 remained on the Petition Date. The Debtor has paid Weintraub the fees and costs allowed by the interim fee orders from the retainer and payments from the Debtor.

///

With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, Weintraub has not received any payments to date in this case from any source, other than the Debtor.

Pursuant to the Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis [ECF 212], Weintraub has filed and served fee notices for October [ECF No. 917], November 2024 [ECF No. 953], December 2024 [ECF No. 968], and January 2025 [ECF No. 1006]. No objections were received with respect to the October, November, and December notices, while the time for objections to the January fee notice has not yet expired. BR has received payments from the Debtor, such that is has been paid 80% of fees and 100% of expenses with respect to the October, November and December fee notices. No payments have yet been received for January 2025 as of the filing of this application. Thus, Weintraub has received payments in the amount of $58,230.00 in fees and $8,483.88 in costs allowed by the monthly fee notices for October 2024 through December 2024, such that it has been paid 80% of fees and 100% of costs for the outstanding fees for that period. The unpaid 20% holdback together with the January fees and costs total $66,697.00. The retainer balance as of January 31, 2025, was $8,275.17.

With respect to Bankruptcy Rule 2016(b), Weintraub has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between Weintraub and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

///

///

///

///

///

## IX.

## CONCLUSION

Based on all of the above, Weintraub respectfully requests that this Court enter an order granting the relief requested herein, and for such other and further relief as the Court deems necessary and proper.

Dated: March 4, 2025

WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN Law Corporation

By: _____
Paul E. Gaspari
Special Litigation Counsel for The Roman Catholic Archbishop of San Francisco

Dated: March 6, 2025

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Jason E. Rios*
Paul J. Pascuzzi
Jason E. Rios
Thomas R. Phinney
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: March 6, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco