Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
 WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
 jrios@ffwplaw.com
 tphinney@ffwplaw.com
 mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
 amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop
of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>Date: April 10, 2025<br>Time: 1:30 p.m.<br>Location: Via ZoomGov<br>Judge: Hon. Dennis Montali |

**SECOND INTERIM APPLICATION OF BLANK ROME, LLP FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR IN POSSESSION**

Blank Rome, LLP (hereinafter "BR"), special insurance counsel for The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), submits this application (the "Application") for second interim allowance of fees and reimbursement of expenses for the four-month period of October 1, 2024 through and including January 31, 2025 (the "Application Period") as set forth in the Request for Relief below. In support of this Application, BR relies on this Application, the *Declaration of Barron L. Weinstein* ("Weinstein Dec.") filed in support of this Application, the *Declaration of Fr. Patrick Summerhays* ("Summerhays Dec.") in support of this Application, the pleadings and papers on file in this case, and on such other evidence and argument as may be submitted before or during the hearing on this Application.

## I.

## RELIEF REQUESTED

Through this Application, BR requests an Order:

1. Approving on an interim basis BR's fees in the amount of $125,518.50 and reimbursement of expenses in the amount of $1,932.11 for a total of $127,450.61 incurred from October 1, 2024 through and including January 31, 2025.

2. Authorizing payment to BR by the Debtor of the unpaid balance of the allowed fees and expenses; and

3. For such other relief as the Court deems just and proper.

## II.

## BACKGROUND FACTS

On August 21, 2023, the Debtor filed a voluntary Chapter 11 Bankruptcy Petition ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. On September 1, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") [ECF No. 58].

///

A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Application are set forth in the *Declaration of Joseph J. Passarello in support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023, at ECF No. 14 ("Passarello Background Dec."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023 at ECF No. 15 ("Gaspari Dec.").

On August 20, 2024, the Court entered its order granting the Debtor's application to employ BR as special insurance counsel, effective as of July 1, 2024 [ECF No. 815]. BR is skilled in complex insurance disputes, including insurance coverage disputes and litigation against insurance carriers and brokers in state and federal courts. Mr. Weinstein, now a part of Blank Rome, was originally engaged as part of his former firm Weinstein & Numbers in 2019 for insurance issues related to the current abuse claims litigation and has been working with the RCASF regarding its insurance coverage for abuse claims since 2004. W&N, through its partner Barron L. Weinstein, assisted RCASF in negotiating settlements of all the claims with funds that included funds from RCASF's insurance carriers. The current lawsuits arise from another legislatively created window in which the statute of limitations was tolled for three years from 2019 through 2022. The current claims span the same time periods as involved in the 2004 claims and involve the same insurance carriers. Accordingly, Mr. Weinstein, now at BR, has had extensive experience negotiating settlements of abuse claims with the same carriers as are involved with the present claims. As a result of his prepetition representation of the RCASF, Mr. Weinstein has acquired in-depth knowledge of the Debtor's insurance coverage, which will be a key issue in the Bankruptcy Case. In addition, Mr. Weinstein has substantial experience in diocesan cases, and represents at least two other dioceses in chapter 11 cases.

### III.

### STATUS OF CASE

To avoid unnecessary duplication, the case status is set forth in the *Fourth Interim Application of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP for Allowance of Fees and*

///

*Reimbursement of Expenses as Counsel for Debtor in Possession* and incorporated herein by this reference.

### IV.
### SERVICES RENDERED

The services performed by BR in this case have been categorized into task billing categories. Detailed billing statements reflecting BR's time records and out of pocket expenses, including a summary of the aggregate and itemized hours and total compensation requested with respect to the professionals who provided compensable services are attached to the Weinstein Dec. as ***Exhibit A***. The billing statements are organized by task, and the content of the billings included in each task is generally explained in Paragraph 5 of the Weinstein Dec. and below.

Attached to the Weinstein Dec. as ***Exhibit B*** is a summary of customary and comparable compensation provided by BR describing the blended hourly rates of the various categories of timekeepers that provided services to the Debtor during the Application Period. The summary gives defined terms used in this exhibit the same meanings ascribed to them in ¶ C.3 of the UST Guidelines.

Attached to the Weinstein Dec. as ***Exhibit C*** is a copy of the "Attorney Fee Budget" agreed upon by and between the Debtor and BR. This exhibit also includes a comparison of budgeted to actual fees sought during the Application Period. Weinstein is not submitting a detailed staffing plan or summary of fees and hours budgeted compared to fees and hours billed for each project category as this information is privileged and confidential.

A listing of the billing task categories showing the number of professional hours expended and fees incurred under each billing task category is shown below:

| CATEGORY | HOURS | FEES |
|---|---:|---:|
| (01) Asset Analysis and Recovery (Insurance Proceeds) | 30.00 | $15,445.50 |
| (02) Bankruptcy Procedure | 3.60 | $2,778.00 |
| (05) Fee Applications | 3.30 | $1,275.00 |
| (06) Litigation (Analysis of Coordinated Abuse Claims for Available Insurance Coverage) | 23.40 | $8,549.50 |

| CATEGORY | HOURS | FEES |
|---|---:|---:|
| (07) Mediation | 104.80 | $80,756.90 |
| (08) Motion Practice | 3.50 | $2,870.00 |
| (10) Recovery of Defense Costs from Carriers | 3.40 | $1,853.20 |
| (93) Discovery | 22.20 | $11,990.40 |
| **Totals** | **194.20** | **$125,518.50** |

A substantial majority of BR's services during the Application Period were related to the ongoing mediation. BR has attended mediation sessions with the Debtor and helped the Debtor with significant insurance issues at mediation. These services have been critical, as it is anticipated that the mediation will form the basis for a plan. Below is a general description of the work performed in each task category.

A. <u>Asset Analysis and Recovery</u>. Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 30.00 hours in the Asset Analysis and Recovery (Insurance Proceeds) category for a total charge of $15,445.50, which includes but is not limited to continued efforts to locate archival insurance documents and evaluate the potential coverage.

A breakdown of the professionals who billed time to Asset Analysis and Recovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---:|---:|
| Barry Weinstein | $675 | 1.60 | $1,080.00 |
| Barry Weinstein | $820 | 3.90 | $3,198.00 |
| Kevin Cifarelli | $450 | 22.60 | $10,170.00 |
| Kevin Cifarelli | $525 | 1.90 | $997.50 |
| **Totals** | | **30.00** | **$15,445.50** |

B. <u>Bankruptcy Procedure</u>. Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 3.60 hours in the Bankruptcy Procedure category for a total charge of $2,778.00, which includes analysis and review of pleadings.

///

Case No. 23-30564
Blank Rome's Second Interim Application
5
Case: 23-30564    Doc# 1065    Filed: 03/06/25    Entered: 03/06/25 14:58:58    Page 5 of 14

A breakdown of the professionals who billed time to Discovery and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Barry Weinstein | $675 | 1.20 | $810.00 |
| Barry Weinstein | $820 | 2.40 | $1,968.00 |
| **Totals** | | **3.60** | **$2,778.00** |

C. <u>Fee Applications</u>. Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 3.30 hours in the Fee Application category for a total charge of $1,275.00. The services performed in this category generally include but are not limited to preparation of BR's monthly fee statements and interim fee applications.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Barry Weinstein | $675 | 0.80 | $540.00 |
| Kevin Cifarelli | $450 | 0.50 | $225.00 |
| Chuck Yeo | $255 | 2.00 | $510.00 |
| **Totals** | | **3.30** | **$1,275.00** |

D. <u>Litigation (Analysis of Coordinated Abuse Claims for Available Insurance Coverage)</u>: Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 23.40 hours in the Litigation category for a total charge of $8,549.50. The services provided in this category include the review of each abuse claim to determine which insurance policies might apply, preparation of correspondence tendering each claim to each carrier with potential coverage, maintaining charts of all tenders and responses, maintaining charts of identifying information for each abuse claim as necessary to pursue coverage, conferencing with insurance adjusters and coverage counsel to address questions and requests for information, and collaborating with defense and bankruptcy counsel to coordinate the insurance coverage issues with ongoing defense and bankruptcy issues.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Kevin Cifarelli | $450 | 0.10 | $45.00 |
| Brian Carolus | $340 | 19.90 | $6,766.00 |

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Chuck Yeo | $255 | 1.90 | $484.50 |
| Jeffery Schulman | $836 | 1.50 | $1,254.00 |
| **Totals** | | **23.40** | **$8,549.50** |

E. <u>Mediation</u>. Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 104.80 hours in the Mediation category for a total charge of $80,756.90, which includes but is not limited to participation in mediation sessions, review of correspondence regarding mediation strategy, prepare correspondence regarding mediation, attend Zoom meeting regarding issues of mediation and overall strategy with counsel and client, and telephone conferences regarding mediation.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Barry Weinstein | $675 | 25.60 | $17,280.00 |
| Barry Weinstein | $820 | 31.70 | $25,994.00 |
| Kevin Cifarelli | $450 | 4.40 | $1,980.00 |
| Kevin Cifarelli | $525 | 1.70 | $892.50 |
| Jeffery Schulman | $836 | 41.40 | $34,610.40 |
| **Totals** | | **104.80** | **$80,756.90** |

F. <u>Motion Practice</u>. Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 3.50 hours in the Motion Practice category for a total charge of $2,870.00, which includes but not limited to attending Zoom meetings with counsel and client to discuss hearing on pending motions, reviewing pleadings and filing notes to prepare for hearings, attending hearings via Zoom, reviewing pleadings regarding state court coverage action, and telephone conference with counsel regarding same.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Barry Weinstein | $820 | 3.50 | $2,870.00 |
| **Totals** | | **3.50** | **$2,870.00** |

G. <u>Recovery of Defense Costs</u>. Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 3.40 hours in the Recovery

of Defense Costs category for a total charge of $1,853.20, which includes but not limited to review defense counsel's invoices and preparation of correspondence to insurance carriers demanding reimbursement pursuant to duty to defend; review and preparation of correspondence with defense counsel regarding their invoices for submission to carriers; and review and analysis of invoices to track status of reimbursement.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Barry Weinstein | $675 | 0.80 | $540.00 |
| Kevin Cifarelli | $450 | 2.20 | $990.00 |
| Robyn Michaelson | $808 | 0.40 | $323.20 |
| **Totals** | | **3.40** | **$1,853.20** |

H. <u>Discovery</u>. Based on BR's use of task billing codes and its review of the billing statements before the Court, BR has spent approximately 22.20 hours in the Discovery category for a total charge of $11,990.40, which includes but not limited to correspondence and production of requested documents.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Barry Weinstein | $675 | 4.50 | $3,037.50 |
| Barry Weinstein | $820 | 0.50 | $410.00 |
| Kevin Cifarelli | $450 | 12.30 | $5,535.00 |
| Kevin Cifarelli | $525 | 3.50 | $1,837.50 |
| Jeffery Schulman | $836 | 1.40 | $1,170.40 |
| **Totals** | | **22.20** | **$11,990.40** |

V.

**RESPONSIBLE PERSONNEL**

The professionals assigned to this chapter 11 case who performed more than five (5) hours of service are as follows:

Barron L. Weinstein (BLW) is Of Counsel charged with the overall responsibility for this case. Mr. Weinstein's billing rate during the period covered by this Application was $675 and $820 per hour. Mr. Weinstein obtained his J.D. degree in 1975 from The University of California,

Hastings College of the Law.  He is a fellow in the American College of Coverage Counsel.  He also has been rated "AV Preeminent" by Martindale-Hubbell for 35 years and has been selected for inclusion in the Northern California Super Lawyers list in the field of insurance coverage each year since 2010.  In 2016, he was selected for the 2016 Super Lawyers' list of Top 100 Lawyers in Northern California for all areas of practice.  Other attorneys and paralegals, also specializing in complex insurance coverage disputes, are identified in BR's employment application at ECF. No. 776.

Jeffrey L. Schulman (JLS) is a partner who serves as special insurance counsel for the Debtor.  Mr. Schulman's billing rate during the period covered by this Application was $836 per hour.  Mr. Schulman obtained his J.D. degree from Brooklyn Law School.  Jeffrey is ranked in Chambers USA and recognized by *The Legal 500*. He was named a Northeast Trailblazer by *The American Lawyer* as an attorney that "moved the needle in the legal industry." He was also named a Litigation Trailblazer by *The National Law Journal*, which spotlights professionals who are agents of change in their respective practice areas. The editor wrote that Jeffrey's "representation of insureds set him apart as a leader in litigation."

Kevin L. Cifarelli (KLC) is an associate assisting Mr. Weinstein in performing all of the above-described services related to claims for coverage under the Debtor's insurance programs.  Mr. Cifarelli was formerly a litigation partner at the San Francisco firm Hinshaw & Culbertson retained by various insurance carriers to defend malpractice and other tort cases.  Mr. Cifarelli's billing rate during the period covered by this Application was $450 and $525 per hour.  Mr. Cifarelli obtained his J.D. degree in 1997 from Golden Gate University School of Law.

Brian S. Carolus (BSC) is a Certified Paralegal assisting Mr. Weinstein in reviewing, organizing and charting voluminous documentation regarding the claims against the Debtor and the Debtor's insurance policies and correspondence.  Mr. Carolus' billing rate during the period covered by this application was $340 per hour.  He obtained his Paralegal Certification at University of California, Los Angeles' Paralegal Training Program in 2015.

///

///

# VI.

# SUMMARY OF FEES AND EXPENSES

Detailed billing statements reflecting BR's time records and out of pocket expenses filed as *Exhibit A* to the Weinstein Dec. in support of this Application reflects total fees in the amount of $125,518.50 and expenses in the amount of $1,932.11 for a total of $127,450.61, incurred during the Application Period.

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Barry Weinstein | $675 | 34.50 | $23,287.50 |
| Barry Weinstein | $820 | 42.00 | $34,440.00 |
| Kevin Cifarelli | $450 | 42.10 | $18,945.00 |
| Kevin Cifarelli | $525 | 7.10 | $3,727.50 |
| Jeffery Schulman | $836 | 44.30 | $37,034.80 |
| Robyn Michaelson | $808 | 0.40 | $323.20 |
| Brian S. Carolus | $340 | 19.90 | $6,766.00 |
| Chuck Yeo | $255 | 3.90 | $994.50 |
| **Totals** | | **194.20** | **$125,518.50** |

BR has calculated a blended hourly rate of $646.34 by dividing the total fees billed by the total number of hours recorded.

The expenses incurred during the period covered by this Application are as follows:

| Category | Total |
|---|---|
| Document Management | $85.44 |
| Travel (Mediation) | $1,846.67 |
| **Total Expenses** | **$1,932.11** |

BR requests an order under Bankruptcy Code section 330 approving fees in this case of $125,518.50 and expenses in the amount of $1,932.11 for a total of $127,450.61 for the Application Period of October 1, 2024, through and including January 31, 2025, as reasonable and necessary for the administration of this case.

///

///

# VII.

# FACTORS TO CONSIDER

The order approving BR's employment authorizes compensation on a basis that would allow payment for services rendered on an hourly rate consistent with the Ninth Circuit decision in *In re Manoa Fin. Co.*, 853 F2d 687 (9th Cir. 1988), after notice to all interested parties. Consistent with the *Manoa* Decision, various factors were suggested by the Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), for consideration in awarding compensation in a bankruptcy case. Though not specifically required for approval under the lodestar or *Manoa* case, several of the *Johnson* factors have been specifically codified by the Bankruptcy Reform Act of 1994 and as such, these factors are discussed below:

      **(a)**    **Time and labor required (11 U.S.C. § 330(a)(3)(A))**: BR has utilized four (4) attorneys and two (2) legal assistant who have expended 194.20 in billable hours during the Application period. The blended hourly rate based on the billed hours is $646.34. This is a very reasonable rate for a case as complex and difficult as the present Case.

      Of note is the fees incurred by Committee insurance counsel in the Roman Catholic Bishop of Oakland case. In this case, Committee special insurance counsel Burns & Bair have according to the Third Interim Fee Application of Burns & Bair as Committee Special Insurance Counsel in the Oakland case (23-40523 at ECF 1403), fees for the period May 1 through August 31, 2024, totaled $354,208, with a billable hours total of 468.3, and a blended hourly rate of $756.37. While the Debtor submits the Oakland case may present different issues, these date points are relevant to the applications to approve professional fees in this matter.

      **(b)**    **Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D))**: This case involves many of the technical and complex problems faced by operating chapter 11 debtors in possession with operating businesses. This case, however, is unique in that it involves a non-profit religious institution with unique and complex issues. BR is particularly suited to handle this case because of its prior experience with the Debtor and its prior experience in the Roman Catholic Bishop of Stockton chapter 11 case.

///

(c) **Skill requisite to perform the services properly (11 U.S.C. § 330(a)(3)(D))**: BR is skilled in handling complex insurance issues involving abuse litigation and claims and has special experience and knowledge which enables BR to render services of benefit to the estate in an efficient manner. The attorneys who have contributed to this case have many years of combined experience in similarly complicated cases.

(d) **Customary fees (11 U.S.C. §§ 330(a)(3)(B and E))**: The rates charged by BR are BR's standard billing rates (attorneys $340-$836 per hour), which standard rates are the same rates (with a few exceptions for long term clients or specially negotiated limited engagement agreements) as generally used by BR with respect to its non-debtor/trustee clients. The rates also are similar to the normal charges for similar work performed by similarly experienced and skilled attorneys and legal assistants in the Northern District of California bankruptcy courts and based on information and belief are below rates in the Northern District of California bankruptcy courts. BR requests that the Court take judicial notice of the rates generally charged and approved in fee applications before this Court and other cases in the Northern District of California.

As further evidence of the reasonableness of BR's hourly rates, Committee special insurance counsel Burns & Bair's hourly rates for this matter are: $340 for paralegals, $550 for associates, and $900-$1,120 for partners. See also the hourly rates in the Roman Catholic Bishop of Oakland case noted in (a) above.

(e) **Amount of work involved and result obtained (11 U.S.C. § 330(a)(3)(D))**: As stated above, BR has expended 194.20 of billable hours on behalf of the Debtor during the Application Period performing the services described herein.

(f) **Experience, reputation, and ability of BR**: BR has many years' experience handling insurance issues and cases. BR also enjoys a reputation for quality work and integrity in the legal community and before this Court. Barron L. Weinstein in particular has significant experience in the Roman Catholic Bishop of Stockton chapter 11 case.

(g) **Professional relationship with the client**: Other than as disclosed in its application for approval of employment of BR, BR has no relationship with the U.S. Trustee, the Debtor, its officers and directors, or its creditors.

**(h)  Awards in similar cases (11 U.S.C. § 330(a)(3)(F))**:  The compensation sought by this Application is consistent with that authorized in similar cases.

In addition to the foregoing *Johnson* factors, section 330 also examines whether the services were:

**(i)  Necessary to the Administration of the Bankruptcy Case (11 U.S.C. § 330(a)(3)(C))**:  BR respectfully submits that essentially all of BR's services were necessary to the administration of this Case and in total have benefited the estate.  BR respectfully submits that as a whole its services were necessary and benefited the Estate.

## VIII.

## PAYMENTS RECEIVED TO DATE; AVAILABILITY OF FUNDS

This is BR's second interim fee motion.  With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, BR has not received any payments to date in this case from any source, other than the Debtor.

Pursuant to the Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis [ECF No. 212], BR has filed and served a fee notice for the months of October 2024 [ECF No. 915], November 2024 [ECF No. 951], December 2024 [ECF No 966] and January 2025 [ECF No. 1003].  No objections were received with respect to the October, November, and December notices, while the time for objections to the January fee notice has not yet expired.  BR has received payments from the Debtor, such that is has been paid 80% of fees and 100% of expenses with respect to the October, November and December fee notices.  No payments have yet been received for January 2025 as of the filing of this application.  BR has not held a retainer, thus the retainer balance as of January 31, 2025, was $0.00.

With respect to Bankruptcy Rule 2016(b), Blank Rome, LLP, has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between BR and any other

///

person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

## IX.

## CONCLUSION

Based on all of the above, BR respectfully requests that this Court enter an order granting the relief requested herein, and for such other and further relief as the Court deems necessary and proper.

Dated: March 6, 2025  BLANK ROME, LLP

By: /s/ Barry Weinstein
Barry Weinstein
Attorneys for The Roman
Catholic Archbishop of San Francisco

Dated: March 6, 2025  FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Jason E. Rios*
Paul J. Pascuzzi
Jason E. Rios
Thomas R. Phinney
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: March 6, 2025  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco