Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:      (916) 329-7435
Email:          ppascuzzi@ffwplaw.com
                jrios@ffwplaw.com
                tphinney@ffwplaw.com
                mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
Jeannie Kim, State Bar No. 270713
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
Email:          okatz@sheppardmullin.com
                amartin@sheppardmullin.com
                jekim@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop
of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>Date:     April 10, 2025<br>Time:    1:30 p.m.<br>Location:  Via ZoomGov<br>Judge:    Hon. Dennis Montali |

**THIRD INTERIM APPLICATION OF TRANSPERFECT LEGAL SOLUTIONS FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS LITIGATION AND E-DISCOVERY SUPPORT**

TransPerfect Document Management, Inc. and Chancery Staffing Solutions, LLC (dba TransPerfect Staffing Solutions), together known as TransPerfect Legal Solutions ("TransPerfect" or the "Applicant"), litigation support consulting and e-discovery support services provider for the debtor and debtor in possession, The Roman Catholic Archbishop of San Francisco, ("RCASF" or the "Debtor"), submits this application (the "Application") for interim allowance of fees and reimbursement of expenses for the four-month period of October 1, 2024, through and including January 31, 2025 (the "Application Period") as set forth in the Request for Relief below. In support of this Application, TransPerfect relies on this Application, the *Declaration of David Brill* ("Brill Dec.") filed in support of this Application, the *Declaration of Fr. Patrick Summerhays* ("Summerhays Dec.") in support of this Application, the pleadings and papers on file in this case, and on such other evidence and argument as may be submitted before or during the hearing on this Application.

## I.

## RELIEF REQUESTED

Through this Application, TransPerfect requests an Order:

1.      Approving on an interim basis TransPerfect's fees in the amount of $2,065.00 and reimbursement of expenses in the amount of $9,251.38 for a total of $11,316.38 incurred from October 1, 2024 through and including January 31, 2025.

2.      Authorizing payment to TransPerfect by the Debtor of the unpaid balance of the allowed fees and expenses; and

3.      For such other relief as the Court deems just and proper.

## II.

## BACKGROUND FACTS

On August 21, 2023, the Debtor filed a voluntary Chapter 11 Bankruptcy Petition ("Petition Date"). The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. On September 1, 2023, the Office of the

///

United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") [ECF No. 58].

A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Application are set forth in the *Declaration of Joseph J. Passarello in support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023, at ECF No. 14 ("Passarello Background Dec."), and the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and First Day Motions* filed on August 21, 2023 at ECF No. 15 ("Gaspari Dec.").

On February 12, 2024, the Court entered its order granting the Debtor's application to employ TransPerfect as provider of litigation support consulting and e-discovery support services, effective as of December 21, 2023 [ECF No. 468].

**III.**

**STATUS OF CASE**

To avoid unnecessary duplication, the case status is set forth in the *Fourth Interim Application of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP for Allowance of Fees and Reimbursement of Expenses as Counsel for Debtor in Possession* and incorporated herein by this reference.

**IV.**

**SERVICES RENDERED**

The services performed by TransPerfect in this case have been categorized into task billing categories. Detailed billing statements reflecting TransPerfect's time records and out of pocket expenses, including a summary of the aggregate and itemized hours and total compensation requested with respect to the professionals who provided compensable services are attached to the Brill Dec. as ***Exhibit A***. The billing statements are organized by task, and the content of the billings included in each task is generally explained in Paragraph 11 of the Brill Dec. and below.

TransPerfect has worked closely with the Debtor and attorneys from Sheppard Mullin, Richter & Hampton LLP ("Sheppard Mullin"), co-counsel to the Debtor, to respond fully and appropriately to the Committee's discovery requests.

Specifically, TransPerfect has worked with the Debtor and Sheppard Mullin to ensure appropriate and fulsome collection, and as appropriate hosting, of data; aided Sheppard Mullin attorneys with their respective review and analysis of the data collected; and provided e-discovery support related to production and export of appropriate and relevant documents to the Committee and Insurers. The Debtor has required these services to ensure the efficient administration of this Bankruptcy Case, including, but not limited to prompt responses to discovery requested by the Committee, the Insurers and other parties in interest, all in furtherance of preparation and participation in mediation and a prompt and consensual resolution of the Bankruptcy Case, if possible.

A listing of the billing task categories showing the number of professional hours expended and fees incurred under each billing task category is shown below:

| CATEGORY | HOURS | FEES |
|---|---|---|
| Correspondence | 6.70 | $1,172.50 |
| Coordinate Data/Data Load | 2.30 | $402.50 |
| Export and Finalize Production | 2.80 | $490.00 |
| **Totals** | **11.80** | **$2,065.00** |

A breakdown of the professionals who billed time and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Raymond Kim | $175 | 6.50 | $1,137.50 |
| Sam Yu | $175 | 0.50 | $87.50 |
| Christopher Chen | $175 | 0.50 | $87.50 |
| Emily Hong | $175 | 2.00 | $350.00 |
| Bhishma Desai | $175 | 2.30 | $402.50 |
| **Totals** | | **11.80** | **$2,065.00** |

///

///

///

The expenses incurred during the period covered by this Application are as follows:

| Category | Total |
|----------|-------|
| Monthly Storage | $3,864.00 |
| Monthly User Access | $1,125.00 |
| Digital Reef Hosting | $2,512.38 |
| Production | $1,750.00 |
| **Total Expenses** | **$9,251.38** |

### V.

### SUMMARY OF FEES AND EXPENSES

Detailed billing statements reflecting TransPerfect's time records and out of pocket expenses filed as *Exhibit A* to the Brill Dec. in support of this Application reflects total fees in the amount of $2,065.00 and expenses in the amount of $9,251.38 for a total of $11,316.38, incurred during the Application Period of October 1, 2024, through and including January 31, 2025. TransPerfect requests an order under Bankruptcy Code section 330 approving payment of these fees and expenses as reasonable and necessary for the administration of this case.

### VI.

### PAYMENTS RECEIVED TO DATE; AVAILABILITY OF FUNDS

With respect to the Bankruptcy Rule 2016(a) requirements for fee applications, TransPerfect has not received any payments to date in this case from any source, other than the Debtor. The Debtor did not provide TransPerfect with any retainer to cover the fees and expenses incurred by TransPerfect during the Application Period. Except as provided under the Compensation Procedures Order, TransPerfect has neither requested nor received any payments from the Debtor for the Application Period Services.

The Court approved on an interim basis TransPerfect's First Interim Fee Application in the amount of $19,249.32 [ECF No. 828]. The Court approved on an interim basis TransPerfect's Second Interim Fee Application in the amount of $48,297.13 [ECF No. 947]. The Debtor has paid TransPerfect for the approved fees and costs.

///

Pursuant to the *Order Establishing Procedures and Authorizing Payment of Professional Fees and Expenses on a Monthly Basis* [ECF No. 212], TransPerfect has filed and served fee notices for October 2024 [ECF No. 920], November 2024 [ECF No. 954], December 2024 [ECF No. 969] and January 2025 [ECF No. 1007]. No objections were received with respect to the October, November, and December notices, while the time for objections to the January fee notice has not yet expired. TransPerfect has received payments in the amount of $6,917.02 from the Debtor, such that it has been paid 80% of fees and 100% of expenses with respect to the October, November and December fee notices. TransPerfect has not received payments for January 2025. The unpaid 20% holdback together with the January 2025 fees and costs total $4,399.36. The retainer balance as of January 31, 2025, was $0.00.

With respect to Bankruptcy Rule 2016(b), TransPerfect has not entered into any agreement, express or implied, with any other party-in-interest, including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between TransPerfect and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

///
///
///
///
///
///
///
///
///
///
///

**IX.**

**CONCLUSION**

Based on all of the above, TransPerfect respectfully requests that this Court enter an order granting the relief requested herein, and for such other and further relief as the Court deems necessary and proper.

Dated: March 5, 2025          TRANSPERFECT LEGAL SOLUTIONS

By: _David Brill_____
        David Brill
        Director

Dated: March 6, 2025          FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: _/s/ Jason E. Rios_____
        Paul J. Pascuzzi
        Jason E. Rios
        Thomas R. Phinney
        Mikayla E. Kutsuris
        Attorneys for The Roman Catholic
        Archbishop of San Francisco

Dated: March 6, 2025          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _/s/ Ori Katz_____
        Ori Katz
        Alan H. Martin
        Attorneys for The Roman Catholic
        Archbishop of San Francisco