Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:    (916) 329-7400
Facsimile:    (916) 329-7435
Email:        ppascuzzi@ffwplaw.com
              jrios@ffwplaw.com
              tphinney@ffwplaw.com
              mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:        okatz@sheppardmullin.com
              amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop
of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**OBJECTION TO MOTION TO ENLARGE THE CLAIMS BAR DATE TO ACCEPT A LATE FILED PROOF OF CLAIM**<br>**[ECF No. 1036]**<br><br>Date:      April 10, 2025<br>Time:     1:30 p.m.<br>Location:  via Zoom<br>Judge:    Hon. Dennis Montali |

1

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession ("Debtor" or "RCASF"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), respectfully objects to the *Motion by Daniel Eichhorn to Enlarge the Claims Bar Date to Accept a Late Filed Proof of Claim* filed at ECF No. 1036 (the "Motion") and states as follows:

## I. INTRODUCTION

While the Debtor is sympathetic to Movant's circumstances, the Bankruptcy Code and the case law set a high bar for allowing late filed claims. In the instant matter, there is no assertion that the Movant was unaware of the February 20, 2024, Bar Date (the "Bar Date") or the Bankruptcy Case. Nor is there an assertion that the Movant was unaware that he had a claim against the Debtor. Rather, the Movant maintains that he was unable to actively engage with the Bankruptcy Case until after the Bar Date. Nor was there an argument or any evidence provided explaining the delay from the Bar Date to March of 2025 (approximately a year-long period). Moreover, as shown in the table below: (a) the year-long delay in this case is exceedingly long and disproportionate compared to the other cases cited by the Movant in its Motion, the other late claims filed in this Bankruptcy Case, and the late claims filed in the *Roman Catholic Bishop of Santa Rosa* and *Roman Catholic Bishop of Oakland* bankruptcy cases; and (b) unlike the above-referenced late claims, the Movant here has not shown that the reason for delay was attributed to: (i) confusion about the connection of his claim to the Debtor; or (ii) confusion about the relevant deadline or; (iii) an interference with the notice process; or (iv) an administrative error.

Notably, other claimants in this case were able to file their claims before the Bar Date while likely facing similar difficulties as the Claimant. In this case, the Debtor has been extremely accommodating with respect to late claims. In the past, when motions have been filed requesting that late filed claims be deemed "timely," the Debtor has reviewed the circumstances and chosen not to oppose late claim motions. [*See* ECF No. 779 and 802 (error by claimant's counsel); *see also* ECF No. 784, 741, and 742 (inadvertent administrative error by the office of claimant's counsel); *see also* ECF No. 767, 771, and 803 (declaration that claimant not aware of the bankruptcy filing or bar date and claimant was unaware of the connection of his claim to the Debtor)]. Nevertheless, the Debtor must balance its efforts to address all claims through mediation

against the fact that: (a) other victims were able to file timely proofs of claim and are prejudiced by the acceptance of late claims; and (b) its efforts to achieve finality through a consensual plan of reorganization.

## II. BACKGROUND

1. On August 21, 2023 (the "Petition Date"), the RCASF commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. [ECF No. 1]. The Debtor remains in possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Official Committee of Unsecured Creditors (the "Committee") was appointed on September 1, 2023 [ECF No. 58].

3. On November 21, 2023, the court entered its Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice [ECF No. 337] ("Bar Date Order"). The Bar Date Order set February 20, 2024, as the deadline to file proofs of claim. The Bar Date Order approved an extensive notice and publication process in order to assure adequate notice to known and unknown claimants, including extensive mailings, online noticing and numerous local and national newspapers. No party appealed the Bar Date Order and the Bar Date Order is final.

4. As described in the Statement of Compliance with Noticing Provisions of Bar Date Order [ECF No. 587] ("Statement of Compliance"), the Debtor has fully complied with Form and Manner of Notice provisions of the Bar Date Order. In addition, as described in the Statement of Compliance, the Debtor also has undertaken additional noticing measures, including substantial publication in newspapers of general circulation in national and local markets, a press release of the bankruptcy filing to over 9000 news organizations, and social media postings. See Declaration of Peter Marlow at [ECF No. 587-1].

5. Since the Bar Date Order, the Committee, counsel for hundreds of sexual abuse claimants, the Debtor, and the Debtor's insurers have engaged in mediation. That mediation is predicated on the claims filed against the Debtor and the insurance analysis related to the filed claims.

6. Based on the Debtor's review, no lawsuit was filed by the Movant prior to the close of the AB 218 window.

## III. DISCUSSION

### A. The Pioneer Excusable Neglect Analysis

Bankruptcy Rule 9006(b)(1) provides that, the court for cause shown, may at any time, on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. *See* Fed. R. Bankr. P. 9006.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court provided that the "excusable neglect" standard for Rule 9006(b)(1) governs late filings of proofs of claim in chapter 11 cases. *Id.* at 389. The determination of what sorts of neglect will be considered "excusable", "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Under *Pioneer*, in considering whether the moving party has shown excusable neglect, the court considers: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* The factors are not exclusive, but rather, "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). "No one factor is more important than the other, and the weighing of the equitable Pioneer factors is left to the discretion of the [] court." *See United States v. Close*, 2021 U.S. Dist. LEXIS 105332, 13 (Dist. Idaho 2021); *see also Pincay v. Andrews*, 389 F.3d, 853, 860-61 (9th Cir. 2004) (en banc) (Berzon, J., concurring). As this Court has recognized, claimants who file late proofs of claim bear "the burden of presenting facts demonstrating excusable neglect." *In re Pacific Gas & Elec. Co.*, 311 B.R. 84, 89 (2004) (citing *Key Bar Invs., Inc. v. Cahn* (*In re Cahn*), 188 B.R. 627 (9th Cir. BAP 1995)). For the reasons set forth herein, Movant has failed to carry his burden to show that his neglect was excusable.

///

///

### i. Prejudice to the Debtor

Movant maintains that there is negligible prejudice because a reorganization plan and disclosure statement has not been filed. [Motion, P. 6, lines 1-2]. However, if the Movant's claim were treated as timely, the ongoing, protracted and multilateral mediation process certainly would be impacted. Indeed, the Committee, the Debtor, and the Debtor's insurers have been engaged in mediation preparations and sessions based on the claims filed as of the Bar Date. Those preparations include a detailed analysis of the filed claims, and a complex analysis and process of assessing insurance coverage. The parties have invested enormous amounts of time and energy over the life of this Bankruptcy Case, and mediation efforts have been predicated on the claims filed against the Debtor. Additionally, the risk of even more belated additional claims being filed if the Movant's claim were permitted would also seriously impede the continued, efficient processing of the bankruptcy proceeding. As recognized by *In re Nat'l Steel Corp.*, 316 B.R. 510, 519 (Bankr. N.D. Ill. 2004), "[p]rejudice from a late-filed claim is greater when the creditor's delay extends into the period in which the plan of reorganization is being 'negotiated, drafted, filed or confirmed.'"

### ii. Length of Delay and Its Potential Impact on Judicial Proceedings

Movant argues that the length of delay in the filing of his claim and its impact on the ongoing bankruptcy court proceedings are negligible. [Motion, P. 6, line 4]. However, if a claim filed over a year after the Bar Date were permitted under the facts of Movant's case, the door would be opened to an undeterminable number of potential claimants who could make a similar argument. According to the Motion, Movant recognized the abuse when he became an adult more than 40 years ago, there is no evidence Movant was unaware of the Bankruptcy Case or the Bar Date, and no detailed information or explanation for the year-long period after the Bar Date before filing the Motion. Furthermore, as set forth in the table below, the year-long delay in this case is exceedingly long and disproportionate compared to the other cases cited by the Movant in its Motion, the other late claims allowed as timely in this Bankruptcy Case, and the late claims allowed as timely in the *Roman Catholic Bishop of Santa Rosa* and the *Roman Catholic Bishop of Oakland* bankruptcy cases.

### iii. Reason for Delay

As set forth below, the cases cited by the Movant in its Motion, and the late filed claims in the *Roman Catholic Bishop of Santa Rosa* and *Roman Catholic Bishop of Oakland* cases, and in the instant case, are distinguishable from this one given the facts charted below:

| Case | Reason for Delay | Length of Delay | Disposition |
|---|---|---|---|
| *In re Roman Catholic Archbishop of San Francisco*, ECF No. 740 | Evidence submitted that the delay was attributed to an administrative error in the filing made by the law firm, Winer, Burritt & Scott, LLP. | Filed proof of claim **16 days** after the Bar Date. | Granted. |
| *In re Roman Catholic Archbishop of San Francisco*, ECF No. 766. | The delay was attributed to the trauma that the claimant experienced, and the shame and fear of consequences that might result from disclosure. Additionally, evidence submitted that the claimant was unaware of the connection of his claim to the Debtor and the Bankruptcy Case or the Bar Date. | Filed proof of claim approximately **4 months** after the Bar Date. | Granted. |
| *In re Roman Catholic Archbishop of San Francisco*, ECF No. 779 | The reason for the delay was a failure by counsel for the claimant to docket and monitor the claimant's matter. Evidence submitted that claimant unaware of the bankruptcy proceeding or the existence of or significance of the Bar Date before May of 2024. | Filed Motion to Allow Late Filed Proof of Claim approximately **5 months** after the Bar Date. | Granted. |
| *In re Roman Catholic Bishop of Santa Rosa*, ECF No. 790 | Evidence submitted that claimant was unaware of any legal claim he might bring against the Debtor in that case, was unaware of the Chapter 11 proceeding in that case, or the existence or significance of the Bar Date before learning of all the matters in the time following January of 2024. Evidence submitted that claimant had never disclosed his abuse to anyone, nor had he addressed its impacts in the context of the therapy by the Bar Date. Evidence submitted that the claimant did not receive actual notice from any source before the Bar Date. | Filed Motion to Accept a Late Filed Proof of Claim approximately **11 months** after the Bar Date. | Granted. |

///

///

| Case | Reason for Delay | Timing | Outcome |
|---|---|---|---|
| *In re The Roman Catholic Bishop of Oakland*, ECF No. 1081 | The delay was attributed to an administrative error by the claimant's counsel. | Claim filed less than **4 months** after the Bar Date. | Granted. |
| *In re The Roman Catholic Bishop of Oakland*, ECF No. 607. | The reason for the delay was attributed to an administrative error made by the claimants' counsel. Evidence submitted that the claims deadline had not been calendared, and the associate attorney failed to file or direct the legal assistant to file the claims, although such claims had been finalized and ready for filing. | Claims filed within **1 Day** after the Bar Date. | Granted. |
| *In re Broadmoor Country Club Apartment*, 158 B.R. 146 (Bankr. W.D. Mo. 1993) | Untimely filing was due to circumstances within the reasonable control of Claimant's counsel. | Filed 3 Proofs of Claim **8 days** after the Bar Date. | Granting the request for enlargement of time when *only* the third factor weighed against the enlargement of time. |
| *In re Roman Catholic Diocese of Syracuse, New York*, 638 B.R. 33 (Bankr. N.D.N.Y. 2022) | The court found that the claim was filed late due to confusion on the part of the claimant—a factor that was not "within the[ir] reasonable control." In this case, the bar date for claims in the bankruptcy proceeding had been set at four months earlier than the deadline to file state law claims under the CVA; and while the *Syracuse* claimant filed their claim after the bankruptcy bar date, they filed a state court lawsuit before the CVA window expired, on the "mistaken belief that the CVA deadline governed his/her claim" in the bankruptcy court—an explanation that the *Syracuse* court found "plausible given the widespread publication of that date and the legal action taken within that time limit." | Movant's Claim was filed **4 Months** after the Bar Date. | Concluding that the Movant satisfied his/her burden and demonstrated "excusable neglect." |
| *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 | The claimant's counsel was experiencing an upheaval in his law practice at the time of the bar date and the notice of the bar date contained a "dramatic ambiguity". The Court dismissed the first excuse as carrying "little weight," but found the second one compelling. The Court concluded that the "unusual | Filed proofs of claim and motion **20 days** after the Bar Date. | Affirming the judgment of the Court of Appeals allowing the late claim. |

| | | | |
|---|---|---|---|
| (1993) | form of notice employed in this case require[d] a finding that the neglect of respondents' counsel was, under all the circumstances, 'excusable.'" | | |

In this case, Movant maintains that his ability to engage with the case "[d]uring and around the Bar Date" was "affected" and that he was "unable to actively engage with the case until after the Court's publication of the Bar Date Order and the passing of the Bar Date" due to the circumstances described in the Motion. However, the Movant does not explain nor provide any detailed information as to **when** he was able to actively engage with the case, other than it did not happen until after this Court's publication of the Bar Date Order and the passing of the Bar Date. Since Movant became able to actively engage with the case after the passing of the Bar Date, a sufficient justification for the approximate year long delay has not been made. *See* Declaration of Mary Alexander (stating that, "It was not until after February 20, 2024, that Movant told me he decided to file a claim against the Debtor"). Additionally, if Movant's ability to engage with the case during and around the Bar Date was merely *affected*, this suggests that Movant could have taken some action to protect his rights during this period. Moreover, unlike the late filed claims referenced above, the Movant here has not shown the reason for delay was attributed to: (a) confusion about the connection of his claim against the Debtor; or (b) confusion about the relevant deadline; or (c) an interference with the notice process; or (d) an administrative error.

### iv. Good Faith

The last factor is whether the Movant acted in good faith. Absent sufficient information from the Movant, the Debtor and likewise the Court is unable to assess whether this factor is met.

## IV. RESERVATION OF RIGHTS

If the Court grants the Motion, the Debtor reserves all rights with respect to the Movant's claim and requests inclusion of language specifying the same in the order granting the Motion as follows:

///

///

Case: 23-30564    Doc# 1109    Filed: 03/27/25    Entered: 03/27/25 14:18:50    Page 8 of 9

Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to the claim of Movant and to the alleged claim of Movant, on any grounds, except for the timeliness of the filing of Movant's claim, pursuant to Federal Rule of Bankruptcy Procedure 3007 or any other applicable law, or any procedure approved by the Bankruptcy Court with respect to the same. All parties' rights and defenses with respect to any objection to Movant's claim are expressly reserved, including without limitation any time-bar or statute of limitations defenses (other than timeliness of the filing of Movant's claim). Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to *other* claims not filed prior to the February 20, 2024, Bar Date, for which a corresponding motion to allow late-filed claim(s) is pending or has not yet been filed, on any grounds. All parties' rights and defenses with respect to *other* claims not timely filed by the February 20, 2024, Bar Date are expressly reserved, including without limitation any time-bar or statute of limitations defenses (including the timeliness of the filing of the *other* claims).

Similar language was included in the prior orders allowing late claims in this case. *See* ECF Nos. 774, 792, and 833.

## V. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court deny the Motion. In the alternative, the Debtor requests that the order contain reservation of rights language.

Dated: March 27, 2025

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Paul J. Pascuzzi*
Paul J. Pascuzzi
Jason E. Rios
Thomas R. Phinney
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: March 27, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco