Jennifer R. Liakos (SBN 207487)
jenn@jennliakoslaw.com
Kaelyn E. Urrea (SBN 351091)
kaelyn@jennliakoslaw.com
LIAKOS LAW, APC
955 Deep Valley Drive, Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066

*Attorneys for Movant LL John Doe JU*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor In Possession, | **MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**<br><br>Date: May 8, 2025<br>Time: 1:30 p.m.<br>Location: Remotely Via Zoom<br>Honorable Dennis Montali |

## INTRODUCTION

This Motion is brought on behalf of Movant LL John Doe JU who is represented by the law firm of Liakos Law, APC, seeking an order to enlarge the claims bar date to allow the filing of a late proof of claim based upon excusable neglect under the provisions of Federal Rule of Bankruptcy Procedure 9006(b)(1). This Motion is based on this Motion and Points and Authorities set forth herein, the Declaration of Jennifer R. Liakos In Support of the Motion and the Notice of Motion filed herewith, and evidence and documentary evidence presented at the time of the hearing. Similarly, Movant requests that the Court take judicial notice of pleadings filed in this case, where are referred to herein by their docket numbers.

## THE MOVANT

Movant LL John Doe JU[1] ("Movant") is a 64-year-old male who asserts a claim for childhood sexual abuse against the Roman Catholic Archbishop of San Francisco (hereafter "Debtor") and other non-Debtor Catholic entities.

## STATEMENT OF FACTS

1. Movant is represented by Liakos Law APC, which is a litigation firm located in Palos Verdes Peninsula, California. Liakos Law APC which handles a multitude of sexual abuse cases, including Catholic clergy sexual abuse claims. Declaration of Jennifer R. Liakos ("Liakos Decl.") ¶ 1. Jennifer Liakos is the founder and managing partner of Liakos Law, APC and is responsible for overseeing the firm's sexual abuse practice, including the clergy sexual abuse cases. *Id.* at 1-2.

2. Movant filed a Master Complaint for Damages on December 12, 2022 and an Amended Master Complaint for Damages on May 23, 2023, in Alameda Superior Court in California, Case No. 22CV023613. Liakos Decl. ¶ 3. The Roman Catholic Archbishop of San Francisco was served, and on July 6, 2023, Honorable Evelio Grillo signed the Order Granting

---

[1] Movant is identified using a "LL John Doe JU" pseudonym given the sensitive nature of the allegations. Movant will provide Debtor counsel, Committee counsel, and insurance counsel for the Debtor with Movant's identity. Likewise, Debtor counsel, Committee counsel, and insurance counsel have access to Movant's identity in the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs, which included abuse claimants, including Movant. Dkt. 152 at 78.

Stipulation to add the case on to the Judicial Council Coordination Proceedings ("JCCP") 5108 coordinated proceeding. Liakos Decl. ¶ 4.

3. Liakos Law utilized the case management software Filevine to manage cases, including Movant's case. Liakos Decl. ¶ 5. Filevine permitted users to add the identity of defendants to each case and search all cases by specific defendants. *Id*. While the Debtor was one of the defendants in Movant's case, Liakos Law incorrectly entered the defendant's name into Filevine. *Id*.

4. The Debtor filed a voluntary chapter 11 Bankruptcy Petition on August 21, 2023. Dkt. No. 1. On September 21, 2023, the Debtor filed its Statement of Methodology Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs, which included the Debtor's Schedules of Assets and Liabilities including abuse claimants as an exhibit. Dkt. 152. Movant is listed on the eighteenth row of the schedule. *Id*. at 78; Liakos Decl. ¶ 6.

5. The claims bar date for the Debtor was February 20, 2024. Dkt. No. 350.

6. Prior to the claims bar date, Liakos Law utilized Filevine to track, prepare and file proof of claims in the bankruptcy. Liakos Decl. ¶ 5. When Liakos Law sorted cases to list only cases involving the Debtor, Movant's case did not show up as a result of Liakos Law's neglect in incorrectly categorizing the defendant in Filevine. *Id*. Therefore, Movant's proof of claim was not filed. *Id*.

7. Liakos Law prepared and filed additional proof of claims for the remaining Liakos Law clients with cases involving the Debtor. *Id*.

8. On March 8, 2025, Plaintiff Liaison Counsel for the JCCP 5108 coordinated proceeding in state court, Rick Simons, reached out to counsel for Movant LL John Doe JU related to the JCCP 5108 coordinated proceeding. Liakos Decl. ¶ 7. In his email, Mr. Simons sought clarification regarding the defendant in Movant's case in Alameda Superior Court Case No. 22CV023613. *Id*.

9. On March 18, 2025, Liakos Law discovered that the defendant in Movant's case was incorrectly listed in Filevine. Liakos Decl. *Id*. Upon further investigation, Liakos Law realized that due to Liakos Law's negligence, Liakos Law did not file a proof of claim for Movant. *Id*.

10. On March 18, 2025, Liakos Law contacted bankruptcy counsel for the Committee of Unsecured Creditors, Brittany Michael, to alert her of this issue. Liakos Decl. ¶ 10.

## LEGAL ARGUMENT

Pursuant to Federal Bankruptcy Procedure 3003(c)(3), "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Federal Rule of Bankruptcy Procedure Rule 9006(b)(1) permits a bankruptcy court to permit late file proofs of claim if the failure to comply with a deadline was the result of excusable neglect. A bankruptcy court has sound discretion to determine whether to extend a claims bar date. *In re Dix*, 95 B.R. 134, 136 (B.A.P. 9th Cir. 1988). When determining whether extension of the claims bar date is appropriate to allow a late filed claim, a court should consider several factors when determining whether excusable neglect can permit late filed proof of claims including: (1) whether granting the extension will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993). Likewise, the court should consider, when determining whether to extend the bar date to include a late filed claim, whether the failure "resulted from negligence, indifference or culpable conduct on the part of a moving creditor or its counsel." *Id*. When appropriate, courts are permitted to accept late filed claims caused by inadvertence, mistake, or carelessness. *Id*. at 388. Neglect encompasses "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. The determination as to whether neglect is considered excusable is determined by considering all relevant circumstances. *Id*. at 395. The court should examine the circumstances in their totality instead of a single circumstance, regardless of if that single circumstance compels a result when considered separately. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n. 2 (9th Cir. 1997). A court does not abuse its discretion in finding excusable neglect after a law firm missed a filing deadline as a result of paralegal error. *In re Zilog, Inc.*, 450 F.3d 996, 1006 (9th Cir. 2006).

Each of the following factors outlined by the Supreme Court's holding in *Pioneer* support the argument that Movant should be permitted to file a late proof of claim.

A. No Prejudice to the Debtor

Prejudice requires legal detriment to the opposing party, meaning that there must be an actual or legal problem that would result in an adverse impact. *In re JSJF Corp.*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006). The mere possibility that a party will suffer prejudice as a result is insufficient. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

The Debtor will not be prejudiced should this Court permit Movant to file a late proof of claim. Indeed, the Debtor's recently filed Status Conference Statement confirms that no plan of reorganization has been filed, the Debtor and the Committee have entered into an agreement that the parties will not unilaterally file or solicit a plan of reorganization for the next six months, and that mediation "is at its beginning stages". Dkt. No. 1080 at 6. It is unlikely that the Debtor will be able to articulate any prejudice that would impact mediation at the infancy stage or any prejudice that would impact an undetermined plan of reorganization, thus confirming that the Debtor will not suffer prejudice—a legal detriment—should this Court allow Movant to file a claim.

Moreover, the Debtor has been aware of the state court claim timely brought by Movant, which was served on the Debtor via Notice and Acknowledgement of Receipt on June 9, 2023. Liakos Decl. ¶ 4. Likewise, Movant's claim is listed in the Debtor's bankruptcy schedule. Dkt. 152 at 78. Thus, this *Pioneer* factor weighs in favor of allowing the claim.

B. Length of Delay and Impact on the Court's Administration

Movant's late claim will not interfere with or impact the Court's administration of the chapter 11 case. The Debtor filed a voluntary chapter 11 Bankruptcy Petition on August 21, 2023. Dkt. No. 1. The claims bar date was February 20, 2024. Dkt. No. 350. Movant's counsel first discovered that Movant's proof of claim had not been filed approximately 13 months after the claims bar date and filed the instant Motion shortly after learning that a claim was not filed for Movant. *See* Liakos Decl. ¶ 7.

As established herein, not only has the Debtor not yet filed their reorganization plan (nor does the Debtor intend to file a plan within the next six months), but the Debtor has acknowledged that mediation is in the early stages. Dkt. No. 1080 at 3. A single claim filed before any substantial progress in mediation, or a filing of a reorganization plan will not impede Court administration, nor

4

MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM

will it result in any delay. Therefore, the second *Pioneer* factor also weighs in favor of permitting Movant's claim.

C. Reason for Delay

The Ninth Circuit has previously applied the Supreme Court's excusable neglect standard to address whether the errors and omissions made by a party's counsel and paralegal are considered excusable neglect. *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). The Ninth Circuit's holding in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) is apropos. In *Pincay v. Andrews*, a paralegal misread and incorrectly calendared the deadline to file a notice of appeal past the 30-day time period. *Id*. at 855. The Ninth Circuit upheld the district court's holding permitting the late filing of the appeal, affirming that in the context of *Pioneer*, there should "be no rigid legal rule against late filings attributable to any particular type of negligence" and that the court may not apply *per se* rules. *Id*. at 860. While the Ninth Circuit held that both the lawyer and the paralegal were negligent and the mistake was egregious, that was just the beginning of the inquiry as to whether their negligence was excusable, not the end of it. *Id*. at 859-60. The Ninth Circuit held that there was no abuse of discretion when the district court found excusable neglect after finding that there was no prejudice, the length of the delay was small, carelessness was the reason for the delay, and there was no evidence of bad faith. *Id*. at 855-56.

Movant's counsel did not intentionally and freely ignore the claims bar date. Instead, the neglect was the result of Movant's counsel's failure to properly add the correct defendant's name into the case management system. It was the result of Movant counsel's mistake. However, as explained in *Pincay*, the Ninth Circuit has applied the flexible approach in *Pioneer* to maintain that examination of "all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors." *Pincay v. Andrews,* 389 F.3d 853, 856 (9th Cir. 2004) (quoting *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 n. 2 (9th Cir.1997)). Thus, Movant's counsel's negligence should not be grounds for denying Movant's late claim but rather should be weighed and considered with the other *Pioneer* factors.

D. Whether the Creditor Acted in Good Faith

As established herein, the failure to file a claim lies with Movant's counsel, not Movant.

MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM

5

Movant was simply relying upon his counsel to file the proof of claim and was unaware of Movant counsel's failure to file a claim. However, as articulated herein, Movant timely filed and served his state court claim on the Debtor and is listed on the Debtor's schedule. Dkt. No. 152 at 78. Thus, there is no indication that Movant has not acted in good faith, nor is there any showing that Movant flagrantly ignored the bar date and is now attempting to use Bankruptcy Rule 9006(b)(1) as a "permissive reprieve." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

Movant's situation is akin to *Pincay*, and the *Pioneer* factors, when balanced and considered in their totality, support a finding that Movant should be permitted to file a claim. The Debtor cannot claim prejudice given that no plan of reorganization has been filed, and mediation is in its infancy stage by the Debtor's own admissions. Similarly, the length in delay is minor and given the somewhat early juncture of the bankruptcy, allowing Movant's claim would not have any adverse impact on the court's administration. Moreover, the delay was because of Movant's counsel's failure to correctly enter defendant's name in case management software, and did not stem from Movant's actions or inactions. Finally, there is no indication that Movant did not act in good faith.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests this Court issue an order to enlarge the claims bar date so that Movant may submit a confidential proof of claim that this Court will deem timely filed in accordance with the Court's order.

DATED: April 1, 2025      **LIAKOS LAW, APC**

Jennifer R. Liakos
*Attorney for Movant*