Jennifer R. Liakos (SBN 207487)
*jenn@jennliakoslaw.com*
Kaelyn E. Urrea (SBN 351091)
*kaelyn@jennliakoslaw.com*
LIAKOS LAW, APC
955 Deep Valley Drive, Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066

*Attorneys for Movant LL John Doe JU*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor In Possession, | **DECLARATION OF JENNIFER R. LIAKOS, ESQ. IN SUPPORT OF MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM** |
| | Date: May 8, 2025<br>Time: 1:30 p.m.<br>Location: Remotely Via Zoom<br>Judge: Hon. Dennis Montali |

## DECLARATION OF JENNIFER R. LIAKOS, ESQ.

I, Jennifer R. Liakos, declare as follows:

1. I am the founding and managing partner at Liakos Law, APC, counsel of record for Movant LL John Doe JU ("Movant") in this action. Liakos Law, APC, primarily handles cases involving childhood sexual abuse. I am licensed to practice law in the Courts of the State of California. My firm is counsel of record for Movant LL John Doe JU, as well as other claimants in the above-captioned Chapter 11 bankruptcy action. I am an adult California resident, competent to testify, and if called as a witness, my testimony under oath would be as follows.

2. I am generally familiar with the Chapter 11 case filed by the Roman Catholic Archbishop of San Francisco (hereafter "Debtor").

3. Attached hereto as **Exhibit 1** is a true and correct copy of Movant's Amended Master Complaint for Damages in Case No. 22CV023613, filed in Alameda Superior Court in California on May 23, 2023.

4. Attached hereto as **Exhibit 2** are true and correct copies of the Notice and Acknowledgement of Receipt and the Judge Evelio Grillo's Order adding Movant's state court case on to the Judicial Council Coordination Proceedings ("JCCP") 5108.

5. My firm uses the case management software Filevine to organize, manage, and maintain the firm's cases, including Movant's case. A feature of FileVine includes the ability to assign defendants to cases and search by specific defendants. In this case, the name was incorrectly entered into Filevine, and thus did not show up when searching for cases in which the Debtor was a defendant. As a result of this mistake, my firm did not file a proof of claim for Movant. My firm filed proof of claims in other cases involving the Debtor.

6. Given that Movant's counsel only had access to the filed redacted version of the Debtor's Statement of Methodology Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (Dkt. No. 152), Movant's counsel reached out to Brittany Michael, bankruptcy counsel for the Committee of Unsecured Creditors, and on March 27, 2025, Ms. Michael confirmed that LL John Doe JU is listed on the Debtor's bankruptcy schedule.

7. On March 8, 2025, Rick Simons (Plaintiff Liaison Counsel in the state court JCCP 5108

proceedings) emailed me regarding clarification of the defendant in Movant's state court case. I then discovered that the defendant was incorrectly listed in Filevine in Movant's case, and realized that my firm did not file a proof of claim for Movant.

8.   I have reviewed the docket for this case, and to date, the Debtor has not filed any proposed Plan of Reorganization.

9.   Mediation is currently ongoing but is subject to mediation privilege and discussions remain confidential. However, the Debtor has recently advised the Court that mediation "is at its beginning stages" Attached as **Exhibit 3** is a true and correct copy of the Debtor's Status Conference Statement For March 13, 2025, Status Conference.

10. My firm reached out to Brittany Michael, bankruptcy counsel for the Committee of Unsecured Creditors to let her know that my firm would need to file an order to enlarge the claims bar date to file Movant's claim.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 1st day of April, 2025, at Galápagos Islands, Ecuador.

Jennifer R. Liakos

2

**DECLARATION OF JENNIFER R. LIAKOS, ESQ. IN SUPPORT OF MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**

# Exhibit 1

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda

05/23/2023

Chad Finke, Executive Officer / Clerk of the Court

By: _____ L. Irvin _____ Deputy

JENNIFER R. LIAKOS, ESQ. (SBN #207487)
LIAKOS LAW, APC
955 Deep Valley Drive
Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066
Jenn@JennLiakosLaw.com

Attorney for Plaintiff LL John Doe JU

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| LL JOHN DOE JU, individually,<br><br>          Plaintiff,<br><br>v.<br><br>DEFENDANT DOE ARCHDIOCESE;<br>DEFENDANT DOE PARISH and<br>DEFENDANT DOE SCHOOL (collectively<br>referred to herein as "DEFENDANT DOE<br>PARISH"), DEFENDANT DOES 1 through<br>500, inclusive,<br><br>          Defendants.<br><br>―――――――――――――――<br><br>NORTHERN CALIFORNIA CLERGY<br>CASES | Case No.:  22CV023613<br>JCCP        5108<br><br>Judge:        Hon. Evelio Grillo<br>               Coordination Trial Judge<br>Department:  21<br><br>*AMENDED* **MASTER COMPLAINT FOR<br>DAMAGES FOR:**<br><br>**(1) INTENTIONAL INFLICTION OF<br>     EMOTIONAL DISTRESS;**<br>**(2) HUMAN TRAFFICKING (*CIVIL<br>     CODE* §52.5)**<br>**(3) NEGLIGENCE;**<br>**(4) NEGLIGENT SUPERVISION;**<br>**(5) NEGLIGENT RETENTION/HIRING;**<br>**(6) NEGLIGENT FAILURE TO WARN,<br>     TRAIN OR EDUCATE;**<br>**(7) BREACH OF FIDUCIARY DUTY;**<br>**(8) CONSTRUCTIVE FRAUD (*CIVIL<br>     CODE* §1573);**<br>**(9) SEXUAL HARASSMENT (*CIVIL<br>     CODE* §51.9);**<br>**(10) FRAUDULENT TRANSFER (*CIVIL<br>      CODE* §3439, *ET SEQ.*) ;**<br>**(11) SEXUAL BATTERY (*CIVIL CODE* §<br>      1708.5 ;**<br>**(12) SEXUAL ASSAULT**<br>**(13) GENDER VIOLENCE**<br>**(14) VIOLATION OF *PENAL CODE*<br>      §288(A) ;**<br>**(15) VIOLATION OF *PENAL CODE*<br>      §647.6(A) ;**<br>**(16) VIOLATION OF *PENAL CODE*<br>      §265.**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMES NOW**, the Plaintiffs who hereby complain and allege against Defendants DOE ARCHDIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500, inclusive ("Defendants"), as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

1. The Plaintiffs, survivors of childhood sexual abuse, bring this action to hold the religious institutions accountable that they and their family entrusted with their safety as minor children; institutions that harbored their perpetrators and failed to protect these minor children with whom the RELIGIOUS ENTITY DEFENDANTS stood *in loco parentis*. This case seeks to vindicate the rights of these survivors who unnecessarily suffered abuse at the hands of trusted religious leaders, to whom they were vulnerable and which they trusted. This Master Complaint has been created and will be adopted by each Plaintiff assigned to the Coordinated Proceeding, *Northern California Clergy Cases*, JCCP Case No. 5108. Hereinafter, the term "Plaintiff" will be utilized, and referring to each Plaintiff that provides an adoption form to this Master Complaint.

### THE PLAINTIFF

2. The Plaintiff is an adult individual, who is under the age of forty (40) years old. Therefore, the Plaintiff need not file Certificates of Merit, pursuant to *Code of Civil Procedure* §340.1(g) and is permitted to name the Defendants in this action by their true and correct names.

3. The Plaintiff is an adult individual, who is over the age of forty (40) years old. Therefore, the Plaintiff has filed a declaration from a mental healthcare practitioner, and an attorney declaration for each named defendant in this Action, pursuant to the requirements of *Code of Civil Procedure* §340.1. Moreover, each named defendant in this action shall be named as a "Doe" pursuant to the requirement of *Code of Civil Procedure* §340.1(n), until such time as a declaration of corroborative fact has been approved by the Court.

4. A declaration of corroborative fact has been filed in this matter and approved by a Court of competent jurisdiction. As such, the Plaintiff, who is over the age of forty (40) years of age, is permitted to name the Defendants by their true and correct names.

5. The Plaintiff is a minor, thus, the instant Complaint is brought by and through the Plaintiff's Guardian *ad litem*.

1  6. The Plaintiff is currently a resident of the State of California.

2  7. The Plaintiff was a resident of the State of California, during the time when the

3  childhood sexual abuse, harassment and/or assault occurred.

4  8. The childhood sexual abuse, harassment, and/or assault occurred within the State of

5  California, at least in part.

6  **<u>DEFENDANTS</u>**

7  **(Defendant, DOE ARCHDIOCESE)**

8  9. Defendant DOE ARCHDIOCESE is at all times mentioned herein was and is, a

9  corporation sole, having its principal place of business in the County of San Francisco, State of

10  California. Defendant DOE 1 purposely conducts substantial business activities in the State of

11  California, and was the primary entity owning, operating and controlling the activities and behavior

12  of its employees, agents, volunteers, and/or servants, including the DOE PERPETRATOR, as well

13  as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants.

14  10. The Plaintiff is informed and believes, and thereon alleges that Defendant DOE

15  ARCHDIOCESE was an entity that supervised priests, supervised children, and understood that

16  children would be in its programs, on its premises, and in the care, custody, and control of

17  Defendant DOE ARCHDIOCESE, including the Plaintiff when they were parishioners, and/or

18  participants in religious, recreational, athletic, and/or social activities, altar servers and/or students.

19  11. At all relevant times herein, DOE RELIGIOUS ORDER was required to obtain

20  permission from DOE ARCHDIOCESE, in order for its religious personnel to be assigned within

21  DOE ARCHDIOCESE, and to be in contact with minor children within those institutions. As such,

22  DOE ARCHDIOCESE had a duty to ensure that those DOE RELIGIOUS ORDER personnel were

23  safe to be around minor children and parishioners.

24  **(Defendant, DOE DIOCESE)**

25  12. Defendant DOE DIOCESE, at all times mentioned herein, was and is a corporation

26  sole, having its principal place of business in the State of California. Defendant DOE 1 purposely

27  conducts substantial business activities in the State of California, and was the primary entity

28  owning, operating and controlling the activities and behavior of its employees, agents, volunteers

3

and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants. The Plaintiff is informed and believes, and thereon alleges that Defendant DOE DIOCESE was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE 1, including the Plaintiffs when they were parishioners, participants in religious, recreational, athletic, and social activities, altar servers and/or students.

13. At all relevant times herein, DOE RELIGIOUS ORDER was required to obtain permission from DOE DIOCESE, in order for its religious personnel to be assigned within DOE DIOCESE, and to be in contact with minor children within those institutions. As such, DOE DIOCESE had a duty to ensure that those DOE RELIGIOUS ORDER personnel were safe to be around minor children and parishioners.

**(Defendant, DOE PARISH)**

14. Defendant DOE PARISH, at all times mentioned herein, was and is, a religious corporation, having its principal place of business in the State of California. Defendant DOE PARISH purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants including but not limited to the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants. The Plaintiffs are informed and believe, and thereon allege that Defendant DOE 1 was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE 1, including the Plaintiffs when they were parishioners, participants in religious, recreational, athletic, and social activities, altar servers and/or students.

15. Defendant DOE PARISH was incorporated after the childhood sexual abuse of the Plaintiff, and was incorporated, as an entity wholly owned, controlled, managed, operated, and supervised by DOE ARCHDIOCESE and/or DOE DIOCESE. It is based upon information, and therefore belief, that DOE PARISH was incorporated as a successor-in-interest to and/or *alter ego* of DOE DIOCESE and/or DOE ARCHDIOCESE.

4

**(Defendant, DOE RELIGIOUS ORDER)**

16.   Defendant DOE RELIGIOUS ORDER is at all times mentioned herein was and is, a religious corporation. Defendant DOE RELIGIOUS ORDER purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants.

17.   The Plaintiff is informed and believes, and thereon alleges that Defendant DOE RELIGIOUS ORDER was an entity that supervised priests, other religious personnel, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE RELIGIOUS ORDER and its agents, including the Plaintiff.

18.   Collectively, the institutions DOE ARCHDIOCESE, DOE DIOCESE, and/or DOE PARISH named in this lawsuit, shall be referred to as: "RELIGIOUS ENTITY DEFENDANTS", hereinafter.

**(Defendant, DOE PERPETRATOR)**

19.   Defendant, DOE PERPETRATOR is an adult individual. The DOE PERPETRATOR was in a position of trust, confidence, and responsibility with the Plaintiff, as a function of the position the DOE PERPETRATOR was with the RELIGIOUS ENTITY DEFENDANTS. Specifically, the DOE PERPETRATOR was placed in contact with minor children, through the DOE PERPETRATOR's role with the RELIGIOUS ENTITY DEFENDANTS, and thus, stood *in loco parentis* with the Plaintiff and the Plaintiff's guardians.

20.   Defendant DOE PERPETRATOR was an agent, servant, employee, volunteer and/or member of the RELIGIOUS ENTITY DEFENDANTS during the time of the Plaintiff's childhood sexual abuse.

21.   Collectively, the DOE PERPETRATOR, DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and/or DOES 1 through 500 are referred to as "Defendants."

5

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 9 of 75

22.     The Plaintiff is informed and believes, and thereupon alleges, that the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 8 through 50, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when such have been ascertained.  Upon information and belief, each of the said Doe Defendants is responsible in some manner under *Code of Civil Procedure* §§340.1(a)(1),(2),(3), and 340.1 (c) for the occurrences herein alleged, and were a legal cause of the childhood sexual assault which resulted in injury to the Plaintiff as alleged herein.

23.     Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein, there existed a unity of interest and ownership among Defendants and each of them, such that any individuality and separateness between Defendants, and each of them, ceased to exist.  Defendants and each of them, were the successors-in-interest and/or alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities, or other manner of division. To continue maintaining the facade of a separate and individual existence between and among Defendants, and each of them, would serve to perpetrate a fraud and an injustice.

24.     Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the agents, representatives and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them, were acting within the course and scope of said alternative personality, capacity, identity, agency, representation and/or employment and were within the scope of their authority, whether actual or apparent. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the trustees, partners, servants, joint venturers, shareholders, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiff.

6

## CHILDHOOD SEXUAL ASSAULT, ABUSE AND/OR HARASSMENT SUFFERED BY THE PLAINTIFF.

25. The Plaintiff was subjected to acts of childhood sexual assault, harassment, abuse, and/or molestation by the DOE PERPETRATOR. These acts of childhood sexual assault, harassment, abuse and/or molestation perpetrated upon the Plaintiff, began to occur when the Plaintiff was under the age of 18 years old, and constitute childhood sexual assault within the definition of *Code of Civil Procedure* §340.1(d). These acts of childhood sexual assault, harassment, abuse and/or molestation resulted in the personal physical injury, as well as emotional, psychological and psychiatric injury and damage to the Plaintiff.

26. The Plaintiff was a minor child, under the age of 18, at the time of the sexual assaults, harassment, and/or abuse alleged herein, therefore, the Plaintiff did not, and was unable to, give free or voluntary consent to the sexual acts and assaults committed upon Plaintiff by The DOE PERPETRATOR.

27. The sexual abuse, harassment and/or assaults were committed by the DOE PERPETRATOR for his sexual gratification and was based upon the gender of the Plaintiff.

28. The sexually abusive, harassing and/or assaultive acts by the DOE PERPETRATOR were committed in violation of the California *Penal Code*, which proscribes sexual acts and misconduct against minor children.

## DAMAGES SUFFERED BY THE PLAINTIFF AS A RESULT OF THEIR CHILDHOOD SEXUAL ASSAULT, ABUSE, AND/OR HARASSMENT BY THE DOE PERPETRATOR

29. As a direct and proximate result of the childhood sexual assault, harassment and abuse committed against the Plaintiff by the DOE PERPETRATOR, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiff has suffered personal physical injury of sexual assault, and has and will continue to suffer, psychological, mental and emotional distress. The Plaintiff suffered, and continues to suffer, from, but is not limited to, the following conditions:

    a. Anxiety;

    b. Depression;

    c. Flashbacks and/or reexperiencing;

Case: 23-30564    Doc# 1121    Filed: 04/01/25    Entered: 04/01/25 17:21:49    Page 11 of 75

*FIRST AMENDED MASTER COMPLAINT*

d. Suicidal ideation or thoughts;

e. Suicide attempts;

f. Anger;

g. Betrayal;

h. Loss of faith;

i. Nervousness;

j. Problems with those in positions of authority;

k. Interpersonal relationship problems with those in positions of confidence or trust;

l. Problems interacting with others, including but not limited to family members;

m. Guilt, shame, and/or humiliation;

30. As a direct and proximate result of the childhood sexual assault, harassment and abuse committed against the Plaintiff by the DOE PERPETRATOR, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiff has, and will continue to, incur expenses for mental, psychological, psychiatric, and medical care due to the assault, according to proof at trial:

a. Future Medical Expenses, including but not limited psychological and/or psychiatric care;

b. Past Medical Expenses (Past) including but not limited psychological and/or psychiatric care;

31. As a further direct and proximate result of the DOE PERPETRATOR's sexual assaults, harassment and abuse, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiffs have suffered additional economic injury as follows:

a. Lost earning capacity (Future);

b. Lost income (Past).

32. These damages were all suffered as to the Plaintiff's general, special and consequential damage in an amount to be proven at trial, but in no event less than the minimum jurisdictional amount of this Court.

## DUTIES OF THE RELIGIOUS ENTITY DEFENDANTS TO PROTECT THE PLAINTIFF AND CONTROL THE DOE PERPETRATOR

8

33. At all times herein, the RELIGIOUS ENTITY DEFENDANTS, and each of them, knew or should have known that the DOE PERPETRATOR was unfit, posed a risk of harm to minor children, and/or posed a risk of childhood sexual assault to minor children in its care, custody and control. Specifically, RELIGIOUS ENTITY DEFENDANTS knew or should have known, or were otherwise on notice, that the DOE PERPETRATOR had engaged in misconduct that created the risk of childhood sexual assault and failed to take reasonable steps or to implement reasonable safeguards to avoid acts of childhood sexual assault by the DOE PERPETRATOR on minors, including Plaintiff.

34. As a priest, employee, representative, servant, agent, and/or volunteer of RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, the DOE PERPETRATOR was placed into a position of moral, ethical, religious, and legal authority over the Plaintiffs, their parents, and parishioners with whom became into contact. The DOE PERPETRATOR was a confidant to the Plaintiffs and their families, and as a result, there was a special, trusting, confidential and fiduciary relationship between the Plaintiff and the DOE PERPETRATOR, as well as between Defendants DOE 1 and DOES 1-50 and the Plaintiff. Through this relationship with the Plaintiff, Defendants DOE 1 stood *in loco parentis* with the Plaintiff and Plaintiff's family. Specifically, Defendants took the Plaintiff into their custody, care and control, which conferred upon the Plaintiff and their families the reasonable belief that the Plaintiff, a minor children, would be protected and cared for, as if Defendants were the Plaintiffs' own parents.

35. As a minor at DEFENDANT RELIGIOUS ENTITIES, where the DOE PERPETRATOR was employed, retained, and worked, Plaintiff was under the DOE PERPETRATOR's, as well as DOE 1 and DOES 1-50's direct supervision, care and control, thus creating a special relationship, fiduciary relationship, and/or special care relationship with Defendants, and each of them. Additionally, as minor children under the custody, care and control of Defendants, Defendants stood *in loco parentis* with respect to Plaintiff while Plaintiff was at DOE 1 and DOES 1 through 500. As the responsible parties and/or employers controlling the DOE PERPETRATOR, Defendants were also in a special relationship with Plaintiff, and owed special duties to Plaintiff.

9

FIRST AMENDED MASTER COMPLAINT

1     36. Defendants also intentionally and willfully implemented various measures intended

2 and designed to, or which effectively, made the DOE PERPETRATOR's s conduct harder to detect

3 including, but not limited to:

    a. Assigning and permitting the DOE PERPETRATOR to remain in a position of authority and trust after DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known that was an unfit agent, servant, employee, member and/or volunteer;

    b. Assigning and permitting the DOE PERPETRATOR to remain in a position of authority and trust after DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known that was in misconduct that created a risk of childhood sexual assault to be perpetrated by the DOE PERPETRATOR;

    b. Placing the DOE PERPETRATOR in a separate and secluded environment, including placing him in charge of children, which allowed the DOE PERPETRATOR to sexually and physically interact with and assault the children, including Plaintiff;

    c. Authorizing the DOE PERPETRATOR to come into contact with minors, including Plaintiff, without adequate supervision;

    d. Failing to inform, or concealing from Plaintiff's parents and law enforcement officials the fact that Plaintiff and others were or may have been sexually assaulted after Defendants knew or should have known that the DOE PERPETRATOR may have sexually assaulted Plaintiff or others, thereby enabling Plaintiff to continue to be endangered and sexually assaulted, and/or creating the circumstance where the Plaintiff and others were less likely to receive medical/mental health care and treatment, thus exacerbating the harm to Plaintiff;

    e. Holding out and affirming the DOE PERPETRATOR to Plaintiff and Plaintiff's parents, other children and their parents, and to the community as being in good standing and trustworthy;

    f. Failing to take reasonable steps, and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by the DOE PERPETRATOR with students minor children; and

    g. Failing to put in place a system or procedure to supervise or monitor employees, volunteers, representatives or agents to insure that they did not molest or assault minors in Defendants' custody or care, including Plaintiff.

24     37. By his position within the DEFENDANT RELIGIOUS ENTITIES, Defendants

25 demanded and required that Plaintiff respect the DOE PERPETRATOR in his position of priest,

26 spiritual advisor, confidant, teacher, and/or mentor at DEFENDANT RELIGIOUS ENTITIES and

27 DOES 1 through 500.

10

38.    Plaintiff is informed and believe, and on that basis allege, that Defendants and each of them, were or should have been aware of the DOE PERPETRATOR's wrongful conduct at or about the time it was occurring, and thereafter, but took no action to obstruct, inhibit or stop such continuing conduct, or to help Plaintiff endure the trauma from such conduct. Despite the authority and ability to do so, these Defendants negligently and/or willfully refused to, and/or did not act effectively to stop the sexual assaults on the Plaintiff, to inhibit or obstruct such assault, or to protect the Plaintiff from the results of that trauma.

39.    During the period of assaults perpetrated upon the Plaintiff, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 had the authority and the ability to obstruct or stop the DOE PERPETRATOR's sexual assaults on the Plaintiff, but intentionally, negligently and/or willfully failed to do so, thereby allowing the assault to occur and to continue unabated. This failure was a part of Defendants' intended plan and arrangement to conceal wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual molestation and assault, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law enforcement. The Plaintiff is informed and believes, and on that basis alleges, that such actions were motivated by a desire to protect the reputation of Defendants and each of them, and to protect the monetary support of Defendants while fostering an environment where such assault could continue to occur.

## STATUTE OF LIMITATIONS

40.    Pursuant to *Code of Civil Procedure* §340.1(q) as amended by Assembly Bill 218, effective January 1, 2020 there is a three (3) year window in which all civil claims of childhood sexual assault are revived if they have not been litigated to finality. This provision provides that, "[n]otwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020. A plaintiff shall have the later of the three-year time period under this subdivision or the time period under subdivision (a) as amended by the act

FIRST AMENDED MASTER COMPLAINT

that added this subdivision." These claims of the Plaintiff have not been previously litigated to finality and have been filed (or are still pending) within the timeframe specified *supra*, thus, it is timely under the revised provisions of *Code of Civil Procedure* §340.1(q).

41.    The Plaintiff is under the age of forty (40) years old at the time of filing of the Complaint, therefore, their action is timely pursuant to *Code of Civil Procedure* §340.1(a).

42.    The Plaintiff is over the age of forty (40) years old at the time of filing of the Complaint. Since this action is being commenced after the Plaintiff's 40th birthday, and as set forth more fully *supra*, it is upon information, and therefore belief, that the RELIGIOUS ENTITY DEFENDANTS knew or had reason to know, or were otherwise on notice, of misconduct that created a risk of childhood sexual assault by DOE PERPETRATOR

43.    Since this action is being commenced after the Plaintiff's 40th birthday, and as set forth more fully *supra*, it is upon information, and therefore belief, that the RELIGIOUS ENTITY DEFENDANTS failed to take reasonable steps, or to implement reasonable safeguards, to avoid acts of childhood sexual assault, including but not limited to preventing or avoiding placement of the DOE PERPETRATOR in a function or environment in which contact with children was an inherent part of that function or environment.

44.    Pursuant to *Code of Civil Procedure* §340.1(g)(1), a separate Certificate of Merit was filed by the Plaintiff's attorney for each defendant in this action.

45.    Pursuant to *Code of Civil Procedure* §340.1(g)(2), a declaration from a mental healthcare practitioner was filed concurrently with the instant Complaint for the Plaintiff.

**PUNITIVE DAMAGES SOUGHT AGAINST RELIGIOUS ENTITY DEFENDANTS AND RESERVATION OF RIGHTS**

46.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 are, based on information and belief, religious corporations, organized under the laws of California, and therefore, are afforded the protection of *Code of Civil Procedure* §425.14. Upon such time as appropriate, the Plaintiff expressly reserves the right to file a Motion to Amend the instant Complaint, in order to allege facts sufficient to constitute punitive damages against DEFENDANT

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 16 of 75

JCCP 5108 AMENDED MASTER COMPLAINT

RELIGIOUS ENTITIES, in accord with evidence that substantiates a finding of the clear and convincing evidentiary requirement of *Civil Code* §3294.

**FIRST CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

47.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

48.    Defendants' conduct towards the Plaintiff, as described herein, was outrageous and extreme.

49.    A reasonable person would not expect or tolerate the DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 putting the DOE PERPETRATOR in positions of authority at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, which enabled the DOE PERPETRATOR to have access to minor children, including the Plaintiff, so that he could commit wrongful sexual acts with them, including the conduct described herein above. The Plaintiff held great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

50.    A reasonable person would not expect or tolerate the DEFENDANT RELIGIOUS ENTITIES to be incapable of supervising and preventing employees of Defendants, including the DOE PERPETRATOR, from committing wrongful sexual acts with minor children in their charge, including Plaintiff, or to be incapable of properly supervising the DOE PERPETRATOR to prevent such assault from occurring.

51.    Defendants' conduct described herein was intentional and malicious and done for the purpose of causing, or with reckless disregard of the rights of the Plaintiff, with the substantial certainty that it would cause Plaintiff and the other children who were enrolled in, participated in, or were members and participants in, activities of their parish and of Defendants' religious, educational, recreational, and social programs, to suffer humiliation, mental anguish and emotional and physical distress.

13

52. As a result of the above-described conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

53. As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

**SECOND CAUSE OF ACTION**
**HUMAN TRAFFICKING (*CIVIL CODE* §52.5)**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

54. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

55. The Plaintiff, who was a minor when the DOE PERPETRATOR took custody of them, was a victim under *Penal Code* §236.1 (specifically, subsection (a)), and is entitled to bring a claim under *Civil Code* §52.5(a).

56. The Plaintiff is a victim under California *Penal Code* §236.1(a), given the following facts:

    a. The Plaintiff had their personal liberty and/or freedom deprived when, the DOE PERPETRATOR transported them;

    b. The Plaintiff was a minor, therefore was unable to give consent to such acts. Purported consent of a minor, is no basis for a defense under *Penal Code* §236.1(e);

    c. The DOE PERPETRATOR transported the Plaintiff in order to obtain forced, sexual services from the Plaintiff, in a secluded area, which were performed upon the DOE PERPETRATOR;

    d. The Plaintiff, as a minor, did perform forced, sexual services for the DOE PERPETRATOR, after they had been transported. The Plaintiff was a minor at all relevant times and was unable to give valid consent to any of the sex acts that were perpetrated upon them by DOE PERPETRATOR.

14

FIRST AMENDED MASTER COMPLAINT

57.     The Defendant RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, having full knowledge of the dangerous and sexually exploitive propensities of the DOE PERPETRATOR, ratified the DOE PERPETRATOR's conduct and are liable pursuant to *C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1110 ("…an employer may be liable for an employee's act where the employer either authorized the tortious act or subsequently ratified an originally unauthorized tort. [Citations.] The failure to discharge an employee who has committed misconduct may be evidence of ratification. [Citations.] The theory of ratification is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort, such as assault or battery.") Prior to the Plaintiff's transportation by the DOE PERPETRATOR, the DEFENDANT RELIGIOUS ENTITIES knew, or should have known, that the DOE PERPETRATOR was unfit to be around minor children and posed a danger to those children the DOE PERPETRATOR was assigned to care for, or otherwise supervise.

58.     Furthermore, the RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, were made well aware that the DOE PERPETRATOR was transporting minor students in his vehicle, with no other adults present. Despite having this knowledge, the RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 100, chose not to discipline, remove, sanction, deter, supervise, or restrict the DOE PERPETRATOR's conduct.

59.     As a result of the above-described conduct, the Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

60.     In subjecting Plaintiff to the wrongful treatment herein described, Defendant DOE PERPETRATOR acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under California *Civil Code* section 3294.

15

61.     Plaintiff is therefore entitled, upon proper application to the court, to the recovery of punitive damages, in an amount to be determined by the court, the RELIGIOUS ENTITY DEFENDANTS. Plaintiff reserves his right, pursuant to California *Code of Civil Procedure* § 425.14, to seek leave of court to pursue an award of punitive damages against RELIGIOUS ENTITY DEFENDANTS, in a sum to be shown according to proof.

62.     Pursuant to *Civil Code* §52.5(a), the Plaintiff is entitled to recover actual damages, compensatory damages, punitive damages (specified above and in accordance with *Code of Civil Procedure* §425.14), as well as attorneys' fees. Furthermore, pursuant to *Civil Code* §52.5(b), the Plaintiff seeks to recover three (3) times their actual damages against Defendants, and DOES 1 through 500, in addition to the remedies stated in the previous sentence, as their actual damages are far exceed $10,000.00.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)

63.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

64.     As more fully set forth above, the conduct and actions of the DEFENDANT RELIGIOUS ENTITIES, and DOES 1 through 500, served to create an environment in which the DOE PERPETRATOR was afforded years of continuous secluded access to minor children including the Plaintiff, a minor child at the time of their sexual assaults by the DOE PERPETRATOR.

65.     As more fully set forth above, Defendants DOE 1, and DOES 1 through 500, inclusive, were aware and/or on notice of the DOE PERPETRATOR's sexual misconduct with minors prior to the first occasion on which Plaintiff was placed in the DOE PERPETRATOR's custody through the acts of Defendants. Accordingly, at the time the DOE PERPETRATOR and Defendants DOE 1, and DOES 1 through 500, inclusive, performed the acts alleged herein, it was or should have been reasonably foreseeable to Defendants that by continuously exposing and making Plaintiff available to the DOE PERPETRATOR, Defendants were placing Plaintiff in grave

16

FIRST AMENDED MASTER COMPLAINT

risk of being sexually assaulted by the DOE PERPETRATOR. By knowingly subjecting Plaintiff to such foreseeable danger, Defendants DOE 1, and DOES 1 through 500, inclusive, were duty-bound to take reasonable steps and implement reasonable safeguards to protect Plaintiff from the DOE PERPETRATOR. Furthermore, as alleged herein, Defendants DOE 1, and DOES 1 through 500, inclusive, at all times exercised a sufficient degree of control over the DOE PERPETRATOR's personal and business affairs to prevent the acts of assault by keeping the DOE PERPETRATOR away from Plaintiffs. However, Defendants DOE 1, and DOES 1 through 500, inclusive, failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault.

**NEGLIGENCE *PER SE—PENAL CODE* MANDATORY CHILD ABUSE REPORTING**

66.     Under the Child Abuse and Neglect Reporting Act ("CANRA"), RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, by and through their agents, servants, volunteers, and/or employees, including priests, were child care custodians and were under a statutory duty to report known or suspected incidents of sexual molestation or abuse of minors to a child protective agency, pursuant to California *Penal Code* § 11166, and/or not to impede the filing of any such report. Furthermore, RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500 were under a statutory duty to provide their employees with various acknowledgements of reporting requirements under *Penal Code* §11166.5.

67.     Defendants RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew or should have known that their agent, employee, counselor, advisor and mentor, the DOE PERPETRATOR, had sexually molested, abused or caused touching, battery, harm, and other injuries to minors, including Plaintiff, giving rise to a duty to report such conduct under California *Penal Code* §11166.

68.     Defendants RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew, or should have known of in the exercise of reasonable diligence, that an undue risk to minors, including the Plaintiff, existed because Defendants DOE 1 did not comply with California's mandatory reporting requirements.

17

69. By failing to report the continuing molestations and assaults, which RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew of or should have known of, and by ignoring the fulfillment of the mandated compliance with the reporting requirements provided under California *Penal Code* § 11166, Defendants DOE 1 and DOES 1 through 500, inclusive, created the risk and danger contemplated by CANRA, and as a result, unreasonably and wrongfully exposed Plaintiff and other minors to sexual molestation and abuse.

70. The Plaintiff was a member of the class of persons for whose protection California *Penal Code* § 11166 was specifically adopted to protect.

71. Had RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, adequately reported the molestation of Plaintiff and other minors as required by California *Penal Code* § 11166, further harm to Plaintiff and other minors would have been avoided.

72. As a proximate result of RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500's, inclusive, failure to follow the mandatory reporting requirements of California *Penal Code* § 11166, Defendants DOE 1, and DOES 1 through 500, inclusive, wrongfully denied the Plaintiff and other minors the intervention of child protection services. Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the molestation of Plaintiffs by the DOE PERPETRATOR.

73. The physical, mental, and emotional damages and injuries resulting from the sexual molestation of Plaintiff by the DOE PERPETRATOR, were the type of occurrence and injuries that the CANRA was designed to prevent.

74. As a result, RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500's, inclusive, failure to comply with the mandatory reporting requirements of California *Penal Code* § 11166 also constituted a *per se* breach of Defendants' DOE 1, and DOES 1 through 500's, inclusive duties to Plaintiff.

75. As a direct and proximate result of the failure of Defendants DOE 1 and DOES 1 through 500, inclusive, to protect Plaintiff from the acts of childhood sexual assault to which they were subjected to by the DOE PERPETRATOR, Plaintiff has suffered the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including,

but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT SUPERVISION**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)**

76.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

77.     By virtue of Plaintiff's special relationship with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, relation to the DOE PERPETRATOR, Defendants DOE 1 and DOES 1 through 500, inclusive, owed Plaintiff a duty to provide reasonable supervision of the Plaintiff, to provide reasonable supervision of the DOE PERPETRATOR, to use reasonable care in investigating the DOE PERPETRATOR's background, and to provide adequate warning to the Plaintiff, their families, and other children, of the DOE PERPETRATOR's dangerous propensities and unfitness. Said Defendants, and each of them, further owed Plaintiff a duty to protect against the foreseeable risk of sexual assaults committed upon children, including Plaintiff, during or arising out of those activities sponsored and controlled by Defendants in which Plaintiff was a participant.

78.     Plaintiff is informed and believe, and on that basis allege, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, by and through their respective agents, servants and employees, knew or should have known of the DOE PERPETRATOR's dangerous and exploitive propensities and/or that the DOE PERPETRATOR was an unfit agent. Despite such knowledge, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500,

19

FOURTH AMENDED MASTER COMPLAINT
of 75

inclusive, negligently failed to supervise the DOE PERPETRATOR in his position of trust and authority as an authority figure and supervisor of children, where they were able to commit wrongful acts against the Plaintiff. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, failed to provide reasonable supervision of the DOE PERPETRATOR, failed to use reasonable care in investigating the DOE PERPETRATOR and failed to provide adequate warning to Plaintiff of the DOE PERPETRATOR's dangerous propensities and unfitness. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, further failed to take reasonable measures to prevent sexual assault, harassment, and molestation of children, including Plaintiff.

79. Plaintiff is informed and believe, and on that basis allege, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were put on notice, and knew or should have known, that the DOE PERPETRATOR had previously engaged and was continuing to engage in unlawful sexual conduct with children and committed other felonies, for his own personal gratification, and that it was, or should have been foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon him through DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and each of them.

80. Plaintiff is informed and believe, and on that basis alleges, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were placed on actual or constructive notice that, the DOE PERPETRATOR had assaulted children prior to, and/or during the time he was in contact with the Plaintiffs. Plaintiff is informed, and thereon alleges, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were informed of sexual assault, harassment and molestations committed by the DOE PERPETRATOR or of conduct that would put a reasonable person on notice of such propensity to assault, harassment and molestation.

81. Even though DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of these activities by the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the guests.

20

82. As an institution entrusted with the care of minors, where staff, employees, agents, and management, such as the DOE PERPETRATOR were placed in contact with minors, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's expressly and implicitly represented that these individuals, including the DOE PERPETRATOR, were not a sexual threat to children and others who would fall under the DOE PERPETRATOR 's influence, control, direction, and guidance.

83. Defendants DOE 1, and DOES 1 through 500, inclusive, negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. Defendants DOE 1, and DOES 1 through 500, inclusive, failed to provide reasonable supervision of the DOE PERPETRATOR. Defendants DOE 1 and DOES 1 through 500 further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff.

84. At no time during the periods of time alleged did DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, have in place a system or procedure to reasonably investigate, supervise and monitor individuals in contact with minor children, including the DOE PERPETRATOR, to prevent pre-sexual grooming and sexual harassment, molestation and assault of children, nor did they implement a system or procedure to oversee or monitor conduct toward minors, students and others in DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's care.

85. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were or should have known to be aware and understand how vulnerable children were to sexual harassment, molestation and assault by mentors, advisors, and other persons of authority within DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

86. Defendants DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, conduct was a breach of their duties to the Plaintiff.

87. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to the Plaintiff by, *inter alia*, failing to adequately monitor and supervise the

DOE PERPETRATOR and stopping the DOE PERPETRATOR from committing wrongful sexual acts with minors including the Plaintiff. This belief is founded on the fact that employees and staff of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, including had suspected the assault was occurring at the time, and failed to investigate into the matter further. Based on these facts, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of the DOE PERPETRATOR 's incapacity to supervise and stop employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive from committing wrongful sexual acts with minors.

88.     As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of childhood sexual assault,  severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT RETENTION/HIRING**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)**

89.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

90.     By virtue of Plaintiff's special relationship with Defendants, inclusive and each of them, and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, relation to the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, owed Plaintiff a duty to not hire and/or retain the DOE PERPETRATOR, given his dangerous and exploitive propensities, which DEFENDANT RELIGIOUS ENTITIES and DOES

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 26 of 75

1 through 500, inclusive, knew or should have known had they engaged in a meaningful and adequate investigation of his background prior to his hiring.

91.     As an institution entrusted with the care of minors, where staff, employees, agents, and management, such as the DOE PERPETRATOR was placed in contact with minors, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, expressly and implicitly represented that these individuals, including the DOE PERPETRATOR, were not a sexual threat to children and others who would fall under the DOE PERPETRATOR 's influence, control, direction, and guidance.

92.     Plaintiff is informed and believe, and on that basis allege, that at no time during the periods of time alleged did DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, have in place a system or procedure to reasonably investigate, supervise and/or monitor those individuals in direct contact with children, including the DOE PERPETRATOR, to prevent pre-sexual grooming and/or sexual harassment, molestation and assault of parishioners, nor did they implement a system or procedure to oversee or monitor conduct toward patrons and others in DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, care.

93.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and each of them were or should have been aware and understood how vulnerable minor children were to sexual assault, harassment and molestation by persons of authority, including the DOE PERPETRATOR, within the control of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

94.     Plaintiffs are informed and believe, and on that basis allege, other children and/or employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, complained of the DOE PERPETRATOR's sexual improprieties prior to the sexual assault of the Plaintiff. Either DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, knew, or at the very least should have known of the DOE PERPETRATOR's prior history of sexual misconduct with minors prior to Plaintiff's assaults.

95.     Plaintiff is informed, and believes, and on that basis alleges, that the DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were put on notice, and should have

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 27 of 75

known that the DOE PERPETRATOR had previously engaged and continued to engage in unlawful sexual conduct with patrons and other felonies, for his own personal gratification, and that it was, or should have been foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon him through DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

96.    Plaintiff is informed and believes, and on that basis alleges that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, were placed on actual and/or constructive notice that the DOE PERPETRATOR had abused, harassed, molested and/or was molesting minor children, both before his sexual assault, molestation and harassment of the Plaintiff, and during that same period. Plaintiff is informed, and thereon alleges, that other third parties, patrons, and/or law enforcement officials informed DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, of inappropriate conduct and molestations committed by the DOE PERPETRATOR.

97.    Even though DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of these activities by the DOE PERPETRATOR, Plaintiff is informed that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, failed to use reasonable care in investigating the DOE PERPETRATOR and did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the other minor children in his charge, including the Plaintiff.

98.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, conduct was a breach of their duties to the Plaintiff.

99.    As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiffs have suffered and will continue to suffer the physical injury of sexual assault, and severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss

of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT FAILURE TO TRAIN, WARN OR EDUCATE**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)**

100.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

101.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive owed Plaintiff a duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge from the risk of sexual assault, harassment and molestation by the DOE PERPETRATOR by properly warning, training or educating the Plaintiff and other minors about how to avoid such a risk.

102.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge, from the risk of sexual assault, harassment and molestation by the DOE PERPETRATOR such as the failure to properly warn, train or educate Plaintiff and other minor children in their charge about how to avoid such a risk.

103.    Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge from the risk of sexual harassment, molestation and assault by the DOE PERPETRATOR, by failing to supervising and/or stop employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, including the DOE PERPETRATOR from committing wrongful sexual acts with minor children, including Plaintiff.

104.    As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to

25

*FIRST AMENDED MASTER COMPLAINT*

suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

105.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

106.     As set forth more fully above, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, in concert with the DOE PERPETRATOR, recruited, enticed, and encouraged Plaintiff and Plaintiff's family to give their trust and confidence to Defendants and the DOE PERPETRATOR so that Plaintiffs could be taken from their family's care and supervision and placed under the care and supervision of Defendants and the DOE PERPETRATOR. In so doing, Defendants, inclusive, entered into a fiduciary relationship with Plaintiff whereby Defendants owed Plaintiff an *in loco parentis* duty of care to take all reasonable steps and implement all reasonable safeguards to protect Plaintiff while they were in the custody of Defendants and/or the DOE PERPETRATOR.

107.     The Plaintiff and other children involved in activities under the control and supervision of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, agreed to place their trust and confidence in Defendants, inclusive, in the expectation that Defendants would properly supervise Plaintiff and other children similarly placed, regulate their activities and behavior, and ensure their safety. Further, Plaintiff, the Plaintiff's family and other children agreed to this because they believed in the integrity of Defendants, inclusive, and therefore felt comfortable in entrusting the minor Plaintiff to the care and custody of Defendants.

108.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to Plaintiff by failing to take any reasonable steps or implement any reasonable

26

safeguards to protect Plaintiff from the DOE PERPETRATOR and by allowing Plaintiff to be sexually assaulted by the DOE PERPETRATOR.

109.     As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

110.     As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

**EIGHTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD (*CIVIL CODE* §1573)**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

111.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

112.     By holding the DOE PERPETRATOR out as an agent of Defendants, and by allowing him to undertake the educational, religious, and social instruction and accompanying custody and control of minor children such as Plaintiff, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

113.     By holding themselves out as qualified institutions for the safety and supervision of children, and by undertaking to provide for the wellness, spiritual guidance and mentorship of Plaintiff and other minors, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

27

THIRD AMENDED MASTER COMPLAINT

114. Defendants breached their confidential, fiduciary duty and special duties to Plaintiffs by the wrongful and negligent conduct described above and incorporated into this cause of action, and in so doing, gained an advantage over Plaintiffs in matters relating to Plaintiffs' safety, security and health. In breaching such duties as alleged, Defendants were able to sustain their status as institutions of high moral repute, and preserve their reputation, all at the expense of Plaintiffs' further injury and in violation of Defendants' mandatory duties.

115. By virtue of their confidential, fiduciary and special relationship with Plaintiff, Defendants owed Plaintiff a duty to:

   a. Investigate or otherwise confirm or deny such claims of sexual assault;

   b. Reveal such facts to Plaintiff, Plaintiff's families and caretakers, the community at large, and law enforcement agencies;

   c. Refuse to place the DOE PERPETRATOR and other molesters in positions of trust and authority within Defendants' institutions;

   d. Refuse to hold out the DOE PERPETRATOR and other molesters to the public, the community, minors, parents and law enforcement agencies as being in good standing and, trustworthy in keeping with his and their position as a teacher, counselor, spiritual advisor, managing administrator and authority figure;

   e. Refuse to assign the DOE PERPETRATOR and other molesters to positions of power within the Defendants' institutions and over minors; and

   f. Disclose to Plaintiff, their families, the public, the Defendants' community, minors, and law enforcement agencies the wrongful, tortious, and sexually exploitive acts that DOE PERPETRATOR had engaged in with children;

116. Defendants' breach of their respective duties included:

   a. Not making reasonable investigations of the DOE PERPETRATOR;

   b. Issuing no warnings about the DOE PERPETRATOR;

   c. Permitting the DOE PERPETRATOR to routinely be alone with and in control of minors, unsupervised;

   d. Not adopting a policy to prevent the DOE PERPETRATOR from routinely having minors in his unsupervised control;

   e. Making no reports of any allegations of the DOE PERPETRATOR's assault of minors prior to or during his employment at Defendants; and

   f. Assigning and continuing to assign the DOE PERPETRATOR to duties which placed him in positions of authority and trust over minors, positions in which the DOE PERPETRATOR could easily isolate and sexually assault minors.

117. At the time that Defendants engaged in such suppression and concealment of acts, such acts were done for the purpose of causing Plaintiff to forbear on their rights.

28

118. Defendants' misconduct did reasonably cause Plaintiff to forbear on their rights.

119. The misrepresentations, suppressions and concealment of facts by Defendants were intended to and were likely to mislead Plaintiff and others to believe that Defendants had no knowledge of any charges against the DOE PERPETRATOR, or that there were no other charges of unlawful or sexual misconduct against the DOE PERPETRATOR or others and that there was no need for them to take further action or precaution.

120. The misrepresentations, suppressions and concealment of facts by Defendants was likely to mislead Plaintiff and others to believe that Defendants had no knowledge of the fact that the DOE PERPETRATOR was a molester and was known to commit wrongful sexual acts with minors, including Plaintiff.

121. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known at the time they suppressed and concealed the true facts regarding others' sexual molestations, that the resulting impressions were misleading.

122. DEFENDANT RELIGIOUS ENTITIES suppressed and concealed the true facts regarding the DOE PERPETRATOR with the purpose of: preventing Plaintiff, Plaintiff's parents and family, and others, from learning that the DOE PERPETRATOR and others had been and were continuing to sexually harass, molest and assault minors and others under the DOE PERPETRATOR's and Defendants' control, direction, and guidance, with complete impunity; inducing people, including Plaintiff and other benefactors and donors to participate and financially support Defendants' and other enterprises of Defendants; preventing further reports and outside investigations into the DOE PERPETRATOR's and Defendants' conduct; preventing discovery of Defendants' own conduct; avoiding damage to the reputations of Defendants; protecting Defendants' power and status in the community and the academic community; avoiding damage to the reputation of Defendants, or Defendants' institutions; and avoiding the civil and criminal liability of Defendants, of the DOE PERPETRATOR, and of others.

123. At all times mentioned herein, Defendants, and in particular the DOE PERPETRATOR and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, with knowledge of the tortious nature of their own and the DOE PERPETRATOR's conduct, knowingly

Case: 23-30564    Doc# 1121    Filed: 04/01/25    Entered: 04/01/25 17:21:49    Page 33
*FIRST AMENDED MASTER COMPLAINT* of 75

conspired and gave each other substantial assistance to perpetrate the misrepresentations, fraud and deceit alleged herein—covering up the past allegations of sexual misconduct lodged against the DOE PERPETRATOR, and allowing the DOE PERPETRATOR to remain in his position as a mentor, spiritual leader, and supervisor of children, so they could maintain their reputations and continue to make a profit.

124. Plaintiff and others were misled by Defendants' suppressions and concealment of facts, and in reliance thereon, were induced to act or induced not to act, exactly as intended by Defendants. Specifically, Plaintiff and Plaintiff's family were induced to believe that there were no allegations of criminal or sexual assault against the DOE PERPETRATOR and that he was safe to be around children. Had Plaintiff and their families, and others, known the true facts about the DOE PERPETRATOR, they would have not participated further in activities of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, or continued to financially support Defendants' activities. They would have reported the matters to the proper authorities, to other minors and their parents so as to prevent future recurrences; they would not have allowed children, including Plaintiff, to be alone with, or have any relationship with the DOE PERPETRATOR; they would not have allowed children, including Plaintiff, to attend or be under the control of Defendants; they would have undertaken their own investigations which would have led to discovery of the true facts; and they would have sought psychological counseling for Plaintiff, and for other children molested and assaulted by the DOE PERPETRATOR.

125. By giving the DOE PERPETRATOR the position of spiritual guide, priest, confidant, and trusted individual, Defendants impliedly represented that the DOE PERPETRATOR was safe and morally fit to give children direction and guidance.

126. When Defendants made these affirmative or implied representations and non-disclosures of material facts, Defendants knew or should have known that the facts were otherwise. Defendants knowingly and intentionally suppressed the material facts that the DOE PERPETRATOR had on numerous, prior occasions sexually, physically, and mentally assaulted minors of Defendants, including Plaintiff, and knew of or learned of conduct, or should have known of conduct by the DOE PERPETRATOR which placed Defendants on notice that the DOE

PERPETRATOR had previously been suspected of felonies, including unlawful sexual conduct with minors, and was likely abusing children.

127. Because of Plaintiff's young age, and because of the status of the DOE PERPETRATOR as an authority figure to Plaintiff, Plaintiff was vulnerable to the DOE PERPETRATOR. The DOE PERPETRATOR sought Plaintiff out and was empowered by and accepted Plaintiff's vulnerability. Plaintiff's vulnerability also prevented Plaintiff from effectively protecting themselves from the sexual advances of the DOE PERPETRATOR.

128. Defendants had the duty to obtain and disclose information relating to sexual misconduct of the DOE PERPETRATOR.

129. Defendants misrepresented, concealed or failed to disclose information relating to sexual misconduct of the DOE PERPETRATOR.

130. Defendants knew that they had misrepresented, concealed or failed to disclose information related to sexual misconduct of the DOE PERPETRATOR.

131. Plaintiff justifiably relied upon Defendants for information relating to sexual misconduct of the DOE PERPETRATOR.

132. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, and the DOE PERPETRATOR, in concert with each other and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal or fail to disclose information relating to the sexual misconduct of the DOE PERPETRATOR, the inability of Defendants to supervise or stop the DOE PERPETRATOR from sexually harassing, molesting and abusing Plaintiff, and their own failure to properly investigate, supervise and monitor his conduct with minor children.

133. By so concealing, Defendants committed at least one act in furtherance of the conspiracy.

134. As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional

Case: 23-30564   Doc# 1121   FILED: 04/01/25   SECOND AMENDED MASTER COMPLAINT   Entered: 04/01/25 17:21:49   Page 35 of 75

distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

135.    In addition, when Plaintiff finally discovered the fraud of Defendants, and continuing thereafter, Plaintiff experienced recurrences of the above-described injuries. In addition, when Plaintiff finally discovered the fraud of Defendants, and continuing thereafter, Plaintiff experienced extreme and severe mental anguish and emotional distress that Plaintiff had been the victim of Defendants' fraud; that Plaintiff had not been able to help other minors being molested because of the fraud, and that Plaintiff had not been able because of the fraud to receive timely medical treatment needed to deal with the problems Plaintiff had suffered and continues to suffer as a result of the sexual harassment, molestation and assault.

136.    As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

**NINTH CAUSE OF ACTION**
**SEXUAL HARASSMENT (*CIVIL CODE* §51.9)**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

137.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

138.    During Plaintiff's time as a minor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly made sexual advances, solicitations, requests, demands for sexual compliance of a hostile nature based on Plaintiff's gender that were unwelcome, pervasive and severe, including but not limited to the DOE PERPETRATOR, all under the supervision of Defendants, who were acting in the course and

FOURTH AMENDED MASTER COMPLAINT

scope of their agency with Defendants and each of them. The sexual harassment of each Plaintiff is detailed *supra*.

139.    The incidents of assault outlined herein above took place while Plaintiff was under the control of Defendants, as well as the staff of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, in their capacity and position as teachers, spiritual advisors, counselors, mentors, supervisors and administrators at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500and while acting specifically on behalf of Defendants.

140.    During Plaintiff's time as a minor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly did acts which resulted in harmful and offensive contact with intimate parts of Plaintiff's persons, including but not limited to, using his position of authority and age to force Plaintiff to give into the DOE PERPETRATOR's sexual suggestions.

141.    Because of Plaintiff's relationship with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR, and Plaintiff's young age as a minor, Plaintiff was unable to easily terminate the relationship held with the Defendants.

142.    Because of the DOE PERPETRATOR's age and position of authority, physical seclusion of the Plaintiff, Plaintiff's mental and emotional state, and Plaintiff's young age under the age of consent, Plaintiff weas unable to, and did not, give meaningful consent to such acts.

143.    Even though the Defendants knew or should have known of these activities by the DOE PERPETRATOR, Defendants did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the minor children.

144.    Because of Plaintiff's relationship with Defendants, as a minor child, parishioner, student and/or altar server with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, and Plaintiff's young age as a minor child, Plaintiff was unable to easily terminate the priest-parishioner relationship with the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

145.    A corporation is a "person" within meaning of *Civil Code* section 51.9, which subjects persons to liability for sexual harassment within a business, service or professional

33

relationship, and such an entity defendant may be held liable under this statute for the acts of its employees. *C.R. v. Tenet Healthcare Corp.*, (2009) 169 Cal.App.4th 1094. Further, principles of ratification apply when the principal ratifies the agent's originally unauthorized harassment, as is alleged to have occurred herein.

146. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 ratified the sexual misconduct of the DOE PERPETRATOR.

147. Defendants' conduct (and the conduct of their agents) was a breach of their duties to Plaintiff.

148. As a direct and proximate result of the failures of Defendants, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

149. As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint for this cause of action for Punitive Damages, pursuant to *Code of Civil Procedure* §425.14.

150. Plaintiff seeks attorneys' fees pursuant to *Civil Code* §52, with respect to their claim being made under §51.9, as an available remedy.

**TENTH CAUSE OF ACTION**
**<u>Fraudulent Transfer</u>**
**(Against Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE,**
**Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER,**
**and Defendant DOES 1 through 500)**

151. Plaintiff(s) repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

34

*FIRST AMENDED MASTER COMPLAINT*

152. During the period of time when Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, committed acts of misconduct resulting in Defendant PERPETRATOR's childhood sexual assault of Plaintiff(s), Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, owned, operated and or controlled financial assets.

153. After the period of time when Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 committed acts of misconduct resulting in Defendant PERPETRATOR's childhood sexual assault of Plaintiff(s), Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, transferred, (in whole and or in part), interests in financial assets ("Transfer of Asset(s)").

154. Plaintiff(s) is informed and believes that Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, did not receive reasonably equivalent value for the Transfer of Asset(s).

155. At the time of said Transfer of Asset(s), Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, knew that Plaintiff(s), as a survivor of childhood sexual assault committed by Defendant PERPETRATOR, was and is a creditor.

156. Notwithstanding this knowledge, Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 intentionally transferred the interests in financial assets with the actual intent to prevent Plaintiff(s) from collecting from said assets after the Transfer of Asset(s) was complete.

157. By reason of the foregoing, the Transfer of Asset(s) is voidable pursuant to California *Civil Code* §§ 3439.04(a)(1) and (2) and § 3439.05, and § 3439.07. Pursuant to California *Civil Code* § 3439.07, Plaintiff(s) request:

a. a judgment avoiding the Transfer of Asset(s); and/or

b. a money judgment against Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 for the value of the Transfer of Asset(s).

158. The recipient(s) of said Transfer of Asset(s), is not yet known by Plaintiff(s). Plaintiff(s) will seek to amend the Complaint to allege their true names and capacities when such have been ascertained.

**ELEVENTH CAUSE OF ACTION**
**<u>SEXUAL BATTERY</u>**
**(Against Defendant DOE PERPETRATOR only)**

159. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

160. During Plaintiff's time at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person. Plaintiff was subjected to numerous instances of sexual assault by the DOE PERPETRATOR, during Plaintiff's time as a minor with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

161. The DOE PERPETRATOR did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

162. Because of the DOE PERPETRATOR's position of authority over Plaintiff, and Plaintiff's mental and emotional state, and Plaintiff's young age under the age of consent, Plaintiff was unable to, and did not, give meaningful consent to such acts.

163. As a direct, legal, and proximate result of the acts of the DOE PERPETRATOR, Plaintiff sustained serious and permanent injuries to his person, all of his damage in an amount to be shown according to proof and within the jurisdiction of the Court.

164. As a direct result of the sexual battery by the DOE PERPETRATOR, Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 40 of 75

FIRST AMENDED MASTER COMPLAINT

authority over Plaintiff including teachers, and supervisors, and in intimate, confidential and familial relationships, due to the trauma of childhood sexual assault inflicted upon him by Defendants. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness, anger and fear. As a direct result of the molestation by the DOE PERPETRATOR, Plaintiff has had issues with his personal life, such as issues with trust and control. These feelings have caused Plaintiff substantial emotional distress, guilt, anxiety, nervousness and fear.

165. In subjecting the Plaintiff to the wrongful treatment herein described, the DOE PERPETRATOR, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression under California *Civil Code* section 3294. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against the DOE PERPETRATOR, in a sum to be shown according to proof.

**TWELFTH CAUSE OF ACTION**
**SEXUAL ASSAULT**
**(Against Defendant DOE PERPETRATOR only)**

166. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

167. The DOE PERPETRATOR, in doing the things herein alleged, including intending to subject Plaintiff to numerous instances of sexual abuse and molestation, intended to cause harmful or offensive contact with Plaintiff's person, or intended to put Plaintiff in imminent apprehension of such contact.

168. In doing the things herein alleged, Plaintiff was put in imminent apprehension of a harmful or offensive contact by the DOE PERPETRATOR, and actually believed the DOE PERPETRATOR had the ability to make harmful or offensive contact with Plaintiff's person.

169. Plaintiff did not consent to the DOE PERPETRATOR intended harmful or offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such contact. Additionally, because Plaintiff was a minor during the time herein alleged, they lacked the ability to consent to sexual contact with any person.

37

170. In doing the things herein alleged, the DOE PERPETRATOR violated Plaintiff's right, pursuant to *Civil Code* section 43, of protection from bodily restraint or harm, and from personal insult. In doing the things herein alleged, the DOE PERPETRATOR violated his duty, pursuant to *Civil Code* section 1708, to abstain from injuring the person of Plaintiff or infringing upon his rights.

171. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

172. Plaintiff is informed and based thereon alleges that the conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of the DOE PERPETRATOR.

**THIRTEENTH CAUSE OF ACTION**
**GENDER VIOLENCE (*CIVIL CODE* §52.4)**
**(Against Defendant DOE PERPETRATOR only)**

173. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

174. The DOE PERPETRATOR's acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and assault of the minor Plaintiff constitute gender violence and a form of sex discrimination in that one or more of Defendants' acts would constitute a criminal offense under state law that has an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the

38

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 42 of 75
FIRST AMENDED MASTER COMPLAINT

victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or convictions.

175.     The DOE PERPETRATOR acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and assault of the minor Plaintiff constitute gender violence and a form of sex discrimination in that the DOE PERPETRATOR conduct caused a physical intrusion or physical invasion of a sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

176.     As a proximate result of the DOE PERPETRATOR's acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to *Civil Code* § 52.4, against the DOE PERPETRATOR

### FOURTEENTH CAUSE OF ACTION
### VIOLATION OF *PENAL CODE* § 288(a)
#### (Against Defendant DOE PERPETRATOR only)

177.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

178.     California *Penal Code* § 288(a) provides that "… a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.."

179.     The DOE PERPETRATOR engaged in lewd and lascivious acts with Plaintiff while Plaintiff was under eighteen years of age, in violation of California *Penal Code* § 288(a).

180.     Under California law, victims of childhood sexual abuse are entitled to bring civil actions for violations of *Penal Code* provisions that prohibit adults from engaging in sexual acts with minors, including *Penal Code* § 286(a)-(b)(1). *See Angie M. v. Superior Court*, (1995) 37 Cal.App.4th 1217, 1224-1225.

181.     The DOE PERPETRATOR's above-noted actions in engaging in lewd and

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 43
of 75

lascivious acts with the minor Plaintiff were the proximate and legal causes of physical, psychological, emotional, and economic damages Plaintiff has suffered and continues to suffer to this day. It also has resulted in Plaintiff incurring, and will require him to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

182. The above-described conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of Plaintiff, and was carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of him.

### FIFTEENTH CAUSE OF ACTION
### VIOLATION OF *PENAL CODE* § 647.6(a)(1)
### (Against Defendant DOE PERPETRATOR only)

183. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

184. California *Penal Code* § 647.6(a)(1) provides that "[e]very person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment."

185. The DOE PERPETRATOR sexually molested and annoyed the Plaintiff while Plaintiff was under eighteen years of age, in violation of California *Penal Code* § 647.6(a)(1).

186. Under California law, victims of childhood sexual abuse are entitled to bring civil actions for violations of *Penal Code* provisions that prohibit adults from engaging in sexual acts with minors, including *Penal Code* § 647.6(a)(1). *See Angie M. v. Superior Court*, (1995) 37 Cal.App.4th 1217, 1224-1225.

187. The DOE PERPETRATOR's above-noted actions in annoying and molesting the minor Plaintiff were the proximate and legal causes of physical, psychological, emotional, and economic damages Plaintiff has suffered and continues to suffer to this day. It also has resulted in

40

FIRST AMENDED MASTER COMPLAINT

Plaintiff incurring, and will require him to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

188.    The above-described conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of Plaintiff, and was carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of him.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for Judgment against Defendants as follows:

1.    For past, present and future general damages in an amount to be determined at trial;

2.    For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount to be determined at trial;

3.    Any appropriate statutory damages, including attorneys' fees;

4.    For costs of suit;

5.    For pre- and post-judgment interest as allowed by law;

6.    For attorney's fees pursuant to the aforementioned statutes and otherwise allowable by law:

a.    California *Code of Civil Procedure* § 1021.5;

b.    California *Code of Civil Procedure* § 1021.4 as to the DOE PERPETRATOR only;

c.    California *Civil Code* §52;

7.    With regard to the Tenth Cause of Action for Fraudulent Transfer, Plaintiff(s) request:

a.    A judgment declaring that the Transfer of Asset(s) were void and invalid;

41

1

        b.     A money judgment against the transferees of the Assets for the value of the Transferred Asset(s);

2

        c.     Imposition and enforcement of a lien in favor of Plaintiff(s) on the Transfer of Asset(s);

3

        d.     Other appropriate legal or equitable relief, including an attachment lien or other provisional remedy, an injunction against further disposition of the Transfer of Asset(s) or its proceeds, and/or the appointment of a receiver to take charge of the asset(s) transferred or its proceeds; and/or

4

5

        e.     In the alternative, that the Transfer of Asset(s) were void and invalid, a judgment declaring that the purported creation and purpose of the Transfer of Asset(s) was void and invalid, and that all assets held or previously held are subject to the claims of Plaintiff(s).

6

7

8

    8.     For such other and further relief as the court may deem proper.

9

10

Dated: May 23, 2023

11

                       **LIAKOS LAW, APC**

12

13

       By: _____

14

            Jennifer R. Liakos, Esq.
            Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

42

## **DEMAND FOR JURY TRIAL**

A trial by jury is hereby demanded by Plaintiff.

Dated: May 23, 2023

**LIAKOS LAW, APC**

By: _____

Jennifer R. Liakos, Esq.
Attorney for Plaintiff

# EXHIBIT A

JENNIFER R. LIAKOS, ESQ. (SBN #207487)
LIAKOS LAW, APC
955 Deep Valley Drive
Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066
Jenn@JennLiakosLaw.com

Attorney for Plaintiff LL John Doe JU

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| LL JOHN DOE JU, individually,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT DOE ARCHDIOCESE; DEFENDANT DOE PARISH and DEFENDANT DOE SCHOOL (collectively referred to herein as "DEFENDANT DOE PARISH"), DEFENDANT DOES 1 through 500, inclusive,<br><br>    Defendants.<br>_____<br><br>NORTHERN CALIFORNIA CLERGY CASES | Case No.: 22CV023613<br>JCCP    5108<br><br>Judge:      Hon. Evelio Grillo<br>Department:   21<br><br>**AMENDED** NOTICE OF ADOPTION FORM<br><br>**Plaintiff # 1548**<br><br>Alameda Superior Court Case No. |

**COMES NOW, PLAINTIFF #1548,** who, pursuant to the Court's Case Management Order, hereby submits this *Amended* Notice of Adoption of the *Amended* Master Complaint filed in the above captioned case. Plaintiff incorporates by reference only those causes of action marked below in this Notice of Adoption Form. Plaintiff agrees to be bound by any rulings with respect to the pleadings. And adopts any and all amendments made to the Master Complaint.

Plaintiff hereby adopts the following causes of action as alleged in the Master Complaint:

1. First Cause of Action: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS

1

ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

2. Second Cause of Action: HUMAN TRAFFICKING (*CIVIL CODE* §52.5)(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

3. Third Cause of Action: NEGLIGENCE (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

4. Fourth Cause of Action: NEGLIGENT SUPERVISION (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

5. Fifth Cause of Action: NEGLIGENT RETENTION/HIRING (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

6. Sixth Cause of Action: NEGLIGENT FAILURE TO TRAIN, WARN OR EDUCATE (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

7. Seventh Cause of Action: BREACH OF FIDUCIARY DUTY (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

8. Eighth Cause of Action CONSTRUCTIVE FRAUD (*CIVIL CODE* § 1573) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

9. Ninth Cause of Action: SEXUAL HARASSMENT (*CIVIL CODE* § 51.9) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER,

2

DOE PERPETRATOR and DOES 1 through 500) ☒

10. Tenth Cause of Action: FRAUDULENT TRANSFER (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

11. Eleventh Cause of Action: SEXUAL BATTERY (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

12. Twelfth Cause of Action: SEXUAL ASSAULT (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☒

13. Thirteenth Cause of Action: GENDER VIOLENCE (*Civil Code* § 52.4) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

14. Fourteenth Cause of Action: VIOLATION OF *PENAL CODE* § 288(a) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

15. Fifteenth Cause of Action: VIOLATION OF *PENAL CODE* § 647.6(a)(1) ((Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

Plaintiff also hereby adopts the following paragraphs as alleged in the Master Complaint:

| | | |
|---|---|---|
| 1. ☒ | 4. ☐ | 7. ☒ |
| 2. ☐ | 5. ☐ | 8. ☒ |
| 3. ☒ | 6. ☒ | 9. ☒ |

| | | |
|---|---|---|
| 10. ☒ | g. ☒ | 38. ☒ |
| 11. ☒ | h. ☒ | 39. ☒ |
| 12. ☐ | i. ☒ | 40. ☒ |
| 13. ☐ | j. ☒ | 41. ☐ |
| 14. ☒ | k. ☒ | 42. ☒ |
| 15. ☒ | l. ☒ | 43. ☒ |
| 16. ☐ | m. ☒ | 44. ☒ |
| 17. ☐ | 30. ☒ | 45. ☒ |
| 18. ☐ | a. ☒ | 46. ☐ |
| 19. ☐ | b. ☐ | 47. ☐ |
| 20. ☒ | 31. ☒ | 48. ☐ |
| 21. ☒ | a. ☒ | 49. ☐ |
| 22. ☒ | b. ☒ | 50. ☐ |
| 23. ☒ | 32. ☒ | 51. ☐ |
| 24. ☒ | 33. ☒ | 52. ☐ |
| 25. ☒ | 34. ☒ | 53. ☐ |
| 26. ☒ | 35. ☒ | 54. ☐ |
| 27. ☒ | 36. ☒ | 55. ☐ |
| 28. ☒ | a. ☒ | 56. ☐ |
| 29. ☒ | b. ☒ | a. ☐ |
| a. ☒ | c. ☒ | b. ☐ |
| b. ☒ | d. ☒ | c. ☐ |
| c. ☒ | e. ☒ | d. ☐ |
| d. ☒ | f. ☒ | 57. ☐ |
| e. ☐ | g. ☒ | 58. ☐ |
| f. ☒ | 37. ☒ | 59. ☐ |

| | | | | |
|---|---|---|---|---|---|
| 1 | 60. ☐ | 86. ☒ | 112. ☐ |
| 2 | 61. ☐ | 87. ☐ | 113. ☐ |
| 3 | 62. ☐ | 88. ☒ | 114. ☐ |
| 4 | 63. ☒ | 89. ☒ | 115. ☐ |
| 5 | 64. ☒ | 90. ☒ | a. ☐ |
| 6 | 65. ☒ | 91. ☒ | b. ☐ |
| 7 | 66. ☐ | 92. ☒ | c. ☐ |
| 8 | 67. ☐ | 93. ☒ | d. ☐ |
| 9 | 68. ☐ | 94. ☒ | e. ☐ |
| 10 | 69. ☐ | 95. ☒ | f. ☐ |
| 11 | 70. ☐ | 96. ☒ | 116. ☐ |
| 12 | 71. ☐ | 97. ☒ | a. ☐ |
| 13 | 72. ☐ | 98. ☒ | b. ☐ |
| 14 | 73. ☐ | 99. ☒ | c. ☐ |
| 15 | 74. ☐ | 100. ☒ | d. ☐ |
| 16 | 75. ☐ | 101. ☒ | e. ☐ |
| 17 | 76. ☒ | 102. ☒ | f. ☐ |
| 18 | 77. ☒ | 103. ☒ | 117. ☐ |
| 19 | 78. ☒ | 104. ☒ | 118. ☐ |
| 20 | 79. ☒ | 105. ☐ | 119. ☐ |
| 21 | 80. ☒ | 106. ☐ | 120. ☐ |
| 22 | 81. ☒ | 107. ☐ | 121. ☐ |
| 23 | 82. ☒ | 108. ☐ | 122. ☐ |
| 24 | 83. ☒ | 109. ☐ | 123. ☐ |
| 25 | 84. ☒ | 110. ☐ | 124. ☐ |
| 26 | 85. ☒ | 111. ☐ | 125. ☐ |

NOTICE OF ADOPTION

| | | |
|---|---|---|
| 126. ☐ | 152. ☐ | 176. ☐ |
| 127. ☐ | 153. ☐ | 177. ☐ |
| 128. ☐ | 154. ☐ | 178. ☐ |
| 129. ☐ | 155. ☐ | 179. ☐ |
| 130. ☐ | 156. ☐ | 180. ☐ |
| 131. ☐ | 157. ☐ | 181. ☐ |
| 132. ☐ | a. ☐ | 182. ☐ |
| 133. ☐ | b. ☐ | 183. ☐ |
| 134. ☐ | 158. ☐ | 184. ☐ |
| 135. ☐ | 159. ☐ | 185. ☐ |
| 136. ☐ | 160. ☐ | 186. ☐ |
| 137. ☒ | 161. ☐ | 187. ☐ |
| 138. ☒ | 162. ☐ | 188. ☐ |
| 139. ☒ | 163. ☐ | |
| 140. ☒ | 164. ☐ | |
| 141. ☒ | 165. ☐ | |
| 142. ☒ | 166. ☒ | |
| 143. ☒ | 167. ☒ | |
| 144. ☒ | 168. ☒ | |
| 145. ☒ | 169. ☒ | |
| 146. ☒ | 170. ☒ | |
| 147. ☒ | 171. ☒ | |
| 148. ☒ | 172. ☒ | |
| 149. ☒ | 173. ☐ | |
| 150. ☒ | 174. ☐ | |
| 151. ☐ | 175. ☐ | |

Plaintiff also alleges the following causes of action not alleged in the Master Complaint: ☐

### CAUSE OF ACTION SIXTEEN

**For _____**

**(Against Defendants _____ and DOES 1 through 500)**

189.    The PLAINTIFF re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action. ☐

190.    _____ ☐

191.    Defendants' actions were the legal and proximate cause of PLAINTIFF'S damages. ☐

192.    Plaintiff #___: was subjected to sexual abuse by Defendant DOE PERPETRATOR approximately ____times between approximately the following date(s):

Year (if known):_____ to Year (if known) _____

(*Please attach additional pages, if necessary*)

193. Cause of action for _____ ☐

194. Cause of action for _____ ☐

195. Cause of action for _____ ☐

196. Cause of action for _____ ☐

197. Cause of action for _____ ☐

196. Cause of action for _____ ☐


Factual Allegations Specific to Plaintiff  ☒

Venue is proper in this County because this case will be added to the coordinated proceeding currently pending before Judge Evelio M. Grillo in Department 21 of the Alameda County Superior Court.

Plaintiff, LL JOHN DOE JU, is an adult male born on Janaury 1, 1961.  Plaintiff is a current resident of Auburn, Placer County, California. The allegations set forth in this Complaint occurred in Santa Clara County, California.  Plaintiff was a minor, approximately 6 to 9 years old, when the sexual assault alleged herein occurred, beginning in approximately 1968 and continuing until approximately 1971.

7

NOTICE OF ADOPTION

of 75

Beginning in approximately 1968, Plaintiff was an altar boy, parishioner, member, and/or attendee of Defendant DOE PARISH in Mountian View, California. Upon information and belief, at all times relevant, Father George Moss was an ordained priest in the Roman Catholic Church and was assigned to Defendant DOE ARCHDIOCESE, Defendant DOE PARISH, Defendant DOE SCHOOL, and Defendant DOE RELIGIOUS ORDER. Plaintiff believed Father Moss was a trusted adult.

Beginning in approximately 1968, Father Moss began sexually abusing Plaintiff. Plaintiff was an altar boy and Father Moss would make Plaintiff help him dress. Once they were alone, Father Moss used the opportunity to sexually abuse Plaintiff. Father Moss fondled Plaintiff over and under his clothing, and progressed to Father Moss sodomozing Plaintiff. The abuse also occurred at Defendant DOE SCHOOL next to Defendant DOE PARISH. Father Moss made Plaintiff and other children line up after using the pool and washed each boy. While washing Plaintiff, Father Moss fondled Plaintiff's genitals and buttocks. Father Moss then made Plaintiff wash him and make Plaintiff touch his penis. The abuse occurred several times over an approximate three year period.

As a direct and proximate result of the wrongful conduct alleged herein, Plaintiff has suffered, and continues to suffer physical injury, shame, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### **PLAINTIFF'S PRAYER FOR RELIEF:**

1. For past, present and future general damages in an amount to be determined at trial; ☒
2. For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount to be determined at trial; ☒

8

NOTICE OF ADOPTION
of 75

3. Any appropriate statutory damages, including attorneys' fees; ☒

4. For costs of suit; ☒

5. For pre- and post-judgment interest as allowed by law; ☒

6. For attorney's fees pursuant to the aforementioned statutes and otherwise allowable by law: ☐

    a. California *Code of Civil Procedure* § 1021.5; ☒

    b. California *Code of Civil Procedure* § 1021.4 as to the DOE PERPETRATOR only; ☐

    c. California *Civil Code* §52; ☐

7. With regard to the Tenth Cause of Action for Fraudulent Transfer, Plaintiff(s) request: ☐

    a. A judgment declaring that the Transfer of Asset(s) were void and invalid; ☐

    b. A money judgment against the transferees of the Assets for the value of the Transferred Asset(s); ☐

    c. Imposition and enforcement of a lien in favor of Plaintiff(s) on the Transfer of Asset(s); ☐

    d. Other appropriate legal or equitable relief, including an attachment lien or other provisional remedy, an injunction against further disposition of the Transfer of Asset(s) or its proceeds, and/or the appointment of a receiver to take charge of the asset(s) transferred or its proceeds; ☐ and/or

    e. In the alternative, that the Transfer of Asset(s) were void and invalid, a judgment declaring that the purported creation and purpose of the Transfer of Asset(s) was void and invalid, and that all assets held or previously held are subject to the claims of Plaintiff(s). ☐

8. For such other and further relief as the court may deem proper. ☒

Plaintiff ___ also asserts the following damages prayer(s) not asserted in the Master Complaint: ☐

_____

_____

_____

Plaintiff makes a demand for a trial by jury. ☒

Dated: May 23, 2023

LIAKOS LAW, APC

By: _____
Jennifer R. Liakos, Esq.
Attorney for Plaintiff

NOTICE OF ADOPTION

# **PROOF OF SERVICE**

I am a resident of the State of New York and over the age of eighteen years, and not a party to the within action; my business address is 955 Deep Valley Drive, Suite 3900, Palos Verdes Peninsula, California 90274.

On the date signed below, I served ☐ the original or ☒ a true copy of the document(s):

1. **AMENDED COMPLAINT WITH NOTICE OF ADOPTION AS EXHIBIT A**

on the following interested parties in this action:

Paul E. Gaspari, Esq.
pgaspari@weintraub.com
blewis@weintraub.com
Wientraub Tobin Chediak Coleman Grodin Law Corporation
475 Sansome Street, Suite 150
San Francisco, CA 94111

Joseph P. Roddy, Esq.
jroddy@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, IL 60611

☒   BY E-MAIL / E-SERVICE: by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth above.

☐ BY U.S. MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Buffalo, New York in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FAX: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 23, 2023, at Buffalo, New York.

*Justine Mistretta*
Justine Mistretta

1
PROOF OF SERVICE

# Exhibit 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jennifer R. Liakos, Esq. (SBN #207487) <br> LIAKOS LAW, APC <br> 955 Deep Vally Drive, Suite 3900 <br> Palos Verdes Peninsula, CA 90274 <br> TELEPHONE NO.: (310) 961-0066    FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* Jenn@jennliakoslaw.com <br> ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED** <br> Superior Court of California <br> County of Alameda <br> 06/13/2023 <br> Chad Finke, Executive Officer / Clerk of the Court <br> By: _____ V. Hutton _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

| PLAINTIFF/PETITIONER: LL John Doe JU | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Defendant Doe Archdiocese, et al | 22CV023613 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Minute Order of 1/11/23; Notice of Related Case; Plaintiff's Notice of Posting Jury Fees; Order re Complex Determination; (continued on attachment)

3. a. Party served *(specify name of party as shown on documents served):* Defendant Doe Archdiocese

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: Pgaspari@weintraub.com & Blewis@weintraub.com

5. I served the party (check proper box)
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: LL John Doe JU | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Defendant Doe Archdiocese, et al | 22CV023613 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section):*
    Service was completed electronically via Notice and Acknowledgement of Receipt from jmistretta@jennliakoslaw.com on March 10, 2023

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☒ as the person sued under the fictitious name of *(specify):* Defendant Doe Archdiocese
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Justine Mistretta
  b. Address: 955 Deep Valley Drive, Suite 3900, Palos Verdes Peninsula, CA 90274
  c. Telephone number: (310) 961-0066
  d. **The fee** for service was: $
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 13, 2023

Justine Mistretta
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Justine Mistretta*
_____
(SIGNATURE)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LL John Doe JU v. Defendant Doe Archdiocese, et al | 22CV023613 |

**ATTACHMENT** *(Number):* 1 _____

*(This Attachment may be used with any Judicial Council form.)*

Notice of Case Management Conference; Ex-Parte Application for In Camera Review of Certificates of Merit; Order to Seal and Keep Confidential All Certificates of Merit; Order Granting Plaintiff's Application for In Camera Finding of Reasonable and Meritorious Cause for Filing of Action; Order to Seal and Keep Confidential All Certificates of Merit.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 2 **of** 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

*www.courtinfo.ca.gov*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jennifer R. Liakos, Esq. (SBN #207487)<br>LIAKOS LAW, APC<br>955 Deep Vally Drive, Suite 3900<br>Palos Verdes Peninsula, CA 90274<br>TELEPHONE NO: (310) 961-0066　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* Jenn@jennliakoslaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: LL John Doe JU

DEFENDANT/RESPONDENT: Defendant Doe Archdiocese, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22CV023613 |
|---|---|

TO *(insert name of party being served):* Defendant Doe Archdiocese

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Via Email - May 23, 2023

Justine Mistretta
_____
(TYPE OR PRINT NAME)

▶ *Justine Mistretta*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.

2. ☒ Other *(specify):* Civil Cover Sheet; Minute Order of 1/11/23; Notice of Related Case; Plaintiff's Notice of Posting Jury Fees; Order re Complex Determination; Notice of Case Management Conference; Ex-Parte Application for In Camera Review of Certificates of Merit; Order to Seal and Keep Confidential All Certificates of Merit; Order Granting Plaintiff's Application for In Camera Finding of Reasonable and Meritorious Cause for Filing of Action; Order to Seal and Keep Confidential All Certificates of Merit; Amended Complaint.

*(To be completed by recipient):*

Date this form is signed: June 9, 2023

Daniel C. Zamora on behalf of Defendant
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

The Roman Catholic Archbishop of San Francisco,
A Corporation Sole

▶ *Daniel C. Zamora*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Electronically Received 06/15/2023 06:19 AM

FILED
Superior Court of California
County of Alameda
07/06/2023
Chad Finke , Executive Officer / Clerk of the Court
By: _____ Deputy
A. Hewitt

1  JENNIFER R. LIAKOS, ESQ. (SBN #207487)
2  LIAKOS LAW, APC
   955 Deep Valley Drive
3  Suite 3900
   Palos Verdes Peninsula, CA 90274
4  (310) 961-0066
   Jenn@JennLiakosLaw.com
5
6  Attorney for Plaintiff LL John DOE JU

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF ALAMEDA

9

10 Coordinated Proceeding                  | JCCP No.: 5018
   Special Title (Rule 3.550)              | Case No: 22CV023613
11 **NORTHERN CALIFORNIA CLERGY**
   **CASES**                               | JCCP 5108
12 _____        | Judge: Hon. Evelio Grillo
                                           | Coordination Trial Judge
13 LL JOHN DOE JU, individually,           | Department: 21

14          Plaintiff                      | **[PROPOSED]** ORDER GRANTING
                                           | STIPULATION BY PARTIES TO ADD-ON
15      vs.                                | FILED ALAMEDA COUNTY NORTHERN
                                           | CALIFORNIA CLERGY CASE LL JOHN
16                                         | DOE JU TO JCCP 5108
   DEFENDANT DOE ARCHDIOCESE;
17 DEFENDANT DOE PARISH and
   DEFENDANT DOE SCHOOL (collectively
18 referred to herein as "DEFENDANT DOE
   PARISH") DEFENDANT DOE
19 RELIGIOUS
   ORDER, DEFENDANT DOES 1 through
20 500, inclusive,

21          Defendants.

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Pursuant to the stipulation entered into by parties, by and through their respective

counsel, the following case currently filed in Alameda County involving CCP § 340.1.

allegations of childhood sexual assault against DEFENDANT DOE DIOCESE, et al., is hereby

added-on to the coordinated proceeding *In Re: Northern California Clergy Cases,* JCCP 5108:

- *LL JOHN DOE JU, individually, v. DEFENDANT DOE DIOCESE, et al,*
  Alameda County Superior Court Case No. 22CV023613, filed December 12,
  2022

All further proceedings in the case listed above is STAYED.

Plaintiff's counsel in the above listed case is ORDERED to file the subject Stipulation

and Order in each included action within 5 days of the date of this Order.

**IT IS SO ORDERED.**

DATE:   07/06/2023

_____

Hon. Evelio Grillo

Coordination Trial Judge

**Evelio Grillo / Judge**

**PROOF OF SERVICE**

I am a resident of the State of New York and over the age of eighteen years, and not a party to the within action; my business address is 955 Deep Valley Drive, Suite 3900, Palos Verdes Peninsula, California 90274.

On the date signed below, I served ☐ the original or ☒ a true copy of the document(s):

1. **ORDER GRANTING STIPULATION BY PARTIES TO ADD-ON FILED ALAMEDA COUNTY NORTHERN CALIFORNIA CLERGY CASE LL JOHN DOE JU TO JCCP 5108**

on the following interested parties in this action:

Paul E. Gaspari, Esq.
Pgaspari@weintraub.com
Blewis@weintraub.com
Mcooper@weintraub.com
Mkong@weintraub.com
Wientraub Tobin Chediak Coleman Grodin Law Corporation
475 Sansome Street, Suite 150
San Francisco, CA 94111

Michael T. Zeller, Esq.
Michaelzeller@quinnemanuel.com
Dylanbonfigli@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

☒ BY E-MAIL / E-SERVICE: by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth above.

☐ BY U.S. MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Buffalo, New York in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FAX: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

1

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 21, 2023, at Buffalo, New York.

2

3

4
                                    *Justine Mistretta*

5
                                    Justine Mistretta

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Case: 23-30564   Doc# 1121   Filed: 04/01/25   Entered: 04/01/25 17:21:49   Page 68 of 75

# Exhibit 3

Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
    WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com
               mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP<br>OF SAN FRANCISCO,<br><br>        Debtor and<br>        Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>Date:    March 13, 2025<br>Time:    1:30 p.m.<br>Judge:  Hon. Dennis Montali |

**DEBTOR'S STATUS CONFERENCE STATEMENT FOR
MARCH 13, 2025, STATUS CONFERENCE**

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor"), submits this Status Conference Statement pursuant to the Court's Docket Text Order dated March 5, 2025.

1.     On August 21, 2023, the Debtor filed a voluntary Chapter 11 Bankruptcy Petition. The Debtor remains in possession of its estate, no trustee having been appointed.  The Debtor is operating and managing its business as a debtor in possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code.  On September 1, 2023, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") [ECF No. 58].

2.     The RCASF filed this bankruptcy case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF.

3.     Virtually all of the Chapter 11 diocesan or religious organization bankruptcy cases filed prior to the Debtor's filing that have proceeded through plan confirmation have resulted in consensually confirmed reorganization plans, the exceptions being some non-settling insurers.  In all of those cases, the terms for a consensual reorganization plan were reached following a mediation process in which the debtor, non-debtor entities, insurers and the creditors' committee representing the interests of survivors of sexual abuse participated.

4.     Here, the Debtor filed a motion for entry of an order referring parties to global mediation, the selection of a mediator(s), and granting related relief [ECF No. 635] (the "Mediation Motion").  The Mediation Motion was joined by the Committee [ECF No. 641].[1]  After a hearing, the Court issued its memorandum of decision referring the parties to global mediation and resolving certain disputed terms of the proposed order ("Mediation Order").  [ECF No. 747].  The Mediation

---

[1]     The Committee's joinder, while reserving discovery rights, indicated that it "enthusiastically supports" the appointment of the mediators of its own selection.  [ECF No. 641 at p. 3].  Its reply to certain insurers' response indicated Committee support for the purpose of the mediation motion: "the appointment of two highly-qualified mediators so the parties can begin mediation as expeditiously as possible."  [ECF No. 683 at p. 2 ].  The Insurers' pleading indicated "support [for] mediation" and their intention "to actively participate in mediation to achieve a consensual settlement, as the Insurers have done repeatedly in other bankruptcy proceedings involving Catholic dioceses."  [ECF No. 668 at p. 2].

Order appointed the Hon. Daniel J. Buckley (Ret.), the Hon. Christopher S. Sontchi (Ret.), and Timothy V.P. Gallagher as mediators (collectively, the "Mediators").

5.      In preparation for the mediation sessions, the Debtor, the Non-Debtor Entities, and Committee-subpoenaed third parties have produced thousands of pages of documents to the Committee in a transparent and mostly cooperative process. A substantial part of the professional fees incurred in this case so far have been for the Committee's discovery.[2]

6.      In addition to its good faith efforts to be transparent, the Debtor has evaluated and strategized on its insurance resources. There are approximately 14 insurers with various primary and excess policies spanning a period of approximately 70 years, which are impacted by the survivor claims. The Debtor has met and conferred with these insurers to discuss policy issues, information sharing, claims evaluation, and coverage issues to develop strategy and prepare for and participate in mediation.

7.      The Debtor and the Committee have entered into a plan "standstill agreement" whereby the parties agreed not to unilaterally file or solicit a plan of reorganization for the next six months, with the ability to terminate that agreement upon 45 days' notice. [ECF No. 999 and 1002].

8.      Without waiving or violating the mediation privilege, the Debtor can report that there have been four in person mediation sessions with the Mediators, the Debtor, the Committee and Insurers.[3] The Mediators have dates set for further mediation sessions into the summer.

9.      In the view of the Debtor's professionals, most of which have significant experience in clergy abuse matters, the mediation is progressing well and as expected. The mediation process is just that, a process. That process is at its beginning stages, is ongoing and is expected to be fruitful, especially with the assistance of our experienced Mediators. If the Court has questions about the status of the mediation, the Debtor suggests that the Court speak with the mediators as has

---

[2]      For the Court's reference, the Committee's Rule 2004 applications may be found at ECF Nos. 292, 496, 630, 849, and 855. Those applications are in addition to discovery from the insurers via letters.

[3]      The majority of the participation has been in person, but some participants appeared by video.

been done in other cases. *See e.g., In re The Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846 (U.S. Bankr. E.D. La.) at Docket No. 3809 (order setting status conference with mediators to attend); *In re The Roman Catholic Diocese of Albany, New York*, Case No. 23-10244 (U.S. Bankr. N.D.N.Y.) at Docket No. 1511 (order approving stipulation allowing court to contact mediators regarding the current status of the mediation, the positions taken by the mediation parties, and any recommendations by the mediators as to how to bring the case to a resolution as soon as possible).

10. Other items pending before the Court at this time include the following:

    a. The Committee's motion for relief from stay to try "test" cases in state court is set for hearing on March 27, 2025. [ECF No. 1015]. The Debtor will be opposing the motion on numerous grounds, one of which will be that the motion is premature given the status of the mediation process.

    b. Interim fee applications for all estate professionals are set for hearing on April 10, 2025.

11. As the Court may recall, the pre-petition litigation filed against the RCASF and related co-defendants is pending in the Alameda County Superior Court in a joint coordinated proceeding commonly referred to as the JCCP 5108. *See* Declaration of Paul Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions at ECF No. 15. The state court in that matter is considering allowing the cases against the RCASF (and other diocesan chapter 11 debtors) to proceed as to non-debtor co-defendants. Here, those co-defendants include Catholic Charities CYO of the Archdiocese of San Franciso and the Roman Catholic Seminary of San Francisco aka St. Patrick's Seminary. These co-defendants are covered by the same insurance applicable to the RCASF, so any incurring of defense costs or payment of settlements by the related entities with those mutual insurance assets also will impact the insurance coverage available to settle claims filed against the RCASF. These co-defendants have participated in the bankruptcy case by producing substantial discovery to the Committee with a goal of contributing toward a global settlement. For these reasons and many others, the RCASF may be seeking relief from this Court as to the scope of

the automatic stay and enjoining the continuation of the state court actions against co-defendants under section 105 of the Bankruptcy Code.

12.     Since 2004, there have been approximately 40 Catholic diocese or religious orders that have filed chapter 11.[4] Publicly available information exists on the global settlement amounts that formed the basis for the consensual chapter 11 plans.[5] When the statute of limitations was previously reopened in California for the first time, referred to commonly as Clergy III, four jury trials occurred, including two involving the RCASF. There is an abundance of recent data on child abuse settlements and jury verdicts in California from the last five years. There has been a proliferation of abuse lawsuits against non-Catholic entities (e.g., public school districts, sporting organizations, daycare, scouting, etc.) resulting in numerous recent abuse settlements and verdicts. By way of a simple verdict and settlement search in Lexis or Westlaw, anyone can access current "market" values for abuse settlements and verdicts in California. Given this information, there is no reason why the parties should not be able to resolve this matter in mediation.

13.     The Debtor firmly believes in the mediation process, the Mediators and the parties' good faith commitments to participate in mediation to achieve a global resolution in this case. The Chapter 11 process has created a structure for the transparent provision of information to the Committee and Insurers (which is substantially accomplished), all constituents have professional representation, professional and experienced mediators are in place, and there is a framework for the parties to negotiate a global settlement.

///

///

///

///

///

---

[4]     *See* Reilly, Marie T., "A: Case Information" (2024). *Catholic Dioceses in Bankruptcy*. 37. https://elibrary.law.psu.edu/bankruptcy/37.

[5]     *See* Reilly, Marie T., "B: Outcomes of Cases" (2024). *Catholic Dioceses in Bankruptcy*. 36. https://elibrary.law.psu.edu/bankruptcy/36.

14.  Subject to the Court's discretion, the Debtor believes it would be helpful to the process to schedule a further status conference in three to four months.

Dated: March 12, 2025

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By:  /s/ Paul J. Pascuzzi
Paul J. Pascuzzi
Jason E. Rios
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: March 12, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  /s/ Ori Katz
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco