Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone:   (916) 329-7400
Facsimile:    (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com
               mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   (415) 434-9100
Facsimile:    (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S FOURTH MOTION FOR EXTENSION OF DEADLINE FOR REMOVAL OF CIVIL ACTIONS [28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027]**<br><br>Date:     May 8, 2025<br>Time:    1:30 p.m.<br>Location: Via ZoomGov<br>Judge:   Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession ("RCASF" or "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files this Fourth Motion for Extension of Deadline for Removal of Civil Actions (the "Motion") pursuant to 28 U.S.C. § 1452 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtor requests entry of an order further extending the deadline by which the Debtor may file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline") by one hundred and eighty-five (185) days from May 23, 2025, through and including November 24, 2025. In support of this Motion, the Debtor relies upon the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF No. 14] ("Passarello Background Decl."), the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF No. 15] ("Gaspari Decl."), and all exhibits filed in support thereof. A copy of the proposed order is attached hereto as **Exhibit 1**. In further support of this Motion, Debtor relies upon the following points and authorities:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory basis for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

2. Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

3. On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. [ECF No. 1]. The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 1, 2023, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "Committee") in this Bankruptcy Case pursuant to section 1102 of the Bankruptcy Code. [ECF No. 58]. On October 24, 2023, the Court approved the Committee's employment of Pachulski Stang Ziehl & Jones LLP as its counsel. [ECF No. 237].

5. The RCASF filed this Bankruptcy Case to reorganize its financial affairs pursuant to a plan of reorganization that will, among other things, fairly, justly, and equitably compensate survivors of sexual abuse by clergy or others associated with the RCASF and bring healing to survivors, parishioners and others affected by past acts of sexual abuse. The RCASF requires the Bankruptcy Court's protection and the protection of the bankruptcy laws to make fair and equitable payment on all of the claims against it, including the claims by survivors of abuse, trade creditors, and others, while continuing its ministries and support it offers to Catholic parishes and communities. *See* Passarello Background Decl. ¶ 60-61.

6. On October 27, 2023, this Court entered its Order Granting Debtor's Motion for Extension of Deadline for Removal of Civil Actions [28 U.S.C. § 1452 and Bankruptcy Rule 9027] at ECF No. 253. This order extended the deadline to remove claims or causes of action in a civil proceeding for one hundred eighty-five (185) days from November 20, 2023, through and including May 23, 2024.

7. On May 10, 2024, this Court entered its Order Granting Debtor's Second Motion for Extension of Deadline for Removal of Civil Actions [28 U.S.C. § 1452 and Bankruptcy Rule 9027] at ECF No. 634. This order extended the deadline to remove claims or causes of action in a civil proceeding for one hundred and eighty (180) days from May 23, 2024, through and including November 19, 2024.

8. On October 31, 2024, the Court entered its Order Granting Debtor's Third Motion for Extension of Deadline for Removal of Civil Actions [28 U.S.C. § 1452 and Bankruptcy Rule 9027] at ECF No. 907. This order extended the deadline to remove claims or causes of action in a civil proceeding for one hundred and eighty-five (185) days from November 19, 2024, through and including May 23, 2025.

9. On November 21, 2023, this Court entered its Order (1) Fixing Time for Filing Proof of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice [ECF No. 337] ("Bar Date Order"), setting February 20, 2024, as the deadline for creditors, including potential Survivor Claimants (as defined in the Bar Date Order) to file claims against the Debtor. As approved by the Bar Date Order, the Debtor has

undertaken an extensive effort to provide notice and to coordinate local, regional, and national publication of the Bar Date to creditors, survivors, and other parties in interest. The Debtor's statement and summary of steps taken to comply with the Bar Date Order was filed on April 15, 2024. [ECF No. 587].

10. On July 15, 2024, this Court entered its Order Referring Case to Mediation and Appointing Mediator ("Mediation Order"). [ECF No. 747]. The Mediation Order appointed the Hon. Daniel J. Buckley (Ret.), Timothy V.P. Gallagher, and the Hon. Christopher S. Sontchi (Ret.) as mediators (collectively, the "Mediators"). As set forth below, the Debtor has had five in-person mediation sessions with other mediation sessions scheduled over the next several months. The Debtor and the Committee agreed to a "standstill agreement" regarding the filing of a chapter 11 plan while mediation continues [ECF No. 999].

### III. RELIEF REQUESTED

11. By this Motion, the Debtor requests entry of an order extending the current Removal Deadline of May 23, 2025, by 185 days through and including November 24, 2025, for all matters encompassed by Bankruptcy Rule 9027(a)(2) and (3), without prejudice to further extensions.

### IV. BASIS FOR RELIEF REQUESTED

12. As noted in the Gaspari Decl. and Passarello Background Decl., the Debtor is informed and believes that approximately 537 complaints have been filed in the Joint Coordinated Proceeding No. 5108 pending in Alameda Superior Court, although the RCASF may not have been served with all of them yet. The Debtor has filed its Schedules and Statement of Financial Affairs identifying each of the actions of which the Debtor was aware as of the initial schedules filing date of September 21, 2023. [*See* ECF Nos. 152 and 153]. The Debtor may become aware of other complaints hereafter (such actions, together with any other civil action to which the Debtor is, or may become, a party, collectively, the "Civil Actions").

13. Approximately 541 Survivor Claimants (as defined in the Bar Date Order) have filed confidential Survivor Claims against the Debtor.

14. The Debtor's counsel informed Committee counsel that the Debtor would be filing this Motion. The Debtor will provide notice of this Motion to the attorneys for each of the litigation

counterparties to the Civil Actions (the "Litigation Counterparties") and will file an affidavit of service reflecting such service.

15. The RCASF intends to negotiate a plan of reorganization as early as possible which will: (a) allocate the RCASF's remaining assets fairly among the legitimate competing interests for such property; (b) provide a process to fully, fairly and expeditiously liquidate claims of abuse survivors; and (c) permit the RCASF to carry on the RCASF's essential ministries and services so the RCASF can continue to meet the needs of the Non-Debtor Catholic Entities, parishioners, and others who rely on the RCASF's ministry, education, and charitable outreach. Passarello Background Decl. ¶ 63.

16. There have been about 30 or so Catholic Diocese or Archdiocese chapter 11 cases over the years. Many of those cases follow a similar path involving global mediation with all parties in interest including the Debtor, the Committee, insurance companies and relevant related and co-defendant parties.

17. The Debtor has been and continues to work towards the steps that have been successful in other Catholic Diocese cases for a productive mediation. This includes exchanging information among the Debtor, Committee, insurers, and related parties; the Debtor and the Committee working together on the abuse claims noticing and filing procedures (approved by court order at ECF No. 337); determining a course to stay the litigation against co-defendants, additional insured parties, and potential contributors to a reorganization plan settlement; selection and appointment of an unknown claims representative; selection of the mediators (approved by court order at ECF No. 747); and mediation. The results of the mediation typically form the basis for the chapter 11 plan of reorganization.

18. Since the Petition Date, the Debtor has worked diligently on these matters, including the filing and adjudication to interim orders of six "first day" motions, employment of the professionals needed to administer this Chapter 11 case, entry of the Bar Date Order, and entry of the Mediation Order.

19. The Debtor's efforts have also included extensive discovery pursuant to the Court's order on the Committee's Rule 2004 Application [*See* ECF No. 383], and a detailed Stipulated

Protective Order [ECF No. 374], which governs the production of records to the Committee in response to the Committee's discovery requests under the Rule 2004 Application (the "<u>Committee Discovery Requests</u>") [*See* ECF No. 374] and the Court's order granting the Committee's additional *ex parte* application under Bankruptcy Rule 2004 [ECF No. 633].

20. The Debtor also has produced documents to the insurers pursuant to their *ex parte* application under Bankruptcy Rule 2004 [ECF No. 571] and the Court's Order Approving Stipulation Clarifying Language in Stipulated Protective Order Dated December 15, 2023. [ECF No. 801]. The Debtor has provided access to discovery to insurers which have executed the confidentiality agreement pursuant the protective order.

21. The Debtor believes that discovery is substantially complete.

22. In accordance with the Bar Date Order, the Debtor provided the Committee and certain Insurers (after review and execution by each of the Claims Confidentiality Agreement approved by the Bar Date Order) with access to confidential claims filed by Survivor Claimants.

23. As set forth above, on July 15, 2024, the Court entered the Mediation Order. [ECF No. 747]. The Debtor has had five in-person mediation sessions with other mediation sessions scheduled over the next several months. The Debtor, Committee and Insurers anticipate further meetings with the Mediators as the mediation process continues. The Debtor and the Committee have agreed to a "standstill agreement" regarding the filing of a chapter 11 plan while mediation continues. [ECF No. 999].

24. The foregoing along with the ongoing mediation efforts toward a chapter 11 plan warrant a further extension of the deadline for removal.

## V. LEGAL BASIS FOR RELIEF REQUESTED

25. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 governs the removal of pending civil actions related to chapter 11 cases. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Bankruptcy Rule 9006(b)(1) permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027 "for cause shown . . . if the request therefor is made before the expiration of the period originally prescribed."

///

26. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

27. Bankruptcy Rule 9027(a)(2) provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

28. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed within the shorter of these periods:

> (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

29. Under Bankruptcy Rule 9006(b), the Court may extend unexpired time periods, such as the Debtor's removal period, with or without notice:

> …the court may—at any time and for cause—extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires…

Fed. R. Bankr. P. 9006(b).

30. It is well settled that bankruptcy courts may extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear") *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the

Bankruptcy Rules); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 49 (Bankr. S.D.N.Y. 1989) (period in which to file motion for removal may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

31. As noted above, the Debtor is party to numerous Civil Actions. Since the filing of this Chapter 11 Case, the Debtor has focused a substantial amount of its time on issues related to its operations, the preparation of its schedules and statement of financial affairs, on addressing all of the issues related to transitioning its affairs to acting as a debtor in possession, and other issues necessary to move toward productive mediation. Further, the Debtor has made significant progress to prepare for and participate in mediation. The Debtor has provided documents to the Committee and Insurers such that discovery is substantially complete, has been assessing the claims filed by Survivor Claimants, conferring with the Committee and the Insurers regarding the proposed mediation, has obtained the Mediation Order, and pursuant to such order, the mediation process has commenced and is ongoing. The Debtor, Committee and Insurers anticipate further meetings with the Mediators as the mediation process continues.

32. Given the substantial progress that has been made and the circumstances of this case, the Debtor believes it is premature to decide whether it is appropriate to file notices of removal with respect to the Civil Actions and that the interests of all parties are served by extending the deadline for removal. Further, removing the large number of pending Civil Actions prior to a determination of whether removal will benefit the parties is an enormous task that should only be taken after careful consideration and necessity.

33. There is cause to extend the time prescribed under Bankruptcy Rule 9027(a), through and including November 24, 2025, to protect the Debtor's right to remove any Civil Actions it may deem appropriate. The extension sought will afford the Debtor a reasonable period to determine whether to remove any pending Civil Actions and will ensure that the Debtor does not forfeit valuable rights under 28 U.S.C. 1452 and Bankruptcy Rule 9027 prematurely. Further, the rights of the Debtor's adversaries will not be prejudiced by such an extension because any party to

an action that is removed may seek to have it remanded to the state court from which it came pursuant to 28 U.S.C. § 1452(b). Moreover, the extension will promote the efficient administration of the estate given the extraordinary circumstances of hundreds of pending lawsuits, and the effort to achieve a consensual plan.

34. The Debtor further requests that the order approving this Motion be without prejudice to (a) any position the Debtor may take on whether section 362 of the Bankruptcy Code stays any given Civil Action pending against the Debtor, and (b) the right of the Debtor to seek further extensions of the Removal Deadline.

35. For the reasons stated above, the Debtor submits that the relief requested herein is appropriate and in its best interests, as well as in the best interests of its estate and creditors. Other courts have routinely granted similar requests by debtors for extensions of the removal period. *See, e.g., In re The Roman Catholic Bishop of Santa Rosa*, Case No. 23-10113 (Bankr. N.D. CA Nov. 26, 2024) [ECF No. 995] (fourth extension of removal deadline by additional 182 days); *In re The Roman Catholic Bishop of Oakland*, Case No. 23-40523 (Bankr. N.D. CA March 3, 2025) [ECF No. 1797] (fourth extension of removal deadline by additional 179 days); *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-bk-30088-DM (Bankr. N.D. Cal May 29, 2019) [ECF No. 2278] (extending deadline by 182 days); *Roman Catholic Diocese of Harrisburg*, Case No. 1:20-bk-000599 (Bankr. M.D. Penn.) January 31, 2023 [ECF No. 1508] (10th extension of removal deadline); *The Roman Catholic Diocese of Rockville Centre*, Case No. 20-bk-00599 (Bankr. M.D. Pa. Sept. 18, 2020) [ECF No. 437]; *In re On Marine Sers. Co. LLC*, Case No. 20-20007 (Bankr. W.D. Pa. March 17, 2020) [ECF No. 107] (extending removal deadline by 120 days); *In re Wordsworth Acad., et al.*, Case No. 17-14463 (Bankr. E.D. Pa. Oct. 18, 2017) [ECF No. 359] (extending removal deadline by 125 days); *In re Chaparral Energy, Inc.*, Case No. 16-11144 (Bankr. D. Del. Aug. 15, 2016) [ECF No. 406] (extending removal deadline by 120 days); *In re Cal Dive Int'l.*, Case No. 15-10458 (Bankr. D. Del. June 18, 2015) [ECF No. 494] (same); *In re QCE Fin. LLC*, Case No. 14-10543 (Bankr. D. Del. Feb. 24, 2015) [ECF No. 630] (same); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. July 16, 2014) [ECF No.

///

1590] (extending removal deadline by 180 days); *In re Caribbean Petroleum Corp.*, Case No. 10-12553 (Bankr. D. Del. June 2, 2014) [ECF No. 2086] (extending deadline by 120 days).

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that this Court enter an order, in substantially the form attached hereto as ***Exhibit 1***, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 9, 2025

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Jason E. Rios*
Paul J. Pascuzzi
Jason E. Rios
Thomas R. Phinney
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: April 9, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco

**Exhibit 1**

**[Proposed Order Extending Time for Removal]**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING DEBTOR'S FOURTH MOTION FOR EXTENSION OF DEADLINE FOR REMOVAL OF CIVIL ACTIONS [28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027]**<br><br>Date:     May 8, 2025<br>Time:    1:30 p.m.<br>Location: Via ZoomGov<br>Judge:   Hon. Dennis Montali |

Upon consideration of the motion (the "Motion") for entry of an order (this "Order") extending the Removal Deadline by one hundred eighty-five (185) days, without prejudice to the Debtor's right to seek further extensions of the same, all as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is hereby GRANTED as set forth herein.

    2.    Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9027 and 9006, the deadline to remove claims or causes of action in a civil proceeding is extended one hundred eighty-five (185) days from May 23, 2025, through and including November 24, 2025.

3. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Order is without prejudice to (a) any position the Debtor may take on whether section 362 of the Bankruptcy Code stays any litigation pending against the Debtor, or (b) the Debtor's right to seek further extensions of the Removal Deadline.

5. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

***END OF [PROPOSED] ORDER***