Entered on Docket
April 9, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: April 9, 2025**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 23-30564-DM |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | ) |
| | ) Chapter 11 |
| Debtor. | ) |

**ORDER GRANTING MOTION TO ALLOW FILING OF LATE CLAIM**

On March 3, 2025, movant Daniel Eichhorn ("Movant") filed a Motion to Enlarge The Claims Bar Date to Accept a Late Filed Proof of Claim ("Motion") (Dkt. 1036). On March 27, 2025, Debtor filed an Objection to the Motion (Dkt. 1109) and the Official Committee of Unsecured Creditors filed a Reservation of Rights (Dkt. 1110) regarding the claim but did not oppose the relief requested. For the reasons set forth below, the court will GRANT the Motion.

**I. Discussion**

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr.

Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

Neither the Debtor nor the court question the Movant's good faith. The court considers the remaining *Pioneer* factors below.

Here, the delay is long—over one year after the Claims Bar Date passed on February 20, 2024. This length of delay in seeking allowance of the late filed claim is certainly on the outer bounds of acceptability without further explanation. Movant explains that he only began to come to terms with the abuse he had suffered in mid-2024, and did not discover that a bankruptcy had been filed until late September 2024. He then sought counsel, which he did not find and hire until January 29, 2025. Within a month of hiring counsel, the Motion was filed. In his Reply (Dkt. 1125), Movant blames his lack of knowledge of the bankruptcy on the Debtor for not directly contacting him and all other alumni of Catholic schools who attended at the time Father Pritchard, a known and prolific perpetrator of abuse, also worked at those schools. This blame is unfounded. The court's Bar Date Order (Dkt. 337) authorized Debtor to contact

all known potential Survivor Claimants—those who had filed lawsuits against the Debtor prior to the bankruptcy filing. The Bar Date Order also authorized and directed Debtor to "request that each Parish and school within the geographic limits of the Archdiocese provide access to its contact lists, and as permitted [Debtor] shall mail a copy of the Publication Notice . . . to each household and address on such contact list." (Bar Date Order at Para. 13). The Bar Date Order further directed the Debtor to publish the Claims Bar Date to all unknown Survivor Claimants via the Debtor's website, along with requests for publication on two well-known websites dedicated to support of survivors of clergy abuse. The Bar Date Order further directed Debtor to publish the Claims Bar Date in two national, and seventeen regional newspapers. The Debtor was also directed to publish the Claims Bar Date in parish bulletins and across the Debtor's social media.

Despite this comprehensive noticing campaign, the court accepts, in this instance, that Movant is truthful in that he had no knowledge of Debtor's bankruptcy until late September 2024, after which he moved as quickly as was feasible to retain counsel and file a proof of claim, meaning such delay was reasonable.

The prejudice to the Debtor and the impact on judicial proceedings is minimal. The Debtor is currently mediating a global resolution to all claims and has not yet proposed a plan. Debtor itself has also stated its view that the mediation process is in its "early stages" (Dkt. 1083 at Page 8), meaning one more proof of claim (that may yet be disallowed for reasons

Case: 23-30564   Doc# 1137   Filed: 04/09/25   Entered: 04/09/25 16:30:34   Page 3 of 6

other than timeliness) will not jeopardize the settlement process.

**II.   Conclusion**

For the reasons stated above, the court hereby GRANTS the Motion and drops it from the April 10, 2025 calendar.  Movant shall file, if he has not already, his Proof of Claim and Confidential Survivor Supplement with the claims and noticing agent for the Debtor, Omni Agent Solutions, Inc., pursuant to the instructions on those aforementioned documents.

The court FURTHER ORDERS that:

1)   Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to the claim of Movant on any grounds except for the timeliness of the filing of Movant's claim, pursuant to Federal Rule of Bankruptcy Procedure 3007 or any other applicable law, or any procedure approved by the Bankruptcy Court with respect to the same.  All parties' rights and defenses with respect to any objection to Movant's claim are expressly reserved, including without limitation any time-bar or statute of limitations defenses (other than timeliness of the filing of Movant's claim).

2)   Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to *other* claims not filed prior to the February 20, 2024, Bar Date, for which a corresponding motion to allow late-filed claim(s) is pending or has not yet been filed, on any grounds.  All parties' rights and defenses with respect to *other* claims not timely filed by the February 20, 2024, Bar

-4-

Case: 23-30564    Doc# 1137    Filed: 04/09/25    Entered: 04/09/25 16:30:34    Page 4 of 6

Date are expressly reserved, including without limitation any time-bar or statute of limitations defenses (including the timeliness of the filing of the *other* claims).

**END OF ORDER**

COURT SERVICE LIST

ECF Recipients