Jennifer R. Liakos (SBN 207487)
jenn@jennliakoslaw.com
Kaelyn E. Urrea (SBN 351091)
kaelyn@jennliakoslaw.com
LIAKOS LAW, APC
955 Deep Valley Drive, Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066

*Attorneys for Movant LL John Doe JU*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor and Debtor In Possession, | Case No.: 23-30564<br><br>Chapter 11<br><br>**CLAIMANT'S REPLY REGARDING MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**<br><br>Date: May 8, 2025<br>Time: 1:30 p.m.<br>Location: Remotely Via Zoom<br>Judge: Honorable Dennis Montali |

Case: 23-30564    Doc# 1176    Filed: 05/01/25    Entered: 05/01/25 14:11:15    Page 1 of 5

**CLAIMANT'S REPLY REGARDING MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**

## I. INTRODUCTION

Movant LL John Doe JU's ("Movant") Motion to Enlarge the Claims Bar Date to Accept a Late Filed Proof of Claim is proper. Debtor cannot (and has not) shown it would be meaningfully prejudiced by the inclusion of the additional claim in the bankruptcy action. In fact, inclusion of Movant's claim would add him to the bankruptcy before a plan or disclosure statement is filed by the Debtor, as Debtor has indicated no plan will be finalized in the next six months and mediation negotiations are in their infancy. As stated in Movant's Motion, Movant's claim form was not timely filed due to the excusable neglect of his counsel Liakos Law, and he seeks relief under the provisions of the Federal Rule of Bankruptcy Procedure 9006(b)(1). The facts and circumstances surrounding this Motion do not suggest Movant acted with anything but good faith.

## II. LEGAL ARGUMENT

### A. *Pioneer* Excusable Neglect Analysis

As stated in Movant's Motion to Enlarge the Claims Bar Date, the bankruptcy courts have "broad equitable powers to balance the interests of the affected parties," and the exercise of this power in Chapter 11 cases should be employed in an equitable fashion "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

When determining whether excusable neglect can permit late filed proof of claims the court should consider the factors set out in *Pioneer*, which include: (1) whether granting the extension will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Id.* at 385. Likewise, the court should consider whether the failure "resulted from negligence, indifference or culpable conduct on the part of a moving creditor or its counsel." *Id*. When appropriate, courts are permitted to accept late filed claims caused by inadvertence, mistake, or carelessness. *Id*. at 388.

In this case, the circumstances surrounding Movant's omission clearly fall within the excusable neglect factors.

1

CLAIMANT'S REPLY REGARDING MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM

### 1. Prejudice to the Debtor

Because no plan or disclosure statement has been filed by the Debtor, nor have any deadlines for such filings been set by this Court, Debtor cannot show (and does not attempt to argue) that the mediating parties would be prejudiced by the inclusion of Movant's case. "[P]rejudice requires more than simply having to litigate the merits of, or to pay, a claim-there must be some legal detriment to the party opposing." *In re JSJF Corp.*, 344 B.R. 94, 102 (9th Cir. BAP, 2006). Yet, without a proposed plan or disclosure statement filed by the Debtor, there is no prejudice to the Debtor in having to consider one additional claim.

Moreover, the Debtor has been aware of the state court claim timely brought by Movant, which was served on the Debtor via Notice and Acknowledgement of Receipt on June 9, 2023. Liakos Decl. ¶ 4. Likewise, Movant's claim is listed in the Debtor's bankruptcy schedule. Dkt. 152 at 78. Thus, this *Pioneer* factor weighs in favor of allowing the claim.

Here, the Debtor has not opposed Movant's motion and made no claim it will be prejudiced by the inclusion of Movant's claim, nor does it argue Movant has not met the standard for excusable neglect set out in *Pioneer*.

### 2. Length of Delay and Potential Impact of Judicial Proceedings

Movant's late claim will not interfere with or impact the Court's administration of the Chapter 11 case. As established herein, not only has the Debtor not yet filed their reorganization plan (nor does the Debtor intend to file a plan within the next six months), but the Debtor has acknowledged that mediation is in the early stages. Dkt. No. 1080 at 3. A single claim filed before any substantial progress in mediation, or a filing of a reorganization plan will not impede Court administration, nor will it result in any delay. Therefore, the second *Pioneer* factor also weighs in favor of permitting Movant's claim.

### 3. Reason for Delay

As was discussed in detail in Movant's Motion, in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004), the Ninth Circuit applied the Supreme Court's excusable neglect standard to address whether the errors and omissions made by a party's counsel and paralegal are considered excusable neglect. The Ninth Circuit stated that while both the lawyer and the paralegal were negligent and

2

CLAIMANT'S REPLY REGARDING MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR
DATE TO ALLOW FILING OF LATE PROOF OF CLAIM

Case: 23-30564    Doc# 1176    Filed: 05/01/25    Entered: 05/01/25 14:11:15    Page 3 of 5

the mistake was egregious, that was just the beginning of the inquiry as to whether their negligence was excusable, not the end of it. *Id*. at 859-60. The Court upheld a decision that found excusable neglect after finding that there was no prejudice, the length of the delay was small, carelessness was the reason for the delay, and there was no evidence of bad faith. *Id*. at 855-56.

Here, Movant's counsel did not intentionally and freely ignore the claims bar date. Instead, the neglect was the result of Movant's counsel's failure to properly add the correct defendant's name into the case management system, which resulted in Movant's claim not being timely filed. Movant's counsel's mistake should not be grounds for denying Movant's late claim but rather should be weighed and considered with the other *Pioneer* factors.

### 4. Good Faith

As established herein, the failure to file a claim lies with Movant's counsel, not Movant. Movant was simply relying upon his counsel to file the proof of claim and was unaware of Movant counsel's failure to file a claim. However, as articulated herein, Movant timely filed and served his state court claim on the Debtor and is listed on the Debtor's schedule. Dkt. No. 152 at 78. Thus, there is no indication that Movant has not acted in good faith, nor is there any showing that Movant flagrantly ignored the bar date and is now attempting to use Bankruptcy Rule 9006(b)(1) as a "permissive reprieve." *See Pioneer,* 507 U.S. at 395.

Movant's situation is akin to *Pincay*, and the *Pioneer* factors, that when balanced and considered in their totality, support a finding that Movant should be permitted to file a claim. The Debtor cannot claim prejudice given that no plan of reorganization has been filed, and mediation is in its infancy stage by the Debtor's own admissions. Similarly, the length in delay is minor and given the somewhat early juncture of the bankruptcy, allowing Movant's claim would not have any adverse impact on the court's administration. Moreover, the delay was because of Movant's counsel's failure to correctly enter defendant's name in case management software, and did not stem from Movant's actions or inactions. Finally, there is no indication that Movant did not act in good faith.

Case: 23-30564    Doc# 1176    Filed: 05/01/25    Entered: 05/01/25 14:11:15    Page 4 of 5

### III. CONCLUSION

For the foregoing reasons, Movant respectfully requests this Court issue an order to enlarge the claims bar date so that Movant may submit a confidential proof of claim that this Court will deem timely filed in accordance with the Court's order.

DATED: May 1, 2025										**LIAKOS LAW, APC**

										_____
										Jennifer R. Liakos, Esq.
										*Attorney for Movant*

Case: 23-30564  Doc# 1176  Filed: 05/01/25  Entered: 05/01/25 14:11:15  Page 5 of 5

4

**CLAIMANT'S REPLY REGARDING MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**