

**Signed and Filed: May 2, 2025**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP<br>OF SAN FRANCISCO,<br><br>              Debtor. | ) Bankruptcy Case<br>) No. 23-30564-DM<br>)<br>) Chapter 11<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION TO ALLOW FILING OF LATE CLAIM**

On April 1, 2025, movant LL John Doe JU ("Movant") filed a Motion for an Order to Enlarge the Claims Bar Date to Allow the Filing of Late Proof of Claim ("Motion") (Dkt. 1120). On April 24, 2025, Debtor filed a Reservation of Rights (Dkt. 1156) as to the Motion but did not oppose the relief requested. For the reasons set forth below, the court will GRANT the Motion.

**I.  Discussion**

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable

-1-

one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

Neither the Debtor nor the court question the Movant's good faith. The court considers the remaining *Pioneer* factors below.

Here, the delay is long—over one year after the Claims Bar Date passed on February 20, 2024. This length of delay in seeking allowance of the late filed claim is certainly on the outer bounds of acceptability without further explanation.

Movant's counsel explains that Movant was part of a list of clients for which counsel timely filed all other proofs of claim, but due to a processing error, Movant's claim was not filed along with the other proofs of claim counsel was tracking and filing. Only recently did counsel discover the mistake. This error, though unfortunate, is excusable — both Movant and counsel believed they had properly followed all procedures to timely file a claim, as evidenced by other counsel's clients' claims being filed with no issue.

The prejudice to the Debtor and the impact on judicial proceedings is minimal. The Debtor is currently mediating a global resolution to all claims and has not yet proposed a plan. Debtor itself has also stated its view that the mediation

process is in its "early stages" (Dkt. 1083 at 8), meaning one more proof of claim (that may yet be disallowed for reasons other than timeliness) will not jeopardize the settlement process.

## II. Conclusion

For the reasons stated above, the court hereby GRANTS the Motion and drops it from the May 8, 2025 calendar. **Within 30 days of entry of this Order**, Movant, via counsel, shall file, if he has not already, his Proof of Claim and Confidential Survivor Supplement with claims and noticing agent for the Debtor, Omni Agent Solutions Inc., pursuant to the instructions on those aforementioned documents.

The court FURTHER ORDERS that:

1) Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to the claim of Movant on any grounds except for the timeliness of the filing of Movant's claim, pursuant to Federal Rule of Bankruptcy Procedure 3007 or any other applicable law, or any procedure approved by the Bankruptcy Court with respect to the same. All parties' rights and defenses with respect to any objection to Movant's claim are expressly reserved, including without limitation any time-bar or statute of limitations defenses (other than timeliness of the filing of Movant's claim).

2) Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to *other* claims not filed prior to the February 20, 2024, Bar Date, for which a corresponding motion to

allow late-filed claim(s) is pending or has not yet been filed, on any grounds. All parties' rights and defenses with respect to *other* claims not timely filed by the February 20, 2024, Bar Date are expressly reserved, including without limitation any time-bar or statute of limitations defenses (including the timeliness of the filing of the *other* claims).

**END OF ORDER**

COURT SERVICE LIST

ECF Recipients