James I. Stang (CA Bar No. 94435)
Brittany M. Michael *(Pro Hac Vice)*
Gail Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email:  jstang@pszjlaw.com
       bmichael@pszjlaw.com
       ggreenwood@pszjlaw.com

Attorneys for the Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor. | Case No. 23-30564<br><br>Chapter 11<br><br>**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF A REDACTED COMPLAINT**<br><br>[No Hearing per Local Procedures] |

**TO THE COURT AND INTERESTED PARTIES:**

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Archbishop of San Francisco (the "Debtor") brings this motion to redact information derived from documents produced by the Debtor and certain affiliates (collectively, the "Designating Parties")[1] and marked as "Confidential," and to obtain authority to file the accompanying adversary complaint ("Adversary Complaint") in redacted form. The documents at issue (the "Alleged Confidential Documents") are:

- Yearly financial statements of the Designating Parties;

---

[1] The Designating Parties are: the Debtor, and Archbishop Riordan High School, Sacred Heart Cathedral Preparatory School, Marin Catholic High School, and Junipero High School (collectively, the "High Schools").

- Publicly filed state court pleadings; and
- 5 miscellaneous documents (lease and collective bargaining agreements, and org chart)

The Committee has conferred with counsel for each of the Designating Parties regarding the Alleged Confidential Documents. The Designating Parties, including the Debtor, have declined to remove the "Confidential" designation, citing general concerns that the financials contains confidential commercial information and donor information. The Committee will continue to confer with the Designating Parties regarding the Alleged Confidential Documents and reserves all rights to compel de-designation of the documents as "Confidential." Absent an agreement regarding confidentiality, the Committee requests authority to file the accompanying Adversary Complaint in a redacted form under seal to comply with the Stipulated Protective Order dated December 15, 2023 [Docket No. 374].

The Committee brings this motion pursuant to the Stipulated Protective Order, Bankruptcy Code section 107, Bankruptcy Local Rule 1001-2(a) incorporating Civil Local Rule 79-5, and the local sealing and redacting procedures adopted by this Court (the "Local Procedures").[2] The motion is supported by the accompanying declaration of Gillian N. Brown. A proposed form of order granting the relief requested is uploaded concurrently herewith in accordance with the local district procedures and attached hereto as **Exhibit 1**.

Pursuant to the Local Procedures, **within four court days of the filing of this motion, any party may file a declaration in support of or in opposition to the sealing motion.** *See* Local Procedures, ¶ II.B(4).

## I. RELEVANT BACKGROUND

The Committee intends to pursue the Adversary Complaint against the Debtor, its parishes, and other defendants for declaratory relief that the defendants (other than the Debtor) are operating divisions of the Debtor. The allegations in the Adversary Complaint are derived from the Committee's investigation of the Debtor's affairs, including the Alleged Confidential Documents

---

[2] *See Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California; https://www.canb.uscourts.gov/procedure/district/procedures-filing-redacted-or-sealed-confidential-or-highly-sensitive-documents

produced in discovery by the Designating Parties. The Committee has redacted those portions of the Adversary Complaint that are based on information from the Alleged Confidential Documents.

## II. JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b) because this is a proceeding arising in or related to a case under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

Pursuant to Bankruptcy Code section 107(b), Federal Rule of Bankruptcy Procedure 9018, Local Bankruptcy Rule 1001-2(a) incorporating Civil Local Rule 79-5, and the Local Procedures adopted by this Court, the Committee requests authority to file its Adversary Complaint with redactions, solely in order to comply with the Stipulated Protective Order. The Committee seeks entry of an order substantially in the form attached hereto as **Exhibit 1**.

## IV. LEGAL ARGUMENT

### A. Confidential Documents Must Be Filed Under Seal.

The Stipulated Protective Order governs the designation of documents as "Confidential" pursuant to Bankruptcy Code section 107(b), Bankruptcy Rule 7026 or 9018. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 each provide that, upon request, the Court may protect an entity with respect to a trade secret or other confidential research, development, or commercial information. Pursuant to the Stipulated Protective Order, documents marked as Confidential and any information derived therefrom must be filed under seal unless the receiving party obtains an order relieving it from the obligations of the Stipulated Protective Order pursuant to specified challenge provisions. *See* Docket No. 374 at ¶21.

The Ninth Circuit recognizes that documents subject to a valid protective order may be filed under seal. *See Philips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1213 (9th Cir. 2002). However, a strong presumption remains in favor of public access such that documents may be unsealed absent a showing that the documents should be protected. *Id.* (presumption of access to judicial documents can be overcome only by showing "sufficiently important countervailing interests;"

citing authorities); *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006) ("The [district] court reserves the right to unseal materials filed under seal if, upon reviewing the sealed materials, the court determines that they should be available to the public or otherwise do not merit sealed status;" affirming order unsealing documents).

### B. The Committee Only Redacted Information Derived from the Alleged Confidential Documents.

The Committee's request to file the Adversary Complaint in redacted form is narrowly tailored to protect the information derived from the Alleged Confidential Documents. Information that is available publicly or is not subject to protection has not been redacted.

As set forth in the Brown Declaration, the Committee requested that the Designating Parties reconsider and remove the asserted confidentiality protections over the Alleged Confidential Documents. The Designating Parties declined to do so. The Committee will continue to meet and confer regarding de-designation of the Alleged Confidential Documents and reserves all rights to seek court relief. In the mean time, the information derived from the Alleged Confidential Documents is essential to the Adversary Complaint. Therefore, the Committee requests authority to file the Adversary Complaint with redactions in order to comply with the Stipulated Protective Order.

### V. NOTICE

Notice of this motion will be provided to (a) the United States Trustee, (b) counsel for each of the Designating Parties, including the Debtor, and (c) all email recipients on the Limited Service List as of March 31, 2025 [Docket No. 1114]. The Committee submits that no further notice is required.

### VI. CONCLUSION

The Committee respectfully requests that the Court enter the proposed order, attached as Exhibit 1, authorizing the Adversary Complaint to be filed with redactions to protect information derived from the Alleged Confidential Documents.

| | | |
|---|---|---|
| Dated: May 5, 2025 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | By | /s/ Gail S. Greenwood |
| | | James I. Stang |
| | | Brittany M. Michael |
| | | Gail S. Greenwood |
| | | Attorneys for the Official Committee of Unsecured Creditors |

# EXHIBIT 1

Case: 23-30564 Doc# 1179 Filed: 05/05/25 Entered: 05/05/25 10:58:52 Page 6 of 8

James I. Stang (CA Bar No. 94435)
Brittany Mitchell M. Michael (Pro Hac Vice)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: jstang@pszjlaw.com
bmichael@pszjlaw.com
ggreenwood@pszjlaw.com

Attorneys for the Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,

Debtor.

Case No. 23-30564

Chapter 11

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF A REDACTED COMPLAINT**

The Court has reviewed the *Motion for an Order Authorizing the Filing of a Redacted Complaint* [Docket No. ___] ("Motion")[1] and supporting declaration of Gillian Brown filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case. Based upon the record before the Court, including the accompanying Adversary Complaint, pursuant to Bankruptcy Code section 107, Bankruptcy Rule 9018, Bankruptcy Local Rule 1001-2(a) incorporating Civil Local Rule 79-5, the Local Procedures, and for good cause,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. A redacted version of the Adversary Complaint shall remain sealed and shall become part of the court record absent further order of this Court. The clerk of the court will

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the Motion.

1 annotate the original docket entry as follows: PROPOSED SEALED DOCUMENT APPROVED – REFER TO DOCKET ENTRY #___.

3. Nothing precludes an interested party, including the Committee, from seeking to unseal those portions of the Adversary Complaint derived from Alleged Confidential Documents by separate motion.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # # #