

U.S. Department of Justice

Executive Office for United States Trustees

Office of the General Counsel

441 G Street, NW, Suite 6150  Voice - (202) 307-1399
Washington, D.C. 20530  Fax - (202) 307-2397

May 6, 2025

Via E-Mail

Timothy Karcher, Esq.
Nolan Goldberg, Esq.
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Email: tkarcher@proskauer.com
Email: ngoldberg@proskauer.com

Re:  Berkeley Research Group, LLC ("BRG ") Cybersecurity and Data Breach

Dear Messrs. Karcher and Goldberg:

On April 28, 2025, multiple United States Trustees began receiving a BRG "Incident Update" (not an "update" but the first notice) that alerted them *for the first time* that BRG had suffered a cybersecurity incident and data breach discovered almost two months earlier, on March 2, that affected multiple chapter 11 cases ("affected cases") and the security of data maintained by BRG in its role as a financial advisor to official committees in those cases. Although such a large-scale data breach would be of concern to the United States Trustee in any bankruptcy case, that the breach occurred in archdiocesan and diocesan cases—where the claims information of sexual abuse survivors is the most sensitive and confidential of all information—is very concerning.

Based on the "Incident Updates" received thus far, the U.S. Trustee Program ("USTP") understands that BRG has filed the "Incident Update" in the following ten cases:

[SPACE INTENTIONALLY LEFT BLANK]

| USTP Region/Office | District | Case Name | Case No. | BRG retained by | Lead Committee Counsel | Lead Debtor Counsel |
|---|---|---|---|---|---|---|
| 02/Albany | NDNY | The Roman Catholic Diocese of Albany, New York | 23-10244 | Official Committee of Tort Claimants | Stinson | Nolan Heller Kauffman |
| 02/Rochester | WDNY | The Diocese of Rochester | 19-20905 | Official Committee Of Unsecured Creditors | Pachulski | Bond, Schoeneck & King |
| 02/Utica | NDNY | The Roman Catholic Diocese of Ogdensburg, New York | 23-60507 | Official Committee Of Unsecured Creditors | Pachulski | Bond, Schoeneck & King |
| 04/Baltimore | DMD | Roman Catholic Archbishop of Baltimore | 23-16969 | Official Committee Of Unsecured Creditors | Stinson | Holland & Knight |
| 05/New Orleans | EDLA | The Archdiocese of New Orleans | 20-10846 | Official Committee Of Unsecured Creditors | Pachulski | Jones Walker |
| 15/San Diego | SDCA | The Roman Catholic Bishop of San Diego | 24-02202 | Official Committee Of Unsecured Creditors | KTBS Law | Gordon Rees Scully |
| 17/Oakland | NDCA | The Roman Catholic Bishop of Oakland | 23-40523 | Official Committee Of Unsecured Creditors | Stinson | Foley & Lardner |
| 17/Oakland | NDCA | The Franciscan Friars of California | 23-41723 | Official Committee Of Unsecured Creditors | Lowenstein Sandler | Binder, Malter, Harris |
| 17/San Francisco | NDCA | The Roman Catholic Bishop of Santa Rosa | 23-10113 | Official Committee Of Unsecured Creditors | Stinson | Felderstein et al. |
| 17/San Francisco | NCDA | The Roman Catholic Archbishop of San Francisco | 23-30564 | Official Committee Of Unsecured Creditors | Pachulski | Felderstein et al. |

From the USTP's perspective, the "Incident Update" raised more questions than it answered about what transpired and what BRG has done and intends to do going forward to remediate the breach in each case. Moreover, the notice posted on BRG's website differs substantially from the "Incident Update" and includes generic information reiterating rights that consumers already have with respect to, for example, obtaining one free credit report annually and filing complaints with state authorities, among others. In other words, BRG appears to believe it has no duties and no role other than to file a single generic notice on each affected case docket—without contacting potentially affected parties individually until it later concludes its investigation—and to post a generic notice, without any case references, on its website with generally available consumer remedies. Based on the information currently available to the USTP, these actions appear wholly deficient and inconsistent with BRG's fiduciary duties as estate-compensated professionals.

Accordingly, the USTP asks that BRG address in writing the preliminary questions below **by May 23**, without prejudice to the USTP's right to seek further information or remedies thereafter.

- Case name, number, and district of each known affected case.

- Case name, number, and district of *other suspected* affected cases under BRG's review for a possible breach or cybersecurity incident.

- Please explain whether BRG sent the "Incident Update" to every creditor in each case, or whether it only filed a single notice on the docket in each case.

- Please explain why BRG delayed two months between discovery and notice to the USTP and filing the "Incident Update" on the respective affected case dockets. BRG has admitted that it learned of the breach by March 2, and the USTP has now learned that there were some news reports as of March 6 about the breach.

- Please explain what federal law enforcement agency(ies) BRG contacted after discovering the data breach, the method and timing of the notification, the name(s) of law enforcement contact(s), and the judicial district(s) where the report was made.

- Please explain whether BRG, and not the respective estates, will cover the costs of the breach investigation and ransom payment and whether BRG will file sworn declarations on these issues.

- Please explain whether BRG has an indemnification provision in its engagement agreements, and, if so, whether BRG waives all claims to indemnification from the estates for this breach.

- Please explain whether BRG has any insurance that covers cybersecurity incidents and data breaches.

- Please explain what further remedies BRG will offer affected creditors or other parties. BRG admits that it is relying on the assurances of extortionists that the exfiltrated data was destroyed, yet BRG does not now know exactly what data was exfiltrated and what exactly it should be monitoring on the "dark web."

- Given GRB's liability for any damages caused by these breaches, please explain why BRG does not now have a conflict of interest with its constituents in each of the affected cases that should result in BRG's disqualification and disgorgement or reduction of compensation as unreasonable given its admittedly compromised performance as financial advisor.

- Given the confidentiality orders entered in many of these cases, please explain why BRG should not be liable for sanctions for violating them.

When you respond, please copy each relevant United States Trustee and Assistant United States Trustee on each affected case. (Mailing addresses are listed here: https://www.justice.gov/ust/us-trustee-regions-and-offices). If you would like to meet and discuss next steps and remedies after you respond, we would welcome the opportunity to do so. Thank you for your anticipated cooperation on this highly sensitive and very important matter.

Sincerely yours,

Nan Roberts Eitel
Associate General Counsel
for Chapter 11 Practice
Nan.R.Eitel@usdoj.gov

ccs:
Ramona D. Elliott, Acting Director and Deputy Director/General Counsel
Lisa A. Tracy, Deputy General Counsel
Sandra T. Rasnak, Assistant Director for Criminal Enforcement
David W. Asbach, Acting United States Trustee Region 5
Tiffany Carroll, Acting United States Trustee Region 15
Matthew W. Cheney, Acting United States Trustee Region 4
Tracy Hope Davis, United States Trustee Region 17
William J. Harrington, United States Trustee Regions 1 and 2
Committee Lead Counsel
Debtor Lead Counsel
Court Dockets