James I. Stang (CA Bar No. 94435)
Brittany M. Michael *(Pro Hac Vice)*
Gail Greenwood (CA Bar No. 169939)
Gillian N. Brown (CA Bar No. 205132)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email:  jstang@pszjlaw.com
         bmichael@pszjlaw.com
         ggreenwood@pszjlaw.com
         gbrown@pszjlaw.com

Attorneys for the Official Committee of
Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor. | Case No. 23-30564<br><br>Chapter 11<br><br>**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF A REDACTED LETTER TO THE COURT RE MOTION TO COMPEL; DECLARATION OF GILLIAN N. BROWN IN SUPPORT**<br><br>[No Hearing per Local Procedures] |

**TO THE COURT AND INTERESTED PARTIES:**

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Archbishop of San Francisco (the "Debtor") brings this motion to redact information in a letter (the "Letter Motion") addressed to the Court seeking an order to compel the Debtor to produce documents. The Committee files the Letter Motion pursuant to the procedure set forth at paragraph 10 of the *Order Referring Case to Mediation and Appointing Mediators* [Doc. No. 747] (the "Mediation Order"), which provides for for filing and service of a letter not to exceed five pages. The Letter Motion contains information discussed during mediation on November 25, 2024 and subject to the confidentiality provisions of the Mediation Order. In addition, the Letter Motion

contains information derived from documents that the Debtor and other parties produced during this case that the producing parties marked as "Confidential" pursuant to the *Stipulated Protective Order* dated December 15, 2023 [Docket No. 374] (the "Stipulated Protective Order"). The Committee seeks authority to file Letter Motion in redacted form on the public docket to maintain the confidentiality provisions under the Mediation Order and the Stipulated Protective Order.

The Committee brings this Motion pursuant to the Mediation Order, the Stipulated Protective Order, 11 U.S.C. § 107, Bankruptcy Local Rule 1001-2(a) (incorporating Civil Local Rule 79-5), and the local sealing and redacting procedures adopted by this Court (the "Local Procedures").[1] The Motion is supported by the accompanying declaration of Gillian N. Brown (the "Brown Decl."). *See* **Exhibit 1**. A proposed form of order granting the relief requested is uploaded concurrently with the filing of this Motion in accordance with the local district procedures and is attached to this Motion as **Exhibit 2**.

Pursuant to the Local Procedures, **within four court days of the filing of this motion, any party may file a declaration in support of or in opposition to the sealing motion.** *See* Local Procedures, ¶ II.B(4).

## I.  RELEVANT BACKGROUND

The Committee's Letter Motion is a motion to compel the Debtor's production of specific documents relating to potential avoidance actions. On November 25, 2024, the Committee and the Debtor discussed these document requests in detail with the three mediators in this case, thereby rendering this discussion subject to the mediation confidentiality provisions of the Mediation Order. In addition, the Letter Motion refers to information the Committee learned during its professionals' review of documents that the producing parties marked as "Confidential" pursuant to the Stipulated Protective Order. The Committee has redacted those portions of the Letter Motion that are based on information discussed during mediation and obtained from documents marked as "Confidential."

---

[1] *See Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California; https://www.canb.uscourts.gov/procedure/district/procedures-filing-redacted-or-sealed-confidential-or-highly-sensitive-documents

## II. JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b) because this is a proceeding arising in or related to a case under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

Pursuant to 11 U.S.C. §107(b) ("Section 107(b)"), Federal Rule of Bankruptcy Procedure 9018, Local Bankruptcy Rule 1001-2(a) (incorporating Civil Local Rule 79-5), and the Local Procedures adopted by this Court, the Committee requests authority to file its Letter Motion with redactions, solely in order to comply with the Mediation Order and the Stipulated Protective Order. The Committee seeks entry of an order substantially in the form attached hereto as **Exhibit 2**.

## IV. LEGAL ARGUMENT

### A. Mediation Communications Are To Be Kept Confidential

Paragraph 9 of the Mediation Order provides in pertinent part that, "The provisions of Local Rule 9047-1 pertaining to the "Confidentiality" of the Bankruptcy Dispute Resolution Program shall govern the Mediation. . . ." Local Rule 9047-1, in turn, provides for the non-disclosure of oral and written communications made in connection with a mediation. On November 25, 2024, counsel for the Committee discussed the subject matter of the Letter Motion with Debtor's counsel and the three mediators in this case. *See* Brown Decl., ¶3. Accordingly, the Committee seeks to maintain the confidentiality of those mediation discussions by filing a redacted version of the Letter Motion on the docket to redact those communications.

### B. Confidential Documents Must Be Filed Under Seal.

1. In addition, the Stipulated Protective Order governs the designation of documents as "Confidential" pursuant to Section 107(b), Bankruptcy Rule 7026 or 9018. Section 107(b) and Bankruptcy Rule 9018 each provide that, upon request, the Court may protect an entity with respect to a trade secret or other confidential research, development, or commercial information.

Pursuant to the Stipulated Protective Order, documents marked as Confidential and any information derived therefrom must be filed under seal unless the receiving party obtains an order relieving it from the obligations of the Stipulated Protective Order pursuant to specified challenge provisions. *See* Docket No. 374 at ¶21. Because the mediation confidentiality protects the subject matter of the Letter Motion, the Committee did not request that the parties remove the confidentiality designations of the documents at issue. The Committee does not waive its rights to challenge those confidentiality designations at a later time.

The Ninth Circuit recognizes that documents subject to a valid protective order may be filed under seal. *See Philips v. Gen. Motors Corp.,* 307 F. 3d 1206, 1213 (9th Cir. 2002). However, a strong presumption remains in favor of public access such that documents may be unsealed absent a showing that the documents should be protected. *Id.* (presumption of access to judicial documents can be overcome only by showing "sufficiently important countervailing interests;" citing authorities); *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006) ("The [district] court reserves the right to unseal materials filed under seal if, upon reviewing the sealed materials, the court determines that they should be available to the public or otherwise do not merit sealed status;" affirming order unsealing documents).

### C. The Committee Only Redacted Information Derived from Communications During Mediation and from the Alleged Confidential Documents.

The Committee's request to file the Letter Motion in redacted form is narrowly tailored to protect the information derived from communications during mediation and from the Alleged Confidential Documents. Information that is available publicly or is not subject to protection has not been redacted.

### V. NOTICE

Notice of this motion will be provided to (a) the United States Trustee and all email recipients on the Limited Service List as of April 30, 2025 [Docket No. 1173]. The Committee submits that no further notice is required.

## VI. CONCLUSION

The Committee respectfully requests that the Court enter the proposed order, attached as Exhibit 2, authorizing the Letter Motion to be filed with redactions to protect information discussed during mediation and derived from the Alleged Confidential Documents.

Dated: May 19, 2025     PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ Gillian N. Brown
James I. Stang
Brittany M. Michael
Gail S. Greenwood
Gillian N. Brown

Attorneys for the Official Committee of Unsecured Creditors

# EXHIBIT 1

# Declaration of Gillian N. Brown

# DECLARATION OF GILLIAN N. BROWN

I, Gillian N. Brown, declare under penalty of perjury as follows:

2. I am of counsel at the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the Official Committee of Unsecured Creditors ("Committee"). I am duly admitted to practice law in the State of California and the United States District Courts for Northern, Southern, Eastern, and Central Districts of California. I submit this Declaration in support of *THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF A REDACTED LETTER TO THE COURT RE MOTION TO COMPEL* (the "Motion"),[2] to which this Declaration is attached. I have personal knowledge of the facts set forth herein unless otherwise stated.

3. On November 25, 2024, along with other PSZJ attorneys, I participated in a video conference mediation in this case with Debtor's counsel and the three mediators in this case (the Hon. Christopher Sontchi, the Hon. Daniel Buckley, and Timothy Gallagher, Esq.). The discovery issues raised in the Letter Motion were among the issues we discussed during that mediation session.

4. In addition, the Letter Motion contains information that the Committee learned from documents produced to it with a "Confidential" designation pursuant to the Stipulated Protective Order. The Committee has not requested that the confidentiality designations of those documents be removed in order to publicly file this Letter Motion because the Mediation Order is the primary basis upon which the Committee seeks to file a sealed copy of the Letter Motion and file a redacted version on the public docket. The Committee does not waive its rights to challenge those confidentiality designations at a later time.

5. Concurrent with the filing of the Motion, the Committee will file a redacted copy of the Letter Motion that contains redactions of information discussed during mediation and

---

[2] Capitalized terms not otherwise defined have the meanings described in the Motion.

information derived from documents produced to the Committee as "Confidential" under the Stipulated Protective Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 18, 2025 in Ventura, California.

By: /s/ Gillian N. Brown
      Gillian N. Brown

**EXHIBIT 2**

James I. Stang (CA Bar No. 94435)
Brittany Mitchell M. Michael *(Pro Hac Vice)*
Gail S. Greenwood (CA Bar No. 169939)
Gillian N. Brown (CA Bar No. 205132)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Email: jstang@pszjlaw.com
    bmichael@pszjlaw.com
    ggreenwood@pszjlaw.com
    gbrown@pszjlaw.com

Attorneys for the Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor. | Case No. 23-30564<br><br>Chapter 11<br><br>**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF A REDACTED LETTER TO THE COURT RE MOTION TO COMPEL** |

The Court has reviewed *THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE FILING OF A REDACTED LETTER TO THE COURT RE MOTION TO COMPEL* [Docket No. ▇] ("Motion") and supporting declaration of Gillian N. Brown filed by the Official Committee of Unsecured Creditors (the "Committee"). Based upon the record before the Court, including the accompanying Letter Motion (as defined in the Motion); and pursuant to 11 U.S.C. § 107, Bankruptcy Rule 9018, Bankruptcy Local Rule 1001-2(a) (incorporating Civil Local Rule 79-5), the Local Procedures, and for good cause,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. An unredacted version of the Letter Motion shall remain sealed and shall become part of the Court record absent further order of this Court. The Clerk of the Court will annotate the original docket entry as follows: PROPOSED SEALED DOCUMENT APPROVED – REFER TO DOCKET ENTRY #___.

3. Nothing precludes an interested party, including the Committee, from seeking to unseal those portions of Letter Motion by separate motion.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # # #