

**Signed and Filed: May 28, 2025**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 23-30564-DM |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | ) |
| | ) Chapter 11 |
| Debtor. | ) |

**ORDER ON PENDING DISCOVERY DISPUTE**

The court has reviewed the letter submissions of The Official Committee of Unsecured Creditors ("OCC") (Dkt. 1201) filed May 21, 2025, and the response by the Debtor (Dkt. 1203) filed May 23, 2025.[1] For the reasons that are summarized below, the Debtor's objections are overruled and the OCC's request is granted.

Debtor raises five distinct arguments, each of which are rejected.

**I.** The discovery pursuant to FRBP 2004 is no longer appropriate because the OCC has filed Adversary Proceeding No.

---

[1] Joined without additional argument by Sacred Heart Cathedral Preparatory (Dkt. 1207).

-1-

25-3021. That adversary proceeding names the Debtor as the lead defendant, but denial of the OCC's request on this procedural premise would be to elevate form over substance and to invite unnecessary duplication of effort. The adversary proceeding was filed fewer than three weeks ago; the informal discovery that is a subject of this current debate has been pending in various forms for several months. The adversary proceeding seeks a declaration that is effectively a substantive consolidation of Debtor with other defendants; the ongoing discovery seeks information that for the most part is directed to the OCC's efforts to identify bases for avoidance actions before a two year limitation expires in less than three months.[2] The fact that some of the requested information has been created or is based upon events that are post-bankruptcy does not necessarily mean that it is not appropriate to be discovered at the present time by the OCC.

Were it truly necessary to move the request for information from the Rule 2004 setting to the pending adversary proceeding, that could be accomplished by a one-sentence stipulation by the parties, once again illustrating the lack of substance to the Debtor's first argument.

**II.** The present pending requests were not part of formal discovery. Once again, this appears to elevate form over substance. The OCC and the Debtor, as with numerous other litigants before this court, have utilized informal discovery

---

[2] It is unseemly that Debtor, as a fiduciary for this estate, would attempt to impede an inquiry intended to locate potential estate assets.

Case: 23-30564    Doc# 1210    Filed: 05/28/25    Entered: 05/28/25 11:48:52    Page 2 of 5

proceedings in order to avoid unnecessary formality or delay by the more traditional discovery process.  There would be no difference in outcome if the court were to order the OCC to propound under Rule 2004 the five pending and already known discovery requests.

As a second part of this argument, Debtor alludes to informal correspondence that involve redlines and annotations on emails and other documents, none of which have been presented to the court, and none of which are of interest to the court.  What has not been produced is what the OCC is looking for and the court is directing that the Debtor produce.

**III**. Whether in passing or for some other reason, the Debtor has argued that the OCC has violated mediation confidentiality.  Apparently this is based, in part, on the fact that its counsel copied the May 19, 2025 letter to the court to the mediators.

The court ignores this argument but suggests to the Debtor that if there has been a violation of mediation confidentiality, it may take this up with either the mediators or by a separate motion brought before the court.  It does not excuse it from complying with an appropriate discovery request.

**IV**.  Debtor complains that the OCC wants things both ways, claiming pre-petition urgency while demanding post-petition documents.  The short answer is the urgency appears to be the fact that this case is only three months away from its two year anniversary, a deadline fixed by Congress for avoidance actions.  To the extent that the OCC is seeking post-petition documents, the court already commented on that point above and does not see

-3-

it as an inappropriate way for the Debtor to avoid discovery now.

   **V.**   The Debtor has listed extensive documents it has produced, or its professionals have provided.  The list is impressive but of no consequence.  What matters is what has NOT been produced.

   This final point appears to be related to old documents but the court's review of the unredacted portion of that final request does not indicate that information prior to June 30, 2022 is being requested.  If indeed the Debtor is meaningfully inconvenienced by going back too many years, its counsel should meet and confer with the OCC's counsel to attempt to come up with a more narrow timeframe for that last request.

   In summary, the court GRANTS the OCC request and DIRECTS that Debtor to respond within ten (10) days of this Order.

**END OF ORDER**

COURT SERVICE LIST

ECF Recipients