Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:   (916) 329-7400
Facsimile:   (916) 329-7435
Email:       ppascuzzi@ffwplaw.com
             jrios@ffwplaw.com
             tphinney@ffwplaw.com
             mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   (415) 434-9100
Facsimile:   (415) 434-3947
Email:       okatz@sheppardmullin.com
             amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop
of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>  Debtor and<br>  Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION BY JOHN LB DOE SF TO ENLARGE THE BAR DATE TO ALLOW LATE FILED PROOF OF CLAIM [ECF No. 1256]**<br><br>Date:      August 14, 2025<br>Time:      1:30 p.m.<br>Location:  via Zoom<br>Judge:     Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession ("Debtor" or "RCASF"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), respectfully files its opposition to the *Motion by John LB Doe SF* (the "Movant") *to Enlarge the Bar Date to Allow Late Filed Proof of Claim* filed at ECF No. 1256 (the "Motion") and states as follows:

## I. INTRODUCTION

While the Debtor is sympathetic to Movant's circumstances, the Bankruptcy Code and the case law set a high bar for allowing late filed claims. In the instant matter, the consideration of the *Pioneer* factors plainly shows that the Motion should be denied. As set forth below, Movant's delay was lengthy; was of his own conscious choosing; was under his full control; and allowing a late-filed claim to be filed now, after such a long delay and at this stage of the mediation, would be prejudicial to the Debtor.

In this case, the Debtor has been extremely accommodating with respect to late claims. In the past, when motions have been filed requesting that late filed claims be deemed "timely," the Debtor has reviewed the circumstances and, with one exception, chosen not to oppose late claim motions. [*See* ECF No. 779 and 802 (error by claimant's counsel); *see also* ECF No. 784, 741, and 742 (inadvertent administrative error by the office of claimant's counsel); *see also* ECF No. 767, 771, and 803 (declaration that claimant not aware of the bankruptcy filing or bar date and was unable to fully connect the psychological harm he was experiencing to the abuse he experienced until *after* the bar date)].[1] Nevertheless, the Debtor must balance its efforts to address all claims through mediation against the fact that: (a) other survivors were able to file timely proofs of claim and are prejudiced by the acceptance of late claims; and (b) its efforts to achieve finality through a consensual plan of reorganization.

## II. BACKGROUND

1. On August 21, 2023 (the "Petition Date"), the RCASF commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. [ECF No. 1]. The Debtor remains in

---

[1] The Debtor filed a single *Objection to Motion to Enlarge the Claims Bar Date to Accept a Late Filed Proof of Claim* at ECF No. 1109.

possession of its estate, no trustee having been appointed. The Debtor is operating and managing its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Official Committee of Unsecured Creditors (the "Committee") was appointed on September 1, 2023 [ECF No. 58].

3. On November 21, 2023, the court entered its Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice [ECF No. 337] ("Bar Date Order"). The Bar Date Order set February 20, 2024, as the deadline to file proofs of claim (the "Bar Date"). The Bar Date Order approved an extensive notice and publication process in order to assure adequate notice to known and unknown claimants, including extensive mailings, online noticing and numerous local and national newspapers. No party appealed the Bar Date Order, and the Bar Date Order is final.

4. As described in the Statement of Compliance with Noticing Provisions of Bar Date Order [ECF No. 587] ("Statement of Compliance"), the Debtor has fully complied with Form and Manner of Notice provisions of the Bar Date Order. In addition, as described in the Statement of Compliance, the Debtor also has undertaken additional noticing measures, including substantial publication in newspapers of general circulation in national and local markets, a press release of the bankruptcy filing to over 9,000 news organizations, and social media postings. *See* Declaration of Peter Marlow at [ECF No. 587-1].

5. Since the Bar Date Order, the Committee, counsel for hundreds of sexual abuse claimants, the Debtor, and the Debtor's insurers have engaged in mediation. That mediation is predicated on the claims filed against the Debtor and the insurance analysis related to the filed claims. The Debtor has shared a settlement proposal term sheet with the mediators, and it is based on several factors, one of which is tied to the number of claimants. The added challenge of a moving target is prejudicial to the Debtor and harmful to the overall case trajectory.

6. Based on the Debtor's review, no lawsuit was filed by the Movant prior to the close of the AB 218 window. Thus, the claim appears to be time barred against any defendant regardless of its timeliness as a claim in the Bankruptcy Case.

///

7. The Debtor notes that nothing prohibits Movant from filing a claim in the Bankruptcy Case notwithstanding the passing of the Bar Date. The Survivor Claimant Trust that typically is created under a chapter 11 plan in these cases can allocate the appropriate value to such a claim such that Movant will not necessarily be denied any compensation.

## III. DISCUSSION

### A. The Pioneer Excusable Neglect Analysis

Bankruptcy Rule 9006(b)(1) provides that, the court for cause shown, may at any time, on motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. *See* Fed. R. Bankr. P. 9006.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court provided that the "excusable neglect" standard for Rule 9006(b)(1) governs late filings of proofs of claim in chapter 11 cases. *Id.* at 389. The determination of what sorts of neglect will be considered "excusable", "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Under *Pioneer*, in considering whether the moving party has shown excusable neglect, the court considers: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* The factors are not exclusive, but rather, "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). "No one factor is more important than the other, and the weighing of the equitable Pioneer factors is left to the discretion of the [] court." *See United States v. Close*, 2021 U.S. Dist. LEXIS 105332, 13 (Dist. Idaho 2021); *see also Pincay v. Andrews*, 389 F.3d, 853, 860-61 (9th Cir. 2004) (en banc) (Berzon, J., concurring). As this Court has recognized, claimants who file late proofs of claim bear "the burden of presenting facts demonstrating excusable neglect." *In re Pacific Gas & Elec. Co.*, 311 B.R. 84, 89 (2004) (citing *Key Bar Invs., Inc. v. Cahn* (*In re Cahn*), 188 B.R. 627 (9th Cir. BAP 1995)). For the reasons set forth herein, Movant has failed to carry his burden to show that his neglect was excusable.

### i. Prejudice to the Debtor

Movant maintains that there is no prejudice to the Debtor because a reorganization plan has not been filed. [Motion, P. 9, lines 16-17]. However, if the Movant's claim were treated as timely, the ongoing, protracted and multilateral mediation process certainly would be impacted. Indeed, the Committee, the Debtor, and the Debtor's insurers have been engaged in mediation preparations, sessions, strategy and negotiations based on the claims filed as of the Bar Date. Those preparations include a detailed analysis of the filed claims, and a complex analysis and process of assessing insurance coverage. The parties have invested enormous amounts of time and energy over the life of this Bankruptcy Case, and mediation efforts have been predicated on the claims filed against the Debtor. Indeed, the Debtor has made a settlement proposal, and it is based on several factors with one of the important factors being tied to the number of claimants. Insurance assets are affected by the number of claims as well. At this late stage of the case, allowance of more timely claims affects the mediation process.[2] The added challenge of a moving target is prejudicial to the Debtor and harmful to the overall case trajectory. Additionally, the risk of even more belated additional claims being filed if the Movant's claim were permitted would also seriously impede the continued, efficient processing of this bankruptcy proceeding. As recognized by *In re Nat'l Steel Corp.*, 316 B.R. 510, 519 (Bankr. N.D. Ill. 2004), "[p]rejudice from a late-filed claim is greater when the creditor's delay extends into the period in which the plan of reorganization is being 'negotiated, drafted, filed or confirmed.'"

### ii. Length of Delay and Its Potential Impact on Judicial Proceedings

Movant argues that the delay in the filing of his claim and its impact on the ongoing bankruptcy court proceedings are negligible. [Motion, P. 10, lines 8-9]. However, as the discussion below makes clear, the delay that the Movant seeks to excuse—an approximately a year and a half long period—is an extremely lengthy one, and the explanations provided for such delay (primarily, that the Movant be relieved from the consequences of his own prior choices) are deficient.

///

---

[2] The Debtor has no intention of waiving the mediation privilege, so is unable to provide further details.

### iii. Reason for Delay

Movant's first rationale for the delay—an inability to connect his abuse to injury—raises questions, given that he had already acknowledged his abuse 8-10 years earlier to the very same legal team now representing him. Of additional concern is the fact that the Motion states, "How much more justified is delay caused by the inability of a claimant to perceive injury necessary to file suit?" while the Declaration of Movant's attorney simultaneously acknowledges that, "[t]hat appears to have happened in or around 2022 for Movant"—prior to the filing of this Bankruptcy Case [Motion, P. 11, lines 1-2; Decl. of Storey, P. 3, line 9.]. Moreover, the Movant's assertion that he "did not think [he] had a lawsuit" [Decl. of Movant at P. 9, lines 24-25], is contradicted by his prior knowledge, spanning nearly a decade, that his brother was considering legal recourse under very similar circumstances.

It appears that Movant, though aware of his brother's possible lawsuit, dismissed the potential for his own legal recourse, since his abuse did not involve a priest. [Mtn, P. 5, lines 2-7]. Indeed, Movant declares that he had talked to his brother's lawyer 8-10 years earlier "about how [he] had been touched by someone at school, ***but it wasn't a priest***." [Movant Decl., P. 9, lines 5-13] (emphasis added). Notably, the Declaration of Movant's attorney stated, "[a]t that time, Movant…***did not seek to proceed with any legal action***." [Dec of Storey, P. 2, lines 7-14] (emphasis added). In short, it appears that the Movant made a decision 8-10 years prior, after speaking with the Zalkin firm (either attorneys at the Zalkin Law Firm or their investigators),[3] to not pursue his claim. This legal choice may have been due to the fact that the alleged abuse did not involve a priest. However, it was a choice that was knowingly made. Courts do not extend bar dates where claimants are found to have made "conscious, tactical decision[s]" not to file timely claims as it is a "voluntary omission within [the creditor's] control." *See Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 127 (2nd Cir. 2005);

---

[3] See Movant's Declaration, stating that "Back then, I talked to his [brother's] **lawyer** about how I had been touched by someone at the school, but it wasn't a priest" cf. Mtn at P. 5 lines 3-5 "Several years ago by Movant's recollection, **Zalkin Law Firm investigators** approached him when his brother was considering bring suit for sexual abuse he suffered at the St. Vincent School, and Movant related his own history of abuse there, but Movant's abuse did not involve a priest." **(emphasis added).**

*see also Pioneer*, 507 U.S. at 392 (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'"). "The pursuit of legal remedies always involves choices and deadlines, and the legal system cannot function properly unless the consequences of those choices are enforced." *In re Westinghouse Elec. Co., LLC*, 2022 Bankr. LEXIS 391, 22 (Bankr. S.D.NY. Feb. 15, 2022).

Moreover, Movant's alleged claims appear to be statutorily time-barred due to the applicable statute of limitations. Yet, no explanation is provided for Movant's ignorance of the applicable statute of limitations, despite having made the connection of his abuse to his injuries in June of 2022. *See In re Roman Catholic Archbishop of Portland*, 2010 U.S. Dist. LEXIS 141181 (recognizing that "while [claimant's] ignorance of the claims bar date itself may have been excusable, his ignorance of the then-applicable statute of limitations presumptively was not) (*citing Pioneer*, 507 U.S. at 392).

Movant's second rationale for the delay is that Movant did not receive actual notice of the Bankruptcy Case and the Bar Date, and even if he had received such notice, the applicability of the notice to his claim would have been unclear. This is not compelling. While actual notice of the Bar Date must be provided to known creditors, unknown creditors have no such entitlement to actual notice. *See In re Roman Catholic Archbishop of Portland*, 2010 U.S. Dist. LEXIS 141181 (stating that "…an unknown creditor—that is, a creditor whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]—has no such entitlement to actual notice, although such creditors remain entitled to notice reasonably calculated under the circumstances to reach them"). Here, the Movant is not a known creditor. The Movant had not filed an action prior to the close of the AB 218 window and the Debtor did not know of Movant's alleged claim. As described in the Statement of Compliance, the Debtor has fully complied with Form and Manner of Notice provisions of the Bar Date Order. In addition, as described in the Statement of Compliance, the Debtor also has undertaken additional noticing measures, including substantial publication in newspapers of general circulation in national and local markets, a press release of the bankruptcy filing to over 9,000 news organizations, and social media postings. Thus, unknown

creditors, such as the Movant, received notice of the Bar Date through an extensive notice and publication program approved by this Court. Accordingly, the fact that the Movant was not given actual notice of the Bar Date is not a valid reason for the untimely filing of his claim.

Accordingly, this Pioneer factor weighs against the finding of excusable neglect.

### iv. Good Faith

The last factor is whether the Movant acted in good faith. Absent sufficient information from the Movant, the Debtor and likewise the Court is unable to assess whether this factor is met. As noted, nothing prohibits Movant from filing a claim in the Bankruptcy Case notwithstanding the passing of the Bar Date. The Survivor Claimant Trust that typically is created under a chapter 11 plan in these cases can assess good faith and all the other factors to determine whether to allocate an appropriate value to such a claim such that Movant will not necessarily be denied compensation.

## IV. RESERVATION OF RIGHTS

If the Court grants the Motion, the Debtor reserves all rights with respect to the Movant's claim and requests inclusion of language specifying the same in the order granting the Motion as follows:

> Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to the claim of Movant and to the alleged claim of Movant, on any grounds, except for the timeliness of the filing of Movant's claim, pursuant to Federal Rule of Bankruptcy Procedure 3007 or any other applicable law, or any procedure approved by the Bankruptcy Court with respect to the same. All parties' rights and defenses with respect to any objection to Movant's claim are expressly reserved, including without limitation any time-bar or statute of limitations defenses (other than timeliness of the filing of Movant's claim). Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to *other* claims not filed prior to the February 20, 2024, Bar Date, for which a corresponding motion to allow late-filed claim(s) is pending or has not yet been filed, on any grounds. All parties' rights and defenses with respect to *other* claims not timely filed by the February 20, 2024, Bar Date are expressly reserved, including without limitation any time-bar or statute of limitations defenses (including the timeliness of the filing of the *other* claims).

Similar language was included in the prior orders allowing late claims in this case. *See* ECF Nos. 774, 792, 833, and 1137.

## V. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court deny the Motion. In the alternative, the Debtor requests that the order contain the reservation of rights language.

Dated: August 7, 2025

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Paul J. Pascuzzi*
Paul J. Pascuzzi
Jason E. Rios
Thomas R. Phinney
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: August 7, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco