

**Signed and Filed: August 12, 2025**

_Dennis Montali_
_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 23-30564-DM |
| THE ROMAN CATHOLIC ARCHBISHOP | ) |
| OF SAN FRANCISCO, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**ORDER GRANTING MOTION TO ALLOW FILING OF LATE CLAIM**

On July 16, 2025, movant John LB Doe SF ("Movant") filed a Motion for an Order to Enlarge the Claims Bar Date to Allow the Filing of Late Proof of Claim ("Motion") (Dkt. 1256). On August 7, 2025, Debtor filed an Objection and Reservation of Rights (Dkt. 1284) as to the Motion. For the reasons set forth below, the court will GRANT the Motion.

**I.    Discussion**

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable

-1-

one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

Neither the Debtor nor the court question the Movant's good faith.  The court considers the remaining *Pioneer* factors below.

Here, the delay is long — one year and five months after the Claims Bar Date passed on February 20, 2024.  This length of delay in seeking allowance of the late filed claim is certainly on the outer bounds of acceptability without further explanation.

Movant explains that he was not aware of the bankruptcy until May 2025 and also did not know until then that any proposed plan may afford relief to the non-debtor entity that may ultimately be responsible for the abuse alleged by movant. While the court is doubtful of Movant's lack of awareness of the bankruptcy generally, it is understandable that Movant would not have known until recently that the entity he accuses of being responsible for his abuse may ultimately be part of a bankruptcy plan, which would not have been known at the time of the bankruptcy filing or claims bar date.  It is due to this very limited circumstance that the court is persuaded to allow the

-2-

late claim, subject to other relevant objections to the claim the Debtor may bring.

Further, the prejudice to the Debtor and the impact on judicial proceedings is currently lower, but increasing each day as mediation continues.  The Debtor is mediating a global resolution as to all claims and has not yet proposed a plan, but that plan, according to Debtor, requires a strict accounting of all claimants and that calculation cannot continue to change with a stream of late claims.

**II.  Conclusion**

For the reasons stated above, the court hereby GRANTS the Motion and drops it from the August 14, 2025 calendar.  **Within 30 days of entry of this Order**, Movant, via counsel, shall file, if he has not already, his Proof of Claim and Confidential Survivor Supplement with the claims and noticing agent for the Debtor, Omni Agent Solutions, Inc., pursuant to the instructions on those aforementioned documents.

The court FURTHER ORDERS that:

1) Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to the claim of Movant on any grounds except for the timeliness of the filing of Movant's claim, pursuant to Federal Rule of Bankruptcy Procedure 3007 or any other applicable law, or any procedure approved by the Bankruptcy Court with respect to the same.  All parties' rights and defenses with respect to any objection to Movant's claim are expressly reserved, including without limitation any

-3-

1    time-bar or statute of limitations defenses (other than

2    timeliness of the filing of Movant's Claim).

3  2)  Nothing herein shall be construed to impair or diminish in

4    any way the rights of any party, including the Debtor, to

5    object to *other* claims not filed prior to the February 20,

6    2024, Bar Date, for which a corresponding motion to allow

7    late-filed claim(s) is pending or has not yet been filed,

8    on any grounds.  All parties' rights and defenses with

9    respect to *other* claims not timely filed by the February

10    20, 2024, Bar Date are expressly reserved, including

11    without limitation any time-bar or statute of limitations

12    defenses (including the timeliness of the filing of the

13    *other* claims).

15                    **END OF ORDER**

-4-

COURT SERVICE LIST

ECF Recipients

-5-