Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
  jrios@ffwplaw.com
  tphinney@ffwplaw.com
  mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
  amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop
of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>　　　Debtor and<br>　　　Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>[No Hearing Requested] |

**STIPULATION TO EXTEND STANDSTILL AGREEMENT [11 U.S.C § 1121(d)]**

This stipulation to extend the standstill agreement (the "Standstill Agreement") is made and entered into by and among The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession (the "RCASF" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee").

## I. RECITALS

WHEREAS, pursuant to section 1121(d) of title 11 of the United States Code, the period during which the Debtor had the exclusive right to file a chapter 11 plan expired on February 20, 2025.

WHEREAS, the Debtor and the Committee previously entered into a standstill agreement which is set to expire on August 20, 2025. ECF No. 999.

NOW THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The "Second Standstill Period" is a period starting on August 20, 2025, and ending on the earlier of February 20, 2026, or 45 days after the date the Debtor or the Committee send a notice of termination by email to the other party to this Standstill Agreement.

2. The Debtor and the Committee shall not file or solicit a plan of reorganization during the Second Standstill Period.

3. This Standstill Agreement shall be binding on the Debtor, the Committee, and their undersigned counsel, as applicable.

4. This Standstill Agreement shall become effective upon execution by counsel for the Debtor and counsel for the Committee; provided however, that notwithstanding Bankruptcy Rule 6004(h), any order approving this stipulation shall be immediately effective and enforceable upon its entry.

///
///
///
///
///

5. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, and/or enforcement of this Standstill Agreement.

*STIPULATED AND AGREED TO BY:*

Dated: August 26, 2025     FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP

By */s/ Paul J. Pascuzzi*
Paul J. Pascuzzi
Attorneys for Debtor and Debtor in Possession
The Roman Catholic Archbishop of San Francisco

Dated: August 26, 2025     PACHULSKI STANG ZIEHL & JONES LLP

By */s/ Brittany M. Michael*
Brittany M. Michael
Counsel for the Official Committee of Unsecured Creditors