JENNIFER R. LIAKOS (SBN 207487)
*jenn@jennliakoslaw.com*
LIAKOS LAW, APC
955 Deep Valley Drive, Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066

*Attorneys for Movant LL John Doe JRO*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor and Debtor In Possession, | **MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM** |
| | Date: October 23, 2025<br>Time: 1:30 p.m.<br>Location: Remotely Via Zoom<br>Honorable Dennis Montali |

**MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**

# INTRODUCTION

This Motion for an Order to Enlarge the Claims Bar Date to Allow Filing of Late Proof of Claim (hereafter the "Motion") is brought on behalf of Movant LL John Doe JRO (hereafter "Movant") who is represented by the law firm of Liakos Law, APC, seeking an order to enlarge the claims bar date to allow the filing of Movant's late proof of claim based upon excusable neglect under the provisions of Federal Rule of Bankruptcy Procedure 9006(b)(1). Movant's Motion is based on this Motion and Points and Authorities set forth herein, the Declaration of Jennifer R. Liakos In Support of the Motion and the Notice of Motion filed herewith, and evidence and documentary evidence presented at the time of the hearing. Similarly, Movant requests that the Court take judicial notice of pleadings filed in this case, where they are referred to herein by their docket numbers.

# THE MOVANT

Movant LL John Doe JRO[1] ("Movant") is an 84-year-old male who asserts a claim for childhood sexual abuse against the Roman Catholic Archbishop of San Francisco (hereafter "Debtor").

# STATEMENT OF FACTS

1.      Movant is represented by Liakos Law APC, which is a law firm located in Palos Verdes Peninsula, California. Liakos Law APC handles sexual abuse cases, including Catholic clergy sexual abuse claims. Declaration of Jennifer R. Liakos ("Liakos Decl.") ¶ 1. Jennifer Liakos is the founder and managing partner of Liakos Law, APC and is responsible for overseeing the firm's sexual abuse practice, including the Catholic clergy sexual abuse cases. *Id*. at ¶ 1.

2.      Movant filed a Master Complaint for Damages on November 29, 2022 in Alameda Superior Court in California, Case No. 22CV022760. Liakos Decl. ¶ 3. Movant erroneously sued the Roman Catholic Diocese of Oakland ("Diocese of Oakland") as Defendant Doe Parish, in accordance with the Judicial Council Coordination Proceedings ("JCCP") 5108 coordinated proceeding Master Complaint. Liakos Decl. ¶ 3, 4.

3.      On May 8, 2023, the Diocese of Oakland filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Liakos Decl. ¶ 5. As a result of the Diocese of Oakland's

---

[1] Movant is identified with a LL John Doe JRO pseudonym given the sensitive nature of the allegations. Movant will provide Debtor counsel, Committee counsel, and insurance counsel for the Debtor with Movant's true identity under separate cover.

**MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**

bankruptcy, Movant was unable to conduct discovery, including a JCCP 5108 approved fact sheet and perpetrator file from the Diocese of Oakland. *Id.*

4.     On September 9, 2023, Liakos Law submitted a Proof of Claim Form for Movant in the Diocese of Oakland bankruptcy proceedings. Liakos Decl. ¶ 6

5.     The Debtor filed a voluntary chapter 11 Bankruptcy Petition on August 21, 2023. Dkt. No. 1. On September 21, 2023, the Debtor filed its Statement of Methodology Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs, which included the Debtor's Schedules of Assets and Liabilities. Dkt. 152. Liakos Decl. ¶ 7.

6.     The claims bar date for the Debtor was February 20, 2024. Dkt. No. 337.

7.     Movant did not submit a proof of claim form in the Archdiocese of San Francisco bankruptcy proceedings. Liakos Decl. ¶ 8. Liakos Law prepared and submitted additional proof of claims for Liakos Law clients with cases involving the Debtor. *Id.*

8.     On August 20, 2025, bankruptcy counsel for the Diocese of Oakland Creditors' Committee emailed counsel for Movant and alerted Movant's counsel that the Diocese of Oakland may not be the proper defendant. Liakos Decl. ¶ 9. Upon investigation, counsel for Movant realized that due to Liakos Law's negligence, counsel for Liakos Law did not submit a proof of claim for Movant. *Id.*

9.     Upon counsel's review of the docket of the bankruptcy proceedings, approximately six other motions similar to Movant's Motion have been granted, including the last Order Granting the Motion to Allow the Filing of the Late Claim entered on August 12, 2025. Dkt. Nos. 792, 824, 833, 1137, 1178, 1289.

## LEGAL ARGUMENT

Federal Bankruptcy Procedure 3003(c)(3) provides that "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." The sound discretion lies with the bankruptcy court to determine whether extending the claims bar date is appropriate. *In re Dix*, 95 B.R. 134, 136 (B.A.P. 9th Cir. 1988). A bankruptcy court is permitted to allow late claims if a failure to comply with a deadline was the result of excusable neglect. Federal Rule of Bankruptcy Procedure Rule 9006(b)(1)(B).

The Supreme Court outlined certain criteria in *Pioneer Investment Services Co. v. Brunswick*

*Assocs. Limited Partnership*, 507 U.S. 380 (1993) to determine when it is appropriate to allow late filed proofs of claims as a result of excusable neglect. A court should consider the following factors, each of which support the granting of Movant's Motion: (1) the danger of prejudice to the debtor; (2) the length of the delay and its impact on judicial administration; (3) the reason for delay and whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993). When determining whether to extend the bar date to include a late claim, the court should consider whether the failure "resulted from negligence, indifference or culpable conduct on the part of a moving creditor or its counsel." *Id*. Where appropriate, courts are permitted to accept late filings caused by inadvertence, mistake, or carelessness, or by intervening circumstances beyond a party's control. *Id*. at 388. The determination as to whether neglect is excusable is an equitable determination and all relevant circumstances must be taken into account. *Id*. at 395. Neglect encompasses "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388. *"Pioneer* makes clear that the standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling." *United States v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998). Instead of a single circumstance, a court should examine the circumstances in their totality, regardless of whether the single circumstance compels a result when considered separately. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n. 2 (9th Cir. 1997). It is not abuse of discretion for a court to find excusable neglect after a law firm missed a filing deadline as a result of the error of a paralegal. *In re Zilog, Inc.*, 450 F.3d 996, 1006 (9th Cir. 2006).

Pursuant to the criteria outlined in *Pioneer*, Movant should be permitted to submit a late proof of claim.

A. No Prejudice to the Debtor

The first *Pioneer* criterion is whether there will be prejudice to the debtor. The possibility that a party will suffer prejudice is insufficient. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). Any finding of prejudice "should be a conclusion based on facts in evidence" and must not be "an imagined or hypothetical harm." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 118 (2d Cir. 2005). There must be an actual or legal problem that would

Case: 23-30564   Doc# 1326   Filed: 09/05/25   Entered: 09/05/25 21:21:06   Page 4 of

have an adverse impact on an opposing party. *In re JSJF Corp.*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006).

The Debtor has not filed a plan of reorganization, nor has mediation concluded. Dkt. No. 1318; Liakos Decl. ¶ 10. Indeed, the Debtor confirms in the Debtor's recently filed Status Conference Statement that mediation remains ongoing through December 2025. Dkt. No. 1318. Given that mediation is clearly ongoing and any progress made during mediation is undoubtedly subject to mediation privilege, Movant anticipates that the Debtor will be unable to articulate an actual or legal harm that would amount to prejudice. Likewise, the Debtor will be unable to claim any prejudice from a single additional claim that would impact an undetermined plan of reorganization. Thus, there will be no prejudice to the Debtor, and this *Pioneer* factor weighs in favor of the Court permitting the late proof of claim.

### B. Impact on Judicial Administration and Length of Delay

Movant's claim will not have an adverse effect on judicial administration of Debtor's Chapter 11 proceedings. As discussed herein, the Debtor has not yet filed a reorganization plan, nor have the court-ordered mediation proceedings concluded. Thus, the addition of one more claim in Chapter 11 proceedings where mediation is ongoing and no reorganization plan has been filed cannot be said to have an adverse impact on the Court's administration. Simply put, the impact on judicial administration, if any, will be minimal.

Movant diligently filed this Motion shortly thereafter learning that a claim should have been filed for Movant. Liakos Decl. ¶ 9. As established herein, the claims bar date was February 20, 2024. Dkt. No. 350. While the claims bar date passed approximately seventeen months ago, Movant's counsel just recently learned from bankruptcy counsel for the Diocese of Oakland Creditors' Committee that Movant's claim falls within the Debtor's bankruptcy, rather than within the Diocese of Oakland's bankruptcy, and took active steps to prepare and file Movant's Motion. Liakos Decl. ¶ 9. The length of the delay is not substantial given that the Debtor has not yet filed the Debtor's reorganization plan, and mediation remains ongoing. Dkt. No. 1318. Indeed, the lack of adverse impact on judicial admission is evidenced by the fact that the Court recently entered an Order granting another claimant's motion to file a late claim on August 12, 2025. Dkt. No. 1289. Therefore, the second *Pioneer* factor weighs in favor of this Court permitting Movant's late proof of claim.

**MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**

C. <u>Reason for Delay</u>

Movant filed a civil lawsuit in the Alameda County Superior Court on November 29, 2022. Liakos Decl. ¶ 3. Movant's lawsuit alleges that he was sexually abused from approximately 1952-1955. Liakos Decl. ¶ 3. Given that Movant was sexually abused over seven decades ago, Movant's access to information related to the perpetrator and potential defendants was extremely limited prior to filing Movant's lawsuit. Liakos Decl. ¶ 3, 5. Thus, based on the information available to Movant's counsel at the time of filing, Movant's counsel believed that the Diocese of Oakland was the proper defendant and accordingly named the Diocese of Oakland and a Diocese of Oakland affiliated entity as defendants. *Id*. Pursuant to Code of Civil Procedure § 340.1(g)-(i), Movant filed the required Certificates of Merit on December 27, 2022, and the court entered an order granting Movant's Certificates of Merit on February 15, 2023. Liakos Decl. ¶ 3.

Less than 6 months after Movant's lawsuit was filed, on May 8, 2023, the Diocese of Oakland filed for Chapter 11 bankruptcy and Movant's case was subject to an automatic stay during the bankruptcy proceedings pursuant to 11 U.S.C. § 362, prohibiting Movant from conducting discovery in Movant's superior court case, including obtaining defendant's fact sheet and the perpetrator's file from the defendants as outlined in the JCCP 5108 discovery protocol. Liakos Decl. ¶ 5. Likewise, upon service of process of Movant's lawsuit in Movant's superior court case counsel for the Diocese of Oakland refused to accept service in light of the automatic stay. Liakos Decl. ¶ 5. Absent the automatic stay issued in cases involving the Diocese of Oakland, Movant's counsel very likely would have discovered, through discovery, that the Debtor was the appropriate defendant and thus would have timely submitted a proof of claim in the Debtor's bankruptcy.

As a result of Movant's inability to conduct discovery, Movant's counsel had no reason to believe that the Diocese of Oakland was not a proper defendant and submitted a proof of claim form in the Chapter 11 proceedings involving the Diocese of Oakland. Liakos Decl. ¶ 3, 5.

The excusable neglect standard articulated by the Supreme Court has previously been applied by the Ninth Circuit in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) to determine whether errors and omissions made by a party's counsel and paralegal can be considered excusable neglect. In *Pincay*, the deadline to file a notice of appeal was incorrectly calendared by a paralegal, thereby resulting in a late

5

MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW
FILING OF LATE PROOF OF CLAIM

1  filed notice of appeal. *Id*. In affirming the district court's holding that a late notice of appeal should be

2  permitted, the Ninth Circuit held that the court may not apply *per se* rules and that there should "be no

3  rigid legal rule against late filings attributable to any particular type of negligence." *Id*. at 860. Despite

4  finding that both the attorney and the attorney's paralegal were negligent and the mistake in calendaring

5  the incorrect deadline was egregious, the Court held that this "represents the beginning of our inquiry as

6  to whether the negligence is excusable, not the end of it. The real question is whether there was enough

7  in the context of this case to bring a determination of excusable neglect within the district court's

8  discretion." *Id*. at 858-60. The Ninth Circuit further held that the district court did not abuse its discretion

9  when it found excusable neglect in finding that there was no prejudice, the length of the delay was minor,

10  carelessness was the reason for the delay, and no evidence of bad faith was presented. *Id*. at 855-56.

11      Here, the neglect was the result of Movant's counsel's mistake in filing a proof of claim form for

12  Movant in the Diocese of Oakland bankruptcy, rather than the Debtor's bankruptcy. Movant's counsel

13  did not intentionally ignore the claims bar date but rather believed that Movant's proof of claim was

14  properly submitted within the Diocese of Oakland's bankruptcy given that Movant was unable to conduct

15  discovery, evidencing that Movant's counsel's mistake was just that—a mistake. As established herein,

16  Movant was unable to conduct the necessary discovery which would have inevitably revealed that the

17  Archdiocese of San Francisco was the proper defendant and allowed Movant's counsel to file a proof of

18  claim in the Debtor's bankruptcy in a timely manner. Moreover, even if this circumstance weighs against

19  Movant, the Supreme Court's holding in *Pioneer* as applied by the Ninth Circuit in *Pincay* is an approach

20  that is intended to be flexible as the examination of "all of the circumstances involved rather than holding

21  that any single circumstance in isolation compels a particular result regardless of the other factors."

22  *Pincay v. Andrews,* 389 F.3d 853, 856 (9th Cir. 2004) (quoting *Briones v. Riviera Hotel & Casino,* 116

23  F.3d 379, 382 n. 2 (9th Cir.1997)). Therefore, Movant's counsel's mistaken negligence is not the result

24  of Movant's counsel freely ignoring court ordered deadlines and should be weighed and considered with

25  the other *Pioneer* factors rather than being considered in isolation.

26      D. <u>Whether the Creditor Acted in Good Faith</u>

27      As established herein, Movant's failure to submit a timely proof of claim is the result of Movant's

28  counsel's mistake, rather than any mistake on the part of Movant. Moreover, as soon Movant's counsel

MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW
FILING OF LATE PROOF OF CLAIM

was alerted to the issue, Movant's counsel took immediate action to remedy the situation in filing this Motion, evidencing Movant's counsel's action taken in good faith. Any indication that Movant has not acted in good faith would run contrary to facts. It is clear that counsel for Movant is not attempting to use Bankruptcy Rule 9006(b)(1) as a "permissive reprieve." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Thus, this *Pioneer* factor also weighs in favor of permitting Movant to submit a proof of claim.

Each *Pioneer* factor, when considered in their totality, supports a finding that Movant should be permitted to file a late proof of claim. Prejudice to the Debtor, if any, is very minimal. Although mediation sessions are underway, it is clear that mediation is ongoing for at least three additional months, and no reorganization plan has been filed. The length of the delay is not so much that would favor denial of Movant's Motion. The reason for the delay was as the result of an automatic stay imposed by a different bankruptcy, preventing Movant from engaging in discovery which would have inevitably revealed Movant's counsel's mistake, rather than any inaction on behalf of Movant or Movant's counsel. Finally, there is no indication the Movant has not acted in good faith and has filed the instant Motion shortly thereafter discovery of the issue. To deny Movant the opportunity to submit a late proof of claim when mediation is ongoing and no reorganization plan has been filed would result in a severe injustice to Movant.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests this Court issue an order granting Movant's Motion for an Order to Enlarge the Claims Bar Date to Allow Filing of Late Proof of Claim so that Movant may submit a confidential proof of claim that this Court will deem timely filed in accordance with the Court's order.

DATED: September 5, 2025                              **LIAKOS LAW, APC**


_____
Jennifer R. Liakos
*Attorney for Movant*

**MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW**
**FILING OF LATE PROOF OF CLAIM**