JENNIFER R. LIAKOS (SBN 207487)
*jenn@jennliakoslaw.com*
LIAKOS LAW, APC
955 Deep Valley Drive, Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066

*Attorneys for Movant LL John Doe JRO*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| In re: | Case No.: 23-30564 |
|---|---|
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
|               Debtor and Debtor In Possession, | **DECLARATION OF JENNIFER R. LIAKOS, ESQ. IN SUPPORT OF MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM** |
| | Date: October 23, 2025<br>Time: 1:30 p.m.<br>Location: Remotely Via Zoom<br>Honorable Dennis Montali |

DECLARATION OF JENNIFER R. LIAKOS

# **DECLARATION OF JENNIFER R. LIAKOS**

I, Jennifer R. Liakos, declare as follows:

1.     I am the founding and managing partner at Liakos Law, APC, counsel of record for Movant LL John Doe JRO ("Movant") in this action. Liakos Law, APC, primarily handles cases involving childhood sexual abuse. I am licensed to practice law in the Courts of the State of California. My firm is counsel of record for Movant LL John Doe JRO, as well as other claimants in the above-captioned Chapter 11 bankruptcy action. I am an adult California resident, competent to testify, and if called as a witness, my testimony under oath would be as follows.

2.     I am generally familiar with the Chapter 11 case filed by the Roman Catholic Archbishop of San Francisco (hereafter "Debtor").

3.     Attached hereto and incorporated by reference herein as **Exhibit 1** is a true and correct copy of Movant's Master Complaint for Damages in Case No. 22CV022760, filed in Alameda Superior Court in California on November 29, 2022. Movant's Complaint alleges that he was sexually abused by Father Bresnahan in Oakland from approximately 1952-1955. Movant filed the required Certificates of Merit with Alameda Superior Court on December 27, 2022. On February 15, 2023, the Alameda Superior Court issued an order approving Movant's Certificates of Merit and granting Movant permission to serve defendants. Father Bresnahan was associated with the Diocese of San Francisco until the formation of the Diocese of Oakland in 1962.

4.     Attached hereto and incorporated by reference herein as **Exhibit 2** is a true and correct copy of Judge Noel Wise's Order adding Movant's state court case on to the Judicial Council Coordination Proceedings ("JCCP") 5108.

5.     On May 8, 2023, the Diocese of Oakland filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. As a result of the voluntary petition, an automatic stay was ordered and Movant was unable to conduct discovery. On May 25, 2023, bankruptcy counsel for the Diocese of Oakland refused to accept service of the summons and Complaint because the automatic stay was in place. A true and correct copy of this May 25, 2023 correspondence is attached hereto and incorporated by reference herein as **Exhibit 3.**

DECLARATION OF JENNIFER R. LIAKOS

6. Attached hereto and incorporated by reference herein as **Exhibit 4** is a true and correct copy of Movant's Proof of Claim form submitted in the Diocese of Oakland bankruptcy proceedings on September 11, 2023.

7. On August 21, 2023, The Debtor filed a voluntary chapter 11 Bankruptcy Petition. Dkt. No. 1. On September 21, 2023, the Debtor filed its Statement of Methodology Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs, which included the Debtor's Schedules of Assets and Liabilities. Dkt. 152.

8. My firm prepared and submitted multiple proof of claim forms for claimants in the Diocese of San Francisco bankruptcy proceeding, however Movant did not submit a proof of claim form.

9. On August 20, 2025, counsel for the Diocese of Oakland Creditors' committee emailed my office and informed me that the Diocese of Oakland was not the correct defendant.

10. I have reviewed the docket for this case, and to date, the Debtor has not filed any proposed Plan of Reorganization.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 5th day of September 2025, at Torrance, California.

_____
Jennifer R. Liakos

DECLARATION OF JENNIFER R. LIAKOS

# Exhibit 1

1  JENNIFER R. LIAKOS, ESQ. (SBN #207487)
   LIAKOS LAW, APC
2  955 Deep Valley Drive
   Suite 3900
3  Palos Verdes Peninsula, CA 90274
4  (310) 961-0066
   Jenn@JennLiakosLaw.com
5
   Attorney for Plaintiff LL John Doe JRO
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/29/2022 at 11:56:04 AM**
By: Xian-xii Bowie,
Deputy Clerk

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                      **COUNTY OF ALAMEDA**

9  LL JOHN DOE JRO, individually,          Case No.: 22CV022760
                                           JCCP    5108
10         Plaintiff,

11  v.                                     Judge:     Hon. Evelio Grillo
                                                      Coordination Trial Judge
12  DEFENDANT DOE DIOCESE;                 Department:  21
    DEFENDANT DOE PARISH; DEFENDANT
13  DOE RELIGIOUS ORDER, DEFENDANT         **MASTER COMPLAINT FOR DAMAGES**
    DOES 1 through 500, inclusive,         **FOR:**
14
           Defendants.                     **(1)  INTENTIONAL INFLICTIONOF**
15                                         **     EMOTIONAL DISTRESS;**
                                           **(2)  HUMAN TRAFFICKING (*CIVIL***
16  _____  **     *CODE* §52.5)**
                                           **(3)  NEGLIGENCE;**
17  NORTHERN CALIFORNIA CLERGY             **(4)  NEGLIGENT SUPERVISION;**
    CASES                                  **(5)  NEGLIGENT RETENTION/HIRING;**
18                                         **(6)  NEGLIGENT FAILURE TO WARN,**
                                           **     TRAIN OR EDUCATE;**
19                                         **(7)  BREACH OF FIDUCIARY DUTY;**
                                           **(8)  CONSTRUCTIVE FRAUD (*CIVIL***
20                                         **     *CODE* §1573);**
                                           **(9)  SEXUAL HARASSMENT (*CIVIL***
21                                         **     *CODE* §51.9);**
                                           **(10) FRAUDULENT TRANSFER  (*CIVIL***
22                                         **     *CODE* §3439, *ET SEQ.*) ;**
                                           **(11) SEXUAL BATTERY (*CIVIL CODE* §**
23                                         **     1708.5 ;**
                                           **(12) SEXUAL ASSAULT**
24                                         **(13) GENDER VIOLENCE**
                                           **(14) VIOLATION OF *PENAL CODE***
25                                         **     §288(A) ;**
                                           **(15) VIOLATION OF *PENAL CODE***
26                                         **     §647.6(A) ;**
                                           **(16) VIOLATION OF *PENAL CODE***
27                                         **     §265.**

28                                         **DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiffs who hereby complain and allege against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE PERPETRATOR, and DOES 1 through 500, inclusive ("Defendants"), as follows:

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

1. The Plaintiffs, survivors of childhood sexual abuse, bring this action to hold the religious institutions accountable that they and their family entrusted with their safety as minor children; institutions that harbored their perpetrators and failed to protect these minor children with whom the RELIGIOUS ENTITY DEFENDANTS stood *in loco parentis.* This case seeks to vindicate the rights of these survivors who unnecessarily suffered abuse at the hands of trusted religious leaders, to whom they were vulnerable and which they trusted. This Master Complaint has been created and will be adopted by each Plaintiff assigned to the Coordinated Proceeding, *Northern California Clergy Cases*, JCCP Case No. 5108. Hereinafter, the term "Plaintiff" will be utilized, and referring to each Plaintiff that provides an adoption form to this Master Complaint.

## THE PLAINTIFF

2. The Plaintiff is an adult individual, who is under the age of forty (40) years old. Therefore, the Plaintiff need not file Certificates of Merit, pursuant to *Code of Civil Procedure* §340.1(g) and is permitted to name the Defendants in this action by their true and correct names.

3. The Plaintiff is an adult individual, who is over the age of forty (40) years old. Therefore, the Plaintiff has filed a declaration from a mental healthcare practitioner, and an attorney declaration for each named defendant in this Action, pursuant to the requirements of *Code of Civil Procedure* §340.1. Moreover, each named defendant in this action shall be named as a "Doe" pursuant to the requirement of *Code of Civil Procedure* §340.1(n), until such time as a declaration of corroborative fact has been approved by the Court.

4. A declaration of corroborative fact has been filed in this matter and approved by a Court of competent jurisdiction. As such, the Plaintiff, who is over the age of forty (40) years of age, is permitted to name the Defendants by their true and correct names.

5. The Plaintiff is a minor, thus, the instant Complaint is brought by and through the Plaintiff's Guardian *ad litem.*

Case: 23-30564    Doc# 1327    Filed: 09/05/25 MASTER COMPLAINT 09/05/25 21:28:02    Page 6 of 106

6.     The Plaintiff is currently a resident of the State of California.

7.     The Plaintiff was a resident of the State of California, during the time when the childhood sexual abuse, harassment and/or assault occurred.

8.     The childhood sexual abuse, harassment, and/or assault occurred within the State of California, at least in part.

**<u>DEFENDANTS</u>**

**(Defendant, DOE ARCHDIOCESE)**

9.     Defendant DOE ARCHDIOCESE is at all times mentioned herein was and is, a corporation sole, having its principal place of business in the County of San Francisco, State of California. Defendant DOE 1 purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants.

10.     The Plaintiff is informed and believes, and thereon alleges that Defendant DOE ARCHDIOCESE was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE ARCHDIOCESE, including the Plaintiff when they were parishioners, and/or participants in religious, recreational, athletic, and/or social activities, altar servers and/or students.

11.     At all relevant times herein, DOE RELIGIOUS ORDER was required to obtain permission from DOE ARCHDIOCESE, in order for its religious personnel to be assigned within DOE ARCHDIOCESE, and to be in contact with minor children within those institutions. As such, DOE ARCHDIOCESE had a duty to ensure that those DOE RELIGIOUS ORDER personnel were safe to be around minor children and parishioners.

**(Defendant, DOE DIOCESE)**

12.     Defendant DOE DIOCESE, at all times mentioned herein, was and is a corporation sole, having its principal place of business in the State of California. Defendant DOE 1 purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers

Case: 23-30564    Doc# 1327    Filed: 09/05/25    Entered: 09/05/25 21:28:02    Page 7 of 106

MASTER COMPLAINT

and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants. The Plaintiff is informed and believes, and thereon alleges that Defendant DOE DIOCESE was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE 1, including the Plaintiffs when they were parishioners, participants in religious, recreational, athletic, and social activities, altar servers and/or students.

13.    At all relevant times herein, DOE RELIGIOUS ORDER was required to obtain permission from DOE DIOCESE, in order for its religious personnel to be assigned within DOE DIOCESE, and to be in contact with minor children within those institutions. As such, DOE DIOCESE had a duty to ensure that those DOE RELIGIOUS ORDER personnel were safe to be around minor children and parishioners.

**(Defendant, DOE PARISH)**

14.    Defendant DOE PARISH, at all times mentioned herein, was and is, a religious corporation, having its principal place of business in the State of California. Defendant DOE PARISH purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants including but not limited to the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants. The Plaintiffs are informed and believe, and thereon allege that Defendant DOE 1 was an entity that supervised priests, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE 1, including the Plaintiffs when they were parishioners, participants in religious, recreational, athletic, and social activities, altar servers and/or students.

15.    Defendant DOE PARISH was incorporated after the childhood sexual abuse of the Plaintiff, and was incorporated, as an entity wholly owned, controlled, managed, operated, and supervised by DOE ARCHDIOCESE and/or DOE DIOCESE. It is based upon information, and therefore belief, that DOE PARISH was incorporated as a successor-in-interest to and/or *alter ego* of DOE DIOCESE and/or DOE ARCHDIOCESE.

4

MASTER COMPLAINT

**(Defendant, DOE RELIGIOUS ORDER)**

16.    Defendant DOE RELIGIOUS ORDER is at all times mentioned herein was and is, a religious corporation. Defendant DOE RELIGIOUS ORDER purposely conducts substantial business activities in the State of California, and was the primary entity owning, operating and controlling the activities and behavior of its employees, agents, volunteers, and/or servants, including the DOE PERPETRATOR, as well as DOES 1 through 500 and all other employees, agents, and supervisors of those defendants.

17.    The Plaintiff is informed and believes, and thereon alleges that Defendant DOE RELIGIOUS ORDER was an entity that supervised priests, other religious personnel, supervised children, and understood that children would be in its programs, on its premises, and in the care, custody, and control of Defendant DOE RELIGIOUS ORDER and its agents, including the Plaintiff.

18.    Collectively, the institutions DOE ARCHDIOCESE, DOE DIOCESE, and/or DOE PARISH named in this lawsuit, shall be referred to as: "RELIGIOUS ENTITY DEFENDANTS", hereinafter.

**(Defendant, DOE PERPETRATOR)**

19.    Defendant, DOE PERPETRATOR is an adult individual. The DOE PERPETRATOR was in a position of trust, confidence, and responsibility with the Plaintiff, as a function of the position the DOE PERPETRATOR was with the RELIGIOUS ENTITY DEFENDANTS. Specifically, the DOE PERPETRATOR was placed in contact with minor children, through the DOE PERPETRATOR's role with the RELIGIOUS ENTITY DEFENDANTS, and thus, stood *in loco parentis* with the Plaintiff and the Plaintiff's guardians.

20.    Defendant DOE PERPETRATOR was an agent, servant, employee, volunteer and/or member of the RELIGIOUS ENTITY DEFENDANTS during the time of the Plaintiff's childhood sexual abuse.

21.    Collectively, the DOE PERPETRATOR, DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and/or DOES 1 through 500 are referred to as "Defendants."

5

22.     The Plaintiff is informed and believes, and thereupon alleges, that the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 8 through 50, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when such have been ascertained.  Upon information and belief, each of the said Doe Defendants is responsible in some manner under *Code of Civil Procedure* §§340.1(a)(1),(2),(3), and 340.1 (c) for the occurrences herein alleged, and were a legal cause of the childhood sexual assault which resulted in injury to the Plaintiff as alleged herein.

23.     Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein, there existed a unity of interest and ownership among Defendants and each of them, such that any individuality and separateness between Defendants, and each of them, ceased to exist.  Defendants and each of them, were the successors-in-interest and/or alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities, or other manner of division. To continue maintaining the facade of a separate and individual existence between and among Defendants, and each of them, would serve to perpetrate a fraud and an injustice.

24.     Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the agents, representatives and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them, were acting within the course and scope of said alternative personality, capacity, identity, agency, representation and/or employment and were within the scope of their authority, whether actual or apparent. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the trustees, partners, servants, joint venturers, shareholders, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiff.

6

## CHILDHOOD SEXUAL ASSAULT, ABUSE AND/OR HARASSMENT SUFFERED BY THE PLAINTIFF.

25.     The Plaintiff was subjected to acts of childhood sexual assault, harassment, abuse, and/or molestation by the DOE PERPETRATOR. These acts of childhood sexual assault, harassment, abuse and/or molestation perpetrated upon the Plaintiff, began to occur when the Plaintiff was under the age of 18 years old, and constitute childhood sexual assault within the definition of *Code of Civil Procedure* §340.1(d). These acts of childhood sexual assault, harassment, abuse and/or molestation resulted in the personal physical injury, as well as emotional, psychological and psychiatric injury and damage to the Plaintiff.

26.     The Plaintiff was a minor child, under the age of 18, at the time of the sexual assaults, harassment, and/or abuse alleged herein, therefore, the Plaintiff did not, and was unable to, give free or voluntary consent to the sexual acts and assaults committed upon Plaintiff by The DOE PERPETRATOR.

27.     The sexual abuse, harassment and/or assaults were committed by the DOE PERPETRATOR for his sexual gratification and was based upon the gender of the Plaintiff.

28.     The sexually abusive, harassing and/or assaultive acts by the DOE PERPETRATOR were committed in violation of the California *Penal Code*, which proscribes sexual acts and misconduct against minor children.

## DAMAGES SUFFERED BY THE PLAINTIFF AS A RESULT OF THEIR CHILDHOOD SEXUAL ASSAULT, ABUSE, AND/OR HARASSMENT BY THE DOE PERPETRATOR

29.     As a direct and proximate result of the childhood sexual assault, harassment and abuse committed against the Plaintiff by the DOE PERPETRATOR, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiff has suffered personal physical injury of sexual assault, and has and will continue to suffer, psychological, mental and emotional distress. The Plaintiff suffered, and continues to suffer, from, but is not limited to, the following conditions:

    a.    Anxiety;

    b.    Depression;

    c.    Flashbacks and/or reexperiencing;

7

d.   Suicidal ideation or thoughts;

e.   Suicide attempts;

f.   Anger;

g.   Betrayal;

h.   Loss of faith;

i.   Nervousness;

j.   Problems with those in positions of authority;

k.   Interpersonal relationship problems with those in positions of confidence or trust;

l.   Problems interacting with others, including but not limited to family members;

m.  Guilt, shame, and/or humiliation;

30.     As a direct and proximate result of the childhood sexual assault, harassment and abuse committed against the Plaintiff by the DOE PERPETRATOR, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiff has, and will continue to, incur expenses for mental, psychological, psychiatric, and medical care due to the assault, according to proof at trial:

a.   Future Medical Expenses, including but not limited psychological and/or psychiatric care;

b.   Past Medical Expenses (Past) including but not limited psychological and/or psychiatric care;

31.     As a further direct and proximate result of the DOE PERPETRATOR's sexual assaults, harassment and abuse, which was enabled and facilitated by RELIGIOUS ENTITY DEFENDANTS, Plaintiffs have suffered additional economic injury as follows:

a.   Lost earning capacity (Future);

b.   Lost income (Past).

32.     These damages were all suffered as to the Plaintiff's general, special and consequential damage in an amount to be proven at trial, but in no event less than the minimum jurisdictional amount of this Court.

**DUTIES OF THE RELIGIOUS ENTITY DEFENDANTS TO PROTECT THE PLAINTIFF AND CONTROL THE DOE PERPETRATOR**

8

33.     At all times herein, the RELIGIOUS ENTITY DEFENDANTS, and each of them, knew or should have known that the DOE PERPETRATOR was unfit, posed a risk of harm to minor children, and/or posed a risk of childhood sexual assault to minor children in its care, custody and control. Specifically, RELIGIOUS ENTITY DEFENDANTS knew or should have known, or were otherwise on notice, that the DOE PERPETRATOR had engaged in misconduct that created the risk of childhood sexual assault and failed to take reasonable steps or to implement reasonable safeguards to avoid acts of childhood sexual assault by the DOE PERPETRATOR on minors, including Plaintiff.

34.     As a priest, employee, representative, servant, agent, and/or volunteer of RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, the DOE PERPETRATOR was placed into a position of moral, ethical, religious, and legal authority over the Plaintiffs, their parents, and parishioners with whom became into contact. The DOE PERPETRATOR was a confidant to the Plaintiffs and their families, and as a result, there was a special, trusting, confidential and fiduciary relationship between the Plaintiff and the DOE PERPETRATOR, as well as between Defendants DOE 1 and DOES 1-50 and the Plaintiff. Through this relationship with the Plaintiff, Defendants DOE 1 stood *in loco parentis* with the Plaintiff and Plaintiff's family. Specifically, Defendants took the Plaintiff into their custody, care and control, which conferred upon the Plaintiff and their families the reasonable belief that the Plaintiff, a minor children, would be protected and cared for, as if Defendants were the Plaintiffs' own parents.

35.     As a minor at DEFENDANT RELIGIOUS ENTITIES, where the DOE PERPETRATOR was employed, retained, and worked, Plaintiff was under the DOE PERPETRATOR's, as well as DOE 1 and DOES 1-50's direct supervision, care and control, thus creating a special relationship, fiduciary relationship, and/or special care relationship with Defendants, and each of them. Additionally, as minor children under the custody, care and control of Defendants, Defendants stood *in loco parentis* with respect to Plaintiff while Plaintiff was at DOE 1 and DOES 1 through 500. As the responsible parties and/or employers controlling the DOE PERPETRATOR, Defendants were also in a special relationship with Plaintiff, and owed special duties to Plaintiff.

9

36. Defendants also intentionally and willfully implemented various measures intended and designed to, or which effectively, made the DOE PERPETRATOR's s conduct harder to detect including, but not limited to:

    a. Assigning and permitting the DOE PERPETRATOR to remain in a position of authority and trust after DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known that was an unfit agent, servant, employee, member and/or volunteer;

    b. Assigning and permitting the DOE PERPETRATOR to remain in a position of authority and trust after DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known that was in misconduct that created a risk of childhood sexual assault to be perpetrated by the DOE PERPETRATOR;

    b. Placing the DOE PERPETRATOR in a separate and secluded environment, including placing him in charge of children, which allowed the DOE PERPETRATOR to sexually and physically interact with and assault the children, including Plaintiff;

    c. Authorizing the DOE PERPETRATOR to come into contact with minors, including Plaintiff, without adequate supervision;

    d. Failing to inform, or concealing from Plaintiff's parents and law enforcement officials the fact that Plaintiff and others were or may have been sexually assaulted after Defendants knew or should have known that the DOE PERPETRATOR may have sexually assaulted Plaintiff or others, thereby enabling Plaintiff to continue to be endangered and sexually assaulted, and/or creating the circumstance where the Plaintiff and others were less likely to receive medical/mental health care and treatment, thus exacerbating the harm to Plaintiff;

    e. Holding out and affirming the DOE PERPETRATOR to Plaintiff and Plaintiff's parents, other children and their parents, and to the community as being in good standing and trustworthy;

    f. Failing to take reasonable steps, and to implement reasonable safeguards to avoid acts of unlawful sexual conduct by the DOE PERPETRATOR with students minor children; and

    g. Failing to put in place a system or procedure to supervise or monitor employees, volunteers, representatives or agents to insure that they did not molest or assault minors in Defendants' custody or care, including Plaintiff.

37. By his position within the DEFENDANT RELIGIOUS ENTITIES, Defendants demanded and required that Plaintiff respect the DOE PERPETRATOR in his position of priest, spiritual advisor, confidant, teacher, and/or mentor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

10

38. Plaintiff is informed and believe, and on that basis allege, that Defendants and each of them, were or should have been aware of the DOE PERPETRATOR's wrongful conduct at or about the time it was occurring, and thereafter, but took no action to obstruct, inhibit or stop such continuing conduct, or to help Plaintiff endure the trauma from such conduct. Despite the authority and ability to do so, these Defendants negligently and/or willfully refused to, and/or did not act effectively to stop the sexual assaults on the Plaintiff, to inhibit or obstruct such assault, or to protect the Plaintiff from the results of that trauma.

39. During the period of assaults perpetrated upon the Plaintiff, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 had the authority and the ability to obstruct or stop the DOE PERPETRATOR's sexual assaults on the Plaintiff, but intentionally, negligently and/or willfully failed to do so, thereby allowing the assault to occur and to continue unabated. This failure was a part of Defendants' intended plan and arrangement to conceal wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual molestation and assault, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law enforcement. The Plaintiff is informed and believes, and on that basis alleges, that such actions were motivated by a desire to protect the reputation of Defendants and each of them, and to protect the monetary support of Defendants while fostering an environment where such assault could continue to occur.

## STATUTE OF LIMITATIONS

40. Pursuant to *Code of Civil Procedure* §340.1(q) as amended by Assembly Bill 218, effective January 1, 2020 there is a three (3) year window in which all civil claims of childhood sexual assault are revived if they have not been litigated to finality. This provision provides that, "[n]otwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020. A plaintiff shall have the later of the three-year time period under this subdivision or the time period under subdivision (a) as amended by the act

that added this subdivision." These claims of the Plaintiff have not been previously litigated to finality and have been filed (or are still pending) within the timeframe specified *supra*, thus, it is timely under the revised provisions of *Code of Civil Procedure* §340.1(q).

41.     The Plaintiff is under the age of forty (40) years old at the time of filing of the Complaint, therefore, their action is timely pursuant to *Code of Civil Procedure* §340.1(a).

42.     The Plaintiff is over the age of forty (40) years old at the time of filing of the Complaint. Since this action is being commenced after the Plaintiff's 40th birthday, and as set forth more fully *supra*, it is upon information, and therefore belief, that the RELIGIOUS ENTITY DEFENDANTS knew or had reason to know, or were otherwise on notice, of misconduct that created a risk of childhood sexual assault by DOE PERPETRATOR

43.     Since this action is being commenced after the Plaintiff's 40th birthday, and as set forth more fully *supra*, it is upon information, and therefore belief, that the RELIGIOUS ENTITY DEFENDANTS failed to take reasonable steps, or to implement reasonable safeguards, to avoid acts of childhood sexual assault, including but not limited to preventing or avoiding placement of the DOE PERPETRATOR in a function or environment in which contact with children was an inherent part of that function or environment.

44.     Pursuant to *Code of Civil Procedure* §340.1(g)(1), a separate Certificate of Merit was filed by the Plaintiff's attorney for each defendant in this action.

45.     Pursuant to *Code of Civil Procedure* §340.1(g)(2), a declaration from a mental healthcare practitioner was filed concurrently with the instant Complaint for the Plaintiff.

**PUNITIVE DAMAGES SOUGHT AGAINST RELIGIOUS ENTITY DEFENDANTS AND RESERVATION OF RIGHTS**

46.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 are, based on information and belief, religious corporations, organized under the laws of California, and therefore, are afforded the protection of *Code of Civil Procedure* §425.14. Upon such time as appropriate, the Plaintiff expressly reserves the right to file a Motion to Amend the instant Complaint, in order to allege facts sufficient to constitute punitive damages against DEFENDANT

12

JOINT MASTER COMPLAINT

RELIGIOUS ENTITIES, in accord with evidence that substantiates a finding of the clear and convincing evidentiary requirement of *Civil Code* §3294.

**FIRST CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE**
**RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

47.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

48.    Defendants' conduct towards the Plaintiff, as described herein, was outrageous and extreme.

49.    A reasonable person would not expect or tolerate the DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 putting the DOE PERPETRATOR in positions of authority at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, which enabled the DOE PERPETRATOR to have access to minor children, including the Plaintiff, so that he could commit wrongful sexual acts with them, including the conduct described herein above. The Plaintiff held great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

50.    A reasonable person would not expect or tolerate the DEFENDANT RELIGIOUS ENTITIES to be incapable of supervising and preventing employees of Defendants, including the DOE PERPETRATOR, from committing wrongful sexual acts with minor children in their charge, including Plaintiff, or to be incapable of properly supervising the DOE PERPETRATOR to prevent such assault from occurring.

51.    Defendants' conduct described herein was intentional and malicious and done for the purpose of causing, or with reckless disregard of the rights of the Plaintiff, with the substantial certainty that it would cause Plaintiff and the other children who were enrolled in, participated in, or were members and participants in, activities of their parish and of Defendants' religious, educational, recreational, and social programs, to suffer humiliation, mental anguish and emotional and physical distress.

13

52. As a result of the above-described conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

53. As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

**SECOND CAUSE OF ACTION**
**<u>HUMAN TRAFFICKING (*CIVIL CODE* §52.5)</u>**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

54. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

55. The Plaintiff, who was a minor when the DOE PERPETRATOR took custody of them, was a victim under *Penal Code* §236.1 (specifically, subsection (a)), and is entitled to bring a claim under *Civil Code* §52.5(a).

56. The Plaintiff is a victim under California *Penal Code* §236.1(a), given the following facts:

a. The Plaintiff had their personal liberty and/or freedom deprived when, the DOE PERPETRATOR transported them;

b. The Plaintiff was a minor, therefore was unable to give consent to such acts. Purported consent of a minor, is no basis for a defense under *Penal Code* §236.1(e);

c. The DOE PERPETRATOR transported the Plaintiff in order to obtain forced, sexual services from the Plaintiff, in a secluded area, which were performed upon the DOE PERPETRATOR;

d. The Plaintiff, as a minor, did perform forced, sexual services for the DOE PERPETRATOR, after they had been transported. The Plaintiff was a minor at all relevant times and was unable to give valid consent to any of the sex acts that were perpetrated upon them by DOE PERPETRATOR.

14

57.     The Defendant RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, having full knowledge of the dangerous and sexually exploitive propensities of the DOE PERPETRATOR, ratified the DOE PERPETRATOR's conduct and are liable pursuant to *C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1110 ("…an employer may be liable for an employee's act where the employer either authorized the tortious act or subsequently ratified an originally unauthorized tort. [Citations.] The failure to discharge an employee who has committed misconduct may be evidence of ratification. [Citations.] The theory of ratification is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort, such as assault or battery.") Prior to the Plaintiff's transportation by the DOE PERPETRATOR, the DEFENDANT RELIGIOUS ENTITIES knew, or should have known, that the DOE PERPETRATOR was unfit to be around minor children and posed a danger to those children the DOE PERPETRATOR was assigned to care for, or otherwise supervise.

58.     Furthermore, the RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 500, were made well aware that the DOE PERPETRATOR was transporting minor students in his vehicle, with no other adults present. Despite having this knowledge, the RELIGIOUS ENTITY DEFENDANTS, and DOES 1 through 100, chose not to discipline, remove, sanction, deter, supervise, or restrict the DOE PERPETRATOR's conduct.

59.     As a result of the above-described conduct, the Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

60.     In subjecting Plaintiff to the wrongful treatment herein described, Defendant DOE PERPETRATOR acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and/or oppression under California *Civil Code* section 3294.

61.     Plaintiff is therefore entitled, upon proper application to the court, to the recovery of punitive damages, in an amount to be determined by the court, the RELIGIOUS ENTITY DEFENDANTS. Plaintiff reserves his right, pursuant to California *Code of Civil Procedure* § 425.14, to seek leave of court to pursue an award of punitive damages against RELIGIOUS ENTITY DEFENDANTS, in a sum to be shown according to proof.

62.     Pursuant to *Civil Code* §52.5(a), the Plaintiff is entitled to recover actual damages, compensatory damages, punitive damages (specified above and in accordance with *Code of Civil Procedure* §425.14), as well as attorneys' fees. Furthermore, pursuant to *Civil Code* §52.5(b), the Plaintiff seeks to recover three (3) times their actual damages against Defendants, and DOES 1 through 500, in addition to the remedies stated in the previous sentence, as their actual damages are far exceed $10,000.00.

### THIRD CAUSE OF ACTION
### NEGLIGENCE
### (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)

63.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

64.     As more fully set forth above, the conduct and actions of the DEFENDANT RELIGIOUS ENTITIES, and DOES 1 through 500, served to create an environment in which the DOE PERPETRATOR was afforded years of continuous secluded access to minor children including the Plaintiff, a minor child at the time of their sexual assaults by the DOE PERPETRATOR.

65.     As more fully set forth above, Defendants DOE 1, and DOES 1 through 500, inclusive, were aware and/or on notice of the DOE PERPETRATOR's sexual misconduct with minors prior to the first occasion on which Plaintiff was placed in the DOE PERPETRATOR's custody through the acts of Defendants. Accordingly, at the time the DOE PERPETRATOR and Defendants DOE 1, and DOES 1 through 500, inclusive, performed the acts alleged herein, it was or should have been reasonably foreseeable to Defendants that by continuously exposing and making Plaintiff available to the DOE PERPETRATOR, Defendants were placing Plaintiff in grave

risk of being sexually assaulted by the DOE PERPETRATOR. By knowingly subjecting Plaintiff to such foreseeable danger, Defendants DOE 1, and DOES 1 through 500, inclusive, were duty-bound to take reasonable steps and implement reasonable safeguards to protect Plaintiff from the DOE PERPETRATOR. Furthermore, as alleged herein, Defendants DOE 1, and DOES 1 through 500, inclusive, at all times exercised a sufficient degree of control over the DOE PERPETRATOR's personal and business affairs to prevent the acts of assault by keeping the DOE PERPETRATOR away from Plaintiffs. However, Defendants DOE 1, and DOES 1 through 500, inclusive, failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault.

**NEGLIGENCE *PER SE—PENAL CODE* MANDATORY CHILD ABUSE REPORTING**

66.     Under the Child Abuse and Neglect Reporting Act ("CANRA"), RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, by and through their agents, servants, volunteers, and/or employees, including priests, were child care custodians and were under a statutory duty to report known or suspected incidents of sexual molestation or abuse of minors to a child protective agency, pursuant to California *Penal Code* § 11166, and/or not to impede the filing of any such report. Furthermore, RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500 were under a statutory duty to provide their employees with various acknowledgements of reporting requirements under *Penal Code* §11166.5.

67.     Defendants RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew or should have known that their agent, employee, counselor, advisor and mentor, the DOE PERPETRATOR, had sexually molested, abused or caused touching, battery, harm, and other injuries to minors, including Plaintiff, giving rise to a duty to report such conduct under California *Penal Code* §11166.

68.     Defendants RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew, or should have known of in the exercise of reasonable diligence, that an undue risk to minors, including the Plaintiff, existed because Defendants DOE 1 did not comply with California's mandatory reporting requirements.

Case: 23-30564    Doc# 1327    Filed: 09/05/25 MASTER COMPLAINT 09/05/25 21:28:02    Page 21 of 106

69.     By failing to report the continuing molestations and assaults, which RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, knew of or should have known of, and by ignoring the fulfillment of the mandated compliance with the reporting requirements provided under California *Penal Code* § 11166, Defendants DOE 1 and DOES 1 through 500, inclusive, created the risk and danger contemplated by CANRA, and as a result, unreasonably and wrongfully exposed Plaintiff and other minors to sexual molestation and abuse.

70.     The Plaintiff was a member of the class of persons for whose protection California *Penal Code* § 11166 was specifically adopted to protect.

71.     Had RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500, inclusive, adequately reported the molestation of Plaintiff and other minors as required by California *Penal Code* § 11166, further harm to Plaintiff and other minors would have been avoided.

72.     As a proximate result of RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500's, inclusive, failure to follow the mandatory reporting requirements of California *Penal Code* § 11166, Defendants DOE 1, and DOES 1 through 500, inclusive, wrongfully denied the Plaintiff and other minors the intervention of child protection services. Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the molestation of Plaintiffs by the DOE PERPETRATOR.

73.     The physical, mental, and emotional damages and injuries resulting from the sexual molestation of Plaintiff by the DOE PERPETRATOR, were the type of occurrence and injuries that the CANRA was designed to prevent.

74.     As a result, RELIGIOUS ENTITY DEFENDANTS and DOES 1 through 500's, inclusive, failure to comply with the mandatory reporting requirements of California *Penal Code* § 11166 also constituted a *per se* breach of Defendants' DOE 1, and DOES 1 through 500's, inclusive duties to Plaintiff.

75.     As a direct and proximate result of the failure of Defendants DOE 1 and DOES 1 through 500, inclusive, to protect Plaintiff from the acts of childhood sexual assault to which they were subjected to by the DOE PERPETRATOR, Plaintiff has suffered the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including,

but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT SUPERVISION**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)**

76. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

77. By virtue of Plaintiff's special relationship with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, relation to the DOE PERPETRATOR, Defendants DOE 1 and DOES 1 through 500, inclusive, owed Plaintiff a duty to provide reasonable supervision of the Plaintiff, to provide reasonable supervision of the DOE PERPETRATOR, to use reasonable care in investigating the DOE PERPETRATOR's background, and to provide adequate warning to the Plaintiff, their families, and other children, of the DOE PERPETRATOR's dangerous propensities and unfitness. Said Defendants, and each of them, further owed Plaintiff a duty to protect against the foreseeable risk of sexual assaults committed upon children, including Plaintiff, during or arising out of those activities sponsored and controlled by Defendants in which Plaintiff was a participant.

78. Plaintiff is informed and believe, and on that basis allege, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, by and through their respective agents, servants and employees, knew or should have known of the DOE PERPETRATOR's dangerous and exploitive propensities and/or that the DOE PERPETRATOR was an unfit agent. Despite such knowledge, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500,

19

inclusive, negligently failed to supervise the DOE PERPETRATOR in his position of trust and authority as an authority figure and supervisor of children, where they were able to commit wrongful acts against the Plaintiff. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, failed to provide reasonable supervision of the DOE PERPETRATOR, failed to use reasonable care in investigating the DOE PERPETRATOR and failed to provide adequate warning to Plaintiff of the DOE PERPETRATOR's dangerous propensities and unfitness. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, further failed to take reasonable measures to prevent sexual assault, harassment, and molestation of children, including Plaintiff.

79.     Plaintiff is informed and believe, and on that basis allege, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were put on notice, and knew or should have known, that the DOE PERPETRATOR had previously engaged and was continuing to engage in unlawful sexual conduct with children and committed other felonies, for his own personal gratification, and that it was, or should have been foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon him through DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and each of them.

80.     Plaintiff is informed and believe, and on that basis alleges, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were placed on actual or constructive notice that, the DOE PERPETRATOR had assaulted children prior to, and/or during the time he was in contact with the Plaintiffs. Plaintiff is informed, and thereon alleges, that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were informed of sexual assault, harassment and molestations committed by the DOE PERPETRATOR or of conduct that would put a reasonable person on notice of such propensity to assault, harassment and molestation.

81.     Even though DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of these activities by the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the guests.

82. As an institution entrusted with the care of minors, where staff, employees, agents, and management, such as the DOE PERPETRATOR were placed in contact with minors, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's expressly and implicitly represented that these individuals, including the DOE PERPETRATOR, were not a sexual threat to children and others who would fall under the DOE PERPETRATOR 's influence, control, direction, and guidance.

83. Defendants DOE 1, and DOES 1 through 500, inclusive, negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. Defendants DOE 1, and DOES 1 through 500, inclusive, failed to provide reasonable supervision of the DOE PERPETRATOR. Defendants DOE 1 and DOES 1 through 500 further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff.

84. At no time during the periods of time alleged did DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, have in place a system or procedure to reasonably investigate, supervise and monitor individuals in contact with minor children, including the DOE PERPETRATOR, to prevent pre-sexual grooming and sexual harassment, molestation and assault of children, nor did they implement a system or procedure to oversee or monitor conduct toward minors, students and others in DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's care.

85. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were or should have known to be aware and understand how vulnerable children were to sexual harassment, molestation and assault by mentors, advisors, and other persons of authority within DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

86. Defendants DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, conduct was a breach of their duties to the Plaintiff.

87. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to the Plaintiff by, *inter alia*, failing to adequately monitor and supervise the

DOE PERPETRATOR and stopping the DOE PERPETRATOR from committing wrongful sexual acts with minors including the Plaintiff. This belief is founded on the fact that employees and staff of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, including had suspected the assault was occurring at the time, and failed to investigate into the matter further. Based on these facts, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of the DOE PERPETRATOR 's incapacity to supervise and stop employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive from committing wrongful sexual acts with minors.

88.     As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT RETENTION/HIRING**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)**

89.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

90.     By virtue of Plaintiff's special relationship with Defendants, inclusive and each of them, and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, relation to the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, owed Plaintiff a duty to not hire and/or retain the DOE PERPETRATOR, given his dangerous and exploitive propensities, which DEFENDANT RELIGIOUS ENTITIES and DOES

1 through 500, inclusive, knew or should have known had they engaged in a meaningful and adequate investigation of his background prior to his hiring.

91.    As an institution entrusted with the care of minors, where staff, employees, agents, and management, such as the DOE PERPETRATOR was placed in contact with minors, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, expressly and implicitly represented that these individuals, including the DOE PERPETRATOR, were not a sexual threat to children and others who would fall under the DOE PERPETRATOR 's influence, control, direction, and guidance.

92.    Plaintiff is informed and believe, and on that basis allege, that at no time during the periods of time alleged did DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, have in place a system or procedure to reasonably investigate, supervise and/or monitor those individuals in direct contact with children, including the DOE PERPETRATOR, to prevent pre-sexual grooming and/or sexual harassment, molestation and assault of parishioners, nor did they implement a system or procedure to oversee or monitor conduct toward patrons and others in DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, care.

93.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, and each of them were or should have been aware and understood how vulnerable minor children were to sexual assault, harassment and molestation by persons of authority, including the DOE PERPETRATOR, within the control of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

94.    Plaintiffs are informed and believe, and on that basis allege, other children and/or employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, complained of the DOE PERPETRATOR's sexual improprieties prior to the sexual assault of the Plaintiff. Either DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, knew, or at the very least should have known of the DOE PERPETRATOR's prior history of sexual misconduct with minors prior to Plaintiff's assaults.

95.    Plaintiff is informed, and believes, and on that basis alleges, that the DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, were put on notice, and should have

known that the DOE PERPETRATOR had previously engaged and continued to engage in unlawful sexual conduct with patrons and other felonies, for his own personal gratification, and that it was, or should have been foreseeable that he was engaging, or would engage in illicit sexual activities with Plaintiff, and others, under the cloak of his authority, confidence, and trust, bestowed upon him through DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive.

96.     Plaintiff is informed and believes, and on that basis alleges that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, were placed on actual and/or constructive notice that the DOE PERPETRATOR had abused, harassed, molested and/or was molesting minor children, both before his sexual assault, molestation and harassment of the Plaintiff, and during that same period. Plaintiff is informed, and thereon alleges, that other third parties, patrons, and/or law enforcement officials informed DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, of inappropriate conduct and molestations committed by the DOE PERPETRATOR.

97.     Even though DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, knew or should have known of these activities by the DOE PERPETRATOR, Plaintiff is informed that DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, failed to use reasonable care in investigating the DOE PERPETRATOR and did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the other minor children in his charge, including the Plaintiff.

98.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500's, inclusive, conduct was a breach of their duties to the Plaintiff.

99.     As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiffs have suffered and will continue to suffer the physical injury of sexual assault, and severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss

24

JOINT MASTER COMPLAINT

of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT FAILURE TO TRAIN, WARN OR EDUCATE**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500)**

100.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

101.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive owed Plaintiff a duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge from the risk of sexual assault, harassment and molestation by the DOE PERPETRATOR by properly warning, training or educating the Plaintiff and other minors about how to avoid such a risk.

102.     DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge, from the risk of sexual assault, harassment and molestation by the DOE PERPETRATOR such as the failure to properly warn, train or educate Plaintiff and other minor children in their charge about how to avoid such a risk.

103.     Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other minor children in their charge from the risk of sexual harassment, molestation and assault by the DOE PERPETRATOR, by failing to supervising and/or stop employees of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, including the DOE PERPETRATOR from committing wrongful sexual acts with minor children, including Plaintiff.

104.     As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to

JOINT 5TH MASTER COMPLAINT

suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

105. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

106. As set forth more fully above, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, in concert with the DOE PERPETRATOR, recruited, enticed, and encouraged Plaintiff and Plaintiff's family to give their trust and confidence to Defendants and the DOE PERPETRATOR so that Plaintiffs could be taken from their family's care and supervision and placed under the care and supervision of Defendants and the DOE PERPETRATOR. In so doing, Defendants, inclusive, entered into a fiduciary relationship with Plaintiff whereby Defendants owed Plaintiff an *in loco parentis* duty of care to take all reasonable steps and implement all reasonable safeguards to protect Plaintiff while they were in the custody of Defendants and/or the DOE PERPETRATOR.

107. The Plaintiff and other children involved in activities under the control and supervision of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, agreed to place their trust and confidence in Defendants, inclusive, in the expectation that Defendants would properly supervise Plaintiff and other children similarly placed, regulate their activities and behavior, and ensure their safety. Further, Plaintiff, the Plaintiff's family and other children agreed to this because they believed in the integrity of Defendants, inclusive, and therefore felt comfortable in entrusting the minor Plaintiff to the care and custody of Defendants.

108. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, breached their duty to Plaintiff by failing to take any reasonable steps or implement any reasonable

26

safeguards to protect Plaintiff from the DOE PERPETRATOR and by allowing Plaintiff to be sexually assaulted by the DOE PERPETRATOR.

109. As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

110. As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

**EIGHTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD (*CIVIL CODE* §1573)**
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

111. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

112. By holding the DOE PERPETRATOR out as an agent of Defendants, and by allowing him to undertake the educational, religious, and social instruction and accompanying custody and control of minor children such as Plaintiff, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

113. By holding themselves out as qualified institutions for the safety and supervision of children, and by undertaking to provide for the wellness, spiritual guidance and mentorship of Plaintiff and other minors, Defendants entered into a confidential, fiduciary and special relationship with Plaintiff.

27

JOINT MASTER COMPLAINT

114. Defendants breached their confidential, fiduciary duty and special duties to Plaintiffs by the wrongful and negligent conduct described above and incorporated into this cause of action, and in so doing, gained an advantage over Plaintiffs in matters relating to Plaintiffs' safety, security and health. In breaching such duties as alleged, Defendants were able to sustain their status as institutions of high moral repute, and preserve their reputation, all at the expense of Plaintiffs' further injury and in violation of Defendants' mandatory duties.

115. By virtue of their confidential, fiduciary and special relationship with Plaintiff, Defendants owed Plaintiff a duty to:

    a.    Investigate or otherwise confirm or deny such claims of sexual assault;

    b.    Reveal such facts to Plaintiff, Plaintiff's families and caretakers, the community at large, and law enforcement agencies;

    c.    Refuse to place the DOE PERPETRATOR and other molesters in positions of trust and authority within Defendants' institutions;

    d.    Refuse to hold out the DOE PERPETRATOR and other molesters to the public, the community, minors, parents and law enforcement agencies as being in good standing and, trustworthy in keeping with his and their position as a teacher, counselor, spiritual advisor, managing administrator and authority figure;

    e.    Refuse to assign the DOE PERPETRATOR and other molesters to positions of power within the Defendants' institutions and over minors; and

    f.    Disclose to Plaintiff, their families, the public, the Defendants' community, minors, and law enforcement agencies the wrongful, tortious, and sexually exploitive acts that DOE PERPETRATOR had engaged in with children;

116. Defendants' breach of their respective duties included:

    a.    Not making reasonable investigations of the DOE PERPETRATOR;

    b.    Issuing no warnings about the DOE PERPETRATOR;

    c.    Permitting the DOE PERPETRATOR to routinely be alone with and in control of minors, unsupervised;

    d.    Not adopting a policy to prevent the DOE PERPETRATOR from routinely having minors in his unsupervised control;

    e.    Making no reports of any allegations of the DOE PERPETRATOR's assault of minors prior to or during his employment at Defendants; and

    f.    Assigning and continuing to assign the DOE PERPETRATOR to duties which placed him in positions of authority and trust over minors, positions in which the DOE PERPETRATOR could easily isolate and sexually assault minors.

117. At the time that Defendants engaged in such suppression and concealment of acts, such acts were done for the purpose of causing Plaintiff to forbear on their rights.

118.    Defendants' misconduct did reasonably cause Plaintiff to forbear on their rights.

119.    The misrepresentations, suppressions and concealment of facts by Defendants were intended to and were likely to mislead Plaintiff and others to believe that Defendants had no knowledge of any charges against the DOE PERPETRATOR, or that there were no other charges of unlawful or sexual misconduct against the DOE PERPETRATOR or others and that there was no need for them to take further action or precaution.

120.    The misrepresentations, suppressions and concealment of facts by Defendants was likely to mislead Plaintiff and others to believe that Defendants had no knowledge of the fact that the DOE PERPETRATOR was a molester and was known to commit wrongful sexual acts with minors, including Plaintiff.

121.    DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 knew or should have known at the time they suppressed and concealed the true facts regarding others' sexual molestations, that the resulting impressions were misleading.

122.    DEFENDANT RELIGIOUS ENTITIES suppressed and concealed the true facts regarding the DOE PERPETRATOR with the purpose of: preventing Plaintiff, Plaintiff's parents and family, and others, from learning that the DOE PERPETRATOR and others had been and were continuing to sexually harass, molest and assault minors and others under the DOE PERPETRATOR's and Defendants' control, direction, and guidance, with complete impunity; inducing people, including Plaintiff and other benefactors and donors to participate and financially support Defendants' and other enterprises of Defendants; preventing further reports and outside investigations into the DOE PERPETRATOR's and Defendants' conduct; preventing discovery of Defendants' own conduct; avoiding damage to the reputations of Defendants; protecting Defendants' power and status in the community and the academic community; avoiding damage to the reputation of Defendants, or Defendants' institutions; and avoiding the civil and criminal liability of Defendants, of the DOE PERPETRATOR, and of others.

123.    At all times mentioned herein, Defendants, and in particular the DOE PERPETRATOR and DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, with knowledge of the tortious nature of their own and the DOE PERPETRATOR's conduct, knowingly

conspired and gave each other substantial assistance to perpetrate the misrepresentations, fraud and deceit alleged herein—covering up the past allegations of sexual misconduct lodged against the DOE PERPETRATOR, and allowing the DOE PERPETRATOR to remain in his position as a mentor, spiritual leader, and supervisor of children, so they could maintain their reputations and continue to make a profit.

124. Plaintiff and others were misled by Defendants' suppressions and concealment of facts, and in reliance thereon, were induced to act or induced not to act, exactly as intended by Defendants. Specifically, Plaintiff and Plaintiff's family were induced to believe that there were no allegations of criminal or sexual assault against the DOE PERPETRATOR and that he was safe to be around children. Had Plaintiff and their families, and others, known the true facts about the DOE PERPETRATOR, they would have not participated further in activities of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, or continued to financially support Defendants' activities. They would have reported the matters to the proper authorities, to other minors and their parents so as to prevent future recurrences; they would not have allowed children, including Plaintiff, to be alone with, or have any relationship with the DOE PERPETRATOR; they would not have allowed children, including Plaintiff, to attend or be under the control of Defendants; they would have undertaken their own investigations which would have led to discovery of the true facts; and they would have sought psychological counseling for Plaintiff, and for other children molested and assaulted by the DOE PERPETRATOR.

125. By giving the DOE PERPETRATOR the position of spiritual guide, priest, confidant, and trusted individual, Defendants impliedly represented that the DOE PERPETRATOR was safe and morally fit to give children direction and guidance.

126. When Defendants made these affirmative or implied representations and non-disclosures of material facts, Defendants knew or should have known that the facts were otherwise. Defendants knowingly and intentionally suppressed the material facts that the DOE PERPETRATOR had on numerous, prior occasions sexually, physically, and mentally assaulted minors of Defendants, including Plaintiff, and knew of or learned of conduct, or should have known of conduct by the DOE PERPETRATOR which placed Defendants on notice that the DOE

PERPETRATOR had previously been suspected of felonies, including unlawful sexual conduct with minors, and was likely abusing children.

127. Because of Plaintiff's young age, and because of the status of the DOE PERPETRATOR as an authority figure to Plaintiff, Plaintiff was vulnerable to the DOE PERPETRATOR. The DOE PERPETRATOR sought Plaintiff out and was empowered by and accepted Plaintiff's vulnerability. Plaintiff's vulnerability also prevented Plaintiff from effectively protecting themselves from the sexual advances of the DOE PERPETRATOR.

128. Defendants had the duty to obtain and disclose information relating to sexual misconduct of the DOE PERPETRATOR.

129. Defendants misrepresented, concealed or failed to disclose information relating to sexual misconduct of the DOE PERPETRATOR.

130. Defendants knew that they had misrepresented, concealed or failed to disclose information related to sexual misconduct of the DOE PERPETRATOR.

131. Plaintiff justifiably relied upon Defendants for information relating to sexual misconduct of the DOE PERPETRATOR.

132. DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, and the DOE PERPETRATOR, in concert with each other and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal or fail to disclose information relating to the sexual misconduct of the DOE PERPETRATOR, the inability of Defendants to supervise or stop the DOE PERPETRATOR from sexually harassing, molesting and abusing Plaintiff, and their own failure to properly investigate, supervise and monitor his conduct with minor children.

133. By so concealing, Defendants committed at least one act in furtherance of the conspiracy.

134. As a direct and proximate result of the failures of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional

distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

135. In addition, when Plaintiff finally discovered the fraud of Defendants, and continuing thereafter, Plaintiff experienced recurrences of the above-described injuries. In addition, when Plaintiff finally discovered the fraud of Defendants, and continuing thereafter, Plaintiff experienced extreme and severe mental anguish and emotional distress that Plaintiff had been the victim of Defendants' fraud; that Plaintiff had not been able to help other minors being molested because of the fraud, and that Plaintiff had not been able because of the fraud to receive timely medical treatment needed to deal with the problems Plaintiff had suffered and continues to suffer as a result of the sexual harassment, molestation and assault.

136. As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint, pursuant to *Code of Civil Procedure* §425.14.

### NINTH CAUSE OF ACTION
### SEXUAL HARASSMENT (*CIVIL CODE* §51.9)
**(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)**

137. Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

138. During Plaintiff's time as a minor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly made sexual advances, solicitations, requests, demands for sexual compliance of a hostile nature based on Plaintiff's gender that were unwelcome, pervasive and severe, including but not limited to the DOE PERPETRATOR, all under the supervision of Defendants, who were acting in the course and

Case: 23-30564    Doc# 1327    Filed: JOINT 05/25 MASTER COMPLAINT 05/25 21:28:02    Page 36 of 106

scope of their agency with Defendants and each of them. The sexual harassment of each Plaintiff is detailed *supra*.

139. The incidents of assault outlined herein above took place while Plaintiff was under the control of Defendants, as well as the staff of DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, in their capacity and position as teachers, spiritual advisors, counselors, mentors, supervisors and administrators at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500and while acting specifically on behalf of Defendants.

140. During Plaintiff's time as a minor at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly did acts which resulted in harmful and offensive contact with intimate parts of Plaintiff's persons, including but not limited to, using his position of authority and age to force Plaintiff to give into the DOE PERPETRATOR's sexual suggestions.

141. Because of Plaintiff's relationship with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR, and Plaintiff's young age as a minor, Plaintiff was unable to easily terminate the relationship held with the Defendants.

142. Because of the DOE PERPETRATOR's age and position of authority, physical seclusion of the Plaintiff, Plaintiff's mental and emotional state, and Plaintiff's young age under the age of consent, Plaintiff weas unable to, and did not, give meaningful consent to such acts.

143. Even though the Defendants knew or should have known of these activities by the DOE PERPETRATOR, Defendants did nothing to investigate, supervise or monitor the DOE PERPETRATOR to ensure the safety of the minor children.

144. Because of Plaintiff's relationship with Defendants, as a minor child, parishioner, student and/or altar server with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, and Plaintiff's young age as a minor child, Plaintiff was unable to easily terminate the priest-parishioner relationship with the DOE PERPETRATOR, DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

145. A corporation is a "person" within meaning of *Civil Code* section 51.9, which subjects persons to liability for sexual harassment within a business, service or professional

33

JOINT MASTER COMPLAINT

relationship, and such an entity defendant may be held liable under this statute for the acts of its employees. *C.R. v. Tenet Healthcare Corp.*, (2009) 169 Cal.App.4th 1094. Further, principles of ratification apply when the principal ratifies the agent's originally unauthorized harassment, as is alleged to have occurred herein.

146.  DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500 ratified the sexual misconduct of the DOE PERPETRATOR.

147.  Defendants' conduct (and the conduct of their agents) was a breach of their duties to Plaintiff.

148.  As a direct and proximate result of the failures of Defendants, inclusive, Plaintiff has suffered and will continue to suffer the physical injury of sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and loss of past and future earnings and other economic benefits according to proof at the time of trial.

149.  As to DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, Plaintiff reserves the right to file a Motion to Amend the complaint for this cause of action for Punitive Damages, pursuant to *Code of Civil Procedure* §425.14.

150.  Plaintiff seeks attorneys' fees pursuant to *Civil Code* §52, with respect to their claim being made under §51.9, as an available remedy.

**TENTH CAUSE OF ACTION**
**<u>Fraudulent Transfer</u>**
**(Against Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE,**
**Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER,**
**and Defendant DOES 1 through 500)**

151.  Plaintiff(s) repeats, re-alleges and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

34

152.     During the period of time when Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, committed acts of misconduct resulting in Defendant PERPETRATOR's childhood sexual assault of Plaintiff(s), Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, owned, operated and or controlled financial assets.

153.     After the period of time when Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 committed acts of misconduct resulting in Defendant PERPETRATOR's childhood sexual assault of Plaintiff(s), Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, transferred, (in whole and or in part), interests in financial assets ("Transfer of Asset(s)").

154.     Plaintiff(s) is informed and believes that Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, did not receive reasonably equivalent value for the Transfer of Asset(s).

155.     At the time of said Transfer of Asset(s), Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500, knew that Plaintiff(s), as a survivor of childhood sexual assault committed by Defendant PERPETRATOR, was and is a creditor.

156.     Notwithstanding this knowledge, Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 intentionally transferred the interests in financial assets with the actual intent to prevent Plaintiff(s) from collecting from said assets after the Transfer of Asset(s) was complete.

157.     By reason of the foregoing, the Transfer of Asset(s) is voidable pursuant to California *Civil Code* §§ 3439.04(a)(1) and (2) and § 3439.05, and § 3439.07.  Pursuant to California *Civil Code* § 3439.07, Plaintiff(s) request:

a. a judgment avoiding the Transfer of Asset(s); and/or

b. a money judgment against Defendant DOE ARCHDIOCESE, Defendant DOE DIOCESE, Defendant DOE PARISH, Defendant DOE RELIGIOUS ORDER, and Defendant DOES 1 through 500 for the value of the Transfer of Asset(s).

158.    The recipient(s) of said Transfer of Asset(s), is not yet known by Plaintiff(s). Plaintiff(s) will seek to amend the Complaint to allege their true names and capacities when such have been ascertained.

### ELEVENTH CAUSE OF ACTION
### SEXUAL BATTERY
### (Against Defendant DOE PERPETRATOR only)

159.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

160.    During Plaintiff's time at DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500, the DOE PERPETRATOR intentionally, recklessly and wantonly did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiff's person. Plaintiff was subjected to numerous instances of sexual assault by the DOE PERPETRATOR, during Plaintiff's time as a minor with DEFENDANT RELIGIOUS ENTITIES and DOES 1 through 500.

161.    The DOE PERPETRATOR did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff's person and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff's person that would offend a reasonable sense of personal dignity.

162.    Because of the DOE PERPETRATOR's position of authority over Plaintiff, and Plaintiff's mental and emotional state, and Plaintiff's young age under the age of consent, Plaintiff was unable to, and did not, give meaningful consent to such acts.

163.    As a direct, legal, and proximate result of the acts of the DOE PERPETRATOR, Plaintiff sustained serious and permanent injuries to his person, all of his damage in an amount to be shown according to proof and within the jurisdiction of the Court.

164.    As a direct result of the sexual battery by the DOE PERPETRATOR, Plaintiff has difficulty in reasonably or meaningfully interacting with others, including those in positions of

36

JOINT MASTER COMPLAINT

authority over Plaintiff including teachers, and supervisors, and in intimate, confidential and familial relationships, due to the trauma of childhood sexual assault inflicted upon him by Defendants. This inability to interact creates conflict with Plaintiff's values of trust and confidence in others, and has caused Plaintiff substantial emotional distress, anxiety, nervousness, anger and fear. As a direct result of the molestation by the DOE PERPETRATOR, Plaintiff has had issues with his personal life, such as issues with trust and control. These feelings have caused Plaintiff substantial emotional distress, guilt, anxiety, nervousness and fear.

165.    In subjecting the Plaintiff to the wrongful treatment herein described, the DOE PERPETRATOR, acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff's rights, so as to constitute malice and oppression under California *Civil Code* section 3294. Plaintiff is therefore entitled to the recovery of punitive damages, in an amount to be determined by the court, against the DOE PERPETRATOR, in a sum to be shown according to proof.

**TWELFTH CAUSE OF ACTION**
**SEXUAL ASSAULT**
**(Against Defendant DOE PERPETRATOR only)**

166.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

167.    The DOE PERPETRATOR, in doing the things herein alleged, including intending to subject Plaintiff to numerous instances of sexual abuse and molestation, intended to cause harmful or offensive contact with Plaintiff's person, or intended to put Plaintiff in imminent apprehension of such contact.

168.    In doing the things herein alleged, Plaintiff was put in imminent apprehension of a harmful or offensive contact by the DOE PERPETRATOR, and actually believed the DOE PERPETRATOR had the ability to make harmful or offensive contact with Plaintiff's person.

169.    Plaintiff did not consent to the DOE PERPETRATOR intended harmful or offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such contact. Additionally, because Plaintiff was a minor during the time herein alleged, they lacked the ability to consent to sexual contact with any person.

170. In doing the things herein alleged, the DOE PERPETRATOR violated Plaintiff's right, pursuant to *Civil Code* section 43, of protection from bodily restraint or harm, and from personal insult. In doing the things herein alleged, the DOE PERPETRATOR violated his duty, pursuant to *Civil Code* section 1708, to abstain from injuring the person of Plaintiff or infringing upon his rights.

171. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

172. Plaintiff is informed and based thereon alleges that the conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of the DOE PERPETRATOR.

### THIRTEENTH CAUSE OF ACTION
### GENDER VIOLENCE (*CIVIL CODE* §52.4)
**(Against Defendant DOE PERPETRATOR only)**

173. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

174. The DOE PERPETRATOR's acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and assault of the minor Plaintiff constitute gender violence and a form of sex discrimination in that one or more of Defendants' acts would constitute a criminal offense under state law that has an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the

victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or convictions.

175. The DOE PERPETRATOR acts committed against Plaintiff, as alleged herein, including the sexual harassment, molestation and assault of the minor Plaintiff constitute gender violence and a form of sex discrimination in that the DOE PERPETRATOR conduct caused a physical intrusion or physical invasion of a sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

176. As a proximate result of the DOE PERPETRATOR's acts, Plaintiff is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to *Civil Code* § 52.4, against the DOE PERPETRATOR

### FOURTEENTH CAUSE OF ACTION
### VIOLATION OF *PENAL CODE* § 288(a)
**(Against Defendant DOE PERPETRATOR only)**

177. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

178. California *Penal Code* § 288(a) provides that "… a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.."

179. The DOE PERPETRATOR engaged in lewd and lascivious acts with Plaintiff while Plaintiff was under eighteen years of age, in violation of California *Penal Code* § 288(a).

180. Under California law, victims of childhood sexual abuse are entitled to bring civil actions for violations of *Penal Code* provisions that prohibit adults from engaging in sexual acts with minors, including *Penal Code* § 286(a)-(b)(1). *See Angie M. v. Superior Court*, (1995) 37 Cal.App.4th 1217, 1224-1225.

181. The DOE PERPETRATOR's above-noted actions in engaging in lewd and

lascivious acts with the minor Plaintiff were the proximate and legal causes of physical, psychological, emotional, and economic damages Plaintiff has suffered and continues to suffer to this day. It also has resulted in Plaintiff incurring, and will require him to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

182.    The above-described conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of Plaintiff, and was carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of him.

**FIFTEENTH CAUSE OF ACTION**
**VIOLATION OF *PENAL CODE* § 647.6(a)(1)**
**(Against Defendant DOE PERPETRATOR only)**

183.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

184.    California *Penal Code* § 647.6(a)(1) provides that "[e]very person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment."

185.    The DOE PERPETRATOR sexually molested and annoyed the Plaintiff while Plaintiff was under eighteen years of age, in violation of California *Penal Code* § 647.6(a)(1).

186.    Under California law, victims of childhood sexual abuse are entitled to bring civil actions for violations of *Penal Code* provisions that prohibit adults from engaging in sexual acts with minors, including *Penal Code* § 647.6(a)(1). *See Angie M. v. Superior Court*, (1995) 37 Cal.App.4th 1217, 1224-1225.

187.    The DOE PERPETRATOR's above-noted actions in annoying and molesting the minor Plaintiff were the proximate and legal causes of physical, psychological, emotional, and economic damages Plaintiff has suffered and continues to suffer to this day. It also has resulted in

Plaintiff incurring, and will require him to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

188. The above-described conduct of the DOE PERPETRATOR was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of Plaintiff, and was carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* section 3294, entitling Plaintiff to punitive damages against the DOE PERPETRATOR in an amount appropriate to punish and set an example of him.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for Judgment against Defendants as follows:

1. For past, present and future general damages in an amount to be determined at trial;

2. For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount to be determined at trial;

3. Any appropriate statutory damages, including attorneys' fees;

4. For costs of suit;

5. For pre- and post-judgment interest as allowed by law;

6. For attorney's fees pursuant to the aforementioned statutes and otherwise allowable by law:

   a. California *Code of Civil Procedure* § 1021.5;

   b. California *Code of Civil Procedure* § 1021.4 as to the DOE PERPETRATOR only;

   c. California *Civil Code* §52;

7. With regard to the Tenth Cause of Action for Fraudulent Transfer, Plaintiff(s) request:

   a. A judgment declaring that the Transfer of Asset(s) were void and invalid;

41

JOINT MASTER COMPLAINT

1

      b.    A money judgment against the transferees of the Assets for the value of the Transferred Asset(s);

2

      c.    Imposition and enforcement of a lien in favor of Plaintiff(s) on the Transfer of Asset(s);

3

      d.    Other appropriate legal or equitable relief, including an attachment lien or other provisional remedy, an injunction against further disposition of the Transfer of Asset(s) or its proceeds, and/or the appointment of a receiver to take charge of the asset(s) transferred or its proceeds; and/or

4

5

      e.    In the alternative, that the Transfer of Asset(s) were void and invalid, a judgment declaring that the purported creation and purpose of the Transfer of Asset(s) was void and invalid, and that all assets held or previously held are subject to the claims of Plaintiff(s).

6

7

8

    8.    For such other and further relief as the court may deem proper.

9

10

Dated: November 29, 2022

11

                          **LIAKOS LAW, APC**

12

13

        By: _____

14

                   Jennifer R. Liakos, Esq.
                   Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

42

JOINT MASTER COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      A trial by jury is hereby demanded by Plaintiff.

3

4 Dated: November 29, 2022

5                                 **LIAKOS LAW, APC**

6

7                    By: _____
                                Jennifer R. Liakos, Esq.

8                                 Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

JENNIFER R. LIAKOS, ESQ. (SBN #207487)
LIAKOS LAW, APC
955 Deep Valley Drive
Suite 3900
Palos Verdes Peninsula, CA 90274
(310) 961-0066
Jenn@JennLiakosLaw.com

Attorney for Plaintiff LL John Doe JRO

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| LL JOHN DOE JRO, individually,<br><br>     Plaintiff,<br><br>v.<br><br>DEFENDANT DOE DIOCESE;<br>DEFENDANT DOE PARISH; DEFENDANT<br>DOE RELIGIOUS ORDER, DEFENDANT<br>DOES 1 through 500, inclusive,<br><br>     Defendants.<br><br>NORTHERN CALIFORNIA CLERGY<br>CASES | JCCP 5108<br><br>Judge:     Hon. Evelio Grillo<br>Department:   21<br><br>**NOTICE OF ADOPTION FORM**<br><br>**Plaintiff # _____**<br><br>Alameda Superior Court<br>Case No. |

    **COMES NOW, PLAINTIFF #_____,** who, pursuant to the Court's Case Management Order, hereby submits this Notice of Adoption of the Master Complaint filed in the above captioned case. Plaintiff incorporates by reference only those causes of action marked below in this Notice of Adoption Form. Plaintiff agrees to be bound by any rulings with respect to the pleadings. And adopts any and all amendments made to the Master Complaint.

    Plaintiff hereby adopts the following causes of action as alleged in the Master Complaint:

    1. First Cause of Action: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

1

2. Second Cause of Action: HUMAN TRAFFICKING (*CIVIL CODE* §52.5)(Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

3. Third Cause of Action: NEGLIGENCE (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

4. Fourth Cause of Action: NEGLIGENT SUPERVISION (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

5. Fifth Cause of Action: NEGLIGENT RETENTION/HIRING (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

6. Sixth Cause of Action: NEGLIGENT FAILURE TO TRAIN, WARN OR EDUCATE (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, and DOES 1 through 500) ☒

7. Seventh Cause of Action: BREACH OF FIDUCIARY DUTY (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

8. Eighth Cause of Action CONSTRUCTIVE FRAUD (*CIVIL CODE* § 1573) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

9. Ninth Cause of Action: SEXUAL HARASSMENT (*CIVIL CODE* § 51.9) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☒

2

10. Tenth Cause of Action: FRAUDULENT TRANSFER (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

11. Eleventh Cause of Action: SEXUAL BATTERY (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)☐

12. Twelfth Cause of Action: SEXUAL ASSAULT (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500)☒

13. Thirteenth Cause of Action: GENDER VIOLENCE (*Civil Code* § 52.4) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

14. Fourteenth Cause of Action: VIOLATION OF *PENAL CODE* § 288(a) (Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

15. Fifteenth Cause of Action: VIOLATION OF *PENAL CODE* § 647.6(a)(1) ((Against Defendants DOE ARCHDIOCESE, DOE DIOCESE, DOE PARISH, DOE RELIGIOUS ORDER, DOE PERPETRATOR and DOES 1 through 500) ☐

Plaintiff also hereby adopts the following paragraphs as alleged in the Master Complaint:

| | | |
|---|---|---|
| 1. ☒ | 5. ☐ | 9. ☐ |
| 2. ☐ | 6. ☒ | 10. ☐ |
| 3. ☒ | 7. ☒ | 11. ☐ |
| 4. ☐ | 8. ☒ | 12. ☒ |

NOTICE OF ADOPTION

| | | |
|---|---|---|
| 13. ☒ | j. ☒ | 41. ☐ |
| 14. ☒ | k. ☒ | 42. ☒ |
| 15. ☒ | l. ☒ | 43. ☒ |
| 16. ☒ | m. ☒ | 44. ☒ |
| 17. ☒ | 30. ☒ | 45. ☒ |
| 18. ☒ | a. ☒ | 46. ☒ |
| 19. ☐ | b. ☐ | 47. ☐ |
| 20. ☒ | 31. ☒ | 48. ☐ |
| 21. ☒ | a. ☒ | 49. ☐ |
| 22. ☒ | b. ☒ | 50. ☐ |
| 23. ☒ | 32. ☒ | 51. ☐ |
| 24. ☒ | 33. ☒ | 52. ☐ |
| 25. ☒ | 34. ☒ | 53. ☐ |
| 26. ☒ | 35. ☒ | 54. ☐ |
| 27. ☒ | 36. ☒ | 55. ☐ |
| 28. ☒ | a. ☒ | 56. ☐ |
| 29. ☒ | b. ☒ | a. ☐ |
| a. ☒ | c. ☒ | b. ☐ |
| b. ☒ | d. ☒ | c. ☐ |
| c. ☒ | e. ☒ | d. ☐ |
| d. ☒ | f. ☒ | 57. ☐ |
| e. ☐ | g. ☒ | 58. ☐ |
| f. ☒ | 37. ☒ | 59. ☐ |
| g. ☒ | 38. ☒ | 60. ☐ |
| h. ☒ | 39. ☒ | 61. ☐ |
| i. ☒ | 40. ☒ | 62. ☐ |

| | | |
|---|---|---|
| 63. ☒ | 89. ☒ | 115. ☐ |
| 64. ☒ | 90. ☒ | a. ☐ |
| 65. ☒ | 91. ☒ | b. ☐ |
| 66. ☐ | 92. ☒ | c. ☐ |
| 67. ☐ | 93. ☒ | d. ☐ |
| 68. ☐ | 94. ☒ | e. ☐ |
| 69. ☐ | 95. ☒ | f. ☐ |
| 70. ☐ | 96. ☒ | 116. ☐ |
| 71. ☐ | 97. ☒ | a. ☐ |
| 72. ☐ | 98. ☒ | b. ☐ |
| 73. ☐ | 99. ☒ | c. ☐ |
| 74. ☐ | 100. ☒ | d. ☐ |
| 75. ☐ | 101. ☒ | e. ☐ |
| 76. ☒ | 102. ☒ | f. ☐ |
| 77. ☒ | 103. ☒ | 117. ☐ |
| 78. ☒ | 104. ☒ | 118. ☐ |
| 79. ☒ | 105. ☐ | 119. ☐ |
| 80. ☒ | 106. ☐ | 120. ☐ |
| 81. ☒ | 107. ☐ | 121. ☐ |
| 82. ☒ | 108. ☐ | 122. ☐ |
| 83. ☒ | 109. ☐ | 123. ☐ |
| 84. ☒ | 110. ☐ | 124. ☐ |
| 85. ☒ | 111. ☐ | 125. ☐ |
| 86. ☒ | 112. ☐ | 126. ☐ |
| 87. ☐ | 113. ☐ | 127. ☐ |
| 88. ☒ | 114. ☐ | 128. ☐ |

NOTICE OF ADOPTION
5

| | | |
|---|---|---|
| 129. ☐ | 155. ☐ | 179. ☐ |
| 130. ☐ | 156. ☐ | 180. ☐ |
| 131. ☐ | 157. ☐ | 181. ☐ |
| 132. ☐ | a. ☐ | 182. ☐ |
| 133. ☐ | b. ☐ | 183. ☐ |
| 134. ☐ | 158. ☐ | 184. ☐ |
| 135. ☐ | 159. ☐ | 185. ☐ |
| 136. ☐ | 160. ☐ | 186. ☐ |
| 137. ☒ | 161. ☐ | 187. ☐ |
| 138. ☒ | 162. ☐ | 188. ☐ |
| 139. ☒ | 163. ☐ | |
| 140. ☒ | 164. ☐ | |
| 141. ☒ | 165. ☐ | |
| 142. ☒ | 166. ☒ | |
| 143. ☒ | 167. ☒ | |
| 144. ☒ | 168. ☒ | |
| 145. ☒ | 169. ☒ | |
| 146. ☒ | 170. ☒ | |
| 147. ☒ | 171. ☒ | |
| 148. ☒ | 172. ☒ | |
| 149. ☒ | 173. ☐ | |
| 150. ☒ | 174. ☐ | |
| 151. ☐ | 175. ☐ | |
| 152. ☐ | 176. ☐ | |
| 153. ☐ | 177. ☐ | |
| 154. ☐ | 178. ☐ | |

NOTICE OF ADOPTION

Plaintiff also alleges the following causes of action not alleged in the Master Complaint: ☐

## CAUSE OF ACTION SIXTEEN

### For _____

**(Against Defendants _____ and DOES 1 through 500)**

189.     The PLAINTIFF re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action. ☐

190.     _____ ☐

191.     Defendants' actions were the legal and proximate cause of PLAINTIFF'S damages. ☐

192.     Plaintiff #___: was subjected to sexual abuse by Defendant DOE PERPETRATOR approximately _____times between approximately the following date(s):

Year (if known):_____ to Year (if known) _____

(*Please attach additional pages, if necessary*)

193. Cause of action for _____ ☐

194. Cause of action for _____ ☐

195. Cause of action for _____ ☐

196. Cause of action for _____ ☐

197. Cause of action for _____ ☐

196. Cause of action for _____ ☐


Factual Allegations Specific to Plaintiff  ☒

Venue is proper in this County because this case will be added to the coordinated proceeding currently pending before Judge Evelio M. Grillo in Department 21 of the Alameda County Superior Court.

Plaintiff, LL JOHN DOE JRO, is an adult male born on December 3, 1940. Plaintiff is a current resident of Danville, Contra Costa County, California.  The allegations set forth in this Complaint occurred in Contra Costa County.  Plaintiff was a minor, approximately 12 to 14 years old, when the sexual assault alleged herein occurred, beginning in approximately 1952.

Beginning in approximately 1952, Plaintiff was a parishioner, member, and/or attendee of Defendant DOE PARISH in Richmond, Contra Costa County, California. Upon information and belief, at all times relevant, Father Thomas Bresnahan was an ordained priest in the Roman Catholic Church and was assigned to Defendant DOE DIOCESE, Defendant DOE PARISH, and Defendant DOE RELIGIOUS ORDER. Plaintiff believed Father Bresnahan was a trusted adult.

In the early 1950s, Plaintiff attended camp each summer. In approximately 1952, Father Bresnahan told Plaintiff, and other children, that he had to check them like a doctor exam before camp. Father Bresnahan took Plaintiff into a separate room where the two of them were alone. He made Plaintiff disrobe and then fondled Plaintiff's genitals. Father Bresnahan told Plaintiff not to tell anyone. This happened each year before camp for following additional two years.

As a direct and proximate result of the wrongful conduct alleged herein, Plaintiff has suffered, and continues to suffer physical injury, shame, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**PLAINTIFF'S PRAYER FOR RELIEF:**

1. For past, present and future general damages in an amount to be determined at trial; ☒

2. For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, in an amount to be determined at trial; ☒

3. Any appropriate statutory damages, including attorneys' fees; ☒

4. For costs of suit; ☒

5. For pre- and post-judgment interest as allowed by law; ☒

Case: 23-30564    Doc# 1327    Filed: 09/05/25    Entered: 09/05/25 21:28:02    Page 56
NOTICE OF ADOPTION

6.   For attorney's fees pursuant to the aforementioned statutes and otherwise allowable by law: ☐

    a.  California *Code of Civil Procedure* § 1021.5; ☒

    b.  California *Code of Civil Procedure* § 1021.4 as to the DOE PERPETRATOR only; ☐

    c.  California *Civil Code* §52; ☐

7.  With regard to the Tenth Cause of Action for Fraudulent Transfer, Plaintiff(s) request: ☐

    a.   A judgment declaring that the Transfer of Asset(s) were void and invalid; ☐

    b.   A money judgment against the transferees of the Assets for the value of the Transferred Asset(s); ☐

    c.   Imposition and enforcement of a lien in favor of Plaintiff(s) on the Transfer of Asset(s); ☐

    d.   Other appropriate legal or equitable relief, including an attachment lien or other provisional remedy, an injunction against further disposition of the Transfer of Asset(s) or its proceeds, and/or the appointment of a receiver to take charge of the asset(s) transferred or its proceeds; ☐ and/or

    e.   In the alternative, that the Transfer of Asset(s) were void and invalid, a judgment declaring that the purported creation and purpose of the Transfer of Asset(s) was void and invalid, and that all assets held or previously held are subject to the claims of Plaintiff(s). ☐

8.   For such other and further relief as the court may deem proper. ☒

Plaintiff ___ also asserts the following damages prayer(s) not asserted in the Master Complaint: ☐

_____

_____

_____

1    Plaintiff makes a demand for a trial by jury. ☒

2

3     Dated: November 29, 2022                          **LIAKOS LAW, APC**

4

5                                                   By: _____

6                                                      Jennifer R. Liakos, Esq.
                                                       Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ADOPTION

# Exhibit 2

**FILED**
Superior Court of California
County of Alameda

05/29/2024

Chad Finke, Executive Officer / Clerk of the Court
By: _Nicole Hall_ Deputy
N. Hall

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Electronically Received 05/28/2024 11:03 AM

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

IN RE NORTHERN CALIFORNIA CLERGY CASES

Alameda County Lead Case No: HG20053992

JCCP NO.     5108

Judge:     Honorable Noel Wise

Coordination Trial Judge

Dept:     21

Applies to All Cases In JCCP 5108:

~~[PROPOSED]~~ **ORDER ADDING ON**

**CASES TO JCCP 5108**

The Court finds that the cases identified on Exhibit A hereto are properly added on to Judicial Council Coordination Proceeding 5108, "The Northern California Clergy Cases", are collectively complex, and share common questions of law and fact with those cases currently included in JCCP

{4293447.DOCX 2}
ORDER ADDING ON CASES TO JCCP 5108

5108. The Court further finds that inclusion of the cases identified on Exhibit A is consistent with the purposes and scope of the Order Granting Petition to Coordinate filed on July 22, 2020. The Court has reviewed all of the cases on Exhibit A and has determined that each of the cases should be added to Northern California Clergy Cases, JCCP 5108, for the reasons set forth above.

On the court's own motion:

It is ORDERED: each of the cases on Exhibit A (each an "Individual Case") is added to Northern California Clergy Cases, JCCP 5108. (CRC 3.544.) If any party in an Individual Case objects to such case being added to the JCCP then the objecting party must promptly contact the JCCP Liaison Counsel. If the objecting party continues to object to the addition of an Individual Case to the JCCP coordinated proceeding after coordinating with Liaison Counsel, the objecting party may file a noticed motion to remove the case from the JCCP. Any such motion shall be filed under the Individual Case number, and not the JCCP case number.

Therefore, the Court Orders that each Individual Case identified on the attached Exhibit A is added on to JCCP 5108. Plaintiffs' Counsel are ordered to file Notice of this Order Adding On Cases in each Individual Case.

This Order is intended to solely be a ministerial act for purposes of managing the Court's docket, and not a continuation of any Individual Case against a debtor in bankruptcy or otherwise in violation of 11 U.S.C. § 362(a). In adding on the cases set forth on Exhibit A to JCCP 5108, this Court is not making any determination regarding the applicability or extent of the bankruptcy automatic stay as to any Individual Case; any such determinations being subject to the jurisdiction of the applicable Bankruptcy Court. Further, this Order is not intended to, and shall not be deemed to, waive, violate, modify, or abrogate the rights or benefits of any person arising under Title 11 of the United States Code, including without limitation the automatic stay pursuant to 11 U.S.C. § 362(a).

{4293447.DOCX;2}                                     - 3 -
ORDER ADDING ON CASES TO JCCP 5108

Dated: ~~May ___, 2024~~ 05/29/2024

_[signature]_

Hon. Noel Wise
Coordination, Trial Judge
**Noel Wise / Judge**

EXHIBIT A: CASES ADDED ON TO JCCP 5108 BY THIS ORDER:

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 604 | 22CV024859 | John Doe PA.L. v. Doe Diocese, et al. | Alexander | 12/29/22 |
| 605 | 22CV024869 | John Doe S.R. v. Doe Diocese, et al. | Alexander | 12/29/22 |
| 606 | 22CV024976 | Jane Doe M.F. v. Doe Archdiocese, et al. | Alexander | 12/30/22 |
| 1144 | 22CV023447 | John Doe SAC 1920 v. Doe 1, et al. | Anderson | 12/09/22 |
| 1145 | 22CV020063 | John Doe SF 1121 v. Doe 1, et al. | Anderson | 10/20/22 |
| 1146 | 22CV023453 | John Doe SAC 1926 v. Doe 1, et al. | Anderson | 12/09/22 |
| 1148 | 22CV020072 | John Doe SJ 1122 v. Doe 1, et al. | Anderson | 10/20/22 |
| 1151 | 22CV021596 | John Doe SAC 1124 v. Doe 1, et al. | Anderson | 11/14/22 |
| 1152 | 22CV021591 | John Doe OK 1495 v. Doe 1, et al. | Anderson | 11/14/22 |
| 1153 | 22CV024587 | John Doe OK 1930 v. Doe 1, et al. | Anderson | 12/26/22 |
| 1154 | 22CV020074 | John Doe SF 1496 v. Doe 1, et al. | Anderson | 10/20/22 |
| 1155 | 22CV020075 | John Doe OK 1497 v. Doe 1, et al. | Anderson | 10/20/22 |
| 1158 | 22CV020080 | John Doe SAC 1126 v. Doe 1, et al. | Anderson | 10/20/22 |
| 1159 | 22CV020112 | John Doe SAC 1127 v. Doe 1, et al. | Anderson | 10/20/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1163 | 22CV020085 | John Doe OK 1131 v. Doe 1, et al. | Anderson | 10/20/22 |
| 1167 | 22CV020822 | Jane Doe OK 1133 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1169 | 22CV023079 | Jane Doe SF 1861 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1175 | 22CV022325 | John Doe SF 1707 v. Doe 1, et al. | Anderson | 11/21/22 |
| 1180 | 22CV023463 | John Doe SAC 1924 v. Doe 1, et al. | Anderson | 12/09/22 |
| 1186 | 22CV024954 | John Doe SAC 2055 v. Doe 1, et al. | Anderson | 12/30/22 |
| 1187 | 22CV024838 | John Doe OK 2028 v. Doe 1, et al. | Anderson | 12/28/22 |
| 1205 | 22CV023062 | John Doe OK 1877 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1214 | 22CV020210 | John Doe SAC 1506 v. Doe 1, et al. | Anderson | 10/21/22 |
| 1216 | 22CV024532 | John Doe OK 1941 v. Doe 1, et al. | Anderson | 12/23/22 |
| 1227 | 22CV023450 | Jane Doe SR 1159 v. Doe 1, et al. | Anderson | 12/09/22 |
| 1228 | 22CV020672 | John Doe SF 1643 v. Doe 1, et al. | Anderson | 10/27/22 |
| 1230 | 22CV020875 | John Doe SF 1509 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1232 | 22CV024752 | John Doe SF 2028 v. Doe 1, et al. | Anderson | 12/28/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1238 | 22CV024881 | John Doe SR 2043 v. Doe 1, et al. | Anderson | 12/29/22 |
| 1239 | 22CV020876 | John Doe SF 1163 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1241 | 22CV023086 | John Doe SR 1862 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1247 | 22CV020462 | Jane Doe SF 1169 v. Doe 1, et al. | Anderson | 10/25/22 |
| 1249 | 22CV020454 | John Doe SAC 1171 v. Doe 1, et al. | Anderson | 10/25/22 |
| 1250 | 22CV020455 | Jane Doe OK 1172 v. Doe 1, et al. | Anderson | 10/25/22 |
| 1256 | 22CV023239 | John Doe OK 1514 v. Doe 1, et al. | Anderson | 12/06/22 |
| 1257 | 22CV023756 | John Doe OK 1946 v. Doe 1, et al. | Anderson | 12/13/22 |
| 1263 | 22CV020423 | John Doe OK 1178 v. Doe 1, et al. | Anderson | 10/24/22 |
| 1264 | 22CV022032 | Jane Doe FR 1518 v. Doe 1, et al. | Anderson | 11/17/22 |
| 1268 | 22CV023755 | John Doe SR 1947 v. Doe 1, et al. | Anderson | 12/13/22 |
| 1269 | 22CV020457 | Jane Doe SAC 1519 v. Doe 1, et al. | Anderson | 10/25/22 |
| 1271 | 22CV020458 | Jane Doe SF 1422 v. Doe 1, et al. | Anderson | 10/25/22 |
| 1273 | 22CV020459 | John Doe SAC 1180 v. Doe 1, et al. | Anderson | 10/25/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1278 | 22CV024464 | John Doe SF 1999 v. Doe 1, et al. | Anderson | 12/22/22 |
| 1281 | 22CV024836 | John Doe SF 2039 v. Doe 1, et al. | Anderson | 12/28/22 |
| 1283 | 22CV022037 | Jane Doe OK 1525 v. Doe 1, et al. | Anderson | 11/17/22 |
| 1284 | 22CV023243 | John Doe FR 1907 v. Doe 1, et al. | Anderson | 12/06/22 |
| 1295 | 22CV023606 | Christopher Jackson v. Doe 1, et al. | Anderson | 12/12/22 |
| 1297 | 22CV020661 | Jane Doe OK 1192 v. Doe 1, et al. | Anderson | 10/27/22 |
| 1298 | 22CV023947 | Jane Doe SF 1954 v. Doe 1, et al. | Anderson | 12/15/22 |
| 1299 | 22CV024559 | John Doe SR 2010 v. Doe 1, et al. | Anderson | 12/23/22 |
| 1300 | 22CV023081 | Jane Doe SAC 1193 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1304 | 22CV020664 | John Doe SF 1196 v. Doe 1, et al. | Anderson | 10/27/22 |
| 1306 | 22CV020670 | John Doe SF 1426 v. Doe 1, et al. | Anderson | 10/27/22 |
| 1308 | 22CV022039 | John Doe SR 1647 v. Doe 1, et al. | Anderson | 11/17/22 |
| 1309 | 22CV020878 | John Doe SR 1199 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1311 | 22CV020669 | John Doe SF 1201 v. Doe 1, et al. | Anderson | 10/27/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1312 | 22CV020795 | John Doe OK 1202 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1313 | 22CV023065 | Jane Doe SAC 1891 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1314 | 22CV023608 | John Doe SF 1937 v. Doe 1, et al. | Anderson | 12/12/22 |
| 1315 | 22CV020796 | John Doe SR 1285 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1316 | 22CV023538 | John Doe SF 1934 v. Doe 1, et al. | Anderson | 12/12/22 |
| 1317 | 22CV020797 | John Doe SR 1203 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1318 | 22CV023242 | Jane Doe OK 1908 v. Doe 1, et al. | Anderson | 12/06/22 |
| 1319 | 22CV020798 | Jane Doe SAC 1204 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1320 | 22CV020799 | John Doe SF 1205 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1321 | 22CV023066 | Jane Doe SAC 1876 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1323 | 22CV024469 | Jane Doe SF 1972 v. Doe 1, et al. | Anderson | 12/22/22 |
| 1324 | 22CV020800 | John Doe FR 1206 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1327 | 22CV020803 | John Doe SF 1209 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1328 | 22CV020512 | John Doe FR 1211 v. Doe 1, et al. | Anderson | 10/25/22 |

# JCCP 5108 - NORTHERN CALIFORNIA CLERGY CASES
## List for Omnibus Add-on Order
### 5/23/2024 4:51 PM

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1329 | 22CV023067 | John Doe SF 1882 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1330 | 22CV020879 | John Doe SF 1212 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1331 | 22CV020881 | John Doe SAC 1286 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1332 | 22CV024599 | John Doe SR 2020 v. Doe 1, et al. | Anderson | 12/27/22 |
| 1333 | 22CV023455 | John Doe SF 1913 v. Doe 1, et al. | Anderson | 12/09/22 |
| 1335 | RG20061260 | Matthew McLennan | Anderson | 05/14/20 |
| 1336 | 22CV020888 | John Doe SF 1216 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1337 | 22CV020891 | John Doe FR 1217 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1340 | 22CV021136 | John Doe SF 1218 v. Doe 1, et al. | Anderson | 11/03/22 |
| 1346 | 22CV022045 | John Doe SF 1220 v. Doe 1, et al. | Anderson | 11/17/22 |
| 1349 | 22CV020804 | John Doe SF 1532 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1352 | 22CV020823 | John Doe SR 1222 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1353 | 22CV023558 | Jane Doe SF 1912 v. Doe 1, et al. | Anderson | 12/12/22 |
| 1356 | 22CV024486 | John Doe SR 1987 v. Doe 1, et al. | Anderson | 12/22/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1358 | 22CV020827 | John Doe SR 1535 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1360 | 22CV020828 | John Doe SF 1224 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1361 | 22CV020519 | John Doe OK 1225 v. Doe 1, et al. | Anderson | 10/25/22 |
| 1362 | 22CV022100 | John Doe SR 1650 v. Doe 1, et al. | Anderson | 11/17/22 |
| 1368 | 22CV023069 | John Doe SF 1894 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1369 | 22CV024063 | John Doe SF 1948 v. Doe 1, et al. | Anderson | 12/16/22 |
| 1370 | 22CV023969 | John Doe SF 1944 v. Doe 1, et al. | Anderson | 12/15/22 |
| 1373 | 22CV024597 | Jane Doe SF 2017 v. Doe 1, et al. | Anderson | 12/26/22 |
| 1375 | 22CV024801 | John Doe SR 2035 v. Doe 1, et al. | Anderson | 12/28/22 |
| 1381 | 22CV024449 | John Doe SF 1974 v. Doe 1, et al. | Anderson | 12/22/22 |
| 1382 | 22CV024451 | John Doe SR 1991 v. Doe 1, et al. | Anderson | 12/22/22 |
| 1386 | 23CV025012 | John Doe SR 2067 v. Doe 1, et al. | Anderson | 01/03/23 |
| 1388 | 22CV022326 | John Doe OK 1240 v. Doe 1, et al. | Anderson | 11/21/22 |
| 1389 | 22CV020834 | John Doe SF 1241 v. Doe 1, et al. | Anderson | 10/31/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1390 | 22CV024194 | John Doe SF 1976 v. Doe 1, et al. | Anderson | 12/20/22 |
| 1391 | 22CV023400 | Jane Doe OK 1925 v. Doe 1, et al. | Anderson | 12/09/22 |
| 1392 | 22CV023950 | Jane Doe OK 1953 v. Doe 1, et al. | Anderson | 12/15/22 |
| 1394 | 22CV020807 | Jane Doe MR 1427 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1396 | 22CV020837 | John Doe OK 1242 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1401 | 22CV020840 | John Doe SF 1246 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1409 | 22CV024454 | John Doe SAC 1980 v. Doe 1, et al. | Anderson | 12/22/22 |
| 1410 | 22CV023561 | John Doe SF 1933 v. Doe 1, et al. | Anderson | 12/12/22 |
| 1411 | 22CV020567 | John Doe SF 1251 v. Doe 1, et al. | Anderson | 10/26/22 |
| 1414 | 22CV023559 | John Doe SF 1923 v. Doe 1, et al. | Anderson | 12/12/22 |
| 1415 | 22CV021700 | John Doe SF 1254 v. Doe 1, et al. | Anderson | 11/15/22 |
| 1416 | 22CV023607 | John Doe SF 1929 v. Doe 1, et al. | Anderson | 12/11/22 |
| 1418 | 22CV024471 | John Doe OK 2001 v. Doe 1, et al. | Anderson | 12/22/22 |
| 1421 | 22CV021706 | John Doe SR 1256 v. Doe 1, et al. | Anderson | 11/15/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1422 | 22CV020808 | John Doe OK 1257 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1423 | 22CV023074 | Jane Doe SAC 1884 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1424 | 22CV021707 | Jane Doe SR 1706 v. Doe 1, et al. | Anderson | 11/15/22 |
| 1428 | 22CV020424 | John Doe SAC 1545 v. Doe 1, et al. | Anderson | 10/24/22 |
| 1429 | 22CV021712 | John Doe OK 1259 v. Doe 1, et al. | Anderson | 11/15/22 |
| 1430 | 22CV020842 | Jane Doe SF 1260 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1433 | 22CV021895 | John Doe SF 1261 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1434 | 22CV023754 | John Doe SF 1943 v. Doe 1, et al. | Anderson | 12/13/22 |
| 1435 | 22CV020809 | John Doe SF 1262 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1436 | 22CV020811 | John Doe FR 1430 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1438 | 22CV021896 | John Doe SF 1547 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1439 | 22CV021899 | John Doe MR 1263 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1440 | 22CV023560 | John Doe SF 1885 v. Doe 1, et al. | Anderson | 12/12/22 |
| 1441 | 22CV021901 | Jane Doe SF 1264 v. Doe 1, et al. | Anderson | 11/16/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1442 | 22CV021904 | Jane Doe FR 1265 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1443 | 22CV021909 | Jane Doe OK 1266 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1445 | 22CV021921 | John Doe SR 1269 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1447 | 22CV023076 | John Doe SF 1878 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1449 | 22CV020570 | John Doe SF 1270 v. Doe 1, et al. | Anderson | 10/26/22 |
| 1450 | 22CV020873 | John Doe MR 1431 v. Doe 1, et al. | Anderson | 11/01/22 |
| 1451 | 22CV020817 | John Doe SF 1548 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1454 | 22CV021922 | John Doe MR 1272 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1455 | 22CV021924 | John Doe SF 1549 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1456 | 22CV024880 | John Doe OK 2044 v. Doe 1, et al. | Anderson | 12/29/22 |
| 1457 | 22CV021927 | John Doe SF 1658 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1458 | 22CV021928 | John Doe SF 1680 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1459 | 22CV021932 | John Doe SR 1550 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1460 | 22CV021934 | John Doe SF 1659 v. Doe 1, et al. | Anderson | 11/16/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1461 | 22CV020818 | John Doe SF 1275 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1462 | 22CV021935 | John Doe FR 1660 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1463 | 22CV021937 | Jane Doe SAC 1432 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1464 | 22CV021938 | John Doe SAC 1276 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1467 | 22CV021946 | Jane Doe OK 1552 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1469 | 22CV021831 | John Doe SR 1278 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1471 | 22CV023082 | John Doe SF 1860 v. Doe 1, et al. | Anderson | 12/05/22 |
| 1472 | 22CV021947 | John Doe OK 1279 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1475 | 22CV021951 | John Doe SR 1280 v. Doe 1, et al. | Anderson | 11/16/22 |
| 1479 | 22CV024193 | John Doe SJ 1966 v. Doe 1, et al. | Anderson | 12/20/22 |
| 1485 | 22CV020820 | Jane Doe SF 1283 v. Doe 1, et al. | Anderson | 10/31/22 |
| 1601 | 23CV036496 | Jane Doe SAC 2076 v. Doe 1, et. al. | Anderson | 06/22/23 |
| 1602 | 23CV036477 | John Doe SR 2075 v. Doe 1, et. al. | Anderson | 06/22/23 |
| 1603 | 23CV036634 | John Doe SAC 2088 v. Doe 1, et. al. | Anderson | 06/22/23 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1604 | 23CV036292 | John Doe SF 2073 v. Doe 1, et. al. | Anderson | 06/20/23 |
| 1605 | 23CV036581 | John Doe SR 2072 v. Doe 1, et. al. | Anderson | 06/22/23 |
| 1606 | 23CV036502 | John Doe SR 2072 v. Doe 1, et. al. | Anderson | 06/22/23 |
| 1619 | 23CV057728 | John Doe SAC 1911 v. Doe 1, et. al. | Anderson | 12/14/23 |
| 1620 | 23CV057725 | John Doe SAC 2068 v. Doe 1, et. al. | Anderson | 12/14/23 |
| 454 | | John ED Roe SF v. Doe Archdiocese et al | Andrew Van Arsdale | 10/21/22 |
| 1124 | 22CV007792 | ANDREW HOVIOUS v. The Roman Catholic Bishop of Fresno, et al | Andrews Thornton | 03/02/22 |
| 1125 | 22CV016472 | DARRYL MAJOR v. DOE DIOCESE et al | Andrews Thornton | 08/18/22 |
| 1129 | 22CV016031 | YVETTE RODRIQUEZ v. Doe Diocese et al | Andrews Thornton | 08/11/22 |
| 1141 | 23CV046748 | David Egan v. Doe 1, et. al., | Andrews Thornton | 12/21/22 |
| 865 | 22CV023397 | John Doe S.F.S. v. Doe 1 Diocese, et al | Boucher | 12/08/22 |
| 872 | 22CV023153 | John Doe J.L.H. v. Doe 1 Diocese, et al | Boucher | 12/05/22 |
| 1565 | 23CV037093 | John Doe G.N. v. Doe 1, et. al. | Boucher | 04/19/22 |
| 917 | 22CV024918 | John Doe D.W. v. Doe 1 Diocese, et al | Boucher/ Beasley | 12/29/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 909 | 22CV022600 | John Doe D.H.S. v. Doe 1 Diocese, et al | Boucher/ Pearson Warshaw | 11/28/22 |
| 451 | 22CV023763 | John Doe RC v. Doe 1 | Dimarco Araujo | 12/13/22 |
| 446 | 22CV007590 | JOHN DOE J.L. vs. DOE DIOCESE ONE, a Corporation sole, et al | Drivon | 02/25/22 |
| 457 | 22CV024819 | John Doe GR v DOE DIOCESE ONE, et al | Drivon | 12/28/22 |
| 458 | 22CV024965 | John Doe F.O. v DOE ONE ARCH DIOCESE, et al | Drivon | 12/28/22 |
| 601 | 22CV024730 | John Doe K.L v Doe Diocese A corporation Sole, et al | Drivon | 12/27/22 |
| 797 | 22CV023490 | John Doe CLG01986 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |
| 798 | 22CV023323 | John Doe CLG02191 v. Doe Diocese et al. | Edwards & de la Cerda | 12/07/22 |
| 799 | 22CV023491 | John Doe CLG02673 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |
| 800 | 22CV023492 | John Doe CLG03350 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |
| 801 | 22CV023494 | John Doe CLG03308 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |
| 802 | 22CV023495 | John Doe CLG03340 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |
| 803 | 22CV023676 | John Doe CLG03361 v. Doe Diocese et al. | Edwards & de la Cerda | 12/12/22 |
| 804 | 22CV023502 | John Doe CLG03381 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 805 | 22CV023501 | John Doe CLG02259 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |
| 806 | 22CV023503 | John Doe CLG02103 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/09/22 |
| 807 | 22CV024091 | John Doe CLG02521 v. Doe Diocese et al. | Edwards & de la Cerda | 12/16/22 |
| 808 | 22CV023509 | John Doe CLG03427 v. Doe Diocese et al. | Edwards & de la Cerda | 12/09/22 |
| 809 | 22CV023517 | John Doe CLG03402 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/09/22 |
| 810 | 22CV023920 | John Doe CLG03446 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/15/22 |
| 811 | 22CV023924 | John Doe CLG03358 v. Doe Diocese et al. | Edwards & de la Cerda | 12/15/22 |
| 812 | 22CV023940 | John Doe CLG03415 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/15/22 |
| 813 | 22CV023945 | John Doe CLG03426 v. Doe Diocese et al. | Edwards & de la Cerda | 12/15/22 |
| 814 | 22CV023948 | John Doe CLG03354 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/15/22 |
| 815 | 22CV024021 | John Doe CLG03301 v. Doe Diocese et al. | Edwards & de la Cerda | 12/16/22 |
| 816 | 22CV024031 | John Doe CLG03459 v. Doe Diocese et al. | Edwards & de la Cerda | 12/16/22 |
| 817 | 22CV024191 | John Doe CLG03489 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/20/22 |
| 818 | 22CV024195 | John Doe CLG03304 v. Doe Diocese et al. | Edwards & de la Cerda | 12/20/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 819 | 22CV024152 | John Doe CLG03504 v. Doe Diocese et al. | Edwards & de la Cerda | 12/20/22 |
| 820 | 22CV024151 | John Doe CLG03442 v. Doe Diocese et al. | Edwards & de la Cerda | 12/20/22 |
| 821 | 22CV024154 | John Doe CLG03488 v. Doe Diocese et al. | Edwards & de la Cerda | 12/22/22 |
| 822 | 22CV024153 | John Doe CLG03522 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/20/22 |
| 823 | 22CV024200 | John Doe CLG03506 v. Doe Diocese et al. | Edwards & de la Cerda | 12/20/22 |
| 824 | 22CV024155 | John Doe CLG03492 v. Doe Diocese et al. | Edwards & de la Cerda | 12/20/22 |
| 825 | 22CV024157 | John Doe CLG03505 v. Doe Diocese et al. | Edwards & de la Cerda | 12/20/22 |
| 826 | 22CV024207 | John Doe CLG03473 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/20/22 |
| 827 | 22CV024212 | John Doe CLG03533 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/20/22 |
| 828 | 22CV024229 | John Doe CLG03472 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/20/22 |
| 829 | 22CV024150 | John Doe CLG03485 v. Doe Diocese et al. | Edwards & de la Cerda | 12/20/22 |
| 830 | 22CV024399 | John Doe CLG03259 v. Doe Diocese et al. | Edwards & de la Cerda | 12/21/22 |
| 831 | 22CV024400 | John Doe CLG03444 v. Doe Diocese et al. | Edwards & de la Cerda | 12/22/22 |
| 832 | 22CV024366 | John Doe CLG03476 v. Doe Diocese et al. | Edwards & de la Cerda | 12/22/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 833 | 22CV024362 | John Doe CLG03441 v. Doe Archdiocese et al. | Edwards & de la Cerda | 12/22/22 |
| 834 | 22CV024364 | John Doe CLG03348 v. Doe Diocese et al. | Edwards & de la Cerda | 12/22/22 |
| 835 | 22CV024530 | John Doe CLG03460 v. Doe Diocese et al. | Edwards & de la Cerda | 12/23/22 |
| 836 | 22CV024749 | John Doe CLG02828 v. Doe Diocese et al. | Edwards & de la Cerda | 12/28/22 |
| 787 | 22CV023627 | John Doe BCS 1936 v. Brothers of the Christian Schools, et al | FJSlaw / Anderson | 12/12/22 |
| 790 | 22CV024022 | John Doe JO 1940 v. Society of Jesus, et al | FJSlaw / Anderson | 12/16/22 |
| 794 | 22CV024639 | John Doe SALS 2013 v Doe 1 | FJSlaw / Anderson | 12/27/22 |
| 795 | 22CV024865 | John Doe SALS 2024 v Roman Catholic Bishop of San Francisco, et al | FJSlaw / Anderson | 12/29/22 |
| 935 | 22CV019009 | JENNIFER DOE FR 431 v. DOE 1, et al. | George, Jr | 10/04/22 |
| 936 | 22CV019006 | JENNIFER DOE FR 434 v. DOE 1, et al. | George, Jr | 10/04/22 |
| 937 | 22CV019008 | JENNIFER DOE FR 437 v. DOE 1, et al. | George, Jr | 10/04/22 |
| 938 | 22CV019807 | JOSEPH DOE FR 583 v. DOE 1, et al. | George, Jr | 10/17/22 |
| 941 | 22CV019002 | JOSEPH DOE FR 430 v. DOE 1, et al. | George, Jr | 10/04/22 |
| 942 | 22CV019003 | JOSEPH DOE FR 430 v. DOE 1, et al. | George, Jr | 10/04/22 |

# JCCP 5108 - NORTHERN CALIFORNIA CLERGY CASES
## List for Omnibus Add-on Order
### 5/23/2024  4:51 PM

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 943 | 22CV019007 | JOSEPH DOE FR 436 v. DOE 1, et al. | George, Jr | 10/04/22 |
| 945 | 22CV019005 | JOSEPH DOE FR 595 v. DOE 1, et al. | George, Jr | 10/04/22 |
| 981 | 22CV024069 | JENNIFER DOE OAK 599 v. DOE 1, et al. | George, Jr | 12/16/22 |
| 1020 | 22CV019026 | JOSEPH DOE S 501 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1022 | 22CV018202 | JOSEPH DOE S 503 v. DOE 1, et al. | George, Jr | 09/20/22 |
| 1023 | 22CV018204 | JOSEPH DOE S 504 v. DOE 1, et al. | George, Jr | 09/21/22 |
| 1024 | 22CV018205 | JOSEPH DOE S 505 v. DOE 1, et al. | George, Jr | 09/22/22 |
| 1028 | 22CV019029 | JOSEPH DOE S 508 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1029 | 22CV019030 | JENNIFER DOE S 509 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1030 | 22CV019031 | JOSEPH DOE S 510 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1036 | 22CV019040 | JOSEPH DOE S 515 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1037 | 22CV019042 | JOSEPH DOE S 516 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1038 | 22CV019043 | JOSEPH DOE S 517 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1039 | 22CV024663 | JENNIFER DOE SCW v. DOE 1, et al. | George, Jr | 12/27/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1040 | 22CV019044 | JOSEPH DOE S 518 v DOE 1, et al. | George, Jr | 10/05/22 |
| 1041 | 22CV019045 | JOSEPH DOE S 519 v DOE 1, et al. | George, Jr | 10/05/22 |
| 1042 | 22CV019055 | JOSEPH DOE S 520 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1044 | 22CV024852 | JOSEPH DOE S 602 v. DOE 1, et al. | George, Jr | 12/28/22 |
| 1046 | 22CV019059 | JOSEPH DOE S 522 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1047 | 22CV019809 | JENNIFER DOE S 523 v. DOE 1, et al. | George, Jr | 10/17/22 |
| 1048 | 22CV019061 | JOSEPH DOE S 524 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1049 | 22CV019066 | JENNIFER DOE S 525 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1050 | 22CV019069 | JENNIFER DOE S 526 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1054 | 22CV019067 | JENNIFER DOE S 528 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1055 | 22CV024412 | JENNIFER DOE S 598 v. DOE 1, et al. | George, Jr | 12/20/22 |
| 1056 | 22CV019068 | JENNIFER DOE S 529 v. DOE 1, et al. | George, Jr | 10/05/22 |
| 1060 | 22CV019414 | JOSEPH DOE SF 534 v. DOE 1, et al. | George, Jr | 10/11/22 |
| 1086 | 22CV024791 | JOHN DOE 164 v. DOE 1, et al. | George, Jr | 12/28/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1088 | 22CV019227 | JOSEPH DOE SR 586 v. DOE 1, et al. | George, Jr | 10/07/22 |
| 1089 | 22CV019229 | JOSEPH DOE SR 594 v. DOE 1, et al. | George, Jr | 10/07/22 |
| 1092 | 22CV022429 | JOSEPH DOE SR 554 v. DOE 1, et al. | George, Jr | 11/22/22 |
| 1093 | 22CV019238 | JOSEPH DOE SR 558 v. DOE 1, et al. | George, Jr | 10/07/22 |
| 1106 | 22CV024798 | JOHN DOE 11 v. DOE 1, et al. | George, Jr | 12/28/22 |
| 1108 | 22CV024036 | JOSEPH DOE SR 568 v. DOE 1, et al. | George, Jr | 12/16/22 |
| 1113 | 22CV021239 | JOSEPH DOE X 572 v. DOE 1, et al. | George, Jr | 11/07/22 |
| 1515 | 22CV023680 | John MG Doe v. RCASF, et al | Gross Belsky | 12/13/22 |
| 1516 | 22CV024582 | John AS Doe v RCASF, et al. | Gross Belsky | 12/23/22 |
| 1517 | 22CV024598 | John WP Doe v RCASF, et al. | Gross Belsky | 12/27/22 |
| 1518 | 22CV022809 | John DL Doe v RCBO, et al. | Gross Belsky | 11/29/22 |
| 1520 | 22CV024657 | John MH Doe v. RCASF, et al. | Gross Belsky | 12/27/22 |
| 1625 | 23CV030984 | John JP Doe v. RCBO, et al. | Gross Belsky | 04/11/23 |
| 1542 | 22CV021737 | LL JOHN DOE DJ v. DEFENDANT DOE DIOCESE, et al. | Liakos Law | 11/15/2022 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|---|---|---|---|---|
| 1546 | 22CV022760 | LL JOHN DOE JRO v. DEFENDANT DOE DIOCESE, et al. | Liakos Law | 11/29/22 |
| 216 | 22CV015221 | Jane SF-6 Doe v. DOE ARCHDIOCESE | Manly Stewart | 07/28/22 |
| 218 | 22CV015203 | John SF-23 Doe v. DOE ARCHDIOCESE | Manly Stewart | 07/28/22 |
| 220 | 22CV017728 | John S-12 Doe v. DOE DIOCESE | Manly Stewart | 09/12/22 |
| 221 | 22CV015297 | John OAK-14 Doe v. DOE DIOCESE | Manly Stewart | 07/29/22 |
| 230 | 22CV017769 | Jane SF-24 Doe v. DOE ARCH DIOCESE | Manly Stewart | 12/29/22 |
| 232 | 22CV015278 | John SF-30 Doe v. DOE ARCHDIOCESE | Manly Stewart | 07/28/22 |
| 233 | 22CV015318 | John SF-12 Doe v. DOE ARCHDIOCESE | Manly Stewart | 07/29/22 |
| 266 | RG20064084 | John OAK-7 Doe v. DOE 1, et al. | Manly Stewart | 06/10/20 |
| 267 | RG2006221 | John OAK-9 Doe v. Doe 1, et al. | Manly Stewart | 06/10/20 |
| 307 | 22CV019560 | John SR-13 Doe v. Doe Diocese, et al. | Manly Stewart | 10/12/22 |
| 308 | 22CV019558 | John SR-10 Doe v. Doe Diocese, et al. | Manly Stewart | 10/12/22 |
| 309 | 22CV019538 | John M-4 Doe v. Doe Diocese, et al. | Manly Stewart | 10/12/22 |
| 310 | 22CV019565 | John SF-11 Doe v. Doe Archdiocese | Manly Stewart | 10/12/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 311 | 22CV019851 | John S-14 Doe v. Doe Diocese, et al. | Manly Stewart | 10/12/22 |
| 337 | 22CV020699 | John SR-14 Doe v. Doe Diocese, et al | Manly Stewart | 10/27/22 |
| 347 | 22CV020718 | Jane SF-9 Doe v. Doe Archdiocese | Manly Stewart | 10/27/22 |
| 352 | 22CV020724 | John FR-5 Doe v. Doe Diocese et al. | Manly Stewart | 10/27/22 |
| 405 | 22CV022896 | John M-5 Doe v. Doe Diocese et al. | Manly Stewart | 11/30/22 |
| 417 | 22CV023660 | John SF-35 Doe v. Doe Archdiocese, et al. | Manly Stewart | 12/12/22 |
| 448 | 22CV023996 | John OAK-18 Doe v. Doe Diocese et al | Manly Stewart | 12/15/22 |
| 465 | 22CV024529 | John SR-16 Doe v. Doe Diocese | Manly Stewart | 12/23/22 |
| 466 | 22CV024525 | John M-6 Doe v. Doe Diocese et al | Manly Stewart | 12/23/22 |
| 467 | 22CV024876 | John M-7 Doe v. Doe Diocese et al | Manly Stewart | 12/30/22 |
| 468 | 22CV024691 | John M-8 Doe v. Doe Diocese et al | Manly Stewart | 12/27/22 |
| 555 | 22CV024692 | John M-11 Doe v. Doe Diocese et al | Manly Stewart | 12/27/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 556 | 22CV024959 | John M-15 Doe v. Doe Diocese et al | Manly Stewart | 12/30/22 |
| 557 | 22CV024964 | John M-15 Doe v. Doe Diocese et al | Manly Stewart | 12/28/22 |
| 558 | 22CV024710 | John SF-36 Doe v. Doe Archdiocese | Manly Stewart | 12/29/22 |
| 559 | 22CV024718 | John M-10 Doe v. Doe Diocese et al | Manly Stewart | 12/17/22 |
| 560 | 22CV024779 | John M-12 Doe v. Doe Diocese et al | Manly Stewart | 12/28/22 |
| 561 | 22CV024712 | John M-13 Doe v. Doe Diocese et al | Manly Stewart | 12/27/22 |
| 562 | 22CV024714 | John M-14 Doe v. Doe Diocese et al | Manly Stewart | 12/27/22 |
| 563 | 22CV024693 | John M-16 Doe v. Doe Diocese et al | Manly Stewart | 12/27/22 |
| 596 | 22CV024697 | John SR-17 Doe v. Doe Diocese, et al. | Manly Stewart | 12/27/22 |
| 598 | 22CV024709 | John M-17 Doe v. Doe Diocese et al | Manly Stewart | 12/27/22 |
| 599 | 22CV024714 | Johm M-19 Doe v. Doe Diocese, et al. | Manly Stewart | 12/27/22 |
| 603 | 22CV024855 | John M-18 Doe v. Doe Diocese, et al. | Manly Stewart | 12/27/22 |
| 1585 | 23CV036988 | John S-17 Doe v. Doe Diocese I, et al. | Manly Stewart | 06/27/23 |
| 1609 | 23CV050840 | John SR-18 Doe v. Doe Parish, et al. | Manly Stewart | 10/03/23 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|---|---|---|---|---|
| 1581, 1582, 1583 | 23CV036545 | Jan M. Zoccoli, et al. v. Doe 1, et al. | Mezzetti / Starcevich | 11/28/22 |
| 842 | 22CV024510 | Jane LA Roe v. Doe 1, et al. | Nye, Sterling | 12/23/22 |
| 844 | 22CV012253 | Jane CC Roe v. Doe 1, et al. | Nye, Sterling | 12/27/22 |
| 849 | 24CV075447 | John RJ Roe v. Roman Catholic Bishop of Fresno, et al. | Nye, Sterling | 06/17/22 |
| 374 | 22CV022055 | Robert Beamer v. Doe Archdiocese, et al. | Panish Shea/PCVA | 11/17/22 |
| 384 | 22CV023748 | John Doe (P.K.) v. Doe Archdiocese, et al. | Panish Shea/PCVA | 12/13/22 |
| 406 | 22CV023292 | John Doe (N.D.) v. Doe Archdiocese, et al. | Panish Shea/PCVA | 12/07/22 |
| 409 | 22CV022536 | Todd Black v. Doe Archdiocese, et al. | Panish Shea/PCVA | 11/22/22 |
| 39 | RG20048852 | Michael Lopez v. Roman Catholic Bishop of Oakland, et al | Panish Shea/PCVA | 01/02/20 |
| 386 | 22CV022163 | Jane Doe (T.M.) v. Doe Archdiocese, et al. | Panish Shea/PCVA | 11/21/22 |
| 387 | 22CV021530 | Deborah Lynn Martinez v. Doe Archdiocese, et al. | Panish Shea/PCVA | 11/10/22 |
| 388 | 22CV024190 | Jane Doe (D.M.) v. Doe Archdiocese, et al. | Panish Shea/PCVA | 12/19/22 |
| 390 | 22CV021467 | John Doe (S.M.) v. Doe Archdiocese, et al. | Panish Shea/PCVA | 11/09/22 |
| 392 | 22CV022056 | Jane Doe (D.P.) v. Doe Archdiocese, et al. | Panish Shea/PCVA | 11/17/22 |

# JCCP 5108 - NORTHERN CALIFORNIA CLERGY CASES
## List for Omnibus Add-on Order

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 136 | HG21114359 | John Doe (J.S.) v. Doe 1 | Panish Shea/PCVA | 09/30/21 |
| 114 | 22CV014137 | JOHN DOE (J.W.) v. DOE 1, et al. | Panish Shea/PCVA/AWKO | 07/11/22 |
| 385 | 22CV023329 | John Doe (R.K.) v. Doe Archdiocese, et al. | Panish Shea/PCVA/SHC | 12/07/22 |
| 394 | 22CV022491 | Ramiro Sosa, Jr. v. Doe Archdiocese, et al. | Panish Shea/PCVA/SHC | 11/22/22 |
| 223 | 22CV019077 | Jane Doe JS v. Doe Archdiocese | Paul Mones | 10/05/22 |
| 225 | 22CV019104 | Jane Doe MC v. Doe Archdiocese | Paul Mones | 10/05/22 |
| 226 | 22CV019105 | Jane Doe MK v. Doe Archdiocse | Paul Mones | 10/05/22 |
| 600 | 22CV024846 | John Doe JV v. Doe Diocese, et al. | Paul Mones/Hurley McKenna & | 12/28/22 |
| 1590 | 23CV048907 | Jane Roe vs. Doe 1 Diocese | Rehm | 12/29/22 |
| 616 | 22CV014860 | Jane Roe 235 v. Doe Archdiocese et al. | Slater Slater | 07/22/22 |
| 617 | 22CV015050 | Jane Roe 236 v. Doe Archdiocese et al. | Slater Slater | 07/26/22 |
| 618 | 22CV015045 | Jane Roe 237 v. Doe Archdiocese et al. | Slater Slater | 07/26/22 |
| 619 | 22CV015140 | Jane Roe 416 v. Doe Diocese et al. | Slater Slater | 07/27/22 |
| 621 | 22CV015357 | Jane Roe 250 v. Doe Diocese e al. | Slater Slater | 08/01/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 622 | 22CV015361 | John Roe 449 v. Doe Diocese et al. | Slater Slater | 08/01/22 |
| 623 | 22CV015506 | John Roe 508 v. The Roman Catholic Bishop Of Santa Rosa et al. | Slater Slater | 08/03/22 |
| 624 | 22CV015517 | John Roe 239 v. Doe Diocese et al. | Slater Slater | 08/03/22 |
| 625 | 22CV015576 | John Roe 462 v. Doe Diocese nal. | Slater Slater | 08/04/22 |
| 626 | 22CV015539 | John Roe 415 v. Doe Diocese ns al. | Slater Slater | 08/03/22 |
| 627 | 22CV015541 | John Roe 371 v. Doe Archdiocese et al. | Slater Slater | 08/03/22 |
| 628 | 22CV015545 | Jane Roe 265 v. Doe Diocese et al. | Slater Slater | 08/03/22 |
| 629 | 22CV015553 | John Roe 214 v. Doe Diocese et al. | Slater Slater | 08/03/22 |
| 630 | 22CV015550 | Jane Roe 190 v. Doe Diocese et al. | Slater Slater | 08/03/22 |
| 632 | 22CV015558 | John Roe 378 v. Doe Diocese et al. | Slater Slater | 08/03/22 |
| 633 | 22CV015557 | John Roe 457 v. Doe Archdiocese et al. | Slater Slater | 08/03/22 |
| 634 | 22CV016191 | John Roe 527 v. Doe Archdiocese et al. | Slater Slater | 08/15/22 |
| 635 | 22CV016198 | John Roe 256 v. Doe Diocese et al. | Slater Slater | 08/15/22 |
| 636 | 22CV016206 | John Roe 497 v. Doe Diocese et al. | Slater Slater | 08/15/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|---|---|---|---|---|
| 637 | 22CV016210 | John Roe 525 v. Doe Diocese et al. | Slater Slater | 08/15/22 |
| 638 | 22CV016202 | Jane Roe 385 v. Doe Diocese et al. | Slater Slater | 08/15/22 |
| 639 | 22CV016280 | John Roe 546 v. Doe Archdiocese et al. | Slater Slater | 08/16/22 |
| 640 | 22CV016284 | John Roe 111 v. Doe Diocese et al. | Slater Slater | 08/16/22 |
| 641 | 22CV016335 | John Roe 239 v. Doe Archdiocese et al. | Slater Slater | 08/17/22 |
| 642 | 22CV016337 | John Roe 316 v. Doe Archdiocese et al. | Slater Slater | 08/17/22 |
| 643 | 22CV016476 | John Roe 566 v. The Roman Catholic Bishop of Santa Rosa et al. | Slater Slater | 08/18/22 |
| 644 | 22CV016482 | John Roe 582 v. The Roman Catholic Bishop of Santa Rosa et al. | Slater Slater | 08/18/22 |
| 645 | 22CV016487 | Jane Roe 246 v. The Roman Catholic Bishop Of Fresno et al. | Slater Slater | 08/18/22 |
| 646 | 22CV016488 | John Roe 444 v. The Roman Catholic Bishop of Fresno et al. | Slater Slater | 08/18/22 |
| 647 | 22CV016490 | John Roe 456 v. Doe Diocese et al. | Slater Slater | 08/18/22 |
| 648 | 22CV016672 | Jane Roe 583 v. Roman Catholic Bishop of Sacramento et al. | Slater Slater | 08/22/22 |
| 649 | 22CV016997 | John Roe 469 v. Doe Diocese et al. | Slater Slater | 08/29/22 |
| 650 | 22CV016998 | John Roe 233 v. Doe Archdiocese et al. | Slater Slater | 08/29/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 651 | 22CV017001 | John Roe 178 v. Doe Diocese et al. | Slater Slater | 08/29/22 |
| 652 | 22CV017334 | John Roe 74 v. Doe Archdiocese et al. | Slater Slater | 09/06/22 |
| 653 | 22CV017431 | John Roe 451 v. The Roman Catholic Bishop Of Fresno et al. | Slater Slater | 09/07/22 |
| 654 | 22CV017403 | John Roe 221 v. Doe Archdiocese et al. | Slater Slater | 09/07/22 |
| 655 | 22CV017338 | John Roe 593 v. The Roman Catholic Bishop of Santa Rosa et al. | Slater Slater | 09/06/22 |
| 656 | 22CV017479 | John Roe 252 v. Doe Diocese et al. | Slater Slater | 09/08/22 |
| 657 | 22CV017502 | Jane Roe 343 v. Doe Archdiocese et al. | Slater Slater | 09/09/22 |
| 658 | 22CV017506 | John Roe 420 v. Doe Diocese 1 et al. | Slater Slater | 09/09/22 |
| 659 | 22CV017507 | John Roe 562 v. Doe Diocese et al. | Slater Slater | 09/09/22 |
| 660 | 22CV018066 | John Roe 152 v. Doe Diocese et al. | Slater Slater | 09/16/22 |
| 661 | 22CV018069 | John Roe 292 v. Doe Diocese et al. | Slater Slater | 09/16/22 |
| 662 | 22CV018177 | John Roe 484 v. Doe Diocese et al. | Slater Slater | 09/19/22 |
| 663 | 22CV018180 | John Roe 304 v. Doe Diocese et al. | Slater Slater | 09/19/22 |
| 664 | 22CV018460 | John Roe 476 v. Doe Diocese et al. | Slater Slater | 09/26/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 665 | 22CV018437 | John Roe 487 v. The Roman Catholic Bishop of Fresno et al. | Slater Slater | 09/26/22 |
| 666 | 22CV018694 | John Roe 188 v. Doe Archdiocese et al. | Slater Slater | 09/28/22 |
| 667 | 22CV018700 | John Roe 217 v. Doe Diocese et al. | Slater Slater | 09/28/22 |
| 668 | 22CV018756 | Jane Roe 601 v. The Roman Catholic Bishop Of Fresno et al. | Slater Slater | 09/29/22 |
| 669 | 22CV018779 | John Roe 540 v. Doe Diocese et al. | Slater Slater | 09/29/22 |
| 670 | 22CV018782 | John Roe 413 v. Roman Catholic Bishop Of Sacramento et al. | Slater Slater | 09/29/22 |
| 671 | 22CV018786 | John Roe 414 v. Doe Diocese et al. | Slater Slater | 09/29/22 |
| 672 | 22CV018837 | Jane Roe 523 v. Doe Archdiocese et al. | Slater Slater | 09/30/22 |
| 674 | 22CV018853 | John Roe 521 v. Doe Archdiocese et al. | Slater Slater | 09/30/22 |
| 675 | 22CV018871 | John Roe 417 v. Doe Archdiocese et al. | Slater Slater | 09/30/22 |
| 676 | 22CV018873 | John Roe 366 v. Doe Archdiocese et al. | Slater Slater | 09/30/22 |
| 677 | 22CV018979 | John Roe 276 v. Doe Diocese et al. | Slater Slater | 10/03/22 |
| 679 | 22CV018998 | Jane Roe 477 v. The Roman Catholic Bishop Of Oakland et al. | Slater Slater | 10/04/22 |
| 682 | 22CV019020 | John Roe 397 v. Doe Archdiocese et al. | Slater Slater | 10/05/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 683 | 22CV019818 | John Roe 394 v. The Roman Catholic Archbishop Of San Francisco et al. | Slater Slater | 10/17/22 |
| 690 | 22CV019954 | John Roe 517 v. Doe Archdiocese et al. | Slater Slater | 10/18/22 |
| 702 | 22CV021077 | John Roe 303 v. Doe Diocese et al. | Slater Slater | 11/03/22 |
| 704 | 22CV021087 | John Roe 302 v. Doe Diocese et al. | Slater Slater | 11/03/22 |
| 711 | 22CV021244 | Jane Roe 427 v. Doe Diocese et al. | Slater Slater | 11/07/22 |
| 712 | 22CV021252 | John Roe 424 v. Doe Diocese et al. | Slater Slater | 11/07/22 |
| 713 | 22CV021258 | John Roe 612 v. Doe Diocese et al. | Slater Slater | 11/07/22 |
| 714 | 22CV021259 | John Roe 319 v. Doe Diocese et al. | Slater Slater | 11/07/22 |
| 722 | 22CV021429 | Jane Roe 574 v. Roman Catholic Bishop Of Sacramento et al. | Slater Slater | 11/09/22 |
| 723 | 22CV021439 | Jane Roe 675 v. Roman Catholic Bishop Of Sacramento et al. | Slater Slater | 11/09/22 |
| 736 | 22CV022554 | John Roe 282 v. Doe Diocese et al. | Slater Slater | 11/23/22 |
| 742 | 22CV022840 | John Roe 621 v. Doe Archdiocese et al. | Slater Slater | 11/30/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 743 | 22CV022847 | John Roe 687 v. Doe Diocese et al. | Slater Slater | 11/30/22 |
| 747 | 22CV023180 | Jane Roe 684 v. Doe Diocese et al. | Slater Slater | 12/05/22 |
| 748 | 22CV023195 | John Roe 547 v. Doe Diocese et al. | Slater Slater | 12/06/22 |
| 753 | 22CV023204 | Jane Roe 641 v. Doe Archdiocese et al. | Slater Slater | 12/06/22 |
| 754 | 22CV023411 | John Roe 359 v. Doe Archdiocese et al. | Slater Slater | 12/09/22 |
| 756 | 22CV023667 | Jane Roe 504 v. Doe Diocese et al. | Slater Slater | 12/12/22 |
| 757 | 22CV023675 | John Roe 685 v. Doe Diocese et al. | Slater Slater | 12/12/22 |
| 766 | 22CV023908 | John Roe 627 v. Doe Diocese et al. | Slater Slater | 12/14/22 |
| 768 | 22CV023916 | John Roe 663 v. Doe Archdiocese et al. | Slater Slater | 12/15/22 |
| 770 | 22CV023926 | Jane Roe 657 v. Doe Diocese et al. | Slater Slater | 12/15/22 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 772 | 22CV024004 | John Roe 695 v. Doe Diocese et al. | Slater Slater | 12/15/22 |
| 774 | 22CV024008 | John Roe 678 v. Doe Diocese et al. | Slater Slater | 12/15/22 |
| 775 | 22CV024019 | John Roe 633 v. Doe Archdiocese et al. | Slater Slater | 12/16/22 |
| 777 | 22CV024128 | John Roe 669 v. Doe Diocese et al. | Slater Slater | 12/19/22 |
| 779 | 22CV024177 | John Roe 146 v. Doe Diocese et al. | Slater Slater | 12/19/22 |
| 780 | 22CV024156 | John Roe 179 v. Doe Archdiocese et al. | Slater Slater | 12/19/22 |
| 783 | 22CV024395 | John Roe 696 v. Doe Diocese et al. | Slater Slater | 12/22/22 |
| 1569 | 22CV024492 | John Roe 651 v. Doe Diocese et al. | Slater Slater | 12/23/22 |
| 1571 | 23CV025768 | John Roe 701 v. RCBSR et al. | Slater Slater | 01/17/23 |

# JCCP 5108 - NORTHERN CALIFORNIA CLERGY CASES
## List for Omnibus Add-on Order
5/23/2024 4:51 PM

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1572 | 23CV030277 | John Roe 499 v. RCASF et al. | Slater Slater | 03/30/23 |
| 1632 | 24CV072753 | John Doe v. Roman Catholic Diocese of Fresno; et al. | Taylor Ring | 03/02/23 |
| 470 | 22CV023336 | John Doe FO v Doe 1 | Turner | 12/08/22 |
| 587 | 22CV023681 | John Doe 180 v. The Roman Catholic Bishop of Santa Rosa | Winer Burritt | 12/13/22 |
| 475 | 22CV023091 | John JG Roe Oak v. Doe 1 | Zalkin | 12/05/22 |
| 486 | 22CV023416 | John JP Roe Oak v. Doe 1 | Zalkin | 12/08/22 |
| 487 | 22CV023423 | John RS Roe Oak v. Doe 1 | Zalkin | 12/09/22 |
| 494 | 22CV023684 | John GE Roe Oak v. Doe 1 | Zalkin | 12/13/22 |
| 1595 | 23CV036182 | John JR2 Roe SR v. Doe 1 | Zalkin | 06/15/23 |
| 1596 | 23CV036395 | Anthony Waters v. Doe 1 | Zalkin | 06/20/23 |
| 1597 | 23CV036338 | William Kidd v. Doe 1 | Zalkin | 06/20/23 |

| Plf# | Alameda County Case # | Caption | Plf Counsel | Filed |
|------|----------------------|---------|-------------|-------|
| 1598 | 23CV036375 | Brian Cornell v. Doe 1 | Zalkin | 06/20/23 |
| 1599 | 23CV036475 | Shannon Lombardi v. Doe 1 | Zalkin | 06/21/23 |
| 1600 | 23CV037235 | John MA Roe SF v. Doe 1 | Zalkin | 06/26/23 |

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
05/29/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _Nicole Hall_ Deputy
N. Hall

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
John Doe OK 1014

DEFENDANT/RESPONDENT:
DOE 1 et al

| CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6 | CASE NUMBER: HG20053992 |
|---|---|

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order [PROPOSED] ORDER ADDING ON CASES TO JCCP 5108 entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.

Alan R Ouellette
Foley & Lardner LLP
aouellette@foley.com

Alison M. Crane
Bledsoe Diestel Treppa &Crane LLP
acrane@bledsoelaw.com

Daniel Cornelio Zamora
Weintraub Tobin Chediak Coleman Grodin
dzamora@weintraub.com

Jeffrey R Blease
Foley & Lardner LLP
JBlease@foley.com

Joseph C. George
Jeff Anderson & Associates
jgeorgejr@andersonadvocates.com

Leila Nourani
Jackson Lewis P.C.
leila.nourani@jacksonlewis.com

Mart B. Oller
marty.oller@mccormickbarstow.com

Paul B. Salvaty
Winston & Strawn LLP
PSalvaty@winston.com

Richard J. Simons
Furtado, Jaspovice & Simons
rick@fjslaw.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/29/2024

By:

_Nicole Hall_

N. Hall, Deputy Clerk

CERTIFICATE OF ELECTRONIC SERVICE
CODE OF CIVIL PROCEDURE 1010.6

| SHORT TITLE: Doe OK 1014 VS DOE 1 | CASE NUMBER: HG20053992 |
|---|---|

Spencer R Lucas,Esq
PANISH SHEA BOYLE RAVIPUDI LLP
lucas@psblaw.com

Stephen J. Greene Jr.
GREENE & ROBERTS LLP
sjg@greeneroberts.com

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

ORDER ADDING ON CASES TO JCCP 5108

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on May 29, 2024

Executive Officer/Clerk of the Superior Court

By *Nicole Hall*
Deputy Clerk

# Exhibit 3



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
415.434.4484 TEL
415.434.4507 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
415.984.9824
tcarlucci@foley.com

CLIENT/MATTER NUMBER
100845-0402

May 25, 2023

**Via E-Mail**

Jennifer R. Liakos, Esq.
LIAKOS LAW, APC
955 Deep Valley Drive, Suite 3900
Palos Verdes Peninsula, California 90274
Jenn@jennliakoslaw.com

Re:   The Roman Catholic Bishop of Oakland - Bankruptcy Filing

Dear Counsel,

We are counsel to the Roman Catholic Bishop of Oakland, a California corporation sole ("RCBO"). We have received your request to accept service of the summons and complaint in Alameda Superior Court Case Number 22CV022760, LL John Doe JRO v. Doe Archdiocese, et al., (the "Superior Court Case").

On May 8, 2023, RCBO filed a Chapter 11 bankruptcy petition for relief. RCBO's bankruptcy case is pending as Case Number 23-40523 in the Bankruptcy Court for the Northern District of California, Oakland Division. Pursuant to 11 U.S.C. 362, filing of the petition caused an automatic stay barring "the commencement or continuation, including the issuance or employment of process" of any action against RCBO. The Superior Court Case is therefore stayed. A copy of the Notice of Chapter 11 Bankruptcy Case is attached hereto.

We cannot accept service of the summons in the Superior Court Case because the Superior Court case is stayed by the automatic stay. In addition, any attempt to serve RCBO going forward would be a willful violation of the automatic stay, enforceable in the Bankruptcy Court and giving rise to potential sanctions for contempt.

Sincerely,

Thomas F. Carlucci

TFCA:lgl

AUSTIN          DETROIT          MEXICO CITY     SACRAMENTO      TAMPA
BOSTON          HOUSTON          MIAMI           SAN DIEGO       WASHINGTON, D.C.
CHICAGO         JACKSONVILLE     MILWAUKEE       SAN FRANCISCO   BRUSSELS
DALLAS          LOS ANGELES      NEW YORK        SILICON VALLEY  TOKYO
DENVER          MADISON          ORLANDO         TALLAHASSEE

4864-2764-4772.1

Debtors may request to receive Court notices and orders by email instead of U.S. mail. Sign Up at www.canb.uscourts.gov

**Information to identify the case:**

| | |
|---|---|
| Debtor | **The Roman Catholic Bishop of Oakland**    EIN: 94−1527086 |
| | Name |

| | |
|---|---|
| United States Bankruptcy Court   California Northern Bankruptcy Court | Date case filed for chapter:    11    5/8/23 |

Case number:  **23−40523**

## Official Form 309F1 (For Corporations or Partnerships)
## Notice of Chapter 11 Bankruptcy Case

10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1.** | **Debtor's full name** | The Roman Catholic Bishop of Oakland |
| **2.** | **All other names used in the last 8 years** | dba Diocese of Oakland, dba Roman Catholic Diocese of Oakland |
| **3.** | **Address** | 2121 Harrison Street<br>Suite 100<br>Oakland, CA 94612 |
| **4.** | **Debtor's attorney**<br>Name and address | Thomas F. Carlucci<br>Foley & Lardner LLP<br>555 California Street<br>Ste 1700<br>San Francisco, CA 94104−1520    Contact phone 415−434−4484 |
| **5.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case online at https://pacer.uscourts.gov. | **Mailing Address:**<br>U.S. Bankruptcy Court<br>1300 Clay Street, Suite 300<br>Oakland, CA 94612 | Hours open:<br>Monday − Friday 9:00 am to 4:30 pm<br><br>Contact phone (888) 821−7606<br><br>Date: 5/11/23 |
| **6.** | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath.<br>Creditors may attend, but are not required to do so. | **June 21, 2023 at 11:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Via Tele/Videoconference**<br><br>Call in number/URL: 1−877−991−8832<br>Passcode: 4101242 |

**Important Notice to Individual Debtors:** The United States Trustee requires all debtors who are individuals to provide government−issued photo identification and proof of social security number to the trustee at the meeting of creditors. **Failure to Appear May Result in the Dismissal of the Case without further notice.** A request for a continuance or to be excused from appearing must be made in writing at least 7 days before the meeting, timely filed with the court at the address above in box 5.

For more information, see page 2



2340523230511000000000001

| | |
|---|---|
| **7.** **Proof of claim deadline**<br><br>**For a bankruptcy case pending in the Northern District of California, a Proof of Claim may be filed electronically online at www.canb.uscourts.gov In the Quick Links section, click on "File an Electronic Proof of Claim."** | **Deadline for filing proof of claim:**<br><br>**For all creditors (except a governmental**      9/11/23<br>**unit):**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>• your claim is designated as *disputed*, *contingent*, or *unliquidated;*<br>• you file a proof of claim in a different amount; or<br>• you receive another notice.<br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8.** **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:** |
| **9.** **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.** **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11.** **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

Case: 23-40523    Doc# 1327   Filed: 05/10/25   Entered: 05/10/25 22:47:02   Page 102 of 106

# Exhibit 4

Debtor 1    The Roman Catholic Bishop of Oakland

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   23-40523

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

LL John Doe JRO
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Liakos Law, APC <br> Name | Name |
| 955 Deep Valley Drive, Suite 3900 <br> Number    Street | Number    Street |
| Palos Verdes Penins    CA      90274 <br> City      State      ZIP Code | City      State      ZIP Code |
| Contact phone (310) 961-0066 | Contact phone _____ |
| Contact email Jenn@jennliakoslaw.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

| | |
|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Personal Injury
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Case: 23-30564   Doc# 1327   Filed: 09/05/25   Entered: 09/05/25 21:28:02   Page 105 of 106

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/11/2023
                   MM / DD / YYYY

_Jennifer R. L_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Jennifer | R. | Liakos |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Liakos Law, APC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 955 Deep Valley Drive, Suite 3900 | | |
| | Number          Street | | |
| | Palos Verdes Peninsula | CA | 90274 |
| | City | State | ZIP Code |
| Contact phone | (310) 961-0066 | Email | Jenn@jennliakoslaw.com |

Case: 23-30564   Doc# 1327   Filed: 09/05/25   Entered: 09/05/25 21:28:02   Page 106 of 106