| | |
|---|---|
| Mark D. Plevin  (State Bar No. 146278) | |
| PLEVIN & TURNER LLP | |
| 580 California Street, Suite 1200 | |
| San Francisco, California  94104 | |
| Telephone:      (202) 580-6640 | |
| Email:              mplevin@plevinturner.com | |
| | |
| Miranda H. Turner (admitted *pro hac vice*) | Alexander Potente (State Bar No. 208240) |
| Jordan A. Hess (admitted *pro hac vice*) | Jason J. Chorley (State Bar No. 263225) |
| PLEVIN & TURNER LLP | CLYDE & CO US LLP |
| 1701 Pennsylvania Avenue, N.W., Suite 200 | 150 California Street, 15th Floor |
| Washington, D.C.  20004 | San Francisco, California  94111 |
| Telephone:      (202) 5809-6640 | Telephone: (415)_365-9800 |
| Email:              mturner@plevinturner.com, | Email:  alex.potente@clydeco.us, |
| jhess@plevinturner.com | jason.chorley@clydeco.us |

Attorneys for CENTURY INDEMNITY COMPANY, PACIFIC INDEMNITY COMPANY, and WESTCHESTER FIRE INSURANCE COMPANY

[additional counsel listed in signature blocks below]

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | No. 23-30564 |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| | Hon. Dennis Montali |
| Debtor and Debtor in Possession. | |

**APPELLANTS' (i) STATEMENT OF ISSUES ON APPEAL
AND (ii) DESIGNATION OF RECORD**

Pursuant to Bankruptcy Rule 8009(a)(1), appellants Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America), Pacific Indemnity Company, and Westchester Fire Insurance Company (as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964), St. Paul

Fire and Marine Insurance Company, Travelers Casualty and Surety Company, and Continental Casualty Company (collectively, the "Appellants") hereby submit their (i) statement of the issues to be presented on appeal from the Bankruptcy Court's *Docket Text Order*, entered on September 2, 2025 granting Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay, and the Bankruptcy Court's *Order Granting Motion to Approve Compromise and Stipulation Modifying the Automatic Stay* entered on September 17, 2025 (Dkt. 1346) (collectively, the "Orders") and (ii) designation of the items to be included in the record on appeal:

**I.       Statement of Issues on Appeal**

Appellants hereby identify the following issues to be presented on appeal from the Orders:

1. Did the Bankruptcy Court err in entering the Orders?

2. Did the Bankruptcy Court err in granting *Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay* (Dkt. 1285, the "Motion")?

3. Did the Bankruptcy Court err in lifting the automatic stay of 11 U.S.C. § 362 so that five underlying cases may proceed to trial in California state court?

4. Did the Bankruptcy Court err in finding "cause" to lift the automatic stay of 11 U.S.C. § 362?

5. Did the Bankruptcy Court err in granting the Motion and approving the Stipulation without making sufficient findings of fact in support of such relief?

6. Did the Bankruptcy Court err in granting the Motion and approving the Stipulation without determining whether the five cases for which the Bankruptcy Court lifted the stay (the "Five Cases") are representative of the pool of abuse claims against Debtor?

7. Did the Bankruptcy Court err in granting the Motion and approving the Stipulation where the Stipulation permitted the Committee to cherry-pick the Five Cases to be released for trial in state court, the stipulation potentially violates 11 U.S.C. § 1123(a)(4) requiring that "a plan. . . provide the same treatment for each claim or interest in a particular class," the Bankruptcy Court declined to condition lifting the automatic stay on Debtors' insurers controlling the defense of the five released cases despite that, under the stipulation, the insurers (and not

Debtor) potentially bear liability for any resulting judgments, and the stipulation permits roughly 500 claimants to send "demand" letters to Debtor and its insurers?

8. Did the Bankruptcy Court err in granting the Motion and approving the Stipulation where the court relied on evidence that was inadmissible and on testimony submitted via declaration where Appellants had no chance to cross-examine the declarant because the Bankruptcy Court "dropped" the hearing on the Motion, and where the Bankruptcy Court made factual findings that had no basis in the evidentiary record?

9. Did the Bankruptcy Court err in granting the Motion and approving the Stipulation where the court authorized more than 500 claimants to serve "demand letters" on Appellants but where, due to the automatic stay, Appellants have been, and currently are, unable to conduct discovery needed to respond to such demand letters?

Appellants reserve the right to modify, restate, or supplement the foregoing issues to the fullest extent permitted by the Bankruptcy Code and Rules, and hereby incorporate into the foregoing statement any additional issues identified by other appellants appealing from the Orders.

**II. Designation of Record**

Appellants hereby designate the following items to be included in the record on appeal from the Orders:

**Items from Main Bankruptcy Case, No. 23-30564**

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| 1 | 08/21/2023 | 1 | Chapter 11 Voluntary Petition for The Roman Catholic Archbishop of San Francisco. |
| 2 | 08/21/2023 | 14 | Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions |
| 3 | 08/21/2023 | 15 | Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions |
| 4 | 11/21/2023 | 337 | Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice |

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| 5 | 02/07/24 | 453 | Order Approving Stipulation to Withdraw Without Prejudice the Motion of Certain Insurers for Relief from Automatic Stay to Permit California Coverage Action to Continue |
| 6 | 07/16/2024 | 748 | Order Setting Status Conference [*re Survivor Statements*] |
| 7 | 07/31/2024 | 781 | Order Granting Application To Schedule A Status Conference With Presentation Of Survivor Statements |
| 8 | 08/19/24 | 805 | Order Setting Status Conference Re Presentation of Survivor Impact Statements |
| 9 | 08/28/24 | 829 | Amended Order Granting Application To Schedule A Status Conference With Presentation Of Survivor Statements |
| 10 | 02/21/2025 | 1012 | The Official Committee of Unsecured Creditors' Motion for an Order Authorizing the Filing of Redacted Documents |
| 11 | 02/21/2025 | 1013 | Proposed Redacted Document |
| 12 | 2/21/2025 | 1014 | Proposed Redacted Document |
| 13 | 02/21/2025 | 1015 | The Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 14 | 02/21/2025 | 1016 | Relief From Stay Cover Sheet |
| 15 | 02/21/2025 | 1017 | Request for Judicial Notice in Support of the Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 16 | 02/21/2025 | 1018 | Declaration of Jesse Bair in Support of the Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 17 | 02/21/2025 | 1019 | Declaration of Vince Finaldi in Support of the Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 18 | 02/21/2025 | 1020 | Declaration of Richard Simons in Support of the Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial- |

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| | | | Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 19 | 02/21/2025 | 1021 | Notice of Hearing Regarding the Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 20 | 02/25/2025 | 1025 | Order Granting the Official Committee of Unsecured Creditors' Motion for an Order Authorizing the Filing of Redacted Documents |
| 21 | 03/13/2025 | 1081 | Certain Insurers' Objection to the Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 22 | 03/13/2025 | 1083 | Debtor's Opposition to the Official Committee of Unsecured Creditors' Motion for an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 23 | 03/20/2025 | 1097 | The Official Committee of Unsecured Creditors' Reply Brief In Support of an Order Granting Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 24 | 03/25/2025 | | **DOCKET TEXT ORDER** (no separate order issued:) For the March 27, 2025 hearing on the OCC Motion for Relief From Stay, the court will begin with some questions regarding the Coordinated Proceedings, and in particular matters presented to the presiding judge on January 22, 2025, and will pose questions to state court counsel for the Debtor and counsel for the Plaintiffs for the two matters that are the subject of the Motion if they attend the hearing. Then each side will have thirty minutes for argument on the Motion, with counsel for the OCC to argue first and be expected to reserve time for rebuttal and counsel for the Debtor and the Insurers who have joined the opposition to share their thirty minutes as they decide. |
| 25 | 03/27/2025 | 1112 | PDF with attached Audio File of the March 27, 2025 Hearing |
| 26 | 04/10/2025 | 1138 | Memorandum Decision on Motion for Relief from Stay |

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| 27 | 04/10/2025 | 1139 | Order Granting in Part Certain Trial-Ready Survivors Relief from the Automatic Stay to Pursue State Court Litigation |
| 28 | 04/15/2025 | 1144 | Transcript Regarding Hearing Held on March 27, 2025 |
| 29 | 06/24/2025 | | **DOCKET TEXT ORDER** (no separate order issued:) For the June 26, 2025 hearing at 1:30 PM, the Motion Extending Stay, etc. (Dkt No. 8 in AP 25-3019) will be called first. Each side will have twenty minutes for oral argument. Debtor will argue first and be expected to reserve a time for rebuttal. Next, there will be a brief status conference in that AP. Finally, the court is concerned about progress as the main Chapter 11 case approaches the end of its second year in bankruptcy. The hearing will thus be a main case Status Conference, and Counsel for Debtor should provide a brief statement regarding what is likely to occur in the coming months, including a best case estimate for when a plan and disclosure statement are likely to be filed. Comments from the OCC or other parties will also be considered. (Montali, Dennis) (Entered: 06/24/2025) |
| 30 | 08/07/2025 | 1285 | Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 31 | 08/07/2025 | 1286 | Notice of Hearing on Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 32 | 08/07/2025 | 1287 | Request to Take Judicial Notice and Supporting Evidence in Support of Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 33 | 08/07/2025 | 1288 | Declaration of Fr. Patrick Summerhays in Support of Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 34 | 08/15/2025 | 1293 | The Official Committee of Unsecured Creditors' Joinder to Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 35 | 08/21/2025 | 1302 | Insurers' Objection to Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| 36 | 08/21/2025 | 1303 | Interstate Insurers' and Appalachian's Joinder to Insurers' Objection to Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 37 | 08/26/2025 | 1305 | Notice of Amended Exhibit in Support of Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 38 | 08/28/2025 | 1311 | Debtor's Omnibus Reply to Objection to Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 39 | 08/28/2025 | 1312 | Declaration of Paul J. Pascuzzi in Support of Debtor's Omnibus Reply to Objection to Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 40 | 08/28/2025 | 1315 | The Official Committee of Unsecured Creditor's Reply in Support of the Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 41 | 8/29/2025 | 1318 | Debtor's Status Conference Statement for September 4, 2025 Status Conference |
| 42 | 09/02/2025 | | **DOCKET TEXT ORDER** (no separate order issued:) Granted The court has considered the Motion To Approve Compromise, etc (Dkt 1285), the Objection and Joinder (Dkts 1302 & 1303) and the Replies by Debtor and the OCC (Dkts 1311 & 1315). It is worthy of note that not a single abuse claimant whose action will remain stayed has objected. The motion is well-taken, easily satisfies the A & C test by considering and weighing the factors, as the court does independently here, and represents a needed, good faith settlement of a bona-fide dispute. The objectors, assuming they even have standing, have shown no meaningful prejudice. The OCC did not unilaterally select the test cases. What other courts have done in similar cases is interesting but not controlling. The demand letters, if they even would be prohibited by the automatic stay, which is far from clear, are to some extent pass-throughs from the debtor as a conduit to the insurers, who cannot be surprised or harmed by them. All other objections are OVERRULED and the matter is DROPPED from the **September 4** calendar. The 14-day stay |

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| | | | is waived. Debtor should serve and upload an appropriate order GRANTING the motion for the reasons stated in it and in this docket text order. (RE: related document(s)1285 Motion to Approve Document filed by Debtor The Roman Catholic Archbishop of San Francisco) |
| 43 | 09/04/2025 | 1321 | The Official Committee of Unsecured Creditors' Status Conference Statement for September 4, 2025, Status Conference |
| 44 | 09/04/25 | 1322 | PDF with attached Audio File of the September 4, 2025 Hearing |
| 45 | 09/15/2025 | 1331 | Notice of Fully Executed Stipulation by and Among the Roman Catholic Archbishop of San Francisco, The Official Committee of Unsecured Creditors and The Survivor Defendants |
| 46 | 09/16/2025 | 1341 | Notice of Appeal filed by Century Indemnity Company, Pacific Indemnity Company, and Westchester Fire Insurance Company |
| 47 | 09/16/2025 | 1342 | Insurers' Motion to Stay Pending Appeal filed by Century Indemnity Company, Pacific Indemnity Company, and Westchester Fire Insurance Company |
| 48 | 09/16/2025 | 1343 | Notice of Appeal filed by Chicago Insurance Company, Fireman's Fund Insurance Company, Westport Insurance Corporation f/k/a Employers Reinsurance Corporation, and Appalachian Insurance Company |
| 49 | 09/16/2025 | 1344 | Notice of Appeal filed by Certain Underwriters at Lloyd's, London and Certain London Market Companies |
| 50 | 09/17/2025 | 1345 | Transcript Regarding Hearing Held September 4, 2025 |
| 51 | 09/17/2025 | 1346 | Order Granting Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay |
| 52 | 09/17/2025 | | **DOCKET TEXT ORDER** (no separate order issued:) Certain insurers filed a Motion For Stay Pending Appeal (Dkt 1342) on September 16, 2005. Debtor should, and the Official Committee of Unsecured Creditors may, file any opposition to that Motion no later than **September 30, 2025**. No reply should be filed. The court will consider the matter and issue |

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| | | | an order or set the matter for hearing, as it deems appropriate |
| 53 | 09/22/2025 | 1349 | Service of Notice of Appeal |
| 54 | 09/22/2025 | 1352 | Service of Notice of Appeal |
| 55 | 09/22/2025 | 1354 | Service of Notice of Appeal |
| 56 | 9/30/2025 | 1363 | The Official Committee of Unsecured Creditors' Opposition to Insurers' Motion for Stay Pending Appeal |
| 57 | 9/30/2025 | 1368 | Debtor's Opposition to Insurers' Motion for Stay Pending Appeal |

**Items from the Adversary Proceeding No. 25-03019**

| Designation No. | Filing Date | Docket No. | Description |
|---|---|---|---|
| 1 | 04/28/2025 | 1 | Complaint Seeking Declaratory And Injunctive Relief Under Bankruptcy Code Sections 105(a) And 362 That The Automatic Stay Extends To All State Court Cases In Which Debtor Is Named As A Defendant And As To All Cases In Which A Non-Debtor Affiliate Is Named As A Defendant |
| 2 | 05/29/2025 | 7 | Stipulation Permitting The Official Committee of Unsecured Creditors to Intervene |
| 3 | 05/29/2025 | 8 | Motion for Order Extending Stay To All State Court Cases In Which Debtor and/or Non-Debtor Affiliates Are Named As Defendants Under Bankruptcy Code Sections 105(a) And 362 |
| 4 | 05/29/2025 | 9 | Notice of Hearing on Motion for Order Extending Stay To All State Court Cases In Which Debtor and/or Non-Debtor Affiliates Are Named As Defendants Under Bankruptcy Code Sections 105(a) And 362 |
| 5 | 05/30/2025 | 11 | Order Approving Stipulation Permitting the Official Committee of Unsecured Creditors to Intervene |
| 6 | 06/12/2025 | 13 | The Official Committee of Unsecured Creditors' Opposition to the Debtor's Motion for an Extension of the Automatic Stay to All State |

| Designation No. | Filing Date | Docket No. | Description |
| --- | --- | --- | --- |
| | | | Court Cases in Which the Debtor and Non-Debtor Affiliates are named as Defendants Under Bankruptcy Code Sections 362 and 105(a) |
| 7 | 06/12/2025 | 14 | Declaration of Jesse J. Bair in Support of the Committee's Opposition to the Debtor's Motion for an Extension of the Automatic Stay to All State Court Cases in Which the Debtor and Non-Debtor Affiliates are named as Defendants Under Bankruptcy Code Sections 362 and 105(a) |
| 8 | 06/12/2025 | 15 | Request for Judicial Notice in Support of the Official Committee of Unsecured Creditors' Opposition to the Debtor's Motion for an Extension of the Automatic Stay |
| 9 | 06/13/2025 | 17 | Stipulation Staying State Court Litigation Against High School Defendants |
| 10 | 06/19/2025 | 18 | Reply in Support of Motion for Order Extending Stay to All State Court Cases in Which Debtor and/or Non-Debtor Affiliates are named as Defendants Under Bankruptcy Code Sections 105(a) and 362 |
| 11 | 06/20/2025 | 19 | Order Approving Stipulation Staying State Court Litigation Against High School Defendants |
| 12 | 08/07/2025 | 21 | Stipulation By and Among The Roman Catholic Archbishop of San Francisco, The Official Committee of Unsecured Creditors, and The Survivor Defendants |
| 13 | 08/26/2025 | 22 | Notice of Amended Exhibit B to Stipulation By and Among The Roman Catholic Archbishop of San Francisco, The Official Committee of Unsecured Creditors, and The Survivor Defendant |
| 14 | 09/04/2025 | 23 | PDF with attached Audio File of the September 4, 2025 Hearing |
| 15 | 09/15/2025 | 25 | Notice of Fully Executed Stipulation By and Among The Roman Catholic Archbishop of San Francisco, The Official Committee of Unsecured Creditors, and The Survivor Defendants |
| 16 | 09/17/2025 | 26 | Transcript Regarding Hearing Held September 4, 2025 |
| 17 | 09/17/2025 | 27 | Stipulated Order Granting Preliminary Injunction and Granting Relief from Stay |

The foregoing Designation of Record on Appeal is without waiver of any arguments on appeal. Appellants reserve the right to modify, restate, or supplement the

- 10 -

foregoing designations to the fullest extent permitted by the Bankrupty Code and Rules. Appellants hereby incorporate into the foregoing designations additional docket items identified by other appellants appealing from the Orders.

**Certification Pursuant to Bankruptcy Rule 8009(b)**

Appellants respectfully certify that they are not ordering any transcripts, as the relevant transcripts have been transcribed and docketed.

Dated: September 30, 2025

By: */s/Mark D. Plevin*
Mark D. Plevin
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, California 94104
(202) 580-6640
mplevin@plevinturner.com

Miranda H. Turner (admitted *pro hac vice*)
Jordan A. Hess (admitted *pro hac vice*)
PLEVIN & TURNER LLP
1701 Pennsylvania Avenue, N.W., 2d Floor
Washington, D.C. 20006
(202) 580-6640
mturner@plevinturner.com,
jhess@plevinturner.com

Alexander Potente (State Bar No. 208240)
Jason J. Chorley (State Bar No. 263225)
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415)_365-9800
Email: alex.potente@clydeco.us,
jason.chorley@clydeco.us

*Attorneys for Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America), Pacific Indemnity Company, and Westchester Fire Insurance Company (as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964)*

Joshua Haevernick (State Bar No. 308380)
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California 94612
Telephone: (415) 882-5000
Email: joshua.haevernick@dentons.com

Patrick C. Maxcy (admitted *pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
Email: patrick.maxcy@dentons.com

Andrew D. Telles Wyatt (State Bar No. 316740)
DENTONS US LLP
4675 MacArthur Court, Suite 1250
Newport Beach, California 92660
Telephone: (949) 732-3700
Email: andrew.wyatt@dentons.com

*Attorneys for St. Paul Fire and Marine Insurance Company and Travelers Casualty and Surety Company*

Mark D. Plevin
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, California 94104
(202) 580-6640
mplevin@plevinturner.com

Miranda H. Turner (admitted *pro hac vice*)
Jordan A. Hess (admitted *pro hac vice*)
PLEVIN & TURNER LLP
1701 Pennsylvania Avenue, N.W., 2d Floor
Washington, D.C. 20006
(202) 580-6640
mturner@plevinturner.com,
jhess@plevinturner.com

*Attorneys for Continental Casualty Company*