Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Thomas R. Phinney, State Bar No. 159435
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
  WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Telephone:     (916) 329-7400
Facsimile:     (916) 329-7435
Email:         ppascuzzi@ffwplaw.com
               jrios@ffwplaw.com
               tphinney@ffwplaw.com
               mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:         okatz@sheppardmullin.com
               amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of
San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>      Debtor and<br>      Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>Date:     October 23, 2025<br>Time:    1:30 p.m.<br>Location: via Zoom<br>Judge:   Hon. Dennis Montali |

**DEBTOR'S RESERVATION OF RIGHTS IN RESPONSE TO MOTION FOR AN ORDER TO ENLARGE THE CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM**

1

Case: 23-30564    Doc# 1391    Filed: 10/09/25    Entered: 10/09/25 14:09:52    Page 1 of 7

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession herein (the "Debtor"), hereby files this reservation of rights in response to the *Motion For An Order To Enlarge The Claims Bar Date To Allow Filing of Late Proof of Claim* [ECF No. 1326] (the "Motion"), filed by LL John Doe JRO ("Claimant") who is represented by the law firm of Liakos Law, APC.

The Motion was filed on or about September 5, 2025, by counsel to the Claimant. Counsel for the Debtor reviewed the Motion to understand the facts supporting the Claimant's request to allow his late filed proof of claim ("Claim"). The Debtor provides this response to include authorities that have addressed the "excusable neglect" standards, including recent decisions in diocesan and other pertinent cases, but is not taking a position as to whether the Claimant has made a sufficient showing in this case.

## I. SUMMARY OF ALLEGED UNDERLYING CLAIM

The Motion states that the Claimant is represented by Liakos Law, APC. Claimant's counsel filed a Master Complaint for Damages (the "Complaint") on November 29, 2022. The exhibits filed in support of the Motion demonstrate that the Roman Catholic Bishop of Oakland refused to accept service of the summons and the Complaint on the grounds of the automatic stay; notably, approximately six (6) months had passed between the filing of the Complaint, and the attempted service, reflecting a lack of diligence by Claimant's counsel in pursuing timely service of the Complaint. The Motion states that the Claimant erroneously sued the "Diocese of Oakland." As a result, it is alleged that Claimant's counsel did not file a proof of claim for the Claimant in this case. On August 20, 2025, Claimant's counsel was informed by the committee counsel in the *In re The Roman Catholic Bishop of Oakland* case, that the Diocese of Oakland was not the correct defendant. The Motion was filed approximately two weeks later, on September 5, 2025.

## II. EXTENSIVE PUBLICATION OF FEBRUARY 20, 2024, CLAIMS BAR DATE

On November 21, 2023, the court entered its Order: (1) Fixing Time for Filing Proofs of Claim; (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice [ECF No. 337] ("Bar Date Order"). The Bar Date Order set February 20, 2024, as the deadline to file proofs of claim (the "Bar Date"). The Bar Date Order

approved an extensive notice and publication process in order to assure adequate notice to known and unknown claimants, including extensive mailings, online noticing and numerous local and national newspapers.

As described in the Statement of Compliance with Noticing Provisions of Bar Date Order [ECF No. 587] ("Statement of Compliance"), the Debtor has fully complied with Form and Manner of Notice provisions of the Bar Date Order. In addition, as described in the Statement of Compliance, the Debtor also has undertaken additional noticing measures, including substantial publication in newspapers of general circulation in national and local markets, a press release of the bankruptcy filing to over 9000 news organizations, and social media postings. See Declaration of Peter Marlow at ECF No. 587-1. Thus, unknown creditors received notice of the Bar Date through an extensive notice and publication program approved by this Court.

Constructive notice can be satisfied through publication notice since "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490 (1988). Notice of the Bar Date was proper and sufficient, including unknown claimants. Movant does not dispute that Notice was adequate.

Since the Bar Date Order, the Committee, counsel for hundreds of sexual abuse claimants, the Debtor, and the Debtor's insurers have engaged in mediation. That mediation is predicated on the claims filed against the Debtor and the insurance analysis related to the filed claims. The Debtor has shared a settlement proposal term sheet with the mediators, and it is based on several factors, one of which is tied to the number of claimants. Offers have been exchanged between the Debtor and Committee based on the term sheet. The added challenge of a moving target is prejudicial to the Debtor and harmful to the overall case trajectory.

///

///

///

## III. EXCUSABLE NEGLECT STANDARD

Bankruptcy Rule 9006(b)(1) provides that "…the court may—at any time and for cause—extend the time to act if…on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect." Fed. R. Bankr. P. 9006.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court provided that the "excusable neglect" standard for Rule 9006(b)(1) governs late filings of proofs of claim in chapter 11 cases. *Id.* at 389. The determination of what sorts of neglect will be considered "excusable", "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Under *Pioneer*, in considering whether the moving party has shown excusable neglect, the court considers: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

The factors are not exclusive, but rather, "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). The Ninth Circuit has recognized that the correct approach under *Pioneer* is to avoid any per se rule. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (*en banc*). The Ninth Circuit "leave[s] the weighing of *Pioneer's* equitable factors to the discretion of the…court in every case." *Id.*

The Supreme Court in *Pioneer* found that "in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Pioneer*, 507 U.S. at 397. The Court reasoned that "respondents [must] be held accountable for the acts and omissions of their chosen counsel." *Id.* at 397. The Supreme Court, recounted its prior holding in *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S Ct. 1386, 8 L. Ed. 2d 734 (1962)) stating, "[i]n other contexts, we have held that clients must be held accountable for the acts and omissions of their attorneys" and, noted that the Supreme Court in *Link v. Wabash R. Co.* wrote:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

*Pioneer*, 507 U.S. at 397 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34, 82 S Ct. 1386, 8 L. Ed. 2d 734 (1962)).

In *In re The Roman Catholic Diocese of Rockville*, No. 20-12345 (Bankr. S.D.N.Y. July 12, 2023) [ECF No. 2293], the court addressed a similar motion for claims filed over a year after the bar date, looking in particular at the reason for the delay relating to the discovery of claims and the promptness in taking action thereafter. The court found that the reason for delay was fully within the control of the claimants, and "while the offered reason for delay is a sympathetic one, the equities do not weigh in favor of permitting the late-filed claims to proceed." *Id*. at *23. Although the Second Circuit gives the most weight to the third factor under *Pioneer*, the Ninth Circuit leaves the weighing of *Pioneer's* factors to the discretion of the court. *See Alexander v. Saul*, 5 F.4th 139, 149 and n. 5 (2nd Cir. 2021) (stating that, "[a]ffording dispositive weight to [the third] factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor" (collecting cases)); *see also Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (stating that, "we leave the weighing of *Pioneer's* equitable factors to the discretion of the…court in every case").

In *Pincay v. Andrews*, the Ninth Circuit declined to second guess the lower court's findings stating, in pertinent part:

> We recognize that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered; yet the nature of the contextual analysis and the balancing of the factors adopted in Pioneer counsel against the creation of any rigid rule. Rather, the decision whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court because the district court is in a better position than we are to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers (in this litigation over its 15-year history), and the likelihood of injustice if the appeal was not allowed. Had the district court declined to permit

> the filing of the notice, we would be hard pressed to find any rationale requiring us to reverse.

*Pincay v. Andrews*, 389 F.3d at 859.

## IV. RESERVATION OF RIGHTS

If the Court grants the Motion, the Debtor reserves all rights with respect to the Claim and requests inclusion of language specifying the same in the order granting the Motion. The Debtor requests that the following language be included in any order to: (a) reserve all parties' rights to raise and pursue any and all applicable objections and defenses to the Claim, including without limitation any time-bar or statute of limitations defenses (other than timeliness of filing a proof of claim), and; (b) reserve all parties' rights with respect to *other* claims not filed prior to the February 20, 2024, Bar Date, for which a corresponding motion to allow late-filed claim(s) has not yet been filed or pursuant to any other pending motions:

> Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to the Claim, and to the alleged claim of Claimant, on any grounds, except for the timeliness of the filing of the Claim, pursuant to Federal Rule of Bankruptcy Procedure 3007 or any other applicable law, or any procedure approved by the Bankruptcy Court with respect to the same. All parties' rights and defenses with respect to any objection to Claim are expressly reserved, including without limitation any time-bar or statute of limitations defenses (other than timeliness of the filing of the Claim). Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to *other* claims not filed prior to the February 20, 2024, Bar Date, for which a corresponding motion to allow late-filed claim(s) is pending or has not yet been filed, on any grounds.
>
> All parties' rights and defenses with respect to *other* claims not timely filed by the February 20, 2024, Bar Date are expressly reserved, including without limitation any time-bar or statute of limitations defenses (including the timeliness of the filing of the *other* claims).

///
///
///
///
///

If the Court grants the Motion, the Debtor requests that the Court set a specific date by which the Claim must be properly filed, with such date being approximately 30 days after the entry of an order on the Motion.

Dated: October 9, 2025  FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Paul J. Pascuzzi*
Paul J. Pascuzzi
Jason E. Rios
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: October 9, 2025  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
Ori Katz
Alan H. Martin
Attorneys for The Roman Catholic Archbishop of San Francisco