TIMOTHY W. BURNS (admitted *pro hac vice*)
Wisconsin Bar #1068086
JESSE J. BAIR (admitted *pro hac vice*)
Wisconsin Bar #1083779
**BURNS BAIR LLP**
10 E. Doty Street, Suite 600
Madison, Wisconsin 53703-3392
Telephone: (608) 286-2302
Email: tburns@burnsbair.com
         jbair@burnsbair.com

*Special Insurance Counsel to The Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DECLARATION OF JESSE J. BAIR IN SUPPORT OF SIXTH INTERIM FEE APPLICATION OF BURNS BAIR LLP AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JUNE 1, 2025 THROUGH SEPTEMBER 30, 2025**<br><br>Judge: Hon. Dennis Montali<br>Date: December 4, 2025<br>Time: 1:30 p.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>Objection Deadline: November 13, 2025 |

I, Jesse J. Bair, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of Wisconsin. I am a partner of the law firm Burns Bair LLP, special insurance counsel for the Committee, and am authorized to make this Declaration in that capacity. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

2. I make this Declaration in support of the *Sixth Interim Fee Application of Burns Bair LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of June 1, 2025 through September 30, 2025* (the "**Interim Application**").[1] I am an attorney designated by the Applicant to sign the Interim Application on its behalf.

3. Pursuant to the Northern District Guidelines, I declare that:

    a. I have read the Interim Application.

    b. To the best of my knowledge, information and belief formed after reasonable inquiry, the compensation and expense reimbursement sought in the Interim Application are in conformity with the Northern District Guidelines except as otherwise indicated in the Interim Application.

    c. The compensation requested in the Interim Application has been billed at rates and in accordance with practices no less favorable than those currently employed by the Applicant and generally accepted by the Applicant's clients.

4. There is no agreement or understanding between Burns Bair and any other person other than the partners of Burns Bair for the sharing of compensation to be received for services rendered in this case.

5. As required by the Northern District Guidelines, Burns Bair has sent monthly billing statements to the Debtor during this Chapter 11 Case. I declare that the Debtor and the U.S. Trustee are each being provided with a copy of the Interim Application in accordance with the Interim Compensation Order.

6. Burns Bair responds to the questions identified in the U.S. Trustee Guidelines as follows:

    (a) **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

    **Answer:** No.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Interim Application.

Case: 23-30564　Doc# 1442　Filed: 10/23/25　Entered: 10/23/25 11:12:41　Page 2 of 6

(b) **Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer:** N/A.

(c) **Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer:** No.

(d) **Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer:** No. Any time worked on these tasks would have been in connection with preparing monthly fee statements.

(e) **Question:** Does the fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer:** No.

(f) **Question:** If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer:** N/A

7. Attached hereto as **Exhibit A** is a true and correct copy of a letter transmitting the Interim Application that was emailed to the group of four Committee members whom the Committee has charged with handling fee issues in this Case. The letter invites the Committee to discuss with the Committee professionals and the United States Trustee any objections, concerns, or questions the Committee may have with regard to the requested compensation and reimbursement set forth in the Committee professionals' interim fee applications.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of October 2025 in Madison, Wisconsin.

/s/ Jesse J. Bair
Jesse J. Bair

# EXHIBIT A

Case: 23-30564    Doc# 1442    Filed: 10/23/25    Entered: 10/23/25 11:12:41    Page 4 of 6



**LOS ANGELES**
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

**NEW YORK**
780 THIRD AVENUE, 34TH FL.
NEW YORK, NEW YORK 10017-2024
212.561.7700

**WILMINGTON**
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

**HOUSTON**
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

**SAN FRANCISCO**
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

Gillian N. Brown

October 23, 2025

310..277.6910
gbrown@pszjlaw.com

**Via Email**
Mr. Jerold M. Dumlao
Ms. Madeline McFeely
Ms. Sophia M. Prevatte
Mr. Manuel Suarez

      Re:   In re The Roman Catholic Archdiocese of San Francisco: *Sixth Interim Fee Applications of the Committee's Professionals*

Dear Jerry, Madeline, Sophia, and Manny:

      Attached please find the sixth interim fee applications (the "Applications") that the Committee's professionals (Burns Bair, LLP; Berkeley Research Group, LLC; and Pachulski Stang Ziehl & Jones LLP) filed today. The Bankruptcy Court's *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* provide that a debtor in possession, a trustee, or an official committee must exercise reasonable business judgment in monitoring the fees and expenses of the bankruptcy estate's professionals. I am providing these Applications to you as the Committee members who attend to fee issues in the Archdiocese of San Francisco's bankruptcy case.

      You have previously received copies of the bills underlying these Applications. We invite you to discuss with us any objections, concerns, or questions you have regarding these Applications. The Office of the United States Trustee similarly will accept your comments. At the hearing on these Applications, currently set for December 4, 2025, the Bankruptcy Court will consider any timely-filed objections.



      Once we receive the Debtor's professionals' interim fee applications, we will forward those to you, as well.

Very truly yours,

*/s/ Gillian N. Brown*

Gillian N. Brown

Enclosures

cc: James I. Stang, Esq. (i/o)
    Brittany M. Michael, Esq. (i/o)
    Ms. Beth D. Dassa (i/o)
    Timothy Burns, Esq.
    Jesse Bair, Esq.
    Mr. Ray Strong
    Mr. Matthew Babcock
    Ms. Katie McDowell