PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang (CA Bar No. 94435)
Brittany M. Michael (*Pro Hac Vice*)
Gail S. Greenwood (CA Bar No. 169939)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA  94104-4436
Tel: (415) 263-7000; Fax: (415) 263-7010
Email:    jstang@pszjlaw.com
          bmichael@pszjlaw.com
          ggreenwood@pszjlaw.com

*Attorneys for the Official Committee*
*of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC<br>ARCHBISHOP OF SAN FRANCISCO,<br><br>　　　　Debtor and<br>　　　　Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF ROGER KRAMER AS ABUSE CLAIMS REVIEWER**<br><br>[No Hearing Required]<br><br>Judge: Hon. Dennis Montali |

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Archbishop of San Francisco (the "Archdiocese" or "Debtor"), through its undersigned counsel, submits its application (the "Application") for entry of an order authorizing and approving the employment of Roger Kramer as the Abuse Claims Reviewer (defined below) in connection with a plan to be filed by the Debtor and the Committee.  To support its Application, the Committee relies of the Declaration of Roger Kramer (the "Kramer Declaration") attached as **Exhibit A** hereto and respectfully states as follows:

4923-7395-9348.2 05068.002

## JURISDICTION

1. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested are sections 328, 504, 1102, and 1103 of chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule ("LBR") for the Southern District of New York 2014-1.

## BACKGROUND

3. On August 21, 2023 (the "Petition Date"), the Archdiocese filed a voluntary petition under chapter 11 of the Bankruptcy Code.

4. Since the commencement of the case, the Archdiocese has been in possession of its properties and has operated and managed its businesses as Debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee appointed the Committee, which consists of nine individuals who were minors when they were sexually abused by perpetrators for whom the Archdiocese was responsible.

5. The principal purpose of this bankruptcy case is to address the Archdiocese's liabilities for sexual abuse ("Abuse Claims")[1] perpetrated by priests of the Archdiocese and others for whom the Archdiocese is responsible.

6. On November 21, 2023, the Court entered an *Order: (1) Fixing Time for Filing Proofs of Claim: (2) Approving Proof of Claim Forms; (3) Providing Confidential Protocols; and (4) Approving Form and Manner of Notice* [Docket No. 337] (the "Bar Date Order"), which established February 20, 2024 (the "Abuse Claims Bar Date") as the deadline for abuse claimants to submit proofs of claim.

---

[1] Capitalized terms not otherwise defined in this motion shall have the meaning ascribed to them in the Archdiocese's plan of reorganization.

Case: 23-30564    Doc# 1756    Filed: 06/18/26    Entered: 06/18/26 15:55:00    Page 2 of
7

4923-7395-9348.2 05068.002

7. The Committee, the Debtor, its insurers, and various parties associated with the Debtor have engaged in extensive mediation negotiations with the goal of being to reach a global resolution regarding compensation for claimants who were sexually abused by priests or others for whom the Debtor was responsible.

8. To plan for the eventual outcome of the Committee and Debtor being able to file a joint plan of reorganization and, similar to the plans filed in all previous diocese bankruptcies, that such plan will channel all sexual abuse claims against the Archdiocese to a settlement trust (the "Trust").

9. In order to facilitate the expeditious distribution of funds to survivors who have waited years, if not decades, for resolution, the Committee is seeking to engage the Abuse Claims Reviewer to begin his work.

10. The Abuse Claims Reviewer will evaluate each abuse claim based on the criteria developed by the Committee that will be distributed to all abuse claimants. He will make no determination regarding the terms of any eventual plan or the funds available to collectively pay the holder of an abuse claim. He will be an independent evaluator who will review each abuse claim on the facts presented as provided for in the Committee's criteria. Such independent review is necessary and appropriate to assure that funds available to holders of Abuse Claims are allocated fairly. The Committee has selected Roger Kramer as the Abuse Claims Reviewer on the terms of this Application.

11. The Abuse Claims Reviewer will review information regarding about 540 Abuse Claims. As part of the claims review process, Survivors will be provided notice of the opportunity to supplement their proofs of claim and to submit additional information by written statement. To effectuate a distribution of funds as soon as possible, the Abuse Claims Reviewer should begin the evaluation process immediately. The Abuse Claims Reviewer should also be allowed to send out notices of the commencement of any notice periods regarding supplementary information.

12. Certain survivors have been litigating their claims for years and all have carried the burden of its abuse for decades. Some survivors are ill and/or elderly. Thus, any further delay in

4923-7395-9348.2 05068.002                                                3

allocation of an eventual settlement and compensation of survivors – and the continuing material and emotional hardship on survivors and its families – should be avoided.

13.     Because of the pressing needs of survivors and the time they have been waiting for resolution of this case, the Committee believes that the Abuse Claims Reviewer should begin his services now.  The Committee seeks to employ Roger Kramer so he can begin his work and enable the Trust to make prompt distributions if and when joint plan is proposed and confirmed. Roger Kramer will make no final determinations of a claim until after a plan is confirmed.  There is precedent from other bankruptcy cases of religious entities to begin the claims review process before confirmation to ease the burden on sexual abuse survivors.  In the chapter 11 cases of the Catholic Bishop of Northern Alaska, the Society of Jesus Oregon Province, the Diocese of Davenport (Iowa), The Catholic Diocese of Wilmington, Inc., The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc., the Roman Catholic Bishop of Helena, Montana, the Roman Catholic Church of the Diocese of Gallup, the Archdiocese of Santa Fe, and the Diocese of Rockville Centre,  the bankruptcy courts authorized the employment of an abuse claims reviewer at a similar stage in the proceedings.

## RELIEF REQUESTED AND BASIS FOR RELIEF

14.     By this Application, the Committee seeks entry of an order (i) authorizing and approving the retention of Roger Kramer as the Abuse Claims Reviewer on the terms in this Application and at the expense of the estate,[2] (ii) authorizing the Committee to assist Roger Kramer in the performance of his duties, including but not limited to the issuance of notices to holders of Abuse Claims of the commencement of notice periods for submitting supplemental information and  (iii) confirming Roger Kramer as an Authorized Party under the Bar Date Order. The Committee understands that the Debtor consents to the relief requested.

---

[2] The cost will be deducted from any Archdiocese's payment to an eventual settlement trust.

4923-7395-9348.2 05068.002

4

**A. Roger Kramer's Retention**

**Roger Kramer's Services**

15. Roger Kramer's professional services will include, but shall not be limited to, reviewing and assessing Abuse Claims. Any information submitted by survivors to Roger Kramer shall be subject to a mediation privilege and the Bar Date Order, and production of any information by an abuse claimant (or his/her counsel) to Roger Kramer shall not be a waiver of any attorney-client privilege or attorney-work product doctrine, or any similar privilege or doctrine.

**Roger Kramer's Expertise**

16. The Committee and counsel to many survivors are familiar with Roger Kramer's professional standing and reputation. Roger Kramer is well-qualified as a mediator, and is a highly respected lawyer. He has served as an abuse claims reviewer under the confirmed chapter 11 plans of the Archdiocese of St. Paul and Minneapolis, the Crosiers religious order, and the Dioceses of Duluth, New Ulm, St. Cloud, Winona, Guam, Harrisburg, Syracuse, and Rochester. Roger Kramer has also served or is serving as a mediator in other diocese bankruptcies, and therefore has familiarity with abuse in the context of the Catholic Church.

**Roger Kramer's Disinterestedness**

17. Insofar as the Committee has ascertained, Roger Kramer represents no interest adverse to the Debtor, its estate, or its creditors, in the matters on which Roger Kramer is to be engaged. Roger Kramer is a "disinterested person," as the Committee understands this term to be defined, within the meaning of section 101(14), as modified by section 1103(b), of the Bankruptcy Code.

18. To the best of the Committee's knowledge and as stated in the Kramer Declaration, Roger Kramer has no prior connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys or accountants in the matters he is to be engaged that would disqualify him from acting as the Abuse Claims Reviewer. Committee counsel was also committee counsel in other chapter 11 cases where Roger Kramer acted either as the mediator or abuse claims

reviewer.  Certain counsel for survivors also represent or represented survivors where Roger Kramer acted or is acting either as the mediator or abuse claims reviewer.

19.    Roger Kramer has agreed to act as the Abuse Claims Reviewer as described in this Application and in accordance with the terms of any eventually plan

### Roger Kramer's Compensation

20.    Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to Roger Kramer:

Roger Kramer: $650.00 per hour; paralegal support: $200.00 per hour.

21.    Roger Kramer charges for all expenses connected with his review of the Abuse Claims.  Roger Kramer will bill for these expenses in a manner and at rates consistent with those charged to other clients, and the rules and requirements of this Court.

22.    Prior to the effective date of any eventual plan, Roger Kramer's compensation will be paid from the estate and the Committee has agreed that the Archdiocese will deduct such amounts paid to Roger Kramer from its payments to be paid to an eventual settlement trust.

**B.**    **Authorization of Claim Review Prior to Confirmation**

23.    The Committee expects that Roger Kramer will begin his claims review prior to confirmation of an eventual plan.  Under the Bar Date Order, upon approval of his employment, Roger Kramer will be an Authorized Party entitled to review the confidential sexual abuse proofs of claim under the protections of the confidentiality protocols set forth.

### NOTICE

24.    Notice of this Application has been given to (i) the Debtor; (ii) the U.S. Trustee; (iii) counsel to all known holders of Abuse Claims; and (iv) those parties ask for notice under Bankruptcy Rule 2002.  The Committee argues that for the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

25.    The Committee has not applied to this Court to employ Roger Kramer as the Abuse Claims Reviewer.

WHEREFORE, the Committee requests entry of an Order substantially in the form

attached as **Exhibit B**, allowing the employment and retention of Roger Kramer as the Abuse Claims Reviewer, authorizing Roger Kramer to perform his duties, including issuance of notices for supplementary and other information, confirming Roger Kramer as an Authorized Party under the Bar Date Order, and granting such other and further relief as is just and proper.

Dated: June 16, 2026

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Brittany M. Michael
James I. Stang
Brittany M. Michael (admitted *pro hac vice*)
Gail S. Greenwood
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
jstang@pszjlaw.com
bmichael@pszjlaw.com
ggreenwood@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

4923-7395-9348.2 05068.002