Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporation
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
amartin@sheppardmullin.com

Attorneys for
the Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY POLSINELLI PC AS LITIGATION COUNSEL TO THE DEBTOR FOR RELEASED STATE COURT ACTIONS**<br><br>[*No Hearing Required*] |

The Roman Catholic Archbishop of San Francisco ("RCASF" or "Debtor"), the debtor and debtor in possession, in the above-captioned chapter 11 case (the "Bankruptcy Case" or "Main Case") hereby submits this application (the "Application") for entry of an order (the "Order") pursuant to sections 105(a), 327(a), and 328(a) of title 11 of the United States Code, 11 U.S.C. §§


Case: 23-30564 Doc# 1878 Filed: 08/14/26 Entered: 08/14/26 13:05:22 Page 1 of 12

101, *et seq.* (the "Bankruptcy Code") [1] and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "Local Guidelines"), and the Guidelines of the Office of the United States Trustee ("UST Guidelines") authorizing the retention and employment of Polsinelli PC ("Polsinelli" or "Lead Defense Counsel") as litigation counsel to the Debtor, in connection with the state court trials of the Released State Court Actions (defined below), effective as of July 17, 2026. In support of this Application, the RCASF respectfully represents the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2). This Application is made pursuant to sections 105(a), 327(a), and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, the Local Guidelines, and the UST Guidelines.

2. This Application is supported by the *Declaration of Paul E. Gaspari in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF. No. 15] (the "Gaspari Background Decl."), the *Declaration of Joseph J. Passarello in Support of Chapter 11 Petition and Debtor's Emergency Motions* [ECF No. 14] (the "Passarello Decl."), the *Declaration of Paula F. Carney* submitted herewith (the "Carney Decl."), and the Declaration of *Daniel W. Bir*, submitted herewith (the "Bir Declaration"). The Passarello Decl. and the Gaspari Background Decl. are incorporated herein by reference.

///

///

[1] The RCASF does not, by filing its petition for relief and other documents in this bankruptcy case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon law, the First Amendment of the United States Constitution, the Constitution for the State of California, California's law on corporations sole (California Corporations Code §§ 10000-10015), the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, California trust law, and the rights to object to disclosure of information and to contend that certain assets are not property of the estate.

## I. BACKGROUND

3. On August 21, 2023 ("Petition Date"), the Debtor filed its voluntary petition (the "Petition") under chapter 11 of the Bankruptcy Code in this Court. [ECF No. 1].

4. The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code.

5. On September 1, 2023, the United States Trustee for Region 17 appointed the Official Committee of Unsecured Creditors (the "Committee") in this Bankruptcy Case pursuant to section 1102 of the Bankruptcy Code [ECF No. 58].

6. A description of the Debtor's business and events leading to this Chapter 11 Case is set forth in the Passarello Decl. and the Gaspari Background Decl. and are fully incorporated herein by reference.

### A. The Stay Extension Adversary Proceeding Resolution.

7. During the AB 218 revival window, approximately 541 Survivors filed civil actions against the Debtor, virtually all of which have been consolidated (along with other Northern California clergy cases naming other defendants) into a coordinated proceeding entitled *In re Northern California Clergy Cases*, JCCP No. 5108 (the "Coordinated Proceeding") in the Superior Court of California, County of Alameda (the "State Court"). [ECF No. 21, 25, Adversary Case].

8. Thirty-nine of those actions include as named defendants at least one of the non-Debtor affiliates listed on Exhibit A of the Stipulation (defined below). These actions are identified in Amended Exhibit B to the Stipulation (defined below) (collectively, the "Affiliate State Court Actions"). [*See* ECF Nos. 21, 22, 24, and 25, Adversary Case].

9. On April 28, 2025, the Debtor initiated Adversary Proceeding No. 25-03019 (the "Adversary Proceeding" or "Adversary Case") by filing a complaint for declaratory and injunctive relief that would prevent all of the Affiliate State Court Actions from proceeding for the duration of the Debtor's Bankruptcy Case. [See ECF No. 1 and 25, Adversary Case].

10. On May 29, 2025, the Debtor and the Committee stipulated that the Committee is permitted to appear, be heard, and intervene, which was approved by Court [ECF Nos. 7, 11, Adversary Case].

11. On May 29, 2025, the Debtor filed a *Motion for Order Extending Stay to All State Court Cases in Which Debtor and/or Non-Debtor Affiliates are Named as Defendants Under Bankruptcy Code Sections 105(a) and 362* along with supporting declarations and exhibits [ECF Nos. 8, 9, 10, 12, Adversary Case] (the "Injunction Motion"), seeking both a declaration that the automatic stay extends to all Affiliate State Court Actions and, in the alternative, an injunction that would prevent all Affiliate State Court Actions from proceeding for the duration of the Debtor's Bankruptcy Case.

12. On June 12, 2025, the Committee filed an Opposition and supporting documents to the Injunction Motion. [ECF No. 13-15, Adversary Case]. On June 13, 2025, the Debtor and the Committee stipulated to a voluntary stay of the Affiliate State Court Actions naming the High Schools as defendants, which was approved by the Court. [ECF No. 17, 19, Adversary Case]. On June 19, 2025, the Debtor filed a Reply to the Injunction Motion. [ECF No. 18, Adversary Case].

13. The Debtor, Committee, each of the defendants in the Adversary Proceeding (the "Survivor Defendants"), and the plaintiffs in the Released State Court Actions (defined below) (the "Plaintiffs") (collectively the Debtor, the Committee, the Survivor Defendants, and the Plaintiffs are the "Parties"), entered into the *Stipulation By and Among The Roman Catholic Archbishop of San Francisco, The Official Committee of Unsecured Creditors, and the Survivor Defendants* (the "Stipulation"). [ECF No. 21, 22, 24, and 25, Adversary Case].

14. On August 7, 2025, the Debtor filed *Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay* [ECF No. 1285] (the "Motion"), which was opposed by Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America) ("Century"), Pacific Indemnity Company ("Pacific"), Westchester Fire Insurance Company (as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964) ("Westchester"), Westport Insurance Corporation, formerly known as Employers Reinsurance Corporation ("Westport"), Certain Underwriters at Lloyd's London and Certain London Market Insurance Companies ("LMI"), Continental Casualty Company ("Continental"), First State Insurance Company and New England Reinsurance Corporation ("First State"), St. Paul Fire and Marine Insurance Company ("St. Paul"), Travelers


Case: 23-30564 Doc# 1878 Filed: 08/14/26 Entered: 08/14/26 13:05:22 Page 4 of 12

Casualty and Surety Company ("Travelers") [ECF No. 1302], Chicago Insurance Company and Fireman's Fund Insurance Company (collectively, "Chicago"), and Appalachian Insurance Company ("Appalachian", collectively, Century, Pacific, Westchester, Westport, LMI, Continental, First State, St. Paul, Travelers, Chicago, and Appalachian are the "Insurers") [ECF No. 1303].

15. On September 17, 2025, the Court granted the Motion. [ECF No. 1346]. LMI, Century, Pacific, Westchester, St. Paul, Travelers, Continental, Chicago, Westport, and Appalachian appealed this Court's ruling granting the Motion. The District Court affirmed this Court's ruling. [ECF No. 1770, Main Case]. Appalachian, Westchester, Pacific, Century, and LMI recently filed notices of appeal to the Ninth Circuit Court of Appeals, challenging the District Court's order.

16. On September 17, 2025, a *Stipulated Order Granting Preliminary Injunction and Granting Relief from Stay* [ECF No. 27] (the "Order") was entered in the Adversary Proceeding. [ECF No. 27, Adversary Case].

17. Exhibit C to the Stipulation identified five (5) state court actions (the "Released State Court Actions") to be released from the Stipulated Stay Injunction (as defined in the Stipulation). The Released State Court Actions are identified in Exhibit C to the Stipulation as follows:

a. *John SF-26 Doe, an individual, v. Doe Archdiocese, et al., Alameda County Superior Court Case No. 22CV023657;*

b. *Jane Doe SF 1053, an individual, v. DOE 1, a Corporation Sole, et al., Alameda County Superior Court Case No. RG21107972;*

c. *John Doe W.C.D., an individual, v. DOE 1 Archdiocese, a corporation sole, et al., Alameda County Superior Court Case No. 22CV013926;*

d. *Jane Doe SF 1260, an individual, v. DOE 1, a corporation sole., et al., Alameda County Superior Court Case No. 22CV020842; and*

e. *John MW Roe SF, individually, v. Defendant Doe 1, Archdiocese, et al., Alameda County Superior Court Case No. 22CV018182.*


Case: 23-30564 Doc# 1878 Filed: 08/14/26 Entered: 08/14/26 13:05:22 Page 5 of 12

**B. Agreement Regarding Defense of Released State Court Actions.**

18. The Debtor met and conferred with its insurers including certain of the Insurers that objected to approval of the Stipulation regarding appointment of defense counsel for the Released State Court Actions. As a result of those discussions, the parties entered into a confidential Defense Agreement, under which Jennifer Cormier of MG+M would serve as lead defense counsel in the Released State Court Actions, and Weintraub would serve as Associate Defense Counsel.

19. Pursuant to the terms of the Defense Agreement, Weintraub as Associate Defense Counsel may participate in all facets of the defense of the RCASF in the Released State Court Actions. Century, Pacific, St. Paul, and Travelers (collectively, the "Certain Insurers") shall pay Associate Defense Counsel directly or reimburse the RCASF only for reasonable legal fees and expenses incurred by Associate Defense Counsel in defense of the Released State Court Actions for "Associate Tasks." Associate Tasks is defined as all tasks performed at the request of or with the approval of Lead Defense Counsel including, but not necessarily limited to: consulting with, reviewing, and assisting Lead Defense Counsel upon request of Lead Defense Counsel with discovery and law and motion practice; attending and participating in depositions and at all or part of any trial upon request of Lead Defense Counsel; and all other tasks performed by Associate Defense Counsel at the request of or with the approval of Lead Defense Counsel.[2]

20. On January 12, 2026, the Bankruptcy Court entered an *Order Granting Supplemental Application for The Continued Employment And Retention of Weintraub As Special Corporate & Litigation Counsel to The Debtor Under Section 327(e)* [ECF No. 1556], which authorized and approved the supplemental and continued employment and retention of Weintraub as the Debtor's special corporate and litigation counsel, to perform, among other services, the Associate Tasks.

21. After several months it was determined that MG+M did not accept the engagement as lead defense counsel that was set forth in the Defense Agreement. Following MG+M's decision

[2] Associate Defense Counsel shall not be prevented or precluded from participating in or associating with any aspect of the Released State Court Actions. However, all tasks performed by Associate Defense Counsel other than Associate Tasks in the Released State Court Actions shall be at the RCASF's expense. Any unreimbursed fees and expenses of Associate Defense Counsel shall be paid by the RCASF subject to the fee application process.


Case: 23-30564 Doc# 1878 Filed: 08/14/26 Entered: 08/14/26 13:05:22 Page 6 of 12

not to accept the engagement, the Debtor again met and conferred with the Certain Insurers, and the parties entered into a First Amendment to the Defense Agreement, which, among other things, removed the reference to Jennifer Cormier of MG+M and designated Daniel Bir of Polsinelli as lead trial counsel, in her place.

22. As Lead Defense Counsel, Mr. Bir will serve as lead trial counsel to defend the RCASF and any co-insured co-defendants in the Released State Court Actions. Lead Defense Counsel will have the ultimate responsibility for strategy in the defense of the RCASF in the Released State Court Actions. Lead Defense Counsel will be compensated directly by the Certain Insurers for all reasonable and necessary legal fees and expenses incurred in the defense of the Released State Court Actions.

23. By this Application, it is proposed that Polsinelli be employed to render, the following services with respect to the Released State Court Actions (collectively, the "Services"): all services relating to defending the RCASF and any co-insured co-defendants in the Released State Court Actions. This includes, but is not limited to, responding to the complaints in the Released State Court Actions, through and including, taking the cases to trial.

## II. RELIEF REQUESTED

24. By this Application, the Debtor respectfully requests entry of the Order: (a) authorizing the Debtor to employ and retain Polsinelli as litigation counsel to the Debtor in connection with the state court trials of the Released State Court Actions, to be paid for by the insurers, as of July 17, 2026, pursuant to sections 105(a), 327(a), and 328(a) of the Bankruptcy Code and pursuant to Bankruptcy Rules 2014(a), 2016, and 5002; (b) approving the terms of Polsinelli's employment, including the fee and expense structure pursuant to section 328(a) of the Bankruptcy Code, as further discussed herein; and (c) granting the Debtor such other and further relief as the Court deems just and proper.

## III. BASIS FOR RELIEF REQUESTED

25. Bankruptcy Code section 327(a) provides that a debtor, subject to Court approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

persons, to represent or assist the debtor in carrying out the debtor's duties under this title. *See* 11 U.S.C. § 327; *see generally also* 11 U.S.C. § 328. Furthermore, Bankruptcy Rule 2014(a) provides that an order approving the employment of an attorney, accountant, appraiser, auctioneer, agent, or other professional under § 327 of the Code shall be made only on application of the trustee or committee. *See* Fed. R. Bankr. P. 2014. Bankruptcy Rule 2014 requires that an application for the retention of a professional include specific facts showing the necessity for employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. *Id.*

**A. Necessity of Polsinelli's Employment, Services to be Rendered, and Reasons for Selection**

26. The Services that Polsinelli will provide are necessary for the Debtor to be properly represented with respect to the Released State Court Actions.

27. The Debtor has selected Polsinelli because of its professionals' substantial experience and expertise in rendering the Services and pursuant to discussions with the relevant insurers with respect to the Released State Court Actions. Polsinelli's as well as Daniel Bir's qualifications and experience are further described in the Bir Declaration filed contemporaneously herewith.

28. Polsinelli will use reasonable efforts to coordinate with the Debtor and other professionals retained in this Bankruptcy Case, including, in particular, Associate Defense Counsel for the Released State Court Actions, to avoid duplication of legal tasks.

**B. Polsinelli's Disinterestedness**

29. To the best of the Debtor's knowledge, except as set forth in the Bir Declaration: (a) Polsinelli has no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by Bankruptcy Rule 2014(a), to any party in interest in this Chapter 11 Case, including the Debtor, its creditors, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or any

other party with an actual or potential interest in this Chapter 11 Case or their respective attorneys or accountants; (b) Polsinelli is not a creditor, equity security holder, or insider of the Debtor; (c) none of Polsinelli's professionals is, or was within two years of the Petition Date, a director, officer, or employee of the Debtor; and (d) Polsinelli neither holds nor represents an interest adverse to the Debtor, its estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. If any new material facts or relationships are discovered or arise, Polsinelli will inform the Court as required by Bankruptcy Rule 2014(a). The Debtor believes that Polsinelli is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

**C. Polsinelli's Professional Compensation**

30. The Debtor seeks approval of the following compensation structure, pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) provides, in relevant part, that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, *on any reasonable terms and conditions of employment,* including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." (*emphasis added*).

31. As noted above, Polsinelli in its role as Lead Defense Counsel in the Released State Court Actions will be compensated directly by the Certain Insurers for all reasonable and necessary legal fees and expenses incurred.[3]

32. All compensation paid to Polsinelli with respect to the Released State Court Actions shall be at or below Polsinelli's usual hourly rates for similar services in non-bankruptcy matters. Polsinelli will be compensated directly by the Certain Insurers for Polsinelli's fees and expenses. Polsinelli shall therefore file only a statement under Bankruptcy Rule 2016(b)(2) on a monthly basis.

33. The following constitutes the statement of Polsinelli required by Bankruptcy Rule 2014(a) and the U.S. Trustee's Guidelines for Employment Applications in larger Chapter 11 cases

---

[3] In connection with similar situations in other diocesan cases, counsel for the RCASF has discussed this process with counsel for the Office of the United States Trustee (the "OUST") and understands that the OUST agrees a Rule 2016(b)(2) filing is sufficient and appropriate.


Case: 23-30564 Doc# 1878 Filed: 08/14/26 Entered: 08/14/26 13:05:22 Page 9 of 12

("UST Large Case Fee Guidelines") and to answer the specific questions posed in section D.1 of the UST Large Case Fee Guidelines.

a. Neither Polsinelli nor any attorneys at Polsinelli have increased their standard billing rates for this engagement, or made any upward adjustments based upon the geographic location of the case.

b. Polsinelli did not represent the RCASF in the 12-months prepetition.

c. Given that pursuant to the Defense Agreement and First Amendment, Polsinelli will be compensated directly by the Certain Insurers for all reasonable and necessary legal fees and expenses incurred in the defense of the Released State Court Actions, there is no need to discuss a proposed estimated budget and a staffing plan for the services covered by this Application with the Debtor.

34. Polsinelli respectfully requests that the effective date of employment be July 17, 2026.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///



Case: 23-30564 Doc# 1878 Filed: 08/14/26 Entered: 08/14/26 13:05:22 Page 10 of 12

## IV. CONCLUSION

WHEREFORE, the Debtor respectfully requests this Court enter the Order, substantially in the form submitted herewith, authorizing the Debtor to employ Polsinelli as its litigation counsel in connection with the state court trials of the Released State Court Actions, pursuant to the proposed compensation structure set forth above, and granting such other and further relief as this Court deems just and proper.

Dated: August 13, 2026

THE ROMAN CATHOLIC ARCHBISHOP
OF SAN FRANCISCO

By: ______________________
Fr. Patrick Summerhays
Vicar General and Moderator of the Curia

Dated: August 13, 2026

POLSINELLI PC

By: ______________________
Daniel W. Bir
Proposed Litigation Counsel for The Roman Catholic Archbishop of San Francisco

Dated: August 13, 2026

FELDERSTEIN FITZGERALD WILLOUGHBY
PASCUZZI & RIOS LLP

By: */s/ Paul J. Pascuzzi*
Paul J. Pascuzzi
Jason E. Rios
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco

## IV. CONCLUSION

WHEREFORE, the Debtor respectfully requests this Court enter the Order, substantially in the form submitted herewith, authorizing the Debtor to employ Polsinelli as its litigation counsel in connection with the state court trials of the Released State Court Actions, pursuant to the proposed compensation structure set forth above, and granting such other and further relief as this Court deems just and proper.

Dated: August 13, 2026

THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO

By:______________________
Fr. Patrick Summerhays
Vicar General and Moderator of the Curia

Dated: August 13, 2026

POLSINELLI PC

By: ______________________
Daniel W. Bir
Proposed Litigation Counsel for The Roman Catholic Archbishop of San Francisco

Dated: August 13, 2026

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: /s/
Paul J. Pascuzzi
Jason E. Rios
Mikayla E. Kutsuris
Attorneys for The Roman Catholic Archbishop of San Francisco