**Entered on Docket**
**August 25, 2026**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: August 25, 2026**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor. | Bankruptcy Case No. 23-30564-DM<br><br>Chapter 11 |

**ORDER GRANTING MOTIONS TO ALLOW FILING OF LATE CLAIM**

On July 13 and 23, 2026, movants Cynthia Carol Bender Loyd and Thomas Bender ("Movants") respectively filed documents titled Motion for Leave to File a Late Proof of Claim and to Validate Submitted Confidential Survivor Claim Form (Dkts. 1814 and 1842) (the "Motions"). On July 30, 2026, Debtor filed a Response and Reservation of Rights responding to each Motion (Dkts. 1854 and 1855). For the reasons set forth below, the court will GRANT the Motions.

## I. <u>Discussion</u>

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr.

Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

Neither the Debtor nor the court question the Movants' good faith. The court considers the remaining *Pioneer* factors below.

Here, the delay is long— over two years and four months after the Claims Bar Date passed on February 20, 2024. This delay in seeking allowance of the late filed claim is certainly on the outer bounds of acceptability without further explanation.

The Motions are not terribly clear but appear to state that the basis for the delay is that Movants only recently discovered that abuse they had suffered had taken place while in the custody of Catholic Social Services, meaning they had only discovered they were potentially pre-petition creditors of the Debtor based on that abuse. The court will not question at this time whether finding out this information could have been undertaken much earlier but does accept the discovery that an affiliate for the Debtor was responsible for the Movants as minors when abuse took place, was recent.

The court hesitates, as prejudice to the Debtor and the impact on judicial proceedings increases with each day. A global settlement meant to resolve all abuse claims has been announced but not yet approved by the court. The upcoming plan and settlement require a strict accounting of all claimants and that calculation cannot continue to change with a stream of late claims. However, the large undertaking of claims evaluation has not yet taken place, and even if Movant's claims are deemed timely, they may yet be evaluated and challenged for substantive reasons. Accordingly, the risk of prejudice to the Debtor, for now, falls in favor of the Movants.

## II. <u>Conclusion</u>

For the reasons stated above, the court hereby GRANTS the Motions. **Within 30 days of entry of this Order**, Movants, if they have not done so already, shall each file a Proof of Claim and Confidential Survivor Supplement with claims and noticing agent for the Debtor, Omni Agent Solutions Inc., pursuant to the instructions on those aforementioned documents.

The court FURTHER ORDERS that:

1) Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to the claim of Movant on any grounds except for the timeliness of the filing of Movant's claim, pursuant to Federal Rule of Bankruptcy Procedure 3007 or any other applicable law, or any procedure approved by the Bankruptcy Court with respect to the same. All parties' rights and defenses with respect to any objection to Movant's claim are expressly reserved,

including without limitation any time-bar or statute of limitations defenses (other than timeliness of the filing of Movant's Claim).

2) Nothing herein shall be construed to impair or diminish in any way the rights of any party, including the Debtor, to object to *other* claims not filed prior to the February 20, 2024, Bar Date, for which a corresponding motion to allow late-filed claim(s) is pending or has not yet been filed, on any grounds. All parties' rights and defenses with respect to *other* claims not timely filed by the February 20, 2024, Bar Date are expressly reserved, including without limitation any time-bar or statute of limitations defenses (including the timeliness of the filing of the *other* claims).

**END OF ORDER**

COURT SERVICE LIST

Cynthia Carol Bender Loyd
225 206th PL SW
Lynnwood, WA 98036

Thomas Bender
19 Spring St Lot #9
Lisbon, ME 04250