PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang (CA Bar No. 94435)
Brittany M. Michael *(Pro Hac Vice)*
Gail S. Greenwood (CA Bar No. 169939)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104-4436
Tel: (415) 263-7000; Fax: (415) 263-7010
Email: jstang@pszjlaw.com
bmichael@pszjlaw.com
ggreenwood@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) APPROVING ESTABLISHMENT OF A TRUST PURSUANT TO THE PLAN AND TRUST AGREEMENT, (II) APPROVING APPOINTMENT OF ALAN HALPERIN AS TRUSTEE OF THE TRUST, (III) AUTHORIZING THE TRUST TO OBTAIN A TAX IDENTIFICATION NUMBER AND OPEN BANK ACCOUNTS, AND (IV) GRANTING RELATED RELIEF**<br><br>Date: November 19, 2026<br>Time: 1:30pm PT<br>Location: via ZoomGov<br><br>Judge: Hon. Dennis Montali |

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Archbishop of San Francisco (the "Archdiocese" or "Debtor"), through its undersigned counsel, submits its application (the "Application") (i) approving establishment of the settlement trust (the "Trust") to be created pursuant to the *Joint Chapter 11 Plan of Reorganization for The Roman*

*Catholic Archbishop of San Francisco, Dated: September 3, 2026* [Docket No. 1933] (as the same may be amended, supplemented or modified, the "Plan"),[1] (ii) approving the appointment and employment of Alan Halperin as the trustee (the "Trustee") of the Trust pursuant to the Plan and in accordance with the agreement relating to the Trust attached as Exhibit 1 to the Plan Supplement, as the same may be amended, supplemented or modified, the "Trust Agreement"), (iii) authorizing the Trust to obtain a tax identification number and open bank accounts, and (iv) granting related relief. To support its Motion, the Committee relies on the Declaration of Alan Halperin (the "Halperin Declaration") attached as **Exhibit A** hereto and respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested are sections 105(a), 328, 504, 1102, and 1103 of chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), and Rule 2014 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On August 21, 2023 (the "Petition Date"), the Archdiocese filed a voluntary petition under chapter 11 of the Bankruptcy Code.

4. Since the commencement of the case, the Archdiocese has been in possession of its properties and has operated and managed its businesses as Debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee appointed the Committee, which consists of nine individuals who were minors when they were sexually abused by perpetrators for whom the Archdiocese was responsible.

5. On September 3, 2026, the Committee and Debtor filed the Plan providing for the channeling of all sexual abuse claims against the Archdiocese and certain Participating Parties to

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Plan.

the Trust being created by the Plan. The Trustee is responsible for the administration of the Trust, including the distribution of funds to the Beneficiaries, the setting of appropriate reserves, indemnification of certain parties as provided in the Plan, and the pursuit of litigation relating to claims or interests assigned to the Trust under the Plan.

6. To avoid unnecessary delay in getting funds to survivors, the Trustee should begin his work to establish the Trust, including receiving a tax identification number and opening bank accounts, so that it will be in a position to receive funds due to the Trust in accordance with the Plan on and after the Effective Date of the Plan. The Trustee can also begin the process of managing the information relating to the Abuse Claimants so that the Trust can make distributions to Abuse Claimants as soon as possible after the Abuse Claims review process is complete.

7. Certain survivors have been litigating their claims for years and all have carried the burden of their abuse for decades. Counsel for the survivors have told the Committee that many survivors are ill and/or elderly. Thus, any further delay in the compensation of survivors – and the continuing material and emotional hardship on survivors and their families – should be avoided.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8. By this Application, the Committee seeks entry of an order (i) establishing the Trust in accordance with the Plan and Trust Documents; (ii) authorizing and approving the retention of Mr. Halperin as the Trustee on the terms in this Application, and (iii) confirming Mr. Halperin as an Authorized Party under the Bar Date Order. The Committee is informed and believes that the Debtor does not oppose the relief sought herein.

### A. Alan Halperin's Retention

#### Services to be Rendered by Mr. Halperin

9. Mr. Halperin will be responsible for the administration of the Trust. His professional services will include, but shall not be limited to, obtaining a tax identification number, opening bank accounts, and organizing information regarding the Abuse Claimants to facilitate the record keeping and the distributions to be made by the Trust.

**Mr. Halperin's Expertise**

10. Mr. Halperin is an extremely experienced bankruptcy attorney and has served as a trustee in many bankruptcy cases, including, but not limited to, Appvion, High Ridge Brands, Madison Square Boys and Girls Club, Mallinckrodt, Purdue, Revlon, Tops Markets, and the Diocese of Rockville Centre. Mr. Halperin is highly respected and well-qualified as a trustee.

**Mr. Halperin's Disinterestedness**

11. Insofar as the Committee has ascertained, Mr. Halperin represents no interest adverse to the Debtor, its estate, or its creditors, in the matters upon which Mr. Halperin is to be engaged. Mr. Halperin is a "disinterested person," as the Committee understands this term to be defined, within the meaning of section 101(14), as modified by section 1103(b), of the Bankruptcy Code.

12. To the best of the Committee's knowledge and as stated in the Halperin Declaration, Mr. Halperin has no prior connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys or accountants in the matters he is to be engaged that would disqualify him from acting as the Trustee. Committee counsel was also committee counsel in other chapter 11 cases where Mr. Halperin acts as the trustee and certain attorneys that individually represent Abuse Claimants represent beneficiaries of other trusts for which Mr. Halperin acts as the trustee.

13. Mr. Halperin has agreed to act as the Trustee as described in this Motion and in accordance with the terms of the Plan.

**Compensation**

14. Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to Mr. Halperin:

a. Mr. Halperin charges for all expenses connected with his role as Trustee. Mr. Halperin will bill for these expenses in a manner and at rates consistent with those charged to other clients, and the rules and requirements of this Court.

b. Mr. Halperin's compensation shall be paid from the Trust, once it is established and funded, in accordance with the Plan, including for all services performed prior to the establishment of the Trust or confirmation of the Plan.[2]

**B. Authorization to Establish the Trust and Begin its Administration Prior to Confirmation**

15. Mr. Halperin will begin his work as Trustee prior to confirmation of the Plan, including obtaining a tax identification number, opening bank accounts and organizing information relating to the Abuse Claimants to facilitate the Trust's record keeping and making of distributions to Abuse Claimants. Under the Bar Date Order, upon approval of his employment, Mr. Halperin will be an Authorized Party entitled to review the confidential sexual abuse proofs of claim under the protections of the confidentiality protocols set forth in the Bar Date Order.

16. Mr. Halperin will also be authorized to employ other professionals and vendors on behalf of the Trust, including other law firms, accountants, consultants, and claims processing vendors, which professionals shall be compensated by the Trust including for all services performed prior to the establishment of the Trust or confirmation of the Plan.

**NOTICE**

17. Notice of this Motion will be provided to (i) the United States Trustee; (ii) the Debtor; (iii) all holders of Abuse Claims who have filed proofs of claim in this Chapter 11 Case, via their counsel of record where applicable; and (iv) all other parties filing notices of appearances and requests for documents in the Chapter 11 Case. In light of the nature of the relief requested herein, the Committee submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

18. The Committee has not applied to this Court to employ Alan Halperin as the Trustee and to authorize the establishment of the Trust.

[2] To the extent Mr. Halperin only seeks payment for his fees and expenses from the Trust after the Effective Date, such fees and expenses will not be subject to Bankruptcy Court review but will be payable in accordance with the terms of the Trust Agreement.

## CONCLUSION

WHEREFORE, the Committee requests entry of an Order substantially in the form attached as **Exhibit B**, authorizing the creation of the Trust and allowing the employment and retention of Alan Halperin as Trustee of the Trust, and authorizing Alan Halperin to perform his duties, including obtaining a tax identification number, opening bank accounts and organizing information relating to the Abuse Claimants, confirming Alan Halperin as an Authorized Party under the Bar Date Order, and granting such other and further relief as is just and proper.

Dated: October 21, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Brittany M. Michael*

James I. Stang
Brittany M. Michael (admitted *pro hac vice*)
Gail S. Greenwood
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: jstang@pszjlaw.com
bmichael@pszjlaw.com
ggreenwood@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

**EXHIBIT A**

**DECLARATION OF ALAN HALPERIN**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11 |

**DECLARATION OF ALAN HALPERIN IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) APPROVING ESTABLISHMENT OF A TRUST PURSUANT TO THE PLAN AND TRUST AGREEMENT, (II) APPROVING APPOINTMENT OF ALAN HALPERIN AS TRUSTEE OF THE TRUST, (III) AUTHORIZING THE TRUST TO OBTAIN A TAX IDENTIFICATION NUMBER AND OPEN BANK ACCOUNTS, AND (IV) GRANTING RELATED RELIEF**

I, Alan Halperin, declare as follows:

I submit this Declaration (the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors for Order (I) Approving Establishment of a Trust Pursuant to the Plan and Trust Agreement, (II) Approving Appointment of Alan Halperin as Trustee of the Trust, (III) Authorizing the Trust to Obtain a Tax Identification Number and Open Bank Accounts, and (IV) Granting Related Relief* (the "Application"). Capitalized terms not defined herein have the meanings set forth in the Application

1. I am an attorney at Halperin Battaglia Benzija, LLP in New York, New York.

**Qualifications and Experience**

2. I have been selected by the Committee, after consultation with counsel to hundreds of the represented survivors, to be employed as the Trustee for the Trust to be established pursuant to the Plan.

3. I have extensive experience as a trustee, having served as a post confirmation trustee in numerous cases, including serving as post-confirmation trustee in Appvion, High Ridge

Case: 23-30564 Doc# 2012 Filed: 10/21/26 Entered: 10/21/26 11:40:07 Page 8 of 13

Brands, Madison Square Boys and Girls Club, Mallinckrodt, Purdue, Revlon, Tops Markets, and The Roman Catholic Diocese of Rockville Centre, New York.

4. Attached to this Declaration is a copy of my resume.

**Disinterestedness**

5. To the best of my knowledge, information, and belief, I am a "disinterested person" within the meaning of section 101(14), as modified by section 1103(b), of the Bankruptcy Code.

6. I have no prior connection with The Roman Catholic Archbishop of San Francisco (the "Archdiocese"), its creditors, or any other party in interest, or their respective attorneys or accountants, in the matters in which I am to be engaged, that would disqualify me from acting as the Abuse Claims Reviewer, except as disclosed herein.

7. In connection with my proposed engagement, I searched my records to determine whether I have any connections with the following categories of parties in this case:

a. The Archdiocese and its current and former officers, directors, and employees;

b. The Official Committee of Unsecured Creditors and its members;

c. Known counsel for holders of Abuse Claims in this case;

d. The Office of the United States Trustee for the Northern District of California; and

e. Any other significant parties in interest in this case of which I am aware.

8. I have no connection with the Debtor or any other party in interest in this case, other than:

a. Certain counsel representing survivors in this case may have represented abuse claimants in the chapter 11 cases where I was retained as the trustee.

b. Committee counsel in this case also served as creditors' committee counsel in other chapter 11 cases where I served as trustee or as counsel to a party in interest.

9. I am not affiliated nor have any connection with the Office of the United States Trustee or any of its employees.

10. I have not received any transfer, assignment or pledge of property of the Debtor's estate or any of the survivors as of the date of this Declaration.

11. I have not shared or agreed to share with any other person, other than within my law firm, any compensation to be paid with respect to this case.

**Compensation**

12. Subject to Court approval under section 330(a) of the Bankruptcy Code, I have agreed to be compensated as follows:

13. Based on my agreement with the Committee, I will be paid on an hourly basis by the Trust, and my current hourly rate is $995. Others from my firm may perform certain tasks relating to the Trust. Their hourly rates currently range from $125 to $850.

14. My compensation shall be paid from the Trust, once it is established and funded, in accordance with the Plan, including for all services performed prior to the establishment of the Trust or confirmation of the Plan.

15. I understand that, if appointed, I will be an Authorized Person under the Bar Date Order. I have reviewed the Bar Date Order and am aware of the confidentiality provisions therein.

16. I agree to act as the Trustee as described in the Application and in accordance with the terms of the Trust Agreement and Plan.

Pursuant to 28 U.S.C. § 1746, I declare that under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of October, 2026.

/s/*Alan D. Halperin*

**EXHIBIT B**

**PROPOSED FORM OF ORDER**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and Debtor in Possession. | Case No.: 23-30564<br><br>Chapter 11<br><br>**[PROPOSED] ORDER ON APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) APPROVING CREATION OF A TRUST PURSUANT TO THE PLAN AND TRUST AGREEMENT, (II) APPROVING APPOINTMENT OF ALAN HALPERIN AS TRUSTEE OF THE TRUST, (III) AUTHORIZING THE TRUST TO OBTAIN A TAX IDENTIFICATION NUMBER AND OPEN BANK ACCOUNTS, AND (IV) GRANTING RELATED RELIEF** |

The Court has considered the *Application of the Official Committee of Unsecured Creditors for Order (I) Approving Establishment of a Trust Pursuant to the Plan and Trust Agreement, (II) Approving Appointment of Alan Halperin as Trustee of the Trust, (III) Authorizing the Trust to Obtain a Tax Identification Number and Open Bank Accounts, and (IV) Granting Related Relief* [Docket No. ____] (the "Application"), filed by the Official Committee of Unsecured Creditors in the above-captioned case (the "Committee"), and the declaration of Alan Halperin in support of the Application. Based upon the record before the Court, it appears that Alan Halperin does not hold or represent any interest adverse to the estate in the matters on which he is to be employed, that Mr. Halperin is a disinterested person; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor, survivors and other parties in interest; and the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is Granted.

2. In accordance with sections 105(a) 328, 504, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, Alan Halperin shall be the Trustee of the Trust on the terms set forth in the Application and the Halperin Declaration.

3. Mr. Halperin is authorized to take steps to establish and administer the Trust including obtaining a tax identification number, opening bank accounts, and organizing information regarding the Abuse Claimants.

4. Alan Halperin is an Authorized Party under the Court's Bar Date Order.

5. Mr. Halperin is authorized to render professional services as described in the Application.

6. Mr. Halperin is authorized to be compensated in accordance with the terms of the Application without further review by or order of this Court.

7. The Committee and Mr. Halperin are authorized and empowered to take all actions necessary to implement the relief granted in this Order. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**** END OF ORDER****

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA



Case: 23-30564 Doc# 2012 Filed: 10/21/26 Entered: 10/21/26 11:40:07 Page 13 of 13