Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Mikayla E. Kutsuris, State Bar No. 339777
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: ppascuzzi@ffwplaw.com
jrios@ffwplaw.com
mkutsuris@ffwplaw.com

Ori Katz, State Bar No. 209561
Alan H. Martin, State Bar No. 132301
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: okatz@sheppardmullin.com
amartin@sheppardmullin.com

Attorneys for The Roman Catholic Archbishop of San Francisco

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession. | Case No. 23-30564<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO APPROVE STIPULATIONS WITH THE ROMAN CATHOLIC BISHOP OF SAN JOSE AND THE ROMAN CATHOLIC BISHOP OF MONTEREY, CALIFORNIA MODIFYING THE AUTOMATIC STAY**<br><br>Date: November 19, 2026<br>Time: 1:30 p.m.<br>Location: via Zoom<br>Judge: Hon. Dennis Montali |

The Roman Catholic Archbishop of San Francisco, the debtor and debtor in possession ("Debtor" or "RCASF"), in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby files this motion (the "Motion") pursuant to sections 105(a) and 362 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code")[1] and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form attached hereto as ***Exhibit A*** (the "Proposed Order"): (a) approving the stipulations attached to the Proposed Order as ***Exhibits 1*** and ***2*** (the "Stipulations") modifying the automatic stay for the limited purposes described below and in the Stipulations; (b) approving this Motion and authorizing the Debtor to take all actions necessary to effectuate the Stipulations; (c) waiving the fourteen (14) day stay period imposed on the order; and (d) granting such other and further relief as the Court deems just and proper under the circumstances.[2] This Court has recently granted relief similar to the relief that is requested in this Motion. *See, e.g.* ECF No. 1942 (Motion for Relief from Stay filed by Salesian Society); ECF No. 1964 (Corrected Supplemental Declaration of Robert G. Harris In Support of Motion for Relief from Automatic Stay); and ECF No. 1988 (Order Granting Motion for Relief from Automatic Stay).

///

///

///

---

[1] The RCASF does not, by filing its petition for relief and other documents in this bankruptcy case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon law, the First Amendment of the United States Constitution, the Constitution for the State of California, California's law on corporations sole (California Corporations Code §§ 10000-10015), the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, California trust law, and the rights to object to disclosure of information and to contend that certain assets are not property of the estate.

[2] This is a motion to approve two stipulations modifying the automatic stay. It is the Debtor's position that B.L.R. 4001-1 does not apply. B.L.R. 9014-1(b)(1)(A) expressly excludes motions to approve agreements to modify the automatic stay from the motions that must be set for an actual hearing. Reading B.L.R. 4001-1 to require a preliminary hearing for this motion here, would therefore render the express exclusion in B.L.R. 9014-1(b)(1)(A) meaningless. Accordingly, the hearing on this motion will not be a preliminary hearing, unless otherwise ordered by the Court.



Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 2 of 9

Pursuant to Bankruptcy Rule 4001(d)(1)(B), the Stipulations provide for modification of the automatic stay under section 362(a) to permit The Roman Catholic Bishop of San Jose (the "RCBSJ") and The Roman Catholic Bishop of Monterey, California (the "RCBM")[3] to move respectively for a determination that (1) the settlement reached between the RCBSJ and the RCBSJ Survivors (defined below) in the RCBSJ Actions (defined below), and (2) the settlement reached between the RCBM and the RCBM Survivor (defined below) in the RCBM Action (defined below) were each made in good faith pursuant to section 877.6 of the California Code of Civil Procedure in the appropriate state court (the "State Court Motion").[4] *See* Stipulations at ¶ 1; *see also* Proposed Order at ¶ 3.

The Stipulations further provide that effective upon entry of an order granting the respective State Court Motion: (1) the RCBSJ waives and releases any and all claims arising out of or related to the RCBSJ Actions against the Debtor, its bankruptcy estate, and against any other entity affiliated with or related to the Debtor, including but not limited to for indemnification, contribution, and reimbursement arising out of or relating to the RCBSJ Actions, or the claims asserted or that could be asserted therein; and (2) the RCBM waives and releases any and all claims arising out of or related to the RCBM Action against the Debtor, its bankruptcy estate, and against any other entity affiliated with or related to the Debtor, including but not limited to for indemnification, contribution, and reimbursement arising out of or relating to the RCBM Action, or the claims asserted or that could be asserted therein. *See* Stipulations at ¶ 2; *see also* Proposed Order at ¶ 4.

The Debtor has communicated with counsel for the Committee regarding the Stipulations and this Motion, and the Debtor believes that the Committee does not oppose the relief requested.

---

[3] Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR") discloses that it previously represented the RCBM in matters unrelated to this bankruptcy case. *See*, Declaration of Paul J. Pascuzzi in Support of Application to Employ Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, ECF No. 96 at ¶11(d).

[4] The referenced to the RCBSJ and the RCBM includes each and all of their respective related entities, including, but not limited to, all parishes, schools, clubs, camps, centers, districts, councils, assemblies, conferences, corporations, companies, ministries, organizations and/or entities affiliated with and/or under the jurisdiction or control of any of the respective RCBSJ or RCBM in their capacities as such.



Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 3 of 9

In support of this Motion, the Debtor respectfully states as follows:

## I. JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The statutory predicates for the relief requested by this Motion are Bankruptcy Code sections 105(a) and 362 and Bankruptcy Rule 4001.

## II. RELIEF REQUESTED

By this Motion, the RCASF respectfully requests that the Court enter the Proposed Order, pursuant to Bankruptcy Rule 4001 and sections 105(a) and 362 of the Bankruptcy Code: (a) approving the Stipulations, which are attached to the Proposed Order as ***Exhibit 1*** and ***Exhibit 2***; (b) approving this Motion and authorizing the Debtor to take all actions necessary to effectuate the Stipulations; and (c) waiving the fourteen (14) day stay period.

## III. GENERAL FACTUAL BACKGROUND

1. On August 21, 2023 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under Chapter 11 of the Bankruptcy Code. [ECF No. 1]. The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 1, 2023, the United States Trustee for Region 17 appointed the Official Committee of Unsecured Creditors (the "Committee") in this Bankruptcy Case pursuant to section 1102 of the Bankruptcy Code. [ECF No. 58].

3. The RCBSJ has entered into a settlement (the "RCBSJ Settlement") with two survivors (the "RCBSJ Survivors"), in connection with two civil actions currently pending in the Superior Court of California, County of Alameda that bears Case Numbers: (1) 22CV024449 and (2) 22CV023890 (the "RCBSJ Actions") and arise from alleged acts of abuse that were allegedly perpetrated against the RCBSJ Survivors. The Debtor is named as a co-defendant in the RCBSJ Actions.

4. The RCBM has entered into a settlement (the "RCBM Settlement") with a survivor (the "RCBM Survivor") in connection with a civil action currently pending in the Superior Court of


Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 4 of 9

California, County of Alameda that bears Case Number 22CV022052 (the "RCBM Action") (the RCBM Action, together with the RCBSJ Actions are collectively referred to as the "Actions") and arises from alleged acts of abuse that were allegedly perpetrated against the RCBM Survivor. The Debtor is named as a co-defendant in the RCBM Action.

5. The RCBSJ and the RCBM requested a stipulation to relief from the automatic stay to: (1) allow the RCBSJ and the RCBM to file the State Court Motion in the appropriate state court; (2) serve the State Court Motion; and (3) permit adjudication on the merits of the State Court Motion in the appropriate state court. The RCBSJ and the RCBM additionally requested that the stipulation provide for a waiver of the fourteen (14) day stay period imposed by Bankruptcy Rule 4001(a)(4).

6. Generally, the effect of a good faith finding under CCP section 877.6 is to bar co-defendants from seeking equitable comparative contribution or partial/comparative indemnity against the settling party. However, a non-settling defendant receives a credit equal to the settlement amount, reducing its total liability, if any.

7. The Debtor, the RCBM, and the RCBSJ are willing to enter into the Stipulations to allow the RCBSJ and RCBM relief from the automatic stay to file the State Court Motion on the condition that if the respective State Court Motion is granted: (1) the RCBSJ waives any claim arising out of or related to the RCBSJ Actions against the Debtor, its estate, and against any other entity related to the Debtor, including but not limited to any claim for indemnity or contribution for the RCBSJ Actions; and (2) the RCBM waives any claim arising out of or related to the RCBM Action against the Debtor, its estate, and against any other entity related to the Debtor, including but not limited to any claim for indemnity or contribution for the RCBM Action, as set forth in the Stipulations.

8. As noted above, the Debtor has communicated with counsel for the Committee regarding the Stipulations and this Motion, and the Debtor is informed and believes that the Committee does not oppose the relief requested.

9. Further, the Court recently granted substantially the same relief in ruling on the Motion for Relief from Stay filed by the Salesian Society at ECF No. 1942.

///



Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 5 of 9

## IV. BASIS FOR RELIEF REQUESTED

**A. Approval of the Stipulations Under Bankruptcy Rule 4001 and Sections 105(a) and 362(d) of the Bankruptcy Code Is Appropriate.**

This Court has the right and the power to approve the Stipulations. *See* Fed. R. Bankr. P. 4001; *see also* 11 U.S.C. § 105; *see also* 11 U.S.C. § 362.

Bankruptcy Rule 4001(d) governs an agreement to modify or terminate the automatic stay, requiring a motion, copy of the agreement, and a proposed form of order. This Motion is filed in compliance with Bankruptcy Rule 4001. Moreover, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been construed to give bankruptcy courts "broad authority" "to take any action that is necessary or appropriate to prevent an abuse of process…" *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).

Upon the filing of a bankruptcy petition, section 362 of the Bankruptcy Code automatically stays, among other things, the commencement or continuation of any proceeding against a debtor or "to recover a claim against the debtor that arose before the commencement of the case..." 11 U.S.C. § 362(a). The automatic stay serves a number of important purposes that protect both debtor and creditor interests, including, among other things, "to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Manley Toys Ltd.*, 2020 Bankr. LEXIS 902, * 13 (Bankr. N.J. 2020).

Section 362(d) of the Bankruptcy Code authorizes the Court to grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1). Section 362(d)(1) specifically provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause…" *Id.* Although the Bankruptcy Code itself does not define "cause," courts determine whether cause exists to lift the automatic stay on a case-by-case basis. *See MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985); *see also Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).


Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 6 of 9

To determine whether cause exists, courts in the Ninth Circuit typically apply twelve factors described as the "Curtis factors."[5] *See Kronemyer v. Am. Contractors Indem. Co., (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009) (finding that the *Curtis* factors are "appropriate, nonexclusive factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum"); *see also In re Curtis*, 40 B.R. at 799-801.

The Debtor submits that approval of the Stipulations under Bankruptcy Rule 4001 and sections 105(a) and 362(d) of the Bankruptcy Code with the RCBSJ and the RCBM is appropriate under the circumstances. Cause exists under section 362(d)(1) to modify the automatic stay, because the proposed limited modification will permit the State Court Motion to proceed, and, if the respective State Court Motion is granted: (1) the RCBSJ will waive and release its claims arising out of or related to the RCBSJ Actions, against the Debtor, its estate, and against any other entity related to the Debtor, including but not limited to any claim for indemnity or contribution for the RCBSJ Actions; and (2) the RCBM will waive and release its claims arising out of or related to the RCBM Action, against the Debtor, its estate, and against any other entity related to the Debtor, including but not limited to any claim for indemnity or contribution for the RCBM Action. Further, the Stipulations provide that the RCBSJ and the RCBM agree to cooperate fully, reasonably, and in good faith, and to execute and deliver any and all additional papers, documents, forms, releases, withdrawal or amendment of claims, or instruments, and to take all such further actions as may be

[5] The *Curtis* factors are: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and, (12) the impact of the stay on the parties and the balance of hurt. *See In re Curtis*, 40 B.R. 795, 799-801 (Bankr. D. Utah 1984).


Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 7 of 9

reasonably necessary, appropriate, or convenient to give full force and effect to the terms, intents, and purposes of this Stipulation, including in connection with any chapter 11 plan, withdrawal of claim or consent to releases or treatment in a chapter 11 plan in the Bankruptcy Case. This term would require the RCBSJ and the RCBM to amend or withdraw any claims filed in this case to effectuate the Stipulation.

The Debtor has determined that the stay should be modified in accordance with the terms and conditions of the Stipulations, and the RCBSJ and the RCBM have agreed to such terms. Moreover, modifying the stay upon the limited terms set forth in the Stipulations likely eliminates Inbound Contribution Claims (as defined in the Joint Plan filed at ECF No. 1933) against the estate, thereby avoiding the additional expense, delay, and uncertainty that would otherwise accompany resolution of that claim, consistent with the *Curtis* factors 1, 10, and 12.

**B. Waiver Of The 14-Day Stay Is Appropriate Pursuant to Bankruptcy Rule 4001(a)(4).**

Bankruptcy Rule 4001(a)(4) provides that an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after the order is entered, unless the court orders otherwise. *See* Fed. R. Bankr. P. 4001(a)(4). The RCASF requests that the 14-day stay period imposed by Bankruptcy Rule 4001(a)(4) be waived so that the parties can move forward immediately upon entry of the Bankruptcy Court order approving this Motion.

## V. NOTICE & SERVICE

In accordance with the Local Rules of Practice for the United States Bankruptcy Court, Northern District of California ("B.L.R"), BLR 9014-1, and Bankruptcy Rule 4001(d), this Motion has been set on twenty-eight (28) days' notice. As set forth in the *Final Order Granting Debtor's Emergency Motion to: (1) Establish Notice Procedures, (2) File Confidential Information Under Seal, and (3) Temporarily Suspend Deadline for Filing Proofs of Claims* [ECF No. 227] "Any person filing a pleading or a paper in this case shall serve such pleading or paper on (a) all parties in interest listed on the most recent Limited Service List, and (b) any creditor or other party in interest whose interests are likely to be affected directly by the pleading or proceeding.." Contemporaneously herewith, Debtor's counsel has caused notice of this Motion to be served on the Limited Service List.


Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 8 of 9

## VI. CONCLUSION

WHEREFORE, the RCASF respectfully requests the Court enter the Proposed Order, substantially in the form attached hereto as ***Exhibit A***, granting the relief requested in the Motion and such other relief as is appropriate.

Dated: October 22, 2026

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Paul J. Pascuzzi*
Paul J. Pascuzzi
Attorneys for The Roman Catholic Archbishop of San Francisco

Dated: October 22, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Ori Katz*
Ori Katz
Attorneys for The Roman Catholic Archbishop of San Francisco



Case: 23-30564 Doc# 2022 Filed: 10/22/26 Entered: 10/22/26 16:51:11 Page 9 of 9