**Entered on Docket**
**November 18, 2026**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: November 18, 2026**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re:

THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,

Debtor and
Debtor in Possession.

Case No.: 23-30564

Chapter 11

**ORDER ON APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) APPROVING CREATION OF A TRUST PURSUANT TO THE PLAN AND TRUST AGREEMENT, (II) APPROVING APPOINTMENT OF ALAN HALPERIN AS TRUSTEE OF THE TRUST, (III) AUTHORIZING THE TRUST TO OBTAIN A TAX IDENTIFICATION NUMBER AND OPEN BANK ACCOUNTS, AND (IV) GRANTING RELATED RELIEF**

Date: November 19, 2026
Time: 1:30 p.m. (PT)
Location: Via ZoomGov
Judge: Hon. Dennis Montali

The Court has considered the *Application of the Official Committee of Unsecured Creditors for Order (I) Approving Establishment of a Trust Pursuant to the Plan and Trust Agreement, (II) Approving Appointment of Alan Halperin as Trustee of the Trust, (III) Authorizing the Trust to Obtain a Tax Identification Number and Open Bank Accounts, and (IV) Granting Related Relief* [Docket No. 2012] (the "Application") and related pleadings, filed by the Official Committee of Unsecured Creditors in the above-captioned case (the "Committee"), and the

*Opposition* filed by multiple insurance companies ("Certain Insurers," as identified in Docket No. 2082).

Based upon the record before the Court, it appears that Alan Halperin does not hold or represent any interest adverse to the estate in the matters on which he is to be employed, that Mr. Halperin is a disinterested person; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor, survivors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is Granted.

2. The Trust Agreement is hereby conditionally approved subject to final approval by an order confirming the Plan. The Debtor, the Committee, and the Trustee are authorized to take all actions and execute all documents that are reasonably required to establish the Trust.

3. In accordance with sections 105(a), 328, 504, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, Alan Halperin shall be the Trustee of the Trust on the terms set forth in the Application and the Halperin Declaration.

4. Mr. Halperin is authorized to take steps to establish and administer the Trust, including obtaining a tax identification number, opening bank accounts, and organizing information regarding the Abuse Claimants, and to otherwise render professional services as described in the Application.

5. Mr. Halperin is an Authorized Party under the Court's Bar Date Order.

6. Mr. Halperin is authorized to be compensated in accordance with the terms of the Application, the Halperin Declaration, and section 330(a) of the Bankruptcy Code.

7. This Order is not a ruling or tentative ruling on confirmation of the Plan or an endorsement of any aspect of the Plan. The Order, and any authorization of affirmative acts by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Trustee herein, are without prejudice to any party's objections to confirmation and the rights of Certain Insurers to appeal the Order. Nothing in this Order approves, or constitutes a finding regarding, any provision of the Plan, the Trust Agreement, or any other Plan Document, or the confirmability of the Plan.

8. Prior to the Effective Date, the Trust and the Trustee shall not exercise any rights or powers with respect to Insurance Claims, the Insurance Coverage Adversary Proceedings, the Litigation Protocol, or the Litigation Claimant Agreement.

9. Prior to the Effective Date, no property of the estate shall be transferred to the Trust, and no fees or expenses of the Trustee or the Trust's professionals shall be paid by the estate.

10. The Committee and Mr. Halperin are authorized and empowered to take all actions necessary to implement the relief granted in this Order. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**** END OF ORDER****

**APPROVED AS TO FORM:**

SKARZYNSKI MARICK & BLACK LLP

*/s/ Jeff D. Kahane*
Jeff D. Kahane

*Counsel to London Market Insurers on behalf of Certain Insurers*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA